**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891/4
FACSIMILE: (671) 472-2601

**UNPINGCO & ASSOCIATES, LLC**
SUITE 12B, SINAJANA MALL
SINAJANA, GUAM
TELEPHONE: (671) 475-8545
FACSIMILE: (671) 475-8550

*Attorneys for Plaintiff*
*Nanya Technology Corp.*



**FILED**
DISTRICT COURT OF GUAM

SEP 1 3 2006

MARY L.M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| **NANYA TECHNOLOGY CORP.,** ) | **CIVIL CASE NO. CV 06-00025** |
| ) | |
| **Plaintiff,** ) | |
| ) | **COMPLAINT FOR** |
| **vs.** ) | **DECLARATORY RELIEF,** |
| ) | **PATENT INFRINGEMENT,** |
| **FUJITSU LIMITED, FUJITSU** ) | **AND OF ANTITRUST** |
| **MICROELECTRONICS AMERICA, INC.,** ) | **VIOLATIONS** |
| ) | |
| **Defendants.** ) | |

Plaintiff Nanya Technology Corp. ("Plaintiff Nanya") files this Complaint for declaratory relief against Defendants Fujitsu Limited ("Fujitsu Ltd.") and Fujitsu Microelectronics America, Inc. ("Fujitsu America") (collectively, "Defendants"), for patent infringement, and for claims violations by Defendants of the Sherman Antitrust Act and the Clayton Act based on Defendants' coercive misuse of its patent portfolio, and states as follows:

# ORIGINAL

# I.

# THE PARTIES

1.     Plaintiff Nanya is a Taiwanese corporation having its principal place of business in Hwa Ya Technology Park, 669, Fu Hsing 3rd Rd., Kueishan, Taoyuan, Taiwan, Republic of China, and is authorized to do business in the Territory of Guam and the District of Guam.

2.     Upon information and belief, Fujitsu Ltd. is a Japanese corporation, having its principal place of business at Shiodome City Center, 1-5-2 Higashi-Shimbashi, Minato-ku, Tokyo 105-7123, Japan.  Upon information and belief, Fujitsu Ltd. is a nonresident of the Territory of Guam and the District of Guam who engages in business in the Territory of Guam and the District of Guam, but does not maintain a regular place of business in the Territory of Guam and the District of Guam nor has a designated agent for service of process in the Territory of Guam and the District of Guam.  This proceeding arises, in part, out of business done in the Territory of Guam and the District of Guam.

3.     Upon information and belief, Fujitsu America is a wholly owned subsidiary of Fujitsu Ltd. and is headquartered and has its principal place of business at 1250 E. Arques Avenue, M/S 333, Sunnyvale, California 94088-3470.  Upon information and belief, Fujitsu America is a nonresident of the Territory of Guam and the District of Guam who engages in business in the Territory of Guam and the District of Guam, but does not maintain a regular place of business in the Territory of Guam and the District of Guam nor has a designated agent for service of process in Territory of Guam and the

District of Guam. This proceeding arises, in part, out of business done in the Territory of Guam and the District of Guam.

## II.

## JURISDICTION AND VENUE

4.    This action arises under the patent and antitrust laws of the United States, Title 35 and Title 15 of the United States Code, respectively. The Court's jurisdiction over this action is proper under the above statutes and under 35 U.S.C. § 271 *et seq*. and 28 U.S.C. §§ 1331, 1337(a), and 1338(a).

5.    Personal jurisdiction exists generally over Defendants because each Defendant has sufficient minimum contacts with the forum as a result of business conducted within the Territory of Guam and within the District of Guam.

6.    Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c), and (d), as well as 28 U.S.C. § 1400(b).

## III.

## FACTUAL BACKGROUND

7.    Over the past seven years, Defendants have used threats and coercion in an unlawful attempt to intimidate Plaintiff Nanya into paying licensing fees on patents that Plaintiff Nanya did not and does not infringe, patents that are expired, foreign patents that are not entitled to exclusivity or enforcement in the United States and/or enforceable therein. These coercive acts are an illegal attempt to expand Defendants' patent protections beyond their permitted temporal and/or territorial scopes and obtain an


unlawful monopoly on intellectual property covering the manufacture of computer memory chips, specifically, the Double Data Rate Synchronous Dynamic Random Access Memory ("DDR SDRAM") found in desktop and laptop computers.

## A.    DEFENDANTS' ALLEGATIONS OF INFRINGEMENT

8.    In early 1999, Fujitsu Ltd. contacted Plaintiff Nanya accusing Nanya of infringing a host of Fujitsu Ltd.'s patents related to DDR SDRAM. Fujitsu Ltd. accused Plaintiff Nanya of infringing at least sixteen of its patents, which are a combination of Japanese, United States, Taiwanese, Korean, and German patents covering certain components and processes that are used in the manufacture and operation of DDR SDRAM chips.

