**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891/4
FACSIMILE:  (671) 472-2601

**UNPINGCO & ASSOCIATES, LLC**
SUITE 12B, SINAJANA MALL
SINAJANA, GUAM
TELEPHONE: (671) 475-8545
FACSIMILE:  (671) 475-8550

*Attorneys for Plaintiff*
*Nanya Technology Corp.*



**FILED**
DISTRICT COURT OF GUAM

NOV - 9 2006

**MARY L.M. MORAN
CLERK OF COURT**

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| **NANYA TECHNOLOGY CORP.,** ) | **CIVIL CASE NO. CV06-00025** |
| ) | |
| **Plaintiff,** ) | |
| ) | **EX PARTE MOTION FOR** |
| **vs.** ) | **ALTERNATIVE SERVICE OF** |
| ) | **PROCESS ON DEFENDANT** |
| **FUJITSU LIMITED, FUJITSU** ) | **FUJITSU LIMITED AND** |
| **MICROELECTRONICS AMERICA, INC.,** ) | **MEMORANDUM IN SUPPORT** |
| ) | |
| **Defendants.** ) | |

Plaintiff Nanya Technology Corp. ("Nanya") moves the Court to authorize alternative service of process on Defendant Fujitsu Limited ("Fujitsu Ltd.") pursuant to Federal Rule of Civil Procedure 4(f)(3).

///

///

ORIGINAL

**I.**

## MEMORANDUM IN SUPPORT

Nanya filed this lawsuit on September 13, 2006. Defendant Fujitsu Microelectronics America, Inc. ("Fujitsu USA") has been served. Defendant Fujitsu Ltd. received a copy of the Complaint on September 14, 2006 via hand delivery.[1] After Nanya provided Fujitsu Ltd. with a copy of the Complaint in Tokyo, Fujitsu Ltd. requested that Nanya refrain from formally serving the Complaint until further settlement discussions could take place. Nanya agreed.

Unbeknownst to Nanya, Fujitsu Ltd. used the time Nanya had granted for further negotiations to prepare and file a copycat action against Nanya in San Jose, California.[2] After suing Nanya in San Jose, California, Fujitsu Ltd. continues to refuse to waive service of process, and is insisting on service via the onerous and burdensome provisions of The Hague Convention despite the fact that Fujitsu Ltd. continues to prosecute the later-filed San Jose suit and has received the Complaint in this action by the following means:

- Hand delivery in a meeting in Tokyo, Japan on September 14, 2006;

- Email on September 18, 2006; and

- Express mail on October 16;[3]

---

[1] *See* Ex A, Declaration of Michael W. Shore at ¶¶ 3-11.

[2] *Fujitsu Ltd. v. Nanya Technology Corp.* Case No. C06-06613, United States District Court for the Northern California, San Jose Division. Attached as Exhibit "B" is a copy of the complaint which is essentially the Guam Complaint flip flopped.

[3] Ex. A, at ¶¶ 3-11.

Fujitsu Ltd. and its attorneys have acknowledged receiving the complaint by the following means:

- Substantive settlement discussions in Tokyo, Japan on September 14, 2006;

- Email from Fujitsu Ltd. on September 20, 2006;

- Letter from Fujitsu Ltd.'s counsel on October 11, 2006; and

- Substantive settlement discussions in San Jose, California on October 26, 2006.[4]

There is no question that Fujitsu Ltd. has received and acknowledged receiving the complaint. Instead of accepting service or waiving service, Fujitsu Ltd. continues to try to take advantage of Nanya's agreement to Fujitsu Ltd.'s insincere request that Nanya delay formal service of its earlier-filed action in Guam so Fujitsu can prosecute its later-filed copycat action in San Jose, California. Thus, Nanya asks that the Court immediately authorize alternative service of process on Fujitsu Ltd. by email and direct mail as allowed by Rule 4(f)(3).

## II.

## THE COURT CAN AUTHORIZE SERVICE BY EMAIL AND DIRECT MAIL

Rule 4(f)(3) affirmatively authorizes the Court to direct any form of service on Fujitsu Ltd. that is "not prohibited by international agreement." FED. R. CIV. P. 4(f)(3). The alternative methods of service include publication, ordinary mail, email, delivery to the defendant's attorney, and telex. *Brockmeyer v. May*, 383 F.3d 798, 805 (9th Cir.

