## DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

### WAIVER OF SERVICE OF SUMMONS

RE:   Caption of Action:   *Nanya Technology Corp. v. Fujitsu Limited et al.*

      Case Number:      **06-25**

TO:    .        **Fujitsu Microelectronics America, Inc.**
      (Name of Plaintiff's Attorney or Unrepresented Plaintiff)

      I acknowledge receipt of your request that I waive service of a summons in the action stated above, which was filed in the United States District Court for the District of Guam. I have also received a copy of the complaint in the action, two copies of this Instrument, and a means by which I can return the signed waiver to you without cost to me.

      I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

      I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.

      I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after the date the request was sent, which was October 16, 2006, or within 90 days after that date if the request was sent outside the United States.

_____
Date

_____
Signature

_____
Printed/Typed Name

_____
For Defendant

### Duty to Avoid Unnecessary Costs of Service of Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving costs of service of the summons and complaint. A defendant located in the United States who after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

    It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the Court or to the place where the action has been brought.

    A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received. _

Case 1:06-cv-00025    Document 2    Filed 10/12/2006    Page 1 of 2

# DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| Nanya Technology Corp., | Civil Case No. 1:06-cv-00025 |
| Plaintiff, | |
| vs. | **SCHEDULING NOTICE** |
| Fujitsu Limited, et al., | |
| Defendants. | |

Joseph C. Razzano
Suite 2A, 130 Aspinall Avenue
Hagatna, GU 96910

John S. Unpingco
Suite 12B, Sinajana Mall
Sinajana, GU 96910

The Local Rules establish procedures for complying with Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure. Counsel should study the Local Rules before attempting to process cases in this Court.

Pursuant to Local Rules 16.1 and 16.2, it is hereby ORDERED that:

1. Counsel of record and all pro se litigants that have appeared in the case must meet and confer, within fifteen (15) days after receipt of this Notice, but no later than sixty (60) days after the filing of the complaint, prior to commencing discovery.

2. A proposed Scheduling Order and a proposed Discovery Plan shall be lodged on or before 11/27/2006. Careful and immediate attention should be given to the directions in Local Rules 16.1 and 16.2 to ensure complete and timely compliance with Federal Rules 16(b) and 26(f), and the Local Rules.

3. Counsel for the plaintiff, or if the plaintiff is pro se, then the pro se plaintiff, must take the lead in the preparation of the Scheduling Order. If a defendant is not contacted by a pro se plaintiff within the required time frame, the defendant's counsel shall contact the

pro se plaintiff and arrange a meeting to comply with this Rule in the appropriate time frame. The failure of a party or its counsel to participate in good faith in the framing of a Scheduling Order may result in the imposition of sanctions.

4. Counsel of record and all pro se litigants that have appeared in the case are jointly responsible for submitting a Proposed Discovery Plan to the Court.

5. A Scheduling Conference shall be held on **Tuesday, December 12, 2006 at 10:00 AM in the 3rd Floor Chambers**.

6. Counsel are reminded that:
    a) The filing of motions does not postpone discovery.
    b) Local Rule 37.1 governs discovery disputes and motions.
    c) The number and form of interrogatories are governed by Local Rule 33.1.
    d) Discovery documents and certificates of service shall not be filed with the Clerk until there is a proceeding in which the document or proof of service is in issue.

Dated:    October 12, 2006

                                          /s/ Mary L.M. Moran
                                          Clerk of Court

# EXHIBIT B

1  MILBANK, TWEED, HADLEY & McCLOY LLP
   Gregory Evans (State Bar No. 147623)
2  601 South Figueroa Street, 30th Floor
   Los Angeles, California 90017
3  Telephone: (213) 892-4000
   Facsimile: (213) 629-5063
4  gevans@milbank.com

5  MILBANK, TWEED, HADLEY & McCLOY LLP
   Christopher E. Chalsen (*Pro Hac Vice to be filed*)
6  Michael M. Murray (*Pro Hac Vice to be filed*)
   Lawrence T. Kass (*Pro Hac Vice to be filed*)
7  Milbank, Tweed, Hadley & McCloy LLP
   1 Chase Manhattan Plaza
8  New York, NY 10005
   Telephone: (212) 530-5000
9  Facsimile: (212) 530-5219
   cchalsen@milbank.com
10 mmurray@milbank.com
   lkass@milbank.com
11 Attorneys for Plaintiffs,
   FUJITSU LIMITED and
12 FUJITSU MICROELECTRONICS AMERICA, INC.

