TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891/4
FACSIMILE: (671) 472-2601

*Attorneys for Plaintiff*
*Nanya Technology Corp.*

**FILED**
DISTRICT COURT OF GUAM
NOV 16 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| NANYA TECHNOLOGY CORP., | ) | CIVIL CASE NO. 1:06-CV-00025 |
| Plaintiff, | ) | |
| vs. | ) | |
| FUJITSU LIMITED, FUJITSU MICROELECTRONICS AMERICA, INC., | ) | |
| Defendants. | ) | |

## DECLARATION OF MICHAEL W. SHORE

I, MICHAEL W. SHORE, hereby declare as follows:

1. My name is Michael W. Shore. I am over the age of 21 and am competent to make this declaration. All of the statements set forth herein are true and correct and are based on my personal knowledge.

2. I represent Nanya Technology Corporation ("Nanya") in the above-captioned cause. I also represent Nanya in negotiations with Fujitsu Limited regarding a patent infringement case Fujitsu Limited filed against Nanya in Tokyo District Court.

-1-

3. During my representation of Nanya, on September 14, 2006, I met with Takao Miura, whose title is Manager of Fujitsu Limited's Patent License Department, Intellectual Property and Technical Standards Division. Also present at that meeting was Yuichi Sakoda, whose title is Director of Fujitsu Limited's Industry Relations Division, Law and Intellectual Property Unit. Also present at that meeting was Shigeru Kitano, whose title is Fujitsu Limited's Deputy General Manager, Industry Relations Division, Law and Intellectual Property Unit.

4. During the September 14, 2006 meeting, I provided Miura-san, Sakoda-san and Kitano-san with a copy of the Complaint in this case. I explained to them in some detail the allegations in the Complaint. Kitano-san asked several questions about the Complaint, including whether my providing it to him in Tokyo constituted formal service of the Complaint. I told him that it did not.

5. Kitano-san requested at the meeting that Nanya not serve the Complaint formally until Fujitsu Limited had time to consider it and respond. It was agreed at the meeting that the parties would not proceed with the Guam suit until after another settlement conference took place. Nanya did not formally serve the Complaint.

6. On September 18, 2006, Vicky Tseng, whose title at Nanya is Deputy Director, Legal and IP Division, sent Kitano-san the email attached hereto as Exhibit 1. The attachment to Ms. Tseng's email to Kitano-san is attached hereto as Exhibit 2. Exhibit 2 makes clear that a copy of the Complaint was provided to Kitano-san and Fujitsu Limited on September 14, 2006.

7. On September 20, 2006, Kitano-san sent the email attached hereto as Exhibit 3 acknowledging that Fujitsu Limited received a copy of the Complaint on September 14, 2006.

8. On October 16, 2006, Alfonso Garcia Chan sent the letter attached hereto as Exhibit 4 to Christopher E. Chalsen of Milbank, Tweed, Hadley & McCloy, LLP who informed

me earlier that he represented Fujitsu Limited in this action. Since he initially stated that he represented Fujitsu Limited in this case, he has changed his position to state that he only represents Fujitsu Limited in the negotiations in Japan and a suit filed by Fujitsu on October 25, 2006 in California. To my knowledge, no lawyer represents Fujitsu Limited in the above-captioned case.

9. On October 25, 2006, Nanya and Fujitsu Limited met in Tokyo at Fujitsu Limited's headquarters to continue negotiations of the Japanese lawsuit. During those negotiations, Fujitsu Limited supplied Nanya with a copy of a Complaint Fujitsu Limited and Fujitsu Microelectronics America, Inc. ("Fujitsu USA") had filed against Nanya and Nanya's United States subsidiary in Federal District Court for the Northern District of California.

