# EXHIBIT A

# EXHIBIT A
# Intentionally Omitted

# EXHIBIT B

1  MILBANK, TWEED, HADLEY & McCLOY LLP
   Gregory Evans (State Bar No. 147623)
2  601 South Figueroa Street, 30th Floor.
   Los Angeles, California 90017
3  Telephone: (213) 892-4000
   Facsimile: (213) 629-5063
4  gevans@milbank.com

5  MILBANK, TWEED, HADLEY & McCLOY LLP
   Christopher E. Chalsen (*Pro Hac Vice to be filed*)
6  Michael M. Murray (*Pro Hac Vice to be filed*)
   Lawrence T. Kass (*Pro Hac Vice to be filed*)
7  Milbank, Tweed, Hadley & McCloy LLP
   1 Chase Manhattan Plaza
8  New York, NY 10005
   Telephone: (212) 530-5000
9  Facsimile: (212) 530-5219
   cchalsen@milbank.com
10 mmurray@milbank.com
   lkass@milbank.com
11 Attorneys for Plaintiffs,
   FUJITSU LIMITED and
12 FUJITSU MICROELECTRONICS AMERICA, INC.

13            **UNITED STATES DISTRICT COURT**

14           **NORTHERN DISTRICT OF CALIFORNIA**

15                    **SAN JOSE DIVISION**

16                 C06      06613  EDL

17 FUJITSU LIMITED, a Japanese         CASE NO. CV-06-_____
   corporation, and FUJITSU
18 MICROELECTRONICS AMERICA,           **COMPLAINT FOR PATENT**
   INC., a California corporation,     **INFRINGEMENT AND**
19                                     **DECLARATORY JUDGMENT**
                 Plaintiffs,
20          v.                         **DEMAND FOR JURY TRIAL**

   NANYA TECHNOLOGY CORP., a
21 Taiwanese corporation, and NANYA
   TECHNOLOGY CORP. U.S.A., a
22 California corporation,

23               Defendants.

24

25

26

27

28

                                              **COMPLAINT**

1  Plaintiff Fujitsu Limited ("Fujitsu") and Fujitsu Microelectronics

2  America, Inc. ("Fujitsu America") (collectively, "Plaintiffs"), for their complaint

3  against Defendants Nanya Technology Corp. ("Nanya") and  Nanya Technology

4  Corp. U.S.A. ("Nanya USA") (collectively, "Defendants"), aver as follows:

5  **THE PARTIES**

6  1.  Fujitsu is a corporation organized and existing under the laws

7  of Japan.  Fujitsu is a leading researcher, designer, manufacturer, and provider of

8  information technology and communications products and services.  As a result of

9  its innovation, Fujitsu has been awarded various patents relating to computer

10  memory products such as double-data-rate synchronous dynamic random access

11  memory (DDR SDRAM) chips.

12  2.  Fujitsu America is a wholly owned subsidiary of Fujitsu, and is

13  a California corporation with headquarters and principal place of business at 1250

14  E. Arques Avenue, M/S 333, Sunnyvale, California 94088-3470.

15  3.  Defendant Nanya is a corporation organized and existing under

16  the laws of Taiwan, having its principal place of business at Hwa-Ya Technology

17  Park 669, Fu Hsing 3rd Rd., Kueishan, Taoyuan, Taiwan, Republic of China.

18  Upon information and belief, Nanya manufactures products, including the memory

19  chips accused of infringement in this Complaint, for sale and importation into the

20  United States directly through its own actions and indirectly by Defendant Nanya

21  USA.

22  4.  Defendant Nanya USA is a corporation organized and existing

23  under the laws of the State of California, having its principal place of business at

24  675 East Brokaw Road, San Jose, CA 95112.  Upon information and belief, Nanya

25  USA is a wholly-owned subsidiary of Defendant Nanya, and has sold or sells

26  products manufactured by Nanya or Nanya USA, including the memory chips

27  accused of infringement in this Complaint, to customers in the State of California

28  and elsewhere in the United States.  Upon further information and belief, the

1  **COMPLAINT**

1   accused memory chips are incorporated by customers of Nanya or Nanya USA,

2   who are manufacturers of computers and other electronic devices, into computers

3   and other electronic devices sold in the State of California, including customers

4   located in this judicial district.

