RODNEY J. JACOB, ESQ.
DANIEL M. BENJAMIN, ESQ.
CALVO & CLARK, LLP
Attorneys at Law
655 South Marine Drive, Suite 202
Tamuning, Guam 96913
Telephone:  (671) 646-9355
Facsimile:  (671) 646-9403

Attorneys for Defendant
FUJITSU LIMITED

**FILED**
DISTRICT COURT OF GUAM
NOV 20 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP., <br><br> Plaintiff, <br><br> -v- <br><br> FUJITSU LIMITED, FUJITSU MICROELECTRONICS AMERICA, INC., <br><br> Defendants. | CIVIL CASE NO. 06-CV-00025 <br><br> **FUJITSU LIMITED'S OBJECTIONS TO THE MAGISTRATE'S ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE OF PROCESS ON FUJITSU LIMITED** <br> (with supporting Memorandum and Declarations) <br><br> ORAL ARGUMENT REQUESTED |

{G0017149.DOC;2}
CIVIL CASE NO. 06-CV-00025

**ORIGINAL**

Defendant Fujitsu Limited ("Fujitsu") hereby objects to the Magistrate's Order dated November 9, 2006, Granting Motion For Alternative Service of Process on Fujitsu Ltd. ("Order") on the following grounds:

1. The Magistrate's Order is based on serious misrepresentations and omissions by Plaintiff Nanya Technology Corp. ("Nanya"). For example, Nanya falsely alleged as the basis for its need to seek alternative service that Fujitsu had asked Nanya not to serve Nanya's Complaint for Declaratory Relief, Patent Infringement, and of Antitrust Violations ("Complaint"). Fujitsu made no such request as Nanya unilaterally decided not to serve Fujitsu. Fujitsu should not be prejudiced and deprived of its protections under international law because of Nanya's entirely unilateral decision to delay service.

2. The Magistrate's Order authorizes a form of service under Rule 4(f)(3), which requires a showing of urgency. Again, Nanya's *ex parte* application relies on misrepresentations and fabricates the alleged "urgency" where none exists. Nanya falsely alleges that Fujitsu tried to delay the Guam case while supposedly pursuing the N.D. Cal. case. In fact, Fujitsu has done nothing to accelerate the N.D. Cal. case ahead of the Guam case.

3. The form of alternate service requested in Nanya's *ex parte* motion violates Rule 4, the Hague convention, and Japanese law, and is therefore improper. Respectfully, the resulting order was improper as well.

In view of the above, Fujitsu hereby requests the Magistrate's Order be set aside and Nanya be required to proceed with any future service of the Complaint on Fujitsu in compliance with all applicable laws, including the Hague Convention.

These objections are not a responsive pleading to the Complaint and Fujitsu reserves its rights to address serious issues under Fed. R. Civ. P. 12 when responding to the Complaint. For

1

*CIVIL CASE NO. 06-CV-00025*

1  example, the service of any complaint in accordance with the Order would violate, *inter alia*, Fed.
2  R. Civ. P. 12(b)(4) and/or 12(b)(5).

3  Moreover, after the Order issued, Nanya purported to amend its complaint to add a new
4  plaintiff and new claims. Even if the Order was proper, Nanya never obtained permission to serve
5  such an amended complaint on Fujitsu under the Order, and the new plaintiff (Nanya's American
6  subsidiary) was not a party to the Order and thus lacks authorization to serve the new complaint
7  under the Order. Fujitsu reserves its rights to separately address and object to any effort by
8  Nanya and/or the new plaintiff to serve the new complaint on Fujitsu, including on the grounds
9  that such service was not authorized by the Order and is in violation of the Hague Convention and
10 Federal Rules of Civil Procedure.

11 These objections are based on the attached Memorandum of Law, the declarations of
12 Shigeru Kitano, Yuichi Sakoda, Takao Miura, Katsuya Irie, Shigeshi Tanaka, Christopher E.
13 Chalsen, and Michael M. Murray, the pleadings, and such further evidence and argument as the
14 Court may consider.

15 Respectfully submitted this 20th day of November, 2006

CALVO & CLARK, LLP
Attorneys at Law
Attorneys for Defendant
*Fujitsu Limited*

By: _____
Daniel M. Benjamin

2

*CIVIL CASE NO. 06-CV-00025*