FILED
DISTRICT COURT OF GUAM
NOV 20 2006
MARY L.M. MORAN
CLERK OF COURT

UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

NANYA TECHNOLOGY CORP.,

      Plaintiff,

      v.

FUJITSU LIMITED,
FUJITSU MICROELECTRONICS
AMERICA, INC.,

      Defendants.

CIVIL CASE NO. 06-CV-00025

DECLARATION OF MICHAEL M. MURRAY IN SUPPORT OF FUJITSU LIMITED'S OBJECTIONS TO THE MAGISTRATE'S ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE OF PROCESS ON FUJITSU LIMITED

I, Michael M. Murray, declare as follows:

1.    I make this declaration based upon my own personal knowledge and, if called as a witness, could and would competently testify thereto.

2.    I am a partner at Milbank, Tweed, Hadley & McCloy LLP, and counsel to the Defendants Fujitsu Limited ("Fujitsu") and Fujitsu Microelectronics America, Inc. ("FMA") (collectively "Defendants") in Civil Case No. 06-CV-00025.

3.    On October 31, 2006, I participated in a telephone conversation between Nanya's counsel, Mr. Michael Shore, and Christopher E. Chalsen, also a partner of our firm. During that conversation, we discussed a proposal by Nanya that Fujitsu waive service of process of the Summons and Complaint filed in this action in exchange for Nanya waiving service in connection with a complaint filed by Fujitsu in the Northern District of California. Mr. Shore proposed that Nanya be given a 120 day extension to respond to the N.D. Cal. Complaint and that both Fujitsu Limited and FMA would be given 90 day extensions to respond to the Guam

ORIGINAL

1  Complaint. At the end of our conversation, we agreed to discuss the waiver and extension
2  proposals with our respective clients. Mr. Shore asked for our response before November 10,
3  2006.

4    4.    I learned later that evening that, notwithstanding Mr. Shore's proposal for mutual
5  waiver of service, Nanya had already personally served FMA earlier that same day.

6    5.    On November 1, 2006, I had another telephone conference with Mr. Shore
7  concerning the inconsistency in his actions, *i.e.*, serving FMA while simultaneously offering an
8  extension in exchange for a waiver of service. Mr. Shore stated that he did not believe it was
9  inconsistent to negotiate a waiver of service at the same time that actual service was being
10 carried out. In fact, Mr. Shore stated that he had begun service against both Fujitsu and FMA
11 immediately after he was given a copy of the N.D. Cal. complaint on October 25, 2006. He
12 further stated that he was following the Hague Convention to serve Fujitsu Limited and that
13 service under the Hague Convention could be completed at any time.

14     I declare under penalty of perjury under the laws of the United States that the
15 foregoing is true and correct.

17 November 17, 2006.

18 By: *[signature]*
    Michael M. Murray