**FILED**
DISTRICT COURT OF GUAM
NOV 20 2006
MARY L.M. MORAN
CLERK OF COURT

UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

NANYA TECHNOLOGY CORP.,

    Plaintiff,

v.

FUJITSU LIMITED,
FUJITSU MICROELECTRONICS
AMERICA, INC.,

    Defendants.

CIVIL CASE NO. 06-CV-00025

DECLARATION OF CHRISTOPHER E. CHALSEN IN SUPPORT OF FUJITSU LIMITED'S OBJECTIONS TO THE MAGISTRATE'S ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE OF PROCESS ON FUJITSU LIMITED

I, Christopher E. Chalsen, declare as follows:

1. I make this declaration based upon my own personal knowledge and, if called as a witness, could and would competently testify thereto.

2. I am a partner at Milbank, Tweed, Hadley & McCloy LLP.

3. I have been representing Defendant Fujitsu Limited ("Fujitsu") in connection with patent license negotiations with Nanya Technology Corp. ("Nanya") and in connection with claims filed by Fujitsu and Fujitsu Microelectronics America, Inc. ("FMA") on October 23, 2006 in the U.S. District Court for the Northern District of California.

4. Nanya filed this action on September 13, 2006 and presented Fujitsu with a "courtesy copy" of the Complaint during a meeting in Japan on September 14, 2006. Upon reviewing the Complaint, it was apparent that Nanya had solicited certain information from Fujitsu during licensing discussions in Japan that was used to file the Complaint in this action. At Fujitsu's request, I sent a letter to Mr. Shore advising him that Fujitsu objected to the

ORIGINAL

improper use of settlement information and that they considered Nanya's tactics to be a violation of Nanya's confidentiality obligations to Fujitsu. (*See* Letter from C. Chalsen to M. Shore, October 11, 2006, Ex. A.)

5. On October 31, 2006, I participated in a telephone conversation with Nanya's counsel, Mr. Michael Shore. Michael Murray, also a partner of our firm, was with me on the phone. During that conversation, we discussed a proposal by Nanya that Fujitsu waive service of process of the Summons and Complaint filed in this action in exchange for Nanya waiving service in connection with a complaint filed by Fujitsu in the Northern District of California. Mr. Shore proposed that Nanya be given a 120 day extension to respond to the N.D. Cal. Complaint and that both Fujitsu Limited and FMA would be given 90 day extensions to respond to the Guam Complaint. At the end of our conversation, we agreed to discuss the waiver and extension proposals with our respective clients. Mr. Shore asked for our response before November 10, 2006.

6. I was therefore quite surprised to learn later that evening that, notwithstanding Mr. Shore's proposal for mutual waiver of service, Nanya had already personally served FMA earlier that same day. Attached as is a letter I sent to Mr. Shore confirming these events. (*See* Letter from C. Chalsen to M. Shore, November 2, 2006, Exh. B). I also informed him that Fujitsu and FMA were serving their complaints upon Nanya. (*Id.*) Fujitsu and FMA effectuated personal service upon Nanya Technology Corp. U.S.A. on November 1, 2006 and Nanya Technologies Corp. on November 3, 2006.

7. In his reply to my November 2, 2006 letter, Mr. Shore did not deny that notwithstanding our discussions, this service had been intentional. (*See* Letter from M. Shore to C. Chalsen, November 2, 2006, Exh. C). Instead, he suggested that there was nothing

1  inconsistent about his actions and that he was serving the complaint to allegedly maintain the
2  priority of the Guam action. (*Id.*). In that letter, Mr. Shore sought to pressure Fujitsu into
3  waiving service under the Hague Convention by threatening to file a motion for alternative
4  service under Fed. R. Civ. P. 4(f)(3). (*Id.*).

5      8.    On Tuesday, November 7, 2006 at 12:15 p.m. (New York time), Mr. Shore sent
6  me an email threatening to file a motion for alternative service under Fed. R. Civ. P. 4(f) the next
7  day in Guam. They did not present Carlsmith or Milbank with a copy of the written *ex parte*
8  motion.

