**FILED**
DISTRICT COURT OF GUAM
NOV 20 2006
MARY L.M. MORAN
CLERK OF COURT

UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

NANYA TECHNOLOGY CORP.,

Plaintiff,

v.

FUJITSU LIMITED,
FUJITSU MICROELECTRONICS
AMERICA, INC.,

Defendants.

CIVIL CASE NO. 06-CV-00025

SHIGERU KITANO DECLARATION IN
SUPPORT OF FUJITSU LIMITED'S
OBJECTIONS TO THE MAGISTRATE'S
ORDER GRANTING MOTION FOR
ALTERNATIVE SERVICE OF PROCESS
ON FUJITSU LIMITED

I, Shigeru Kitano, declare as follows:

1. I make this declaration based upon my own personal knowledge and, if called as a witness, could and would competently testify thereto.

2. I am a Deputy General Manager in the Industry Relations Division of the Law and Intellectual Property Unit of Fujitsu Limited ("Fujitsu"), which is one of the Defendants in Civil Case No. 06-CV-00025 along with Defendant Fujitsu Microelectronics America, Inc.

3. As a part of my work for Fujitsu, I attended the September 14, 2006 settlement meeting with Nanya Technology Corp. in Tokyo, Japan under the supervision of the Tokyo District Court. Other attendees from Fujitsu were Mr. Takao Miura, Mr. Yuichi Sakoda, and Mr. Katsuya Irie. Attendees from Nanya Technology Corp ("Nanya") were Mr. Michael W. Shore (partner of the Shore Chan Bragalone LLP law firm), Ms. Vicky Tseng (Deputy Director, Legal and IP Division, Nanya Technology Corp.), Ms. Yu Ching Liu (Senior Administrator, Legal & IP Division, Project Mgt. Section, Nanya Technology Corp.), and Mr. Shigehisa Iwata (President, Nanya Technology Japan).

**ORIGINAL**

4. During the settlement meeting, Mr. Shore gave us a facsimile copy of Nanya's complaint ("the complaint"). The facsimile copy indicated that Nanya seemingly filed a lawsuit with the District of Guam one day before the settlement meeting.

5. I did not mention service of the complaint at all in the settlement meeting. None of the other Fujitsu attendees mentioned service of the complaint, either. There was no discussion about service of the complaint between Fujitsu and Nanya at all. Neither I nor any of the other Fujitsu attendees asked Nanya not to serve the complaint.

6. Before closing the September 14, 2006 settlement meeting and in reference to the complaint, Mr. Shore unilaterally told Fujitsu attendees that Nanya had not started the service process yet and Nanya would not serve the complaint while the settlement discussion continued. None of the Fujitsu attendees made any comment on Mr. Shore's statement in the settlement meeting.

7. At the court proceeding held on September 15, 2006 in the Tokyo District Court, Fujitsu asked Nanya to confirm its position about the service of the complaint. Nanya responded by providing Fujitsu with Mr. Shore's September 19 e-mail (see Exhibit A).

8. Mr. Shore's September 19 e-mail was consistent with his statement at the September 14 settlement meeting, because it admits that the copy handed to Fujitsu was only a courtesy copy, that service had not yet been made, and that Nanya would not serve the complaint while the settlement discussion continued. There was no agreement, including standstill agreement, between Fujitsu and Nanya in relation to the service of the complaint.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in Tokyo, Japan, this 16 day of November, 2006.

By: _____
Shigeru Kitano

# EXHIBIT A

Dear Kitano-san:

Thank you for meeting with Nanya last week.

To clarify the parties' current status, please note that the copy of the Complaint I provided to Fujitsu was a courtesy copy. That courtesy copy does not mean formal service has been accomplished. Fujitsu has not been served yet, and Fujitsu does not yet have an answer date. Nanya will agree not to serve the suit as long as settlement talks continue, and Nanya desires to settle with Fujitsu on terms that can be justified as reasonable from both a legal and business standpoint.

Nanya understands that Fujitsu has threatened to file a case in the United States or Taiwan in response to Nanya's case in Guam. Nanya has little control over Fujitsu in that regard, but Nanya would point out that it was Fujitsu that initiated litigation and the Nanya case was in response to the Fujitsu case. There are some things that Nanya would ask Fujitsu to consider before filing any additional lawsuits against Nanya in the United States:

First, Fujitsu must file any case on the patents listed in the Nanya Guam suit in Guam Federal District Court as counterclaims to the Nanya claims for declaratory judgment addressing those same patents. That is the requirement of United States law. There can be no suit by Fujitsu asserting those patents in any other court. To file a counterclaim, Fujitsu must answer, and by answering via counterclaim, Fujitsu will start that litigation regardless of whether Nanya formally serves Fujitsu.

Second, since Fujitsu has never identified any other patents as infringed by Nanya, any case filed in any other court based on other patents would violate Federal Rule of Civil Procedure 11 (which requires an adequate pre-suit investigation prior to filing). A violation of Rule 11 exposes Fujitsu to sanctions, attorneys' fees and costs of court. Also, any claims based upon patents not identified in the last 7 years of negotiations would be presumed barred under United States law by the doctrine of laches.

Third, any patents raised in the 1997 ITC action against Samsung that did not name Nanya parts currently accused would also clearly be subject to laches and an argument that their non-infringement has been admitted by estoppel.

Fourth, since Fujitsu has not placed Nanya on notice that any other United States patents are infringed (other than those listed in the Guam suit), no past damages can be collected on any other patents, even assuming they are valid, enforceable and infringed.

Fifth, Fujitsu has not marked its products with its patents identified to date, so again, no damages can be collected for past infringement on patents not yet identified.

I would respectfully suggest that Fujitsu pause and reflect on whether it wants to file expensive lawsuits Fujitsu is unlikely to win. I would also respectfully suggest that instead, Fujitsu agree to meet and negotiate a resolution with Nanya on terms both companies can live with into the future.

Again, Nanya cannot control Fujitsu or tell it what to do, but I would hope that Fujitsu would strategically address the issues instead of reacting emotionally to a suit filed by Nanya in defense to Fujitsu's actions. Both sides can continue the escalation by filing more cases in Korea, Europe, Taiwan and elsewhere, but such a path is not economically justifiable until all efforts at a business solution are exhausted.

On the issue of settlement discussions, since Nanya has filed a US lawsuit, I would think the parties would want to discuss settlement of all litigation, so a settlement based upon worldwide activities can be considered at this point. That being said, Nanya requests that Fujitsu also consider discussing a settlement of the Japanese case with a Japanese-only license or a settlement of a Taiwan-Japan only license if worldwide settlement cannot be reached.

To address Fujitsu's concerns about negotiations being used against Fujitsu in the anti-trust/misuse litigation, Nanya from this point forward will agree not to use anything done or said in future confidential

negotiations against Fujitsu. Nanya and Fujitsu can mutually agree that if setttlement talks continue that those discussions will be strictly confidential and not admissible in any lawsuit or action in any country to prove liability or damages for any claims. I can have such a document stating that agreement prepared before our next session if this email is not sufficient to address that agreement.

Again, I hope that Fujitsu will consider all its options carefully and strategically. If Fujitsu does so, I believe that hte parties can and should meet to resolve this matter before any additional money is wasted on litigation that I believe is unnecessary for the parties to reconcile and go back to serving their customers with world-class products. Let me know if you have any other questions, and if Fujitsu would like to meet and discuss a resolution of this matter.

Warm regards,

Michael W. Shore