FILED
DISTRICT COURT OF GUAM
NOV 20 2006
MARY L.M. MORAN
CLERK OF COURT

UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

NANYA TECHNOLOGY CORP.,

    Plaintiff,

v.

FUJITSU LIMITED,
FUJITSU MICROELECTRONICS
AMERICA, INC.,

    Defendants.

CIVIL CASE NO. 06-CV-00025

SHIGESHI TANAKA DECLARATION IN SUPPORT OF FUJITSU LIMITED'S OBJECTIONS TO THE MAGISTRATE'S ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE OF PROCESS ON FUJITSU LIMITED

I, Shigeshi Tanaka, declare as follows:

1. I am an attorney licensed to practice law in Japan. I make this declaration based upon my own personal knowledge and, if called as a witness, could and would competently testify thereto.

2. I am an attorney at law with the Japanese law firm of Aoki, Sekine & Tanaka in Tokyo, Japan. I have been practicing Japanese law since 1984.

3. I received my Bachelor of Science from Tokyo University in 1977, and received my LLM from Tokyo University in 1979.

4. I am readily familiar with Japanese civil legal practice, and its application in the courts of Japan.

5. Japanese law does not allow service of process by Federal Express or e-mail delivery.

ORIGINAL

6. Unlike the legal practice in the United States, under Japanese Code of Civil Procedure ("CCP"), only Japanese court clerks can administer matters relating to service (Article 98 (2) of CCP).

7. Under Japanese law, direct serving process by Japanese attorneys or private citizens are invalid and have no effect.

8. Court clerks can administer services in two ways; either by a special mailing process or through an execution officer (Article 99 (1) of CCP). There are a limited number of exceptions to this principle, for example, a court clerk may effect service in person on a person who has previously appeared in a case before the relevant court.

9. With regard to service through the special mailing process, persons engaged in the mailing business shall be deemed to be the official effecting such service (Article 99 (2) of CCP). This special type of mail, known as *tokubetsu sotatsu*, is set forth in Article 66 of Postal Service Law. Under the *tokubetsu sotatsu* procedure, the public official who has effected service shall report in writing to the court, stating the particulars relating to the service such as place, date and time of service, according to Article 109 of CCP. It is unique to *tokubetsu sotatsu* service. All documents associated with this type of service are in Japanese.

10. In Japan we have regular mail, registered mail and other types of couriers, such as Federal Express. *Tokubestsu sotatsu* mail is different from any of these types of other mail.

11. *Tokubetsu sotatsu* is permitted only for service within Japan. For service outside of Japan, service must be made by the presiding judge entrusting the matter to the

2

competent governmental authorities of such country or to the Japanese ambassador, minister envoy or consul stationed in such country (Article 108 of CCP).

12. Executed in Tokyo, Japan, this 14th day of November, 2006.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: November 14, 2006          By: _____
                                       Shigeshi Tanaka