1  Rodney J. Jacob
   Daniel M. Benjamin
2  Calvo & Clark LLP
   655 South Marine Corp Drive
3  Suite 202
   Tamuning, Guam 96913
4  (671) 646-9355

5  Attorneys for Defendant
   FUJITSU MICROELECTRONICS AMERICA, INC.

**FILED**
DISTRICT COURT OF GUAM
NOV 20 2006
MARY L.M. MORAN
CLERK OF COURT

## DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

Nanya Technology Corp.,

    Plaintiff,

vs.

Fujitsu Limited, et al.,

    Defendants

Civil Case No.: 1:06-CV-00025

**DEFENDANT FUJITSU MICROELECTRONICS AMERICA, INC.'S MOTION TO EXTEND TIME; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

ORIGINAL

## MOTION

Defendant Fujitsu Microelectronics America, Inc. ("FMA") hereby respectfully moves for a sixty day extension of each of the dates specified in the October 12, 2006 Scheduling Notice. In the alternative, FMA requests a stay of the commencement of discovery in this action. This motion is based on the attached Memorandum of Law, the declaration of Christopher E. Chalsen, the pleadings, and such further evidence and argument as the Court may consider.

Respectfully submitted this 20th day of November, 2006

CALVO & CLARK, LLP
Attorneys at Law
Attorneys for Defendant
*Fujitsu Microelectronics America, Inc.*

By: _____
Daniel M. Benjamin

*Of Counsel:*

Christopher E. Chalsen
Michael M. Murray
Lawrence T. Kass
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY  10005
(212) 530-5000

Attorneys for Defendant,
Fujitsu Microelectronics America, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Fujitsu Microelectronics America, Inc. ("FMA") respectfully requests a sixty day extension of each of the dates specified in the October 12, 2006 Scheduling Notice. In the alternative, FMA requests a stay of the commencement of discovery in this action. FMA has not previously requested any extension. The proposed changes to the dates in the October 12, 2006 Scheduling Notice would include the following:

| Event | Original Date | Proposed Date |
|---|---|---|
| Proposed Scheduling Order and Discovery Plan | November 27, 2006 | January 26, 2007 |
| Rule 16 Scheduling Conference | December 12, 2006 | February 19, 2007 |

This is a patent case in which Nanya asserts infringement of three of its own patents, accuses defendants of violating antirust laws, and seeks declaratory judgments of invalidity and noninfringement of a number of patents owned by Fujitsu Limited ("Fujitsu"). The asserted patents relate to semiconductor devices and methods of semiconductor manufacture.

FMA learned through monitoring the Court's docket that an amended complaint was filed on November 17, adding Nanya USA as an additional plaintiff and adding a new declaratory judgment cause of action alleging invalidity and non-infringement of an additional patent.

An extension of the dates for FMA for the Scheduling Conference and the other dates in the Scheduling Notice is appropriate for at least the following reasons:

1.  The amended complaint presents additional causes of action relating to an additional patent and further adds a new plaintiff, Nanya USA. The additional non-infringement and invalidity counts covering the additional patent do not relate to the same conduct, transaction or occurrence as those patents asserted in the original complaint. The scheduling conference and the preparation of a draft scheduling order should be deferred to allow FMA to consider these new issues.

2.	The other defendant in this law suit -- Fujitsu -- is a Japanese corporation and is therefore entitled to service under the Hague Convention. Although Nanya filed an *ex parte* motion on November 9, 2006 to allow alternative service upon Fujitsu, and obtained such an order on an *ex parte* basis, that motion was based on factual misrepresentations as are explained in Fujitsu's Objections to the Magistrate's Order Granting Motion for Alternative Service of Process on Fujitsu Limited, filed contemporaneously herewith. Thus, Fujitsu is not even yet properly a party to this action. It would be highly inefficient to have piecemeal scheduling discussions not involving all of the parties. The scheduling conference and the preparation of a draft scheduling order should be deferred at least until Fujitsu's service status has been resolved.[1]

