**FILED**
DISTRICT COURT OF GUAM
NOV 20 2006
MARY L.M. MORAN
CLERK OF COURT

UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

NANYA TECHNOLOGY CORP.,

    Plaintiff,

v.

FUJITSU LIMITED,
FUJITSU MICROELECTRONICS
AMERICA, INC.,

    Defendants.

CIVIL CASE NO. 06-CV-00025

DECLARATION OF CHRISTOPHER E. CHALSEN IN SUPPORT OF DEFENDANT FUJITSU MICROELECTRONICS AMERICA, INC.'S MOTION TO EXTEND TIME

I, Christopher E. Chalsen, declare as follows:

1. I make this declaration based upon my own personal knowledge and, if called as a witness, could and would competently testify thereto.

2. I am a partner of the law firm Milbank, Tweed, Hadley & McCloy LLP, and counsel to the Defendants in Civil Case No. 06-CV-00025. I am not authorized to accept service of process.

3. On October 23, 2006, Fujitsu and Fujitsu Microelectronics America, Inc. (FMA) filed a patent infringement action against Nanya Technologies Corp. and Nanya Technology Corp. U.S.A. in the Northern District of California asserting *inter alia* infringement of a number of Fujitsu patents and seeking declaratory judgment of non-infringement and invalidity of several patents owned by Nanya. Fujitsu provided Nanya with a courtesy copy of the complaint during a meeting in Tokyo on October 24, 2006, but did not serve it at that time.

4. On October 31, 2006, I participated in a telephone conversation with Nanya's counsel, Mr. Michael Shore. Michael Murray, also a partner of our firm, was with me on the phone and can testify to the accuracy of my statements about that call. During that conversation, we discussed a proposal by Nanya that the parties mutually waive service of summons of the complaints filed in Guam and the Northern District of California, respectively. At the end of our conversation, Mr. Shore and I agreed to discuss the waiver proposals with our respective clients.

5. I was therefore quite surprised to learn later that evening that, notwithstanding Mr. Shore's proposal for mutual waiver of service, Nanya had already served FMA earlier that same day. Attached is a letter I sent to Mr. Shore confirming these events. (*See* Letter from C. Chalsen to M. Shore, November 2, 2006 (Ex. A)). I also informed Mr. Shore that, as a result of such service, Fujitsu and FMA were serving their complaint upon Nanya and Nanya U.S.A.. (*Id.*) Fujitsu and FMA effectuated personal service upon Nanya Technology Corp. U.S.A. on November 1, 2006 and Nanya Technologies Corp. on November 3, 2006.

6. In his reply to my November 2, 2006 letter, Mr. Shore did not deny that notwithstanding our discussions relating to mutual waivers of service and extensions of time, Nanya's service had been intentional. Instead, he suggested that there was nothing inconsistent about his actions and that he was serving the complaint to allegedly maintain the priority of the Guam action. (*See* Letter from M. Shore to C. Chalsen, November 2, 2006 (Ex. B)).

7. Notwithstanding the service on FMA, Nanya and Nanya USA, the parties continued to discuss mutual extensions of time.

8. There is no urgency to conduct a scheduling conference in this matter. Prior to Nanya's surreptitious service of the complaint on FMA on October 31, 2006, Nanya had proposed, in exchange for mutual waivers of service, long extension periods of 90 days or more

for Fujitsu Limited and FMA to respond to the complaint in this action and for Nanya and Nanya USA to respond to the complaint filed by Fujitsu Limited and FMA in the Northern District of California.

9. I am advised that a settlement conference between Nanya and Fujitsu Limited under supervision of the Tokyo District Court has been scheduled for December 18, 2006 in Tokyo, in a case filed in 2005 by Fujitsu Limited for infringement by Nanya of a Japanese counterpart to one of the patents for which Nanya seeks declaratory judgment here.

10. It is believed wasteful for the parties to be burdened with discovery obligations while service and jurisdictional issues remain.

11. Notwithstanding the service on FMA, Nanya and Nanya U.S.A., the parties continued to discuss mutual extensions of time to respond to the complaints. The parties in fact were continuing negotiations for mutual extensions of time when Nanya served FMA and again when Nanya filed its *ex parte* motion for alternative service under Fed. R. Civ. P. 4(f)(3).

12. FMA is *not* seeking to unreasonably delay this law suit. Indeed, it is timely filing, without extensions, its motion to dismiss in response to the complaint, as is Fujitsu Limited. FMA merely seeks to avoid investing time and resources on discovery while serious jurisdiction, venue and service issues exist and while its co-defendant is participating in court supervised settlement discussions in another forum.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

November 16, 2006.

By: _____
Christopher E. Chalsen

**Exhibits**

Ex. A  Letter from C. Chalsen to M. Shore, November 2, 2006.

Ex. B  Letter from M. Shore to C. Chalsen, November 2, 2006.

