TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891/4
FACSIMILE: (671) 472-2601

UNPINGCO & ASSOCIATES, LLC
SUITE 12B, SINAJANA MALL
SINAJANA, GUAM 96910
TELEPHONE: (671) 475-8545
FACSIMILE: (671) 475-8550

SHORE CHAN BRAGALONE LLP
SUITE 4450
325 N. ST. PAUL STREET
DALLAS, TEXAS 75201
TELEPHONE: (214) 593-9110
FACSIMILE: (214) 593-9111

*Attorneys for Plaintiffs*
*Nanya Technology Corp. and*
*Nanya Technology Corp. U.S.A.*



FILED
DISTRICT COURT OF GUAM
DEC -1 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP., and NANYA TECHNOLOGY CORP. U.S.A.<br><br>Plaintiffs,<br><br>vs.<br><br>FUJITSU LIMITED, FUJITSU MICROELECTRONICS AMERICA, INC.,<br><br>Defendants. | CIVIL CASE NO. CV06-00025<br><br>PLAINTIFFS' RESPONSE TO DEFENDANT FUJITSU MICROELECTRONIC AMERICA, INC.'S MOTION TO EXTEND TIME |

## INTRODUCTION

Defendant Fujitsu Microelectronics America, Inc. ("FMA") has asked the Court for a sixty-day extension to unnecessarily delay this case so that it may proceed with its copycat action in California. Despite FMA's denials that this is what motivated the filing of its motion (Def.'s Mot. to Extend Time, Dkt. No. 54, at 5), there is no legitimate reason to delay this case.

FMA did provide, however, five non-legitimate reasons to delay this case. In its argument below, Nanya Technology Corp. and Nanya Technology Corp. U.S.A. (collectively "Nanya") address each of these five reasons and demonstrates that none of them support delay.

## ARGUMENT

### 1. THERE ARE NO "NEW ISSUES" FOR FUJITSU TO CONSIDER

The Amended Complaint adds an additional party, Nanya USA, and an additional patent, U.S. Patent No. 6,104,486, and FMA claims to need more time to "consider these new issues." The '486 patent belongs to Fujitsu Ltd., and FMA and Fujitsu Ltd. sued Nanya in their copycat lawsuit in California for infringing this same patent.[1] If FMA satisfied Rule 11 in this California lawsuit, it has already carefully considered these "new" issues. This first reason for delay is nonsense.

### 2. FUJITSU LTD. HAS BEEN PROPERLY SERVED IN ACCORDANCE WITH THE MAGISTRATE'S ORDER

FMA points out that Fujitsu Ltd. has objected to the Court's order allowing alternative service arguing that (1) Fujitsu Ltd. was not properly served by alternative service under the Hague Convention and, (2) even if service was proper under the Hague, Nanya failed to properly establish urgency prior to requesting alternative service. (Def.'s Mot. to Extend Time, Dkt. No. 54, at 4.) Under Ninth Circuit precedent, however, Fujitsu Ltd. was properly served under Rule 4(f)(3) and the Hague Convention. Furthermore, the Ninth Circuit does not require urgency or any other prerequisite for a trial court to grant a motion for alternative service under Rule 4(f)(3).

---

[1] *Fujitsu Ltd. v. Nanya Tech. Corp.*, No. C06-06613 (N.D. Cal. Oct. 24, 2006), Compl., Dkt. No. 1, at ¶¶ 10(b), 22-27. Nanya has moved to dismiss the California case, transfer it to this district, or in the alternative, stay that case pending the outcome of this case. *Id.*, Dkt. No. 18.

The order allowing alternative service was therefore proper, and Defendants' objections to it should not delay the scheduling conference.

### a.   *Plaintiffs properly served Fujitsu Ltd.*

Fujitsu Ltd. was properly served by mail under Rule 4(f)(3) and is a proper party to this lawsuit.[2] The Ninth Circuit has expressly approved the form of service used to serve Fujitsu Ltd. with this lawsuit under Rule 4(f)(3). In *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002), the Ninth Circuit stated:

> As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. ***No other limitations are evident from the text.*** In fact, as long as court-directed and not prohibited by an international agreement, ***service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country***.

