1  RODNEY J. JACOB, ESQ.
   DANIEL M. BENJAMIN, ESQ.
2  CALVO & CLARK, LLP
   Attorneys at Law
3  655 South Marine Corps Drive, Suite 202
4  Tamuning, Guam 96913
   Telephone:   (671) 646-9355
5  Facsimile:   (671) 646-9403

6  CHRISTOPHER E. CHALSEN, ESQ.
7  MICHAEL M. MURRAY, ESQ.
   LAWRENCE T. KASS, ESQ.
8  MILBANK, TWEED, HADLEY & MCCLOY LLP
   1 Chase Manhattan Plaza
9  New York, New York 10005
   Telephone:   (212) 530-5000
10 Facsimile:   (212) 822-5796

11
   *Attorneys for Defendant*
12 FUJITSU MICROELECTRONICS AMERICA, INC.

**FILED**
DISTRICT COURT OF GUAM

DEC - 5 2006

MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

NANYA TECHNOLOGY CORP. and
NANYA TECHNOLOGY CORP. U.S.A.,

Plaintiff,

vs.

FUJITSU LIMITED, FUJITSU
MICROELECTRONICS AMERICA, INC.,

Defendants.

CIVIL CASE NO. 06-CV-00025

**FUJITSU MICROELECTRONICS AMERICA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO EXTEND TIME AND ALTERATIVE MOTION TO STAY DISCOVERY**

*CIVIL CASE NO. 06-CV-00025*
*{G0017550.DOC;1}*

**ORIGINAL**

Defendant Fujitsu Microelectronics America, Inc. ("FMA") hereby replies to "Plaintiff's Response to Defendant Fujitsu Microelectronic [sic] America, Inc.'s Motion to Extend Time", Dkt. No. 64 ("Nanya's Response"). FMA's motion includes an alternative request for a stay of discovery.

## I.    INTRODUCTION

Nanya filed this suit in an attempt to gain leverage in an earlier filed litigation by Fujitsu Ltd. in Japan involving a counterpart patent to one of the Fujitsu Ltd. patents in this action. Thus, while Nanya has repeatedly claimed special status as the party with the "first filed" action and accuses FMA of filing a "copycat" action in California, in fact it is Nanya who has filed a retaliatory litigation for tactical reasons and is now attempting to use this Court to strategically affect Fujitsu Ltd.'s earlier filed case in Tokyo.

Nanya's gamesmanship continues with its unreasonable and unnecessary insistence that this case move forward on a fast track in spite of (1) serious issues concerning service, jurisdiction[1], and the appropriateness of Guam as the venue to hear this dispute and (2) the recent filing of an Amended Complaint that was only purportedly served on co-defendant Fujitsu, Ltd. last week.

Nanya's Response again alleges, without support, that FMA seeks to "delay this case so that it can proceed with" the California case. However, the initial case management conference in California will not take place until February 2007. Neither FMA nor Fujitsu Ltd. have taken any action in the California case to accelerate those proceedings. Nanya filed its response to the California complaint without seeking an extension.

---

[1] Filed herewith is Fujitsu Microelectronics America, Inc.'s Motion to Dismiss or Transfer to the Northern District of California and for a More Definite Statement ("FMA's Motion to Dismiss").

1  Accordingly, there is no reason to rush this case forward and FMA's reasonable
2  request for an extension should be granted.

3  Concerning FMA's alternative request for a stay of discovery, Nanya's Response
4  is silent on this issue and offers no reasons why this relief should not be granted even if the
5  Scheduling Conference goes forward. Thus, the Court should stay discovery pending resolution
6  of the service, jurisdictional and other issues.

