RODNEY J. JACOB, ESQ.
DANIEL M. BENJAMIN, ESQ.
CALVO & CLARK, LLP
Attorneys at Law
655 South Marine Corps Drive, Suite 202
Tamuning, Guam 96913
Telephone:  (671) 646-9355
Facsimile:  (671) 646-9403

CHRISTOPHER E. CHALSEN, ESQ.
MICHAEL M. MURRAY, ESQ.
LAWRENCE T. KASS, ESQ.
MILBANK, TWEED, HADLEY & MCCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone:  (212) 530-5000
Facsimile:  (212) 822-5796

*Attorneys for Defendant*
FUJITSU MICROELECTRONICS AMERICA, INC.

FILED
DISTRICT COURT OF GUAM
DEC - 5 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP. and NANYA TECHNOLOGY CORP. U.S.A.,<br><br>Plaintiff,<br><br>vs.<br><br>FUJITSU LIMITED, FUJITSU MICROELECTRONICS AMERICA, INC.,<br><br>Defendants. | CIVIL CASE NO. 06-CV-00025<br><br>**FUJITSU MICROELECTRONICS AMERICA, INC.'S MOTION TO DISMISS OR TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA AND FOR A MORE DEFINITE STATEMENT (with supporting Memorandum and Declaration)**<br><br>**ORAL ARGUMENT REQUESTED** |

*CIVIL CASE NO. 06-CV-00025*

ORIGINAL

Defendant Fujitsu Microelectronics America, Inc. ("FMA") moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(2) for an order dismissing FMA from this action for lack of personal jurisdiction. FMA also moves, pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406 for an order dismissing FMA from this action for improper venue or, alternatively, pursuant to 28 U.S.C. § 1404(a), transferring FMA to the United States District Court for the Northern District of California. FMA further moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

This motion is based on the attached Memorandum of Law, the declaration of Michael M. Moore, sworn to on December 4, 2006, the pleadings and such further evidence and argument as the Court may consider.

Respectfully submitted this 5th day of December, 2006.

        **CALVO & CLARK, LLP**
        **MILBANK, TWEED, HADLEY**
        **& MCCLOY LLP**
        *Attorneys for Defendant*
        Fujitsu Microelectronics America, Inc.

By: _____
   **DANIEL M. BENJAMIN**

1

FILED
DISTRICT COURT OF GUAM

OCT - 5 1998

MARY L.M. MORAN
CLERK OF COURT

(44)

IN THE DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| GEORGE COPITAS and JOSEPH GARGAS,<br><br>Plaintiffs,<br><br>vs.<br><br>FISHING VESSEL ALEXANDROS,<br>OFFICIAL NO. 95013, HER ENGINES,<br>NETS, FURNITURE, etc., In Rem,<br>Nick Violaris, Sokimona Fishing Pty. Ltd,<br>In Personam.<br><br>Defendants. | Civil Case No. CIV 98-00010 3 KSW<br><br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on Defendants' Motion to Dismiss for Forum Non Conveniens. The court has considered the submissions by the parties and the law and GRANTS the motion under the following conditions: (1) Defendants submit to the jurisdiction of Papua New Guinea courts; and (2) Defendants issue a letter of guarantee that they will satisfy any Papua New Guinea judgment awarded to Plaintiffs.

### I. STATEMENT OF THE CASE

The M/V Alexandros is a fishing vessel registered in Papua New Guinea (PNG), and owned by Defendant Sokimona Fishing Pty, a Papua New Guinea corporation. Defendant Nick Violaris owns Sokimona and is a resident of Australia. Plaintiffs are United States citizens hired out of California to work aboard the M/V Alexandros as engineers. Plaintiffs were employed to repair the vessel, prepare the vessel for fishing, and serve onboard the vessel, and agreed to wages of $50/day plus expenses to prepare the vessel, and wages of $30/ton for Plaintiff Copitas and

1  $15/ton for Plaintiff Gargas once the vessel began fishing voyages. The agreements for
2  employment and wages were not in writing. Plaintiffs traveled to Singapore in May and June of
3  1997 to begin their engagement. Gargas claims he supervised the unloading of a fishing net which
4  was sent to Guam, as well as the shipment of a water purification system to Guam for installation
5  while the vessel was still in port.

