1  **RODNEY J. JACOB, ESQ.**
   **DANIEL M. BENJAMIN, ESQ.**
2  **CALVO & CLARK, LLP**
   Attorneys at Law
3  655 South Marine Corps Drive, Suite 202
   Tamuning, Guam  96913
4  Telephone:    (671) 646-9355
   Facsimile:    (671) 646-9403
5

6  **CHRISTOPHER E. CHALSEN, ESQ.**
   **MICHAEL M. MURRAY, ESQ.**
7  **LAWRENCE T. KASS, ESQ.**
   **MILBANK, TWEED, HADLEY & MCCLOY LLP**
8  1 Chase Manhattan Plaza
   New York, New York 10005
9  Telephone:    (212) 530-5000
   Facsimile:    (212) 822-5796
10

11 *Attorneys for Defendant*
   FUJITSU MICROELECTRONICS AMERICA, INC.
12

13

14              IN THE UNITED STATES DISTRICT COURT

15                       DISTRICT OF GUAM

16
   NANYA TECHNOLOGY CORP. and          CIVIL CASE NO. 06-CV-00025
17 NANYA TECHNOLOGY CORP. U.S.A.,

18              Plaintiff,
                                       **FUJITSU MICROELECTRONICS**
19        vs.                          **AMERICA, INC.'S MEMORANDUM**
                                       **OF POINTS AND AUTHORITIES IN**
20                                     **SUPPORT OF ITS MOTION TO**
   FUJITSU LIMITED, FUJITSU            **DISMISS OR TRANSFER TO THE**
21 MICROELECTRONICS AMERICA, INC.,     **NORTHERN DISTRICT OF**
                                       **CALIFORNIA AND FOR A MORE**
22              Defendants.            **DEFINITE STATEMENT**

23

24

25

26

27

28

*CIVIL CASE NO. 06-CV-00025*

FILED
DISTRICT COURT OF GUAM

DEC - 5 2006

MARY L.M. MORAN
CLERK OF COURT

ORIGINAL

# TABLE OF CONTENTS

I.  Introduction ........................................................................................................ 1

II.  Statement of Facts ............................................................................................ 2

  A.  FMA Has No Significant Contacts with Guam, nor Any Documents or Witnesses in Guam
.............................................................................................................................. 2

III.  Applicable Laws ............................................................................................... 4

  A.  Personal Jurisdiction ....................................................................................... 4

    1.  Plaintiff Bears the Burden of Establishing Personal Jurisdiction ................... 4

    2.  Guam's Long-Arm Statute Is Coextensive with the Due Process Clause ....... 5

    3.  Due Process Requires "Minimum Contacts" to Support Personal Jurisdiction .............. 5

    4.  General Jurisdiction Requires Substantial, Continuous or Systematic Contact .............. 5

    5.  Specific Jurisdiction Requires a Three Part Test ........................................... 6

      a.  Plaintiff Must Show that Defendant Purposefully Availed Itself of the Privilege of Conducting Activities in Guam .............................................................................. 6

      b.  Plaintiff Must Establish that the Action Arises Out of the Forum-Related Activities. 7

      c.  Assertion of Personal Jurisdiction over Defendant Must Not Be Unreasonable ......... 7

  B.  Where Venue is Improper Dismissal or Transfer Is Mandatory ........................... 8

  C.  Dismissal or Transfer for Inconvenience Is Appropriate Where the Parties' Contacts with the Forum Are Tenuous or in the Interests of Justice ........................................ 8

  D.  Complaint Alleging Patent Infringement Must Specifically Identify the Accused Infringing Products ............................................................................................................. 10

IV.  Analysis ......................................................................................................... 10

  A.  FMA Should Be Dismissed from this Action for Lack of Personal Jurisdiction .............. 10

    1.  Nanya Cannot Establish General Jurisdiction Because FMA's Activities in Guam are not Substantial, Continuous or Systematic ................................................... 10

    2.  Nanya Cannot Satisfy Specific Jurisdiction for Any of Its Asserted Causes of Action. 11

      a.  Nanya Cannot Satisfy the Test for Specific Jurisdiction for Its Antitrust Claims ..... 11

      b.  Nanya Cannot Satisfy the Three Part Test for Specific Jurisdiction for Its Patent Infringement Claims .......................................................................................... 12

        (i)  FMA Has Not Purposefully Availed Itself of the Privilege of Doing Business in Guam ............................................................................................................ 12

        (ii)  Nanya's Claims Do Not Arise from Any Activities by FMA in Guam ............ 14

        (iii)  Exercise of Specific Jurisdiction Would Be Unreasonable .......................... 14

      c.  Nanya Cannot Satisfy the Three Part Test for Specific Jurisdiction for its Declaratory Judgment Claims .............................................................................................. 14

  B.  FMA Must Be Dismissed from this Action or Transferred for Improper Venue .............. 15

C.  FMA Should Be Dismissed or in the Alternative, Transferred from this Action for Lack of Convenience.................................................................................................................. 15

   1.  Nanya Could Have Brought This Action in the Northern District of California........... 15

   2.  The Balance of Convenience Favors Dismissal or Transfer of FMA from this Action to the Northern District of California ...................................................................................... 15

D.  Nanya's Amended Complaint Does Not Relate Back to Its Original Complaint; Therefore, FMA's N.D. Cal. Complaint Is "First Filed"..................................................................... 17

E.  FMA's Motion for a More Definite Statement Must Be Granted Because Nanya's Amended Complaint Fails to Specifically Identify the Accused Infringing Products ....... 19

V.  Conclusion ..................................................................................................................... 20

# TABLE OF AUTHORITIES

**Cases**

*Abuan v. Gen. Elec. Co.,*
   735 F. Supp. 1479 (D. Guam 1990) ............................................................ 5, 7, 11, 13

*Amana Refrigeration, Inc. v. Quadlux, Inc.,*
   172 F.3d 852, 857 (Fed. Cir. 1999) ...................................................................... 7

*Arley v. United Pac. Ins. Co.,*
   379 F.2d 183 (9th Cir. 1967) ................................................................................ 8

*Asahi Metal Indus. Co. v. Superior Court,*
   480 U.S. 102 (1987) ....................................................................................... 7, 13

*Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.,* 223 F.3d 1082 (9th Cir. 2000) ............................ 5

*Burger King v. Rudzewicz,*
   471 U.S. 462 (1985) ........................................................................................ 6, 8

*Copitas v. Fishing Vessel Alexandros,*
   No. 98-00013 (D. Guam October 5, 1998) ...................................................... 10, 16

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.,*
   557 F.2d 1280 (9th Cir. 1977) .......................................................................... 4, 5, 6

*Decker Coal Co. v. Commonwealth Edison Co.,*
   805 F.2d 834 (9th Cir. 1986) ................................................................................ 9

*Doe v. Am. Nat'l Red Cross,*
   112 F.3d 1048 (9th Cir. 1997) ............................................................................... 8

*Esoft, Inc. v. Astaro Corp.,*
   No. 06-00441, 2006 WL 2164454 (D. Colo. July 31, 2006) ............................... 10, 19

*Gray & Co. v. Firstenberg Mach. Co., Inc.,*
   913 F.2d 758 (9th Cir. 1990) ........................................................................... 6, 12

*Gulf Oil v. Gilbert,*
   330 U.S. 501 (1947) ............................................................................................. 9

*Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.,*
   784 F.2d 1392 (9th Cir. 1986) ........................................................................... 6, 7

*Hanson v. Denckla,*
   357 U.S. 235 (1958) ............................................................................................ 6

*Hewlett-Packard Co. v. Intergraph Corp.,*
   No. 03-2517, 2003 WL 23884794 (N.D. Cal. Sept. 6, 2003) .................................. 10

*Hollyanne Corp. v. TFT, Inc.,*
   199 F.3d 1304 (Fed. Cir. 1999) ............................................................................. 6

*Illinois Tool Works, Inc. v. Foster Grant Co.,*
   395 F. Supp. 234, 250-51 (N.D. Ill. 1974) ........................................................... 17

*Image Technical Servs., Inc. v. Eastman Kodak Co.,*
   125 F.3d 1195 (9th Cir. 1997) ............................................................................. 18

*Int'l Shoe v. Washington,*
   326 U.S. 310 (1945) ............................................................................................. 5

*Judin v. United States,*
   110 F.3d 780 (Fed. Cir. 1997) ....................................................................... 10, 19

*N. Am. Phillips Corp. v. Am. Vending Sales, Inc.,*
   35 F.3d 1576 (Fed. Cir. 1994) .............................................................................. 5

*Pac. Atl. Trading Co., Inc. v. M/V Main Express,*
   758 F.2d 1325 (9th Cir. 1985) .............................................................................. 6

*Pac. Car and Foundry Co. v. Pence,*
    403 F.2d 949 (9th Cir. 1968)............................................................................ 9, 15, 16
*Pacesetter Sys., Inc. v. Medtronic, Inc.,*
    678 F.2d 93 (9th Cir. 1982).......................................................................................... 18
*Pennington Seed, Inc. v. Produce Exchange No. 299,*
    457 F.3d 1334 (Fed. Cir. 2006)................................................................................... 5, 7
*Piper Aircraft Co. v. Reyno,*
    454 U.S. 235 (1981)........................................................................................................ 9
*Rano v. Sipa Press, Inc.,*
    987 F.2d 580 (9th Cir. 1993)....................................................................................... 4, 5
*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.,*
    148 F.3d 1355 (Fed. Cir. 1998).............................................................................. 4, 5, 6
*Roth v. Garcia Marquez,*
    942 F.2d 617 (9th Cir. 1991)........................................................................................... 5
*Scott v. Breeland,*
    792 F.2d 925 (9th Cir. 1986).................................................................................... 7, 14
*Storage Tech. Corp. v. Cisco Sys., Inc.,*
    329 F.3d 823 (Fed. Cir. 2003)........................................................................................ 8
*Terracom v. Valley Nat'l Bank,*
    49 F.3d 555 (9th Cir. 1995)............................................................................................ 7
*Triton Container Int'l, Ltd. v. Compania Anomina Venezolana de Navigacion,*
    No. 94-00055, 1994 WL 803257, (D. Guam Dec. 12, 1994)............................... 9, 15, 16
*Van Dusen v. Barrack,*
    376 U.S. 612 (1964)......................................................................................................... 8
*World-Wide Volkswagen v. Woodson,*
    444 U.S. 286 (1980)..................................................................................................... 6, 7

**Statutes**
28 U.S.C. § 1391(a) ........................................................................................................... 15
28 U.S.C. § 1400(b) ...................................................................................................... 8, 15
35 U.S.C. § 286 ................................................................................................................. 17
Guam Civil Code § 14109 ................................................................................................... 5
U.S. Dist. Ct. N.D. Cal. Patent L.R. 7-1 ........................................................................... 16

**Rules**
Fed. R. Civ. P. 11 .............................................................................................................. 10
Fed. R. Civ. P. 12(e) .......................................................................................................... 10
Fed. R. Civ. P. 15(c) .......................................................................................................... 17
Fed. R. Civ. P. Form 16 .................................................................................................... 10

**Treatises**
*Moore's Federal Practice and Procedure* § 15.19[2] (2006). .......................................... 18

## I.    INTRODUCTION

Fujitsu Microelectronics America, Inc. ("FMA") respectfully submits this memorandum in support of its motion to dismiss FMA from this action for lack of jurisdiction and/or improper venue, or alternatively to transfer this action to the Northern District of California, where both FMA and co-plaintiff Nanya Technology Corp. USA ("Nanya USA"), a wholly-owned subsidiary of co-plaintiff Nanya Technology Corp. ("Nanya Taiwan")(collectively "Nanya" or "Plaintiffs") reside.    Defendant Fujitsu Limited ("Fujitsu Ltd."), a Japanese corporation, has not yet been properly served in this action.[1]

This Court should most appropriately dismiss Nanya's Amended Complaint against FMA for lack of personal jurisdiction and/or for improper venue.  First, FMA does not have "minimum contacts" with Guam as required to establish personal jurisdiction generally. FMA is a California corporation, its sales territory does not cover Guam, and it has no agents, place of business, or substantial, continuous or systematic contacts with Guam.  Second, the Court lacks specific personal jurisdiction with regard to Nanya's claims because the alleged activities about which Nanya complains did not occur in Guam, nor did they arise from or have anything to do with any alleged contacts between FMA and Guam.  FMA did not purposefully avail itself of doing business in Guam.

