

UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

MARY L.M. MORAN
CLERK OF COURT

| | |
|---|---|
| NANYA TECHNOLOGY CORP., and NANYA TECHNOLOGY CORP. U.S.A.,<br><br>Plaintiffs,<br><br>v.<br><br>FUJITSU LIMITED, FUJITSU MICROELECTRONICS AMERICA, INC.,<br><br>Defendants. | CIVIL CASE NO. 06-CV-00025<br><br>MICHAEL M. MOORE DECLARATION IN SUPPORT OF FUJITSU MICROELECTRONICS AMERICA, INC.'S MOTION TO DISMISS OR TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA AND FOR A MORE DEFINITE STATEMENT |

Michael M. Moore, deposes and says

1. I am Vice President and General Counsel of Fujitsu Microelectronics America, Inc. ("FMA"). I make this declaration in support of the motion by FMA to dismiss the complaint for lack of personal jurisdiction and improper venue or alternatively to transfer the case to the Northern District of California and for a more definite statement. The following statements are based on my personal knowledge, my review of documents prepared and maintained by FMA in the ordinary course of business, and upon information provided by FMA's employees responsible for and with knowledge of the business records of FMA.

2. FMA is a corporation organized and existing under the laws of California, and maintains its principal place of business at 1250 E. Arques Avenue, M/S 333, Sunnyvale, California 94085-5401.

3. FMA is engaged in the business of sales and design of products for networking, wireless, automotive, industrial, consumer, and security applications.

ORIGINAL

4. FMA does not maintain any offices in Guam, and has no operations, affiliates, employees or salespersons in Guam.

5. Guam is not part of FMA's sales territory.

6. FMA owns no real or personal property in Guam.

7. FMA has no bank accounts in Guam.

8. FMA leases no office space or other facility of any kind in Guam and does not maintain a telephone, telex or telefax number in Guam.

9. FMA maintains no Guam post office box or street address.

10. FMA is not registered to do business in Guam.

11. FMA does not file tax returns in Guam.

12. FMA does not advertise its products or services in any local media in Guam.

13. FMA has no directors, officers or employees in Guam and has appointed no agents in Guam for service of process.

14. FMA does not sell DRAMs anywhere. Our SAP records further indicate that FMA's last sale of a DRAM product occurred on October 12, 2001.

15. Based on a data run through FMA's SAP record system, FMA has a total of 4,647 customer records. None of them has a Guam address.

16. FMA has never been party to a lawsuit or legal proceeding in Guam (according to a search of Public Access to Court Electronic Records (PACER), which dates back to January 1, 1997).

17. FMA has filed no papers with any agency of Guam, has never negotiated or executed any agreements in Guam, nor executed any agreements that call for their performance in Guam.

18. Prior to the filing of Nanya's complaint, FMA has had no correspondence with Nanya of any kind in Guam nor in any way related to any proposed business in Guam.

19. FMA has no documents relevant to this lawsuit in Guam and knows of no fact witnesses in Guam.

20. All of FMA's documents and fact witnesses are located in the Northern District of California because that is where FMA maintains its headquarters.

21. In its Amended Complaint, Nanya alleges that "FMA manufactures a broad range of microelectronics with the knowledge that they would be used in a significant number of consumer products sold in the United States and the Territory of Guam." (First Amended Complaint at ¶ 21.) However, FMA does not manufacture microelectronics of any kind. Further, to the best of my knowledge, no FMA customer has ever told us that it planned to market its products in Guam.

22. In its Amended Complaint, Nanya refers to meetings that took place in Taiwan and infringement proceedings initiated by Defendants against Nanya in Tokyo District Court. (*See* First Amended Complaint at ¶¶ 27 and 31.) FMA was not a party to these negotiations and is not involved at all in the Tokyo action.

23. FMA has no ownership interest in or control over any patent currently at issue in this case.

24. Prior to receiving Nanya's Amended Complaint FMA had no notice of Nanya's claims involving U.S. Patent No. 6,104,486, and had no notice that Nanya

Technology Corp. USA would be joined in this action.

I, Michael M. Moore, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on December 4, 2006

By: *[signature]*

Michael M. Moore

NY2:#4718800