RODNEY J. JACOB, ESQ.
DANIEL M. BENJAMIN, ESQ.
CALVO & CLARK, LLP
Attorneys at Law
655 South Marine Corps Drive, Suite 202
Tamuning, Guam 96913
Telephone:   (671) 646-9355
Facsimile:   (671) 646-9403

*Attorneys for Defendant*
FUJITSU LIMITED

**FILED**
DISTRICT COURT OF GUAM

DEC 11 2006

**MARY L.M. MORAN
CLERK OF COURT**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP. and NANYA TECHNOLOGY CORP. U.S.A., <br><br> Plaintiff, <br><br> vs. <br><br> FUJITSU LIMITED, FUJITSU MICROELECTRONICS AMERICA, INC., <br><br> Defendants. | CIVIL CASE NO. 06-CV-00025 <br><br> **FUJITSU LIMITED'S REPLY IN SUPPORT OF ITS OBJECTIONS TO THE MAGISTRATE'S ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE OF PROCESS ON FUJITSU LIMITED** |

Fujitsu Limited ("Fujitsu") hereby replies to "Plaintiffs' Response and Memorandum in Opposition to Fujitsu Limited's Objection to the Magistrate's Order Allowing Alternative Service on Fujitsu Limited", Dkt. No. 79 ("Nanya's Response" to "Fujitsu's Objections").

**I.    NANYA DOES NOT DENY ITS MISREPRESENTATIONS**

Nanya does not deny that its *ex parte* motion for alternative service was based on misrepresentations to the Court, *e.g.*, a false claim that Fujitsu had "requested" that Nanya not serve the complaint. Instead, Nanya shifts tactics and argues that "regardless of who first proposed" not serving the complaint, if you put it all in a "pot" then you get an "agreement" that was then allegedly "violated" by Fujitsu. (Nanya's Response at 4.) However, the uncontroverted

declarations of all four Fujitsu representatives who attended the settlement meeting in question confirm that there was never anything more than a *unilateral statement* by Nanya that it would temporarily hold off serving the complaint. (*See* Fujitsu's Objections at 2-3.) The fact that Fujitsu asked Nanya to repeat that statement for the benefit of the Tokyo District Court the next day in order to keep the Court apprised of the situation does not somehow transform the unilateral statement into an "agreement" no matter what "pot" Nanya puts it in. (Kitano Decl. ¶ 8.) Fujitsu and Nanya simply never had an agreement concerning service. (*Id.*)

Although Nanya tries to make light of the situation with quips such as "are they 'seriously' serious?" (Nanya's Response at 3), it is first of all certainly a serious matter to base an *ex parte* motion on incorrect facts.[1] Second, those facts are not unimportant. They appear in the first paragraph of Nanya's motion and were the basis for the relief sought.[2]

Fujitsu did nothing to delay Nanya from promptly serving under the Hague Convention. In fact, Nanya's counsel claimed that Nanya had actually begun Hague service immediately following a meeting on October 25th. (Murray Decl. ¶ 5.) If this was true, then Hague service should be well underway. But Nanya did not inform the Magistrate Judge that it was already proceeding with service under the Hague Convention or that by obtaining alternative service it sought to short-circuit the Hague process that was already underway. Nanya's misrepresentations and omissions led the Magistrate Judge to grant the *ex parte* relief.

---

[1] Apparently seeking sympathy, Nanya alleges that its counsel have been called "liars" and been subject to "personal attacks." (Nanya's Response at 2 and 5.) However, Fujitsu merely pointed out the misrepresentations and set the record straight. It has not speculated about whether they were due to carelessness, poor memory or malice.

[2] *See* Ex Parte Motion for Alternative Service of Process on Defendant Fujitsu Limited and Memorandum in Support, at 2.

