1

**RODNEY J. JACOB, ESQ.**
2   **DANIEL M. BENJAMIN, ESQ.**
    **CALVO & CLARK, LLP**
3   Attorneys at Law
    655 South Marine Drive, Suite 202
4   Tamuning, Guam  96913
    Telephone:    (671) 646-9355
5   Facsimile:    (671) 646-9403

6   Attorneys for Defendant
    FUJITSU LIMITED

7

**FILED**

DISTRICT COURT OF GUAM

DEC 18 2006

**MARY L.M. MORAN**
**CLERK OF COURT**

8                   IN THE UNITED STATES DISTRICT COURT

9                            DISTRICT OF GUAM

10  NANYA TECHNOLOGY CORP.,                    CIVIL CASE NO.  06-CV-00025
11  NANYA TECHNOLOGY CORP. U.S.A.
                                               **FUJITSU LIMITED'S MEMORANDUM**
12                    Plaintiffs,              **OF POINTS AND AUTHORITIES IN**
                                               **SUPPORT OF ITS MOTION TO**
                                               **DISMISS OR TRANSFER TO THE**
13         -v-                                 **NORTHERN DISTRICT OF**
                                               **CALIFORNIA AND FOR A MORE**
14                                             **DEFINITE STATEMENT**
    FUJITSU LIMITED, FUJITSU
15  MICROELECTRONICS AMERICA, INC.,            ORAL ARGUMENT REQUESTED

                    Defendants.
16

17

18

19

20

21

22

23

24

25  *CIVIL CASE NO. 06-CV-00025*                ORIGINAL

26

# TABLE OF CONTENTS

I.   Introduction ................................................................................................................ 1

II.  Statement of Facts ...................................................................................................... 2

   A. Fujitsu Limited Has No Significant Contacts With Guam, nor Any Documents or
      Witnesses in Guam ................................................................................................ 2

   B. Fujitsu and Nanya Have Been Negotiating Patent License Issues for More Than Five
      Years ...................................................................................................................... 4

   C. Nanya Attempted Service by Federal Express and Email ...................................... 4

III. Applicable Laws ......................................................................................................... 5

   A. Personal Jurisdiction .............................................................................................. 5

      1. Plaintiff Bears the Burden of Establishing Personal Jurisdiction ................... 5

      2. Guam's Long-Arm Statute Is Coextensive with the Due Process Clause ........ 6

      3. Due Process Requires "Minimum Contacts" to Support Personal Jurisdiction .............. 6

      4. General Jurisdiction Requires Substantial, Continuous or Systematic Contact ............... 6

         a. Parent-Subsidiary Relationship Is Not Sufficient to Establish Jurisdiction Over
            Parent Based on Contacts of Subsidiary ................................................... 7

      5. Specific Jurisdiction Requires a Three Part Test ............................................ 7

         a. Plaintiff Must Show that Defendant Purposefully Availed Itself of the Privilege of
            Conducting Activities in Guam ................................................................. 8

         b. Plaintiff Must Establish that the Action Arises Out of the Forum-Related Activities. 9

         c. Assertion of Personal Jurisdiction over Defendant Must Not Be Unreasonable ......... 9

   B. Where Venue is Improper Dismissal or Transfer Is Mandatory ........................... 10

   C. Dismissal or Transfer for Inconvenience Is Appropriate Where the Parties' Contacts with
      the Forum Are Tenuous or in the Interests of Justice .......................................... 10

   D. Dismissal for Insufficiency of Process Is Appropriate Where Plaintiff Disregards the
      Hague Convention and Violates Laws of Foreign Country in Which Defendant Must Be
      Served ................................................................................................................... 12

      1. Compliance with the Hague Convention Is Mandatory ................................. 12

      2. To the Extent Service by Postal Channels on Japanese Defendants Is Permitted, It
         Should Meet the Requirements of Fed. R. Civ. P. 4(f)(2); Service by E-Mail and Federal
         Express Is Not Permitted ............................................................................... 12

      3. Service under Rule 4(f)(3) Should Not Violate the Laws of Defendant's Country ....... 13

   E. Dismissal is Proper Where a Copy of the Summons Is Not Provided ................. 13

   F. A More Definite Statement Is Required when a Complaint Fails to Provide Critical
      Information Regarding Claims and Defenses ...................................................... 14

1.   Complaint Alleging Patent Infringement Must Specifically Identify the Accused Infringing Products.................................................................................................. 14

2.   Complaint Alleging Patent Unenforceability Must Specifically Identify the Defense Asserted........................................................................................................... 15

IV.   Analysis ....................................................................................................................... 15

A.   Fujitsu Should Be Dismissed from this Action for Lack of Personal Jurisdiction ............. 15

1.   Nanya Cannot Establish General Jurisdiction Because Fujitsu's Activities in Guam Are Not Substantial, Continuous or Systematic.................................................................. 15

2.   Nanya Cannot Show Third Parties Are Fujitsu's Alter Egos or Agents ....................... 16

3.   Nanya Cannot Satisfy the Three-Part Test for Specific Jurisdiction ............................. 17

a.   Fujitsu Has Not Purposefully Availed Itself of the Privilege of Doing Business in Guam ............................................................................................................... 17

b.   Nanya's Claims Do Not Arise from Any Activities in Guam ................................... 18

c.   Exercise of Specific Jurisdiction Would Be Unreasonable......................................... 20

B.   Fujitsu Must Be Dismissed from this Action or Transferred for Improper Venue............. 20

C.   Fujitsu Should Be Dismissed or, in the Alternative, Transferred from this Action for Lack of Convenience ...................................................................................................... 21

1.   Nanya Could Have Brought this Action in the Northern District of California ............ 21

2.   The Balance of Convenience Favors Dismissal or Transfer of Fujitsu from this Action to the Northern District of California..................................................................... 21

D.   If this Case Continues then Fujitsu's Motion for a More Definite Statement Must Be Granted Because Nanya's Amended Complaint Fails to Provide Critical Information Regarding Nanya's Claims and Defenses.............................................................. 22

1.   Nanya's Amended Complaint Fails to Specifically Identify the Accused Infringing Products........................................................................................................... 22

2.   Nanya's Amended Complaint Fails to Specifically Identify the Defenses Asserted..... 23

E.   Fujitsu Must be Dismissed from this Action due to Insufficient Process and Service of Process .................................................................................................................... 24

1.   The Alleged Service Made by Plaintiff Under Rule 4(f)(3) Violates Japanese Law..... 24

2.   Service Was Improper for Failing to Include a Summons............................................. 24

3.   Service Was Improper for Failing to Follow Magistrate's Order................................... 24

V.   Conclusion ................................................................................................................... 25

# TABLE OF AUTHORITIES

**Cases**

*Abuan v. Gen. Elec. Co.,*
  735 F. Supp. 1479 (D. Guam 1990)..............................................6, 7, 17, 18

*Amana Refrigeration, Inc. v. Quadlux, Inc.,*
  172 F.3d 852 (Fed. Cir. 1999)..............................................................9

*Arley v. United Pac. Ins. Co.,*
  379 F.2d 183 (9th Cir. 1967)................................................................10

*Asahi Metal Indus. Co. v. Superior Court,*
  480 U.S. 102 (1987)..............................................................................8

*AT&T v. Compagnie Bruxelles Lambert,*
  94 F.3d 586 (9th Cir. 1996)...................................................................17

*Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.,*
  223 F.3d 1082 (9th Cir. 2000)................................................................6

*Burger King v. Rudzewicz,*
  471 U.S. 462 (1985)............................................................................8, 9

*Cannon Mfg. Co. v. Cudahy Packing Co.,*
  267 U.S. 333 (1925)..............................................................................16

*Cardiogenesis Corp. v. PLC Sys., Inc.,*
  No. 96-20749, 1997 WL 12129 (N.D. Cal. Jan. 8, 1997)....................15, 23

*Curry v. Heard,*
  819 F.2d 130 (5th Cir. 1987)......................................................13, 14, 24

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.,*
  557 F.2d 1280 (9th Cir. 1977)...........................................................passim

*Decker Coal Co. v. Commonwealth Edison Co.,*
  805 F.2d 834 (9th Cir. 1986)..................................................................11

