**FILED**
DISTRICT COURT OF GUAM
DEC 18 2006
MARY L.M. MORAN
CLERK OF COURT

UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

NANYA TECHNOLOGY CORP., and
NANYA TECHNOLOGY CORP.
U.S.A.

    Plaintiffs,

v.

FUJITSU LIMITED, FUJITSU
MICROELECTRONICS AMERICA,
INC.,

    Defendants.

CIVIL CASE NO. 06-CV-00025

SHIGERU KITANO'S DECLARATION IN SUPPORT OF FUJITSU LIMITED'S MOTION TO DISMISS OR TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA AND FOR A MORE DEFINITE STATEMENT

I, Shigeru Kitano, declare as follows:

1. I am a Deputy General Manager in the Industry Relations Division of the Law and Intellectual Property Unit of Fujitsu Limited ("Fujitsu Ltd."). I make this declaration in support of the motion by Fujitsu Ltd. to dismiss the complaint for lack of personal jurisdiction and improper venue or alternatively to transfer to the case to the Northern District of California. The following statements related to Fujitsu Ltd. are based on my personal knowledge, my review of documents prepared and maintained by Fujitsu Ltd. in the ordinary course of business, and upon information provided by Fujitsu Ltd.'s employees responsible for and with knowledge of the business records of Fujitsu Ltd. Statements made herein related to entities other than Fujitsu Ltd. are based on information and belief after reasonable inquiry.

2. Fujitsu Ltd. is a company organized and existing under the laws of Japan, and maintains its principal place of business at Shiodome City Center, 1-5-2, Higashi-Shimbashi, Minato-ku Tokyo, 105-7123, Japan.

ORIGINAL

3. Fujitsu Ltd. is engaged in the business of research, design, manufacture, and provision of information technology and communications products and services.

4. Fujitsu Ltd. does not maintain any offices in Guam, and has no operations, affiliates, employees or salespersons in Guam.

5. Fujitsu Ltd. owns no real or personal property in Guam.

6. Fujitsu Ltd. has no bank accounts in Guam.

7. Fujitsu Ltd. does not lease any office space or other facility of any kind in Guam and does not maintain a telephone, telex or telefax number in Guam.

8. Fujitsu Ltd. does not maintain a Guam post office box or street address.

9. Fujitsu Ltd. is not registered to do business in Guam.

10. Fujitsu Ltd. does not file tax returns in Guam.

11. Fujitsu Ltd. does not advertise any products or services in any local media in Guam.

12. Fujitsu Ltd. has no directors, officers or employees in Guam and has not appointed agents in Guam for service of process.

13. Fujitsu Ltd. has never been party to a lawsuit or legal proceeding in Guam (according to a search of Public Access to Court Electronic Records (PACER), which dates back to January 1, 1997).

14. Fujitsu Ltd. has not filed papers with any agency of Guam relating to the subject matter of this suit.

15. Fujitsu Ltd. has neither negotiated nor executed any agreements, nor had any correspondence with Nanya of any kind, in Guam relating to the subject matter of this suit.

16. Fujitsu Ltd. does not sell or distribute any products in Guam, including to the U.S. Armed Forces Exchanges in Guam.

17. In its First Amended Complaint, Nanya makes certain allegations concerning Fujitsu Computer Products of America, Inc., Fujitsu General New Zealand Limited and Fujitsu Ten. On information and belief, after reasonable inquiry, none of these companies have any of the contacts with Guam addressed above in paragraphs 4-16.

18. Fujitsu Ltd., Fujitsu Microelectronics America, Inc., Fujitsu Computer Products of America, Inc., Fujitsu General New Zealand Limited and Fujitsu Ten are independently operated and Fujitsu Ltd. does not exercise control over the daily business operations of these other entities.

19. Fujitsu Ltd. does not formulate the general business policies and strategies of Fujitsu Microelectronics America, Inc., Fujitsu Computer Products of America, Inc., Fujitsu General New Zealand Limited and Fujitsu Ten.

20. Fujitsu Ltd., Fujitsu Microelectronics America, Inc., Fujitsu Computer Products of America, Inc., Fujitsu General New Zealand Limited and Fujitsu Ten observe all corporate formalities and document any financial transactions between Fujitsu Ltd. and these other entities.

21. Fujitsu General New Zealand Limited is at least partially owned by Fujitsu General Japan, in which Fujitsu Ltd. has a 46% stock share, and which is not a Fujitsu Ltd. subsidiary.

22. In its First Amended Complaint, Nanya asserts three patents against Fujitsu Ltd. and states that all three patents relate to semiconductors. (First Amended Complaint for Antitrust Law Violations, Patent Infringement, And for Declaratory Relief at ¶¶ 58, 66 and

74.) Neither Fujitsu Computer Products of America, Inc., Fujitsu General New Zealand Limited or Fujitsu Ten manufacture or sell Fujitsu Ltd.'s semiconductor devices.

23. In its First Amended Complaint, Nanya refers to meetings that took place in Taiwan and infringement proceedings initiated by Defendants against Nanya in Tokyo District Court. Neither the Taiwanese meetings nor the Japanese proceedings have any connection with Guam.

24. Fujitsu Ltd. has no documents relevant to this law suit in Guam and knows of no fact witnesses in Guam.

25. Fujitsu Ltd.'s co-defendant Fujitsu Microelectronics America, Inc. (FMA) is located in Sunnyvale, California. Consequently, FMA's fact witnesses and documents relevant to this litigation are located in Northern District of California.

26. The Northern District of California is a much more convenient location for Fujitsu Ltd. and its employees compared with Guam. Reasons for this include more options for transportation and scheduling. In addition, because Fujitsu Ltd.'s subsidiary FMA is located in the Northern District of California, a number of Fujitsu Ltd.'s employees regularly travel there. FMA also has cost-effective arrangements for accommodations for its out-of-town visitors that can be made available to Fujitsu Ltd. employees.

27. The Northern District of California is also a much more convenient location for Fujitsu Ltd. with respect to documents. Because FMA is located there, Fujitsu Ltd. has cost-effective arrangements for transportation of documents to the Northern District of California. In addition, documents can be transmitted electronically to FMA where they can be efficiently and cost-effectively printed by FMA. Finally, FMA can assist Fujitsu Ltd. with logistics in relation to litigation matters.

28. On November 10, 2006 (Japan time), I received an email sent from Nanya's counsel on November 9, 2006 (US time) attaching Nanya's Original Complaint without exhibits. On November 13, 2006, I received a package from Nanya's counsel delivered via Federal Express containing Nanya's Original Complaint with exhibits. Neither the email nor the Federal Express package included a copy of the Summons. To my knowledge, Fujitsu has received no other emails or packages from Nanya or its counsel regarding the Original Complaint.

29. On December 1, 2006 (Japan time), I received an email sent from Nanya's counsel on November 30, 2006 (US time) attaching Nanya's Amended Complaint without exhibits. On December 4, 2006, I received a package from Nanya's counsel delivered via Federal Express containing Nanya's Amended Complaint with exhibits. Neither the email nor the Federal Express package included a copy of the Summons. To my knowledge, Fujitsu has received no other emails or packages from Nanya or its counsel regarding the Amended Complaint.

I, Shigeru Kitano, declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief. Executed on December 15, 2006

By: _/s/ S. Kitano_
Shigeru Kitano