```
1  RODNEY J. JACOB, ESQ.
   DANIEL M. BENJAMIN, ESQ.
2  CALVO & CLARK, LLP
   Attorneys at Law
3  655 South Marine Corps Drive, Suite 202                FILED
4  Tamuning, Guam  96913                          DISTRICT COURT OF GUAM
   Telephone:    (671) 646-9355
5  Facsimile:    (671) 646-9403                        JAN - 4 2007

6  CHRISTOPHER E. CHALSEN, ESQ.                       MARY L.M. MORAN
7  MICHAEL M. MURRAY, ESQ.                            CLERK OF COURT
   LAWRENCE T. KASS, ESQ.
8  MILBANK, TWEED, HADLEY & MCCLOY LLP
   1 Chase Manhattan Plaza
9  New York, New York 10005
   Telephone:    (212) 530-5000
10 Facsimile:    (212) 822-5796

11
   Attorneys for Defendants
12 FUJITSU LIMITED AND FUJITSU MICROELECTRONICS AMERICA, INC.
```

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP. and NANYA TECHNOLOGY CORP. U.S.A, <br><br> Plaintiff, <br><br> -v- <br><br> FUJITSU LIMITED, FUJITSU MICROELECTRONICS AMERICA, INC., <br><br> Defendants. | CIVIL CASE NO. 06-CV-00025 <br><br><br> **DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUESTED HEARING DATE ON DEFENDANTS' MOTIONS TO DISMISS** |

Fujitsu Microelectronics America, Inc. ("FMA") and Fujitsu Limited ("Fujitsu") (collectively "Defendants") hereby respond to "Plaintiffs' Requested Hearing Date on Defendants' Motions to Dismiss", Dkt. No. 103 ("Nanya's Request"), in which plaintiffs Nanya Technology Corporation and Nanya U.S.A. (collectively "Nanya") seek to delay the hearing on

*CIVIL CASE NO. 06-CV-00025*                              1

**ORIGINAL**

motions filed by each of FMA (Dkt. No.74) and Fujitsu (Dkt. No. 89), seeking dismissal of this case on several grounds, or alternatively seeking a transfer to the Northern District of California, and for other relief ("Motions to Dismiss"). FMA and Fujitsu have requested January 17, 2007 for the hearing, a date that the Court clerk indicated was available. Nanya now seeks to delay the hearing until "on or after March 20, 2007". (Nanya's Request at 2.)

Defendants first note that Nanya waited more than three weeks after the filing of FMA's motion to make this request. Indeed, this Court had docketed December 19, 2006 as the deadline for Nanya to submit its opposition to FMA's motion, a date that Nanya ignored. Even if Nanya had been treating the hearing as set for January 17, 2007 due to Defendants' request for this hearing date, its opposition to the Motions to Dismiss would have been due on January 3, 2007. No oppositions have been filed. Thus, defendants submit that Nanya has already waived its right to file a written opposition to the Motions to Dismiss.

Nanya's late request for a delay in the hearing date is a transparent attempt to delay its response to Defendants' Motions to Dismiss. Indeed, Nanya's reticence to respond to the motions is not surprising. As explained in Defendants' Motions to Dismiss, there are absolutely no relevant contacts of any kind between Defendants and Guam or between the causes of action in this case and Guam. This case should clearly be dismissed or transferred and Nanya's stalling tactic should not be accommodated.[1]

Nanya offers two alleged grounds to support its request for this unusual delay: (1) "Plaintiffs' [sic] believe that jurisdictional discovery, specifically with respect to Defendants' sale to the DRAM spot market to buyers from all over the world, must be conducted" and (2) "Fujitsu Limited has objected to service and, therefore, their motion may not be ripe for adjudication, absent additional discovery." Neither "reason" supports delaying the resolution of the well-founded Motions to Dismiss.

---

[1] Nanya's request for a long delay is particularly inappropriate in view of its repeated accusations that Defendants are seeking to delay this case. (*See, e.g.,* Plaintiffs' Response and Memorandum in Opposition to Fujitsu Limited's Objection to the Magistrates [sic] Order Allowing Alternative Service on Fujitsu Limited (Dkt. No. 79) at 1.)

*CIVIL CASE NO. 06-CV-00025*                               2

1   The alleged need for "jurisdictional discovery, specifically with respect to Defendants'
2   sale to the DRAM spot market" is a red herring. Neither FMA nor Fujitsu sell DRAMs to the
3   DRAM spot market <u>anywhere in the world</u>, let alone in Guam, and have not sold DRAMs to the
4   DRAM spot market for many years. (*See, e.g.,* Declaration of Michael Moore, Dkt. No. 78, at 2.)
5   Thus, such discovery cannot yield information relevant to the Motions to Dismiss. Nanya should
6   not be permitted a lengthy fishing expedition in an after-the-fact attempt to justify its selection of
7   Guam as the forum for this dispute.

8   As for Fujitsu Limited's objections to service, there is no reason why this issue should
9   cause a delay in the hearing on the Motions to Dismiss. Fujitsu Ltd.'s Objections to the
10  Magistrate's Order concerning alternative service will be heard on January 17, 2007 and no
11  additional discovery is needed to resolve this and other service issues. Thus, this alleged reason
12  also does not justify the delay that Nanya seeks.

13  Accordingly, Defendants respectfully request that Nanya's unjustified attempt to delay the
14  resolution of the Motions to Dismiss be denied and that the hearing go forward on January 17,
15  2007.

Respectfully submitted this 4th day of January, 2007.

CALVO & CLARK, LLP
Attorneys at Law
Attorneys for Defendants
*Fujitsu Limited and Fujitsu Microelectronics America, Inc.*

By: _____
    DANIEL M. BENJAMIN

*Of Counsel*
Christopher E. Chalsen (admitted *Pro Hac Vice*)
Michael M. Murray (admitted *Pro Hac Vice*)
Lawrence T. Kass (admitted *Pro Hac Vice*)
**MILBANK, TWEED, HADLEY & MCCLOY LLP**
1 Chase Manhattan Plaza
New York, New York 10005
Telephone:    (212) 530-5000

*CIVIL CASE NO. 06-CV-00025*                3