1  RODNEY J. JACOB, ESQ.
   DANIEL M. BENJAMIN, ESQ.
2  JENNIFER A. CALVO-QUITUGUA, ESQ.
   CALVO & CLARK, LLP
3  Attorneys at Law
4  655 South Marine Corps Drive, Suite 202
   Tamuning, Guam 96913
5  Telephone:   (671) 646-9355
   Facsimile:   (671) 646-9403
6
7  CHRISTOPHER E. CHALSEN, ESQ.
   MICHAEL M. MURRAY, ESQ.
8  LAWRENCE T. KASS, ESQ.
   MILBANK, TWEED, HADLEY & MCCLOY LLP
9  1 Chase Manhattan Plaza
   New York, New York 10005
10 Telephone:   (212) 530-5000
11 Facsimile:   (212) 822-5796

12 *Attorneys for Defendants*
   FUJITSU LIMITED AND FUJITSU MICROELECTRONICS AMERICA, INC.
13

**FILED**
DISTRICT COURT OF GUAM
JAN -8 2007
MARY L.M. MORAN
CLERK OF COURT

14                IN THE UNITED STATES DISTRICT COURT
15                        DISTRICT OF GUAM
16

| | |
|---|---|
| NANYA TECHNOLOGY CORP. and NANYA TECHNOLOGY CORP. U.S.A, <br><br> Plaintiff, <br><br> -v- <br><br> FUJITSU LIMITED, FUJITSU MICROELECTRONICS AMERICA, INC., <br><br> Defendants. | CIVIL CASE NO. 06-CV-00025 <br><br> **DEFENDANTS' RESPONSE TO PLAINTIFFS' JANUARY 5, 2007 FILING REGARDING THE REQUESTED HEARING DATE ON DEFENDANTS' MOTIONS TO DISMISS** |

CIVIL CASE NO. 06-CV-00025                    **ORIGINAL**

1   Fujitsu Microelectronics America, Inc. ("FMA") and Fujitsu Limited
2   ("Fujitsu")(collectively "Defendants") hereby respond to "Plaintiffs' Reply to Defendants'
3   Response to Plaintiffs' Requested Hearing Date on Defendants' Motions to Dismiss", Dkt. No.
4   107 ("Nanya's Reply"), in which plaintiffs Nanya Technology Corporation and Nanya U.S.A.
5   (collectively "Nanya") argue that (1) they have not delayed resolution of motions filed by each of
6   FMA (Dkt. No.74) and Fujitsu (Dkt. No. 89), seeking dismissal of this case and other relief
7   ("Motions to Dismiss") and (2) that they have a right to conduct jurisdictional discovery prior to a
8   hearing on Defendants' Motions to Dismiss.

9   On the issue of delay, Nanya is clearly playing games with the local rules in an attempt to
10  delay the day on which it will have to justify the choice of Guam for this dispute. FMA's motion
11  was filed on December 5, 2006 and at that time FMA asked for January 17, 2007 as the hearing
12  date and sought Nanya's position on a suitable date. (*See* Dkt. No. 76.) Nanya expressed no
13  preference for a hearing date until December 29, 2007, *twenty-four* days later. It then asked that
14  the hearing be set on or after March 20, 2007, more than three and a half *months* after FMA's
15  motion was filed. Presumably Nanya knew on December 5th that it disagreed with the proposed
16  January 17th hearing date, yet it has offered no explanation for its delay in making its hearing date
17  preferences known. Indeed, Nanya simply appears to have ignored the fact that the due dates for
18  it to respond to Fujitsu's and FMA's motions provided in this court's docket entries for this case
19  have already passed. Nanya's tactics are evident; it waited until shortly before its opposition
20  would have been due with the January 17th hearing date, and then filed its request for a much later
21  date. Nanya is clearly trying to delay the resolution of these motions.

