1  **TEKER TORRES & TEKER, P.C.**
   130 Aspinall Avenue-Suite 2A
2  Hagåtña, Guam 96910
   Telephone: (671) 477-9891
3  Facsimile: (671) 472-2601

4  **UNPINGCO & ASSOCIATES, LLC**
   Sinajana Mall-Suite 12B
5  Sinajana, Guam
   Telephone: (671) 475-8545
6  Facsimile: (671) 475-8550

7  **SHORE CHAN BRAGALONE LLP**
   Suite 4450
8  325 N. St. Paul Street
   Dallas, Texas 75201
9  Telephone:  (214) 593-9110
   Facsimile: (214) 593-9111
10

11  *Attorneys for Plaintiffs,*
    *Nanya Technology Corp. and*
12  *Nanya Technology Corp. U.S.A.*

**FILED**
DISTRICT COURT OF GUAM

JAN 1 7 2007

MARY L.M. MORAN
CLERK OF COURT

13

14

15                  **UNITED STATES DISTRICT COURT**

16                       **DISTRICT OF GUAM**

17

18  NANYA TECHNOLOGY CORP. AND              Case No. CV-06-00025
    NANYA TECHNOLOGY CORP. U.S.A.,
19                                          **PLAINTIFFS' MOTION TO CLARIFY**
                Plaintiffs,                 **MAGISTRATE JUDGE'S ORDER AND**
20          vs.                             **MOTION TO COMPEL SUBSTANTIVE**
                                            **RESPONSES TO PLAINTIFFS'**
21  FUJITSU LIMITED AND FUJITSU             **DISCOVERY REQUESTS**
    MICROELECTRONICS AMERICA, INC.,
22                                          **[NO ORAL ARGUMENT REQUESTED]**
                Defendants.
23

24                                 **I.**

25                          **INTRODUCTION**

26

27       On December 11, 2006 the Court Ordered a short postponement of the scheduling conference

28  originally scheduled for December 12, 2006. *See* Court Order, December 11, 2006 ("Order") [Docket

ORIGINAL

No. 87].    In doing so, the Court noted that the short delay in discovery [on the merits] would not prejudice Nanya Technology Corporation's interests, but would allow the Court an opportunity to address the jurisdictional and service challenges by the Defendants.

Defendant Fujitsu Microelectronics America, Inc. ("FMA") is now attempting to use the Court's Order to avoid substantively answering pending jurisdictional discovery.    In a telephone conference on Friday, January 12, 2007, FMA's counsel informed Nanya's counsel that FMA will only object to the jurisdictional discovery and not respond to discovery requests because FMA interprets the Court's December 11, 2006 Order as staying all discovery in the case. *See* Declaration of Alfonso Garcia Chan ("Chan Decl."), ¶4, attached hereto as Exhibit A.  The discovery that FMA is attempting to avoid answering is targeted solely to the jurisdictional challenge raised by FMA that is set for response and hearing in a few weeks.  FMA knows that its discovery responses are necessary for Nanya to defeat its challenge to jurisdiction, and its refusal to answer is designed to force motion practice that will delay this action in favor of FMA's later-filed case in Oakland, California.[1]  FMA's gamesmanship has no place in a federal District Court.

FMA's claim that the Court stayed all discovery is completely at odds with the Court's Order, the posture of the case, Ninth Circuit case law and common sense.    Contrary to FMA's misinterpretation, the Court ignored FMA's request for a sixty-day extension and instead postponed the scheduling conference for a brief period. *See* Order.  Nowhere in its Order did the Court grant FMA's request to stay the commencement of merits discovery, much less the jurisdictional discovery needed to respond to FMA's motion.  Instead, the Court encouraged the parties to resolve the issue of whether the parties were properly before the Court.  On December 14, 2006, Plaintiffs served FMA with discovery requests calling for information necessary to challenge FMA's allegations that it was

---

[1] *Fujitsu Limited and Fujitsu Microelectronics America, Inc. v. Nanya Technology Corp. and Nanya Technology Corp. U.S.A.*, Case No. C-06-06613 EDL.

not subject to this Court's jurisdiction. *See* Plaintiffs' First Set of Requests for Production, attached hereto as <u>Exhibit B</u>. On January 12, 2007, FMA informed Nanya's counsel that it planned to only object to the discovery and to refuse to provide substantive responses. *See* Chan Decl. at ¶4. Because FMA's refusal to comply with its obligations is based upon a false and tortured interpretation of the Court's December 11, 2006 Order, Plaintiffs move the Court to clarify its Order and compel FMA to respond substantively to Plaintiffs' jurisdictional discovery requests.

