**FILED**

DISTRICT COURT OF GUAM

JAN 26 2007

**MARY L.M. MORAN**
**CLERK OF COURT**

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP., *et al.*,<br><br>    Plaintiffs<br><br>        vs.<br><br>FUJITSU LIMITED, *et al.*,<br><br>    Defendants. | Civil Case No. 06-00025<br><br>**ORDER RE: OBJECTIONS TO MAGISTRATE'S ORDER GRANTING MOTION OF ALTERNATIVE SERVICE OF PROCESS ON FUJITSU LIMITED** |

On January 24, 2007, this matter came before the court for a hearing on Fujitsu Limited's Objections to Magistrate's Order Granting Motion of Alternative Service of Process on Fujitsu Limited ("Fujitsu").[1]  Fujitsu argued that the Magistrate Judge erred when he permitted Nanya Technology Corp. ("Nanya") to effect service of process on Fujitsu via electronic mail and international mail requiring a signed receipt pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure.  Having considered the parties' arguments and submissions, as well as relevant caselaw and authority, the court hereby **OVERRULES** the Fujitsu's motion and issues the following decision.

**BACKGROUND**

On September 13, 2006, the Plaintiff, Nanya filed the present action in the District Court of Guam.[2]  The day after filing the complaint in Guam, Nanya's lawyer, Mr. Michael W. Shore,

---

[1]*See* Docket No. 19.

[2]Apparently when Nanya filed its complaint the parties were in the midst of longstanding settlement discussions regarding the use of various patents.

ORIGINAL

Case 4:07-cv-03672-CW    Document 1-152    Filed 07/17/2007    Page 2 of 8
*Nanya Technology Corp. et al. v. Fujitsu Limited et al., Civil Case No. 06-00025*
*Order re: Fujitsu's Objections to Magistrate's Order*

1   presented a "courtesy copy" of the complaint to Mr. Shigeru Kitano of Fujitsu during a meeting in

2   Japan.  However, there is an issue concerning why Nanya refrained from "formally serving" the

3   complaint at that time.  Nanya claims that Fujitsu asked Nanya to delay serving the complaint.  *See*

4   *Ex Parte* Motion for Alternative Process, Exhibit A, Declaration of Michael Shore ("Ex. A, Shore

5   Decl."), ¶ 8.  In contrast, Fujitsu claims that Mr. Shore assured Fujitsu representatives that Nanya

6   would not serve the complaint so long as negotiations continued.  *See* Declaration of Shigeru

7   Kitano ("Kitano Decl."), ¶ 6.  In any event, the parties appear to agree that no formal service of the

8   complaint occurred.

9          On October 25, 2006, the parties subsequently met for another round of settlement

10  negotiations.  Ex. A, Shore Decl., ¶ ¶ 9-10.   It was during this meeting that Fujitsu gave Nanya

11  a copy of a complaint Fujitsu filed against Nanya in a federal district court in San Jose, California.

12  *Fujitsu Ltd. v. Nanya Technology Corp.,* Case No. C06-06613, United States District Court for the

13  Northern California, San Jose Division.

14         After the October 25, 2006 meeting, Mr. Shore apparently attempted to get an agreement

15  from Fujitsu's counsel to accept service of the complaint filed in Guam.  Ex. A, Shore Decl., ¶ ¶

16  10-11.  Counsel in the California filed case informed Mr. Shore that he did not represent Fujitsu

17  in the Guam case and he did not know who would represent Fujitsu until the complaint was

18  formally served in accordance with the Hague Convention.  *Id.*

19         On November 9, 2006, Nanya, by its attorneys, John S. Unpingco and Joe Razzano, moved

20  the court pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure for an order permitting

21  Nanya to effect service of process on defendant Fujitsu Limited ("Fujitsu") via electronic mail and

22  international mail requiring a signed receipt.   The Magistrate Judge granted the  motion.

23  *See* November 9, 2006 Order Docket No. 19.

24         On November 20, 2006, Fujitsu filed its Objections to the Magistrate's Order Granting the

25  Motion for Alternative Service of Process on Fujitsu Limited.  It is Fujitsu's objections that are

26  now before this court.

