**TEKER TORRES & TEKER, P.C.**
130 Aspinall Avenue-Suite 2A
Hagåtña, Guam 96910
Telephone: (671) 477.9891
Facsimile: (671) 472.2601

**UNPINGCO & ASSOCIATES, LLC**
Sinajana Mall-Suite 12B
Sinajana, Guam 96910
Telephone: (671) 475.8545
Facsimile: (671).475.8550

**SHORE CHAN BRAGALONE LLP**
Suite 4450
325 N. St. Paul Street
Dallas, Texas 75201
Telephone: (214) 593-9110
Facsimile: (214) 593-9111

*Attorneys For Plaintiffs*
*Nanya Technology Corp. and*
*Nanya Technology Corp. U.S.A.*

FILED
DISTRICT COURT OF GUAM
JAN 30 2007
MARY L.M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP. AND NANYA TECHNOLOGY CORP. U.S.A., <br><br> Plaintiffs, <br> v. <br><br> FUJITSU LIMITED AND FUJITSU MICROELECTRONICS AMERICA, INC., <br><br> Defendants. | Case No. CV-06-00025 <br><br> **DECLARATION OF ALFONSO G. CHAN IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF PROTECTIVE ORDER** |

I, ALFONSO G. CHAN, hereby declare as follow:

1. My name is Alfonso G. Chan. I am over the age of 21 and am competent to make this Declaration. All of the statements set forth herein are true and correct and are based on my personal knowledge.

2. I am an attorney of record for Plaintiffs, Nanya Technology Corporation and Nanya Technology Corporation U.S.A. ("Nanya" collectively herein) in the above-captioned

---

**DECLARATION OF ALFONSO G. CHAN**                                   **ORIGINAL**                     1

cause.

3. Attached as Exhibit 1 is a true and correct copy of a letter from me to Christopher E. Chalsen, Esq., dated January 8, 2007.

4. Attached as Exhibit 2 is a true and correct copy of a letter from Martin Pascual, an associate at Shore Chan Bragalone, LLP, to Christopher E. Chalsen, Esq., dated January 17, 2007.

5. Attached as Exhibit 3 is a true and correct copy of a letter from Michael M. Murray, counsel for Defendants, Fujitsu Limited and Fujitsu Microelectronics America, Inc., to Martin Pascual, received by our offices on or about January 19, 2007.

6. Attached as Exhibit 4 is a true and correct copy of a letter from Mr. Murray to me, dated January 29, 2007.

7. Attached as Exhibit 5 is a true and correct copy of a letter from myself to Mr. Murray, dated January 30, 2007.

8. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on January 30, 2007.

_____
ALFONSO G. CHAN

# EXHIBIT 1



Alfonso G. Chan
Republic Center
325 North Saint Paul Street
Suite 4450
Dallas, Texas 75201
214.593.9120 Direct Dial
214.593.9111 Facsimile
achan@shorechan.com

January 8, 2007

**VIA EMAIL-PDF FORMAT AND FEDERAL EXPRESS**

Christopher E. Chalsen, Esq.
Milbank Tweed Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005

    Re:    Nanya Technology Corp. et al. v. Fujitsu Ltd. et al., No. 06-25 (D. Guam Sept. 13, 2006) and Fujitsu Ltd. et al. v. Nanya Technology Corp. et al., No. 06-06613 (N. D. Cal. Oct. 24, 2006).

Dear Mr. Chalsen:

With the upcoming case management conferences on January 30, 2007 in Guam and February 2, 2007 in California, the parties need to address the procedures governing the parties' exchange of documents for discovery. I have attached a proposed protective order that the parties could use for both the Guam and California actions. Please review it. I would appreciate your comments by Monday, January 15, 2007.

