RODNEY J. JACOB, ESQ.
DANIEL M. BENJAMIN, ESQ.
CALVO & CLARK, LLP
Attorneys at Law
655 South Marine Corps Drive, Suite 202
Tamuning, Guam 96913
Telephone:  (671) 646-9355
Facsimile:   (671) 646-9403

CHRISTOPHER E. CHALSEN, ESQ.
MICHAEL M. MURRAY, ESQ.
LAWRENCE T. KASS, ESQ.
MILBANK, TWEED, HADLEY & MCCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone:  (212) 530-5000
Facsimile:   (212) 822-5796

*Attorneys for Defendant*
FUJITSU MICROELECTRONICS AMERICA, INC.

FILED
DISTRICT COURT OF GUAM
FEB - 1 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP. and NANYA TECHNOLOGY CORP. U.S.A, <br><br> Plaintiffs, <br><br> -v- <br><br> FUJITSU LIMITED, FUJITSU MICROELECTRONICS AMERICA, INC., <br><br> Defendants. | CIVIL CASE NO. 06-CV-00025 <br><br> **FMA'S OPPOSITION TO PLAINTIFFS' MOTION TO CLARIFY MAGISTRATE JUDGE'S ORDER AND TO COMPEL** |

Defendant Fujitsu Microelectronics America, Inc. ("FMA") hereby opposes Plaintiffs' Motion to Clarify Magistrate Judge's Order and Motion to Compel Substantive Responses to Plaintiffs' Discovery Requests ("Motion"). Plaintiffs' motion to "clarify" should be denied because the Magistrate Judge's order was clear in delaying commencement of discovery.

Plaintiffs' motion to compel jurisdictional discovery should be denied because (a) Plaintiffs ignored the delay in the commencement of discovery; (b) the requested discovery is an incredibly burdensome fishing expedition, seeking information concerning virtually every electronics-related product -- from microwaves to washing machines -- regardless of any connection to Guam; and (c) Plaintiffs failed to meet and confer in order to address the scope of discovery.

## I. THE MAGISTRATE JUDGE'S ORDER IS CLEAR

The Magistrate's Order of December 11, 2006 (Dkt. No. 87, "Order") is clear and "clarification" is not required. The Order states that adjournment of the scheduling conference would result in a delay in "the commencement of discovery." (Order at 2.) The Order does not say that the delay in the commencement of discovery applies only to discovery on the merits as Plaintiffs allege. (Motion at 2.)

In paraphrasing the Court's Order, Plaintiffs go so far as to insert the words "on the merits" in brackets to qualify the discovery being delayed, tacitly admitting that no such language appears in the Order. (Motion at 2.) The Court simply did not parse discovery into different types and apply its ruling to only one type. Plaintiffs' motion to "clarify" therefore should be denied.

## II. PLAINTIFFS' MOTION TO COMPEL SHOULD BE DENIED

Plaintiffs' motion to compel should also be denied because (a) the Requests were premature in view of the Court's order; (b) the motion incorrectly presupposes that Plaintiffs' discovery requests are unobjectionable, when in fact they are overly broad and unduly burdensome; and (c) Plaintiffs failed to meet and confer to address FMA's objections to the breadth of the Requests.

Plaintiffs served their First Request for Production of Documents to Defendant Fujitsu Microelectronics America, Inc. ("Requests") on December 14, 2006 just days after the

Court's December 11, 2006 order delaying commencement of discovery ("Order"). The Requests were thus premature and Plaintiffs' motion to compel should be denied for this reason alone.

Further, even under their tortured "on the merits" reading of the Order, Plaintiffs' Requests were premature. Plaintiffs have admitted that the Requests seek "evidence of infringement as well" which clearly is discovery "on the merits." (*See* Plaintiffs' Reply to Defendants' Response to Plaintiffs Requested Hearing Date On Defendants' Motions to Dismiss, Dkt. No. 107, at 3.)

FMA would have been within its rights to simply ignore the Requests as being in clear violation of the Court's Order. Out of an abundance of caution, however, FMA served its Responses and Objections to Plaintiff's First Request For Production of Documents ("Responses", Exh. A hereto) on January 16, 2007, *i.e.*, within the time limit set by Fed. R. Civ. P. 34 as if the Requests had been properly served. FMA appropriately objected to the Requests as premature, and also pointed out that they are overly broad and unduly burdensome. Individual objections were indeed provided for all of the individual requests.

