1    **TEKER TORRES & TEKER, P.C.**
     130 Aspinall Avenue-Suite 2A
2    Hagåtña, Guam 96910
     671.477.9891 Telephone
3    671.472.2601 Facsimile

4    **UNPINGCO & ASSOCIATES, LLC**
     Sinajana Mall-Suite 12B
5    Sinajana, Guam
     671.475.8545 Telephone
6    671.475.8550 Facsimile

7    **SHORE CHAN BRAGALONE LLP**
     325 N. St. Paul Street, Suite 4450
8    Dallas, Texas 75201
     Telephone: (214) 593-9110
9    Facsimile: (214) 593-9111

10   *Attorneys for Plaintiffs*
     *Nanya Technology Corp. and*
11   *Nanya Technology Corp. U.S.A.*

12

13

14                    **UNITED STATES DISTRICT COURT**

15                         **DISTRICT OF GUAM**

16

17   NANYA TECHNOLOGY CORP. AND              Case No. CV-06-00025
     NANYA TECHNOLOGY CORP. U.S.A.,

18
             Plaintiffs,
19                                           **PLAINTIFFS' MOTION TO COMPEL**
                                             **SUBSTANTIVE RESPONSES TO**
20   v.                                      **PLAINTIFFS' FIRST REQUESTS FOR**
                                             **PRODUCTION TO DEENDANT FUJITSU**
21   FUJITSU LIMITED AND FUJITSU             **MICROELECTRONICS AMERICA, INC.**
     MICROELECTRONICS AMERICA, INC.,         **[ORAL ARGUMENT REQUESTED]**
22
23           Defendants.

24

25

26

27

28

ORIGINAL

FILED
DISTRICT COURT OF GUAM

FEB _ 9 2007 *nba*

MARY L.M. MORAN
CLERK OF COURT

# I.

## INTRODUCTION[1]

On January 16, 2007, Defendant Fujitsu Microelectronics America, Inc. ("FMA") served baseless and boilerplate objections and responses to Plaintiffs' jurisdictional discovery requests. FMA justified its objections by alleging that the Court had stayed all discovery and by misrepresenting the scope of relevant information. FMA claimed that it was temporarily exempt from responding to **any** discovery based on the Court's December 11, 2006 Order.[2]

The discovery that FMA is attempting to avoid answering is targeted solely to the jurisdictional challenge raised by FMA that is set for response and hearing in a few weeks. Not only are Plaintiffs' jurisdictional discovery requests highly relevant, they are also consistent with the inquiry conducted by the Federal Circuit in determining personal jurisdiction in a patent infringement action. Despite the fact that FMA's microcontrollers are embedded and incorporated in products sold and used in Guam and purposely placed by FMA in the stream of commerce, FMA continues to deny this fact. FMA knows that its discovery responses are necessary for Plaintiffs to fully respond to FMA's jurisdictional challenge. FMA's refusal to provide substantive answers to Plaintiffs' discovery requests is designed to delay and obstruct the proceedings in this Court in favor of the copycat action FMA filed in the northern district of California.[3] FMA's gamesmanship has no place in this court,

---

[1] Plaintiffs file this supplement based on FMA's Responses and Objections to Plaintiffs' First Request for Production of Documents, received by Plaintiffs on January 22, 2007. Because of Plaintiffs' urgent need for jurisdictional discovery from FMA, Plaintiffs filed their initial motion to compel [Docket No. 113] as a result of the January 12, 2007 teleconference between the parties at which Defendants' counsel expressly informed Plaintiffs that Defendants would provide only objections and not substantive responses.

[2] Because FMA's refusal to comply with its obligations is based upon a false and tortured interpretation of the Court's December 11, 2006 Order, Plaintiffs moved the Court to clarify its December 11, 2006 Order and compel FMA to respond substantively to Plaintiffs' jurisdictional discovery requests [Docket No. 113].

[3] *Fujitsu Limited and Fujitsu Microelectronics America, Inc. v. Nanya Technology Corp. and Nanya Technology Corp. U.S.A.*, Case No. C-06-06613 EDL. FMA's tactics may be moot, however, in light of the California court's recent February 2, 2007 pronouncement that it would defer to this

especially with an evidentiary hearing on jurisdiction less than two months away.

