1   **REQUEST NO. 109:** Documents listing each and every request made within the last six years by a home audio device manufacturer for proposals from FMA to develop, manufacture, distribute,
2   or otherwise produce an FMA dynamic memory chip.

3   **RESPONSE TO REQUEST NO. 109:** In addition to its General Objections, FMA objects to

4   the request on the following grounds: (a) it seeks information that is neither relevant to this action

5   nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

6   and/or confidential information not reasonably calculated to lead to the discovery of admissible

7   evidence; (c) it is overbroad and unduly burdensome such as calling for the production of

8   documents "listing each and every request"; (d) it is vague and ambiguous, in particular as to the

9   identities of "home audio device manufacturer[s]" and the meaning of what constitutes a

10   "request... for proposal[]"; and (e) it calls for information not within the possession or control of

11   FMA.

12

13   **REQUEST NO. 110:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory
14   chip for a home audio device manufacturer.

15   **RESPONSE TO REQUEST NO. 110:** In addition to its General Objections, FMA objects to

16   the request on the following grounds: (a) it seeks information that is neither relevant to this action

17   nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

18   and/or confidential information not reasonably calculated to lead to the discovery of admissible

19   evidence; (c) it is overbroad and unduly burdensome such as calling for the production documents

20   "listing each and every proposal"; and (d) it is vague and ambiguous, in particular as to the

21   identities of "home audio device manufacturer[s]".

22

23

24   *CIVIL CASE NO. 06-CV-00025*

25

26

1  **REQUEST NO. 111:** Documents listing each and every graphic display device manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products
2  within the last six years.

3  **RESPONSE TO REQUEST NO. 111:** In addition to its General Objections, FMA objects to

4  the request on the following grounds: (a) it seeks information that is neither relevant to this action

5  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overbroad and

6  unduly burdensome such as calling for the production of documents listing "each and every

7  graphic display device manufacturer"; (c) it is vague and ambiguous, in particular as to the

8  identities of "graphic display device manufacturer[s]" and their "products"; and (d) it calls for

9  information not within the possession or control of FMA.

10

11  **REQUEST NO. 112:** Documents listing each and every graphic display device that has used or incorporated an FMA dynamic memory chip within the last six years.

12  **RESPONSE TO REQUEST NO. 112:** In addition to its General Objections, FMA objects to

13  the request on the following grounds: (a) it seeks information that is neither relevant to this action

14  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overbroad and

15  unduly burdensome such as calling for the production of documents "listing each and every

16  graphic display device"; (c) it is vague and ambiguous, in particular as to what constitutes a

17  "graphic display device" and what constitutes "used or incorporated"; (d) it seeks information

18  equally available to Plaintiffs; and (e) it calls for information not within the possession or control

19  of FMA.

20

21

22

23                                              63

24  *CIVIL CASE NO. 06-CV-00025*

25

26

1  **REQUEST NO. 113:** Documents listing each and every contract entered into within the last six
   years between FMA and a graphic display device manufacturer involving an FMA dynamic
2  memory chip.

3  **RESPONSE TO REQUEST NO. 113:** In addition to its General Objections, FMA objects to

4  the request on the following grounds: (a) it seeks information that is neither relevant to this action

5  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks confidential

6  and/or proprietary information not reasonably calculated to lead to the discovery of admissible

7  evidence; (c) it is overbroad and unduly burdensome such as calling for the production of

8  documents "listing each and every contract"; and (d) it is vague and ambiguous, in particular as to

9  the meaning of what constitutes a "contract" and the identities of "graphic display device

10 manufacturer[s]".

11

12 **REQUEST NO. 114:** Documents listing each and every request made within the last six years by
   a graphic display device manufacturer for proposals from FMA to develop, manufacture,
13 distribute, or otherwise produce an FMA dynamic memory chip.

14 **RESPONSE TO REQUEST NO. 114:** In addition to its General Objections, FMA objects to

15 the request on the following grounds: (a) it seeks information that is neither relevant to this action

16 nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

17 and/or confidential information not reasonably calculated to lead to the discovery of admissible

18 evidence; (c) it is overbroad and unduly burdensome such as calling for the production of

19 documents "listing each and every request"; (d) it is vague and ambiguous, in particular as to the

20 identities of "graphic display device manufacturer[s]" and the meaning of what constitutes a

21 "request... for proposal[]"; and (e) it calls for information not within the possession or control of

22 FMA.

23
                                        64
24 *CIVIL CASE NO. 06-CV-00025*

25

26

1  **REQUEST NO. 115:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory

2  chip for a graphic display device manufacturer.

3  **RESPONSE TO REQUEST NO. 115:** In addition to its General Objections, FMA objects to

4  the request on the following grounds: (a) it seeks information that is neither relevant to this action

5  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

6  and/or confidential information not reasonably calculated to lead to the discovery of admissible

7  evidence; (c) it is overbroad and unduly burdensome such as calling for the production documents

8  "listing each and every proposal"; and (d) it is vague and ambiguous, in particular as to the

9  identities of "graphic display device manufacturer[s]" and the meaning of what constitutes a

10  "proposal".

