**TEKER TORRES & TEKER, P.C.**
130 Aspinall Avenue-Suite 2A
Hagåtña, Guam 96910
671.477.9891 Telephone
671.472.2601 Facsimile

**UNPINGCO & ASSOCIATES, LLC**
Sinajana Mall-Suite 12B
Sinajana, Guam
671.475.8545 Telephone
671.475.8550 Facsimile

**SHORE CHAN BRAGALONE LLP**
325 N. St. Paul Street, Suite 4450
Dallas, Texas 75201
Telephone: 214.593.9110
Facsimile: 214.593.91111

ATTORNEYS FOR PLAINTIFFS
Nanya Technology Corp. and
Nanya Technology Corp. U.S.A.

FILED
DISTRICT COURT OF GUAM
FEB _ 9 2007
MARY L.M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT

# DISTRICT OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP. and NANYA TECHNOLOGY CORP. U.S.A., <br><br> Plaintiffs, <br><br> v. <br><br> FUJITSU LIMITED and FUJITSU MICROELECTRONICS AMERICA, INC., <br><br> Defendants. | Case No. CV-06-00025 <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO CLARIFY MAGISTRATE JUDGE'S ORDER** |

## I.

## JURISDICTIONAL DISCOVERY IS PROPER UNDER FEDERAL CIRCUIT LAW

A.   **The Requests Are Specific To Relevant Issues**

Contrary to FMA's allegations, Plaintiffs are not engaged in a fishing expedition. Plaintiffs' jurisdictional discovery requests directly relate to FMA's jurisdictional challenges and are consistent

---

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO CLARIFY MAGISTRATE JUDGE'S ORDER    PAGE 1

with the inquiry conducted by the Federal Circuit in determining personal jurisdiction in a patent infringement action. FMA's discovery responses are necessary for Plaintiffs to fully respond to FMA's jurisdictional challenge on March 8, 2007. Specifically, Plaintiffs have requested production of documents and things showing (1) the identities of product manufacturers that have purchased Fujitsu processors and microcontrollers, (2) information related to the products that incorporate Fujitsu processors and microcontrollers, and (3) contracts and proposals with product manufacturers regarding Fujitsu processors and microcontrollers. As explained in detail in Plaintiffs' Supplement to Motion to Compel Substantive Responses to Plaintiffs' Requests for Production, all of these categories of requests are directly relevant to Plaintiffs' ability to prove that FMA has sold its infringing devices to a wide variety of manufacturers whose products FMA knows enter a stream of commerce that includes Guam. Despite the fact that FMA's processors and microcontrollers are embedded and incorporated in products sold and used in Guam and purposely placed by FMA in the stream of commerce, FMA continues to ignore and deny this fact, and misrepresents the scope of relevant information.

**B.     The Stream Of Commerce Standard**

In cases, such as this, involving patent infringement, the Federal Circuit has expressly recognized that personal jurisdiction exists when an accused infringer places products into the stream of commerce and the flow of products (whether direct or incorporated into a final product) to the forum is regular and anticipated. *See Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1321 (Fed. Cir. 2005); *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1566 (Fed. Cir. 1994); *Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424, 427 (Fed. Cir. 1996). Moreover, the Federal Circuit has acknowledged this stream of commerce theory applies to accused parts or devices that may not have "direct" contact with a forum but which may be incorporated into final products that reach the final forum. *See Chi Mei*, 395 F.3d at 1321 (finding personal jurisdiction over a defendant that sold accused parts that were incorporated into final products

that reached the jurisdiction even though the accused parts themselves were not directly sold in the jurisdiction). This is true even when – as in the case with FMA or Fujitsu Limited – the accused infringer has no residence in the jurisdiction, no operations or business location in the jurisdiction, pays no business taxes in the jurisdiction, has no employees who work or reside in the jurisdiction, has no license to do business in the jurisdiction and does not own, lease, use, or otherwise possess property in the jurisdiction. *Id.* Thus, in determining whether a court has personal jurisdiction over an accused infringer, the court must assess not only whether the accused parts are sold separately in the jurisdiction, but also whether finished products that incorporate those parts are commercially available in the jurisdiction. *Id.* Only then can the court properly evaluate whether the defendant is directly or indirectly infringing the patent through inducing or contributory infringement.

