1  **TEKER TORRES & TEKER, P.C.**
   130 Aspinall Avenue-Suite 2A
2  Hagåtña, Guam 96910
   671.477.9891 Telephone
3  671.472.2601 Facsimile

4  **UNPINGCO & ASSOCIATES, LLC**
   Sinajana Mall-Suite 12B
5  Sinajana, Guam
   671.475.8545 Telephone
6  671.475.8550 Facsimile

7  **SHORE CHAN BRAGALONE LLP**
   SUITE 4450
8  325 N. ST. PAUL STREET
   DALLAS, TEXAS 75201
9  TELEPHONE: (214) 593-9110
   FACSIMILE: (214) 593-9111

*Attorneys for Plaintiffs*
*Nanya Technology Corp. and*
*Nanya Technology Corp. U.S.A.*

**FILED**
DISTRICT COURT OF GUAM
FEB - 9 2007
MARY L.M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP. AND NANYA TECHNOLOGY CORP. U.S.A., | Case No. CV-06-00025 |
| Plaintiffs, | |
| v. | **CERTIFICATE OF SERVICE** |
| FUJITSU LIMITED AND FUJITSU MICROELECTRONICS AMERICA, INC., | |
| Defendants. | |

I, JOSEPH C. RAZZANO, ESQ., hereby declare as follows:

1.  I am over the age of majority and am competent to testify regarding the matters stated herein.

2.  I hereby certify that on February 9, 2007, a true and exact copy of **PLAINTIFFS'**

ORIGINAL

parties failed to reach an agreement.[10] Plaintiffs subsequently filed a motion with the Court requesting the Court enter a protective order before any documents are exchanged.[11] Further, the objection that such information is not likely to produce admissible evidence is completely inaccurate because the requested documents would demonstrate that Defendants are subject to this Court's jurisdiction. Defendants' duplicative objections that such requests are irrelevant, overly broad, unduly burdensome, and vague and ambiguous are again improper, evasive and objectively unreasonable.

The combination of Defendants' objections to these categories of documents and the preceding outlined categories and Defendants' failure to submit any affidavits or evidence substantiating these objections simply establish their obstructionist, boilerplate, and frivolous nature. The Court should not countenance such abusive discovery tactics.

## IV.

## CONCLUSION

Because of FMA's unwillingness to provide substantive responses to Plaintiffs' discovery requests, Plaintiffs file this supplement respectfully requesting that the Court overrule FMA's objections and compel FMA to provide substantive responses to Plaintiffs' discovery requests.

Dated: February 9, 2007

**TEKER TORRES & TEKER, P.C.**

By: /s/ Joseph C. Razzano
**JOSEPH C. RAZZANO, ESQ.**
*Attorneys For Plaintiffs*
*Nanya Technology Corp. and*
*Nanya technology Corp. U.S.A.*

---

[10] *See* Exhibit C, Letters from Michael Murray to Alfonso Chan.
[11] It was only after several letters and after Plaintiffs' requested deadline did Defendants provide comments to Plaintiffs regarding the proposed protective order. By that time, after several weeks of waiting for Defendants' comments, Plaintiffs had already sought assistance from the Court.