1 | **RODNEY J. JACOB, ESQ.**
**DANIEL M. BENJAMIN, ESQ.**
2 | **JENNIFER A. CALVO-QUITUGUA, ESQ.**
**CALVO & CLARK, LLP**
3 | Attorneys at Law
4 | 655 South Marine Corps Drive, Suite 202
Tamuning, Guam 96913
5 | Telephone:     (671) 646-9355
Facsimile:     (671) 646-9403
6 |

7 | **CHRISTOPHER E. CHALSEN, ESQ.**
**MICHAEL M. MURRAY, ESQ.**
8 | **LAWRENCE T. KASS, ESQ.**
**MILBANK, TWEED, HADLEY & MCCLOY LLP**
9 | 1 Chase Manhattan Plaza
New York, New York 10005
10 | Telephone:     (212) 530-5000
Facsimile:     (212) 822-5796
11 |

12 | *Attorneys for Defendants*
FUJITSU LIMITED AND
13 | FUJITSU MICROELECTRONICS AMERICA, INC.

**FILED**
DISTRICT COURT OF GUAM

FEB 13 2007

**MARY L.M. MORAN**
**CLERK OF COURT**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

NANYA TECHNOLOGY CORP. and
NANYA TECHNOLOGY CORP. U.S.A,

        Plaintiff,

        -v-

FUJITSU LIMITED, FUJITSU
MICROELECTRONICS AMERICA, INC.,

        Defendants.

CIVIL CASE NO. 06-CV-00025

**DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR ENTRY
OF PROTECTIVE ORDER**

**(ORAL ARGUMENT REQUESTED)**

*CIVIL CASE NO. 06-CV-00025*

ORIGINAL

Defendants Fujitsu Limited ("Fujitsu") and Fujitsu Microelectronics America, Inc. ("FMA") hereby respond to Plaintiffs' Motion to Entry of Protective Order ("Motion") submitted by Nanya Technology Corp. ("Nanya") and Nanya Technology Corp. U.S.A. ("Nanya USA") (collectively "Plaintiffs") pursuant to Federal Rule of Civil Procedure 26(c). Plaintiffs' Motion should be denied because (1) Plaintiffs have not complied with the requirements of Rule 26 (c) or the Court's Local Rules in bringing the Motion and (2) Defendants' suggested Protective Order (submitted as Exh. A hereto) is a more appropriate protective order for this case.

## I.    PLAINTIFFS' MOTION SHOULD BE DENIED AS PREMATURE AND FOR FAILING TO COMPLY WITH THE REQUIREMENTS OF THE LOCAL RULES

### A.    FMA and Fujitsu Limited Did Not Unreasonably Delay In Providing Comments to Plaintiffs' Proposed Protective Order

Plaintiffs sent a letter to FMA attaching a proposed protective order on January 8, 2007, requesting a response by January 19, 2007. (*See* Exh. 1 to Plaintiffs' Motion.) The following week, on January 17, 2007, Plaintiffs prematurely sent a letter asserting that they "assume [FMA] oppose[s] working with [Plaintiffs] to draft a proposed protective order and [Plaintiffs] will accordingly raise this issue with the Court". (*See* Exh. 2 to Plaintiffs' Motion.) FMA's counsel responded on January 19, 2007 informing Plaintiffs that they were reviewing the proposed protective order and would respond. (*See* Exh. 3 to Plaintiffs' Motion.) On January 29, 2007, FMA's counsel told Plaintiffs that they would be providing comments shortly. (*See* Exh. 4 to Plaintiffs' Motion.)

On January 30, 2007 – just days after Judge Gatewood had issue a ruling addressing Fujitsu's challenge to the Order regarding service,[1] and without even attempting to set up a meet and confer as required by the local rules – Plaintiffs prematurely filed this Motion. On the next day, in correspondence received from Plaintiffs' counsel, Plaintiffs stated that their

---

[1] Although Judge Gatewood's Order has resolved the challenge to the *ex parte* Order regarding service, Fujitsu's pending motion to dismiss also raises as yet unaddressed issues concerning the deficiencies of the actual service performed. The right to raise this service issue (and the pending personal jurisdictional issues raised by both Defendants) is respectfully reserved.

*CIVIL CASE NO. 06-CV-00025*

1

1  proposed protective order "is the only one that we will agree to at this point since you did not

2  provide comments on a timely basis." (*See* Exh. B hereto, E-mail from Michael Shore, Esq. to

3  Lawrence Kass, Esq., dated January 31, 2007.)  In spite of Plaintiffs' threats not to even consider

4  Defendants' proposed changes to the protective order, on February 2, 2007 defense counsel

5  provided detailed comments on Plaintiff's proposed protective order. (*See* Exh. C hereto, E-mail

6  from Lawrence Kass, Esq. to Alfonso Chan, Esq., dated January 31, 2007.)

