# EXHIBIT C

| | |
|---|---|
| **From:** | Kass, Lawrence |
| **Sent:** | Friday, February 02, 2007 10:06 AM |
| **To:** | 'Alfonso G Chan' |
| **Cc:** | Chalsen, Christopher; Murray, Michael; 'jrazzano@tttguamlawyers.com'; 'junpingco@ualawguam.com'; 'Michael Shore'; 'Justin Kimble'; 'Martin Pascual'; 'D Benjamin'; 'R Jacob'; Martin C. Fliesler |
| **Subject:** | Draft Protective Orders -- Fujitsu v. Nanya (N.D. Cal. and Guam) |

Alfonso,

Attached for consideration are revised draft protective orders for both Guam and Northern District of California, in Word format. We would appreciate if Nanya could in turn provide Fujitsu with Word versions of any proposed joint submissions so that the parties can most efficiently exchange proposed changes and also compare to previous versions.

We look forward to your comments.

Best regards,
Larry Kass

**Lawrence T. Kass**
**Milbank**
One Chase Manhattan Plaza
New York, NY 10005-1413
T: (212) 530-5178    F: (212) 822-5178
lkass@milbank.com
www.milbank.com

2007-02-02 Draft   2007-02-02 Draft
Protective Or...    Protective Or...

# EXHIBIT D





U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

MAR 2 8 2005

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JAMES M. NIELSEN, M.D.,                    §
                                           §
            Plaintiff **ORIGINAL**         §
                                           §
v.                                         §     NO. 305 CV 0018-L
                                           §
ADVANCED MEDICAL OPTICS, INC.              §     JURY TRIAL DEMANDED
and ALLERGAN, INC.,                        §
                                           §
            Defendants.                    §
                                           §

## AGREED PROTECTIVE ORDER

The Court has considered the agreement of the Parties with respect to this Agreed Protective Order and has concluded that the Protective Order, as set forth below, should be entered. IT IS THEREFORE ORDERED THAT:

1.      This Protective Order ("Order") governs the exchange of documents and other discovery materials between the Parties and any non-parties.

2.      **Non-Disclosure.** This Order is applicable to the Parties and to any third parties who utilize the provisions of ¶ 18, and the representatives, experts and employees of the Parties or third parties. This Order shall not, in any manner, be disclosed to the jury in any litigation between or among the Parties. Further, this Order shall not be used, in any manner or form, direct or indirect, as evidence in any trial or any hearing, or referred to in any trial or any hearing, save and except a hearing which involves issues related to the enforcement of any provision of this Order.

3.      **Confidential Information.** Upon a determination by any Party or non-party producing information (the "Designating Party") that any document or thing being produced or disclosed, whether formally or informally, including, but not limited to,

**AGREED PROTECTIVE ORDER**                                    **Page 1**

a.    court filings;
b.    initial and supplemental disclosures;
c.    disclosures set out in the Parties' agreed scheduling order;
d.    answers to interrogatories;
e.    documents;
f.    transcripts of depositions; and
g.    any other discovery or disclosure

contains information that the Designating Party believes in good faith to constitute or embody

confidential information pertaining to its business, which matters may have been disclosed to

third parties, who are not under obligations of confidentiality, but not to the public generally, the

Designating Party may designate such document or thing "Confidential" ("Confidential

Information").   For example, Confidential Information may include, but is not limited to

materials such as financial information, marketing and sales information, customer lists, business

plans, personnel information, product plans, and technical information about products.

4.    **Attorneys' Eyes Only Information.**  The Parties acknowledge that there will be

information produced for which a higher level of protection is required; such information may be

designated "Attorneys' Eyes Only" ("Attorneys' Eyes Only Information"). "Attorneys' Eyes

Only" designations should be used only for sensitive technical, financial, competitive, or

personnel information, which is not generally known by third parties and that the Designating

Party would not normally reveal to third parties or would cause third parties to maintain in

confidence either by agreements, policies, or procedures.  For example, Attorneys' Eyes Only

Information, may include, but is not limited to materials such as design files, design drawings,

design specifications, manufacturing techniques, laboratory notebooks, prototypes, materials

submitted to regulatory agencies, financial and accounting information that is not made publicly

available, business and marketing plans or analyses, surveys, customer communications meeting

AGREED PROTECTIVE ORDER                                              Page 2

minutes, employment records, training materials, and similar information provided that the materials meet the foregoing requirements.

5.    **Designation.**  The Designating Party shall identify all Confidential or Attorneys' Eyes Only Information by affixing to it, in a manner that shall not interfere with its legibility, the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on each page asserted to include such information or on a conspicuous portion of any thing. Any summary, compilation or copy of any document or thing so designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be treated the same as the underlying document or thing as provided by this Order. The Parties shall put forth a good faith effort in making their confidentiality designations so as to not designate documents and materials that do not qualify for or require Confidential or Attorneys' Eyes Only treatment.   The "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation shall, wherever practicable, be made before or at production or disclosure, except in the case of depositions, which shall be designated as set forth in ¶ 14.  If the producing Party or non-party elects to produce documents or other material for inspection, no markings need be made by the producing Party or non-party in advance of the inspection.  But after the receiving Party selects documents or material for copying, the producing Party shall make the appropriate copies, with appropriate designations, if any, before providing copies to the receiving Party. Until the producing Party provides copies of the documents or materials selected for copying, all documents made available for inspection must be treated as if they contained Attorneys' Eyes Only Information.  If Confidential or Attorneys' Eyes Only Information is produced without being reduced to a documentary, tangible, or physical form that can be conveniently designated, the producing Party must inform the opposing Party in writing when this Confidential or

Attorneys' Eyes Only Information is produced.  The Parties shall then confer and agree, in writing, on an appropriate way of designating this material.

