# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WIRELESS AGENTS, L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:05-CV-0094-D |
| VS. | § | |
| | § | |
| T-MOBILE USA, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## AMENDED STIPULATED PROTECTIVE ORDER

Upon motion of all the parties for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

It is hereby ORDERED that:

1.      All Classified Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2.      "Classified Information," as used herein, means any information of any type, kind or character that is designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by any of the supplying or receiving parties, whether it be written, electronic, recorded or graphic matter, interrogatory answers filed in this action, requests to admit and responses thereto filed in this action, documents produced by any party or non-party in this action (whether pursuant to formal discovery or by agreement), transcripts of and exhibits to depositions taken in this action, communications between or among any parties and/or their respective counsel, and any exhibits to or portions of any court papers filed in this action that quote from or summarize any of the foregoing, or otherwise.  In designating information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), a party will make such designation only as to that information that it in good faith believes contains confidential information.  Information or material that is available to the public, including catalogues, advertising materials, and the like shall not be classified.

3.      "Qualified Persons," as used herein means:

(a)      In-house attorneys and outside attorneys of record for the parties in this litigation who are in no way involved in patent prosecution on behalf of a party, and employees of such attorneys who are in no way involved in patent prosecution on behalf of a party, to whom it is necessary that the material be shown for purposes of this litigation;

(b)    Actual or potential independent experts or consultants, who have been designated in writing by notice to all counsel prior to any disclosure of "Confidential" or "For Counsel Only" (or "Attorneys' Eyes only") information to such persons, and who have signed a document agreeing to be bound by the terms of this protective order;

(c)    Any individual who was the author, source or recipient of document(s) designated as "Confidential" or "For Counsel Only", but any such individual shall be a Qualified Person only with respect to such document(s);

(d)    The party or three party representatives (in cases where the party is a legal entity) who shall be designated in writing by the party prior to any disclosure of "Confidential" information to such person and who shall sign a document agreeing to be bound by the terms of this protective order (such signed document to be filed with the Clerk of this Court by the party designating such person);

(e)    In-house attorneys for the parties in this litigation and outside attorneys of record for the parties in this litigation who are involved in any way in patent prosecution on behalf of a party;

(f)    Court reporters and videographers who are present during a deposition in this litigation; and

(g)    If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice and hearing to all parties.

4.    Documents produced in this action may be designated by any party or parties as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes only") information by marking each page of the document(s) so designated with a stamp stating" Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only").

In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged.  Originals shall be preserved for inspection.

To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, databases or programs stored on computers, discs, networks or tapes) ("Computerized Material") is produced in such form, the producer may designate such Computerized Material as "Confidential" or "For Counsel Only" (or "Attorney's Eyes Only") by letter or by marking the media itself.  Whenever any person to whom Computerized Materials designated as "Confidential" or "For Counsel Only" (or "Attorney's Eyes Only") is produced reduces such Computerized Materials to hard-copy form, such person shall mark such hard-copy form with the appropriate confidentiality legend as provided herein.

5.    Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this

-2-

litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "Confidential" or "For Counsel Only" ("or Attorneys' Eyes Only") information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") and is subject to the provisions of this Order.

Any party may also designate information disclosed at such deposition as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by notifying all of the parties in writing within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript that should be treated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") thereafter. All deposition transcripts shall be treated as "For Counsel Only" (or "Attorneys' Eyes Only") for a period of thirty (30) days after the receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), with blank, consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing "Confidential" and/or "For Counsel Only" (or "Attorneys' Eyes Only") information shall have page numbers that correspond to the blank pages in the main transcript.

6.      (a)     "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. Information designated as "For Counsel Only" (or "Attorneys' Eyes Only") shall be disclosed only to Qualified Persons described in Paragraphs 3(a)-(c) above.

(b)     Notwithstanding any other provision of this Agreement, any license agreement(s) to which any party in this litigation is a party, and that is designated as "For Outside Counsel Only" (or "Outside Attorneys' Eyes Only"), shall be disclosed only to outside counsel of record for the parties and Qualified Persons described in Paragraph 3(b). For the avoidance of doubt, such license agreements shall not be disclosed to in-house attorneys for any party in this litigation absent express written permission from the disclosing party.

(c)     Copies of "For Counsel Only" (or "Attorneys' Eyes Only") information that are provided to Qualified Persons of Paragraph 3 (b) above, shall be maintained only at the office of such Qualified Person and only working copies shall be made of any such documents. Copies of documents produced under this Protective Order may be made, or exhibits prepared, by independent copy services, printers or illustrators for the purpose of this litigation only.

