1  **RODNEY J. JACOB, ESQ.**
**DANIEL M. BENJAMIN, ESQ.**
2  **JENNIFER A. CALVO-QUITUGUA, ESQ.**
**CALVO & CLARK, LLP**
3  Attorneys at Law
4  655 South Marine Corps Drive, Suite 202
Tamuning, Guam 96913
5  Telephone:     (671) 646-9355
Facsimile:      (671) 646-9403
6
7  **CHRISTOPHER E. CHALSEN, ESQ.**
**MICHAEL M. MURRAY, ESQ.**
8  **LAWRENCE T. KASS, ESQ.**
**MILBANK, TWEED, HADLEY & MCCLOY LLP**
9  1 Chase Manhattan Plaza
New York, New York 10005
10  Telephone:     (212) 530-5000
Facsimile:      (212) 822-5796
11
12  *Attorneys for Defendants*
FUJITSU LIMITED AND
13  FUJITSU MICROELECTRONICS AMERICA, INC.

14

15                    IN THE UNITED STATES DISTRICT COURT

16                                DISTRICT OF GUAM

17  NANYA TECHNOLOGY CORP. and         | CIVIL CASE NO. 06-CV-00025
NANYA TECHNOLOGY CORP. U.S.A,
18
19                        Plaintiff,
                                      | **DEFENDANTS' OPPOSITION TO**
20              -v-                    | **PLAINTIFFS' MOTION TO EXCEED**
                                      | **NUMBER OF INTERROGATORIES**
21  FUJITSU LIMITED, FUJITSU           | **AND REQUESTS FOR ADMISSIONS**
MICROELECTRONICS AMERICA, INC.,
22                                     | **(ORAL ARGUMENT REQUESTED)**
                        Defendants.
23

24

25

26

27

28
*CIVIL CASE NO. 06-CV-00025*                **ORIGINAL**

FILED
DISTRICT COURT OF GUAM

FEB 1 3 2007

MARY L.M. MORAN
CLERK OF COURT

Defendants Fujitsu Limited and Fujitsu Microelectronics America, Inc. hereby oppose Plaintiffs' Motion to Exceed Number of Interrogatories and Requests for Admissions ("Motion") pursuant to the District Court of Guam's Local Rules of Practice, L.R. 33.1(a). Plaintiffs' Motion should be denied because (1) Plaintiffs have not complied with this Court's Local Rules or the Federal Rules of Civil Procedure; (2) the requested relief would grant Plaintiffs a "blank check" to harass Defendants and abuse the discovery process; and (3) the requested relief would undoubtedly create significant discovery disputes and increase the burden on this Court, not reduce it as Plaintiffs allege.

## I.   PLAINTIFFS HAVE NOT COMPLIED WITH THE LOCAL RULES

Local Rule 33.1 provides (emphasis added):

> (a) Limitation on Number of Interrogatories and Requests for Admission. No party shall serve more than one set of interrogatories or requests for admission on any other party without leave of court. Interrogatories or requests for admission shall not exceed twenty-five (25) in number, counting any subparts or subquestions as individual questions. Subparts or subquestions of any interrogatory shall relate directly to the subject matter of the interrogatory. Any party desiring to serve additional interrogatories shall submit to the Court a written memorandum <u>setting forth the proposed additional interrogatories or requests for admission</u> and the <u>reasons establishing good cause for their use.</u>

Thus, Local Rule 33.1 plainly limits the number of interrogatories and requests for admission to 25 each. Although that number can be exceeded in complex cases, there is a straightforward and reasonable procedure for requesting such an increase, namely (1) the additional interrogatories must be *set forth* in a memorandum to the Court and (2) reasons must be provided that establish *good cause* for *each* of the additional interrogatories and requests for admission.

