1  RODNEY J. JACOB, ESQ.
   DANIEL M. BENJAMIN, ESQ.
2  JENNIFER A. CALVO-QUITUGUA, ESQ.
   CALVO & CLARK, LLP
3  Attorneys at Law
   655 South Marine Drive, Suite 202
4  Tamuning, Guam 96913
   Telephone:   (671) 646-9355
5  Facsimile:   (671) 646-9403

6  CHRISTOPHER E. CHALSEN, ESQ.
   MICHAEL M. MURRAY, ESQ.
7  LAWRENCE T. KASS, ESQ.
   MILBANK, TWEED, HADLEY & MCCLOY LLP
8  1 Chase Manhattan Plaza
   New York, New York 10005
9  Telephone:   (212) 530-5000
   Facsimile:   (212) 822-5796
10
   *Attorneys for Defendants*
11 FUJITSU LIMITED AND
   FUJITSU MICROELECTRONICS AMERICA, INC.
12

**FILED**
DISTRICT COURT OF GUAM

FEB 13 2007 *nba*

MARY L.M. MORAN
CLERK OF COURT

### UNITED STATES DISTRICT COURT
### DISTRICT OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP.,<br>NANYA TECHNOLOGY CORP. U.S.A.<br><br>          Plaintiffs,<br><br>     -v-<br><br>FUJITSU LIMITED, FUJITSU<br>MICROELECTRONICS AMERICA,<br>INC.,<br><br>          Defendants. | CIVIL CASE NO. 06-CV-00025<br><br>**DEFENDANTS' COMBINED NON-AGREEMENT OF HEARING DATE FOR: (1) PLAINTIFFS' MOTION FOR ENTRY OF PROTECTIVE ORDER; AND (2) PLAINTIFFS' MOTION TO EXCEED NUMBER OF INTERROGATORIES AND REQUESTS FOR ADMISSIONS** |

Pursuant to Local Rule 7.1, Defendants' counsel hereby states the following:

   1.   I, Daniel M. Benjamin, am an attorney for the Defendants in this matter. I contacted the attorney for the opposing parties in this action to agree upon a date for oral

*CIVIL CASE NO. 06-CV-00025*                1

**ORIGINAL**

argument for: (1) Plaintiffs' Motion for Entry of Protective Order; and (2) Plaintiffs' Motion to Exceed Number of Interrogatories and Requests for Admissions.

2. The attorney for Plaintiffs is Joseph C. Razanno.

3. The date I proposed was: March 2, 2007, at 10:00 a.m. Mr. Razanno indicated that his co-counsel in Texas would not agree to a hearing of these motions. He did not indicate any objection to the date proposed if a hearing is held. My office contacted the Deputy Clerk of Court to ensure that the Court is available on the above date.

4. Notably, March 2 is the date that Plaintiffs already have requested for a hearing on their second motion to compel responses to certain document requests. (The first motion to compel, which also purportedly sought "clarification" of a prior Order, was filed before responses were even served). It is Defendants' view that all pending discovery-related motions – the first and second motions to compel, and these two motions – should be heard at the same time on March 2.

5. A hearing is requested on the protective order motion because of the importance of this issue to this case and to Defendants. Even after defense counsel repeatedly met and conferred with Plaintiffs' counsel, Plaintiffs continued to insist upon protective order provisions that will impose burdensome and unnecessary procedures upon Defendants. As explained in Defendants' Opposition, these procedures will substantially increase the costs of litigating this case while interfering with Defendants' ability to prepare its expert case. Plaintiffs' proposed procedures also are in contravention of the Federal Rules, including as to issues involving attorney-client privilege and work product. Accordingly, the issues here are of significant importance to this case, and argument thus is requested.

6. As to Plaintiffs' motion concerning the number of interrogatories and requests for admission, Defendants seek a hearing because of the extraordinary and substantial burden

1  Plaintiffs seek to impose upon Defendants through this motion. Although Plaintiffs have drafted
2  their motion to avoid stating the total number of interrogatories and requests for admission
3  sought, the relief requested would result at least in *1,800* interrogatories and requests for
4  admission being served. Plaintiffs' motion was brought in direct contravention of the rules
5  requiring that proposed interrogatories and requests for admission in excess of the ordinarily
6  permitted number be submitted in advance to the Court. The blunderbuss approach to discovery
7  Plaintiffs propose will create an unmanageable discovery process that will significantly hinder the
8  efficient and fair adjudication of this case. For all of these reasons, argument is warranted.

9      7. Finally, Defendants note that while their oppositions to the two pending motions
10 have been filed as of this date because they were due, efforts to meet and confer regarding
11 discovery—especially as to the protective order issue—are still ongoing. Holding argument on
12 March 2 will permit the parties to complete this process, to update the Court on the status of their
13 efforts, and to permit the Court to factor any agreements reached into its final disposition of these
14 and related matters.

15     Respectfully submitted this 13th day of February, 2007.

**CALVO & CLARK, LLP**
**MILBANK, TWEED, HADLEY**
**& MCCLOY LLP**
*Attorneys for Defendants*
Fujitsu Limited and
Fujitsu Microelectronics America, Inc.

By: _____
    **DANIEL M. BENJAMIN**

*CIVIL CASE NO. 06-CV-00025*    3