```
1   TEKER TORRES & TEKER, P.C.
    130 Aspinall Avenue-Suite 2A
2   Hagåtña, Guam 96910
    Telephone: 671.477.9891
3   Facsimile: 671.472.2601

4   UNPINGCO & ASSOCIATES, LLC
    Sinajana Mall-Suite 12B
5   Sinajana, Guam
    Telephone: 671.475.8545
6   Facsimile: 671.475.8550

7   SHORE CHAN BRAGALONE LLP
    325 N. St. Paul Street, Suite 4450
8   Dallas, Texas 75201
    Telephone: 214.593.9110
9   Facsimile: 214.593.91111

10  ATTORNEYS FOR PLAINTIFFS
    Nanya Technology Corp. and
11  Nanya Technology Corp. U.S.A.
```

FILED
DISTRICT COURT OF GUAM
FEB 20 2007
MARY L.M. MORAN
CLERK OF COURT

## UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP. and NANYA TECHNOLOGY CORP. U.S.A., <br><br> Plaintiffs, <br><br> v. <br><br> FUJITSU LIMITED and FUJITSU MICROELECTRONICS AMERICA, INC., <br><br> Defendants. | Case No. CV-06-00025 <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO EXCEED NUMBER OF INTERROGATORIES AND REQUESTS FOR ADMISSION; DECLARATION OF SERVICE** |

### I.

### THERE IS GOOD CAUSE TO PERMIT ADDITIONAL INTERROGATORIES AND ADMISSION REQUESTS

Despite the rhetoric in Defendants' opposition, Defendants fail to rebut several undeniable facts that necessitate additional discovery. First, this suit involves eighteen highly technical patents involving computer memory technology, multiple claims of antitrust violations, and several counts of

patent misuse. Second, Defendants have expressly admitted the need for "modification of the limitations on discovery provided under the Rules."[1] Third, despite Defendants' contention that Plaintiffs can obtain the requested information "within the bounds of the normal discovery process," Defendants have failed to produce a single document despite receiving over 1500 document requests from Plaintiffs. Finally, even though Defendants' accused products have been found in the jurisdiction of Guam thereby subjecting Defendants to this Court's jurisdiction, Defendants continue to stubbornly contest jurisdiction and refuse to respond substantively to Plaintiffs' jurisdictional discovery. On these facts alone, good cause exists to permit additional interrogatories and admission requests that exceed the limitations on discovery provided under the Rules.

As detailed above, in the pleadings, and in the proposed discovery plan submitted by the parties, this suit is an unmistakably complex case "due to the numerous patents at issue and the complexity of the issues."[2] "Complex and lengthy discovery" is anticipated to take "in excess of one year," in the U.S. and in foreign countries, with trial of sixteen days being proposed for January 2009.[3] The current limitation of twenty five interrogatories and twenty five requests for admission are simply not sufficient to investigate the issues surrounding eighteen patents and multiple antitrust claims. In fact, when compared with the fact that discovery is anticipated to take over one year, that discovery is set to occur both in the U.S., Japan, and Taiwan, and that the proposed date for trial is January 2009, the additional discovery requests are completely reasonable and foreseeable.

The additional discovery that Plaintiffs seek inquires into the following distinct areas: (i) the technical specifications, prosecution history, and claim language of each of the eighteen patents; (ii) the circumstances surrounding Defendants' corporate strategy, their attempts to monopolize the

---

[1] See Proposed Discovery Plan, ¶ 3.
[2] Id. at ¶ 2.
[3] Id.

semiconductor memory market through illegal tying arrangements and collusive price discrimination and their efforts to extort a worldwide license from Plaintiffs based on a single Japanese patent; (iii) the circumstances surrounding Defendants' attempts to assert invalid and expired patents against Plaintiffs; (iv) Defendants' failure to inform the U.S. Patent and Trademark Office of relevant prior art during the prosecution of several of the patents-in-suit; (v) financial data from Defendants regarding revenues and sales, gross profits, retail and wholesale prices, market share, licensing agreements, costs and expenses; and (v) the vast array of products that incorporate Defendants' processors and microcontrollers, the end-products into which Defendants' processors and microcontrollers are integrated, and the distribution networks that place these end-products with Defendants' devices into the stream of commerce.[4]  Based on these discrete and independent topics, Plaintiffs request for additional interrogatories and admission requests are not unreasonably cumulative or duplicative.[5]

