**Issued by the**
# DISTRICT COURT OF GUAM

FILED
DISTRICT COURT OF GUAM
FEB 22 2007
MARY L.M. MORAN
CLERK OF COURT

NANYA TECHNOLOGY CORP. and NANYA TECHNOLOGY CORP., U.S.A.,
　　　　　　　　　　　Plaintiffs,
V.
FUJITSU LIMITED and FUJITSU MICROELECTRONICS AMERICA, INC.,
　　　　　　　　　　　Defendants.

## SUBPOENA IN A CIVIL CASE

Case Number:[1] CV06-00025

TO: Custodian of Records
Photo Town Services, Inc.
653 Chalan San Antonio
Suite 103
Tamuning, Guam 96913-3302

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**(SEE EXHIBIT A ATTACHED HERETO)**

| PLACE | DATE AND TIME |
|---|---|
| Teker Torres & Teker, P.C., 130 Aspinall Avenue, Suite 2A, Hagatna, Guam | February 28, 2007 at 1:30 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature], Attorney for Plaintiffs | February 12, 2007 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
| Joseph C. Razzano, Esq.<br>Teker Torres & Teker, P.C.<br>130 Aspinall Avenue, Suite 2A, Hagatna, Guam 96910   477-9891 | |

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.


ORIGINAL

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | February 13, 2007 | Photo Town Services Inc. |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Tatsuro Hasegawa | Hand Delivery |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Ramsey Elliot | Messenger |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    February 20, 2007
                    DATE

SIGNATURE OF SERVER

P O Box 2224 Hagatña, Gu 96913
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## **EXHIBIT A**

## **DEFINITIONS**

1. The term "COMMUNICATION" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2. "Documents" mean the original and any non-identical copy of all "writings," "recordings" and "photographs" as those terms are defined in the FRCP including, but not limited to letters, facsimile communications, electronic mail ("e-mail") communications, telegraphs, cablegrams, telexes, memoranda, notes, records, reports, studies, calendars, diaries, agenda, minutes, books, pamphlets, periodicals, newspaper clippings, graphs, index, charts, tabulations, statistical accumulations, ledgers, financial statements, accounting entries, press releases, contracts, affidavits, transcripts, legal documents, records of meetings and conferences, records of conversations and telephone calls, still photographs, video tapes, motion pictures, tape recordings, microfilm, punch cards, programs, printouts, and the written information necessary to understand and use such films and records.

3. The terms "PLAINTIFF" and "DEFENDANT" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

4. The term "PERSON" is defined as any natural person or business, legal or governmental entity or association.

5. The terms "YOU" and "YOUR" mean Photo Town Service Inc., any affiliated or parent company or its legal representative, agents, representatives, or anyone acting on its behalf.

6. The term "CONCERNING" "RELATING TO," "REFERRING TO," "DESCRIBING," "REFLECTING," "EVIDENCING," and "CONSTITUTING" shall be synonymous and have the same meaning.

7. The term "FUJITSU DEVICES" is defined as any and all devices, products, and tangible things that include memory as a component, including but not limited to, microcontrollers, processors, sensors, and integrated circuits.

## **INSTRUCTIONS**

1. Each DOCUMENT is to be produced along with ALL non-identical drafts or copies thereof in its entirety, without abbreviation or redaction.

2. ALL DOCUMENTS shall be produced in the order or manner that they are kept in the usual course of business, and shall be produced in their original folders, binders, covers or containers, or photocopies thereof.

3. In the event that ANY DOCUMENT called for by these requests or subsequent requests is to be withheld on the basis of a claim of privilege or immunity from discovery, that DOCUMENT is to be identified by stating (i) the author(s), addressee(s) and ANY indicated or blind copy(s); (ii) the DOCUMENT's date, number of pages and attachments or appendices; (iii) the subject matter(s) of the DOCUMENT; (iv) the nature of the privilege or immunity asserted; and (v) ANY additional facts on which YOU would base YOUR claim of privilege or immunity.

4. In the event that ANY DOCUMENT called for by these requests or subsequent requests has been destroyed or discarded, that DOCUMENT is to be identified by stating; (i) the author(s), addressee(s) and ANY indicated or blind recipient(s); (ii) the DOCUMENT'S date, number of pages and attachments or appendices; (iii) the DOCUMENT'S subject matter; (iv) the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (v) the PERSON(s) who were authorized to carry out such destruction or discard; and (vi) whether ANY copies of the DOCUMENT presently exist and, if so, the name of the custodian of each copy.

