**TEKER TORRES & TEKER, P.C.**
130 Asinall Avenue-Suite 2A
Hagatna, Guam 96910
671.477.9891 Telephone
671.472.2601 Facsimile

**UNPINGCO & ASSOCIATES, LLC**
Sinajana Mall-Suite 12B
Sinajana, Guam
671.475.8545 Telephone
671.475.8550 Facsimile

**SHORE CHAN BRAGALONE LLP**
325 N. St. Paul Street, Suite 4450
Dallas, Texas 75201
214.593.9110 Telephone
214.593.9111 Facsimile

ATTORNEYS FOR PLAINTIFFS
Nanya Technology Corp. and
Nanya Technology Corp. U.S.A.

**FILED**
DISTRICT COURT OF GUAM

FEB 22 2007

MARY L.M. MORAN
CLERK OF COURT

**UNITED STATES DISTRICT COURT**

**DISTRICT OF GUAM**

| | |
|---|---|
| NANYA TECHNOLOGY CORP. AND NANYA TECHNOLOGY CORP. U.S.A., | Case No. CV-06-00025 |
| Plaintiffs, | **PLAINTIFFS' UNOPPOSED MOTION FOR ENTRY OF PROTECTIVE ORDER** |
| v. | |
| FUJITSU LIMITED AND FUJITSU MICROELECTRONICS AMERICA, INC., | |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiffs Nanya Technology Corp. and

Nanya Technology Corp. U.S.A. (collectively "NTC") move that the Court enter the proposed

Protective Order attached to the Motion as Exhibit A to govern disclosure of confidential materials

# ORIGINAL

1  during the course of this case.  Defendants do not oppose the motion.  The parties have drafted this

2  proposed Protective Order jointly and the terms and provisions are acceptable to both parties.

3       Accordingly, Plaintiffs respectfully request that the Court grant Plaintiffs' unopposed motion

4  and enter the protective order attached hereto as Exhibit A.

5

6

7  Dated: February 23, 2007          TEKER TORRES & TEKER, P.C.

8

9  By: _____
                Joseph C. Razzano, Esq.

10

11  ATTORNEYS FOR PLAINTIFFS
    Nanya Technology Corp. and

12  Nanya technology Corp. U.S.A.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "A"

# UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP. AND NANYA TECHNOLOGY CORP. U.S.A., | CIVIL CASE NO. 06-CV-00025 |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| FUJITSU LIMITED AND FUJITSU MICROELECTRONICS AMERICA, INC., | |
| Defendants. | |

The parties hereto having stipulated and agreed, by and through their respective counsel, to the entry of a mutual Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and the Court having approved the same,

**IT IS HEREBY ORDERED THAT:**

    1.   <u>Designation of Materials as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY"</u>

Any Party or third party witness or entity in this action (hereinafter "the designating party") shall have the right to designate as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" any document, electronically stored information, thing, material, testimony, information or other form of evidence or discovery, or portion thereof, the party or third party witness or entity believes, in good faith, embodies, contains or reflects such information as defined herein.

STIPULATED PROTECTIVE ORDER

1

a.    "CONFIDENTIAL" means any document, electronically stored information, thing, material, testimony, information (as defined by Rule 34 of the Federal Rules of Civil Procedure) or other form of evidence or discovery, or portion thereof, the party or third party witness or entity believes, in good faith, embodies, contains or reflects confidential information that is used by it in, or pertaining to, its business, which information is not generally known and which that party would normally not reveal to third parties or, if disclosed, would require such third parties to maintain in confidence, including without limitation, research, development, commercial, financial or personnel information.

b.    "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" means any "CONFIDENTIAL" document, electronically stored information, thing, material, testimony, information (as defined by Rule 34 of the Federal Rules of Civil Procedure) or other form of evidence or discovery, or portion thereof, of a commercially sensitive nature that a producing party or producing third party determines in good faith is likely to cause significant competitive harm to its existing or prospective commercial relationships if disclosed to third parties, including, but not limited to, unpublished pending patent applications, foreign or domestic, non-public financial, marketing, strategic, organizational, operational, or competitive information.

2.    Restriction on Use and Disclosure of Designated and Non-Designated Materials

No documents, electronically stored information, things, material, testimony, information or other form of evidence or discovery designated as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY," nor any information derived therefrom, shall be disclosed to any person or entity except as set forth in paragraphs 6, 7, 8, 9, and 10 of this Order. No person shall use any material designated "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY," or any information derived therefrom, for any purpose other than to assist outside

STIPULATED PROTECTIVE ORDER

2

counsel of record in the preparation and trial for this action. Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any designated confidential material.

