1  **RODNEY J. JACOB, ESQ.**
   **DANIEL M. BENJAMIN, ESQ.**
2  **JENNIFER A. CALVO-QUITUGUA, ESQ.**
   **CALVO & CLARK, LLP**
3  Attorneys at Law
   655 South Marine Corps Drive, Suite 202
4  Tamuning, Guam 96913
   Telephone:    (671) 646-9355
5  Facsimile:    (671) 646-9403
6
7  **CHRISTOPHER E. CHALSEN, ESQ.**
   **MICHAEL M. MURRAY, ESQ.**
8  **LAWRENCE T. KASS, ESQ.**
   **MILBANK, TWEED, HADLEY & MCCLOY LLP**
9  1 Chase Manhattan Plaza
   New York, New York 10005
10 Telephone:    (212) 530-5000
   Facsimile:    (212) 822-5796
11
12 *Attorneys for Defendants*
   FUJITSU LIMITED AND
13 FUJITSU MICROELECTRONICS AMERICA, INC.
14
15              IN THE UNITED STATES DISTRICT COURT
16                      DISTRICT OF GUAM
17 NANYA TECHNOLOGY CORP. and          CIVIL CASE NO.  06-CV-00025
   NANYA TECHNOLOGY CORP. U.S.A,
18
19                  Plaintiff,
                                       ***ERRATA* TO DEFENDANTS'**
20          -v-                        **OPPOSITION TO PLAINTIFFS'**
                                       **MOTION TO EXCEED NUMBER OF**
21 FUJITSU LIMITED, FUJITSU            **INTERROGATORIES AND**
   MICROELECTRONICS AMERICA, INC.,     **REQUESTS FOR ADMISSIONS**
22
                   Defendants.
23
24
25
26
27
28
   *CIVIL CASE NO. 06-CV-00025*

FILED
DISTRICT COURT OF GUAM
FEB 23 2007
**MARY L.M. MORAN**
**CLERK OF COURT**

ORIGINAL

1   Defendants hereby submit this *errata* to Defendants' Opposition to Plaintiffs' Motion to

2   Exceed Number of Interrogatories and Requests for Admissions. The sole correction is to

3   include Exhibits A and B thereto, which were inadvertently left off the original filing. They are

4   attached hereto as Exhibits A and B.

5   Dated this 23rd day of February, 2007.

6
7
8
9
10
11
12

**CALVO & CLARK, LLP**
**MILBANK, TWEED, HADLEY**
**& MCCLOY LLP**
*Attorneys for Defendants*
Fujitsu Limited and
Fujitsu Microelectronics America, Inc.

By

DANIEL M. BENJAMIN

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*CIVIL CASE NO. 06-CV-00025*

1

# EXHIBIT A

1  MILBANK, TWEED, HADLEY & MCCLOY LLP
   Gregory Evans (State Bar No. 147623)
2  Chris L. Holm (*Pro Hac Vice*)
   601 South Figueroa Street, 30th Floor
3  Los Angeles, California 90017
   Telephone: (213) 892-4000
4  Facsimile: (212) 822-5796
   gevans@milbank.com
5  cholm@milbank.com

6  MILBANK, TWEED, HADLEY & MCCLOY LLP
   Christopher E. Chalsen (*Pro Hac Vice*)
7  Michael M. Murray (*Pro Hac Vice*)
   Lawrence T. Kass (*Pro Hac Vice*)
8  1 Chase Manhattan Plaza
   New York, NY 10005
9  Telephone: (212) 530-5000
   Facsimile: (212) 822-5796
10 cchalsen@milbank.com
   mmurray@milbank.com
11 lkass@milbank.com

12 **Attorneys for Plaintiffs,**
   **FUJITSU LIMITED and**
13 **FUJITSU MICROELECTRONICS**
   **AMERICA, INC.**
14

Martin C. Fliesler (SBN 073768)
mcf@fdml.com
Rex Hwang (SBN 221079)
rhwang@fdml.com
Justas Geringson (SBN 240182)
jgeringson@fdml.com
FLIESLER MEYER LLP
Four Embarcadero Center, Fourth Floor
San Francisco, CA 94111
Telephone:   (415) 362-3800
Facsimile:   (415) 362-2928

Michael Shore (*Pro Hac Vice*)
mshore@shorechan.com
Alfonso Chan (*Pro Hac Vice*)
achan@shorechan.com
Martin Pascual (*Pro Hac Vice*)
mpascual@shorechan.com
SHORE CHAN BRAGALONE, LLP
325 N. St. Paul St. Suite 4350
Dallas, TX 75201
Telephone:   (214) 593-6110
Facsimile:   (214) 593-6111

**Attorneys for Defendants**
**Nanya Technology Corp. and**
**Nanya Technology Corp. U.S.A.**

15

16                          UNITED STATES DISTRICT COURT
                          NORTHERN DISTRICT OF CALIFORNIA
17                                OAKLAND DIVISION

18  FUJITSU LIMITED and FUJITSU
    MICROELECTRONICS AMERICA, INC.          CASE NO. 4:06-cv-06613 (CW)
19
            Plaintiffs,                      **RULE 26(f) REPORT, JOINT CASE**
20                                           **MANAGEMENT STATEMENT, AND**
            vs.                              **PROPOSED ORDER**
21
    NANYA TECHNOLOGY CORP. and NANYA
22  TECHNOLOGY CORP. U.S.A.

