1  RODNEY J. JACOB, ESQ.
   DANIEL M. BENJAMIN, ESQ.
2  JENNIFER A. CALVO-QUITUGUA, ESQ.
3  CALVO & CLARK, LLP
   Attorneys at Law
4  655 South Marine Corps Drive, Suite 202
   Tamuning, Guam 96913
5  Telephone:    (671) 646-9355
   Facsimile:    (671) 646-9403
6
7  CHRISTOPHER E. CHALSEN, ESQ.
   MICHAEL M. MURRAY, ESQ.
8  LAWRENCE T. KASS, ESQ.
   MILBANK, TWEED, HADLEY & MCCLOY LLP
9  1 Chase Manhattan Plaza
   New York, New York 10005
10 Telephone:    (212) 530-5000
11 Facsimile:    (212) 822-5796

12 *Attorneys for Defendants*
   FUJITSU LIMITED AND
13 FUJITSU MICROELECTRONICS AMERICA, INC.

14

**FILED**
DISTRICT COURT OF GUAM

FEB 28 2007

MARY L.M. MORAN
CLERK OF COURT

15                IN THE UNITED STATES DISTRICT COURT

16                          DISTRICT OF GUAM

17 | NANYA TECHNOLOGY CORP. and           | CIVIL CASE NO. 06-CV-00025
   | NANYA TECHNOLOGY CORP. U.S.A,        |
18 |                                      |
19 |              Plaintiff,              |
   |                                      | **DEFENDANT'S SUR-REPLY IN
20 |              -v-                     | OPPOSITION TO PLAINTIFFS'
   |                                      | MOTION TO EXCEED NUMBER OF
21 | FUJITSU LIMITED, FUJITSU             | INTERROGATORIES AND
   | MICROELECTRONICS AMERICA, INC.,      | REQUESTS FOR ADMISSION**
22 |                                      |
   |              Defendants.             | (ORAL ARGUMENT REQUESTED)
23

24

25

26

27

28

*CIVIL CASE NO. 06-CV-00025*
{G0020107.DOC;1}

Defendants Fujitsu Limited and Fujitsu Microelectronics America, Inc. hereby submit this sur-reply to respond to Plaintiffs' Reply in Support of Their Motion to Exceed Number of Interrogatories and Requests for Admission ("Reply"). Defendants address below new issues improperly raised for the first time in Plaintiffs' Reply and respectfully request that the Court disregard these new arguments and alleged facts. Alternatively, if the Court decides to consider Plaintiffs' new material, then Defendants respectfully request that the Court also consider the responses set forth herein. In sum, Plaintiffs' allegations are erroneous, misleading, and irrelevant.

## I. PLAINTIFFS' ALLEGATION CONCERNING PRODUCTION OF DOCUMENTS IS MISLEADING AND IRRELEVANT

Plaintiffs allege in their Reply that Defendants have failed to produce documents "despite receiving over 1500 document requests from Plaintiffs." (Reply at 4.) Plaintiffs, however, neglect to inform the Court that the *vast* majority of these document requests – 1,400 - were *not actually served* on Defendants, but are "merits-based discovery, which [Plaintiffs were] sending early." (*See* Exh. A hereto.) Notwithstanding this omission, Plaintiffs have failed to draw any correlation between the large number of document requests they have served and this Motion. Whether or not Defendants have produced documents is simply irrelevant to this Motion.

Moreover, due to the sensitive nature of the information sought by the document requests, document production in this case could not go forward until a protective order was put in place. The parties have recently agreed to a Stipulated Protective Order, which the Court entered on February 26, 2007. (*See* Dkt. No. 162.) The parties have further agreed to a timetable for the production of documents, rendering Plaintiffs' concerns about the production of documents moot. (*See* Dkt. No. 148.)

## II. PLAINTIFFS CASE LAW IS NOT RELEVANT TO THE RELIEF SOUGHT

Plaintiffs have yet to cite *any* case where a court has granted a blank check to a party to propound interrogatories or requests for admission, as Plaintiffs have requested from this Court. Plaintiffs cite *Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315 (Fed. Cir. 2005) and *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558 (Fed.

1  Cir. 1994). But these decisions address only stream of commerce issues, not the proper procedure
2  for obtaining additional interrogatories or requests for admission. Given the utter lack of support
3  for such relief, it is not surprising that, when Plaintiffs made a similar request for additional
4  interrogatories and requests for admission in the related Northern District of California case (*i.e.*,
5  *Fujitsu Ltd. v. Nanya Tech. Corp.*, No. 4:06-cv-06613 (CW)), the court did not grant their request.
6  (*See* Exh. A at 11 & Exh. B attached to Dkt. No. 159.)

7  This Court's existing discovery procedures are more than sufficient for carrying out
8  discovery in this case, including this Court's procedures for requesting additional interrogatories
9  and requests for admission set forth in Local Rule 33.1. Plaintiffs' Motion requests extraordinary
10 relief that is contrary to this rule, and the supporting case law.

11 **III.  CONCLUSION**

12 Plaintiffs have asked for a clearly unreasonable and unjustified number of interrogatories
13 and requests for admission, likely in the in hope that this Court will compromise and give them
14 some lesser, but still large, number. However, Plaintiffs' have failed to justify *any* departure from
15 the procedures set forth in the local rules, and should follow those rules if they seek additional
16 interrogatories and requests for admission, *i.e.*, they should submit each such additional
17 interrogatory or request for admission and provide justification for each.

18 Accordingly, Defendants respectfully request that Plaintiffs' Motion be denied in its
19 entirety.

20 Dated this 28th day of February, 2007.

**CALVO & CLARK, LLP**
**MILBANK, TWEED, HADLEY**
**& MCCLOY LLP**
*Attorneys for Defendants*
Fujitsu Limited and
Fujitsu Microelectronics America, Inc.

By: _____
JENNIFER A. CALVO-QUITUGUA

# EXHIBIT A

LAW OFFICES

# TEKER TORRES & TEKER, P.C.

| | | |
|---|---|---|
| Lawrence J. Teker<br>Phillip Torres<br>Samuel S. Teker<br>Joseph C. Razzano | Suite 2A, 130 Aspinall Avenue<br>Hagåtña, Guam 96910-5018<br>Telephone: (671) 477-9891/4<br>Facsimile: (671) 472-2601<br>Email: jrazzano@tttguamlawyers.com | Of Counsel:<br>Nagatomo Yamaoka |



January 31, 2007

Daniel M. Benjamin
Calvo & Clark, LLP
655 South Marine Corps Drive
Suite 202
Tamuning, Guam 96913

Re: *Nanya Technology Corp., et al v. Fujitsu Limited, et al.*, No. 06-CV-00025
U. S. District Court, District of Guam

Dear Mr. Benjamin:

Enclosed are 16 sets of discovery requests for Fujitsu Limited ("Fujitsu"). Specifically, they are Plaintiffs' First Set of Requests for Production of Documents through Plaintiffs' Sixteenth Set of Requests for Production of Documents, directed to Fujitsu in the referenced case. Please note these are merits-based discovery, which we are sending early to provide Fujitsu ample time to gather the responsive materials and respond without the need for any extensions.

As agreed, I am forwarding the requests via email.

Very truly yours,

Joseph C. Razzano

Enclosures.