**TEKER TORRES & TEKER, P.C.**
130 Aspinall Avenue-Suite 2A
Hagåtña, Guam 96910
Telephone: (671) 477-9891
Facsimile: (671) 472-2601

**UNPINGCO & ASSOCIATES, LLC**
Sinajana Mall-Suite 12B
Sinajana, Guam
Telephone: (671) 475-8545
Facsimile: (671) 475-8550

**SHORE CHAN BRAGALONE LLP**
Suite 4450
325 N. St. Paul Street
Dallas, Texas 75201
Telephone: (214) 593-9110
Facsimile: (214) 593-9111

*Attorneys for Plaintiffs,*
*Nanya Technology Corp. and*
*Nanya Technology Corp. U.S.A.*

FILED
DISTRICT COURT OF GUAM
APR - 2 2007
MARY L.M. MORAN
CLERK OF COURT

### IN THE DISTRICT OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP. and NANYA TECHNOLOGY CORP. U.S.A., <br><br> Plaintiffs, <br><br> vs. <br><br> FUJITSU LIMITED and FUJITSU MICROELECTRONICS AMERICA, INC., <br><br> Defendants. | CASE NO. CV-06-00025 <br><br> **PLAINTIFFS' MOTION FOR COURT ORDERED MEDIATION AND MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> [ORAL ARGUMENT REQUESTED] |

NOW COME PLAINTIFFS Nanya Technology Corporation and Nanya Technology Corporation U.S.A., by and through their counsel of record, and request the Court to order mediation in the above-captioned and titled cause.

### I.

### FACTS

On September 13, 2006, Plaintiffs filed this action against Defendants Fujitsu Limited and Fujitsu Microelectronics America, Inc. for claims of patent infringement, declaratory judgment, and

antitrust violations concerning patents covering computer memory technology (the "Guam Action"). Defendants then brought a copycat action in the U.S. District Court of the Northern District of California on October 24, 2006 (the "California Action").[1] On February 7, 2007, the court in the California Action issued a Case Management Order that ordered the case to Court-connected mediation before June 1, 2007. *See* Minute Order attached hereto as <u>Exhibit A</u>. Thereafter, several mediators were discussed by the parties and the court in the California Action ordered the mediation set before Judge Edward A. Infante of the Judicial Arbitration and Mediation Service (JAMS). The parties agreed to schedule the mediation in the California Action on May 15, 2007.

On March 2, 2007, this Court conducted a Scheduling Conference during which Plaintiffs requested that the Court consider ordering the mediation in the California Action to apply to and be binding in the Guam Action. Despite agreeing to consider mediation at a prior hearing, Defendants' counsel objected and the Court invited Plaintiffs to raise the issue by motion. After the March 2, 2007 hearing, a joint conference call was scheduled to occur between Plaintiffs, Defendants, and Judge Infante to discuss several issues with Judge Infante, one issue being that the mediation in the California Action would also be binding in the Guam Action. Unfortunately, due to schedule conflicts, this telephone conference never occurred.

Currently, by order of the court in the California Action, the parties are scheduled for mediation before Judge Infante. Plaintiffs now request this Court to also order the parties to participate in non-binding mediation. To conserve the Court's and the parties' time, effort, and resources, Plaintiffs respectfully request that the mediation in the California Action before Judge Infante on May 15, 2007 also serve as a mediation in the Guam Action. Such an Order would serve judicial economy and ensure that any settlement reached during mediation will be binding in both the California Action and the Guam Action, thereby precluding litigation in Guam of issues already resolved by the mediation by

---

[1] ***Fujitsu Limited, et al. vs. Nanya Technology Corp., et al.***, Civil Case No. 06-06613CW.

a disgruntled party.

