**TEKER TORRES & TEKER, P.C.**
130 Aspinall Avenue-Suite 2A
Hagåtña, Guam 96910
671.477.9891 Telephone
671.472.2601 Facsimile

**UNPINGCO & ASSOCIATES, LLC**
777 Route 4, Suite 12B
Sinajana, Guam  96910
671.475.8545 Telephone
671.475.8550 Facsimile

**SHORE CHAN BRAGALONE LLP**
325 N. St. Paul Street, Suite 4450
Dallas, Texas 75201
214.593.9110 Telephone
214.593.9111 Facsimile

*Attorneys For Plaintiffs*
*Nanya Technology Corp. and*
*Nanya Technology Corp. U.S.A.*

# FILED
DISTRICT COURT OF GUAM

APR 1 8 2007

MARY L.M. MORAN
CLERK OF COURT

## DISTRICT COURT OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP. AND NANYA TECHNOLOGY CORP. U.S.A., <br><br> Plaintiffs, <br><br> v. <br><br> FUJITSU LIMITED AND FUJITSU MICROELECTRONICS AMERICA, INC., <br><br> Defendants. | Case No. CV-06-00025 <br><br> **PLAINTIFFS' MOTION TO COMPEL DOCUMENTS RESPONSIVE TO PLAINTIFFS' JURISDICTIONAL REQUESTS FOR PRODUCTION TO FUJITSU MICROELECTRONICS AMERICA, INC.** |

## I.

## INTRODUCTION

Plaintiffs file this Motion to Compel Documents in response to Defendant Fujitsu Microelectronics America, Inc.'s ("FMA") failure to produce documents directly related to the jurisdictional issues in this matter.

On February 20, 2007, the Defendants agreed to a joint stipulation agreeing to produce responsive documents to Plaintiffs' two sets of jurisdictional requests. *See* Stipulation [Docket No. 148]. The stipulation was an agreement in response to Plaintiffs' original Motion to Compel filed on

ORIGINAL

February 9, 2007. [Docket No. 132]. Plaintiffs initially served two sets of jurisdictional requests for production to FMA on December 14, 2006 and February 9, 2007. *See* Plaintiffs' First and Second Sets of Jurisdictional Requests for Productions, attached hereto as Exhibit A. On March 21, 2007, in a teleconference between the parties to discuss FMA's objections to producing documents, FMA agreed to produce documents responsive to Plaintiffs' jurisdictional discovery requests. *See* Letter from Vance Freeman to Michael Murray, March 22, 2007, attached hereto as Exhibit B. Plaintiffs' discovery requests are targeted inquiries about the particular accused devices of Defendants, which were publicized as designed into a host of consumer electronic and automotive applications. Further, the requests seek relevant information in FMA's control and possession. Thus, the requested documents are directly relevant to the jurisdictional issues currently pending before the Court.

FMA produced approximately 34,000 documents on March 2, March 29, April 2, and April 10, 2007. The vast majority of these documents are irrelevant fodder and contain only a handful of references to any of the accused devices Plaintiffs identified. Instead, FMA provided documents that merely identify only some customers without offering any details regarding the accused devices sold to each or a complete list of all its customers and products. In fact, FMA selectively produced documents and failed to provide all the responsive documents to which it had agreed. Moreover, FMA has littered its document production with blank pages or pages with redacted information and subsequently failed to provide any privilege log or statements explaining these omissions. Clearly, based on representations on FMA's website listing its products and on emails FMA produced detailing its representatives' marketing and sales efforts, FMA is withholding the vast majority of documents related to the accused devices.

On April 9, 2007, Plaintiffs again contacted FMA to explain the deficiencies in FMA's document productions and sought to confer with them about resolving the issue without court intervention. *See* Letter from Martin Pascual to Michael Murray, April 9, 2007, attached hereto as

Exhibit C. On April 12-13, 2007, Plaintiffs met and conferred with FMA and sent FMA a letter detailing again the categories of documents Plaintiffs had requested. *See* Letter from Martin Pascual to Michael Murray, April 13, 2007, attached hereto as Exhibit D. Unfortunately, a mutual resolution could not be reached in light of the fast-approaching jurisdictional briefing deadlines. *See* Exhibit E attached hereto. The discovery that FMA is attempting to avoid answering is targeted solely to the jurisdictional challenge raised by FMA - which is set for response on May 15, 2007. Not only are Plaintiffs' jurisdictional discovery requests highly relevant, they are also consistent with Federal Circuit law in determining personal jurisdiction in any patent infringement action. Despite the fact that FMA's microcontrollers are embedded and incorporated in products sold and used in Guam and purposely placed by FMA in the stream of commerce, FMA fails to provide the discovery requested.

