# EXHIBIT "A"

# EXHIBIT A

**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891/4
FACSIMILE: (671) 472-2601

**UNPINGCO & ASSOCIATES, LLC**
SUITE 12B, SINAJANA MALL
SINAJANA, GUAM
TELEPHONE: (671) 475-8545
FACSIMILE: (671) 475-8550

**SHORE CHAN BRAGALONE LLP**
SUITE 4450, 325 N. ST. PAUL STREET
DALLAS, TEXAS 75201
TELEPHONE: (214) 593-9110
FACSIMILE: (214) 593-9111

*Attorneys for Plaintiffs*
*Nanya Technology Corp. and*
*Nanya Technology Corp. U.S.A.*



## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| **NANYA TECHNOLOGY CORP., and** ) <br> **NANYA TECHNOLOGY CORP. U.S.A.,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> **vs.** ) <br> ) <br> ) <br> **FUJITSU LIMITED, FUJITSU** ) <br> **MICROELECTRONICS AMERICA, INC.,** ) <br> ) <br> **Defendants.** ) <br> ) | **CIVIL CASE NO. CV06-00025** <br><br><br> **PLAINTIFF'S FIRST REQUEST FOR** <br> **PRODUCTION OF DOCUMENTS** <br> **TO DEFENDANT FUJITSU** <br> **MICROELECTRONICS** <br> **AMERICA, INC.** |

**To:**     **Defendant, Fujitsu Microelectronics America, Inc., by and through its attorneys of**
         **record, Calvo & Clark, LLP.**

Plaintiff hereby requests, pursuant to Rule 34 of the Federal Rules of Civil Procedure ("FRCP"),

that Defendant, Fujitsu Microelectronics America, Inc. ("Defendant FMA"), produce and permit

# ORIGINAL

Plaintiff's attorneys to inspect and to copy each of the following documents belonging to or in the possession of Defendant FMA.

These requests shall be deemed to be continuing and any additional information or documents relating in any way to these requests that you acquire subsequent to the date of answering these requests and up to and including the time of trial shall be furnished, promptly after such information or documents are acquired, as supplemental responses to these requests.

## DEFINITIONS

1.      "Documents" means the original and any non-identical copy of all "writings," "recordings" and "photographs" as those terms are defined in the FRCP including, but not limited to letters, facsimile communications, electronic mail ("e-mail") communications, telegraphs, cablegrams, telexes, memoranda, notes, records, reports, studies, calendars, diaries, agenda, minutes, books, pamphlets, periodicals, newspaper clippings, graphs, index, charts, tabulations, statistical accumulations, ledgers, financial statements, accounting entries, press releases, contracts, affidavits, transcripts, legal documents, records of meeting and conferences, records of conversation and telephone calls, still photographs, video tapes, motion pictures, tape recordings, microfilm, punch cards, programs, printouts, lie detector techniques and the written information necessary to understand and use such films and records.

2.      A document "relating to" or that "relates to" any given subject means any document that in whole or in part constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that subject, including without limitation, document concerning the preparation of other documents.

3.      The pronoun "you" refers to each Defendant and the party answering this Request for Production, their agents and representatives.0

4.      The term "dynamic memory chip" means any and all computer memory chips that utilize Dynamic Random Access Memory ("DRAM"), that FMA makes, uses, sells, offers for sale or that

are made, used, sold, or offered for sale by FMA in the United States, including the territory of Guam, or imported by FMA into the United States, including the territory of Guam, whether directly or indirectly through an affiliate, consumer, or partner, during the six years prior to the filing of this patent infringement action.

5.      "Plaintiff" includes Nanya Technology Corp. and Nanya Technology Corp. U.S.A., all its subsidiaries, parents and affiliates, and all officers, directors, employees, agents, and any other person acting on its behalf.

6.      "Defendant" includes Fujitsu Microelectronics America, Inc. ("FMA"), all its subsidiaries, parents, including Fujitsu Ltd., and affiliates, and all officers, directors, employees, agents, and any other person acting on its behalf.

7.      "Communication" means the transmittal of information in the form of facts, ideas, inquiries or otherwise.

8.      "Identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment and employment title. Once a person has been identified in accordance with this definition, only the name of that person need be listed in response to subsequent requests requiring the identification of that person.

9.      "Person" is defined as any natural person or any business, legal or governmental entity or association.

10.     "Concerning" means relating to, inferring to, describing, evidencing, or constituting.

