**A-3**

1 | **TEKER TORRES & TEKER, P.C.**
130 Asinall Avenue-Suite 2A
2 | Hagatna, Guam 96910
671.477.9891 Telephone
3 | 671.472.2601 Facsimile

4 | **UNPINGCO & ASSOCIATES, LLC**
Sinajana Mall-Suite 12B
5 | Sinajana, Guam
671.475.8545 Telephone
6 | 671.475.8550 Facsimile

7 | **SHORE CHAN BRAGALONE LLP**
325 N. St. Paul Street, Suite 4450
8 | Dallas, Texas 75201
214.593.9110 Telephone
9 | 214.593.9111 Facsimile

10 | ATTORNEYS FOR PLAINTIFFS
Nanya Technology Corp. and
11 | Nanya Technology Corp. U.S.A.

12 | **UNITED STATES DISTRICT COURT**

13 | **DISTRICT OF GUAM**

14 |

15 | NANYA TECHNOLOGY CORP. and | Case No. CV-06-00025
NANYA TECHNOLOGY CORP. U.S.A.,
16 |

17 | Plaintiffs, | **PLAINTIFFS' SECOND SET OF**
**JURISDICTIONAL REQUESTS FOR**
18 | | **PRODUCTION TO DEFENDANT**
v. | **FUJITSU LIMITED**
19 |
FUJITSU LIMITED and FUJITSU
20 | MICROELECTRONICS AMERICA, INC.,

21 | Defendants.

22 | TO:   Defendant Fujitsu Ltd., by and through its attorneys of record, Rodney J. Jacob and Daniel M.
23 |       Benjamin, Calvo & Clark, LLP, 655 South Marine Corps Drive, Suite 202, Tamuning, Guam
        96913, and Christopher E. Chalsen, Michael M. Murray and Lawrence T. Kass, Milbank
24 |       Tweed Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, New York 10005

25 |
26 |       Pursuant to Federal Rules of Civil Procedure 34, Plaintiffs Nanya Technology Corp. and Nanya

27 | Technology Corp. U.S.A. ("PLAINTIFFS") request that Defendant Fujitsu Limited ("DEFENDANT"

28 | or "Fujitsu")  produce and permit Plaintiffs' attorneys to inspect and to copy each of the following

---

1    documents belonging to or in the possession of Defendant within thirty (30) days of service of these

2    requests.

3        These requests shall be deemed to be continuing and any additional information or documents

4
5    relating in any way to these requests that you acquire subsequent to the date of answering these

6    requests and up to and including the time of trial shall be furnished, promptly after such information or

7    documents are acquired, as supplemental responses to these requests.

8                              **DEFINITIONS**

9        1.    "Documents" mean the original and any non-identical copy of all "writings,"

10   "recordings" and "photographs" as those terms are defined in the FRCP including, but not limited to

11
12   letters, facsimile communications, electronic mail ("e-mail") communications, telegraphs, cablegrams,

13   telexes, memoranda, notes, records, reports, studies, calendars, diaries, agenda, minutes, books,

14   pamphlets, periodicals, newspaper clippings, graphs, index, charts, tabulations, statistical

15   accumulations, ledgers, financial statements, accounting entries, press releases, contracts, affidavits,

16   transcripts, legal documents, records of meetings and conferences, records of conversations and

17   telephone calls, still photographs, video tapes, motion pictures, tape recordings, microfilm, punch

18   cards, programs, printouts, and the written information necessary to understand and use such films and

19
20   records.

21       2.    A document "related to" or that "relates to" any given subject means any document that

22   in whole or in part constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is

23   in any way pertinent to that subject, including without limitation, document concerning the preparation

24   of other documents.

25       3.    The pronoun "you" refers to each Defendant and the party answering this Request for

26   Production, their agents and representatives.

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4.      "Plaintiff" and "Plaintiffs" includes Nanya Technology Corp. and Nanya Technology Corp. U.S.A., all its subsidiaries, parents and affiliates, and all officers, directors, employees, agents, and any other person acting on its behalf.

