# EXHIBIT "E"

## Joseph Razzano

| | |
|---|---|
| **From:** | Murray, Michael [MMurray@milbank.com] |
| **Sent:** | Monday, April 16, 2007 6:53 AM |
| **To:** | Martin Pascual |
| **Cc:** | dbenjamin@calvoclark.com; rjacob@calvoclark.com; jrazzano@tttguamlawyers.com; junpingco@ualawguam.com; Kass, Lawrence; Mary Henry; Alfonso G Chan; Vance Freeman; Chalsen, Christopher |
| **Subject:** | Response to Ltr MP to Murray and Chalsen 04-13-2007 re document production and topics for corp rep |

Dear Martin:

This is in response to your April 13, 2007 letter.

First, we strongly disagree that Nanya's jurisdictional discovery requests have not been completely satisfied. As you know, FMA considered the requests served in December to be premature and objected on this and several other grounds. The parties discussed those requests and agreed on a schedule for production. FMA then produced all responsive documents on the agreed schedule. Thus, your statement that you have been waiting for "over four months" for these documents is completely incorrect. You received, on schedule, all responsive documents for this set that FMA was able to find after a reasonable search. As you know, the original requests were directed to DRAMs, and not the expanded "Accused Devices" defined in your second set of jurisdictional discovery requests.

Concerning this second set of jurisdictional discovery requests, served two months after the first set, FMA also objected on various grounds, including that the requests were vague and overbroad. The parties met and conferred on these requests and you could not justify the broad scope of the requests. As a result of that meet and confer, Nanya agreed to accept the documents covered by the categories set forth in Vance Freeman's letter dated March 22, 2007 ("Freeman letter"). FMA then supplemented its earlier productions such that it produced all documents responsive to the Freeman letter found after a reasonable search. Again, this production was substantially completed on the agreed schedule, with a small number of additional documents being produced before the Moore deposition. Thus, FMA has completely satisfied its obligations under both sets of discovery requests.

I note that in our conversation on April 12, 2007 I asked you several times to point to specific categories set forth in the Freeman letter where you believe that responsive documents have not been produced. While you made general and vague complaints about the documents produced, you were unable to identify a single category in the Freeman letter where we have allegedly failed to provide documents. Furthermore, during that discussion I certainly did not ask for "further clarification" of your discovery requests. The Freeman letter is perfectly clear and needs no "clarification". Rather, you have now apparently changed your position that documents responsive to the Freeman letter are sufficient for jurisdictional discovery purposes and are now asking for substantially more documents. A simple comparison between the categories set forth in your April 13, 2007 letter and the categories in the Freeman letter makes it obvious that you are now seeking a substantially broader scope of documents. The fact that your change in position comes about one month before your deadline for response to FMA's motion is entirely Nanya's doing and is not the result of any failure to produce by FMA. Your demand for an "immediate and unqualified response" is inappropriate.

In spite of the shifting nature of Nanya's document demands, FMA remains willing to conduct additional

searches to provide the maximum reasonable discovery in advance of the hearing. However, such additional requests must be timely and not place undue burden on FMA. The requests contained in your latest letter are clearly overbroad. For example, request number 2 seeks "all documents identifying the entities involved in the design, supply, manufacture, sales, solicitation, or purchase of the Accused Devices". This would potentially sweep in hundreds of thousands of documents and goes far beyond any reasonable discovery focused on jurisdictional issues.

While we certainly do not agree to collect every document responsive to these latest requests, we are now conducting a search for responsive documents and have already received a number of additional documents from FMA. This search will continue this week and we should be able to begin production on a rolling basis before the end of the week. At this point, we do not know how many documents will be produced or when production can be completed. We should be able to discuss these issues in more detail by the middle of this week after we understand the volume of documents that are involved.

Concerning the proposed 30(b)(6) deposition, we are investigating the request and will respond in due course. These categories are obviously extremely broad, and there are a number of individuals within FMA that have to be consulted before we are able to respond.

