1 | **TEKER TORRES & TEKER, P.C.**
130 Aspinall Avenue,-Suite 2A
2 | Hagåtña, Guam 96910
Telephone: (671) 477-9891
3 | Facsimile: (671) 472-2601

4 | **UNPINGCO & ASSOCIATES, LLC**
777 Route 4, Suite 12B
5 | Sinajana, Guam 96910
Telephone: (671) 475-8545
6 | Facsimile: (671) 475-8550

7 | **SHORE CHAN BRAGALONE LLP**
Suite 4450
8 | 325 N. St. Paul Street
Dallas, Texas 75201
9 | Telephone: (214) 593-9110
Facsimile: (214) 593-9111

*Attorneys for Plaintiffs,*
*Nanya Technology Corp. and*
*Nanya Technology Corp. U.S.A.*

**FILED**
DISTRICT COURT OF GUAM

APR 16 2007

MARY L.M. MORAN
CLERK OF COURT

## DISTRICT COURT OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP. AND NANYA TECHNOLOGY CORP. U.S.A., <br><br> Plaintiffs, <br><br> vs. <br><br> FUJITSU LIMITED AND FUJITSU MICROELECTRONICS AMERICA, INC., <br><br> Defendants. | CASE No. CV-06-00025 <br><br> **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR *EX PARTE* MOTION TO SHORTEN TIME TO HEAR PLAINTIFFS' MOTION TO COMPEL DOCUMENTS RESPONSIVE TO PLAINTIFFS' JURISDICTIONAL REQUESTS FOR PRODUCTION TO FUJITSU MICROELECTRONICS AMERICA, INC.** |

Plaintiffs hereby apply to the Court for an *ex parte* Order Shortening the Time within which to hear Plaintiffs' Motion to Compel Documents Responsive to Plaintiffs' Jurisdictional Requests for Production to Fujitsu Microelectronics America, Inc.

Plaintiffs request that said motion be heard as soon as is practicable at a date and time convenient to the Court.

---

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF ITS EX PARTE MOTION TO SHORTEN TIME                                    PAGE 1 OF 3

ORIGINAL

## MEMORANDUM AND BRIEF IN SUPPORT

On February 20, 2007, a Stipulation was entered into among the parties to govern the course of jurisdictional and merits discovery. See Docket No. 148. Pursuant to the Stipulation, Defendants agreed to produce jurisdictional discovery already served or to be served in the future on April 2, 2007 and April 16, 2007, respectively. After review of the documents submitted on March 2, March 29, April 2, and April 10, 2007 by Fujitsu Microelectronics America, it is clear that Defendant has failed to produce documents regarding specific products and "design wins". For example, FMA's inventory document (FMA0032038), specifically lists two accused devices that were in inventory. But FMA did not produce any sales information regarding these products. FMA did not produce any marketing materials for these devices. FMA did not produce information sufficient to identify the products that these Fujitsu products go into or FMA's customers for these products. And, FMA only produced inventory documents for one year. These are exactly the documents which will substantiate FMA's claim that the Guam court lacks jurisdiction. The fact that FMA is refusing to produce the information proves the Guam Court has jurisdiction. This failure to produce the requested information is a ploy and an attempt to prejudice Plaintiffs.

As the Court is aware, Plaintiffs' opposition brief to Defendants' Motions to Dismiss for Lack of Jurisdiction is due on May 15, 2007. In addition, depositions of both Michael Moore and Shigeru Kitano are scheduled to proceed in the next two weeks. In fact, Mr. Moore's deposition had to be taken without the benefit of full jurisdictional discovery. Finally, there is no other way to get the documents other than from the Defendant, because it is their marketing information and "design wins" which must be produced.

Therefore, Plaintiffs are already prejudiced in that the documents being withheld were not all available to use during this crucial deposition of Michael Moore.

///

## CONCLUSION

The jurisdictional discovery being sought is the type of discovery, which is relevant and proper under Federal Circuit case law. Defendants' denial of discovery has already prejudiced Plaintiffs with respect to the deposition of Michael Moore and Defendants seek to prejudice Plaintiffs during the deposition of Mr. Kitano scheduled for April 26, 2007. Plaintiffs' opposition brief to Defendants' Motion to Dismiss is due on May 15, 2007. Any further delay will deny Plaintiffs the evidence required to defeat Defendants' Motion to Dismiss.

Respectfully submitted this 16th day of April, 2007.

**TEKER TORRES & TEKER, P.C.**

By _/s/ Joseph C. Razzano_
JOSEPH C. RAZZANO, ESQ.
Attorneys for Plaintiffs, *Nanya Technology Corp. and Nanya Technology Corp. U.S.A*