1  **RODNEY J. JACOB, ESQ.**
   **DANIEL M. BENJAMIN, ESQ.**
2  **CALVO & CLARK, LLP**
3  Attorneys at Law
   655 South Marine Corps Drive, Suite 202
4  Tamuning, Guam 96913
   Telephone:    (671) 646-9355
5  Facsimile:    (671) 646-9403

6  **CHRISTOPHER E. CHALSEN, ESQ.**
7  **MICHAEL M. MURRAY, ESQ.**
   **LAWRENCE T. KASS, ESQ.**
8  **MILBANK, TWEED, HADLEY & MCCLOY LLP**
   1 Chase Manhattan Plaza
9  New York, New York 10005
   Telephone:    (212) 530-5000
10 Facsimile:    (212) 822-5796

11
   *Attorneys for Defendants*
12 FUJITSU LIMITED, and
   FUJITSU MICROELECTRONICS AMERICA, INC.
13

14

15            IN THE UNITED STATES DISTRICT COURT

16                      DISTRICT OF GUAM

17 NANYA TECHNOLOGY CORP. and          CIVIL CASE NO. 06-CV-00025
   NANYA TECHNOLOGY CORP. U.S.A.,
18                                      **DEFENDANTS' OPPOSITION TO**
19                  Plaintiff,          **PLAINTIFFS' EX PARTE**
                                        **APPLICATION TO SHORTEN TIME**
20            vs.

21 FUJITSU LIMITED, FUJITSU
   MICROELECTRONICS AMERICA, INC.,
22
                  Defendants.
23

24

25

26

27

28
   *CIVIL CASE NO. 06-CV-00025*
   *{G0021383.DOC;1}*          **ORIGINAL**

FILED
DISTRICT COURT OF GUAM
APR 17 2007
MARY L.M. MORAN
CLERK OF COURT

1    Defendants Fujitsu Limited and Fujitsu Microelectronics America, Inc.,

2  (collectively "Fujitsu") hereby oppose the ex parte application to shorten time filed by Plaintiffs

3  Nanya Technology Corp. and Nanya Technology Corp. U.S.A. (collectively "Nanya").

4    There is no emergency justifying this motion.  Defendants have more than

5  complied with their discovery obligations, and indeed Plaintiffs have had to "jerry-rig" together

6  the latest excuse for their motion to compel, a motion that seeks to compel far different discovery

7  than the parties had previously agreed would be produced.

8    In particular, the Court is directed to the March 22 letter by *Plaintiffs' own*

9  *counsel*, Vance Freemen, which sets out what the parties' agreement was as to the scope of the

10  documents to be produced.  (Attached hereto as Exhibit A).  This can be compared to Plaintiffs'

11  "set-up" letter for this motion, sent to Defendants on April 13.  (Attached hereto as Exhibit B).

12  As the Court will see, what has happened is that the parties agreed what documents would be

13  produced; Defendants produced them; and then Plaintiffs, as is their wont, found a new excuse to

14  come running into Court without a meet and confer or opportunity for Defendants to possibly

15  respond by determining if the new documents were among the documents already produced.

16    For example, Plaintiffs are now demanding marketing and sales documents as part

17  of their motion to compel.  Yet, if the Court looks at the March 22 letter recording Plaintiffs' own

18  understanding of what was agreed to be produced by Defendants, such materials obviously were

19  not included.[1]

20    Plainly, Plaintiffs are intent on a finding a reason – any reason – to appear in front

21  of this Court and to accuse Defendants of "hiding" something (which is a pretty good way for

22  Plaintiffs to hide the fact that they filed their complaint without first securing adequate evidence

23  to prove personal jurisdiction).  But the fact is that, as discussed in Defendants' concurrently filed

24

25    [1]  For prior examples of such conduct, the Court is directed to Docket Nos. 113, 132, 138,
26  & 160, which are Plaintiffs' prior motions to compel and the oppositions to these.  These motions
    ended up being denied as moot, *see* Docket No. 172, since the meet and confers that Plaintiffs
27  only engaged in *after* filing the motions resolved the issues.  These could have been resolved
    without the filing of motions at all if Plaintiffs would only stop shooting first and asking
28  questions later.

