# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

NANYA TECHNOLOGY CORP. and
NANYA TECHNOLOGY CORP. U.S.A

      Plaintiffs,

   -v-

FUJITSU LIMITED, FUJITSU
MICROELECTRONICS AMERICA, INC.,

      Defendants.

CIVIL CASE NO. 06-CV-00025

**DECLARATION OF
LAWRENCE T. KASS**

I, Lawrence T. Kass declare as follows:

  1.  I make this declaration to the best of my knowledge and belief.

  2.  I am an associate with Milbank, Tweed, Hadley & McCloy LLP, counsel for Defendants in Civil Case No. 06-CV-00025.

  3.  I have reviewed the flight times and schedules for non-stop flights from Taipei, Taiwan to San Francisco, California in a typical week and the attached Exhibit A is an accurate description sorted by travel time of the flight times and schedules for this route.

  4.  I have reviewed the flight times and schedules for non-stop and one-stop flights from Taipei, Taiwan to Agana, Guam in a typical week and the attached Exhibit B is an accurate description sorted by travel time of the non-stop and various representative one-stop flight times and schedules for this route.

1

1    5.    Attached as Exhibit C is a true and correct copy of Fujitsu Limited's and Fujitsu

2    Microelectronics America, Inc.'s Fed. R. Civ. P. 26(a)(1) Initial Disclosure, N.D. Cal. 06-cv-

3    06613 as served on January 26, 2007.

4    6.    Attached as Exhibit D is a true and correct copy of Nanya Technology Corp.'s and

5    Nanya Technology Corp. U.S.A.'s Initial Disclosures Pursuant to Rule 26(a), N.D. Cal. 06-cv-

6    06613 as served on January 26, 2007.

7    I declare under penalty of perjury under the laws of the United States that the

8    foregoing is true and correct.

9

10    Executed in New York, New York, this 29th Day of March, 2007.

11

12    By:    _____

13    Lawrence T. Kass

14

15

16

17

18

19

20

21

22

23

24    *CIVIL CASE NO. 06-CV-00025*

2

25

26

**Exhibit A**

**Non-stop flights between Taipei and San Francisco**

| Airline and Flight Number | Travel Time | Departure Time | Arrival Time | Availability |
|---|---|---|---|---|
| China Airlines #4 | 10 h. 45 m. | 11:25 p.m. | 6:10 p.m. | Daily |
| Delta #8940 | 10 h. 45 m. | 11:25 p.m. | 6:10 p.m. | Daily |
| EVA #18 | 10 h. 50 m. | 7:50 p.m. | 2:40 p.m. | Daily |
| Continental #9614 | 10 h. 50 m. | 7:50 p.m. | 2:40 p.m. | Daily |
| EVA #28 | 10 h. 50 m. | 11:30 p.m. | 6:20 p.m. | M, T, Th., F. Sa. |
| Continental #9622 | 10 h. 50 m. | 11:30 p.m. | 6:20 p.m. | M, T, Th., F. Sa. |

**Exhibit B**

**Non-stop flight between Taipei and Agana, Guam**

| Airline and Flight Number | Travel Time | Departure Time | Arrival Time | Availability |
|---|---|---|---|---|
| China Airlines #26 | 3 h. 35 m. | 12:05 a.m. | 5:40 a.m. | T, W, Sa., Su. |

**Various representative one-stop flights between Taipei and Agana, Guam**

| Airline and Flight Number | Travel Time | Departure Time | Arrival Time | Availability |
|---|---|---|---|---|
| China Airlines #631/ Continental #894 via Manila | 7 h. 20 m. | 7:35 a.m. | 4:55 p.m. | T and Su. Only |
| Philippine Airlines #899/ #110 via Manila | 7 h. 25 m. | 6:35 p.m. | 4:00 a.m. | Su. Only |
| Japan Asia #206 / Continental # 964 via Tokyo | 8 h. 15 m. | 3:00 p.m. | 1:15 a.m. | M, T, Th., F, Su. |
| EVA #160 / Korean Air #805 via Seoul | 8 h. 35 m. | 2:45 p.m. | 1:20 a.m. | T, W, Th. |
| China Airlines #18 / Northwest #82 via Tokyo | 8 h. 50 m. | 2:20 p.m. | 1:10 a.m. | W and Sa. only |
| Japan Asia #204 / Continental #964 via Tokyo | 9 h. 15 m. | 2:00 p.m. | 1:15 a.m. | M, T, Th., F, Su. |

1   MILBANK, TWEED, HADLEY & MCCLOY LLP
    Gregory Evans (State Bar No. 147623)
2   Chris L. Holm (*Pro Hac Vice*)
    601 South Figueroa Street, 30th Floor
3   Los Angeles, California 90017
    Telephone: (213) 892-4000
4   Facsimile: (212) 822-5796
    gevans@milbank.com
5   cholm@milbank.com

6   MILBANK, TWEED, HADLEY & MCCLOY LLP
    Christopher E. Chalsen (*Pro Hac Vice*)
7   Michael M. Murray (*Pro Hac Vice*)
    Lawrence T. Kass (*Pro Hac Vice*)
8   1 Chase Manhattan Plaza
    New York, NY 10005
9   Telephone: (212) 530-5000
    Facsimile: (212) 822-5796
10  cchalsen@milbank.com
    mmurray@milbank.com
11  lkass@milbank.com

12  **Attorneys for Plaintiffs,**
    **FUJITSU LIMITED and**
13  **FUJITSU MICROELECTRONICS**
    **AMERICA, INC.**

14

15              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
16                     **OAKLAND DIVISION**

17

18   FUJITSU LIMITED and FUJITSU
     MICROELECTRONICS AMERICA, INC.          CASE NO. 4:06-cv-06613 (CW)

19                  Plaintiffs,               **PLAINTIFFS' FED. R. CIV. P. 26(a)(1)**
                                              **INITIAL DISCLOSURE**
20          vs.

