**RODNEY J. JACOB, ESQ.**
**DANIEL M. BENJAMIN, ESQ.**
**CALVO & CLARK, LLP**
Attorneys at Law
655 South Marine Corps Drive, Suite 202
Tamuning, Guam 96913
Telephone:    (671) 646-9355
Facsimile:    (671) 646-9403

**CHRISTOPHER E. CHALSEN, ESQ.**
**MICHAEL M. MURRAY, ESQ.**
**LAWRENCE T. KASS, ESQ.**
**MILBANK, TWEED, HADLEY & MCCLOY LLP**
1 Chase Manhattan Plaza
New York, New York 10005
Telephone:    (212) 530-5000
Facsimile:    (212) 822-5796

*Attorneys for Defendants*
FUJITSU LIMITED, and
FUJITSU MICROELECTRONICS AMERICA, INC.

FILED
DISTRICT COURT OF GUAM
APR 20 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP. and NANYA TECHNOLOGY CORP. U.S.A., <br><br> Plaintiff, <br><br> vs. <br><br> FUJITSU LIMITED, FUJITSU MICROELECTRONICS AMERICA, INC., <br><br> Defendants. | CIVIL CASE NO. 06-CV-00025 <br><br> **DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DOCUMENTS** |

*CIVIL CASE NO. 06-CV-00025*
*{G0021476.DOC;1}*

ORIGINAL

Defendant Fujitsu Microelectronics America, Inc., ("FMA") hereby opposes Plaintiffs' Motion to Compel Documents Responsive to Plaintiffs' Jurisdictional Requests for Production to Fujitsu Microelectronics America, Inc. ("Motion").

## I.    INTRODUCTION

Plaintiffs Nanya Technology Corp. and Nanya Technology Corp. U.S.A. (collectively "Nanya") have utterly and repeatedly failed to follow the Local Rules of this Court concerning discovery motions.   In particular, and as explained below, Nanya has failed to properly meet and confer with FMA to narrow the issues and prepare the required stipulation specifying the particular discovery requests that are disputed and the parties' respective positions on each request.   Instead, any "meet and confer" was nothing more than a series of complaints about FMA's document production without reference to specific requests, as is the Motion itself.   Although Nanya gives some examples of alleged document production deficiencies in the Motion, these examples were *never discussed with FMA*.   Further, each example is easily explained below and none form a proper basis for a motion to compel.

This Motion is the *third* motion to compel filed against FMA and none of the motions have complied with the local rules.   In fact, the meet and confer concerning the first motion to compel did not even happen until after the motion was filed.   Nanya did not submit the required stipulations with either of its previous motions to compel.   Nanya's indefensible disregard for the Local Rules is reason enough to deny this Motion.

However, as explained below, this Motion should also be denied because FMA has, in fact, completely satisfied its obligations under Nanya's discovery requests.   Nanya has made numerous incorrect assumptions about the documents that it thinks FMA has, and then bases its complaints in the Motion on FMA's failure to produce these phantom documents.   FMA has expended enormous resources collecting and producing documents.   Further, it has offered to continue collecting and producing documents in response to Nanya's very recent and different document demands.   FMA has been more than cooperative.

## II.    FACTUAL BACKGROUND

Nanya filed its First Request for the Production of Documents ("First Set") on December 14, 2006. (*See* Nanya's Motion, Exh. A). These requests were not directed to specific accused devices, but rather more generally referred to "dynamic memory chips" as being the relevant products. (*Id*. at 2.) FMA served its written objections and responses to the First Set by first class mail on January 16, 2007. (*See* Dkt. No. 130, Exh. A.) On January 17, 2007, before even receiving FMA responses to the First Set, Nanya filed a motion to compel ("First Motion"). (*See* Dkt. No. 113.) The First Motion did not comply with the Local Rules because, among other things, it did not include the stipulation required by Local Rule 37.1.

On February 6, 2007 the parties finally had a meet and confer to discuss the First Set of document requests, and came to an agreement the next day. (*See* Dkt. No. 160, at 2, and Exhs. A-C thereto.) Nanya then tried to redefine a term in its First Set and FMA declined to let them add this after-the-fact definition. (*See id*. and Exhs. D and E thereto.) Nanya then filed another motion to compel ("Second Motion") on the same First Set of discovery requests. (*See* Dkt. No. 132.) The Second Motion similarly did not comply with Local Rule 37.1 as it failed to include the required stipulation. Nanya later backed away from its demand for the new definition and the parties entered a stipulation on February 20, 2007 setting a deadline of April 2, 2007 for FMA to provide responsive documents. (*See* Dkt. No. 148.) This Court denied the First Motion and the Second Motion as moot. (*See* Dkt. No. 172.)

On February 9, 2007 Nanya served a Second Set of Jurisdictional Requests for Production ("Second Set") on FMA. (*See* Motion, Exh. A-2). The Second Set listed 67 specific part numbers included within the definition of Accused Devices. (*Id* at 4.) FMA served written objections and responses to the Second Set on March 14, 2007, objecting on several grounds, including that the requests were overly broad and burdensome. (*See* Exh. A hereto.) The parties had a meet and confer on the Second Set on March 21, 2007 wherein Nanya could not defend the broad scope of most of the requests in the Second Set. As a result, Nanya agreed to narrow the scope of the Second Set and Vance Freeman, Nanya's counsel, sent a letter to FMA's counsel on

1   March 22, 2007 setting forth the categories of documents that represented the agreement as to

2   what documents FMA was to produce in response to the Second Set. ("Freeman Letter"; Exh. B

3   hereto; *see also* Motion at 6-8, acknowledging this agreement.)

4            FMA conducted a reasonable search for documents responsive to the First Set and

5   produced all of those documents by April 2, 2007 as agreed.  Further, FMA searched for and

6   produced most of the documents responsive to the Freeman Letter by April 2, 2007.  The

7   remaining documents responsive to the Freeman Letter were produced by April 10, 2007, in

8   advance of the April 12, 2007 deposition of Michael Moore, FMA's General Counsel.  Thus,

9   FMA has fully complied with both the First Set and the Second Set.

10           Following the deposition of Michael Moore, counsel for Nanya complained about

11   allegedly "missing" documents from FMA's production concerning the Second Set.  At several

12   points in the discussion counsel for FMA asked that specific categories in the Freeman Letter be

13   identified where documents had allegedly not been produced.  Nanya's counsel did not refer to

14   any specific category in the Freeman Letter.  Counsel for FMA stated that even though FMA

15   believed it had fully satisfied the document requests, if there were additional documents that

16   Nanya felt it needed, FMA would be willing to conduct reasonable searches for such additional

17   documents and would produce them.  Nanya's counsel stated that it would send a letter the next

18   day detailing the additional documents sought.

19           On April 13, 2007 Nanya sent a letter to FMA's counsel alleging again in vague

20   terms that "Nanya does not believe that its jurisdictional discovery requests have been sufficiently

21   satisfied."  ("Pascual Letter"; Exh. C hereto.)  The Pascual Letter again did not identify a single

22   category in the Freeman Letter where documents allegedly had not been produced.  However, the

23   Pascual Letter did include 5 new categories of documents sought by Nanya.  (*Id* at 1-2.)  A simple

24   comparison between the Freeman Letter (Exh. B) and the Pascual Letter (Exh. C) makes it clear

25   that the Pascual letter substantially broadened the scope of documents being sought from FMA.

26   For example, the Pascual Letter demands "communications" and "marketing" documents related

27

28

{G0021476.DOC;1}

1  to the accused devices, where such items were clearly not within the categories in the Freeman

2  Letter.

3          The Pascual Letter also demanded "an immediate unqualified response" to the new

4  broader document requests. (Exh. C at 1.) In fact, the letter demanded an answer by 6:00 p.m.

5  the *same day*, even though Nanya's counsel knew that FMA's counsel primarily responsible for

6  supervising document production issues, *i.e.*, Michael Murray, would be traveling all day on

7  April 13th returning to New York after the Moore deposition. (*Id.*) Nanya was informed that a

8  response the same day was not feasible due to Mr. Murray's travel schedule. (*See* Exh. D hereto.)

9  Nanya responded in an e-mail to Mr. Murray stating that "we need to hear from you this weekend

10 or by Monday Guam time." (Exh. E hereto.) Thus, a response to the Pascual Letter was

11 demanded by Sunday night in New York.

12         On Sunday evening, after consulting with FMA representatives as best they could

13 given the short amount of time Nanya had provided to consider the Pascual letter, FMA's counsel

14 responded with an e-mail disagreeing with Nanya's assertions concerning FMA's alleged failure

15 to fully respond to the document requests. (*See* Exh. F hereto.) However, FMA's counsel stated

16 that "[i]n spite of the shifting nature of Nanya's document demands, FMA remains willing to

17 conduct additional searches to provide the maximum reasonable discovery in advance of the

18 hearing." (*Id.*) FMA's counsel further advised Nanya's counsel that, while the new discovery

19 requests were "clearly overbroad . . . we are now conducting a search for responsive documents."

