# EXHIBIT B

SHOORE WEST FREEMAN PC

Vance P. Freeman
vfreeman@shorewestfreeman.com

March 22, 2007

**VIA EMAIL**

Michael Murray, Esq.
Christopher Chalsen, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, NY 10005

> Re:   *Nanya Technology Corp., et al. v. Fujitsu Limited, et al.*
>       No. 06-CV-00025, in the U.S. District Court, District of Guam

Dear Mike:

Thanks for talking to us yesterday about Nanya's jurisdictional discovery and your clients' responses and objections. As we agreed yesterday, Plaintiffs will not request a ruling on Defendants' objections to Plaintiffs' jurisdictional discovery until Defendants have had the opportunity to produce the following specific categories of documents by the stipulated deadlines in response to Plaintiffs' Second Requests for Production:

| IN RESPONSE TO REQUEST: | DEFENDANTS WILL PRODUCE: |
|---|---|
| Nos. 1, 14, & 32 | Documents sufficient to identify all original equipment manufacturers ("OEMs") that have purchased an ACCUSED DEVICE since 1999. |
| Nos. 2, 6, 16, & 21 | Documents sufficient to identify all products that have used or incorporated an ACCUSED DEVICE since 2000. |
| No. 3 | All sales and purchase orders for ACCUSED DEVICES within the last six years, or summaries of such documents if the volume of such documents permits production without undue burden. |
| No. 4 | All proposals to develop, manufacture, distribute, or otherwise produce an ACCUSED DEVICE since 1999, or summaries of such documents if the volume of such documents permits production without undue burden. |
| No. 5 | All contracts to develop, manufacture, distribute, or otherwise produce an ACCUSED DEVICE since 1999, or summaries of such documents if the volume of such documents permits production without undue burden. |
| No. 7 | Documents sufficient to identify all products using a biometric sensor made by Fujitsu or bearing a Fujitsu trademark. |
| No. 8 | Documents sufficient to identify all products using a MEMS device made by Fujitsu or bearing a Fujitsu trademark. |
| No. 9 | Documents sufficient to identify all contracts for the sale of a Fujitsu MCU, biometric sensor, or MEMS device. |
| No. 10 | Documents sufficient to identify all customers that have purchased an MCU, biometric sensor, or MEMS device. |

| No. 11 | Documents sufficient to identify all design wins for an ACCUSED DEVICE in a blood glucose measuring device. |
|---|---|
| No. 12 | Documents sufficient to identify all design wins for a Fujitsu display controller for use in an automobile. |
| No. 13 | Documents sufficient to identify all design wins for Fujitsu FlexRay, "MOST," and "CAN" controllers or devices. |
| No. 17 | Documents sufficient to identify all digital cameras that have used or incorporated an ACCUSED DEVICE. |
| No. 19 | Documents sufficient to identify all sales of products containing or employing an ACCUSED DEVICE in Guam. |
| No. 20 | Documents sufficient to identify all products containing or employing an ACCUSED DEVICE to the Kmart Corporation. |
| No. 22 | All documents showing shipments, sales, or marketing of products made by or bearing the Fujitsu trademark or trade name to Guam. |
| No. 23 | Documents sufficient to identify all sales of ACCUSED DEVICES to cell phone makers. |
| No. 24 | Documents sufficient to identify all sales of ACCUSED DEVICES to digital video recorder makers. |
| No. 25 | Documents sufficient to identify all sales of ACCUSED DEVICES to digital video camera makers. |
| No. 26 | Documents sufficient to identify all sales of ACCUSED DEVICES to digital video disk makers. |
| No. 27 | Documents sufficient to identify all sales of ACCUSED DEVICES to set top box makers. |
| No. 28 | Documents sufficient to identify all sales of ACCUSED DEVICES to printer makers. |
| No. 29 | Documents sufficient to identify all sales of ACCUSED DEVICES to network enabled device makers. |
| No. 30 | Documents sufficient to identify all sales of ACCUSED DEVICES to makers of in-circuit emulators or development kits. |
| No. 31 | Documents sufficient to identify all sales of ACCUSED DEVICES to digital camera makers. |
| No. 34 | All sales and purchase orders, design plans, and design wins for ACCUSED DEVICES in the following digital cameras since 1999, or summaries of such documents if the volume of such documents permits production without undue burden:<br>• Canon D30, D60, 10D, 20D, 1D, 1Ds Mark II, Powershot (Sxxx, Axxx);<br>• Nikon D-SLRs (D2X, D2H, D100, D70) and Coolpix series; and<br>• Sigma/Foveon (SD10, SD20). |

In addition, Plaintiffs NTC and NTC USA and Defendants FMA and Fujitsu Limited also agree that (1) for all future discovery, each side will notify the other when it is withholding documents on relevancy grounds, and (2) September 13, 2006, as the date on which NTC and NTC USA

filed their Original Complaint in Guam, will serve as the cut-off date for entries in all parties' privilege logs.

Please let me know by email or return letter if my understanding about our agreement is incorrect.

