1  **TEKER TORRES & TEKER, P.C.**
   130 Aspinall Ave., Suite 2A
2  Hagåtña, Guam 96910
   (671) 477-9891  Telephone
3  (671) 472-2601  Facsimile

4  **UNPINGCO & ASSOCIATES, LLC**
   777 Route 4, Suite 2B
5  Sinajana, Guam
   (671) 475-8545  Telephone
6  (671) 475-8550  Facsimile

7  **SHORE CHAN BRAGALONE LLP**
   325 N. St. Paul Street, Suite 4450
8  Dallas, Texas 75201
   (214) 593-9110  Telephone
9  (214) 593-9111  Facsimile

10 Attorneys for Plaintiffs Nanya Technology Corp. and
   Nanya Technology Corp. U.S.A.

FILED
DISTRICT COURT OF GUAM
APR 23 2007
MARY L.M. MORAN
CLERK OF COURT

## UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP. and NANYA TECHNOLOGY CORP. U.S.A., *Plaintiffs,* v. FUJITSU LIMITED and FUJITSU MICROELECTRONICS AMERICA, INC., *Defendants.* | Case No. CV-06-00025  **PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR COURT-ORDERED MEDIATION** |

NOW COME Plaintiffs Nanya Technology Corporation and Nanya Technology Corporation U.S.A., (collectively, "Nanya") and reply to Defendants Fujitsu Limited and Fujitsu Microelectronics America, Inc.'s (collectively, "Fujitsu") Opposition to Plaintiffs' Motion for Court Ordered Mediation ("Defendants' Opposition"), and would respectfully show as follows:

**ORIGINAL**

-1-

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR COURT-ORDERED MEDIATION

## I. INTRODUCTION

The present action is related to a later-filed action pending in the Northern District of California before Judge Claudia Wilken (the "California Action"). All parties to and claims at issue in the present action are also parties to and at issue in the California Action. Over Fujitsu's objections, Judge Wilken ordered the parties to mediation before retired Judge Edward Infante, who set mediation for May 15, 2007.

Mindful of policies and local rules promoting mediation in this judicial district, Nanya has requested that the Court make the currently scheduled May 15, 2007 mediation applicable to the present action. Doing so would incur no additional costs and afford the parties broader flexibility to utilize Judge Infante's mediation skills in resolving the present action along with the California Action. Despite the judicial economy promoted by Nanya's request, however, Fujitsu vigorously opposes any mediation ordered by this Court. As demonstrated below, Fujitsu's arguments in opposition lack merit and should be rejected.

## II. ARGUMENT

Fujitsu concedes that "mediation in this case would be useful and would encourage the parties to reach a global settlement." *See* Defendants' Opposition at 2. However, despite the opportunity to have the California mediation apply to this action and thus increase the possibility of a prompt resolution, Fujitsu has resisted this potentially efficient option.

### A. FUJITSU'S "BINDING" AND "DETRIMENTAL EFFECT" ARGUMENTS ARE MISLEADING, UNSUBSTANTIATED, AND SELF-CONTRADICTORY

Keying on the word "binding," Fujitsu first argues that "binding" the parties to Court ordered mediation in the present case would undermine "the very purpose and nature of mediation." *See* Defendants' Opposition at 3. No reasonable person, however, could read Nanya's mediation motion as

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR COURT-ORDERED MEDIATION**

requesting a Court order "binding" the parties to a result recommended by Judge Infante.[1] Nanya simply requested that the Court "bind" the parties to participate in the May 15, 2007 mediation in good faith to the extent they are already required to do so by Judge Wilken in the California Action. *See* Plaintiffs' Motion for Court Ordered Mediation at 2. There is absolutely no impropriety about Nanya request that the Court "bind" the parties to mediation. Nanya is authorized to request and the Court is empowered to issue such an order pursuant to Local Rule 16.6.[2]

Next, Fujitsu argues that this Court ordering mediation will cause a "detrimental effect" on the mediation process. *See* Defendants' Opposition at 2-3. Fujitsu, however, offers no evidence to substantiate any "detrimental effect." Instead, Fujitsu offers only speculation that if this Court were to order mediation it could "significantly undermine or restrict Judge Infante's ability to conduct the California mediation." *See id.* at 4. Fujitsu ignores the fact that the same causes of action in the present case are already the subject of mediation before Judge Infante. Furthermore, Fujitsu appears to now repudiate its prior position that mediation "would be useful and encourage the parties to reach a global settlement." *See id.* at 2. Incredibly, without having even contacted Judge Infante, Fujitsu is already questioning his ability to mediate a dispute where the same claims are being litigated in two venues.

