1  **TEKER TORRES & TEKER, P.C.**
   130 Asinall Avenue-Suite 2A
2  Hagatna, Guam 96910
   671.477.9891 Telephone
3  671.472.2601 Facsimile

4  **UNPINGCO & ASSOCIATES, LLC**
   777 Route 4, Suite 12B
5  Sinajana, Guam
   671.475.8545 Telephone
6  671.475.8550 Facsimile

7  **SHORE CHAN BRAGALONE LLP**
   325 N. St. Paul Street, Suite 4450
8  Dallas, Texas 75201
   214.593.9110 Telephone
9  214.593.9111 Facsimile

10 ATTORNEYS FOR PLAINTIFFS
   Nanya Technology Corp. and
11 Nanya Technology Corp. U.S.A.

12

13                **UNITED STATES DISTRICT COURT**

                  **DISTRICT OF GUAM**
14

15 NANYA TECHNOLOGY CORP. AND          Case No. CV-06-00025
   NANYA TECHNOLOGY CORP. U.S.A.,
16
                                       **PLAINTIFFS' REPLY IN SUPPORT OF**
17         Plaintiffs,                 **ITS MOTION TO COMPEL**
                                       **DOCUMENTS RESPONSIVE TO**
18 v.                                  **PLAINTIFFS' JURISDICTIONAL**
                                       **REQUESTS FOR PRODUCTION TO**
19                                     **FUJITSU MICROELECTRONICS**
   FUJITSU LIMITED AND FUJITSU         **AMERICA, INC.**
20 MICROELECTRONICS AMERICA, INC.,

21         Defendants.

22

23         Nanya Technology Corporation and Nanya Technology Corporation USA (collectively

24 "Plaintiffs") present this reply to FMA's response to Plaintiffs' motion to compel jurisdictional

25 discovery.

26

27                                              **ORIGINAL**

28

FILED
DISTRICT COURT OF GUAM
APR 23 2007
MARY L.M. MORAN
CLERK OF COURT

# I.

## THE LOCAL RULES ARE SATISFIED

Local Rule 37.1 requires a stipulation of non-cooperation unless good cause is shown. There is good cause not to require the parties to develop a stipulation regarding the discovery at issue because of the following:

(1)     The discovery dispute is not over the "sufficiency of a response" as set forth in the Local Rules, but the lack of a response at all;

(2)     FMA has a history of using the promise of a stipulation in bad faith;

(3)     The deadlines for the motions to dismiss are fast-approaching.

Furthermore, Plaintiffs attach the declaration of non-cooperation of its counsel, Vance Freeman, to support its motion. The declaration of Mr. Freeman sets forth the attempts to cooperate with FMA's New York counsel during the last six weeks. Thus, the Local Rules are satisfied and the Court can freely grant Plaintiffs' motion.

## A.     FMA failed to produce the documents that its own discovery responses establish it has.

The issue is not the sufficiency of a response, but rather FMA's refusal to provide documents. FMA sells microelectronic component parts. These parts are incorporated into final products. Plaintiffs sought documents in FMA's control that identify the final products in which the components are incorporated. These documents will demonstrate FMA's knowledge that goods incorporating the component parts it sells are available in the United States and its territories. Thus, FMA can reasonably foresee being sued in Guam, and this Court has personal jurisdiction over FMA.

In response to Plaintiffs' requests, FMA produced 34,000 documents. Those documents include email correspondence and marketing and sales documents that identify numerous end-products into which FMA's components are incorporated—Nintendo video games, GM automobiles, Garmin GPS products, and Magellan's Neverlost GPS that are used in Hertz rental cars. But the overwhelming majority of these documents do not relate to the 67 part numbers Plaintiffs accuse of infringing. For those 67 distinct parts numbers, FMA produced a handful of documents, including 13 one page summaries of the sales of those products that identify FMA's customer, the quantity sold, and nothing

more.  (Decl. of V. Freeman at 2.)  The documents that Plaintiffs seek for other FMA products definitely exist, so there appears to be no reason that FMA could not produce the documents.  Thus, the issue is not the sufficiency of FMA's response, but FMA's lack of response despite its clear ability to produce responsive documents.

**B.    FMA's New York counsel uses the promise of a stipulation to delay.**

Plaintiffs have tried to use stipulations to narrow the issues for the Court, but FMA uses this process to act in bad faith.  For example, FMA's New York counsel contacted Plaintiffs regarding the filing of their April 17, 2007 motion to transfer this case to the Northern District of California.  FMA requested that Plaintiffs agree to an expedited hearing.  (Ex. A, Decl. V. Freeman at 3.)  Plaintiffs refused unless the parties could engage in limited discovery regarding the convenience issues Defendants would raise in the motion or stipulate to certain facts.  Defendants agreed to stipulate, so Plaintiffs began working on an extensive stipulation.  *Id.*  After drafting a 19-page stipulation, discussing the stipulation with opposing counsel, and exchanging edits and revisions over the course of a week, Plaintiffs sent the final version of the stipulations to opposing counsel for final review and approval.  *Id.*  But instead of finalizing the stipulation and signing it or contacting Plaintiffs' counsel with further revisions, Defendants simply filed their motion to transfer contrary to their representations.  *Id.*  Defendants requested an expedited hearing, and Plaintiffs will now be under time pressure to establish through formal discovery the facts which Defendants had promised to stipulate.  Thus, Plaintiffs are suspect of any attempt to negotiate another stipulation with Defendants' New York counsel; and there just is not time to do so in this instance.

