RODNEY J. JACOB, ESQ.
DANIEL M. BENJAMIN, ESQ.
CALVO & CLARK, LLP
Attorneys at Law
655 South Marine Corps Drive, Suite 202
Tamuning, Guam 96913
Telephone:    (671) 646-9355
Facsimile:    (671) 646-9403

CHRISTOPHER E. CHALSEN, ESQ.
MICHAEL M. MURRAY, ESQ.
LAWRENCE T. KASS, ESQ.
MILBANK, TWEED, HADLEY & MCCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone:    (212) 530-5000
Facsimile:    (212) 822-5796

*Attorneys for Defendants*
FUJITSU LIMITED, and
FUJITSU MICROELECTRONICS AMERICA, INC.

FILED
DISTRICT COURT OF GUAM
APR 25 2007 mbo
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP. and NANYA TECHNOLOGY CORP. U.S.A., <br><br> Plaintiff, <br><br> vs. <br><br> FUJITSU LIMITED, FUJITSU MICROELECTRONICS AMERICA, INC., <br><br> Defendants. | CIVIL CASE NO. 06-CV-00025 <br><br> **EX PARTE APPLICATION UNDER L.R. 7.1(j)&(k) TO OBTAIN A MAY 2007 HEARING DATE ON DEFENDANTS' MOTION TO IMMEDIATELY TRANSFER FOR CONVENIENCE** |

*CIVIL CASE NO. 06-CV-00025*
{G0021561.DOC;1}

ORIGINAL

## EX PARTE APPLICATION

Defendants Fujitsu Limited & Fujitsu Microelectronics America, Inc. ("Defendants") hereby apply *ex parte* for an order granting them a hearing of their motion to immediately transfer this action for convenience in May 2007. If such relief is not granted, vast amounts of time, money and resources may be expended addressing jurisdictional discovery and related issues that could be avoided. An earlier hearing of the Motion to Immediately Transfer would likely conserve the Court's and parties' resources and thus is in the best interest of judicial economy for the reasons explained in the accompanying memorandum. As a substantially less desirable alternative, if such relief cannot be granted, Defendants asks that the motion be set for hearing on or before June 22, 2007.

In compliance with Local Rule 7.1(j)&(k), the memorandum set forth below contains the name of counsel for the opposing party, the reasons for the seeking of an ex parte order, points and authorities in support thereof, and a Certificate by Daniel M. Benjamin. As set out below, prior to bringing this application, defense counsel attempted unsuccessfully to reach an agreement with opposing counsel, and these papers are being served on opposing counsel immediately after filing.

Respectfully submitted this 25th day of April, 2007.

**CALVO & CLARK, LLP**
**MILBANK, TWEED, HADLEY**
**& MCCLOY LLP**
*Attorneys for Defendants*
Fujitsu Limited and
Fujitsu Microelectronics America, Inc.

By: _____
DANIEL M. BENJAMIN

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants are applying *ex parte* to request that the Court, if possible, hear their motion to immediately transfer this action (*see* Docket No. 192) on the earliest available date in May 2007.[1] Defendants make this request in the interests of justice and judicial economy.

**A.  An Intervening Supreme Court Case Warrants Prompt Consideration of Defendants' Motion to Immediately Transfer**

In December, long before filing their Motion to Immediately Transfer this month, Defendants filed their Motions to Dismiss or Transfer. (*See* Docket Nos. 74 & 89). Although Defendants sought a prompt hearing at that time, to accommodate Plaintiffs' demand for jurisdictional discovery, a hearing was set for June 22, 2007 based upon a stipulation of the parties and Order of the Court. (*See* Docket Nos. 148 & 163). At the time of that stipulation, Defendants did not have the option of suggesting that the Court first consider transferring for convenience before engaging the jurisdictional issues. That option was unavailable because Ninth Circuit precedent at that time required courts to address personal jurisdiction *before* transfer for convenience.[2] That is why Defendants had no choice but to stipulate that certain discovery relevant to the jurisdictional issue would occur before any hearing. (*See* Docket No. 148).

But following that stipulation, the U.S. Supreme Court issued a decision on March 5, 2007 in *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, No. 06-102, 549 U.S. _, 127 S.Ct. 1184 (Mar. 5, 2007). That case permits the Court to hear the motion to transfer without first deciding whether there is personal jurisdiction. Indeed, the Supreme Court clearly indicated that to be the desired course in cases such as this, where the jurisdictional issues are complex and

---

[1] Counsel will make themselves available on any date in May that the Court might be available, except that all parties must be in California for mediation on May 15 and for motions on May 17.

