1  RODNEY J. JACOB, ESQ.
   DANIEL M. BENJAMIN, ESQ.
2  CALVO & CLARK, LLP
   Attorneys at Law
3  655 South Marine Corps Drive, Suite 202
   Tamuning, Guam 96913
4  Telephone:  (671) 646-9355
   Facsimile:   (671) 646-9403
5
   CHRISTOPHER E. CHALSEN, ESQ.
6  MICHAEL M. MURRAY, ESQ.
   LAWRENCE T. KASS, ESQ.
7  MILBANK, TWEED, HADLEY & MCCLOY LLP
   1 Chase Manhattan Plaza
8  New York, New York 10005
   Telephone:  (212) 530-5000
9  Facsimile:   (212) 822-5796

10 *Attorneys for Defendants*
   FUJITSU LIMITED, and
11 FUJITSU MICROELECTRONICS AMERICA, INC.

**FILED**
DISTRICT COURT OF GUAM
APR 25 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP. and NANYA TECHNOLOGY CORP. U.S.A., <br><br> Plaintiff, <br><br> vs. <br><br> FUJITSU LIMITED, FUJITSU MICROELECTRONICS AMERICA, INC., <br><br> Defendants. | CIVIL CASE NO. 06-CV-00025 <br><br> **CERTIFICATE OF DANIEL M. BENJAMIN IN SUPPORT OF DEFENDANTS' EX PARTE APPLICATION UNDER L.R. 7.1(j)&(k) TO OBTAIN A MAY 2007 HEARING DATE ON DEFENDANTS' MOTION TO IMMEDIATELY TRANSFER FOR CONVENIENCE** |

*CIVIL CASE NO. 06-CV-00025*
{G0021550.DOC;1}

**ORIGINAL**

1    I, Daniel M. Benjamin, declare and certify pursuant to L.R. 17.1(k):

2    1.    I am an attorney at Calvo & Clark, LLP, local counsel of record for Defendants Fujitsu Limited and Fujitsu Microelectronics America, Inc. in this matter. I make this declaration on personal knowledge, and if called as a witness, I could and would testify thereto.

3    2.    Defendants are applying ex parte to request that the Court, if possible, hear their motion to immediately transfer this action (*see* Docket No. 192) on the earliest available date in May 2007. Should no such date be available, Defendants alternatively respectfully request that the Court hear the motion no later than June 22, 2007 at the already scheduled hearings on their motions to dismiss or, in the alternative, to transfer (*see* Docket Nos. 74 & 89).

4    3.    The reason for this *ex parte* request for a hearing in May is that Defendants have been unable to secure a prompt hearing date on their Motion to Immediately Transfer. When Defendants first sought to meet and confer with Plaintiffs regarding the present motion, Plaintiffs stated they would only agree to a prompt hearing if Defendants executed a very lengthy, very substantive "stipulation" of fact. Defendants attempted to negotiate with Plaintiffs in good faith, but the negotiation consumed at least two weeks without resolution – by which time my office, upon inquiring as to available dates with the Clerk's office, was told that all available hearing dates before the Court in May had disappeared, and that the first available hearing date was July 12, 2007.

5    4.    Having the transfer issue resolved first will likely be of great benefit the Court and the parties because it creates a potentially significant savings in resources for all. Presently, the parties have become embroiled in time consuming and costly "jurisdictional" discovery. This has already seen Plaintiffs serve over three hundred "jurisdictional" document requests to each Defendant, 77 interrogatories to each Defendant and 27 requests for admission to each Defendant; take one depositions with three more scheduled; serve at least seven third party subpoenas; and

*CIVIL CASE NO. 06-CV-00025*    1
{G0021550.DOC;1}

file three motions to compel, all in an effort to find some basis for personal jurisdiction over the Defendants in this case. Meanwhile, Plaintiffs have improperly refused to provide *any* substantive responses to Defendants' requests seeking Plaintiffs' basis for asserting personal jurisdiction in the first instance. A true and correct copy of these responses are attached hereto as Exhibit "A." Defendants accordingly will be initiating a meet and confer that could lead to further motion practice if a resolution is not reached.

5. All of this jurisdictional discovery could be mooted out if the transfer issue is heard first (assuming, of course, that the Court determines to exercise its discretion to transfer). Moreover, the Court and parties also could save substantial time with regard to the further briefing and upcoming argument on the jurisdictional issues. Notably, Plaintiffs already extensively litigated the convenience issues when they brought their own motion to transfer in California. A true and correct copy of Plaintiffs' briefs from the California action are attached hereto as Exhibit "B."

6. In compliance with Local Rules 7.1(j)&(k), I note that Plaintiffs in this action are represented by two local attorneys and several attorneys who are admitted pro hac vice. Their addresses are as follows:

> John S. Unpingco, Esq.
> Law Offices of John S. Unpingco
>   & Associates, LLC
> 777 Rte. 4, Suite 12B
> Sinajana, Guam 96910
> Tel: 671-475-8545
> Fax: 671-475-8550
>
> Joseph C. Razzano
> Teker Torres and Teker, P.C.
> Suite 2A, 130 Aspinall Avenue
> Hagåtña, Guam 96910-5018
> Tel: 671-477-9891/4
> Fax: 671-472-6201
> Michael W. Shore
> Alfonso G. Chan

Martin Pascual
Shore Chan Bragalone LLP
Suite 4450
325 North Saint Paul Street
Dallas, TX 75201
Tel: 214-593-9110
Fax: 214-593-9111

Kenneth E. Shore
Vance P. Freeman
Shore West Freeman, P.C.
Suite 200
2020 Billowens Parkway
Longview, TX 75604
Tel: 903-295-7200
Fax: 903-295-7201

7. On April 23, 2007, following the hearing before the Court, I informed Plaintiffs' counsel Joseph Razzano of our intent to bring this application unless an agreement could be reached. Mr. Razzano responded that Plaintiffs would oppose the *ex parte* request, wished to be served with any papers regarding it, and to be heard should there be a hearing thereon.

8. I will cause this *ex parte* application to be served on Plaintiffs' local counsel with the accompanying papers immediately after its filing.

I declare under penalty of perjury pursuant to the laws of the United States and of the Territory of Guam that the foregoing declaration is true and correct.

Executed this 25th day of April, 2007 in Tamuning, Guam.

_____
DANIEL M. BENJAMIN

*CIVIL CASE NO. 06-CV-00025*    3
{G0021550.DOC;1}