9.    At one time or another, Fujitsu Ltd. has explicitly accused Plaintiff Nanya of infringing United States patents including Patent Nos. 4,641,166 ("'166 Patent"); 4,458,336 ("'336 Patent"); 5,688,712 ("'712 Patent"); 5,841,731 ("'731 Patent"); 4,692,689 ("'689 Patent"); 4,527,070 ("'070 Patent"); 4,384,918 ("'918 Patent"); 4,539,068 ("'068 Patent"); 5,397,432 ("'432 Patent"); 5,227,996 ("'996 Patent"); 5,339,273 ("'273 Patent"); 4,801,989 ("'989 Patent"); 6,292,428 ("'428 Patent"); and 6,320,819 ("'819 Patent"); Japanese Patent Nos. 3270831, 2063684, and 3253712; Taiwanese Patent Nos. 119,726 and 400,635; German Patent No. 234891; Korean Patent No. 316813; and the inventions thereof.

10.    The U.S. patents that Fujitsu Ltd. is asserting against Plaintiff Nanya are generally related to computer memory chips, specifically, dynamic memory devices and/or processes to create dynamic memory devices. The '166 Patent relates to the structure of a MOS-type capacitor used in dynamic memory. The '336 Patent relates to the circuitry of

Dynamic Random Access Memory ("DRAM"). The '712 Patent relates to a process for forming DRAM. The '689 Patent relates to circuitry used in DRAM. The '731 Patent relates to operation modes of Synchronous Dynamic Random Access Memory ("SDRAM"). The '432 Patent relates to a lithography process for semiconductor circuits (not specific to DRAM). The '068 Patent relates to a CVD method for semiconductors (not specific to DRAM). The '918 Patent relates to an electrostatic device for etching a semiconductor (not specific to DRAM). The '070 Patent relates to a method for inspecting a pattern of a semiconductor (not specific to DRAM). The '996 Patent relates to DRAM circuits. The '273 Patent relates to DRAM circuits. The '989 Patent relates to structures of DRAM. The '428 Patent relates to circuitry of DRAM and DDR SDRAM. The '819 Patent relates to circuitry of DRAM and DDR SDRAM.

11.    Despite more than five meetings between the parties in Taiwan during the period from 1999 to 2005, at which Fujitsu, Ltd. made conclusory and unproven allegations of patent infringement, the two parties failed to resolve matters. At these meetings, Fujitsu Ltd. attempted to assert infringement of several of its U.S. patents against Plaintiff Nanya, some of which were expired.

12.    At the above stated meetings, Fujitsu Ltd. also attempted to use the threat of legal action in Japan to effectively expand the scope of its patent grant to cover Nanya products that are clearly not covered by the claims in any of Fujitsu's U.S. or foreign patents. Further, Fujitsu Ltd. also used this threat legal action in Japan extort a *worldwide* license from Nanya on all of Nanya's products even though Fujitsu Ltd.'s Japanese patents are not enforceable outside of Japan.

13.    Under United States law, such practices constitute not only patent misuse but also antitrust violations.    Such patent misconduct effectively renders all asserted patents unenforceable.

14.    Further evidence of Defendants' bad faith in making these allegations against Plaintiff Nanya is Defendants' initiation of a 1997 International Trade Commission ("ITC") investigation against Samsung Electronics, Co., Ltd., Samsung Semiconductor, Inc., and others  (No. 337-TA-402).    While Defendants alleged in their ITC complaint that Samsung was importing into the United States products that infringed one or more claims of '166 patent, or were manufactured by means of processes covered by the '724 patent, there was no mention in this ITC complaint of Nanya or its products that Defendants began to accuse Nanya of infringement just a few months later.  By failing to include Plaintiff Nanya's products in this ITC complaint, Defendants knowingly foreclosed any such ITC complaint in the future.    Nevertheless, Defendants continued over the next six years to harass Plaintiff Nanya with accusations of infringement and demands that Nanya pay Defendants license fees on products that Fujitsu had not included in its ITC action as required by law and/or regulation (19 U.S.C. § 1337 and 19 C.F.R. part 210).

## B.    FUJITSU LTD.'S JAPANESE LITIGATION AGAINST PLAINTIFF NANYA

15.    After failing to persuade Plaintiff Nanya to obtain a license for its patents, Fujitsu Ltd. filed suit in Tokyo District Court on August 25, 2005, Case No. (*wa*) 17182 2005 (Heisei 17).    In this Japanese suit, Fujitsu, Ltd. alleges that Plaintiff Nanya is infringing only one of Fujitsu Ltd.'s Japanese patents.

16.    After the submission of briefs by both parties and conferences with the Tokyo court, the Tokyo court encouraged Plaintiff Nanya to consider a settlement and instructed Fujitsu Ltd. to provide terms.  Fujitsu Ltd. demanded a settlement of licensing rights consisting of $158,100,000 for damages for past infringement from 1999 to 2005 based on *worldwide* sales, plus a running royalty payment equivalent to 3% of worldwide sales of all Plaintiff Nanya's products going forward.  Such a worldwide settlement demand would encompass sales in the United States and the Territory of Guam where Fujitsu Ltd. does not have patent protection from its Japanese patent.