---

[4] Ex. A, at ¶¶ 3-11.

2004); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002)[5] (holding that service by email and regular mail on a foreign defendant was proper). There is no hierarchy of preferred methods of service on foreign defendants such as Fujitsu Ltd. under Rule 4(f). *Rio Props., Inc.*, 284 F.3d at 1015. Rule 4(f)(3) is merely one method of service "among several which enables service of process on an international defendant." *Id.* As long as the Court concludes that the service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," service under Rule 4(f)(3) is proper. *Rio Props., Inc.*, 284 F.3d at 1017 (stating that "[t]his broad constitutional principal unshackles the federal courts from anachronistic methods of service and permits them entry into the technological renaissance.") It is clear that Fujitsu Ltd. was "apprised of the pendency of this action" at least eight weeks ago, and Fujitsu can certainly make its objections in response to substituted service.

Nanya is not required to complete service by any other means before requesting alternative service under Rule 4(f)(3). *Id.* Rather, as the *Rio* court pointed out, the advisory committee notes suggest that Rule 4(f)(3) be used in cases of "urgency." *Id.* This is just such a case because Fujitsu Ltd. is trying to delay receiving service so that it can prosecute its later-filed copycat action in San Jose, California to take advantage of an agreement it induced from Nanya based upon false pretenses.

///

///

---

[5] In analyzing procedural questions in a patent case, the law of the regional circuit controls. *Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1390-91 (Fed. Cir. 2003).

## III.

## FUJITSU LTD. HAS ACKNOWLEDGED RECEIVING THE COMPLAINT

Nanya's attorney Michael Shore hand delivered a copy of the complaint to Fujitsu Ltd. at a face-to-face settlement conference on September 14, 2006. At that meeting the following Fujitsu Ltd. representatives were present:

- Takao Miura, Fujitsu Ltd.'s Manager of Patent License Department, Intellectual Property and Technical Standards Division;

- Yuichi Sakoda, Fujitsu Ltd.'s Director of Industry Relations Division, Law and Intellectual Property; and

- Shigeru Kitano, Fujitsu Ltd.'s Deputy of General Manager, Industry Relations Divisions, Law and Intellectual Property Unit;[6]

At that meeting, Mr. Shore discussed the substantive allegations of the complaint with Fujitsu Ltd.'s officers and representatives. Mr. Kitano even asked if receiving the complaint from Mr. Shore constituted formal service, and Mr. Shore explained that it did not.[7] Fujitsu Ltd. then requested that Plaintiff Nanya delay formal service until Fujitsu had time to consider the Complaint.[8] The parties then agreed that they would not proceed with the Guam lawsuit until they had conducted another settlement conference.

On September 18, 2006, Vicky Tseng, Nanya's Deputy Director, Legal and IP Division, sent Mr. Kitano an email attaching another copy of the complaint.[9] Fujitsu Ltd

---

[6] Ex. A at ¶ 3.
[7] Ex. A at ¶ 4.
[8] Ex. A at ¶ 4.
[9] Ex. A at ¶ 6, Ex. 1,2.

then confirmed receiving a copy of the complaint in an email on September 20, 2006. In that email, Mr. Kitano stated:

> Thank you for your email of September 19, 2006 acknowledging that the copy of the Guam complaint you provided during our meeting in Tokyo last week was a courtesy copy.[10]

This leaves no doubt that Fujitsu has had the complaint for *eight weeks*.

On October 11, 2006, Fujitsu Ltd.'s counsel, Christopher Chalsen, sent a letter to Plaintiff Nanya's counsel where he unqualifiedly claimed to represent Fujitsu Ltd. with respect to this case. Mr. Chalsen states the following:

> We are writing to you as counsel for Fujitsu Limited and are in receipt of your email letter of Sept. 19, 2006 addressed to Mr. Kitano. In the future, please address your communications regarding *this matter* to the undersigned. * * * Although Fujitsu appreciates your suggestion that the parties should work to reach an amicable settlement, Nanya's surprise filing of its complaint against Fujitsu in Guam in the middle of settlement seems to contradict this approach.[11]

Fujitsu Ltd.'s lawyer then goes into a lengthy (but incorrect) legal analysis of the Guam lawsuit. It is clear from Mr. Chalsen's letter that Fujitsu, Ltd. has a present ability to respond to the Complaint even if served under the requested procedures.