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15                   SAN JOSE DIVISION

16                  C06   06613  EDL

17 FUJITSU LIMITED, a Japanese        CASE NO. CV-06-_____
   corporation, and FUJITSU
18 MICROELECTRONICS AMERICA,          **COMPLAINT FOR PATENT
   INC., a California corporation,    INFRINGEMENT AND
19                                     DECLARATORY JUDGMENT**
                  Plaintiffs,
20                                     **DEMAND FOR JURY TRIAL**
              v.
21 NANYA TECHNOLOGY CORP., a
   Taiwanese corporation, and NANYA
22 TECHNOLOGY CORP. U.S.A., a
   California corporation,
23
                  Defendants.
24

25

26

27

28

                                              **COMPLAINT**

1   Plaintiff Fujitsu Limited ("Fujitsu") and Fujitsu Microelectronics
2   America, Inc. ("Fujitsu America") (collectively, "Plaintiffs"), for their complaint
3   against Defendants Nanya Technology Corp. ("Nanya") and  Nanya Technology
4   Corp. U.S.A. ("Nanya USA") (collectively, "Defendants"), aver as follows:

5                                **THE PARTIES**

6          1.     Fujitsu is a corporation organized and existing under the laws
7   of Japan.  Fujitsu is a leading researcher, designer, manufacturer, and provider of
8   information technology and communications products and services.  As a result of
9   its innovation, Fujitsu has been awarded various patents relating to computer
10  memory products such as double-data-rate synchronous dynamic random access
11  memory (DDR SDRAM) chips.

12         2.     Fujitsu America is a wholly owned subsidiary of Fujitsu, and is
13  a California corporation with headquarters and principal place of business at 1250
14  E. Arques Avenue, M/S 333, Sunnyvale, California 94088-3470.

15         3.     Defendant Nanya is a corporation organized and existing under
16  the laws of Taiwan, having its principal place of business at Hwa-Ya Technology
17  Park 669, Fu Hsing 3rd Rd., Kueishan, Taoyuan, Taiwan, Republic of China.
18  Upon information and belief, Nanya manufactures products, including the memory
19  chips accused of infringement in this Complaint, for sale and importation into the
20  United States directly through its own actions and indirectly by Defendant Nanya
21  USA.

22         4.     Defendant Nanya USA is a corporation organized and existing
23  under the laws of the State of California, having its principal place of business at
24  675 East Brokaw Road,  San Jose, CA 95112.  Upon information and belief, Nanya
25  USA is a wholly-owned subsidiary of Defendant Nanya, and has sold or sells
26  products manufactured by Nanya or Nanya USA, including the memory chips
27  accused of infringement in this Complaint, to customers in the State of California
28  and elsewhere in the United States.  Upon further information and belief, the

                                    1
                                                        **COMPLAINT**

1  accused memory chips are incorporated by customers of Nanya or Nanya USA,

2  who are manufacturers of computers and other electronic devices, into computers

3  and other electronic devices sold in the State of California, including customers

4  located in this judicial district.

5                              **JURISDICTION**

6          5.      This is an action arising under the Patent Laws of the United

7  States, Title 35 of the United States Code and the Declaratory Relief Act. This

8  Court has subject matter jurisdiction over this action under 28 U.S.C. § 1338(a),

9  which confers jurisdiction over cases of patent infringement, 28 U.S.C. § 1331,

10  which confers federal question jurisdiction and 28 U.S.C. § 2201(a), which confers

11  jurisdiction over declaratory judgment actions.

12          6.      This Court has general personal jurisdiction over Nanya USA

13  because Nanya USA is incorporated under the laws of the State of California and

14  has its principal place of business in San Jose, California.

15          7.      This Court has personal jurisdiction over Nanya and Nanya

16  USA under California Code of Civil Procedure § 410.10, *inter alia*, on the basis

17  that upon information and belief, Nanya and Nanya USA have sold, and continue

18  to sell infringing memory chips to manufacturers of computers and other electronic

19  devices in this District and elsewhere in the United States, who in turn have sold

20  and continue to sell computers and other electronic devices containing the

21  infringing memory chips to customers in this District and elsewhere in the United

22  States. Upon further information and belief, Nanya, as 100% owner of Nanya

23  USA, has been directing Nanya USA's sales activities. Upon information and

24  belief, Nanya also knew that said manufacturers of computers and other electronic

25  devices reside in this District and elsewhere in the United States, and would sell

26  devices containing the infringing memory chips to customers in this District and

27  elsewhere in the United States, and Nanya derived and continues to derive

28  substantial revenue therefrom.

                              2                         **COMPLAINT**

## VENUE

8.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

## INTRADISTRICT ASSIGNMENT

9.     Pursuant to Civil L.R. 3-2(c) and (e), the San Jose Division is the proper division to be assigned this action, based on Nanya USA's residence in Santa Clara County as well as Nanya and Nanya USA's infringing activities in Santa Clara County.

## FUJITSU'S PATENTS

10.     Fujitsu is the assignee and owner of the following United States patents ("Fujitsu's Patents"):

a. U.S. Patent No. 4,801,989 ("the '989 patent", Exh. A hereto), entitled "Dynamic Random Access Memory Having Trench Capacitor With Polysilicon Lined Lower Electrode," which was duly and legally issued on January 31, 1989 to Masao Taguchi;

b. U.S. Patent No. 6,104,486 ("the '486 patent", Exh. B hereto), entitled "Fabrication Process of a Semiconductor Device Using Ellipsometry," which was duly and legally issued on August 15, 2000 to Hiroshi Arimoto.

c. U.S. Patent No. 6,292,428 B1 ("the '428 patent", Exh. C hereto), entitled "Semiconductor Device Reconciling Different Timing Signals," which was duly and legally issued on September 18, 2001 to Hiroshi Tomita and Tatsuya Kanda.

d. U.S. Patent No. 6,320,819 B2 ("the '819 patent", Exh. D hereto), entitled "Semiconductor Device Reconciling Different Timing Signals," which was duly and legally issued on November 20, 2001 to Hiroshi Tomita and Tatsuya Kanda.