10. After the October 25, 2006 meeting, I attempted to get an agreement from Fujitsu Limited's counsel for him to accept service of the Complaint in this case -- the first filed case that Nanya did not initially serve at the request of Fujitsu Limited – so that Nanya could begin the litigation in an efficient and timely manner. Fujitsu USA has already been served in this case. Fujitsu Limited's counsel in the California suit stated that he did not represent Fujitsu Limited in this action and that he did not know who would represent Fujitsu Limited in this case until it was served pursuant to The Hague Convention. Fujitsu Limited has refused all requests that it informally accept service of the Complaint, and instead seeks to take advantage of Nanya's agreement in September to delay service of the Complaint to allow settlement discussions to continue.

11. I am certain that Fujitsu Limited is fully aware of the claims in the Complaint, that it has retained Mr. Chalsen to advise them on those claims – they were substantively discussed by Mr. Chalsen and Fujitsu Limited at the October 25, 2006 meeting.

12. I am also certain that service on Fujitsu Limited by the following means would more than meet the fair notice requirements of The United States Constitution and Rule 4(f)(3) jurisprudence in the Ninth Circuit:

    A. Email and regular mail service upon Shigeru Kitano (kitano@lip.fujitsu.com), 1-1 Kamikodanaka 4-chome, Nakahara-ku, Kawasaki 211-8588, Japan (Company Mail No./Hon-460).

    B. Email and regular mail upon Fujitsu Limited's counsel in the California case involving the some of the same patents at issue in the Complaint, Christopher E. Chalsen (cchalsen@milbank.com), Milbank, Tweed, Hadley & McCloy, LLP, One Chase Manhattan Plaza, New York, N.Y. 10005-1413.

13. Both of these gentlemen have possessed the Complaint for months and are already completely familiar with the allegations contained in the Complaint.

I hereby declare under penalty of perjury that the foregoing is true and correct and, if called upon to testify, I would be competent to testify thereto.

Dated: November 8, 2006

_____
Michael W. Shore

# EXHIBIT 1

# Michael Shore

| | |
|---|---|
| **From:** | vickytseng@ntc.com.tw |
| **Sent:** | Monday, September 18, 2006 11:20 PM |
| **To:** | kitano@lip.fujitsu.com |
| **Cc:** | Michael Shore |
| **Subject:** | FW: Fujitsu v. Nanya |
| **Importance:** | High |
| **Sensitivity:** | Confidential |
| **Attachments:** | Dear Kitano.doc |

Dear Kitano-san,

I found your e-mail address did not show correctly in Mr. Michael Shore's e-mail below, so I forward his e-mail to you again to ensure you will receive his message. Tks!

Best regards,

**Vicky Tseng**
**Deputy Director**
**Legal and IP Division**
**Nanya Technology Corporation**
**TEL: 886-3-328-1688 #1990**
**FAX: 886-3-396-2226**

本電子郵件資訊為南亞科技股份有限公司之專有財產,非經書面許可,不得分發、揭露或複製與轉變成其他型式使用。
This e-mail information is the exclusive property of Nanya Technology Corp. It shall not be distributed, disclosed and reproduced in whole or in part without prior written permission of Nanya Technology Corp.

---

**From:** Michael Shore [mailto:mshore@ShoreChan.com]
**Sent:** Tuesday, September 19, 2006 10:50 AM
**To:** kitano@lip.fujitsu.jp
**Cc:** Vicky Tseng (曾培瑛-法務及智慧財產處)
**Subject:** Fujitsu v. Nanya

Dear Kitano-san:

Please see attached note.

Michael W. Shore

11/8/2006

# EXHIBIT 2

Dear Kitano-san:

Thank you for meeting with Nanya last week.

To clarify the parties' current status, please note that the copy of the Complaint I provided to Fujitsu was a courtesy copy. That courtesy copy does not mean formal service has been accomplished. Fujitsu has not been served yet, and Fujitsu does not yet have an answer date. Nanya will agree not to serve the suit as long as settlement talks continue, and Nanya desires to settle with Fujitsu on terms that can be justified as reasonable from both a legal and business standpoint.