5                                   **JURISDICTION**

6            5.     This is an action arising under the Patent Laws of the United

7   States, Title 35 of the United States Code and the Declaratory Relief Act. This

8   Court has subject matter jurisdiction over this action under 28 U.S.C. § 1338(a),

9   which confers jurisdiction over cases of patent infringement, 28 U.S.C. § 1331,

10  which confers federal question jurisdiction and 28 U.S.C. § 2201(a), which confers

11  jurisdiction over declaratory judgment actions.

12           6.     This Court has general personal jurisdiction over Nanya USA

13  because Nanya USA is incorporated under the laws of the State of California and

14  has its principal place of business in San Jose, California.

15           7.     This Court has personal jurisdiction over Nanya and Nanya

16  USA under California Code of Civil Procedure § 410.10, *inter alia*, on the basis

17  that upon information and belief, Nanya and Nanya USA have sold, and continue

18  to sell infringing memory chips to manufacturers of computers and other electronic

19  devices in this District and elsewhere in the United States, who in turn have sold

20  and continue to sell computers and other electronic devices containing the

21  infringing memory chips to customers in this District and elsewhere in the United

22  States. Upon further information and belief, Nanya, as 100% owner of Nanya

23  USA, has been directing Nanya USA's sales activities. Upon information and

24  belief, Nanya also knew that said manufacturers of computers and other electronic

25  devices reside in this District and elsewhere in the United States, and would sell

26  devices containing the infringing memory chips to customers in this District and

27  elsewhere in the United States, and Nanya derived and continues to derive

28  substantial revenue therefrom.

                            2                              **COMPLAINT**

## VENUE

8.   Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

## INTRADISTRICT ASSIGNMENT

9.   Pursuant to Civil L.R. 3-2(c) and (e), the San Jose Division is the proper division to be assigned this action, based on Nanya USA's residence in Santa Clara County as well as Nanya and Nanya USA's infringing activities in Santa Clara County.

## FUJITSU'S PATENTS

10.   Fujitsu is the assignee and owner of the following United States patents ("Fujitsu's Patents"):

   a. U.S. Patent No. 4,801,989 ("the '989 patent", Exh. A hereto), entitled "Dynamic Random Access Memory Having Trench Capacitor With Polysilicon Lined Lower Electrode," which was duly and legally issued on January 31, 1989 to Masao Taguchi;

   b. U.S. Patent No. 6,104,486 ("the '486 patent", Exh. B hereto), entitled "Fabrication Process of a Semiconductor Device Using Ellipsometry," which was duly and legally issued on August 15, 2000 to Hiroshi Arimoto.

   c. U.S. Patent No. 6,292,428 B1 ("the '428 patent", Exh. C hereto), entitled "Semiconductor Device Reconciling Different Timing Signals," which was duly and legally issued on September 18, 2001 to Hiroshi Tomita and Tatsuya Kanda.

   d. U.S. Patent No. 6,320,819 B2 ("the '819 patent", Exh. D hereto), entitled "Semiconductor Device Reconciling Different Timing Signals," which was duly and legally issued on November 20, 2001 to Hiroshi Tomita and Tatsuya Kanda.

3                                   **COMPLAINT**

## NANYA'S PATENTS

11. In a complaint filed by Nanya against Plaintiffs in Guam on September 13, 2006 (but not yet served), Civil Case No. 06-00025 ("the Guam Complaint"), Nanya purported to be the owner of all rights, title, and interest in and under the following United States patents ("Nanya's Patents"):

    a. U.S. Patent No. 6,790,765 ("the '765 patent", Exh. E hereto), titled "Method For Forming Contact";

    b. U.S. Patent No. 6,225,187 ("the '187 patent", Exh. F hereto), entitled "Method For STI-Top Rounding Control";

    c. U.S. Patent No. 6,426,271 ("the '271 patent", Exh. G hereto), entitled "Method Of Rounding The Corner Of A Shallow Trench Isolation Region."