9      9.    At around 9:45 p.m. New York time on November 8, 2006, Milbank received a
10 call from the Carlsmith firm informing us that they had just been advised by Nanya's local
11 counsel that Nanya was going to seek an *ex parte* order at 1:00 p.m. local time (15 minutes after
12 we received the call) unless we immediately agreed to waive service. Fujitsu declined to waive
13 service under those circumstances.

14     I declare under penalty of perjury under the laws of the United States that the
15 foregoing is true and correct.
16 November 18, 2006.

17     By: _____
    Christopher E. Chalsen

18
19 **Exhibits**
20 Ex. A  Letter from C. Chalsen to M. Shore, October 11, 2006.
21 Ex. B  Letter from C. Chalsen to M. Shore, November 2, 2006.
22 Ex. C  Letter from M. Shore to C. Chalsen, November 2, 2006.
23
24

# EXHIBIT A

## MILBANK, TWEED, HADLEY & McCLOY LLP

1 CHASE MANHATTAN PLAZA

NEW YORK, N.Y. 10005-1413

212-530-5000
FAX: 212-530-5219

CHRISTOPHER E. CHALSEN
PARTNER
DIRECT DIAL NUMBER
(212) 530-5380
DIRECT FACSIMILE
(212) 822-5380
E-MAIL: cchalsen@milbank.com

LOS ANGELES
213-892-4000
FAX: 213-629-5063

PALO ALTO
650-739-7000
FAX: 650-739-7100

WASHINGTON, D.C.
202-835-7500
FAX: 202-835-7586

LONDON
44-207-448-3000
FAX: 44-207-448-3029

MUNICH
49-89-25559-3600
FAX: 49-89-25559-3700

FRANKFURT
49-69-7593-7170
FAX: 49-69-7593-8303

TOKYO
813-3504-1050
FAX: 813-3595-2790

HONG KONG
852-2971-4888
FAX: 852-2840-0792

SINGAPORE
65-6428-2400
FAX: 65-6428-2500

October 11, 2006

**FOR SETTLEMENT PURPOSES ONLY – SUBJECT TO RULE 408**

**BY FACSIMILE (214-593-9111)**
**CONFIRMATION VIA FEDERAL EXPRESS**
Michael W. Shore, Esq.
Shore Chan Bragalone LLP
325 N. St. Paul Street
Suite 4450
Dallas, Texas 75201

Re: Fujitsu v. Nanya
Our Ref. 35068.02100

Dear Mr. Shore:

We are writing to you as counsel for Fujitsu Limited and are in receipt of your email letter of Sept. 19, 2006 addressed to Mr. Kitano. In the future, please address your communications regarding this matter to the undersigned.

Although Fujitsu appreciates your suggestion that the parties should work to reach an amicable settlement, Nanya's surprise filing of its complaint against Fujitsu in Guam in the middle of settlement discussions seems to contradict that approach. Moreover, by soliciting "settlement information" from Fujitsu during such discussions and then using that information in a publicly filed complaint, Nanya appears to have breached its express and implied confidentiality obligations to Fujitsu as well as misused the settlement procedures set up and supervised by the Tokyo District Court.

More particularly, the complaint Nanya filed against Fujitsu in Guam contains confidential Fujitsu settlement information relating to royalty rates, fees and selected patents that were disclosed to Nanya in confidence during the negotiations. Nanya and its attorneys had agreed in writing to keep such information confidential. (See the correspondence between Fujitsu and Nanya dated July 12, 2006.) This settlement information, which included Fujitsu trade secrets, thus should not have been disclosed to unspecified third parties through the filing of a complaint in federal court in the United States.

Michael W. Shore, Esq.
October 11, 2006
Page 2

As such, Fujitsu requests a detailed explanation describing Nanya's position on this breach, particularly in view of Fujitsu's sincere provision of this information in response to Nanya's letter dated August 10, in which Nanya claimed that the purpose of its request was "for advance preparation to make the meeting a meaningful one, which will solve global patent issues." We look forward to hearing your views on this point. Meanwhile, Fujitsu reserves its right to take action to redress these violations.