3.	Indeed, there is no urgency to conduct a scheduling conference in this matter. Prior to Nanya's service of the complaint on FMA on October 31, 2006, Nanya had proposed, in exchange for mutual waivers of service, long extension periods of 90 days or more for Fujitsu and FMA to respond to the complaint in this action and for Nanya and Nanya USA to respond to a complaint filed by Fujitsu and FMA in the Northern District of California. (*See* Declaration of Christopher E. Chalsen in Support of Fujitsu Microelectronics America, Inc.'s Motion to Extend Time, submitted herewith.)

4.	A settlement conference between Nanya and Fujitsu under supervision of the Tokyo District Court has been scheduled for December 18, 2006 in Tokyo, in a case filed in

---

[1] The extension of the scheduling dates based upon the issue of service is consistent with the intent of L.R. 16.1(e) ("If on the due date of the Scheduling Order and Discovery Plan, the defendant(s) or respondent(s) have been served and no answer or appearance has been filed, or if service on the defendants has not been effected, counsel for the plaintiff or the pro se plaintiff shall file an independent status report setting forth the above information required in subsections A through L to the extent possible. The report shall also include the current status of the non-appearing parties."). Although here the issue is being proactively raised by a defendant, that should not make a substantive difference as L.R. 16.1(e) plainly contemplates that the resolution of the scheduling order wait until the issue of service is resolved.

2005 by Fujitsu for infringement by Nanya of a Japanese counterpart to one of the patents for which Nanya seeks declaratory judgment here. Postponement of the December 12 scheduling conference and related dates will enable the parties to focus on settlement issues.

5.   Finally, and as a general matter, it makes even less sense for the parties to be burdened with discovery obligations while service issues remain. Accordingly, if the Court is not inclined to extend the dates in the Scheduling Notice then, in the alternative, FMA requests that the Court stay initial disclosures and the commencement of discovery until Fujitsu's objection to the Order granting alternative service is considered.

FMA anticipates that in opposing this request for an extension of time, Nanya will repeat many of the incorrect allegations it made in its *ex parte* motion for alternative service under Fed. R. Civ. P. 4(f)(3). For example, Nanya will likely claim that FMA is allegedly trying to slow down this litigation in Guam while speeding up the parallel case by FMA and Fujitsu against Nanya and Nanya USA in the Northern District of California, which was filed after Nanya initiated this suit.[2] However, FMA and Fujitsu have always expressed willingness to mutually extend the dates in **both** litigations. The parties in fact were continuing negotiations for mutual extensions of time when Nanya served FMA and again when Nanya filed its *ex parte* motion for alternative service under Fed. R. Civ. P. 4(f)(3). (Chalsen Declaration, ¶¶ 4, 5.)

FMA is *not* seeking to unreasonably delay this law suit. FMA merely seeks reasonable time to consider the recently filed Amended Complaint and further seeks to avoid investing time and resources on discovery while the parties are participating in court supervised settlement discussions in another forum. To avoid wasteful and piecemeal litigation, FMA respectfully requests the Court grant the requested extensions of time.

---

[2] The suit in the Northern District of California is styled *Fujitsu Limited, et al. v. Nanya Technology Corp., et al.*, Case No. CV-06-06613-EDL.

1   Counsel for FMA has conferred with Nanya' counsel, but Nanya does not consent to an
2   extension of time.

3   Respectfully submitted this 20th day of November, 2006

CALVO & CLARK, LLP
Attorneys at Law
Attorneys for Defendant
*Fujitsu Microelectronics America, Inc.*

By: _____
Daniel M. Benjamin

*Of Counsel:*

Christopher E. Chalsen
Michael M. Murray
Lawrence T. Kass
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY  10005
(212) 530-5000

Attorneys for Defendant,
Fujitsu Microelectronics America, Inc.