# EXHIBIT A

## MILBANK, TWEED, HADLEY & McCLOY LLP

1 CHASE MANHATTAN PLAZA

NEW YORK, N.Y. 10005-1413

212-530-5000

FAX: 212-530-5219

| | | |
|---|---|---|
| LOS ANGELES<br>213-892-4000<br>FAX: 213-629-5063 | | MUNICH<br>49-89-25559-3600<br>FAX: 49-89-25559-3700 |
| PALO ALTO<br>650-739-7000<br>FAX: 650-739-7100 | | FRANKFURT<br>49-69-7593-7170<br>FAX: 49-69-7593-8303 |
| WASHINGTON, D.C.<br>202-835-7500<br>FAX: 202-835-7586 | CHRISTOPHER E. CHALSEN<br>PARTNER<br>DIRECT DIAL NUMBER<br>(212) 530-5380<br>DIRECT FACSIMILE<br>(212) 822-5380<br>E-MAIL: cchalsen@milbank.com | TOKYO<br>813-3504-1050<br>FAX: 813-3595-2790 |
| LONDON<br>44-207-448-3000<br>FAX: 44-207-448-3029 | | HONG KONG<br>852-2971-4888<br>FAX: 852-2840-0792 |
| | November 2, 2006 | SINGAPORE<br>65-6428-2400<br>FAX: 65-6428-2500 |

**VIA FACSIMILE (214-593-9111)**
Michael W. Shore, Esq.
Shore Chan Bragalone, LLP
Republic Center
325 N. St. Paul Street
Suite 4450
Dallas, Texas 75201

Re: <u>Fujitsu v. Nanya</u>

Dear Michael:

During our telephone call on October 31, 2006 you proposed that the parties agree to mutual waivers of service under Rule 4(d), applicable to both the domestic as well as foreign parties. You suggested 90 days from November 10 as the date for Fujitsu's response in Guam and 120 days from November 10 as the date for Nanya's response in the California case. You further stated that you would like to hear Fujitsu's position on the mutual waiver issue by November 10. We accordingly reported your proposals to our client.

We were thus surprised and extremely disappointed to learn today that Nanya purported to serve Fujitsu Microelectronics America, Inc. with the Guam complaint on October 31, in spite of the waiver offer you made the same day. Fujitsu was willing to consider your waiver proposal in good faith and to work toward a reasonable resolution of the service and timing issues. However, your actions belied your statements.

Accordingly, we arranged for service of the California complaint on Nanya Technology Corp USA on November 1, 2006. We will also proceed to immediately serve Nanya Technology Corp. in Taiwan. I am further advised that Fujitsu Limited will not agree to waive service of Nanya's Guam complaint.

Sincerely yours,

Christopher E. Chalsen

NY2:#4714619v1

# EXHIBIT B

# SHORECHAN
# BRAGALONE LLP

Michael W. Shore
Republic Center
325 North Saint Paul Street
Suite 4450
Dallas, Texas 75201
214.593.9140 Direct Dial
214.593.9111 Facsimile
shore@shorechan.com

November 2, 2006

**EMAIL PDF FORMAT**
Christopher E. Chalsen, Esq.
Milbank Tweed Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005

Re:   *Nanya Technology Corp. v. Fujitsu Ltd. and Fujitsu Microelectronics America, Inc.*,
      No. 06-25 (D. Guam Sept. 13, 2006).

Dear Chris:

Your letter makes no sense. As I made clear on the telephone, Nanya would have extended the Guam answer date of Fujitsu USA to match a Rule 4 answer date of Fujitsu Japan if your clients had agreed to the process we discussed. There is nothing inconsistent with our conversation and Nanya's serving Fujitsu USA with the Guam suit, as Nanya wants to make sure the Guam suit is timely answered for the scheduled hearing in the event Fujitsu Japan does not agree to Rule 4 service. Noting Fujitsu's refusal to comply with Federal Rule of Civil Procedure 4, Nanya will serve Fujitsu Japan and seek the mandatory costs (as well as attorneys' fees) for your client's refusal to accept service.

Let's be clear on who has been playing fast and loose with agreements. It was Fujitsu who violated an understood standstill agreement by suing Nanya in California when it had expressly asked Nanya not to serve its Guam complaint to allow for further negotiations. To cast stones at Nanya (or its counsel) under such circumstances evidences either a delusional state on the part of your client or a lawyer who is not communicating accurately. Nanya will continue to abide by all agreements it makes, as will its counsel.

Nanya requests that Fujitsu grant Nanya (USA) a 90 day extension on its answer date in the California action. If Fujitsu will not agree, Nanya will file a motion with the Court seeking an extension and explaining how Fujitsu violated a standstill agreement in the Guam case, refused to comply with Rule 4 in the Guam case, and how the California action should logically not begin until after Fujitsu makes an appearance in Guam because the case will likely be transferred there. I believe that the California court is going to see that granting Nanya's motion to extend its answer date to beyond the answer date for Fujitsu in Guam is the sensible thing to do.

I will continue to try to work with Fujitsu's counsel to be efficient and reasonable. I hope that Milbank Tweed will do the same going forward.

Regards,

Michael W. Shore