Therefore, the ***only issue*** is whether service by mail is prohibited by the Hague Convention, and the Ninth Circuit has held that it is not.

Article 10(a) of the Hague Convention allows a party to "send" documents to a foreign defendant by mail. In *Brockmeyer v. May*, 383 F.3d 798, 802 (9th Cir. 2004), the Ninth Circuit held that the meaning of "send" in Article 10(a) of the Hague Convention includes "serve."[3] The court stated that its holding is consistent with the purpose of the Convention to facilitate

---

[2] Exhibit A, Return of Service, Nov. 13, 2006, (certifying that Fujitsu Ltd. was served in accordance with the Magistrate's order on November 13, 2006).

[3] Article 10 states: "Provided the State of destination does not object, the present Convention shall not interfere with -- (a) the freedom to send judicial documents, by postal channels, directly to persons abroad . . . ." Japan objected to (b) and (c), but not (a). Hague Convention, at 140 n.9.

international service of judicial documents. *Id.* at 802 (citing Hague Convention, art. 1) ("[T]he present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad."). The *Brockmeyer* court continued:

> The purpose and history of the Hague Convention as well as the position of the U.S. State Department convince us that "send" in Article 10(a) includes "serve." We therefore hold that the Convention permits – or, in the words of the Convention, does not "interfere with" – service of process by international mail, so long as the receiving country does not object.

*Id.* at 803. Japan has not objected. Therefore, service of a Japanese defendant by mail is proper and effective in this Circuit.

While there is a split in jurisdictions as to whether Japan has specifically approved service by postal channels, Ninth Circuit precedent holding that service via postal channels is proper under Article 10(a) is consistent with those jurisdictions that have allowed such service upon Japanese defendants. Courts in these jurisdictions have relied on the fact that Japan has not specifically objected to Article 10(a) of the Hague Convention although it has objected to Articles 10(b) and (c). *See, e.g.,*

- *Schiffer v. Mazda Motor Corp.*, 192 F.R.D. 335, 338-39 (N.D. Ga. 2000) ("The Japanese delegation's statement to the Special Commission, the Special Commission's report, and the United States Department of State's opinion explaining the Japanese delegation's statement all support this Court's conclusion that service of process on a Japanese corporation by registered mail is permissible pursuant to Article 10(a) of the Hague Convention.");

- *Weight v. Kawasaki Heavy Industries, Ltd.*, 597 F. Supp. 1082, 1086-87 (E.D. Va. 1984) ("Japan has not declared that it objects to service through postal channels. Accordingly, under Article 10(a), service on a Japanese corporation, was effective by direct mail.");

- *Hammond v. Honda Motor Co., Ltd.*, 128 F.R.D. 638 (D.S.C. 1989) ("Finding the reasoning of the *Weight* court persuasive, the court declines to so narrowly construe the language of Article 10(a). Forbidding direct service by mail would render subpart (a) extraneous material.");

- *Lemme v. Wine of Japan Import, Inc.*, 631 F. Supp. 456 (E.D.N.Y. 1986) ("In light of the fact that the Convention purports to deal with the subject of service abroad, the reference to freedom to send judicial documents by postal channels directly to persons abroad would be superfluous unless it was related to the sending of such documents for the purpose of service.");

- *Chrysler Corp. v. General Motors Corp.* 589 F.Supp. 1182, 1206 (D.C.D.C.,1984) ("Specifically, the government of Japan has not objected to subsection (a) of Article 10 of the Hague Convention. That subsection provides that the state of destination does not object to, '(a) the freedom to send judicial documents, by postal channels, directly to persons abroad.' The service of the summons and complaint via this method is proper.").