## II. NANYA'S STRATEGY IS TO IMPACT THE JAPANESE MEDIATION

Nanya's First Amended Complaint for Antitrust Law Violations, Patent Infringement, and for Declaratory Relief (Dkt. no. 24) ("Amended Complaint") concedes that this dispute between the parties dates back several years and that the first litigation was filed by Fujitsu Ltd. in Tokyo District Court on August 25, 2005 (the "Tokyo Litigation"). (*See* Amended Complaint at ¶ 24, 27 and 31.) A series of mediations has been underway in Japan under the supervision of the Tokyo Court, with the next mediation scheduled in Japan for December 18, 2006. (*See* Declaration of Christopher E. Chalsen in Support of Defendant Fujitsu Microelectronics America Inc.'s Motion to Extend Time, Dkt. No. 55, ¶ 9.) Although only one Japanese patent is at issue in the Japanese Litigation, the parties have been discussing settlement of their patent disputes on a world-wide basis.

The filing of this action during a critical phase of the Japanese mediation was not a coincidence. Neither is it a coincidence that Nanya is insisting on proceeding with a scheduling conference in Guam the week before the next Japanese mediation. From the beginning, Nanya has tried to use this litigation to put pressure on Fujitsu, Ltd. to settle the Japanese litigation, and to further settle the world-wide patent disputes between the parties. A reasonable request for an extension in a complex case should not be denied on the basis of the tactical gamesmanship of one party.

*CIVIL CASE NO.06-CV-00025*

2

III. **THE RECENTLY FILED AMENDED COMPLAINT RAISES SUBSTANTIAL NEW ISSUES**

Nanya's insistence on moving forward with this case quickly is inappropriate in view of its recent filing and purported service of the Amended Complaint.[2] Although Nanya dismisses FMA's concerns that the Amended Complaint raises new issues as "nonsense", Nanya fails to address the impact of adding Nanya USA as a plaintiff, which certainly raises new issues.

Nanya's Original Complaint named only Nanya Technology Corp. ("Nanya Taiwan") as plaintiff and alleged, *inter alia*, that Nanya Taiwan suffered damages by alleged violations of the Sherman Antitrust Act and the Clayton Act. (*See* Complaint for Declaratory Relief, Patent Infringement, and of Antitrust Violations (Dkt. No. 1) ("Original Complaint") ¶ 1, 191-194 and 196-198.) The Amended Complaint adds Nanya Technology Corp. U.S.A. ("Nanya USA"), a separate California company, that now is also claiming its own antitrust and Clayton Act damages. (*See* Amended Complaint ¶¶ 48-54.) Nanya USA presumably is an independent company with independent sales and commercial activity in the U.S. which clearly impacts at least the alleged antitrust and Clayton Act injury and alleged damages. Thus, the addition of Nanya USA to this case adds new issues and the parties should be given adequate time to consider the Amended Complaint before a scheduling conference. As noted, FMA's co-defendant was only purportedly served last week.[3]

IV. **THE SERVICE AND JURISDICTIONAL ISSUES ARE SUBSTANTIAL**

Nanya's response argues at length that Fujitsu, Ltd. has been properly served in this case. (*See* Nanya's Response at 2-6). Firstly, this Court has set a briefing and argument

---

[2] FMA notes that Nanya did not even attempt to serve the Amended Complaint on Fujitsu, Ltd. until last week.

[3] Nanya incorrectly states that "all parties to this lawsuit have been served and must answer before the Scheduling Conference". As noted, FMA has moved to dismiss and has not answered. Fujitsu Ltd. was only purportedly served with the Amended Complaint last week and its response will be due after Dec. 12, 2006.

schedule to address the significant service issues raised by Fujitsu Ltd. (*See* Dkt. No. 53) and Nanya's attempt to resolve those issues in connection with an extension request by a different party, *i.e.*, FMA, is inappropriate. The service issues should be addressed at the Motion Hearing set for January 17, 2007 as previously ordered.

Furthermore, in addition to the service issues there are certainly serious jurisdictional issues in this case. As is explained in more detail in FMA's Motion to Dismiss (filed herewith), Nanya has utterly failed to demonstrate <u>any</u> contacts between FMA and Guam, let alone contacts sufficient to establish personal jurisdiction.[4] Both the service and jurisdictional issues should be resolved before a scheduling conference is held or discovery progresses in this case.