6  The Plaintiffs' employment ended on December 5, 1997, when Copitas allegedly assaulted
7  the ship's captain. Gargas voluntarily terminated his employment at the same time. The
8  Defendants assert that Copitas was terminated for cause as a result of the alleged assault.
9  However, Copitas claims he was not terminated, implicitly arguing the vessel's captain could not
10 effect a unilateral termination.

11 Two weeks after the allegedly assault, the vessel left Singapore without the Plaintiffs and
12 sailed to Guam to retrieve the fishing net under repair. The M/V Alexandros left Guam, but
13 returned for further repairs on the net. The net was arrested at this time. The repair of the fishing
14 net is Defendants' only contact with Guam. Plaintiffs seek unpaid ordinary wages and statutory
15 wages for violation of 46 U.S.C. §10601.

16 Defendants seek a dismissal for forum non conveniens, and have agreed the dismissal may
17 be conditional upon 1)Defendants Violaris and Sokimona submitting themselves to the jurisdiction
18 of the PNG court, and 2)the M/V Alexandros being submitted to the in rem jurisdiction of the
19 PNG court.

20 **II. ANALYSIS**

21 The facts here are similar to a case the Court dismissed in July 1998 for forum non
22 conveniens, where the same defendants sought dismissal for forum non conveniens. Gargas v.
23 Violaris, CIV 97-00081, Memorandum Order (D. Guam July 13, 1998). The U.S. citizen
24 plaintiffs in Gargas allege they entered an oral contract to provide consulting, legal and
25 administrative services as part of a joint fishing venture and fishing vessel. Plaintiff Gargas also
26 alleged he was to serve as captain of the M/V Alexandros. Plaintiffs sought jurisdiction on Guam
27 by seizing Defendants' fishing net, which was being repaired on Guam. This was defendants' only
28

2

1  contact with Guam. Plaintiffs' complaint demanded payment for the approximate value of their
2  services. The Court dismissed the case, upon condition that plaintiffs re-file in PNG, and
3  defendants submit themselves to PNG jurisdiction.
4      Defendants rely heavily on the Court's decision in Gargas, arguing the sole distinguishing
5  factor arises from the Court's in rem jurisdiction over the vessel in the present case. Additionally,
6  to make the present case factually identical to Gargas, Defendants have offered to concede in rem
7  jurisdiction of the M/V Alexandros to the courts of PNG.

## A. DEFENDANTS HAVE MET THEIR BURDEN FOR DISMISSAL

### 1. An Adequate Alternative Forum Exists

The forum non conveniens doctrine is predicated upon the existence of another adequate and available alternative forum. Perusahaan Umum Listrik Negara Pusat v. M/V Tel Aviv, 711 F.2d 1231, 1238 (9th Cir. 1983). Generally, an alternative forum exists when the defendant is amenable to process in the other forum. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947). In the present case, Plaintiffs offered a declaration indicating PNG is a common law maritime jurisdiction, and its courts have jurisdiction over any claim by a seaman for wages earned onboard a ship. Decl. of Brian Denis White, Application for Reconsideration of Order Vacating Arrest and for Issuance of Warrant of Arrest of Vessel Pursuant to Supp. Admiralty Rule C(3), filed April 1, 1998. Additionally, PNG adopted English Common Law, which gives seaman seeking unpaid wages a maritime lien upon a vessel, which travels with the vessel and can be enforced in PNG courts by an in rem action. Id. Thus, PNG is an adequate alternative forum.[1]

Having found PNG is an adequate alternative forum, the two-prong forum non conveniens test applies: 1) determining choice of law; 2) weighing private and public interest factors.

### 2. Under Choice of Law Analysis, Papua New Guinea Law Should be Applied

The Court finds that PNG law controls. The choice of law determination takes eight

---

[1] At hearing, Defendants stated that there would probably not be a significant difference in the amount of recovery if the action were heard in PNG, although he was not sure if PNG allowed for punitive damages.