Nanya's First Amended Complaint For Antitrust Law Violations, Patent Infringement, And For Declaratory Relief ("Amended Complaint") merely alleges that Defendants made a settlement proposal in Japanese proceedings, speculates that the proposal might have effects which "would encompass sales in the United States and the Territory of Guam," and levels the baseless accusation that Defendants are attempting to "capture licensing fees for 100 percent of the DDR SDRAM market . . . among the States and the Territories of the

---

[1] Nanya purported to recently serve Fujitsu Ltd. with the Amended Complaint, and thus Fujitsu Ltd. will respond separately to the Amended Complaint in due course.

1

United States" or to "distort the market in the United States and its territories." (See Amended Complaint at ¶¶ 32, 43, 49, 50, 53.) These jurisdictional allegations are hypothetical, vague, and not substantiated by specific facts tying any alleged activities to Guam. Moreover, Nanya's allegations are directed to co-defendant Fujitsu Limited ("Fujitsu Ltd."), not FMA. Further, Nanya offers no evidence that FMA's products are or have ever been available in Guam, or that FMA has a reasonable apprehension of being subject to jurisdiction in Guam. Thus, Nanya has failed to establish a *prima facie* case of personal jurisdiction over FMA.

The Court should dismiss FMA from this action or, in the alternative, transfer FMA to the District Court for the Northern District of California, for the additional reason that Guam is an inconvenient forum. The Northern District of California -- where both FMA and Nanya USA reside -- would be much more convenient for the parties and witnesses.

Nanya's Amended Complaint also does not identify a single accused infringing product and, therefore, fails to state a discernible claim for patent infringement. Because FMA has not received fair notice of the grounds of the infringement claims, this Court should grant FMA's motion for a more definite statement under Rule 12(e).

## II.    STATEMENT OF FACTS

### A.    FMA Has No Significant Contacts with Guam, nor Any Documents or Witnesses in Guam

FMA is a corporation organized and existing under the laws of California, and maintains its principal place of business at 1250 E. Arques Avenue, M/S 333, Sunnyvale, California 94085-5401. (Michael M. Moore Declaration in Support of Fujitsu Microelectronics America, Inc.'s Motion to Dismiss or Transfer to the Northern District of California and for a More Definite Statement ("Moore Decl.") ¶ 2). FMA is engaged in the business of sales and design of products for networking, wireless, automotive, industrial, consumer, and security applications. (*Id.* ¶ 3.)

1    FMA does not maintain any offices in Guam and has no operations, affiliates,

2    employees or salespersons in Guam. (*Id.* ¶ 4.) In fact, Guam is not even in FMA's sales territory.

3    (*Id.* ¶ 5.) FMA does not own real or personal property located in Guam. (*Id.* ¶ 6.) It has no bank

4
     accounts in Guam. (*Id.* ¶ 7.) It does not lease any office space or other facility of any kind in

5
     Guam, nor does it maintain a telephone, telex or telefax number in Guam. (*Id.* ¶ 8.) FMA does

6
7    not maintain a post office box or street address in Guam. (*Id.* ¶ 9.)

8    Further, FMA is not registered to do business in Guam, (*Id.* ¶ 10), does not file tax

9    returns in Guam, (*id.* ¶ 11), and does not advertise its products or services in any local media in

10   Guam (*id.* ¶ 12). FMA has no directors, officers or employees in Guam and has appointed no

11   agents in Guam for service of process. (*Id.* ¶ 13.) It has never been party to any lawsuit or legal

12   proceeding in Guam Federal District Court.[2] (*Id.* ¶ 16.) It has filed no papers with any agency of

13   Guam, has never negotiated nor executed any agreements in Guam, nor executed any agreements

14
     that call for their performance in Guam. (*Id.* ¶ 17.) Prior to the filing of Nanya's Complaint,

15
16   FMA has had no correspondence with Nanya of any kind in Guam nor in any way related to any

17   proposed business in Guam. (*Id.* ¶ 18.)

18   On information and belief, plaintiff Nanya is a Taiwanese Corporation having its

19   principal place of business in Hwa Ya Technology Park, 669, Fu Hsing 3rd  Rd., Kueishan,

20
     Taoyuan, Taiwan, Republic of China. (Amended Complaint ¶ 1.) In its complaint, Nanya alleges

21
22   patent misuse based in large part on meetings that took place in Taiwan and on infringement

23   proceedings initiated by Fujitsu Ltd. against Nanya in Tokyo District Court.    (Amended

24   Complaint ¶¶ 27, 28, 32, 45.) FMA was not a party to these meetings and is not involved at all in

25   the Japanese proceedings. (Moore Decl. ¶ 22.)

26

27

28   [2] According to a search of Public Access to Court Electronic Records (PACER), which
     dates back to January 1, 1997.

3

1    Nanya's accusations of patent misuse are directed to Nanya's infringement of

2    patents owned by Fujitsu Ltd. FMA does not own or control these patents. (Moore Decl. ¶ 23.)

3    Nanya's allegations of patent infringement are based on three Nanya patents

4    related to semiconductor devices. (Amended Complaint ¶¶ 58, 66, 74.) Nanya alleges that FMA

5    manufactures "a broad range of microelectronics". (Amended Complaint ¶ 21.) However, FMA

6    does not, in fact, manufacture microelectronics of any kind. (Moore Decl. ¶ 21.) Although FMA

7

8    sells certain microelectronics, not a single one of its thousands of customers is located in Guam.

9    (*Id.* ¶ 15.) Further, FMA has no information that any of its customers have ever told FMA that it

10   planned to market its products in Guam. (*Id.* ¶ 21.)

11   FMA has no documents relevant to this lawsuit in Guam and knows of no fact

12   witnesses in Guam. (Moore Decl. ¶ 19.) All of FMA's fact witnesses and documents relevant to

13   this litigation are located in the Northern District of California. (*Id.* ¶ 20.) A number of Nanya's

14   likely fact witnesses and documents relevant to this litigation are located in the Northern District

15

16   of California because that is where Nanya USA maintains its headquarters. (Amended Complaint

17   ¶ 2.)