*CIVIL CASE NO. 06-CV-00025*
{G0017745.DOC;1}

2

## II. NANYA MUST COMPLY WITH THE FORMAL REQUIREMENTS OF SERVICE OF PROCESS

Nanya now argues that Fujitsu has knowledge of the lawsuit because its officers and directors have filed declarations in this case, and its attorneys have been admitted *pro hac vice*[3], thus implying that notice of a lawsuit provides a reason to disregard the need for proper service. However, mere actual notice is not a substitute for proper service. *See Worrell v. B.F. Goodrich Co.*, 845 F.2d 840, 841-42 (9th Cir. 1988); *G. & C. Merriam Co. v. Saalfield*, 241 U.S. 22, 29, 33 (1916).

"Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). "Before a …court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Id.* (citing *Omni Capital Int'l. v. Rudolph Wolff & Co.*, 484 U.S. 97, 104 (1987)). Proper service provides certainty to the defendant of the time within which it must appear to defend. *See id.* Service of the summons functions "as the *sine qua non* directing an … entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

## III. NANYA DISREGARDED THE HAGUE CONVENTION AND VIOLATED JAPANESE LAW

Nanya does not dispute that compliance with the Hague Convention is mandatory. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Instead, Nanya incorrectly contends that it has complied with the Hague Convention and Rule 4(f)(3) and "that there is no need to comply with the law of Japan." (Nanya's Response at 7.) But Nanya failed to comply with the Hague Convention or the laws of Japan, and it was inappropriate for Nanya to seek an order under Rule 4(f)(3) without first following Rule 4(f)(1) or Rule 4(f)(2).

### A. Service via Postal Channels Against Japanese Defendants Under Article 10(a) of the Hague Convention Requires Compliance With Fed.R.Civ.P. 4(f)(2)(c)(ii)

Nanya mischaracterizes Fujitsu's position by focusing on one split of authority among the circuits. There are splits of authority on two issues, not one. The first split relates to whether "sending" by postal channels *may be* good service under Article 10(a) *generally* -- an issue that has been decided by the Ninth Circuit. Contrary to Nanya's Response, Fujitsu is not debating that the Ninth Circuit has held that sending under Article 10(a) *may be* good service, depending on whether the foreign jurisdiction accedes to such service.

The second split however is whether Japan -- *in particular* -- acceded to service by postal channels under Article 10(a). The Ninth Circuit has *not* found that Japan acceded to such service. Nanya cites five district court cases for the proposition that service on a Japanese defendant by mail is proper under the Hague Convention. But while Nanya complains in its Response that Fujitsu relies on cases from other circuits, all five cases cited by Nanya for this proposition are from other circuits. (Nanya's Response at 5-6.)

Moreover, those cases do not properly analyze the interplay between Hague Convention Article 10(a) and Rule 4. In particular, when courts in <u>this</u> circuit have allowed service by postal channels to countries that are signatories to the Hague Convention, these courts have carefully considered the interplay between Article 10(a) and Rule 4, and have concluded that the safeguards of Rule 4(f)(2)(c)(ii) are required for service through postal channels. As discussed in *Fireman's Fund Insurance Company v. Fuji Electric Systems Company*, No. C-04-3627, 2005 WL 628034, *3 (N.D. Cal. Mar. 17, 2005), the Ninth Circuit held in *Brockmeyer* that because Article 10(a) does not itself affirmatively authorize international mail service, a court "must look outside the Hague Convention for affirmative authorization of the international mail service that

---

[3] Contrary to Nanya's suggestion *pro hac vice* motions were filed only on behalf of Fujitsu

is merely not forbidden by Article 10(a)." *Brockmeyer*, 383 F.3d at 804. The Court determined that such "[e]xplicit, affirmative authorization for service by international mail is found only in Rule 4(f)(2)(C)(ii)." *Id.* *See also Fireman's Fund*, 2005 WL 628034, at *3 (quoting *Brockmeyer*). Moreover, as discussed in Fujitsu's Objections, the safeguards under Rule 4(f)(2)(C)(ii) are analogous to those that Japan has implemented to ensure that service is effected properly and that the defendant has certainty with respect to its obligations to appear.