*Doe v. Am. Nat'l Red Cross,*
  112 F.3d 1048 (9th Cir. 1997)................................................................10

*Energy Absorption Sys., Inc. v. Roadway Safety Serv., Inc.,*
  No. 93-C-2147, 1993 WL 248008 (N.D. Ill. July 2, 1993)..................15, 23

*Esoft, Inc. v. Astaro Corp.,*
  No. 06-cv-00441, 2006 WL 2164454 (D. Colo. July 31, 2006)..............14

*Fireman's Fund Ins. Co. v. Fuji Elec. Sys. Co.,*
  No. C-04-3627, 2005 WL 628034 (N.D. Cal. Mar. 17, 2005)............12, 24

*Gray & Co. v. Firstenberg Mach. Co.,*
  913 F.2d 758 (9th Cir. 1990)......................................................8, 17, 18

*Gulf Oil v. Gilbert,*
  330 U.S. 501 (1947)..............................................................................11

*Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.,*
  784 F.2d 1392 (9th Cir. 1986)..............................................................8, 9

*Hanson v. Denckla,*
  357 U.S. 235 (1958)................................................................................8

*Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.,*
  328 F.3d 1122 (9th Cir. 2003)....................................................7, 16, 17

*Hewlett-Packard Co. v. Intergraph Corp.,*
  No. 03-2517, 2003 WL 23884794 (N.D. Cal. Sept. 6, 2003)..................14

*Hollyanne Corp. v. TFT, Inc.*,
   199 F.3d 1304 (Fed. Cir. 1999)..................................................................................7, 8

*Int'l Shoe v. Washington*,
   326 U.S. 310 (1945).......................................................................................................6

*Judin v. United States*,
   110 F.3d 780 (Fed. Cir. 1997)......................................................................................14

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
   526 U.S. 344 (1999).....................................................................................................12

*N. Am. Phillips Corp. v. Am. Vending Sales, Inc.*,
   35 F.3d 1576 (Fed. Cir. 1994).......................................................................................7

*NSM Music, Inc. v. Alvarez*,
   No. 02-C-6482, 2003 U.S. Dist. LEXIS 2964 (N.D. Ill. Mar. 3, 2003)..............13, 24

*Pac. Atl. Trading Co. v. M/V/ Main Express*,
   758 F.2d 1325 (9th Cir. 1985).......................................................................................8

*Pac. Car and Foundry Co. v. Pence*,
   403 F.2d 949 (9th Cir. 1968).................................................................................11, 21

*Pennington Seed, Inc. v. Produce Exchange No. 299*,
   457 F.3d 1334 (Fed. Cir. 2006.).................................................................................6, 9

*Piper Aircraft Co. v. Reyno*,
   454 U.S. 235 (1981).....................................................................................................11

*Prewitt Enters. v. Org. of Petroleum Exporting Countries*,
   353 F.3d 916 (11th Cir. 2003).....................................................................................13

*Rano v. Sipa Press, Inc.*,
   987 F.2d 580 (9th Cir. 1993).....................................................................................5, 7

*Red Wing Shoe Co. v. Hockerson Halberstadt, Inc.*,
   148 F.3d 1355 (Fed. Cir. 1998)...............................................................................5, 7, 8

*Roth v. Garcia Marquez*,
   942 F.2d 617 (9th Cir. 1991).........................................................................................6

*Scott v. Breeland*,
   792 F.2d 925 (9th Cir. 1986).................................................................................9, 19

*Standard Oil Co. v. Nippon Shokubai Kagaku Kogyo Co.*,
   754 F.2d 345 (Fed. Cir. 1985).................................................................................15, 23

*Storage Tech. Corp. v. Cisco Sys., Inc.*,
   329 F.3d 823 (Fed. Cir. 2003).....................................................................................10

*Terracom v. Valley Nat'l Bank*,
   49 F.3d 555 (9th Cir. 1995)...........................................................................................9

*Triton Container Int'l, Ltd. v. Compania Anomina Venezolana de Navigacion*,
   No. 94-00055, 1994 WL 803257 (D. Guam Dec. 12, 1994)...........................11, 21, 22

*Van Dusen v. Barrack*,
   376 U.S. 612 (1964).....................................................................................................10

*W. Coast Theater Corp. v. City of Portland*,
   897 F.2d 1519 (9th Cir. 1990).....................................................................................14

*World-Wide Volkswagen v. Woodson*,
   444 U.S. 286 (1980)...................................................................................................8, 9

**Statutes**
28 U.S.C. § 1400(b) ..................................................................................................10, 20

28 U.S.C. § 1404(a) .......................................................................................... 10, 11
28 U.S.C. § 1406 ................................................................................................... 20
28 U.S.C. § 1406(a) ............................................................................................. 10
35 U.S.C. § 286 .................................................................................................... 23
48 U.S.C. § 1421b(u) (7 G.C.A. § 14109) ............................................................ 6

**Rules**
Fed. R. Civ. P. 4(f)(2) .................................................................................... 12, 13
Fed. R. Civ. P. 4(f)(3) ...................................................................................... 2, 13
Fed. R. Civ. P. 4(c)(1) ......................................................................................... 14
Fed. R. Civ. P. 11 ................................................................................................ 14
Fed. R. Civ. P. 12(b)(3) ....................................................................................... 20
Fed. R. Civ. P. 12(b)(4) ......................................................................................... 2
Fed. R. Civ. P. 12(b)(5) ................................................................................. passim
Fed. R. Civ. P. 12(e) ................................................................................... 2, 14, 15

**Treatises**
MOORE'S FEDERAL PRACTICE § 12.33 ................................................................... 14
WRIGHT & MILLER § 1353 ............................................................................... 14, 24

# I.    INTRODUCTION

Plaintiffs Nanya Technology Corp. ("Nanya Taiwan") and Nanya Technology Corp. USA ("Nanya USA") (collectively "Nanya" or "Plaintiffs") have brought this action in Guam for strategic reasons, namely to harass defendants and pressure them to settle related litigation filed earlier in Japan by defendant Fujitsu Limited ("Fujitsu") against Nanya Japan.  Guam has no connection whatsoever to the parties, the likely witnesses or to the causes of action alleged in Nanya's Amended Complaint.[1]  This Court lacks general personal jurisdiction over Fujitsu because Fujitsu is a Japanese corporation with no agents, place of business, or substantial, continuous, or systematic contacts with Guam.  Further, this Court lacks specific personal jurisdiction because the alleged relevant activities did not occur in Guam and did not arise from or have anything to do with any contacts with Guam.  Fujitsu did not purposefully avail itself of doing business in Guam and thus cannot properly be subject to jurisdiction in Guam.

Nanya's Amended Complaint fails to specify any proper basis for jurisdiction over Fujitsu and merely alleges that Fujitsu made a settlement proposal in Japanese proceedings, speculates that the proposal might have effects which "would encompass sales in the United States and the Territory of Guam," and levels the baseless accusation that Fujitsu is attempting to "capture licensing fees for 100 percent of the DDR SDRAM market... among the States and the Territories of the United States" or to "distort the market in the United States and its territories."  (*See* Amended Complaint at ¶¶ 32, 43, 49, 50, 53.)  These jurisdictional allegations are hypothetical, vague, and not substantiated by specific facts tying any alleged activities to Guam.  Further, Nanya offers no evidence that Fujitsu's products are or have ever been available in Guam, or that Fujitsu had a reasonable apprehension of being subject to jurisdiction in Guam.  Thus, Nanya has

---

[1] *See* Nanya's First Amended Complaint for Antitrust Law Violations, Patent Infringement, And for Declaratory Relief ("Amended Complaint").

*CIVIL CASE NO. 06-CV-00025*                    1

1    failed to establish a *prima facie* case of personal jurisdiction over Fujitsu.

2    The Court should dismiss Fujitsu from this action or, in the alternative, transfer this action

3    to the District Court for the Northern District of California -- where both Fujitsu's co-defendant

4    Fujitsu Microelectronics America, Inc. ("FMA") and Nanya USA reside – which would be a

5    much more convenient forum for the parties and witnesses.