22  Concerning the issue of jurisdictional discovery, Nanya cites only *Commissariat A*
23  *L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315 (Fed Cir. 2005), but this
24  case does not support Nanya's position. In that patent infringement case, defendant also moved
25  to dismiss for lack of personal jurisdiction. *Id.* at 1317. In opposing the motion plaintiff
26  presented substantial specific evidence concerning defendant's relevant forum contacts,
27  including: (1) an identification of the accused devices (*i.e*, LCD monitors); (2) evidence that
28

*CIVIL CASE NO. 06-CV-00025*

1

1  defendant had shipped 2,950,000 units of the accused devices in the first five months of 2003; (3)
2  evidence of an established distribution network for the accused devices; (4) evidence of specific
3  orders for the accused devices in Delaware (the subject forum); and (5) evidence of actual sales of
4  the accused devices in Delaware. *Id.* Plaintiff had asked for jurisdictional discovery to
5  "conclusively establish that [defendant] CMO derives substantial revenue from Delaware…". *Id.*
6  at 1319. The district court refused the request for jurisdictional discovery and granted
7  defendant's motion to dismiss for lack of personal jurisdiction. *Id.*

8        The Federal Circuit reversed, holding that plaintiff "has clearly made a sufficient
9  threshold showing to merit jurisdictional discovery." *Id* at 1323. Thus, because of the detailed
10 evidence that plaintiff had presented concerning extensive sales of the accused devices, including
11 sales within the relevant forum, the Federal Circuit held that jurisdictional discovery should have
12 been permitted. *Id.* On the other hand, in situations "[w]here a plaintiff's claim of personal
13 jurisdiction appears to be both attenuated and based on bare allegations in the face of specific
14 denials made by defendants, the Court need not permit even limited discovery … ." *Terracom v.*
15 *Valley Nat. Bank*, 49 F.3d 555, 561 (9th Cir. 1995) (affirming district court's dismissal for lack of
16 personal jurisdiction after refusing to allow jurisdictional discovery).

17       Nanya has not even come close to the "sufficient threshold" found by the Federal Circuit
18 to warrant jurisdictional discovery in *Commissariat A L'Energie Atomique.* 395 F. 3d at 1317.
19 Indeed, Nanya has not even *identified* the accused products, let alone come forward with the kind
20 of detailed evidence of relevant contacts with the subject forum found sufficient to meet the
21 threshold for jurisdictional discovery. *Id.* Instead, Nanya is closer to the position of the plaintiff
22 in *Terracom*, with only attenuated alleged contacts with the subject forum. In fact, Nanya is in an
23 even worse position than the plaintiff in *Terracom*. In *Terracom* plaintiff had provided evidence
24 that defendant had executed a surety certificate for a construction project in the subject forum,
25 and the cause of action was based on a breach of contract related to the construction project. *Id.*
26 at 557. Here, Nanya has yet to identify a single relevant contact between defendants and Guam or
27 between the cause of action and Guam.

28

*CIVIL CASE NO. 06-CV-00025*

2

Accordingly, because Nanya has not come forward with sufficient evidence of relevant contacts between Defendants and Guam it is not entitled to spend the next several months engaged in a jurisdictional fishing expedition.[1] Defendants thus respectfully request that Nanya's unjustified attempt to delay the resolution of the Motions to Dismiss be denied and that the hearing go forward as noticed on January 17, 2007.

Respectfully submitted this 8th day of January, 2007.

CALVO & CLARK, LLP
Attorneys at Law
Attorneys for Defendants
*Fujitsu Limited and Fujitsu Microelectronics America, Inc.*

By: _____
JENNIFER A. CALVO-QUITUGUA

*Of Counsel*
Christopher E. Chalsen (admitted *Pro Hac Vice*)
Michael M. Murray (admitted *Pro Hac Vice*)
Lawrence T. Kass (admitted *Pro Hac Vice*)
**MILBANK, TWEED, HADLEY & MCCLOY LLP**
1 Chase Manhattan Plaza
New York, New York 10005
Telephone:    (212) 530-5000
Facsimile:    (212) 822-5796

---

[1] Nanya claims that it has "already begun jurisdictional discovery." (Nanya's Reply at 3.) However, it has merely served a set of document requests, which Defendants believe were improperly served in view of this Court's Order dated December 11, 2006 that reset the scheduling conference for January 30, 2007, noting that "Plaintiffs will not be substantially prejudiced by a short extension of the scheduling conference and commencement of discovery." Order at 2. Thus, Nanya's attempted commencement of discovery is itself in violation of this Court's Order.

*CIVIL CASE NO. 06-CV-00025*

3