## II.

### IN PARTIALLY GRANTING FMA'S MOTION, THE COURT POSTPONED THE SCHEDULING CONFERENCE TO DETERMINE WHETHER THE PARTIES ARE PROPERLY BEFORE THE COURT

In its December 11, 2006 Order, the Court granted in part FMA's Motion to Extend Time specifically stating that "[t]he scheduling conference presently calendared for December 12, 2006, is hereby moved to Tuesday, January 30, 2007, at 9:30 a.m." *See* Order at 3. The Court then directed the Clerk of Court to return all previously submitted scheduling orders and discovery plans to the respective parties and instructed the parties to prepare a joint scheduling order and discovery plan no later than January 24, 2007. *Id.* Contrary to FMA's assertions, the Court did not stay discovery.

In outlining the reasons for its Order, the Court stated that resolving pending service issues and assuring that all parties are properly before the Court would be more practical and make better use of judicial resources. *See* Order at 2. Specifically, the Court explained, "it is important that all parties participate fully in the drafting of said scheduling order" and that it would be "inefficient to have piecemeal scheduling discussions not involving all of the parties." *Id.*

Pending before the Court at the time of its Order was FMA's Motion to Dismiss or Transfer [Docket No. 74]. In its motion, FMA argued that it was not properly before the Court and that the Court should either dismiss the case or transfer it to the Northern District of California. To comply with the Court's objective of resolving the parties' status, three days after the Order, Plaintiffs promptly

---

1    served FMA with requests for production that specifically addressed jurisdictional issues FMA raised

2    in its motion. *See* the Declaration of Alfonso G. Chan, attached hereto as Exhibit A.    FMA, however,

3    has indicated to Plaintiffs that it interprets the Order to stay all discovery – including jurisdictional

4    discovery -- and therefore, FMA would not respond substantively to Plaintiffs' discovery requests. *See*

5

6    Chan Decl. at ¶4.

7                                                     **III.**

8                        **FMA'S REFUSAL TO ANSWER DISCOVERY REQUESTS**
                         **IGNORES THE COURT' S CONCERNS AND INSTRUCTIONS**
9

10            FMA's refusal to respond substantively to Plaintiffs' jurisdictional discovery is inconsistent

11    with the Court's objective of resolving whether all parties are properly before the Court.    It is equally

12    dismissive of the Court's express concern for conserving judicial resources. *See Netflix, Inc. v.*

13    *Blockbuster, Inc.*, Slip Copy, No. C 06-02361 WHA, 2006 WL 2458717 (N.D. Cal. Aug. 22, 2006) ("It

14    is the interest of efficient judicial administration that is to be controlling under the rule, rather than the

15    wishes of the parties" (quoting Wright & Miller, *Federal Practice and Procedure*, § 2388 (2d ed.

16    Pocket part 2006)); *U.S. Philips Corp. v. Synergy Dynamics International, L.L.C., et al.*, Slip Copy, No.

17    2:05-cv-00577-PMP-GWF, 2006 WL 3453225 *3 (D. Nev. Nov. 28, 2006) ("[D]iscovery should be

18

19    stayed, however, only when there are no factual issues in need of further immediate exploration, and

20    the issues before the Court are purely questions of law that are potentially dispositive.")    FMA's

21    position is further untenable given the Court's instruction to "meet and confer in a good faith effort to

22    prepare a proposed joint scheduling order and discovery plan." *See* Order at 3.    To prepare a joint

23    scheduling order and discovery plan in good faith while the status of the parties remains in dispute

24

25    would be futile and inefficient.    Aware of this danger, the Court expressly did not stay discovery.

26    Instead, the Court postponed the Scheduling Conference for a short period to permit the parties to

27    attempt to resolve the pending issues. *See Feldman et al. v. Flood et al.*, 176 F.R.D. 652 (M.D. Fla.

28    1997) ("Motions to stay discovery … are not favored because when discovery is delayed or prolonged

it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems. … [T]he Court ordinarily should not stay discovery which is necessary to gather facts in order to defend against the motion [pending motions]." Cited in *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 289 (S.D. Cal. 2000)).

Plaintiffs served their jurisdictional discovery requests promptly after the Court's Order specifically to address whether FMA is properly before the Court. FMA, however, rather than cooperating with Plaintiffs and complying with the Court's instruction, seeks to delay this action by purposely ignoring Plaintiffs' requests. Instead, FMA maintains its tenuous and illogical position that the only way to resolve the parties' status before the Court is to refuse to answer questions that directly address that issue. Explicit in the Court's reasoning is a desire for the case to proceed in an efficient manner. *See U.S. Philips Corp.*, Slip Copy, No. 2:05-cv-00577-PMP-GWF, 2006 WL 3453225 *4 ("The decision whether to grant a stay of discovery still requires the court to determine whether the issues before the court … are purely questions of law that can and should be decided before the parties engage in burdensome, expensive, and potentially unnecessary discovery. … Rule 26(c) … is to be construed and administered … to secure the just, speedy and inexpensive determination of every action."). Plaintiffs' efforts to address the Court's concerns have been thwarted by FMA's intransigence.