27  ///

28  ///

-2-

Case 4:07-cv-03672-CW   Document 1-152   Filed 07/17/2007   Page 3 of 8
Nanya Technology Corp. et al. v. Fujitsu Limited et al., Civil Case No. 06-00025
*Order re: Fujitsu's Objections to Magistrate's Order*

**DISCUSSION**

Under Title 28 U.S.C. § 636(b)(1)(A), a magistrate judge may:

hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

28 U.S.C. § 636(b)(1)(A).

"Findings and Recommendations" are issued under 28 U.S.C. § 636(b)(1)(B) concerning matters specifically excepted under 28 U.S.C. § 636(b)(1)(A). In this instance, the Magistrate Judge ruled on the issue of whether Nanya could serve the complaint via alternative service of process. The Court finds that this issue was clearly of a pretrial nature and was not identified as a dispositive matter needing a judicial referral and a Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(B).

Under Title 28 U.S.C. § 636(b)(1)(A) a district judge may reconsider a Magistrate Judge's order on a nondispositive pretrial motion if the order was **"clearly erroneous or contrary to law;"** it is not subject to *de novo* determination as are proposed findings and recommendations under Title 28 U.S.C. § 636(b)(1)(B), (emphasis added). Similarly, Federal Rules of Civil Procedure 72(a) provides "[t]he district judge . . . shall modify or set aside any portion of the magistrate judge's order found to be **clearly erroneous or contrary to law** . . . " FED.R.CIV.P. 72(a) (emphasis added). Under this standard of review, the Magistrate Judge's order should be affirmed unless the district court is left with the "definite and firm conviction that a mistake has been committed." *Burdick v. Comm'r,* 979 F.2d 1369, 1370 (9th Cir.1992). The reviewing court may not simply substitute its judgment for that of the deciding court. *Grimes v. City & County of San Francisco,* 951 F.2d 236, 241 (9th Cir.1991).

Fujitsu argues that the Magistrate Judge erred when he authorized service under Federal Rule of Civil Procedure 4(f)(3) because: (a) Nanya's counsel made misrepresentations to the court concerning Fujitsu violating an agreement to continue settlement negotiations and hold off on litigation; (b) the Hague Convention does not permit service by mail by Japanese defendants; (c)

-3-

Case 4:07-cv-03672-CW Document 1-152 Filed 07/17/2007 Page 4 of 8
*Nanya Technology Corp. et al. v. Fujitsu Limited et al., Civil Case No. 06-00025*
*Order re: Fujitsu's Objections to Magistrate's Order*

the form of service disregards Japanese law; (d) the safeguards in Rule 4(f)(2)(C)(ii) were not met; and (e) the Magistrate Judge's order violated the "hierarchy" of service under Rule 4 or did not satisfy Rule 4(f)(3)'s "urgency" requirement.

As to the first point of contention, this court recognizes that there are conflicting renditions at to whether Fujitsu asked Nanya to postpone serving the complaint or whether Nanya volunteered to hold off formally serving its complaint while settlement negotiations were on-going. This court finds that it need not resolve this factual controversy, as the issue is whether the Magistrate Judge erred in ordering alternative service.

Rule 4 of the Federal Rules of Civil Procedure governs service of process in civil suits. The procedural requirements for service of process on an individual found outside the United States and joined as a party against whom a claim has been made are set forth in subdivision (f) of Rule 4. Federal Rule of Civil Procedure 4(f) provides:

> **Service Upon Individuals in a Foreign Country**. Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or incompetent person, may be effected in a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; **or**
>
> (2) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:
>
>> (A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or
>>
>> (B) as directed by the foreign authority in response to a letter of rogatory or letter of request; or
>>
>> (C) unless prohibited by the law of the foreign country, by
>>
>>> (i) delivery to the individual personally of a copy of the summons and the complaint; or
>>>
>>> (ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served; **or**
>
> (3) **by other means not prohibited by international agreement as may be directed by the court.**

-4-

Case 4:07-cv-03672-CW   Document 1-152   Filed 07/17/2007   Page 5 of 8
Nanya Technology Corp. et al. v. Fujitsu Limited et al.; Civil Case No. 06-00025
Order re: Fujitsu's Objections to Magistrate's Order

1    FED.R.CIV.P. 4(f)(emphasis added).

2        Fujitsu claims that since Japan is a signatory to the Hague Convention (the "Convention"),

3    the procedures as set forth under the Convention for process of service must be followed.[3]  *See*

4    FED.R.CIV.P. 4(f)(1).  However,

5        [t]he Convention also provides that it does not "interfere with" other methods of
6        serving documents. Article 10(a) of the Convention recites:

7            Provided the State of destination does not object, the present
             Convention shall not interfere with-
8
9                (a) the freedom to send judicial documents, by postal
                 channels, directly to persons abroad.

10   *Brockmeyer v. May,* 383 F.3d 798, 801 (9th Cir. 2004).