Further, in Defendant Fujitsu Limited's Objections to the Magistrate's Order Granting Motion for Alternative Service of Process on Fujitsu Limited, filed on November 20, 2006, Fujitsu Limited relied on the declarations of Shigeshi Tanaka, Shigeru Kitano, Yuichi Sakoda, Takao Miura, Katsuya Irie, Michael Murray, and yourself to support Fujitsu Limited's arguments regarding service of process and jurisdiction. So these factual allegations may be properly addressed, please provide deposition dates in the month of January and February for these declarants. These depositions can be conducted at the Tamuning offices of Calvo & Clark. Again, I would appreciate your response by Monday, January 15, 2007.

Sincerely,

/s/ Alfonso G. Chan

Alfonso G. Chan



Chistopher E. Chalsen, Esq.
Milbank Tweed Hadley & McCloy LLP
January 8, 2007
Page 2

Enclosure

cc: Judge John Unpingco
 Joseph Razzano
 Daniel M. Benjamin
 All With Enclosure

# EXHIBIT 2



Martin Pascual
Republic Center
325 North Saint Paul Street
Suite 4450
Dallas, Texas 75201
214.593.9118 Direct Dial
214.593.9111 Facsimile
mpascual@shorechan.com

January 17, 2007

**VIA EMAIL-PDF FORMAT**
Christopher E. Chalsen, Esq.
Milbank Tweed Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005

Re: Nanya Technology Corp. et al. v. Fujitsu Ltd. et al., No. 06-25 (D. Guam Sept. 13, 2006) and Fujitsu Ltd. et al. v. Nanya Technology Corp. et al., No. 06-06613 (N. D. Cal. Oct. 24, 2006).

Dear Mr. Chalsen:

On January 8, 2007, Alfonso Chan sent you a letter requesting your comments regarding a proposed protective order to govern the procedures for the parties' pending exchange of documents for discovery. To date, you have not responded to Mr. Chan's letter. Please let us know your comments, if any, to the proposed protective order by 12:00 noon (C.S.T.), Friday, January 19. If we do not hear from you by then, we will assume you oppose working with us to draft a proposed protective order and will accordingly raise this issue with the Court.

Additionally, Mr. Chan requested available dates in Guam for depositions for the individuals whose declarations Fujitsu Limited relied upon in its Objections to the Magistrate's Order Granting Motion for Alternative Service of Process. As Mr. Chan explained in the January 8th letter, so that the factual allegations in the declarations in Fujitsu Limited's Objections may be properly addressed, Nanya Technology Corp. and Nanya Technology Corp. U.S.A. are entitled to question these declarants. As Mr. Chan assured you, these depositions can be conducted in Guam at Fujitsu Limited's local counsel's offices to accommodate any concerns. Please also let us know available dates by 12:00 noon (C.S.T.), Friday, January 19. Otherwise, we will be forced to seek the Court's intervention.

Sincerely,

Martin Pascual



Christopher E. Chalsen, Esq.
Milbank Tweed Hadley & McCloy LLP
January 17, 2007
Page 2


cc: Judge John Unpingco
    Joseph Razzano
    Daniel M. Benjamin

# EXHIBIT 3

# MILBANK, TWEED, HADLEY & McCLOY LLP

1 CHASE MANHATTAN PLAZA

NEW YORK, N.Y. 10005-1413

212-530-5000
FAX: 212-530-5219

LOS ANGELES
213-892-4000
FAX: 213-629-5063

PALO ALTO
650-739-7000
FAX: 650-739-7100

WASHINGTON, D.C.
202-835-7500
FAX: 202-835-7586

LONDON
44-207-448-3000
FAX: 44-207-448-3029

MICHAEL M. MURRAY
PARTNER
DIRECT DIAL NUMBER
212-530-5424
FAX: 212-822-5424

MUNICH
49-89-25559-3600
FAX: 49-89-25559-3700

FRANKFURT
49-69-7593-7170
FAX: 49-69-7593-8303

TOKYO
813-3504-1050
FAX: 813-3595-2790

HONG KONG
852-2971-4888
FAX: 852-2840-0792

SINGAPORE
65-6428-2400
FAX: 65-6428-2500

January 19, 2007

**VIA FACSIMILE (214-593-9111)**
Martin Pascual, Esq.
Shore Chan Bragalone LLP
325 N. St. Paul Street
Suite 4450
Dallas, Texas 75201

Re: <u>Fujitsu v. Nanya</u>, Civil Case No. CV06-00025

Dear Martin:

This is in response to your letter to Chris Chalsen dated January 17, 2007.