Rather than focusing on particular products sold on Guam that Plaintiffs have some good-faith basis to believe are connected to FMA, Plaintiffs' one hundred and forty-seven (147) separate requests march through a litany of products that seem to encompass virtually every electronic device sold on Guam by *anyone*, including: (1) cameras, (2) mobile phones, (3) Personal Digital Assistants, (4) personal computers, (5) notebook computers, (6) televisions, (7) DVD players, (8) car stereos, (9) automobiles, (10) LCD displays, (11) climate control units, (12) printers, (13) copiers, (14) fax machines, (15) home stereos, (16) video game systems, (17) land-line telephones, (18) microwaves, (19) washing machines, (20) power supplies, (21) network-enabled devices, (22) home audio devices, (23) graphic display devices, and (24) consumer electronics devices. It is difficult to imagine an electronic device *not* covered by these requests.

Further, for each and every one of these broad categories of products, Plaintiffs demand *all* of the following:

     1     Documents listing each and every manufacturer of the identified product that has purchased an FMA dynamic memory chip for use or incorporation into one of its products within the last 6 years;

     2.     Documents listing each and every identified product that has used or incorporated an FMA dynamic memory chip within the last six years;

     3.     Documents listing each and every contract entered into within the last six years between FMA and a manufacturer of the identified product involving an FMA dynamic memory chip;

     4.     Documents listing each and every request made within the last six years by a manufacturer of the identified product for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip; and

     5.     Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for each manufacturer of the identified product.

Still further, Plaintiffs have broad categories concerning any and all uses of FMA dynamic memory chips by "a government entity or government subcontractor, including military entities". (*See* Request Nos. 121-123.) Plaintiffs further demand documents relating to *any* manufacturer of *anything* that involves an FMA dynamic memory chip over the last six years. (*See* Request Nos. 124-128.) None of these broad requests are limited to products having any connection to Guam. Plaintiffs are clearly attempting to embark on a full scale fishing expedition. Plaintiffs' motion should be denied because they are not entitled to such an overly broad and unduly burdensome scope of discovery.

Jurisdictional discovery should be limited to either (1) specific products sold on Guam that Plaintiffs have some reason to believe are related to FMA or (2) products that FMA has sold on Guam or has sold with some knowledge that they would be resold or distributed on Guam. However, Plaintiffs did not even wait for the response period set by the Federal Rules

*CIVIL CASE NO. 06-CV-00025*                    4

before filing this motion. (*See* Exh. A at 81.) In fact, in view of the timing, Plaintiffs could not have even reviewed FMA's Responses before filing its Motion. Plaintiffs' premature rush to the Court is inappropriate and in violation of Local Rule 37.1(a) for failing to meet and confer.

Thus, FMA respectfully requests that Plaintiffs' motion to compel be denied. Instead, the parties should meet and confer in a good faith attempt to address the scope of discovery.[1]

### III.  CONCLUSION

The Court's Order is clear and did not divide discovery into "merits" discovery and "jurisdictional" discovery. The Order delayed commencement of discovery without qualification and Plaintiffs' Requests were premature. Further, the Requests were overly broad and unduly burdensome, and Plaintiffs made no attempt to meet and confer to address the scope of the Requests prior to moving to compel. Plaintiffs evidently did not even wait to receive and review FMA's Responses before filing this Motion. For each of these reasons, Plaintiffs' Motion should be denied in its entirety.

Respectfully submitted this 1st day of February, 2007.

          **CALVO & CLARK, LLP**
          **MILBANK, TWEED, HADLEY**
            **& MCCLOY LLP**
          *Attorneys for Defendant*
          Fujitsu Microelectronics America, Inc.

By: _____
      DANIEL M. BENJAMIN

---

[1] FMA notes that it received a letter from Plaintiffs' counsel on January 25, 2007 in a belated attempt to set up a meet and confer concerning FMA's Responses. This letter came more than a week after the Motion to Compel was filed. FMA has responded to the letter and will arrange a meet and confer to discuss the Responses.

*CIVIL CASE NO. 06-CV-00025*                                                                          5