## II.

## FACTUAL BACKGROUND

On December 14, 2006, Plaintiffs Nanya Technology Corporation and Nanya Technology Corporation, U.S.A. served FMA with discovery requests specifically requesting information necessary to challenge FMA's allegations that FMA is not subject to this Court's jurisdiction.[4]  On January 12, 2007, FMA informed Plaintiffs' counsel that it planned to only object to the discovery and would not provide substantive responses.[5]  FMA claimed that the Court had stayed all discovery in its December 11, 2006 Order.  Based on FMA's representations, Plaintiffs requested the Court clarify its order and further compel FMA to provide substantive responses to Plaintiffs' jurisdictional discovery [Docket No. 113].

On January 22, 2007, Plaintiffs received FMA's written objections to Plaintiffs' jurisdictional discovery requests, which refused to provide substantive responses and instead submitted completely evasive and numerous boilerplate objections.[6]  In a series of particularly egregious examples, FMA objected to the common terms "camera," "mobile phone," "personal computer," "fax machine," "copier," and other consumer electronic products as being "vague and ambiguous" even though FMA uses such terms to publicly describe the products incorporating the allegedly infringing Fujitsu processors and microcontrollers.

FMA is now attempting to use the Court's December 11, 2006 Order to avoid substantively answering jurisdictional discovery.  Despite the fact that discovery is now completely underway in the

---

Court's decision whether to retain the case and the California court's insistence that the parties commence full-blown discovery.

[4] Plaintiffs' First Set of Requests for Production, attached to Plaintiff's Motion to Clarify Magistrate Judge's Order [Docket No. 113] as Exhibit A.

[5] Declaration of Alfonso Garcia Chan ("Chan Decl."), ¶4, attached to Plaintiff's Motion to Clarify Magistrate Judge's Order [Docket No. 113] as Exhibit B.

[6] FMA's Objections and Responses to Plaintiffs' First Set of Requests for Production ("FMA's Objections"), attached hereto as Exhibit A.

California action, FMA continues to maintain its position that it is not required to participate in any discovery in Guam -- even discovery limited to FMA's jurisdictional challenge. FMA's claim that the Court stayed all discovery is completely at odds with the Court's Order, the posture of the case, Ninth Circuit and Federal Circuit case law, and common sense.

In addition to FMA's disregard of its discovery obligations, FMA has at every point, attempted to obstruct and delay the progress of proceedings in this Court. To that end, FMA has been uncooperative and delayed working with Plaintiffs to draft a protective order that would safeguard the exchange of confidential and sensitive information during discovery. FMA has refused to permit Plaintiffs to depose individuals whose declarations FMA relied upon in its motion to dismiss this Guam action. FMA has refused to work with Plaintiffs to come up with agreed dates for the parties' discovery plan despite the fact that the timetable Plaintiffs proposed was consistent with the timetable FMA agreed to in the California action. In sum, FMA's objections unequivocally demonstrate FMA's obstructionist attitude towards this case and further indicate to the Court that these objections were interposed to delay and frustrate this action in favor of the California action.

## III.

## ARGUMENT AND AUTHORITIES

Plaintiffs' jurisdictional discovery requests seek information the Federal Circuit has determined as relevant in assessing whether a court has personal jurisdiction over a defendant in a patent infringement action. Federal Circuit law governs the relevance of discovery requests in patent cases where substantive patent law is implicated. *Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1323 (Fed. Cir. 2005); *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564 (Fed. Cir. 1994) ("Federal Circuit law governs determination of personal jurisdiction in patent actions because jurisdiction is 'intimately involved in the substance of enforcement of the patent right.'").

FMA's refusal to respond substantively to Plaintiffs' jurisdictional discovery is inconsistent

with the Court's objective of resolving whether all parties are properly before the Court and equally dismissive of the Court's express concern for conserving judicial resources. *See Netflix, Inc. v. Blockbuster, Inc.*, Slip Copy, No. C 06-02361 WHA, 2006 WL 2458717 (N.D. Cal. Aug. 22, 2006) ("It is the interest of efficient judicial administration that is to be controlling under the rule, rather than the wishes of the parties" (quoting Wright & Miller, *Federal Practice and Procedure*, § 2388 (2d ed. Pocket part 2006)). Moreover, FMA's intransigence flouts its duty to comply with its discovery obligations under the Federal Rules of Civil Procedure.