11

12  **REQUEST NO. 116:** Documents listing each and every consumer electronics manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products

13  within the last six years.

14  **RESPONSE TO REQUEST NO. 116:** In addition to its General Objections, FMA objects to

15  the request on the following grounds: (a) it seeks information that is neither relevant to this action

16  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overbroad and

17  unduly burdensome such as calling for the production of documents listing "each and every

18  consumer electronics manufacturer"; (c) it is vague and ambiguous, in particular as to the

19  identities of "consumer electronics manufacturer[s]" and their "products"; and (d) it calls for

20  information not within the possession or control of FMA.  .

21

22

23                                             65

24  *CIVIL CASE NO. 06-CV-00025*

25

26

1   **REQUEST NO. 117:** Documents listing each and every consumer electronic item that has used or incorporated an FMA dynamic memory chip within the last six years.

2   **RESPONSE TO REQUEST NO. 117:** In addition to its General Objections, FMA objects to

3   the request on the following grounds: (a) it seeks information that is neither relevant to this action

4   nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overbroad and

5   unduly burdensome such as calling for the production of documents "listing each and every

6   consumer electronic item"; (c) it is vague and ambiguous, in particular as to what constitutes

7   "used or incorporated" and what constitutes a "consumer electronic item"; (d) it seeks

8   information equally available to Plaintiffs; and (e) it calls for information not within the

9   possession or control of FMA.

10

11  **REQUEST NO. 118:** Documents listing each and every contract entered into within the last six

12  years between FMA and a consumer electronics manufacturer involving an FMA dynamic memory chip.

13  **RESPONSE TO REQUEST NO. 118:** In addition to its General Objections, FMA objects to

14  the request on the following grounds: (a) it seeks information that is neither relevant to this action

15  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks confidential

16  and/or proprietary information not reasonably calculated to lead to the discovery of admissible

17  evidence; (c) it is overbroad and unduly burdensome such as calling for the production of

18  documents "listing each and every contract"; and (d) it is vague and ambiguous, in particular as to

19  the meaning of what constitutes a "contract" and the identities of "consumer electronics

20  manufacturer[s]".

21

22

23

24  *CIVIL CASE NO. 06-CV-00025*

25

26

66

1    **REQUEST NO. 119:** Documents listing each and every request made within the last six years by a consumer electronics manufacturer for proposals from FMA to develop, manufacture,
2    distribute, or otherwise produce an FMA dynamic memory chip.

3    **RESPONSE TO REQUEST NO. 119:** In addition to its General Objections, FMA objects to

4    the request on the following grounds: (a) it seeks information that is neither relevant to this action

5    nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

6    and/or confidential information not reasonably calculated to lead to the discovery of admissible

7    evidence; (c) it is overbroad and unduly burdensome such as calling for the production of

8    documents "listing each and every request"; (d) it is vague and ambiguous, in particular as to the

9    identities of "consumer electronics manufacturer[s]" and the meaning of what constitutes a

10   "request... for proposal[]"; and (e) it calls for information not within the possession or control of

11   FMA.

12

13   **REQUEST NO. 120:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory
14   chip for a consumer electronics manufacturer.

15   **RESPONSE TO REQUEST NO. 120:** In addition to its General Objections, FMA objects to

16   the request on the following grounds: (a) it seeks information that is neither relevant to this action

17   nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

18   and/or confidential information not reasonably calculated to lead to the discovery of admissible

19   evidence; (c) it is overbroad and unduly burdensome such as calling for the production documents

20   "listing each and every proposal"; and (d) it is vague and ambiguous, in particular as to the

21   identities of "consumer electronics manufacturer[s]".

22

23

24   *CIVIL CASE NO. 06-CV-00025*

25

26

67

1   **REQUEST NO. 121:** Documents listing each and every contract entered into within the last six years between FMA and a government entity or government subcontractor, including military

2   entities, involving an FMA dynamic memory chip.

3   **RESPONSE TO REQUEST NO. 121:** In addition to its General Objections, FMA objects to

4   the request on the following grounds: (a) it seeks information that is neither relevant to this action

5   nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks confidential

6   and/or proprietary information not reasonably calculated to lead to the discovery of admissible

7   evidence; (c) it is overbroad and unduly burdensome such as calling for the production of

8   documents "listing each and every contract"; and (d) it is vague and ambiguous, in particular as to

9   the meaning of what constitutes a "contract" and the identities of "government entit[ies] or

10  government subcontractor[s]".

11

12  **REQUEST NO. 122:** Documents listing each and every request made within the last six years by a government entity or government subcontractor, including military entities, for proposals from

13  FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

14  **RESPONSE TO REQUEST NO. 122:** In addition to its General Objections, FMA objects to

15  the request on the following grounds: (a) it seeks information that is neither relevant to this action

16  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

17  and/or confidential information not reasonably calculated to lead to the discovery of admissible

18  evidence; (c) it is overbroad and unduly burdensome such as calling for the production of

19  documents "listing each and every request"; (d) it is vague and ambiguous, in particular as to the

20  identities of "government entit[ies] or government subcontractor[s]" and the meaning of what

21  constitutes a "request... for proposal[]"; and (e) it calls for information not within the possession

22  or control of FMA.