It is precisely this area of inquiry that FMA is attempting to avoid. Plaintiffs' discovery seeks evidence that the accused Fujitsu processors and microcontrollers have been placed into the stream of commerce as components of consumer electronics and other finished goods available in Guam. FMA's response intentionally misstates the law on patent personal jurisdiction so it can argue that Plaintiffs' requests are overbroad. The Court should not be misled.

## II.

## CONTRARY TO FMA'S ALLEGATIONS, THE COURT DID NOT STAY ALL DISCOVERY

FMA's contention that the Court stayed all discovery is wrong. In its December 11, 2006 Order (the "Order"), the Court expressed its desire to resolve service and jurisdictional issues before engaging in substantive discovery. Contrary to FMA's assertion that Plaintiffs' jurisdictional discovery is premature, Plaintiffs' requests explicitly address the Court's concern with resolving jurisdictional issues. It simply makes no sense to conclude that the Court would intentionally stay all discovery given its stated concerns. FMA, however, in support of its intransigence, clings to the Court's comment that "the Plaintiffs will not be substantially prejudiced by a short extension of the scheduling

conference and commencement of discovery." *See* Order, page 2, lines 18-19. But this comment by the Court is merely the Court's determination that Plaintiffs would suffer no prejudice as a result of the extension of the date for the settlement conference, *not* an express order of an exception to the Federal Rules regarding discovery.

Contrary to FMA's tortured interpretation, the Court did not mandate an exception to the Federal Rules. Instead, the Court simply reset the scheduling conference to occur on January 30, 2007. But the scheduling conference was and is not the trigger for discovery under the Federal Rules, and thus Defendants' reliance on the Order as authority to evade jurisdictional discovery is misplaced. Even prior to entry of the Order, on November 27, 2006, Plaintiffs' counsel Joseph C. Razzano met and conferred with Defendants' counsel Rodney Jacob, complying with Rule 26(f) of the Federal Rules of Civil Procedure. Notwithstanding FMA's liberal interpretation, the Order clearly does not mandate any exception to Rule 26(d), or order the parties to abate discovery.

Indeed, under the Federal Rules, litigants are free to initiate discovery once they have met and conferred in compliance with Rule 26(f), which, in this case, the parties had done on December 11, 2006, prior to entry of the Order. FMA has ignored the explicit purpose of the Order, which was "permit Fujitsu's service status to be resolved first." *See* Order, at page 2, line 17. In any event, the issue relating to Fujitsu's service has now been resolved. Thus, there is absolutely no reason for the parties not to engage in discovery at this point. FMA's continued insistence that the Order precludes any discovery is misplaced, and reveals FMA's true motivation, which is to delay these proceedings.

### III.

**NOTWITHSTANDING FMA'S MISREPRESENTATIONS, PLAINTIFFS MET AND CONFERRED WITH FMA REGARDING PLAINTIFFS' JURISDICTIONAL DISCOVERY**

FMA's assertion that Plaintiffs failed to meet and confer regarding Plaintiffs' requests is completely inaccurate. On January 12, 2007, Plaintiffs participated in a telephone conference with

FMA to address Plaintiffs' jurisdictional discovery requests.[1]  At the conference, FMA's counsel expressly informed Plaintiffs that FMA would provide only objections to Plaintiffs' requests and not substantive responses.[2]  FMA claimed that the Court had stayed all discovery in its Order.[3]  Because of Plaintiffs' urgent need for jurisdictional discovery from FMA and FMA's refusal to comply with its obligations based upon a false and tortured interpretation of the Court's Order, Plaintiffs moved the Court to clarify its Order and compel FMA to respond substantively to Plaintiffs' jurisdictional discovery requests.

### IV.

### CONCLUSION

FMA's opposition to Plaintiffs' motion to clarify and FMA's refusal to participate in discovery are just part of an overall pattern of delay.  Plaintiffs respectfully request the Court to clarify its Order, to overrule FMA's objections, and to compel FMA to provide substantive answers to Plaintiffs' jurisdictional discovery requests.

Dated: February 9, 2007

**TEKER TORRES & TEKER, P.C.**

By: _/s/ Joseph C. Razzano_
    Joseph C. Razzano, Esq.
ATTORNEYS FOR PLAINTIFFS
Nanya Technology Corp. and
Nanya technology Corp. U.S.A.

---

[1] Declaration of Alfonso Garcia Chan ("Chan Decl."), ¶4, attached to Plaintiff's Motion to Clarify Magistrate Judge's Order [Docket No. 113] as Exhibit B.
[2] Id.
[3] Id.