7       Especially with the issue of service on Fujitsu still pending before Judge

8  Gatewood during much of the time, the 19 business days that it took Defendants to review and

9  comment on Plaintiffs' proposed protective order was not unreasonable considering the criticality

10  of a protective order to this case, where large amounts of highly confidential information will be

11  provided during discovery.[2]  Further, because FMA wanted the terms of any protective order to

12  be acceptable to its codefendant Fujitsu, it consulted with Fujitsu on the proposed draft provided

13  by Plaintiffs prior to Judge Gatewood's Order issuing.  Fujitsu is a Japanese company and

14  Plaintiffs' proposed protective order was supplied only in English.  Had Plaintiffs bothered to

15  pick up the phone to inquire about the status of Defendants' comments these issues could have

16  easily been explained and addressed.

17       **B.**    **Plaintiffs Have, Once Again, Filed a Motion Without a Proper Meet and**
18            **Confer In Violation of the Local Rules**

19       As noted above, this Motion was filed on January 30, 2007, before any attempt had been

20  made to set up a meet and confer as required by Local Rule 37.1(a).  In fact, Plaintiffs did not

21  make even a *single phone call* to counsel to inquire about the status of Defendants' comments to

22  their proposed protective order or to request a meeting to work through the proposed draft.

23  Further, Mr. Shore's e-mail of January 31, 2007 evidences a clear disregard for the local rules and

24  a disappointing unwillingness to cooperate on discovery issues. (*See* Exh. B.)

25

26  _____

27       [2]  Plaintiffs' own Motion admits that there is "[a]n enormous amount of work in
  discovery", which makes Protective Order crucial "to ensure the highly sensitive and confidential

28  nature of these documents is preserved and protected." (Motion at 3.)

*CIVIL CASE NO. 06-CV-00025*

Accordingly, for these reasons alone, Plaintiffs' motion should be denied. However, as Defendants certainly wish to have a protective order entered as soon as possible, Defendants report below on the meet and confer that occurred after Plaintiffs' Motion was filed and explain the remaining areas of disagreement.

## II.   DEFENDANTS' PROPOSED COMPROMISE PROTECTIVE ORDER AND THE REMAINING AREAS OF DISAGREEMENT

On February 6, 2007, the parties had a telephone conference where progress was made on the terms of a stipulated protective order. The proposed protective order submitted herewith as <u>Exhibit A</u> incorporates language where agreement was reached and includes Defendants' preferred language on four issues where no agreement could be reached. Thus, the protective order submitted herewith is much closer to a compromise position than the unilateral protective order submitted by Plaintiffs that, as noted above, was submitted before a meet and confer even took place. Below is a summary of the four unresolved matters.

### A.   <u>Designating Material Given at a Conference or Hearing</u>

Defendants propose the following language:

Testimony or material given at a conference or hearing may be designated as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" by making a statement to that effect on the record during the conference or hearing. Alternatively, if no such statement of designation is made, a party wishing to designate in whole or in part the conference or hearing, and any transcript or recording thereof, as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" shall notify all other parties in writing of such designation, within five (5) business days of such conference or hearing. The parties shall treat the conference or hearing, and all transcripts or recordings thereof as "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" during such five (5) business days after such conference or hearing, or until written notice of a designation is received, whichever occurs first. The parties reserve the right to seek appropriate protection at trial for the designation and treatment of any "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" information to be used at trial. The parties may modify this procedure by mutual agreement without further order of this Court.

1  (Exh. A at 4-5.)  The subject matter of this case will undoubtedly delve deeply into highly

2  confidential information, including technical information, marketing and sales information and

3  other important business information and trade secrets.  It is critical that Defendants be able to

4  designate such information as confidential under the protective order.  Plaintiffs argue that a party

5  can move the Court during a hearing or conference to designate information under the protective

6  order, and this is true.  However, counsel for Defendants might not realize at a particular hearing

7  that the information is sensitive, partially given that testimony may occur in Japanese as well as

8  English.  Thus, Defendants request a short time after any conference or hearing to review what

9  was disclosed and then to designate any proprietary information under the protective order.  This

10  is a common provision in such orders.

11  During the meet and confer, counsel for Plaintiffs could articulate no prejudice to

12  Plaintiffs from this provision.  Further, if the provision is abused and non-confidential material is

13  designated under the protective order, there is a provision in the protective order where the issue

14  can be easily raised with the Court.  This is a sensible provision in such a complex case.

15
16  **B.**  **Requirement to Disclose the Specific Material Intended to Be Disclosed to an Expert**

17  The parties agree that, prior to any disclosure by a party of material designated as

18  either "Confidential" or "Confidential – Outside Counsel Eyes Only" to a potential expert, the

19  party must provide written notification to counsel for the designating party of the desire to make

20  the disclosure and state the name, address, and position of the expert, along with a *curriculum*

21  *vitae* and list of companies for which the expert has consulted.  (*See* Exh. A at 8-9.)  This will

22  allow the designating party an opportunity to consider the proposed expert and to raise any

23  objections to the proposed disclosure.