6.    **Use or Disclosure of Confidential Information.**  No party, counsel, or other person receiving any document or thing designated "CONFIDENTIAL" in accordance with ¶ 5 of this Order (the "Receiving Party") shall use, disclose, or permit the use or disclosure of any such Confidential Information to any other person or entity, except to the following:

a.    the Court and its personnel;

b.    Outside counsel of record and in-house attorneys of the Parties and their necessary support personnel, including personnel associated with any outside service providers used to assist in litigation who are providing active assistance with this case;

c.    Experts (and their necessary support personnel) retained by, or at the direction of, counsel for the purpose of advising and assisting such counsel in the preparation or trial of the case.  Disclosures to experts are subject to ¶ 11;

d.    Court reporters taking testimony involving such information and supporting stenographic, videographic, and clerical personnel;

e.    Interpreters or translators retained by counsel for the purpose of the case;

f.    The person whose testimony is being taken, subject to ¶ 12; and

g.    The corporate officers and employees of the Parties who have responsibility for managing or working on the case or who have responsibility for making decisions about possible settlement of the case.

7.    **Use or Disclosure of Attorneys' Eyes Only Information.**  Until or unless the Court rules otherwise, no Party receiving any document or thing designated "ATTORNEYS' EYES ONLY" in accordance with ¶ 5 of this Order shall use, disclose, or permit the use or disclosure of any such Attorneys' Eyes Only Information to any other person or entity, except to the following:

      a.    the Court and its personnel;

      b.    Outside counsel of record and three in-house attorneys and their necessary support personnel, including personnel associated with any outside service providers used to assist in litigation who are providing active assistance with this case;

      c.    Experts (and their necessary support personnel) retained by, or at the direction of, counsel for the purpose of advising and assisting such counsel in the preparation or trial of the case.  Disclosures to experts are subject to ¶ 11;

      d.    Court reporters taking testimony involving such information and supporting stenographic, videographic, and clerical personnel;

      e.    Interpreters or translators retained by counsel for the purpose of the case; and

      f.    The person whose testimony is being taken, subject to ¶ 12.

8.    **Counsel's Communication with Client.**  Nothing in this Order shall preclude or impede counsel's ability to communicate with or advise his or her client based on his or her review and evaluation of Confidential and Attorneys' Eyes Only Information produced by the opposing Party.  Counsel may discuss with the employees and officers of their client who have

responsibility for managing the lawsuit or who have responsibility for making decisions about possible settlement of the lawsuit the general nature of the Confidential and Attorneys' Eyes Only Information, without disclosing the specifics of any such information, to the extent such disclosure is necessary for effectively advising the clients.

9.    **Filings with and Presentations to this Court.**  The Parties shall follow the procedures set out in ¶ 10 for any pleading, motion, or exhibit to be filed with the Court or used in open Court that includes or reveals Confidential and Attorneys' Eyes Only Information. The Parties agree that such filing does not compromise the Confidential or Attorneys' Eyes Only status of the information. The Parties agree not to oppose such requests to file under seal and not to seek to have any such filings unsealed unless and until the Court orders that a party's Confidential or Attorneys' Eyes Only designation should be stricken.   No Confidential or Attorneys' Eyes Only materials shall be filed with the Court unless they are filed under seal.

The Parties agree to jointly request that the Court implement appropriate procedures to protect Confidential and Attorneys' Eyes Only Information that may be disclosed at the trial or any hearing in the lawsuit consistent with the spirit and scope of this Order. The Parties further agree that they will not object to attempts by any Designating Party to take reasonable precautions to protect Confidential and Attorneys' Eyes Only Information from public disclosure that might result from court filings or proceedings.

10.    **Filings with this Court.**  To the extent that any documents or things designated as "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY" are to be filed with the Court, each such document and thing shall be filed under seal with the Clerk of the Court in an envelope marked "SEALED." The cover page of the filed document shall contain the case caption and shall be marked:

"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER: This envelope contains documents or things that are the subject of a Protective Order of this Court and cannot be opened or its contents made available to anyone other than counsel of record for the parties or Court personnel."

11.    **Disclosure to Experts.** Counsel for the Receiving Party may disclose Confidential or Attorneys' Eyes Only Information to experts who are actively assisting in the preparation for and/or trial of the case subject to the provisions of this paragraph. A party desiring to disclose Confidential or Attorneys' Eyes Only Information to outside experts or consultants shall first obtain from each expert or consultant a signed Confidentiality Agreement in the form attached as in Exhibit A and a current resume. A copy of the signed Confidentiality Agreement and resume shall be served upon opposing counsel with a cover letter identifying each entity for which the expert or consultant has worked in the past two years. The opposing party shall then have five business days to serve a specific written objection to such disclosure. If an objection is served within the five business day period, there shall be no disclosure to the expert or consultant except by agreement of the parties or order of the Court. If no objection is served within the five day period, objections are waived and disclosure to the expert or consultant may proceed. No party may object to the selection of an expert or consultant unreasonably. If a party objects pursuant to the provisions of this paragraph and the parties cannot resolve their dispute on the terms of disclosure, the party making the objection may apply to the Court for an order barring disclosure of Confidential or Attorneys' Eyes Only Information to such person, or other appropriate relief. Such an application to the Court shall be made within ten business days of the receipt of the disclosure of the witness (or such longer period agreed to by the parties in writing).