(d)     Each party's outside counsel shall maintain a log of all copies of "For Counsel Only" (or "Attorneys' Eyes Only") documents that are delivered to any one or more Qualified Person of Paragraphs 3(a)-(c) above.

7.      Documents previously produced shall be retroactively designated by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this order. Documents unintentionally produced without designation as "Confidential" or "For Counsel

Only" (or "Attorney's Eyes Only") may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

Documents to be inspected shall be treated as "For Counsel Only" (or "Attorneys' Eyes Only") during inspection. At the time of copying for the receiving parties, such inspected documents shall be stamped prominently "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by the producing party.

8.     Nothing herein shall prevent disclosure beyond the terms of this order if each party designating the information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") consents to such disclosure or, if the court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "For Counsel Only" (or "Attorneys' Eyes only") information in the examination or cross-examination of a witness during a deposition, hearing or other proceeding, or the preparation of a witness for a deposition, hearing or other proceeding, but only if the witness has signed a document agreeing to be bound by the terms of this Protective Order. Counsel for any party or witness may exclude from the room during a deposition, hearing or other proceeding, any person (other than the witness who is then testifying) who would not be entitled pursuant to Paragraphs 3 and 6 hereof to receive the "Confidential" or "For Counsel Only" (or "Attorney's Eyes Only") information .

9.     A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"). The designating party shall be required to move the Court for an order preserving the designated status of such information within fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item.

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

10.     Nothing shall be designated as "For Counsel Only" (or "Attorneys' Eyes Only") information except information of the most sensitive nature, which if disclosed would reveal significant technical or business advantages of the producing or designating party, specifically including information that contains, reflects or otherwise discloses: (1) trade secrets; (2) research and development or other highly technical information; or (3) highly sensitive business-related financial information. Nothing shall be regarded as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information if it is information that either:

-4-

        (a)     is in the public domain at the time of disclosure, as evidence by a written document;

        (b)     becomes part of the public domain through no fault of the other party, as evidenced by a written document;

        (c)     the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

        (d)     the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

11.    In the event a party wishes to use any "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information used therein shall be filed under seal with the Court.

12.    A party or witness may disclose materials that are subject to a non-disclosure or confidentiality agreement entered into between Stick Networks, LLC and/or Wireless Agents L.L.C. on one hand and another party or witness to this litigation on the other hand to any Qualified Person for purposes of this litigation, and such disclosure shall not be deemed to breach the terms of any such non-disclosure or confidentiality agreement.

13.    The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation that have been designated, in whole or in part, as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by a party to this action.

14.    Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to any documents or any other information disclosed hereunder shall be subject to the provisions of this order.

15.    Nothing in this Stipulated Protective Order shall prevent any party or non-party from using in any manner, or disclosing the contents of, publicly available documents, its own documents, or copies of documents obtained from any source other than through discovery in this action.

16.    A party who produces material or information without intending to waive a claim of privilege does not waive that claim if – within ten days or a shorter time ordered by the Court, after the producing party actually discovers that such production was made – the producing party amends the response, identifying the material or information produced and stating the privilege asserted. If the producing party thus amends the response to assert a privilege, the requesting party must

promptly return the specified material or information and any copies pending any ruling by the Court denying the privilege.

17.     Within one hundred twenty (120) days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents produced by a party, in the possession of any of the persons qualified under Paragraphs 3(a) through (e) shall be returned to the producing party, except as this Court may otherwise order or to the extent such information was used as evidence at the trial. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except (a) that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) that a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

18.     This order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a general way of "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information produced or exchanged herein; provided, however that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

19.     Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Protective Order.

20.     Unless this order includes a clause that explicitly states that a particular local civil rule is modified as applied to this case, nothing in this order shall be construed to modify the provisions, operation, or effect of any local civil rule of this court.