Instead of following the local rules, Plaintiffs seek a blank check to serve *nine hundred* (900) interrogatories as well as *nine hundred* (900) requests for admission, raising the combined total from fifty (50) allowed by the rules to *one thousand eight hundred* (1,800), a more than

*CIVIL CASE NO. 06-CV-00025*

1  3,000% increase above the allowed limits.[1]

2      Plaintiffs have not set forth *any* of the proposed additional interrogatories or requests for

3  admission as required by the rules.  Instead, Plaintiffs essentially ask the Court to approve, in

4  advance and without review, the voluminous additional requests because the "subject areas have

5  been set forth." (Motion at 7.)  However, the plain language of Local Rule 33.1 does not allow a

6  party to merely set forth "subject areas," but requires that the additional interrogatories or

7  requests for admission themselves be "set forth".

8      Courts have consistently required a party requesting additional interrogatories to

9  demonstrate a need by showing the *specific content* of the proposed interrogatories.  *See, e.g.*,

10  *Valdez v. Ford Motor Co.*, 134 F.R.D. 296, 299 (D. Nev. 1991) (requiring parties to compile their

11  additional interrogatories for the court before making a decision on whether the additional

12  interrogatories are reasonable); *E. & J. Gallo Winery*, 04-CV-5153 OWW DLB, 2006 U.S. Dist.

13  LEXIS 84027, *6 (E.D. Cal. Nov. 8, 2006) (interpreting Northern District of California Local

14  Rule 33-3, which is similar to Guam Local Rule 33.1, to require "a request to propound additional

15  interrogatories to explain in detail why it is necessary to propound each additional question.").

16      Not only have Plaintiffs failed to provide the Court with their proposed additional

17  interrogatories or requests for admission, they have also not set forth the "reasons establishing

18  good cause for their use." L.R. 33.1.  A party requesting leave to serve additional interrogatories

19  must make a "particularized showing" of good cause for why the additional discovery is

20  necessary.  *E. & J. Gallo Winery*, 2006 U.S. Dist. LEXIS 84027, at *6; *Morrow v. Leo Burnett*

21  *Inc.*, No. C 04-0931 MMC (JL), 2005 U.S. Dist. LEXIS 43437, *8 (N.D. Cal. Feb. 4, 2005)

22  (citation omitted).  Because Plaintiffs have not even presented the interrogatories or requests for

23  admission that they seek, they have not even attempted to make the required particularized

24

25      [1]  Understandably, Plaintiffs' Motion does not expressly admit that the requested relief
would result in 1,800 requests, but that is plainly what they seek.  Plaintiffs ask for an "initial set"
26  of 25 interrogatories and 25 requests for admission for each patent in suit and then a "second set"
with an additional 25 interrogatories and 25 requests for admission, again for each patent in suit.
27  (Motion at 2.)  There are 18 patents in suit and, *e.g.*, 25 interrogatories x 2 sets x 18 patents =
900.
28

1    showing of good cause why *each* such additional request is necessary, demonstrating the

2    premature nature of this Motion.

3         Accordingly, because Plaintiffs have (1) failed to set forth any of the requested additional

4    interrogatories or requests for admission or (2) provide a particularized showing of good cause for

5    each such additional interrogatory, the Motion should be denied.

6

7    **II.    IN ADDITION TO NOT SATISFYING THE LOCAL RULES, PLAINTIFFS'**
     **"FIVE REASONS" FOR THE ADDITIONAL REQUESTS ARE WHOLLY**
8    **INSUFFICIENT FOR THE EXTRAORDINARY RELIEF REQUESTED**

9         Instead of following the procedure set forth in the local rules for additional interrogatories

10   and requests for admission Plaintiffs present five reasons that allegedly justify the extraordinarily

11   large number of requests they seek. But none of these reasons justify the relief.

12        First, Plaintiffs state that the "primary reason" for the additional requests is that they will

13   "greatly aid claim construction." (Motion at 2-3.) Plaintiffs then launch into a discussion of the

14   importance of claim construction (which is undisputed), but completely fail to specify how their

15   proposed additional discovery requests will help narrow or resolve issues of claim construction.