Given the wide scope of misconduct and the potential of hundreds of millions of dollars in damages, allowing additional discovery would not be unreasonable. Moreover, such discovery would permit both parties a full and fair opportunity to present their cases and the benefits would far exceed the expenses or burdens.

## II.

### DEFENDANTS HAVE REFUSED TO COMPLY WITH THEIR DISCOVERY OBLIGATIONS

Defendants' assertion that the "normal discovery process" is adequate to address Plaintiffs'

---

[4] Because of the numerous topics on which Plaintiffs seek additional interrogatories and admissions requests, Plaintiffs felt it prudent and more expedient not to burden the Court with multiple sets of discovery requests. As stated in Plaintiffs' motion and reiterated herein, Plaintiffs are willing to submit their proposed additional discovery requests should the Court wish to view them.

[5] Defendants' assertion that similar relief was requested and not granted in the Northern District of California action, *Fujitsu Ltd. et al. v. Nanya Technology Corp. et al.*, No. 4:06-cv-06613 (CW), misrepresents the events at the case management hearing on February 2, 2007. Plaintiffs never requested additional discovery requests at the hearing and Defendants' evidence supporting such a spurious claim is unsupported. Defendants, while listing allegedly supporting evidence ("Exh. A hereto, at 11" and "Exh. B"), failed to include any exhibits with their Opposition. There is no evidence of such entry on the Court's PACER system nor is there a separate appendix including such exhibits.

concerns is undermined by the fact that Defendants have refused to comply with their discovery obligations. To date, Defendants have failed to produce a single document or have only belatedly agreed to time frames in which to schedule the depositions of two witnesses for deposition despite receiving over 1500 document requests and requests for deposition from Plaintiffs since December 14, 2006.[6] As a result, the normal bounds of discovery are not available to Plaintiffs.[7] Defendants' further assertion that such additional discovery is unworkable and burdensome is true only if Defendants continue their obstructionist conduct and refuse to work with Plaintiffs to craft a mutually agreeable solution. Although modifying the limitations on discovery is typically reached through agreement, in this case, Defendants are not agreeing to any of Plaintiffs' suggested modifications. Nonetheless, Plaintiffs remain willing to work with Defendants to obtain the information sought in a mutually acceptable manner.

Additionally, Defendants' allegation that limited jurisdictional discovery is adequate to determine the source of a "small handful of products allegedly purchased in Guam" completely misrepresents the jurisdictional inquiry required by the Federal Circuit in patent cases and intentionally seeks to avoid the broad jurisdictional discovery to which Plaintiffs are entitled. Defendants conspicuously fail to mention that the Federal Circuit has expressly recognized that personal jurisdiction exists when accused infringers – such as Defendants in this case – place products into the stream of commerce and the flow of products (whether direct or incorporated into a final product) to the forum is regular and anticipated. *See Commissariat A L'Energie Atomique v. Chi Mei*

---

[6] Had it not been for Judge Wilkins' decision to follow whatever this Honorable Court decides to do with this case, *i.e.*, to keep it or transfer it to her Court, such limited cooperation as we have just recently begun to experience would not have been given. This limited cooperation may disappear at any time.

[7] Because of Defendants' refusal to provide substantive answers to Plaintiffs' discovery requests, Plaintiffs have been forced to seek relief from the Court. *See* Plaintiffs' Motion to Clarify Magistrate Judge's Order and Motion to Compel Substantive Responses to Plaintiffs' Discovery Requests [Docket No. 113]; Plaintiffs' Motion to Compel Substantive Responses to Plaintiffs' First Request for Production to Defendant Fujitsu Microelectronics America, Inc. [Docket No. 132].