5. These Requests shall be deemed continuing so as to require further and supplemental production in accordance with the Federal Rules of Civil Procedure.

## REQUESTED DOCUMENTS

1. All DOCUMENTS CONCERNING the design of and sales of any Nikon branded product, including but not limited to digital cameras, that incorporate Fujitsu devices.

2. All DOCUMENTS CONCERNING agreements between any Nikon entity and any Fujitsu entity CONCERNING any Fujitsu devices used in any Nikon entity camera from 1999 to the present.

3. All COMMUNICATIONS between Fujitsu and any Nikon entity CONCERNING the use of any Fujitsu devices used in any Nikon product, including but not limited to digital cameras from 1999 to present.

4. All DOCUMENTS showing sales of any Nikon branded product containing or employing any Fujitsu devices in the U.S., including specifically the territory of Guam.

5. All DOCUMENTS evidencing incorporation of Fujitsu devices (including, but not limited to, the "SPARC" and "SPARClite" series of processors) in products made by Nikon.

6. All DOCUMENTS evidencing incorporation of Fujitsu devices in products bearing the Nikon trademark or trade name.

7. All DOCUMENTS showing shipments, sales, or marketing of products made by or bearing the Nikon trademark or trade name to Guam.

8. All DOCUMENTS identifying Nikon products that incorporate any one or more of the following parts or devices:

    (a) Fujitsu "FR" series of 32 bit RISC microcontrollers (including but not limited to part numbers MB91F133A, MB91191R/F191A,

    MB911912/F192, MB91101A, MB91107, MB91108, MB91121, MB91F127, MB91F128, MB91133, MB91F133, MB91154, MB91F154, MB91155, MB91F155, MB91F158, MB91F362GB, MB91F365GB, MB91F366GA/GB, MB91F367G/GB, MB91F368GB, MB91F369GA, MB91301, MB91305, MB91307B, MB91307R, MB91F312A, MB91F318A, MB91FV319A, MB91352A, MB91353A/F353A, MB91354A, MB91355A, MB91F355A, MB91232L, MB91233L, MB91F233, MB91F233L, MB91263B, MB91F264B, MB91266, MB91F267, MB91F272, MB91F477, MB91F478, MB91401, MB91402, and MB91403);

 (a) Fujitsu "M-2" series, *a.k.a.* "Millennia-2 Mobile," and "SPARClite," a.k.a. "MB8683X" series of camera processors (including but not limited to part numbers MB91188, MB91188A, MB91189, MB91392, MB86831, MB86941, MB86942); and

 (b) Fujitsu "MB91360G" Series of 32 bit RISC microcontrollers with CAN interface (including but not limited to part numbers MB91F362GAPFVS, MB91F362GA, MB91F365GB, MB91F366GB, MB91F367GB, MB91F368GB, and MB91F369GA).

9. All DOCUMENTS CONCERNING products that incorporate any one or more of the following parts or devices:

 (c) Fujitsu "FR" series of 32 bit RISC microcontrollers (including but not limited to part numbers MB91F133A, MB91191R/F191A, MB911912/F192, MB91101A, MB91107, MB91108, MB91121, MB91F127, MB91F128, MB91133, MB91F133, MB91154, MB91F154, MB91155, MB91F155, MB91F158, MB91F362GB, MB91F365GB, MB91F366GA/GB, MB91F367G/GB, MB91F368GB, MB91F369GA, MB91301, MB91305, MB91307B, MB91307R, MB91F312A, MB91F318A, MB91FV319A, MB91352A, MB91353A/F353A, MB91354A, MB91355A, MB91F355A, MB91232L, MB91233L, MB91F233, MB91F233L, MB91263B, MB91F264B, MB91266, MB91F267, MB91F272, MB91F477, MB91F478, MB91401, MB91402, and MB91403);

 (b) Fujitsu "M-2" series, *a.k.a.* "Millennia-2 Mobile," and "SPARClite," a.k.a. "MB8683X" series of camera processors (including but not limited to part numbers MB91188, MB91188A, MB91189, MB91392, MB86831, MB86941, MB86942); and

    (d)    Fujitsu "MB91360G" Series of 32 bit RISC microcontrollers with CAN interface (including but not limited to part numbers MB91F362GAPFVS, MB91F362GA, MB91F365GB, MB91F366GB, MB91F367GB, MB91F368GB, and MB91F369GA).

10.    All DOCUMENTS evidencing incorporation of Fujitsu devices (including, but not limited to the "SPARC" and "SPARClite" series of processors).