3.    Marking of Designated Materials

A designation as to documents shall be made by placing a legend on each page of any document that a designating party wishes to protect against unauthorized use or disclosure. In the event that information is produced on computer disc, tape, or other media, a label shall be placed on the computer disc, tape, or other media, or on the cover thereof if necessary, with the legend that shall substantially state the caption of the case and:  "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY."  In the event a copy is made of such computer disc, tape, or other media, a label shall be similarly placed on the computer disc, tape, or other media, or on the cover thereof, in a similar fashion and with the same legend as the label placed on the original computer disc, tape, or other media produced from which it was copied.  In the event that compilations of information are produced on computer systems or databases, such information shall be treated as "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" information pending the production of specific documents from such databases and systems at which time the documents will be formally designated.    The legend shall substantially state the caption of the case and: "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY." All documents to be so designated shall be marked prior to the provision of a physical copy thereof to a receiving party. The designation as to things as to which inspection or sampling has been requested shall be made by placing a "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" legend in the form described above on the thing or the container within which it is stored. By agreement of counsel for the parties, documents may be made available for initial inspection by

STIPULATED PROTECTIVE ORDER

3

counsel for the requesting or receiving party prior to the furnishing party producing copies of selected items. In such cases, documents shall be inspected only by counsel for the receiving party permitted access to anything designated "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY." The furnishing party shall then have an opportunity to designate and mark the documents as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY," pursuant to the provisions of this Order, prior to furnishing copies to the receiving party. Such initial inspection shall not constitute a waiver of the attorney-client privilege, work product immunity, or confidentiality with respect to any document so inspected.

4.    Designation of Deposition Testimony

Any party or deponent may unilaterally designate portions of a deposition transcript as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY," provided such designation is either (a) made on the record during the deposition in which case the transcript of the designated testimony shall be bound in a separate volume and marked either "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" by the reporter or (b) made by written notice to all counsel of record, given within ten (10) business days after a deposition transcript is received by the deponent or his counsel, in which case all counsel receiving a transcript shall be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the designating party. Pending the expiration of ten (10) business days after a deposition transcript is received by the deponent or his counsel, all parties shall treat the deposition testimony and transcript as if it has been designated "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY." The designating party shall have the right to have all persons, except the deponent and his counsel, outside counsel of record for named parties, the court reporter, and such other persons as are permitted to see the designated material under 6 and 7 hereof, excluded from a

STIPULATED PROTECTIVE ORDER

4

deposition, or any portion thereof, before the taking therein of deposition testimony which the designating party designates under this Order.

5.    Filing Designated Materials

Any materials which are filed with the Court for any purpose and which are designated "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" shall be filed in a sealed envelope marked on the outside with the title of the action, an identification of each document there within and a statement substantially in the following form:

> "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER This envelope (or container) containing documents (things) filed by [name of party] is not to be opened nor the contents thereof displayed, revealed or made public, except by written order of the Court or by agreement of the parties."

6.    Access to "CONFIDENTIAL" Materials

Material designated as "CONFIDENTIAL" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

(i)    outside counsel for the parties in this action whose duties and responsibilities require access to confidential information;

(ii)    the regularly employed office staffs and outside vendors for the outside counsel for the parties who are performing legal and other related support services in connection with this action;

(iii)    in-house counsel to the parties, provided that prior to disclosure of designated materials to any such in-house counsel, such in-house counsel indicates his or her agreement in writing to be bound by the terms of this Order by executing a copy of the PROTECTIVE ORDER

STIPULATED PROTECTIVE ORDER

ACKNOWLEDGEMENT attached hereto as Exhibit A and a copy of such executed PROTECTIVE ORDER ACKNOWLEDGMENT is provided to each outside counsel for the parties as identified in subparagraph (i) hereof;

(iv)    the Courts, jurors (only during trial in connection with their service as a juror), court personnel, and stenographic and videographic reporters;

(v)    experts (together with their staff) specifically retained in and for this matter and subject to the provisions of paragraph 10 below;

(vi)    four (4) technical or business employees of the parties to be designated in the future, on a need-to-know basis only, provided that prior to disclosure of designated materials to any such employee, such employee of the receiving party is provided with a copy of this Order and such individual agrees, in writing, to be bound by the terms of this Order by executing a copy of the PROTECTIVE ORDER ACKNOWLEDGEMENT attached hereto as Exhibit A and a copy of such executed PROTECTIVE ORDER ACKNOWLEDGMENT is provided to each outside counsel for the parties as identified in subparagraph (i) hereof;

(vii)    jury consultants, who have first signed the PROTECTIVE ORDER ACKNOWLEDGMENT attached hereto as Exhibit A, which shall be maintained by counsel retaining such persons; and

(viii)    mock jurors and support vendors who have first signed the PROTECTIVE ORDER ACKNOWLEDGMENT attached hereto as Exhibit A, which shall be maintained by counsel retaining such persons.