23          Defendants.

24

25

1    The parties to the above-entitled action respectfully submit this Rule 26(f) Report,

2    Joint Case Management Statement, and Proposed Order for the above-captioned case.

3                            **DESCRIPTION OF THE CASE**

4        **1.    A brief description of the events underlying the action:**

5            **A.    Plaintiffs' Position:**

6            In 1999, Fujitsu Limited (a Japanese corporation referred to herein as "Fujitsu")

7    began discussions with Nanya Technology Corporation (a Taiwanese corporation referred to

8    herein as "Nanya") with regard to Nanya's need for a license in certain patents owned by Fujitsu

9    that Nanya infringed. After failing to make sufficient progress in the negotiations, in 2005

10   Fujitsu initiated a proceeding in Japan (the "Japanese litigation") against Nanya Technology

11   Japan (a Japanese subsidiary of Nanya, referred to herein as "Nanya Japan") alleging patent

12   infringement based on one of Fujitsu's Japanese patents (the "Japanese patent"). Efforts to settle

13   that case under the supervision of the Japanese court have been ongoing. During the settlement

14   discussions, the parties began discussing settlement of both the Japanese litigation as well as,

15   with Nanya's express consent, a worldwide settlement that would result in a license in a portfolio

16   of Fujitsu patents, including U.S. patents. The patent settlement discussions are confidential and

17   covered by Rule 408 of the Federal Rules of Evidence. However, Fujitsu notes that Nanya

18   herein mischaracterizes Fujitsu's settlement positions and grossly overstates the royalties

19   proposed by Fujitsu. For example, at all times, Fujitsu has been willing to negotiate a settlement

20   for the Japanese patent only and remains willing to license either the Japanese patent or Fujitsu's

21   larger portfolio of patents.

22           In August 2006, Nanya asked Fujitsu to provide a list of its U.S. patents that were

23   at issue during the negotiations so that Nanya could allegedly better prepare for an upcoming

24   settlement meeting. Fujitsu provided that list to Nanya. However, rather than using the list to

25   prepare for the negotiations, Nanya used the list to bring a declaratory judgment action in Guam

1   (the "Guam litigation") on September 13, 2006 against Fujitsu and its U.S. subsidiary, Fujitsu

2   Microelectronics America, Inc. ("FMA"). The Guam litigation seeks declaratory relief for each

3   and every Fujitsu U.S. patent that was on the list provided to Nanya. It is believed that Nanya

4   chose Guam possibly to harass Fujitsu and FMA and drum up their litigation costs. Neither

5   Nanya, Nanya USA, Fujitsu Limited, nor FMA have any place of business in or any substantial

6   contacts with Guam.

7          Nanya presented the Guam complaint to Fujitsu at the settlement meeting and

8   thereafter advised Fujitsu in essence that if it wanted to litigate in the U.S. it was now stuck in

9   Guam. Believing that Guam was clearly an inappropriate forum for this dispute, Fujitsu and

10  FMA filed this action in the Northern District of California against Nanya and its U.S.

11  subsidiary, Nanya Technology Corp. USA ("Nanya USA"). The Northern District of California

12  is the principal place of business for FMA and for Nanya USA. In this action, Fujitsu has

13  asserted four of its U.S. patents (the "Fujitsu patents") and has asked for a declaratory judgment

14  that three Nanya patents (the "Nanya patents") are invalid and not infringed. Nanya's Guam

15  Complaint did not list Fujitsu's '486 patent and Fujitsu's claims under that patent relate to and

16  arise out of different conduct, transactions, and occurrences than those that Nanya set forth or

17  attempted to set forth in its Guam Complaint.

18         On November 17, 2006, Nanya amended its Guam complaint to add additional

19  claims, including a declaratory judgment claim against Fujitsu's '486 patent, and to add a new

20  party -- Nanya USA -- as a co-plaintiff. Fujitsu and FMA have each filed motions to dismiss the

21  Guam litigation or alternatively to transfer the Guam litigation to this district. Further, Fujitsu

22  has not been properly served in the Guam litigation. Arguments on Fujitsu's and FMA's motion

23  to dismiss or transfer are scheduled for March 22, 2007.

24         Although Nanya has filed two motions to dismiss in the present case (Motion to

25  Dismiss for Insufficient Service of Process or Alternatively to Quash Service of Process,

1    November 22, 2006, Dkt. No. 14; Motion to Dismiss, Transfer or Stay Case, November 22, 2006

2    Dkt. No. 18), Fujitsu opposes those motions on the grounds that (a) Nanya has properly been

3    served (Opposition, January 12, 2007, Dkt. No. 52); and (b) jurisdiction and venue are

4    appropriate in this Court and the Northern District of California is the most convenient forum

5    (Opposition, January 12, 2007, Dkt. No. 51).

6            Fujitsu further believes that this case is actually the "first filed" case because by

7    filing its amended complaint Nanya introduced new parties and new issues in the Guam case

8    after the filing date of the instant case.