## II.

## ARGUMENT AND AUTHORITIES

A. <u>COURT'S INHERENT POWERS UNDER THE FEDERAL RULES OF CIVIL PROCEDURE</u>

District Courts have substantial inherent powers to manage and control their calendars. *See Link*, U.S. 630-31; *see generally Brockton Sav. Bank v. Peat Marwick, Mitchell & Co.*, 771 F.2d. 5, 11 (1st Cir. 1985) (explaining that "the Rules of Civil Procedure do not completely describe and limit the power of District Courts"). The Federal Rules of Civil Procedure invest courts with discretionary authority to actively manage and ensure the orderly and expeditious management of cases. *Id.*; *see also* FED. R. CIV. P. 16 and 83(b); *Coyante v. P.R. Ports Auth.*, 105 F.3d 13, 23 (1st Cir. 1997). Specifically, Federal Rules of Civil Procedure 16 and 83(b) authorize courts to regulate practice in any manner consistent with federal law and applicable rules and encourage them to actively manage the preparation of cases for trial as well as to preserve the efficiency and integrity of the judicial process. *See G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d. 648, 652 (7th Cir. 1989) (*en banc*); *In re Baker*, 744 F.2d 1438, 1440 (10th Cir. 1984) (*en banc*) (explaining that the "spirit, intent, and purpose [of Rule 16] is ... broadly remedial, allowing courts to actively manage the preparation of cases for trial."). With this discretionary authority, a court may compel parties to attend pre-trial settlement conferences, even though such a practice is not specifically authorized in the Civil Rules. *Id.*

B. <u>THE COURT SHOULD ORDER MEDIATION</u>

Here, the parties have been conducting informal settlement negotiations since 1999 and continue to engage in settlement negotiations in Tokyo. With the advent of the U.S. litigation, settlement conferences have continued in Tokyo and a mediation is now ordered in the California Action. As this is a particularly complex case involving eighteen patents, multiple claims of patent

infringement and antitrust violations, a tremendous expense of time and resources would be required. An early mediation before extensive merits discovery and further litigation could provide an opportunity for an expeditious resolution that could prevent such a huge expense of time and resources.

To date, the settlement conferences which have been held in the Tokyo litigation have been without the assistance of a skilled facilitator. Such a facilitator can not only use mediation skills to bring the parties closer and closer to an agreement, but can also give the parties an opportunity to explore a much wider range of options, including those that go beyond conventional monetary resolutions. Mindful of these potential advantages, a court, in its discretion, can exercise its inherent power under the Federal Rules of Civil Procedure to order mediation in those cases where such a meeting would serve the speedy interest of justice. *See G Heileman Brewing Co., Inc.*, 871 F.2d. at 653 ("We reaffirm the notion that the inherent power of a district judge-derived from the very nature and existence of his judicial office-is the broad field over which the Federal Rules of Civil Procedure are applied. Inherent authority remains the means by which district judges deal with circumstances not proscribed or specifically addressed by rule or statute, but which must be addressed to promote the just, speedy, and inexpensive determination of every action."); *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595 (8th Cir. 2001) ("District courts have explicit authority to require pretrial conferences to improve the quality of the trial through more preparation or to facilitate the settlement of the case. To achieve that end, and pursuant to local rules, courts in the Eastern District of Missouri may refer appropriate civil cases to mediation."); *Reilly v. U.S.*, 863 F.2d. 149, 156-57 (1st Cir. 1988) (finding that District Courts have an inherent power to appoint technical advisors in especially complex cases). Plaintiffs believe that a mediation that the Court could order under the Federal Rules tied to the mediation scheduled to occur in the California Action on May 15, 2007 would permit the parties to engage productively in an early effort to resolve some, if not all, issues in the two actions. *See G*

*Heileman Brewing Co., Inc.*, 871 F.2d. at 652. Such an order would also further encourage the parties to reach a truly global settlement.

### III.

### CONCLUSION

Understanding that the Court has the inherent power and authority through the Federal Rules of Civil Procedure to order and require attendance of parties to a mediation, Plaintiffs respectfully request that the Court issue an order requiring the parties to attend the mediation before the Honorable Judge Infante on May 15, 2007, in connection with the case pending before the U.S. District Court for the Northern District of California and that said mediation be binding in both the Guam and California actions. This exercise of the Court's inherent power would clearly be suited to the enhancement of the Court's processes, including the orderly and expeditious disposition of two pending cases, and comport with the Federal Rules of Civil Procedure.

Therefore, Plaintiffs respectfully request the Court issue an order requiring the parties to attend mediation before the Honorable Judge Infante on May 15, 2007 and that the mediation be binding in both the Guam and California cases.

Respectfully submitted this 2nd day of April, 2007.