## II.

## ARGUMENT AND AUTHORITIES

In patent infringement cases, personal jurisdiction over an accused infringer is determined by Federal Circuit law. *Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1323 (Fed. Cir. 2005); *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564 (Fed. Cir. 1994) ("Federal Circuit law governs determination of personal jurisdiction in patent actions because jurisdiction is 'intimately involved in the substance of enforcement of the patent right.'"). The Federal Circuit has stated that personal jurisdiction exists over an accused infringer when the accused infringer places products into the stream of commerce and those products reach the forum *either directly or incorporated as a component in a final product bearing a third party's trademark*. *See Chi Mei Optoelectronics Corp.*, 395 F.3d at 1321 (finding personal jurisdiction over a defendant that sold accused parts that were incorporated into final products that reached the jurisdiction even though the accused parts themselves were not directly sold in the jurisdiction); *Beverly Hills Fan Co.*, 21 F.3d at 1566 (Fed. Cir. 1994); *Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424, 427 (Fed. Cir.

1996). Plaintiffs' jurisdictional discovery requests expressly seek the type of information the Federal Circuit deems relevant in assessing personal jurisdiction over an accused infringer whose products are incorporated as a component in a final product bearing a third party's trademark. Thus, Federal Circuit law governs the relevance of discovery requests in patent cases where substantive patent law is implicated. *See Chi Mei Optoelectronics Corp.*, 395 F.3d at 1321.

FMA's failure to provide documents responsive to Plaintiffs' jurisdictional discovery requests, despite its repeated express agreements, is inconsistent with the objective of resolving whether all parties are properly before the Court and equally dismissive of the Court's express concern for conserving judicial resources. *See Netflix, Inc. v. Blockbuster, Inc.*, Slip Copy, No. C 06-02361 WHA, 2006 WL 2458717 (N.D. Cal. Aug. 22, 2006) ("It is the interest of efficient judicial administration that is to be controlling under the rule, rather than the wishes of the parties" (quoting Wright & Miller, *Federal Practice and Procedure*, § 2388 (2d ed. Pocket part 2006)). Plaintiffs promptly served their jurisdictional discovery requests to respond to FMA's motion to dismiss and to address whether FMA is properly before the Court. Because Plaintiffs' deadline to respond to FMA's motion is on May 15, 2007, Plaintiffs need this information to properly and fully present its arguments rebutting FMA's position. FMA, however, seeks to delay this action by failing to provide the necessary responsive documents.

## A.    PLAINTIFFS' JURISDICTIONAL DISCOVERY REQUESTS ARE CONSISTENT WITH FEDERAL CIRCUIT LAW

As discussed above, the Federal Circuit applies a stream of commerce theory to accused parts or devices that do not have "direct" contact with a forum but which are incorporated into final products subsequently reaching the forum. *See Chi Mei Optoelectronics Corp.*, 395 F.3d at 1321. This theory is applied even when the accused infringer has no residence in the jurisdiction, no operations or business location in the jurisdiction, pays no business taxes in the jurisdiction, has no employees who work or reside in the jurisdiction, has no license to do business in the jurisdiction and does not own, lease, use,

or otherwise possess property in the jurisdiction. *Id.* at 1317. Thus, in determining whether a court has personal jurisdiction, the court must assess not only whether the accused parts are sold in the jurisdiction, but also whether final, or finished products that incorporate those parts are commercially available in the jurisdiction. *Id.* at 1323. It is precisely this area of inquiry that FMA is attempting to avoid – evidence of the accused Fujitsu processors and microcontrollers being placed into the stream of commerce by being components of consumer electronics and other finished goods available in Guam.