11.     The conjunctions "and" and "or" shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

- 3 -

## INSTRUCTIONS

12.    Under Rule 34 of the Federal Rules of Civil Procedure, Defendant FMA is required to produce the documents as they are kept in the usual course of business or to organize and label them to correspond with the categories of this request. Accordingly, whenever a document or group of documents is taken out of a file folder, file drawer, file box, or notebook, before the same is produced, Plaintiff requests Defendant FMA to attach thereto a copy of the label on the file folder, file drawer, file box, or notebook from which the document or group of documents was removed.

13.    For the purposes of this instruction, persons shall be identified by giving their title and business address both at the time the document was generated by or made available to them and at the present, as well as their name and present home address, to the extent known.

14.    If you are aware of any document otherwise responsive to these requests, which document is no longer in your custody or control, identify the name and title of the author, the name and title of the addressee, the date of the document, the subject matter of documents, the last date on which the document was in your control, the person(s) or entity, if any, now in control of the document, the reasons for your disposition or release of the document, all persons who have knowledge of the circumstances surrounding its disposition, and state what knowledge each person has on which document was in your control, the person(s) or entity, if any, now in control of the document, the reasons for your disposition or release of the document, all persons who have knowledge of the circumstance surrounding its disposition, and state what knowledge each such person be.

15.    Reference to the singular includes the plural and reference to the plural includes the singular.

16.    All claims of privilege and refusal to produce documents based upon any other doctrine (such as the attorney-work product doctrine, etc.) shall be made in conforming the

- 4 -

Guam Rules of Civil Procedure and shall include the following information in your statement of
the basis for any document so withheld or redacted:

        a.     the date of the document;

        b.     the number of pages, attachments, and appendices;

        c.     the identity of its author, authors or preparers;

        d.     the identity of each person who was sent, shown, blind, dash or
carbon copied on, or had custody of such documents; and

        e.     subject matter of each such document, and in the case of any
document relating to or referring to a meeting or conversation, identification of such meeting or
conversation.

     17.     If any document or tangible thing requested herein was at one time in
existence, but has been lost, discarded or destroyed, or otherwise is no longer available, identify
such document or thing as completely as possible, providing as much of the following
information as possible:

        a.     the type of document or thing;

        b.     its date.

        c.     the date or approximate date it was lost, discarded, destroyed, or
otherwise became no longer available;

        d.     the circumstances and manner in which it was lost, discarded,
destroyed, or otherwise became no longer available;

        e.     the reason for, or reasons for, the disposing of the document;

        f.     the identity of all persons authorizing or having knowledge of the
circumstances surrounding the disposal of the document or things;

g.    the identity of the person(s) who lost, discarded or destroyed the

document or thing; and

h.    the identity of all persons having knowledge of the contents

thereof.

18.    Unless otherwise specified herein, this request calls for all documents

generated, prepared or received, or that refer to or relate to any events in the period from January

1, 2003 up to and including the date of this request.

19.        To the extent permitted by the Federal Rules of Civil Procedure, these

requests shall be deemed continuing so as to require prompt further and supplemental production

if you locate or obtain possession, custody or control of additional responsive documents at any

time prior to trial.

20.    Plaintiff reserves the right to request additional documents.

## REQUEST FOR PRODUCTION

**REQUEST NO. 1:**  Documents listing each and every camera manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 2:**  Documents listing each and every camera that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 3:**  Documents listing each and every contract entered into within the last six years between FMA and a camera manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 4:**  Documents listing each and every request made within the last six years by a camera manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 5:**  Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a camera manufacturer.

**REQUEST NO. 6:**    Documents listing each and every mobile phone manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 7:**    Documents listing each and every mobile phone that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 8:**    Documents listing each and every contract entered into within the last six years between FMA and a mobile phone manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 9:**    Documents listing each and every request made within the last six years by a mobile phone manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 10:**    Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a mobile phone manufacturer.

**REQUEST NO. 11:**    Documents listing each and every Personal Digital Assistant ("PDA") manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 12:**    Documents listing each and every PDA that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 13:**    Documents listing each and every contract entered into within the last six years between FMA and a PDA manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 14:**    Documents listing each and every request made within the last six years by a PDA manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 15:**    Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a PDA manufacturer.

**REQUEST NO. 16:**    Documents listing each and every personal computer manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 17:**    Documents listing each and every personal computer that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 18:**    Documents listing each and every contract entered into within the last six years between FMA and a personal computer manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 19:** Documents listing each and every request made within the last six years by a personal computer manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 20:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a personal computer manufacturer.

**REQUEST NO. 21:** Documents listing each and every notebook computer manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 22:** Documents listing each and every notebook computer that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 23:** Documents listing each and every contract entered into within the last six years between FMA and a notebook computer manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 24:** Documents listing each and every request made within the last six years by a notebook computer manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 25:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a notebook computer manufacturer.