5.      "Defendant" includes Fujitsu Limited and all its subsidiaries (including but not limited to Fujitsu Microelectronics America, Inc.), parents, and affiliates and all officers, directors, employees, agents, and any other person acting on their behalf.

6.      "Communication" is any and all means for transmitting information in the form of facts, ideas, inquiries or otherwise.

7.      "Identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment and employment title.  Once a person has been identified in accordance with this definition, only the name of that person need be listed in response to subsequent requests requiring the identification of that person.

8.      "Person" is defined as any natural person or any business, legal or governmental entity or association.

9.      "Concerning" means relating to, inferring to, describing, evidencing, or constituting.

10.     The conjunctions "and" and "or" shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

11.     The terms "infringe", "infringes", "infringed", "infringement", "directly infringes", "contributes to the infringement", and "induces the infringement" are to be understood in accordance with 35 U.S.C. § 271.

12.     The terms "ACCUSED DEVICE" or "ACCUSED DEVICES" refer to the following

parts or devices:

      (a)     Fujitsu "FR" series of 32 bit RISC microcontrollers (including but not limited to
            part numbers MB91F133A, MB91191R/F191A, MB911912/F192, MB91101A,
            MB91107, MB91108, MB91121, MB91F127, MB91F128, MB91133,
            MB91F133, MB91154, MB91F154, MB91155, MB91F155, MB91F158,
            MB91F362GB, MB91F365GB, MB91F366GA/GB, MB91F367G/GB,
            MB91F368GB, MB91F369GA, MB91301, MB91305, MB91307B, MB91307R,
            MB91F312A, MB91F318A, MB91FV319A, MB91352A, MB91353A/F353A,
            MB91354A, MB91355A, MB91F355A, MB91232L, MB91233L, MB91F233,
            MB91F233L, MB91263B, MB91F264B, MB91266, MB91F267, MB91F272,
            MB91F477, MB91F478, MB91401, MB91402, and MB91403);

      (b)     Fujitsu "M-2" series, *a.k.a.* "Millennia-2 Mobile," and "SPARClite," *a.k.a.*
            "MB8683X" series of camera processors (including but not limited to part
            numbers MB91188, MB91188A, MB91189, MB91392, MB86831, MB86941,
            MB86942); and

      (c)     Fujitsu "MB91360G" Series of 32 bit RISC microcontrollers with CAN
            interface (including but not limited to part numbers MB91F362GAPFVS,
            MB91F362GA, MB91F365GB, MB91F366GB, MB91F367GB, MB91F368GB,
            and MB91F369GA).

13.     The terms "similar device" or "similar devices" are defined as any and all devices,

products, and tangible things made or designed by Fujitsu using the same or similar structure for any

memory component thereof, including but not limited to, microcontrollers, processors, micro control

units ("MCUs"), graphic control units, sensors, and integrated circuits.

14.     The term "biometric sensors" refers to the models MBF200, SBF200, DKF200,

MBF310, and/or MBF320.

15.     The term "WiMax" is defined as any device complying with or purporting to comply

with the *IEEE 802.16* standard.

16.     The term "MEMS" or "Micro-Electro-Mechanical Systems" is defined as a device

having an integration of mechanical elements, sensors, actuators, and electronics on a common silicon

substrate through microfabrication technology.

16.    The term "FlexRay" refers to the high-speed serial communication system using point-to-point links over unshielded or shielded pair cable known as the FlexRay standard.

17.    The term "MOST" or "Media Oriented System Transport" refers to the Multimedia Car Infotainment system available in automobiles.

18.    The term "CAN" or "Controller-Area-Network" refers to network devices that permit the various electronic components in an automobile to communicate with each other using a common framework.