Sincerely,

Mike Murray

---

**From:** Martin Pascual [mailto:mpascual@ShoreChan.com]
**Sent:** Fri 4/13/2007 5:11 PM
**To:** Murray, Michael; Chalsen, Christopher
**Cc:** dbenjamin@calvoclark.com; rjacob@calvoclark.com; jrazzano@tttguamlawyers.com; junpingco@ualawguam.com; Kass, Lawrence; Mary Henry; Alfonso G Chan; Vance Freeman
**Subject:** RE: Emailing: NANYA Fujitsu Ltr MP to Murray and Chalsen 04-13-2007 re document production and topics for corp rep

Mike,

Call me this weekend (214.235.7320/cell) or email me your response regarding the letter. We need to hear from you this weekend or by Monday (Guam time).

Thanks,

Martin

-----Original Message-----
From: Chalsen, Christopher [mailto:CChalsen@milbank.com]
Sent: Friday, April 13, 2007 12:37 PM
To: Martin Pascual; Mary Henry
Cc: dbenjamin@calvoclark.com; rjacob@calvoclark.com; jrazzano@tttguamlawyers.com; junpingco@ualawguam.com; Murray, Michael; Kass, Lawrence
Subject: RE: Emailing: NANYA Fujitsu Ltr MP to Murray and Chalsen 04-13-2007 re document production and topics for corp rep

Dear Martin:

We have your letter sent by email below. As you may know, Mike Murray,

who has been coordinating the document production issues, is on a plane
returning from the Moore deposition. I understand that his flight is
not due in until around 5:00 p.m., making it not feasible for him to
review your letter and reply by 6:00 CST. However, rest assured we are
looking into this and will revert shortly.

Regards,

Chris Chalsen

-----Original Message-----
From: Mary Henry [mailto:mhenry@ShoreChan.com]
Sent: Friday, April 13, 2007 1:22 PM
To: Murray, Michael; Chalsen, Christopher
Cc: dbenjamin@calvoclark.com; rjacob@calvoclark.com;
jrazzano@tttguamlawyers.com; junpingco@ualawguam.com; Martin Pascual
Subject: Emailing: NANYA Fujitsu Ltr MP to Murray and Chalsen 04-13-2007
re document production and topics for corp rep

 <<NANYA Fujitsu Ltr MP to Murray and Chalsen 04-13-2007 re document
production and topics for corp rep.pdf>> The message is ready to be sent
with the following file or link attachments:

NANYA Fujitsu Ltr MP to Murray and Chalsen 04-13-2007 re document
production and topics for corp rep

**IRS Circular 230 Disclosure:** **U.S. federal tax advice in the foregoing message from Milbank,
Tweed, Hadley & McCloy LLP is not intended or written to be, and cannot be used, by any person
for the purpose of avoiding tax penalties that may be imposed regarding the transactions or
matters addressed. Some of that advice may have been written to support the promotion or
marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in
which case you should seek advice based on your particular circumstances from an independent
tax advisor.**

**This e-mail message may contain legally privileged and/or confidential information. If you are not
the intended recipient(s), or the employee or agent responsible for delivery of this message to the
intended recipient(s), you are hereby notified that any dissemination, distribution or copying of
this e-mail message is strictly prohibited. If you have received this message in error, please
immediately notify the sender and delete this e-mail message from your computer.**

# EXHIBIT "F"



**FILED**
DISTRICT COURT OF GUAM

DEC - 5 2006

MARY L.M. MORAN
CLERK OF COURT

UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

NANYA TECHNOLOGY CORP., and
NANYA TECHNOLOGY CORP.
U.S.A.

        Plaintiffs,

        v.

FUJITSU LIMITED, FUJITSU
MICROELECTRONICS AMERICA,
INC.,

        Defendants.

CIVIL CASE NO. 06-CV-00025

MICHAEL M. MOORE DECLARATION
IN SUPPORT OF FUJITSU
MICROELECTRONICS AMERICA,
INC.'S MOTION TO DISMISS OR
TRANSFER TO THE NORTHERN
DISTRICT OF CALIFORNIA AND FOR A
MORE DEFINITE STATEMENT

RECEIVED

TEKER TORRES & TEKER, P.C.
BY:

Michael M. Moore, deposes and says

    1.    I am Vice President and General Counsel of Fujitsu Microelectronics

America, Inc. ("FMA"). I make this declaration in support of the motion by FMA to dismiss

the complaint for lack of personal jurisdiction and improper venue or alternatively to transfer

the case to the Northern District of California and for a more definite statement. The

following statements are based on my personal knowledge, my review of documents

prepared and maintained by FMA in the ordinary course of business, and upon information

provided by FMA's employees responsible for and with knowledge of the business records

of FMA.