*CIVIL CASE NO. 06-CV-00025*                                                                                                    1

{G0021383.DOC;1}

1  motion to immediately transfer for convenience, Defendants have already produced over 60,000

2  pages of discovery materials in response to the almost four hundred total "jurisdictional"

3  document requests served upon them.  That production was accomplished in productions that

4  began March 2 and were completed by April 10 – which was *ahead* of the April 16 deadline that

5  existed for production to be completed.  Indeed, ironically, Plaintiffs were only able to file their

6  supposed "emergency" motion to compel yesterday, April 16, because Defendants had already

7  satisfied their obligations ahead of schedule.

8        As for Defendants' April 13 demands to expand the production beyond what was

9  agreed to on March 22, which is the basis for the present motion to compel, at minimum, any

10  motion to compel should wait until Defendants have an opportunity to review their document

11  production and, if appropriate, produce those documents now sought if not already produced (or

12  state why they are not properly subject to discovery or are unnecessary).  Indeed, the very

13  morning of the filing of the motion to compel, Defendants made that reasonable request (*see*

14  Exhibit C, attached hereto), notwithstanding which Plaintiffs proceeded with their motion.  Since

15  Plaintiffs will not provide Defendants with any time to actually respond to the April 13 demands,

16  Defendants ask that this Court do so by denying the motion to shorten time.

17        Indeed and finally, Defendants also ask that the motion to shorten time be denied

18  because the entire motion to compel is subject to automatic denial under the Court's Local Rules

19  without further briefing.  Local Rule 37.1 requires:

20  
21      (a) Prior to the filing of any motion relating to a discovery dispute, counsel for the parties
       shall meet in person in a good faith effort to eliminate the necessity for hearing the motion
       or to eliminate as many of the disputes as possible. It shall be the responsibility of counsel
22      for the moving party to arrange for the conference.

23      (b) If counsel are unable to settle their differences, they **shall formulate a written
       stipulation** specifying separately and with particularity each issue that remains to be
24      determined at the hearing and the contentions and points and authorities of each
       party. The stipulation shall not refer the Court to other documents in the file.
25  

26  

27  

28

1

2

> By way of example only, if the sufficiency of an answer to an interrogatory is in issue, the stipulation shall contain verbatim, both the interrogatory and the allegedly insufficient answer, followed by each party's contentions, separately stated. The stipulation shall be served and filed with the notice of motion. **In the absence of such stipulation, or a declaration of counsel of non-cooperation by the opposing party, the Court will not consider any discovery motion unless otherwise ordered upon good cause shown.**

3

4

5

(Emphasis added).

6

7    Here, Plaintiffs' motion to compel violates Rule 37.1 by failing to be in the form

8    of a stipulation setting out each disputed issue, and it offers no grounds as to why the Rule was

9    ignored.  This is particularly notable as Defendants have raised Plaintiffs' prior violations of this

10   Rule in opposing Plaintiffs' previous motion to compel (*see* Docket No. 160), notwithstanding

11   which Plaintiffs still appear to believe that they need not follow – or even acknowledge and ask

12   for leave to depart from – the Court's Rules.

13   But even more importantly, Plaintiffs' violation of the Court's Rule is prejudicial

14   to Defendants and to the Court.  By failing to provide a joint stipulation on the motion to compel,

15   Plaintiffs are avoiding their obligation to specify the exact documents and document requests for

16   which they are seeking Court relief.  *See* L.R. 37.1(b).  Instead, if the Court looks at the motion to

17   compel, the Court will see it is only a few strung together "examples" of the supposed

18   "deficiencies" in Defendants' 60,000 page production.  Yet, Plaintiffs seek comprehensive relief

19   requiring Defendants to produce all responsive documents as to all of the several hundred

20   document requests.[2]  Thus, if Defendants are required to respond to this motion to compel,

21   especially on shortened time, neither they nor the Court will even have any clear delineations as

22   to the exact nature of the relief sought.

23   Defendants ask that the Court not permit Plaintiffs to continue to manufacture false

24   emergencies and violate the Court's Rules, which is only increasing the burdens on the Court and

25   the parties, without assisting the fair resolution of this case in the slightest.  If a motion to compel

26   is truly necessary, it should be heard in compliance with the Court's Rules and with adequate time

27   _____

28   [2] This broad relief is requested notwithstanding the fact that Plaintiffs themselves had agreed in their March 22 letter (Exhibit A hereto) to narrow their requests to a more rationale limitation that was focused upon the documents actually relevant to the jurisdictional issue at hand.