21   NANYA TECHNOLOGY CORP. and NANYA
     TECHNOLOGY CORP. U.S.A.
22
                    Defendants.
23

24

25

Plaintiffs Fujitsu Limited ("Fujitsu") and Fujitsu Microelectronics America, Inc.

("FMA") (collectively, "Plaintiffs") make the following disclosures pursuant to Federal Rule of

Civil Procedure 26(a)(1):

**A.     The identity of all persons known or believed to have substantial discoverable information about the claims or defenses, together with a summary of that information:**

**FMA**

**1.  Michael Moore**

Mr. Moore's address is Fujitsu Microelectronics America, Inc., 1250 E. Arques

Avenue, M/S 333, Sunnyvale, California 94088-3470. Mr. Moore is Vice President and General

Counsel of FMA. Mr. Moore has general knowledge about the business in which FMA is

engaged, including its operations, offices, affiliates, employees, and sales force. See also Mr.

Moore's declaration in this case (Dkt. No. 53) and his declaration in Nanya Technology Corp., et

al. v. Fujitsu Limited et al., Guam case no. 1:06-cv-00025 (Dkt. No. 78). Mr. Moore may be

contacted through Milbank, Tweed, Hadley & McCloy LLP, as counsel for Plaintiffs.

**2.  Sandra Blanckensee**

Ms. Blanckensee's address is Fujitsu Microelectronics America, Inc., 1250 E.

Arques Avenue, M/S 333, Sunnyvale, California 94088-3470. Ms. Blanckensee is FMA's

Director of Operations and has knowledge about FMA's operations, sales figures and product

distribution. Ms. Blanckensee may be contacted through Milbank, Tweed, Hadley & McCloy

LLP, as counsel for Plaintiffs.

**3. Once Defendants identify particular accused products, FMA expects it will be able to identify additional relevant witnesses located in California.**

**Nanya USA**

**4.    Brian Donahue**

On information and belief, Mr. Donahue's address is Nanya Technology Corp. U.S.A., 5104 Old Ironsides Dr., Suite 113, Santa Clara, California 95054, is Sales Director of Nanya USA, and has knowledge about Nanya USA's sales figures and product distribution.

**5.    David Dwyer**

On information and belief, Mr. Dwyer's address is Nanya Technology Corp. U.S.A., 5104 Old Ironsides Dr., Suite 113, Santa Clara, California 95054, is Sales Director of Nanya USA, and has knowledge about Nanya USA's sales figures and product distribution.

**Fujitsu Limited**

**6.  Shigeru Kitano**

Mr. Kitano's address is Fujitsu Limited, Shiodome City Center, 1-5-2 Higashi-Shimbashi Minato-ku, Tokyo 105-7123, Japan.  Mr. Kitano is Deputy General Manager in the Industry Relations Division of the Law and Intellectual Property Unit of Fujitsu Limited.  Mr. Kitano has general knowledge about the business in which Fujitsu Limited is engaged, including its licensing activity, operations, offices, affiliates, employees, and sales force.  See also Mr. Kitano's declaration in this case (Dkt. No. 54) and his declarations in Nanya Technology Corp., et al. v. Fujitsu Limited et al., Guam case no. 1:06-cv-00025 (Dkt. Nos. 51 and 94).  Mr. Kitano may be contacted through Milbank, Tweed, Hadley & McCloy LLP, as counsel for Plaintiffs.

***U.S. Patent No. 4,801,989***

**7.    Mr. Taiji Ema**

Mr. Ema's address is Fujitsu Limited, Shiodome City Center, 1-5-2 Higashi-Shimbashi Minato-ku, Tokyo 105-7123, Japan.  Mr. Ema is knowledgeable about the technology

1   relating to U.S. Patent No. 4,801,989 ("the '989 patent"). Mr. Ema may be contacted through

2   Milbank, Tweed, Hadley & McCloy LLP, as counsel for Plaintiffs.

3       ***U.S. Patent No. 6,104,486***

4       **8.     Hiroshi Arimoto**

5           Mr. Arimoto's address is Fujitsu Limited, Shiodome City Center, 1-5-2 Higashi-

6   Shimbashi Minato-ku, Tokyo 105-7123, Japan. Mr. Arimoto is a named inventor of U.S. Patent

7   No. 6,104,486 ("the '486 patent"), and has knowledge of the '486 patent, its conception,

8   reduction to practice, and its prosecution history. Mr. Arimoto may be contacted through

9   Milbank, Tweed, Hadley & McCloy LLP, as counsel for Plaintiffs.

10      ***U.S. Patent No. 6,292,428***

11      **9.     Hiroyoshi Tomita**

12          Mr. Tomita's address is Fujitsu Limited, Shiodome City Center, 1-5-2 Higashi-

13  Shimbashi Minato-ku, Tokyo 105-7123, Japan. Mr. Tomita is a named inventor of U.S. Patent

14  No. 6,292,428 ("the '428 patent"), and has knowledge of the '428 patent, its conception,

15  reduction to practice, and its prosecution history. Mr. Tomita may be contacted through

16  Milbank, Tweed, Hadley & McCloy LLP, as counsel for Plaintiffs.

17      **10.    Tatsuya Kanda**

18          Mr. Kanda's address is Fujitsu Limited, Shiodome City Center, 1-5-2 Higashi-

19  Shimbashi Minato-ku, Tokyo 105-7123, Japan. Mr. Kanda is a named inventor of the '428

20  patent, and has knowledge of the '428 patent, its conception, reduction to practice, and its

21  prosecution history. Mr. Kanda may be contacted through Milbank, Tweed, Hadley & McCloy

22  LLP, as counsel for Plaintiffs.

23

24

25

*U.S. Patent No. 6,320,819*

### 11.    Hiroyoshi Tomita

Mr. Tomita's address is Fujitsu Limited, Shiodome City Center, 1-5-2 Higashi-Shimbashi Minato-ku, Tokyo 105-7123, Japan. Mr. Tomita is a named inventor of U.S. Patent No. 6,320,819 ("the '819 patent"), and has knowledge of the '819 patent, its conception, reduction to practice, and its prosecution history. Mr. Tomita may be contacted through Milbank, Tweed, Hadley & McCloy LLP, as counsel for Plaintiffs.