20 (*Id.*) Nanya was further informed that '[t]his search will continue this week and we should be

21 able to begin production on a rolling basis before the end of the week." (*Id.*) Apparently because

22 this was not an "immediate and unqualified response" as demanded in the Pascual Letter, Nanya

23 filed the present motion.

24         In spite of the present motion, FMA has continued to search for documents

25 responsive to the new requests contained in the Pascual Letter. A large number of additional

26 document are being produced to Nanya this week. Documents continue to be gathered and

27 additional information will be produced.

28

{G0021476.DOC;1}

**III.     NANYA HAS FAILED TO FOLLOW THE LOCAL RULES AND, AS A RESULT, ITS MOTION DOES NOT PROPERLY DEFINE THE ISSUES**

Nanya's Motion is subject to automatic denial under Local Rule 37.1, which requires:

(a) Prior to the filing of any motion relating to a discovery dispute, counsel for the parties shall meet in person in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It shall be the responsibility of counsel for the moving party to arrange for the conference.

(b) If counsel are unable to settle their differences, **they shall formulate a written stipulation specifying separately and with particularity each issue that remains to be determined at the hearing and the contentions and points and authorities of each party**. The stipulation shall not refer the Court to other documents in the file.

By way of example only, if the sufficiency of an answer to an interrogatory is in issue, the stipulation shall contain verbatim, both the interrogatory and the allegedly insufficient answer, followed by each party's contentions, separately stated. The stipulation shall be served and filed with the notice of motion. **In the absence of such stipulation, or a declaration of counsel of non-cooperation by the opposing party, the Court will not consider any discovery motion unless otherwise ordered upon good cause shown.**

(Emphasis added); *See Sequoia Prop. & Equip. Ltd. P'ship v. United States*, 203 F.R.D. 447, 451 (E.D. Cal. 2001) (denying motion to compel document production because movant failed to satisfy obligations under Eastern District of California Local Rule 37-251); *Tuggle v. Kamara*, No. C 05-4142, 2007 U.S. Dist. LEXIS 21934, *12 (N.D. Cal. Mar. 8, 2007) (denying motion to compel document production because movant failed to satisfy obligations under Northern District of California Local Rule 37-1); *Crossbow Tech., Inc. v. YH Tech.*, No. C-03-04360, 2007 U.S. Dist. LEXIS 25926, *2 (N.D. Cal. Mar. 26, 2007) (same).

Here, Nanya's Motion clearly violates Rule 37.1 by failing to be in the form of a stipulation setting out each disputed issue, and Nanya offers no explanation as to why the Rule was ignored. Nanya had ample opportunity to formulate such a stipulation. In fact, as noted above, during the meet and confer on April 12, 2007 FMA's counsel repeatedly asked Nanya's counsel to focus on specific requests or categories in the Freeman Letter where documents had allegedly not been produced. Rather than conducting such a focused analysis of the dispute, as

1    required by Rule 37.1, Nanya's counsel preferred to speak in generalities and complain about

2    certain documents that allegedly should have been produced. There is no excuse for Nanya's

3    failure to follow the Rules. *See Sequoia Prop. & Equip. Ltd. P'ship*, 203 F.R.D. at 451 (denying

4    movant's motion to compel production of documents because movant failed to file joint

5    stipulation).

6           Furthermore, Nanya's failure to follow Rule 37.1 is particularly inexcusable as

7    Defendants have specifically raised Plaintiffs' prior violations of this Rule in opposing Nanya's

8    previous motions to compel. (*See, e.g.,* Dkt. No. 160 at 3-4). Apparently Nanya believes it need

9    not follow – or even acknowledge and ask for leave to depart from – the Court's Rules. *See*

10   *Afshar v. City of Sacramento*, Civ. S-04-1088, 2007 U.S. Dist. LEXIS 6563, *7 (N.D. Cal. Jan.

11   16, 2007) ("[F]ailure to comply with the [meet and confer obligation] will result in an imposition

12   of sanctions.").

13   Plaintiffs' violation of Rule 37.1 is prejudicial to Defendants and to the Court. By failing

14   to provide a joint stipulation on the motion to compel, Plaintiffs are avoiding their obligation to

15   specify the exact documents and document requests for which they are seeking Court relief. *See*

16   L.R. 37.1(b); *Hunziker v. Adams*, 2007 U.S. Dist. LEXIS 22632 (E.D. Cal. 2007) (denying

17   motion in part because movant failed to identify specific requests for discovery of documents at

18   issue); *Crossbow Tech.*, 2007 U.S. Dist. LEXIS 25926, at *4-*5 (requiring that plaintiff identify

19   in its motion to compel the specific requests at issue and its basis for entitlement to responses to

20   each individual request). Instead, the Motion is merely a few strung together "examples" of the

21   supposed "deficiencies" in FMA's production. Each of these alleged deficiencies are addressed

22   below. Incredibly, <u>none of these examples were ever discussed with FMA's counsel</u>.

23          Accordingly, because of Nanya's complete failure to abide by the Local Rules, the

24   present Motion should be denied.

25   **IV.    NANYA'S SPECIFIC COMPLAINTS ABOUT FMA'S DOCUMENT
        PRODUCTION ARE ENTIRELY WITHOUT MERIT**

26          Nanya's Motion includes a series of complaints about alleged deficiencies in

27   FMA's production. Unfortunately, as noted above, Nanya raised these issues with the Court

28

1  without first raising them with FMA. Had Nanya raised these issues first with FMA, they would

2  have received the following explanation.

3          **A.      FMA's Production of Allegedly Irrelevant Documents**

4          Nanya complains that "most of" the 34,000 documents produced by FMA "do not

5  reference the specific part numbers Plaintiffs' identified." (Motion at 5.)  Nanya apparently

6  forgets that its First Set of document requests included *no specific part numbers whatsoever*. (*See*

7  Motion, Exh. A-1, at 2-3.)  Rather, Nanya defined the relevant products in the First Set as being

8  "dynamic memory chips". (*Id.*)  Thus, having plainly not limited its document requests to these

9  specific part numbers, Nanya should not be surprised when it receives documents that are not so

10  limited.

11         **B.      FMA's Alleged Failure to Address the Majority of Accused Parts**

12         Nanya complains that FMA's documents "fail to cover the majority of the model

13  numbers Plaintiffs defined in their discovery requests." Nanya similarly complains that FMA has

14  "failed to provide all sales reports of all the accused devices" and that "[t]his arbitrary selection

15  violates the agreement between the parties." These complaints are directed at the 67 separate part

16  numbers identified as the Accused Devices in Nanya's Second Set of discovery requests.  (*See*

17  Motion, Exh. A-2, at 4.) As noted above, Nanya's First Set identified no specific part numbers.

18         Nanya is correct that the various sales reports and other documents produced by

19  FMA fail to address the majority of the 67 part numbers listed in the Second Set. This is because

20  FMA has never sold a majority of the identified part numbers.  Specifically, out of the 67 part

21  numbers listed by Nanya, FMA has sold exactly 13 of those parts.  Thus, it is not surprising that

22  the produced documents do not cover a "majority" of the model numbers identified in the second

23  set.

24         This is yet another item that could have been easily clarified for Nanya had they

25  bothered to ask about it.

26

27

28

{G0021476.DOC;1}

1

     **C.**    **FMA's Alleged Failure to Produce "Design Wins"**

2             Nanya complains that FMA has not produced sufficient information concerning

3 "design wins." (Motion at 6.) Although the term "design win" is undefined in Nanya's document

4 requests, FMA generally understands it to be the award of a competitive contract. The "design

5 win" itself is the document, if there is one, that announces the award or otherwise informs FMA

6 of the award. Of course, customers will sometimes deliver such good news in person or over the

7 telephone and there may be no "design win" document.

8             Nanya complains that "[a]lthough FMA produced what appears to be a

9 presentation of FMA's design wins for its products for one or two years, FMA failed to provide

10 all of the actual contracts, communications, notes, technical specifications and terms of agreement

11 regarding each of those design wins from 1999 to 2004". (Motion at 6.) Nanya further states that

12 "[s]uch an incomplete and self-selected production ignores Plaintiffs' discovery requests seeking

13 all responsive documents related to FMA's design wins for its products." (*Id.*)

14             First, FMA did a reasonable search for design win documents for all of the accused

15 devices and produced those documents. FMA began centrally collecting design win documents

16 only two years ago because at this time design wins began to be a factor affecting employee

17 bonuses. Before 2005, design win documents were not collected and there was no policy to retain

18 them. Thus, it is not surprising that most of the design win documents found were from the last

19 two years. We note, of course, that any design win would result in a sale and Nanya has been

20 given a complete listing of literally every sale for every accused device, including the customer

21 name, quantity and price for each sale. Thus, Nanya has customer and sales information on <u>all</u>

22 design wins, even if the communication announcing the design win could not be located.