Best regards,

Vance P. Freeman

cc: Daniel Benjamin (via email)
Rodney Jacob (via email)
Joseph Razzano (via email)
Judge John Unpingco (via email)

# EXHIBIT C

# SHORECHAN
# BRAGALONE LLP

Marlin Pascual
Republic Center
325 North Saint Paul Street
Suite 4450
Dallas, Texas 75201
214-593-9118 Telephone
214-593-9111 Facsimile
mpascual@shorechan.com

April 13, 2007

**VIA EMAIL**
Michael Murray, Esq.
Christopher Chalsen, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, NY 10005

Re:   *Nanya Technology Corp., et al. v. Fujitsu Limited, et al.*
      (No. 06-CV-00025, in the U.S. District Court, District of Guam)

Dear Counsel:

I write to follow up on our conversation yesterday and our letters of March 22, 2007 and April 9, 2007.

Nanya does not believe its jurisdictional discovery requests have been sufficiently satisfied. Nanya served discovery requests on December 14, 2006 and February 9, 2007 and has been waiting for over four months for documents. We continue to be willing to work with you in getting these documents. I hope you are willing to work with us in this regard. As you are aware, the pending May 15, 2007 deadline for Nanya's response to FMA's jurisdictional challenge requires an immediate unqualified response on your part. Therefore, as we discussed, please let us know by 6 p.m. (CST) Friday, April 13, 2007 when you will produce all of the requested documents.

Because you desire further clarification of our discovery requests, let me restate the categories that were set out in our December 14, 2006 and February 9, 2007 discovery requests and our March 22, 2007 and April 9, 2007 letters:

1. All documents identifying any product that incorporates any one or more of the Accused Devices (defined as both the "Accused Devices" and "Similar Devices" detailed in Plaintiffs' Second Set of Jurisdictional Requests for Production to FMA, served on February 9, 2007). These requests are narrowly tailored to discover evidence related to potentially infringing devices that may be available in Guam through the stream of commerce;

SHORECHAN
BRAGALONE LLP

Michael Murray, Esq.
Christopher Chalsen, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
April 13, 2007
Page 2

2. All documents identifying the entities involved in the design, supply, manufacture, sales, solicitation, or purchase of the Accused Devices. These categories address whether FMA places its products into the stream of commerce and whether these products are likely to be available in the forum site;

3. Documents regarding communications, sales, marketing, incorporation or integration of the Accused Devices into FMA's customers' or potential customers' products. These requests seek to identify and track the incorporation of the Accused Devices into end-products and the final destination of such end-products;

4. All documents showing design wins for any Accused Device including but not limited to FlexRay, "MOST" or "CAN" controllers or devices. These categories address the design and/or incorporation of the Accused Devices into networking, wireless, automotive, industrial, consumer, and security applications; and

6. Documents identifying all FMA customers from 1999 to 2007.

Also, as we discussed, please let us know by Tuesday, April 17, 2007 when you can make available for deposition a Rule 30(b)(6) corporate representative for FMA on the following topics:

1. All design wins for the Accused Devices from 1999 to 2007;

2. All products that incorporate the Accused Devices from 1999 to 2007;

3. All customers or purchasers of the Accused Devices from 1999 to 2007;

4. The sales cycle for the Accused Devices, which includes how FMA markets the Accused Devices, how FMA works with its customers so that the Accused Devices can be incorporated or integrated into FMA's customers' products;

5. Market data and sales' projections for the Accused Devices; and

6. All qualifications of the Accused Devices.



Michael Murray, Esq.
Christopher Chalsen, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
April 13, 2007
Page 3

We look forward to hearing from you by the end of the day.

Regards,

Martin Pascual

cc: Daniel Benjamin (via email)
Rodney Jacob (via email)
Joseph Razzano (via email)
Judge John Unpingco (via email)

# EXHIBIT D

-----Original Message-----
From: Chalsen, Christopher
Sent: Friday, April 13, 2007 1:37 PM
To: Martin Pascual; 'Mary Henry'
Cc: dbenjamin@calvoclark.com; rjacob@calvoclark.com; jrazzano@tttguamlawyers.com; junpingco@ualawguam.com; Murray, Michael; Kass, Lawrence
Subject: RE: Emailing: NANYA Fujitsu Ltr MP to Murray and Chalsen 04-13-2007 re document production and topics for corp rep

Dear Martin:

We have your letter sent by email below. As you may know, Mike Murray, who has been coordinating the document production issues, is on a plane returning from the Moore deposition. I understand that his flight is not due in until around 5:00 p.m., making it not feasible for him to review your letter and reply by 6:00 CST. However, rest assured we are looking into this and will revert shortly.