**B.    JUDGE INFANTE IS AMENABLE TO APPLYING THE CURRENTLY SCHEDULED MEDIATION TO BOTH THE GUAM AND CALIFORNIA ACTIONS**

---

[1] If Nanya's use of the word "binding" in its mediation motion were in any way ambiguous, Fujitsu's counsel could have simply called Nanya's counsel and asked for clarification. No such call or request was ever made.

[2] Local Rule 16.6 permits "any party" to "request for a settlement conference ... held before a neutral judge .... The Court may require, by Order issued prior to the settlement conference, the client or its authorized representative to personally attend the conference. Each party appearing at all conferences shall have full authority with respect to all matters on the agenda, including settlement of the action or proceeding."

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR COURT-ORDERED MEDIATION

Judge Infante, is amenable to applying the scheduled May 15, 2007 mediation in the California action to both the Guam and California actions. Fujitsu's allegation that "Nanya as made no real effort to obtain Judge Infante's consent" is completely without merit. *Id.* Indeed, Judge Infante's office has indicated that Judge Infante is amenable to mediating any issues requested by the parties. *See* Declaration of Cathy Akins, ¶ 3, attached hereto as <u>Exhibit A</u>. Therefore, Fujitsu's contention that Nanya is requesting this Court to improperly compel Judge Infante to undertake mediation of the Guam case without his consent is directly refuted by the facts. *Id.*

Moreover, Fujitsu's argument that "a motion would be necessary only if Judge Infante requested formal authorization from this Court to conduct mediation in the Guam action" is an insupportable reading of Judge Manibusan's statements. A close reading of the transcript demonstrates that Judge Manibusan's primary concern is ascertaining the mediator's willingness to have the mediation apply to both the California and Guam actions. *See* Transcript of Pleadings ("Transcript"), pp. 88-90, attached hereto as <u>Exhibit B</u>. Judge Manibusan has clearly expressed this Court's openness to assisting and facilitating the process by means of a formal appointment or order. *Id.* at 90. Consistent with its past practice of delay, Fujitsu's self-serving interpretation of Judge Manibusan's statements unnecessarily thwarts a prompt and efficient resolution.

### III. CONCLUSION

Fujitsu does not and cannot present a single compelling reason why this Court cannot order mediation between the parties. Such an order would move the parties toward resolution or, at a minimum, permit the parties the opportunity to define more specifically their positions. Instead of facilitating this process, Fujitsu remains hesitant and prefers to engage in procedural wrangling. Such posturing demonstrates a lack of good faith. Nanya recognizes the need for judicial economy and, therefore, respectfully requests the Court to issue an order applying the California mediation before the

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR COURT-ORDERED MEDIATION**

-5-

Honorable Judge Infante on May 15, 2007 to this case, and that any resultant settlement be binding in both the Guam and California cases.

Dated at Hagåtña, Guam on April 23, 2007   Respectfully submitted,

**TEKER TORRES & TEKER, P.C.**

By: *[signature]*
JOSEPH C. RAZZANO, ESQ.
Guam Bar No. 5000
130 Aspinall Avenue, Suite 2A
Hagåtña, Guam 96910
Telephone: (671) 477-9891-4
Facsimile: (671) 472-2601

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR COURT-ORDERED MEDIATION**

# EXHIBIT A

**TEKER TORRES & TEKER, P.C.**
130 Aspinall Ave., Suite 2A
Hagåtña, Guam 96910
(671) 477-9891 Telephone
(671) 472-2601 Facsimile

**UNPINGCO & ASSOCIATES, LLC**
Sinajana Mall, Suite 12B
Sinajana, Guam
(671) 475-8545 Telephone
(671) 475-8550 Facsimile

**SHORE CHAN BRAGALONE LLP**
325 N. St. Paul Street, Suite 4450
Dallas, Texas 75201
(214) 593-9110 Telephone
(214) 593-9111 Facsimile

Attorneys for Plaintiffs Nanya Technology Corp. and
Nanya Technology Corp. U.S.A.

## UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP. and NANYA TECHNOLOGY CORP. U.S.A., <br><br> *Plaintiffs,* <br><br> v. <br><br> FUJITSU LIMITED and FUJITSU MICROELECTRONICS AMERICA, INC., <br><br> *Defendants.* | Case No. CV-06-00025 <br><br> **DECLARATION OF CATHY A. AKINS** |

I, CATHY A. AKINS, hereby declare as follows:

1. My name is Cathy A. Akins. I am over the age of 21 and am competent to make this declaration. All of the statements set forth herein are true and correct and are based on my personal knowledge.