**C.    The impending deadlines are good cause to quickly seek the Court's aid in this dispute.**

Immediately after receiving FMA's final production on April 10, 2007, Plaintiffs reviewed and evaluated FMA's document production.  That same day, Plaintiffs' counsel contacted FMA's New York counsel regarding the deficiencies in document production—not after the deposition of Michael Moore on April 12, 2007 as FMA claims in its response.  (Ex. A, Decl of V. Freeman at 2-3.)  FMA's counsel said they would discuss these deficiencies the same day, but never called as promised.  This contact is memorialized in a series of emails attached to Mr. Freeman's declaration.  The discussion

1   regarding the production continued during and after Michael Moore's deposition and for the days

2   leading up to the filing of the Motion to Compel on April 16, 2007. Plaintiffs' counsel attempted to

3   reach a compromise for six days before filing the motion. As discussed in Plaintiffs' Motion to

4   Compel and in this Court's order expediting the hearing, an impending briefing deadline must be met.

5   The discovery at issue is directly related to that personal jurisdiction briefing. There was simply no

6   time to work through a stipulation with FMA's New York counsel. Thus, the Court's quick resolution

7   of this matter is necessary.

**II.**

**FMA HAS FAILED TO PRODUCE RESPONSIVE DOCUMENTS**

10      Defendants' allegation that these discovery issues have not been raised before filing the

11   motion is proved false by the very correspondence FMA attach to its response. Plaintiffs raised these

12   issues over a month ago. Immediately upon receiving FMA's objections to discovery, Plaintiffs sent

13   FMA a letter on March 15, 2007. (Ex. A, Decl. of V. Freeman.) The letter informed FMA that

14   Plaintiffs would be forced to seek a ruling on FMA's objections to discovery so that Defendants could

15   not hide responsive documents behind its objections. *Id.* During the meet and confer regarding the

16   issues raised in Plaintiffs' March 15, 2007 letter, FMA's New York counsel stated that it understood

17   what categories of documents Plaintiffs sought and repeatedly pleaded with Plaintiffs' counsel not to

18   seek a ruling on FMA's objections because FMA would produce all responsive documents. *Id.*

19      As a result of the conference, Plaintiffs drafted its March 22, 2007 letter in good faith that

20   reflected the assurances of Defendants' New York counsel. FMA now seeks to ignore that agreement

21   or parse it to unreasonably limit the scope of responsive documents.

22   **A.**     **FMA broke its agreement to produce documents sufficient to identify the end-products.**

23      In order to avoid the Court's intervention, Plaintiffs asked Defendants to produce documents

24   in response to its second **requests for production numbers 2, 6, 16, & 21** sufficient to identify "all

25   products that have used or incorporated an ACCUSED DEVICE." Defendants have simply failed to

26   do so.

27

28

---

1    FMA claims that it has only sold 13 of the 67 accused devices.[1]  Out of 34,000 documents,

2    FMA produced 13 one-page sales summaries of each of these 13 devices.  As FMA proudly points out

3    in its response, these few documents indicate the number of devices sold and to whom they are sold.

4    One sale of one accused part was to Siemens VDO for 5,035 units. (Decl. of V. Freeman at 2.)

5    Probably accidentally, FMA produced an email that indicates that this one part it sold to

6    Siemens VDO was destined to be used into GM automobiles.  *Id.*  Because GM automobiles are sold

7    throughout the United States and its territories, including Guam, FMA should foresee getting sued for

8    the sale of a GM car that incorporates an accused device in Guam.  So this is the exact type of evidence

9    that Plaintiffs are seeking.  But the problem with FMA's production is that it did not produce similar

10   documents for the remaining 12 parts.  It only produced the sales summaries.  FMA's argument boils

11   down to its claim that a handful of sales summaries are sufficient responses to Plaintiffs' 34 discovery

12   requests.

13   FMA's production of this one email and the production of other documents that are related to

14   other FMA component parts clearly demonstrate that FMA has documents in its possession that

15   identify the products that have used or incorporate the accused devices.  The Court should compel the

16   production of these documents.

17   **B.    FMA broke its agreement to produce all proposals to distribute the accused products.**

18   Plaintiffs requested in its **request number 4** that FMA produce all proposals to develop or

19   distribute the accused products.  FMA agreed to produce those documents at the March 22, 2007

20   conference.  That agreement is reflected in the March 22, 2007 letter.

21   FMA has sales and technical documents that indicate its proposals to sell the accused

22   microelectronics.  Even if FMA sold only 13 different accused devices, it would have the proposals

23   regarding those devices.  These proposals would likely identify the products that incorporate the

24   accused devices, so these documents are relevant to the personal jurisdiction issue ***that FMA raised***.

25   The Court should compel the production of these documents.

26

27   ---

     [1] Although FMA quips that Plaintiffs should just take their word for it, common sense dictates

28   that FMA produce documents to support the assertion.

---

PLAINTIFFS' REPLY RE MOTION TO COMPEL DOCUMENTS RESPONSIVE
TO PLAINTIFFS' JURISDICTIONAL REQUESTS FOR PRODUCTION
TO FUJITSU MICROELECTRONICS AMERICA, INC.                                    PAGE 5

**C.    FMA broke its agreement to produce all contracts**

Plaintiffs requested in **request number 5** that FMA produce all contracts to develop or distribute the accused devices. Plaintiffs agreed, upon the assurances of FMA's New York counsel, that it would limit its request if it created an undue burden. FMA produced one document for 13 different parts and claims that one document is sufficient, but FMA presents no evidence of an undue burden. *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (finding defendant's bald boilerplate objections, which failed to explain the reasons behind them, to be without merit.) FMA should be compelled to produce all its contracts to sell the accused devices.