[2] This was based on then-applicable Ninth Circuit case-law. *See Patrickson v. Dole Food Co.*, 251 F.3d 795, 800 n.3 (9th Cir. 2001).

*CIVIL CASE NO. 06-CV-00025*                                                                                              2
{G0021561.DOC;1}

involve extensive discovery, as more fully explained in Plaintiffs' motion. For that reason, Defendants promptly filed their Motion to Immediately Transfer, and are asking that the discretionary transfer issue be heard first.

### B.   The Basis for an *Ex Parte* Application for a May Hearing

The reason for this *ex parte* request for a hearing in May is that Defendants have been unable to secure a prompt hearing date on their Motion to Immediately Transfer. When Defendants first sought to meet and confer with Plaintiffs regarding the present motion, Plaintiffs stated they would only agree to a prompt hearing if Defendants executed a very lengthy, very substantive "stipulation" of fact. (*See* Benjamin Certificate, filed herewith,[3] ¶ 3). Defendants attempted to negotiate with Plaintiffs in good faith, but the negotiation consumed at least two weeks without resolution – by which time Defendants found out that all available hearing dates before the Court in May had disappeared, and that the first available hearing date was July 12, 2007. (*Id.*) Thus, unless this *ex parte* application is granted, the parties and Court will lose the opportunity created by *Sinochem* to have the transfer issue resolved ahead of the jurisdictional question.

### C.   Granting this *Ex Parte* Motion and Promptly Hearing Defendants' Motion to Immediately Transfer Will Likely Be of Great Benefit to the Parties and the Court

Having the transfer issue resolved first will likely be of great benefit the Court and the parties because it creates a potentially significant savings in resources for all. Presently, the parties have become embroiled in time consuming and costly "jurisdictional" discovery. This has already seen Plaintiffs serve over three hundred "jurisdictional" document requests to each Defendant, 77 interrogatories to each Defendant and 27 requests for admission to each Defendant;

---

[3] Certificate of Daniel M. Benjamin in Support of Defendants' Ex Parte Application under L.R. 7.1(j)&(k) to Obtain a May 2007 Hearing Date on Defendants' Motion to Immediately Transfer for Convenience, or in the Alternative to Schedule such Hearing No Later than June 20, 2007 ("Benjamin Certificate").

*CIVIL CASE NO. 06-CV-00025*   3
{G0021561.DOC;1}

take one depositions with three more scheduled; serve at least seven third party subpoenas; and file three motions to compel, all in an effort to find some basis for personal jurisdiction over the Defendants in this case. (Benjamin Certificate ¶ 4). Meanwhile, Plaintiffs have improperly refused to provide *any* substantive responses to Defendants' requests seeking Plaintiffs' basis for asserting personal jurisdiction in the first instance, and Defendants have initiated a meet and confer that will lead to further motion practice if a resolution is not reached. (*Id.*).[4]

All of this jurisdictional discovery could be mooted if the transfer issue is heard first and granted. Moreover, the Court and parties also could save substantial time with regard to the further briefing and upcoming argument on the jurisdictional issue, which is currently scheduled to occur over the next two months. As the Supreme Court stated in *Sinochem*, "where subject-matter or personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal, **the court properly takes the less burdensome course**." *Sinochem*, 549 U.S. at __, 127 S.Ct. at 1194 (emphasis added). Here, the far less burdensome course is to give an immediate hearing to the Motion to Transfer for Convenience.

### D. The Risk of Prejudice Is to Defendants, Not Plaintiffs

When Defendants first sought an earlier hearing date in their "Notice of Non-Agreement on Hearing Date" (*see* Docket No. 193), Plaintiffs filed in response a disingenuously titled "Agreement on [July 12] Hearing Date" in which they argued they could not agree to an earlier date because of the alleged "prejudice" that would create. (*See* Docket No. 198).[5]

---

[4] Indeed, given Plaintiffs' apparent failure to muster evidence to support personal jurisdiction, Defendants are increasingly concerned that Plaintiffs' new strategy is to put off the hearing on the motions to dismiss and transfer while they expand their discovery even further.