17.    The jurisdiction of the Tokyo court is geographically limited to Japan.  The Tokyo court cannot legally impose a royalty for products without a nexus to Japan.  Fujitsu Ltd. has taken no affirmative steps to enforce its patent portfolio in jurisdictions outside Japan (*e.g.,* Korea, Taiwan, United States) and there is no justification for expanding the royalty basis worldwide.

18.    Fujitsu Ltd.'s attempt to recover past damages from 1999 constitutes patent misuse because Fujitsu Ltd's demanded royalty basis includes the United States.  Under United States law, there is a six-year limitation on damages.  35 U.S.C. § 286.  Moreover, damages can only be recovered after Fujitsu Ltd. put Plaintiff Nanya on specific notice of its infringement claims.  35 U.S.C. § 287.

19.    Fujitsu Ltd.'s attempt to extract a worldwide license based on its single Japanese patent also constitutes patent misuse.  Fujitsu Ltd.'s assertion of its patent beyond its territorial jurisdiction has an anticompetitive effect not only on Plaintiff Nanya but on the entire DDR SDRAM market and is an illegal extension of the patent's statutory scope in

violation of Section 2 of the Sherman Antitrust Act, codified at Title 15 of the United States Code. Fujitsu Ltd.'s effort to impermissibly broaden the scope of its single Japanese patent rights past its geographical limitations constitutes bad faith and unlawful conduct.

20.    Fujitsu Ltd. has improperly asserted several expired patents against Plaintiff Nanya. Specifically, the '166 Patent and '689 Patent expired in 2004; the '070 Patent and '068 Patent expired in 2002; and the '336 Patent and '918 Patent expired in 2001; the '918 Patent expired in 2000. Fujitsu Ltd.'s knowing and continuing assertion of these expired patents constitutes bad faith and improper conduct.

21.    Fujitsu Ltd.'s bad faith assertion of expired patents and Fujitsu Ltd.'s attempt to assert its Japanese patents outside of their territorial coverage are completely baseless. Fujitsu Ltd.'s acts stated above are an attempt to exclude Plaintiff Nanya, Fujitsu Ltd.'s competitor, from the market for DDR SDRAM using the governmental process as an anticompetitive weapon. Fujitsu Ltd.'s Japanese lawsuit seeking unlawful worldwide royalties constitutes an abuse of process falling under the "sham" exception to antitrust immunity. Engaging in "sham" conduct strips Fujitsu Ltd. of antitrust immunity and exposes it to antitrust liability.

22.    Fujitsu Ltd., through its Japanese lawsuit, is blatantly attempting to extort hundreds of millions of dollars in past "damages" and future worldwide royalty by threatening Nanya's access to a single market (Japan) that accounts for less than three percent (3%) of Nanya's worldwide sales.

///

COMPLAINT FOR DECLARATORY RELIEF, PATENT INFRINGEMENT, AND
FOR VIOLATIONS OF ANTITRUST LAWS                                    8.

## C.    DEEFNDANTS' ATTEMPTS TO EXPAND THEIR SHARE OF THE IP MARKET FOR DDR SDRAM COMPUTER MEMORY CHIPS

23.    While Defendants do not manufacture or sell a significant percentage of the DDR SDRAM chips manufactured and sold in the United States, Defendants have license agreements that cover approximately 80 percent of the products sold in the United States and the Territory of Guam. Defendants' acts discussed above constitute coercive misuse of its patents to extend this market share and essentially capture licensing fees for 100 percent of the DDR SDRAM market in restraint of trade and commerce among the States and the Territories of the United States in violation of Sections 1, 2, and 3 of the Sherman Antitrust Act.

24.    Based on information and belief, Defendants have entered into licensing agreements with other DDR SDRAM manufacturers and designers that have a royalty of zero percent (0%) to less than one percent (1%). Notwithstanding Defendants' past pattern and practice, Defendants are demanding a three percent (3%) royalty from Plaintiff.

25.    Manufacturers and distributors of DDR SDRAM who are receiving the lower royalty payments make up a collusive pool encouraging a form of price discrimination designed to artificially inflate the prices that the members of this collusive pool receive for DDR SDRAM chips which have an anticompetitive effect that is not justifiable and only make it more difficult for non-members, such as Plaintiff, to compete in the relevant market in violation of Section 1 of the Sherman Antitrust Act and Section 2 of the Clayton Act.

## IV.

## CAUSES OF ACTION

## DECLARATORY RELIEF COUNTS

26.    Plaintiff Nanya brings the following claims for declaratory judgment under both Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201, 2202:

## COUNT ONE

## NON-INFRINGEMENT OF THE '166 PATENT

27.    Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-26 as though fully set forth herein.

28.    Plaintiff Nanya has not infringed, and is not infringing, the '166 Patent. A true and correct copy of the '166 Patent is attached hereto as Exhibit "A".

29.    Plaintiff Nanya has not contributed to, is not contributing to, has not induced, and is not inducing the infringement of the '166 Patent by any third party.

30.    Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the non-infringement of the '166 Patent.

## COUNT TWO

## INVALIDITY OF THE '166 PATENT

31.    Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-30 as though fully set forth herein.