---

[10] Ex. A at ¶ 7, Ex. 3.
[11] Ex. C, October 11, 2006 Ltr. from C. Chalsen to M. Shore.

On October 16, 2006, Nanya responded to the letter by asking Mr. Chalsen to waive service under Rule 4.[12] The letter included waiver of service forms, the proposed scheduling order, and the proposed discovery plan. Mr. Chalsen conveniently ignored the request so that—eight days later—his firm could file a lawsuit in San Jose, California concerning the very same patents at issue in this case.

On October 25, 2006, the parties met as scheduled for another round of settlement negotiations.[13] Fujitsu used this opportunity to give a copy of the San Jose complaint to Nanya. Mr. Shore then requested that Fujitsu Ltd.'s counsel accept service of the complaint in this action, but they refused. And despite his clear representation to contrary, Mr. Chalsen now claims that he only represents Fujitsu Ltd in the San Jose, California case—not this case.[14] Fujitsu Ltd. is playing games in order to move its California case along and prevent this first-filed action from going forward in an efficient and timely manner.

There is no way Fujitsu Ltd. can argue sincerely that it has not received and acknowledged receiving the complaint. At two meetings more than a month apart, Fujitsu Ltd. has substantively discussed the allegations in this lawsuit. Fujitsu Ltd. is even using the allegations in this lawsuit as a basis for seeking declaratory relief in federal district court in San Jose. *Fujitsu Ltd. v. Nanya Technology Corp.* Case No. C06-06613, United States District Court for the Northern California, San Jose Division. Nanya has satisfied due process and clearly apprised Fujitsu Ltd of "the pendency of the action and afford[ed]

---

[12] Ex. A at ¶8, Ex. 4.

[13] Ex. A at ¶9-10.

[14] Ex. A at ¶10.

[it] an opportunity to present [its] objections." *Mullan v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Rio Props., Inc.*, 284 F.3d at 1017. Thus, Nanya asks that the Court authorize service by email and express mail so that Fujitsu Ltd.'s gamesmanship does not delay this case any further.

**IV.**

**PRAYER FOR RELIEF**

Plaintiff Nanya respectfully requests that the Court enter an order authorizing service on Fujitsu Ltd. by the following methods:

A.    Email and Express Mail to Shigeru Kitano of Fujitsu Ltd.;

B.    Email and Express Mail to Tanaka, Fujitsu Ltd.'s Japanese counsel;

C.    Email and Express Mail to Chris Chalsen, Fujitsu Ltd.'s United States counsel;

D.    Such other and further relief as this Court deems just and proper.

DATED at Hagåtña, Guam, on November 9, 2006.

**TEKER TORRES & TEKER, P.C.**

By _____
    **JOSEPH C. RAZZANO, ESQ.**
    Attorneys for Plaintiff

**UNPINGCO & ASSOCIATES, LLC**

By _____
    **JOHN S. UNPINGCO, ESQ.**
    Attorneys for Plaintiff

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiff attempted to conference with Fujitsu Ltd.'s counsel regarding the necessity of filing this motion, but Fujitsu Ltd.'s counsel stated, as discussed above, that he does not represent Fujitsu Ltd. in this case and cannot discuss any aspect of this case with Nanya's counsel.

JOSEPH C. RAZZANO, ESQ.

# EXHIBIT A

1  **TEKER TORRES & TEKER, P.C.**
2  **SUITE 2A, 130 ASPINALL AVENUE**
   **HAGÅTÑA, GUAM  96910**
3  **TELEPHONE: (671) 477-9891/4**
   **FACSIMILE:  (671) 472-2601**
4
   *Attorneys for Plaintiff*
5  *Nanya Technology Corp.*

6
7                    IN THE DISTRICT COURT OF GUAM
8
9  NANYA TECHNOLOGY CORP.,           )      **CIVIL CASE NO. 1:06-CV-0025**
                                     )
10            Plaintiff,             )
                                     )
11      vs.                          )
                                     )
12                                   )
                                     )
13                                   )
                                     )
14 FUJITSU LIMITED, FUJITSU          )
   MICROELECTRONICS AMERICA,         )
15 INC.,                             )
                                     )
16            Defendants.            )
17  _____

18            **DECLARATION OF MICHAEL W. SHORE**
19  _____

20 I, MICHAEL W. SHORE, hereby declare as follows:

21      1.      My name is Michael W. Shore.  I am over the age of 21 and am competent to

22 make this declaration.  All of the statements set forth herein are true and correct and are based on

23 my personal knowledge.