3                                              COMPLAINT

## NANYA'S PATENTS

11.    In a complaint filed by Nanya against Plaintiffs in Guam on September 13, 2006 (but not yet served), Civil Case No. 06-00025 ("the Guam Complaint"), Nanya purported to be the owner of all rights, title, and interest in and under the following United States patents ("Nanya's Patents"):

    a.  U.S. Patent No. 6,790,765 ("the '765 patent", Exh. E hereto), titled "Method For Forming Contact";

    b.  U.S. Patent No. 6,225,187 ("the '187 patent", Exh. F hereto), entitled "Method For STI-Top Rounding Control";

    c.  U.S. Patent No. 6,426,271 ("the '271 patent", Exh. G hereto), entitled "Method Of Rounding The Corner Of A Shallow Trench Isolation Region."

12.    The Guam Complaint asserts Nanya's Patents against Plaintiffs.

13.    By virtue of Nanya's actions, Plaintiffs reasonably believe that Nanya imminently intends to pursue against them an infringement action involving Nanya's Patents.

14.    Plaintiffs deny that they infringe any valid claim of any of the Nanya Patents.

15.    An actual and justiciable controversy exists between Nanya and Plaintiffs concerning whether Plaintiffs infringe any valid claim of the Nanya Patents. Plaintiffs now seek a declaratory judgment that they do not infringe any valid claim of the Nanya Patents, and that the claims of the Nanya Patents are invalid.

### FIRST CLAIM FOR RELIEF
### (Infringement of the '989 Patent)

16.    Plaintiffs re-allege and incorporate by reference herein each of the averments set forth in paragraphs 1-10 of this Complaint.

4

COMPLAINT

17. Nanya and Nanya USA have been and still are infringing one or more claims of the '989 patent by making, using, offering for sale, selling and/or importing into the United States memory chips and by causing use, offer for sale and sale of computers and other electronic devices containing memory chips. Infringing memory chips made, used, sold, offered for sale or imported by Nanya and Nanya USA include at least Nanya's 256M DDR SDRAM (e.g., part no. NT5D64M4AT). On information and belief, there are additional infringing memory chips.

18. Nanya and Nanya USA's actions constitute infringement, active inducement of infringement, and/or contributory infringement of the '989 patent in violation of 35 U.S.C. § 271.

19. Fujitsu has sustained damages and will continue to sustain damages as a result of the aforesaid acts of infringement.

20. Nanya and Nanya USA's continued infringement of the '989 patent has caused and will continue to cause Fujitsu irreparable harm unless enjoined by the Court.

21. On information and belief, Nanya and Nanya USA's infringements of the '989 patent have been willful.

**SECOND CLAIM FOR RELIEF**
**(Infringement of the '486 Patent)**

22. Plaintiffs re-allege and incorporate by reference herein each of the averments set forth in paragraphs 1-10 of this Complaint.

23. Nanya and Nanya USA have been and still are infringing one or more claims of the '486 patent by making, using, offering for sale, selling and/or importing into the United States memory chips and by causing use, offer for sale and sale of computers and other electronic devices containing memory chips. Upon information and belief, infringing memory chips made, used, sold, offered for sale or imported by Nanya and Nanya USA include at least the following:

5                                    **COMPLAINT**

1  512M DDR SDRAM; 512M DDR2 SDRAM; 256M DDR2 SDRAM; 1G DDR2

2  SDRAM; and SDRAM memory module products equipped with one or more of

3  the 512M DDR SDRAM; 512M DDR2 SDRAM; 256M DDR2 SDRAM; and 1G

4  DDR2 SDRAM .

5          24.    Nanya and Nanya USA's actions constitute infringement, active

6  inducement of infringement, and/or contributory infringement of the '486 patent in

7  violation of 35 U.S.C. § 271.

8          25.    Fujitsu has sustained damages and will continue to sustain

9  damages as a result of the aforesaid acts of infringement.

10          26.    Nanya and Nanya USA's continued infringement of the '486

11  patent has caused and will continue to cause Fujitsu irreparable harm unless

12  enjoined by the Court.

13          27.    On information and belief, Nanya and Nanya USA's

14  infringements of the '486 patent have been willful.

15  **THIRD CLAIM FOR RELIEF**

16  **(Infringement of the '428 Patent)**

17          28.    Plaintiffs re-allege and incorporate by reference herein each of

18  the averments set forth in paragraphs 1-10 of this Complaint.

19          29.    Nanya and Nanya USA have been and still are infringing one or

20  more claims of the '428 patent by making, using, offering for sale, selling and/or

21  importing into the United States memory chips and causing use, offer for sale and

22  sale of computers and other electronic devices containing memory chips.

23  Infringing memory chips made, used, sold, offered for sale or imported by Nanya

24  and Nanya USA include at least the 256M DDR SDRAM (e.g., part no.