Nanya understands that Fujitsu has threatened to file a case in the United States or Taiwan in response to Nanya's case in Guam. Nanya has little control over Fujitsu in that regard, but Nanya would point out that it was Fujitsu that initiated litigation and the Nanya case was in response to the Fujitsu case. There are some things that Nanya would ask Fujitsu to consider before filing any additional lawsuits against Nanya in the United States:

First, Fujitsu must file any case on the patents listed in the Nanya Guam suit in Guam Federal District Court as counterclaims to the Nanya claims for declaratory judgment addressing those same patents. That is the requirement of United States law. There can be no suit by Fujitsu asserting those patents in any other court. To file a counterclaim, Fujitsu must answer, and by answering via counterclaim, Fujitsu will start that litigation regardless of whether Nanya formally serves Fujitsu.

Second, since Fujitsu has never identified any other patents as infringed by Nanya, any case filed in any other court based on other patents would violate Federal Rule of Civil Procedure 11 (which requires an adequate pre-suit investigation prior to filing). A violation of Rule 11 exposes Fujitsu to sanctions, attorneys' fees and costs of court. Also, any claims based upon patents not identified in the last 7 years of negotiations would be presumed barred under United States law by the doctrine of laches.

Third, any patents raised in the 1997 ITC action against Samsung that did not name Nanya parts currently accused would also clearly be subject to laches and an argument that their non-infringement has been admitted by estoppel.

Fourth, since Fujitsu has not placed Nanya on notice that any other United States patents are infringed (other than those listed in the Guam suit), no past damages can be collected on any other patents, even assuming they are valid, enforceable and infringed.

Fifth, Fujitsu has not marked its products with its patents identified to date, so again, no damages can be collected for past infringement on patents not yet identified.

I would respectfully suggest that Fujitsu pause and reflect on whether it wants to file expensive lawsuits Fujitsu is unlikely to win. I would also respectfully suggest that instead, Fujitsu agree to meet and negotiate a resolution with Nanya on terms both companies can live with into the future.

Again, Nanya cannot control Fujitsu or tell it what to do, but I would hope that Fujitsu would strategically address the issues instead of reacting emotionally to a suit filed by Nanya in defense to Fujitsu's actions. Both sides can continue the escalation by filing more cases in Korea, Europe, Taiwana and elsewhere, but such a path is not economically justifiable until all efforts at a business solution are exhausted.

On the issue of settlement discussions, since Nanya has filed a US lawsuit, I would think the parties would want to discuss settlement of all litigation, so a settlement based upon worldwide activities can be considered at this point. That being said, Nanya requests that Fujitsu also consider discussing a settlement of the Japanese case with a Japanese-only license or a settlement of a Taiwan-Japan only license if worldwide settlement cannot be reached.

To address Fujitsu's concerns about negotiations being used against Fujitsu in the anti-trust/misuse litigation, Nanya from this point forward will agree not to use anything done or said in future confidential

negotiations against Fujitsu. Nanya and Fujitsu can mutually agree that if setttlement talks continue that those discussions will be strictly confidential and not admissible in any lawsuit or action in any country to prove liability or damages for any claims. I can have such a document stating that agreement prepared before our next session if this email is not sufficient to address that agreement.

Again, I hope that Fujitsu will consider all its options carefully and strategically. If Fujitsu does so, I believe that hte parties can and should meet to resolve this matter before any additional money is wasted on litigation that I believe is unnecessary for the parties to reconcile and go back to serving their customers with world-class products. Let me know if you have any other questions, and if Fujitsu would like to meet and discuss a resolution of this matter.

Warm regards,

Michael W. Shore

# EXHIBIT 3

Case 4:07-cv-03672-CW    Document 1-41    Filed 07/17/2007    Page 10 of 18

**Michael Shore**

| | |
|---|---|
| From: | Shigeru Kitano [kitano@lip.fujitsu.com] |
| Sent: | Wednesday, September 20, 2006 8:49 PM |
| To: | vickytseng@ntc.com.tw; Michael Shore |
| Subject: | Re: Fujitsu v. Nanya |

Dear Mr. Shore:

Thank you for your email of September 19, 2006 acknowledging that the copy of the Guam complaint you provided during our meeting in Tokyo last week was a courtesy copy. We appreciate your confirmation on this point. Meanwhile, we have forwarded your e-mail to our counsel for consideration of the additional
subjects discussed in your letter.