12. The Guam Complaint asserts Nanya's Patents against Plaintiffs.

13. By virtue of Nanya's actions, Plaintiffs reasonably believe that Nanya imminently intends to pursue against them an infringement action involving Nanya's Patents.

14. Plaintiffs deny that they infringe any valid claim of any of the Nanya Patents.

15. An actual and justiciable controversy exists between Nanya and Plaintiffs concerning whether Plaintiffs infringe any valid claim of the Nanya Patents. Plaintiffs now seek a declaratory judgment that they do not infringe any valid claim of the Nanya Patents, and that the claims of the Nanya Patents are invalid.

### FIRST CLAIM FOR RELIEF
### (Infringement of the '989 Patent)

16. Plaintiffs re-allege and incorporate by reference herein each of the averments set forth in paragraphs 1-10 of this Complaint.

4

COMPLAINT

17. Nanya and Nanya USA have been and still are infringing one or more claims of the '989 patent by making, using, offering for sale, selling and/or importing into the United States memory chips and by causing use, offer for sale and sale of computers and other electronic devices containing memory chips. Infringing memory chips made, used, sold, offered for sale or imported by Nanya and Nanya USA include at least Nanya's 256M DDR SDRAM (e.g., part no. NT5D64M4AT). On information and belief, there are additional infringing memory chips.

18. Nanya and Nanya USA's actions constitute infringement, active inducement of infringement, and/or contributory infringement of the '989 patent in violation of 35 U.S.C. § 271.

19. Fujitsu has sustained damages and will continue to sustain damages as a result of the aforesaid acts of infringement.

20. Nanya and Nanya USA's continued infringement of the '989 patent has caused and will continue to cause Fujitsu irreparable harm unless enjoined by the Court.

21. On information and belief, Nanya and Nanya USA's infringements of the '989 patent have been willful.

## SECOND CLAIM FOR RELIEF
### (Infringement of the '486 Patent)

22. Plaintiffs re-allege and incorporate by reference herein each of the averments set forth in paragraphs 1-10 of this Complaint.

23. Nanya and Nanya USA have been and still are infringing one or more claims of the '486 patent by making, using, offering for sale, selling and/or importing into the United States memory chips and by causing use, offer for sale and sale of computers and other electronic devices containing memory chips. Upon information and belief, infringing memory chips made, used, sold, offered for sale or imported by Nanya and Nanya USA include at least the following:

5

COMPLAINT

512M DDR SDRAM; 512M DDR2 SDRAM; 256M DDR2 SDRAM; 1G DDR2
SDRAM; and SDRAM memory module products equipped with one or more of
the 512M DDR SDRAM; 512M DDR2 SDRAM; 256M DDR2 SDRAM; and 1G
DDR2 SDRAM .

24.    Nanya and Nanya USA's actions constitute infringement, active
inducement of infringement, and/or contributory infringement of the '486 patent in
violation of 35 U.S.C. § 271.

25.    Fujitsu has sustained damages and will continue to sustain
damages as a result of the aforesaid acts of infringement.

26.    Nanya and Nanya USA's continued infringement of the '486
patent has caused and will continue to cause Fujitsu irreparable harm unless
enjoined by the Court.

27.    On information and belief, Nanya and Nanya USA's
infringements of the '486 patent have been willful.

**THIRD CLAIM FOR RELIEF**

**(Infringement of the '428 Patent)**

28.    Plaintiffs re-allege and incorporate by reference herein each of
the averments set forth in paragraphs 1-10 of this Complaint.