Reverting to your letter of September 19, we note that your letter makes a number of statements about U.S. patent law and litigation procedure that are simply incorrect.

For example, you assert that "Fujitsu must file any case on the patents listed in the Nanya Guam suit in Guam Federal District Court as counterclaims to the Nanya claims for declaratory judgment addressing those same patents." This statement, *inter alia*, ignores the very real possibility that the Guam case will be dismissed. Fujitsu has many options for proceeding, if it chooses to.

You also assert that "since Fujitsu has never identified any other patents as infringed by Nanya, any case filed in any other court based on other patents would violate Federal Rule of Civil Procedure 11 (which requires an adequate pre-suit investigation prior to filing)". This is a non-sequitor, and in any event is simply not the law. Rule 11 does not require that notice of individual patent investigations must be provided in advance to a potential defendant. Thus, you cannot conclude that merely because Fujitsu may not have notified Nanya of any particular infringement situation, that this would preclude such additional assertions at this time or in the future. We further note that Nanya did not provide advance notice to Fujitsu of the alleged infringement of the three Nanya patents identified in the Guam complaint. Thus, not only is your understanding of Rule 11 incorrect, you seem to believe that Rule 11 does not apply to Nanya.

You next assert that "any claims based upon patents not identified in the last 7 years of negotiations would be presumed barred under United States law by the doctrine of laches." This statement is also plainly incorrect. In order for laches to potentially apply to a particular Fujitsu infringement claim, there must be: (1) an unreasonable and inexcusable delay in bringing suit after Fujitsu knew or should have known about the infringing activities; and (2) material prejudice by Nanya as a result of the delay. We are unaware of any facts that could support such an argument.

Your comments about the alleged estoppel effect of the 1997 ITC action against Samsung seem to be based on a theory that a complainant in the ITC has an obligation to identify *all* infringing products by *all* potential respondents anywhere in the world. However, there is in fact no such requirement in the ITC. Thus, the fact that Fujitsu did not name Nanya as a respondent in the 1997 ITC action does not raise an estoppel issue for any present action against Nanya.

Concerning damages and marking issues, you argue that "since Fujitsu has not placed Nanya on notice that any other United States patents are infringed (other than those listed in the

Michael W. Shore, Esq.
October 11, 2006
Page 3

Guam suit), no past damages can be collected on any other patents, even assuming they are valid, enforceable and infringed." You further state that "Fujitsu has not marked its products with its patents identified to date, so again, no damages can be collected for past infringement on patents not yet identified." These statements are also incorrect. Actual notice to an infringer is required only under certain circumstances. For example, in the case of an apparatus claim, if the patent owner practices the invention and has failed to mark its products then actual notice may be required. However, patent marking requirements do not apply at all to method patents and do not apply to claims not practiced by the patent owner. Of course, marking and notice issues are not relevant to injunctive relief or to the collection of damages post-filing.

We hope this will serve as clarification of the points raised in your letter.

Sincerely yours,

Christopher E. Chalsen

cc:  Mr. Shigeru Kitano
     Michael M. Murray, Esq.

NY2:#4710247

# EXHIBIT B

Case 4:07-cv-03672-CW     Document 1-79     Filed 07/17/2007     Page 8 of 11

# MILBANK, TWEED, HADLEY & MCCLOY LLP

1 CHASE MANHATTAN PLAZA

NEW YORK, N.Y. 10005-1413

212-530-5000
FAX: 212-530-5219

LOS ANGELES
213-892-4000
FAX: 213-629-5063

PALO ALTO
650-739-7000
FAX: 650-739-7100

WASHINGTON, D.C.
202-835-7500
FAX: 202-835-7586

LONDON
44-207-448-3000
FAX: 44-207-448-3029

CHRISTOPHER E. CHALSEN
PARTNER
DIRECT DIAL NUMBER
(212) 530-5380
DIRECT FACSIMILE
(212) 822-5380
E-MAIL: cchalsen@milbank.com