In addition, such courts are persuaded by "the fact that numerous United States courts have upheld service of process on Japanese defendants by direct mail, yet the Japanese government has made no efforts to amend its objections to the Convention so as to preclude service by mail pursuant to Article 10(a)." *Schiffer*, 192 F.R.D. at 338 (citing *Patty v. Toyota Motor Corp.*, 777 F. Supp. 956 (N.D. Ga. 1991)). The Ninth Circuit's holding that Article 10(a) of the Hague Convention allows service by postal channels, coupled with Japan's failure to object to Article 10(a), renders completely irrelevant Fujitsu Ltd.'s argument regarding service by mail generally and service by mail in Japan specifically. There is no doubt that in this Circuit, Fujitsu Ltd. was properly served.

### b. *There is no need for urgency or any other prerequisites to Rule 4(f)(3) service*

Defendants have also argued that Rule 4(f)(3) service is appropriate only after an attempt at service under other provisions of the Hague Convention or under "urgent" conditions. The *Rio Properties* court flatly rejected the Defendants' argument when it stated that Rule 4(f)(3) is not a last resort or extraordinary relief. *Rio Props.*, 284 F.3d at 1016. The Ninth Circuit later reaffirmed the *Rio Properties* holding in *Brockmeyer* when the court stated that "Rule

4(f)(3)...affirmatively authorizes the federal district court to direct *any form of service* that is not prohibited by an international agreement," and that "[t]he decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the 'sound discretion of the district court.'" *Brockmeyer*, 383 F.3d at 805. Thus, Ninth Circuit precedent objectively refutes Defendants' argument that Nanya needed to establish urgency or inability to affect service under different provisions of the Hague Convention prior to the Court granting Nanya's motion for alternative service under Rule 4(f)(3). There simply are no legitimate issues with service in this case.

### 3. THERE IS NO URGENT NEED TO DELAY THIS CASE

Fujitsu Ltd. argues that there is "no urgency to conduct a scheduling conference in this matter." (Def.'s Mot. to Extend Time, Dkt. No. 54, at 4.) That is not the point. The point is that there is no legitimate reason to delay. The fact that Nanya had previously proposed extending answer deadlines in this case by 90 days if each side would agree to waive service on the Japanese and Taiwanese defendants is completely irrelevant. All parties have been properly served, Defendants have local counsel, Defendants' attorneys have been granted *pro hac vice* permission to appear before the Court, and Plaintiffs and Defendants have both submitted proposed scheduling orders. Thus, there is no reason why the December 12, 2006 scheduling conference should not go forward.

### 4. A SCHEDULING ORDER WOULD ENSURE PROPER CASE MANAGEMENT AND EFFICIENT USE OF JUDICIAL RESOURCES

In a complex case such as this, a court's first step in establishing control of the case is promptly scheduling the initial conference with counsel. There has been sufficient time for counsel on both sides not only to become familiar with the case, but to prepare and submit

proposed scheduling orders and discovery plans. In this complex case, it is even more important for the scheduling conference to proceed as presently scheduled so that the Court can call on counsel "to assist the court in understanding the background, setting, and likely dimensions of the litigation." MANUAL FOR COMPLEX LITIGATION FOURTH (Federal Judicial Center 2004), § 11.11. Such supervision of complex cases has been stressed to the federal judges:

> Judicial supervision is most needed and productive early in the litigation...The judge should hold an initial pretrial conference under Rule 16 as soon as practical (many judges hold the conference within thirty to sixty days of filing), even if some parties have not yet appeared or even been served.

*Id.* at § 10.11. Control of a case is the *sine qua non* of efficiency and judicial economy. *Id.* at § 10.1 (noting that investing time in the early stages of the litigation leads to economies of judicial time and fewer judicial burdens) Thus, the scheduling conference should not be delayed.

### 5. IT IS NOT WASTEFUL OR BURDENSOME TO MOVE FORWARD WITH THIS FIRST-FILED ACTION

FMA's final argument for delaying the scheduling conference is that it would be wasteful and burdensome to move forward in this case "while service issues remain." (Def.'s Mot. to Extend Time, Dkt. No. 54, at 5; C. Chalsen Decl, Dkt. No. 55, at ¶ 10). As Nanya explained above and will explain even more thoroughly in its Reply to Fujitsu Ltd.'s Objection to the Magistrate's Order, there are no service issues. Fujitsu Ltd. was properly served under the Hague Convention and clear Ninth Circuit law.