## V. FMA'S ACTION IN CALIFORNIA IS NOT DUPLICATIVE TO NANYA'S ORIGINAL COMPLAINT

Nanya alleges that "FMA and Fujitsu, Ltd. filed a duplicative lawsuit in California after this case was filed." (Nanya Response at 7.) As noted above, the first filed case in the long-running dispute between Fujitsu and Nanya was the Tokyo Litigation filed by Fujitsu, Ltd. It was Nanya who filed a strategic retaliatory action in Guam.

Nanya's Guam filing made it clear that Nanya was intent on spreading the litigation between the parties beyond the Japanese case. Fujitsu, Ltd. and FMA then brought the California action. There were good reasons to bring that case in California. First, the original Guam case included only Nanya Taiwan as a plaintiff, whereas there are at least two Nanya entities infringing Fujitsu Ltd.'s patents in the U.S., *i.e.*, Nanya Taiwan and Nanya USA. Fujitsu Ltd. wanted to include both infringers as defendants in its U.S. case. As Nanya USA is a California corporation with no apparent connection to Guam, jurisdiction over Nanya USA was

---

[4] FMA understands that Fujitsu Ltd. similarly will object to jurisdiction when it responds to the purported service of the Amended Complaint.

clearly proper in California. Further, for reasons discussed in FMA's Motion to Dismiss, this Court lacks jurisdiction over FMA and Guam is a substantially less convenient forum to hear this dispute. Thus, it was certainly appropriate for FMA to file its U.S. case in California.

Nanya's Amended Complaint, on the other hand, was clearly filed in response to the California case and was a transparent attempt to make the California and Guam actions more alike by adding a Fujitsu Ltd. patent not previously at issue in Guam and by adding Nanya USA as co-plaintiff. This again was done for tactical reasons so that Nanya could claim in its motion to transfer the California case to Guam that the issues and parties were the same in both cases.

## VI. FMA'S ALTERNATIVE REQUEST FOR A STAY OF DISCOVERY IS EFFECTIVELY UNOPPOSED

Although FMA believes that the Scheduling Conference in this case is best adjourned until after at least the service issues are resolved, an important factor is to avoid expensive and time consuming discovery in Guam until it has been determined whether or not the case will go forward in this jurisdiction. The Guam case includes numerous complex issues not present in the California case, *e.g.*, this case has 11 additional patents plus antitrust and Clayton Act claims. Thus, discovery in Guam will be complex and expensive and will exceed anything required by the California case.

Nanya's Response does not address, at all, FMA's alterative request for a stay of discovery. Thus, this request is effectively unopposed and should be granted.

## VII. ORAL ARGUMENT ON THIS MOTION IS UNNECESSARY

Incredibly, Nanya asks that there be an oral argument at the Scheduling Conference on the issue of whether or not there should be a Scheduling Conference. FMA respectfully suggests that it is not necessary to have oral argument on this straightforward motion.

## VIII. CONCLUSION

For the foregoing reasons, FMA respectfully requests that this Court grant the

*CIVIL CASE NO.06-CV-00025*

(G0017550.DOC-1)

1  extensions of the schedule as set forth in its motion papers. FMA further requests that its
2  effectively unopposed motion for a stay of discovery be granted and that the complex and costly
3  discovery that this case will generate be put off until the serious service and jurisdictional issues
4  are resolved.

Respectfully submitted this 5th day of December, 2006.

**CALVO & CLARK, LLP**
**MILBANK, TWEED, HADLEY**
**& MCCLOY LLP**
*Attorneys for Defendant*
Fujitsu Microelectronics America, Inc.

By: _____
**DANIEL M. BENJAMIN**

*CIVIL CASE NO.06-CV-00025*

6