3

factors into consideration.[2] Defendants make a compelling argument that PNG law applies, and Plaintiffs concede that analysis of the factors "suggest that the law of PNG should be applied." Plaintiff's Memorandum in Support of Plaintiffs' Opposition to to Defendants' Motion to Dismiss on Ground of Forum Non Conveniens at 7, filed Sept. 8, 1998. The following factors strongly favor the application of PNG law: law of the flag (M/V Alexandros); allegiance of the shipowner (Sokimona) and shipowner's base of operations. Yet the fact that PNG law applies will not given "conclusive or even substantial weight." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 247 (1981).[3]

### 3. Weighing Private and Public Interest Factors Favor Dismissal

Private interests include: ease of access to sources of proof; compulsory process to obtain the attendance of hostile witnesses; the cost of transporting friendly witnesses; and other problems that interfere with an expeditious trial. Gulf Oil, 330 U.S. at 508. The distance between Guam and PNG is at most four or five hours by plane, and none of the parties reside in PNG. In fact, Plaintiffs reside in the U.S. mainland and Violaris is an Australian citizen, while the vessel and its captain are seafaring. Thus, most of the key players and information for trial are closer to PNG. The cost and access to witnesses is not considerably more burdensome for either party in having the trial in Guam. Additionally, the record does not indicate the availability of compulsory process necessary to obtain attendance of hostile witnesses; the absence of process weighs against dismissal, and it is Defendants' burden to show such process exists.

Weighing public interest factors especially favor dismissal. Public interest factors include court congestion, the local interest in resolving the controversy, and the preference for having the forum apply a law with which it is familiar. Contact Lumber Co. v. Moges Shipping Co., 918 F.2d

---

[2] Relevant considerations for choice of law determinations: 1) place of the wrongful act; 2) law of the flag; 3) allegiance or domicile of the injured party; 4) allegiance of the shipowner; 5) place of contract; 6)inaccessibility of foreign forum; 7) law of the forum. Lauritzen v. Larsen, 345 U.S. 571 (1953) and Hellenic Lines, Ltd. v. Rhoditis, 398 U.S. 306 (1970). Hellenic also added an eighth factor, the shipowner's base of operations.

[3] There is an exception when the alternative forum's remedy is so inadequate or unsatisfactory "that it is no remedy at all." Piper, 454 U.S. at 254. The exception does not apply, because PNG recognizes the common law giving seamen seeking unpaid wages a maritime lien upon a vessel, and the lien travels with the vessel and can be enforced in PNG courts by an in rem action. Decl. of Brian Denis White.

4

1446, 1452 (1990). In analyzing court congestion, the Court acknowledges its heavy docket, but has previously stated that "it is not so congested that it cannot hear [a] case in a timely manner." Gargas, Memorandum Order, at 4. However, the local interest in resolving the controversy is minimal, as the vessel's only contact with Guam involved the repair of fishing nets with a Guam business. Finally, the Court has already determined that PNG law should apply, and having the action heard in PNG meets the public interest that a forum apply a law with which it is familiar.

Thus, the two-part test favors dismissal. However, Plaintiffs have two compelling arguments in their favor. First, courts have long recognized the view of seamen as "wards of admiralty" who are entitled to heightened legal protection. Semintilli v. Trinidad Corp., 1998 WL 614654 1, 7 (9th Cir. Cal. 1998). Second, Plaintiffs they "retain the heavy presumption in favor of their choice of forum. A plaintiff's interest in this choice is itself sufficient to tilt the scale in his favor." Perusahaan, 711 F.2d at 1240. Yet the Perusahaan court also stated that

> When a dispute arises, parties should be encouraged to seek judicial resolution in the most convenient forum, respecting the various public and private interests. If the court is satisfied that there exists an alternative forum with substantially more contacts to the dispute, and that this forum is adequate and available to plaintiff, the court may dismiss on forum non conveniens grounds.

Id. at 1242. Plaintiffs have not proved Guam is a convenient forum, and Defendants have proved Guam is inconvenient. To take Plaintiffs' argument to its logical conclusion, the Court would be able to extend its jurisdiction based upon utterly minimal contacts with Guam, for example, over airplanes that land on Guam for one hour to refuel. Even in applying the heightened legal protection due to "wards of admiralty," the Court must find sufficient contacts after analyzing the relevant factors in order to exercise jurisdiction. United Continental Tuna Corp. v. United States, 550 F.2d 569, 573 (9th Cir. 1977). Despite Plaintiffs' status and the presumption in choosing a forum, the exercise of jurisdiction here does not further the interest of judicial economy, when an available and adequate alternative forum exists.

### III. CONCLUSION

Therefore, the Motion to Dismiss for Forum Non Covneniens is granted with the following conditions: (1) Defendants submit to the jurisdiction of the courts of Papua New

5

1  Guinea; and (2) Defendants issue a letter of guarantee that they will satisfy any judgment awarded
2  to Plaintiffs.
3      IT IS SO ORDERED.
4  Dated: October 5, 1998

_____
JOHN S. UNPINGCO
District Judge