18   **III.    APPLICABLE LAWS**

19       **A.    Personal Jurisdiction**

20           **1.    Plaintiff Bears the Burden of Establishing Personal Jurisdiction**

21   Under Rule 12(b)(2) plaintiff bears the burden of establishing a *prima facie* case

22

23   supporting *in personam* jurisdiction. *See Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d

24   1280, 1285 (9th Cir. 1977). *See generally Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*,

25   148 F.3d 1355, 1359 (Fed. Cir. 1998). If plaintiff fails to meet this burden, the action must be

26   dismissed. *See Rano v. Sipa Press, Inc.*, 987 F.2d 580 (9th Cir. 1993). Even if plaintiff

27   establishes its *prima facie* case, the action must be dismissed if defendant presents a compelling

28   case that the exercise of personal jurisdiction would, in fact, be unreasonable. *Roth v. Garcia*

4

*Marquez*, 942 F.2d 617, 625 (9th Cir. 1991). The Court can consider facts outside the pleadings on a motion to dismiss for lack of personal jurisdiction. *See Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1085 (9th Cir. 2000).

### 2. Guam's Long-Arm Statute Is Coextensive with the Due Process Clause

To determine whether a defendant is amenable to personal jurisdiction, the court must determine whether the exercise of jurisdiction satisfies the long-arm statute of the state in which the court sits and the Due Process Clause of the United States Constitution. *See Data Disc*, 557 F.2d at 1286; *Pennington Seed, Inc. v. Produce Exchange No. 299*, 457 F.3d 1334, 1343-44 (Fed. Cir. 2006). Guam's long-arm statute permits a Guam court to exercise personal jurisdiction over non-residents "on any basis not inconsistent with the Organic Act or the Constitution of the United States." 48 U.S.C. § 1421b(u) (Guam Civ. Code § 14109). The scope of jurisdiction granted by the Guam statute is coextensive with that authorized by the federal constitution. *See Abuan v. Gen. Elec. Co.*, 735 F. Supp. 1479, 1481 (D. Guam 1990).

### 3. Due Process Requires "Minimum Contacts" to Support Personal Jurisdiction

To comport with the Due Process clause of the United States Constitution, a court may only exercise jurisdiction when defendant has "certain minimum contacts such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted).

### 4. General Jurisdiction Requires Substantial, Continuous or Systematic Contact

When the cause of action is unrelated to the non-resident defendant's forum activities, a court may only exercise general jurisdiction when defendant's contacts with the forum are "substantial, continuous or systematic." *Data Disc.*, 557 F.2d at 1287; *Rano.*, 987 F.2d at 587-588; *Abuan*, 735 F. Supp. at 1482; *see Red Wing Shoe Co*, 148 F.3d at 1359; *N. Am. Phillips Corp. v. Am. Vending Sales, Inc.*, 35 F.3d 1576, 1578 (Fed. Cir. 1994); *Hollyanne Corp.*

5

1   *v. TFT, Inc.*, 199 F.3d 1304, 1305-06 (Fed. Cir. 1999).

2   ### 5.     Specific Jurisdiction Requires a Three Part Test

3   If a defendant's contacts do not support general jurisdiction, "the nature and

4   quality of the forum-related activities must be evaluated in relation to the specific cause of

5
    action." *See Pac. Atl. Trading Co., Inc. v. M/V Main Express*, 758 F.2d 1325, 1327 (9th Cir.

6
    1985); *see Red Wing Shoe Co.*, 148 F.3d at 1358-59.  To assert specific personal jurisdiction:  1)

7
8   defendant must do some act or consummate some transaction by which it *purposefully avails*

9   itself of the privilege of conducting activities in the forum and invokes the benefits and

10  protections of its laws; 2) plaintiff's claim must arise out of defendant's forum-related activities;

11
    and 3) the exercise of jurisdiction must be reasonable and not offend traditional notions of fair

12
    play and substantial justice.  *See Burger King v. Rudzewicz*, 471 U.S. 462, 487 (1985); *Data*
13
    *Disc.*, 557 F.2d at 1287; *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392,
14
15  1397 (9th Cir. 1986); *Red Wing Shoe Co.*, 148 F.3d at 1358-59; *Hollyanne*, 199 F.3d at 1307-08.

16              ### a.     Plaintiff Must Show that Defendant Purposefully Availed Itself of
                the Privilege of Conducting Activities in Guam
17
    In order to meet the first prong of the specific jurisdiction test, plaintiff must
18
19  demonstrate that the defendant has purposefully directed its activities towards the forum, availing

20  itself of the privilege of conducting activities there, *Hanson v. Denckla*, 357 U.S. 235, 253

21  (1958), such that the defendant might reasonably anticipate being sued in that location.  *World-*

22  *Wide Volkswagen v. Woodson*, 444 U.S. 286, 297 (1980). "[R]andom, fortuitous, or attenuated

23
    contacts, or of the unilateral activity of another party or third person" in the forum is insufficient.
24
    *Haisten*, 784 F.2d at 1397 (*quoting Burger King*, at 2183); *see Red Wing Shoe Co.*, 148 F.3d at
25
26  1359.  Even "foreseeability of injury in a forum does not in itself establish purposeful availment."

27  *Gray & Co. v. Firstenberg Mach. Co., Inc.*, 913 F.2d 758, 761 (9th Cir. 1990).

28

When deciding whether a defendant has purposefully availed itself of the forum, courts may consider whether and to what extent the defendant has placed the accused products into the stream of commerce. *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102 (1987). To satisfy the purposeful availment prong under a stream of commerce analysis, plaintiff must show 1) the defendant knowingly placed the accused infringing products into the stream of commerce; and 2) the defendant has a reasonable expectation of being subject to jurisdiction in the forum state. *Abuan*, 735 F. Supp. at 1486. A determination of whether defendant's sales rises to the level of purposeful availment may be affected by the volume, the value, and the hazardous character of the components. *Id.* citing *Asahi*, 480 U.S. at 122 (Stevens, J. concurring).