Accordingly, service via postal channels against Japanese defendants under Article 10(a) of the Hague Convention requires, at a minimum, compliance with Rule 4(f)(2)(c)(ii).

**B.    Service Under Rule 4(f)(3) is Appropriate Only After Service Under the Hague Convention has Been Attempted**

Nanya cites *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) for the proposition that the Ninth Circuit has "expressly and unequivocally" rejected the argument that service should be made under the provisions of Rule 4(f)(1) or 4(f)(2) before resorting to Rule 4(f)(3). (Nanya's Response at 9). Once again Nanya fails to acknowledge that *Rio* involved a defendant being served in Costa Rica, a country that was not a signatory to the Hague Convention. *Rio* is simply not on point. It appears that the Ninth Circuit has not addressed the issue of whether, for a Hague Convention country, service under Rule 4(f)(1) or 4(f)(2) should be attempted before resorting to alternative service under Rule 4(f)(3). Courts that have addressed the issue have made it clear that service under Rule 4(f)(1) or 4(f)(2) should be attempted first. *See, e.g., Marcantonio v. Primorsk Shipping Corp*, 206 F. Supp. 2d 54, 58-59 (D. Mass. 2002).

Also, in seeking to disregard the urgency requirement of Rule 4(f)(3) when the Hague Convention applies, Nanya ignores the 1993 amendment Advisory Committee notes to Rule 4(f)(3), which state that the Hague Convention "authorizes special forms of service in cases of

Microelectronics America, Inc. and not Fujitsu.
*CIVIL CASE NO. 06-CV-00025*                                                                                                    5
{G0017745.DOC;1}

urgency if convention methods will not permit service within the time required by the circumstances."[4]

Nanya offers no evidence to refute that its representations created a false sense of urgency in its *ex parte* application. Instead, Nanya now seeks to avoid the urgency requirement by focusing on the *Rio* case. However, as stated above, *Rio* did not involve service under the Hague Convention and is thus inapplicable. *See Marcantonio*, 206 F. Supp. 2d at 58-59.

### C. Service under Rule 4(f)(3) Should Not Violate the Laws of Defendant's Country

Nanya also disregards the Rule 4(f)(3) Advisory Committee notes regarding alternative service outside of the Hague Convention, which state that such service should "minimize[] offense to foreign law." *See* Advisory Committee notes to Rule 4(f)(3), 1993 amendment; *Prewitt Enterprises v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 927 (11th Cir. 2003).

Nanya does not dispute that service by mail is prohibited under the laws of Japan. *See Fireman's Fund Ins. Co.*, 2005 WL 628034 at *3. Selecting a method of service prohibited by the laws of Japan certainly does not "minimize offense" to the foreign law, particularly in view of the alternative under Rule 4(f)(2)(C)(ii), which affords safeguards that are much more analogous to those under Japanese law.

Nanya quotes the *Rio* case for the proposition that, "as long as court-directed and not prohibited by an international agreement, service of process order under 4(f)(3) may be accomplished in contravention of the laws of a foreign country." (Nanya's Response at 7 (quoting *Rio*, 284 F.3d at 1016).) But Nanya complied with neither an international agreement (the Hague Convention) nor the laws of Japan.

---

[4] Rule 4(f)(3) requires service by a "means not prohibited by international agreement," which incorporates the Hague Convention urgency requirement when that agreement applies.

## IV. CONCLUSION

For the foregoing reasons, and those stated in Fujitsu's Objections, Fujitsu respectfully requests that this Court set aside the Magistrate Judge's Order.

Respectfully submitted this 11th day of December, 2006

        CALVO & CLARK, LLP
        Attorneys at Law
        Attorneys for Defendant
        *Fujitsu Limited*

By: _____/s/ Rodney J. Jacob_____
      RODNEY J. JACOB

*CIVIL CASE NO. 06-CV-00025*
{G0017745.DOC;1}

7