6    This case should also be dismissed for improper service. The form of alleged service of

7    Fujitsu violates Japanese law, the Hague Convention, and Rule 4 itself and is accordingly

8    improper.[2]    Moreover, Nanya failed to follow the Magistrate's Order Granting Motion for

9    Alternative Service of Process on Fujitsu Limited ("Magistrate's Order") (Dkt. No. 19); Nanya

10    attempted service using Federal Express instead of mail, as ordered. Finally, Nanya failed to

11    even attempt service of the Summons. Proper service clearly has not been effected and thus the

12    Court should also dismiss Fujitsu from this action pursuant to either Rule 12(b)(4) or 12(b)(5).

13    In addition, Nanya's Amended Complaint lacks important required information, including

14    (1) an identification of the accused infringing products, and (2) the grounds for certain allegations

15    relating to alleged unenforceability of Fujitsu's patents. Accordingly, if this case continues, then

16    this Court should either strike these counts or grant Fujitsu's motion for a more definite statement

17    under Rule 12(e).

18    **II.    STATEMENT OF FACTS**

19    **A.    Fujitsu Limited Has No Significant Contacts With Guam, nor Any
         Documents or Witnesses in Guam**

20

21    Fujitsu is a company organized and existing under the laws of Japan, and maintains its

22    principal place of business at Shiodome City Center, 1-5-2, Higashi-Shimbashi, Minato-ku

23    ────────────────
      [2] *See* Fujitsu Limited's Memorandum of Points and Authorities in Support of its
      Objections to the Magistrate's Order Granting Motion for Alternative Service of Process on

24    Fujitsu Limited (Dkt. No. 45) ("Objections"), at 1.

*CIVIL CASE NO. 06-CV-00025*                    2

25

26

1  Tokyo, 105-7123, Japan. (Shigeru Kitano Declaration in Support of Fujitsu's Motion to Dismiss

2  or Transfer to the Northern District of California ("Kitano Decl.") ¶ 2).

3       Fujitsu does not maintain any offices in Guam and has no operations, affiliates, employees

4  or salespersons in Guam. (*Id.* ¶ 4.) Fujitsu does not own real or personal property located in

5  Guam. (*Id.* ¶ 5.) It has no bank accounts in Guam. (*Id.* ¶ 6.) It does not lease any office space or

6  other facility of any kind in Guam, nor does it maintain a telephone, telex or telefax number in

7  Guam (*Id.* ¶ 7.) Fujitsu does not maintain a post office box or street address in Guam. (*Id.* ¶ 8.)

8  Fujitsu is not registered to do business in Guam (*id.* ¶ 9), does not file tax returns in Guam (*id.* ¶

9  10), and does not advertise its products or services in any local media in Guam (*id.* ¶ 11). Fujitsu

10 has no directors, officers, or employees in Guam and has appointed no agents in Guam for service

11 of process. (*Id.* ¶ 12.) It has never been party to any lawsuit or legal proceeding in Guam Federal

12 District Court.[3] (*Id.* ¶ 13.) It has filed no papers with any agency of Guam relating to the subject

13 matter of this suit. (*Id.* ¶ 14.) Fujitsu has neither negotiated nor executed any agreements, nor

14 had any correspondence with Nanya of any kind, in Guam relating to the subject matter of this

15 suit. (*Id.* ¶ 15.) Fujitsu has no documents relevant to this law suit in Guam and knows of no fact

16 witnesses in Guam. (Kitano Decl. ¶ 24.)

17      Nanya claims to be a Taiwanese Corporation having its principal place of business in Hwa

18 Ya Technology Park, 669, Fu Hsing 3rd Rd., Kueishan, Taoyuan, Taiwan, Republic of China.

19 (Amended Complaint ¶ 1.) Nanya alleges patent misuse based in large part on meetings that

20 occurred in Taiwan and on litigation initiated by Fujitsu in Tokyo District Court. (Amended

21 Complaint ¶¶ 27, 28, 32, 45.) Neither the Taiwanese meetings nor the Japanese litigation have

22 any connection with Guam. (Kitano Decl. ¶ 23.)

23

---

24   [3] According to a search of Public Access to Court Electronic Records (PACER), which
     dates back to January 1, 1997.

*CIVIL CASE NO. 06-CV-00025*                                    3

25

26

1    A number of Nanya's likely fact witnesses and documents relevant to this litigation are

2    located in Northern District of California because that is where Plaintiff Nanya USA maintains its

3    headquarters. (Amended Complaint ¶ 2.)  In addition, FMA is located in Sunnyvale, California.

4    (Kitano Decl. ¶   25.)   Consequently, FMA's fact witnesses and documents relevant to this

5    litigation are located in the Northern District of California. (*Id.*)

6    The Northern District of California is a much more convenient location for Fujitsu and its

7    employees.  Reasons for this include more options for transportation and scheduling. (*Id.* ¶ 26.)

8    In addition, a number of Fujitsu's employees regularly travel to FMA in California. (*Id.*)  FMA

9    has cost-effective arrangements for accommodations for its out-of-town visitors that can be made

10   available to Fujitsu employees.   (*Id.*)    Fujitsu also has cost-effective arrangements for

11   transportation of documents to California.   (*Id.* ¶ 27.)   Documents can also be transmitted

12   electronically to FMA where they can be efficiently printed.  Finally, FMA can assist Fujitsu with

13   logistics in relation to litigation matters. (*Id.*)

14   **B.    Fujitsu and Nanya Have Been Negotiating Patent License Issues for More Than Five Years**

15

16   Fujitsu approached Nanya in 1999 to discuss the terms of a license regarding Nanya's

17   unauthorized use of substantial Fujitsu technology relating to semiconductor devices.  Over the

18   next 5 years, the parties met numerous times but were unable to reach agreement on license

19   terms.  Fujitsu brought an action for patent infringement against Nanya in August of 2005 in

20   Japan.  That litigation is progressing, and the parties have been engaged in a series of court-

21   supervised mediations to try to settle their disputes.  The Guam filing coincided with a critical

22   phase in the Japanese litigation and was thus clearly tactical in nature.

23   **C.    Nanya Attempted Service by Federal Express and Email**

24   After the Court granted Nanya's Motion for Alternative Service, Nanya sent copies of the

*CIVIL CASE NO. 06-CV-00025*                    4

25

26

1   original Complaint and assorted exhibits to both Mr. Shigeru Kitano of Fujitsu and to Fujitsu's

2   attorney, Mr. Christopher Chalsen by a series of e-mails received between November 9, 2006

3   (November 10, Tokyo time) and November 13, 2006 (November 14, Tokyo time).  (Christopher

4   E. Chalsen Declaration in Support of Fujitsu's Motion to Dismiss or Transfer to the Northern

5   District of California ("Chalsen Decl.") ¶ 4; Kitano Decl. ¶ 28.)  Service was also attempted by

6   Federal Express deliveries to Mr. Kitano on November 13, 2006 and Mr. Chalsen on November

7   10, 2006. (Chalsen Decl. ¶ 5; Kitano Decl. ¶ 28.)  No other form of service of the Original

8   Complaint was received. (Chalsen Decl. ¶ 5; Kitano Decl. ¶ 28.)  Neither form of alleged service

9   included a copy of the Summons.  (Chalsen Decl. ¶¶ 4, 5; Kitano Decl. ¶ 28.)

10          On November 30, 2006, Nanya sent copies of the First Amended Complaint to Mr. Kitano

11  and Mr. Chalsen via email. (Chalsen Decl. ¶ 6; Kitano Decl. ¶ 29).  Service was also attempted by

12  Federal Express deliveries to Mr. Kitano on December 4, 2006, and Mr. Chalsen on December 1,

13  2006.  (Chalsen Decl. ¶ 6; Kitano Decl. ¶ 29).  No other form of service of the First Amended

14  Complaint was received. (Chalsen Decl. ¶ 6; Kitano Decl. ¶ 29.)  As with the original Complaint,

15  the Summons was not included.  (Chalsen Decl. ¶ 6; Kitano Decl. ¶ 29.)