///

///

///

///

///

///

///

///

///

///

///

## IV.

## CONCLUSION

Because of FMA's unwillingness to provide substantive responses to Plaintiffs' discovery requests, Plaintiffs move the Court to clarify its Order of December 11, 2006 to make it clear that jurisdictional discovery is allowed and that responses must be timely made.

Respectfully submitted this 17th day of January, 2007.

**TEKER TORRES & TEKER, P.C.**


By _____
JOSEPH C. RAZZANO, ESQ.
Attorneys for Plaintiffs, *Nanya Technology Corp. and*
*Nanya Technology Corp. U.S.A*

# EXHIBIT A

1  **TEKER TORRES & TEKER, P.C.**
   130 Asinall Avenue-Suite 2A
2  Hagatna, Guam 96910
   671.477.9891 Telephone
3  671.472.2601 Facsimile

4  **UNPINGCO & ASSOCIATES, LLC**
   Sinajana Mall-Suite 12B
5  Sinajana, Guam
   671.475.8545 Telephone
6  671.475.8550 Facsimile

7  **SHORE CHAN BRAGALONE LLP**
   SUITE 4450
8  325 N. ST. PAUL STREET
   DALLAS, TEXAS 75201
9  TELEPHONE: (214) 593-9110
   FACSIMILE: (214) 593-9111
10
   ATTORNEYS FOR PLAINTIFFS
11 Nanya Technology Corp. and
   Nanya Technology Corp. U.S.A.
12

13

14              **UNITED STATES DISTRICT COURT**

15                     **DISTRICT OF GUAM**

16

17 NANYA TECHNOLOGY CORP. AND        Case No. CV-06-00025
   NANYA TECHNOLOGY CORP. U.S.A.,
18
19              Plaintiffs,
                                     DECLARATION OF ALFONSO G. CHAN
20                                   IN SUPPORT OF PLAINTIFFS' MOTION
   v.                                TO  CLARIFY  MAGISTRATE  JUDGE'S
21                                   ORDER  AND  MOTION  TO  COMPEL
   FUJITSU LIMITED AND FUJITSU       SUBSTANTIVE     RESPONSES     TO
22 MICROELECTRONICS AMERICA, INC.,   PLAINTIFFS' DISCOVERY REQUESTS

23              Defendants.

24 I, ALFONSO G. CHAN, hereby declare as follows:

25      1.    My name is Alfonso G. Chan. I am over the age of 21 and am competent to make this
26
   declaration. All of the statements set forth herein are true and correct and are based on my personal
27
   knowledge.
28

---

**DECLARATION OF ALFONSO G. CHAN**                                    **PAGE 1 OF 2**

2.       I am an attorney of record for Plaintiffs Nanya Technology Corporation and Nanya Technology Corporation U.S.A. ("Nanya" collectively herein) in the above-captioned cause.

3.       Attached as Exhibit B is a true and correct copy of Plaintiffs' First Set of Requests for Production of Documents which was served on counsel for Fujitsu Microelectronics America, Inc. ("FMA") on December 14, 2006.

4.       On January 12, 2007, Michael Shore, my law partner, and I, along with three other attorneys from our firm, participated in a telephone conference with FMA's counsel, Christopher Chalsen, and several of his colleagues. According to my personal recollection of Mr. Chalsen's and his colleagues' statements, FMA objects to the jurisdictional discovery attached as Exhibit B because it interprets the Court's December 11, 2006 Order as staying all discovery in the case, including jurisdictional discovery.

Dated: January 15, 2007

Alfonso G. Chan

**EXHIBIT B**

**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891/4
FACSIMILE: (671) 472-2601

**UNPINGCO & ASSOCIATES, LLC**
SUITE 12B, SINAJANA MALL
SINAJANA, GUAM
TELEPHONE: (671) 475-8545
FACSIMILE: (671) 475-8550

**SHORE CHAN BRAGALONE LLP**
SUITE 4450, 325 N. ST. PAUL STREET
DALLAS, TEXAS 75201
TELEPHONE: (214) 593-9110
FACSIMILE: (214) 593-9111

*Attorneys for Plaintiffs*
*Nanya Technology Corp. and*
*Nanya Technology Corp. U.S.A.*



## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP., and<br>NANYA TECHNOLOGY CORP. U.S.A., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>FUJITSU LIMITED, FUJITSU )<br>MICROELECTRONICS AMERICA, INC., )<br>)<br>Defendants. )<br>) | **CIVIL CASE NO. CV06-00025**<br><br>**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT FUJITSU MICROELECTRONICS AMERICA, INC.** |

**To:**    **Defendant, Fujitsu Microelectronics America, Inc., by and through its attorneys of record, Calvo & Clark, LLP.**

Plaintiff hereby requests, pursuant to Rule 34 of the Federal Rules of Civil Procedure ("FRCP"),

that Defendant, Fujitsu Microelectronics America, Inc. ("Defendant FMA"), produce and permit

- 1 -

ORIGINAL

Plaintiff's attorneys to inspect and to copy each of the following documents belonging to or in the possession of Defendant FMA.