11       In this instance, the question is whether the Hague Convention prohibits service by mail.

12   Admittedly, the law is unsettled regarding whether service via postal channels is permissible

13   against Japanese defendants under the Hague Convention.  Fujitsu however, says the better view

14   is that it is not.  However, in *Brockmeyer*, the Ninth Circuit held that the meaning of "send" by mail

15   in Article 10(a) of the Hague Convention includes "serve" by mail.  The Ninth Circuit stated that

16   its holding is consistent with the purpose of the Convention to facilitate international service of

17   judicial documents.  *Id.* at 802.  The *Brockmeyer* court continued:

18   _____

19       [3]    The Hague Convention, ratified by the United States in 1965,
20              regularized and liberalized service of process in international civil
                suits. The primary means by which service is accomplished under
21              the Convention is through a receiving country's "Central
                Authority." The Convention affirmatively requires each member
22              country to designate a Central Authority to receive documents
                from another member country. *See* Hague Convention, art. 2. The
23              receiving country can impose certain requirements with respect to
24              those documents (for example, that they be translated into the
                language of that country). *See id.*, art. 5. If the documents comply
25              with applicable requirements, the Convention affirmatively
26              requires the Central Authority to effect service in its country. *See*
                *id.*, arts. 4 & 5.
27

28   *Brockmeyer v. May,* 383 F.3d 798, 801 (9th Cir. 2004).

Case 4:07-cv-03672-CW    Document 1-152    Filed 07/17/2007    Page 6 of 8
Nanya Technology Corp. et al.  v. Fujitsu Limited et al., Civil Case No. 06-00025
*Order re: Fujitsu's Objections to Magistrate's Order*

1         The purpose and history of the Hague Convention, as well as the position of the
2         U.S. State Department, convince us that "send" in Article 10(a) includes "serve."
We therefore hold that the Convention permits-or, in the words of the Convention,
does not "interfere with"-service of process by international mail, so long as the
3         receiving country does not object.

4    *Id.* at 803.

5         Fujitsu concedes that Japan has not objected to Article 10(a) and that there is a split of

6    authority on the issue. *See* Fujitsu's Memorandum, Docket No. 44, at 7.  Other courts considering

7    the issue have found that service on a Japanese defendant by mail is proper under the Convention:

8         As evidenced by the split among the judges of this Court, there is no obviously right
or wrong answer to the question. After careful review, this Court adopts the view
9         that Article 10 does permit service of process by mail. In doing so, the Court
follows the United States Supreme Court's directive that '[t]reaties are construed
10        more liberally than private agreements, and to ascertain their meaning we may look
beyond the written words to the history of the treaty, the negotiations, and the
11        practical construction adopted by the parties.'

12    *Schiffer v. Mazda Motor Corp.*  192 F.R.D. 335, 337 -338 (N.D.Ga.,2000) (citations omitted).

13        According to the Practical Handbook on the Operation of the Hague Convention of
15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents
14        in Civil or Commercial Matters (1983) ("Handbook"), 'Japan has not declared that
it objects to service through postal channels.' Handbook, at 112. Accordingly, under
15        Article 10(a), service on KHI, a Japanese corporation, was effective by the direct
mail procedure. . . .
16
      *Weight v. Kawasaki Heavy Industries, Ltd.,*  597 F.Supp. 1082, 1085 (D.C.Va.,1984).
17
18        In light of the fact that the Convention "purports to deal with the subject of service
abroad .... [t]he reference to 'the freedom to send judicial documents by postal
channels, directly to persons abroad' would be superfluous unless it was related to
19        the sending of such documents for the purpose of service."

20    *Lemme v. Wine of Japan Import, Inc.*, 631 F. Supp. 456, 463 (E.D.N.Y.,1986) (citations omitted).

21         Even after a number of courts have upheld service by mail on Japanese parties, Japan still

22    has apparently not objected to Article 10(a). *Schiffer*, 192 F.R.D. at 338 ("Numerous United States

23    courts have upheld service of process on Japanese defendants by direct mail, yet the Japanese

24    government has made no efforts to amend its objections to the Convention so as to preclude service

25    by mail pursuant to Article 10(a)").

26         Fujitsu next argues that this court should consider Japanese laws of service.  Apparently,

27    Japanese plaintiffs are not able to effect service themselves by mail under their civil law. With

28    regard to service through a special mailing process, persons engaged in the mailing business known

1   as *tokubetsu sotatsu* are deemed to be the official authorized to effecting such service.