Concerning the proposed protective order, we are reviewing it and should be able to get back to you next week with any proposed changes.

You have asked for deposition dates for seven individuals who submitted declarations in connection with Fujitsu Limited's objections to the magistrate's Order concerning service. As you know, the briefing on this issue was completed some time ago, well before Mr. Shore's letter seeking the depositions. Further, the hearing will occur in less than a week and the entire issue may thus be rendered moot. Accordingly, it makes more sense to discuss this issue again after the hearing.

We further note that, absent agreement to the contrary, individuals should be deposed within a reasonable distance of where they work or live. The fact than an individual submits a declaration in Guam does not mean that the individual consents to travel to Guam for the purpose of a deposition. Accordingly, for any Japanese witness, you will need to arrange a room at the American embassy to conduct the deposition.

Finally, you should be aware that any depositions you choose to take on the service issue will count fully toward the total number of depositions Nanya is allowed under the Federal Rules. Furthermore, to prevent undue inconvenience to individual witnesses, we will

Mr. Martin Pascual
Page 2
January 19, 2007

object to any attempt to recall a witness after their deposition. Thus, if you proceed with these depositions, we fully expect that there will be no further depositions of these same witnesses.

Sincerely yours,

Michael M. Murray

MMM:smm

cc:   Christopher E. Chalsen, Esq.

NY2:#4724799v1

## MILBANK, TWEED, HADLEY & McCLOY

1 CHASE MANHATTAN PLAZA

NEW YORK, NY 10005-1413

212-530-5000

FAX: 212-530-5219

## FACSIMILE TRANSMISSION

DATE:    January 19, 2007

TO:

| NAME | FAX NO. | PHONE NO. |
|---|---|---|
| Martin Pascual, Esq. Shore Chan Bragalone LLP | 214-593-91111 | |

FROM:    Michael M. Murray    PHONE:    212-530-5424

RE:    Fujitsu v. Nanya

| FILE NUMBER: | 35068.02100 | | |
|---|---|---|---|
| NUMBER OF PAGES, INCLUDING COVER: | 2 | ORIGINALS FOLLOW BY MAIL: | no |

MESSAGE:
Please see attached.

CONFIDENTIALITY NOTE:

The information contained in this facsimile message may contain legally privileged and/or confidential information and is intended only for the use by the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or reproduction of this facsimile is strictly prohibited. If you have received this facsimile in error, we would appreciate your notifying us at 212-530-5014. Thank you.

# EXHIBIT 4

# MILBANK, TWEED, HADLEY & McCLOY LLP

1 CHASE MANHATTAN PLAZA

NEW YORK, N.Y. 10005-1413

212-530-5000
FAX: 212-530-5219

MICHAEL M. MURRAY
PARTNER
DIRECT DIAL NUMBER
212-530-5424
FAX: 212-822-5424

January 29, 2007

LOS ANGELES
213-892-4000
FAX: 213-629-5063

PALO ALTO
650-739-7000
FAX: 650-739-7100

WASHINGTON, D.C.
202-835-7500
FAX: 202-835-7586

LONDON
44-207-448-3000
FAX: 44-207-448-3029

MUNICH
49-89-25559-3600
FAX: 49-89-25559-3700

FRANKFURT
49-69-7593-7170
FAX: 49-69-7593-8303

TOKYO
813-3504-1050
FAX: 813-3595-2790

HONG KONG
852-2971-4888
FAX: 852-2840-0792

SINGAPORE
65-6428-2400
FAX: 65-6428-2500

**VIA E-MAIL**
Alfonso Chan, Esq.
Shore Chan Bragalone LLP
325 N. St. Paul Street
Suite 4450
Dallas, Texas 75201

Re: <u>Fujitsu v. Nanya, Civil Case No. CV06-00025</u>

Dear Alfonso:

      This is in response to your letter of January 25, 2007 addressing the alleged deficiencies in FMA's responses to Plaintiffs' document requests.