Plaintiffs served their jurisdictional discovery requests promptly after the Court's Order specifically to respond to FMA's motion to dismiss addressing whether FMA is properly before the Court. Because Nanya's deadline to respond to FMA's motion is March 8, 2007, Nanya needs this information to properly and fully present its arguments rebutting FMA's position. FMA, however, rather than cooperating with Plaintiffs and complying with the Court's instruction, seeks to delay this action by disregarding Plaintiffs' requests.

## A.     PLAINTIFFS' JURISDICTIONAL DISCOVERY REQUESTS ARE CONSISTENT WITH THE FEDERAL CIRCUIT'S INQUIRY IN DETERMINING PERSONAL JURISDICTION IN A PATENT INFRINGEMENT ACTION

When a court determines personal jurisdiction over an accused infringer in a patent infringement suit, Federal Circuit law governs that inquiry. *Chi Mei Optoelectronics Corp.*, 395 F.3d at 1323; *Beverly Hills Fan Co.,* 21 F.3d at 1564. Under Federal Circuit law, personal jurisdiction exists when an accused infringer places products into the stream of commerce and the flow of products (whether direct or incorporated into a final product) to the forum is regular and anticipated. *See Chi Mei*, 395 F.3d at 1321; *Beverly Hills Fan*, 21 F.3d at 1566; *Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424, 427 (Fed. Cir. 1996). In cases involving patent infringement, the Federal Circuit has expressly recognized that personal jurisdiction exists when an accused infringer places products into the stream of commerce and the flow of products (whether direct or incorporated into a final product)

to the forum is regular and anticipated. *See Chi Mei*, 395 F.3d at 1321; *Beverly Hills Fan*, 21 F.3d at 1566; *Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424, 427 (Fed. Cir. 1996). Moreover, the Federal Circuit has acknowledged that this stream of commerce theory applies to accused parts or devices that may not have "direct" contact with a forum but which may be incorporated into final products that reach the final forum. *See Chi Mei*, 395 F.3d at 1321 (finding personal jurisdiction over defendant that sold accused parts that were incorporated into final products that reached the jurisdiction even though the accused parts themselves were not directly sold in the jurisdiction). This is true even when the accused infringer has no residence in the jurisdiction, no operations or business location in the jurisdiction, pays no business taxes in the jurisdiction, has no employees who work or reside in the jurisdiction, has no license to do business in the jurisdiction and does not own, lease, use, or otherwise possess property in the jurisdiction. *Id.* Thus, in determining whether a court has personal jurisdiction over an accused infringer in a patent infringement action, the court must assess not only whether the accused parts are sold in the jurisdiction, but also whether products that incorporate those parts are commercially available in the jurisdiction. *Id.* Only then can the court properly evaluate whether the defendant is directly or indirectly infringing the patent through inducing infringement or contributory infringement. It is precisely this area of inquiry that FMA is attempting to avoid – evidence of the accused Fujitsu processors and microcontrollers being placed into the stream of commerce as components of consumer electronics and other finished goods available in Guam.

## B.    THE NINTH CIRCUIT EXPRESSLY PERMITS JURISDICTIONAL DISCOVERY WHEN THE RECORD IS INSUFFICIENTLY DEVELOPED

The discovery rules mandate a liberality in the scope of discoverable material in order to fulfill discovery's purposes of providing both parties with information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement. *In re Hawaii Corp.*, 88 F.R.D. 518, 524 (D. Haw. 1980). "Liberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34

(1984); *see also Miller v. Pancucci*, 141 F.R.D. 292, 298 (C.D. Cal. 1992) (stating that the federal policy of discovery is a liberal one); *Feldman et al. v. Flood et al.*, 176 F.R.D. 652 (M.D. Fla. 1997) (stating that staying discovery is not favored "because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems. ... [T]he Court ordinarily should not stay discovery which is necessary to gather facts in order to defend against the motion [pending motions]." Cited in *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 289 (S.D. Cal. 2000)).