23

68

24  *CIVIL CASE NO. 06-CV-00025*

25

26

1   **REQUEST NO. 123:** Documents listing each and every proposal made within the last six years
by government entity or government subcontractor, including military entities, to develop,
2   manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a government
entity or government subcontractor, including military entities.

3
**RESPONSE TO REQUEST NO. 123:** In addition to its General Objections, FMA objects to

4
the request on the following grounds: (a) it seeks information that is neither relevant to this action

5
nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

6
and/or confidential information not reasonably calculated to lead to the discovery of admissible

7
evidence; (c) it is overbroad and unduly burdensome such as calling for the production documents

8
"listing each and every proposal"; and (d) it is vague and ambiguous, in particular as to the

9
identities of "government entit[ies] or government subcontractor[s]" and the meaning of what

10
constitutes a "proposal".

11

12
**REQUEST NO. 124:** Documents listing each and every manufacturer that has purchased-an
13  FMA dynamic memory chip for use or incorporation in one of its products within the last six
years.
14
**RESPONSE TO REQUEST NO. 124:** In addition to its General Objections, FMA objects to

15
the request on the following grounds: (a) it seeks information that is neither relevant to this action

16
nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

17
and/or confidential information not reasonably calculated to lead to the discovery of admissible

18
evidence; (c) it is overbroad and unduly burdensome such as calling for the production of

19
documents "listing each and every manufacturer that has purchased[ a] FMA dynamic memory

20
chip"; and (e) it is vague and ambiguous, in particular as to the identities these manufacturers and

21
their "products".

22

23
69

24  *CIVIL CASE NO. 06-CV-00025*

25

26

1    **REQUEST NO. 125:** Documents listing each and every product that has used or incorporated an
     FMA dynamic memory chip within the last six years.

2    **RESPONSE TO REQUEST NO. 125:** In addition to its General Objections, FMA objects to

3    the request on the following grounds: (a) it seeks information that is neither relevant to this action

4    nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks information

5    equally available to Plaintiffs; (c) it seeks proprietary information not reasonably calculated to

6    lead to the discovery of admissible evidence; (d) it is overbroad and unduly burdensome, such as

7    calling for the production of documents listing "each and every product" that has used or

8    incorporated a FMA dynamic memory chip; (e) it is vague and ambiguous, in particular as to the

9    term "products"; and (f) it calls for information not within the possession or control of FMA.

10

11
     **REQUEST NO. 126:** Documents listing each and every contract entered into within the last six
12   years between FMA and a manufacturer involving an FMA dynamic memory chip.

13   **RESPONSE TO REQUEST NO. 126:** In addition to its General Objections, FMA objects to

14   the request on the following grounds: (a) it seeks information that is neither relevant to this action

15   nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks information

16   protected by the attorney-client privilege and the work-product doctrine; (c) it seeks proprietary

17   and/or confidential information not reasonably calculated to lead to the discovery of admissible

18   evidence; (d) it is overbroad and unduly burdensome such as calling for the production of

19   documents listing "each and every contract"; and (e) it is vague and ambiguous, in particular as to

20   the meaning of what constitutes a "contract".

21

22

23                                          70

24   *CIVIL CASE NO. 06-CV-00025*

25

26

1  **REQUEST NO. 127:** Documents listing each and every request made within the last six years by
a manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce
2  an FMA dynamic memory chip.

3  **RESPONSE TO REQUEST NO. 127:** In addition to its General Objections, FMA objects to

4  the request on the following grounds: (a) it seeks information that is neither relevant to this action

5  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

6  and/or confidential information not reasonably calculated to lead to the discovery of admissible

7  evidence; (c) it is overbroad and unduly burdensome such as calling for the production of

8  documents "listing each and every request"; (d) it is vague and ambiguous, in particular as to the

9  identities of "manufacturer[s]" and the meaning of what constitutes a "request... for proposal[]";

10  and (e) it calls for information not within the possession or control of FMA.

11

12  **REQUEST NO. 128:** Documents listing each and every proposal made within the last six years
by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory
13  chip for a manufacturer.

14  **RESPONSE TO REQUEST NO. 128:** In addition to its General Objections, FMA objects to

15  the request on the following grounds: (a) it seeks information that is neither relevant to this action

16  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

17  and/or confidential information not reasonably calculated to lead to the discovery of admissible

18  evidence; (c) it is overbroad and unduly burdensome such as calling for the production documents

19  "listing each and every proposal"; and (d) it is vague and ambiguous, in particular as to the

20  identities of "manufacturer[s]" and the meaning of what constitutes a "proposal".

21

22

23

71

24  *CIVIL CASE NO. 06-CV-00025*

25

26

**REQUEST NO. 129:** All documents reflecting FMA's retention of any person as an employee, agent, or in any other capacity in Guam during the past five (5) years.