24  Plaintiffs' proposed protective order includes an additional constraint, requiring

25  that counsel wishing to disclose such material to an expert would also have to disclose to the

26  counsel for the designating party "the specific material to be disclosed" to the expert.  (Exh. A to

27  Plaintiffs' Motion at 7.)  During the meet and confer it became clear that Plaintiffs do not seek

28

1 merely to know the type of material that the expert would review, but rather want an

2 identification of each and every document to be disclosed. Further, even after the proposed

3 expert has signed the protective order, Plaintiffs expect to be provided with an identification, on a

4 running basis, of each and every document that Defendants propose to show to their expert, with

5 Plaintiffs having a five business day period to object to each document to be disclosed.

6         Requiring Defendants to specify the material that they intend to show the expert in

7 this fashion is a clear intrusion into the work-product and litigation strategies of Defendants. If

8 Defendants have to tell Plaintiffs which particular documents it wants to show its expert, out of

9 the hundreds of thousands of documents inevitably produced, Plaintiffs will unfairly and

10 prematurely be privy to Defendants' strategies.[3]

11         Furthermore, what Plaintiffs propose is unworkable and will interfere with the

12 orderly preparation for trial. Document production in this case is likely to involve hundreds of

13 boxes of documents and will undoubtedly be made on a rolling basis. According to Plaintiffs'

14 proposed provision, every time Defendants come across a document in Plaintiffs' production that

15 they would like to show to the expert, they must identify the document to Plaintiffs and wait up to

16 a week for a response. Further, it is often most efficient to have the experts, who best understand

17 the complex technology, to assist in the screening of large volumes of produced documents to

18 look for potentially relevant material. Plaintiffs would preclude this most efficient and critical

19 use of experts by requiring the attorneys to screen the documents and then seek permission for

20 each document to be disclosed to the expert.

21         In summary, Plaintiffs' proposed requirement would improperly impinge on work

22 product, would cause substantial delays in the efficient management of this case and would

23 preclude expert assistance in the screening of documents. For these reasons, Defendants'

24 proposed provision should be adopted.

25

26

27     [3]  Of course, Plaintiffs will eventually know what documents the experts will rely upon for any opinions they will render during the expert discovery phase of the case.

28 *CIVIL CASE NO. 06-CV-00025*

C.    **Return of Privileged Material Inadvertently Disclosed**

Defendants proposed the following language be added to the protective order:

Upon receiving a notification of inadvertent disclosure and request for return of inadvertently disclosed documents, the receiving party shall immediately return the inadvertently disclosed documents, without prejudice to the right to subsequently challenge the claim of privilege as to those inadvertently disclosed documents.

(Exh. A at 11.) During the meet and confer, Plaintiffs took the position that a party who receives documents that are then alleged to be an inadvertent production of privileged materials has the right to (1) keep the documents until the disclosing party establishes that they are privileged and (2) study the documents to "see if they are really privileged." Plaintiffs' counsel suggested that they might agree to return the documents if they could first study them to "make our own log" of the privileged materials.

Plaintiffs' position on this issue is indefensible and is directly contrary to Fed. R. Civ. Pro. 26(b)(5)(B), which explicitly incorporates a so-called "claw-back" provision to allow parties to recover privileged material produced to the other side. In fact, Rule 26(b)(5)(B) does not even require that the production be *inadvertent*. Any disclosure of materials claimed to be privileged is subject to this rule and the receiving party must "promptly return, sequester or destroy" the materials claimed to be privileged. Under no circumstances do the federal rules allow the receiving party to study the privileged materials or to make their own log of the materials.

For *inadvertently* produced privileged documents, Defendants believe the documents should be promptly returned rather than sequestered. Note that the receiving party would receive a log of the privileged materials and is free to challenge the privilege in the usual course. Plaintiffs' counsel was not satisfied with these protections as they apparently do not trust Defendants' counsel to accurately reflect the documents on a log. Of course, there is no basis whatsoever for this distrust. Further, Plaintiffs are always free to challenge the sufficiency of the log.

*CIVIL CASE NO. 06-CV-00025*

**D.    Disposition of Designated Materials at Conclusion of Case**

At the disposition of the case, both proposed protective orders allow the parties to return all confidential materials received from the other side. Defendants proposed that upon final termination of this action and all appeals "each party subject to [the] Protective Order and/or its representatives shall either assemble and return <u>or destroy</u> all material… and <u>certify the destruction</u> of or return to the producing party, all 'Confidential' or 'Confidential – Outside Counsel Eyes Only' materials and copies thereof." (Exh. A at 11 (emphasis added).) Thus, Defendants propose to include the option of destroying all confidential materials instead of returning them.

Plaintiffs refused to incorporate such an option, stating that they want to "know how many copies were made" of their confidential materials and apparently do not trust counsel for Defendants to destroy the documents. First, it is difficult to understand why Plaintiffs would have any more security getting all copies returned, rather than having the destruction of the copies certified. In either case, Plaintiffs would have to rely upon the professionalism and ethics of Defendants' attorneys to either return all copies or destroy the copies. Thus, Plaintiffs' position here is simply not logical.

Second, Plaintiffs' position is burdensome and unworkable in practice. It is typical in these cases for several sets of produced materials to be made. If all such materials have to be boxed up and shipped back to Taiwan at the end of the case, there would be a substantial waste of time and money. Further, it is inevitable that some of Plaintiffs' confidential documents will have incorporated thereon work product and/or confidential information of Defendants. For example, counsel in these cases will usually write impressions and opinions on large volumes of technical and business documents. Thus, at the end of this case there will quite likely be multiple attorney sets of documents that have a mixture of confidential information of both sides. Screening these documents and redacting as necessary Defendants' work-product to enable their return to Plaintiffs is a nearly impossible task. Thus, a destruction option is critical.