12.    **Use of Confidential or Attorneys' Eyes Only Information During Testimony.**
Except as otherwise approved by the Designating Party or by an order of the Court, Confidential or Attorneys' Eyes Only Information may be used by a Receiving Party in taking testimony only if the witness is:

    a.    an existing employee of the Designating Party;

    b.    an expert or other person duly qualified under ¶ 11;

    c.    a former employee of the Designating Party who is shown on the face of the document containing the Confidential or Attorneys Eyes Only Information to be an author or recipient of the document.

Additionally, Counsel for the Receiving Party may disclose documents containing Confidential or Attorneys Eyes Only Information to a former employee of the Designating Party in preparation for that employee's testimony if such documents on their face identify the former employee as an author or recipient and provided that the preparation is in the presence of outside counsel. The former employee shall not be permitted to have a copy of the documents or make notes regarding the documents before, during, or after the preparation for his or her testimony.

13.    **Attendees at Confidential or Attorneys' Eyes Only Information Depositions.**
Any attendee at a deposition in which Confidential or Attorneys' Eyes Only Information is shown or discussed must be qualified under this Order to review such information. The Parties expressly agree that all persons not so qualified may be excluded from the portion of any deposition in which Confidential or Attorneys' Eyes Only Information is shown or discussed.

14.    **Confidential and Attorneys' Eyes Only Information Transcripts.** During any deposition in which Confidential or Attorneys' Eyes Only Information is discussed, counsel attending the deposition must make a good-faith attempt to designate, on the record, the portions

of the transcript that will contain Confidential or Attorneys' Eyes Only Information. The portions of any deposition transcript that counsel for any Party has designated on the record at the deposition as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," and any such information marked as a deposition exhibit shall be treated as Confidential or Attorneys' Eyes Only Information and placed in a separately bound volume. For deposition testimony not designated on the record during the deposition, portions of the transcript may be designated "CONFIDENTIAL" of "ATTORNEYS' EYES ONLY" if, within seven (7) days of the transcript's delivery to the Parties' counsel of record, counsel designates in writing, by page and line number, any portion of the transcript as Confidential or Attorneys' Eyes Only Information. In the time after the deposition but before the expiration of this seven-day period, the entirety of all deposition transcripts must be treated as if they contained Attorneys' Eyes Only Information.

15.    **Limitation on Use and Disclosure.**  A person authorized to receive Confidential or Attorneys' Eyes Only Information under this Order shall not use or disclose such information for any purpose except the lawsuit between the Parties. This Order does not restrict in any manner the use or disclosure by any Designating Party of any information in its own documents and things.

16.    **Challenges to Protected Status.**  If a Receiving Party believes that any information is improperly designated under this Order, it may, at any time, contest such designation. Confidential or Attorneys' Eyes Only Information that is subject to such a dispute shall be treated consistently with its designation until the Court orders otherwise.

17.    **Inadvertent Disclosure of Confidential or Attorneys' Eyes Only Information.** Inadvertent failure to identify documents or things as Confidential or Attorneys' Eyes Only Information pursuant to this Order shall not constitute a waiver of any otherwise valid claim for

**AGREED PROTECTIVE ORDER**                                                        Page 9

protection, provided that the provisions of this paragraph are satisfied. If the Designating Party discovers that information should have been but was not designated Confidential or Attorneys' Eyes Only, the Designating Party must immediately notify all other Parties. In such event, within fifteen (15) days of notifying all other Parties, the Designating Counsel must provide copies of the Confidential or Attorneys' Eyes Only Information designated in accordance with this Order. After receipt of such re-designated information, this Confidential or Attorneys' Eyes Only Information shall be treated as required by this Order. The Receiving Party shall have no liability, under this Order or otherwise, for any disclosure of information contained in unlabeled documents or things occurring before the Receiving Party was placed on notice of the Designating Party's claims of confidentiality.

18. **Subpoena of Confidential or Attorneys' Eyes Only Information; Third Party Production.** If any entity subpoenas or orders production of Confidential or Attorneys' Eyes Only Information that a Receiving Party has obtained subject to this Order, the Receiving Party shall promptly notify the Designating Party of the subpoena or order and object to the subpoena on grounds that the information is protected by this Order. If discovery is sought from third parties in connection with this litigation between the Parties, and this discovery would require a third party to disclose and/or produce Confidential or Attorneys' Eyes Only Information, a third party may gain the protections of this Order through a written agreement by that third party to produce documents or information pursuant to this Order and to be bound by it. Under such agreement, the Parties hereto will be bound by this Order with respect to all Confidential or Attorneys' Eyes Only Information produced by that third party.

19. **Inadvertent Disclosure of Privileged Information.** Inadvertent production of information subject to the attorney-client and attorney-work-product privileges shall not

constitute a waiver of any claim for protection under the privileges, provided that the provisions of this paragraph are satisfied. If the Designating Party discovers that information produced in discovery should have been withheld on the basis of privilege, the Designating Party must immediately notify all other Parties. In such event, the Parties must immediately return the privileged information along with all duplicates. Once notified of the production of privileged information, the Receiving Party shall not duplicate or distribute the privileged information by any means other than to return it to the Designating Party. Within fifteen (15) days of notifying all other Parties, the Designating Counsel must provide a privilege log to all parties that lists the privileged information. The Receiving Party shall have no liability, under this Order or otherwise, for any disclosure of privileged information occurring before the Receiving Party was placed on notice of the Designating Party's claims of privilege.