**SO ORDERED.**

September 28, 2006.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

-6-

ORIGINAL

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY - 9 2006

CLERK, U.S. DISTRICT COURT
By _____
              Deputy
```

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

WIRELESS AGENTS, L.L.C.,

    *Plaintiff,*

    v.

T-MOBILE USA, INC.,
DANGER, INC., and
SHARP CORPORATION,

    *Defendants.*

CIVIL ACTION NO. 3:05-CV-0094-D

## STIPULATED PROTECTIVE ORDER

Upon motion of all the parties for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

It is hereby ORDERED that:

1.    All Classified Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2.    "Classified Information," as used herein, means any information of any type, kind or character which is designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by any of the supplying or receiving parties, whether it be written, electronic, recorded or graphic matter, interrogatory answers filed in this action, requests to admit and responses thereto filed in this action, documents produced by any party or non-party in this action (whether pursuant to formal discovery or by agreement), transcripts of and exhibits to depositions taken in this action, communications between or among any parties and/or their respective counsel, and any exhibits to or portions of any court papers filed in this action which quote from or summarize any of the foregoing, or otherwise. In designating information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), a party will make such designation only as to that information that it in good faith believes contains confidential information. Information or material which is available to the public, including catalogues, advertising materials, and the like shall not be classified.

3.    "Qualified Persons," as used herein means:

    (a)    In-house attorneys and outside attorneys of record for the parties in this litigation who are in no way involved in patent prosecution on behalf of a party, and employees of such attorneys who are in no way involved in patent prosecution on behalf of a party, to whom it is necessary that the material be shown for purposes of this litigation;

    (b)    Actual or potential independent experts or consultants, who have been designated in writing by notice to all counsel prior to any disclosure of "Confidential" or "For Counsel Only" (or "Attorneys' Eyes only") information to such persons, and who have signed a document agreeing to be bound by the terms of this protective order;

    (c)    The party or one party representative (in cases where the party is a legal entity) who shall be designated in writing by the party prior to any disclosure of "Confidential" information to such person and who shall sign a document agreeing to be bound by the terms of this protective order (such signed document to be filed with the Clerk of this Court by the party designating such person);

    (d)    In-house attorneys for the parties in this litigation and outside attorneys of record for the parties in this litigation who are involved in any way in patent prosecution on behalf of a party;

    (e)    Court reporters and videographers who are present during a deposition in this litigation; and

    (f)    If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice and hearing to all parties.

4.    Documents produced in this action may be designated by any party or parties as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes only") information by marking each page of the document(s) so designated with a stamp stating" Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only").

    In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged.  Originals shall be preserved for inspection.

    To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, databases or programs stored on computers, discs, networks or tapes) ("Computerized Material") is produced in such form, the producer may designate such Computerized Material as "Confidential" or "For Counsel Only" (or "Attorney's Eyes Only") by letter or by marking the media itself.  Whenever any person to whom Computerized Materials designated as "Confidential" or "For Counsel Only" (or "Attorney's Eyes Only") is produced reduces such Computerized Materials to hard-copy form, such person shall mark such hard-copy form with the appropriate confidentiality legend as provided herein.

2

5.    Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "Confidential" or "For Counsel Only" ("or Attorneys' Eyes Only") information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") and is subject to the provisions of this Order.

Any party may also designate information disclosed at such deposition as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by notifying all of the parties in writing within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") thereafter. All deposition transcripts shall be treated as "For Counsel Only" (or "Attorneys' Eyes Only") for a period of thirty (30) days after the receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), with blank, consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing "Confidential" and/or "For Counsel Only" (or "Attorneys' Eyes Only") information shall have page numbers that correspond to the blank pages in the main transcript.

6.    (a)    "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. Information designated as "For Counsel Only" (or "Attorneys' Eyes Only") shall be disclosed only to Qualified Persons described in Paragraphs 3(a) and (b) above.

(b)    Copies of "For Counsel Only" (or "Attorneys' Eyes Only") information which are provided to Qualified Persons of Paragraph 3 (b) above, shall be maintained only at the office of such Qualified Person and only working copies shall be made of any such documents. Copies of documents produced under this Protective Order may be made, or exhibits prepared, by independent copy services, printers or illustrators for the purpose of this litigation only.

(c)    Each party's outside counsel shall maintain a log of all copies of "For Counsel Only" (or "Attorneys' Eyes Only") documents which are delivered to any one or more Qualified Person of Paragraphs 3(a) and (b) above.