16   In fact, exchanging hundreds of interrogatories is highly unlikely to result in progress on claim

17   construction and is *not* the procedure for accomplishing claim construction set forth in the Patent

18   Local Rules of the Northern District of California, which Plaintiffs have suggested that this Court

19   adopt.

20        Specifically, under the Northern District's Patent Local Rules, the parties simultaneously

21   exchange a list of claim terms, phrases, or clauses which that party contends should be construed

22   by the Court. *See* N.D. Cal. Pat. L. R. 4-1(a). The parties then meet and confer "for the purpose

23   of finalizing this list, narrowing or resolving differences." N.D. Cal. Pat. L. R. 4-1(b). Then the

24   parties will exchange preliminary claim constructions and extrinsic evidence for terms on the list.

25   *See* N.D. Cal. Pat. L. R. 4-2(a)(b).    The parties then must meet again "for the purpose of

26   narrowing the issues and finalizing  preparation of a Joint Claim Construction and Prehearing

27   Statement." N.D. Cal. Pat. L. R. 4-2(c). This all happens without interrogatories or requests for

28

*CIVIL CASE NO. 06-CV-00025*

1  admission and is a far more effective process for focusing claim construction issues than that

2  suggested by Plaintiffs.

3      Plaintiffs allege that the relief sought will relieve the Court of the burden of "investing an

4  extraordinary amount of time and resources trying to flush out and flesh out the meaning of

5  critical terms and narrowing the issues." (Motion at 2.)  But in the normal claim construction

6  process, as outlined above, it is the parties that must flesh out the claim construction issues before

7  they are submitted to the Court for decision.   Further, if the parties exchange some 3,600[2]

8  interrogatories and requests for admission, it is inevitable that numerous disputes will arise over

9  the sufficiency of the answers and these disputes are far more likely to burden the Court than the

10  normal claim construction process.[3]  In addition, Plaintiffs' process is likely to distract the parties

11  from claim construction, not contribute toward it.

12      The "second reason" allegedly justifying the requests is that the limit in Local Rule 33.1

13  allegedly "does not permit a fair and reasonable inquiry into Fujitsu and FMA's patent misuse,

14  the antitrust issues and circumstances under which licenses are granted." (Motion at 4-5.)  This

15  "reason" is not explained at all.  Interrogatories and requests for admission are clearly not the

16  only discovery tool available to Plaintiffs.  Indeed, Plaintiffs have already served more than 1,500

17  document requests and are requesting depositions.  Plaintiffs have not explained why they cannot

18  obtain the required information within the bounds of the normal discovery process.[4]

19      The "third reason" is that the additional discovery requests will improve chances for

20  settlement of the case, suggesting that these requests will somehow reduce alternate claim

21  constructions or interpretations by the parties.  Once again, Plaintiffs fail to specify how the

22

23      [2]  If the Court should grant Plaintiff's request for 1,800 requests, then Defendants would request equal treatment, bringing the total to 3,600.

24      [3]  In fact, the first set of document requests served by Plaintiffs has already resulted in two separate (baseless) motions to compel, indicating that further discovery disputes are likely.

25  (See Motion to Compel, Dkt. No. 113 and Motion to Compel, Dkt. No. 132.)

26      [4]  In the California case Judge Wilken has noted that if this case is transferred to N.D. California, she is likely to sever and stay the antitrust issues until the patent issues are resolved.

27  Defendants will ask this Court to follow a similar process, potentially obviating the need for this discovery.

28

*CIVIL CASE NO. 06-CV-00025*

4

1  additional requests accomplish such a task. In fact, it seems to be Plaintiffs' strategy to try and

2  force a settlement by bombarding Defendants with extraordinary volumes of discovery. As noted

3  above, more than 1,500 document requests have already been served. Plaintiffs now seek to "pile

4  on" with many hundreds of interrogatories and requests for admission. This is not a legitimate

5  way to try and bring about settlement.