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO
EXCEED NUMBER OF INTERROGATORIES AND REQUESTS
FOR ADMISSION                                                                                      PAGE 4 of 7

*Optoelectronics Corp.*, 395 F.3d 1315, 1321 (Fed. Cir. 2005); *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1566 (Fed. Cir. 1994). Moreover, the Federal Circuit has acknowledged that this stream of commerce theory applies to accused parts or devices that may not have "direct" contact with a forum but which may be incorporated into final products that reach the final forum. *See Chi Mei*, 395 F.3d at 1321 (finding personal jurisdiction over a defendant that sold accused parts that were incorporated into final products that reached the jurisdiction even though the accused parts themselves were not directly sold in the jurisdiction). This is true even when – as in the case with Defendants – the accused infringers have no residence in the jurisdiction, no operations or business location in the jurisdiction, pay no business taxes in the jurisdiction, have no employees who work or reside in the jurisdiction, have no license to do business in the jurisdiction and do not own, lease, use, or otherwise possess property in the jurisdiction. *Id.* Thus, the court must assess not only whether the accused parts are sold separately in the jurisdiction, but also whether finished products that incorporate those parts are commercially available in the jurisdiction. *Id.* In this case, Defendants are intentionally avoiding this inquiry and Defendants' prediction that they "will provide Plaintiffs with a list of Defendants' products as well as a list of its customers" has yet to happen and there is nothing to prevent such a prediction from failing to occur except this Court's order that it will happen.

Finally, there is currently no procedure in place to govern the course of claim construction, the disclosure of information regarding infringement and invalidity contentions, the exchange of claim terms, the exchange of claim construction briefs and the claim construction hearing. Defendants' argument that the procedures outlined in the Patent Local Rules is "a far more effective process for focusing claim construction issues than that suggested by Plaintiffs" is inaccurate. Although Plaintiffs agree that the Patent Local Rules would greatly assist in streamlining and organizing the patent litigation aspect of the suit, in this particular instance (*i.e.* jurisdictional discovery and at this juncture) the Patent Local Rules of the Northern District of California do not fully address the extensive

discovery required to investigate the numerous antitrust issues not covered by the rules. Thus, given the magnitude of the issues and the discovery sought, the only reasonable solution is to grant this motion.

### III.

### NOTWITHSTANDING DEFENDANTS' MISREPRESENTATIONS, PLAINTIFFS CONFERRED WITH DEFENDANTS REGARDING ADDITIONAL DISCOVERY

Defendants' assertion that Plaintiffs failed to meet and confer regarding Plaintiffs' requests is completely inaccurate. On January 24, 2007, Plaintiffs met with Defendants at the offices of Defendants' local counsel in order to discuss the proposed scheduling order and discovery plan. At the meeting, Defendants' counsel expressly informed Plaintiffs that they would not agree to granting Plaintiffs' request for additional discovery requests. They opined that Plaintiffs' requests were "ludicrous" and that they would not agree to them. Because of the complex nature of this case with eighteen highly technical patents, multiple claims of antitrust violations, and several instances of patent misuse, and Defendants' recalcitrant attitude toward their discovery obligations, Plaintiffs had no choice but to move the Court to permit additional interrogatories and admission requests.

### IV.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court grant their motion

DATED at Hagåtña, Guam, this 20th day of February, 2007.

**TEKER TORRES & TEKER, P.C.**

By /s/ JOSEPH C. RAZZANO, ESQ.
Attorneys for Plaintiffs

**DECLARATION OF SERVICE**

I, JOSEPH C. RAZZANO, hereby declare that on the 20th day of February, 2007, I will cause to be served, a true and correct copy of Plaintiffs' Reply In Support of Their Motion To Exceed Number of Interrogatories And Request For Admission on Defendants, through their counsel of record, Calvo & Clark, at its offices in Tamuning, Guam.

Dated at Hagåtña, Guam, this 20th day of February, 2007.

_____
JOSEPH C. RAZZANO