STIPULATED PROTECTIVE ORDER

6

7.    Access to "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" Materials

Material designated as "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

(i)    outside counsel for the parties in this action whose duties and responsibilities require access to confidential information;

(ii)    the regularly employed office staffs and outside vendors for the outside counsel for the parties who are performing legal and other related support services in connection with this action;

(iii)    the Courts, jurors (only during trial in connection with their service as a juror), court personnel, and stenographic and videographic reporters;

(iv)    experts (together with their staff) specifically retained in and for this matter and subject to the provisions of paragraph 10 below;

(v)    jury consultants, who have first signed the PROTECTIVE ORDER ACKNOWLEDGMENT attached hereto as Exhibit A, which shall be maintained by counsel retaining such persons; and

(vi)    mock jurors and support vendors who have first signed the PROTECTIVE ORDER ACKNOWLEDGMENT attached hereto as Exhibit A, which shall be maintained by counsel retaining such persons.

8.    Disclosures to Authors and Previous Recipients

The designation of any document or other material as either "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" shall not preclude any party from showing the document to any person who appears as the author or as an addressee on the face of the

STIPULATED PROTECTIVE ORDER

7

document, or who has been identified by the designating party as having been provided with the document or the information by the designating party.

9.    Procedure for Seeking Additional Disclosures

Prior to any disclosure of material designated as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY," other than as provided in 6, 7, and 8 above, counsel desiring to make such disclosure shall provide written notification to counsel for the designating party of the desire to make such disclosures, stating therein the specific material to be disclosed and the name, address, and position of the person to whom it is intended that disclosure be made. Disclosure to the person or persons so identified shall not be made until agreement of the designating party is obtained. However, if the designating party does not convey an objection to the proposed disclosure within five (5) business days of receipt of the written notification, the designating party will be deemed to have waived objection to the disclosure and its agreement will be assumed. If within five (5) business days of receipt of the written notification, the designating party gives written notification of its objection to the disclosure to counsel desiring to make the disclosure, the proposed disclosure is forbidden until such time as the requesting party obtains a court order permitting such disclosure.

10.    Disclosure of Designated Material to Experts Specifically Retained For The Purposes of this Litigation

Prior to any disclosure by a party of material designated as either "CONFIDENTIAL" OR "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" by a designated party to any person specified in subsections 6 (v) and 7 (iv), counsel desiring to make such disclosure shall provide written notification to counsel for the designating party of the desire to make such disclosure, stating therein the specific information to be disclosed and the name, address, and position of the person to

STIPULATED PROTECTIVE ORDER

8

whom it is intended that disclosure be made together with a current curriculum vitae including a list of all companies for which such person has consulted during the last four (4) years. Disclosure to the person or persons so identified shall not be made until five (5) business days after a signed copy of PROTECTIVE ORDER ACKNOWLEDGEMENT and the above information has been provided to the designating party. If the designating party does not convey an objection to the proposed disclosure within five (5) business days of receipt of the written notification, the designating party will be deemed to have waived objection to the disclosure and its agreement will be assumed. Thereafter, the designating party shall be provided notice of any additional disclosures of material designated as either "CONFIDENTIAL" OR "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY," specified by Bates number, at the time of such additional disclosure or seasonably thereafter. If within five (5) business days of receipt of the written notification, designating party gives written notification of its objection to the disclosure to counsel desiring to make the disclosure and the parties in good faith are unable to resolve the issue of the intended disclosure, the party seeking disclosure may thereafter file a motion to permit such disclosure and the proposed disclosure will be forbidden until such time as the party seeking disclosure obtains a court order permitting such disclosure. Should the Court find that the position of the designating party opposing such disclosure is not made in good faith, the Court may award to the party seeking disclosure attorneys fees and other costs incurred in making the motion to permit disclosure.