9            **B.    Defendants' Position:**

10           Fujitsu sued Nanya in Tokyo District Court in 2005 for infringement of a single

11   claim of one Japanese patent directed to one group of Nanya products. During the course of

12   settlement discussions ordered by the Tokyo District Court, Fujitsu accused Nanya of infringing

13   several U.S. patents and threatened to cut off access to the Japanese market unless Nanya agreed

14   to pay Fujitsu royalties on a worldwide basis for all Nanya products. The royalties demanded by

15   Fujitsu amounted to $1.2 Billion.

16           Nanya sued Fujitsu on September 13, 2006, in the District of Guam, Case No.

17   CV-06-00025 (the "Guam Suit"), asserting antitrust claims and requesting a declaration that the

18   following United States patents are invalid, unenforceable, and not infringed by Nanya: United

19   States Patent Nos. 4,641,166 ("'166 Patent"); 4,458,336 ("'336 Patent"); 5,688,712 ("'712

20   Patent"); 5,841,731 ("'731 Patent"); 4,692,689 ("'689 Patent"); 4,527,070 ("'070 Patent");

21   4,384,918 ("'918 Patent"); 4,539,068 ("'068 Patent"); 5,397,432 ("'432 Patent"); 5,227,996 ("'996

22   Patent"); 5,339,273 ("'273 Patent"); 4,801,989 ("'989 Patent"); 6,292,428 ("'428 Patent"); and

23   6,320,819 ("'819 Patent"). In the Guam suit, Nanya also alleged that Fujitsu infringed the

24   following United States patents:  U.S. Patent Nos. 6,790,765 ("765 Patent"), 6,225,187 ("'187

25

. .

1  Patent"), and 6,426,271 ("'271 Patent"). Nanya also asserted claims of antitrust violations

2  against Fujitsu in the Guam suit.

3        Fujitsu filed Objections to the Magistrate's Order granting Nanya's motion for

4  alternative service of process on Fujitsu. But on January 25, 2007, Chief Judge Frances M.

5  Tydingco-Gatewood of the District Court of Guam overruled Fujitsu's Objections. *See* Docket

6  No. 119 in the Guam Suit, Case No. CV-06-00025. The Court in the Guam Suit has scheduled a

7  Case Management Conference to be held on January 30, 2007.

8        Six weeks after the filing of the Guam suit, Fujitsu sued Nanya in this Court,

9  claiming that Nanya infringes the '989, '486, '428, and '819 Patents, and asking the Court to

10 declare that the '765, '187, and '271 Patents are invalid. All of those patents are at issue in the

11 previously-filed Guam suit. Unlike the Guam suit, however, no antitrust-related claims are at

12 issue in the present action.

13        Nanya timely filed a Motion to Dismiss for Insufficient Service of Process or

14 Alternatively to Quash Service of Process [Doc. 14], as well as a Motion to Dismiss, Transfer, or

15 Stay the Case [Doc. 18] in favor of the first-filed Guam suit. Nanya has not filed an answer or

16 any counterclaims in this lawsuit to date pending resolution of the pending motions. Nanya will

17 not address all of the misrepresentations of facts in Fujitsu's recitation above. Suffice it to say

18 that Fujitsu's version of the history of events between the parties is grossly inaccurate and false.

19 One thing Nanya would like to make clear is that it has never, and would never, state that Guam

20 is a place where litigants are "stuck." Guam is a convenient, appropriate and quite beautiful

21 forum for a Taiwanese company to litigate United States federal claims in a federal district court

22 Congress created precisely for such a purpose, especially against a Japanese corporation located

23 within only 3.5 hours distance by air.

24

25

1    **2.    The principal factual and legal issues which the parties dispute:**

2          **A.    Plaintiffs' Position:**

3                Plaintiffs understand the parties to dispute:

4    1.    Whether the Fujitsu patents are valid, enforceable and infringed by Nanya;

5    2.    Whether the Nanya patents are invalid and not infringed by Fujitsu;

6    3.    What the appropriate measure of damages is for Nanya's infringement;

7    4.    Whether Nanya has willfully infringed the Fujitsu patents and whether, as a result,

8    damages should be increased under 35 U.S.C. § 284;

9    5.    Whether Nanya USA is in default for failing to timely file an Answer or other

10    responsive pleading;

11    6.    Whether this is an exceptional case such that Fujitsu should be awarded its

12    attorneys' fees and costs;

13    7.    Whether the two forms of service that Fujitsu has executed against Nanya are

14    sufficient;

15    8.    Whether this case should be dismissed, transferred to Guam or stayed pending the

16    Guam litigation;

17          **B.    Defendants' Position:**

18                Nanya understands the parties to dispute:

19    a. whether Nanya Taiwan was sufficiently served with process;

20    b. whether this Court should exercise jurisdiction over this dispute; and

21    c. whether this Court should transfer this suit to the District of Guam.

22                Should the Court decide to exercise jurisdiction over this case, Nanya understands

23    that the parties would dispute:

24    d. the proper construction of the claims of the Fujitsu Patents and the Nanya Patents;

25

1   e. whether the Fujitsu Patents and the Nanya Patents are invalid under 35 U.S.C. § 102,

2 103, and/or 112;

3   f. whether the Fujitsu Patents and the Nanya Patents are unenforceable;

4   g. whether Nanya directly infringes the Fujitsu Patents under 35 U.S.C. § 271 (a);

5   h. for any Defendant found to infringe a valid, enforceable patent claim, the amount of

6 damages, if any, to be awarded in favor of Fujitsu against that infringer; and

7   i. whether the case is exceptional and justifies an award of costs (including expert fees),

8 disbursements, and reasonable attorneys' fees to Fujitsu or Nanya.