**The Law Offices of John S. Unpingco & Associates, LLC**

By _____
**JOHN. S. UNPINGCO**
Attorneys for Plaintiffs, *Nanya Technology Corp. and Nanya Technology Corp. U.S.A*

# EXHIBIT A

```
                IN THE UNITED STATES DISTRICT COURT

              FOR THE NORTHERN DISTRICT OF CALIFORNIA
```

FUJITSU LIMITED, et al,                    No. C 06-06613 CW

   v.                                      MINUTE ORDER AND
                                           CASE MANAGEMENT
NANYA TECHNOLOGY CORP., et al              ORDER
_____/

Clerk: Sheilah Cahill        Reporter: Raynee Mercado
Plaintiff Attorney: Chris Holm; Michael Murray; Christopher Chalsen
Defendant Attorney: Martin Fliesler; Alfonso Chan; Kenneth Shore

A case management conference was held on: 2/2/07. The Case Management Statement and Proposed Order filed by the parties is hereby adopted by the Court as the Case Management Order for the case, except as may be noted below. The Court's standard Order for Pretrial Preparation also applies.

The case is hereby referred to the following ADR process:
Non-binding Arbitration: [ ]       Early Neutral Evaluation: [ ]
Court-connected mediation: [ X ]   Private mediation: [ ]
Magistrate Judge settlement conference: [ ]
ADR session to be held by:                              [06/01/07]
(or as soon thereafter as is convenient to the mediator's schedule)

Deadline to add additional parties or claims:           [02/02/07]
   (with exception of any counterclaim filed with answer)
Date of next case management conference:                [02/01/08]

Completion of Fact Discovery:                           [02/01/08]
Disclosure of identities and reports of expert witnesses: [03/03/08]
                                            Rebuttal:   [04/01/08]
Completion of Expert Discovery:                         [06/02/08]

All case-dispositive motions and claim construction
      to be heard at 10:00 AM on or before:             [09/26/08]
Final Pretrial Conference at 1:30 P.M. on:              [12/19/08]
A 16 day Jury Trial will begin at 8:30 A.M. on:         [01/12/09]

Additional Matters: Copy of Court's Order for Pretrial Preparation given to attys in court. Claim Construction will be held in conjunction with any summary judgment motions. Plaintiffs to file opening brief addressing all claims construed and all dispositive motions by 6/27/08; Defendants' opposition and cross-motion re all claims construed and any dispositive motions (contained within a single brief) due 7/25/08; Plaintiffs' reply/opposition (contained within a single brief) due 8/22/08; Defendants' surreply due 9/5/08 (Local Rule page limits apply unless parties seek relief). **A further CMC will be held on 02/01/08 at 1:30 p.m.** to discuss further ADR, Court appointed expert, and the possibility of waiving jury and having trial by Court with special master or trial by subject matter expert;

joint statement due one week prior to FCMC. **A further CMC will also be held on 9/26/08 at 10:00 a.m.** Defendants to give Plaintiffs within 20 days a draft answer and draft counterclaims; Patent Local Rule requirements will kick in at that time. Defendants are agreeable to private mediator; Plaintiffs' counsel to check with client re private mediator and let Court know by end of next week whether Plaintiffs will agree to private mediation and Court will withdraw reference to court-sponsored mediation.

IT IS SO ORDERED.

Dated: 2/7/07

_____
CLAUDIA WILKEN
United States District Judge

Copies to:   Chambers; ADR

NOTICE

Criminal Law and Motion calendar is conducted on Mondays at 2:00 p.m. (in custody) and 2:30 p.m. (not in custody). Civil Law and Motion calendar is conducted on Fridays at 10:00 a.m. Case Management Conferences and Pretrial Conferences are conducted on Fridays at 1:30 p.m. Order of call is determined by the Court. Counsel need not reserve a hearing date for civil motions; however, counsel are advised to check the legal newspapers or the Court's website at www.cand.uscourts.gov for unavailable dates.

Motions for Summary Judgment: All issues shall be contained within one motion and shall conform with Civil L.R. 7-2. Separate statements of undisputed facts in support of or in opposition to motions for summary judgment will not be considered by the Court. (See Civil Local Rule 56-2(a)). All briefing on motions for summary judgment must be included in the memoranda of points and authorities in support of, opposition to, or reply to the motion, and must comply with the page limits of Civil Local Rule 7-4. The memoranda should include a statement of facts supported by citations to the declarations filed with respect to the motion. Cross or counter-motions shall be contained within the opposition to any motion for summary judgment and shall conform with Civil L.R. 7-3. The Court may, *sua sponte* or pursuant to a motion under Civil L.R. 6-3, reschedule the hearing so as to give a moving party time to file a surreply to the cross or counter-motion.