**B.    FMA HAS VIOLATED THE JOINT STIPULATION AND ITS EXPRESS AGREEMENT TO PROVIDE DOCUMENTS RESPONSIVE TO PLAINTIFFS' DISCOVERY REQUESTS**

FMA has not honored its agreements to provide documents responsive to Plaintiffs' two sets of jurisdictional requests for production. Instead, Defendants either provided documents that fail to cover the identified Fujitsu parts or provided only a small number of documents that only tangentially and selectively address Plaintiffs' requests. The materials and information set forth in Plaintiffs' discovery requests are directly relevant to the jurisdictional issues at hand. FMA tries to ignore this well-established basis of patent infringement jurisdiction by providing non-responsive documents.

**1.    Defendants Have Failed To Produce Documents Covering The Accused Devices**

Despite its agreement to produce documents responsive to Plaintiffs' discovery requests, FMA disregarded its obligation and provided Plaintiffs with approximately 34,000 documents - most of which do not reference or address the specific part numbers Plaintiffs' identified. While the documents refer to the long list of entities that conduct business with FMA in the U.S., and whose products contain Fujitsu microcontrollers, they fail to cover the majority of the model numbers Plaintiffs defined in their discovery requests. Instead, contrary to its prior representations, FMA produced only a selected number of documents that indicate an incomplete list of FMA's products, customers, contracts, agreements, and applications.

For example, while FMA produced some sales reports of particular products with a specific customer, it failed to provide all sales reports of all the accused devices with all its customers – something Plaintiffs requested and to which FMA originally agreed. This arbitrary selection violates the agreement between the parties. Another example is the design wins requested by Plaintiffs. Although FMA produced what appears to be a presentation of FMA's design wins for its products for one or two years, FMA failed to provide all of the actual contracts, communications, notes, technical specifications, and terms of agreement regarding each of those design wins from 1999 to 2004. Such an incomplete and self-selected production ignores Plaintiffs' discovery requests seeking all responsive documents related to FMA's design wins for its products. Yet another glaring example is FMA's failure to provide any documents regarding the "SPARC" or "SPARClite" series of camera processors, something Plaintiffs expressly sought. These are just a few of the examples of how FMA has selectively produced documents and how it has attempted to satisfy its discovery obligations and agreements with Plaintiffs through a conspicuously incomplete document production. As stated by the Federal Circuit, such an inquiry into whether an accused infringer places products into the stream of commerce is highly relevant to assessing whether a court has personal jurisdiction over an accused infringer based on the stream of commerce theory. *See Chi Mei*, 395 F.3d at 1321, *Beverly Hills Fan*, 21 F.3d at 1566; *Viam Corp.*, 84 F.3d at 424, 427.

FMA's failure to produce all responsive documents coupled with its decision to produce only selected documents relevant to Plaintiffs' requests is inconsistent with the parties' two agreements and the Federal Rules of Civil Procedure ("FRCP"). As the Court is well aware under FRCP 26(a)(1)(B), a party without awaiting a discovery request must provide to other parties documents or categories of document and locations of all documents. Thus, FMA has an independent duty to disclose all information to support its jurisdictional defense. Specifically, pursuant to the parties teleconference on March 21, 2007, FMA agreed to produce the following documents:

| IN RESPONSE TO REQUEST: | DEFENDANTS WILL PRODUCE: |
|---|---|
| Nos. 1, 14, & 32 | Documents sufficient to identify all original equipment manufacturers ("OEMs") that have purchased an ACCUSED DEVICE since 1999. |
| Nos. 2, 6, 16, & 21 | Documents sufficient to identify all products that have used or incorporated an ACCUSED DEVICE since 2000. |
| No. 3 | All sales and purchase orders for ACCUSED DEVICES within the last six years, or summaries of such documents if the volume of such documents permits production without undue burden. |
| No. 4 | All proposals to develop, manufacture, distribute, or otherwise produce an ACCUSED DEVICE since 1999, or summaries of such documents if the volume of such documents permits production without undue burden. |
| No. 5 | All contracts to develop, manufacture, distribute, or otherwise produce an ACCUSED DEVICE since 1999, or summaries of such documents if the volume of such documents permits production without undue burden. |
| No. 7 | Documents sufficient to identify all products using a biometric sensor made by Fujitsu or bearing a Fujitsu trademark. |
| No. 8 | Documents sufficient to identify all products using a MEMS device made by Fujitsu or bearing a Fujitsu trademark. |
| No. 9 | Documents sufficient to identify all contracts for the sale of a Fujitsu MCU, biometric sensor, or MEMS device. |
| No. 10 | Documents sufficient to identify all customers that have purchased an MCU, biometric sensor, or MEMS device. |
| No. 11 | Documents sufficient to identify all design wins for an ACCUSED DEVICE in a blood glucose measuring device. |
| No. 12 | Documents sufficient to identify all design wins for a Fujitsu display controller for use in an automobile. |
| No. 13 | Documents sufficient to identify all design wins for Fujitsu FlexRay, "MOST," and "CAN" controllers or devices. |
| No. 17 | Documents sufficient to identify all digital cameras that have used or incorporated an ACCUSED DEVICE. |
| No. 19 | Documents sufficient to identify all sales of products containing or employing an ACCUSED DEVICE in Guam. |
| No. 20 | Documents sufficient to identify all products containing or employing an ACCUSED DEVICE to the Kmart Corporation. |
| No. 22 | All documents showing shipments, sales, or marketing of products made by or bearing the Fujitsu trademark or trade name to Guam. |
| No. 23 | Documents sufficient to identify all sales of ACCUSED DEVICES to cell phone makers. |
| No. 24 | Documents sufficient to identify all sales of ACCUSED DEVICES to digital video recorder makers. |
| No. 25 | Documents sufficient to identify all sales of ACCUSED DEVICES to digital video camera makers. |
| No. 26 | Documents sufficient to identify all sales of ACCUSED DEVICES to digital video disk makers. |
| No. 27 | Documents sufficient to identify all sales of ACCUSED DEVICES to set top box makers. |

| No. 28 | Documents sufficient to identify all sales of ACCUSED DEVICES to printer makers. |
| No. 29 | Documents sufficient to identify all sales of ACCUSED DEVICES to network enabled device makers. |
| No. 30 | Documents sufficient to identify all sales of ACCUSED DEVICES to makers of in-circuit emulators or development kits. |
| No. 31 | Documents sufficient to identify all sales of ACCUSED DEVICES to digital camera makers. |
| No. 34 | All sales and purchase orders, design plans, and design wins for ACCUSED DEVICES in the following digital cameras since 1999, or summaries of such documents if the volume of such documents permits production without undue burden: <br> • Canon D30, D60, 10D, 20D, 1D, 1Ds Mark II, Powershot (Sxxx, Axxx); <br> • Nikon D-SLRs (D2X, D2H, D100, D70) and Coolpix series; and <br> • Sigma/Foveon (SD10, SD20). |

Only a fraction of the documents FMA produced directly address the requests referenced above. In fact, FMA ignored a majority of the requests Plaintiffs served and provided relatively few responsive documents. The calculated failure to produce documents covering the accused devices is unconscionable given the wide range of networking, wireless, consumer, industrial, security, and automotive applications FMA advertises, sells, and designs. *See* Michael M. Moore Declaration in Support of Fujitsu Microelectronics America, Inc.'s Motion to Dismiss or Transfer, attached hereto as Exhibit F. FMA's selective production violates both the Federal Rules of Civil Procedure and the express agreement between the parties. Based on its agreement reached on March 21, 2007, FMA agreed to produce *all* responsive documents. FMA has not lived up to its agreement and the Court should not tolerate such tactics.

## 2. FMA's Document Production Is Full Of Blank Pages And Missing Attachments

In addition to failing to produce documents covering the accused devices, FMA's document production is full of blank pages, with only Bates-numbers, and no statements explaining the particular document. Attached hereto as Exhibit G are representative groups of the documents produced by FMA containing blank or redacted pages, Bates Numbers FMA_0022005-22007; FMA_0024781-0024783;

FMA_0024941-0024949; FMA_0025040-25041; FMA_0031226-0031233; FMA_0031875-31879; FMA_0032156-0032157 and FMA_0032308-0032309. FMA offers no assertion of privilege, no indication of whether information was redacted, and no justification why such pages were produced.