**REQUEST NO. 26:** Documents listing each and every television manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 27:** Documents listing each and every television that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 28:** Documents listing each and every contract entered into within the last six years between FMA and a television manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 29:** Documents listing each and every request made within the last six years by a television manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 30:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a television manufacturer.

8.

**REQUEST NO. 31:** Documents listing each and every DVD player manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 32:** Documents listing each and every DVD player that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 33:** Documents listing each and every contract entered into within the last six years between FMA and a DVD player manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 34:** Documents listing each and every request made within the last six years by a DVD player manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 35:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a DVD player manufacturer.

**REQUEST NO. 36:** Documents listing each and every car stereo manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 37:** Documents listing each and every car stereo that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 38:** Documents listing each and every contract entered into within the last six years between FMA and a car stereo manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 39:** Documents listing each and every request made within the last six years by a car stereo manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 40:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a car stereo manufacturer.

**REQUEST NO. 41:** Documents listing each and every automobile manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 42:** Documents listing each and every automobile that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 43:** Documents listing each and every contract entered into within the last six years between FMA and an automobile manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 44:** Documents listing each and every request made within the last six years by an automobile manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 45:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for an automobile manufacturer.

**REQUEST NO. 46:** Documents listing each and every LCD display manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 47:** Documents listing each and every LCD display that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 48:** Documents listing each and every contract entered into within the last six years between FMA and an LCD display manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 49:** Documents listing each and every request made within the last six years by an LCD display manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 50:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for an LCD display manufacturer.

**REQUEST NO. 51:** Documents listing each and every climate control unit manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 52:** Documents listing each and every climate control unit that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 53:** Documents listing each and every contract entered into within the last six years between FMA and a climate control unit manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 54:** Documents listing each and every request made within the last six years by a climate control unit manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 55:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a climate control unit manufacturer.

**REQUEST NO. 56:** Documents listing each and every printer manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 57:** Documents listing each and every printer that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 58:** Documents listing each and every contract entered into within the last six years between FMA and a printer manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 59:** Documents listing each and every request made within the last six years by a printer manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 60:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a printer manufacturer.

**REQUEST NO. 61:** Documents listing each and every copier manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 62:** Documents listing each and every copier that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 63:** Documents listing each and every contract entered into within the last six years between FMA and a copier manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 64:** Documents listing each and every request made within the last six years by a copier manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 65:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a copier manufacturer.

**REQUEST NO. 66:** Documents listing each and every fax machine manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 67:** Documents listing each and every fax machine that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 68:** Documents listing each and every contract entered into within the last six years between FMA and a fax machine manufacturer involving an FMA dynamic memory chip.

11.

**REQUEST NO. 69:** Documents listing each and every request made within the last six years by a fax machine manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 70:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a fax machine manufacturer.

**REQUEST NO. 71:** Documents listing each and every home stereo manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 72:** Documents listing each and every home stereo that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 73:** Documents listing each and every contract entered into within the last six years between FMA and a home stereo manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 74:** Documents listing each and every request made within the last six years by a home stereo manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 75:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a home stereo manufacturer.

**REQUEST NO. 76:** Documents listing each and every video game system manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 77:** Documents listing each and every video game system that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 78:** Documents listing each and every contract entered into within the last six years between FMA and a video game system manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 79:** Documents listing each and every request made within the last six years by a video game system manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 80:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a video game system manufacturer.

12.

**REQUEST NO. 81:** Documents listing each and every land-line telephone manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 82:** Documents listing each and every land-line telephone that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 83:** Documents listing each and every contract entered into within the last six years between FMA and a land-line telephone manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 84:** Documents listing each and every request made within the last six years by a land-line telephone manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 85:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a land-line telephone manufacturer.

**REQUEST NO. 86:** Documents listing each and every microwave manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 87:** Documents listing each and every microwave that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 88:** Documents listing each and every contract entered into within the last six years between FMA and a microwave manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 89:** Documents listing each and every request made within the last six years by a microwave manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 90:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a microwave manufacturer.

**REQUEST NO. 91:** Documents listing each and every washing machine manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 92:** Documents listing each and every washing machine that has used or incorporated an FMA dynamic memory chip within the last six years.

13.

**REQUEST NO. 93:** Documents listing each and every contract entered into within the last six years between FMA and a washing machine manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 94:** Documents listing each and every request made within the last six years by a washing machine manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 95:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a washing machine manufacturer.

**REQUEST NO. 96:** Documents listing each and every power supply manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 97:** Documents listing each and every power supply that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 98:** Documents listing each and every contract entered into within the last six years between FMA and a power supply manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 99:** Documents listing each and every request made within the last six years by a power supply manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 100:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a power supply manufacturer.