## INSTRUCTIONS

1.    Under Rule 34 of the Federal Rules of Civil Procedure, Defendant is required to produce the documents as they are kept in the usual course of business or to organize and label them to correspond with the categories of this request.  Accordingly, whenever a document or group of documents is taken out of a file folder, file drawer, file box, or notebook, before the same is produced, Plaintiffs request Defendant to attach thereto a copy of the label on the file folder, file drawer, file box, or notebook from which the document or group of documents was removed.  Defendant shall also provide an index of all documents produced.

2.    If you are aware of any document otherwise responsive to these requests, which document is no longer in your custody or control, identify the name and title of the author, the name and title of the addressee, the date of the document, the subject matter of documents, the last date on which the document was in your control, the person(s) or entity, if any, now in control of the document, the reasons for your disposition or release of the document, all persons who have knowledge of the circumstances surrounding its disposition, and state what knowledge each person has on which document was in your control, the person(s) or entity, if any, now in control of the document, the reasons for your disposition or release of the document, all persons who have knowledge of the circumstance surrounding its disposition, and state what knowledge each such person has.

1    3.    Reference to the singular includes the plural and reference to the plural includes the

2    singular.

3    4.    All claims of privilege and refusal to produce documents based upon any other doctrine

4    (such as the attorney-work product doctrine, etc.) shall be made in conforming with the Guam Rules of

5    Civil Procedure and shall include the following information in your statement of the basis for any

6

7    document so withheld or redacted:

8        a.    the date of the document;

9        b.    the number of pages, attachments, and appendices;

10        c.    the identity of its author, authors or preparers;

11        d.    the identity of each person who was sent, shown, blind, dash or carbon copied

12    on, or had custody of such documents; and

13        e.    subject matter of each such document, and in the case of any document relating

14    to or referring to a meeting or conversation, identification of such meeting or conversation.

15

16    5.    If any document or tangible thing requested herein was at one time in existence, but has

17    been lost, discarded or destroyed, or otherwise is no longer available, identify such document or thing

18    as completely as possible, providing as much of the following information as possible:

19        a.    the type of document or thing;

20        b.    its date;

21        c.    the date or approximate date it was lost, discarded, destroyed, or otherwise

22

23    became no longer available;

24        d.    the circumstances and manner in which it was lost, discarded, destroyed, or

25    otherwise became no longer available;

26        e.    the reason for, or reasons for, the disposing of the document;

27

28

1

        f.      the identity of all persons authorizing or having knowledge of the circumstances

2

surrounding the disposal of the document or things;

3

        g.      the identity of the person(s) who lost, discarded or destroyed the document or

4

thing; and

5

6

        h.      the identity of all persons having knowledge of the contents thereof.

7

     6.     Unless otherwise specified herein, this request calls for all documents generated,

8

prepared or received, or that refer to or relate to any events in the period from 1999 up to and including

9

the date of this request.

10

     7.     To the extent permitted by the Federal Rules of Civil Procedure, these requests shall be

11

deemed continuing so as to require prompt further and supplemental production if you locate or obtain

12

possession, custody or control of additional responsive documents at any time prior to trial.

13

14

     8.     Plaintiffs reserve the right to request additional documents.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## REQUESTS FOR PRODUCTION

2

1.      All documents listing any manufacturer or customer that has purchased a Fujitsu

3

ACCUSED DEVICE or similar device made by Fujitsu or bearing a Fujitsu trademark for use or

4

incorporation in any manufacturer's or customer's products from 1999 to the present.

5

6

2.      All documents listing any product made by Fujitsu or other manufacturer or customer

7

that has used or incorporated a Fujitsu ACCUSED DEVICE or similar device made by Fujitsu or other

8

manufacturer or customer from 1999 to the present.

9

3.      All documents listing any contract entered into within the last six years between

10

DEFENDANT and any manufacturer or customer involving a Fujitsu ACCUSED DEVICE or similar

11

device made by Fujitsu or other manufacturer or customer.