    2.    FMA is a corporation organized and existing under the laws of California, and

maintains its principal place of business at 1250 E. Arques Avenue, M/S 333, Sunnyvale,

California 94085-5401.

    3.    FMA is engaged in the business of sales and design of products for

networking, wireless, automotive, industrial, consumer, and security applications.

4.    FMA does not maintain any offices in Guam, and has no operations, affiliates, employees or salespersons in Guam.

5.    Guam is not part of FMA's sales territory.

6.    FMA owns no real or personal property in Guam.

7.    FMA has no bank accounts in Guam.

8.    FMA leases no office space or other facility of any kind in Guam and does not maintain a telephone, telex or telefax number in Guam.

9.    FMA maintains no Guam post office box or street address.

10.    FMA is not registered to do business in Guam.

11.    FMA does not file tax returns in Guam.

12.    FMA does not advertise its products or services in any local media in Guam.

13.    FMA has no directors, officers or employees in Guam and has appointed no agents in Guam for service of process.

14.    FMA does not sell DRAMs anywhere.  Our SAP records further indicate that FMA's last sale of a DRAM product occurred on October 12, 2001.

15.    Based on a data run through FMA's SAP record system, FMA has a total of 4,647 customer records.  None of them has a Guam address.

16.    FMA has never been party to a lawsuit or legal proceeding in Guam (according to a search of Public Access to Court Electronic Records (PACER), which dates back to January 1, 1997).

17.    FMA has filed no papers with any agency of Guam, has never negotiated or executed any agreements in Guam, nor executed any agreements that call for their performance in Guam.

2

18.    Prior to the filing of Nanya's complaint, FMA has had no correspondence with Nanya of any kind in Guam nor in any way related to any proposed business in Guam.

19.    FMA has no documents relevant to this lawsuit in Guam and knows of no fact witnesses in Guam.

20.    All of FMA's documents and fact witnesses are located in the Northern District of California because that is where FMA maintains its headquarters.

21.    In its Amended Complaint, Nanya alleges that "FMA manufactures a broad range of microelectronics with the knowledge that they would be used in a significant number of consumer products sold in the United States and the Territory of Guam." (First Amended Complaint at ¶ 21.) However, FMA does not manufacture microelectronics of any kind. Further, to the best of my knowledge, no FMA customer has ever told us that it planned to market its products in Guam.

22.    In its Amended Complaint, Nanya refers to meetings that took place in Taiwan and infringement proceedings initiated by Defendants against Nanya in Tokyo District Court. (*See* First Amended Complaint at ¶¶ 27 and 31.) FMA was not a party to these negotiations and is not involved at all in the Tokyo action.

23.    FMA has no ownership interest in or control over any patent currently at issue in this case.

24.    Prior to receiving Nanya's Amended Complaint FMA had no notice of Nanya's claims involving U.S. Patent No. 6,104,486, and had no notice that Nanya

Technology Corp. USA would be joined in this action.

I, Michael M. Moore, declare under penalty of perjury that the foregoing is

true and correct to the best of my knowledge and belief.

Executed on  December 4, 2006

By: _____

Michael M. Moore

4

# EXHIBIT "G"

Confidential-Outside Counsel Eyes Only

FMA_0022005

Confidential-Outside Counsel Eyes Only

FMA_0022006

Confidential-Outside Counsel Eyes Only

3

Confidential-Outside Counsel Eyes Only

FMA_0024783

9

Confidential-Outside Counsel Eyes Only

FMA_0024949



Confidential; Confidential-Outside Counsel Eyes Only



Confidential; Confidential-Outside Counsel Eyes Only

8

Confidential-Outside Counsel Eyes Only

FMA_0031233

Confidential-Outside Counsel Eyes Only

Confidential-Outside Counsel Eyes Only

FMA_0031876



Confidential-Outside Counsel Eyes Only

FMA_0031878

Confidential-Outside Counsel Eyes Only

FMA_0031879

1

2

Confidential-Outside Counsel Eyes Only

2

Confidential-Outside Counsel Eyes Only

FMA_0032309