1   for Defendants to respond to Plaintiffs' April 13 demand and for proper and full briefing.

2   Defendants thus respectfully ask that the ex parte request to shorten time be denied.

3   Respectfully submitted this 17th day of April, 2007.

4
                                    **CALVO & CLARK, LLP**
5                                   **MILBANK, TWEED, HADLEY**
                                    **& MCCLOY LLP**
6                                   *Attorneys for Defendants*
                                    Fujitsu Limited and
7                                   Fujitsu Microelectronics America, Inc.

8

9   By: _____
        DANIEL M. BENJAMIN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

SHORE WEST FREEMAN PC

Vance P. Freeman
vfreeman@shorewestfreeman.com

March 22, 2007

**_VIA EMAIL_**

Michael Murray, Esq.
Christopher Chalsen, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, NY 10005

> Re:   *Nanya Technology Corp., et al. v. Fujitsu Limited, et al.*
>        No. 06-CV-00025, in the U.S. District Court, District of Guam

Dear Mike:

Thanks for talking to us yesterday about Nanya's jurisdictional discovery and your clients' responses and objections. As we agreed yesterday, Plaintiffs will not request a ruling on Defendants' objections to Plaintiffs' jurisdictional discovery until Defendants have had the opportunity to produce the following specific categories of documents by the stipulated deadlines in response to Plaintiffs' Second Requests for Production:

| IN RESPONSE TO REQUEST: | DEFENDANTS WILL PRODUCE: |
|---|---|
| Nos. 1, 14, & 32 | Documents sufficient to identify all original equipment manufacturers ("OEMs") that have purchased an ACCUSED DEVICE since 1999. |
| Nos. 2, 6, 16, & 21 | Documents sufficient to identify all products that have used or incorporated an ACCUSED DEVICE since 2000. |
| No. 3 | All sales and purchase orders for ACCUSED DEVICES within the last six years, or summaries of such documents if the volume of such documents permits production without undue burden. |
| No. 4 | All proposals to develop, manufacture, distribute, or otherwise produce an ACCUSED DEVICE since 1999, or summaries of such documents if the volume of such documents permits production without undue burden. |
| No. 5 | All contracts to develop, manufacture, distribute, or otherwise produce an ACCUSED DEVICE since 1999, or summaries of such documents if the volume of such documents permits production without undue burden. |
| No. 7 | Documents sufficient to identify all products using a biometric sensor made by Fujitsu or bearing a Fujitsu trademark. |
| No. 8 | Documents sufficient to identify all products using a MEMS device made by Fujitsu or bearing a Fujitsu trademark. |
| No. 9 | Documents sufficient to identify all contracts for the sale of a Fujitsu MCU, biometric sensor, or MEMS device. |
| No. 10 | Documents sufficient to identify all customers that have purchased an MCU, biometric sensor, or MEMS device. |