### 12.    Tatsuya Kanda

Mr. Kanda's address is Fujitsu Limited, Shiodome City Center, 1-5-2 Higashi-Shimbashi Minato-ku, Tokyo 105-7123, Japan. Mr. Kanda is a named inventor of the '819 patent, and has knowledge of the '819 patent, its conception, reduction to practice, and its prosecution history. Mr. Kanda may be contacted through Milbank, Tweed, Hadley & McCloy LLP, as counsel for Plaintiffs.

**Nanya**

*U.S. Patent No. 6,225,187*

### 13.    Tse Yao Huang

Based on Nanya's initial disclosures in Guam, Plaintiffs understand that Mr. Huang's address is Nanya Technology Corporation, Hwa Ya Technology Park, 669, Fu Hsing3rd. Kueishan, Taoyuan, Taiwan, is a named inventor of U.S. Patent No. 6,225,187 ("the '187 patent"), and has knowledge of the '187 patent, its conception, reduction to practice, and its prosecution history.

### 14.    Yun Sen Lai

Based on Nanya's initial disclosures in Guam, Plaintiffs understand that Mr. Lai's address is Nanya Technology Corporation, Hwa Ya Technology Park, 669, Fu Hsing3rd,

1   Kueishan, Taoyuan, Taiwan, is a named inventor of the '187 patent, and has knowledge of the

2   '187 patent, its conception, reduction to practice, and its prosecution history.

3          *U.S. Patent No. 6,426,271*

4          **15.   Yi-Nan Chen**

5                 Based on Nanya's initial disclosures in Guam, Plaintiffs understand that Mr.

6   Chen's address is Nanya Technology Corporation, Hwa Ya Technology Park, 669, Fu Hsing3rd,

7   Kueishan, Taoyuan, Taiwan, is a named inventor of U.S. Patent No. 6,426,271 ("the '271

8   patent"), and has knowledge of the '271 patent, its conception, reduction to practice, and its

9   prosecution history.

10         **16.   Hsien-Wen Liu**

11                Based on Nanya's initial disclosures in Guam, Plaintiffs understand that Mr. Liu's

12   address is Nanya Technology Corporation, Hwa Ya Technology Park, 669, Fu Hsing3rd,

13   Kueishan, Taoyuan, Taiwan, is a named inventor of the '271 patent, and has knowledge of the

14   '271 patent, its conception, reduction to practice, and its prosecution history.

15         *U.S. Patent No. 6,790,765*

16         **17.   Tse-Yao Huang**

17                Based on Nanya's initial disclosures in Guam, Plaintiffs understand that Mr.

18   Huang's address is Nanya Technology Corporation, Hwa Ya Technology Park, 669, Fu Hsing

19   3rd, Kueishan, Taoyuan, Taiwan, is a named inventor of U.S. Patent No. 6,790,765 ("the '765

20   patent"), and has knowledge of the '765 patent, its conception, reduction to practice, and its

21   prosecution history.

22         **18.   Yi-Nan Chen**

23                Based on Nanya's initial disclosures in Guam, Plaintiffs understand that Mr.

24   Chen's address is Nanya Technology Corporation, Hwa Ya Technology Park, 669, Fu Hsing3rd,

25

1  Kueishan, Taoyuan, Taiwan, is a named inventor of the '765 patent, and has knowledge of the

2  '765 patent, its conception, reduction to practice, and its prosecution history.

3      **19.    Hui-Min Mao**

4          Based on Nanya's initial disclosures in Guam, Plaintiffs understand that Mr.

5  Mao's address is Nanya Technology Corporation, Hwa Ya Technology Park, 669, Fu Hsing3rd,

6  Kueishan, Taoyuan, Taiwan, is a named inventor of the '765 patent, and has knowledge of the

7  '765 patent, its conception, reduction to practice, and its prosecution history.

8      **B.    A description, including the location, of all documents that are reasonably
   likely to bear substantially on the claims or defenses:**

9

10         All or most of FMA's documents are located at its headquarters and principal

11 place of business at 1250 E. Arques Avenue, M/S 333, Sunnyvale, California 94088-3470.

12         All or most of Nanya USA's documents are believed to be located at its

13 headquarters and principal place of business at 5104 Old Ironsides Dr., Suite 113, Santa Clara,

14 CA 95054.

15         Documents related to Fujitsu's patents, the '989, '486, '428, and '819 patents,

16 which bear on Plaintiffs' claims, are located at Fujitsu's offices at 4-1-1, Kamikodanaka

17 Nakahara-ku, Kawasaki-shi, Kanagawa, Japan 211-8588.  Certain additional documents related

18 to these patents are believed to be located at the offices of Fujitsu's outside patent firms.  The

19 names of those firms and their addresses are as follows: Armstrong, Kratz, Quintos, Hanson &

20 Brooks, LLP, 1725 K St., N.W. Suite 1000, Washington, DC 20006; Arent Fox PLLC, 1050

21 Connecticut Ave. N.W. Suite 400, Washington, DC 20036-5339; and Itoh International patent

22 office, 32th floor, Ebisu-Garden-Place, 20-3, Ebisu-4chome, Shibuya-ku, Tokyo, 150-6032,