23             Second, by agreement of the parties FMA had no obligation at all to produce "all

24 of the actual contracts, communications, notes, technical specifications and terms of agreement

25 regarding each of those design wins from 1999 to 2004" as Nanya alleges in its Motion. (*Id.*)

26 The Freeman Letter, discussed above, sets forth precisely what documents FMA was to collect in

27

28

1   response to the Second Set of discovery requests.[1]   The categories in the Freeman Letter

2   regarding design wins state that FMA will produce "documents sufficient to identify all design

3   wins" for various products. (*See* Exh. B at 1-2.) Another category in the Freeman Letter

4   specifies that FMA will produce "all contracts" but allows "summaries of such documents" if it is

5   burdensome to produce all contracts. (*Id.*) In response to these categories, FMA searched for and

6   produced design win documents and contracts. Further, as noted above, FMA produced complete

7   sales reports, which are "summaries" of the contracts as the reports include the specific product,

8   customer name, volume and price.

9          None of the categories in the Freeman Letter address "communications, notes,

10  technical specifications and terms of agreement." (*Id.*) During the meet and confer on March 21,

11  2007, FMA had specifically complained about collecting such documents. For example, "all

12  communications" regarding the accused devices is an extremely broad request and would easily

13  encompass enormous amounts of e-mails and other communications between FMA and its

14  customers and within FMA. Nanya agreed that such documents did not have to be produced at

15  that time, as evidenced by the Freeman Letter. Thus, Nanya cannot reasonably complain that

16  FMA has not produced documents that Nanya agreed did not need to be produced.

17          **D.      FMA's Alleged Failure to Produce SPARC or SPARClite Documents**

18          Nanya complains that a "glaring example is FMA's failure to produce any

19  documents regarding the SPARC or SPARClite series of camera processors." (Motion at 6.)

20  This allegation is simply not true. Nanya identified 7 part numbers in this category and FMA had

21  sales for two of those parts and for two other related parts. (*See* Motion, Exh. A-2, at 4.) FMA

22  produced a report from its database for all four of these parts identifying precisely the quantities

23  of the parts sold, the price and the customer names. The bates numbers for these reports are FMA

24  0021732-35.

25

26

---

27        [1] FMA notes that Nanya's First Set of discovery requests does not mention design wins
     and is thus irrelevant to this issue.

28

1

**E.    FMA's Alleged Production of Documents that Do Not Address the Categories in the Freeman Letter**

2

3

4

5

6

7

8

9

10

Nanya seems to admit on pages 6-8 of its Motion that the categories set forth in the Freeman Letter represent the agreement between the parties concerning the Second Set of document requests.    But Nanya complains that "[o]nly a fraction of the documents FMA produced directly address the requests" contained in the Freeman Letter.    (Motion at 8.) However, like another of Nanya's complaints addressed above, Nanya forgets that the Freeman Letter addressed only the Second Set of document requests and not the First Set.    In fact, FMA had already produced a large volume of documents before the Freeman Letter was even written. Thus, it is not at all surprising that the produced documents include many documents that are not directly related to the Freeman Letter.

11

**F.    The Blank Pages and Missing Attachments**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Nanya complains that FMA's production is "full of" blank pages and missing attachments.    This is not true, although there are a small number of blank pages in the production. FMA's counsel uses a common document production software tool known as JFS Litigator's Notebook that facilitates the review and production of large amounts of documents, including electronic documents such as Word documents, e-mails and spreadsheets.    These documents are reviewed in a database before production and the attorney conducting the review indicates to the system whether the document should be produced and its appropriate confidentiality designation, if any.    The JFS program then "TIFFs" the document (*i.e.*, converts it from its original format to a TIFF image), adding bates numbers and the appropriate confidentiality designation.    Such systems create TIFFs because a TIFF image is fixed, similar to a paper document, thus allowing the application of the suitable stamps to every page.[2]    When certain documents, particularly spreadsheets and e-mails, are converted into TIFF images, it is common for some blank pages to be created.    For example, a large spreadsheet might TIFF into many pages and if the original spreadsheet had sections with no data then those sections would generate blank TIFF pages.

26

27

28

[2] We note that Nanya is similarly producing its documents as TIFF images.

1  Similarly, e-mails will occasionally have blank sections that will get converted into a blank TIFF

2  page. This is a common result in document productions involving electronic records.

3          We have investigated each of the examples Nanya cites of blank pages, with the

4  following results:

5          FMA 0022005-0022007: this document was part of an e-mail attached as
6          a .txt file that did not TIFF properly. We have recently produced a better
           copy of this document.

7
8          FMA 0024781-0024783: this is an email wherein there is a blank last
           page.

9          FMA 0024941-0024949: this is an email wherein there is a blank last
10         page.

11         FMA 0025040-0025041: these are microscope photographs that did not
           show up clearly in the black and white TIFF images. We have recently
12         produced a better copy of this document.

13         FMA 0031226-0031233: this is an email wherein there is a blank last
14         page.

15         FMA 0031875-0031879: this is a Word document with Japanese
           characters that did not TIFF properly. We have recently produced a better
16         copy of this document.

17         FMA 0032156-0032157: this is an email with Japanese characters that did
18         not TIFF properly. We have recently produced a better copy of this
           document.

19
           FMA 0023308-0032309: this is an email wherein there is a blank last page.
20

21         We have also investigated each of the examples Nanya cites of missing

22 attachments with the following results:

23         FMA 0024380-24381: the attachment to this document is not a data file.
24         Rather it is a software file and will be produced to Nanya upon request.

25         FMA 0024876-24878: this document identifies two attachments and both
           have been previously produced at FMA 0024879-24882 and FMA
26         0024883.

27

28

FMA 0032195-32196:  this document identifies two attachments and both have been previously produced at FMA 0007420-7244 and FMA 007445-7498.

FMA 0032269-32276:  this document identifies an Excel spreadsheet attachment that was previously produced at FMA 0025208.

FMA 0032644-322645:  this document identifies an Excel spreadsheet attachment that was previously produced at FMA 0009051-9053.

FMA 0032679-322681: this document identifies an Excel spreadsheet attachment that was previously produced at FMA 0027717.

FMA 0032682-322685: this document identifies an Excel spreadsheet attachment that was previously produced at FMA 0027718-27122.

FMA 0032743-32744:  this document identifies an attachment that was previously produced at FMA 0028102-28103.

FMA 0032867-32869: this document identifies an Excel spreadsheet attachment that was previously produced at FMA 0028343.

FMA 0032892-32897: this document identifies an attachment that was previously produced at FMA 0032898-32902.

Thus, all but one of the alleged missing attachments have actually been produced. The one that was not produced is a computer file that cannot be read like a text file.  If Nanya wants to examine the software in this computer file attachment, it will be made available for inspection.

It is, of course, common to have minor problems when producing large volumes of information, particularly when electronic data is involved.  Had Nanya asked us about these issues we could have easily explained as above.  Instead, Nanya unnecessarily and unfortunately chose to burden the Court with these issues.  Nanya's complaints are thus easily refuted and do not support the relief that they seek.

1

## V.    CONCLUSION

2    Nanya's Motion should be denied for numerous reasons.    First, Nanya has
3    repeatedly failed to follow the local rules in bringing these motions to compel. Local Rule 37.1 is
4    important and provides clarity to exactly what relief is being sought.    Without the required
5    stipulation, FMA has no way of knowing the specific requests that have allegedly not been
6    satisfied. The "examples" of FMA's failure to produce documents have all been easily refuted
7    above. Nanya, of course, should have raised these specific complaints with FMA, thus relieving
8    the Court of the burden of addressing such minutia, and potentially avoiding this motion
9    altogether.

10    Nanya's tactics are clear.    As its deadline approaches for response to FMA's
11    motion to dismiss and transfer, it has utterly failed to find evidence of the alleged "stream of
12    commerce" that forms the basis for its theory of jurisdiction over FMA. This is true in spite of
13    FMA's good faith production of tens of thousands of documents, and numerous third party
14    subpoenas served by Nanya. Nanya seeks excuses for its failure to find evidence to support its
15    theories. Ironically, Nanya accuses FMA of seeking to "delay this action" (Motion at 4) when the
16    opposite is plainly true. Nanya will undoubtedly use the alleged discovery deficiencies to seek a
17    delay in the briefing schedule and hearing on FMA's motion.    These tactics should not be
18    tolerated.

19    Accordingly, for these reasons and all the reasons stated herein, FMA respectfully
20    requests that this Motion be denied.