Regards,

Chris Chalsen

-----Original Message-----
From: Mary Henry [mailto:mhenry@ShoreChan.com]
Sent: Friday, April 13, 2007 1:22 PM
To: Murray, Michael; Chalsen, Christopher
Cc: dbenjamin@calvoclark.com; rjacob@calvoclark.com; jrazzano@tttguamlawyers.com; junpingco@ualawguam.com; Martin Pascual
Subject: Emailing: NANYA Fujitsu Ltr MP to Murray and Chalsen 04-13-2007 re document production and topics for corp rep

<<NANYA Fujitsu Ltr MP to Murray and Chalsen 04-13-2007 re document production and topics for corp rep.pdf>> The message is ready to be sent with the following file or link attachments:

NANYA Fujitsu Ltr MP to Murray and Chalsen 04-13-2007 re document production and topics for corp rep

# EXHIBIT E

**From:** Martin Pascual [mailto:mpascual@ShoreChan.com]
**Sent:** Fri 4/13/2007 5:11 PM
**To:** Murray, Michael; Chalsen, Christopher
**Cc:** dbenjamin@calvoclark.com; rjacob@calvoclark.com; jrazzano@tttguamlawyers.com; junpingco@ualawguam.com; Kass, Lawrence; Mary Henry; Alfonso G Chan; Vance Freeman
**Subject:** RE: Emailing: NANYA Fujitsu Ltr MP to Murray and Chalsen 04-13-2007 re document production and topics for corp rep

Mike,

Call me this weekend (214.235.7320/cell) or email me your response regarding the letter. We need to hear from you this weekend or by Monday (Guam time).

Thanks,

Martin

# EXHIBIT F

Case 4:07-cv-03672-CW    Document 1-246    Filed 07/17/2007    Page 13 of 15

**From:** Murray, Michael
**Sent:** Sunday, April 15, 2007 4:53 PM
**To:** Martin Pascual
**Cc:** dbenjamin@calvoclark.com; rjacob@calvoclark.com; jrazzano@tttguamlawyers.com; junpingco@ualawguam.com; Kass, Lawrence; Mary Henry; Alfonso G Chan; Vance Freeman; Chalsen, Christopher
**Subject:** Response to Ltr MP to Murray and Chalsen 04-13-2007 re document production and topics for corp rep

Dear Martin:

This is in response to your April 13, 2007 letter.

First, we strongly disagree that Nanya's jurisdictional discovery requests have not been completely satisfied. As you know, FMA considered the requests served in December to be premature and objected on this and several other grounds. The parties discussed those requests and agreed on a schedule for production. FMA then produced all responsive documents on the agreed schedule. Thus, your statement that you have been waiting for "over four months" for these documents is completely incorrect. You received, on schedule, all responsive documents for this set that FMA was able to find after a reasonable search. As you know, the original requests were directed to DRAMs, and not the expanded "Accused Devices" defined in your second set of jurisdictional discovery requests.

Concerning this second set of jurisdictional discovery requests, served two months after the first set, FMA also objected on various grounds, including that the requests were vague and overbroad. The parties met and conferred on these requests and you could not justify the broad scope of the requests. As a result of that meet and confer, Nanya agreed to accept the documents covered by the categories set forth in Vance Freeman's letter dated March 22, 2007 ("Freeman letter"). FMA then supplemented its earlier productions such that it produced all documents responsive to the Freeman letter found after a reasonable search. Again, this production was substantially completed on the agreed schedule, with a small number of additional documents being produced before the Moore deposition. Thus, FMA has completely satisfied its obligations under both sets of discovery requests.

I note that in our conversation on April 12, 2007 I asked you several times to point to specific categories set forth in the Freeman letter where you believe that responsive documents have not been produced. While you made general and vague complaints about the documents produced, you were unable to identify a single category in the Freeman letter where we have allegedly failed to provide documents. Furthermore, during that discussion I certainly did not ask for "further clarification" of your discovery requests. The Freeman letter is perfectly clear and needs no "clarification". Rather, you have now apparently changed your position that documents responsive to the Freeman letter are sufficient for jurisdictional discovery purposes and are now asking for substantially more documents. A simple comparison between the categories set forth in your April 13, 2007 letter and the categories in the Freeman letter makes it obvious that

you are now seeking a substantially broader scope of documents. The fact that your change in position comes about one month before your deadline for response to FMA's motion is entirely Nanya's doing and is not the result of any failure to produce by FMA. Your demand for an "immediate and unqualified response" is inappropriate.

In spite of the shifting nature of Nanya's document demands, FMA remains willing to conduct additional searches to provide the maximum reasonable discovery in advance of the hearing. However, such additional requests must be timely and not place undue burden on FMA. The requests contained in your latest letter are clearly overbroad. For example, request number 2 seeks "all documents identifying the entities involved in the design, supply, manufacture, sales, solicitation, or purchase of the Accused Devices". This would potentially sweep in hundreds of thousands of documents and goes far beyond any reasonable discovery focused on jurisdictional issues.

While we certainly do not agree to collect every document responsive to these latest requests, we are now conducting a search for responsive documents and have already received a number of additional documents from FMA. This search will continue this week and we should be able to begin production on a rolling basis before the end of the week. At this point, we do not know how many documents will be produced or when production can be completed. We should be able to discuss these issues in more detail by the middle of this week after we understand the volume of documents that are involved.

Concerning the proposed 30(b)(6) deposition, we are investigating the request and will respond in due course. These categories are obviously extremely broad, and there are a number of individuals within FMA that have to be consulted before we are able to respond.

Sincerely,

Mike Murray