2. I am a paralegal with the law firm of Fliesler Meyer LLP in San Francisco, CA, which represents Defendants Nanya Technology Corporation and Nanya Technology Corporation U.S.A.

-1-

DECLARATION OF CATHY AKINS

1  (collectively "Nanya") in *Fujitsu Limited, et al. v. Nanya Technology Corp., et al.*, Civil Action No.
2  4:06-CV-06613 (CW), in the Northern District of California, Oakland Division (the "California
3  Action").

    3.    The Honorable Edward A. Infante (Ret.) has been designated as the mediator in the California Action. On April 19, 2007, I conferred with Sandra B. Chan, an ADR Specialist and assistant to Judge Infante at JAMS in San Francisco. She stated to me that Judge Infante is amenable to mediating any issues/matters requested by the parties, including the application of the scheduled May 15, 2007 mediation in the California action described in paragraph 2, to also include the Guam action, described herein as Case No. CV06-0025.

Dated: April 20th, 2007.

_____
Cathy A. Akins

-2-

DECLARATION OF CATHY AKINS

# EXHIBIT B

**FILED**
DISTRICT COURT OF GUAM
MAR 12 2007
MARY L.M. MORAN
CLERK OF COURT

**IN THE DISTRICT COURT OF GUAM**

**TERRITORY OF GUAM**

\* \* \*

```
NANYA TECHNOLOGY CORP., and      )
NANYA TECHNOLOGY CORP. U.S.A.,   )
                                 )
          Plaintiffs,            )
                                 )
     vs.                         ) CIVIL CASE
                                 )    NO. CV06-00025
FUJITSU LIMITED, FUJITSU         )
MICROELECTRONICS AMERICA, INC.,  )
                                 )
          Defendants.            )
_____)
```

TRANSCRIPT OF PROCEEDINGS

BEFORE

THE HONORABLE JOAQUIN V. E. MANIBUSAN, JR.,
Magistrate Judge

**HEARING ON MOTIONS**

**FRIDAY, MARCH 2, 2007**
\* \* \*

Wanda M. Miles
Official Court Reporter
District Court of Guam



APPEARANCES:

**FOR THE PLAINTIFFS:**

LAW OFFICES OF TEKER, TORRES & TEKER
BY:  JOSEPH C. RAZZANO, Esq.
Suite 2A, 130 Aspinall Avenue
Hagatna, Guam  96910

and
LAW OFFICES OF UNPINGCO & ASSOCIATES
BY:  JOHN S. UNPINGCO, Esq.
Sinajana Mall, Suite 12B
Sinajana, Guam

and
LAW OFFICES OF SHORE, WEST & FREEMAN
BY:  KENNETH E. SHORE, Esq.
2020 Bill Owens Parkway, Suite 200
Longview, Texas  75604

and
LAW OFFICES OF SHORE, CHAN & BRAGALONE
BY:  ALFONSO G. CHAN, Esq.
325 N. St. Paul Street, Suite 4450
Republic Center
Dallas, Texas  75201


**FOR THE DEFENDANTS:**

LAW OFFICES OF CALVO & CLARK
BY:  DANIEL M. BENJAMIN, Esq.
655 S. Marine Corps Drive
Tamuning, Guam 96913


LAW OFFICES OF MILBANK, TWEED, HADLEY & MCCLOY
BY:  MICHAEL M. MURRAY, ESQ.
1 Chase Manhattan Plaza
New York, New York  10005

```
 1         HAGATNA, GUAM; FRIDAY, MARCH 2, 2007; 10:05 A.M.
 2                            * * *
 3         THE CLERK:  Civil case No. 06-00025, Nanya
 4  Technology Corp., versus Fujitsu, Motion To Compel
 5  Substantive Responses to Plaintiffs' First Requests for
 6  Production to Defendant Fujitsu Microelectronics
 7  America, Inc.; Motion To Clarify Magistrate Judge's
 8  Order and Motion To Compel Substantive Responses;
 9  Motion To Exceed Number Of Interrogatories and Request
10  for Admissions.
11         Counsel, please state your appearances.
12         MR. UNPINGCO:  Yes, Your Honor, John Unpingco,
13  from Unpingco and Associates on behalf of plaintiffs.
14  I'll be taking care of the scheduling order.
15         THE COURT:  All right.
16         MR. UNPINGCO:  And my co-counsel.
17         MR. SHORE:  Dennis Shore, Your Honor, I'll be
18  handling the motion, motion to exceed the number of
19  interrogatories and request for admissions.
20         THE COURT:  All right.  There's others,
21  there's others in the back.
22         MR. RAZZANO:  Joe Razzano and Alfonso Chan,
23  we're going to sit with Mr. Shore on behalf of
24  plaintiffs.
25         THE COURT:  All right.
```

```
 1            MR. BENJAMIN:  Dan Benjamin and Michael Murray
 2   on behalf of the defendants, Your Honor.
 3            THE COURT:  Good morning.
 4            MR. MURRAY:  Good morning, Your Honor.
 5            THE COURT:  Let me gulp some water; I just
 6   took some antibiotics and I need to push that down with
 7   some water.
 8            We're here this morning for basically just one
 9   motion.  It appears that the other motions have been
10   resolved and are rendered moot by a stipulation signed
11   by the parties.  And generally, as counsel has said, it
12   appears that the main issue not yet resolved is the
13   plaintiff's motion to exceed the number of
14   interrogatories and requests for admissions.
15            I've reviewed the motion, and the responses.
16   A couple of things I want to bring out before I hear
17   from the parties.
18            It seems that the posture of the case at the
19   present time merely is the complaint that's been filed.
20   I don't believe there had been an answer to that
21   complaint other than the motion to dismiss or to
22   transfer the case to the Northern District.
23            Is that correct, or is that not correct?
24            MR. MURRAY:  Yes, that's correct, Your Honor.
25   Neither defendant has filed an answer yet.
```