**D.    Plaintiffs' identification of particular documents that would be responsive to its requests are not new requests.**

When Plaintiffs explain that its **request number 18** for "all communications between Fujitsu and any entity concerning the use of any Fujitsu ACCUSED DEVICE" is meant to encompass design wins, qualification documents, and technical discussions with FMA's customers for the accused device, that is not a new request as FMA argues. The March 22, 2007 letter clearly reflects the Plaintiffs' intent to work toward a compromise with FMA on its objections rather than bringing the matter directly to the Court. FMA now seeks to parse the language of that letter to avoid producing documents. This is simply a game to avoid producing documents.

FMA has only produced evidence of one design win for one of the thirteen products it admits it sold. Where are the design win and qualification documents regarding the four SPARClite products FMA mentions it its response? Where are the design wins and qualifications for the other twelve accused products? Where are the communications regarding these products with FMA's customers? Where are the documents that identify the products that FMA's microelectronics are incorporated into? FMA clearly has these documents. FMA's document production is incomplete, and it is evidence of gamesmanship. FMA's behavior makes attempts to work through discovery almost impossible. The Court should compel FMA to provide all responsive documents.

## III.

## CONCLUSION

FMA raised the issue of jurisdiction and is now trying to prevent the discovery of evidence that refutes its claim. FMA's document production of approximately 34,000 documents indicates its ability to produce responsive documents to Plaintiffs' requests that are targeted at the personal jurisdiction issue. The Court should overrule FMA's objections and compel the production of responsive documents.

Dated: April 23, 2007                                TEKER TORRES & TEKER, P.C.


By: _____
        Joseph C. Razzano, Esq.

**TEKER TORRES & TEKER, P.C.**
130 Asinall Avenue-Suite 2A
Hagatna, Guam 96910
671.477.9891 Telephone
671.472.2601 Facsimile

**UNPINGCO & ASSOCIATES, LLC**
777 Route 4, Suite 12B
Sinajana, Guam
671.475.8545 Telephone
671.475.8550 Facsimile

**SHORE CHAN BRAGALONE LLP**
325 N. St. Paul Street, Suite 4450
Dallas, Texas 75201
214.593.9110 Telephone
214.593.9111 Facsimile

ATTORNEYS FOR PLAINTIFFS
Nanya Technology Corp. and
Nanya Technology Corp. U.S.A.

# UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP. and NANYA TECHNOLOGY CORP. U.S.A., | Case No. CV-06-00025 |
| Plaintiffs, | **CERTIFICATE OF SERVICE** |
| v. | |
| FUJITSU LIMITED and FUJITSU MICROELECTRONICS AMERICA, INC., | |
| Defendants. | |

I, JOSEPH C. RAZZANO, ESQ., hereby declare as follows:

1.      I am over the age of majority and am competent to testify regarding the matters stated herein.

2.     I hereby certify that on April 23, 2007, a true and exact copy of **PLAINTIFFS' REPLY RE MOTION TO COMPEL DOCUMENTS RESPONSIVE TO PLAINTIFFS' JURISDICTIONAL REQUESTS FOR PRODUCTION TO FUJITSU MICROELECTRONICS AMERICA, INC.** was served via electronic mail and U.S. Mail on Defendant Fujitsu Microelectronics America, Inc. through its attorneys of record:

Michael M. Murray, Esq.
Christopher E. Chalsen, Esq.
Milbank Tweed Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005
(212) 530-5000  main
(212) 530-5219  main fax
cchalsen@milbank.com

David Benjamin, Esq.
Calvo & Clark
655 South Marine Corp. Drive
Tamuning, Guam 96913
(671) 646-9355
(671) 646-9403  fax
dbenjamin@calvoclark.com

3.     I declare under penalty of perjury that the foregoing is true and correct.

DATED at Hagatna, Guam on April 23, 2007.

JOSEPH C. RAZZANO, ESQ.

# EXHIBIT A

1  **TEKER TORRES & TEKER, P.C.**
   130 Asinall Avenue-Suite 2A
2  Hagatna, Guam 96910
   671.477.9891 Telephone
3  671.472.2601 Facsimile

4  **UNPINGCO & ASSOCIATES, LLC**
   777 Route 4, Suite 12B
5  Sinajana, Guam
   671.475.8545 Telephone
6  671.475.8550 Facsimile

7  **SHORE CHAN BRAGALONE LLP**
   325 N. St. Paul Street, Suite 4450
8  Dallas, Texas 75201
   214.593.9110 Telephone
9  214.593.9111 Facsimile

10 ATTORNEYS FOR PLAINTIFFS
   Nanya Technology Corp. and
11 Nanya Technology Corp. U.S.A.

12

13                    **UNITED STATES DISTRICT COURT**

14                          **DISTRICT OF GUAM**

15 | NANYA TECHNOLOGY CORP. AND | Case No. CV-06-00025
16 | NANYA TECHNOLOGY CORP. U.S.A., |

17 |                Plaintiffs, | **DECLARATION OF VANCE P.**
                                  **FREEMAN IN SUPPORT OF**
18 | v.                         | **PLAINTIFFS' MOTION TO COMPEL**
                                  **JURISDICTIONAL DISCOVERY**
19 |
20 | FUJITSU LIMITED AND FUJITSU
   | MICROELECTRONICS AMERICA, INC.,
21 |                Defendants.