[5] Of course, since Defendants had not agreed to that date, the Court Clerk's office appropriately treated this as a non-agreement, with PACER presently indicating that there is no set hearing date and that the "Parties [are] unable to agree on hearing date."

*CIVIL CASE NO. 06-CV-00025*
{G0021561.DOC;1}

4

Plaintiffs are effectively asking the Court to "pocket veto" Defendants' Motion to Immediately Transfer by seeking to shelve it until a month after the hearing currently scheduled for Defendants' Motions to Dismiss or Transfer. Such an effective denial without consideration of Defendants' motion is the real prejudice at stake here. Plaintiffs' claim of "prejudice" on the other hand is not even plausible.

First, Plaintiffs already briefed the convenience issues when they brought their own motion to transfer in California. (*See* Benjamin Cert. Exh. B). Second, Plaintiffs have had Defendants' Motions to Dismiss or Transfer since they were filed in December 2006, so they have had more than ample time to study the convenience issues. (*See* Docket Nos. 74 & 89).

The only true burden to Plaintiffs is in addressing *Sinochem*, which Plaintiffs have known about since Defendants first approached Plaintiffs on March 26. Weighed against the resources that Plaintiffs are devoting to harassing "jurisdictional" discovery (while stonewalling all of Defendants' requests), and the upcoming burdens of briefing and argument, it makes no sense to put off a hearing on the Motion to Immediately Transfer. Indeed, but for the accident of the Court's crowded docket, this application would not even have been necessary as a hearing date well before July 12, 2006 might have been available.

E.   **Request for Relief**

For the reasons explained above, if it is possible for the Court to hear the Motion to Immediately Transfer in May, it is respectfully requested that a May hearing be scheduled. If not, it is respectfully asked that the Motion to Immediately Transfer be heard no later than the far less preferable date of June 22, in the event that Plaintiffs protract jurisdictional discovery and the Motion to Dismiss or Transfer is again delayed.

F.   **Compliance with the Local Rules**

1　　　　　　　In compliance with Local Rules 7.1(j)&(k), Defendants note that Plaintiffs in this

2  action are represented by two local attorneys and several attorneys who are admitted *pro hac vice*.

3  Their addresses are as follows:

4
5　　　　John S. Unpingco, Esq.
　　　　　Law Offices of John S. Unpingco
6　　　　　　& Associates, LLC
　　　　　777 Rte. 4, Suite 12B
7　　　　Sinajana, Guam 96910
　　　　　Tel: 671-475-8545
8　　　　Fax: 671-475-8550

9　　　　Joseph C. Razzano
　　　　　Teker Torres and Teker, P.C.
10　　　　Suite 2A, 130 Aspinall Avenue
　　　　　Hagåtña, Guam 96910-5018
11　　　　Tel: 671-477-9891/4
12　　　　Fax: 671-472-6201

13　　　　Michael W. Shore
　　　　　Alfonso G. Chan
14　　　　Martin Pascual
　　　　　Shore Chan Bragalone LLP
15　　　　Suite 4450
16　　　　325 North Saint Paul Street
　　　　　Dallas, TX 75201
17　　　　Tel: 214-593-9110
　　　　　Fax: 214-593-9111
18

19　　　　Kenneth E. Shore
　　　　　Vance P. Freeman
20　　　　Shore West Freeman, P.C.
　　　　　Suite 200
21　　　　2020 Billowens Parkway
　　　　　Longview, TX 75604
22　　　　Tel: 903-295-7200
23　　　　Fax: 903-295-7201

24　　　　　　　On April 23, 2007, Defendants' counsel informed Plaintiffs' counsel Joseph

25  Razzano of their intent to bring this application unless an agreement could be reached. (Benjamin

26  Certificate ¶ 7). Mr. Razzano responded that Plaintiffs would oppose the *ex parte* request, wished

27  to be served with any papers regarding it, and to be heard should there be a hearing thereon. (*Id.*)
28

1  This *ex parte* application is being served on Plaintiffs' local counsel with the accompanying
2  papers. (*Id.* ¶ 8).

3
4          Respectfully submitted this 25th day of April, 2007.

5                          **CALVO & CLARK, LLP**
                           **MILBANK, TWEED, HADLEY**
6                          **& MCCLOY LLP**
                           *Attorneys for Defendants*
7                          Fujitsu Limited and
                           Fujitsu Microelectronics America, Inc.
8
9                  By: _____
10                         **DANIEL M. BENJAMIN**