32.    The '166 Patent is invalid for failing to satisfy the conditions for patentability set forth in Part II of Title 35 of the United States Code, including but not limited to sections 102, 103, and/or 112.

33.    Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the invalidity of the '166 Patent.

## COUNT THREE

## UNENFORCEABILITY OF THE '166 PATENT

34.    Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-33 as though fully set forth herein.

35.    The '166 Patent is unenforceable for failing to satisfy the conditions of enforceability required in law and equity.

36.    Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the unenforceability of the '166 Patent.

## COUNT FOUR

## NON-INFRINGEMENT OF THE '336 PATENT

37.    Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-36 as though fully set forth herein.

38.    Plaintiff Nanya has not infringed, and is not infringing, the '336 Patent. A true and correct copy of the '336 Patent is attached hereto as Exhibit "B".

39.    Plaintiff Nanya has not contributed to, is not contributing to, has not induced, and is not inducing the infringement of the '336 Patent by any third party.

40.    Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the non-infringement of the '336 Patent.

///

///

## COUNT FIVE

### INVALIDITY OF THE '336 PATENT

41.    Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-40 as though fully set forth herein.

42.    The '336 Patent is invalid for failing to satisfy the conditions for patentability set forth in Part II of Title 35 of the United States Code, including but not limited to sections 102, 103, and/or 112.

43.    Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the invalidity of the '336 Patent.

## COUNT SIX

### UNENFORCEABILITY OF THE '336 PATENT

44.    Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-43 as though fully set forth herein.

45.    The '336 Patent is unenforceable for failing to satisfy the conditions of enforceability required in law and equity.

46.    Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the unenforceability of the '336 Patent.

## COUNT SEVEN

### NON-INFRINGEMENT OF THE '712 PATENT

47.    Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-46 as though fully set forth herein.

48.   Plaintiff Nanya has not infringed, and is not infringing, the '712 Patent. A true and correct copy of the '712 Patent is attached hereto as Exhibit "C".

49.   Plaintiff Nanya has not contributed to, is not contributing to, has not induced, and is not inducing the infringement of the '712 Patent by any third party.

50.   Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the non-infringement of the '712 Patent.

**COUNT EIGHT**

**INVALIDITY OF THE '712 PATENT**

51.   Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-50 as though fully set forth herein.

52.   The '712 Patent is invalid for failing to satisfy the conditions for patentability set forth in Part II of Title 35 of the United States Code, including but not limited to sections 102, 103, and/or 112.

53.   Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the invalidity of the '712 Patent.

**COUNT NINE**

**UNENFORCEABILITY OF THE '712 PATENT**

54.   Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-53 as though fully set forth herein.

55.   The '712 Patent is unenforceable for failing to satisfy the conditions of enforceability required in law and equity.

56.    Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the unenforceability of the '712 Patent.

## COUNT TEN

## NON-INFRINGEMENT OF THE '731 PATENT

57.    Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-56 as though fully set forth herein.

58.    Plaintiff Nanya has not infringed, and is not infringing, the '731 Patent. A true and correct copy of the '731 Patent is attached hereto as Exhibit "D".

59.    Plaintiff Nanya has not contributed to, is not contributing to, has not induced, and is not inducing the infringement of the '731 Patent by any third party.

60.    Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the non-infringement of the '731 Patent.

## COUNT ELEVEN

## INVALIDITY OF THE '731 PATENT

61.    Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-60 as though fully set forth herein.

62.    The '731 Patent is invalid for failing to satisfy the conditions for patentability set forth in Part II of Title 35 of the United States Code, including but not limited to sections 102, 103, and/or 112.

63.    Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the invalidity of the '731 Patent.

## COUNT TWELVE

## UNENFORCEABILITY OF THE '731 PATENT

64.     Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-63 as though fully set forth herein.

65.     The '731 Patent is unenforceable for failing to satisfy the conditions of enforceability required in law and equity.

66.     Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the unenforceability of the '731 Patent.

## COUNT THIRTEEN

## NON-INFRINGEMENT OF THE '689 PATENT

67.     Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-66 as though fully set forth herein.

68.     Plaintiff Nanya has not infringed, and is not infringing, the '689 Patent. A true and correct copy of the '689 Patent is attached hereto as Exhibit "E".

69.     Plaintiff Nanya has not contributed to, is not contributing to, has not induced, and is not inducing the infringement of the '689 Patent by any third party.

70.     Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the non-infringement of the '689 Patent.

## COUNT FOURTEEN

## INVALIDITY OF THE '689 PATENT

71.     Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-70 as though fully set forth herein.

72.     The '689 Patent is invalid for failing to satisfy the conditions for patentability set forth in Part II of Title 35 of the United States Code, including but not limited to sections 102, 103, and/or 112.

73.     Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the invalidity of the '689 Patent.

## COUNT FIFTEEN

## UNENFORCEABILITY OF THE '689 PATENT

74.     Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-73 as though fully set forth herein.

75.     The '689 Patent is unenforceable for failing to satisfy the conditions of enforceability required in law and equity.

76.     Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the unenforceability of the '689 Patent.

## COUNT SIXTEEN

## NON-INFRINGEMENT OF THE '070 PATENT

77.     Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-76 as though fully set forth herein.