24      2.      I represent Nanya Technology Corporation ("Nanya") in the above-captioned

25 cause.  I also represent Nanya in negotiations with Fujitsu Limited regarding a patent

27 infringement case Fujitsu Limited filed against Nanya in Tokyo District Court.

28

                                   -1-

1    3.    During my representation of Nanya, on September 14, 2006, I met with Takao

2  Miura, whose title is Manager of Fujitsu Limited's Patent License Department, Intellectual

3  Property and Technical Standards Division. Also present at that meeting was Yuichi Sakoda,

4  whose title is Director of Fujitsu Limited's Industry Relations Division, Law and Intellectual

5  Property Unit. Also present at that meeting was Shigeru Kitano, whose title is Fujitsu Limited's

6  Deputy General Manager, Industry Relations Division, Law and Intellectual Property Unit.

7

8    4.    During the September 14, 2006 meeting, I provided Miura-san, Sakoda-san and

9  Kitano-san with a copy of the Complaint in this case. I explained to them in some detail the

10  allegations in the Complaint. Kitano-san asked several questions about the Complaint, including

11  whether my providing it to him in Tokyo constituted formal service of the Complaint. I told him

12  that it did not.

13

14    5.    Kitano-san requested at the meeting that Nanya not serve the Complaint formally

15  until Fujitsu Limited had time to consider it and respond. It was agreed at the meeting that the

16  parties would not proceed with the Guam suit until after another settlement conference took

17  place. Nanya did not formally serve the Complaint.

18    6.    On September 18, 2006, Vicky Tseng, whose title at Nanya is Deputy Director,

19  Legal and IP Division, sent Kitano-san the email attached hereto as Exhibit 1. The attachment to

20  Ms. Tseng's email to Kitano-san is attached hereto as Exhibit 2. Exhibit 2 makes clear that a

21  copy of the Complaint was provided to Kitano-san and Fujitsu Limited on September 14, 2006.

22

23    7.    On September 20, 2006, Kitano-san sent the email attached hereto as Exhibit 3

24  acknowledging that Fujitsu Limited received a copy of the Complaint on September 14, 2006.

25    8.    On October 16, 2006, Alfonso Garcia Chan sent the letter attached hereto as

26  Exhibit 4 to Christopher E. Chalsen of Milbank, Tweed, Hadley & McCloy, LLP who informed

27

28

-2-

me earlier that he represented Fujitsu Limited in this action. Since he initially stated that he represented Fujitsu Limited in this case, he has changed his position to state that he only represents Fujitsu Limited in the negotiations in Japan and a suit filed by Fujitsu on October 25, 2006 in California. To my knowledge, no lawyer represents Fujitsu Limited in the above-captioned case.

9.     On October 25, 2006, Nanya and Fujitsu Limited met in Tokyo at Fujitsu Limited's headquarters to continue negotiations of the Japanese lawsuit.    During those negotiations, Fujitsu Limited supplied Nanya with a copy of a Complaint Fujitsu Limited and Fujitsu Microelectronics America, Inc. ("Fujitsu USA") had filed against Nanya and Nanya's United States subsidiary in Federal District Court for the Northern District of California.

10.     After the October 25, 2006 meeting, I attempted to get an agreement from Fujitsu Limited's counsel for him to accept service of the Complaint in this case -- the first filed case that Nanya did not initially serve at the request of Fujitsu Limited – so that Nanya could begin the litigation in an efficient and timely manner.   Fujitsu USA has already been served in this case. Fujitsu Limited's counsel in the California suit stated that he did not represent Fujitsu Limited in this action and that he did not know who would represent Fujitsu Limited in this case until it was served pursuant to The Hague Convention. Fujitsu Limited has refused all requests that it informally accept service of the Complaint, and instead seeks to take advantage of Nanya's agreement in September to delay service of the Complaint to allow settlement discussions to continue.