25  NT5D64M4AT). On information and belief, Defendants' additional infringing

26  memory chips include at least the following: 128M DDR SDRAM; 512M DDR

27  SDRAM; 512M DDR2 SDRAM; 1G DDR2 SDRAM; 128M DDR SDRAM

28  Graphic (Elixir); 512M DDR SDRAM Graphic (Elixir); 256M DDR2 SDRAM

6

**COMPLAINT**

Graphic (Elixir); 512M DDR2 SDRAM Graphic (Elixir); 512M DDR UDIMM; 1G DDR UDIMM; 512M DDR SODIMM; 1G DDR SODIMM; 512M DDR RDIMM; 1G DDR RDIMM; 2G DDR RDIMM; 256M DDR2 UDIMM; 512M DDR2 UDIMM; 1G DDR2 UDIMM; 2G DDR2 UDIMM; 256M DDR2 SODIMM; 512M DDR2 SODIMM; 1G DDR2 SODIMM; 512M DDR2 RDIMM; 1G DDR2 RDIMM; 2G DDR2 RDIMM; 512M DDR2 FBDIMM; 1G DDR2 FBDIMM; 2G DDR2 FBDIMM; 512M DDR SDRAM SODIMM (Elixir); 128M DDR SDRAM Unbuffered DIMM (Elixir); 512M DDR SDRAM Unbuffered DIMM (Elixir); 1G DDR SDRAM Unbuffered DIMM (Elixir); 256M DDR2 SDRAM SO DIMM (Elixir); 512M DDR2 SDRAM SO DIMM (Elixir); 1G DDR2 SDRAM SO DIMM (Elixir); 256M DDR2 SDRAM Unbuffered DIMM (Elixir); 512M DDR2 SDRAM Unbuffered DIMM (Elixir); 1G DDR2 SDRAM Unbuffered DIMM (Elixir); 512M DDR SDRAM SO DIMM (Super Elixir); 1G DDR SDRAM SO DIMM (Super Elixir); 128M DDR SDRAM Unbuffered DIMM (Super Elixir); 512M DDR SDRAM Unbuffered DIMM (Super Elixir); 1G DDR SDRAM Unbuffered DIMM (Super Elixir); 256M DDR2 SDRAM SO DIMM (Super Elixir); 512M DDR2 SDRAM SO DIMM (Super Elixir); 1G DDR2 SDRAM SO DIMM (Super Elixir); 256M DDR2 SDRAM Unbuffered DIMM (Super Elixir); 512M DDR2 SDRAM Unbuffered DIMM (Super Elixir); and 1G DDR2 SDRAM Unbuffered DIMM (Super Elixir).

30.    Nanya and Nanya USA's actions constitute infringement, active inducement of infringement, and/or contributory infringement of the '428 patent in violation of 35 U.S.C. § 271.

31.    Fujitsu has sustained damages and will continue to sustain damages as a result of the aforesaid acts of infringement.

32.    Nanya and Nanya USA's continued infringement of the '428 patent has caused and will continue to cause Fujitsu irreparable harm unless enjoined by the Court.

**COMPLAINT**

1    33.    On information and belief, Nanya and Nanya USA's

2  infringements of the '428 patent have been willful.

3                    **FOURTH CLAIM FOR RELIEF**

4                    **(Infringement of the '819 Patent)**

5    34.    Plaintiffs re-allege and incorporate by reference herein each of

6  the averments set forth in paragraphs 1-10 of this Complaint.

7    35.    Nanya and Nanya USA have been and still are infringing one or

8  more claims of the '819 patent by making, using, offering for sale, selling and/or

9  importing into the United States memory chips and causing use, offer for sale and

10  sale of computers and other electronic devices containing memory chips.

11  Infringing memory chips made, used, sold, offered for sale or imported by Nanya

12  and Nanya USA include at least the 256M DDR SDRAM (e.g., part no.