Sincerely,

Shigeru Kitano
FUJITSU LIMITED

- <vickytseng@ntc.com.tw>
- FW: Fujitsu v. Nanya
- Tue, 19 Sep 2006 12:19:44 +0800

>
>
>
> Dear Kitano-san,
>
>
>
> I found your e-mail address did not show correctly in Mr. Michael Shore's e-mail below, so I forward his e-mail to you again to ensure you will receive his message. Tks!
>
>
>
> Best regards,
>
>
>
> Vicky Tseng
>
> Deputy Director
> Legal and IP Division
> Nanya Technology Corporation
> TEL: 886-3-328-1688 #1990
> FAX: 886-3-396-2226
>
> 七国れ苦ン瑚惟・・・・M・・T⑬そ乙え瑛T維横~・悟・⑰顎ラ~い縁だ居‖侃途・銃雌姉退怒⊖・ヌ・A・ノ|
>
> This e-mail information is the exclusive property of Nanya Technology Corp. It shall not be distributed, disclosed and reproduced in whole or in part without prior written permission of Nanya Technology Corp.
>
> _____
>
> From: Michael Shore [mailto:mshore@ShoreChan.com]
> Sent: Tuesday, September 19, 2006 10:50 AM
> To: kitano@lip.fujitsu.jp
> Cc: Vicky Tseng (歓咽結-・鞍の桓綏維横蚧)
> Subject: Fujitsu v. Nanya
>

1

```
> 
> 
> Dear Kitano-san:
> 
> 
> 
> Please see attached note.
> 
> 
> 
> Michael W. Shore
> 
> 
```

---
===================================================================
This message and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this message (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this message and any attachments thereto.
Thank you very much.
===================================================================
Shigeru KITANO, Industry Relations Division, FUJITSU LIMITED 1-1, Kamikodanaka 4-chome, Nakahara-ku, Kawasaki 211-8588, Japan
http://www.fujitsu.com/global/worldwide/japan/about_Kawasaki_Research.html
TEL: +81-44-754-3042, FAX: +81-44-754-8505
E-mail:  kitano@lip.fujitsu.com
===================================================================

# EXHIBIT 4



Alfonso Garcia Chan
325 North Saint Paul Street
Suite 4450
Dallas, Texas 75201
214.593.9120 Direct Dial
214.593.9111 Facsimile
achan@shorechan.com

October 16, 2006

**VIA EXPRESS MAIL**
Chistopher E. Chalsen
Milbank Tweed Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005

Subject:   Nanya Technology Corp. v. Fujitsu Ltd. and Fujitsu Microelectronics America, Inc., No. 06-25 (D. Guam Sept. 13, 2006).

Dear Mr. Chalsen:

Based on your October 11, 2006 letter, it is my understanding that you represent Fujitsu Ltd. in this action. If my understanding is in any way incorrect or incomplete, please advise.

Enclosed herewith are waiver of service forms consistent with Federal Rule of Civil Procedure 4(d). Please inform us whether your clients will waive service, whether you will accept service on your clients' behalf, or whether we will be forced to effect formal service of process.

Also enclosed herewith is the Scheduling Notice recently issued by the Court on October 12, 2006. In a nutshell, a proposed Scheduling Order and proposed Discovery Plan are due on or before November 27, 2006, and a Scheduling Conference is set for December 12, 2006, at 10:00 am in the Third Floor Chambers. I assume you are participating in the upcoming October 25, 2006 meeting in Tokyo. Please inform me whether you can participate in a scheduling conference at the October 25, 2006 meeting or whether another date is more desirable.