29.    Nanya and Nanya USA have been and still are infringing one or
more claims of the '428 patent by making, using, offering for sale, selling and/or
importing into the United States memory chips and causing use, offer for sale and
sale of computers and other electronic devices containing memory chips.
Infringing memory chips made, used, sold, offered for sale or imported by Nanya
and Nanya USA include at least the 256M DDR SDRAM (e.g., part no.
NT5D64M4AT). On information and belief, Defendants' additional infringing
memory chips include at least the following: 128M DDR SDRAM; 512M DDR
SDRAM; 512M DDR2 SDRAM; 1G DDR2 SDRAM; 128M DDR SDRAM
Graphic (Elixir); 512M DDR SDRAM Graphic (Elixir); 256M DDR2 SDRAM

6                                **COMPLAINT**

Graphic (Elixir); 512M DDR2 SDRAM Graphic (Elixir); 512M DDR UDIMM; 1G DDR UDIMM; 512M DDR SODIMM; 1G DDR SODIMM; 512M DDR RDIMM; 1G DDR RDIMM; 2G DDR RDIMM; 256M DDR2 UDIMM; 512M DDR2 UDIMM; 1G DDR2 UDIMM; 2G DDR2 UDIMM; 256M DDR2 SODIMM; 512M DDR2 SODIMM; 1G DDR2 SODIMM; 512M DDR2 RDIMM; 1G DDR2 RDIMM; 2G DDR2 RDIMM; 512M DDR2 FBDIMM; 1G DDR2 FBDIMM; 2G DDR2 FBDIMM; 512M DDR SDRAM SODIMM (Elixir); 128M DDR SDRAM Unbuffered DIMM (Elixir); 512M DDR SDRAM Unbuffered DIMM (Elixir); 1G DDR SDRAM Unbuffered DIMM (Elixir); 256M DDR2 SDRAM SO DIMM (Elixir); 512M DDR2 SDRAM SO DIMM (Elixir); 1G DDR2 SDRAM SO DIMM (Elixir); 256M DDR2 SDRAM Unbuffered DIMM (Elixir); 512M DDR2 SDRAM Unbuffered DIMM (Elixir); 1G DDR2 SDRAM Unbuffered DIMM (Elixir); 512M DDR SDRAM SO DIMM (Super Elixir); 1G DDR SDRAM SO DIMM (Super Elixir); 128M DDR SDRAM Unbuffered DIMM (Super Elixir); 512M DDR SDRAM Unbuffered DIMM (Super Elixir); 1G DDR SDRAM Unbuffered DIMM (Super Elixir); 256M DDR2 SDRAM SO DIMM (Super Elixir); 512M DDR2 SDRAM SO DIMM (Super Elixir); 1G DDR2 SDRAM SO DIMM (Super Elixir); 256M DDR2 SDRAM Unbuffered DIMM (Super Elixir); 512M DDR2 SDRAM Unbuffered DIMM (Super Elixir); and 1G DDR2 SDRAM Unbuffered DIMM (Super Elixir).

30.     Nanya and Nanya USA's actions constitute infringement, active inducement of infringement, and/or contributory infringement of the '428 patent in violation of 35 U.S.C. § 271.

31.     Fujitsu has sustained damages and will continue to sustain damages as a result of the aforesaid acts of infringement.

32.     Nanya and Nanya USA's continued infringement of the '428 patent has caused and will continue to cause Fujitsu irreparable harm unless enjoined by the Court.

7

**COMPLAINT**

33.   On information and belief, Nanya and Nanya USA's infringements of the '428 patent have been willful.

### FOURTH CLAIM FOR RELIEF

### (Infringement of the '819 Patent)

34.   Plaintiffs re-allege and incorporate by reference herein each of the averments set forth in paragraphs 1-10 of this Complaint.