MUNICH
49-89-25559-3600
FAX: 49-89-25559-3700

FRANKFURT
49-69-7593-7170
FAX: 49-69-7593-8303

TOKYO
813-3504-1050
FAX: 813-3595-2790

HONG KONG
852-2971-4888
FAX: 852-2840-0792

SINGAPORE
65-6428-2400
FAX: 65-6428-2500

November 2, 2006

**VIA FACSIMILE (214-593-9111)**
Michael W. Shore, Esq.
Shore Chan Bragalone, LLP
Republic Center
325 N. St. Paul Street
Suite 4450
Dallas, Texas 75201

Re: <u>Fujitsu v. Nanya</u>

Dear Michael:

During our telephone call on October 31, 2006 you proposed that the parties agree to mutual waivers of service under Rule 4(d), applicable to both the domestic as well as foreign parties. You suggested 90 days from November 10 as the date for Fujitsu's response in Guam and 120 days from November 10 as the date for Nanya's response in the California case. You further stated that you would like to hear Fujitsu's position on the mutual waiver issue by November 10. We accordingly reported your proposals to our client.

We were thus surprised and extremely disappointed to learn today that Nanya purported to serve Fujitsu Microelectronics America, Inc. with the Guam complaint on October 31, in spite of the waiver offer you made the same day. Fujitsu was willing to consider your waiver proposal in good faith and to work toward a reasonable resolution of the service and timing issues. However, your actions belied your statements.

Accordingly, we arranged for service of the California complaint on Nanya Technology Corp USA on November 1, 2006. We will also proceed to immediately serve Nanya Technology Corp. in Taiwan. I am further advised that Fujitsu Limited will not agree to waive service of Nanya's Guam complaint.

Sincerely yours,

Christopher E. Chalsen

NY2:#4714619v1

# EXHIBIT C

# SHORECHAN
# BRAGALONE LLP

Michael W. Shore
Republic Center
325 North Saint Paul Street
Suite 4450
Dallas, Texas 75201
214.593.9140 Direct Dial
214.593.9111 Facsimile
shore@shorechan.com

November 2, 2006

**EMAIL PDF FORMAT**
Christopher E. Chaisen, Esq.
Milbank Tweed Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005

Re:   *Nanya Technology Corp. v. Fujitsu Ltd. and Fujitsu Microelectronics America, Inc.*,
      No. 06-25 (D. Guam Sept. 13, 2006).

Dear Chris:

Your letter makes no sense. As I made clear on the telephone, Nanya would have extended the Guam answer date of Fujitsu USA to match a Rule 4 answer date of Fujitsu Japan if your clients had agreed to the process we discussed. There is nothing inconsistent with our conversation and Nanya's serving Fujitsu USA with the Guam suit, as Nanya wants to make sure the Guam suit is timely answered for the scheduled hearing in the event Fujitsu Japan does not agree to Rule 4 service. Noting Fujitsu's refusal to comply with Federal Rule of Civil Procedure 4, Nanya will serve Fujitsu Japan and seek the mandatory costs (as well as attorneys' fees) for your client's refusal to accept service.

Let's be clear on who has been playing fast and loose with agreements. It was Fujitsu who violated an understood standstill agreement by suing Nanya in California when it had expressly asked Nanya not to serve its Guam complaint to allow for further negotiations. To cast stones at Nanya (or its counsel) under such circumstances evidences either a delusional state on the part of your client or a lawyer who is not communicating accurately. Nanya will continue to abide by all agreements it makes, as will its counsel.

Nanya requests that Fujitsu grant Nanya (USA) a 90 day extension on its answer date in the California action. If Fujitsu will not agree, Nanya will file a motion with the Court seeking an extension and explaining how Fujitsu violated a standstill agreement in the Guam case, refused to comply with Rule 4 in the Guam case, and how the California action should logically not begin until after Fujitsu makes an appearance in Guam because the case will likely be transferred there. I believe that the California court is going to see that granting Nanya's motion to extend its answer date to beyond the answer date for Fujitsu in Guam is the sensible thing to do.

I will continue to try to work with Fujitsu's counsel to be efficient and reasonable. I hope that Milbank Tweed will do the same going forward.

Regards,

Michael W. Shore