More importantly, it strains FMA's credibility to argue that it is concerned with wasting judicial resources and avoiding piecemeal litigation when FMA and Fujitsu Ltd. filed a duplicative lawsuit in California after this case was filed. The speed and efficiency of the parties


and the federal court system in resolving the current disputes between the parties is objectively *not* something FMA worries about. The fact that FMA now wants to delay this action simply reinforces the point.

Finally, all parties to this action have an interest in proceeding to the merits of the case — regardless of the forum and pending procedural motions. Proceeding with December 12, 2006 Scheduling Conference and discovery in this case, including initial disclosures, furthers that goal.

## REQUEST FOR ORAL ARGUMENT

Plaintiffs respectfully request the Court hold oral argument on Defendants' Motion to Extend Time at the Scheduling Conference set for December 12, 2006. Defendants continue to argue that the proposed Scheduling Order needs to be continued for the sole reason of further delaying this matter. Allowing Defendants' motion to be orally argued at the December 12, 2006 hearing may allow the Court to dispose of some of the many pending issues in this case.

## SUMMARY & PRAYER

FMA's motion to extend time is merely for delay. All parties to this lawsuit have been served and must answer before the Scheduling Conference. Furthermore, FMA has now filed its proposed scheduling order and proposed discovery plan. There is no legitimate reason why the Court should not move forward with the Scheduling Conference. Therefore, for the reasons set

forth above, Nanya respectfully requests that FMA's motion to extend time be DENIED. In addition, Plaintiffs respectfully request the Court set this matter for oral argument at the December 12, 2006 Scheduling Conference.

DATED at Hagåtña, Guam, on December 1, 2006.

TEKER TORRES & TEKER, P.C.

By _____
JOSEPH C. RAZZANO, ESQ.

UNPINGCO & ASSOCIATES, LLC

By _____
JOHN S. UNPINGCO, ESQ.

# EXHIBIT "A"

AO 440 (Rev. 8/01) Summons in a Civil Action

# DISTRICT COURT OF GUAM

NANYA TECHNOLOGY CORP.

       Plaintiff,

    V.

FUJITSU LIMITED, FUJITSU
MICROELECTRONICS AMERICA, INC.,

       Defendants.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: **06-00025**

**FILED**
DISTRICT COURT OF GUAM
DEC -1 2006
MARY L.M. MORAN
CLERK OF COURT

TO: (Name and address of Defendant) **FUJITSU LIMITED**

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Joseph C. Razzano, Esq.
Teker Torres & Teker, P.C.
130 Aspinall Avenue, Suite 2A
Hagatna, Guam 96910

an answer to the complaint which is served on you with this summons, within **twenty (20)** days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

MARY L. M. MORAN
Clerk Of Court

CLERK

(By) DEPUTY CLERK

DATE  SEP 1 3 2006

**ORIGINAL**

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE<br>11/13/2006 |
| NAME OF SERVER (PRINT)<br>Michael W. Shore | TITLE |

*Check one box below to indicate appropriate method of service*

[ ] Served personally upon the defendant. Place where served:

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

[ ] Returned unexecuted:

[X] Other (specify): **In accordance with the Court's November 9, 2006 Order, Plaintiff's Original Complaint was served via email on November 9 and 13, 2006, and copies were served via Federal Express, signed receipt, on November 10, 2006 to Christopher Chalsen, and to Shigeru Kitano on November 13, 2006.**

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL<br>$ |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
 *Signature of Server*  Michael W. Shore
 Shore Chan Bragalone, LLP
 325 North Saint Paul Street, Suite 4450
 Dallas, Texas 75201

_____
*Street Address of Server*

_____
*City State Zip Code of Server*

---

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**From:** Alexandra Mitchell
**Sent:** Thursday, November 09, 2006 5:47 PM
**To:** christopher chalsen; shigeru kitano
**Subject:** NANYA Fujitsu Complaint (Guam).pdf

Gentlemen - Attached are (1) a copy of the Complaint filed on 09-13-2006 in the above-referenced action, as well as (2) a copy of the Order entered today 11-09-2006. Hard copies of these documents have been forwarded to you by Federal Express. Please note that the copy of the complaint attached does not include the very large appendix because the file size might have caused delivery problems. The full appendix is, of course, included in the hard copy that will arrive by Federal Express. Thank you.