### b. Plaintiff Must Establish that the Action Arises Out of the Forum-Related Activities

"The second prong of the specific jurisdiction test is met if 'but for' the contacts between the defendant and the forum state, the cause of action would not have arisen." *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995). If plaintiff's claim cannot be shown to "arise out of" or relate to defendant's contacts with the forum, those contacts cannot support specific jurisdiction. *Scott v. Breeland*, 792 F.2d 925, 928 (9th Cir. 1986); *see generally Pennington Seed, Inc.*, 457 F.3d at 1344; *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 857 (Fed. Cir. 1999).

### c. Assertion of Personal Jurisdiction over Defendant Must Not Be Unreasonable

The first two prongs alone are not sufficient to allow a court to exercise personal jurisdiction over a defendant, rather "[t]he three *Data Disc* conditions are conjunctive requirements for asserting jurisdiction." *Pac. Atl. Trading*, 758 F.2d at 1329. If the first two prongs are satisfied, the court must separately consider factors indicating whether the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *World-Wide Volkswagen*, 444 U.S. at 292; *Haisten*, 784 F.2d at 1400 (citing *Burger King Corp. v. Rudzewicz*,

7

471 U.S. 462, 105 S. Ct. 2175, 2184 (1985)).  The Ninth Circuit weighs various factors, with no one factor being dispositive in the determination of reasonableness.  *See Terracom,* 49 F.3d at 561 (discussing seven factors).  However, "a defendant need only prove the unreasonableness of a court's exercise of personal jurisdiction if it is shown that defendant's activities were purposefully directed at the forum state."  *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1052 (9th Cir. 1997).

**B.      Where Venue is Improper Dismissal or Transfer Is Mandatory**

28 U.S.C. § 1400(b) provides "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  If venue is improper, 28 U.S.C. § 1406(a) provides for mandatory dismissal or transfer:  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

**C.      Dismissal or Transfer for Inconvenience Is Appropriate Where the Parties'
Contacts with the Forum Are Tenuous or in the Interests of Justice**

Pursuant to 28 U.S.C. § 1404(a), any civil action may be transferred "for the convenience of parties and witnesses, in the interest of justice ... to any other district or division where it might have been brought."  The purpose of transfer under this section is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citations omitted).  In furtherance of this purpose, § 1404(a) provides this Court with broad discretion to adjudicate motions to transfer.  *See Arley v. United Pac. Ins. Co.,* 379 F.2d 183, 185, n.1 (9th Cir. 1967).[3]

---

[3] In reviewing a district court's ruling on a motion to transfer pursuant to 28 U.S.C § 1404(a), the Federal Circuit applies the law of the regional circuit.  *Storage Tech. Corp. v. Cisco Sys.*, Inc., 329 F.3d 823, 836 (Fed. Cir. 2003).

8

1    Though § 1404(a) partially replaces the common law doctrine of *forum non*

2    *conveniens*, the private and public factors traditionally used to decide motions to dismiss under

3    that doctrine[4] have also been used by courts to decide a motion under § 1404(a). *Decker Coal*

4    *Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). The relevant private

5    factors include: availability of process to compel the presence of unwilling witnesses; costs of

6    obtaining the presence of unwilling and willing witnesses; relative ease of access to sources of

7    proof; and all other practical problems indicating the case can be tried more expeditiously and

8    less expensively. *Triton Container Int'l, Ltd. v. Compania Anomina Venezolana de Navigacion*,

9    No. 94-00055, 1994 WL 803257, at *2-3 (D. Guam Dec. 12, 1994). The relevant public factors

10   include: the unfairness of imposing jury duty on local community members when no local issues

11   are at stake; the local interest in having localized controversies decided at home; avoidance of

12   unnecessary problems in conflict of laws or in the application of foreign law; and the

13   administrative difficulty of court congestion. *Id.*

14

15

16         In support of its motion to transfer, the moving party bears the burden of making a

17   "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Triton*

18   *Container*, at *2. However, in judging the proper weight to be given plaintiff's choice, this Court

19   must consider both "the defendant's business contacts with the chosen forum and the plaintiff's

20   contacts, including those relating to his cause of action. If the operative facts have not occurred

21   within the forum of original selection and that forum has no particular interest in the parties or the

22   subject matter, the plaintiff's choice is entitled only to minimal consideration." *Pac. Car and*

23   *Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968).

24

25

26

27

28

---

[4] *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981); *Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1947).

Where an alternative forum exists, the Court may also dismiss for lack of convenience. *Copitas v. Fishing Vessel Alexandros*, No. 98-00013, 3 (D. Guam October 5, 1998) (attached hereto), *aff'd*, 20 Fed. Appx. 744 (9th Cir. 2001) (unpublished).

**D.    Complaint Alleging Patent Infringement Must Specifically Identify the Accused Infringing Products**

When a complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading", the responding party may move for a more definite statement. Fed. R. Civ. P. 12(e). In patent infringement cases, such a motion for more definite statement or a motion to dismiss is granted when the complaint fails to specifically identify the alleged infringing products. *See Hewlett-Packard Co. v. Intergraph Corp.*, No. 03-2517, 2003 WL 23884794 (N.D. Cal. Sept. 6, 2003) (granting motion to dismiss where complaint failed to identify any particular product and instead alleged only that defendant "sell[s] infringing software and hardware products"); *See also Esoft, Inc. v. Astaro Corp.*, No. 06-00441, 2006 WL 2164454 (D. Colo. July 31, 2006); Fed. R. Civ. P. Form 16 (sample complaint for patent infringement including identification of accused product). Fed. R. Civ. P. 11 requires a plaintiff in a patent case to compare the accused product with the patent claims <u>prior</u> to filing the complaint. *Judin v. United States*, 110 F.3d 780, 784 (Fed. Cir. 1997). Thus, a plaintiff should have information as to at least one specific infringing product <u>before</u> filing, and an identification of the infringing product must be included in the complaint under Rule 12(e).