16  **III.    APPLICABLE LAWS**

17          **A.    Personal Jurisdiction**

18                  **1.    Plaintiff Bears the Burden of Establishing Personal Jurisdiction**

19          Under Rule 12(b)(2), plaintiff bears the burden of establishing a *prima facie* case

20  supporting *in personam* jurisdiction. *See Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d

21  1280, 1285 (9th Cir. 1977).  *See generally Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*,

22  148 F.3d 1355, 1359 (Fed. Cir. 1998).  If plaintiff fails to meet this burden, the action must be

23  dismissed. *See Rano v. Sipa Press, Inc.*, 987 F.2d 580, 587 (9th Cir. 1993).  Even if plaintiff

24  establishes its *prima facie* case, the action must be dismissed if defendant presents a compelling

25  *CIVIL CASE NO. 06-CV-00025*                              5

26

1    case that the exercise of personal jurisdiction would, in fact, be unreasonable. *Roth v. Garcia*

2    *Marquez*, 942 F.2d 617, 625 (9th Cir. 1991). The Court can consider facts outside the pleadings

3    on a motion to dismiss for lack of personal jurisdiction. *See Bancroft & Masters, Inc. v. Augusta*

4    *Nat'l, Inc.*, 223 F.3d 1082 (9th Cir. 2000).

5            **2.     Guam's Long-Arm Statute Is Coextensive with the Due Process Clause**

6          To determine whether a defendant is amenable to personal jurisdiction, the court must

7    determine whether the exercise of jurisdiction satisfies the long-arm statute of the state in which

8    the court sits and the Due Process Clause of the United States Constitution. *See Data Disc*, 557

9    F.2d at 1286; *Pennington Seed, Inc. v. Produce Exchange No. 299*, 457 F.3d 1334, 1343-44 (Fed.

10    Cir. 2006). Guam's long-arm statute permits a Guam court to exercise personal jurisdiction over

11    non-residents "on any basis not inconsistent with the Organic Act or the Constitution of the

12    United States." 48 U.S.C. § 1421b(u) (7 G.C.A. § 14109). The scope of jurisdiction granted by

13    the Guam statute is coextensive with that authorized by the federal constitution. *See Abuan v.*

14    *Gen. Elec. Co.*, 735 F. Supp. 1479, 1481 (D. Guam 1990).

15            **3.     Due Process Requires "Minimum Contacts" to Support Personal**
              **Jurisdiction**

16

17          To comport with the Due Process clause of the United States Constitution, a court may

18    only exercise jurisdiction when defendant has "certain minimum contacts with it such that the

19    maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"

20    *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted).

21            **4.     General Jurisdiction Requires Substantial, Continuous or Systematic**
              **Contact**

22          When the cause of action is unrelated to the non-resident defendant's forum activities, a

23    court may only exercise general jurisdiction when defendant's contacts with the forum are

24    "substantial, continuous or systematic." *Data Disc.*, 557 F.2d at 1287; *Rano*, 987 F.2d at 587-

25

26

588; *Abuan*, 735 F. Supp. at 1482. *See Red Wing Shoe Co.*, 148 F.3d at 1359; *N. Am. Phillips Corp. v. Am. Vending Sales, Inc.*, 35 F.3d 1576 (Fed. Cir. 1994); *Hollyanne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1305-06 (Fed. Cir. 1999).

### a.    Parent-Subsidiary Relationship Is Not Sufficient to Establish Jurisdiction Over Parent Based on Contacts of Subsidiary

As a general rule, the existence of a relationship between a parent company and its subsidiaries is not sufficient to attribute the contacts of the subsidiary to the parent for jurisdictional purposes. *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1134 (9th Cir. 2003).   To overcome this general rule, the plaintiffs must show either the subsidiary is the parent's alter ego, or the subsidiary acts as the general agent of the parent. *Id.*

To satisfy the alter ego exception, a plaintiff must make out a *prima facie* case "(1) that there is such unity of interest and ownership that the separate personalities [of the two entities] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice." *Id.* at 1134.   Thus, the plaintiff must show that the parent exercises such control over the subsidiary so as to "render the latter the mere instrumentality of the former." *Id.* at 1135.

To satisfy the agency exception, a plaintiff must make a *prima facie* showing that the subsidiary represents the parent corporation by performing services "sufficiently important to the [parent] corporation that if it did not have a representative to perform them, the [parent] corporation . . . would undertake to perform substantially similar services." *Id.* Further, agency may be established when the subsidiary was "either established for, or is engaged in, activities that, but for the existence of the subsidiary, the parent would have to undertake itself." *Id.*

### 5.    Specific Jurisdiction Requires a Three Part Test

If a defendant's contacts do not support general jurisdiction, "the nature and quality of the forum-related activities must be evaluated in relation to the specific cause of action." *Pac. Atl.*

*CIVIL CASE NO. 06-CV-00025*                    7

1  *Trading Co. v. M/V/ Main Express*, 758 F.2d 1325 (9th Cir. 1985); *see Red Wing Shoe Co.*, 148

2  F.3d at 1358-59.  To assert specific personal jurisdiction: 1) defendant must do some act or

3  consummate some transaction by which it *purposefully avails* itself of the privilege of conducting

4  activities in the forum and invokes the benefits and protections of its laws; 2) plaintiff's claim

5  must arise out of defendant's forum-related activities; and 3) the exercise of jurisdiction must be

6  reasonable and not offend traditional notions of fair play and substantial justice.  *See Burger King*

7  *v. Rudzewicz*, 471 U.S. 462, 476-77 (1985); *Data Disc.*, 557 F.2d at 1287; *Haisten v. Grass*

8  *Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392 (9th Cir. 1986); *Red Wing Shoe Co.*, 148

9  F.3d at 1358-59; *Hollyanne*, 199 F.3d at 1307-08.

10          a.      **Plaintiff Must Show that Defendant Purposefully Availed Itself of the Privilege of Conducting Activities in Guam**

11

12          In order to meet the first prong of the specific jurisdiction test, the plaintiff must

13  demonstrate that the defendant has purposefully directed its activities towards the forum, availing

14  itself of the privilege of conducting activities there, *Hanson v. Denckla*, 357 U.S. 235, 253

15  (1958), such that the defendant might reasonably anticipate being sued in that state.  *World-Wide*

16  *Volkswagen v. Woodson*, 444 U.S. 286, 297 (1980). "[R]andom, fortuitous, or attenuated contacts,

17  or of the unilateral activity of another party or a third person" is insufficient. *Haisten*, 784 F.2d at

18  1397 (*quoting Burger King*, at 2183).  *See Red Wing Shoe Co.*, 148 F.3d at 1359.  Even

19  "foreseeability of injury in the forum does not in itself establish purposeful availment." *Gray &*

20  *Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 761 (9th Cir. 1990).

21          When deciding whether a defendant has purposefully availed itself of the forum, courts

22  may consider whether and to what extent the defendant has placed the accused products into the

23  stream of commerce. *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102 (1987).  To satisfy

24  the purposeful availment prong under a stream of commerce analysis, the plaintiff must show: 1)

25  *CIVIL CASE NO. 06-CV-00025*                                   8

26

1    the defendant knowingly placed the accused infringing products into the stream of commerce; and

2    2) the defendant has a reasonable expectation of being subject to jurisdiction in the forum state.

3    *Abuan*, 735 F. Supp. at 1486. Whether defendant's sales rise to the level of purposeful availment

4    may be affected by the volume, the value, and the hazardous character of the components. *Id.*

5    citing *Asahi*, 480 U.S. at 122 (Stevens, J. concurring).

### b.    Plaintiff Must Establish that the Action Arises Out of the Forum-Related Activities

7    "The second prong of the specific jurisdiction test is met if 'but for' the contacts between

8    the defendant and the forum state, the cause of action would not have arisen." *Terracom v. Valley*

9    *Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995). If the plaintiff's claim cannot be shown to "arise

10   out of or relate to" defendant's contacts with the forum, those contacts cannot support specific

11   jurisdiction. *Scott v. Breeland*, 792 F.2d 925, 928 (9th Cir. 1986). *See generally Pennington*

12   *Seed, Inc.*, 457 F.3d at 1344; *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 857 (Fed.