These requests shall be deemed to be continuing and any additional information or documents relating in any way to these requests that you acquire subsequent to the date of answering these requests and up to and including the time of trial shall be furnished, promptly after such information or documents are acquired, as supplemental responses to these requests.

### DEFINITIONS

1.      "Documents" means the original and any non-identical copy of all "writings," "recordings" and "photographs" as those terms are defined in the FRCP including, but not limited to letters, facsimile communications, electronic mail ("e-mail") communications, telegraphs, cablegrams, telexes, memoranda, notes, records, reports, studies, calendars, diaries, agenda, minutes, books, pamphlets, periodicals, newspaper clippings, graphs, index, charts, tabulations, statistical accumulations, ledgers, financial statements, accounting entries, press releases, contracts, affidavits, transcripts, legal documents, records of meeting and conferences, records of conversation and telephone calls, still photographs, video tapes, motion pictures, tape recordings, microfilm, punch cards, programs, printouts, lie detector techniques and the written information necessary to understand and use such films and records.

2.      A document "relating to" or that "relates to" any given subject means any document that in whole or in part constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that subject, including without limitation, document concerning the preparation of other documents.

3.      The pronoun "you" refers to each Defendant and the party answering this Request for Production, their agents and representatives.0

4.      The term "dynamic memory chip" means any and all computer memory chips that utilize Dynamic Random Access Memory ("DRAM"), that FMA makes, uses, sells, offers for sale or that

are made, used, sold, or offered for sale by FMA in the United States, including the territory of Guam, or imported by FMA into the United States, including the territory of Guam, whether directly or indirectly through an affiliate, consumer, or partner, during the six years prior to the filing of this patent infringement action.

5.      "Plaintiff" includes Nanya Technology Corp. and Nanya Technology Corp. U.S.A., all its subsidiaries, parents and affiliates, and all officers, directors, employees, agents, and any other person acting on its behalf.

6.      "Defendant" includes Fujitsu Microelectronics America, Inc. ("FMA"), all its subsidiaries, parents, including Fujitsu Ltd., and affiliates, and all officers, directors, employees, agents, and any other person acting on its behalf.

7.      "Communication" means the transmittal of information in the form of facts, ideas, inquiries or otherwise.

8.      "Identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment and employment title. Once a person has been identified in accordance with this definition, only the name of that person need be listed in response to subsequent requests requiring the identification of that person.

9.      "Person" is defined as any natural person or any business, legal or governmental entity or association.

10.     "Concerning" means relating to, inferring to, describing, evidencing, or constituting.

11.     The conjunctions "and" and "or" shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

## INSTRUCTIONS

12.    Under Rule 34 of the Federal Rules of Civil Procedure, Defendant FMA is required to produce the documents as they are kept in the usual course of business or to organize and label them to correspond with the categories of this request.  Accordingly, whenever a document or group of documents is taken out of a file folder, file drawer, file box, or notebook, before the same is produced, Plaintiff requests Defendant FMA to attach thereto a copy of the label on the file folder, file drawer, file box, or notebook from which the document or group of documents was removed.

13.    For the purposes of this instruction, persons shall be identified by giving their title and business address both at the time the document was generated by or made available to them and at the present, as well as their name and present home address, to the extent known.

14.    If you are aware of any document otherwise responsive to these requests, which document is no longer in your custody or control, identify the name and title of the author, the name and title of the addressee, the date of the document, the subject matter of documents, the last date on which the document was in your control, the person(s) or entity, if any, now in control of the document, the reasons for your disposition or release of the document, all persons who have knowledge of the circumstances surrounding its disposition, and state what knowledge each person has on which document was in your control, the person(s) or entity, if any, now in control of the document, the reasons for your disposition or release of the document, all persons who have knowledge of the circumstance surrounding its disposition, and state what knowledge each such person be.

15.    Reference to the singular includes the plural and reference to the plural includes the singular.

16.    All claims of privilege and refusal to produce documents based upon any other doctrine (such as the attorney-work product doctrine, etc.) shall be made in conforming the