2   *See* Fujitsu's Memorandum, Docket No. 44, at 9. There are certain procedures and reporting

3   requirements that must be followed. *Id.* While there may be strict and formal procedures for

4   effectuating service in Japan, it is of little consequence to this court's determination. As noted, the

5   only concern for this court is whether the Magistrate Judge erred by allowing service by mail. The

6   Ninth Circuit has clearly held that such service is not prohibited by the Hague Convention.

7   *Brockmeyer*, 383 F.3d at 802.

8           Fujitsu argues that the court should at least require the safeguards as provided for in

9   FED.R.CIV.P. 4(f)(2)(C)(ii). That rule provides, in relevant part:

10          (f) [S]ervice . . . may be effected in a place not within any judicial district of the
            United States:

11          ...

12          (2) if there is no internationally agreed means of service or the applicable
            international agreement allows other means of service, provided that service is

13          reasonably calculated to give notice:

14          ...

            (C) unless prohibited by the law of the foreign country, by

15

            ...

16

            (ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk

17          of the court to the party to be served[.]

18   FED.R.CIV.P. 4(f)(2)(C)(ii).

19          Again, however, under the circumstances there is no requirement that the method of service

20   under FED.R.CIV.P. 4(f)(2)(C)(ii) be used. Within the strictures of Rule 4(f) there are three

21   separate methods through which service of process "may be effected in a place not within any

22   judicial district of the United States." FED.R.CIV.P. 4(f)(2). In the opinion of *Rio Properties, Inc.*

23   *v. Rio International Interlink*, 284 F.3d 1007, 1014-15 (9th Cir.2002), the Ninth Circuit Court of

24   Appeals held that each of Rule 4(f)'s three methods for international service of process is equivalent

25   to one another. That is, "Rule 4(f) does not denote any hierarchy or preference of one method of

26   service over another." *Id.* at 1015. Further, "Rule 4(f)(3) is not subsumed within or in any way

27   dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing." *Id.* Thus,

28   "court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or

Case 4:07-cv-03672-CW Document 1-152 Filed 07/17/2007 Page 8 of 8
*Nanya Technology Corp. et al. v. Fujitsu Limited et al.; Civil Case No. 06-00025*
*Order re: Fujitsu's Objections to Magistrate's Order*

1   Rule 4(f)(2)." *Id.*  Fujitsu argued that the *Rio* court's holding applies only to situations where the

2   recipient party does not live in a member country of the Hague Convention.  The *Rio* Court

3   however, does not make that kind of distinction nor limit its holding to such circumstances.

4       Although Fujitsu claims that Rule 4(f)(3) can only be availed upon in "urgent

5   circumstances" there is no such indication upon reading the caselaw.  Nevertheless, Nanya alleged

6   circumstances suggesting that it was urgently trying to effectuate service to prevent Fujitsu's

7   alleged unjust gamesmanship and forum shopping by filing a duplicative action in California.  But

8   again, the Ninth Circuit court in *Rio* stated that "we are left with the inevitable conclusion that

9   service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'"  *Rio*

10  *Properties, Inc.*, 284 F.3d at 1015 (9th Cir. 2002).

11      We should not lose sight of what service of process is about, it is about giving a party notice

12  of the pendency of an action and the opportunity to respond.  *Rio Properties, Inc. v. Rio*

13  *International Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002).  All that is required under Rule 4(f)(3)

14  is that service be "directed by the court" and that the means of service "not be prohibited by

15  international agreement [the Hague Convention]."  FED.R.CIV.P. 4(f)(3).  There can be little

16  question that the means by which the Magistrate Judge ordered Nanya to provide service was

17  sufficient enough to give Fujitsu notice and an opportunity to respond.  The Magistrate Judge's

18  Order was neither clearly erroneous nor his legal conclusions contrary to law.  Accordingly,

19  Fujitsu's Objections are overruled.

20                          **CONCLUSION**

21      Under the circumstances, the court finds that the Magistrate Judge's Order Granting Motion

22  of Alternative Service of Process on Fujitsu Limited was proper.  This court finds no basis to

23  sustain Fujitsu's objections as the order was neither clearly erroneous nor the legal conclusions

24  therein contrary to law.  Accordingly, the court **HEREBY OVERRULES** Fujitsu's objections.

25      SO ORDERED this ⟨⟩ day of January, 2007.

26

27                          *[signature]*

28                          **FRANCES M. TYDINGCO-GATEWOOD**
                            Chief Judge
                            District Court of Guam

                            -8-