      We initially note that this is the first request for a conference concerning FMA's responses to the document requests. The telephone conference on January 12, 2007 occurred, as you know, before you received FMA's responses and thus certainly did not address the merits of those responses. During the call, we did tell you several times that written responses would be served on time, and they were. We further did not discuss FMA's responses "in person" in Guam last week. The conference between counsel in Guam last week addressed scheduling issues and not the merits of FMA's responses to the document requests.

      You state that you would like a conference to "determine whether it will be necessary to seek judicial resolution of our differences". However, you have already sought judicial resolution, *i.e.*, by filing a motion to compel. We suggest that, in the future, you attempt to meet and confer on the substance of any response to a discovery demand <u>after</u> you have had an oppoortunity to review the response and <u>before</u> you involve the court.

      As for the document requests themselves, we believe they are overbroad, burdensome and constitute an inappropriate fishing expedition. Nevertheless, we are willing to discuss a reasonable compromise.

Alfonso Chan, Esq.
January 29, 2007
Page 2

       Concerning the protective order, we are reviewing your draft and will provide comments shortly.

                             Sincerely yours,

                             Michael M. Murray

MMM:smm

cc:    Christopher E. Chalsen, Esq.

NY2:#4725973v1

# EXHIBIT 5

# SHORECHAN
# BRAGALONE LLP

Alfonso Garcia Chan
325 N. St. Paul Street, Suite 4450
Dallas, Texas 75201
214-593-9120 Telephone
214-593-9111 Facsimile
achan@shorechan.com

January 30, 2007

**VIA EMAIL AND CONFIRMATORY FIRST CLASS MAIL**
Michael M. Murray
Milbank Tweed Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005-1413

Subject:   *Nanya Technology Corp. and Nanya Technology Corp. U.S.A. v. Fujitsu Ltd. and Fujitsu Microelectronics America, Inc.*,
No. CV-06-00025 (D. Guam)

Dear Michael:

On January 8, 2007, contemplating that a significant amount of highly confidential technical and business information would be disclosed in connection with Plaintiffs' disclosures, I sent your partner Christopher Chalsen a proposed protective order. The proposed protective order is consistent with standard protective orders issued in patent cases in the Eastern District of Texas.

On January 9, 2007, Plaintiff's served their prediscovery and initial disclosures pursuant to Local Rule 26.2 and Federal Rule of Civil Procedure 26(a)(1).

As Mr. Chalsen failed to respond to my January 8, 2007 letter, I sent a follow up letter to Mr. Chalsen on January 17, 2007, reasonably requesting Defendants' comments to the proposed discovery order by 12:00 noon CST on January 19, 2007.

Again, I did not receive a response, so Plaintiffs began preparations to file motion for entry of protective order.

I understand from your January 29, 2007 letter that you now intend to "provide comments shortly." Your letter, however, does not identify a date certain when your comments will be provided nor does it explain why my prior requests have been ignored for the past three weeks. We cannot effectively prepare this case for trial if we do not receive timely and substantive responses to our reasonable requests.

Given these circumstances and the need for discovery on the merits to proceed without delay, Plaintiffs will file a motion for entry of protective order. You should receive a copy of the motion for entry of protective order soon. Nonetheless, as a courtesy, Plaintiffs are agreeable to extending Defendants' response date by an additional ten (10) business days to afford more time



Michael M. Murray
January 30, 2007
Page 2


to negotiate the protective order's terms. Hopefully, we can come to an agreement and we can later designate the motion as a joint or unopposed motion.


Sincerely,

Alfonso Garcia Chan


copy to:
John S. Unpingco
Michael W. Shore
Joseph C. Razzano
Christopher Chalsen