Even when the record is not sufficiently developed and jurisdictional issues are pending, courts have recognized the need for granting jurisdictional discovery. *Harris Rutsky & Co. Insurance Services, Inc., d/b/a American Special Risk Insurance Services v. Bell & Clements Limited et al.*, 328 F.3d 1122 (9th Cir. 2003); *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406 (9th Cir. 1977); *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1405-06 (9th Cir. 1994). It is clear that a trial court has the jurisdiction and the discretion to determine its own jurisdiction. *United States v. United Mine Workers*, 330 U.S. 258, 292 n. 57 (1947). Further, a court may allow discovery to aid in determining whether it has in personam or subject matter jurisdiction. *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406 (9th Cir. 1977); *Liberian M/V Caledonia*, 443 F.2d 10 (4th Cir. 1971); *Fraley v. Chesapeake & Ohio Ry.*, 397 F.2d 1 (3d Cir. 1968); *Surpitski v. Hughes-Keenan Corp.*, 362 F.2d 254 (1st Cir. 1966); *Urquhart v. American-La France Foamite Corp.*, 79 U.S. App. D.C. 219, 144 F.2d 542, 544, cert. denied, 323 U.S. 783, 65 S.Ct. 273, 89 L.Ed. 625 (1944); *Leasco Data Processing Equip. Corp. v. Maxwell*, 319 F. Supp. 1256, 1263 (S.D.N.Y. 1970); *Ziegler Chem. & Mineral Corp. v. Standard Oil Co. of Cal.*, 32 F.R.D. 241, 243 (N.D.Cal.. 1962); *Metropolitan San. Dist. of Gr. Chicago v. General Elec. Co.*, 208 F.Supp. 943, 949-50 (N.D.Ill. 1962); 4 J. Moore, Moore's Federal Practice P 26-56(6) (2d ed. 1976). When further discovery would demonstrate facts sufficient to constitute a basis for jurisdiction, courts generally permit it. *Wells Fargo & Co..*, 556

1    F.2d at 406; *Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975)  In fact,

2    discovery "should be granted where pertinent facts bearing on the question of jurisdiction are

3    controverted … or where a more satisfactory showing of the facts is necessary." *Wells Fargo & Co.*,

4    556 F.2d at 406 (9th Cir. 1977); *Kilpatrick v. Texas & P. Ry.*, 72 F. Supp. 635, 638 (S.D.N.Y. 1947).

5

6    In particular, the Ninth Circuit has expressly permitted jurisdictional discovery in cases where

7    the record was not fully developed and where further discovery "might well demonstrate facts

8    sufficient to constitute a basis for jurisdiction." *Bell & Clements*, 328 F.3d at 1135.  The Court has

9    acknowledged the necessity of allowing some parties "the opportunity to develop the record and make

10   a prima facie showing of jurisdictional facts." *Id.*  Thus, discovery is permitted as long as a party

11   requests relevant information or documents and such requests are made in good faith and not unduly

12   burdensome. *Id.*; *see also Netflix, Inc. v. Blockbuster, Inc.*, Slip Copy, No. C 06-02361 WHA, 2006

13   WL 2458717 (N.D. Cal. Aug. 22, 2006) ("It is the interest of efficient judicial administration that is to

14   be controlling under the rule, rather than the wishes of the parties" (quoting Wright & Miller, *Federal*

15

16   *Practice and Procedure*, § 2388 (2d ed. 2006)).

17   **C.    A PARTY RESISTING DISCOVERY HAS THE BURDEN OF SUBSTANTIATING ITS**
18   **OBJECTIONS AND CANNOT SIMPLY ASSERT BOILERPLATE OBJECTIONS**

19   If a party resists production, that party bears the burden of substantiating its objections and

20   establishing lack of relevancy or undue burden. *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 565 (D. Kan.

21   1997) ("The objecting party has the burden to substantiate its objections.") (citing *Peat, Marwick,*

22   *Mitchell & Co. v. West*, 748 F.2d 540 (10th Cir.1984), *cert. dismissed*, 469 U.S. 1199, 105 S.Ct. 983, 83

23   L.Ed.2d 984 (1985)); *accord G-69 v. Degnan*, 130 F.R.D. 326, 331 (D.N.J. 1990); *Flora v. Hamilton*,

24   81 F.R.D. 576, 578 (M.D.N.C. 1978).    The resisting party must demonstrate to the court "that the

25   requested documents either do not come within the broad scope of relevance defined pursuant to Fed.