**RESPONSE TO REQUEST NO. 129:** In addition to its General Objections, FMA objects to the request on the following grounds: (a) it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary and/or confidential information not reasonably calculated to lead to the discovery of admissible evidence; (c) it is overbroad and unduly burdensome such as calling for the production of all documents reflecting FMA's retention of any person; and (d) it is vague and ambiguous, in particular as to the meaning of "any other capacity".

**REQUEST NO. 130:** All documents reflecting FMA's entry into any contract for the purchase or sale of merchandise within Guam during the past five (5) years.

**RESPONSE TO REQUEST NO. 130:** In addition to its General Objections, FMA objects to the request on the following grounds: (a) it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overbroad and unduly burdensome such as calling for the production of all documents reflecting FMA's entry into any contract; (c) it is vague and ambiguous, in particular as to the meaning of the terms "merchandise" and "contract"; and (d) it calls for information not within the possession or control of FMA.

**REQUEST NO. 131:** All documents reflecting performance of the contracts in the above Request for Production.

**RESPONSE TO REQUEST NO. 131:** In addition to its General Objections, FMA objects to the request on the following grounds: (a) it seeks information that is neither relevant to this action

72

1   nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

2   and/or confidential information not reasonably calculated to lead to the discovery of admissible

3   evidence; (c) it is overbroad and unduly burdensome such as calling for the production of all

4   documents reflecting performance of contracts; (d) it is vague and ambiguous; and (e) it calls for

5   information not within the possession or control of FMA.

6

7   **REQUEST NO. 132:** All documents reflecting FMA's interest during the past five (5) years in
    any corporation that was qualified to do business or which had an office in Guam.

8
    **RESPONSE TO REQUEST NO. 132:** In addition to its General Objections, FMA objects to
9
    the request on the following grounds: (a) it seeks information that is neither relevant to this action
10
    nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks information
11
    protected by the attorney-client privilege and the work-product doctrine; (c) it seeks proprietary
12
    and/or confidential information not reasonably calculated to lead to the discovery of admissible
13
    evidence; (d) it is overbroad and unduly burdensome such as calling for the production of "[a]ll
14
    documents reflecting FMA's interest"; (e) it seeks information equally available to Plaintiffs; and
15
    (f) it is vague and ambiguous, in particular as to the meaning of the term "interest".
16

17
    **REQUEST NO. 133:** All documents reflecting FMA's employment during the past five (5) years
18  of individuals, whether resident or not, living or working in Guam.

19  **RESPONSE TO REQUEST NO. 133:** In addition to its General Objections, FMA objects to

20  the request on the following grounds: (a) it seeks information that is neither relevant to this action

21  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

22  and/or confidential information not reasonably calculated to lead to the discovery of admissible

23
                                    73
24  *CIVIL CASE NO. 06-CV-00025*

25

26

1    evidence; (c) it is overbroad and unduly burdensome such as calling for the production of all

2    documents reflecting FMA's employment of individuals living or working in Guam; and (d) it is

3    vague and ambiguous, in particular as to the meaning of "living or working in Guam".

4

5    **REQUEST NO. 134:** All documents reflecting FMA's employment during the past five (5) years
     of any sales agents or representatives of any kind who lived, worked or solicited business in
6    Guam.

7    **RESPONSE TO REQUEST NO. 134:** In addition to its General Objections, FMA objects to

8    the request on the following grounds: (a) it seeks information that is neither relevant to this action

9    nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

10   and/or confidential information not reasonably calculated to lead to the discovery of admissible

11   evidence; (c) it is overbroad and unduly burdensome such as calling for the production of all

12   documents reflecting FMA's employment of any sales agents of any kind; and (d) it is vague and

13   ambiguous, in particular as to the meaning of "lived, worked or solicited business in Guam".

14

15   **REQUEST NO. 135:** All documents reflecting FMA's distributors, suppliers, partners or
     customers having offices in Guam during the past five (5) years.
16
     **RESPONSE TO REQUEST NO. 135:** In addition to its General Objections, FMA objects to
17
     the request on the following grounds: (a) it seeks information that is neither relevant to this action
18
     nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary
19
     and/or information not reasonably calculated to lead to the discovery of admissible evidence; (c)
20
     it is overbroad and unduly burdensome; (d) it is vague and ambiguous; and (e) it calls for
21
     information not within the possession or control of FMA.
22

23
                                            74
24
     *CIVIL CASE NO. 06-CV-00025*

25

26

1   **REQUEST NO. 136:** All documents reflecting FMA's maintenance during the past five (5) years
    of a telephone listing, or listed or used a post office box, or other mailing address in Guam.

2   **RESPONSE TO REQUEST NO. 136:** In addition to its General Objections, FMA objects to

3   the request on the following grounds: (a) it seeks information that is neither relevant to this action

4   nor reasonably calculated to lead to the discovery of admissible evidence; and (b) it seeks

5   information equally available to Plaintiffs.