*CIVIL CASE NO. 06-CV-00025*

**III.    PLAINTIFF'S PROPOSED PROTECTIVE ORDER IS NOT "IDENTICAL" TO STANDARD PROTECTIVE ORDERS ENTERED IN TEXAS**

Plaintiffs have asserted that their proposed protective order is "identical in terms to a standard protective order entered in patent cases in the Eastern District of Texas." (Motion at 1.)  However, notwithstanding the fact that the parties are not before a court in the Eastern District of Texas, a review of recent protective orders from the home venue of Plaintiffs' counsel demonstrates that Defendants' proposed protective order is closer to a typical "Texas" protective order than the one submitted by Plaintiffs.  (*See* Exhs. D (No. 305 CV 0018-L), E (No. A:05CA181 SS), F (No. 3:05-CV-0094-D), and G (No. 3:05-CV-289-D), representative protective orders from district courts in Texas.)

Defendants found that the majority of protective orders include terms requiring the immediate return of any inadvertently produced privileged material and have no requirement that a party wishing to disclose confidential or outside counsel eyes only material to an expert must first disclose to opposing counsel the specific material (i.e., document by document) that they intend to show to their expert. (*See* Exhs. D at ¶ 11 and ¶19; E at ¶3(b); F at ¶3(b) and ¶16; and G at ¶3(b) and 13; representative protective orders from district courts in Texas.)  Similarly, the vast majority of protective orders reviewed from the district courts in Texas contain no provisions against allowing a party five business days to properly designate any confidential and outside counsel eyes only material disclosed at a conference or hearing. (*See, e.g.,* Exhs. D (No. 305 CV 0018-L), E (No. A:05CA181 SS), F (No. 3:05-CV-0094-D), and G (No. 3:05-CV-289-D), representative protective orders from district courts in Texas.)  Thus, Defendant's proposed provisions on these subjects are by and large standard in the majority of protective orders in patent cases.

Finally, this review of "Texas" protective orders makes clear the fact that each protective order is different and should be customized to fit the particular needs of a particular case.  Many provisions varied greatly from one order to another.  There is no "standard" protective order that fits every case.

*CIVIL CASE NO. 06-CV-00025*

1    **IV.  CONCLUSION**

2    For the above reasons this Motion should be denied and the proposed protective

3    order submitted by Defendants should be entered.

4    Respectfully submitted this 13th day of February, 2007.

5
6    **CALVO & CLARK, LLP**
     **MILBANK, TWEED, HADLEY**
     **& MCCLOY LLP**

7    *Attorneys for Defendant*
     Fujitsu Limited and

8    Fujitsu Microelectronics America, Inc.

9

10   By: _____

11   **DANIEL M. BENJAMIN**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF GUAM**

| | |
|---|---|
| NANYA TECHNOLOGY CORP. AND NANYA TECHNOLOGY CORP. U.S.A., | CIVIL CASE NO. 06-CV-00025 |
| Plaintiffs, | **PROTECTIVE ORDER** |
| v. | |
| FUJITSU LIMITED AND FUJITSU MICROELECTRONICS AMERICA, INC., | |
| Defendants. | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters this Protective Order to facilitate and expedite discover in this action.

**IT IS HEREBY ORDERED THAT:**

1.  <u>Designation of Materials as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY"</u>

Any Party or third party witness or entity in this action (hereinafter "the designating party") shall have the right to designate as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" any document, electronically stored information, thing, material, testimony, information or other form of evidence or discovery, or portion thereof, the party or third party witness or entity believes, in good faith, embodies, contains or reflects such information as defined herein.

a.  "CONFIDENTIAL" means any document, electronically stored information, thing, material, testimony, information (as defined by Rule 34 of the Federal Rules of Civil Procedure) or other form of evidence or discovery, or portion thereof, the party or third party witness or entity believes, in good faith, embodies, contains or reflects confidential information that is used by it in, or pertaining to, its business, which information is not generally known and

which that party would normally not reveal to third parties or, if disclosed, would require such third parties to maintain in confidence, including without limitation, research, development, commercial, financial or personnel information.

b.    "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" means any "CONFIDENTIAL" document, electronically stored information, thing, material, testimony, information (as defined by Rule 34 of the Federal Rules of Civil Procedure) or other form of evidence or discovery, or portion thereof, of a commercially sensitive nature that a producing party or producing third party determines in good faith is likely to cause significant competitive harm to its existing or prospective commercial relationships if disclosed to third parties, including, but not limited to, unpublished pending patent applications, foreign or domestic, non-public financial, marketing, strategic, organizational, operational, or competitive information.

2.    Restriction on Use and Disclosure of Designated and Non-Designated Materials

No documents, electronically stored information, things, material, testimony, information or other form of evidence or discovery designated as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY," nor any information derived therefrom, shall be disclosed to any person or entity except as set forth in paragraphs 6, 7, 8, 9, and 10 of this Order. No person shall use any material designated "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY," or any information derived therefrom, for any purpose other than to assist outside counsel of record in the preparation and trial for this action. Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any designated confidential material.