20.    **Continuing Jurisdiction.** After the conclusion of the lawsuit between the Parties, the provisions of this Order shall continue to be binding until further court order. This Court shall have exclusive jurisdiction to hear any complaint brought by any Party alleging that any person has breached the terms of this Order. Such complaint shall be brought by motion for appropriate relief. The Court shall also retain jurisdiction over the Parties and any other person who has had access to Confidential or Attorneys' Eyes Only Information pursuant to this Order, so that the Court can continue to enforce this Order.

21.    **Modification.** The Parties may modify this Order only by written agreement. The Court may modify this Order upon a showing of good cause.

22.    **Duty to Return Documents and Things.** At the conclusion of the lawsuit and all appeals, all Confidential and Attorneys' Eyes Only Information, all materials produced, and all copies thereof, shall be returned to the producing Party, or, at the producing Party's option,

**AGREED PROTECTIVE ORDER**                                                    **Page 11**

receiving counsel shall destroy such material. Outside counsel of record may retain its work product, written discovery and written responses thereto, copies of pleadings and documents filed with the Court, and deposition, trial, and other transcripts and exhibits thereto irrespective of their inclusion of Confidential or Attorneys' Eyes Only Information. Outside counsel of record will be responsible for obtaining certification that any experts or litigation support personnel who received Confidential of Attorneys' Eyes Only Information have complied with this paragraph. Counsel for any Party or non-party receiving Confidential or Attorneys' Eyes Only Information shall provide written certification of compliance with this provision to counsel for the Designating Party within ninety (90) days after the conclusion of the litigation.

IT IS SO ORDERED.

DATED this ___ day of _March_, 2005.

                                   SAM A. LINDSAY
                                   UNITED STATES DISTRICT JUDGE

**AGREED PROTECTIVE ORDER**                                                      **Page 12**

AGREED:

_Amy E. Blackwelder_

Michael W. Shore
State Bar No. 18294915
Alfonso Garcia Chan
State Bar No. 24012408
Amy E. Blackwelder
State Bar No. 24040529
Joseph F. DePumpo
State Bar No. 00787355
AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas  75201
Telephone:  (214) 969-2800
Facsimile:  (214) 969-4343

ATTORNEYS FOR PLAINTIFF,
JAMES M. NIELSEN, M.D.

AGREED:

_____
Larry D. Carlson
Texas Bar No. 03814500
David G. Wille
State Bar No. 00785250
Travis W. Thomas
Texas Bar No. 24027912
Jessica Pulliam
Texas Bar No. 24037309

BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, Texas 75201-2980
Telephone:  214-953-6500
Facsimile:  214-953-6503

ATTORNEYS FOR DEFENDANTS

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



JAMES M. NIELSEN, M.D.,                §
                                       §
        Plaintiff,                     §
                                       §         NO. 305 CV 0018-L
v.                                     §
                                       §         JURY TRIAL DEMANDED
ADVANCED MEDICAL OPTICS, INC.          §
and ALLERGAN, INC.,                    §
                                       §
        Defendants.                    §

## CONFIDENTIALITY AGREEMENT AND UNDERTAKING FOR RECEIVING CONFIDENTIAL OR ATTORNEYS' EYES ONLY INFORMATION

I, _____, state the following:

1.      I have read and understand the Agreed Protective Order in the above-captioned case (a copy of which is attached and whose definitions are incorporated herein) and I attest to my understanding that access to information designated as "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY" may be provided to me and that such access shall be governed by the terms and conditions and restrictions of the Order. I agree to be bound by the terms of the Order and hereby subject myself to the jurisdiction of the Court for all purposes related to the Order.

2.      I shall not use or disclose any Confidential or Attorneys' Eyes Only Information to others, except in accordance with the Order. I also understand that, in the event that I fail to abide by the terms of this Confidentiality Agreement or the Order, I may be subject to sanctions by way of contempt of court and to separate legal and equitable recourse by the adversely affected Designating Party.

**CONFIDENTIALITY UNDERTAKING**                                    **Page 1**

_____
Signature

_____
Printed Name

_____
Address

STATE OF _____
COUNTY OF _____

      Subscribed and sworn to before me this _____ day of _____, 2005.
Witness my hand and official seal.

_____

# EXHIBIT E

FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

2006 MAR -7 PM 3:48

| | |
|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM, <br> *Plaintiff,* | Consolidated Case No. A:05CA181 SS |
| v. | JURY DEMANDED |
| BENQ AMERICA CORP., ET AL., <br> *Defendants.* | The Honorable Sam Sparks |

---

### PROTECTIVE ORDER

Upon motion of all the parties for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

It is hereby ORDERED that:

1. All Classified Information produced or exchanged in the course of the above-captioned litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2. "Classified Information," as used herein, means any information of any type, kind or character which is designated as "Confidential" or "Outside Counsel's Eyes Only" by any of the supplying or receiving parties subject to this Order, whether it be a document (as defined in Rule 34 of the Federal Rules of Civil Procedure and Rule CV-26 of the Local Rules of this Court), information contained in a document, or information revealed during a deposition or pursuant to other discovery or proceedings in this litigation. In designating information as "Confidential" or "Outside Counsel's Eyes Only" a party will make such designation only as to that information that it in good faith believes contains confidential information that cannot be disclosed to the public. Information or material which is available to the public, including catalogues, advertising materials, and the like shall not be classified. "Outside Counsel's Eyes Only" shall refer to any Classified Information access to which is restricted to the parties' outside counsel as specified below in paragraph 3(a). In designating information as "Outside Counsel's Eyes Only"

1

208

ρ

a party will make such designation only as to that information that it in good faith believes contains highly sensitive technical, financial, sales, competitive, or other proprietary information, including but not limited to source codes or specifications, sales and licensing agreements, and sales and marketing reports.