7.    Documents previously produced shall be retroactively designated by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this order. Documents unintentionally produced without designation as "Confidential" or "For Counsel Only" (or "Attorney's Eyes Only") may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

Documents to be inspected shall be treated as "For Counsel Only" (or "Attorneys' Eyes Only") during inspection. At the time of copying for the receiving parties, such inspected

3

documents shall be stamped prominently "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by the producing party.

8.    Nothing herein shall prevent disclosure beyond the terms of this order if each party designating the information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") consents to such disclosure or, if the court, after notice to all affected parties, orders such disclosures.  Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "For Counsel Only" (or "Attorneys' Eyes only") information in the examination or cross-examination of any person who is an author, source, contributor to or recipient of the "Confidential" or "For Counsel Only (or "Attorneys' Eyes Only") information, irrespective of which party produced such information.  Counsel for any party or witness may exclude from the room during a deposition, hearing or other proceeding, any person (other than the witness who is then testifying) who would not be entitled pursuant to Paragraphs 3 and 6 hereof to receive the "Confidential" or "For Counsel Only" (or "Attorney's Eyes Only") information .

9.    A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only").  The designating party shall be required to move the Court for an order preserving the designated status of such information within fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item.

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

10.    Nothing shall be designated as "For Counsel Only" (or "Attorneys' Eyes Only") information except information of the most sensitive nature, which if disclosed would reveal significant technical or business advantages of the producing or designating party, specifically including information that contains, reflects or otherwise discloses: (1) trade secrets; (2) research and development or other highly technical information; or (3) highly sensitive business-related financial information.  Nothing shall be regarded as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information if it is information that either:

(a)    is in the public domain at the time of disclosure, as evidence by a written document;

(b)    becomes part of the public domain through no fault of the other party, as evidenced by a written document;

(c)    the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

4

(d)    the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

11.    In the event a party wishes to use any "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information used therein shall be filed under seal with the Court.

12.    The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation which have been designated, in whole or in part, as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by a party to this action.

13.    Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to any documents or any other information disclosed hereunder shall be subject to the provisions of this order.

14.    Nothing in this Stipulated Protective Order shall prevent any party or non-party from using in any manner, or disclosing the contents of, publicly available documents, its own documents, or copies of documents obtained from any source other than through discovery in this action.

15.    A party who produces material or information without intending to waive a claim of privilege does not waive that claim if – within ten days or a shorter time ordered by the Court, after the producing party actually discovers that such production was made – the producing party amends the response, identifying the material or information produced and stating the privilege asserted. If the producing party thus amends the response to assert a privilege, the requesting party must promptly return the specified material or information and any copies pending any ruling by the Court denying the privilege.

16.    Within one hundred twenty (120) days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents produced by a party, in the possession of any of the persons qualified under Paragraphs 3(a) through (e) shall be returned to the producing party, except as this Court may otherwise order or to the extent such information was used as evidence at the trial. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except (a) that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) that a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

17.    This order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a general way of "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information produced or exchanged herein; provided, however that in rendering such advice and otherwise

communicating with his client, the attorney shall not disclose the specific contents of any "Confidential" or "For Counsel Only" (or "Attorney's Eyes Only") information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

18.     Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Protective Order.

SO ORDERED.

Signed this ____9ᵗʰ____ day of May, 2006.

19. SEE

Unless this order includes a clause that explicitly states that a particular local civil rule is modified as applied to this case, nothing in this order shall be construed to modify the provisions, operation, or effect of any local civil rule of this court.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

JOINTLY SUBMITTED ON MAY 9, 2006 BY:

S. Ashlie Beringer, Counsel for Defendants

Alfonso Garcia Chan, Counsel for Plaintiff



IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WIRELESS AGENTS, L.L.C., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | NO. 3:05-CV-094-D |
| | § | |
| T-MOBILE USA, INC., DANGER, INC., | § | |
| AND SHARP ELECTRONICS | § | |
| CORPORATION | § | |
| | § | |
| *Defenants.* | § | |

---

## JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER

---

TO THE HONORABLE SIDNEY A. FITZWATER:

Pursuant to Federal Rule of Civil Procedure 26(c), the parties jointly request that the Court enter a Stipulated Protective Order, attached hereto as <u>Exhibit A</u>. The Stipulated Protective Order is a modified version of the standard protective order promulgated by the U.S. District Court for the Western District of Texas and will facilitate discovery in this matter.

Respectfully submitted,

Michael W. Shore, Attorney-in-Charge
State Bar No. 18294915
Alfonso Garcia Chan
State Bar No. 24012408
Jeffrey R. Bragalone
State Bar No. 02855775
Shore Chan Bragalone LLP
325 North Saint Paul Street-Suite 4450
Dallas, Texas 75201
(214) 593-9110
(214) 593-9111  fax
shore@shorechan.com
achan@shorechan.com
jbragalone@shorechan.com

Jeff J. Horn, Jr.
State Bar No. 24027234
Vance P. Freeman
State Bar No. 24036595
Ohashi & Horn LLP
325 North Saint Paul Street-Suite 4400
Dallas, Texas 75201
(214) 743-4180
(214) 743-4179  fax
jeffhorn@ohashiandhorn.com
vfreeman@ohashiandhorn.com

ATTORNEYS FOR PLAINTIFF
WIRELESS AGENTS, L.L.C.

_Josh A. Krevitt by_ _permission_ ASC
5/9/05

Josh A. Krevitt (Admitted _pro hac vice_)
Orin Snyder (Admitted _pro hac vice_)
S. Ashlie Beringer (Admitted _pro hac vice_)
Gibson, Dunn & Crutcher LLP
200 Park Avenue-47th Floor
New York, New York 10166
(212) 351-4000
(212) 351-4035  fax

M. Sean Royall
State Bar No. 17351950
Sarah V. Toraason
State Bar No. 24046982
Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue, Suite 1100
Dallas, Texas 75201
(214) 698-3100
(214) 571-2900  fax

Frederick S. Chung (admitted _pro hac vice_)
Stuart M. Rosenberg (_pro hac vice_ pending)
Gibson, Dunn & Crutcher LLP
1881 Page Mill Road
Palo Alto, California 94304-1211
(650) 849-5300
(650) 849-5333  fax

ATTORNEYS FOR DEFENDANTS
T-MOBILE USA, INC., DANGER, INC.,
and SHARP ELECTRONICS CORP.

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

WIRELESS AGENTS, L.L.C.,

    *Plaintiff,*

    v.

T-MOBILE USA, INC.,
DANGER, INC., and
SHARP CORPORATION,

    *Defendants.*

CIVIL ACTION NO. 3:05-CV-0094-D

## STIPULATED PROTECTIVE ORDER

    Upon motion of all the parties for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

    It is hereby ORDERED that:

    1.    All Classified Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

    2.    "Classified Information," as used herein, means any information of any type, kind or character which is designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by any of the supplying or receiving parties, whether it be written, electronic, recorded or graphic matter, interrogatory answers filed in this action, requests to admit and responses thereto filed in this action, documents produced by any party or non-party in this action (whether pursuant to formal discovery or by agreement), transcripts of and exhibits to depositions taken in this action, communications between or among any parties and/or their respective counsel, and any exhibits to or portions of any court papers filed in this action which quote from or summarize any of the foregoing, or otherwise.  In designating information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), a party will make such designation only as to that information that it in good faith believes contains confidential information.  Information or material which is available to the public, including catalogues, advertising materials, and the like shall not be classified.

3.    "Qualified Persons," as used herein means:

(a)    In-house attorneys and outside attorneys of record for the parties in this litigation who are in no way involved in patent prosecution on behalf of a party, and employees of such attorneys who are in no way involved in patent prosecution on behalf of a party, to whom it is necessary that the material be shown for purposes of this litigation;

(b)    Actual or potential independent experts or consultants, who have been designated in writing by notice to all counsel prior to any disclosure of "Confidential" or "For Counsel Only" (or "Attorneys' Eyes only") information to such persons, and who have signed a document agreeing to be bound by the terms of this protective order;

(c)    The party or one party representative (in cases where the party is a legal entity) who shall be designated in writing by the party prior to any disclosure of "Confidential" information to such person and who shall sign a document agreeing to be bound by the terms of this protective order (such signed document to be filed with the Clerk of this Court by the party designating such person);

(d)    In-house attorneys for the parties in this litigation and outside attorneys of record for the parties in this litigation who are involved in any way in patent prosecution on behalf of a party;

(e)    Court reporters and videographers who are present during a deposition in this litigation; and

(f)    If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice and hearing to all parties.

4.    Documents produced in this action may be designated by any party or parties as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes only") information by marking each page of the document(s) so designated with a stamp stating" Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only").

In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, databases or programs stored on computers, discs, networks or tapes) ("Computerized Material") is produced in such form, the producer may designate such Computerized Material as "Confidential" or "For Counsel Only" (or "Attorney's Eyes Only") by letter or by marking the media itself. Whenever any person to whom Computerized Materials designated as "Confidential" or "For Counsel Only" (or "Attorney's Eyes Only") is produced reduces such Computerized Materials to hard-copy form, such person shall mark such hard-copy form with the appropriate confidentiality legend as provided herein.

2

5.    Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "Confidential" or "For Counsel Only" ("or Attorneys' Eyes Only") information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") and is subject to the provisions of this Order.

Any party may also designate information disclosed at such deposition as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by notifying all of the parties in writing within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") thereafter. All deposition transcripts shall be treated as "For Counsel Only" (or "Attorneys' Eyes Only") for a period of thirty (30) days after the receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), with blank, consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing "Confidential" and/or "For Counsel Only" (or "Attorneys' Eyes Only") information shall have page numbers that correspond to the blank pages in the main transcript.