6      The fourth reason Plaintiffs cite is a need for jurisdictional discovery. Plaintiffs attach

7  exhibits with receipts for a small handful of products allegedly purchased on Guam that were

8  allegedly sold by Defendants. But Plaintiffs utterly fail to explain why they need hundreds and

9  hundreds of interrogatories and requests for admission to establish the source of these six or seven

10 products. Document requests, which have already been served, will provide Plaintiffs with a list

11 of Defendants' products as well as a list of its customers. The needed information can thus be

12 obtained without such a drastic departure from the local and federal rules.

13     Plaintiffs state as the fifth and final reason to grant their Motion that it should be granted

14 simply because "it is permissible." Plaintiffs cite five cases for the proposition that district courts

15 have wide discretion over the discovery process, but none of the cited cases support the type of

16 relief requested here. *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018 (9th Cir. 2006)

17 (affirming district court ruling refusing to allow a moving party to reopen discovery where

18 movant had ample opportunity to collect the evidence prior to the close of discovery); *California*

19 *v. Campbell*, 138 F.3d 772 (9th Cir. 1998) (holding that defendants were not entitled to more time

20 to conduct discovery prior to a grant of summary adjudication); *Volk v. D.A. Davidson & Co.*, 816

21 F.2d 1046 (9th Cir. 1987) (upholding a district court decision to stay discovery); *Univ. of W. Va.*

22 *v. Van Voorhies*, 278 F.3d 1288, 1304 (Fed. Cir. 2002) (upholding a district court ruling denying

23 a motion to compel discovery because the moving party untimely noticed depositions of

24 witnesses known even before the litigation); and *Advanced Cardiovascular Systems, Inc. v.*

25 *Medtronics, Inc.*, 265 F.3d 1294 (Fed Cir. 2001) (upholding district court ruling refusing to allow

26 movant to obtain discovery into settlement negotiations).

27

28

*CIVIL CASE NO. 06-CV-00025*

5

1  Although Defendants do not dispute that this Court has the discretion to grant the

2  requested relief, Plaintiffs have failed to cite *any* cases indicating why this Court *should* grant the

3  relief. None of the cases Plaintiffs cite involve a court granting extra interrogatories or requests

4  for admission, much less an outlandish request for many hundreds of additional interrogatories

5  and requests for admission without even reviewing the requests in advance. In fact, not only do

6  these cases not deal with decisions relating to whether or not additional interrogatories or requests

7  for admission should be permitted, the two principal cases cited by Plaintiffs are cases in which

8  courts denied expansion of the scope of discovery. *See Cornwell v. Electra Cent. Credit Union*,

9  439 F.3d 1018, 1027 (9th Cir. 2006) (denying motion to reopen discovery) and *Univ. of W. Va. v.*

10  *Van Voorhies*, 278 F.3d 1288, 1304 (Fed. Cir. 2002) (denying request to extend amount of time

11  allotted for deposition).

12  Accordingly, none of Plaintiffs' "reasons" come close to justifying the outrageous

13  increase that they seek in the discovery limits.

14

15  **III.    PLAINTIFFS REQUEST IS UNREASONABLY BURDENSOME UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(b)**

16  In deciding motions for leave to serve additional interrogatories, courts in this Circuit

17  have applied the factors set forth in Federal Rule of Civil Procedure 26(b)(2). *See, e.g., E. & J.*

18  *Gallo Winery*, 2006 U.S. Dist. LEXIS 84027 at *5; *Morrow*, 2005 U.S. Dist. LEXIS 43437 at *7.