11.     Retention of Confidential Materials

Each qualified person receiving any material designated "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY" (as identified in paragraphs 6 and 7) shall retain (except as otherwise provided in paragraph number 15 hereof) any and all copies of such material. Upon the adjudication or resolution through settlement of the claims at issue herein, unless

STIPULATED PROTECTIVE ORDER

9

otherwise agreed to in writing by an attorney of record for the designating party, that qualified person in retention of any material designated "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL EYES ONLY," shall return all material received, including all copies and extracts thereof, to the outside counsel for the party who directly provided such qualified person with the material.  Outside counsel for the party who directly provided such material to the qualified person shall then dispose of the material in accordance with the procedures outlined in paragraph 15.

12.     Use of Confidential Materials in Court Proceedings

In the event that any material designated "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" is used in any court proceeding, including but not limited to use at trial, it shall not lose its "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

13.     Discovery Sought From Third Parties

In the event that either party having possession, custody or control of any materials designated "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" by the other party receives a subpoena or other process or order to produce materials in another, unrelated legal proceeding from a non-party to this action, such party shall promptly notify counsel for the disclosing party and all parties hereto and provide such counsel and parties with a copy of such subpoena or other process or order, no later than the earlier of three (3) business days following receipt thereof or three (3) business days prior to the return date of such subpoena or other process or order and cooperate with respect to all reasonable procedures sought to be pursued by the disclosing party whose interests may be affected.  The party having designated such materials as

STIPULATED PROTECTIVE ORDER

10

"CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" shall have the burden of defending against such subpoena, process or order.

14.    Inadvertent Production of Privileged Materials

It is agreed that inadvertent production of materials subject to the attorney-client privilege or work-product immunity does not waive the attorney-client privilege or work-product immunity with respect to such production or with respect to other materials or information referred to in the materials produced if a request for return of such materials is made promptly after the disclosing party learns of its inadvertent production. Nothing in this paragraph shall prejudice the right of any party to seek discovery of communications, documents, electronically stored information, and things as to which a claim of privilege has been made. Upon receiving a notification of inadvertent disclosure and request for return of inadvertently disclosed materials, the receiving party shall immediately return the inadvertently disclosed materials, without further review of those materials, and without prejudice to the right to subsequently challenge the claim of privilege as to those inadvertently disclosed materials. Within 5 (five) business days of the return of the inadvertently disclosed materials, the party who sought the return shall provide the receiving party with a privilege log identifying with reasonable specificity the inadvertently disclosed materials that contains the following information: (1) an aggregate listing of the numbers of the withheld documents; (2) an identification of the time periods encompassed by the withheld documents; (3) an affidavit containing the representation(s) that: (a) the withheld documents were: (i) either prepared to assist in anticipated or pending litigation, or (ii) contain information reflecting communications between counsels or counsels' representatives, and the party seeking the return or such party's representatives, for the purpose of facilitating the rendition of legal services to such party; and, (b) intended to be confidential communications.

STIPULATED PROTECTIVE ORDER

11

15.    Disposition of Designated Materials at Conclusion of Case

Within sixty (60) days of the final termination of this action and all appeals or resolution through settlement of the claims at issue herein, unless otherwise agreed to in writing by an attorney of record for the designating party, each party subject to this Protective Order and/or its representatives shall either assemble and return or destroy all material, including all copies and extracts thereof, to the party or third party witness or entity from whom the designated materials were obtained, and certify the destruction of or return to the producing party, all "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" materials and copies thereof. If the assembled materials are destroyed, then an additional certification shall be obtained from an independent third party, selected by the party performing the assembly and destruction, certifying actual destruction of all assembled materials. The party or parties receiving "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" materials may keep their attorney work-product which refers or relates to any "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" materials. Attorney work-product may be used in subsequent litigation provided that such use does not disclose or use "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" material or any information contained therein.

16.    Notice

Notice shall be given to all counsel of record by hand, by fax, by e-mail (with confirmation by certified first class mail) and/or by overnight courier in the serving party's discretion. Service by fax or e-mail will be treated by the parties as service by hand for the purpose of calculating response deadlines if the fax or e-mail is complete, including all exhibits. Service by overnight courier will entitle the other party(ies) to one additional day for its/their response.

STIPULATED PROTECTIVE ORDER

12

17.    Miscellaneous Provisions

(i)    This Protective Order shall be without prejudice to the right of either party to bring before the Court at any time the question of (a) whether any particular information is or is not confidential; or (b) whether any particular information is or is not relevant to any issue of this case. Upon such hearing, the party asserting confidentiality or relevance shall have the burden of establishing the same.