9  **3.  The other factual issues which remain unresolved for the reason stated below and how the parties propose to resolve those issues:**

10

    **A.  Plaintiffs' Position:**

11

12   As noted above, Nanya has filed a motion contesting the sufficiency of service of process in this case (Dkt. No. 14) and has also filed a motion to dismiss, transfer or stay the case

13

(Dkt. No. 18). Plaintiffs filed oppositions to those motions on January 12, 2007 (Dkt. Nos. 51,

14

52). These motions are set for argument on February 2, 2007. Plaintiffs are not aware of any

15

other factual issues, other than those identified above and set forth in the Complaint in this

16

action.

17

    **B.  Defendants' Position:**

18

19   As set forth in its Motion to Dismiss for Insufficient Service of Process or Alternatively to Quash Service of Process [Doc. 14], Nanya has contested the sufficiency of

20

service of process in this case, and as set forth in its Motion to Dismiss, Stay, or Transfer the

21

Case [Doc. 18], Nanya requests that the Court dismiss, stay, or transfer this case due to Nanya's

22

first-filed complaint in the United States District Court of Guam.

23

24

25

1    **4.    The parties which have not been served and the reasons:**

2         **A.    Plaintiffs' Position:**

3         Plaintiffs assert that both of the Defendants have been properly served.  In fact,

4    Nanya has been served at least twice.  Nanya USA does not dispute that it has been properly

5    served.  Nanya filed a motion to dismiss alleging that it has not been served and Fujitsu opposes

6    that motion.

7         **B.    Defendants' Position:**

8         As set forth in its Motion to Dismiss for Insufficient Service of Process or

9    Alternatively to Quash Service of Process [Doc. 14], Nanya claims that it has not been

10   sufficiently served with process.

11   **5.    The additional parties which the below-specified parties intend to join and
the intended time frame for such joinder:**

12

13        **A.    Plaintiffs' Position:**

         At this time, Plaintiffs are unaware of any additional parties that need to be

14   joined.

15        **B.    Defendants' Position:**

16        Nanya believes there are no remaining parties not joined in this litigation.

17   **6.    The following parties consent to assignment of this case to a United States
18   Magistrate Judge for jury trial:**

19        No party consents to assignment of this case to a United States Magistrate Judge

20   for jury trial.

21

22

23

24

25

## ALTERNATIVE DISPUTE RESOLUTION

7.    **The parties filed a Notice of Need for ADR Phone Conference on January 23, 2007.  An ADR Phone Conference is scheduled for February 1, 2007 at 10:30 a.m. PST.**

## DISCLOSURES

8.    **The parties certify that they have made the following disclosures:**

**A.    Plaintiffs' Position:**

Plaintiffs are making initial disclosures concurrently with this Case Management Statement, on January 26, 2007, pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.

**B.    Defendants' Position:**

Nanya is making initial disclosures concurrently with this Case Management Statement, on January 26, 2007, pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.

## DISCOVERY

9.    **The parties agree to the following discovery plan:**

**A.    Plaintiffs' Position:**

Plaintiffs suggest the following schedule:

| EVENT | DATE |
|---|---|
| Last day for parties to exchange Initial Disclosures under Fed. R. Civ. P. 26(a)(1)(f). | January 26, 2007 |
| Last day for parties to submit their Rule 26(f) Report to the Court. | January 26, 2007 |
| Joint Case Management Conference Statement | January 26, 2007 |
| Initial Case Management Conference | February 2, 2007 |
| Mediation to be completed by this date | June 2008 |
| Claim Construction/Markman Hearing | February 2008 |
| Fact Discovery Cut-off | Three (3) months after entry of Claims Construction Order by Court |
| Expert reports due under Fed. R. Civ. P. 26(a)(2) on issues for which submitting party has the burden of proof. | Four (4) months after entry of Claims Construction Order by Court |
| Rebuttal expert reports due under Fed. R. Civ. P. 26(a)(2). | Five (5) months after entry of Claims Construction Order by Court |
| Expert Discovery Cut-off. | Six (6) months after entry of Claims Construction Order by Court |
| Last day to file dispositive motions. | Seven (7) months after entry of Claims Construction Order by Court |
| Trial | Three (3) months after decision on dispositive motions. |

Plaintiffs do not believe that any of the limitations on discovery set forth in the Federal Rules and/or Local Rules need to be adjusted at this time, but may revisit this issue as discovery progresses. Plaintiffs object to Defendants' efforts to expand the scope and quantum of discovery.

**B.    Defendants' Position:**

If the Court decides to exercise jurisdiction over this lawsuit, Nanya believes that discovery should be conducted in accord with the Federal Rules of Civil Procedure, the Local Rules of Practice in Civil Proceedings before the United States Court for the Northern District of California, and the Local Rules of Practice for Patent Cases before the United States District Court for the Northern District of California.