All DISCOVERY MOTIONS are referred to a Magistrate Judge to be heard and considered at the convenience of his/her calendar. All such matters shall be noticed by the moving party for hearing on the assigned Magistrate Judge's regular law and motion calendar, or pursuant to that Judge's procedures.

(rev. 5/11/05)

ORDER FOR PRETRIAL PREPARATION

PRETRIAL CONFERENCE

1.  Not less than 30 days prior to the pretrial conference, counsel shall **exchange** (but not file or lodge) the papers described in Civil L.R. 16-10(b)(7),(8),(9), and (10), and their motions in limine.

2.  At least 20 days before the final pretrial conference, lead counsel who will try the case shall meet and confer with respect to:

    (a)  Preparation and content of the joint pretrial conference statement;

    (b)  Resolution of any differences between the parties regarding the preparation and content of the joint pretrial conference statement and the preparation and exchange of pretrial materials to be served and lodged pursuant to this Order for Pretrial Preparation. To the extent such differences are not resolved, parties will present the issues in the pretrial conference statement so that the judge may rule on the matter during the pretrial conference; and

    (c)  Settlement of the action.

3.  Not less than 10 days prior to the pretrial conference, counsel shall submit the following.

    (a) Pretrial Conference Statement. The parties shall file a joint pretrial conference statement containing the following information:

    (1)  The Action.

        (A) Substance of the Action. A brief description of the substance of claims and defenses which remain to be decided.

        (B) Relief Prayed. A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed.

    (2)  The Factual Basis of the Action.

        (A) Undisputed Facts. A plain and concise statement of all relevant facts not reasonably disputed.

        (B) Disputed Factual Issues. A plain and concise

statement of all disputed factual issues which remain to be decided.

  (C) Agreed Statement. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

  (D) Stipulations. A statement of stipulations requested or proposed for pretrial or trial purposes.

(3) Disputed Legal Issues. Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief.

(4) Further Discovery or Motions. A statement of all remaining discovery or motions.

(5) Trial Alternatives and Options.

  (A) Settlement Discussion. A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

  (B) Consent to Trial Before a Magistrate Judge. A statement whether the parties consent to a court or jury trial before a magistrate judge, with appeal directly to the Ninth Circuit.

  (C) Bifurcation, Separate Trial of Issues. A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

(6) Miscellaneous. Any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination.

  (b) Exhibit List and Objections. The exhibit list shall list each proposed exhibit by its number, description, and sponsoring witness, followed by blanks to accommodate the date on which it is marked for identification and the date on which it is admitted into evidence. **No party shall be permitted to offer any exhibit in its case-in-chief that is not disclosed in its exhibit list without leave of the Court for good cause shown.** Parties shall also deliver a set

of premarked exhibits to the Courtroom Deputy. The exhibit markers shall each contain the name and number of the case, the number of the exhibit, and blanks to accommodate the date admitted and the Deputy Clerk's initials. (Appropriate sample forms are available on the Court's website at www.cand.uscourts.gov). Any objections to exhibits which remain after the pretrial meeting shall be indicated in the pretrial statement.

  (c) Witness List. In addition to the requirements of FRCivP 26(a)(3)(A), a brief statement describing the substance of the testimony to be given by each witness who may be called at trial. **No party shall be permitted to call any witness in its case-in-chief that is not disclosed in its pretrial statement without leave of Court for good cause shown.**

  (d) Use of Discovery Responses. In addition to the requirements of FRCivP 26(a)(3)(B), a designation of any excerpts from interrogatory answers or from responses for admissions intended to be offered at trial. Counsel shall indicate any objections to use of these materials and that counsel have conferred respecting such objections.

  (e) Trial briefs. Briefs on all significant disputed issues of law, including foreseeable procedural and evidentiary issues, which remain after the pretrial meeting.

  (f) Motions in Limine. Any motions in limine that could not be settled at the pretrial meeting shall be filed with the pretrial statement. All motions in limine shall be contained within one document, limited to 25 pages pursuant to Civil L.R. 7-2(b), with each motion listed as a subheading. Opposition to the motions in limine shall be contained within one document, limited to 25 pages,

with corresponding subheadings, and filed five (5) days thereafter.