Further, FMA failed to provide the attachments that are specifically referenced in produced documents. Attached hereto as <u>Exhibit H</u> are representative groups of documents produced by FMA containing documents without attachments, Bates Numbers FMA_0024380-24381; FMA_0024876-24878; FMA_0032195-32196; FMA_0032269-32276; FMA_0032644-32645; FMA_0032679-32685; FMA_0032743-32744; FMA_0032867-32869; and FMA_0032892-32897. Such practice is inconsistent with the Federal Rules of Civil Procedure and the instructions detailed in Plaintiffs' discovery requests. FMA's production of blank pages and its failure to provide many of the attachments to documents further demonstrates FMA's unwillingness to cooperate fully with Plaintiffs and to honor its discovery obligations. The Court should not allow such abusive discovery tactics.

## IV.

## CONCLUSION

Because of FMA's unwillingness to provide all documents responsive to Plaintiffs' discovery requests, Plaintiffs respectfully request the Court to compel FMA to provide all responsive documents. Further, because of Plaintiffs' deadline of May 15, 2007 to respond to FMA's motion to dismiss or transfer, Plaintiffs respectfully request an expedited hearing and briefing schedule to hear Plaintiffs' motion. Plaintiffs are not at this time seeking sanctions, but reserve their right to do so after this last attempt to less draconian persuasion.

RESPECTFULLY submitted this 16th day of April, 2007.

**TEKER TORRES & TEKER, P.C.**

By _____
**JOSEPH C. RAZZANO, ESQ.**
*Attorneys For Plaintiffs*

1  **TEKER TORRES & TEKER, P.C.**
   130 Aspinall Avenue-Suite 2A
2  Hagåtña, Guam 96910
   671.477.9891 Telephone
3  671.472.2601 Facsimile

4  **UNPINGCO & ASSOCIATES, LLC**
   Sinajana Mall-Suite 12B
5  Sinajana, Guam
   671.475.8545 Telephone
6  671.475.8550 Facsimile

7  **SHORE CHAN BRAGALONE LLP**
   325 N. St. Paul Street, Suite 4450
8  Dallas, Texas 75201
   214.593.9110 Telephone
9  214.593.9111 Facsimile

10 *Attorneys For Plaintiffs*
   *Nanya Technology Corp. and*
11 *Nanya Technology Corp. U.S.A.*

12

13              **DISTRICT COURT OF GUAM**

14

15 NANYA TECHNOLOGY CORP. and          Case No. CV-06-00025
   NANYA TECHNOLOGY CORP. U.S.A.,
16

17        Plaintiffs,

18        v.                             **CERTIFICATE OF SERVICE**

19 FUJITSU LIMITED and FUJITSU
   MICROELECTRONICS AMERICA, INC.,
20

21        Defendants.

22      I, JOSEPH C. RAZZANO, ESQ., hereby declare as follows:

23      1.    I am over the age of majority and am competent to testify regarding the matters stated
24
   herein.
25
        2.    I hereby certify that on April 16, 2007, a true and exact copy of **PLAINTIFFS'**
26
   **MOTION TO COMPEL DOCUMENTS RESPONSIVE TO PLAINTIFFS' JURISDICTIONAL**
27
   **REQUESTS FOR PRODUCTION TO FUJITSU MICROELECTRONICS AMERICA, INC.**
28

1    was served via electronic mail and U.S. Mail on Defendant Fujitsu Microelectronics America, Inc.

2    through its attorneys of record:

3
4    Michael M. Murray, Esq.                    David Benjamin, Esq.
     Christopher E. Chalsen, Esq.               Calvo & Clark
5    Milbank Tweed Hadley & McCloy LLP          655 South Marine Corp. Drive
     1 Chase Manhattan Plaza                    Tamuning, Guam 96913
6    New York, NY 10005                         (671) 646-9355
     (212) 530-5000 main                        (671) 646-9403 fax
7    (212) 530-5219 main fax                    dbenjamin@calvoclark.com
     cchalsen@milbank.com
8

9        3.    I declare under penalty of perjury that the foregoing is true and correct.

10       DATED at Hagåtña, Guam on April 16, 2007.

11

12

13                                     _____
                                       JOSEPH C. RAZZANO, ESQ.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28