**REQUEST NO. 101:** Documents listing each and every network-enabled device manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 102:** Documents listing each and every network-enabled device that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 103:** Documents listing each and every contract entered into within the last six years between FMA and a network-enabled device manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 104:** Documents listing each and every request made within the last six years by a network-enabled device manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 105:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a network-enabled device manufacturer.

**REQUEST NO. 106:** Documents listing each and every home audio device manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 107:** Documents listing each and every home audio device that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 108:** Documents listing each and every contract entered into within the last six years between FMA and a home audio device manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 109:** Documents listing each and every request made within the last six years by a home audio device manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 110:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a home audio device manufacturer.

**REQUEST NO. 111:** Documents listing each and every graphic display device manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 112:** Documents listing each and every graphic display device that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 113:** Documents listing each and every contract entered into within the last six years between FMA and a graphic display device manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 114:** Documents listing each and every request made within the last six years by a graphic display device manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 115:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a graphic display device manufacturer.

**REQUEST NO. 116:** Documents listing each and every consumer electronics manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

15.

**REQUEST NO. 117:** Documents listing each and every consumer electronic item that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 118:** Documents listing each and every contract entered into within the last six years between FMA and a consumer electronics manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 119:** Documents listing each and every request made within the last six years by a consumer electronics manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 120:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a consumer electronics manufacturer.

**REQUEST NO. 121:** Documents listing each and every contract entered into within the last six years between FMA and a government entity or government subcontractor, including military entities, involving an FMA dynamic memory chip.

**REQUEST NO. 122:** Documents listing each and every request made within the last six years by a government entity or government subcontractor, including military entities, for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 123:** Documents listing each and every proposal made within the last six years by government entity or government subcontractor, including military entities, to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a government entity or government subcontractor, including military entities.

**REQUEST NO. 124:** Documents listing each and every manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 125:** Documents listing each and every product that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 126:** Documents listing each and every contract entered into within the last six years between FMA and a manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 127:** Documents listing each and every request made within the last six years by a manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 128:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a manufacturer.

**REQUEST NO. 129:** All documents reflecting FMA's retention of any person as an employee, agent, or in any other capacity in Guam during the past five (5) years.

**REQUEST NO. 130:** All documents reflecting FMA's entry into any contract for the purchase or sale of merchandise within Guam during the past five (5) years.

**REQUEST NO. 131:** All documents reflecting performance of the contracts in the above Request for Production.

**REQUEST NO. 132:** All documents reflecting FMA's interest during the past five (5) years in any corporation that was qualified to do business or which had an office in Guam.

**REQUEST NO. 133:** All documents reflecting FMA's employment during the past five (5) years of individuals, whether resident or not, living or working in Guam.

**REQUEST NO. 134:** All documents reflecting FMA's employment during the past five (5) years of any sales agents or representatives of any kind who lived, worked or solicited business in Guam.

**REQUEST NO. 135:** All documents reflecting FMA's distributors, suppliers, partners or customers having offices in Guam during the past five (5) years.

**REQUEST NO. 136:** All documents reflecting FMA's maintenance during the past five (5) years of a telephone listing, or listed or used a post office box, or other mailing address in Guam.

**REQUEST NO. 137:** All documents reflecting FMA's representation by attorneys, for any purposes, who are admitted to practice in Guam.

**REQUEST NO. 138:** All documents reflecting FMA's rental, ownership, operation, or holding of any interest whatsoever (including by lease) of any personal property in Guam.

**REQUEST NO. 139:** All documents reflecting FMA's contracts for the sale of goods or services during the last five (5) years to any person or business entity located or having an office in Guam.

**REQUEST NO. 140:** All documents reflecting FMA's direct or indirect shipment of any goods or products or any goods or products incorporating FMA's dynamic memory chip into or through Guam during the last five (5) years.

**REQUEST NO. 141:** All documents reflecting the authorization of FMA, or FMA's affiliates or subsidiaries, to transact business within Guam within the past ten (10) years.

**REQUEST NO. 142:** All documents reflecting contracts between FMA and customers or FMA and partners in Guam.

**REQUEST NO. 143:** All documents reflecting each and every contact between FMA or FMA's affiliates or subsidiaries, or FMA's representative with residents of Guam within the last ten (10) years to the present, including, but not limited to, direct contact, such as telephone contact or correspondence, as well as advertisements of any sort.

**REQUEST NO. 144:** All documents reflecting attempts by FMA or FMA's affiliates or subsidiaries to solicit any business in Guam during the past ten (10) years.

**REQUEST NO. 145:** All documents reflecting attempts by FMA or FMA's affiliates or subsidiaries to solicit any individual in Guam during the past ten (10) years.