12

13

4.      All documents listing any request made from 1999 to the present by any manufacturer

14

or customer for proposals from DEFENDANT to develop, manufacture, distribute, or otherwise

15

produce products employing any Fujitsu ACCUSED DEVICE or similar device made by Fujitsu or

16

other manufacturer or customer.

17

5.      All documents listing any proposal from 1999 to the present by DEFENDANT to

18

develop, manufacture, distribute, or otherwise produce a Fujitsu ACCUSED DEVICE or similar

19

device for any manufacturer or customer.

20

21

6.      All documents showing any product made by Fujitsu or other manufacturer or customer

22

with embedded RAM, MEMS, WiMax or other ACCUSED DEVICE or similar device made by

23

Fujitsu or bearing a Fujitsu trademark.

24

7.      All documents showing any product made by Fujitsu or other manufacturer using a

25

biometric sensor made by Fujitsu or bearing a Fujitsu trademark.

26

8.      All documents showing any product using a MEMS device made by Fujitsu or bearing a

27

Fujitsu trademark.

28

9. All documents showing contracts for sale of any MCUs, biometric sensors, or MEMS devices.

10. All documents showing any customers for Fujitsu MCUs, biometric sensors, or MEMS devices.

11. All documents showing design wins for any Fujitsu MCU or ACCUSED DEVICE or similar device in any blood glucose measuring device.

12. All documents showing design wins for any Fujitsu display controller (whether accused or not) in any automobile.

13. All documents showing design wins for Fujitsu FlexRay controllers or devices.

    (a)    All documents showing design wins for "MOST" controllers or devices.

    (b)    All documents showing design wins for "CAN" controllers or devices.

14. All documents showing supply of any part from Fujitsu (including subsidiaries) to any manufacturer or customer (including but not limited to automobile manufacturers such as Honda, Hyundai, BMW and any affiliated companies).

15. All documents related to any Fujitsu device having embedded RAM.

16. All documents identifying any product that incorporates any one or more of the following parts or devices:

    (a)    Fujitsu "FR" series of 32 bit RISC microcontrollers (including but not limited to part numbers MB91F133A, MB91191R/F191A, MB911912/F192, MB91101A, MB91107, MB91108, MB91121, MB91F127, MB91F128, MB91133, MB91F133, MB91154, MB91F154, MB91155, MB91F155, MB91F158, MB91F362GB, MB91F365GB, MB91F366GA/GB, MB91F367G/GB, MB91F368GB, MB91F369GA, MB91301, MB91305, MB91307B, MB91307R, MB91F312A, MB91F318A, MB91FV319A, MB91352A, MB91353A/F353A, MB91354A, MB91355A, MB91F355A, MB91232L, MB91233L, MB91F233, MB91F233L, MB91263B, MB91F264B, MB91266, MB91F267, MB91F272, MB91F477, MB91F478, MB91401, MB91402, and MB91403);

    (b)    Fujitsu "M-2" series, *a.k.a.* "Millennia-2 Mobile," "SPARC," and "SPARClite," a.k.a. "MB8683X" series of camera processors (including but not limited to part

numbers MB91188, MB91188A, MB91189, MB91392, MB86831, MB86941, MB86942); and

    (c)    Fujitsu "MB91360G" Series of 32 bit RISC microcontrollers with CAN interface (including but not limited to part numbers MB91F362GAPFVS, MB91F362GA, MB91F365GB, MB91F366GB, MB91F367GB, MB91F368GB, and MB91F369GA).

17.     All documents concerning the design of and sales of any product, including but not limited to digital cameras, that incorporates Fujitsu ACCUSED DEVICES or similar devices made by Fujitsu or bearing a Fujitsu trademark.

18.     All communications between Fujitsu and any entity concerning the use of any Fujitsu ACCUSED DEVICES or similar devices made by Fujitsu or bearing a Fujitsu trademark used in any product, including but not limited to digital cameras, from 1999 to the present.