| No. 11 | Documents sufficient to identify all design wins for an ACCUSED DEVICE in a blood glucose measuring device. |
|---|---|
| No. 12 | Documents sufficient to identify all design wins for a Fujitsu display controller for use in an automobile. |
| No. 13 | Documents sufficient to identify all design wins for Fujitsu FlexRay, "MOST," and "CAN" controllers or devices. |
| No. 17 | Documents sufficient to identify all digital cameras that have used or incorporated an ACCUSED DEVICE. |
| No. 19 | Documents sufficient to identify all sales of products containing or employing an ACCUSED DEVICE in Guam. |
| No. 20 | Documents sufficient to identify all products containing or employing an ACCUSED DEVICE to the Kmart Corporation. |
| No. 22 | All documents showing shipments, sales, or marketing of products made by or bearing the Fujitsu trademark or trade name to Guam. |
| No. 23 | Documents sufficient to identify all sales of ACCUSED DEVICES to cell phone makers. |
| No. 24 | Documents sufficient to identify all sales of ACCUSED DEVICES to digital video recorder makers. |
| No. 25 | Documents sufficient to identify all sales of ACCUSED DEVICES to digital video camera makers. |
| No. 26 | Documents sufficient to identify all sales of ACCUSED DEVICES to digital video disk makers. |
| No. 27 | Documents sufficient to identify all sales of ACCUSED DEVICES to set top box makers. |
| No. 28 | Documents sufficient to identify all sales of ACCUSED DEVICES to printer makers. |
| No. 29 | Documents sufficient to identify all sales of ACCUSED DEVICES to network enabled device makers. |
| No. 30 | Documents sufficient to identify all sales of ACCUSED DEVICES to makers of in-circuit emulators or development kits. |
| No. 31 | Documents sufficient to identify all sales of ACCUSED DEVICES to digital camera makers. |
| No. 34 | All sales and purchase orders, design plans, and design wins for ACCUSED DEVICES in the following digital cameras since 1999, or summaries of such documents if the volume of such documents permits production without undue burden:<br>• Canon D30, D60, 10D, 20D, 1D, 1Ds Mark II, Powershot (Sxxx, Axxx);<br>• Nikon D-SLRs (D2X, D2H, D100, D70) and Coolpix series; and<br>• Sigma/Foveon (SD10, SD20). |

In addition, Plaintiffs NTC and NTC USA and Defendants FMA and Fujitsu Limited also agree that (1) for all future discovery, each side will notify the other when it is withholding documents on relevancy grounds, and (2) September 13, 2006, as the date on which NTC and NTC USA

filed their Original Complaint in Guam, will serve as the cut-off date for entries in all parties' privilege logs.

Please let me know by email or return letter if my understanding about our agreement is incorrect.

Best regards,

Vance P. Freeman

cc:    Daniel Benjamin (via email)
       Rodney Jacob (via email)
       Joseph Razzano (via email)
       Judge John Unpingco (via email)

# EXHIBIT B

# SHORECHAN
# BRAGALONE<sub>LLP</sub>

Martin Pascual
Republic Center
325 North Saint Paul Street
Suite 4450
Dallas, Texas 75201
214-593-9118 Telephone
214-593-9111 Facsimile
mpascual@shorechan.com

April 13, 2007

**VIA EMAIL**
Michael Murray, Esq.
Christopher Chalsen, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, NY 10005

Re:    *Nanya Technology Corp., et al. v. Fujitsu Limited, et al.*
       (No. 06-CV-00025, in the U.S. District Court, District of Guam).

Dear Counsel:

I write to follow up on our conversation yesterday and our letters of March 22, 2007 and April 9, 2007.

Nanya does not believe its jurisdictional discovery requests have been sufficiently satisfied. Nanya served discovery requests on December 14, 2006 and February 9, 2007 and has been waiting for over four months for documents. We continue to be willing to work with you in getting these documents. I hope you are willing to work with us in this regard. As you are aware, the pending May 15, 2007 deadline for Nanya's response to FMA's jurisdictional challenge requires an immediate unqualified response on your part. Therefore, as we discussed, please let us know by 6 p.m. (CST) Friday, April 13, 2007 when you will produce all of the requested documents.

Because you desire further clarification of our discovery requests, let me restate the categories that were set out in our December 14, 2006 and February 9, 2007 discovery requests and our March 22, 2007 and April 9, 2007 letters:

1.    All documents identifying any product that incorporates any one or more of the Accused Devices (defined as both the "Accused Devices" and "Similar Devices" detailed in Plaintiffs' Second Set of Jurisdictional Requests for Production to FMA, served on February 9, 2007). These requests are narrowly tailored to discover evidence related to potentially infringing devices that may be available in Guam through the stream of commerce;

# SHORECHAN
# BRAGALONE LLP

Michael Murray, Esq.
Christopher Chalsen, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
April 13, 2007
Page 2

2.    All documents identifying the entities involved in the design, supply, manufacture, sales, solicitation, or purchase of the Accused Devices. These categories address whether FMA places its products into the stream of commerce and whether these products are likely to be available in the forum site;

3.    Documents regarding communications, sales, marketing, incorporation or integration of the Accused Devices into FMA's customers' or potential customers' products. These requests seek to identify and track the incorporation of the Accused Devices into end-products and the final destination of such end-products;