23 Japan.  Fujitsu has some additional documents at the Fujitsu Akiruno Technology Center, 50

24 Fuchigami, Akiruno-city, Tokyo, Japan.

25         Based on Nanya's initial disclosures in Guam, Plaintiffs understand that all or

   most documents related to Nanya's patents, the '187, '271 and '765 patents, which bear on its

1  claims, are located at Plaintiffs headquarters, Hwa Ya Technology Park, 669, Fu Hsing3rd,

2  Kueishan, Taoyuan, Taiwan.  Certain additional documents related to these patents are believed

3  to be located at the offices of Nanya's outside patent firms.  The names of those firms, along

4  with the addresses provided in the patent file histories, are as follows:  Shaw Pittman, 2300 N

5  Street, N.W. Washington, DC 20037; and Birch, Stewart, Kolasch & Birch, LLP Post Office Box

6  747 Falls Church, Virginia 22040-0747.

7          Additional relevant documents that bear on Plaintiffs' claims will be obtained

8  from Defendants during the discovery process.

9      **C.      A computation of any damages claimed:**

10          Under 35 U.S.C. § 284, Plaintiffs seek damages adequate to compensate for

11  Defendants' infringement of the '989, '486, '428, and '819 patents, but in no event less than a

12  reasonable royalty for Defendants' use of the inventions, together with interest as fixed by the

13  Court.  Plaintiffs also seek under § 284 an increase of damages up to three times the amount

14  found or assessed.

15          The full extent of Plaintiffs' damages will be further disclosed and supplemented

16  upon receipt of the relevant information from Defendants and in accordance with Federal Rules

17  of Civil Procedure 26(a)(2) and 26(b)(4) and any scheduling orders issued by the Court.

18      **D.      The substance of any insurance agreement that may cover any resulting
    judgment:**

19

20          Plaintiffs are not aware of any insurance agreements that may cover any resulting

    judgment.

21

22

23

24

25

Dated: _1/26/67_          By: _____

MILBANK, TWEED, HADLEY & McCLOY LLP
Gregory Evans (State Bar No. 147623)
Chris L. Holm (*Pro Hac Vice*)
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone: (213) 892-4000
Facsimile: (212) 822-5796

MILBANK, TWEED, HADLEY & McCLOY LLP
Christopher E. Chalsen (*Pro Hac Vice*)
Michael M. Murray (*Pro Hac Vice*)
Lawrence T. Kass (*Pro Hac Vice*)
Frank A. Bruno (*Pro Hac Vice*)
1 Chase Manhattan Plaza
New York, NY 10005
Telephone:(212) 530-5000
Facsimile: (212) 822-5796

Attorneys for Plaintiffs
FUJITSU LIMITED and
FUJITSU MICROELECTRONICS AMERICA, INC.

Plaintiffs' Fed. R. Civ. P. 26(a)(1) Initial Disclosure
06-cv-06613 (CW)

1   Martin C. Fliesler (SBN 073768) mcf@fdml.com
    Rex Hwang (SBN 221079) rhwang@fdml.com
2   Justas Geringson (SBN 240182) jgeringson@fdml.com
3   FLIESLER MEYER LLP
    650 California Street, 14th Floor
4   San Francisco, CA 94108
    Telephone:    (415) 362-3800
5   Facsimile:    (415) 362-2928

6

7   Michael Shore (*Pro Hac Vice*) mshore@shorechan.com
    Alfonso Chan (*Pro Hac Vice*) achan@shorechan.com
8   Martin Pascual (*Pro Hac Vice*) mpascual@shorechan.com
    SHORE CHAN BRAGALONE, LLP
9   325 N. St. Paul St. Suite 4450
    Dallas, TX 75201
10  Telephone:    (214) 593-9110
    Facsimile:    (214) 593-9111
11

12  **Attorneys for Defendants**
    **Nanya Technology Corp. and**
13  **Nanya Technology Corp. U.S.A.**

RECEIVED
MILBANK, TWEE[

JAN 2C 2007
CHRISTOPHER E. CHALSEN

14

15                      **UNITED STATES DISTRICT COURT**

16                     **NORTHERN DISTRICT OF CALIFORNIA**

17                             **OAKLAND DIVISION**

18

19  FUJITSU LIMITED and FUJITSU                )   Action No. C06-06613 CW
    MICROELECTRONICS AMERICA, INC.             )
20                                             )   **DEFENDANTS' INITIAL**
              Plaintiffs,                       )   **DISCLOSURES PURSUANT TO**
21                                             )   **RULE 26(a)**
         vs.                                    )
22                                             )
    NANYA TECHNOLOGY CORP. and NANYA           )
23  TECHNOLOGY CORP. U.S.A.                    )
                                               )
24            Defendants.                       )
                                               )
25  _____)

26          Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, and subject and without prejudice

27  to its Motion to Dismiss for Insufficient Service of Process or Alternatively to Quash Service of Process

28  [Doc. 14] and its Motion to Dismiss, Transfer, or Stay the Case [Doc. 18], Defendants Nanya

FLIESLER
MEYER LLP

                                             1

Technology Corp. and Nanya Technology Corp. U.S.A. ("Defendants") make the following disclosures:

(A)     **The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information:**

1.     **Masao Taguchi**

Masao Taguchi is the named inventor of U.S. Patent No. 4,801,989 ("the '989 patent").

2.     **Hiroshi Arimoto**

Hiroshi Arimoto is the named inventor of U.S. Patent No. 6,104,486 ("the '486 patent").

3.     **Hiroshi Tomita**

Hiroshi Tomita is a named inventor of U.S. Patent No. 6,292,428 B1 ("the '428 patent") and U.S. Patent No. 6,320,819 B2 ("the '819 patent").