21    Respectfully submitted this 20th day of April, 2007.

22
23

**CALVO & CLARK, LLP**
**MILBANK, TWEED, HADLEY**
**& MCCLOY LLP**
*Attorneys for Defendants*
Fujitsu Limited and
Fujitsu Microelectronics America, Inc.

24
25
26
27

By: _____
**DANIEL M. BENJAMIN**

28

# EXHIBIT A

1   MILBANK, TWEED, HADLEY & McCLOY LLP
    Gregory Evans (State Bar No. 147623)
2   Chris L. Holm (*Pro Hac Vice*)
    601 South Figueroa Street, 30th Floor
3   Los Angeles, California 90017
    Telephone: (213) 892-4000
4   Facsimile: (213) 629-5063
    gevans@milbank.com
5   cholm@milbank.com

6   MILBANK, TWEED, HADLEY & McCLOY LLP
    Christopher E. Chalsen (*Pro Hac Vice*)
7   Michael M. Murray (*Pro Hac Vice*)
    Lawrence T. Kass (*Pro Hac Vice*)
8   Milbank, Tweed, Hadley & McCloy LLP
    1 Chase Manhattan Plaza
9   New York, NY 10005
    Telephone: (212) 530-5000
10  Facsimile: (212) 530-5219
    cchalsen@milbank.com
11  mmurray@milbank.com
    lkass@milbank.com
12
    Attorneys for Plaintiff
13  FUJITSU MICROELECTRONICS AMERICA, INC.

14              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
15                    **OAKLAND DIVISION**

16

17  FUJITSU LIMITED, a Japanese corporation, and
    FUJITSU MICROELECTRONICS AMERICA,          CASE NO. 4:06-cv-06613 (CW)
    INC., a California corporation,
18
                    Plaintiffs,                **FMA'S RESPONSES AND**
19                                             **OBJECTIONS TO DEFENDANTS'**
                                               **SECOND SET OF JURISDICTIONAL**
        v.                                     **REQUESTS FOR PRODUCTION**
20
    NANYA TECHNOLOGY CORP., a Taiwanese
21  corporation, and
    NANYA TECHNOLOGY CORP. U.S.A., a
22  California corporation,

23                  Defendants.

24                          1

    *CIVIL CASE NO. 06-CV-06613 (CW)*
25

26

1

2

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Fujitsu

3

Microelectronics America, Inc. ("FMA") hereby objects and responds to Defendants' Nanya

4

Technology Corp. and Nanya Technology Corp. U.S.A. Second Set of Jurisdictional Requests For

5

Production To Plaintiff Fujitsu Microelectronics America, Inc. ("Requests").

6

**PRELIMINARY OBJECTION**

7

These responses are without waiver of any and all objections to the Requests as the

8

responses are based on the best information currently available to FMA. FMA reserves all

9

objections, in this or any other proceeding, with respect to the relevance, materiality, and

10

admissibility of information produced pursuant to the Requests for Production. FMA also

11

reserves the right to assert additional objections should further review of the files or pre-trial

12

preparation develop new information as to any of the Requests for Production. These responses

13

are made without waiver of, or prejudice to, any such objection or right. To the extent FMA

14

responds to Requests for Production to which it also objects, such responses are without waiver of

15

any such objections.

16

**GENERAL OBJECTIONS**

17

These General Objections are incorporated into each response set forth herein.

18

1.       FMA objects to each of the Requests, including all definitions and instructions, to

19

the extent they seek to impose requirements on FMA that are inconsistent with or in addition to

20

the provisions of the Federal Rules of Civil Procedure, or impose obligations beyond the local

21

rules of the United States District Court for the Northern District of California.

22

23

24

2

*CIVIL CASE NO. 06-CV-06613 (CW)*

25

26

1    2.    FMA's responses and objections are made to the best of its present knowledge,

2  information, and belief. FMA has not completed its investigation and discovery in this matter;

3  therefore, FMA reserves the right to amend, revise, correct, supplement, or clarify any of the

4  responses and objections herein pursuant to facts or information gathered at any time subsequent

5  to the date of these responses. FMA further reserves the right to make use of, or to introduce at

6  hearing and at trial, documents and things responsive to the Requests discovered subsequent to

7  the date of FMA's production.

8    3.    FMA objects to the Requests, including all definitions and instructions, to the

9  extent that they seek the disclosure of information protected from discovery by the attorney-client

10  privilege, the work product doctrine, common interest privilege, joint prosecution privilege, the

11  trade secret or proprietary information privilege, or any other applicable privilege or immunity, or

12  invade the privacy rights of any person. FMA will not knowingly disclose any information that is

13  subject to such privilege or protection. In connection with the Requests, FMA does not intend to

14  waive, and shall not be construed as having waived, any such privilege or protection. Any

15  inadvertent production or disclosure thereof shall not be deemed a waiver of any such privilege or

16  protection in whole or in part. FMA reserves its rights to recall any such document.

17    4.    FMA objects to the Requests to the extent they call for the production of

18  information for which disclosure is prohibited by any domestic or judicial order, protective order,

19  stipulation of confidentiality, non-disclosure agreement, or confidentiality agreement with any

20  non-party restricting the disclosure of such information by FMA. FMA does not intend to

21  produce any documents that are subject to any protection or privilege.

22

23

24                                      3
    *CIVIL CASE NO. 06-CV-06613 (CW)*

25

26

1    5.      FMA objects to the Requests to the extent that they are vague and ambiguous, fail

2    to identify with the necessary specificity the information or document sought, and would require

3    FMA to speculate as to the nature and/or scope of the documents and things sought thereby.

4    6.      FMA objects to these Requests to the extent that they are overly broad, unduly

5    burdensome, seeking information not relevant to any issue in this lawsuit and not reasonably

6    calculated to lead to the discovery of admissible evidence.

7    7.      FMA objects to the Requests to the extent they seek information or documents

8    other than that which may be obtained through a reasonably diligent search of its records.  In

9    responding to the Requests, FMA has made or will conduct a reasonable inquiry and search of

10   materials within its possession, custody or control in those places where information responsive

11   to the Requests are most likely to be found.  To the extent that Defendants seek to require FMA to

12   undertake any action beyond that described above, FMA objects to the Requests as unduly

13   burdensome, oppressive, not reasonably calculated to lead to the discovery of admissible

14   evidence, and harassing and seeking information not within the possession, custody or control of

15   FMA.

16   8.      FMA objects to the Requests to the extent they are duplicative, unreasonably

17   cumulative, harassing and responding thereto will cause unnecessary expense.

18   9.      FMA objects to the Requests to the extent they seek information equally available

19   to Plaintiffs, including, without limitation, publicly available information and documentation.

20   10.     FMA objects to the Requests as unduly burdensome to the extent that they seek to

21   impose on FMA the obligation to locate documents that are not in the control of FMA or FMA's

22   personnel.  FMA will undertake only to produce documents that are reasonably within FMA's

23   knowledge and control.

24                                       4

*CIVIL CASE NO. 06-CV-06613 (CW)*

25

26

1    11.   FMA objects to the Requests to the extent they are ambiguous or would require
2  FMA to speculate as to the nature or scope of the information sought thereby.

3    12.   FMA objects to the Requests to the extent they fail to specify a reasonable or
4  relevant time period for the information and/or documents sought. Subject to agreement of all
5  parties, FMA will not produce documents generated after the date of the Complaint in this action.

6    13.   FMA objects to the Requests to the extent they seek information that is neither
7  relevant to the subject matter involved in this action, nor relevant to a claim or defense of any
8  party, nor reasonably calculated to lead to the discovery of admissible evidence. FMA reserves
9  all objections, in this or any other proceeding, with respect to the relevance, materiality, and
10  admissibility of documents or things produced pursuant to the Requests and the contents of such
11  documents.

12    14.   FMA objects to the Requests to the extent they seek information that is subject to
13  confidentiality obligations with any non-party restricting the disclosure of such information by
14  FMA.

15    15.   FMA objects to the Requests to the extent they seek information in the custody,
16  possession or control of persons or entities other than FMA. FMA will not provide any
17  information in the possession, custody or control of any third party, including any agent, outside
18  attorney, subsidiary or affiliate of FMA on the grounds that production of such documents is
19  unduly burdensome and not calculated to lead to the discovery of admissible evidence.

20    16.   FMA objects to the Requests to the extent they seek production of documents that
21  are already in Defendants' possession, custody or control, that are publicly available, that are
22  equally available to Defendants or from other parties to the litigation, or that are duplicative of
23  documents already produced in the litigation.

24                                          5
*CIVIL CASE NO. 06-CV-06613 (CW)*
25

26

1         17.    FMA objects to the Requests to the extent they seek information that is

2    inaccessible.