1  plaintiffs of renewing that motion, maybe after
2  ascertaining from the mediator whether this is an item
3  which that mediator wants to undertake.  Assuming the
4  mediator wants to take an additional responsibility,
5  then I think a more appropriate written motion might be
6  then desired for the court to take any action in light
7  of plaintiff's objection -- or defendant's objections
8  this morning.
9            MR. UNPINGCO:  So, Your Honor, if I'm clear,
10 you're giving us permission then to approach the
11 mediator about the possibility of his being a mediator
12 for both --
13           THE COURT:  Well, I don't have to tell you
14 that, I think you have the right to approach the
15 mediator and ask him whether he thinks having the Guam
16 matter be part of the mediation that he's undertaking
17 in the Northern District be part of his duties that he
18 might want to undertake.
19           MR. UNPINGCO:  And if he doesn't want to
20 undertake that responsibility or if he says, I need
21 something from the court of Guam to undertake that, to
22 give me that kind of authority, I would like to ask --
23           THE COURT:  Well, maybe he should also contact
24 the defendants and get the defendants --
25           MR. UNPINGCO:  The way I'm going to approach

1  this, Your Honor, is that it will be a joint telephone
2  call, I don't think it's appropriate for one side to
3  contact the mediator, I think both Mr. Murray and I
4  could contact the --
5        THE COURT: You could certainly do that, just
6  say that initially your oral motion was denied, for one
7  thing there's objection by the defendants. Secondly,
8  I really don't know whether the mediator wants to
9  undertake this additional responsibility.
10        MR. UNPINGCO: It is a private, private
11  mediation.
12        THE COURT: But I'm just saying that I don't
13  know whether he wants to undertake that responsibility.
14  To the extent that he does, and to the extent that it
15  might aid settlement here, it's something that the
16  court can look at, and can be decided in a formal
17  motion, with the defendants being given the opportunity
18  to object to the motion.
19        MR. UNPINGCO: We shall follow your
20  instruction, Your Honor, and I'll make arrangements
21  with opposing counsel that we can both have -- talk to
22  the mediator at the same time.
23        THE COURT: Because I don't think defendants
24  are objectionable to having the mediator undertake
25  something to have a global settlement, I think they're

1  in agreement with such an idea.
2          MR. MURRAY: No, we're certainly not, and I
3  don't think that we need to burden this court with this
4  issue. I think that we can certainly just talk to the
5  mediator and hopefully there will be a global
6  settlement coming out of the mediation, and these
7  issues will be dealt within the settlement papers.
8          THE COURT: Well, to the extent that the
9  mediator would like a formal appointment here and
10 there's no objection from you, then that's something
11 we can aid in the process of settlement if you'd like
12 it, really. That's all I'm saying.
13         MR. MURRAY: If the mediator says that he
14 needs some kind of a formal appointment before he can
15 discuss the Guam case, I would be surprised by that,
16 but if that's what happens, then --
17         THE COURT: That's what I'm saying, if he says
18 he would rather go that route, then we're available to
19 assist in that regard.
20         MR. UNPINGCO: Thank you, Your Honor, I think
21 that's a reasonable conclusion to that. Also, we can
22 work out the details as to the local patent rules with
23 the opposing counsel. I believe that we can meet and
24 confer, because some -- the Northern District of
25 California local patent rules are good, but I think

Wanda M. Miles
Official Court Reporter
District Court of Guam