22

23        I, Vance P. Freeman, declare under penalty of perjury that the following statements are true and

24 correct.

25        1.    I am counsel for Plaintiffs Nanya Technology Corporation and Nanya Technology

26 Corporation, U.S.A. As such, I have personal knowledge of the information in this declaration.

27

28                                              ORIGINAL

2.     On February 9, 2007, Plaintiffs served its Second Set of Jurisdictional Requests for Production.  On March 14, 2007, FMA served objections to those requests in advance of producing documents.

3.     On March 15, 2007, Plaintiffs' counsel served a detailed letter outlining Plaintiffs disagreement and legal arguments regarding the propriety of FMA's objections.  A true and correct copy of that letter is attached as <u>Exhibit "1</u>."

4.     On March 22, 2007, five lawyers that represented Plaintiffs conferred with FMA's New York counsel, including Michael Murray, regarding the issues Plaintiffs raised in the March 15, 2007 letter.  During that conference, Mr. Murray repeatedly assured Plaintiffs' counsel that his office was producing a large volume of documents responsive to Plaintiffs' requests despite FMA's objections.  Mr. Murray also assured Plaintiffs' counsel that he was not "playing games" and would provide responsive documents.

5.     On March 22, 2007, I sent a letter to FMA's New York counsel that reflected our discussion based on the express assurances of Mr. Murray that FMA would produce responsive documents.  That letter was attached as Exhibit B to Plaintiffs' motion to compel.

6.     In response to Plaintiffs' requests, FMA produced 34,000 documents.  In those documents are email correspondence and marketing and sales documents that identify numerous end-products in which FMA's components are incorporated—Nintendo video games, GM automobiles, Garmin GPS products, and Magellan's Neverlost GPS that are used in Hertz rental cars.  But the overwhelming majority of these documents do not relate to the 67 part numbers Plaintiffs accuse Defendants of infringing.  For those 67 distinct parts numbers, FMA produced a handful of documents, including 13 one page summaries of the sales of those products that identify FMA's customer, the quantity sold, and little more.  One of these summaries is attached as <u>Exhibit "2</u>."

7.     FMA did produce one email that indicates that one of the accused products that it sold to Siemens VDO (Siemens' automotive group) will be used in GM cars.  This email is attached as <u>Exhibit "3</u>."

8.     Immediately after receiving FMA's final production on April 10, 2007, Plaintiffs reviewed and evaluated FMA's document production.  That same day, Plaintiffs' counsel contacted

FMA's New York counsel regarding the deficiencies in document production, not after the deposition of Michael Moore on April 12, 2007. FMA's counsel said they would discuss these deficiencies the same day, but never called. This contact is memorialized in a series of emails attached as Exhibit "4." The discussion regarding the production continued the day before and day of Michael Moore's deposition and for the days leading up to the filing of the Motion to Compel on April 16, 2007. Plaintiffs' counsel attempted to reach a compromise for six days before filing the motion. But because of FMA's history of agreeing to produce documents, but failing to do so and counsel's other assurances regarding stipulations, Plaintiffs' counsel brought this issue to the Court to resolve.

9.    FMA has not stipulated when its counsel represented it would. FMA's New York counsel contacted Plaintiffs' counsel regarding the filing of their April 17, 2006 motion to transfer this case to the Northern District of California. FMA requested that Plaintiffs agree to an expedited hearing. Plaintiffs' counsel refused unless the parties could engage in limited discovery regarding the convenience issues Defendants would raise in the motion or stipulate to certain facts. FMA's New York counsel agreed to stipulate, so I began working on an extensive stipulation. After drafting a 19 page stipulation, discussing the stipulation with opposing counsel, and exchanging edits and revisions over the course of a week, I sent the final versions of the stipulation to opposing counsel for final review and approval.   But instead of finalizing the stipulation and signing it or contacting me with further revisions, Defendants simply filed their motion to transfer contrary to their representations. Defendants requested an expedited hearing, and Plaintiffs will now be under time pressure to establish through formal discovery what Defendants had promised to stipulate to. This history of stalling in light of the impending deadlines makes cooperation unlikely from Defendants.   In light of the impending briefing deadlines, Plaintiffs cannot wait to be lead down this road by FMA's New York counsel.

1  DATED April 21, 2007.

2

3

4                                    _____

5                                    Vance P. Freeman

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

March 15, 2007

**_VIA EMAIL_**

Michael Murray, Esq.
Christopher Chalsen, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, NY 10005

      Re:   *Nanya Technology Corp., et al. v. Fujitsu Limited, et al.*
            No. 06-CV-00025, in the U.S. District Court, District of Guam

Dear Counsel:

We have received Defendants' Responses and Objections to Plaintiffs' Second Set of Jurisdictional Requests for Production. Like Plaintiffs' First Set of Requests for Production to FMA and Plaintiffs' Sixteenth Set of Requests for Production to Fujitsu Limited, these requests directly pertain to the jurisdictional issues before the Court and the responses are necessary to test Defendants' claim that the Court lacks personal jurisdiction. Not only have Defendants again responded to Plaintiffs' requests with unfounded, boilerplate objections, they are now expressly withholding documents relevant to the jurisdictional issues before the Court. The bottom line is that Plaintiffs will not allow Defendants to potentially hide documents relevant to the personal jurisdiction issue by asserting boilerplate objections.