78.     Plaintiff Nanya has not infringed, and is not infringing, the '070 Patent. A true and correct copy of the '070 Patent is attached hereto as Exhibit "F".

79.     Plaintiff Nanya has not contributed to, is not contributing to, has not induced, and is not inducing the infringement of the '070 Patent by any third party.

---

80.    Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the non-infringement of the '070 Patent.

## COUNT SEVENTEEN

## INVALIDITY OF THE '070 PATENT

81.    Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-80 as though fully set forth herein.

82.    The '070 Patent is invalid for failing to satisfy the conditions for patentability set forth in Part II of Title 35 of the United States Code, including but not limited to sections 102, 103, and/or 112.

83.    Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the invalidity of the '070 Patent.

## COUNT EIGHTEEN

## UNENFORCEABILITY OF THE '070 PATENT

84.    Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-83 as though fully set forth herein.

85.    The '070 Patent is unenforceable for failing to satisfy the conditions of enforceability required in law and equity.

86.    Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the unenforceability of the '070 Patent.

///

///

///

## COUNT NINETEEN

## NON-INFRINGEMENT OF THE '918 PATENT

87.    Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-86 as though fully set forth herein.

88.    Plaintiff Nanya has not infringed, and is not infringing, the '918 Patent. A true and correct copy of the '918 Patent is attached hereto as Exhibit "G".

89.    Plaintiff Nanya has not contributed to, is not contributing to, has not induced, and is not inducing the infringement of the '918 Patent by any third party.

90.    Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the non-infringement of the '918 Patent.

## COUNT TWENTY

## INVALIDITY OF THE '918 PATENT

91.    Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-90 as though fully set forth herein.

92.    The '918 Patent is invalid for failing to satisfy the conditions for patentability set forth in Part II of Title 35 of the United States Code, including but not limited to sections 102, 103, and/or 112.

93.    Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the invalidity of the '918 Patent.

///

///

///

## COUNT TWENTY-ONE

## UNENFORCEABILITY OF THE '918 PATENT

94.    Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-93 as though fully set forth herein.

95.    The '918 Patent is unenforceable for failing to satisfy the conditions of enforceability required in law and equity.

96.    Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the unenforceability of the '918 Patent.

## COUNT TWENTY-TWO

## NON-INFRINGEMENT OF THE '068 PATENT

97.    Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-96 as though fully set forth herein.

98.    Plaintiff Nanya has not infringed, and is not infringing, the '068 Patent. A true and correct copy of the '068 Patent is attached hereto as Exhibit "H".

99.    Plaintiff Nanya has not contributed to, is not contributing to, has not induced, and is not inducing the infringement of the '068 Patent by any third party.

100.    Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the non-infringement of the '068 Patent.

## COUNT TWENTY-THREE

## INVALIDITY OF THE '068 PATENT

101.    Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-100 as though fully set forth herein.

102.    The '068 Patent is invalid for failing to satisfy the conditions for patentability set forth in Part II of Title 35 of the United States Code, including but not limited to sections 102, 103, and/or 112.

103.    Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the invalidity of the '068 Patent.

## COUNT TWENTY-FOUR

## UNENFORCEABILITY OF THE '068 PATENT

104.    Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-103 as though fully set forth herein.

105.    The '068 Patent is unenforceable for failing to satisfy the conditions of enforceability required in law and equity.

106.    Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the unenforceability of the '068 Patent.

## COUNT TWENTY-FIVE

## NON-INFRINGEMENT OF THE '432 PATENT

107.    Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-106 as though fully set forth herein.

108.    Plaintiff Nanya has not infringed, and is not infringing, the '432 Patent. A true and correct copy of the '432 Patent is attached hereto as Exhibit "I".

109.    Plaintiff Nanya has not contributed to, is not contributing to, has not induced, and is not inducing the infringement of the '432 Patent by any third party.

110.    Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the non-infringement of the '432 Patent.

## COUNT TWENTY-SIX

### INVALIDITY OF THE '432 PATENT

111.    Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-110 as though fully set forth herein.

112.    The '432 Patent is invalid for failing to satisfy the conditions for patentability set forth in Part II of Title 35 of the United States Code, including but not limited to sections 102, 103, and/or 112.

113.    Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the invalidity of the '432 Patent.

## COUNT TWENTY-SEVEN

### UNENFORCEABILITY OF THE '432 PATENT

114.    Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-113 as though fully set forth herein.

115.    The '432 Patent is unenforceable for failing to satisfy the conditions of enforceability required in law and equity.

116.    Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the unenforceability of the '432 Patent.

///

///

///

## COUNT TWENTY-EIGHT

## NON-INFRINGEMENT OF THE '996 PATENT

117.   Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-116 as though fully set forth herein.

118.   Plaintiff Nanya has not infringed, and is not infringing, the '996 Patent. A true and correct copy of the '996 Patent is attached hereto as Exhibit "J".

119.   Plaintiff Nanya has not contributed to, is not contributing to, has not induced, and is not inducing the infringement of the '996 Patent by any third party.

120.   Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the non-infringement of the '996 Patent.