11.     I am certain that Fujitsu Limited is fully aware of the claims in the Complaint, that it has retained Mr. Chalsen to advise them on those claims – they were substantively discussed by Mr. Chalsen and Fujitsu Limited at the October 25, 2006 meeting.

12.    I am also certain that service on Fujitsu Limited by the following means would more than meet the fair notice requirements of The United States Constitution and Rule 4(f)(3) jurisprudence in the Ninth Circuit:

A.    Email and regular mail service upon Shigeru Kitano (kitano@lip.fujitsu.com), 1-1 Kamikodanaka 4-chome, Nakahara-ku, Kawasaki 211-8588, Japan (Company Mail No./Hon-460).

B.    Email and regular mail upon Fujitsu Limited's counsel in the California case involving the some of the same patents at issue in the Complaint, Christopher E. Chalsen (cchalsen@milbank.com), Milbank, Tweed, Hadley & McCloy, LLP, One Chase Manhattan Plaza, New York, N.Y. 10005-1413.

13.    Both of these gentlemen have possessed the Complaint for months and are already completely familiar with the allegations contained in the Complaint.

I hereby declare under penalty of perjury that the foregoing is true and correct and, if called upon to testify, I would be competent to testify thereto.


Dated: November 8, 2006

Michael W. Shore

-4-

# EXHIBIT 1

## Michael Shore

| | |
|---|---|
| **From:** | vickytseng@ntc.com.tw |
| **Sent:** | Monday, September 18, 2006 11:20 PM |
| **To:** | kitano@lip.fujitsu.com |
| **Cc:** | Michael Shore |
| **Subject:** | FW: Fujitsu v. Nanya |
| **Importance:** | High |
| **Sensitivity:** | Confidential |
| **Attachments:** | Dear Kitano.doc |

Dear Kitano-san,

I found your e-mail address did not show correctly in Mr. Michael Shore's e-mail below, so I forward his e-mail to you again to ensure you will receive his message. Tks!

**Best regards,**

**Vicky Tseng**
**Deputy Director**
**Legal and IP Division**
**Nanya Technology Corporation**
**TEL: 886-3-328-1688 #1990**
**FAX: 886-3-396-2226**
本電子郵件資訊為南亞科技股份有限公司之專有財產，非經書面許可，不得分發、揭露或複製與轉變成其他型式使用。
This e-mail information is the exclusive property of Nanya Technology Corp. It shall not be distributed, disclosed and reproduced in whole or in part without prior written permission of Nanya Technology Corp.

**From:** Michael Shore [mailto:mshore@ShoreChan.com]
**Sent:** Tuesday, September 19, 2006 10:50 AM
**To:** kitano@lip.fujitsu.jp
**Cc:** Vicky Tseng (曾培瑛-法務及智慧財產處)
**Subject:** Fujjitsu v. Nanya

Dear Kitano-san:

Please see attached note.

Michael W. Shore

# EXHIBIT 2

Dear Kitano-san:

Thank you for meeting with Nanya last week.

To clarify the parties'current status, please note that the copy of the Complaint I provided to Fujitsu was a courtesy copy. That courtesy copy does not mean formal service has been accomplished . Fujitsu has not been served yet, and Fujitsu does not yet have an answer date. Nanya will agree not to serve the suit as long as settlement talks continue, and Nanya desires to settle with Fujitsu on terms that can be justified as reasonable from both a legal and business standpoint.

Nanya understands that Fujitsu has threatened to file a case in the United States or Taiwan in response to Nanya's case in Guam. Nanya has little control over Fujitsu in that regard, but Nanya would point out that it was Fujitsu that initiated litigation and the Nanya case was in response to the Fujitsu case. There are some things that Nanya would ask Fujitsu to consider before filing any additional lawsuits against Nanya in the United States:

First, Fujitsu must file any case on the patents listed in the Nanya Guam suit in Guam Federal District Court as counterclaims to the Nanya claims for declaratory judgment addressing those same patents. That is the requirement of United States law. There can be no suit by Fujitsu asserting those patents in any other court. To file a counterclaim, Fujitsu must answer, and by answering via counterclaim, Fujitsu will start that litigation regardless of whether Nanya formally serves Fujitsu.