13  NT5D64M4AT). On information and belief, Defendants' additional infringing

14  memory chips include at least the following: 128M DDR SDRAM; 512M DDR

15  SDRAM; 512M DDR2 SDRAM; 1G DDR2 SDRAM; 128M DDR SDRAM

16  Graphic (Elixir); 512M DDR SDRAM Graphic (Elixir); 256M DDR2 SDRAM

17  Graphic (Elixir); 512M DDR2 SDRAM Graphic (Elixir); 512M DDR UDIMM;

18  1G DDR UDIMM; 512M DDR SODIMM; 1G DDR SODIMM; 512M DDR

19  RDIMM; 1G DDR RDIMM; 2G DDR RDIMM; 256M DDR2 UDIMM; 512M

20  DDR2 UDIMM; 1G DDR2 UDIMM; 2G DDR2 UDIMM; 256M DDR2

21  SODIMM; 512M DDR2 SODIMM; 1G DDR2 SODIMM; 512M DDR2 RDIMM;

22  1G DDR2 RDIMM; 2G DDR2 RDIMM; 512M DDR2 FBDIMM; 1G DDR2

23  FBDIMM; 2G DDR2 FBDIMM; 512M DDR SDRAM SODIMM (Elixir); 128M

24  DDR SDRAM Unbuffered DIMM (Elixir); 512M DDR SDRAM Unbuffered

25  DIMM (Elixir); 1G DDR SDRAM Unbuffered DIMM (Elixir); 256M DDR2

26  SDRAM SO DIMM (Elixir); 512M DDR2 SDRAM SO DIMM (Elixir); 1G DDR2

27  SDRAM SO DIMM (Elixir); 256M DDR2 SDRAM Unbuffered DIMM (Elixir);

28  512M DDR2 SDRAM Unbuffered DIMM (Elixir); 1G DDR2 SDRAM

                                   8
                                                     **COMPLAINT**

1   Unbuffered DIMM (Elixir); 512M DDR SDRAM SO DIMM (Super Elixir); 1G

2   DDR SDRAM SO DIMM (Super Elixir); 128M DDR SDRAM Unbuffered DIMM

3   (Super Elixir); 512M DDR SDRAM Unbuffered DIMM (Super Elixir); 1G DDR

4   SDRAM Unbuffered DIMM (Super Elixir); 256M DDR2 SDRAM SO DIMM

5   (Super Elixir); 512M DDR2 SDRAM SO DIMM (Super Elixir); 1G DDR2

6   SDRAM SO DIMM (Super Elixir); 256M DDR2 SDRAM Unbuffered DIMM

7   (Super Elixir); 512M DDR2 SDRAM Unbuffered DIMM (Super Elixir); and 1G

8   DDR2 SDRAM Unbuffered DIMM (Super Elixir).

9         36.    Nanya and Nanya USA's actions constitute infringement, active

10  inducement of infringement, and/or contributory infringement of the '819 patent in

11  violation of 35 U.S.C. § 271.

12        37.    Fujitsu has sustained damages and will continue to sustain

13  damages as a result of the aforesaid acts of infringement.

14        38.    Nanya and Nanya USA's continued infringement of the '819

15  patent has caused and will continue to cause Fujitsu irreparable harm unless

16  enjoined by the Court.

17        39.    On information and belief, Nanya and Nanya USA's

18  infringements of the '819 patent have been willful.

19                       **FIFTH CLAIM FOR RELIEF**

20  **(Declaratory Judgment of Noninfringement regarding the '765 Patent)**

21        40.    Plaintiffs re-allege and incorporate by reference herein each of

22  the averments set forth in paragraphs 1-15 of this Complaint.

23        41.    Plaintiffs are not directly infringing, contributorily infringing,

24  or actively inducing others to infringe any valid claim of the '765 patent as

25  properly construed.

26

27

28

                                    9                        **COMPLAINT**

## SIXTH CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity regarding the '765 Patent)

42.    Plaintiffs re-allege and incorporate by reference herein each of the averments set forth in paragraphs 1-15 of this Complaint.

43.    The '765 patent is invalid for failing to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including but not limited to sections 102, 103, and/or 112.

## SEVENTH CLAIM FOR RELIEF

### (Declaratory Judgment of Noninfringement regarding the '187 patent)

44.    Plaintiffs re-allege and incorporate by reference herein each of the averments set forth in paragraphs 1-15 of this Complaint.

45.    Plaintiffs are not directly infringing, contributorily infringing, or actively inducing others to infringe any valid claim of the '187 patent as properly construed.

## EIGHTH CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity regarding the '187 patent)

46.    Plaintiffs re-allege and incorporate by reference herein each of the averments set forth in paragraphs 1-15 of this Complaint.

47.    The '187 patent is invalid for failing to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including but not limited to sections 102, 103, and/or 112.

## NINTH CLAIM FOR RELIEF

### (Declaratory Judgment of Noninfringement regarding the '271 patent)

48.    Plaintiffs re-allege and incorporate by reference herein each of the averments set forth in paragraphs 1-15 of this Complaint.

49.    Plaintiffs are not directly infringing, contributorily infringing, or actively inducing others to infringe any valid claim of the '271 patent as properly construed.

**COMPLAINT**

## TENTH CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity regarding the '271 patent)

50.     Plaintiffs re-allege and incorporate by reference herein each of the averments set forth in paragraphs 1-15 of this Complaint.

51.     The '271 patent is invalid for failing to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including but not limited to sections 102, 103, and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays that this Court enter judgment in its favor and against Defendants and grant the following relief:

A.     A preliminary and permanent injunction preventing further infringement, contributory infringement and inducement of infringement of Fujitsu's Patents;

B.     An accounting to determine damages for infringement;

C.     An award of damages for infringement;

D.     An assessment and award of interest, including pre-judgment interest, on the damages determined;

E.     A trebling of those damages pursuant to 35 U.S.C. § 284;

F.     A declaration that Plaintiffs do not infringe any valid claim of any of the Nanya Patents.

G.     A declaration that the claims of the Nanya Patents asserted against Plaintiffs are invalid.

H.     A finding that this is an exceptional case and an award of Plaintiffs' costs and attorney fees; and

I.     Such other and further relief as this Court deems just and proper.

11                                         **COMPLAINT**

# DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury as to all claims and all issues properly triable thereby.

Respectfully submitted,

Dated: October 23, 2006

By: _Gregory Evans_

Milbank, Tweed, Hadley & McCloy LLP
Gregory Evans (State Bar No. 147623)
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone: (213) 892-4000
Facsimile: (213) 629-5063

Milbank, Tweed, Hadley & McCloy LLP
Christopher E. Chalsen
Michael M. Murray
Lawrence T. Kass
Frank A. Bruno
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

Attorneys for Plaintiffs
FUJITSU LIMITED and
FUJITSU MICROELECTRONICS
AMERICA, INC.