Sincerely,

*[signature]*

Alfonso Garcia Chan

Enclosures

cc:   Judge John S. Unpingco
      Joseph C. Razzano
      Michael W. Shore
      Kenneth E. Shore
      (All Without Enclosures)

DISTRICT COURT OF GUAM
TERRITORY OF GUAM

## WAIVER OF SERVICE OF SUMMONS

RE:   Caption of Action:   *Nanya Technology Corp. v. Fujitsu Limited et al.*
      Case Number:         **06-25**

TO:                        **Fujitsu Limited**
                           (Name of Plaintiff's Attorney or Unrepresented Plaintiff)

    I acknowledge receipt of your request that I waive service of a summons in the action stated above, which was filed in the United States District Court for the District of Guam. I have also received a copy of the complaint in the action, two copies of this Instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after the date the request was sent, which was October 16, 2006, or within 90 days after that date if the request was sent outside the United States.

_____        _____
Date                            Signature

                                _____
                                Printed/Typed Name

                                _____
                                For Defendant

**Duty to Avoid Unnecessary Costs of Service of Summons**

    Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving costs of service of the summons and complaint. A defendant located in the United States who after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.
    It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the Court or to the place where the action has been brought.
    A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

## WAIVER OF SERVICE OF SUMMONS

RE:   Caption of Action:   *Nanya Technology Corp. v. Fujitsu Limited et al.*
      Case Number:         06-25

TO:   **Fujitsu Microelectronics America, Inc.**
      (Name of Plaintiff's Attorney or Unrepresented Plaintiff)

I acknowledge receipt of your request that I waive service of a summons in the action stated above, which was filed in the United States District Court for the District of Guam. I have also received a copy of the complaint in the action, two copies of this Instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after the date the request was sent, which was October 16, 2006, or within 90 days after that date if the request was sent outside the United States.

_____        _____
Date                           Signature

                               _____
                               Printed/Typed Name

                               _____
                               For Defendant

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving costs of service of the summons and complaint. A defendant located in the United States who after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the Court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| Nanya Technology Corp., | Civil Case No. 1:06-cv-00025 |
| Plaintiff, | |
| vs. | SCHEDULING NOTICE |
| Fujitsu Limited, et al., | |
| Defendants. | |

Joseph C. Razzano
Suite 2A, 130 Aspinall Avenue
Hagatna, GU 96910

John S. Unpingco
Suite 12B, Sinajana Mall
Sinajana, GU 96910

---

The Local Rules establish procedures for complying with Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure. Counsel should study the Local Rules before attempting to process cases in this Court.

Pursuant to Local Rules 16.1 and 16.2, it is hereby ORDERED that:

1. Counsel of record and all pro se litigants that have appeared in the case must meet and confer, within fifteen (15) days after receipt of this Notice, but no later than sixty (60) days after the filing of the complaint, prior to commencing discovery.

2. A proposed Scheduling Order and a proposed Discovery Plan shall be lodged on or before 11/27/2006. Careful and immediate attention should be given to the directions in Local Rules 16.1 and 16.2 to ensure complete and timely compliance with Federal Rules 16(b) and 26(f), and the Local Rules.

3. Counsel for the plaintiff, or if the plaintiff is pro se, then the pro se plaintiff, must take the lead in the preparation of the Scheduling Order. If a defendant is not contacted by a pro se plaintiff within the required time frame, the defendant's counsel shall contact the

pro se plaintiff and arrange a meeting to comply with this Rule in the appropriate time frame. The failure of a party or its counsel to participate in good faith in the framing of a Scheduling Order may result in the imposition of sanctions.

4. Counsel of record and all pro se litigants that have appeared in the case are jointly responsible for submitting a Proposed Discovery Plan to the Court.

5. A Scheduling Conference shall be held on **Tuesday, December 12, 2006 at 10:00 AM in the 3rd Floor Chambers.**

6. Counsel are reminded that:
   a) The filing of motions does not postpone discovery.
   b) Local Rule 37.1 governs discovery disputes and motions.
   c) The number and form of interrogatories are governed by Local Rule 33.1.
   d) Discovery documents and certificates of service shall not be filed with the Clerk until there is a proceeding in which the document or proof of service is in issue.

Dated:   October 12, 2006

/s/ Mary L.M. Moran
Clerk of Court