35.   Nanya and Nanya USA have been and still are infringing one or more claims of the '819 patent by making, using, offering for sale, selling and/or importing into the United States memory chips and causing use, offer for sale and sale of computers and other electronic devices containing memory chips. Infringing memory chips made, used, sold, offered for sale or imported by Nanya and Nanya USA include at least the 256M DDR SDRAM (e.g., part no. NT5D64M4AT). On information and belief, Defendants' additional infringing memory chips include at least the following: 128M DDR SDRAM; 512M DDR SDRAM; 512M DDR2 SDRAM; 1G DDR2 SDRAM; 128M DDR SDRAM Graphic (Elixir); 512M DDR SDRAM Graphic (Elixir); 256M DDR2 SDRAM Graphic (Elixir); 512M DDR2 SDRAM Graphic (Elixir); 512M DDR UDIMM; 1G DDR UDIMM; 512M DDR SODIMM; 1G DDR SODIMM; 512M DDR RDIMM; 1G DDR RDIMM; 2G DDR RDIMM; 256M DDR2 UDIMM; 512M DDR2 UDIMM; 1G DDR2 UDIMM; 2G DDR2 UDIMM; 256M DDR2 SODIMM; 512M DDR2 SODIMM; 1G DDR2 SODIMM; 512M DDR2 RDIMM; 1G DDR2 RDIMM; 2G DDR2 RDIMM; 512M DDR2 FBDIMM; 1G DDR2 FBDIMM; 2G DDR2 FBDIMM; 512M DDR SDRAM SODIMM (Elixir); 128M DDR SDRAM Unbuffered DIMM (Elixir); 512M DDR SDRAM Unbuffered DIMM (Elixir); 1G DDR SDRAM Unbuffered DIMM (Elixir); 256M DDR2 SDRAM SO DIMM (Elixir); 512M DDR2 SDRAM SO DIMM (Elixir); 1G DDR2 SDRAM SO DIMM (Elixir); 256M DDR2 SDRAM Unbuffered DIMM (Elixir); 512M DDR2 SDRAM Unbuffered DIMM (Elixir); 1G DDR2 SDRAM

8

COMPLAINT

Unbuffered DIMM (Elixir); 512M DDR SDRAM SO DIMM (Super Elixir); 1G

DDR SDRAM SO DIMM (Super Elixir); 128M DDR SDRAM Unbuffered DIMM

(Super Elixir); 512M DDR SDRAM Unbuffered DIMM (Super Elixir); 1G DDR

SDRAM Unbuffered DIMM (Super Elixir); 256M DDR2 SDRAM SO DIMM

(Super Elixir); 512M DDR2 SDRAM SO DIMM (Super Elixir); 1G DDR2

SDRAM SO DIMM (Super Elixir); 256M DDR2 SDRAM Unbuffered DIMM

(Super Elixir); 512M DDR2 SDRAM Unbuffered DIMM (Super Elixir); and 1G

DDR2 SDRAM Unbuffered DIMM (Super Elixir).

36.     Nanya and Nanya USA's actions constitute infringement, active inducement of infringement, and/or contributory infringement of the '819 patent in violation of 35 U.S.C. § 271.

37.     Fujitsu has sustained damages and will continue to sustain damages as a result of the aforesaid acts of infringement.

38.     Nanya and Nanya USA's continued infringement of the '819 patent has caused and will continue to cause Fujitsu irreparable harm unless enjoined by the Court.

39.     On information and belief, Nanya and Nanya USA's infringements of the '819 patent have been willful.

### FIFTH CLAIM FOR RELIEF

**(Declaratory Judgment of Noninfringement regarding the '765 Patent)**

40.     Plaintiffs re-allege and incorporate by reference herein each of the averments set forth in paragraphs 1-15 of this Complaint.

41.     Plaintiffs are not directly infringing, contributorily infringing, or actively inducing others to infringe any valid claim of the '765 patent as properly construed.

**COMPLAINT**

## SIXTH CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity regarding the '765 Patent)

42. Plaintiffs re-allege and incorporate by reference herein each of the averments set forth in paragraphs 1-15 of this Complaint.

43. The '765 patent is invalid for failing to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including but not limited to sections 102, 103, and/or 112.

## SEVENTH CLAIM FOR RELIEF

### (Declaratory Judgment of Noninfringement regarding the '187 patent)

44. Plaintiffs re-allege and incorporate by reference herein each of the averments set forth in paragraphs 1-15 of this Complaint.

45. Plaintiffs are not directly infringing, contributorily infringing, or actively inducing others to infringe any valid claim of the '187 patent as properly construed.

## EIGHTH CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity regarding the '187 patent)

46. Plaintiffs re-allege and incorporate by reference herein each of the averments set forth in paragraphs 1-15 of this Complaint.

47. The '187 patent is invalid for failing to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including but not limited to sections 102, 103, and/or 112.