# SHORE CHAN
## BRAGALONE LLP
ATTORNEYS & COUNSELORS AT LAW

Alexandra Mitchell
Legal Secretary
Shore Chan Bragalone LLP
325 North Saint Paul Street-Suite 4450
Dallas, Texas 75201
214.593.9142 Direct Dial
214.593.9110 Main Number
214.593.9111 Facsimile
alexandra.mitchell@shorechan.com

**NOTICE OF CONFIDENTIALITY:**
The information contained in and transmitted with this e-mail may be subject to the Attorney-Client and Attorney Work Product privileges, and is Confidential. It is intended only for the individuals or entities designated as recipients above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.

--
No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.0.409 / Virus Database: 268.14.12/545 - Release Date: 11/21/2006

11/22/2006

**From:** Michael Shore
**Sent:** Monday, November 13, 2006 10:18 AM
**To:** cchalsen@milbank.com
**Cc:** kitano@Iip.fujitsu.com; kitano@lip.fujitsu.com; Alfonso G Chan; Vance Freeman
**Subject:** Service

Dear Chris and Kitano-san:

Attached please find a copy of the Complaint filed in Guam on September 134, 2006, as well as the Civil Cover Sheet, and other materials previously filed. The Guam Federal District Court granted Nanya's motion for service under Rule 4(f)(3) yesterday, and the form of service approved was email and mail to each of you. Upon my presentation of this email to the Court as evidence of return of service, Fujitsu Ltd.'s answer will be due in 20 days. We will forward you a copy of the Court's Order as soon as we receive a file-stamped copy.

Regards,

Michael W. Shore

## SHORE CHAN BRAGALONE LLP
ATTORNEYS & COUNSELORS AT LAW

MICHAEL W. SHORE

325 NORTH SAINT PAUL ST.
SUITE 4450
DALLAS, TEXAS 75201
214-593-9140 (DIRECT)
214-593-9110 (FIRM)
214-593-9111 (FAX)

**NOTICE OF CONFIDENTIALITY:**
THE INFORMATION CONTAINED IN AND TRANSMITTED WITH THIS E-MAIL MAY BE SUBJECT TO THE ATTORNEY-CLIENT AND ATTORNEY WORK PRODUCT PRIVILEGES, AND IS CONFIDENTIAL. IT IS INTENDED ONLY FOR THE INDIVIDUALS OR ENTITIES DESIGNATED AS RECIPIENTS ABOVE. YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, COPYING, USE OR RELIANCE UPON THE INFORMATION CONTAINED IN AND TRANSMITTED WITH THIS E-MAIL BY OR TO ANYONE OTHER THAN THE ADDRESSEE DESIGNATED ABOVE BY THE SENDER IS UNAUTHORIZED AND STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE NOTIFY THE SENDER BY REPLY IMMEDIATELY. ANY E-MAIL ERRONEOUSLY TRANSMITTED TO YOU SHOULD BE IMMEDIATELY DESTROYED.

--
No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.0.409 / Virus Database: 268.14.5/534 - Release Date: 11/14/2006

11/22/2006



Close Window

## Track Shipments
### Detailed Results

(P) Print

| | | | |
|---|---|---|---|
| **Tracking number** | 791582660786 | **Reference** | NANYA Fujitsu |
| **Signed for by** | J.DEVINCENZO | **Destination** | New York, NY |
| **Ship date** | Nov 9, 2006 | **Delivered to** | Mailroom |
| **Delivery date** | Nov 10, 2006 10:16 AM | **Service type** | Priority Box |
| | | **Weight** | 3.0 lbs. |
| **Status** | Delivered | | |