**IV.    ANALYSIS**

**A.    FMA Should Be Dismissed from this Action for Lack of Personal Jurisdiction**

**1.    Nanya Cannot Establish General Jurisdiction Because FMA's Activities in Guam are not Substantial, Continuous or Systematic**

Nanya cannot meet its burden to establish a *prima facie* case of personal jurisdiction. *See Data Disc*, 557 F.2d at 1285. Nanya has alleged that "[p]ersonal jurisdiction exists generally over Defendants because each Defendant has sufficient minimum contacts with

10

the forum as a result of business conducted within the Territory of Guam and the District of Guam." (Amended Complaint ¶ 9.) But this general allegation is not supported by the facts. Nanya does not even allege that FMA conducts "substantial" activities in Guam. In fact, Nanya admits that FMA is not a resident of Guam, does not maintain a regular place of business in Guam, and has no designated agent in Guam for service of process. (*Id.* ¶¶ 3, 4.) The Amended Complaint does not specify <u>any</u> contacts of FMA with Guam, let alone contacts that are substantial, continuous, and systematic, as required for general jurisdiction.

The Amended Complaint recites a series of alleged contacts with Guam by Fujitsu Computer Products of America, Fujitsu General New Zealand Limited, and Fujitsu Ten (*id.* ¶ 20), but the activities of these third parties cannot be ascribed to FMA. Even where a defendant had contact with Guam only through third parties and that defendant had never had an office or presence in Guam, this Court has held that asserting general jurisdiction would be "an uncontemplated extension of this Court's constitutional reach." *Abuan,* 735 F. Supp. at 1482. In this case, Nanya does not even allege that FMA has had contact through these third parties, and the activities of these third parties are thus wholly irrelevant to jurisdiction over FMA.

As described above in detail, *see supra* section II, FMA has no substantial, continuous or systematic business presence, activities or contacts in Guam. In fact, FMA lacks even a single customer in Guam. *Id.* Therefore, there is insufficient activity, and indeed no activity, to support general jurisdiction under the applicable constitutional standard.

> **2.      Nanya Cannot Satisfy Specific Jurisdiction for Any of Its Asserted Causes of Action.**
>
> **a.      Nanya Cannot Satisfy the Test for Specific Jurisdiction for Its Antitrust Claims**

Nanya does not assert that FMA engaged in any of the licensing negotiations that it claims give rise to a violation of the Sherman Antitrust Act or the Clayton Act. Further, FMA has no ownership interest in or control over any of the patents that are basis of Nanya's claims

11

1    under the Sherman Antitrust Act or the Clayton Act. (Moore Decl. ¶ 23.) Thus, as FMA has not

2    even been accused of the actions that give rise to these claims (indeed it cannot as FMA has

3    nothing to do with the relevant actions), the antitrust and Sherman Act claims cannot form the

4    basis of specific jurisdiction with respect to FMA.

5
6                    **b.    Nanya Cannot Satisfy the Three Part Test for Specific**
                            **Jurisdiction for Its Patent Infringement Claims**

7                In its Amended Complaint, Nanya states that "[t]his proceeding arises, in part, out

8    of business done in the Territory of Guam and the District of Guam." (Amended Complaint ¶ 4.)

9
10   Nanya also states that "FMA manufactures electronic components that infringe [Nanya's] patents

11   with the intention that they would be used in a significant number of consumer products sold in

12   the United States and the Territory of Guam." (Amended Complaint ¶ 18.) As explained below,

13   these statements are incorrect and Nanya cannot show specific jurisdiction over FMA.

14                    **(i)    FMA Has Not Purposefully Availed Itself of the**
                              **Privilege of Doing Business in Guam**
15

16               The Ninth Circuit has made it clear that attenuated contacts with a forum are

17   insufficient to establish that defendants had "purposefully availed themselves of the benefits and

18   protections of the forum's laws." *Gray*, 913 F.2d at 761. In *Gray*, the Court stated that

19   "[p]urposeful availment requires that the defendant engage in some form of affirmative conduct

20   allowing or promoting the transaction of business within the forum state." *Id.* at 760. The

21   defendants' contacts with the forum in *Gray* consisted of responding to plaintiff's solicitation for

22   a filter, telephone conversations with the plaintiff in Oregon, mailing the invoice to the plaintiff in

23
24   Oregon and accepting payment. *Id.* at 760-61. Based on these facts, the Court held that

25   defendants' contacts with the forum fell in "the category of 'attenuated contacts.'" *Id.* at 761.

26               In this case, Nanya cannot establish even the level of contacts held to be

27   insufficient in *Gray*. Nanya has made only the vague and unsupported claim that "FMA

28   manufactures electronic components that infringe [Nanya's] patents with the intention that they

                                           12

1    would be used in a significant number of consumer products sold in the United States and the

2    Territory of Guam." (Amended Complaint ¶ 18.) First of all, FMA does not manufacture

3    microelectronics as Nanya alleges. (Moore Decl. ¶ 21.) Although FMA does sell various

4    products, including microelectronics, it does not have even a single customer in Guam. (Moore

5
     Decl. ¶ 15.) Nor does FMA have any other contacts with Guam that would meet the standard set
6
7    forth in Gray. (*See supra* section II).

8    Furthermore, Nanya cannot show that FMA inserted its accused products into the

9    "stream of commerce" and that FMA had a reasonable expectation that it would be haled into

10   court in Guam. *See Abuan*, 735 F. Supp. at 1480-81. In *Abuam*, this Court adopted the stream of

11   commerce plus reasonable expectation test set forth by Justice Stevens in *Asahi*. *Id*. Under that

12
     test, in order to satisfy the purposeful availment prong of the specific jurisdiction test, a party
13
14   must introduce a product into the stream of commerce and must have a reasonable expectation

15   that it would be haled into court in the forum state. *Id*. quoting *Asahi*, 480 U.S. at 122 (Stevens

16   J., concurring). Further, whether the party has a reasonable expectation is based on "the volume,

17   the value, and the hazardous character of the components." *Id*.

18   Here, Nanya has failed to even <u>identify</u> a single accused infringing product in its

19
     Amended Complaint, let alone establish that: 1) such a product traveled through the stream of
20
21   commerce and ended up in Guam; and (2) FMA had a reasonable expectation of being subject to

22   jurisdiction in Guam due to such sales. *See Abuan*, 735 F. Supp. at 1486.