13   Cir. 1999)

### c.    Assertion of Personal Jurisdiction over Defendant Must Not Be Unreasonable

16   The first two prongs alone are not sufficient to allow a court to exercise personal

17   jurisdiction over a defendant, rather "[t]he three *Data Disc* conditions are conjunctive

18   requirements for asserting jurisdiction." *Pac. Atl. Trading*, 758 F.2d at 1329. If the first two

19   prongs are satisfied, the court must separately consider factors indicating whether the exercise of

20   jurisdiction comports with "traditional notions of fair play and substantial justice." *World-Wide*

21   *Volkswagen*, 444 U.S. at 292; *see Haisten*, 784 F.2d at 1400 (citing *Burger King Corp. v.*

22   *Rudzewicz*, 471 U.S. 462, 105 S. Ct. 2175, 2184 (1985)). The Ninth Circuit weighs various

23   factors, with no one factor being dispositive in the determination of reasonableness. *See*

24   *Terracom*, 49 F.3d at 561 (discussing seven factors). However, "a defendant need only prove the

*CIVIL CASE NO. 06-CV-00025*                    9

25

26

1    unreasonableness of a court's exercise of personal jurisdiction if it is shown that defendant's

2    activities were purposefully directed at the forum state." *Doe v. Am. Nat'l Red Cross*, 112 F.3d

3    1048, 1052 (9th Cir. 1997).

**B.    Where Venue is Improper Dismissal or Transfer Is Mandatory**

5         28 U.S.C. § 1400(b) provides "[a]ny civil action for patent infringement may be brought

6    in the judicial district where the defendant resides, or where the defendant has committed acts of

7    infringement and has a regular and established place of business."   If venue is improper, 28

8    U.S.C. § 1406(a) provides for mandatory dismissal or transfer: "[t]he district court of a district in

9    which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the

10   interest of justice, transfer such case to any district or division in which it could have been

11   brought."  28 U.S.C. § 1406(a).

**C.    Dismissal or Transfer for Inconvenience Is Appropriate Where the Parties' Contacts with the Forum Are Tenuous or in the Interests of Justice**

13        Pursuant to 28 U.S.C. § 1404(a), any civil action may be transferred "for the convenience

14   of parties and witnesses, in the interest of justice ... to any other district or division where it might

15   have been brought."  The purpose of transfer under this section is to "prevent the waste of time,

16   energy and money and to protect litigants, witnesses and the public against unnecessary

17   inconvenience and expense."   *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citations

18   omitted).    In furtherance of this purpose, § 1404(a) provides this Court with discretion to

19   adjudicate motions to transfer. *See Arley v. United Pac. Ins. Co.*, 379 F.2d 183, 185, n.1 (9th Cir.

20   1967).[4]

21

22

---

23        [4] In reviewing a district court's ruling on a motion to transfer pursuant to 28 U.S.C §
     1404(a) the Federal Circuit applies the law of the regional circuit. *Storage Tech. Corp. v. Cisco*
24   *Sys., Inc.*, 329 F.3d 823, 836 (Fed. Cir. 2003).

*CIVIL CASE NO. 06-CV-00025*                         10

25

26

1    Though § 1404(a) partially replaces the common law doctrine of *forum non conveniens*,

2   the private and public factors traditionally used to decide motions to dismiss under that doctrine[5]

3   have also been used by courts to decide a motion under § 1404(a).   *See Decker Coal Co. v.*

4   *Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).   The relevant private factors

5   include: availability of process to compel the presence of unwilling witnesses; costs of obtaining

6   the presence of unwilling and willing witnesses; relative ease of access to sources of proof; and

7   all other practical problems indicating the case can be tried more expeditiously and less

8   expensively. *Triton Container Int'l, Ltd. v. Compania Anomina Venezolana de Navigacion*, No.

9   94-00055, 1994 WL 803257, at *2-3 (D. Guam Dec. 12, 1994).   The relevant public factors

10   include the unfairness of imposing jury duty on local community members when no local issues

11   are at stake and the local interest in having localized controversies decided at home. *Id*.

12    In support of its motion to transfer, the moving party bears the burden of making a "strong

13   showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Triton Container*

14   *Int'l, Ltd.*, 1994 WL 803257, at *2.   However, in judging the proper weight to be given to

15   Plaintiffs' choice, this Court must consider both "the defendant's business contacts with the

16   chosen forum and the plaintiff's contacts, including those relating to his cause of action.   If the

17   operative facts have not occurred within the forum of original selection and that forum has no

18   particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to

19   minimal consideration." *Pac. Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968).

20

21

22

23    [5] *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981); *Gulf Oil v. Gilbert*, 330 U.S. 501, 508

24   (1947).

*CIVIL CASE NO. 06-CV-00025*                    11

25

26

**D.    Dismissal for Insufficiency of Process Is Appropriate Where Plaintiff Disregards the Hague Convention and Violates Laws of Foreign Country in Which Defendant Must Be Served**

Insufficiency of process is grounds for dismissal under Rule 12(b)(5).  Fed. R. Civ. P. 12(b)(5); *Fireman's Fund Ins. Co. v. Fuji Elec. Sys. Co.*, No. C-04-3627, 2005 WL 628034, at *2, *6 (N.D. Cal. Mar. 17, 2005).  "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant."  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).  Proper service provides certainty to the defendant of the time within which it must appear to defend.  *See id.*  Service of the summons functions "as the *sine qua non* directing an ... entity to participate in a civil action or forgo procedural or substantive rights."  *Id.* at 351.

**1.    Compliance with the Hague Convention Is Mandatory**

Japan is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("the Hague Convention").  The Hague Convention establishes mandatory procedures for serving defendants in member countries.  (*See* Objections at 5.)

While the law is unsettled regarding whether service via postal channels is permissible against Japanese defendants under the Hague convention, the better view is that such service is not permitted. (*See* Objections at 6-8.)

**2.    To the Extent Service by Postal Channels on Japanese Defendants Is Permitted, It Should Meet the Requirements of Fed. R. Civ. P. 4(f)(2); Service by E-Mail and Federal Express Is Not Permitted**

If the Court finds that service by postal channels against Japanese defendants is permitted, the Court should at least require such service to meet the requirements for service by international mail on foreign defendants under Fed. R. Civ. P. 4(f)(2), which is the closest U.S. equivalent to service by postal channels under Japanese law.  (*See* Objections at 8-11.)  Under Japanese law,

1    direct service of process by Japanese attorneys or private citizens is invalid and has no effect. (*Id.*

2    at 8-9.) Those courts that have allowed service by postal channels to countries that are signatories

3    to the Hague Convention have nevertheless required the safeguards of Fed. R. Civ. P. 4(f)(2). (*Id.*

4    at 10-11.)

5         In addition to being forbidden by Japanese law, service by Federal Express on a foreign

6    defendant is improper under the Hague Convention because it "is neither a 'postal channel' (the

7    term used in the Hague Convention) nor 'mail' (the term used in the Federal Rules)." *NSM*

8    *Music, Inc. v. Alvarez*, No. 02-C-6482, 2003 U.S. Dist. LEXIS 2964, at *5 (N.D. Ill. Mar. 3,

9    2003). E-mail provides even fewer safeguards than Federal Express, and is most certainly neither

10   a "postal channel" under the Hague Convention nor "international mail" under Fed. R. Civ. P.

11   4(f)(2).    Accordingly, neither e-mail nor Federal Express is permitted under the Hague

12   Convention and Fed. R. Civ. P. 4(f)(2).

13         **3.    Service under Rule 4(f)(3) Should Not Violate the Laws of Defendant's**
              **Country**

14

15         Even if Nanya could establish urgent circumstances warranting alternative service outside

16   of the Hague Convention, such service should "minimize[] offense to foreign law." *See* Advisory

     Committee notes to Rule 4(f)(3); *Prewitt Enters. v. Org. of Petroleum Exporting Countries*, 353

17   F.3d 916, 927 (11th Cir. 2003); Objections at 13.

18         **E.    Dismissal is Proper Where a Copy of the Summons Is Not Provided**

19         It is proper for this Court to dismiss a defendant upon whom a copy of the summons has

20   not been served under both Rule 12(b)(4) for insufficiency of process and Rule 12(b)(5) for

21   insufficiency of service of process. Fed. R. Civ. P. 12(b)(4) and (5); *See, e.g., Curry v. Heard*,

22   819 F.2d 130, 132 (5th Cir. 1987), *cert. denied*, 484 U.S. 944 (1987); 3 JAMES WM. MOORE ET

23

24   *CIVIL CASE NO. 06-CV-00025*                    13

25

26

1    AL., MOORE'S FEDERAL PRACTICE § 12.33[1] (3d. ed. 1999); 5B CHARLES ALAN WRIGHT &

2    ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed. 2006).