26   R. Civ. P. 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by

27   discovery would outweigh the ordinary presumption in favor of broad disclosure...." *Burke v. New*

28

*York City Police Department,* 115 F.R.D. 220, 224 (S.D.N.Y. 1987). Further, the "mere statement by a party that the interrogatory [or request for production] was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3d Cir.1982) (quoting *Roesberg v. Johns-Manville Corp.,* 85 F.R.D. 292, 296-97 (E.D.Pa. 1980)); *see also Oleson,* 175 F.R.D. 560, 565 ("The litany of overly burdensome, oppressive, and irrelevant does not alone constitute a successful objection to a discovery request."). "On the contrary, the party resisting discovery 'must show specifically how ... each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive.' " *Id.* at 992 (quoting *Roesberg,* 85 F.R.D. at 296-97); *see also Oleson,* 175 F.R.D. 560, 565 ("The objecting party must show specifically how each discovery request is burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."); *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir. 1986) (holding that it is not sufficient to merely state a generalized objection, but, rather, objecting party must demonstrate that a particularized harm is likely to occur if the discovery be had by the party seeking it).

## D. FMA IGNORES ITS OBLIGATION TO SUBSTANTIATE ITS OBJECTIONS AND OTHERWISE PROVIDE SUBSTANTIVE ANSWERS TO PLAINTIFFS' DISCOVERY REQUESTS

In this case, Defendants have completely failed to sustain their burden of substantiating their objections. Instead, Defendants have merely asserted a litany of boilerplate objections that the discovery sought is irrelevant, overbroad, unduly burdensome, vague, ambiguous, not reasonably calculated to lead to the discovery of admissible evidence, and the information sought is equally available to Plaintiffs. Defendants assert these objections, however, without explaining, much less substantiating, how each request for production is deficient and without articulating the particular harm that would accrue if they were required to respond to Plaintiffs' discovery requests.

FMA improperly attempts to narrow the scope of relevant information by claiming only

Fujitsu-branded products sold in Guam are relevant to the jurisdictional inquiry. Defendants' argument, however, intentionally misses the point. The Federal Circuit has expressly acknowledged that accused devices placed in the stream of commerce that regularly reach the jurisdiction -- whether directly or incorporated in another product bearing a third party's trademark -- would subject the accused infringer to personal jurisdiction. *See Chi Mei*, 395 F.3d at 1321; *Beverly Hills Fan*, 21 F.3d at 1566; *Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424, 427 (Fed. Cir. 1996). The materials and information set forth in Plaintiffs' discovery requests are directly relevant to the jurisdictional issue of whether the accused Fujitsu processors and microcontrollers are placed into the stream of commerce as component parts of final products that reach Guam. FMA tries to ignore this well-established basis of patent infringement jurisdiction.

1.    **Defendants Have Failed To Produce Documents Listing The Identities Of Product Manufacturers That Have Purchased Defendants' Processors And Microcontrollers**

Requests for Production Nos. 1, 6, 11, 16, 21, 26, 31, 36, 41, 46, 51, 56, 61, 66, 71, 76, 81, 86, 91, 96, 101, 106, 111, 116, and 124 all bear directly on the identification of manufacturers who have purchased Defendants' processors and microcontrollers for use by incorporation in their products. This information is indisputably relevant given the wide variety of products in which Defendants' processors and microcontrollers are used and available for purchase in Guam. Where these products are marketed and sold is directly relevant to the jurisdictional issues that are currently pending before the Court. Defendants publicly advertise the wide variety of applications in which their allegedly infringing processors and microcontrollers are used or incorporated, ranging from automobiles to glucose monitors to consumer electronics such as cameras, cell phones, or car stereos. As the Federal Circuit has stated, this information is clearly relevant in determining personal jurisdiction over a defendant contesting personal jurisdiction. *See Chi Mei*, 395 F.3d at 1321; *Beverly Hills Fan*, 21 F.3d at 1566; *Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424, 427 (Fed. Cir. 1996). These

requests simply ask Defendants to confirm that, consistent with Defendants' advertisements and claims, their processors and microcontrollers are used in a vast array of products such as digital cameras, mobile phones, personal digital assistants, computers, televisions, DVD players, car stereos, automobiles, LCD displays, printers, copiers, fax machines, home stereos, video game systems, home audio devices, microwaves and washing machines.