6

7   **REQUEST NO. 137:** All documents reflecting FMA's representation by attorneys, for any

8   purposes, who are admitted to practice in Guam.

9   **RESPONSE TO REQUEST NO. 137:** In addition to its General Objections, FMA objects to

10  the request on the following grounds: (a) it seeks information that is neither relevant to this action

11  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks information

12  protected by the attorney-client privilege and the work-product doctrine; (c) it seeks proprietary

13  and/or confidential information not reasonably calculated to lead to the discovery of admissible

14  evidence; (d) it is overbroad and unduly burdensome; (e) it is vague and ambiguous; and (f) it

15  calls for information not within the possession or control of FMA.

16

17  **REQUEST NO. 138:** All documents reflecting FMA's rental, ownership, operation, or holding of
    any interest whatsoever (including by lease) of any personal property in Guam.

18

19  **RESPONSE TO REQUEST NO. 138:** In addition to its General Objections, FMA objects to

    the request on the following grounds: (a) it seeks information that is neither relevant to this action

20

21  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

    and/or confidential information not reasonably calculated to lead to the discovery of admissible

22

23  evidence; (c) it is overbroad and unduly burdensome such as calling for the production of all

                                        75

24  *CIVIL CASE NO. 06-CV-00025*

25

26

1    documents reflecting any interest whatsoever of any personal property; and (e) it is vague and

2    ambiguous, in particular as to the meaning of "personal property".

3

4    **REQUEST NO. 139:** All documents reflecting FMA's contracts for the sale of goods or services
     during the last five (5) years to any person or business entity located or having an office in Guam.

5    **RESPONSE TO REQUEST NO. 139:** In addition to its General Objections, FMA objects to

6    the request on the following grounds: (a) it seeks information that is neither relevant to this action

7    nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

8    and/or confidential information not reasonably calculated to lead to the discovery of admissible

9    evidence; (c) it is overbroad and unduly burdensome such as calling for the production of all

10   documents reflecting contracts for the sale of goods or services; (d) it is vague and ambiguous;

11   and (e) it calls for information not within the possession or control of FMA.

12

13

14   **REQUEST NO. 140:** All documents reflecting FMA's direct or indirect shipment of any goods
     or products or any goods or products incorporating FMA's dynamic memory chip into or through
     Guam during the last five (5) years.

15   **RESPONSE TO REQUEST NO. 140:** In addition to its General Objections, FMA objects to

16   the request on the following grounds: (a) it seeks information that is neither relevant to this action

17   nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

18   and/or confidential information not reasonably calculated to lead to the discovery of admissible

19   evidence; (c) it is overbroad and unduly burdensome such as calling for all documents reflecting

20   FMA's direct or indirect shipment of any goods or products; (d) it is vague and ambiguous, in

21   particular as to the meaning of "indirect shipment" and "incorporating"; and (e) it calls for

22   information not within the possession or control of FMA.

23                                            76

24   *CIVIL CASE NO. 06-CV-00025*

25

26

1    **REQUEST NO. 141:** All documents reflecting the authorization of FMA, or FMA's affiliates or subsidiaries, to transact business within Guam within the past ten (10) years.

2    **RESPONSE TO REQUEST NO. 141:** In addition to its General Objections, FMA objects to

3    the request on the following grounds: (a) it seeks information that is neither relevant to this action

4    nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overbroad and

5    unduly burdensome such as calling for the production of all documents reflecting authorization;

6    and (c) it is vague and ambiguous, in particular as to the identities of "FMA's affiliates or

7    subsidiaries".

8

9    **REQUEST NO. 142:** All documents reflecting contracts between FMA and customers or FMA

10   and partners in Guam.

11   **RESPONSE TO REQUEST NO. 142:** In addition to its General Objections, FMA objects to

12   the request on the following grounds: (a) it seeks information that is neither relevant to this action

13   nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

14   and/or confidential information not reasonably calculated to lead to the discovery of admissible

15   evidence; (c) it is overbroad and unduly burdensome such as calling for the production of all

16   documents reflecting contracts between FMA and customers or partners; (d) it is vague and

17   ambiguous, in particular as to the meaning of the terms "contract" and "partners"; and (e) it calls

18   for information not within the possession or control of FMA.

19

20

21

22

23                                   77

24   *CIVIL CASE NO. 06-CV-00025*

25

26

**REQUEST NO. 143:** All documents reflecting each and every contact between FMA or FMA's affiliates or subsidiaries, or FMA's representative with residents of Guam within the last ten (10) years to the present, including, but not limited to, direct contact, such as telephone contact or correspondence, as well as advertisements of any sort.

**RESPONSE TO REQUEST NO. 143:** In addition to its General Objections, FMA objects to the request on the following grounds: (a) it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary information not reasonably calculated to lead to the discovery of admissible evidence; (c) it is overbroad and unduly burdensome such as calling for the production of all documents reflecting "each and every contact"; (e) it is vague and ambiguous, in particular as to the meaning of "contact" and the identities of "FMA's affiliates or subsidiaries, or FMA's representative"; and (f) it calls for information not within the possession or control of FMA.