3.    Marking of Designated Materials

A designation as to documents shall be made by placing a legend on each page of any document that a designating party wishes to protect against unauthorized use or disclosure. In

the event that information is produced on computer disc, tape, or other media, a label shall be placed on the computer disc, tape, or other media, or on the cover thereof if necessary, with the legend that shall substantially state the caption of the case and: "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY." In the event a copy is made of such computer disc, tape, or other media, a label shall be similarly placed on the computer disc, tape, or other media, or on the cover thereof, in a similar fashion and with the same legend as the label placed on the original computer disc, tape, or other media produced from which it was copied. In the event that compilations of information are produced on computer systems or databases, such information shall be treated as "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" information pending the production of specific documents from such databases and systems at which time the documents will be formally designated. The legend shall substantially state the caption of the case and: "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY." All documents to be so designated shall be marked prior to the provision of a physical copy thereof to a receiving party. The designation as to things as to which inspection or sampling has been requested shall be made by placing a "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" legend in the form described above on the thing or the container within which it is stored. By agreement of counsel for the parties, documents may be made available for initial inspection by counsel for the requesting or receiving party prior to the furnishing party producing copies of selected items. In such cases, documents shall be inspected only by counsel for the receiving party permitted access to anything designated "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY." The furnishing party shall then have an opportunity to designate and mark the documents as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY," pursuant to

the provisions of this Order, prior to furnishing copies to the receiving party. Such initial inspection shall not constitute a waiver of the attorney-client privilege, work product immunity, or confidentiality with respect to any document so inspected.

    4.    <u>Designation of Deposition Testimony</u>

Any party or deponent may unilaterally designate portions of a deposition transcript as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY," provided such designation is either (a) made on the record during the deposition in which case the transcript of the designated testimony shall be bound in a separate volume and marked either "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" by the reporter or (b) made by written notice to all counsel of record, given within ten (10) business days after a deposition transcript is received by the deponent or his counsel, in which case all counsel receiving a transcript shall be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the designating party. Pending the expiration of ten (10) business days after a deposition transcript is received by the deponent or his counsel, all parties shall treat the deposition testimony and transcript as if it has been designated "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY." The designating party shall have the right to have all persons, except the deponent and his counsel, outside counsel of record for named parties, the court reporter, and such other persons as are permitted to see the designated material under 6 and 7 hereof, excluded from a deposition, or any portion thereof, before the taking therein of deposition testimony which the designating party designates under this Order.

Testimony or material given at a conference or hearing may be designated as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" by making a statement to that effect on the record during the conference or hearing. Alternatively, if no such

statement of designation is made, a party wishing to designate in whole or in part the conference or hearing, and any transcript or recording thereof, as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" shall notify all other parties in writing of such designation, within five (5) business days of such conference or hearing. The parties shall treat the conference or hearing, and all transcripts or recordings thereof as "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" during such five (5) business days after such conference or hearing, or until written notice of a designation is received, whichever occurs first. The parties reserve the right to seek appropriate protection at trial for the designation and treatment of any "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" information to be used at trial. The parties may modify this procedure by mutual agreement without further order of this Court.

     5.    <u>Filing Designated Materials</u>

Any materials which are filed with the Court for any purpose and which are designated "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" shall be filed in a sealed envelope marked on the outside with the title of the action, an identification of each document there within and a statement substantially in the following form:

> "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER This envelope (or container) containing documents (things) filed by [name of party] is not to be opened nor the contents thereof displayed, revealed or made public, except by written order of the Court or by agreement of the parties."

     6.    <u>Access to "CONFIDENTIAL" Materials</u>

Material designated as "CONFIDENTIAL" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

        (i)    outside counsel for the parties in this action whose duties and responsibilities require access to confidential information;

(ii)    the regularly employed office staffs and outside vendors for the outside counsel for the parties who are performing legal and other related support services in connection with this action;

(iii)    in-house counsel to the parties, provided that prior to disclosure of designated materials to any such in-house counsel, such in-house counsel indicates his or her agreement in writing to be bound by the terms of this Order by executing a copy of the PROTECTIVE ORDER ACKNOWLEDGEMENT attached hereto as Exhibit A and a copy of such executed PROTECTIVE ORDER ACKNOWLEDGMENT is provided to each outside counsel for the parties as identified in subparagraph (i) hereof;

(iv)    the Courts, jurors (only during trial in connection with their service as a juror), court personnel, and stenographic and videographic reporters;

(v)    experts (together with their staff) specifically retained in and for this matter and subject to the provisions of paragraph 10 below;

(vi)    four (4) technical or business employees of the parties to be designated in the future, on a need-to-know basis only, provided that prior to disclosure of designated materials to any such employee, such employee of the receiving party is provided with a copy of this Order and such individual agrees, in writing, to be bound by the terms of this Order by executing a copy of the PROTECTIVE ORDER ACKNOWLEDGEMENT attached hereto as Exhibit A and a copy of such executed PROTECTIVE ORDER ACKNOWLEDGMENT is provided to each outside counsel for the parties as identified in subparagraph (i) hereof;

(vii)    jury consultants, who have first signed the PROTECTIVE ORDER ACKNOWLEDGMENT attached hereto as Exhibit A, which shall be maintained by counsel retaining such persons; and

---

**PROTECTIVE ORDER**                                                    **PAGE 6**

(viii)   mock jurors and support vendors who have first signed the PROTECTIVE ORDER ACKNOWLEDGMENT attached hereto as Exhibit A, which shall be maintained by counsel retaining such persons.