3. "Qualified Persons," as used herein means:

(a) Outside counsel for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation. Such outside counsel shall be limited to law firms that are outside counsel and who have made, or make, a formal appearance in this litigation.

(b) Actual or potential independent experts who have been designated in writing by notice to all counsel prior to any disclosure of "Confidential" or "Outside Counsel's Eyes Only" information to such persons or consulting experts, and who have signed Exhibit A hereto and thereby agreeing to be bound by the terms of this Protective Order (such signed document to be retained by the attorney retaining such person). Written notice of the designation of an expert shall be provided to all counsel at least fourteen (14) days before the transmittal of any Classified Information to that expert. This notice shall include a brief statement describing any prior or existing relationships which the expert may have with any of the parties to this litigation. Within seven (7) days of receipt of such notice, any party may object to the designation of such expert, and the parties involved shall make a good faith effort to resolve any objections by the end of the initial fourteen (14) day period. If at the end of the period no resolution has been reached, the designating party may move the Court for an order designating the expert as a recipient of Classified Information. No Classified Information may be transmitted to the proposed expert until the Court has ruled upon the motion;

(c) The party or party representatives (in cases where the party is a legal entity) who shall be designated in writing by the party prior to any disclosure of "Confidential" information to such person and who shall sign Exhibit B attached hereto agreeing to be bound by the terms of this Protective Order

(d) Representatives of third parties to this litigation Tegic Communications, Inc. (and/or its affiliates) and Zi Corporation of America (and/or its affiliates) who shall be designated in writing by a party to this litigation prior to any disclosure of "Confidential" Information to such person and who shall sign Exhibit B attached hereto agreeing to be bound by the terms of this Protective Order; and

(e) If this Court so elects, any other person may be designated as a Qualified Person by order of this Court.

4. Documents and information produced in this action may be designated by any party, parties or third party as "Confidential" or "Outside Counsel's Eyes Only" information by marking each page of the document(s) so designated with a stamp stating "Confidential" or "Outside Counsel's Eyes Only." In lieu of marking the original of a document, if the original is

not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

5. Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "Confidential" or "Outside Counsel's Eyes Only" by indicating on the record at the deposition that the testimony is "Confidential" or "Outside Counsel's Eyes Only" information and is subject to the provisions of this Order.

Any party may also designate information disclosed at such deposition as "Confidential" or "Outside Counsel's Eyes Only" by notifying all of the parties in writing within thirty (30) days of its receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" or "Outside Counsel's Eyes Only" thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control. All deposition transcripts and information disclosed therein shall be treated as "Outside Counsel's Eyes Only" for thirty (30) days after the receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" or "Outside Counsel's Eyes Only," with blank, consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing "Confidential" or "Outside Counsel's Eyes Only" information shall have page numbers that correspond to the blank pages in the main transcript.

6.    (a) "Confidential" information shall not be disclosed or made available by the supplying or receiving party to persons other than Qualified Persons set forth in paragraph 3 above. Information designated as "Outside Counsel's Eyes Only" information shall be restricted in circulation to Qualified Persons as described in paragraphs 3(a) and (b) above.

(b) Copies of "Outside Counsel's Eyes Only" information provided to a receiving party shall be maintained in the offices of outside counsel for Plaintiff(s) and Defendant(s). Any documents or information produced in this litigation, regardless of classification, which are provided to Qualified Persons as defined in Paragraph 3(b) above, shall be maintained only at the office of such Qualified Person and only working copies shall be made of any such documents or information. Copies of documents or information produced under this Protective Order may be made, or exhibits prepared, by independent copy services, printers or illustrators for the purpose of this litigation.

(c) Each party's outside counsel as set forth in paragraph 3(a) above shall maintain a log of all copies of "Confidential" or "Outside Counsel's Eyes Only" documents which are delivered to any one or more Qualified Person as described in paragraph 3 above.

7. Notwithstanding anything herein to the contrary, any source code produced may not be copied, transmitted, used or accessed by Plaintiff except as described in this section. A receiving party may copy the source code of a producing party into the hard drive and/or into the RAM of up to three stand-alone (e.g., neither networked nor connected to the Internet) computers (the locations of such computers will be disclosed to the producing party) for the purposes of conducting analyses of the source code, but not otherwise copied except to make "excerpts" as described below. Source code shall be handled as follows:

(a) Source code may be used by Qualified Persons as set forth in paragraph 3(a) and (b) above and each of which have agreed to be bound by this protective order and clerical staff solely for the purposes of this litigation. Said source code is to be kept secure throughout the litigation by means of being stored on the stand-alone computer where it resides, with access to said source code limited to those persons designated under this Protective Order as having access to said source code.

(b) With the exception of transitory copies created in the RAM or other internal operating circuitry of a computer, a producing Party's source code or portions thereof ("Source Code Excepts") shall be copied onto paper or electronic media only for the purposes of and to the extent necessary for creating submissions to the Court or for presentation to the Court at hearings or at trial. Once having been made, all such copies of a producing party's Source Code Excerpts shall be marked as "Outside Counsel's Eyes Only" in the name of the producing party, and shall only be filed under seal.