6.    (a)    "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. Information designated as "For Counsel Only" (or "Attorneys' Eyes Only") shall be disclosed only to Qualified Persons described in Paragraphs 3(a) and (b) above.

(b)    Copies of "For Counsel Only" (or "Attorneys' Eyes Only") information which are provided to Qualified Persons of Paragraph 3 (b) above, shall be maintained only at the office of such Qualified Person and only working copies shall be made of any such documents. Copies of documents produced under this Protective Order may be made, or exhibits prepared, by independent copy services, printers or illustrators for the purpose of this litigation only.

(c)    Each party's outside counsel shall maintain a log of all copies of "For Counsel Only" (or "Attorneys' Eyes Only") documents which are delivered to any one or more Qualified Person of Paragraphs 3(a) and (b) above.

7.    Documents previously produced shall be retroactively designated by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this order. Documents unintentionally produced without designation as "Confidential" or "For Counsel Only" (or "Attorney's Eyes Only") may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

Documents to be inspected shall be treated as "For Counsel Only" (or "Attorneys' Eyes Only") during inspection. At the time of copying for the receiving parties, such inspected

documents shall be stamped prominently "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by the producing party.

8.    Nothing herein shall prevent disclosure beyond the terms of this order if each party designating the information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") consents to such disclosure or, if the court, after notice to all affected parties, orders such disclosures.  Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "For Counsel Only" (or "Attorneys' Eyes only") information in the examination or cross-examination of any person who is an author, source, contributor to or recipient of the "Confidential" or "For Counsel Only (or "Attorneys' Eyes Only") information, irrespective of which party produced such information.  Counsel for any party or witness may exclude from the room during a deposition, hearing or other proceeding, any person (other than the witness who is then testifying) who would not be entitled pursuant to Paragraphs 3 and 6 hereof to receive the "Confidential" or "For Counsel Only" (or "Attorney's Eyes Only") information .

9.    A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only").  The designating party shall be required to move the Court for an order preserving the designated status of such information within fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item.

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

10.    Nothing shall be designated as "For Counsel Only" (or "Attorneys' Eyes Only") information except information of the most sensitive nature, which if disclosed would reveal significant technical or business advantages of the producing or designating party, specifically including information that contains, reflects or otherwise discloses: (1) trade secrets; (2) research and development or other highly technical information; or (3) highly sensitive business-related financial information.  Nothing shall be regarded as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information if it is information that either:

(a)    is in the public domain at the time of disclosure, as evidence by a written document;

(b)    becomes part of the public domain through no fault of the other party, as evidenced by a written document;

(c)    the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

4

(d)    the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

11.    In the event a party wishes to use any "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information used therein shall be filed under seal with the Court.

12.    The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation which have been designated, in whole or in part, as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by a party to this action.

13.    Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to any documents or any other information disclosed hereunder shall be subject to the provisions of this order.

14.    Nothing in this Stipulated Protective Order shall prevent any party or non-party from using in any manner, or disclosing the contents of, publicly available documents, its own documents, or copies of documents obtained from any source other than through discovery in this action.

15.    A party who produces material or information without intending to waive a claim of privilege does not waive that claim if – within ten days or a shorter time ordered by the Court, after the producing party actually discovers that such production was made – the producing party amends the response, identifying the material or information produced and stating the privilege asserted. If the producing party thus amends the response to assert a privilege, the requesting party must promptly return the specified material or information and any copies pending any ruling by the Court denying the privilege.

16.    Within one hundred twenty (120) days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents produced by a party, in the possession of any of the persons qualified under Paragraphs 3(a) through (e) shall be returned to the producing party, except as this Court may otherwise order or to the extent such information was used as evidence at the trial. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except (a) that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) that a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

17.    This order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a general way of "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information produced or exchanged herein; provided, however that in rendering such advice and otherwise

5