19  Rule 26(b)(2) states, in pertinent part:

20  The frequency or extent of use of the discovery methods otherwise permitted . . .
21  by any local rule shall be limited by the court if it determines that: (i) the discovery
   sought is unreasonably cumulative or duplicative, or is obtainable from some other
22  source that is more convenient, less burdensome, or less expensive; (ii) the party
   seeking discovery has had ample opportunity by discovery in the action to obtain
23  the information sought; or (iii) the burden or expense of the proposed discovery
   outweighs its likely benefit, taking into account the needs of the case, the amount
24  in controversy, the parties' resources, the importance of the issues at stake in the
   litigation, and the importance of the proposed discovery in resolving the issues.
25

26

27

28

*CIVIL CASE NO. 06-CV-00025*

1    (*See also* Guam General Rule 1.1(c) (stating that the District of Guam's local rules were designed

2    to "supplement the Federal Rules of Civil Procedure" and "shall be construed so as to be

3    consistent with the Federal Rules").)

4         As noted above, Plaintiffs seek a total of 900 interrogatories and 900 requests for

5    admission.  Plaintiffs do not cite a single case to support such an extreme request.  Even if

6    Plaintiffs were to comply with the local rules and provide the Court with their proposed

7    interrogatories and requests for admission, the total of 1,800 such requests would nonetheless be

8    unreasonably burdensome under the standard set forth in Fed. R. Civ. Pro. 26 (b).  *See Francis v.*

9    *Marks*, 05-CV-01090 RSW/JTR, 2006 U.S. Dist. LEXIS 22576 (E.D. Ark. Apr. 18, 2006)

10   (denying a motion seeking 248 requests for admission as unreasonably burdensome despite the

11   complexity of issues in that case).

12

13   **IV.    SIMILAR RELIEF WAS REQUESTED AND NOT GRANTED IN THE N.D. OF CALIFORNIA CASE**

14        In the related case of *Fujitsu Ltd. v. Nanya Tech. Corp.*, No. 4:06-cv-06613 (CW),

15   Plaintiffs made a similar request for additional interrogatories in the Rule 26(f) Report, Joint Case

16   Management Statement, And Proposed Order submitted to Judge Wilken.  (See Exh. A hereto, at

17   11.)  However, after considering the request, Judge Wilken issued a Case Management Order that

18   granted *no additional interrogatories whatsoever*.  (See Exh. B.)  Instead, Judge Wilken left

19   unchanged the process for resolving claim construction set forth in the Patent Local Rules as

20   described above.

21        Defendants believe that the procedure for resolving claim construction ordered by Judge

22   Wilken and set forth in the Patent Local Rules is the procedure that should be adopted for this

23   case, not the burdensome and unusual process suggested by Plaintiffs.

24   **V.    CONCLUSION**

25        Plaintiffs request extraordinary relief that requires essentially ignoring the local

26   rules.  Further, the process for resolving claim construction Plaintiffs seek is far more likely to

27   create discovery disputes and distract from claim construction than it is to actually narrow the

28

*CIVIL CASE NO. 06-CV-00025*

1   issues in this case.  The far more sensible and more common approach to claim construction is the

2   approach set forth in Rule 4 of the Northern District of California Patent Local Rules—the very

3   rules Defendants have already suggested the Court adopt in their previous proposed scheduling

4   orders and discovery plans.  This is the process ordered by Judge Wilken in the California case

5   and Defendants respectfully request that this Court take a similar approach.    Accordingly,

6   Defendants respectfully request that Plaintiffs' Motion should be denied in its entirety.

7           Respectfully submitted this 13th day of February, 2007.

8

9                                   **CALVO & CLARK, LLP**
                                    **MILBANK, TWEED, HADLEY**
10                                  **& MCCLOY LLP**
                                    *Attorneys for Defendants*
11                                  Fujitsu Limited and
                                    Fujitsu Microelectronics America, Inc.
12

13

14   By: _____
                    **DANIEL M. BENJAMIN**
15

16

17

18

19

20

21

22

23

24

25

26

27

28

*CIVIL CASE NO. 06-CV-00025*

8