(ii)    Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereof, shall be construed as a waiver of any claim or defense in this action. Moreover, neither the failure to designate information in accordance with the Protective Order nor the failure to object to a designation at a given time shall preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of documents or things, and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

(iii)    The inadvertent or unintended disclosure of materials designated "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" by a designating party, or the failure to initially designate materials as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" under this Order, shall not be deemed a waiver of any claim for protection, provided the designating party gives prompt notice, after discovery of said inadvertent or unintended disclosure or the failure to initially designate, that the materials should be treated confidential in accordance with the provisions of this Order. Upon such notice, the receiving parry must treat the materials as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL

STIPULATED PROTECTIVE ORDER

13

EYES ONLY" and must then make a good faith effort to advise any person to whom such materials may have been disclosed as to the change in designation and the manner in which such materials should thereafter be treated.

(iv)    In the event any one shall violate, or threaten to violate, the terms of this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any violation or threatened violation, and in the event the aggrieved party shall do so, the respondent, subject to the provisions of this Order, shall not employ as a defense thereto any claim that the aggrieved party possesses an adequate remedy at law.  The parties and any other person subject to the terms of this Order agree that this Protective Order shall continue to be binding after termination of this litigation, except with respect to those documents and information that become a matter of public record. The Court retains and shall have continuing jurisdiction over the parties and recipients of "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" materials for enforcement of the provisions of this Protective Order following termination of this litigation.

(v)    Entry of this Order is without prejudice to any party seeking to impose further restrictions on the dissemination of certain materials designated as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" or seeking to rescind, modify, alter, or amend this Order with respect to specific documents or information.  The party seeking such relief shall first attempt in good faith to resolve the matter informally.  If the matter cannot be resolved, the party seeking relief may then apply for a suitable order from the Court.

(vi)    Nothing in the foregoing provisions of this Protective Order shall affect any previous protective order or shall be deemed to preclude any party from seeking and obtaining, on an

STIPULATED PROTECTIVE ORDER

14

appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or relief from this Protective Order with respect to particular designated material.

(vii)    If "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" material produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall immediately bring all pertinent facts related to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies of the party that produced the material, shall make all reasonable efforts to prevent any further disclosure by it or by the person(s) who received such material.

(viii)    Nothing herein is intended in any way to restrict the ability of the receiving party to use "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" material produced to it in examining or cross-examining any current or former employee, expert, or consultant of the producing party, or any person who authored, received, or is a named recipient of the "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" material.

(ix)    All disputes between the parties regarding the interpretation or enforcement of this Protective Order or any other issue related to the disclosure or protection from disclosure of any material designated "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" shall be submitted to this Court for a binding ruling, unless otherwise provided for herein. This paragraph expressly acknowledges the right of any party to apply to this Court to have any particular document, piece of information, or item of testimony that has been designated "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" released from the protection of this Protective Order. Any such challenge to the propriety or correctness of a party's designation of information as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE

STIPULATED PROTECTIVE ORDER

15

COUNSEL EYES ONLY" must be brought within thirty (30) days following the end of discovery, or the right to bring such a challenge will be waived. The time limit of the preceding sentence shall not apply to materials produced after the close of discovery. Before making such an application, any party or third party must notify all parties and/or the third party provider of its intention to seek the removal of the "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" designation from said material and provide the specific identity of the material (including document numbers where applicable or other identifying information). Only if agreement cannot be reached should a motion be filed with the Court. In proceeding on any application, the party making the designation shall have the burden of sustaining it.

(x) Notwithstanding any other provision of this Protective Order to the contrary, the confidentiality obligations of this Protective Order shall not apply or shall cease to apply to any information that:

a. at the time of disclosure hereunder was generally known to the public or the document containing the information is already in the public record by publication or otherwise;

b. since the time of disclosure hereunder has become, through no act or failure on the part of the receiving party, part of the public domain by publication or otherwise;

c. at the time of disclosure was already in the possession of the receiving party and was not acquired directly or indirectly from the producing party or from any third party under obligation of confidence to the producing party;

d. after disclosure hereunder was acquired by the receiving party from a third party lawfully possessing the same and having no obligation to the producing party hereunder;

STIPULATED PROTECTIVE ORDER

16

e.    the disclosing party agrees may be disclosed to a third party under no obligation of confidentiality;

f.    the disclosing party disclosed to any government entity without request for confidential treatment; or

g.    the party claiming that he/she/it is relieved of the obligation of this Protective Order by operation of any of paragraph 17(x)(a-f) shall have the burden of proving that any of the provisions of paragraph 17(x)(a-f) apply.