As of the date of submission of the filing, Nanya has not filed an answer or any counterclaims against Fujitsu in this case. If the Court decides to dismiss this case as Nanya has requested, the following proposed schedule would be moot. In the event that the Court decides

1  to exercise jurisdiction over the case, Nanya will then answer and determine whether to file

2  counterclaims. In the event that Nanya files counterclaims of patent infringement, the filing date

3  of those counterclaims would trigger certain filing requirements under the Patent Local Rules.

4         Thus, Nanya proposes that all deadlines up to and including a claim construction

5  hearing be governed by the Patent Local Rules, and proposes the following deadlines following

6  the entry of an order by the Court construing the claims of the patents in suit.

| EVENT | DATE |
|---|---|
| Last day for parties to exchange Initial Disclosures under Fed. R. Civ. P. 26(a)(1)(f). | 1-26-2007 |
| Last day for parties to submit their Rule 26(f) Report to the Court. | 1-26-2007 |
| Joint Case Management Conference Statement | 1-26-2007 |
| Initial Case Management Conference | 2-2-2007 |
| Mediation to be completed by this date | Ten (10) months after entry of Claims Construction Order by Court |
| Claim Construction/Markman Hearing | November 2007 |
| Fact Discovery Cut-off | Six (6) months after entry of Claims Construction Order by Court |
| Expert reports due under Fed. R. Civ. P. 26(a)(2) on issues for which submitting party has the burden of proof. | Seven (7) months after entry of Claims Construction Order by Court |
| Rebuttal expert reports due under Fed. R. Civ. P. 26(a)(2). | Nine (9) months after entry of Claims Construction Order by Court |
| Expert Discovery Cut-off. | Ten (10) months after entry of Claims Construction Order by Court |
| Last day to file dispositive motions. | Eleven (11) months after entry of Claims Construction Order by Court |
| Trial | Thirteen (13) months after entry of Claims Construction Order by Court |

20        Furthermore, because this is a complex patent litigation case, Nanya would

21  request that the Court order that the parties be allowed to exceed discovery limits set forth in the

22  Federal and Local Rules. Specifically, Nanya would request that the parties be allowed to have

23  twenty-five (25) interrogatories and twenty-five (25) requests for admission for each patent at

24  issue in this lawsuit, both offensive and defensive.

25

1

## TRIAL SCHEDULE

2    **10.    The parties request a trial date as follows:**

3         **A.    Plaintiffs' Position:**

4         Plaintiffs suggest a trial date three months after decisions on dispositive motions.

5         **B.    Defendants' Position:**

6         If the Court decides to exercise jurisdiction over this lawsuit, Nanya would

7    request that the Court set a trial date to occur thirteen (13) months after the issuance of a claim

8    construction order by the Court.

9    **11.    The parties expect that the trial will last for the following days.**

10        **A.    Plaintiffs' Position:**

11        Plaintiffs estimate the length of trial to be 20 days.

12        **B.    Defendants' Position:**

13        At this time it is difficult to estimate the length of a trial if the Court does decide

14    to exercise jurisdiction over this lawsuit, but Nanya estimates that any such trial could require up

15    to 3 trial days for each patent at issue.

16

17

18

19

20

21

22

23

24

25

1

2   Dated: _January 26, 2007_        By: _____

                                      MILBANK, TWEED, HADLEY & McCLOY LLP
3                                     Gregory Evans (State Bar No. 147623)
                                      Chris L. Holm (*Pro Hac Vice*)
4                                     601 South Figueroa Street, 30th Floor
                                      Los Angeles, California 90017
5                                     Telephone: (213) 892-4000
                                      Facsimile: (212) 822-5796
6
                                      MILBANK, TWEED, HADLEY & McCLOY LLP
7                                     Christopher E. Chalsen (*Pro Hac Vice*)
                                      Michael M. Murray (*Pro Hac Vice*)
8                                     Lawrence T. Kass (*Pro Hac Vice*)
                                      Frank A. Bruno (*Pro Hac Vice*)
9                                     1 Chase Manhattan Plaza
                                      New York, NY 10005
10                                    Telephone:(212) 530-5000
                                      Facsimile: (212) 822-5796
11
                                      Attorneys for Plaintiffs
12                                    FUJITSU LIMITED and
                                      FUJITSU MICROELECTRONICS AMERICA, INC.
13  Dated: _January 26, 2007_         _____ for
14                                    Alfonso G. Chan (*Pro Hac Vice*)
                                      **Shore Chan Bragalone LLP**
15                                    325 North Saint Paul Street, Suite 4450
                                      Dallas, Texas 75201
16                                    ATTORNEYS FOR DEFENDANTS NANYA

17

18

19

20

21

22

23

24

25

# CASE MANAGEMENT ORDER

Having considered the Rule 26(f) Report and Joint Case Management Statement submitted by the parties, the Court orders the parties to comply with the following schedule:

| EVENT | DATE |
|---|---|
| Last day for parties to exchange Initial Disclosures under Fed. R. Civ. P. 26(a)(1)(f). | January 26, 2007 |
| Last day for parties to submit their Rule 26(f) Report to the Court. | January 26, 2007 |
| Joint Case Management Conference Statement | January 26, 2007 |
| Initial Case Management Conference | February 2, 2007 |
| Mediation to be completed by this date | |
| Claim Construction/Markman Hearing | |
| Fact Discovery Cut-off | |
| Expert reports due under Fed. R. Civ. P. 26(a)(2) on issues for which submitting party has the burden of proof. | |
| Rebuttal expert reports due under Fed. R. Civ. P. 26(a)(2). | |
| Expert Discovery Cut-off. | |
| Last day to file dispositive motions. | |
| Trial | |