(g) Joint Proposed Voir Dire. The attached voir dire questionnaire will be given to the venire members, and copies of the responses will be made available to counsel at the beginning of voir dire. Counsel may submit a set of additional requested voir dire, to be posed by the Court, to which they have agreed at the pretrial meeting. Any voir dire questions on which counsel cannot agree shall be submitted separately. Counsel may be allowed brief follow-up voir dire after the Court's questioning.

(h) Joint Proposed Jury Instructions. Jury instructions §1.1 through §1.12, §1.13 through §2.2, and §3.1 through §4.3 from the Manual of Model Civil Jury Instructions for the Ninth Circuit (2001 Edition) will be given absent objection. Counsel shall jointly submit one set of additional proposed jury instructions, to which they have agreed at the pretrial meeting. The instructions shall be ordered in a logical sequence, together with a table of contents. Any instruction on which counsel cannot agree shall be marked as "disputed," and shall be included within the jointly submitted instructions and accompanying table of contents, in the place where the party proposing the instruction believes it should be given. Argument and authority for and against each disputed instruction shall be included as part of the joint submission, on separate sheets directly following the disputed instruction.

Whenever possible, counsel shall deliver to the Courtroom Deputy a copy of their joint proposed jury instructions on a computer disk in WordPerfect or ASCII format. The disk label should include the name of the parties, the case number and a description of the document.

1         (I)   Proposed Verdict Forms, Joint or Separate.

2         (j)   Proposed Findings of Fact and Conclusions of Law (Court Trial only). Whenever possible, counsel shall deliver to the Courtroom Deputy a copy of their proposed findings of fact and conclusions of law on a computer disk in WordPerfect or ASCII format. The disk label should include the name of the parties, the case number and a description of the document.

**JURY SELECTION**

The Jury Commissioner will summon 20 to 25 prospective jurors. The Courtroom Deputy will select their names at random and seat them in the courtroom in the order in which their names are called.

Voir dire will be asked of sufficient venire persons so that eight (or more for a lengthy trial) will remain after all peremptory challenges and an anticipated number of hardship dismissals and cause challenges have been made.

The Court will then take cause challenges, and discuss hardship claims from the individual jurors, outside the presence of the venire. The Court will inform the attorneys which hardship claims and cause challenges will be granted, but will not announce those dismissals until the process is completed. Each side may then list in writing up to three peremptory challenges. The attorneys will review each other's lists and then submit them to the Courtroom Deputy.

Then, from the list of jurors in numerical order, the Court will strike the persons with meritorious hardships, those excused for cause, and those challenged peremptorily, and call the first eight people in numerical sequence remaining. Those people will be the jury.

All jurors remaining at the close of the case will deliberate.

1  There are no alternates.

2  SANCTIONS

3      Failure to comply with this Order is cause for sanctions under
4  Federal Rule of Civil Procedure 16(f).

5      IT IS SO ORDERED.

8  Dated: _____        s/CLAUDIA WILKEN
                                      CLAUDIA WILKEN
9                                     UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

## JUROR QUESTIONNAIRE

Please fill out this form as completely as possible and print clearly. Since we want to make copies for the attorneys and the Court, do not write on the back of any page. If you need more room, continue at the bottom of the page. Thank you for your cooperation.

1. Your name: _____

2. Your age: _____

3. The city where you live: _____

4. Your place of birth: _____

5. Do you rent or own your own home? _____

6. Your marital status: (circle one)

   single    married    separated    divorced    widowed

7. What is your occupation, and how long have you worked in it? (If you are retired, please describe your main occupation when you were working).

   _____
   _____

8. Who is (or was) your employer?

   _____

9. How long have you worked for this employer? _____

10. Please list the occupations of any adults with whom you live.

    _____

11. If you have children, please list their ages and sex and, if they are employed, please give their occupations.

    _____
    _____
    _____

12. Please describe your educational background:

    Highest grade completed: _____

1   College and/or vocational schools you have attended:
2   _____
3   _____
4   _____
5   _____
6   Major areas of study:_____
7   13. Have you ever served on a jury before? _____ How many
8   times?_____
9   If yes:  State/County Court _____ Federal Court _____
10  When? _____
11  Was it a civil or criminal case? _____
12  Did the jury(ies) reach a verdict? _____

16  (rev. 9/4/02)