**REQUEST NO. 146:** All documents reflecting the total number of sales and gross annual amount of the sales, all direct sales made by FMA or FMA's affiliates or subsidiaries to customers in Guam or customers with operations in Guam for each of the last ten (10) years.

**REQUEST NO. 147:** All documents reflecting shipment of any merchandise into Guam on consignment by FMA or FMA's affiliates or subsidiaries during the past ten (10) years.

DATED at Hagåtña, Guam, this 14th day of December, 2006.

**TEKER TORRES & TEKER, P.C.**

By _____
JOSEPH C. RAZZANO, ESQ., Attorneys for
Plaintiff, *Nanya Technology Corp. and
Nanya Technology Corp. U.S.A.*

**A-2**

1   **TEKER TORRES & TEKER, P.C.**
    130 Asinall Avenue-Suite 2A
2   Hagatna, Guam 96910
    671.477.9891 Telephone
3   671.472.2601 Facsimile

4   **UNPINGCO & ASSOCIATES, LLC**
    Sinajana Mall-Suite 12B
5   Sinajana, Guam
    671.475.8545 Telephone
6   671.475.8550 Facsimile

7   **SHORE CHAN BRAGALONE LLP**
    325 N. St. Paul Street, Suite 4450
8   Dallas, Texas 75201
    214.593.9110 Telephone
9   214.593.9111 Facsimile

10  ATTORNEYS FOR PLAINTIFFS
    Nanya Technology Corp. and
11  Nanya Technology Corp. U.S.A.

12              **UNITED STATES DISTRICT COURT**

13                    **DISTRICT OF GUAM**

14

15  NANYA TECHNOLOGY CORP. and        Case No. CV-06-00025
16  NANYA TECHNOLOGY CORP. U.S.A.,

17              Plaintiffs,            **PLAINTIFFS' SECOND SET OF
                                       JURISDICTIONAL REQUESTS FOR**
18                                     **PRODUCTION TO DEFENDANT**
    v.                                 **FUJITSU MICROELECTRONICS**
19                                     **AMERICA, INC.**
    FUJITSU LIMITED and FUJITSU
20  MICROELECTRONICS AMERICA, INC.,

21              Defendants.

22  TO:     Defendant Fujitsu Microelectronics America, Inc., by and through its attorneys of record,
23          Rodney J. Jacob and Daniel M. Benjamin, Calvo & Clark, LLP, 655 South Marine Corps
            Drive, Suite 202, Tamuning, Guam 96913, and Christopher E. Chalsen, Michael M. Murray
24          and Lawrence T. Kass, Milbank Tweed Hadley & McCloy, LLP, 1 Chase Manhattan Plaza,
25          New York, New York 10005

26          Pursuant to Federal Rules of Civil Procedure 34, Plaintiffs Nanya Technology Corp. and Nanya
27  Technology Corp. U.S.A. ("PLAINTIFFS") request that Defendant Fujitsu Microelectronics America,
28

---

PLAINTIFFS' SECOND SET OF JURISDICTIONAL REQUESTS FOR PRODUCTION TO
DEFENDANT FUJITSU MICROELECTRONICS AMERICA, INC.                          PAGE 1

Inc. ("DEFENDANT" or "Fujitsu")  produce and permit Plaintiffs' attorneys to inspect and to copy each of the following documents belonging to or in the possession of Defendant within thirty (30) days of service of these requests.

These requests shall be deemed to be continuing and any additional information or documents relating in any way to these requests that you acquire subsequent to the date of answering these requests and up to and including the time of trial shall be furnished, promptly after such information or documents are acquired, as supplemental responses to these requests.

## DEFINITIONS

1.      "Documents" mean the original and any non-identical copy of all "writings," "recordings" and "photographs" as those terms are defined in the FRCP including, but not limited to letters, facsimile communications, electronic mail ("e-mail") communications, telegraphs, cablegrams, telexes, memoranda, notes, records, reports, studies, calendars, diaries, agenda, minutes, books, pamphlets, periodicals, newspaper clippings, graphs, index, charts, tabulations, statistical accumulations, ledgers, financial statements, accounting entries, press releases, contracts, affidavits, transcripts, legal documents, records of meetings and conferences, records of conversations and telephone calls, still photographs, video tapes, motion pictures, tape recordings, microfilm, punch cards, programs, printouts, and the written information necessary to understand and use such films and records.

2.      A document "related to" or that "relates to" any given subject means any document that in whole or in part constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that subject, including without limitation, document concerning the preparation of other documents.

3.      The pronoun "you" refers to each Defendant and the party answering this Request for Production, their agents and representatives.

4.      "Plaintiff" and "Plaintiffs" includes Nanya Technology Corp. and Nanya Technology Corp. U.S.A., all its subsidiaries, parents and affiliates, and all officers, directors, employees, agents, and any other person acting on its behalf.