19.     All documents showing sales of any product containing or employing Fujitsu ACCUSED DEVICES in the United States, including specifically in the territory of Guam.

20.     All documents showing sales of any product made by Fujitsu or other manufacturer containing or employing Fujitsu ACCUSED DEVICES or similar devices to the Kmart Corporation.

21.     All documents evidencing incorporation of Fujitsu ACCUSED DEVICES or similar devices in any non-Fujitsu-branded or non-Fujitsu-trademarked product.

22.     All documents showing shipments, sales, or marketing of products made by or bearing the Fujitsu trademark or trade name to Guam.

23.     All documents showing sales of any ACCUSED DEVICES or similar devices to cell phone makers.

24.     All documents showing sales of any ACCUSED DEVICES or similar devices to digital video recorder makers.

25.     All documents showing sales of any ACCUSED DEVICES or similar devices to digital video camera makers.

1      26.    All documents showing sales of any ACCUSED DEVICES or similar devices to digital

2   video disk player makers.

3      27.    All documents showing sales of any ACCUSED DEVICES or similar devices to set top

4   box makers.

5

6      28.    All documents showing sales of any ACCUSED DEVICES or similar devices to printer

7   makers.

8      29.    All documents showing sales of any ACCUSED DEVICES or similar devices to

9   network enabled device makers.

10     30.    All documents showing sales of any ACCUSED DEVICES or similar devices to makers

11  of in-circuit emulators or development kits.

12

13     31.    All documents showing sales of any ACCUSED DEVICES or similar devices to digital

14  camera makers.

15     32.    All documents showing sales of any ACCUSED DEVICES or similar devices to any

16  other manufacturer or customer not listed or identified in the preceding requests.

17     33.    All documents covering the "SPARC" and "SPARClite" series of processors.

18     34.    All documents concerning any product (including but not limited to digital cameras and

19  including but not limited to the following models of digital cameras:  Canon (D30, D60, 10D, 20D),

20  Canon (1D, 1Ds Mark II), Canon Powershot (Sxxx, Axxx); Nikon D-SLRs (D2X, D2H, D100, D70),

21  Nikon Coolpix series and Sigma/Foveon (SD10, SD20)) made by Fujitsu or other manufacturer or

22  customer that has used or incorporated a Fujitsu ACCUSED DEVICE (including but not limited to the

23  "SPARC," "SPARClite" and other Fujitsu-related and Fujitsu-branded series of camera processors) or

24  similar device made by Fujitsu or other manufacturer or customer from 1999 to the present.

25

26

27

28

1

2   Dated: February 9, 2007                    SHORE CHAN BRAGALONE LLP

3

4                                              By:

5                                                  Martin A. Pascual, Esq.
                                                   (admitted *pro hac vice*)
6
                                               ATTORNEYS FOR PLAINTIFFS
7                                              Nanya Technology Corp. and
                                               Nanya Technology Corp. U.S.A.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "B"

# EXHIBIT B



SHORE WEST FREEMAN PC

Vance P. Freeman
vfreeman@shorewestfreeman.com

March 22, 2007

*VIA EMAIL*

Michael Murray, Esq.
Christopher Chalsen, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, NY 10005

> Re:   *Nanya Technology Corp., et al. v. Fujitsu Limited, et al.*
>       No. 06-CV-00025, in the U.S. District Court, District of Guam

Dear Mike:

Thanks for talking to us yesterday about Nanya's jurisdictional discovery and your clients' responses and objections. As we agreed yesterday, Plaintiffs will not request a ruling on Defendants' objections to Plaintiffs' jurisdictional discovery until Defendants have had the opportunity to produce the following specific categories of documents by the stipulated deadlines in response to Plaintiffs' Second Requests for Production:

| IN RESPONSE TO REQUEST: | DEFENDANTS WILL PRODUCE: |
|---|---|
| Nos. 1, 14, & 32 | Documents sufficient to identify all original equipment manufacturers ("OEMs") that have purchased an ACCUSED DEVICE since 1999. |
| Nos. 2, 6, 16, & 21 | Documents sufficient to identify all products that have used or incorporated an ACCUSED DEVICE since 2000. |
| No. 3 | All sales and purchase orders for ACCUSED DEVICES within the last six years, or summaries of such documents if the volume of such documents permits production without undue burden. |
| No. 4 | All proposals to develop, manufacture, distribute, or otherwise produce an ACCUSED DEVICE since 1999, or summaries of such documents if the volume of such documents permits production without undue burden. |
| No. 5 | All contracts to develop, manufacture, distribute, or otherwise produce an ACCUSED DEVICE since 1999, or summaries of such documents if the volume of such documents permits production without undue burden. |
| No. 7 | Documents sufficient to identify all products using a biometric sensor made by Fujitsu or bearing a Fujitsu trademark. |
| No. 8 | Documents sufficient to identify all products using a MEMS device made by Fujitsu or bearing a Fujitsu trademark. |
| No. 9 | Documents sufficient to identify all contracts for the sale of a Fujitsu MCU, biometric sensor, or MEMS device. |
| No. 10 | Documents sufficient to identify all customers that have purchased an MCU, biometric sensor, or MEMS device. |

| No. 11 | Documents sufficient to identify all design wins for an ACCUSED DEVICE in a blood glucose measuring device. |
|---|---|
| No. 12 | Documents sufficient to identify all design wins for a Fujitsu display controller for use in an automobile. |
| No. 13 | Documents sufficient to identify all design wins for Fujitsu FlexRay, "MOST," and "CAN" controllers or devices. |
| No. 17 | Documents sufficient to identify all digital cameras that have used or incorporated an ACCUSED DEVICE. |
| No. 19 | Documents sufficient to identify all sales of products containing or employing an ACCUSED DEVICE in Guam. |
| No. 20 | Documents sufficient to identify all products containing or employing an ACCUSED DEVICE to the Kmart Corporation. |
| No. 22 | All documents showing shipments, sales, or marketing of products made by or bearing the Fujitsu trademark or trade name to Guam. |
| No. 23 | Documents sufficient to identify all sales of ACCUSED DEVICES to cell phone makers. |
| No. 24 | Documents sufficient to identify all sales of ACCUSED DEVICES to digital video recorder makers. |
| No. 25 | Documents sufficient to identify all sales of ACCUSED DEVICES to digital video camera makers. |
| No. 26 | Documents sufficient to identify all sales of ACCUSED DEVICES to digital video disk makers. |
| No. 27 | Documents sufficient to identify all sales of ACCUSED DEVICES to set top box makers. |
| No. 28 | Documents sufficient to identify all sales of ACCUSED DEVICES to printer makers. |
| No. 29 | Documents sufficient to identify all sales of ACCUSED DEVICES to network enabled device makers. |
| No. 30 | Documents sufficient to identify all sales of ACCUSED DEVICES to makers of in-circuit emulators or development kits. |
| No. 31 | Documents sufficient to identify all sales of ACCUSED DEVICES to digital camera makers. |
| No. 34 | All sales and purchase orders, design plans, and design wins for ACCUSED DEVICES in the following digital cameras since 1999, or summaries of such documents if the volume of such documents permits production without undue burden:<br>• Canon D30, D60, 10D, 20D, 1D, 1Ds Mark II, Powershot (Sxxx, Axxx);<br>• Nikon D-SLRs (D2X, D2H, D100, D70) and Coolpix series; and<br>• Sigma/Foveon (SD10, SD20). |

In addition, Plaintiffs NTC and NTC USA and Defendants FMA and Fujitsu Limited also agree that (1) for all future discovery, each side will notify the other when it is withholding documents on relevancy grounds, and (2) September 13, 2006, as the date on which NTC and NTC USA

filed their Original Complaint in Guam, will serve as the cut-off date for entries in all parties' privilege logs.