4.    All documents showing design wins for any Accused Device including but not limited to FlexRay, "MOST" or "CAN" controllers or devices. These categories address the design and/or incorporation of the Accused Devices into networking, wireless, automotive, industrial, consumer, and security applications; and

6.    Documents identifying all FMA customers from 1999 to 2007.

Also, as we discussed, please let us know by Tuesday, April 17, 2007 when you can make available for deposition a Rule 30(b)(6) corporate representative for FMA on the following topics:

1.    All design wins for the Accused Devices from 1999 to 2007;

2.    All products that incorporate the Accused Devices from 1999 to 2007;

3.    All customers or purchasers of the Accused Devices from 1999 to 2007;

4.    The sales cycle for the Accused Devices, which includes how FMA markets the Accused Devices, how FMA works with its customers so that the Accused Devices can be incorporated or integrated into FMA's customers' products;

5.    Market data and sales' projections for the Accused Devices; and

6.    All qualifications of the Accused Devices.



Michael Murray, Esq.
Christopher Chalsen, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
April 13, 2007
Page 3


We look forward to hearing from you by the end of the day.

Regards,


Martin Pascual

cc:    Daniel Benjamin (via email)
       Rodney Jacob (via email)
       Joseph Razzano (via email)
       Judge John Unpingco (via email)

# EXHIBIT C

## D Benjamin

| | |
|---|---|
| **From:** | Murray, Michael [MMurray@milbank.com] |
| **Sent:** | Monday, April 16, 2007 6:53 AM |
| **To:** | Martin Pascual |
| **Cc:** | D Benjamin; R Jacob; jrazzano@tttguamlawyers.com; junpingco@ualawguam.com; Kass, Lawrence; Mary Henry; Alfonso G Chan; Vance Freeman; Chalsen, Christopher |
| **Subject:** | Response to Ltr MP to Murray and Chalsen 04-13-2007 re document production and topics for corp rep |

Dear Martin:

This is in response to your April 13, 2007 letter.

First, we strongly disagree that Nanya's jurisdictional discovery requests have not been completely satisfied. As you know, FMA considered the requests served in December to be premature and objected on this and several other grounds. The parties discussed those requests and agreed on a schedule for production. FMA then produced all responsive documents on the agreed schedule. Thus, your statement that you have been waiting for "over four months" for these documents is completely incorrect. You received, on schedule, all responsive documents for this set that FMA was able to find after a reasonable search. As you know, the original requests were directed to DRAMs, and not the expanded "Accused Devices" defined in your second set of jurisdictional discovery requests.

Concerning this second set of jurisdictional discovery requests, served two months after the first set, FMA also objected on various grounds, including that the requests were vague and overbroad. The parties met and conferred on these requests and you could not justify the broad scope of the requests. As a result of that meet and confer, Nanya agreed to accept the documents covered by the categories set forth in Vance Freeman's letter dated March 22, 2007 ("Freeman letter"). FMA then supplemented its earlier productions such that it produced all documents responsive to the Freeman letter found after a reasonable search. Again, this production was substantially completed on the agreed schedule, with a small number of additional documents being produced before the Moore deposition. Thus, FMA has completely satisfied its obligations under both sets of discovery requests.

I note that in our conversation on April 12, 2007 I asked you several times to point to specific categories set forth in the Freeman letter where you believe that responsive documents have not been produced. While you made general and vague complaints about the documents produced, you were unable to identify a single category in the Freeman letter where we have allegedly failed to provide documents. Furthermore, during that discussion I certainly did not ask for "further clarification" of your discovery requests. The Freeman letter is perfectly clear and needs no "clarification". Rather, you have now apparently changed your position that documents responsive to the Freeman letter are sufficient for jurisdictional discovery purposes and are now asking for substantially more documents. A simple comparison between the categories set forth in your April 13, 2007 letter and the categories in the Freeman letter makes it obvious that you are now seeking a substantially broader scope of documents. The fact that your change in position comes about one month before your deadline for response to FMA's motion is entirely Nanya's doing and is not the result of any failure to produce by FMA. Your demand for an "immediate and unqualified response" is inappropriate.