4.     **Tatsuya Kanda**

Tatsuya Kanda is a named inventor of the '428 patent and the '819 patent.

5.     **Michael M. Moore**

Mr. Moore has signed a declaration in this action on behalf of Fujitsu.

6.     **Nien-Huai Hsu**

Nien-Huai Hsu has signed a declaration in this action on behalf of Fujitsu.

7.     **Shigeru Kitano**

Shigeru Kitano has signed a declaration in this action on behalf of Fujitsu.

Fujitsu Limited
1-1, Kamikodanaka 4-chome, Nakahara-ku, Kawasaki
211-8588, Japan

8.     **Victor S.C. Lee**

Victor S.C. Lee has signed a declaration in this action on behalf of Fujitsu.

9.     **Chris L. Holm**

FLIESLER
MEYER LLP

2

Mr. Holm has signed a declaration in this action on behalf of Fujitsu.

**10.    Katsuya Irie**

Katsuya Irie has knowledge of the patents and licensing.

Fujitsu Limited
1-1, Kamikodanaka 4-chome, Nakahara-ku, Kawasaki
211-8588, Japan

**11.    Yuichi Sakoda**

Yuichi Sakoda has knowledge of the patents and licensing.

Fujitsu Limited
1-1, Kamikodanaka 4-chome, Nakahara-ku, Kawasaki
211-8588, Japan

**12.    Noriaki Sato**

Noriaki Sato has knowledge of the patents and licensing.

Fujitsu Limited
1-1, Kamikodanaka 4-chome, Nakahara-ku, Kawasaki
211-8588, Japan

**13.    Takao Miura**

Takao Miura has knowledge of the patents and licensing.

Fujitsu Limited
1-1, Kamikodanaka 4-chome, Nakahara-ku, Kawasaki
211-8588, Japan

**14.    Yasuharu Yatsu**

Yasuharu Yatsu is a named inventor of U.S. Patent No. 6,225,765 ("the '765 Patent), and may be contacted through Shore Chan Bragalone LLP, as counsel for Defendants.

**15.    Tomoki Nakamura**

Tomoki Nakamura is a named inventor of the '765 Patent, and may be contacted through Shore

3

**Defendants' Initial Disclosures Pursuant to Rule 26(a)**
Action No. C06-06613 CW

Chan Bragalone LLP, as counsel for Defendants.

**16.   Shoji Shirai**

Shoji Shirai is a named inventor of the '765 Patent, and may be contacted through Shore Chan Bragalone LLP, as counsel for Defendants.

**17.   Tse Yao Huang**

Tse Yao Huang is a named inventor of U.S. Patent No. 6,225,187 ("the '187 patent"), and may be contacted through Shore Chan Bragalone LLP, as counsel for Defendants.

**18.   Yun Sen Lai**

Yun Sen Lai is a named inventor of the '187 Patent, and may be contacted through Shore Chan Bragalone LLP, as counsel for Defendants.

**19.   Yi-Nan Chen**

Yi-Nan Chen is a named inventor of U.S. Patent No. 6,436,271 ("the '271 Patent), and may be contacted through Shore Chan Bragalone LLP, as counsel for Defendants.

**20.   Hsien-Wen Liu**

Hsien-Wen Liu is a named inventor of the '271 Patent and may be contacted through Shore Chan Bragalone LLP, as counsel for Defendants.

**(B)    A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:**

Defendants identify the following documents, data compilations, tangible things, by category and location, that Defendants may use to support its claims and defenses, except documents to be used solely for impeachment:

1.    The patents-in-suit and their file histories – Dallas, Texas.

2.    Documents relating to validity or invalidity of the patents-in-suit – Dallas, Texas.

4

FLIESLER
MEYER LLP

Defendants' Initial Disclosures Pursuant to Rule 26(a)
Action No. C06-06613 CW

1        3.    Documents relating to licensing of the patents-in-suit – Dallas, Texas.

2

3    **(C)    A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:**

4

5

6        None at this time.

7    **(D)    For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for    payments made to satisfy the judgment:**

8

9

10       None.

11

12                                            Respectfully Submitted,

13   Dated: January 26, 2007          By:  _____

14

15                                         FLIESLER MEYER LLP
                                           Martin C. Fliesler (SBN 073768)
16                                         Rex Hwang (SBN 221079)
                                           Justas Geringson (SBN 240182)
17                                         Four Embarcadero Center, Fourth Floor
                                           San Francisco, CA 94111
18                                         Telephone:    (415) 362-3800
                                           Facsimile:    (415) 362-2928
19

20                                         SHORE CHAN BRAGALONE, LLP
                                           Michael Shore (*Pro Hac Vice*)
21                                         Alfonso Chan (*Pro Hac Vice*)
                                           Martin Pascual (*Pro Hac Vice*)
22                                         325 N. St. Paul St. Suite 4350
                                           Dallas, TX 75201
23                                         Telephone:    (214) 593-6110
                                           Facsimile:    (214) 593-6111
24

25                                         Attorneys for Defendants
                                           Nanya Technology Corp. and
26                                         Nanya Technology Corp. U.S.A.

27

28

FLIESLER
MEYER LLP

                                            5

<u>CERTIFICATE OF SERVICE</u>

I, Cathy A. Akins, declare:

I am over the age of 18 years, am not a party to this Action, and a employed in the County of San Francisco. My business address is Fliesler Dubb Meyer & Lovejoy, LLP, 650 California Street, 14th Floor, San Francisco, California 94108.