3         18.    Although FMA will make a reasonable and good faith effort to respond to these

4    Requests, further information may be discovered that might be responsive to these Requests.

5    Accordingly, without assuming any obligation other than as may be imposed by law, FMA will

6    promptly produce the responsive documents to those Requests that FMA does not object to as

7    identified below, will continue to search for further responsive documents to those Requests that

8    FMA does not object to, and reserves the right to revise, supplement, correct, or amend these

9    responses based upon information, evidence, documents, facts, and things that hereafter may be

10   discovered.

11        19.    FMA objects to the definition of Plaintiff to the extent it includes or attempts to

12   include parties or entities, such as subsidiaries or affiliates, other than the specific parties and

13   entities named as Plaintiffs in this action.

14        20.    FMA objects to the Requests to the extent that they require FMA to form legal

15   conclusions in order to respond.

16        21.    FMA makes no admission of any nature, and no admission may be implied by, or

17   inferred from, these objections and responses.

18        22.    To the extent FMA responds to any of the Requests, it does not concede that the

19   information or document requested is relevant to this action, nor does it waive or intend to waive

20   any objection to the competency, relevancy, or admissibility as evidence of any document or

21   information provided, referred to, or made the subject of any response. FMA expressly reserves

22   the right to object to further discovery of the subject matter of any Request and the introduction

23   into evidence of any provided document or information. A partial response to any Request that

24                                     6

*CIVIL CASE NO. 06-CV-06613 (CW)*

25

26

1    has been objected to, in whole or in part, is not intended to be a waiver of the objection. By

2    making these objections and responses, FMA does not concede that it is in possession of any

3    information or documents responsive to the Requests or that any documents or information

4    requested or provided is relevant to this litigation.

5        23.    To the extent that FMA does not object to a Request and agrees to produce

6    documents in response to a Request, that agreement is not a representation that any such

7    documents actually exist, only that if such documents exist, then FMA will produce them.

8        24.    FMA objects to these Requests to the extent that they call for the production of

9    documents relating to ACCUSED DEVICES when no claims had been made and no products had

10   been accused at the time of serving these Requests.

11       25.    Each of the foregoing General Objections is hereby incorporated by reference into

12   each of the following specific responses to Propounding Party's specific Requests.

13

14   **SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION**

15       Without waiving and subject to its General Objections, which are incorporated into

16   each response below, FMA responds to each specific Request as follows:

17

18   **REQUEST NO. 1:** All documents listing any manufacturer or customer that has purchased a
     Fujitsu ACCUSED DEVICE or similar device made by Fujitsu or bearing a Fujitsu trademark for
     use or incorporation in any manufacturer's or customer's products from 1999 to the present.

19
     **RESPONSE TO REQUEST NO. 1:**    In addition to its General Objections, FMA objects to

20   the request on the following grounds: (a) it seeks information that is neither relevant to this action

21   nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overbroad and

22   unduly burdensome such as calling for the production of "all" documents "listing any

23

24                                      7
     *CIVIL CASE NO. 06-CV-06613 (CW)*
25

26

1    manufacturer or customer"; (c) it is vague and ambiguous, in particular as to what constitutes a

2    "similar device"; and (d) it calls for information not within the possession or control of FMA.

3        Subject to the foregoing General Objections and specific objections, FMA will produce

4    relevant, non-privileged documents, if any, that are responsive to this request and susceptible to a

5    reasonable search.

6

7    **REQUEST NO. 2:**  All documents listing any product made by Fujitsu or other manufacturer or
     customer that has used or incorporated a Fujitsu ACCUSED DEVICE or similar device made by
8    Fujitsu or other manufacturer or customer from 1999 to the present.

9    **RESPONSE TO REQUEST NO. 2:**    In addition to its General Objections, FMA objects to

10   the request on the following grounds: (a) it seeks information that is neither relevant to this action

11   nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overbroad and

12   unduly burdensome such as calling for the production of "all" documents "listing any product";

13   (c) it is vague and ambiguous, in particular as to what constitutes "used or incorporated" and what

14   constitutes "similar device"; and (d) it calls for information not within the possession or control of

15   FMA.

16       Subject to the foregoing General Objections and specific objections, FMA will produce

17   relevant, non-privileged documents, if any, that are responsive to this request and susceptible to a

18   reasonable search.

19

20   **REQUEST NO. 3:**  All documents listing any contract entered into within the last six years
     between PLAINTIFF and any manufacturer or customer involving a Fujitsu ACCUSED DEVICE
21   or similar device made by Fujitsu or other manufacturer or customer.

22   **RESPONSE TO REQUEST NO. 3:**    In addition to its General Objections, FMA objects to

23   the request on the following grounds: (a) it seeks information that is neither relevant to this action

24                                         8

25

26

1    nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks confidential

2    and/or proprietary information not reasonably calculated to lead to the discovery of admissible

3    evidence; (c) it is overbroad and unduly burdensome such as calling for the production of "all"

4    documents "listing any contract"; and (d) it is vague and ambiguous, in particular as to the

5    meaning of what constitutes "similar device" and the identities of "any manufacturer[s] or

6    customer[s]" and "other manufacturer[s] or customer[s].

7          Subject to the foregoing General Objections and specific objections, FMA will produce

8    relevant, non-privileged documents, if any, that are responsive to this request and susceptible to a

9    reasonable search.

10

11   **REQUEST NO. 4:**  All documents listing any request made from 1999 to the present by any
     manufacturer or customer for proposals from PLAINTIFF to develop, manufacture, distribute, or
12   otherwise produce products employing any Fujitsu ACCUSED DEVICE or similar device made
     by Fujitsu or other manufacturer or customer.

13   **RESPONSE TO REQUEST NO. 4:**      In addition to its General Objections, FMA objects to

14   the request on the following grounds: (a) it seeks information that is neither relevant to this action

15   nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

16   and/or confidential information not reasonably calculated to lead to the discovery of admissible

17   evidence; (c) it is overbroad and unduly burdensome such as calling for the production of "all"

18   documents "listing any request... by any manufacturer or customer"; (d) it is vague and

19   ambiguous, in particular as to the meaning of what constitutes a "similar device" and the

20   identities of "other manufacturer[s] or customer[s]"; and (e) it calls for information not within the

21   possession or control of FMA.

22          Subject to the foregoing General Objections and specific objections, FMA will produce

23

24                                          9
     *CIVIL CASE NO. 06-CV-06613 (CW)*
25

26

1  relevant, non-privileged documents, if any, that are responsive to this request and susceptible to a

2  reasonable search.

3

4  **REQUEST NO. 5:** All documents listing any proposal from 1999 to the present by PLAINTIFF
   to develop, manufacture, distribute, or otherwise produce a Fujitsu ACCUSED DEVICE or
5  similar device for any manufacturer or customer.

6  **RESPONSE TO REQUEST NO. 5:**     In addition to its General Objections, FMA objects to

7  the request on the following grounds: (a) it seeks information that is neither relevant to this action

8  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

9  and/or confidential information not reasonably calculated to lead to the discovery of admissible

10 evidence; (c) it is overbroad and unduly burdensome such as calling for the production of "all"

11 documents "listing any proposal"; (d) it is vague and ambiguous, in particular as to the  meaning

12 of what constitutes a "similar device" and the identities of "any manufacturer or customer"; and

13 (e) it calls for information not within the possession or control of FMA.

14      Subject to the foregoing General Objections and specific objections, FMA will produce

15 relevant, non-privileged documents, if any, that are responsive to this request and susceptible to a

16 reasonable search.

17 **REQUEST NO. 6:** All documents showing any product made by Fujitsu or other manufacturer
   or customer with embedded RAM, MEMS, WiMax or other ACCUSED DEVICE or similar
18 device made by Fujitsu or bearing a Fujitsu trademark.

19 **RESPONSE TO REQUEST NO. 6:**     In addition to its General Objections, FMA objects to

20 the request on the following grounds: (a) it seeks information that is neither relevant to this action

21 nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overbroad and

22 unduly burdensome such as calling for the production of "all" documents "showing any product";

23 (c) it is vague and ambiguous, in particular as to the meaning of what constitutes a "similar

24                                                   10

*CIVIL CASE NO. 06-CV-06613 (CW)*

25

26

1  device" and the identities of "other manufacturer[s] or customer[s]"; and (d) it calls for

2  information not within the possession or control of FMA.

3  Subject to the foregoing General Objections and specific objections, FMA will produce

4  relevant, non-privileged documents, if any, that are responsive to this request and susceptible to a

5  reasonable search.

6  **REQUEST NO. 7:** All documents showing any product made by Fujitsu or other manufacturer
7  using a Biometric sensor made by Fujitsu or bearing a Fujitsu trademark.

8  **RESPONSE TO REQUEST NO. 7:**    In addition to its General Objections, FMA objects to

9  the request on the following grounds: (a) it seeks information that is neither relevant to this action

10 nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overbroad and

11 unduly burdensome such as calling for the production of "all" documents "showing any product";

12 (c) it is vague and ambiguous, in particular as to what constitutes "using"; and (d) it calls for

13 information not within the possession or control of FMA.