**Defendants' History of Stalling Discovery**

On December 14, 2006, Plaintiffs served FMA with its first round of jurisdictional discovery. Despite the fact that the deadlines for briefing Defendants' jurisdictional challenge were approaching, FMA told Plaintiffs, on January 12, 2007, that it would only be serving objections to their jurisdictional discovery requests. FMA based its refusal to substantively respond to Plaintiffs' discovery requests on a tortured reading of the Court's December 11, 2006 Order. This forced Plaintiffs to file a motion to compel on January 17, 2007. As Plaintiffs were preparing this motion, FMA served its initial responses — boilerplate, baseless objections. On January 23, 2007 and January 31, 2007, Plaintiffs served additional discovery requests on both FMA and Fujitsu Limited.

Due to the inadequacy of FMA's first response to Plaintiffs' discovery requests, Plaintiffs were again forced to file another motion to compel substantive responses on February 9, 2007. With the threat of the Court ruling on the motions to compel, Defendants finally stipulated on February 20, 2007 that they would produce the documents requested. On March 2, 2007, FMA produced the documents that Plaintiffs had requested *more than three months earlier*, subject to the same boilerplate objections.

In their most recent responses to Plaintiffs' jurisdictional discovery requests, both Defendants have again asserted the same baseless objections. But Defendants now refuse to produce documents that are directly relevant to the personal jurisdiction issues before the Court. Under the Stipulation, Defendants must produce the documents requested. (Stipulation, Dkt. No. 148, at 2.) Unless Defendants' agree to answer discovery without boilerplate or improper objections, Plaintiffs will file a motion to compel on 3 p.m. (CST) Friday, March 23, 2007.

## Defendants' Improper Objections to Plaintiffs' First RFP to FMA and Plaintiffs' Sixteenth RFP to Fujitsu Limited

Defendants' responses to Plaintiffs' First Set of Requests for Production to FMA and Plaintiffs' Sixteenth Set of Requests for Production to Fujitsu Limited are riddled with boilerplate, conclusory objections for which Defendants' have produced no supporting evidentiary declarations. Each and every one of these objections is therefore improper and should be withdrawn. *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (finding the defendant's bald, boilerplate objections, which failed to explain the reasons behind them, to be without merit). Here are some examples of Defendants' improper objections to Plaintiffs' requests:

**Request Nos. 1-120** request documents: (1) identifying the manufacturers of certain electronic products that have purchased Defendants' memory chips; (2) identifying which of those electronic products have used or incorporated Defendants' memory chips; (3) listing contracts between Defendants and manufacturers of those electronic products involving Defendants' memory chips; (4) listing requests made by manufacturers of those electronic products for proposals from Defendants to develop, manufacture, distribute, or otherwise produce Defendants' memory chips; and (5) listing proposals made by Defendants to develop, manufacture, distribute, or otherwise produce Defendants' memory chips for manufacturers of those electronic products.

- Defendants object to each and every request claiming it seeks irrelevant information or information not reasonably calculated to lead to the discovery of admissible evidence. The requests are obviously tailored to discover evidence related to potentially infringing devices that may be available in Guam through the stream of commerce. Such evidence is directly relevant to establishing personal jurisdiction over Defendants, and Plaintiffs are entitled to conduct discovery on this issue. *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565-66 (Fed. Cir. 1994) (holding that personal jurisdiction is proper when a defendant purposefully places infringing products in the stream of commerce with the knowledge they were likely to end up in the forum state); *Commissariat a l'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1323 (Fed. Cir. 2005) (permitting jurisdictional discovery relevant to the establishment of personal jurisdiction under the stream of commerce theory). Furthermore, boilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper. *A. Farber and Partners*, 234 F.R.D. at 188. This objection should be withdrawn.

- Defendants' objections to each and every request on overbreadth grounds should be withdrawn. Objections that document requests are overly broad are insufficient to meet the objecting party's burden of explaining why the request is objectionable. *Jimenez v. Dominos Pizza, LLC*, 2006 U.S. Dist. Lexis 66510, *4-5 (C.D. Cal. Jan. 13, 2006). All documents requested are reasonably calculated to lead to the discovery of admissible evidence related to the personal jurisdiction issues in this case. This objection should be withdrawn.

- Defendants also object to each and every request on the ground that it is unduly burdensome to produce the requested documents. Again, Defendants fail to give any explanation as to why this request is objectionable. *A. Farber and Partners*, 234 F.R.D. at 188. Specifically, Defendants have not explained how the production of these documents would strain their fiscal or staff resources to the extent that such a burden or expense outweighs the importance of obtaining evidence directly relevant to the jurisdictional issues before the Court, as was their burden. FED. R. CIV. P. 26(b)(2)(C)(iii); *Green v. Baca*, 219 F.R.D. 485, 493 (C.D. Cal. 2003). Thus, these objections should be withdrawn.

- Defendants object to each and every request claiming that a number of terms in the requests are vague and ambiguous. These requests are proper because they are narrowly tailored to the jurisdictional issues before the Court, and objections based on vagueness and ambiguity are therefore improper. *McColm v. Housing Auth.*, No. C-02-5810 PJH (JCS), 2007 U.S. Dist. LEXIS 8478, *6-7 (N.D. Cal. 2007). Defendants cannot honestly expect the Court to believe that they do not know the meaning of "camera," "contract," "manufacturer," or a host of other words and phrases that need no definition. These improper objections should be withdrawn.