## COUNT TWENTY-NINE

## INVALIDITY OF THE '996 PATENT

121.   Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-120 as though fully set forth herein.

122.   The '996 Patent is invalid for failing to satisfy the conditions for patentability set forth in Part II of Title 35 of the United States Code, including but not limited to sections 102, 103, and/or 112.

123.   Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the invalidity of the '996 Patent.

///

///

///

COMPLAINT FOR DECLARATORY RELIEF, PATENT INFRINGEMENT, AND
FOR VIOLATIONS OF ANTITRUST LAWS                                          22.

## COUNT THIRTY

### UNENFORCEABILITY OF THE '996 PATENT

124.  Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-123 as though fully set forth herein.

125.  The '996 Patent is unenforceable for failing to satisfy the conditions of enforceability required in law and equity.

126.  Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the unenforceability of the '996 Patent.

## COUNT THIRTY-ONE

### NON-INFRINGEMENT OF THE '273 PATENT

127.  Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-126 as though fully set forth herein.

128.  Plaintiff Nanya has not infringed, and is not infringing, the '273 Patent. A true and correct copy of the '273 Patent is attached hereto as Exhibit "K".

129.  Plaintiff Nanya has not contributed to, is not contributing to, has not induced, and is not inducing the infringement of the '273 Patent by any third party.

130.  Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the non-infringement of the '273 Patent.

## COUNT THIRTY-TWO

### INVALIDITY OF THE '273 PATENT

131.  Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-130 as though fully set forth herein.

132.    The '273 Patent is invalid for failing to satisfy the conditions for patentability set forth in Part II of Title 35 of the United States Code, including but not limited to sections 102, 103, and/or 112.

133.    Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the invalidity of the '273 Patent.

## COUNT THIRTY-THREE

### UNENFORCEABILITY OF THE '273 PATENT

134.    Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-133 as though fully set forth herein.

135.    The '273 Patent is unenforceable for failing to satisfy the conditions of enforceability required in law and equity.

136.    Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the unenforceability of the '273 Patent.

## COUNT THIRTY-FOUR

### NON-INFRINGEMENT OF THE '989 PATENT

137.    Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-136 as though fully set forth herein.

138.    Plaintiff Nanya has not infringed, and is not infringing, the '989 Patent. A true and correct copy of the '989 Patent is attached hereto as Exhibit "L".

139.    Plaintiff Nanya has not contributed to, is not contributing to, has not induced, and is not inducing the infringement of the '989 Patent by any third party.

140. Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the non-infringement of the '989 Patent.

## COUNT THIRTY-FIVE

## INVALIDITY OF THE '989 PATENT

141. Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-140 as though fully set forth herein.

142. The '989 Patent is invalid for failing to satisfy the conditions for patentability set forth in Part II of Title 35 of the United States Code, including but not limited to sections 102, 103, and/or 112.

143. Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the invalidity of the '989 Patent.

## COUNT THIRTY-SIX

## UNENFORCEABILITY OF THE '989 PATENT

144. Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-143 as though fully set forth herein.

145. The '989 Patent is unenforceable for failing to satisfy the conditions of enforceability required in law and equity.

146. Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the unenforceability of the '989 Patent.

///

///

///

## COUNT THIRTY-SEVEN

## NON-INFRINGEMENT OF THE '428 PATENT

147.    Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-146 as though fully set forth herein.

148.    Plaintiff Nanya has not infringed, and is not infringing, the '428 Patent. A true and correct copy of the '428 Patent is attached hereto as Exhibit "M".

149.    Plaintiff Nanya has not contributed to, is not contributing to, has not induced, and is not inducing the infringement of the '428 Patent by any third party.

150.    Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the non-infringement of the '428 Patent.

## COUNT THIRTY-EIGHT

## INVALIDITY OF THE '428 PATENT

151.    Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-150 as though fully set forth herein.

152.    The '428 Patent is invalid for failing to satisfy the conditions for patentability set forth in Part II of Title 35 of the United States Code, including but not limited to sections 102, 103, and/or 112.

153.    Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the invalidity of the '428 Patent.

///

///

///

## COUNT THIRTY-NINE

## UNENFORCEABILITY OF THE '428 PATENT

154.    Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-153 as though fully set forth herein.

155.    The '428 Patent is unenforceable for failing to satisfy the conditions of enforceability required in law and equity.

156.    Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the unenforceability of the '428 Patent.

## COUNT FORTY

## NON-INFRINGEMENT OF THE '819 PATENT

157.    Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-156 as though fully set forth herein.

158.    Plaintiff Nanya has not infringed, and is not infringing, the '819 Patent. A copy of the '819 Patent is attached hereto as Exhibit "N".

159.    Plaintiff Nanya has not contributed to, is not contributing to, has not induced, and is not inducing the infringement of the '819 Patent by any third party.

160.    Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the non-infringement of the '819 Patent.

## COUNT FORTY-ONE

## INVALIDITY OF THE '819 PATENT

161.    Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-160 as though fully set forth herein.

162.   The '819 Patent is invalid for failing to satisfy the conditions for patentability set forth in Part II of Title 35 of the United States Code, including but not limited to sections 102, 103, and/or 112.