Second, since Fujitsu has never identified any other patents as infringed by Nanya, any case filed in any other court based on other patents would violate Federal Rule of Civil Procedure 11 (which requires an adequate pre-suit investigation prior to filing). A violation of Rule 11 exposes Fujitsu to sanctions, attorneys' fees and costs of court. Also, any claims based upon patents not identified in the last 7 years of negotiations would be presumed barred under United States law by the doctrine of laches.

Third, any patents raised in the 1997 ITC action against Samsung that did not name Nanya parts currently accused would also clearly be subject to laches and an argument that their non-infringement has been admitted by estoppel.

Fourth, since Fujitsu has not placed Nanya on notice that any other United States patents are infringed (other than those listed in the Guam suit), no past damages can be collected on any other patents, even assuming they are valid, enforceable and infringed.

Fifth, Fujitsu has not marked its products with its patents identified to date, so again, no damages can be collected for past infringement on patents not yet identified.

I would respectfully suggest that Fujitsu pause and reflect on whether it wants to file expensive lawsuits Fujitsu is unlikely to win . I would also respectfully suggest that instead, Fujitsu agree to meet and negotiate a resolution with Nanya on terms both companies can live with into the future.

Again, Nanya cannot control Fujitsu or tell it what to do, but I would hope that Fujitsu would strategically address the issues instead of reacting emotionally to a suit filed by Nanya in defense to Fujitsu's actions. Both sides can continue the escalation by filing more cases in Korea, Europe, Taiwana and elsewhere, but such a path is not economically justifiable until all efforts at a business solution are exhausted.

On the issue of settlement discussions, since Nanya has filed a US lawsuit, I would think the parties would want to discuss settlement of all litigation, so a settlement based upon worldwide activities can be considered at this point. That being said, Nanya requests that Fujitsu also consider discussing a settlement of the Japanese case with a Japanese-only license or a settlement of a Taiwan-Japan only license if worldwide settlement cannot be reached.

To address Fujitsu's concerns about negotiations being used against Fujitsu in the anti-trust/misuse litigation, Nanya from this point forward will agree not to use anything done or said in future confidential

negotiations against Fujitsu. Nanya and Fujitsu can mutually agree that if setttlement talks continue that those discussions will be strictly confidential and not admissible in any lawsuit or action in any country to prove liability or damages for any claims. I can have such a document stating that agreement prepared before our next session if this email is not sufficient to address that agreement.

Again, I hope that Fujitsu will consider all its options carefully and strategically. If Fujitsu does so, I believe that hte parties can and should meet to resolve this matter before any additional money is wasted on litigation that I believe is unnecessary for the parties to reconcile and go back to serving their customers with world-class products. Let me know if you have any other questions, and if Fujitsu would like to meet and discuss a resolution of this matter.

Warm regards,

Michael W. Shore

# EXHIBIT 3

**Michael Shore**
_____

| | |
|---|---|
| **From:** | Shigeru Kitano [kitano@lip.fujitsu.com] |
| **Sent:** | Wednesday, September 20, 2006 8:49 PM |
| **To:** | vickytseng@ntc.com.tw; Michael Shore |
| **Subject:** | Re: Fujitsu v. Nanya |

Dear Mr. Shore:

Thank you for your email of September 19, 2006 acknowledging that the copy of the Guam
complaint you provided during our meeting in Tokyo last week was a courtesy copy.  We
appreciate your confirmation on this point.  Meanwhile, we have forwarded your e-mail to
our counsel for consideration of the additional
subjects discussed in your letter.

Sincerely,

Shigeru Kitano
FUJITSU LIMITED

- <vickytseng@ntc.com.tw>
- FW: Fujitsu v. Nanya
- Tue, 19 Sep 2006 12:19:44 +0800