LA1:#6334633

12                                        **COMPLAINT**

JS 44 - CAND (Rev. 11/04)

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**

FUJITSU LIMITED, a Japanese Corporation, and FUJITSU MICROELECTRONICS AMERICA, INC., a California Corporation

**DEFENDANTS**

NANYA TECHNOLOGY CORP., a Taiwanese Corporation, and NANYA TECHNOLOGY CORP. U.S.A., a California Corporation

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

Japan

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Gregory Evans, Milbank, Tweed, Hadley & McCloy LLP, 601 South Figueroa St., Los Angeles, CA. 90017 (213) 892-4000

ATTORNEYS (IF KNOWN)

C06  06613  EDL

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☑ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☑ Original Proceeding
☐ Removed from State Court
☐ Remanded from Appellate Court
☐ Reinstated or Reopened
☐ Transferred from Another district (specify)
☐ Multidistrict Litigation
☐ Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐610 Agriculture | ☐422 Appeal 28 USC 158 | ☐400 State Reapportionment |
| ☐120 Marine | ☐310 Airplane | ☐362 Personal Injury Med Malpractice | ☐620 Other Food & Drug | ☐423 Withdrawal 28 USC 157 | ☐410 Antitrust |
| ☐130 Miller Act | ☐315 Airplane Product Liability | ☐365 Personal Injury Product Liability | ☐625 Drug Related Seizure of Property 21 USC 881 | | ☐430 Banks and Banking |
| ☐140 Negotiable Instrument | ☐320 Assault Libel & Slander | ☐368 Asbestos Personal Injury Product Liability | ☐630 Liquor Laws | **PROPERTY RIGHTS** | ☐450 Commerce/ICC Rates/etc. |
| ☐150 Recovery of Overpayment & Enforcement of Judgment | ☐330 Federal Employers Liability | | ☐640 RR & Truck | ☐820 Copyrights | ☐460 Deportation |
| ☐151 Medicare Act | ☐340 Marine | **PERSONAL PROPERTY** | ☐650 Airline Regs | ☐830 Patent | ☐470 Racketeer Influenced and Corrupt Organizations |
| ☐152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐345 Marine Product Liability | ☐370 Other Fraud | ☐660 Occupational Safety/Health | ☐840 Trademark | ☐810 Selective Service |
| ☐153 Recovery of Overpayment of Veteran's Benefits | ☐350 Motor Vehicle | ☐371 Truth in Lending | ☐690 Other | | ☐850 Securities/Commodities/Exchange |
| ☐160 Stockholders Suits | ☐355 Motor Vehicle Product Liability | ☐380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐875 Customer Challenge 12 USC 3410 |
| ☐190 Other Contract | ☐360 Other Personal Injury | ☐385 Property Damage Product Liability | ☐710 Fair Labor Standards Act | ☐861 HIA (1395ff) | ☐891 Agricultural Acts |
| ☐195 Contract Product Liability | | | ☐720 Labor/Mgmt Relations | ☐862 Black Lung (923) | ☐892 Economic Stabilization Act |
| ☐196 Franchise | | | ☐730 Labor/Mgmt Reporting & Disclosure Act | ☐863 DIWC/DIWW (405(g)) | ☐893 Environmental Matters |
| | | | ☐740 Railway Labor Act | ☐864 SSID Title XVI | ☐894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐790 Other Labor Litigation | ☐865 RSI (405(g)) | ☐895 Freedom of Information Act |
| ☐210 Land Condemnation | ☐441 Voting | ☐510 Motion to Vacate Sentence Habeas Corpus | ☐791 Empl Ret Inc Security Act | **FEDERAL TAX SUITS** | ☐900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐220 Foreclosure | ☐442 Employment | ☐530 General | | ☐870 Taxes (US Plaintiff or Defendant) | ☐950 Constitutionality of State Statutes |
| ☐230 Rent Lease & Ejectment | ☐443 Housing | ☐535 Death Penalty | | ☐871 IRS - Third Party 26 USC 7609 | ☐890 Other Statutory Actions |
| ☐240 Torts to Land | ☐444 Welfare | ☐540 Mandamus & Other | | | |
| ☐245 Tort Product Liability | ☐440 Other Civil Rights | ☐550 Civil Rights | | | |
| ☐290 All Other Real Property | ☐445 Amer w/disab - Empl | ☐555 Prison Condition | | | |
| | ☐446 Amer w/disab - Other | | | | |
| | ☐480 Consumer Credit | | | | |
| | ☐490 Cable/Satellite TV | | | | |