## NINTH CLAIM FOR RELIEF

### (Declaratory Judgment of Noninfringement regarding the '271 patent)

48. Plaintiffs re-allege and incorporate by reference herein each of the averments set forth in paragraphs 1-15 of this Complaint.

49. Plaintiffs are not directly infringing, contributorily infringing, or actively inducing others to infringe any valid claim of the '271 patent as properly construed.

COMPLAINT

# TENTH CLAIM FOR RELIEF

## (Declaratory Judgment of Invalidity regarding the '271 patent)

50.    Plaintiffs re-allege and incorporate by reference herein each of the averments set forth in paragraphs 1-15 of this Complaint.

51.    The '271 patent is invalid for failing to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including but not limited to sections 102, 103, and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays that this Court enter judgment in its favor and against Defendants and grant the following relief:

A.    A preliminary and permanent injunction preventing further infringement, contributory infringement and inducement of infringement of Fujitsu's Patents;

B.    An accounting to determine damages for infringement;

C.    An award of damages for infringement;

D.    An assessment and award of interest, including pre-judgment interest, on the damages determined;

E.    A trebling of those damages pursuant to 35 U.S.C. § 284;

F.    A declaration that Plaintiffs do not infringe any valid claim of any of the Nanya Patents.

G.    A declaration that the claims of the Nanya Patents asserted against Plaintiffs are invalid.

H.    A finding that this is an exceptional case and an award of Plaintiffs' costs and attorney fees; and

I.    Such other and further relief as this Court deems just and proper.

11                                   **COMPLAINT**

# DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury as to all claims and all issues properly triable thereby.

Respectfully submitted,

Dated: October 23, 2006

By: _____

Milbank, Tweed, Hadley & McCloy LLP
Gregory Evans (State Bar No. 147623)
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone: (213) 892-4000
Facsimile: (213) 629-5063

Milbank, Tweed, Hadley & McCloy LLP
Christopher E. Chalsen
Michael M. Murray
Lawrence T. Kass
Frank A. Bruno
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

Attorneys for Plaintiffs
FUJITSU LIMITED and
FUJITSU MICROELECTRONICS
AMERICA, INC.

LA1:#6334633

12

COMPLAINT

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**

FUJITSU LIMITED, a Japanese Corporation, and FUJITSU MICROELECTRONICS AMERICA, INC., a California Corporation

*E-FILING*

*ADR*

**DEFENDANTS**

NANYA TECHNOLOGY CORP., a Taiwanese Corporation, and NANYA TECHNOLOGY CORP. U.S.A., a California Corporation

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

Japan

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Gregory Evans, Milbank, Tweed, Hadley & McCloy LLP, 601 South Figueroa St., Los Angeles, CA 90017 (213) 892-4000

ATTORNEYS (IF KNOWN)

**C06 06613 EDL**

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ Original Proceeding
☐ Removed from State Court
☐ Remanded from Appellate Court
☐ Reinstated or Reopened
☐ Transferred from Another district (specify)
☐ Multidistrict Litigation
☐ Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| | **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence Habeas Corpus | ☐ 870 Taxes (US Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 535 Death Penalty | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/ disab - Empl | ☐ 550 Civil Rights | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/ disab - Other | ☐ 555 Prison Condition | | |
| | ☐ 440 Consumer Credit | | | |
| | ☐ 490 Cable/Satellite TV | | | |

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. Sec. 1331 (Federal Question); 28 U.S.C. Sec. 1338(a) (Patent Infringement); 28 U.S.C. Sec. 2201(a) (Declaratory Judgment), Action for Patent Infringement; and Declaratory Judgment of Non-Infringement of Patents and/or Invalidity of Patents

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $_____ CHECK YES only if demanded in complaint:    JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**    PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)    ☐ SAN FRANCISCO/OAKLAND    ☒ SAN JOSE

DATE October 23, 2006    SIGNATURE OF ATTORNEY OF RECORD    *Gregory Evans*

# United States District Court
## NORTHERN DISTRICT OF CALIFORNIA



FUJITSU LIMITED, and FUJITSU
MICROELECTRONICS AMERICA, INC.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

v.