**Signature Proof of Delivery**
Click **Request copy of signature** to view delivery information for this shipment.



[ Request copy of signature ]

| Date/Time | | Activity | Location | Details |
|---|---|---|---|---|
| Nov 10, 2006 | 10:16 AM | Delivered | New York, NY | |
| | 7:53 AM | On FedEx vehicle for delivery | NEW YORK, NY | |
| | 7:47 AM | Departed FedEx location | NEWARK, NJ | |
| | 7:46 AM | At local FedEx facility | NEW YORK, NY | |
| | 5:57 AM | Arrived at FedEx location | NEWARK, NJ | |
| | 4:15 AM | Departed FedEx location | INDIANAPOLIS, IN | |
| | 1:42 AM | Arrived at FedEx location | INDIANAPOLIS, IN | |
| Nov 9, 2006 | 8:38 PM | Left origin | DALLAS, TX | |
| | 7:44 PM | Picked up | DALLAS, TX | |
| | 5:28 PM | Package data transmitted to FedEx | | |

[ E-mail results ]   [ Track more shipments ]

Subscribe to tracking updates (optional)

Your Name:                         Your E-mail Address:

| E-mail address | Language | Exception updates | Delivery updates |
|---|---|---|---|
| | English | ☐ | ☐ |
| | English | ☐ | ☐ |
| | English | ☐ | ☐ |
| | English | ☐ | ☐ |

**Select format:** ⦿ HTML ◯ Text ◯ Wireless
**Add personal message:**

Not available for Wireless or non-English characters.

☐ By selecting this check box and the Submit button, I agree to these Terms and Conditions          Submit

Close Window



Close Window

## Track Shipments
## Detailed Results

Print

| | | | |
|---|---|---|---|
| Tracking number | 798040306292 | Reference | NANYA Fujitsu |
| Signed for by | .EBINA | Destination | KAWASAKI JP |
| Ship date | Nov 9, 2006 | Delivered to | Mailroom |
| Delivery date | Nov 13, 2006 9:54 AM | Service type | Priority Box |
| | | Weight | 3.0 lbs. |
| Status | Delivered | | |

**Signature Proof of Delivery**
Click **Request copy of signature** to view delivery information for this shipment.



[ Request copy of signature ]

| Date/Time | | Activity | Location | Details |
|---|---|---|---|---|
| Nov 13, 2006 | 9:54 AM | Delivered | KAWASAKI JP | |
| | 8:09 AM | On FedEx vehicle for delivery | YOKOHAMA-SHI NAKA-KU JP | |
| | 7:36 AM | At local FedEx facility | YOKOHAMA-SHI NAKA-KU JP | |
| Nov 11, 2006 | 12:51 PM | In transit | NARITA-SHI JP | |
| | 12:51 PM | Int'l shipment release | NARITA-SHI JP | |
| | 12:15 PM | In transit | NARITA-SHI JP | Package available for clearance |
| Nov 10, 2006 | 9:59 AM | Departed FedEx location | ANCHORAGE, AK | |
| | 6:59 AM | Arrived at FedEx location | ANCHORAGE, AK | |
| | 4:46 AM | Departed FedEx location | MEMPHIS, TN | |
| | 1:25 AM | Departed FedEx location | MEMPHIS, TN | |
| | 12:27 AM | Arrived at FedEx location | MEMPHIS, TN | |
| Nov 9, 2006 | 8:38 PM | Left origin | DALLAS, TX | |
| | 7:44 PM | Picked up | DALLAS, TX | |
| | 5:30 PM | Package data transmitted to FedEx | | |

[ E-mail results ]   [ Track more shipments ]

Subscribe to tracking updates (optional)

**Your Name:**          **Your E-mail Address:**

| E-mail address | Language | Exception updates | Delivery updates |
|---|---|---|---|
| | English | ☐ | ☐ |
| | English | ☐ | ☐ |
| | English | ☐ | ☐ |
| | English | ☐ | ☐ |

**Select format:** ● HTML ○ Text ○ Wireless

**Add personal message:**

Not available for Wireless or
non-English characters.

☐ By selecting this check box and the Submit button, I agree to these Terms and Conditions

Submit

Close Window