23   Consequently, Nanya cannot meet its burden to show that FMA "purposefully

24   directed" its activities toward Guam, availing itself of the privilege of conducting activities there.

25

26

27

28

13

**(ii)    Nanya's Claims Do Not Arise from Any Activities by FMA in Guam**

Nanya has identified no activities whatsoever in Guam that give rise to the alleged patent infringement claims. There is no evidence, or even allegation, that FMA infringes the Nanya patents in Guam or has done anything in Guam that gave rise to these claims.

**(iii)    Exercise of Specific Jurisdiction Would Be Unreasonable**

As discussed at length above, Nanya has not established the requisite minimum contacts between FMA and Guam. A balancing of relevant factors indicates that exercise of jurisdiction over FMA would, in fact, be unreasonable. Even if FMA had contacts that were sufficient to establish jurisdiction, the extent of its purposeful interjection into the forum would be too minimal to justify the assertion of jurisdiction. In fact, there is no purposeful interjection of FMA into Guam. In addition, the burden on FMA to litigate in this forum would be substantial. Virtually all of the documents and witnesses related to these events are located in California, Taiwan and Japan. These factors together demonstrate that assertion of jurisdiction over FMA would be unreasonable.

**c.    Nanya Cannot Satisfy the Three Part Test for Specific Jurisdiction for its Declaratory Judgment Claims**

For the same reasons that Nanya cannot establish specific jurisdiction for its infringement claims, it also cannot establish specific jurisdiction for its declaratory judgment claims. In particular, in its Amended Complaint, Nanya seeks declaratory relief related to Fujitsu Ltd. patents based on alleged infringement accusations made by Fujitsu Ltd. in meetings that took place in Taiwan and Japan and on infringement proceedings initiated by Fujitsu Ltd. against Nanya in Tokyo District Court. (Amended Complaint ¶¶ 27, 28, 32, 45.) Of course, since (1) FMA is not the owner of the subject patents, (2) did not participate in the licensing negotiations, and (3) had nothing to do with the Japanese infringement proceedings, specific jurisdiction over FMA on these counts clearly does not exist. (Moore Decl. ¶¶ 22, 23.)

14

1

2

    **B.**    **FMA Must Be Dismissed from this Action or Transferred for Improper Venue**

3           FMA should also be dismissed from this action pursuant to Federal Rule of Civil

4  Procedure 12(b)(3) and 28 U.S.C. § 1406, for improper venue.  Venue in this District is improper

5  because FMA does not reside in, and is not subject to personal jurisdiction in Guam; none of the

6  events giving rise to the claim occurred here; nor does FMA have a regular or established place of

7  business in this district.  *See* 28 U.S.C. § 1391(c) and 1400(b); (Moore Decl. ¶¶ 4-15.)

8

9

           Because Nanya cannot satisfy the requisite bases for venue in this district, *see also*

10  28 U.S.C. § 1391(a), dismissal or transfer is mandatory.  28 U.S.C. § 1406.

11      **C.**    **FMA Should Be Dismissed or in the Alternative, Transferred from this Action for Lack of Convenience**

12

13

          **1.**    **Nanya Could Have Brought This Action in the Northern District of California**

14           Even if this Court finds some basis for personal jurisdiction and/or proper venue in

15  this district, this case should still be transferred to the N. D. of California.  Because both FMA

16  and co-plaintiff Nanya USA reside there, it is evident that the N. D. California is an existing

17  alternative forum with a significant interest in adjudicating this dispute.

18

19

          **2.**    **The Balance of Convenience Favors Dismissal or Transfer of FMA from this Action to the Northern District of California**

20           Though a party moving to transfer an action must typically make a "strong

21  showing of inconvenience" to warrant upsetting the plaintiff's choice of forum, *Triton Container*,

22

23

1994 WL 803257, at *2, in this case, Nanya's choice of forum is entitled to only minimum

24  consideration because no substantial contacts with Guam exist with respect to either of the

25  parties. *See Pac. Car*, 403 F.2d at 954-55;

26           The balance of convenience clearly favors transferring FMA to the N. D. of

27

28

California.[5]  None of the relevant documents and/or witnesses are located in Guam because none of the actions giving rise to Nanya's claims have any relation to Guam and neither Nanya nor FMA resides in Guam. (Amended Complaint ¶¶ 1, 2, 3, 4.)  Relevant documents would have to be shipped to Guam and witnesses would have to travel from such places as California to give testimony. *See Pac. Car*, 403 F.2d at 953.  To echo this Court's own words, "it is doubtful that Plaintiffs could have selected a United States forum that was more distant than Guam is from the principal places of business of the respective parties." *Triton Container*, 1994 WL 803257, at *3.  Additionally, there is no local interest in deciding this case in Guam.  *Id.*; *see also Copitas v. Fishing Vessel Alexandros*, No. 98-00013, 4 (D. Guam October 5, 1998) (Attachment A hereto), *aff'd*, 20 Fed. Appx. 744 (9th Cir. 2001) (unpublished).  Consequently, it is unfair to impose jury duty in this case on the local community.

Accordingly, transfer to the N. D. of California is appropriate.  Indeed, in a case as egregious as this, where there are no contacts in Guam and there is clearly an alternative forum, dismissal for *forum non conveniens* is appropriate. *Copitas v. Fishing Vessel Alexandros*, No. 98-00013, 5-6 (D. Guam October 5, 1998) (attached hereto), *aff'd*, 20 Fed. Appx. 744 (9th Cir. 2001) (unpublished) (dismissing action on grounds of *forum non conveniens*).

Finally, the interests of justice are best served by transferring this case to the N. D. of California where the Court has promulgated a special set of local patent rules for litigants due to the large number of patent cases handled by that court. *See* U.S. Dist. Ct. N.D. Cal. Patent L.R. 1-2.

---

[5] Plaintiffs regularly appear in the U.S. District Court for the Northern District of California. Indeed, a recent on-line search revealed dozens of cases in which plaintiffs presently or recently have been parties to litigation in the Northern District, including numerous patent and antitrust litigations.