3         Federal Rule 4(c)(1) requires that "[a] summons shall be served along with a copy of the

4    complaint." Indeed, the "process" in "service of process" is first and foremost the summons.

5    MOORE ET AL., supra, at § 12.33[1] ("Insufficiency of Process or Service of Process"). Federal

6    Rule 12(b)(4) was designed to challenge irregularities in the contents of the summons and Rule

7    12(b)(5) was designed to challenge irregularities in the manner of delivery of the summons and

8    complaint. MOORE ET AL., supra, at § 12.33[1], n.2. *See Curry*, 819 F.2d at 132; *W. Coast*

9    *Theater Corp. v. City of Portland*, 897 F.2d 1519 (9th Cir. 1990).

10        **F.    A More Definite Statement Is Required when a Complaint Fails to Provide**
          **Critical Information Regarding Claims and Defenses**
11
           When a complaint "is so vague or ambiguous that a party cannot reasonably be required to
12
     frame a responsive pleading," the responding party may move for a more definite statement or to
13
     strike the offensive pleading. Fed. R. Civ. P. 12(e).
14
              **1.    Complaint Alleging Patent Infringement Must Specifically Identify the**
15                    **Accused Infringing Products**

16         In patent infringement cases, such a motion for more definite statement or a motion to

17   dismiss is granted when the complaint fails to specifically identify the alleged infringing

18   products. *See Hewlett-Packard Co. v. Intergraph Corp.*, No. 03-2517, 2003 WL 23884794, at *1

19   (N.D. Cal. Sept. 6, 2003) (granting motion to dismiss where complaint failed to identify any

20   particular product and instead alleged only that defendant "sell[s] infringing software and

21   hardware products"). *See also Esoft, Inc. v. Astaro Corp.*, No. 06-cv-00441, 2006 WL 2164454

22   (D. Colo. July 31, 2006). Rule 11 requires a plaintiff in a patent case to compare the accused

23   product with the patent claims prior to filing the complaint. *Judin v. United States*, 110 F.3d 780,

24   784 (Fed. Cir. 1997); Fed. R. Civ. P. 11(b). Thus, a plaintiff should have information as to at

*CIVIL CASE NO. 06-CV-00025*                          14

25

26

least one specific infringing product <u>before</u> filing, and an identification of the infringing product must be included in the complaint under Rule 12(e).

### 2. Complaint Alleging Patent Unenforceability Must Specifically Identify the Defense Asserted

In patent infringement cases, a motion for more definite statement or a motion to strike is granted when a complaint fails to provide sufficient information in connection with a claim of patent unenforceability. *See Cardiogenesis Corp. v. PLC Sys., Inc.*, No. 96-20749 SW, 1997 WL 12129 (N.D. Cal. Jan. 8, 1997); *Energy Absorption Sys., Inc. v. Roadway Safety Serv., Inc.*, No. 93-C-2147, 1993 WL 248008 (N.D. Ill. July 2, 1993). Claiming a patent is unenforceable, without more, is insufficient because "unenforceability" is a broad term that can serve as an umbrella for defenses such as fraud, estoppel, unclean hands, misuse, and inequitable conduct. *Cardiogenesis Corp.*, 1997 WL 12129, at *1. When a claim of unenforceability is based on an allegation of inequitable conduct, the court should require the party alleging patent unenforceability to plead the time, place, and content of any alleged misrepresentation that patentee made to the U.S. Patent and Trademark Office and further to plead the requisite intent. *Energy Absorption Sys. Inc.*, 1993 WL 248008, at *1.

## IV.    ANALYSIS

### A. Fujitsu Should Be Dismissed from this Action for Lack of Personal Jurisdiction

#### 1. Nanya Cannot Establish General Jurisdiction Because Fujitsu's Activities in Guam Are Not Substantial, Continuous or Systematic

Nanya cannot meet its burden to establish a *prima facie* case of personal jurisdiction. *See Data Disc*, 557 F.2d at 1285. Nanya has alleged that "[p]ersonal jurisdiction exists generally over Defendants because each Defendant has sufficient minimum contacts with the forum as a result of business conducted within the Territory of Guam and the District of Guam." (Amended

1   Complaint ¶ 9.) But this general allegation is not supported by the facts. Nanya does not even

2   allege that Fujitsu conducts "substantial" activities in Guam. In fact, Nanya admits that Fujitsu is

3   not a resident of Guam, does not maintain a regular place of business in Guam, and has no

4   designated agent in Guam for service of process. (*Id.* ¶¶ 3, 4.) As described above in detail, *see*

5   *supra* section II, Fujitsu has no substantial, continuous or systematic business presence, activities

6   or contacts in Guam. There is insufficient activity to support general jurisdiction under the

7   applicable constitutional standard. *See Data Disc,* 557 F.2d at 1287.

8                    **2.        Nanya Cannot Show Third Parties Are Fujitsu's Alter Egos or Agents**

9           In its Amended Complaint, Nanya alleges that Fujitsu Computer Products of America,

10  Fujitsu General New Zealand Limited, and Fujitsu Ten conduct business, have offices, and sell

11  products in Guam. (Amended Complaint ¶ 20.) Nanya further alleges that Fujitsu controls these

12  companies. (*Id.*) None of these allegations are true. (Kitano Decl. ¶¶ 4, 16, 17, 21, 22.)

13  Furthermore, such unsupported allegations, even if true, fail to make out a *prima facie* case that

14  these companies should be deemed Fujitsu's alter egos or agents.

15          Fujitsu does not exercise control over the daily business operations of the above-listed

16  companies (*id.* ¶ 18), nor does Fujitsu formulate general policies and strategies of those

17  companies (*id.* ¶ 19). Fujitsu and these third parties observe all corporate formalities and

18  document any financial transactions between them. (*Id.* ¶ 20.) Fujitsu does not own 100% of the

19  stock of any of these companies and, even if it did, "100% control through stock ownership does

20  not by itself make a subsidiary the alter ego of the parent." *See Harris Rutsky & Co. Ins. Servs.,*

21  328 F.3d at 1135 (citing *Cannon Mfg. Co. v. Cudahy Packing Co.,* 267 U.S. 333 (1925)).

22  Therefore, each of these third parties are clearly separate from and not "mere instrumentalities" of

23  Fujitsu. *See Harris Rutsky & Co. Ins. Servs.,* 328 F.3d 1134-35. Nanya has not made, and cannot

24  make, a *prima facie* case for the alter ego exception.

*CIVIL CASE NO. 06-CV-00025*                              16

25

26

1    To satisfy the agency exception, Nanya must demonstrate that these companies were

2    established for, or are engaged in, activities that Fujitsu would have to undertake, but for the

3    existence of those companies. *Id.* at 1135. But Nanya has not even alleged such facts and cannot

4    make the *prima facie* case required to satisfy the agency exception.

5    Consequently, Nanya has not established any grounds to find personal jurisdiction over

6    Fujitsu under the alter ego or agency exceptions. *See AT&T v. Compagnie Bruxelles Lambert*, 94

7    F.3d 586, 591 (9th Cir. 1996). Where a defendant had contact with Guam only through third

8    parties and that defendant had never had an office or presence in Guam, this Court has held that

9    asserting general jurisdiction would be "an uncontemplated extension of this Court's

10   constitutional reach." *Abuan,* 735 F. Supp. at 1482.

11              **3.     Nanya Cannot Satisfy the Three-Part Test for Specific Jurisdiction**

12   In its Amended Complaint, plaintiff states that "[t]his proceeding arises, in part, out of

13   business done in the Territory of Guam and the District of Guam." (Amended Complaint ¶¶ 3, 4.)

14   This statement is completely unsupported and, in any event, Nanya cannot show that the three-

15   part test for specific jurisdiction is satisfied here.