Despite the clear relevance of these requests, Defendants asserted several identical boilerplate objections to each of Nanya's twenty-five requests:

> "FMA objects to the request on the following grounds: (a) it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overbroad and unduly burdensome such as calling for the production of documents listing each and every [product manufacturer]; (c) it is vague and ambiguous, in particular as to the identities of [product manufacturers] and their [products]; and (d) it calls for information not within the possession or control of FMA."[7]

This set of textbook boilerplate objections Defendants blindly asserted without any specificity or articulation of harm. In fact, Defendants simply listed as "vague and ambiguous" each product Nanya sought information on, such as a "camera," "contract," "mobile phone," "personal digital assistant," "personal computer," "notebook computer," "television," "DVD player," "fax machine," "copier," etc. Apparently, Defendants would have the Court believe that FMA does not know what constitutes a camera, contract, mobile phone, television, personal computer, fax machine, etc. Additionally, Defendants allegedly had "trouble" understanding the identities of their customers, i.e., the end manufacturers of these products. With minor variations, Defendants asserted these identical improper objections for essentially each request. Defendants, however, failed to offer any evidence or affidavits in support of these objections, refusing to articulate how they were ambiguous or vague or unduly burdensome, or irrelevant. *Paulsen v. Case Corp.*, 168 F.R.D. 285, 289 (C.D.Cal. 1996); *see also Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 592-93 (W.D.N.Y. 1996) (general

---

[7] *See* FMA's Objections.

objections that discovery request was overbroad, vague and unduly burdensome were not sufficiently specific to allow court to ascertain objectionable character of discovery request and were improper); *Chubb Integrated Sys. Ltd. v. National Bank of Washington,* 103 F.R.D. 52, 58 (D.D.C. 1984) ("General objections are not useful to the court ruling on a discovery motion.  Nor does a general objection fulfill [a party's] burden to explain its objections."); *Etienne v. Wolverine Tube, Inc.,* 185 F.R.D. 653, 656 (D.Kan.1999) (stating that a party resisting discovery on the grounds that a request is overly broad, including any objection to the temporal scope of the request, has the burden to support its objection, unless the request is overly broad on its face);  *accord Hilt v. SFC Inc.,* 170 F.R.D. 182, 186 (D.Kan.1997).  Clearly, Defendants know what constitutes these products since their processors and microcontrollers are used in them and must meet product specifications in order to be included in their customers' designs.  Moreover, Defendants have access to this information and should easily be able to provide such disclosure to Plaintiff.  It is disingenuous to assert otherwise and to stand on these baseless objections.

### 2.    Defendants Have Failed To Produce Information Detailing The Identities Of Product Manufacturers That Incorporate Defendants' Processors And Microcontrollers

In Plaintiffs' Requests for Production Nos. 2, 7, 12, 17, 22, 27, 32, 37, 42, 47, 52, 57, 62, 67, 72, 77, 82, 87, 92, 97, 102, 107, 112, 117, and 125, Plaintiffs' sought the identities of manufacturers whose products incorporate Defendants' processors and microcontrollers.  These requests are designed to gain information central to assessing whether this Court has personal jurisdiction over Defendants.  As stated by the Federal Circuit, such an inquiry is highly relevant to assessing whether a court has personal jurisdiction over an accused infringer based on the stream of commerce theory.  *See Chi Mei*, 395 F.3d at 1321; *Beverly Hills Fan*, 21 F.3d at 1566; *Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424, 427 (Fed. Cir. 1996).  Defendants, however, again submitted the same set of boilerplate objections with one minor and inconsequential variation:

"FMA objects to the request on the following grounds: (a) it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overbroad and unduly burdensome such as calling for the production of documents listing each and every [product manufacturer]; (c) it is vague and ambiguous, in particular *as to what constitutes a [product] and what constitutes* "used or incorporated"; *(d) it seeks information equally available to Plaintiffs*; and (e) it calls for information not within the possession or control of FMA."[8] (emphasis added)

Otherwise, Defendants' set of objections were identical to its other objections. These objections are clearly improper, as these requests simply seek information specifically calculated to aid in the identification of products and Plaintiffs are entitled to discover the extent to which the same products are available for sale in Guam. It strains Defendants' credibility to believe that Defendants do not know what constitutes a camera, contract, mobile phone, television, personal computer, fax machine, etc. or that those items are "vague and ambiguous." Such transparent objections are insupportable, improper and against established case law. *Redland Soccer Club, Inc. v. Department of the Army,* 55 F.3d 827, 856 (3d Cir.1995) (stating that the mere statement by a party that the discovery request was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection to a discovery request and that instead, the party resisting discovery must show specifically how each request is not relevant or how each question is overly broad, burdensome or oppressive); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir.1990) (stating that the "party resisting discovery must show specifically how ... each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive" and then stating that "[w]e see no reason to distinguish the standards governing responses to interrogatories from those that govern responses to production requests. Clearly, Defendants' "duplicative" objections are improper and appear to be an attempt to avoid providing responsive documents to Nanya by engaging in gamesmanship.