**REQUEST NO. 144:** All documents reflecting attempts by FMA or FMA's affiliates or subsidiaries to solicit any business in Guam during the past ten (10) years.

**RESPONSE TO REQUEST NO. 144:** In addition to its General Objections, FMA objects to the request on the following grounds: (a) it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary and/or confidential information not reasonably calculated to lead to the discovery of admissible evidence; (c) it is overbroad and unduly burdensome such as requesting all documents reflecting attempts to solicit any business; and (d) it is vague and ambiguous, in particular as to what defines an attempt to solicit any business.

78

*CIVIL CASE NO. 06-CV-00025*

1    **REQUEST NO. 145:** All documents reflecting attempts by FMA or FMA's affiliates or
     subsidiaries to solicit any individual in Guam during the past ten (10) years.

2
     **RESPONSE TO REQUEST NO. 145:** In addition to its General Objections, FMA objects to
3
     the request on the following grounds: (a) it seeks information that is neither relevant to this action
4
     nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary
5
     information not reasonably calculated to lead to the discovery of admissible evidence; (c) it is
6
     overbroad and unduly burdensome such as requesting all documents reflecting attempts to solicit
7
     any individual; and (d) it is vague and ambiguous, in particular as to what defines an attempt to
8
     solicit any individual.
9

10
     **REQUEST NO. 146:** All documents reflecting the total number of sales and gross annual amount
11   of the sales, all direct sales made by FMA or FMA's affiliates or subsidiaries to customers in
     Guam or customers with operations in Guam for each of the last ten (10) years.
12
     **RESPONSE TO REQUEST NO. 146:** In addition to its General Objections, FMA objects to
13
     the request on the following grounds: (a) it seeks information that is neither relevant to this action
14
     nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overbroad and
15
     unduly burdensome such as calling for the production of all documents reflecting total sales to
16
     customers in Guam or with operations in Guam; (c) it is vague and ambiguous, in particular as to
17
     the identities of FMA's affiliates or subsidiaries; and (d) it calls for information not within the
18
     possession or control of FMA.
19

20

21

22

23
                                    79
24   *CIVIL CASE NO. 06-CV-00025*

25

26

**REQUEST NO. 147:** All documents reflecting shipment of any merchandise into Guam on consignment by FMA or FMA's affiliates or subsidiaries during the past ten (10) years.

**RESPONSE TO REQUEST NO. 147:** In addition to its General Objections, FMA objects to the request on the following grounds: (a) it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary and/or confidential information not reasonably calculated to lead to the discovery of admissible evidence; (c) it is vague and ambiguous; and (d) it calls for information not within the possession or control of FMA.

Dated: Jan. 16 , 2007

By: _____
    Christopher E. Chalsen (*pro hac vice*)
    Michael M. Murray (*pro hac vice*)
    Lawrence T. Kass (*pro hac vice*)
    Milbank, Tweed, Hadley & McCloy LLP
    1 Chase Manhattan Plaza
    New York, NY 10005
    (212) 530-5000

    Rodney J. Jacob
    Daniel M. Benjamin
    Calvo & Clark LLP
    655 South Marine Corp Drive
    Suite 202
    Tamuning, Guam 96913
    (671) 646-9355

    Attorneys for Defendant Fujitsu Microelectronics America, Inc.

NY2:#4724243v1

80

*CIVIL CASE NO. 06-CV-00025*

1

## CERTIFICATE OF SERVICE

2    I hereby certify that a true and correct copy of the foregoing document was served

3    on the following counsel of record via first class mail on January 16, 2007:

4

5    Joseph C. Razzano, Esq.
Teker Torres & Teker, PC
6    Suite 2A, 130 Aspinall Avenue
Hagatna, Guam 96910

7
John S. Unpingco, Esq.
8    Unpingco & Associates, LLC
Suite 12B Sinajana Mall
9    Sinajana, Guam

10    Michael W. Shore, Esq.
Shore Chan Bragalone, LLP
11    323 North Saint Paul Street, Suite 4450
Dallas, Texas 75201

12

13

14                                   MICHAEL M. MURRAY

15

16

17

18

19

20

21

22

23                          81

24    *CIVIL CASE NO. 06-CV-00025*

25

26

# EXHIBIT B



Alfonso G. Chan
Republic Center
325 North Saint Paul Street
Suite 4450
Dallas, Texas 75201
214.593.9120 Direct Dial
214.593.9111 Facsimile
achan@shorechan.com

January 8, 2007

**VIA EMAIL-PDF FORMAT AND FEDERAL EXPRESS**

Christopher E. Chalsen, Esq.
Milbank Tweed Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005

Re:   Nanya Technology Corp. et al. v. Fujitsu Ltd. et al., No. 06-25 (D. Guam Sept. 13, 2006) and Fujitsu Ltd. et al. v. Nanya Technology Corp. et al., No. 06-06613 (N. D. Cal. Oct. 24, 2006).