7.    Access to "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" Materials

Material designated as "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

(i)    outside counsel for the parties in this action whose duties and responsibilities require access to confidential information;

(ii)    the regularly employed office staffs and outside vendors for the outside counsel for the parties who are performing legal and other related support services in connection with this action;

(iii)    the Courts, jurors (only during trial in connection with their service as a juror), court personnel, and stenographic and videographic reporters;

(iv)    experts (together with their staff) specifically retained in and for this matter and subject to the provisions of paragraph 10 below;

(v)    jury consultants, who have first signed the PROTECTIVE ORDER ACKNOWLEDGMENT attached hereto as Exhibit A, which shall be maintained by counsel retaining such persons; and

(vi)    mock jurors and support vendors who have first signed the PROTECTIVE ORDER ACKNOWLEDGMENT attached hereto as Exhibit A, which shall be maintained by counsel retaining such persons.

8.    Disclosures to Authors and Previous Recipients

The designation of any document or other material as either "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" shall not preclude any party from showing the document to any person who appears as the author or as an addressee on the face of the document, or who has been identified by the designating party as having been provided with the document or the information by the designating party.

9.    Procedure for Seeking Additional Disclosures

Prior to any disclosure of material designated as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY," other than as provided in 6, 7, and 8 above, counsel desiring to make such disclosure shall provide written notification to counsel for the designating party of the desire to make such disclosures, stating therein the specific material to be disclosed and the name, address, and position of the person to whom it is intended that disclosure be made.  Disclosure to the person or persons so identified shall not be made until agreement of the designating party is obtained.  However, if the designating party does not convey an objection to the proposed disclosure within five (5) business days of receipt of the written notification, the designating party will be deemed to have waived objection to the disclosure and its agreement will be assumed.  If within five (5) business days of receipt of the written notification, the designating party gives written notification of its objection to the disclosure to counsel desiring to make the disclosure, the proposed disclosure is forbidden until such time as the requesting party obtains a court order permitting such disclosure.

10.    Disclosure of Designated Material to Experts Specifically Retained For The Purposes of this Litigation

Prior to any disclosure by a party of material designated as either "CONFIDENTIAL" OR "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" by a designated party to any

---

**PROTECTIVE ORDER**                                                      **PAGE 8**

person specified in subsections 6 (v) and 7 (iv), counsel desiring to make such disclosure shall provide written notification to counsel for the designating party of the desire to make such disclosure, stating therein the name, address, and position of the person to whom it is intended that disclosure be made together with a current curriculum vitae including a list of all companies for which such person has consulted during the last four (4) years. Disclosure to the person or persons so identified shall not be made until five (5) business days after a signed copy of PROTECTIVE ORDER ACKNOWLEDGEMENT and the above information has been provided to the designating party. If the designating party does not convey an objection to the proposed disclosure within five (5) business days of receipt of the written notification, the designating party will be deemed to have waived objection to the disclosure and its agreement will be assumed. If within five (5) business days of receipt of the written notification, designating party gives written notification of its objection to the disclosure to counsel desiring to make the disclosure and the parties in good faith are unable to resolve the issue of the intended disclosure, the party seeking disclosure may thereafter file a motion to permit such disclosure and the proposed disclosure will be forbidden until such time as the party seeking disclosure obtains a court order permitting such disclosure. Should the Court find that the position of the designating party opposing such disclosure is not made in good faith, the Court may award to the party seeking disclosure attorneys fees and other costs incurred in making the motion to permit disclosure.

11.    Retention of Confidential Materials

Each qualified person receiving any material designated "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" (as identified in paragraphs 6 and 7) shall retain (except as otherwise provided in paragraph number 15 hereof) any and all copies of such material. Upon the adjudication or resolution through settlement of the claims at issue

herein, unless otherwise agreed to in writing by an attorney of record for the designating party, that qualified person in retention of any material designated "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY," shall return all material received, including all copies and extracts thereof, to the outside counsel for the party who directly provided such qualified person with the material. Outside counsel for the party who directly provided such material to the qualified person shall then dispose of the material in accordance with the procedures outlined in paragraph 15.

12.    Use of Confidential Materials in Court Proceedings

In the event that any material designated "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" is used in any court proceeding, including but not limited to use at trial, it shall not lose its "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

13.    Discovery Sought From Third Parties

In the event that either party having possession, custody or control of any materials designated "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" by the other party receives a subpoena or other process or order to produce materials in another, unrelated legal proceeding from a non-party to this action, such party shall promptly notify counsel for the disclosing party and all parties hereto and provide such counsel and parties with a copy of such subpoena or other process or order, no later than the earlier of three (3) business days following receipt thereof or three (3) business days prior to the return date of such subpoena or other process or order and cooperate with respect to all reasonable procedures sought to be pursued by the disclosing party whose interests may be affected. The party having

---

**PROTECTIVE ORDER**                                                    **PAGE 10**

designated such materials as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" shall have the burden of defending against such subpoena, process or order.