(c) Within 60 days of the conclusion of the litigation the original produced version must be returned to the producing party and any copies of the source code must be verified as completely erased and obliterated from the corresponding storage media.

(d) This provision does not govern source code produced or provided to outside counsel for any Defendants in this action by any other defendant or by a producing third party. Defendants will submit a separate protective order to this Court governing the use of any source code produced or provided amongst the Defendants or by third parties to this litigation. Any produced source code designated as "Outside Counsel's Eyes Only" and produced under this Protective Order may not be copied, transmitted, used or accessed by Defendants' Qualified Persons in section 3(a) and (b) above prior to the entry of such separate protective order.

8. Any persons who actually receive or review any "Outside Counsel's Eyes Only" information (produced by a party other than the party whom they represent) under this Protective Order shall not thereafter participate in the prosecution of any new patent application related to the "Outside Counsel's Eyes Only" information disclosed. Such restriction will extend for the period in which the persons enjoyed access to the "Outside Counsel's Eyes Only" information and two additional years thereafter. Nothing in this Protective Order shall prevent outside attorneys from providing relevant prior art, not designated "Outside Counsel's Eyes Only" to any attorney prosecuting patent application(s); and further, nothing in this Protective Order shall prevent attorneys/agents in the same firm as the outside attorneys from prosecuting patent application(s) so long as procedures are in place to prevent "Outside Counsel's Eyes Only"

4

information from being disclosed to such prosecuting attorneys/agents, and the prosecuting attorneys/agent, in fact, do not receive "Outside Counsel's Eyes Only" information

9.    Documents or information produced or transmitted between the parties in this litigation prior to the entry of this Protective Order shall be retroactively designated by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this Order. Documents or information unintentionally produced without designation as "Confidential" or "Outside Counsel's Eyes Only" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

Documents to be inspected shall be treated as "Outside Counsel's Eyes Only" during inspection. At the time of copying for the receiving parties, such inspected documents shall be stamped prominently "Confidential" or "Outside Counsel's Eyes Only" by the producing party.

The inadvertent or unintentional disclosure of any privileged or protected item, regardless of whether the item was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of protection or privilege either as to the specific information disclosed therein or on the same or related subject matter, provided that the party later asserting claim of protection or privilege informs opposing parties of its claim within a reasonable time after learning of the disclosure.

10.    Nothing herein shall prevent disclosure beyond the terms of this Order if each party designating the information as "Confidential" or "Outside Counsel's Eyes Only" consents to such disclosure, or, if the Court orders such disclosure. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "Outside Counsel's Eyes Only" information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential" or "Outside Counsel's Eyes Only" information, irrespective of which party produced such information. Nor shall it be a violation of this Order for a party to disclose a Classified Information document to a person or entity who is an author or holder (prior to the onset of this litigation) of such document.

11.    A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Outside Counsel's Eyes Only" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" or "Outside Counsel's Eyes Only," or the designation of any person as a Qualified Person (with the exception of a proposed expert, objections to whom shall be resolved as described above in paragraph 3(b)), the objecting party shall provide written notice to the designating party. The parties shall first try to resolve such dispute in good faith on an informal basis, such as by production of redacted copies. If after fourteen (14) days of informal efforts to resolve the disagreement no resolution has been reached, the party objecting to the designation may move the Court for an order re-designating the document or information as one or none of the above listed two types of Classified Information (or an order re-designating

the person as one or none of the above types of Qualified Person). With respect to documents or information, such document or information shall remain as originally designated by the designating party until the Court has ruled upon the motion. With respect to an objection to a person as a Qualified Person, such person shall not receive Classified Information during the pendency of the objection and motion.

The parties may, by stipulation, provide for exceptions to this Order and any party may seek an order of this Court modifying this Protective Order.

12. Nothing shall be designated as "Confidential" or "Outside Counsel's Eyes Only" information except information of the most sensitive nature, which if disclosed to persons of expertise in the area would reveal significant technical or business advantages of the producing or designating party, and which includes as a major portion subject matter which is believed to be unknown to the opposing party or parties, or any of the employees of the corporate parties. Nothing shall be regarded as "Confidential" or "Outside Counsel's Eyes Only" information if it is information that either:

(a) is in the public domain at the time of disclosure, as evidenced by a written document;

(b) becomes part of the public domain through no fault of the other party, as evidenced by a written document;

(c) the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

(d) the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

13. In the event a party wishes to use any "Confidential" or "Outside Counsel's Eyes Only" information in any affidavits, briefs, memoranda of law, or other papers filed in this Court in this litigation, such "Confidential" or "Outside Counsel's Eyes Only" information used therein shall be filed under seal with the Court.

14. The Clerk of this Court is directed to maintain under seal all documents; transcripts of deposition testimony; discovery documents; answers to interrogatories, admissions and other pleadings; and other information filed under seal with the Court in this litigation which have been designated, in whole or in part, as Classified Information by a party or non-party to this action pursuant to this Protective Order.

15. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information in this litigation shall be subject to the provisions of this Order.