communicating with his client, the attorney shall not disclose the specific contents of any "Confidential" or "For Counsel Only" (or "Attorney's Eyes Only") information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

18.    Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Protective Order.

SO ORDERED.

Signed this _____ day of May, 2006.


SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE



JOINTLY SUBMITTED ON MAY 9, 2006 BY:



S. Ashlie Beringer, Counsel for Defendants



Alfonso Garcia Chan, Counsel for Plaintiff

# EXHIBIT G



**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

AUG 1 0 2005

CLERK, U.S. DISTRICT COURT
By _____
Deputy

WIRELESS AGENTS, L.L.C.,

           Plaintiff,

v.

SONY ERICSSON MOBILE COMMUNICATIONS
AB and SONY ERICSSON MOBILE
COMMUNICATIONS (USA) INC.,

           Defendants.

CIVIL ACTION NO. 3:05–CV–289–D

---

## AGREED PROTECTIVE ORDER

Upon motion of all the parties for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED that:

1.    All Classified Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, including but not limited to preparing, filing, or prosecuting any patent application, continuation or divisional patent application, or request for re-examination, and shall not be disclosed to any person except in accordance with the terms hereof.

2.    "Classified Information," as used herein, means any information of any type, kind or character which is designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential" or "For Counsel

– 1 –

Only" (or "Attorneys' Eyes Only"), a party will make such designation only as to that information that it in good faith believes contains confidential information. Information or material which is available to the public, including catalogues, advertising materials, and the like shall not be classified.

3.    "Qualified Persons," as used herein means:

(a)    Attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

(b)    Actual or potential independent technical experts or consultants, who have been designated in writing by notice to all counsel prior to any disclosure of "Confidential" or "For Counsel Only" (or "Attorneys' Eyes only") information to such persons, and who have signed a document agreeing to be bound by the terms of this protective order;

(c)    The party or two party representatives (in cases where the party is a legal entity) who shall be designated in writing by the party prior to any disclosure of "Confidential" information to such person and who shall sign a document agreeing to be bound by the terms of this protective order; and

(d)    If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice and hearing to all parties.

4.    Documents produced in this action may be designated by any party or parties, or by non-parties producing such documents, as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes only") information by marking each page of the document(s) so designated with a stamp stating " Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only").

In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

5.      Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party or the third party as "Confidential" or "For Counsel Only" ("or Attorneys' Eyes Only") information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") and is subject to the provisions of this Order. Any party or the third party in the case of a third-party deposition may also designate information disclosed at such deposition as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by notifying all of the parties in writing within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control.  Electronic copies of transcripts that contain "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information shall be marked or designated such that the classified nature of the transcripts is apparent without accessing the content of the electronic files. All deposition transcripts shall be treated as "For Counsel Only" (or "Attorneys' Eyes Only") for a period of thirty (30) days after the receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), with blank, consecutively numbered pages being provided in a nondesignated main transcript.

The separate transcript containing "Confidential" and/ or "For Counsel Only" (or "Attorneys' Eyes Only") information shall have page numbers that correspond to the blank pages in the main transcript.

6. (a)   "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. Information designated as "For Counsel Only" (or "Attorneys' Eyes Only") shall be restricted in circulation to Qualified Persons described in Paragraphs 3(a) and (b) above.

(b)   Copies of "For Counsel Only" (or "Attorneys' Eyes Only") information provided to a receiving party shall be maintained in the offices of outside counsel for Plaintiff(s) and Defendant(s). Any documents produced in this litigation, regardless of classification, which are provided to Qualified Persons of Paragraph 3 (b) above, shall be maintained only at the office of such Qualified Person and only working copies shall be made of any such documents. Copies of documents produced under this Protective Order may be made, or exhibits prepared by independent copy services, printers or illustrators for the purpose of this litigation.

(c)   Each party's outside counsel shall maintain a log of all copies of "For Counsel Only" (or "Attorneys' Eyes Only") documents which are delivered to any one or more Qualified Person of Paragraph 3(b) and (d) above.

7.   Documents previously produced shall be retroactively designated by notice in writing of the designated class of each document by production number within thirty (30) days of the entry of this order. Documents unintentionally produced without designation as "Confidential" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

– 4 –

Documents to be inspected shall be treated as "For Counsel Only" (or "Attorneys' Eyes Only") during inspection. At the time of copying for the receiving parties, such inspected documents shall be stamped prominently "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by the producing party.