STIPULATED PROTECTIVE ORDER

17

So STIPULATED and AGREED TO:

1  Date: __2/16/07__          Date: __2/16/07__

2

3  **SHORE CHAN BRAGALONE LLP**          **MILBANK, TWEED, HADLEY & MCCLOY LLP**

4

5  By _____          By _____
6     Michael W. Shore, Esq.          Christopher E. Chalsen, Esq.
      Alfonso Garcia Chan, Esq.          Michael M. Murray, Esq.
7     Martin Pascual, Esq.          Lawrence T. Kass, Esq.
      325 N. St. Paul Street, Suite 4450          1 Chase Manhattan Plaza
8     Dallas, Texas 75201          New York, New York 10005
      Telephone: (214) 593-9110          Telephone: (212) 530-5000
9     Facsimile: (214)593-9111          Facsimile: (212) 530-5219

10    **SHORE WEST FREEMAN P.C.**          **CALVO & CLARK, LLP**
11    Kenneth E. Shore, Esq.          Daniel M. Benjamin, Esq.
      Vance P. Freeman, Esq.          655 South Marine Corps Drive, Suite 202
12    2020 Bill Owens Parkway, Suite 200          Tamuning, Guam 96913
      Longview, Texas 75604          Telephone: (671) 646-9355
13    Telephone: (903) 295-7200          Facsimile: (671) 646-9403
      Facsimile: (902) 295-7201
14
                                    Attorneys for Defendants
15    **TEKER TORRES & TEKER, P.C.**          FUJITSU LIMITED, AND
      Joseph C. Razzano, Esq.          FUJITSU MICROELECTRONICS
16    130 Aspinall Avenue, Suite 2A          AMERICA, INC.
      Hagåtña, Guam 96910
17    Telephone: (671) 477-9891-4
      Facsimile: (671) 472-2601
18
19    **UNPINGCO & ASSOCIATES**
      Sinajana Mall, Suite 12B
20    Sinajana, Guam
      Telephone: (671) 475-8545
21    Facsimile: (671) 475-8550

22
      Attorneys for Plaintiffs
23    NANYA TECHNOLOGY CORP. AND
      NANYA TECHNOLOGY CORP. U.S.A.
24

25

26
      STIPULATED PROTECTIVE ORDER
27
                                    18
28

| | |
|---|---|
| NANYA TECHNOLOGY CORP., and<br>NANYA TECHNOLOGY CORP. U.S.A., | )    CIVIL CASE NO. 06-CV-00025 |

NANYA TECHNOLOGY CORP., and
NANYA TECHNOLOGY CORP. U.S.A.,                    )    CIVIL CASE NO. 06-CV-00025
                                                  )
                Plaintiffs,                       )
                                                  )
        vs.                                       )    **PROTECTIVE ORDER**
                                                  )    **ACKNOWLEDGEMENT**
                                                  )
FUJITSU LIMITED, FUJITSU                           )
MICROELECTRONICS AMERICA, INC.,                    )
                                                  )
                Defendants.                        )

I, _____, state the following:

1.  My current address is_____.

2.  My present employer is _____.

3.  My present occupation or job description is _____

_____.

4.  My past and present business relationships with the party retaining my services are:

_____

_____.

5.  If a retained expert, a copy of my current curriculum vitae is attached hereto.

6.  I have read and understand the Stipulated Protective Order in the above-captioned case (a copy of which is attached and whose definitions are incorporated herein) and I attest to my understanding that I may be given access to materials designated as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY," in accordance with the terms of the Stipulated Protective Order, and that such access shall be governed by the Order. I agree to be bound by the terms of the Order, I agree to comply with all of its provisions, and hereby subject myself to the jurisdiction of the Court for all purposes related to the Order.

7.  I shall not use or disclose any "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" materials to others, except in accordance with the Order or as otherwise

CERTIFICATE OF SERVICE                                      PAGE 1 OF 2

permitted by the Court or by agreement of the parties. I also understand that, in the event that I fail

to abide by the terms of this Protective Order Acknowledgement or the Order, I may be subject to

sanctions by way of contempt of court and to separate legal and equitable recourse by the adversely

affected Designating Party.

8.    I agree to return or destroy and certify in writing destruction of all

"CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" which come into

my possession, and all materials that I prepare relating thereto, to counsel for the party for whom I

was employed or retained. I will do this immediately upon receiving a request from counsel or the

party for whom I was employed or retained or, in any event, by no later than 15 days after I have

been notified that the litigation between the parties has ended.

_____
Signature

_____
Printed Name

_____
Address