Dated: _____    _____

**UNITED STATES DISTRICT JUDGE**

# EXHIBIT B

1          IN THE UNITED STATES DISTRICT COURT

2          FOR THE NORTHERN DISTRICT OF CALIFORNIA

3    FUJITSU LIMITED, et al,                    No. C 06-06613 CW

4      v.                                       MINUTE ORDER AND
                                                CASE MANAGEMENT
5    NANYA TECHNOLOGY CORP., et al              ORDER
     _____/
6

7    Clerk: Sheilah Cahill          Reporter: Raynee Mercado
     Plaintiff Attorney: Chris Holm; Michael Murray; Christopher Chalsen
8    Defendant Attorney: Martin Fliesler; Alfonso Chan; Kenneth Shore

9        A case management conference was held on: 2/2/07.   The Case
     Management Statement and Proposed Order filed by the parties is hereby
10   adopted by the Court as the Case Management Order for the case, except
     as may be noted below.   The Court's standard Order for Pretrial
11   Preparation also applies.

12   The case is hereby referred to the following ADR process:
     Non-binding Arbitration: [ ]     Early Neutral Evaluation:  [ ]
13   Court-connected mediation:  [ X ]     Private mediation:  [ ]
     Magistrate Judge settlement conference:  [ ]
14   ADR session to be held by:                              [06/01/07]
     (or as soon thereafter as is convenient to the mediator's schedule)
15

     Deadline to add additional parties or claims:           [02/02/07]
16     (with exception of any counterclaim filed with answer)
     Date of next case management conference:                [02/01/08]
17

     Completion of Fact Discovery:                           [02/01/08]
18   Disclosure of identities and reports of expert witnesses: [03/03/08]
                                                   Rebuttal:   [04/01/08]
19   Completion of Expert Discovery:                         [06/02/08]

20   All case-dispositive motions and claim construction
            to be heard at 10:00 AM on or before:            [09/26/08]
21   Final Pretrial Conference at 1:30 P.M. on:              [12/19/08]
     A 16 day Jury Trial will begin at 8:30 A.M. on:         [01/12/09]
22

     Additional Matters:   Copy of Court's Order for Pretrial Preparation
23   given to attys in court.    Claim Construction will be held in
     conjunction with any summary judgment motions.   Plaintiffs to file
24   opening brief addressing all claims construed and all dispositive
     motions by 6/27/08; Defendants' opposition and cross-motion re all
25   claims construed and any dispositive motions (contained within a
     single brief) due 7/25/08; Plaintiffs' reply/opposition (contained
26   within a single brief) due 8/22/08; Defendants' surreply due 9/5/08
     (Local Rule page limits apply unless parties seek relief).  **A further
27   CMC will be held on 02/01/08 at 1:30 p.m.** to discuss further ADR,
     Court appointed expert, and the possibility of waiving jury and having
28   trial by Court with special master or trial by subject matter expert;

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  joint statement due one week prior to FCMC.  **A further CMC will also
2  be held on 9/26/08 at 10:00 a.m.**  Defendants to give Plaintiffs within
   20 days a draft answer and draft counterclaims; Patent Local Rule
3  requirements will kick in at that time.  Defendants are agreeable to
   private mediator; Plaintiffs' counsel to check with client re private
4  mediator and let Court know by end of next week whether Plaintiffs
   will agree to private mediation and Court will withdraw reference to
5  court-sponsored mediation.

6       IT IS SO ORDERED.

7  Dated: 2/7/07
                                    _____
8                                   CLAUDIA WILKEN
                                    United States District Judge
9

10 Copies to:   Chambers; ADR

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

1

2

## NOTICE

3      Criminal Law and Motion calendar is conducted on Mondays at 2:00
p.m. (in custody) and 2:30 p.m. (not in custody).   Civil Law and
4   Motion calendar is conducted on Fridays at 10:00 a.m.  Case Management
Conferences and Pretrial Conferences are conducted on Fridays at 1:30
5   p.m.   Order of call is determined by the Court.   Counsel need not
reserve a hearing date for civil motions; however, counsel are advised
6   to  check  the  legal  newspapers  or  the  Court's  website  at
www.cand.uscourts.gov for unavailable dates.

7

8      Motions for Summary Judgment:   All issues shall be contained
within one motion and shall conform with Civil L.R. 7-2.   Separate
statements of undisputed facts in support of or in opposition to
9   motions for summary judgment will not be considered by the Court.
(See Civil Local Rule 56-2(a)).  All briefing on motions for summary
10   judgment must be included in the memoranda of points and authorities
in support of, opposition to, or reply to the motion, and must comply
11   with the page limits of Civil Local Rule 7-4.   The memoranda should
include  a  statement  of  facts  supported  by  citations  to  the
12   declarations filed with respect to the motion.   Cross or counter-
motions shall be contained within the opposition to any motion for
13   summary judgment and shall conform with Civil L.R. 7-3.   The Court
may, sua sponte or pursuant to a motion under Civil L.R. 6-3,
14   reschedule the hearing so as to give a moving party time to file a
surreply to the cross or counter-motion.