5.      "Defendant" includes Fujitsu Microelectronics America, Inc. and all its subsidiaries, parents (including but not limited to Fujitsu Limited), and affiliates and all officers, directors, employees, agents, and any other person acting on their behalf.

6.      "Communication" is any and all means for transmitting information in the form of facts, ideas, inquiries or otherwise.

7.      "Identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment and employment title.  Once a person has been identified in accordance with this definition, only the name of that person need be listed in response to subsequent requests requiring the identification of that person.

8.      "Person" is defined as any natural person or any business, legal or governmental entity or association.

9.      "Concerning" means relating to, inferring to, describing, evidencing, or constituting.

10.     The conjunctions "and" and "or" shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

11.     The terms "infringe", "infringes", "infringed", "infringement", "directly infringes", "contributes to the infringement", and "induces the infringement" are to be understood in accordance with 35 U.S.C. § 271.

12.    The terms "ACCUSED DEVICE" or "ACCUSED DEVICES" refer to the following parts or devices:

(a)    Fujitsu "FR" series of 32 bit RISC microcontrollers (including but not limited to part numbers MB91F133A, MB91191R/F191A, MB911912/F192, MB91101A, MB91107, MB91108, MB91121, MB91F127, MB91F128, MB91133, MB91F133, MB91154, MB91F154, MB91155, MB91F155, MB91F158, MB91F362GB, MB91F365GB, MB91F366GA/GB, MB91F367G/GB, MB91F368GB, MB91F369GA, MB91301, MB91305, MB91307B, MB91307R, MB91F312A, MB91F318A, MB91FV319A, MB91352A, MB91353A/F353A, MB91354A, MB91355A, MB91F355A, MB91232L, MB91233L, MB91F233, MB91F233L, MB91263B, MB91F264B, MB91266, MB91F267, MB91F272, MB91F477, MB91F478, MB91401, MB91402, and MB91403);

(b)    Fujitsu "M-2" series, *a.k.a.* "Millennia-2 Mobile," and "SPARClite," a.k.a. "MB8683X" series of camera processors (including but not limited to part numbers MB91188, MB91188A, MB91189, MB91392, MB86831, MB86941, MB86942); and

(c)    Fujitsu "MB91360G" Series of 32 bit RISC microcontrollers with CAN interface (including but not limited to part numbers MB91F362GAPFVS, MB91F362GA, MB91F365GB, MB91F366GB, MB91F367GB, MB91F368GB, and MB91F369GA).

13.    The terms "similar device" or "similar devices" are defined as any and all devices, products, and tangible things made or designed by Fujitsu using the same or similar structure for any memory component thereof, including but not limited to, microcontrollers, processors, micro control units ("MCUs"), graphic control units, sensors, and integrated circuits.

14.    The term "biometric sensors" refers to the models MBF200, SBF200, DKF200, MBF310, and/or MBF320.

15.    The term "WiMax" is defined as any device complying with or purporting to comply with the *IEEE 802.16* standard.

16.    The term "MEMS" or "Micro-Electro-Mechanical Systems" is defined as a device having an integration of mechanical elements, sensors, actuators, and electronics on a common silicon substrate through microfabrication technology.

16.    The term "FlexRay" refers to the high-speed serial communication system using point-to-point links over unshielded or shielded pair cable known as the FlexRay standard.

17.    The term "MOST" or "Media Oriented System Transport" refers to the Multimedia Car Infotainment system available in automobiles.

18.    The term "CAN" or "Controller-Area-Network" refers to network devices that permit the various electronic components in an automobile to communicate with each other using a common framework.

## INSTRUCTIONS

1.    Under Rule 34 of the Federal Rules of Civil Procedure, Defendant is required to produce the documents as they are kept in the usual course of business or to organize and label them to correspond with the categories of this request.  Accordingly, whenever a document or group of documents is taken out of a file folder, file drawer, file box, or notebook, before the same is produced, Plaintiffs request Defendant to attach thereto a copy of the label on the file folder, file drawer, file box, or notebook from which the document or group of documents was removed.  Defendant shall also provide an index of all documents produced.

2.    If you are aware of any document otherwise responsive to these requests, which document is no longer in your custody or control, identify the name and title of the author, the name and title of the addressee, the date of the document, the subject matter of documents, the last date on which the document was in your control, the person(s) or entity, if any, now in control of the document, the reasons for your disposition or release of the document, all persons who have knowledge of the circumstances surrounding its disposition, and state what knowledge each person has on which document was in your control, the person(s) or entity, if any, now in control of the document, the reasons for your disposition or release of the document, all persons who have knowledge of the circumstance surrounding its disposition, and state what knowledge each such person has.