Please let me know by email or return letter if my understanding about our agreement is incorrect.

Best regards,

Vance P. Freeman

cc:     Daniel Benjamin (via email)
        Rodney Jacob (via email)
        Joseph Razzano (via email)
        Judge John Unpingco (via email)

# EXHIBIT "C"

# EXHIBIT C



Martin Pascual
325 N. St. Paul Street, Suite 4450
Dallas, Texas 75201
214-593-9118 Telephone
214-593-9111 Facsimile
mpascual@shorechan.com

April 9, 2007

VIA EMAIL

Michael Murray, Esq.
Christopher Chalsen, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, NY 10005

Re:    *Nanya Technology Corp., et al. v. Fujitsu Limited, et al.*
       (No. 06-CV-00025, in the U.S. District Court, District of Guam)

Dear Counsel:

We write to address deficiencies in Defendants' production of documents in responses to Plaintiffs' Second Set of Jurisdictional Requests for Production to Defendants in the above-referenced case. As you are aware, the materials and information set forth in our discovery requests and outlined below are directly relevant to the jurisdictional issues currently pending before the Court. Although we have already attempted to discuss with you the need for this information based on the joint stipulation the parties filed, the documents Defendants have produced are not relevant to Plaintiffs' discovery requests. Due to the pending deadline for Plaintiffs' response to Defendants' jurisdictional challenge, we would like to resolve this as quickly as possible. Accordingly, please let us know by 3 p.m. (CST) Tuesday, April 10, 2007 whether you are amenable to conferring so that we can determine whether a resolution can be reached without court involvement.

**Requests for Production**

Defendants have not produced the following categories of relevant materials and information requested by Plaintiffs, including:

1.    Documents identifying any product that incorporates any one or more specifically listed Fujitsu parts and documents identifying the entities involved in the design, supply, manufacture, sales, solicitation, or purchase of the identified Fujitsu parts. (*See* Requests for Production ("RFP") 1, 2, 4, 5, 6, 14, 16, 17, 21, 23-32, and 34).

# SHORECHAN
## BRAGALONE LLP

Michael Murray
Christopher Chalsen
April 9, 2007
Page 2

These requests address whether Defendants place their products into the stream of commerce and whether these products are likely to be available in the forum site.

2.      Documents covering the specifically listed Fujitsu parts, including any communications, sales, shipment, marketing, purchase, incorporation, or manufacture of those parts. (*See* RFPs 3, 12, 18-20, 22, and 33). These requests seek to identify and track the incorporation of specifically listed Fujitsu parts into end-products and the final destination of such end-products.

3.      Documents showing any product using parts or devices made by Fujitsu or bearing a Fujitsu trademark. (*See* RFPs 7, 8, 10, and 11). These requests are narrowly tailored to discover evidence related to potentially infringing devices that may be available in Guam through the stream of commerce.

4.      Documents showing design wins for any controllers or devices, whether made by Fujitsu or not that incorporate or use any Fujitsu parts or devices, including FlexRay, "MOST" or "CAN" controllers or devices. (*See* RFPs 12 and 13). These requests address the automotive applications of Fujitsu parts or devices.

Plaintiffs have intentionally presented these targeted and directed discovery requests to elicit information about the particular accused devices of Defendants, which have been publicized as designed into a host of consumer electronic and automotive applications. Plaintiffs believe that these requests are properly discoverable and have drafted requests that are precisely worded to target relevant information clearly subject to Defendants' control and possession. If we have overlooked any documents Defendants believe are directly responsive to the above-listed discovery requests, please identify such documents by bates-numbers. We hope to hear from you by tomorrow afternoon to discuss whether the parties can find a mutually agreeable solution that would obviate the need for court intervention.