In spite of the shifting nature of Nanya's document demands, FMA remains willing to conduct additional searches to provide the maximum reasonable discovery in advance of the hearing. However, such

additional requests must be timely and not place undue burden on FMA. The requests contained in your latest letter are clearly overbroad. For example, request number 2 seeks "all documents identifying the entities involved in the design, supply, manufacture, sales, solicitation, or purchase of the Accused Devices". This would potentially sweep in hundreds of thousands of documents and goes far beyond any reasonable discovery focused on jurisdictional issues.

While we certainly do not agree to collect every document responsive to these latest requests, we are now conducting a search for responsive documents and have already received a number of additional documents from FMA. This search will continue this week and we should be able to begin production on a rolling basis before the end of the week. At this point, we do not know how many documents will be produced or when production can be completed. We should be able to discuss these issues in more detail by the middle of this week after we understand the volume of documents that are involved.

Concerning the proposed 30(b)(6) deposition, we are investigating the request and will respond in due course. These categories are obviously extremely broad, and there are a number of individuals within FMA that have to be consulted before we are able to respond.

Sincerely,

Mike Murray

---

**From:** Martin Pascual [mailto:mpascual@ShoreChan.com]
**Sent:** Fri 4/13/2007 5:11 PM
**To:** Murray, Michael; Chalsen, Christopher
**Cc:** dbenjamin@calvoclark.com; rjacob@calvoclark.com; jrazzano@tttguamlawyers.com; junpingco@ualawguam.com; Kass, Lawrence; Mary Henry; Alfonso G Chan; Vance Freeman
**Subject:** RE: Emailing: NANYA Fujitsu Ltr MP to Murray and Chalsen 04-13-2007 re document production and topics for corp rep

Mike,

Call me this weekend (214.235.7320/cell) or email me your response regarding the letter. We need to hear from you this weekend or by Monday (Guam time).

Thanks,

Martin

-----Original Message-----
From: Chalsen, Christopher [mailto:CChalsen@milbank.com]
Sent: Friday, April 13, 2007 12:37 PM
To: Martin Pascual; Mary Henry
Cc: dbenjamin@calvoclark.com; rjacob@calvoclark.com; jrazzano@tttguamlawyers.com; junpingco@ualawguam.com; Murray, Michael; Kass, Lawrence
Subject: RE: Emailing: NANYA Fujitsu Ltr MP to Murray and Chalsen 04-13-2007 re document production and topics for corp rep

Dear Martin:

We have your letter sent by email below. As you may know, Mike Murray, who has been coordinating the document production issues, is on a plane

returning from the Moore deposition. I understand that his flight is
not due in until around 5:00 p.m., making it not feasible for him to
review your letter and reply by 6:00 CST. However, rest assured we are
looking into this and will revert shortly.

Regards,

Chris Chalsen

-----Original Message-----
From: Mary Henry [mailto:mhenry@ShoreChan.com]
Sent: Friday, April 13, 2007 1:22 PM
To: Murray, Michael; Chalsen, Christopher
Cc: dbenjamin@calvoclark.com; rjacob@calvoclark.com;
jrazzano@tttguamlawyers.com; junpingco@ualawguam.com; Martin Pascual
Subject: Emailing: NANYA Fujitsu Ltr MP to Murray and Chalsen 04-13-2007
re document production and topics for corp rep

<<NANYA Fujitsu Ltr MP to Murray and Chalsen 04-13-2007 re document
production and topics for corp rep.pdf>> The message is ready to be sent
with the following file or link attachments:

NANYA Fujitsu Ltr MP to Murray and Chalsen 04-13-2007 re document
production and topics for corp rep

**IRS Circular 230 Disclosure: U.S. federal tax advice in the foregoing message from Milbank,
Tweed, Hadley & McCloy LLP is not intended or written to be, and cannot be used, by any person
for the purpose of avoiding tax penalties that may be imposed regarding the transactions or
matters addressed. Some of that advice may have been written to support the promotion or
marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in
which case you should seek advice based on your particular circumstances from an independent
tax advisor.**

**This e-mail message may contain legally privileged and/or confidential information. If you are not
the intended recipient(s), or the employee or agent responsible for delivery of this message to the
intended recipient(s), you are hereby notified that any dissemination, distribution or copying of
this e-mail message is strictly prohibited. If you have received this message in error, please
immediately notify the sender and delete this e-mail message from your computer.**