On January 26th, 2007, I caused to be served the following attached documents:

<b>DEFENDANT'S INITIAL DISCLOSURES PURSUANT TO RULE 26(A)</b>

on the following individuals and entities, as addressed below, by the means indicated below:

____  **BY FEDERAL EXPRESS.** I caused above-identified document(s) to be placed in a sealed Federal Express envelope(s) with delivery fees fully prepaid, for delivery to addressee(s) on the next business day.

__X__  **BY FACSIMILE.** I caused the above-identified document(s) to be sent by facsimile transmission to the party(ies) listed below at the facsimile number(s) shown.

____  **BY HAND DELIVERY.** I directed a messenger/courier to personally deliver said document(s) to the addressees identified below on the same business day.

__X__  **BY U.S. MAIL.** I caused the above-identified document(s) to be deposited for collection at Fliesler Meyer LLP following the regular practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence is deposit with the United States Postal Service on this day.

| | |
|---|---|
| Gregory Lawrence Evans<br>Chris L. Holm<br>Milbank, Tweed, Hadley & McCloy LLP<br>601 South Figueroa, 30th Floor<br>Los Angeles, California 90017-5735<br>Facsimile: 213-629-5063 | Chistopher E. Chalsen<br>Frank A. Bruno<br>Lawrence T. Kass<br>Michael Martin Murray<br>Milbank, Tweed, Hadley & McCloy LLP<br>1 Chase Manhattan Plaza<br>New York, New York 10005-1413<br>Facsimile: 212-530-5219 |

I declare under penalty of perjury that the following is true and correct. Executed at San Francisco, California on January 26th, 2007.

_____
Cathy A. Akins

FLIESLER
MEYER LLP

DEFENDANT'S INITIAL DISCLOSURES PURSUANT TO RULE 26(A)
Action No. C-06-06613 CW

# EXHIBIT D

F I L E D
DISTRICT COURT OF GUAM

OCT - 5 1998

MARY L. M. MORAN
CLERK OF COURT

44

1

2

3

4

5

6            IN THE DISTRICT COURT OF GUAM

7                 TERRITORY OF GUAM

8

9    GEORGE COPITAS and JOSEPH GARGAS,

10              Plaintiffs,                    Civil Case No. CIV 98-00018 KS~

11        vs.

12    FISHING VESSEL ALEXANDROS,
      OFFICIAL NO. 95013, HER ENGINES,
13    NETS, FURNITURE, etc., In Rem,
      Nick Violaris, Sokimona Fishing Pty. Ltd,
14    In Personam.                              **MEMORANDUM ORDER**

15              Defendants.

16

17

18        This matter comes before the Court on Defendants' Motion to Dismiss for Forum Non

19   Conveniens.  The court has considered the submissions by the parties and the law and GRANTS

20   the motion under the following conditions:  (1) Defendants submit to the jurisdiction of Papua

21   New Guinea courts; and (2) Defendants issue a letter of guarantee that they will satisfy any Papua

22   New Guinea judgment awarded to Plaintiffs.

23   **I. STATEMENT OF THE CASE**

24        The M/V Alexandros is a fishing vessel registered in Papua New Guinea (PNG), and

25   owned by Defendant Sokimona Fishing Pty, a Papua New Guinea corporation.  Defendant Nick

26   Violaris owns Sokimona and is a resident of Australia.  Plaintiffs are United States citizens hired

27   out of California to work aboard the M/V Alexandros as engineers.  Plaintiffs were employed to

28   repair the vessel, prepare the vessel for fishing, and serve onboard the vessel, and agreed to wages

     of $50/day plus expenses to prepare the vessel, and wages of $30/ton for Plaintiff Copitas and

1  $15/ton for Plaintiff Gargas once the vessel began fishing voyages. The agreements for

2  employment and wages were not in writing. Plaintiffs traveled to Singapore in May and June of

3  1997 to begin their engagement. Gargas claims he supervised the unloading of a fishing net which

4  was sent to Guam, as well as the shipment of a water purification system to Guam for installation

5  while the vessel was still in port.

6       The Plaintiffs' employment ended on December 5, 1997, when Copitas allegedly assaulted

7  the ship's captain. Gargas voluntarily terminated his employment at the same time. The

8  Defendants assert that Copitas was terminated for cause as a result of the alleged assault.

9  However, Copitas claims he was not terminated, implicitly arguing the vessel's captain could not

10  effect a unilateral termination.

11       Two weeks after the allegedly assault, the vessel left Singapore without the Plaintiffs and

12  sailed to Guam to retrieve the fishing net under repair. The M/V Alexandros left Guam, but

13  returned for further repairs on the net. The net was arrested at this time. The repair of the fishing

14  net is Defendants' only contact with Guam. Plaintiffs seek unpaid ordinary wages and statutory

15  wages for violation of 46 U.S.C. §10601.

16       Defendants seek a dismissal for forum non conveniens, and have agreed the dismissal may

17  be conditional upon 1)Defendants Violaris and Sokimona submitting themselves to the jurisdiction

18  of the PNG court, and 2)the M/V Alexandros being submitted to the in rem jurisdiction of the

19  PNG court.

20  **II. ANALYSIS**

21       The facts here are similar to a case the Court dismissed in July 1998 for forum non

22  conveniens, where the same defendants sought dismissal for forum non conveniens. Gargas v.

23  Violaris, CIV 97-00081, Memorandum Order (D. Guam July 13, 1998). The U.S. citizen

24  plaintiffs in Gargas allege they entered an oral contract to provide consulting, legal and

25  administrative services as part of a joint fishing venture and fishing vessel. Plaintiff Gargas also

26  alleged he was to serve as captain of the M/V Alexandros. Plaintiffs sought jurisdiction on Guam

27  by seizing Defendants' fishing net, which was being repaired on Guam. This was defendants' only

28

1  contact with Guam. Plaintiffs' complaint demanded payment for the approximate value of their

2  services. The Court dismissed the case, upon condition that plaintiffs re-file in PNG, and

3  defendants submit themselves to PNG jurisdiction.