14 Subject to the foregoing General Objections and specific objections, FMA will produce

15 relevant, non-privileged documents, if any, that are responsive to this request and susceptible to a

16 reasonable search.

17 **REQUEST NO. 8:** All documents showing any product using a MEMS device made by Fujitsu
18 or bearing a Fujitsu trademark.

19 **RESPONSE TO REQUEST NO. 8:**    In addition to its General Objections, FMA objects to

20 the request on the following grounds: (a) it seeks information that is neither relevant to this action

21 nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks confidential

22 and/or proprietary information not reasonably calculated to lead to the discovery of admissible

23 evidence; (c) it is overbroad and unduly burdensome such as calling for the production of "all"

24                                              11

CIVIL CASE NO. 06-CV-06613 (CW)

25

26

1 | documents "showing any product"; and (d) it calls for information not within the possession or
2 | control of FMA.

3 |     Subject to the foregoing General Objections and specific objections, FMA will produce
4 | relevant, non-privileged documents, if any, that are responsive to this request and susceptible to a
5 | reasonable search.

6 |

7 | **REQUEST NO. 9:**  All documents showing contracts for sale of any MCUs, biometric sensors, or MEMS devices.

8 | **RESPONSE TO REQUEST NO. 9:**     In addition to its General Objections, FMA objects to
9 | the request on the following grounds: (a) it seeks information that is neither relevant to this action
10 | nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary
11 | and/or confidential information not reasonably calculated to lead to the discovery of admissible
12 | evidence; (c) it is overbroad and unduly burdensome such as calling for the production of "all"
13 | documents "showing contracts"; (d) it is vague and ambiguous, in particular as to what constitutes
14 | "any MCUs, biometric sensors or MEMS devices"; and (e) it calls for information not within the
15 | possession or control of FMA.

16 |     Subject to the foregoing General Objections and specific objections, FMA will produce
17 | relevant, non-privileged documents, if any, that are responsive to this request and susceptible to a
18 | reasonable search.

19 |

20 | **REQUEST NO. 10:** All documents showing any customers for Fujitsu MCUs, biometric sensors, or MEMS devices.

21 | **RESPONSE TO REQUEST NO. 10:**   In addition to its General Objections, FMA objects to
22 | the request on the following grounds: (a) it seeks information that is neither relevant to this action
23 | nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

24 |

12

*CIVIL CASE NO. 06-CV-06613 (CW)*

25 |

26 |

1   and/or confidential information not reasonably calculated to lead to the discovery of admissible

2   evidence; (c) it is overbroad and unduly burdensome such as calling for the production of "all"

3   documents "showing any customers"; and (d) it calls for information not within the possession or

4   control of FMA.

5       Subject to the foregoing General Objections and specific objections, FMA will produce

6   relevant, non-privileged documents, if any, that are responsive to this request and susceptible to a

7   reasonable search.

8

9   **REQUEST NO. 11:** All documents showing design wins for any Fujitsu MCU or ACCUSED
    DEVICE or similar device in any blood glucose measuring device.

10  **RESPONSE TO REQUEST NO. 11:**   In addition to its General Objections, FMA objects to

11  the request on the following grounds: (a) it seeks information that is neither relevant to this action

12  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overbroad and

13  unduly burdensome such as calling for the production of "all" documents "showing design wins";

14  (c) it is vague and ambiguous, in particular as to what constitutes a "similar device" and what

15  constitutes "any blood glucose measuring device"; and (d) it calls for information not within the

16  possession or control of FMA.

17      Subject to the foregoing General Objections and specific objections, FMA will produce

18  relevant, non-privileged documents, if any, that are responsive to this request and susceptible to a

19  reasonable search.

20

21  **REQUEST NO. 12:** All documents showing design wins for any Fujitsu display controller
    (whether accused or not) in any automobile.

22  **RESPONSE TO REQUEST NO. 12:**   In addition to its General Objections, FMA objects to

23  the request on the following grounds: (a) it seeks information that is neither relevant to this action

24                                              13

    *CIVIL CASE NO. 06-CV-06613 (CW)*

25

26

1   nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overbroad and

2   unduly burdensome such as calling for the production of "all" documents "showing design wins";

3   (c) it is vague and ambiguous, in particular as to what constitutes "any FMA display controller

4   (whether accused or not)"; and (d) it calls for information not within the possession or control of

5   FMA.

6        Subject to the foregoing General Objections and specific objections, FMA will produce

7   relevant, non-privileged documents, if any, that are responsive to this request and susceptible to a

8   reasonable search.

9

10
11   **REQUEST NO. 13:** All documents showing design wins for Fujitsu FlexRay controllers or devices.

               (a) All documents showing design wins for "MOST" controllers or devices.
12               (b) All documents showing design wins for "CAN" controllers or devices.

13   **RESPONSE TO REQUEST NO. 13:**   In addition to its General Objections, FMA objects to

14   the request on the following grounds: (a) it seeks information that is neither relevant to this action

15   nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks confidential

16   and/or proprietary information not reasonably calculated to lead to the discovery of admissible

17   evidence; (c) it is overbroad and unduly burdensome such as calling for the production of "all"

18   documents "showing design wins"; and (d) it is vague and ambiguous, in particular as to the

19   meaning of what constitutes "design wins".

20        Subject to the foregoing General Objections and specific objections, FMA will produce

21   relevant, non-privileged documents, if any, that are responsive to this request and susceptible to a

22   reasonable search.

23

24                           14

   *CIVIL CASE NO. 06-CV-06613 (CW)*
25

26

**REQUEST NO. 14:** All documents showing supply of any part from Fujitsu (including subsidiaries) to any manufacturer or customer (including but not limited to automobile manufacturers such as Honda, Hyundai, BMW and any affiliated companies).

**RESPONSE TO REQUEST NO. 14:** In addition to its General Objections, FMA objects to the request on the following grounds: (a) it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary and/or confidential information not reasonably calculated to lead to the discovery of admissible evidence; (c) it is overbroad and unduly burdensome such as calling for the production of "all" documents "showing supply of any part"; (d) it is vague and ambiguous, in particular as to the identities of "any manufacturer or customer"; and (e) it calls for information not within the possession or control of FMA.

Based on the foregoing specific objections, FMA will not produce documents responsive to this request.

**REQUEST NO. 15:** All documents related to any Fujitsu device having embedded RAM.

**RESPONSE TO REQUEST NO. 15:** In addition to its General Objections, FMA objects to the request on the following grounds: (a) it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary and/or confidential information not reasonably calculated to lead to the discovery of admissible evidence; (c) it is overbroad and unduly burdensome such as calling for the production of "all" documents "related to any FMA device"; and (d) it calls for information not within the possession or control of FMA.

Based on the foregoing specific objections, FMA will not produce documents responsive to this request.

15

*CIVIL CASE NO. 06-CV-06613 (CW)*

1    **REQUEST NO. 16:**    All documents identifying any product that incorporates any one or more
     of the following parts or devices:

2              (a)    Fujitsu "FR" series of 32 bit RISC microcontrollers (including but
                      not limited to part numbers MB91F133A, MB91191R/F191A,
3                     MB911912/F192, MB91101A, MB91107, MB91108, MB91121,
                      MB91F127, MB91f128, MB91133, MB91F133, MB91154, MB91F154,
4                     MB91155, MB91F158, MB91F362GB, MB91F365GB,
                      MB91F366GA/GB, MB91F367G/GB, MB91F368GB, MB91F369GA,
5                     MB91301, MB91305, MB91307B, MB91307R, MB91F312A,
                      MB91F318A, MB91FV319A, MB91352A, MB91353A/F353A,
6                     MB91354A, MB91355A, MB91232L, MB91233L, MB91F233,
                      MB91F233L, MB91263B, MB91F264B, MB91266, MB91F267,
7                     MB91F272, MB91F477, MB91F478, MB91401, MB91402, and
                      MB91403);

8
               (b)    Fujitsu "M-2" series, *a.k.a.* "Millennia-2 Mobile," "SPAC," and
9                     "SPARClite," a.k.a. "MB8683X" series of camera processors (including
                      but not limited to part numbers MB91188, MB9118A, MB91189,
10                    MB86831, MB86941, MB86942); and

11             (c)    Fujitsu "MB91360G" series of 32 bit RISC microcontrollers with CAN
                      interface (including but not limited to part numbers MB91F362GAPFVS,
12                    MB91F362GA, MB91F365GB, MB91F366GB, MB91F367GB,
                      MB91F368GB, and MB91F369GA).