- To the requests described in (1), (2), and (4) above, Defendants improperly object on the grounds that the requests call for information not within Defendants' possession or control. Defendants may respond by stating that a requested document is not in their possession or control, but an objection on such grounds is improper regardless of whether that statement is true. *See* FED. R. CIV. P. 26(a)(1)(B).

- In light of the Protective Order, Defendants' objections related to confidentiality and propriety of the documents described in (3), (4), and (5) above are now moot and should be withdrawn.

- Defendants also object to the requests for documents listing electronic products incorporating Defendants' memory chips (see (2) above) on the basis that such information is equally available to Plaintiffs. Again, Plaintiffs have made no showing that this statement is true, as was their burden. *McColm*,

2007 U.S. Dist. LEXIS 8478, *7. Plaintiffs obviously cannot access such information without difficulty, yet Defendants have first-hand knowledge of this information and can easily produce documents responsive to these requests. Please withdraw these objections accordingly.

Defendants object to **Request Nos. 121-129, 131-135, 137-140, 142-145 and 147** on the basis that the information sought is either proprietary, confidential, or both. Again, the entry of a Protective Order on February 26, 2007 alleviates any concerns regarding the production of confidential or proprietary information. Because these objections are no longer relevant, they should be withdrawn.

Defendants' objections to **Request Nos. 121-147** on the basis that the information sought is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence are patently incorrect. These requests are tailored specifically to obtain jurisdictional discovery about Defendants' contacts to the forum. *Beverly Hills Fan*, 21 F.3d at 1565-66; *Chi Mei*, 395 F.3d at 1323. These documents are not only relevant, but they are likely to be admissible or lead to the discovery of admissible evidence on Defendants' Motion to Dismiss or Transfer to the Northern District of California. Furthermore, Defendants' have not carried their burden to explain why the documents are improper. *A. Farber and Partners*, 234 F.R.D. at 188.

Defendants object to **Request Nos. 121-135 and 137-146** on the basis that the requests are overbroad and unduly burdensome. These objections are disingenuous at best. Again, Defendants fail to explain the basis of these objections or how the burden of production outweighs the importance of obtaining evidence related to the jurisdictional issues before the court. *Jimenez*, 2006 U.S. Dist. Lexis 66510, *4-5; FED. R. CIV. P. 26(b)(2)(C)(iii); *Green*, 219 F.R.D. at 493. For example:

- Defendants object to **Request No. 121** because it calls for the production of documents "listing each and every contract." However, Plaintiffs do not request documents "listing each and every contract," but rather only a narrow set of contracts relating to government entities or subcontractors over a definite period of time.

- Defendants object to **Request No. 123** because it calls for the production of documents "listing each and every proposal." However, Plaintiffs do not request documents "listing each and every proposal," but rather only a narrow set of proposals to develop dynamic memory chips for government entities or subcontractors over a definite period of time.

- The remaining above-referenced requests are objected to in a similar manner. Defendants parse out the broadest phrase in each of these requests and then objects to that phrase rather than the request itself. This is an insincere attempt to delay legitimate jurisdictional discovery by making dubious objections and failing to provide any explanation as to the basis for the objection. *Jimenez*, 2006 U.S. Dist. Lexis 66510, *4-5.

Each of these objections should be withdrawn.

Defendants also make boilerplate objections to **Request Nos. 121-135 and 137-147** on the basis that the requests are vague and ambiguous. These objections are unfounded and should be withdrawn. *McColm*, 2007 U.S. Dist. LEXIS 8478, *6-7. Defendants specifically point out words and phrases that they find vague and ambiguous, however, these words and phrases are perfectly clear. For example:

- Defendants object to **Request No. 133** because it is vague and ambiguous, in particular as to the term "living or working in Guam." How can this phrase possibly be vague or ambiguous?

- Defendants object to **Request No. 146** because it is vague and ambiguous, in particular as to the identities of Defendants' affiliates or subsidiaries. The identities of Defendants' affiliates or subsidiaries should not be vague or ambiguous to Defendants, especially since one such subsidiary is a party to this lawsuit. Furthermore, Fujitsu Limited referred to its FMA as its "wholly owned subsidiary" in its pleadings in the Northern District of California case, evidencing that Fujitsu Limited knows exactly the identities of its affiliates and subsidiaries.

- The remaining above-referenced requests are objected to in a similar manner. Defendants do not even bother to look for words that might be even arguably vague or ambiguous. Instead, seemingly at random, Defendants pick words out of the requests and add them to their boilerplate objections. All grounds for objection must be stated with specificity, which Defendants have failed to do. *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 409 (C.D. Cal. 2005).

These objections should be withdrawn before they are brought to the Court's attention.

Defendants further object to **Requests Nos. 126, 132, and 137** on the basis that the requests call for documents protected by the attorney-client privilege and the work-product doctrine. There are two problems with these objections. First, boilerplate objections or blanket refusals in response to discovery requests are insufficient to assert a privilege. *Burlington Northern & Santa Fe Ry. v. United States Dist. Court*, 408 F.3d 1142, 1147 (9th Cir. 2005). If Defendants believe requested documents are subject to privilege, then they should withhold those documents and describe them with reasonable particularity so as to enable Plaintiffs to assess the applicability of the asserted privilege. *Id.* at 1147. Second, Plaintiffs cannot understand how a contract between Defendants and a manufacturer involving Defendants' dynamic memory chips, as requested in **Request No. 126**, could fall within either of the asserted privileges. Similarly, Fujitsu's interest in any corporation qualified to do business in Guam, as requested in **Request No. 132**, cannot be protected by the attorney-client privilege or work-product doctrine. Not to mention that both Defendants have lodged declarations with the Court claiming they conduct no business in and have no ties to Guam whatsoever. Documents reflecting representation by an attorney, as requested in **Request No. 137**, are also not protected by either privilege. These objections should be withdrawn.