163.   Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the invalidity of the '819 Patent.

### COUNT FORTY-TWO

### UNENFORCEABILITY OF THE '819 PATENT

164.   Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-163 as though fully set forth herein.

165.   The '819 Patent is unenforceable for failing to satisfy the conditions of enforceability required in law and equity.

166.   Therefore, there has been and is now an actual controversy between Plaintiff Nanya and Defendants as to the unenforceability of the '819 Patent.

### V.

### INFRINGEMENT COUNTS

167.   Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-166 as though fully set forth herein.

168.   Plaintiff Nanya is the patentee and owner of all rights, title, and interest in and under United States Patent No. 6,790,765 ("the '765 Patent"). A true and correct copy of the '765 Patent is attached hereto as Exhibit "O".

169.   The '765 Patent relates to a process for forming contacts on a semiconductor device and is titled "Method For Forming Contact."

170.    The '765 Patent is valid and enforceable.

171.    Upon information and belief, Defendants have been and are infringing the '765 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the '765 Patent.

172.    By making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the '765 Patent, Defendants have also induced infringement of the '765 Patent under 35 U.S.C. § 271(b), and have contributed to the infringement of the '765 Patent under 35 U.S.C. § 271(c). The infringing products have no substantial non-infringing uses.

173.    As a direct and proximate result of Defendants' acts of patent infringement, Plaintiff Nanya has been and continues to be injured and has sustained and will continue to sustain substantial damages in an amount not presently known.

174.    Plaintiff Nanya has no adequate remedy at law against these acts of patent infringement. Unless Defendants are preliminarily and permanently enjoined from their infringement of the '765 Patent, Plaintiff Nanya will suffer irreparable harm.

### COUNT FORTY-FOUR

### INFRINGEMENT OF THE '187 PATENT

175.    Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-174 as though fully set forth herein.

///

---

COMPLAINT FOR DECLARATORY RELIEF, PATENT INFRINGEMENT, AND
FOR VIOLATIONS OF ANTITRUST LAWS                                                29.

176.    Plaintiff Nanya is the patentee and owner of all rights, title, and interest in and under United States Patent No. 6,225,187 ("the '187 Patent"). A true and correct copy of the '187 Patent is attached hereto as Exhibit "P".

177.    The '187 Patent relates to a process for creating a semiconductor structure and is titled "Method For STI-Top Rounding Control."

178.    The '187 Patent is valid and enforceable.

179.    Upon information and belief, Defendants have been and are infringing the '187 Patent by making, using , selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the '187 Patent.

180.    By making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the '187 Patent, Defendants have also induced infringement of the '187 Patent under 35 U.S.C. § 271(b), and have contributed to the infringement of the '187 Patent under 35 U.S.C. § 271(c). The infringing products have no substantial non-infringing uses.

181.    As a direct and proximate result of Defendants' acts of patent infringement, Plaintiff Nanya has been and continues to be injured and has sustained and will continue to sustain substantial damages in an amount not presently known.

182.    Plaintiff Nanya has no adequate remedy at law against these acts of patent infringement.  Unless Defendants are preliminarily and permanently enjoined from their infringement of the '187 Patent, Plaintiff Nanya will suffer irreparable harm.

## COUNT FORTY-FIVE

## INFRINGEMENT OF THE '271 PATENT

183.   Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-182 as though fully set forth herein.

184.   Plaintiff Nanya is the patentee and owner of all rights, title, and interest in and under United States Patent No. 6,426,271 ("the '271 Patent"). A true and correct copy of the '271 Patent is attached hereto as Exhibit "Q".

185.   The '271 Patent relates to a process for creating a semiconductor structure and is titled "Method Of Rounding The Corner Of A Shallow Trench Isolation Region."

186.   The '271 Patent is valid and enforceable.

187.   Upon information and belief, Defendants have been and are infringing the '271 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the '271 Patent.

188.   By making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the '271 Patent, Defendants have also induced infringement of the '271 Patent under 35 U.S.C. § 271(b), and have contributed to the infringement of the '271 Patent under 35 U.S.C. § 271(c). The infringing products have no substantial non-infringing uses.

189.   As a direct and proximate result of Defendants' acts of patent infringement, Plaintiff Nanya has been and continues to be injured and has sustained and will continue to sustain substantial damages in an amount not presently known.

190.    Plaintiff Nanya has no adequate remedy at law against these acts of patent infringement.  Unless Defendants are preliminarily and permanently enjoined from their infringement of the '271 Patent, Plaintiff Nanya will suffer irreparable harm.

## COUNT FORTY-SIX

## VIOLATION OF THE SHERMAN ANTITRUST ACT

191.    Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-190 as though fully set forth herein.

192.    Defendants' continued assertion of the '166, '336, '689, '070, '918, '068 Patents, which have all expired, in addition to its attempt to expand the geographical scope of its Japanese patent, has an anticompetitive effect on Plaintiff Nanya and the market for intellectual property related to DDR SDRAM and is an illegal extension of the patents' statutory scope in violation of Sections 1, 2, and 3 of the Sherman Antitrust Act, codified under Title 15 of the United States Code.