>
>
>
> Dear Kitano-san,
>
>
>
> I found your e-mail address did not show correctly in Mr. Michael Shore· s e-mail below,
so I forward his e-mail to you again to ensure you will receive his message. Tks!
>
>
>
> Best regards,
>
>
>
> Vicky Tseng
>
> Deputy Director
> Legal and IP Division
> Nanya Technology Corporation
> TEL: 886-3-328-1688 #1990
> FAX: 886-3-396-2226
>
> セ国れ苦ン瑚惟·····ₘ··T⑱そ乙え瑛T維横~·悟·⑰顎ラ～い縁だ居‖佩途·銃雌姉退怒θ·又·A·ノ|
>
> This e-mail information is the exclusive property of Nanya Technology Corp. It shall not
be distributed, disclosed and reproduced in whole or in part without prior written
permission of Nanya Technology Corp.
>
> _____
> From: Michael Shore [mailto:mshore@ShoreChan.com]
> Sent: Tuesday, September 19, 2006 10:50 AM
> To: kitano@lip.fujitsu.jp
> Cc: Vicky Tseng (歓咽結-· 鞍の桓綏維横蛎)
> Subject: Fujjitsu v. Nanya
>

1

```
>
>
> Dear Kitano-san:
>
>
>
> Please see attached note.
>
>
>
> Michael W. Shore
>
>
```

```
---
=============================================================================
This message and any attachments thereto may contain private, confidential, and privileged
material for the sole use of the intended recipient. Any review, copying, or distribution
of this message (or any attachments thereto) by others is strictly prohibited. If you are
not the intended recipient, please contact the sender immediately and permanently delete
the original and any copies of this message and any attachments thereto.
Thank you very much.
=============================================================================
Shigeru KITANO, Industry Relations Division, FUJITSU LIMITED 1-1, Kamikodanaka 4-chome,
Nakahara-ku, Kawasaki 211-8588, Japan
http://www.fujitsu.com/global/worldwide/japan/about_Kawasaki_Research.html
TEL: +81-44-754-3042, FAX: +81-44-754-8505
E-mail:  kitano@lip.fujitsu.com
=============================================================================
```

# EXHIBIT 4



Alfonso Garcia Chan
325 North Saint Paul Street
Suite 4450
Dallas, Texas 75201
214.593.9120 Direct Dial
214.593.9111 Facsimile
achan@shorechan.com

October 16, 2006

**VIA EXPRESS MAIL**
Chistopher E. Chalsen
Milbank Tweed Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005

Subject:    Nanya Technology Corp. v. Fujitsu Ltd. and Fujitsu Microelectronics America, Inc., No. 06-25 (D. Guam Sept. 13, 2006).

Dear Mr. Chalsen:

Based on your October 11, 2006 letter, it is my understanding that you represent Fujitsu Ltd. in this action. If my understanding is in any way incorrect or incomplete, please advise.

Enclosed herewith are waiver of service forms consistent with Federal Rule of Civil Procedure 4(d). Please inform us whether your clients will waive service, whether you will accept service on your clients' behalf, or whether we will be forced to effect formal service of process.

Also enclosed herewith is the Scheduling Notice recently issued by the Court on October 12, 2006. In a nutshell, a proposed Scheduling Order and proposed Discovery Plan are due on or before November 27, 2006, and a Scheduling Conference is set for December 12, 2006, at 10:00 am in the Third Floor Chambers. I assume you are participating in the upcoming October 25, 2006 meeting in Tokyo. Please inform me whether you can participate in a scheduling conference at the October 25, 2006 meeting or whether another date is more desirable.

Sincerely,

Alfonso Garcia Chan

Enclosures

cc:    Judge John S. Unpingco
       Joseph C. Razzano
       Michael W. Shore
       Kenneth E. Shore
       (All Without Enclosures)

## DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

### WAIVER OF SERVICE OF SUMMONS

RE:   Caption of Action:     *Nanya Technology Corp. v. Fujitsu Limited et al.*

     Case Number:           **06-25**

TO:                          **Fujitsu Limited**
                             (Name of Plaintiff's Attorney or Unrepresented Plaintiff)

     I acknowledge receipt of your request that I waive service of a summons in the action stated above, which was filed in the United States District Court for the District of Guam. I have also received a copy of the complaint in the action, two copies of this Instrument, and a means by which I can return the signed waiver to you without cost to me.

     I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

     I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.

     I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after the date the request was sent, which was October 16, 2006, or within 90 days after that date if the request was sent outside the United States.

_____          _____
Date                      Signature

                          _____
                          Printed/Typed Name

                          _____
                          For Defendant

### Duty to Avoid Unnecessary Costs of Service of Summons

     Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving costs of service of the summons and complaint. A defendant located in the United States who after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

     It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the Court or to the place where the action has been brought.

     A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.