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. Sec. 1331 (Federal Question); 28 U.S.C. Sec. 1338(a) (Patent Infringement); 28 U.S.C. Sec. 2201(a) (Declaratory Judgment), Action for Patent Infringement; and Declaratory Judgment of Non-Infringement of Patents and/or Invalidity of Patents

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION    DEMAND $____ ☐CHECK YES only if demanded in complaint:
UNDER F.R.C.P. 23    JURY DEMAND: ☑ YES ☐ NO

**VIII. RELATED CASE(S)**
**IF ANY**    PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)    ☐ SAN FRANCISCO/OAKLAND    ☑ SAN JOSE

DATE October 23, 2006    SIGNATURE OF ATTORNEY OF RECORD _Gregory Evans_

# United States District Court
## NORTHERN DISTRICT OF CALIFORNIA



FUJITSU LIMITED, and FUJITSU
MICROELECTRONICS AMERICA, INC.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

v.

NANYA TECHNOLOGY CORP., and NANYA
TECHNOLOGY CORP. U.S.A.

# C06  06613 EDL

TO: (Name and address of defendant)

NANYA TECHNOLOGY CORP. U.S.A.
675 East Brokaw Road
San Jose, CA 95112

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Christopher E. Chalsen, Esq.
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10017
(212) 530-5219 (facsimile)

an answer to the complaint which is herewith served upon you, within ·20· days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in
the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking
CLERK

OCT  2 4 2006

DATE

(BY) DEPUTY CLERK

# United States District Court **4DR**
## NORTHERN DISTRICT OF CALIFORNIA

FUJITSU LIMITED, and FUJITSU
MICROELECTRONICS AMERICA, INC.

**V.**

NANYA TECHNOLOGY CORP., and NANYA
TECHNOLOGY CORP. U.S.A.

**SUMMONS IN A CIVIL CASE**

**CASE NUMBER:**

**C06  06613**

**EDL**

TO: (Name and address of defendant)

NANYA TECHNOLOGY CORP.
Hwa-Ya Technology Part 669
Fu Hsing 3rd Rd.
Kueishan, Taoyuan
Taiwan, Republic of China

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Christopher E. Chalsen, Esq.
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10017
(212) 530-5219 (facsimile)

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking

CLERK

(BY) DEPUTY CLERK

DATE _____

**OCT 2 4 2006**

# EXHIBIT C

# MILBANK, TWEED, HADLEY & M<sup>C</sup>CLOY LLP

1 CHASE MANHATTAN PLAZA

NEW YORK, N.Y. 10005-1413

212-530-5000

FAX: 212-530-5219

LOS ANGELES
213-892-4000
FAX: 213-629-5063

PALO ALTO
650-739-7000
FAX: 650-739-7100

WASHINGTON, D.C.
202-835-7500
FAX: 202-835-7586

LONDON
44-207-448-3000
FAX: 44-207-448-3029

MUNICH
49-89-25559-3600
FAX: 49-89-25559-3700

FRANKFURT
49-69-7593-7170
FAX: 49-69-7593-8303

TOKYO
813-3504-1050
FAX: 813-3595-2790

HONG KONG
852-2971-4888
FAX: 852-2840-0792

SINGAPORE
65-6428-2400
FAX: 65-6428-2500

CHRISTOPHER E. CHALSEN
PARTNER
DIRECT DIAL NUMBER
(212) 530-5380
DIRECT FACSIMILE
(212) 822-5380
E-MAIL: cchalsen@milbank.com

October 11, 2006

**FOR SETTLEMENT PURPOSES ONLY – SUBJECT TO RULE 408**

**BY FACSIMILE (214-593-9111)**
**CONFIRMATION VIA FEDERAL EXPRESS**
Michael W. Shore, Esq.
Shore Chan Bragalone LLP
325 N. St. Paul Street
Suite 4450
Dallas, Texas 75201

      Re:   Fujitsu v. Nanya
           Our Ref. 35068.02100

Dear Mr. Shore:

We are writing to you as counsel for Fujitsu Limited and are in receipt of your email letter of Sept. 19, 2006 addressed to Mr. Kitano. In the future, please address your communications regarding this matter to the undersigned.

Although Fujitsu appreciates your suggestion that the parties should work to reach an amicable settlement, Nanya's surprise filing of its complaint against Fujitsu in Guam in the middle of settlement discussions seems to contradict that approach. Moreover, by soliciting "settlement information" from Fujitsu during such discussions and then using that information in a publicly filed complaint, Nanya appears to have breached its express and implied confidentiality obligations to Fujitsu as well as misused the settlement procedures set up and supervised by the Tokyo District Court.

More particularly, the complaint Nanya filed against Fujitsu in Guam contains confidential Fujitsu settlement information relating to royalty rates, fees and selected patents that were disclosed to Nanya in confidence during the negotiations. Nanya and its attorneys had agreed in writing to keep such information confidential. (See the correspondence between Fujitsu and Nanya dated July 12, 2006.) This settlement information, which included Fujitsu trade secrets, thus should not have been disclosed to unspecified third parties through the filing of a complaint in federal court in the United States.