## C06 06613 EDL

NANYA TECHNOLOGY CORP., and NANYA
TECHNOLOGY CORP. U.S.A.

TO: (Name and address of defendant)

NANYA TECHNOLOGY CORP. U.S.A.
675 East Brokaw Road
San Jose, CA 95112

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Christopher E. Chalsen, Esq.
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10017
(212) 530-5219 (facsimile)

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, Judgement by default will be taken against you for the relief demanded in
the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking
CLERK

OCT 2 4 2006
DATE

(BY) DEPUTY CLERK

# United States District Court **ADR**

## NORTHERN DISTRICT OF CALIFORNIA

FUJITSU LIMITED, and FUJITSU
MICROELECTRONICS AMERICA, INC.

**SUMMONS IN A CIVIL CASE**

**CASE NUMBER:**

V.

NANYA TECHNOLOGY CORP., and NANYA
TECHNOLOGY CORP. U.S.A.

# C06 06613

**EDL**

TO: (Name and address of defendant)

NANYA TECHNOLOGY CORP.
Hwa-Ya Technology Part 669
Fu Hsing 3rd Rd.
Kueishan, Taoyuan
Taiwan, Republic of China

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Christopher E. Chalsen, Esq.
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10017
(212) 530-5219 (facsimile)

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in
the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking
CLERK

**OCT 2 4 2006**

DATE

(BY) DEPUTY CLERK

# EXHIBIT C



US006790765B1

(12) **United States Patent** (10) Patent No.: **US 6,790,765 B1**

Huang et al. (45) Date of Patent: **Sep. 14, 2004**

(54) **METHOD FOR FORMING CONTACT**

(75) Inventors: **Tse-Yao Huang**, Taipei (TW); **Yi-Nan Chen**, Taipei (TW); **Hui-Min Mao**, Taipei (TW)

(73) Assignee: **Nanya Technology Corporation**, Taoyuan (TW)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **10/720,275**

(22) Filed: **Nov. 25, 2003**

(51) Int. Cl.$^7$ .......................................... H01L 21/4763

(52) U.S. Cl. ........................ **438/622**; 438/258; 438/637

(58) Field of Search ................................. 438/622, 257, 438/258, 637, 638, 639, 620, 621

(56) **References Cited**

U.S. PATENT DOCUMENTS

5,019,527 A * 5/1991 Ohshima et al. ............ 438/257

| | | | | |
|---|---|---|---|---|
| 5,966,602 A | * | 10/1999 | Kawazu et al. | 438/258 |
| 6,271,087 B1 | * | 8/2001 | Kinoshita et al. | 438/258 |
| 6,348,379 B1 | * | 2/2002 | Wang et al. | 438/257 |
| 2003/0211717 A1 | * | 11/2003 | Seo et al. | 438/586 |

* cited by examiner

*Primary Examiner*—Tuan H. Nguyen

(74) *Attorney, Agent, or Firm*—Birch, Stewart, Kolasch & Birch, LLP

(57) **ABSTRACT**

A method for forming contacts on a semiconductor device is provided. The method includes steps of forming an opening on a gate contact area, depositing a dielectric layer on a bit-line contact area and the opening, coating a photoresist to etch the dielectric layer, removing the photoresist and finally forming a conductive layer on a bit-line contact opening and a gate contact opening.

**14 Claims, 9 Drawing Sheets**







Fig.1A(prior art)



Fig.1B(prior art)



Fig.2A(prior art)



Fig.2B(prior art)



Fig.3A(prior art)



Fig.3B(prior art)

Case 1:06-cv-00603-GMS Document 244 Filed 10/12/2007 Page 25 of 30



Fig.4A



Fig.4B



Fig.5A



Fig.5B

100



| 108 |
| 106 |
| 104 |

| 108 |
| 106 |
| 104 |

112   110        102

Fig.6A

200

210



| 208 | | 208 |

106

204

102

Fig.6B



Fig.7A



Fig.7B



Fig.8A



Fig.8B



Fig.9A



Fig.9B