16

1

2

**D.    Nanya's Amended Complaint Does Not Relate Back to Its Original Complaint; Therefore, FMA's N.D. Cal. Complaint Is "First Filed"**

3    As explained below, Nanya's Amended Complaint, filed on November 17,

4    2006, does not relate back to its original Complaint.  Therefore, a complaint filed by

5    defendants in the  N.D. of California on October 24, 2006 (N.D. Cal. Complaint") is the

6    effective "first filed" complaint, and this factor further indicates that the present case

7    should be transferred to the N. D. of California.

8

9    Under Fed. R. Civ. Pro. 15(c), an amended complaint relates back to the date of

10   the original complaint when: "(1) relation back is permitted by the law that provides the statute of

11   limitations applicable to the action; or (2) the claim or defense asserted in the amended pleading

12   arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the

13   original pleading; or (3) the amendment changes the party or the naming of the party against

14   whom a claim is asserted...".   The facts of this case do not satisfy any of the requirements of

15   Rule 15(c) governing relation back.  First, Rule 15(c)(1) does not apply because the statute of

16   limitations for claims of patent infringement set forth in 35 U.S.C. § 286 does not permit relation

17   back.

18

19   Rule 15(c)(2) does not apply in this case because (1) "[a]n alleged infringement of

20   one patent is clearly not the 'same conduct, transaction, or occurrence' as the alleged

21   infringement of another patent . . ." *Illinois Tool Works, Inc. v. Foster Grant Co.*, 395 F. Supp.

22   234, 250-51 (N.D. Ill. 1974) (citing Rule 15(c)); and (2) antitrust and Clayton Act claims by

23   Nanya Taiwan are clearly not the same claims as those of an entirely different plaintiff, Nanya

24   USA.

25

26   Moore's Federal Practice and Procedure describes three criteria to aid in

27   determining whether a claim arises out of the same conduct, transaction or occurrence under Rule

28   15(c)(2): 1) whether the defendant had notice of the claim plaintiff is asserting; 2) whether

17

1    plaintiff will rely on the same kind of evidence offered in support of the original claim to prove

2    the new claim; and 3) whether unfair surprise to the defendant would result. *Moore's Federal*

3    *Practice and Procedure* § 15.19[2] (2006). None of these criteria are satisfied here. First, FMA

4
     had no notice that Nanya would be adding noninfringement and invalidity claims relating to
5
6    Fujitsu Ltd.'s U.S. Patent No. 6,104,486 ("the '486 patent") (Moore Decl. ¶ 23).    More

7    significantly, FMA had no notice that Nanya USA would be joined in this action. (*Id.* ¶ 24.) The

8    addition of a new U.S. corporation as an antitrust and Clayton Act plaintiff raises significant new

9    issues relating to, *inter alia*, alleged injury and damages on these claims. The evidence that will

10   be relied upon by Nanya USA to show injury and damages, for example, lost sales, will certainly

11   be different than that relied upon by Nanya Taiwan. *See Image Technical Servs., Inc. v. Eastman*
12
     *Kodak Co.*, 125 F.3d 1195, 1222 (9th Cir. 1997). The addition of Nanya USA as an entirely new
13
14   antitrust and Clayton Act plaintiff certainly would constitute "unfair surprise" to FMA as the

15   economic activities of Nanya and Nanya USA cannot be the same. Finally, Rule 15(c)(3) does

16   not apply in this case because Nanya's Amended Complaint added a new plaintiff, not a new

17   party against whom a claim is asserted.

18           Under the "first to file" rule, when there are two actions involving the same parties
19
     pending concurrently in different districts, it is within the court's discretion to give preference to
20
21   the "first filed" case and stay or dismiss the second-filed case. *Pacesetter Sys., Inc. v. Medtronic,*

22   *Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). Because Nanya's Amended Complaint does not relate back

23   and receive the benefit of the filing date of its earlier Complaint, FMA's N.D. Cal. Complaint is

24   the "first filed" case for purposes of a § 1404(a) analysis and this factor further weighs in favor of

25   transfer. *See Pacesetter Sys., Inc.*, 678 F.2d at 95.

26

27

28

                                                    18

1

2

**E.     FMA's Motion for a More Definite Statement Must Be Granted Because Nanya's Amended Complaint Fails to Specifically Identify the Accused Infringing Products**

3

4

5

6

Nowhere in its forty-six page Amended Complaint for patent infringement does Nanya identify a single FMA product accused of infringement. Nanya alleges only that, for each patent:

7

8

9

> [u]pon information and belief, Defendants have been and are infringing [Plaintiff's patent] by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, <u>products that fall within the scope</u> of [Plaintiff's patent].

10

(Amended Complaint at ¶¶ 60, 68, 76.) (emphasis added)

11

12

13

14

15

16

17

18

19

20

21

Nanya's Amended Complaint must list accused infringing products for each of Nanya's three asserted patents. Nanya's Amended Complaint provides no useful information regarding the accused products and unnecessarily burdens FMA and its counsel. *See Esoft, Inc.*, 2006 WL 2164454, at *2 ("Plaintiff cannot foist the burden of discerning what products it believes infringe the patent onto defense counsel . . . ."). FMA is entitled to know at the outset of litigation which of its products and services are alleged to have infringed Nanya's patents. Under Rule 11, Nanya must have compared the claims of its patents to <u>specific</u> FMA products before filing this action and thus should be able to readily provide this basic information. *See Judin*, 110 F.3d at 784. Thus, if this case continues in Guam, this Court should grant FMA's motion for a more definite statement.

22

//

23

//

24

//

25

//

26

//

27

//

28

//

19

**V.    CONCLUSION**

For the foregoing reasons, FMA respectfully requests that this Court dismiss FMA from this action with prejudice for lack of personal jurisdiction, improper venue or inconvenient forum or, in the alternative, transfer FMA to the United States District Court for the N. D. California, a substantially more convenient forum to hear this dispute. FMA further requests, if this case proceeds, that Nanya be required to amend its Amended Complaint to identify the specific FMA products accused of infringement.

Respectfully submitted this 5th day of December, 2006.

> **CALVO & CLARK, LLP**
> **MILBANK, TWEED, HADLEY**
> **& MCCLOY LLP**
> *Attorneys for Defendant*
> Fujitsu Microelectronics America, Inc.
>
> By:    _____
> **DANIEL M. BENJAMIN**

20