16              **a.     Fujitsu Has Not Purposefully Availed Itself of the Privilege of**
                         **Doing Business in Guam**

17   The Ninth Circuit has made it clear that attenuated contacts with a forum are insufficient

18   to establish that defendants had "purposefully availed themselves of the benefits and protections

19   of the forum's laws." *Gray*, 913 F.2d at 761. In *Gray*, the Court stated that "[p]urposeful

20   availment requires that the defendant engage in some form of affirmative conduct allowing or

21   promoting the transaction of business within the forum state." *Id.* at 760. The defendants'

22   contacts with the forum in *Gray* consisted of responding to plaintiff's solicitation for a filter,

23   telephone conversations with the plaintiff in Oregon, mailing the invoice to the plaintiff in

24

*CIVIL CASE NO. 06-CV-00025*                            17

25

26

1    Oregon and accepting payment.  The Court held that such contacts with Oregon fell in "the

2    category of 'attenuated contacts.'"  *Id.* at 761.

3        In this case, Nanya cannot establish even the level of contacts held to be insufficient in

4    *Gray*.  Nanya has made only vague claims that Fujitsu "engages in business in the Territory of

5    Guam and the District of Guam."  (Amended Complaint ¶ 3.)  Nanya has failed to identify <u>any</u>

6    specific contacts between Fujitsu and Guam.  (*See supra* section II.)

7        Furthermore, Nanya cannot show that Fujitsu inserted its accused products into the stream

8    of commerce and that Fujitsu has a reasonable expectation that it would be haled into court in

9    Guam.  *See Abuan*, 735 F. Supp. at 1480-81.  Nanya has failed to even <u>identify</u> a single accused

10    infringing product in its Amended Complaint, let alone establish that: 1) such a product traveled

11    through the stream of commerce and ended up in Guam; and 2) Fujitsu had a reasonable

12    expectation of being subject to jurisdiction in Guam due to such sales.  *See id.*  Consequently,

13    Nanya cannot meet its burden to show that Fujitsu "purposefully directed" its activities toward

14    Guam, availing itself of the privilege of conducting activities there.

15              **b.**    **Nanya's Claims Do Not Arise from Any Activities in Guam**

16        Nanya's assertions that the settlement proposed during Japanese proceedings could have

17    effects which "would encompass sales in the United States and the Territory of Guam" or that

18    Fujitsu's acts constitute an attempt to "capture licensing fees for 100 percent of the DDR

19    SDRAM market… among the States and the Territories of the United States" or that Fujitsu's acts

20    "distort the market in the United States and its territories," (*see* Amended Complaint ¶¶ 32, 43,

21    49, 50, and 53), are insufficient to meet the Ninth Circuit's requirement that "but for" the contacts

22    between the defendant and the forum, the cause of action against Fujitsu would not have arisen.

23    Plaintiffs' vague and hypothetical allegations are not specific to Guam and did not arise from any

24    contacts between Fujitsu and Guam.  Vague assertions that effects of Fujitsu's business may

*CIVIL CASE NO. 06-CV-00025*                 18

25

26

1  occur in the United States cannot support specific jurisdiction. *See generally Scott v. Breeland*,

2  792 F.2d at 928.

3      In *Red Wing Shoe Co.*, the Federal Circuit affirmed a decision of the United States District

4  Court for the District of Minnesota holding that the plaintiff Red Wing Shoe Co. failed to show

5  that the defendant had sufficient contacts with Minnesota to support personal jurisdiction. *Red*

6  *Wing Shoe Co.*, 148 F.3d at 1357. The defendant had engaged in licensing and enforcing the

7  rights associated with two patents that dealt with footwear. The defendant sent three letters to

8  Red Wing in Minnesota suggesting that it was infringing the two patents and offering a licensing

9  agreement. Red Wing sued for declaratory judgment. *Id.* at 1357-58.

10      Red Wing argued that the court had personal jurisdiction over the defendant, citing the

11  three separate occasions the defendant had contacted Red Wing in Minnesota seeking a licensing

12  agreement. Additionally, Red Wing showed that the defendant had licensing agreements with

13  thirty-four (34) licensees who sell products in Minnesota. *Id.* at 1359-60.

14      Despite these specific contacts with the forum, the district court granted the defendant's

15  motion to dismiss for lack of personal jurisdiction, finding that Red Wing had not met its burden

16  of proving that the district court had either general or specific jurisdiction over the defendant.

17  The Federal Circuit affirmed, stating that the letters themselves did not establish "minimum

18  contacts" with the forum state, and that asserting personal jurisdiction over defendant would not

19  comport with fair play and substantial justice. The court stated: "[p]rinciples of fair play and

20  substantial justice afford a patentee sufficient latitude to inform others of its patent rights without

21  subjecting itself to jurisdiction in a foreign forum." *Red Wing Shoe Co.*, 148 F.3d at 1360-61.

22  Furthermore, the Court held that the presence of licensees in the forum state was not evidence of

23  the defendant's contacts with the forum state.

24

*CIVIL CASE NO. 06-CV-00025*            19

25

26

1    Here, Nanya cannot establish even the level of contacts held to be insufficient in *Red*

2    *Wing Shoe Co.*, since in that case, the plaintiff was a resident of the forum state and defendant

3    contacted plaintiff in that forum state.  Subjecting Fujitsu to suit in Guam is also contrary to the

4    principles of fair play and substantial justice that the court described in *Red Wing Shoe Co. Id.* at

5    1360-61.

6              **c.    Exercise of Specific Jurisdiction Would Be Unreasonable**

7    As discussed at length above, Nanya has not established the requisite minimum contacts

8    between Fujitsu and Guam.  A balancing of relevant factors indicates that exercise of jurisdiction

9    over Fujitsu would, in fact, be unreasonable.  Even if Fujitsu's contacts were sufficient to

10   establish jurisdiction, the extent of its purposeful interjection into the forum is too minimal to

11   justify the assertion of jurisdiction.  In addition, the burden on Fujitsu to litigate in this forum

12   would be substantial.  Virtually all of the documents and witnesses related to this case are located

13   in California, Taiwan and Japan.

14        **B.    Fujitsu Must Be Dismissed from this Action or Transferred for Improper
               Venue**

15   Fujitsu should also be dismissed from this action pursuant to Federal Rule of Civil

16   Procedure 12(b)(3) and 28 U.S.C. § 1406, for improper venue.  Venue in this District is improper

17   because Fujitsu does not reside in, and is not subject to personal jurisdiction in Guam; none of the

18   events giving rise to the claim occurred here; nor does Fujitsu have a regular or established place

19   of business in this district.  *See* 28 U.S.C. § 1400(b); Kitano Decl. ¶¶ 4-16, 23, 24.  Because

20   Nanya cannot satisfy the requisite bases for venue in this district, dismissal or transfer is

21   mandatory.  28 U.S.C. § 1406.

22

23

24

*CIVIL CASE NO. 06-CV-00025*                              20

25

26

**C.    Fujitsu Should Be Dismissed or, in the Alternative, Transferred from this Action for Lack of Convenience**

**1.    Nanya Could Have Brought this Action in the Northern District of California**

Even if this Court finds some basis for personal jurisdiction and/or proper venue in this district, this case should still be transferred to the Northern District of California. Because both co-defendant FMA and co-plaintiff Nanya USA reside there, it is evident that the Northern District of California is an existing alternative forum with a significant interest in adjudicating this dispute.

**2.    The Balance of Convenience Favors Dismissal or Transfer of Fujitsu from this Action to the Northern District of California**

Though a party moving to transfer an action must typically make a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum," *Triton Container*, at *2, in this case, Nanya's choice of forum is entitled to only minimum consideration because no substantial contacts with Guam exist with respect to either of the parties. *See Pac. Car*, 403 F.2d at 954-55.