---

[8] *See* FMA's Objections.

3.   **Defendants' Refusal To Produce Information Regarding Contracts And Proposals With Product Manufacturers Regarding Their Processors And Microcontrollers Is Insupportable Given The Safeguards Provided By Protective Order**

Requests for Production Nos. 3, 8, 13, 18, 23, 28, 33, 38, 43, 48, 53, 58, 63, 68, 73, 78, 83, 88, 93, 98, 103, 108, 113, 118, 121, and 126 seek targeted information related to contracts between Defendants and manufacturers involving Defendants' memory chips. Like Plaintiffs' other requests, this information would establish the specific products sold or used in Guam that incorporate Defendants' accused products. Again, under the stream of commerce theory recognized by the Federal Circuit in patent suits, this inquiry is directly relevant to determining personal jurisdiction over a defendant. *See Chi Mei*, 395 F.3d at 1321; *Beverly Hills Fan*, 21 F.3d at 1566; *Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424, 427 (Fed. Cir. 1996).

Requests for Production Nos. 5, 10, 15, 20, 25, 30, 35, 40, 45, 50, 55, 60, 65, 70, 75, 80, 85, 90, 95, 100, 105, 110, 115, 120, 123, and 128 elicit proposals made by Defendants within the last six years to develop, manufacture, distribute, or otherwise produce Defendants' accused products for a wide range of applications. This information would corroborate Defendants' own advertisements promoting the ability of their accused products to perform numerous applications and whether these products are available in the District of Guam. Further, these specific targeted requests place Defendants upon reasonable notice of what is called for and what is not.

Defendants' objections that such information is proprietary and confidential and not likely to lead to the discovery of admissible evidence is disingenuous given the fact that Plaintiffs have offered to put in place a protective order safeguarding the disclosure of any sensitive and confidential information. In letters dated January 8 and 17, 2006 respectively, Plaintiffs presented to Defendants a draft protective order seeking Defendants' comments.[9] Defendants delayed in responding and the

---

[9] *See* Exhibit B, Letters from Alfonso Chan and Martin Pascual to Christopher Chalsen and Michael Murray.

parties failed to reach an agreement.[10]  Plaintiffs subsequently filed a motion with the Court requesting the Court enter a protective order before any documents are exchanged.[11]  Further, the objection that such information is not likely to produce admissible evidence is completely inaccurate because the requested documents would demonstrate that Defendants are subject to this Court's jurisdiction. Defendants' duplicative objections that such requests are irrelevant, overly broad, unduly burdensome, and vague and ambiguous are again improper, evasive and objectively unreasonable.

The combination of Defendants' objections to these categories of documents and the preceding outlined categories and Defendants' failure to submit any affidavits or evidence substantiating these objections simply establish their obstructionist, boilerplate, and frivolous nature.  The Court should not countenance such abusive discovery tactics.

## IV.

## CONCLUSION

Because of FMA's unwillingness to provide substantive responses to Plaintiffs' discovery requests, Plaintiffs file this supplement respectfully requesting that the Court overrule FMA's objections and compel FMA to provide substantive responses to Plaintiffs' discovery requests.

Dated: February 9, 2007                    **TEKER TORRES & TEKER, P.C.**

By: _____
     **JOSEPH C. RAZZANO, ESQ.**
     *Attorneys For Plaintiffs*
     *Nanya Technology Corp. and*
     *Nanya technology Corp. U.S.A.*

---

[10] *See* <u>Exhibit</u> C, Letters from Michael Murray to Alfonso Chan.

[11] It was only after several letters and after Plaintiffs' requested deadline did Defendants provide comments to Plaintiffs regarding the proposed protective order.  By that time, after several weeks of waiting for Defendants' comments, Plaintiffs had already sought assistance from the Court.