Dear Mr. Chalsen:

With the upcoming case management conferences on January 30, 2007 in Guam and February 2, 2007 in California, the parties need to address the procedures governing the parties' exchange of documents for discovery. I have attached a proposed protective order that the parties could use for both the Guam and California actions. Please review it. I would appreciate your comments by Monday, January 15, 2007.

Further, in Defendant Fujitsu Limited's Objections to the Magistrate's Order Granting Motion for Alternative Service of Process on Fujitsu Limited, filed on November 20, 2006, Fujitsu Limited relied on the declarations of Shigeshi Tanaka, Shigeru Kitano, Yuichi Sakoda, Takao Miura, Katsuya Irie, Michael Murray, and yourself to support Fujitsu Limited's arguments regarding service of process and jurisdiction. So these factual allegations may be properly addressed, please provide deposition dates in the month of January and February for these declarants. These depositions can be conducted at the Tamuning offices of Calvo & Clark. Again, I would appreciate your response by Monday, January 15, 2007.

Sincerely,

Alfonso G. Chan



Chistopher E. Chalsen, Esq.
Milbank Tweed Hadley & McCloy LLP
January 8, 2007
Page 2


Enclosure

cc: Judge John Unpingco
    Joseph Razzano
    Daniel M. Benjamin
    All With Enclosure



Martin Pascual
Republic Center
325 North Saint Paul Street
Suite 4450
Dallas, Texas 75201
214.593.9118 Direct Dial
214.593.9111 Facsimile
mpascual@shorechan.com

January 17, 2007

**VIA EMAIL-PDF FORMAT**
Christopher E. Chalsen, Esq.
Milbank Tweed Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005

    Re:    Nanya Technology Corp. et al. v. Fujitsu Ltd. et al., No. 06-25 (D. Guam
        Sept. 13, 2006) and Fujitsu Ltd. et al. v. Nanya Technology Corp. et al.,
        No. 06-06613 (N. D. Cal. Oct. 24, 2006).

Dear Mr. Chalsen:

On January 8, 2007, Alfonso Chan sent you a letter requesting your comments
regarding a proposed protective order to govern the procedures for the parties' pending
exchange of documents for discovery. To date, you have not responded to Mr. Chan's
letter. Please let us know your comments, if any, to the proposed protective order by
12:00 noon (C.S.T.), Friday, January 19. If we do not hear from you by then, we will
assume you oppose working with us to draft a proposed protective order and will
accordingly raise this issue with the Court.

Additionally, Mr. Chan requested available dates in Guam for depositions for the
individuals whose declarations Fujitsu Limited relied upon in its Objections to the
Magistrate's Order Granting Motion for Alternative Service of Process. As Mr. Chan
explained in the January 8th letter, so that the factual allegations in the declarations in
Fujitsu Limited's Objections may be properly addressed, Nanya Technology Corp. and
Nanya Technology Corp. U.S.A. are entitled to question these declarants. As Mr. Chan
assured you, these depositions can be conducted in Guam at Fujitsu Limited's local
counsel's offices to accommodate any concerns. Please also let us know available dates
by 12:00 noon (C.S.T.), Friday, January 19. Otherwise, we will be forced to seek the
Court's intervention.

Sincerely,

Martin Pascual



SHORECHAN
BRAGALONE LLP

Christopher E. Chalsen, Esq.
Milbank Tweed Hadley & McCloy LLP
January 17, 2007
Page 2

cc: Judge John Unpingco
    Joseph Razzano
    Daniel M. Benjamin

# EXHIBIT C

# MILBANK, TWEED, HADLEY & McCLOY LLP

1 CHASE MANHATTAN PLAZA

NEW YORK, N.Y. 10005-1413

212-530-5000

FAX: 212-530-5219

LOS ANGELES
213-892-4000
FAX: 213-629-5063

PALO ALTO
650-739-7000
FAX: 650-739-7100

WASHINGTON, D.C.
202-835-7500
FAX: 202-835-7586

LONDON
44-207-448-3000
FAX: 44-207-448-3029

MICHAEL M. MURRAY
PARTNER
DIRECT DIAL NUMBER
212-530-5424
FAX: 212-822-5424

January 19, 2007

MUNICH
49-89-25559-3400
FAX: 49-89-25559-3700

FRANKFURT
49-69-7593-7170
FAX: 49-69-7593-8303

TOKYO
813-3504-1050
FAX: 813-3595-2790

HONG KONG
852-2971-4888
FAX: 852-2840-0792

SINGAPORE
65-6428-2400
FAX: 65-6428-2500

**VIA FACSIMILE (214-593-9111)**
Martin Pascual, Esq.
Shore Chan Bragalone LLP
325 N. St. Paul Street
Suite 4450
Dallas, Texas 75201

Re:  Fujitsu v. Nanya, Civil Case No. CV06-00025

Dear Martin:

This is in response to your letter to Chris Chalsen dated January 17, 2007.

Concerning the proposed protective order, we are reviewing it and should be able to get back to you next week with any proposed changes.