14.    Inadvertent Production of Privileged Materials

Inadvertent production of materials subject to the attorney-client privilege or work-product immunity does not waive the attorney-client privilege or work-product immunity with respect to such production or with respect to other materials or information referred to in the materials produced if a request for return of such materials is made promptly after the disclosing party learns of its inadvertent production. Nothing in this paragraph shall prejudice the right of any party to seek discovery of communications, documents, electronically stored information, and things as to which a claim of privilege has been made. Upon receiving a notification of inadvertent disclosure and request for return of inadvertently disclosed materials, the receiving party shall immediately return the inadvertently disclosed materials without prejudice to the right to subsequently challenge the claim of privilege as to those inadvertently disclosed documents.

15.    Disposition of Designated Materials at Conclusion of Case

Within sixty (60) days of the final termination of this action and all appeals or resolution through settlement of the claims at issue herein, unless otherwise agreed to in writing by an attorney of record for the designating party, each party subject to this Protective Order and/or its representatives shall either assemble and return or destroy all material, including all copies and extracts thereof, to the party or third party witness or entity from whom the designated materials were obtained, and certify the destruction of or return to the producing party, all "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" materials and copies thereof. The party or parties receiving "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" materials may keep their attorney work-product which refers or relates to any "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL

EYES ONLY" materials.  Attorney work-product may be used in subsequent litigation provided that such use does not disclose or use "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" material or any information contained therein.

16.    Notice

Notice shall be given to all counsel of record by hand, by fax, and/or overnight courier in the serving party's discretion.  Service by fax will be treated by the parties as service by hand for the purpose of calculating response deadlines if the fax is complete, including all exhibits. Service by overnight courier will entitle the other party(ies) to one additional day for its/their response.

17.    Miscellaneous Provisions

(i)    This Protective Order shall be without prejudice to the right of either party to bring before the Court at any time the question of (a) whether any particular information is or is not confidential; or (b) whether any particular information is or is not relevant to any issue of this case.  Upon such hearing, the party asserting confidentiality or relevance shall have the burden of establishing the same.

(ii)    Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereof, shall be construed as a waiver of any claim or defense in this action.  Moreover, neither the failure to designate information in accordance with the Protective Order nor the failure to object to a designation at a given time shall preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of documents or things, and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

(iii)    The inadvertent or unintended disclosure of materials designated "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" by a designating party, or the failure to initially designate materials as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" under this Order, shall not be deemed a waiver of any claim for protection, provided the designating party gives prompt notice, after discovery of said inadvertent or unintended disclosure or the failure to initially designate, that the materials should be treated confidential in accordance with the provisions of this Order. Upon such notice, the receiving parry must treat the materials as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" and must then make a good faith effort to advise any person to whom such materials may have been disclosed as to the change in designation and the manner in which such materials should thereafter be treated.

(iv)    In the event any one shall violate, or threaten to violate, the terms of this Order, the aggrieved party may immediately apply to obtain injunctive relief against any violation or threatened violation, and in the event the aggrieved party shall do so, the respondent, subject to the provisions of this Order, shall not employ as a defense thereto any claim that the aggrieved party possesses an adequate remedy at law.  The parties and any other person subject to the terms of this Order shall continue to be bound by this Protective Order after termination of this litigation, except with respect to those documents and information that become a matter of public record.  The Court retains and shall have continuing jurisdiction over the parties and recipients of "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" materials for enforcement of the provisions of this Protective Order following termination of this litigation.

(v)     Entry of this Order is without prejudice to any party seeking to impose further restrictions on the dissemination of certain materials designated as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" or seeking to rescind, modify, alter, or amend this Order with respect to specific documents or information. The party seeking such relief shall first attempt in good faith to resolve the matter informally. If the matter cannot be resolved, the party seeking relief may then apply for a suitable order from the Court.

(vi)     Nothing in the foregoing provisions of this Protective Order shall affect any previous protective order or shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or relief from this Protective Order with respect to particular designated material.

(vii)     If "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" material produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall immediately bring all pertinent facts related to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies of the party that produced the material, shall make all reasonable efforts to prevent any further disclosure by it or by the person(s) who received such material.

(viii)     Nothing herein is intended in any way to restrict the ability of the receiving party to use "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" material produced to it in examining or cross-examining any current or former employee, expert, or consultant of the producing party, or any person who authored, received, or

is a named recipient of the "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" material.