6

16. Within one hundred twenty (120) days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents produced by a party, in the possession of any of the persons qualified under Paragraphs 3(a) through (e) shall be returned to the producing party or the party to whom the documents were produced shall provide a certification that the documents have been destroyed, except as this Court may otherwise order or to the extent such information was used as evidence at the trial. However, counsel for the parties to the case may retain their pleadings and work product. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except (a) that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) that a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

17. This Order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client his or her evaluation in a general manner of "Confidential" or "Outside Counsel's Eyes Only" information produced or exchanged by any opposing party herein; provided, however that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any "Confidential" or "Outside Counsel's Eyes Only" information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order. This provision does not allow outside counsel for any defendant or defendants to convey to their client any information (generally or otherwise) concerning any information or documents produced by any other defendant or defendants or by any third party which has been designated as "Outside Counsel Eye's Only" under this Order unless separately agreed to by the producing party.

18. Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Protective Order.

19. All documents and thing produced by any party to this litigation, whether or not designated under this Protective Order, shall by numbered using the prefixes designated in Exhibit C hereto.

SIGNED AND ENTERED this 7th day of *march*, 2006.

_____
UNITED STATES DISTRICT JUDGE

7

Exhibit A (Expert Undertaking)

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF TEXAS

## AUSTIN DIVISION

| | |
|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM, *Plaintiff,* | Consolidated Case No. A:05CA181 SS |
| v. | JURY DEMANDED |
| BENQ AMERICA CORP., ET AL., *Defendants.* | The Honorable Sam Sparks |

UNDERTAKING OF _____

I, _____, being duly sworn, state that:

    1.    My address is _____.

    2.    My present employer is _____.

    3.    My present occupation or job description is _____.

    4.    I have received a copy of the Protective Order in this action signed by Judge Sam Sparks on _____.

    5.    I have carefully read and understand the provisions of the Protective Order.

6.  I certify that I am a Qualified Person under paragraph 3(b) of the Protective Order and therefore I am eligible to have access to all Classified Information under the terms of the Protective Order; my curriculum vitae is attached hereto.

7.  I will comply with all of the provisions of the Protective Order.

8.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any Classified Information which is disclosed to me.

9.  I will return all Classified Information which comes into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am retained at the conclusion of my retainer or at the final termination of the litigation.

10.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

Date: _____


_____
Signature


2

**Exhibit B (Party/3rd Party Undertaking)**

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF TEXAS

## AUSTIN DIVISION

| | |
|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM, *Plaintiff,* | **Consolidated Case No. A:05CA181 SS** |
| v. | **JURY DEMANDED** |
| BENQ AMERICA CORP., ET AL., *Defendants.* | **The Honorable Sam Sparks** |

---

**UNDERTAKING OF** _____

I, _____, being duly sworn, state that:

1.  I am _____ (job title) for party/third party

    _____.

2.  I have received a copy of the Protective Order in this action signed by

    Judge Sam Sparks on _____.

3.  I have carefully read and understand the provisions of the Protective

    Order.

4.     I certify that I am a Qualified Person under either paragraph 3(c) or (d) of the Protective Order and therefore I am eligible to have access to "Confidential" Information under the terms of the Protective Order.

5.     I will comply with all of the provisions of the Protective Order.

6.     I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any "Confidential" Information which is disclosed to me.

7.     I will return all "Confidential" Information which comes into my possession, and documents or things which I have prepared relating thereto, to counsel for the party who has been retained to represent the party/third party identified in paragraph 1 above at the final termination of the litigation.

8.     I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

Date: _____

_____
Signature

2

## Exhibit C (Party Abbreviations)

| | |
|---|---|
| Plaintiff Board of Regents | UT |
| | |
| Documents Produced by All Defendants | DEF |
| | |
| BenQ America Corp. | BQ |
| Chi Mei Communication Systems, Inc. | CHI |
| Compal Communications, Inc. | CCI |
| Curitel Communications, Inc. | CUR |
| HTC Corp. | HTC |
| Hon Hai Precision Industry Co., Ltd. | HHP |
| Kyocera Wireless Corp. | KWC |
| LG Electronics Mobilecomm U.S.A., Inc. | LG |
| NEC America, Inc. | NAI |
| NEC USA, Inc. | NUI |
| Sagem SA | SAG |
| Sanyo North America Corp. | SNA |
| Sendo America Inc. | SAI |
| Sharp Corporation | SHA |
| Siemens Communications, Inc. | SIE |
| Sony Ericsson Mobile Communications, A.B. | SONA |
| Sony Ericsson Mobile Communications (U.S.A.), Inc. | SONU |
| Spreadtrum Communications Corp | SCC |
| UTStarcom Inc. | UTS |
| Motorola, Inc. | MOT |
| Samsung Telecommunications America, LLP | STA |
| Panasonic Corp. of North America | PAN |
| Haier America Import L.L.C. | HAI |
| Haier America Trading L.L.C. | HAT |
| Haier Group, Co. | HGC |
| Nokia, Inc. | NOK |
| TCL & Alcatel Mobile Phones Limited | TNA |
| Audiovox Corp. | ACC |
| Mitsubishi Electric Corporation | MEC |
| Mitsubishi Electric & Electronics USA, Inc. | MEE |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | NO. A:05CA181 SS |
| BENQ AMERICA CORP., ET AL., | § § | JURY DEMANDED |
| *Defendants.* | § § | |

## PLAINTIFF'S UNOPPOSED MOTION
## FOR ENTRY OF A PROTECTIVE ORDER

TO THE HONORABLE COURT:

Plaintiff, The Board of Regents of the University of Texas System, files this Unopposed Motion for Entry of a Protective Order. The parties seek entry of a protective order to facilitate discovery and production of potentially confidential information. Counsel for defendants has agreed to entry of the attached Protective Order.