8.      Nothing herein shall prevent disclosure beyond the terms of this order if each party designating the information as "Confidential" or "For Counsel Only" (or Attorneys' Eyes Only") consents to such disclosure or, if the Court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "For Counsel Only" (or "Attorneys' Eyes only") information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential" or "For Counsel Only (or "Attorneys' Eyes Only") information, irrespective of which party produced such information.

9.      A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If the dispute cannot be resolved, the objecting party may object in writing to the party who has designated the document or information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"). The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

10.    Nothing shall be designated as "For Counsel Only" (or "Attorneys' Eyes Only") information except information of the most sensitive nature, which if disclosed to persons of expertise in the area would reveal significant technical or business advantages of the producing or designating party, and which includes as a major portion subject matter which is believed to be unknown to the opposing party or parties, or any of the employees of the corporate parties, specifically including any information that contains, reflects, or otherwise discloses: (1) trade secrets; (2) research and development or other highly technical information; or (3) highly sensitive business-related financial information.  Nothing shall be regarded as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information if it is information that either:

(a)    is in the public domain at the time of disclosure, as evidence by a written document;

(b)    becomes part of the public domain through no fault of the other party, as evidenced by a written document;

(c)    the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

(d)    the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

11.    In the event a party wishes to use any "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information used therein shall be filed under seal with the Court.

12.    The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation which have been designated, in whole or in part, as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by a party to this action.

13.    A party who produces material or information without intending to waive a claim of privilege does not waive that claim if, within ten days after the producing party actually discovers that such production was made, the producing party amends the response or identifies in writing the material or information produced and the privilege asserted. The producing party shall thereafter include the material or information asserted to be privileged on a privilege log. If the producing party thus amends the response to assert a privilege, either by letter or more fully by an amended or supplemental response, the receiving party must promptly return the specified material or information and any copies pending any ruling by the court denying the privilege.

14.    Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this order.

15.    Within sixty (60) days after conclusion of this litigation and any appeal thereof, unless a different time period is agreed by the parties, any document and all reproductions of documents produced by a party, in the possession of any of the persons qualified under Paragraphs 3(a) through (d) shall be returned to the producing party, except that counsel of record for each party may keep a single archival copy of all documents filed with the Court and deposition transcripts (with exhibits) in the case and further as this Court may otherwise order or to the extent such information was used as evidence at the trial. As far as the provisions of any

– 7 –

protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except (a) that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) that a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

16.    This order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a general way of "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information produced or exchanged herein; provided, however that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

17.    Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Protective Order.

18.

SIGNED AND ENTERED this 10th day of August , 2005.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

Unless this order includes a clause that explicitly states that a particular local civil rule is modified as applied to this case, nothing in this order shall be construed to modify the provisions, operation, or effect of any local civil rule of this court.

– 8 –

AGREED:


Richard L. Wynne, Jr.
   Texas Bar No. 24003214
THOMPSON & KNIGHT LLP
1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201-4693
214.969.1700
214.969.1751 (facsimile)

ATTORNEYS FOR DEFENDANTS


Alfonso Garcia Chan
   Texas Bar No. 24012408
SHORE CHAN LLP
325 North Saint Paul Street, 44th Floor
Dallas, Texas 75201
214.743.4184
214.743.4179 (facsimile)

ATTORNEYS FOR PLAINTIFF



D<sup>w</sup>/o ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 1 0 2005

CLERK, U.S. DISTRICT COURT
By _____
Deputy

WIRELESS AGENTS, L.L.C.,

    Plaintiff,

vs.

SONY ERICSSON MOBILE COMMUNICATIONS
AB and SONY ERICSSON MOBILE
COMMUNICATIONS (USA) INC.,

    Defendants.

CIVIL ACTION NO. 3:05–CV–0289–D

## JOINT MOTION FOR ENTRY OF AGREED PROTECTIVE ORDER

    Plaintiff Wireless Agents, L.L.C. and Defendants Sony Ericsson Mobile Communications AB and Sony Ericsson Mobile Communications (USA) Inc. have reached an agreement on the terms of an Agreed Protective Order, which is submitted with this motion. All parties respectfully request that the Court sign and enter this Agreed Protective Order to protect the parties' confidential and proprietary information.

Respectfully submitted,

Michael W. Shore
   Texas Bar No. 18294915
Alfonso Garcia Chan
   Texas Bar No. 24012408
SHORE CHAN LLP
325 North St. Paul Street, 44th Floor
Dallas, Texas 75201
214.743.4180
214.743.4179 (facsimile)

ATTORNEYS FOR PLAINTIFF

Respectfully submitted,

Bruce S. Sostek
   Texas Bar No. 18855700
Richard L. Wynne, Jr.
   Texas Bar No. 24003214
THOMPSON & KNIGHT LLP
1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201–4693
214.969.1700
214.969.1751 (facsimile)

ATTORNEYS FOR DEFENDANTS

DALLAS 1921779.1

---

JOINT MOTION FOR ENTRY OF AGREED PROTECTIVE ORDER                                    Page 2