15

16      All DISCOVERY MOTIONS are referred to a Magistrate Judge to be
heard and considered at the convenience of his/her calendar.  All such
matters shall be noticed by the moving party for hearing on the
17   assigned Magistrate Judge's regular law and motion calendar, or
pursuant to that Judge's procedures.

18      .

19
     (rev. 5/11/05)
20

21

22

23

24

25

26

27

28

1                    ORDER FOR PRETRIAL PREPARATION

2    PRETRIAL CONFERENCE

3        1.    Not less than 30 days prior to the pretrial conference,

4    counsel shall **exchange** (but not file or lodge) the papers described

5    in Civil L.R. 16-10(b)(7),(8),(9), and (10), and their motions in

6    limine.

7        2.    At least 20 days before the final pretrial conference, lead

8    counsel who will try the case shall meet and confer with respect to:

9            (a)    Preparation and content of the joint pretrial
         conference statement;

10
            (b)    Resolution of any differences between the parties
11       regarding the preparation and content of the joint pretrial
         conference statement and the preparation and exchange of
12       pretrial materials to be served and lodged pursuant to this
         Order for Pretrial Preparation.  To the extent such differences
13       are not resolved, parties will present the issues in the
         pretrial conference statement so that the judge may rule on the
14       matter during the pretrial conference; and

15            (c)    Settlement of the action.

16       3.    Not less than 10 days prior to the pretrial conference,

17    counsel shall submit the following.

18            (a)    Pretrial Conference Statement.  The parties shall file

19    a joint pretrial conference statement containing the following

20    information:

21       (1)    The Action.

22            (A) Substance of the Action.  A brief description of the
         substance of claims and defenses which remain to be decided.

23
            (B)    Relief Prayed.  A detailed statement of all the relief
24       claimed, particularly itemizing all elements of damages claimed.

25       (2)    The Factual Basis of the Action.

26
            (A)    Undisputed Facts.  A plain and concise statement of
27       all relevant facts not reasonably disputed.

28            (B)    Disputed Factual Issues.  A plain and concise

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  statement of all disputed factual issues which remain to be decided.

2

3  (C) Agreed Statement. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

4

5  (D) Stipulations. A statement of stipulations requested or proposed for pretrial or trial purposes.

6  (3) Disputed Legal Issues. Without extended legal argument,

7  a concise statement of each disputed point of law concerning

8  liability or relief.

9  (4) Further Discovery or Motions. A statement of all remaining

10  discovery or motions.

11  (5) Trial Alternatives and Options.

12  (A) Settlement Discussion. A statement summarizing the status of settlement negotiations and indicating whether further
13  negotiations are likely to be productive.

14  (B) Consent to Trial Before a Magistrate Judge. A statement whether the parties consent to a court or jury trial
15  before a magistrate judge, with appeal directly to the Ninth Circuit.

16

17  (C) Bifurcation, Separate Trial of Issues. A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

18

19  (6) Miscellaneous. Any other subjects relevant to the trial of

20  the action, or material to its just, speedy and inexpensive

21  determination.

22  (b) Exhibit List and Objections. The exhibit list shall

23  list each proposed exhibit by its number, description, and sponsoring

24  witness, followed by blanks to accommodate the date on which it is

25  marked for identification and the date on which it is admitted into

26  evidence. **No party shall be permitted to offer any exhibit in its**

27  **case-in-chief that is not disclosed in its exhibit list without leave**

28  **of the Court for good cause shown.** Parties shall also deliver a set

United States District Court
For the Northern District of California

1  of premarked exhibits to the Courtroom Deputy.  The exhibit markers

2  shall each contain the name and number of the case, the number of the

3  exhibit, and blanks to accommodate the date admitted and the Deputy

4  Clerk's initials.   (Appropriate sample forms are available on the

5  Court's website at www.cand.uscourts.gov). Any objections to exhibits

6  which remain after the pretrial meeting shall be indicated in the

7  pretrial statement.

8       (c)   Witness List.   In addition to the requirements of

9  FRCivP 26(a)(3)(A), a brief statement describing the substance of the

10  testimony to be given by each witness who may be called at trial.  **No**

11  **party shall be permitted to call any witness in its case-in-chief that**

12  **is not disclosed in its pretrial statement without leave of Court for**

13  **good cause shown.**

14       (d)   Use of Discovery Responses.   In addition to the

15  requirements of FRCivP 26(a)(3)(B), a designation of any excerpts from

16  interrogatory answers or from responses for admissions intended to be

17  offered at trial.  Counsel shall indicate any objections to use of

18  these materials and that counsel have conferred respecting such

19  objections.

20       (e)   Trial briefs.   Briefs on all significant disputed

21  issues of law, including foreseeable procedural and evidentiary

22  issues, which remain after the pretrial meeting.

23       (f)   Motions in Limine.  Any motions in limine that could

24  not be settled at the pretrial meeting shall be filed with the

25  pretrial statement. All motions in limine shall be contained within

26  one document, limited to 25 pages pursuant to Civil L.R. 7-2(b), with

27  each motion listed as a subheading.  Opposition to the motions in

28  limine shall be contained within one document, limited to 25 pages,

United States District Court
For the Northern District of California

1  with corresponding subheadings, and filed five (5) days thereafter.