1    3.    Reference to the singular includes the plural and reference to the plural includes the

2    singular.

3    4.    All claims of privilege and refusal to produce documents based upon any other doctrine

4    (such as the attorney-work product doctrine, etc.) shall be made in conforming with the Guam Rules of

5    Civil Procedure and shall include the following information in your statement of the basis for any

6

7    document so withheld or redacted:

8         a.    the date of the document;

9         b.    the number of pages, attachments, and appendices;

10        c.    the identity of its author, authors or preparers;

11        d.    the identity of each person who was sent, shown, blind, dash or carbon copied

12

13   on, or had custody of such documents; and

14        e.    subject matter of each such document, and in the case of any document relating

15   to or referring to a meeting or conversation, identification of such meeting or conversation.

16   5.    If any document or tangible thing requested herein was at one time in existence, but has

17   been lost, discarded or destroyed, or otherwise is no longer available, identify such document or thing

18   as completely as possible, providing as much of the following information as possible:

19        a.    the type of document or thing;

20        b.    its date;

21

22        c.    the date or approximate date it was lost, discarded, destroyed, or otherwise

23   became no longer available;

24        d.    the circumstances and manner in which it was lost, discarded, destroyed, or

25   otherwise became no longer available;

26        e.    the reason for, or reasons for, the disposing of the document;

27

28

1        f.     the identity of all persons authorizing or having knowledge of the circumstances

2 surrounding the disposal of the document or things;

3        g.    the identity of the person(s) who lost, discarded or destroyed the document or

4 thing; and

5        h.    the identity of all persons having knowledge of the contents thereof.

6

7    6.    Unless otherwise specified herein, this request calls for all documents generated,

8 prepared or received, or that refer to or relate to any events in the period from 1999 up to and including

9 the date of this request.

10    7.    To the extent permitted by the Federal Rules of Civil Procedure, these requests shall be

11 deemed continuing so as to require prompt further and supplemental production if you locate or obtain

12 possession, custody or control of additional responsive documents at any time prior to trial.

13

14    8.    Plaintiffs reserve the right to request additional documents.

## REQUESTS FOR PRODUCTION

1.      All documents listing any manufacturer or customer that has purchased a Fujitsu ACCUSED DEVICE or similar device made by Fujitsu or bearing a Fujitsu trademark for use or incorporation in any manufacturer's or customer's products from 1999 to the present.

2.      All documents listing any product made by Fujitsu or other manufacturer or customer that has used or incorporated a Fujitsu ACCUSED DEVICE or similar device made by Fujitsu or other manufacturer or customer from 1999 to the present.

3.      All documents listing any contract entered into within the last six years between DEFENDANT and any manufacturer or customer involving a Fujitsu ACCUSED DEVICE or similar device made by Fujitsu or other manufacturer or customer.

4.      All documents listing any request made from 1999 to the present by any manufacturer or customer for proposals from DEFENDANT to develop, manufacture, distribute, or otherwise produce products employing any Fujitsu ACCUSED DEVICE or similar device made by Fujitsu or other manufacturer or customer.

5.      All documents listing any proposal from 1999 to the present by DEFENDANT to develop, manufacture, distribute, or otherwise produce a Fujitsu ACCUSED DEVICE or similar device for any manufacturer or customer.

6.      All documents showing any product made by Fujitsu or other manufacturer or customer with embedded RAM, MEMS, WiMax or other ACCUSED DEVICE or similar device made by Fujitsu or bearing a Fujitsu trademark.

7.      All documents showing any product made by Fujitsu or other manufacturer using a biometric sensor made by Fujitsu or bearing a Fujitsu trademark.

8.      All documents showing any product using a MEMS device made by Fujitsu or bearing a Fujitsu trademark.

9.    All documents showing contracts for sale of any MCUs, biometric sensors, or MEMS devices.

10.    All documents showing any customers for Fujitsu MCUs, biometric sensors, or MEMS devices.

11.    All documents showing design wins for any Fujitsu MCU or ACCUSED DEVICE or similar device in any blood glucose measuring device.

12.    All documents showing design wins for any Fujitsu display controller (whether accused or not) in any automobile.

13.    All documents showing design wins for Fujitsu FlexRay controllers or devices.

(a)    All documents showing design wins for "MOST" controllers or devices.

(b)    All documents showing design wins for "CAN" controllers or devices.

14.    All documents showing supply of any part from Fujitsu (including subsidiaries) to any manufacturer or customer (including but not limited to automobile manufacturers such as Honda, Hyundai, BMW and any affiliated companies).