Regards,

Martin Pascual

cc:     Daniel Benjamin (via email)
        Rodney Jacob (via email)
        Joseph Razzano (via email)
        Judge John Unpingco (via email)

# EXHIBIT "D"

# SHORECHAN
# BRAGALONE<sub>LLP</sub>

Martin Pascual
Republic Center
325 North Saint Paul Street
Suite 4450
Dallas, Texas 75201
214-593-9118 Telephone
214-593-9111 Facsimile
mpascual@shorechan.com

April 13, 2007

**VIA EMAIL**
Michael Murray, Esq.
Christopher Chalsen, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, NY 10005

Re:    *Nanya Technology Corp., et al. v. Fujitsu Limited, et al.*
       (No. 06-CV-00025, in the U.S. District Court, District of Guam).

Dear Counsel:

        I write to follow up on our conversation yesterday and our letters of March 22, 2007 and April 9, 2007.

        Nanya does not believe its jurisdictional discovery requests have been sufficiently satisfied. Nanya served discovery requests on December 14, 2006 and February 9, 2007 and has been waiting for over four months for documents. We continue to be willing to work with you in getting these documents. I hope you are willing to work with us in this regard. As you are aware, the pending May 15, 2007 deadline for Nanya's response to FMA's jurisdictional challenge requires an immediate unqualified response on your part. Therefore, as we discussed, please let us know by 6 p.m. (CST) Friday, April 13, 2007 when you will produce all of the requested documents.

        Because you desire further clarification of our discovery requests, let me restate the categories that were set out in our December 14, 2006 and February 9, 2007 discovery requests and our March 22, 2007 and April 9, 2007 letters:

        1.    All documents identifying any product that incorporates any one or more of the Accused Devices (defined as both the "Accused Devices" and "Similar Devices" detailed in Plaintiffs' Second Set of Jurisdictional Requests for Production to FMA, served on February 9, 2007). These requests are narrowly tailored to discover evidence related to potentially infringing devices that may be available in Guam through the stream of commerce;



SHORECHAN
BRAGALONE<sub>LLP</sub>

Michael Murray, Esq.
Christopher Chalsen, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
April 13, 2007
Page 2

2.      All documents identifying the entities involved in the design, supply,
        manufacture, sales, solicitation, or purchase of the Accused Devices.
        These categories address whether FMA places its products into the
        stream of commerce and whether these products are likely to be
        available in the forum site;

3.      Documents regarding communications, sales, marketing, incorporation
        or integration of the Accused Devices into FMA's customers' or potential
        customers' products. These requests seek to identify and track the
        incorporation of the Accused Devices into end-products and the final
        destination of such end-products;

4.      All documents showing design wins for any Accused Device including
        but not limited to FlexRay, "MOST" or "CAN" controllers or devices.
        These categories address the design and/or incorporation of the Accused
        Devices into networking, wireless, automotive, industrial, consumer, and
        security applications; and

6.      Documents identifying all FMA customers from 1999 to 2007.

        Also, as we discussed, please let us know by Tuesday, April 17, 2007 when you
can make available for deposition a Rule 30(b)(6) corporate representative for FMA on
the following topics:

1.      All design wins for the Accused Devices from 1999 to 2007;

2.      All products that incorporate the Accused Devices from 1999 to 2007;

3.      All customers or purchasers of the Accused Devices from 1999 to 2007;

4.      The sales cycle for the Accused Devices, which includes how FMA
        markets the Accused Devices, how FMA works with its customers so
        that the Accused Devices can be incorporated or integrated into FMA's
        customers' products;

5.      Market data and sales' projections for the Accused Devices; and

6.      All qualifications of the Accused Devices.

SHORECHAN
BRAGALONE<sub>LLP</sub>

Michael Murray, Esq.
Christopher Chalsen, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
April 13, 2007
Page 3

We look forward to hearing from you by the end of the day.

Regards,

Martin Pascual

cc:    Daniel Benjamin (via email)
       Rodney Jacob (via email)
       Joseph Razzano (via email)
       Judge John Unpingco (via email)