4      Defendants rely heavily on the Court's decision in <u>Gargas</u>, arguing the sole distinguishing

5  factor arises from the Court's in rem jurisdiction over the vessel in the present case. Additionally,

6  to make the present case factually identical to <u>Gargas</u>, Defendants have offered to concede in rem

7  jurisdiction of the M/V Alexandros to the courts of PNG.

8  **A. DEFENDANTS HAVE MET THEIR BURDEN FOR DISMISSAL**

9      **1. An Adequate Alternative Forum Exists**

10      The forum non conveniens doctrine is predicated upon the existence of another adequate

11  and available alternative forum. <u>Perusahaan Umum Listrik Negara Pusat v. M/V Tel Aviv</u>, 711

12  F.2d 1231, 1238 (9th Cir. 1983). Generally, an alternative forum exists when the defendant is

13  amenable to process in the other forum. <u>Gulf Oil Corp. v. Gilbert</u>, 330 U.S. 501, 508 (1947). In

14  the present case, Plaintiffs offered a declaration indicating PNG is a common law maritime

15  jurisdiction, and its courts have jurisdiction over any claim by a seaman for wages earned onboard

16  a ship. Decl. of Brian Denis White, Application for Reconsideration of Order Vacating Arrest and

17  for Issuance of Warrant of Arrest of Vessel Pursuant to Supp. Admiralty Rule C(3), filed April 1,

18  1998. Additionally, PNG adopted English Common Law, which gives seaman seeking unpaid

19  wages a maritime lien upon a vessel, which travels with the vessel and can be enforced in PNG

20  courts by an in rem action. <u>Id.</u> Thus, PNG is an adequate alternative forum.[1]

21      Having found PNG is an adequate alternative forum, the two-prong forum non conveniens

22  test applies: 1)determining choice of law; 2)weighing private and public interest factors.

23      **2. Under Choice of Law Analysis, Papua New Guinea Law Should be Applied**

24      The Court finds that PNG law controls. The choice of law determination takes eight

25

26

27  [1] At hearing, Defendants stated that there would probably not be a significant difference in the amount

28  of recovery if the action were heard in PNG, although he was not sure if PNG allowed for punitive damages.

1   factors into consideration.[2] Defendants make a compelling argument that PNG law applies, and

2   Plaintiffs concede that analysis of the factors "suggest that the law of PNG should be applied."

3   Plaintiff's Memorandum in Support of Plaintiffs' Opposition to to Defendants' Motion to Dismiss

4   on Ground of Forum Non Conveniens at 7, filed Sept. 8, 1998. The following factors strongly

5   favor the application of PNG law: law of the flag (M/V Alexandros); allegiance of the shipowner

6   (Sokimona) and shipowner's base of operations. Yet the fact that PNG law applies will not given

7   "conclusive or even substantial weight." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 247 (1981).[3]

8   **3. Weighing Private and Public Interest Factors Favor Dismissal**

9         Private interests include: ease of access to sources of proof; compulsory process to obtain

10   the attendance of hostile witnesses; the cost of transporting friendly witnesses; and other problems

11   that interfere with an expeditious trial. Gulf Oil, 330 U.S. at 508. The distance between Guam

12   and PNG is at most four or five hours by plane, and none of the parties reside in PNG. In fact,

13   Plaintiffs reside in the U.S. mainland and Violaris is an Australian citizen, while the vessel and its

14   captain are seafaring. Thus, most of the key players and information for trial are closer to PNG.

15   The cost and access to witnesses is not considerably more burdensome for either party in having

16   the trial in Guam. Additionally, the record does not indicate the availability of compulsory

17   process necessary to obtain attendance of hostile witnesses; the absence of process weighs against

18   dismissal, and it is Defendants' burden to show such process exists.

19         Weighing public interest factors especially favor dismissal. Public interest factors include

20   court congestion, the local interest in resolving the controversy, and the preference for having the

21   forum apply a law with which it is familiar. Contact Lumber Co. v. Moges Shipping Co., 918 F.2d

22

23       [2] Relevant considerations for choice of law determinations: 1) place of the wrongful act; 2) law of
the flag; 3) allegiance or domicile of the injured party; 4) allegiance of the shipowner; 5) place of contract;

24   6)inaccessibility of foreign forum; 7) law of the forum. Lauritzen v. Larsen, 345 U.S. 571 (1953) and Hellenic
Lines, Ltd. v. Rhoditis, 398 U.S. 306 (1970). Hellenic also added an eighth factor, the shipowner's base of

25   operations.

26       [3] There is an exception when the alternative forum's remedy is so inadequate or unsatisfactory "that
it is no remedy at all." Piper, 454 U.S. at 254. The exception does not apply, because PNG recognizes the

27   common law giving seamen seeking unpaid wages a maritime lien upon a vessel, and the lien travels with the

28   vessel and can be enforced in PNG courts by an in rem action. Decl. of Brian Denis White.

4

1   1446, 1452 (1990). In analyzing court congestion, the Court acknowledges its heavy docket, but

2   has previously stated that "it is not so congested that it cannot hear [a] case in a timely manner."

3   Gargas, Memorandum Order, at 4. However, the local interest in resolving the controversy is

4   minimal, as the vessel's only contact with Guam involved the repair of fishing nets with a Guam

5   business. Finally, the Court has already determined that PNG law should apply, and having the

6   action heard in PNG meets the public interest that a forum apply a law with which it is familiar.