13

14    **RESPONSE TO REQUEST NO. 16:**    In addition to its General Objections, FMA objects to

15    the request on the following grounds: (a) it seeks information that is neither relevant to this action

16    nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overbroad and

17    unduly burdensome such as calling for the production of "all" documents "identifying any

18    product"; (c) it is vague and ambiguous, in particular as to what constitutes "incorporates"; and

19    (d) it calls for information not within the possession or control of FMA.

20             Based on the foregoing specific objections, FMA will not produce documents responsive

21    to this request.

22

23

24                                              16

      *CIVIL CASE NO. 06-CV-06613 (CW)*
25

26

1    **REQUEST NO. 17:** All documents concerning the design of and sales of any product, including
     but not limited to digital cameras, that incorporates Fujitsu ACCUSED DEVICES or similar
2    devices made by Fujitsu or bearing a Fujitsu trademark.

3    **RESPONSE TO REQUEST NO. 17:** In addition to its General Objections, FMA objects to

4    the request on the following grounds: (a) it seeks information that is neither relevant to this action

5    nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overbroad and

6    unduly burdensome such as calling for the production of "all" documents "concerning the design

7    of and sales of any product"; (c) it is vague and ambiguous, in particular as to what constitutes

8    "any product that incorporates" and what constitutes "similar devices"; and (d) it calls for

9    information not within the possession or control of FMA.

10         Based on the foregoing specific objections, FMA will not produce documents responsive

11   to this request.

12
     **REQUEST NO. 18:** All communications between Fujitsu and any entity concerning the use of
13   any Fujitsu ACCUSED DEVICES or similar devices made by Fujitsu or bearing a Fujitsu
     trademark used in any production including but not limited to digital cameras, from 1999 to the
14   present.

15   **RESPONSE TO REQUEST NO. 18:** In addition to its General Objections, FMA objects to

16   the request on the following grounds: (a) it seeks information that is neither relevant to this action

17   nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks confidential

18   and/or proprietary information not reasonably calculated to lead to the discovery of admissible

19   evidence; (c) it is overbroad and unduly burdensome such as calling for the production of "all

20   communications"; (d) it is vague and ambiguous, in particular as to the identities of "any entity"

21   and the meaning of what constitutes "similar devices"; and (e) it calls for information not within

22   the possession or control of FMA.

23

24                                              17

     *CIVIL CASE NO. 06-CV-06613 (CW)*
25

26

1    Based on the foregoing specific objections, FMA will not produce documents responsive

2  to this request.

3

**REQUEST NO. 19:** All documents showing sales of any product containing or employing
4  Fujitsu ACCUSED DEVICES in the United States, including specifically in the territory of
Guam.

5
**RESPONSE TO REQUEST NO. 19:**    In addition to its General Objections, FMA objects to

6  the request on the following grounds: (a) it seeks information that is neither relevant to this action

7  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

8  and/or confidential information not reasonably calculated to lead to the discovery of admissible

9  evidence; (c) it is overbroad and unduly burdensome such as calling for the production of "all"

10  documents "showing sales of any product"; (d) it is vague and ambiguous, in particular as to the

11  meaning of what constitutes "containing or employing"; and (e) it calls for information not within

12  the possession or control of FMA.

13    Based on the foregoing specific objections, FMA will not produce documents responsive

14  to this request.

15

16  **REQUEST NO. 20:** All documents showing sales of any product made by Fujitsu or other
manufacturer containing or employing Fujitsu ACCUSED DEVICES or similar devices to the
17  Kmart Corporation.

18  **RESPONSE TO REQUEST NO. 20:**    In addition to its General Objections, FMA objects to

19  the request on the following grounds: (a) it seeks information that is neither relevant to this action

20  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

21  and/or confidential information not reasonably calculated to lead to the discovery of admissible

22  evidence; (c) it is overbroad and unduly burdensome such as calling for the production of "all"

23  documents "showing sales of any product"; (d) it is vague and ambiguous, in particular as to the

24                                             18

25

26

1   meaning of what constitutes "containing or employing" and what constitutes "similar devices";

2   and (e) it calls for information not within the possession or control of FMA.

3       Subject to the foregoing General Objections and specific objections, FMA will produce

4   relevant, non-privileged documents, if any, that are responsive to this request and susceptible to a

5   reasonable search.

6

7   **REQUEST NO. 21:**  All documents evidencing incorporation of Fujitsu ACCUSED DEVICES or similar devices in any non-Fujitsu-branded or non-Fujitsu-trademarked product.

8   **RESPONSE TO REQUEST NO. 21:**   In addition to its General Objections, FMA objects to

9   the request on the following grounds: (a) it seeks information that is neither relevant to this action

10  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overbroad and

11  unduly burdensome such as calling for the production of "all" documents "evidencing

12  incorporation"; (c) it is vague and ambiguous, in particular as to what constitutes "similar

13  devices" and what constitutes "non-Fujitsu branded or non-FMA trademarked product[s]; and (d)

14  it calls for information not within the possession or control of FMA.

15      Based on the foregoing specific objections, FMA will not produce documents responsive

16  to this request.

17  **REQUEST NO. 22:**  All documents showing shipments, sales, or marketing of products made by or bearing the Fujitsu trademark or trade name to Guam.

18

19  **RESPONSE TO REQUEST NO. 22:**   In addition to its General Objections, FMA objects to

20  the request on the following grounds: (a) it seeks information that is neither relevant to this action

21  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overbroad and

22  unduly burdensome such as calling for the production of "all" documents "showing shipments,

23  sales or marketing of products"; (c) it is vague and ambiguous, in particular as to the identity

24                                   19

CIVIL CASE NO. 06-CV-06613 (CW)

25

26

1   making products in the phrase "products made by" and (d) it calls for information not within the

2   possession or control of FMA.

3       Subject to the foregoing General Objections and specific objections, FMA will produce

4   relevant, non-privileged documents, if any, that are responsive to this request and susceptible to a

5   reasonable search.

6   **REQUEST NO. 23:** All documents showing sales of any ACCUSED DEVICES or similar

7   devices to cell phone makers.

8   **RESPONSE TO REQUEST NO. 23:** In addition to its General Objections, FMA objects to

9   the request on the following grounds: (a) it seeks information that is neither relevant to this action

10  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks confidential

11  and/or proprietary information not reasonably calculated to lead to the discovery of admissible

12  evidence; (c) it is overbroad and unduly burdensome such as calling for the production of "all"

13  documents "showing sales"; and (d) it is vague and ambiguous, in particular as to the meaning of

14  what constitutes "similar devices" and the identities of "cell phone makers"; and (e) it calls for

15  information not within the possession or control of FMA.

16      Based on the foregoing specific objections, FMA will not produce documents responsive

17  to this request.

18  **REQUEST NO. 24:** All documents showing sales of any ACCUSED DEVICES or similar

19  devices to digital video recorder makers.

20  **RESPONSE TO REQUEST NO. 24:** In addition to its General Objections, FMA objects to

21  the request on the following grounds: (a) it seeks information that is neither relevant to this action

22  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

23  and/or confidential information not reasonably calculated to lead to the discovery of admissible

24                                      20

    *CIVIL CASE NO. 06-CV-06613 (CW)*

25

26

1  evidence; (c) it is overbroad and unduly burdensome such as calling for the production of "all"

2  documents "showing sales"; (d) it is vague and ambiguous, in particular as to the meaning of

3  what constitutes "similar devices" and the identities "digital video recorder markers"; and (e) it

4  calls for information not within the possession or control of FMA.

5      Based on the foregoing specific objections, FMA will not produce documents responsive

6  to this request.

7  **REQUEST NO. 25:** All documents showing sales of any ACCUSED DEVICES or similar

8  devices to digital video camera makers.

9  **RESPONSE TO REQUEST NO. 25:** In addition to its General Objections, FMA objects to

10  the request on the following grounds: (a) it seeks information that is neither relevant to this action

11  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

12  and/or confidential information not reasonably calculated to lead to the discovery of admissible

13  evidence; (c) it is overbroad and unduly burdensome such as calling for the production of "all"

14  documents "showing sales"; and (d) it is vague and ambiguous, in particular as to the meaning of

15  what constitutes "similar devices" and the identities "digital video camera markers"; and (e) it

16  calls for information not within the possession or control of FMA.

17      Based on the foregoing specific objections, FMA will not produce documents responsive

18  to this request.

19  **REQUEST NO. 26:** All documents showing sales of any ACCUSED DEVICES or similar

20  devices to digital video disk player makers.

21  **RESPONSE TO REQUEST NO. 26:** In addition to its General Objections, FMA objects to

22  the request on the following grounds: (a) it seeks information that is neither relevant to this action

23  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overbroad and

24  21

25

26

1   unduly burdensome such as calling for the production of "all" documents "showing sales"; (c) it

2   is vague and ambiguous, in particular as to what constitutes "similar devices" and the identities of

3   "digital video disk player makers"; and (d) it calls for information not within the possession or

4   control of FMA.