Defendants also object to **Request Nos. 122, 125, 127, 130-132, 135, 137, 139, 140, 142, 143, 146, and 147** on the basis that they call for information not within Defendants' possession. These are not valid objections, and as such, they should be withdrawn. *See* FED. R. CIV. P. 26(a)(1)(B). Defendants also object to **Request No. 136** on the basis that it seeks information equally available to Plaintiffs. As explained above, this is also not a valid objection and should be withdrawn. *McColm*, 2007 U.S. Dist. LEXIS 8478, *7.

### Defendants' Improper Objections to Plaintiffs' Second RFP to FMA and Fujitsu Limited

Defendants respectively object to **Request Nos. 3-5, 8-10, 13-15, 17-19, 23-25, 28-30, 33, and 34** of Plaintiffs' Second Set of Jurisdictional Requests for Production on the basis that the information sought is proprietary, confidential, or both. As stated above, the Protective Order makes these objections improper and they should be withdrawn.

Defendants' objections to **Request Nos. 1-34** on the basis that the information sought is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence are nonsense. Once again, these requests are tailored specifically to obtain jurisdictional discovery and responsive documents are relevant and likely to lead to admissible evidence on the Court's jurisdiction over Defendants. *Beverly Hills Fan*, 21 F.3d at 1565-66; *Chi Mei*, 395 F.3d at 1323. In fact, **Request Nos. 16-34** request the exact information that will prove jurisdiction is proper in Guam. These objections should be withdrawn.

Defendants object to **Request Nos. 1-34** on the basis that the requests are overbroad and unduly burdensome. Once more, Defendants fail to explain the basis of these objections or how the burden of production outweighs the importance of obtaining evidence related to the jurisdictional issues before the court. *Jimenez*, 2006 U.S. Dist. Lexis 66510, *4-5; FED. R. CIV. P. 26(b)(2)(C)(iii); *Green*, 219 F.R.D. at 493. For example:

- Defendants object to **Request No. 5** because it calls for the production of "all" documents "listing any proposal," when in fact the request calls for only proposals to develop, manufacture, distribute, or otherwise produce a narrow range of devices over a definite time period.

- Defendants object to **Request No. 19** because it calls for the production of "all" documents "showing sales of any product," when in fact the request calls for only sales of a narrow range of devices sold in the United States.

- The remaining above-referenced requests are similarly objected to. Defendants should not be allowed to play word games in order to avoid legitimate discovery without providing a reasonable basis for their objections. *Jimenez*, 2006 U.S. Dist. Lexis 66510, *4-5. These objections should be withdrawn.

Defendants again make improper boilerplate objections to **Request Nos. 1-7, 9, 11-14, and 16-34** on the basis that the requests are vague and ambiguous. These objections are baseless

because the words and phrases Defendants point to are neither vague nor ambiguous. *McColm*, 2007 U.S. Dist. LEXIS 8478, *6-7. For example:

- Defendants object to **Request No. 9** because it is vague and ambiguous, in particular as to the meaning of what constitutes "any MCU's, biometric sensors or MEMS devices." It is difficult to imagine anything that could be less vague and ambiguous to someone in the business of making and providing high-tech computing products on a global scale.

- Defendants object to **Request No. 12** because it is vague and ambiguous, in particular as to the meaning of what constitutes "any Fujitsu [or FMA] display controller." If anyone knows what a Fujitsu or FMA display controller is, Defendants do.

- The remaining above-referenced requests are objected to in a similar manner. These unspecific and unfounded, boilerplate objections should be withdrawn. *Ramirez*, 231 F.R.D. at 409.

Fujitsu also objects to Request **Nos. 1, 2, 4-12, and 14-34** on the basis that they call for information not within the possession of Fujitsu. These are not valid objections, and as such, they should be withdrawn. *See* FED. R. CIV. P. 26(a)(1)(B).

### Defendants' Withholding of Documents

Perhaps more disconcerting than Defendants' multitude of unfounded objections are their express statements that they will not produce documents responsive to **Request Nos. 14-34** of Plaintiffs' Second Set of Jurisdictional Requests for Production. Remember, Defendants stipulated that they will produce documents responsive to Plaintiffs' jurisdictional discovery requests *without waiving objections*. (Stipulation, Dkt. No. 148, at 2.) In other words, Defendants have expressly agreed not to withhold documents behind boilerplate objections. Yet, Defendants are still attempting to hide relevant jurisdictional documents behind baseless and unfounded objections. Defendants raised the personal jurisdiction issue and now are trying to withhold the information that they know will put this issue to rest. Please amend Defendants' responses before 3 p.m. (CST) Friday, March 23, 2007, or we will be forced, yet again, to ask the Court to address what appears to be gamesmanship.

I will be in touch soon regarding a Rule 37 conference time and date. In the meantime, you can call me if you have any questions.