193.    Defendants' acts in the Japanese district court case constitute illegally tying access to the Japanese DDR SDRAM market to a license covering sales in the United States where Defendants do not have patent protection.  This coercive use of its monopoly power in Japan to distort the market in the United States and it territories has an anti-competitive effect in that it prohibits Plaintiffs and other potential competitors from entering the Japanese market without obtaining a license from Defendants for patents covering products and/or processes sold or used in the United States that are not covered by U.S. patents or which may be covered by expired United States patents.

194.    Defendants actions tend to force Plaintiff to accept a license covering its sales in the United States, which it would not do in a competitive market. The competitive consequences of this coercive arrangement is to artificially increase the cost of DDR SDRAM in the United States and its territories in violation of the Sherman Antitrust Act.

195.    In the relevant market of intellectual property covering the manufacture and sale of DDR SDRAM products, Defendants have now secured licenses covering 80 percent of the U.S. market.    By coercive extension of their Japanese patent rights and the rights conferred under now expired U.S. patents, Defendants are attempting to extend their U.S. market coverage to 100 percent and obtain monopoly pricing power of the U.S. market for DDR SDRAM and the intellectual property relating to this technology in violation of the Sherman Antitrust Act.

**COUNT FORTY-SEVEN**

**VIOLATION OF THE CLAYTON ACT**

196.    Plaintiff Nanya repeats and realleges the allegations in paragraphs 1-195 as though fully set forth herein.

197.    Defendants have entered into licenses with various other Japanese manufacturers of DDR SDRAM with a royalty rate of zero percent (0%) or significantly less than one percent (1%) of sales.    The worldwide licenses that Defendants are demanding from Plaintiff for the same technologies provide for a royalty rate more than three times what Defendants are demanding from other Japanese manufacturers.    The intent of this collusive price discrimination is to lessen competition from non-Japanese companies and

artificially inflate the prices of DDR SDRAM in the United States and its territories in violation of the Clayton Act.

198.    Plaintiff's claims and causes of action against Defendants constitute an extraordinary case under 35 U.S.C. 285 entitling Plaintiff to reasonable attorneys' fees.

## VI.

## PRAYER FOR RELIEF

199.    Plaintiff Nanya respectfully requests that judgment be entered in its favor and against Fujitsu Ltd. and Fujitsu America, and that the Court grant the following relief to Plaintiff Nanya:

A.    Render a declaratory judgment that Plaintiff Nanya does not infringe any claim of the U.S. Patent Nos. 4,641,166; 4,458,336; 5,688,712; 5,841,731; 4,692,689; 4,527,070; 4,384,918; 4,539,068; 5,397,432; 5,227,996; 5,339,273; 4,801,989; 6,292,428; and 6,320,819;

B.    Render a declaratory judgment that the claims of the U.S. Patent Nos. 4,641,166; 4,458,336; 5,688,712; 5,841,731; 4,692,689; 4,527,070; 4,384,918; 4,539,068; 5,397,432; 5,227,996; 5,339,273; 4,801,989; 6,292,428; and 6,320,819 are invalid;

C.    Declaring the Defendants' United States patents identified above unenforceable due to inequitable conduct and/or misuse;

D.    Declare this to be an exceptional case under 35 U.S.C. § 285;

E.    Declare that the United States Patent Nos. 6,790,765, 6,225,187, and 6,426,271 are valid and enforceable;

F.    Declare that Defendants have infringed the United States Patent Nos. 6,790,765, 6,225,187, and  6,426,271;

G.    Award damages to Plaintiff Nanya to which it is entitled for patent infringement;

H.    Enter a preliminary and thereafter a permanent injunction against Defendants' direct infringement of the United States Patent Nos. 6,790,765, 6,225,187, and  6,426,271;

I.    Enter a preliminary and thereafter a permanent injunction against Defendants' active inducements of infringement and/or contributory infringements of the United States Patent Nos. 6,790,765, 6,225,187, and 6,426,271 by others;

J.    Award to Plaintiff Nanya treble damages and reasonable attorneys' fees incurred in asserting its antitrust claims;

K.    Award to Plaintiff Nanya of damages, expenses, and costs and attorneys' fees incurred by Plaintiff Nanya;

L.    Enjoining Defendants from seeking to enforce any United States patents against Plaintiff Nanya in any venue or forum;

M.    Declaring Defendants are barred by laches and any damages recoverable by Defendants limited by 35 U.S.C. §§ 286 and 287; and

N.    Such other and further relief as this Court deems just and proper.

## VII.

### JURY DEMAND

In accordance with Fed. R. Civ. P. 38 and 39, Plaintiff Nanya asserts its rights under the Seventh Amendment of the United States Constitution and demands a trial by jury of twelve (12) on all issues.

DATED at Hagåtña, Guam, on September 13, 2006.

**TEKER TORRES & TEKER, P.C.**

By _____
   JOSEPH C. RAZZANO, ESQ.

**UNPINGCO & ASSOCIATES, LLC**

By _____
   JOHN S. UNPINGCO, ESQ.