Michael W. Shore, Esq.
October 11, 2006
Page 2

As such, Fujitsu requests a detailed explanation describing Nanya's position on this breach, particularly in view of Fujitsu's sincere provision of this information in response to Nanya's letter dated August 10, in which Nanya claimed that the purpose of its request was "for advance preparation to make the meeting a meaningful one, which will solve global patent issues." We look forward to hearing your views on this point. Meanwhile, Fujitsu reserves its right to take action to redress these violations.

Reverting to your letter of September 19, we note that your letter makes a number of statements about U.S. patent law and litigation procedure that are simply incorrect.

For example, you assert that "Fujitsu must file any case on the patents listed in the Nanya Guam suit in Guam Federal District Court as counterclaims to the Nanya claims for declaratory judgment addressing those same patents." This statement, *inter alia*, ignores the very real possibility that the Guam case will be dismissed. Fujitsu has many options for proceeding, if it chooses to.

You also assert that "since Fujitsu has never identified any other patents as infringed by Nanya, any case filed in any other court based on other patents would violate Federal Rule of Civil Procedure 11 (which requires an adequate pre-suit investigation prior to filing)". This is a non-sequitor, and in any event is simply not the law. Rule 11 does not require that notice of individual patent investigations must be provided in advance to a potential defendant. Thus, you cannot conclude that merely because Fujitsu may not have notified Nanya of any particular infringement situation, that this would preclude such additional assertions at this time or in the future. We further note that Nanya did not provide advance notice to Fujitsu of the alleged infringement of the three Nanya patents identified in the Guam complaint. Thus, not only is your understanding of Rule 11 incorrect, you seem to believe that Rule 11 does not apply to Nanya.

You next assert that "any claims based upon patents not identified in the last 7 years of negotiations would be presumed barred under United States law by the doctrine of laches." This statement is also plainly incorrect. In order for laches to potentially apply to a particular Fujitsu infringement claim, there must be: (1) an unreasonable and inexcusable delay in bringing suit after Fujitsu knew or should have known about the infringing activities; and (2) material prejudice by Nanya as a result of the delay. We are unaware of any facts that could support such an argument.

Your comments about the alleged estoppel effect of the 1997 ITC action against Samsung seem to be based on a theory that a complainant in the ITC has an obligation to identify *all* infringing products by *all* potential respondents anywhere in the world. However, there is in fact no such requirement in the ITC. Thus, the fact that Fujitsu did not name Nanya as a respondent in the 1997 ITC action does not raise an estoppel issue for any present action against Nanya.

Concerning damages and marking issues, you argue that "since Fujitsu has not placed Nanya on notice that any other United States patents are infringed (other than those listed in the

Michael W. Shore, Esq.
October 11, 2006
Page 3

Guam suit), no past damages can be collected on any other patents, even assuming they are valid,
enforceable and infringed." You further state that "Fujitsu has not marked its products with its
patents identified to date, so again, no damages can be collected for past infringement on patents
not yet identified." These statements are also incorrect. Actual notice to an infringer is required
only under certain circumstances. For example, in the case of an apparatus claim, if the patent
owner practices the invention and has failed to mark its products then actual notice may be
required. However, patent marking requirements do not apply at all to method patents and do
not apply to claims not practiced by the patent owner. Of course, marking and notice issues are
not relevant to injunctive relief or to the collection of damages post-filing.

We hope this will serve as clarification of the points raised in your letter.

Sincerely yours,

Christopher E. Chalsen

cc:    Mr. Shigeru Kitano
       Michael M. Murray, Esq.

NY2:#4710247

# MILBANK, TWEED, HADLEY & McCLOY LLP

## 1 CHASE MANHATTAN PLAZA

### NEW YORK, NY 10005-1413

**LOS ANGELES**
213-892-4000
FAX: 213-629-5063

**WASHINGTON, D.C.**
202-835-7500
FAX: 202-835-7586

**LONDON**
44-207-448-3000
FAX: 44-207-448-3029

**MUNICH**
49-89-25559-3600
FAX: 49-89-25559-3700

**FRANKFURT**
49-69-71914-3400
FAX: 49-69-71914-3500

**TOKYO**
813-3504-1050
FAX: 813-3595-2790

**HONG KONG**
852-2971-4888
FAX: 852-2840-0792

**SINGAPORE**
65-6428-2400
FAX: 65-6428-2500

**BEIJING**
(8610) 5123-5112
FAX: (8610) 5116-5181

212-530-5000
FAX: 212-530-5219

## FACSIMILE TRANSMISSION

To:     Michael W. Shore                          Tel. Number:
                                                  Fax Number: 12145939111

From:   Michael M. Murray                         Tel. Number: (212) 530-5424
                                                  Fax Number: (212) 822-5424

Date/Time:   Wednesday, October 11, 2006 8:59:46 PM

Number of Pages (including this cover page):    04
Contact Sender upon receipt:                    No

MESSAGE:

**CONFIDENTIALITY NOTE:**

The information contained in this facsimile message may contain legally privileged and/or confidential information and is intended only for the use by the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or reproduction of this facsimile is strictly prohibited. If you have received this facsimile in error, we would appreciate your notifying us at 212-530-5014. Thank you.