The balance of convenience clearly favors transferring this case to the Northern District of California.[6] None of the relevant documents and/or witnesses are located in Guam because none of the actions giving rise to plaintiffs' claims have any relation to Guam and neither Nanya nor Fujitsu resides in this district. (Amended Complaint ¶¶ 1, 2, 3, 4.) Relevant documents would have to be shipped to Guam and witnesses would have to travel from such places as California to give testimony. *See Pac. Car*, 403 F.2d at 953. To echo this Court's own words, "it is doubtful the Plaintiffs could have selected a United States forum that was more distant than Guam is from

---

[5] Plaintiffs regularly appear in the U.S. District Court for the Northern District of California. Indeed, a recent on-line search revealed dozens of cases in which plaintiffs presently

*CIVIL CASE NO. 06-CV-00025*                21

1    the principal places of business of the respective parties." *Triton Container*, 1994 WL 803257, at

2    *3. Additionally, there is no local interest in deciding this case in Guam. *Id.* Consequently, it is

3    unfair to impose this case on the Guam judicial system.

4          Finally, the interests of justice are best served by transferring this case to the Northern

5    District of California where the Court has promulgated a special set of local patent rules for

6    litigants due to the large number of patent cases handled by that court. *See* U.S. Dist. Ct. N.D.

7    Cal. Patent L.R. 1-2. In fact, in its proposed scheduling order, Nanya even suggested  adopting

8    the Northern District of California rules of practice in patent cases, thereby recognizing that

9    court's familiarity with patent matters.   Accordingly, transfer to the Northern District of

10   California is appropriate.

11         **D.**    **If this Case Continues then Fujitsu's Motion for a More Definite Statement**
                    **Must Be Granted Because Nanya's Amended Complaint Fails to Provide**
12                  **Critical Information Regarding Nanya's Claims and Defenses**

13             **1.**    **Nanya's Amended Complaint Fails to Specifically Identify the Accused**
                      **Infringing Products**

14         Nowhere in its forty-six page Amended Complaint does Nanya identify a single Fujitsu

15   product accused of infringement. Nanya alleges only that, for each asserted patent:

16           [u]pon information and belief, Defendants have been and are infringing [Plaintiffs'
17           patent] by making, using, selling, offering for sale, and/or importing in or into the
             United States, without authority, <u>products that fall within the scope</u> of [Plaintiffs'
18           patent].

19   (Amended Complaint ¶¶  60, 68, 76.) (emphasis added.)

20         Nanya's Amended Complaint must list accused infringing products for each of Nanya's

21   three asserted patents. *Hewlett-Packard Co.*, 2003 WL 23884794, at *1. Nanya's Amended

22   Complaint provides no useful information regarding the accused products and unnecessarily

23   ───────────────────────────────────────────

24   or recently have been parties to litigation in that court, including numerous patent and antitrust
     litigations.

     *CIVIL CASE NO. 06-CV-00025*             22
25

26

1    burdens Fujitsu and its counsel. *See Esoft, Inc.*, 2006 WL 2164454, at *2 ("Plaintiff cannot foist

2    the burden of discerning what products it believes infringe the patent onto defense counsel . . . .").

3    Fujitsu is entitled to know at the outset of litigation which of its products and services are alleged

4    to have infringed Nanya's patents. Under Rule 11, Nanya must have compared the claims of its

5    patents to <u>specific</u> Fujitsu products before filing this action and thus should be able to readily

6    provide this basic information. *See Judin*, 110 F.3d at 784.

### 2.    Nanya's Amended Complaint Fails to Specifically Identify the Defenses Asserted

7

8    In its Amended Complaint, Nanya alleges that each of Fujitsu's 15 patents at issue "is

9    unenforceable for failing to satisfy the conditions of enforceability required in law and equity."

10   (Amended Complaint ¶¶ 91, 103, 114, 125, 137, 149, 161, 173, 184, 195, 206, 217, 228, 239,

11   251.) Nanya's Amended Complaint fails to identify which of the many available specific

12   defenses it will assert to show unenforceability of Fujitsu's patents. *See Cardiogenesis Corp.*,

13   1997 WL 12129, at *1. For example, if Nanya's claim of unenforceability is based on an

14   allegation of inequitable conduct, this Court should require Nanya to plead the time, place, and

15   content of any alleged misrepresentation that Fujitsu made to the U.S. Patent and Trademark

16   Office and further to plead the requisite intent. *See Energy Absorption Sys. Inc.*, 1993 WL

17   248008, at *1.

18   Further, Nanya's claim that six of Fujitsu's patents at issue are unenforceable because

19   those patents have expired (Amended Complaint ¶¶ 90, 102, 136, 148, 160, 172) is misleading

20   and provides no helpful insight into Nanya's claims of unenforceability. It is well established that

21   a patentee may recover for infringement committed up to six years before the filing of a

22   complaint or counterclaim for infringement, regardless of whether the patent has expired in the

23   interim. 35 U.S.C. § 286; *Standard Oil Co.*, 754 F.2d at 347-48.

24

*CIVIL CASE NO. 06-CV-00025*                    23

25

26

1    Thus, for at least these reasons, if this case continues in Guam, this Court should grant

2    Fujitsu's motion for a more definite statement or strike these counts as not being sufficiently

3    definite.

4    **E.    Fujitsu Must be Dismissed from this Action due to Insufficient Process and**
     **Service of Process**

5

6    **1.    The Alleged Service Made by Plaintiff Under Rule 4(f)(3) Violates**
     **Japanese Law**

7    As discussed above, it is clear that service by Federal Express and e-mail are prohibited

8    under the laws of Japan. *See Fireman's Fund Ins. Co. v. Fuji Elec. Sys. Co.*, No. C-04-3627,

9    2005 WL 628034 (N.D. Cal. Mar. 17, 2005); Objections at 8-9. Thus, such service does not

10   "minimize offense" to Japanese law, and service of process was defective under Rule 12(b)(5).

11   **2.    Service Was Improper for Failing to Include a Summons**

12   In attempting to serve process according to the Magistrate's Order, Nanya failed to even

13   include the Summons with both its original Complaint and its First Amended Complaint.

14   (Chalsen Decl. ¶¶ 4-6; Kitano Decl. ¶¶ 28, 29). The failure to serve the Summons with the

15   Complaint is fatal to service under Rule 12(b)(4) for insufficient process and also Rule 12(b)(5)

16   for insufficient service of process. *See Curry*, 819 F.2d at 132; WRIGHT & MILLER, supra, at §

17   1353.

18   **3.    Service Was Improper for Failing to Follow Magistrate's Order**

19   Nanya did not even follow the Magistrate's Order to serve by "mail." As discussed

20   above, Federal Express "is neither a 'postal channel' (the term used in the Hague Convention) nor

21   'mail' (the term used in the Federal Rules)." *NSM Music, Inc.*, 2003 U.S. Dist. LEXIS 2964, at

22   *5. Accordingly, Nanya failed to properly follow the Magistrate's Order. Thus, the actual

23   method by which Nanya attempted service is defective under Fed. R. Civ. P. 12(b)(5) for

24   insufficient service of process.

*CIVIL CASE NO. 06-CV-00025*                        24

25

26

1

## V.    CONCLUSION

2          For the foregoing reasons, Fujitsu respectfully requests that this Court dismiss Fujitsu

3    from this action for lack of personal jurisdiction, insufficient process, insufficient service of

4    process, improper venue or inconvenient forum or, in the alternative, transfer Fujitsu to the

5    United States District Court for the Northern District of California, a substantially more

6    convenient forum to hear this dispute.  Fujitsu further requests, if this case proceeds, that Nanya

7    be required to amend its Amended Complaint to identify the specific Fujitsu products accused of

8    infringement and to identify Nanya's specific defenses relating to unenforceability or that those

9    claims be stricken.

10         Respectfully submitted this 18th day of December, 2006

11                                            CALVO & CLARK, LLP
                                             Attorneys at Law
                                             Attorneys for Defendant
12                                           *Fujitsu Limited*

13

14         By: _____
                                                  Daniel M. Benjamin

    *Of Counsel*

15

16    **CHRISTOPHER E. CHALSEN, ESQ.**
     **MICHAEL M. MURRAY, ESQ.**
     **LAWRENCE T. KASS, ESQ.**
17    **MILBANK, TWEED, HADLEY & MCCLOY LLP**
     1 Chase Manhattan Plaza
18    New York, New York 10005
     Telephone:    (212) 530-5000
19    Facsimile:    (212) 530-5219

20

21

22

23

24
    *CIVIL CASE NO. 06-CV-00025*                    25
25

26