You have asked for deposition dates for seven individuals who submitted declarations in connection with Fujitsu Limited's objections to the magistrate's Order concerning service. As you know, the briefing on this issue was completed some time ago, well before Mr. Shore's letter seeking the depositions. Further, the hearing will occur in less than a week and the entire issue may thus be rendered moot. Accordingly, it makes more sense to discuss this issue again after the hearing.

We further note that, absent agreement to the contrary, individuals should be deposed within a reasonable distance of where they work or live. The fact than an individual submits a declaration in Guam does not mean that the individual consents to travel to Guam for the purpose of a deposition. Accordingly, for any Japanese witness, you will need to arrange a room at the American embassy to conduct the deposition.

Finally, you should be aware that any depositions you choose to take on the service issue will count fully toward the total number of depositions Nanya is allowed under the Federal Rules. Furthermore, to prevent undue inconvenience to individual witnesses, we will

Mr. Martin Pascual
Page 2
January 19, 2007


object to any attempt to recall a witness after their deposition. Thus, if you proceed with these
depositions, we fully expect that there will be no further depositions of these same witnesses.

Sincerely yours,

Michael M. Murray

MMM:smm

cc:    Christopher E. Chalsen, Esq.

NY2.#4724799v1

# MILBANK, TWEED, HADLEY & McCLOY

### 1 CHASE MANHATTAN PLAZA
### NEW YORK, NY 10005-1413

---

212-530-5000
FAX: 212-530-5219

## FACSIMILE TRANSMISSION

**DATE:**     January 19, 2007

**TO:**

| NAME | FAX NO. | PHONE NO. |
|---|---|---|
| Martin Pascual, Esq. Shore Chan Bragalone LLP | 214-593-91111 | |

**FROM:**   Michael M. Murray       **PHONE:**   212-530-5424

**RE:**   Fujitsu v. Nanya

| FILE NUMBER: | 35068.02100 | | |
|---|---|---|---|
| NUMBER OF PAGES, INCLUDING COVER: | 2 | ORIGINALS FOLLOW BY MAIL: | no |

**MESSAGE:**
Please see attached.

## CONFIDENTIALITY NOTE:

The information contained in this facsimile message may contain legally privileged and/or confidential information and is intended only for the use by the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or reproduction of this facsimile is strictly prohibited. If you have received this facsimile in error, we would appreciate your notifying us at 212-530-5014. Thank you.

## MILBANK, TWEED, HADLEY & McCLOY LLP

1 CHASE MANHATTAN PLAZA

NEW YORK, N.Y. 10005-1413

212-530-5000

FAX 212-530-5219

MICHAEL M. MURRAY
PARTNER
DIRECT DIAL NUMBER
212-530-5424
FAX: 212-822-5424

January 29, 2007

LOS ANGELES
213-892-4000
FAX: 213-629-5063

PALO ALTO
650-739-7000
FAX: 650-739-7100

WASHINGTON, D.C.
202-835-7500
FAX: 202-835-7586

LONDON
44-207-448-3000
FAX: 44-207-448-3029

MUNICH
49-89-25559-3600
FAX: 49-89-25559-3700

FRANKFURT
49-69-7593-7170
FAX: 49-69-7593-8303

TOKYO
813-3504-1050
FAX: 813-3595-2790

HONG KONG
852-2971-4888
FAX: 852-2840-0792

SINGAPORE
65-6428-2400
FAX: 65-6428-2500

**VIA E-MAIL**
Alfonso Chan, Esq.
Shore Chan Bragalone LLP
325 N. St. Paul Street
Suite 4450
Dallas, Texas 75201

Re: <u>Fujitsu v. Nanya, Civil Case No. CV06-00025</u>

Dear Alfonso:

This is in response to your letter of January 25, 2007 addressing the alleged deficiencies in FMA's responses to Plaintiffs' document requests.

We initially note that this is the first request for a conference concerning FMA's responses to the document requests. The telephone conference on January 12, 2007 occurred, as you know, before you received FMA's responses and thus certainly did not address the merits of those responses. During the call, we did tell you several times that written responses would be served on time, and they were. We further did not discuss FMA's responses "in person" in Guam last week. The conference between counsel in Guam last week addressed scheduling issues and not the merits of FMA's responses to the document requests.

You state that you would like a conference to "determine whether it will be necessary to seek judicial resolution of our differences". However, you have already sought judicial resolution, *i.e.*, by filing a motion to compel. We suggest that, in the future, you attempt to meet and confer on the substance of any response to a discovery demand <u>after</u> you have had an oppoortunity to review the response and <u>before</u> you involve the court.

As for the document requests themselves, we believe they are overbroad, burdensome and constitute an inappropriate fishing expedition. Nevertheless, we are willing to discuss a reasonable compromise.

Alfonso Chan, Esq.
January 29, 2007
Page 2


       Concerning the protective order, we are reviewing your draft and will provide comments shortly.


              Sincerely yours,

              Michael M. Murray

MMM:smm

cc:    Christopher E. Chalsen, Esq.

NY2:#4725973v1