(ix)    All disputes between the parties regarding the interpretation or enforcement of this Protective Order or any other issue related to the disclosure or protection from disclosure of any material designated "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" shall be submitted to this Court for a binding ruling, unless otherwise provided for herein. This paragraph expressly acknowledges the right of any party to apply to this Court to have any particular document, piece of information, or item of testimony that has been designated "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" released from the protection of this Protective Order. Any such challenge to the propriety or correctness of a party's designation of information as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" must be brought within thirty (30) days following the end of discovery, or the right to bring such a challenge will be waived. The time limit of the preceding sentence shall not apply to materials produced after the close of discovery. Before making such an application, any party or third party must notify all parties and/or the third party provider of its intention to seek the removal of the "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" designation from said material and provide the specific identity of the material (including document numbers where applicable or other identifying information). Only if agreement cannot be reached should a motion be filed with the Court. In proceeding on any application, the party making the designation shall have the burden of sustaining it.

(x)    Notwithstanding any other provision of this Protective Order to the contrary, the confidentiality obligations of this Protective Order shall not apply or shall cease to apply to any information that:

a.    at the time of disclosure hereunder was generally known to the public or the document containing the information is already in the public record by publication or otherwise;

b.    since the time of disclosure hereunder has become, through no act or failure on the part of the receiving party, part of the public domain by publication or otherwise;

c.    at the time of disclosure was already in the possession of the receiving party and was not acquired directly or indirectly from the producing party or from any third party under obligation of confidence to the producing party;

d.    after disclosure hereunder was acquired by the receiving party from a third party lawfully possessing the same and having no obligation to the producing party hereunder;

e.    the disclosing party agrees may be disclosed to a third party under no obligation of confidentiality;

f.    the disclosing party disclosed to any government entity without request for confidential treatment; or

g.    the party claiming that he/she/it is relieved of the obligation of this Protective Order by operation of any of paragraph 17(x)(a-f) shall have the burden of proving that any of the provisions of paragraph 17(x)(a-f) apply.

**IT IS SO ORDERED.**

DATED this _____ day of February, 2003.


_____
UNITED STATES DISTRICT JUDGE

NANYA TECHNOLOGY CORP., and            )        CIVIL CASE NO. 06-CV-00025
NANYA TECHNOLOGY CORP. U.S.A.,         )
                                       )
                    Plaintiffs,        )
                                       )
            vs.                        )        PROTECTIVE ORDER
                                       )        ACKNOWLEDGEMENT
                                       )
FUJITSU LIMITED, FUJITSU               )
MICROELECTRONICS AMERICA, INC.,        )
                                       )
                    Defendants.        )

I, _____, state the following:

1.    My current address is _____ .

2.    My present employer is_____ .

3.    My present occupation or job description is _____

_____ .

4.    My past and present business relationships with the party retaining my services are:

_____

_____ .

5.    If a retained expert, a copy of my current curriculum vitae is attached hereto.

6.    I have read and understand the Protective Order in the above-captioned case (a copy of which is attached and whose definitions are incorporated herein) and I attest to my understanding that I may be given access to materials designated as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY," in accordance with the terms of the Protective Order, and that such access shall be governed by the Order. I agree to be bound by the terms of the Order, I agree to comply with all of its provisions, and hereby subject myself to the jurisdiction of the Court for all purposes related to the Order.

---

**PROTECTIVE ORDER ACKNOWLEDGEMENT**                           **PAGE 1**

7.    I shall not use or disclose any "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" materials to others, except in accordance with the Order or as otherwise permitted by the Court or by agreement of the parties.  I also understand that, in the event that I fail to abide by the terms of this Protective Order Acknowledgement or the Order, I may be subject to sanctions by way of contempt of court and to separate legal and equitable recourse by the adversely affected Designating Party.

8.    I agree to return or destroy and certify in writing destruction of all "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" which come into my possession, and all materials that I prepare relating thereto, to counsel for the party for whom I was employed or retained. I will do this immediately upon receiving a request from counsel or the party for whom I was employed or retained or, in any event, by no later than 15 days after I have been notified that the litigation between the parties has ended.

_____
Signature

_____
Printed Name

_____
Address

# EXHIBIT B

**From:** Michael Shore [mailto:mshore@ShoreChan.com]
**Sent:** Wednesday, January 31, 2007 5:48 PM
**To:** Kass, Lawrence; Alfonso G Chan
**Cc:** Chalsen, Christopher; Murray, Michael; jrazzano@tttguamlawyers.com;
junpingco@ualawguam.com; Justin Kimble; Martin Pascual; D Benjamin; R Jacob
**Subject:** RE: Nanya v. Fujitsu (Guam)

Counselor:

Your letter was an interesting read. The only thing we need to confer on is when the Defendants will fully answer. We will not negotiate from what we are entitled to receive to something less. Either agree to provide complete substantive responses by the deadline, or we will file the motion. If you want to confer more, we will certainly do so, but the conference is going to be short unless your clients agree to produce the information to which Nanya is entitled. You can call Alfonso or I at any time to discuss anything.

As for the Protective Order, you stated in correspondence dated two weeks ago that you would respond within the week. We are not going to wait on you any longer. The Motion for Protective Order was factually accurate, and the order proposed is the only one we will agree to at this point since you did not provide comments on a timely basis, again to delay the Guam action.

We all know what is going on here, and we all know that the need for Court intervention lies at Fujitsu's feet, not Nanya's or its counsels'. Either agree to the reasonable relief we requested, or file responses to motions with the Court that explains why your client refused to do so.

Regards,

Michael W. Shore