The Board of Regents of the University of Texas System respectfully requests this Court grant this Motion and to enter the attached Protective Order.

207

Dated: *March 6, 2006*

Respectfully submitted,

MICHAEL W. SHORE
State Bar No. 18294915
ALFONSO GARCIA CHAN
State Bar No. 24012408
JEFFREY R. BRAGALONE
State Bar No. 028557755
GERALD B. HRYCYSZYN
State Bar No. 24043734
SHORE CHAN L.L.P.
325 N. St. Paul Street-44th Floor
Dallas, Texas 75201
214.743.4180 Telephone
425.799.4180 Facsimile

BARRY D. BURGDORF
State Bar No. 03376500
THE UNIVERSITY OF TEXAS SYSTEM,
OFFICE OF GENERAL COUNSEL
201 West 7th Street
Austin, Texas 78701
512.499.4462 Telephone
512.499.4523 Facsimile

OF COUNSEL FOR PLAINTIFF
THE BOARD OF REGENTS OF THE
UNIVERSITY OF TEXAS SYSTEM

KIM E. BRIGHTWELL
State Bar No. 02992700
BEVERLY G. REEVES
State Bar No. 16716500
PAUL SCHLAUD
State Bar No. 24013469
REEVES & BRIGHTWELL LLP
221 W. 6th Street, Suite 1000
Austin, TX 78701-3410
512.334.4500 Telephone
512.334.4492 Facsimile

ATTORNEYS FOR PLAINTIFF THE BOARD OF
REGENTS OF THE UNIVERSITY OF TEXAS
SYSTEM

## CERTIFICATE OF CONFERENCE

Counsel for The Board of Regents of the University of Texas System contacted

counsel for Defendants concerning this Motion. Counsel for Defendants agreed to the entry of

the attached Protective Order.

_____
Kim E. Brightwell

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document

has been served upon all counsel of record via email on this date.

**Via e-mail to sisrael@mayerbrownrowe.com and bbaum@mayerbrownrowe.com**
Amoi Electronics, Inc.
Kyocera Wireless Corp.
TCL & Alcatel Mobile Phones Limited
c/o Sharon Israel
Mayer, Brown, Rowe & Maw LLP
700 Louisiana Street, Suite 3600
Houston, Texas 77002

**Via e-mail to wwp@aaplaw.com**
Audiovox Communications Corp.
c/o W. Wade Porter
Allensworth & Porter LLP
620 Congress Ave., Ste. 100
Austin, Texas 78701

**Via e-mail to wharding@deweyballantine.com**
BenQ America Corp.
Chi Mei Communication Systems, Inc.
Motorola, Inc.
c/o Wayne Harding
Dewey Ballantine, LLP
401 Congress Avenue-Suite 3200
Austin, Texas 78701

**Via e-mail to jenniferkash@quinnemanuel.com and terrimickles@quinnemanuel.com**
Compal Communications, Inc.
Curitel Communications, Inc.
Haier America Import LLC
Haier America Trading LLC
Haier Group Co.HTC Corp.
Hon Hai Precision Industry Co., Ltd.
Kyocera Wireless Corp.
LG Electronics Mobilecomm USA, Inc.
Motorola, Inc.
NEC America, Inc.
NEC USA, Inc.
Panasonic Corporation of North America
Sagem SA
Samsung Electronics America Inc.
Sanyo North America Corp.
Sendo America Inc.
Sharp
Siemens Communications, Inc.
Sony Ericsson Mobile Communications AB
Sony Ericsson Mobile Communications (USA) Inc.
Spreadtrum Communications Corp.
UTStarcom, Inc.
c/o Jennifer A. Kash
Quin Emanuel Urquhart Oliver & Hedges LLP
50 California Street, 22nd Floor
San Francisco, California 94111

**Via e-mail to rhorton@khs-law.com**
LG Electronics Mobilecomm USA, Inc.
NEC America, Inc.
NEC USA, Inc.
Panasonic Corporation of North America
Samsung Electronics America Inc.
Sony Ericsson Mobile Communications AB
Sony Ericsson Mobile Communications (USA) Inc.
c/o Russell Horton
Kincaid, Horton & Smith
106 E. 6th Street
Austin, Texas 78701

**Via e-mail to jkozak@leydig.com**
Mitsubishi Electric Corp. &
Mitsubishi Electric & Electronics USA Inc.
c/o John Kozak
Leydig Voit & Mayer Ltd.
Two Prudential Plaza–Suite 4900
Chicago, Illinois 60601

**Via e-mail to plochridge@mcginnislaw.com**
Mitsubishi Electric Corp. &
Mitsubishi Electric & Electronics USA Inc.
c/o Patton G. Lochridge
McGinnis, Lochridge & Kilgore, LLP
1300 Capitol Center
919 Congress Avenue
Austin, Texas 78701

**Via e-mail to pflinn@alston.com and george.medlock@alston.com**
Nokia, Inc.
c/o Patrick J. Flinn
Alston & Bird LLP
One Atlantic Center
1201 Peachtree Street
Atlanta, GA 30309-3424

**Via e-mail to albright@fr.com, pickett@fr.com and tipton@fr.com and zamen@fr.com**
Nokia, Inc.
Sanyo North America Corp.
Sendo America Inc.
Siemens Communications, Inc.
UTStarcom, Inc.
c/o Alan Albright
Fish & Richardson
One Congress Plaza, Suite 810
111 Congress Avenue
Austin, Texas 78701

_March 6, 2006_
Date

_Kim Brightwell_
Kim E. Brightwell