2          (g)   Joint Proposed Voir Dire.   The attached voir dire

3  questionnaire will be given to the venire members, and copies of the

4  responses will be made available to counsel at the beginning of voir

5  dire.  Counsel may submit a set of additional requested voir dire, to

6  be posed by the Court, to which they have agreed at the pretrial

7  meeting.  Any voir dire questions on which counsel cannot agree shall

8  be submitted separately.  Counsel may be allowed brief follow-up voir

9  dire after the Court's questioning.

10         (h)   Joint Proposed Jury Instructions.  Jury instructions

11  §1.1 through §1.12, §1.13 through §2.2, and §3.1 through §4.3 from the

12  Manual of Model Civil Jury Instructions for the Ninth Circuit (2001

13  Edition) will be given absent objection.  Counsel shall jointly submit

14  one set of additional proposed jury instructions, to which they have

15  agreed at the pretrial meeting.  The instructions shall be ordered in

16  a  logical  sequence,  together  with  a  table  of  contents.    Any

17  instruction  on  which  counsel  cannot  agree  shall  be  marked  as

18  "disputed,"  and  shall  be  included  within  the  jointly  submitted

19  instructions and accompanying table of contents, in the place where

20  the party proposing the instruction believes it should be given.

21  Argument and authority for and against each disputed instruction shall

22  be  included  as  part  of  the  joint  submission,  on  separate  sheets

23  directly following the disputed instruction.

24         Whenever possible, counsel shall deliver to the Courtroom Deputy

25  a copy of their joint proposed jury instructions on a computer disk

26  in WordPerfect or ASCII format.  The disk label should include the

27  name  of  the  parties,  the  case  number  and  a  description  of  the

28  document.

United States District Court
For the Northern District of California

1          (I)    Proposed Verdict Forms, Joint or Separate.

2          (j)    Proposed Findings of Fact and Conclusions of Law (Court

3    Trial only).    Whenever possible, counsel shall deliver to the

4    Courtroom Deputy a copy of their proposed findings of fact and

5    conclusions of law on a computer disk in WordPerfect or ASCII format.

6    The disk label should include the name of the parties, the case number

7    and a description of the document.

8    JURY SELECTION

9          The Jury Commissioner will summon 20 to 25 prospective jurors.

10   The Courtroom Deputy will select their names at random and seat them

11   in the courtroom in the order in which their names are called.

12         Voir dire will be asked of sufficient venire persons so that

13   eight (or more for a lengthy trial) will remain after all peremptory

14   challenges and an anticipated number of hardship dismissals and cause

15   challenges have been made.

16         The Court will then take cause challenges, and discuss hardship

17   claims from the individual jurors, outside the presence of the venire.

18   The Court will inform the attorneys which hardship claims and cause

19   challenges will be granted, but will not announce those dismissals

20   until the process is completed.    Each side may then list in writing

21   up to three peremptory challenges.    The attorneys will review each

22   other's lists and then submit them to the Courtroom Deputy.

23         Then, from the list of jurors in numerical order, the Court will

24   strike the persons with meritorious hardships, those excused for

25   cause, and those challenged peremptorily, and call the first eight

26   people in numerical sequence remaining.    Those people will be the

27   jury.

28         All jurors remaining at the close of the case will deliberate.

1  There are no alternates.

2  <u>SANCTIONS</u>

3       Failure to comply with this Order is cause for sanctions under

4  Federal Rule of Civil Procedure 16(f).

5       IT IS SO ORDERED.

6

7

8  Dated: _____        s/CLAUDIA  WILKEN
                                          CLAUDIA WILKEN
9                                         UNITED STATES DISTRICT JUDGE

**United States District Court**
**For the Northern District of California**

JUROR QUESTIONNAIRE

Please fill out this form as completely as possible and print clearly.
Since we want to make copies for the attorneys and the Court, do not
write on the back of any page.  If you need more room, continue at the
bottom of the page.  Thank you for your cooperation.

1.   Your name: _____

2.   Your age: _____

3.   The city where you live: _____

4.   Your place of birth: _____

5.   Do you rent or own your own home? _____

6.   Your marital status: (circle one)

     single    married    separated    divorced    widowed

7.   What is your occupation, and how long have you worked in
     it?  (If you are retired, please describe your main
     occupation when you were working).

_____

_____

8.   Who is (or was) your employer?

_____

9.   How long have you worked for this employer? _____

10.  Please list the occupations of any adults with whom you
     live.

_____

11.  If you have children, please list their ages and sex and,
     if they are employed, please give their occupations.

_____

_____

_____

12.  Please describe your educational background:

     Highest grade completed: _____

United States District Court
For the Northern District of California

1      College and/or vocational schools you have attended:

2      _____

3      _____

4      _____

5      _____

6      Major areas of study:_____

7  13. Have you ever served on a jury before? _____   How many

8      times?_____

9      If yes:  State/County Court _____   Federal Court _____

10     When? _____

11     Was it a civil or criminal case? _____

12     Did the jury(ies) reach a verdict? _____

13

14

15

16  (rev. 9/4/02)

17

18

19

20

21

22

23

24

25

26

27

28