15.    All documents related to any Fujitsu device having embedded RAM.

16.    All documents identifying any product that incorporates any one or more of the following parts or devices:

(a)    Fujitsu "FR" series of 32 bit RISC microcontrollers (including but not limited to part numbers MB91F133A, MB91191R/F191A, MB91912/F192, MB91101A, MB91107, MB91108, MB91121, MB91F127, MB91F128, MB91133, MB91F133, MB91154, MB91F154, MB91155, MB91F155, MB91F158, MB91F362GB, MB91F365GB, MB91F366GA/GB, MB91F367G/GB, MB91F368GB, MB91F369GA, MB91301, MB91305, MB91307B, MB91307R, MB91F312A, MB91F318A, MB91FV319A, MB91352A, MB91353A/F353A, MB91354A, MB91355A, MB91F355A, MB91232L, MB91233L, MB91F233, MB91F233L, MB91263B, MB91F264B, MB91266, MB91F267, MB91F272, MB91F477, MB91F478, MB91401, MB91402, and MB91403);

(b)    Fujitsu "M-2" series, *a.k.a.* "Miliennia-2 Mobile," "SPARC," and "SPARClite," a.k.a. "MB8683X" series of camera processors (including but not limited to part

numbers MB91188, MB91188A, MB91189, MB91392, MB86831, MB86941, MB86942); and

    (c)    Fujitsu "MB91360G" Series of 32 bit RISC microcontrollers with CAN interface (including but not limited to part numbers MB91F362GAPFVS, MB91F362GA, MB91F365GB, MB91F366GB, MB91F367GB, MB91F368GB, and MB91F369GA).

17.    All documents concerning the design of and sales of any product, including but not limited to digital cameras, that incorporates Fujitsu ACCUSED DEVICES or similar devices made by Fujitsu or bearing a Fujitsu trademark.

18.    All communications between Fujitsu and any entity concerning the use of any Fujitsu ACCUSED DEVICES or similar devices made by Fujitsu or bearing a Fujitsu trademark used in any product, including but not limited to digital cameras, from 1999 to the present.

19.    All documents showing sales of any product containing or employing Fujitsu ACCUSED DEVICES in the United States, including specifically in the territory of Guam.

20.    All documents showing sales of any product made by Fujitsu or other manufacturer containing or employing Fujitsu ACCUSED DEVICES or similar devices to the Kmart Corporation.

21.    All documents evidencing incorporation of Fujitsu ACCUSED DEVICES or similar devices in any non-Fujitsu-branded or non-Fujitsu-trademarked product.

22.    All documents showing shipments, sales, or marketing of products made by or bearing the Fujitsu trademark or trade name to Guam.

23.    All documents showing sales of any ACCUSED DEVICES or similar devices to cell phone makers.

24.    All documents showing sales of any ACCUSED DEVICES or similar devices to digital video recorder makers.

25.    All documents showing sales of any ACCUSED DEVICES or similar devices to digital video camera makers.

26.    All documents showing sales of any ACCUSED DEVICES or similar devices to digital video disk player makers.

27.    All documents showing sales of any ACCUSED DEVICES or similar devices to set top box makers.

28.    All documents showing sales of any ACCUSED DEVICES or similar devices to printer makers.

29.    All documents showing sales of any ACCUSED DEVICES or similar devices to network enabled device makers.

30.    All documents showing sales of any ACCUSED DEVICES or similar devices to makers of in-circuit emulators or development kits.

31.    All documents showing sales of any ACCUSED DEVICES or similar devices to digital camera makers.

32.    All documents showing sales of any ACCUSED DEVICES or similar devices to any other manufacturer or customer not listed or identified in the preceding requests.

33.    All documents covering the "SPARC" and "SPARClite" series of processors.

34.    All documents concerning any product (including but not limited to digital cameras and including but not limited to the following models of digital cameras:  Canon (D30, D60, 10D, 20D), Canon (1D, 1Ds Mark II), Canon Powershot (Sxxx, Axxx); Nikon D-SLRs (D2X, D2H, D100, D70), Nikon Coolpix series and Sigma/Foveon (SD10, SD20)) made by Fujitsu or other manufacturer or customer that has used or incorporated a Fujitsu ACCUSED DEVICE (including but not limited to the "SPARC," "SPARClite" and other Fujitsu-related and Fujitsu-branded series of camera processors) or similar device made by Fujitsu or other manufacturer or customer from 1999 to the present.

1  | Dated: February 9, 2007

2

3  SHORE CHAN BRAGALONE LLP

By:_____
4  MARTIN PASCUAL, Esq.
(admitted *pro hac vice*)

5  ATTORNEYS FOR PLAINTIFFS
Nanya Technology Corp. and
6  Nanya Technology Corp. U.S.A.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28