7          Thus, the two-part test favors dismissal. However, Plaintiffs have two compelling

8   arguments in their favor. First, courts have long recognized the view of seamen as "wards of

9   admiralty" who are entitled to heightened legal protection. Semintilli v. Trinidad Corp., 1998 WL

10  614654 1, 7 (9th Cir. Cal. 1998). Second, Plaintiffs they "retain the heavy presumption in favor of

11  their choice of forum. A plaintiff's interest in this choice is itself sufficient to tilt the scale in his

12  favor." Perusahaan, 711 F.2d at 1240. Yet the Perusahaan court also stated that

13         When a dispute arises, parties should be encouraged to seek judicial resolution in the most
           convenient forum, respecting the various public and private interests. If the court is
14         satisfied that there exists an alternative forum with substantially more contacts to the
           dispute, and that this forum is adequate and available to plaintiff, the court may dismiss on
15         forum non conveniens grounds.

16  Id. at 1242. Plaintiffs have not proved Guam is a convenient forum, and Defendants have proved

17  Guam is inconvenient. To take Plaintiffs' argument to its logical conclusion, the Court would be

18  able to extend its jurisdiction based upon utterly minimal contacts with Guam, for example, over

19  airplanes that land on Guam for one hour to refuel. Even in applying the heightened legal

20  protection due to "wards of admiralty," the Court must find sufficient contacts after analyzing the

21  relevant factors in order to exercise jurisdiction. United Continental Tuna Corp. v. United States,

22  550 F.2d 569, 573 (9th Cir. 1977). Despite Plaintiffs' status and the presumption in choosing a

23  forum, the exercise of jurisdiction here does not further the interest of judicial economy, when an

24  available and adequate alternative forum exists.

25  **III. CONCLUSION**

26         Therefore, the Motion to Dismiss for Forum Non Covneniens is granted with the

27  following conditions: (1)Defendants submit to the jurisdiction of the courts of Papua New

28

5

1    Guinea; and (2)Defendants issue a letter of guarantee that they will satisfy any judgment awarded

2    to Plaintiffs.

3          IT IS SO ORDERED.

4    Dated: October __5__, 1998

5.

6                                              _____

7                                              JOHN S. UNPINGCO
                                               District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    6

# EXHIBIT E

# SHORECHAN
# BRAGALONE LLP

Martin Pascual
Republic Center
325 North Saint Paul Street
Suite 4450
Dallas, Texas 75201
214-593-9118 Telephone
214-593-9111 Facsimile
mpascual@shorechan.com

April 13, 2007

**VIA EMAIL**
Michael Murray, Esq.
Christopher Chalsen, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, NY 10005

Re:  *Nanya Technology Corp., et al. v. Fujitsu Limited, et al.*
     (No. 06-CV-00025, in the U.S. District Court, District of Guam).

Dear Counsel:

I write to follow up on our conversation yesterday and our letters of March 22, 2007 and April 9, 2007.

Nanya does not believe its jurisdictional discovery requests have been sufficiently satisfied. Nanya served discovery requests on December 14, 2006 and February 9, 2007 and has been waiting for over four months for documents. We continue to be willing to work with you in getting these documents. I hope you are willing to work with us in this regard. As you are aware, the pending May 15, 2007 deadline for Nanya's response to FMA's jurisdictional challenge requires an immediate unqualified response on your part. Therefore, as we discussed, please let us know by 6 p.m. (CST) Friday, April 13, 2007 when you will produce all of the requested documents.

Because you desire further clarification of our discovery requests, let me restate the categories that were set out in our December 14, 2006 and February 9, 2007 discovery requests and our March 22, 2007 and April 9, 2007 letters:

1.  All documents identifying any product that incorporates any one or more of the Accused Devices (defined as both the "Accused Devices" and "Similar Devices" detailed in Plaintiffs' Second Set of Jurisdictional Requests for Production to FMA, served on February 9, 2007). These requests are narrowly tailored to discover evidence related to potentially infringing devices that may be available in Guam through the stream of commerce;

# SHORECHAN
# BRAGALONE LLP

Michael Murray, Esq.
Christopher Chalsen, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
April 13, 2007
Page 2

2.  All documents identifying the entities involved in the design, supply, manufacture, sales, solicitation, or purchase of the Accused Devices. These categories address whether FMA places its products into the stream of commerce and whether these products are likely to be available in the forum site;

3.  Documents regarding communications, sales, marketing, incorporation or integration of the Accused Devices into FMA's customers' or potential customers' products. These requests seek to identify and track the incorporation of the Accused Devices into end-products and the final destination of such end-products;

4.  All documents showing design wins for any Accused Device including but not limited to FlexRay, "MOST" or "CAN" controllers or devices. These categories address the design and/or incorporation of the Accused Devices into networking, wireless, automotive, industrial, consumer, and security applications; and

6.  Documents identifying all FMA customers from 1999 to 2007.

Also, as we discussed, please let us know by Tuesday, April 17, 2007 when you can make available for deposition a Rule 30(b)(6) corporate representative for FMA on the following topics:

1.  All design wins for the Accused Devices from 1999 to 2007;

2.  All products that incorporate the Accused Devices from 1999 to 2007;

3.  All customers or purchasers of the Accused Devices from 1999 to 2007;

4.  The sales cycle for the Accused Devices, which includes how FMA markets the Accused Devices, how FMA works with its customers so that the Accused Devices can be incorporated or integrated into FMA's customers' products;

5.  Market data and sales' projections for the Accused Devices; and

6.  All qualifications of the Accused Devices.

SHORECHAN
BRAGALONE LLP

Michael Murray, Esq.
Christopher Chalsen, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
April 13, 2007
Page 3


We look forward to hearing from you by the end of the day.

Regards,

Martin Pascual

cc:    Daniel Benjamin (via email)
       Rodney Jacob (via email)
       Joseph Razzano (via email)
       Judge John Unpingco (via email)