5        Based on the foregoing specific objections, FMA will not produce documents responsive

6   to this request.

7
8   **REQUEST NO. 27:**  All documents showing sales of any ACCUSED DEVICES or similar devices to set top box makers.

9   **RESPONSE TO REQUEST NO. 27:**   In addition to its General Objections, FMA objects to

10   the request on the following grounds: (a) it seeks information that is neither relevant to this action

11   nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overbroad and

12   unduly burdensome such as calling for the production of "all" documents "showing sales"; (c) it

13   is vague and ambiguous, in particular as to what constitutes "similar devices" and the identities of

14   "set top box makers"; and (d) it calls for information not within the possession or control of

15   FMA.

16        Based on the foregoing specific objections, FMA will not produce documents responsive

17   to this request.

18
19   **REQUEST NO. 28:**  All documents showing sales of any ACCUSED DEVICES or similar devices to printer makers.

20   **RESPONSE TO REQUEST NO. 28:**   In addition to its General Objections, FMA objects to

21   the request on the following grounds: (a) it seeks information that is neither relevant to this action

22   nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks confidential

23   and/or proprietary information not reasonably calculated to lead to the discovery of admissible

24                 22

25

26

1   evidence; (c) it is overbroad and unduly burdensome such as calling for the production of "all"

2   documents "showing sales"; and (d) it is vague and ambiguous, in particular as to the meaning of

3   what constitutes "similar devices" and the identities of "printer markers"; and (e) it calls for

4   information not within the possession or control of FMA.

5        Based on the foregoing specific objections, FMA will not produce documents responsive

6   to this request.

7   **REQUEST NO. 29:**  All documents showing sales of any ACCUSED DEVICES or similar
8   devices to network enabled device makers.

9   **RESPONSE TO REQUEST NO. 29:**   In addition to its General Objections, FMA objects to

10  the request on the following grounds: (a) it seeks information that is neither relevant to this action

11  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

12  and/or confidential information not reasonably calculated to lead to the discovery of admissible

13  evidence; (c) it is overbroad and unduly burdensome such as calling for the production of "all"

14  documents "showing sales"; (d) it is vague and ambiguous, in particular as to what constitutes

15  "similar devices" and the identities of "network enabled device makers"; and (e) it calls for

16  information not within the possession or control of FMA.

17       Based on the foregoing specific objections, FMA will not produce documents responsive

18  to this request.

19  **REQUEST NO. 30:**  All documents showing sales of any ACCUSED DEVICES or similar
20  devices to makers of in-circuit emulators or development kits.

21  **RESPONSE TO REQUEST NO. 30:**   In addition to its General Objections, FMA objects to

22  the request on the following grounds: (a) it seeks information that is neither relevant to this action

23  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

24                                      23

*CIVIL CASE NO. 06-CV-06613 (CW)*

25

26

1   and/or confidential information not reasonably calculated to lead to the discovery of admissible

2   evidence; (c) it is overbroad and unduly burdensome such as calling for the production of "all"

3   documents "showing sales"; and (d) it is vague and ambiguous, in particular as to what

4   constitutes "similar devices" and the identities of "makers of in-circuit emulators or development

5   kits"; and (e) it calls for information not within the possession or control of FMA.

6       Based on the foregoing specific objections, FMA will not produce documents responsive

7   to this request.

8   **REQUEST NO. 31:**  All documents showing sales of any ACCUSED DEVICES or similar
9   devices to digital camera makers.

10  **RESPONSE TO REQUEST NO. 31:**    In addition to its General Objections, FMA objects to

11  the request on the following grounds: (a) it seeks information that is neither relevant to this action

12  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overbroad and

13  unduly burdensome such as calling for the production of "all" documents "showing sales"; (c) it

14  is vague and ambiguous, in particular as to what constitutes "similar devices" and the identities of

15  "digital camera makers"; and (d) it calls for information not within the possession or control of

16  FMA.

17      Based on the foregoing specific objections, FMA will not produce documents responsive

18  to this request.

19  **REQUEST NO. 32:**  All documents showing sales of any ACCUSED DEVICES or similar
20  devices to any other manufacturer or customer not listed or identified in the preceding requests.

21  **RESPONSE TO REQUEST NO. 32:**   In addition to its General Objections, FMA objects to

22  the request on the following grounds: (a) it seeks information that is neither relevant to this action

23  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overbroad and

24                                              24

*CIVIL CASE NO. 06-CV-06613 (CW)*

25

26

1    unduly burdensome such as calling for the production of "all" documents "showing sales"; (c) it

2    is vague and ambiguous, in particular as to what constitutes "similar devices" and the identities of

3    "any other manufacturer[s] or customer[s]";  and (d) it calls for information not within the

4    possession or control of FMA.

5           Based on the foregoing specific objections, FMA will not produce documents responsive

6    to this request.

7    **REQUEST NO. 33:**  All documents covering the "SPARC" and "SPARClite" series of
8    processors.

9    **RESPONSE TO REQUEST NO. 33:**    In addition to its General Objections, FMA objects to

10   the request on the following grounds: (a) it seeks information that is neither relevant to this action

11   nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks confidential

12   and/or proprietary information not reasonably calculated to lead to the discovery of admissible

13   evidence; (c) it is overbroad and unduly burdensome such as calling for the production of "all"

14   documents "covering"; and (d) it is vague and ambiguous, in particular as to what constitutes a

15   "covering"; and (e) it calls for information not within the possession or control of FMA.

16          Based on the foregoing specific objections, FMA will not produce documents responsive

17   to this request.

18

19

20

21

22

23

24                                          25
     *CIVIL CASE NO. 06-CV-06613 (CW)*
25

26

1  **REQUEST NO. 34:** All documents concerning any product (including but not limited to digital cameras and including but not limited to the following models of digital cameras: Canon (D30,

2  D60, IOD, 20D), Canon (1D, 1Ds Mark II), Canon Powershot (Sxxx, Axxx); Nikon D-SLRs (D2X, D2H, D100, D70), Nikon Coolpix series and Sigma/Foveon (SD10, SD20)) made by

3  Fujitsu or other manufacturer or customer that has used or incorporated a Fujitsu ACCUSED DEVICE (including but not limited to the "SPARC," "SPARClite" and other Fujitsu-related and

4  Fujitsu-branded series of camera processors) or similar device made by Fujitsu or other manufacturer or customer from 1999 to the present.

5

**RESPONSE TO REQUEST NO. 34:**    In addition to its General Objections, FMA objects to

6

the request on the following grounds: (a) it seeks information that is neither relevant to this action

7

nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

8

and/or confidential information not reasonably calculated to lead to the discovery of admissible

9

evidence; (c) it is overbroad and unduly burdensome such as calling for the production of "all"

10

documents "concerning any product"; (d) it is vague and ambiguous, in particular as to the

11

identities of "other manufacturer[s] or customer[s]" and the meaning of what constitutes "used or

12

incorporated" and what constitutes a "similar device"; and (e) it calls for information not within

13

the possession or control of FMA.

14

Based on the foregoing specific objections, FMA will not produce documents responsive

15

to this request.

16

17

18

19

20

21

22

23

24                                          26

*CIVIL CASE NO. 06-CV-06613 (CW)*

25

26

Dated: March 14, 2007

By: _____

Milbank, Tweed, Hadley & McCloy LLP
Gregory Evans (State Bar No. 147623)
Chris L. Holm (Pro Hac Vice)
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone:      (213) 892-4000
Facsimile:      (213) 629-5063

Milbank, Tweed, Hadley & McCloy LLP
Christopher E. Chalsen (Pro Hac Vice)
Michael M. Murray (Pro Hac Vice)
Lawrence T. Kass (Pro Hac Vice)
Frank A. Bruno (Pro Hac Vice)
1 Chase Manhattan Plaza
New York, New York 10005
Telephone:      (212) 530-5000
Facsimile:      (212) 530-5219

Attorneys for Plaintiff Fujitsu Microelectronics America, Inc.

27

*CIVIL CASE NO. 06-CV-06613 (CW)*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document, FMA'S

RESPONSES AND OBJECTIONS TO DEFENDANTS' SECOND SET OF JURISDICTIONAL

REQUESTS FOR PRODUCTION, was caused to be served on the following counsel of record

electronically via direct email with a confirmation copy via first class mail on March 14, 2007:

Martin C. Fliesler, Esq.
Rex Hwang, Esq.
Justas Geringson, Esq.
Fliesler Meyer LLP
Four Embarcadero Center, Fourth Floor
San Francisco, California 94111


Michael W. Shore, Esq.
Alfonso Chan, Esq.
Martin Pascual, Esq.
Shore Chan Bragalone, LLP
323 North Saint Paul Street, Suite 4450
Dallas, Texas 75201



LAWRENCE T. KASS


28

*CIVIL CASE NO. 06-CV-06613 (CW)*