Best regards,

Vance P. Freeman

cc:    Daniel Benjamin (via email)
       Rodney Jacob (via email)
       Joseph Razzano (via email)
       Judge John Unpingco (via email)

# EXHIBIT 4

## Vance Freeman

**From:**  Murray, Michael [MMurray@milbank.com]
**Sent:**  Wednesday, April 11, 2007 6:39 PM
**To:**  Vance Freeman
**Cc:**  Martin Pascual; Michael Shore; Alfonso G Chan; Joseph Razzano; John S. Unpingco; Mary Henry; Ruth Lee; Chalsen, Christopher; Kass, Lawrence
**Subject:** RE: Motion to Compel

Vance,

Can we talk in 20 minutes (5:00 p.m. west coast)?  Call (888) 385-6846 (code 55-5424)

Mike

**From:** Vance Freeman [mailto:Vfreeman@shorewestfreeman.com]
**Sent:** Wed 4/11/2007 7:34 PM
**To:** Murray, Michael
**Cc:** Martin Pascual; Michael Shore; Alfonso G Chan; Joseph Razzano; John S. Unpingco; Mary Henry; Ruth Lee; Chalsen, Christopher; Kass, Lawrence
**Subject:** RE: Motion to Compel

Mike:

How can we get in touch with you?  Martin and I both called your office yesterday.  You said you would call us last night, so we waited for your call.

I appreciate your client's effort to produce documents, but they need to explain why some documents are missing. For example, FMA's 2005 inventory document (FMA 0032038) specifically lists two accused devices that were in inventory.  But FMA did not produce any sales information regarding these products.  FMA did not provide any marketing materials for these devices.  FMA did not produce information sufficient to identify the products that these Fujitsu products go into or FMA's customers for these products.  And FMA only produced inventory documents for one year.  Why?

These documents are relevant to FMA's claim that the Guam court lacks personal jurisdiction.

Best regards,


Vance P. Freeman
SHORE WEST FREEMAN PC
2020 Bill Owens Parkway
Suite 200
Longview, Texas 75604
(903) 295-7200
(903) 399-3204 Mobile
(903) 295-7201 Fax
www.shorewestfreeman.com

+++++++++++++++++++++++++++++++++++++++++++++++++++++++
The information contained in this electronic mail message,
including any attachments, is confidential, may be attorney-client


4/21/2007

privileged and is protected by the Electronic Communications
Privacy Act, 18 U.S.C. Sections 2510-2522. Unauthorized use,
copying or distribution of this message, including any attachments,
is strictly prohibited and may be unlawful. If this message was
sent to you in error, please notify the sender by return email and
destroy this message, including any attachments.

IRS Circular 230 Notice: The statements contained herein are not
intended to and do not constitute an opinion as to any tax or other
matter. They are not intended or written to be used, and may not
be relied upon, by you or any other person for the purpose of
avoiding penalties that may be imposed under any federal tax law
or otherwise.
++++++++++++++++++++++++++++++++++++++++++++++++++++++++

**From:** Murray, Michael [mailto:MMurray@milbank.com]
**Sent:** Wednesday, April 11, 2007 6:03 PM
**To:** Vance Freeman
**Cc:** Martin Pascual; Michael Shore; Alfonso G Chan; Joseph Razzano; John S. Unpingco; Mary Henry; Ruth Lee;
Chalsen, Christopher; Kass, Lawrence
**Subject:** RE: Motion to Compel

Vance,

We are happy to discuss tonight if you like. A brief discussion may be possible before the deposition, but Mr.
Moore is scheduled to be deposed at 9:00 and he should not be kept waiting while we discuss document issues.
Before yet another motion is filed we should have a full discussion on what exactly you feel is missing from the
production. We went to very substantial effort to collect and produce responsive documents. It seems likely that
FMA does not have all of the information you think it has.

Mike

**From:** Vance Freeman [mailto:Vfreeman@shorewestfreeman.com]
**Sent:** Wed 4/11/2007 6:29 PM
**To:** Murray, Michael
**Cc:** Martin Pascual; Michael Shore; Alfonso G Chan; Joseph Razzano; John S. Unpingco; Mary Henry; Ruth Lee
**Subject:**

Mike:

We need to talk about FMA's document production tomorrow before the deposition. We already prepared a
motion to compel, but we remain hopeful that we can resolve this without the court's involvement.

Thanks

Vance P. Freeman
SHORE WEST FREEMAN PC
2020 Bill Owens Parkway
Suite 200
Longview, Texas 75604
(903) 295-7200
(903) 399-3204 Mobile
(903) 295-7201 Fax
www.shorewestfreeman.com

4/21/2007

++++++++++++++++++++++++++++++++++++++++++++++++++++++
The information contained in this electronic mail message,
including any attachments, is confidential, may be attorney-client
privileged and is protected by the Electronic Communications
Privacy Act, 18 U.S.C. Sections 2510-2522. Unauthorized use,
copying or distribution of this message, including any attachments,
is strictly prohibited and may be unlawful. If this message was
sent to you in error, please notify the sender by return email and
destroy this message, including any attachments.

IRS Circular 230 Notice: The statements contained herein are not
intended to and do not constitute an opinion as to any tax or other
matter. They are not intended or written to be used, and may not
be relied upon, by you or any other person for the purpose of
avoiding penalties that may be imposed under any federal tax law
or otherwise.
++++++++++++++++++++++++++++++++++++++++++++++++++++++

**IRS Circular 230 Disclosure:** U.S. federal tax advice in the foregoing message from Milbank, Tweed, Hadley & McCloy LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor.

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

**IRS Circular 230 Disclosure:** U.S. federal tax advice in the foregoing message from Milbank, Tweed, Hadley & McCloy LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor.

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.