# EXHIBIT A

1   **TEKER TORRES & TEKER, P.C.**
    130 Asinall Avenue, Suite 2A
2   Hagatna, Guam 96910
    671-477-9891 Telephone
3   671-472-2601 Facsimile

4   **UNPINGCO & ASSOCIATES, LLC**
    Sinajana Mall, Suite 12B
5   Sinajana, Guam
    671-475-8545 Telephone
6   671-475-8550 Facsimile

7   **SHORE CHAN BRAGALONE LLP**
    325 North Saint Paul Street, Suite 4450
8   Dallas, Texas 75201
    214-593-9110 Telephone
9   214-593-9111 Facsimile

10  ATTORNEYS FOR PLAINTIFFS
    Nanya Technology Corp. and
11  Nanya Technology Corp. U.S.A.

12              **UNITED STATES DISTRICT COURT**

13                    **DISTRICT OF GUAM**

14

15  NANYA TECHNOLOGY CORP. and              Case No. CV-06-00025
    NANYA TECHNOLOGY CORP. U.S.A.,
16
                    *Plaintiffs,*           **PLAINTIFFS' OBJECTIONS AND**
17                                          **RESPONSES TO FUJITSU**
    v.                                      **MICROELECTRONICS AMERICA,**
18                                          **INC.'S FIRST SET OF**
    FUJITSU LIMITED and FUJITSU             **INTERROGATORIES (NOS. 1-6)**
19  MICROELECTRONICS AMERICA, INC.,
20
                    *Defendants.*
21

22          Pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, Plaintiffs

23  Nanya Technology Corp. and Nanya Technology Corp. U.S.A. hereby serve the following Objections

24  and Responses to Fujitsu Microelectronics America, Inc.'s First Set of Interrogatories (Nos. 1-6).

25  Plaintiffs hereby reserve the right to unilaterally and unconditionally revise, supplement, and otherwise

26  change any and/or all objections and responses to these interrogatories.

27

28

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.    Plaintiffs object to the definitions incorporated by reference to Fujitsu Microelectronics America, Inc.'s First Set of Requests for Production, by incorporating by reference Plaintiffs' objections to such definitions set forth in Plaintiffs' Objections and Responses to Fujitsu Microelectronics America, Inc.'s First Set of Requests for Production.

2.    Plaintiffs object to Footnote No. 1 and Defendants' attempted disclaimer that they are not substantively participating in the present lawsuit in Guam.

3.    Plaintiffs object to Instruction No. 3 to the extent it recites privilege log requirements in excess of the requirements called for by this Court, Ninth Circuit precedent, and the Federal Rules of Civil Procedure.

4.    Plaintiffs object to Instruction No. 10 to the extent it recites requirements in excess of Federal Rule of Civil Procedure 33(d).

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

Subject to the foregoing objections, Plaintiffs further object and respond as follows:

### INTERROGATORY NO. 1

Separately for each alleged basis of jurisdiction over FMA under Section 12 of the Clayton Act (a) state each such basis of jurisdiction; (b) state each fact supporting each basis; and (c) for each fact, identify all evidence supporting that fact.

### OBJECTIONS AND RESPONSE:

Plaintiffs object to Interrogatory No. 1 as premature.  Neither Defendant has served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a).  Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation whatsoever to respond.

Plaintiffs object to Interrogatory No. 1 because it seeks information regarding the pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by Plaintiffs' counsel, and Plaintiffs' Response in Opposition to Fujitsu Microelectronics America, Inc.'s Motion to Dismiss or Transfer to the Northern District of California and for a More Definite Statement

1  ("Plaintiffs' Response"), which is still being prepared by Plaintiffs' counsel and has not yet been filed.

2  Such information is protected by the work product privilege and doctrine.

3  Plaintiffs object to Interrogatory No. 1 as premature because it seeks information that is the

4  subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due

5  until May 15, 2007.

6  Plaintiffs object to Interrogatory No. 1 because it calls for the product of jurisdictional

7  discovery that Defendant Fujitsu Microelectronics America, Inc. ("FMA") and Defendant Fujitsu Ltd.

8  have not yet yielded.

9  Plaintiffs object to Interrogatory No. 1 to the extent it recites at least three discrete subparts (a),

10  (b), and (c), and thus counts as three separate interrogatories (*i.e.*, Interrogatories Nos. 1-3) according

11  to Federal Rule of Civil Procedure 33(a).

12  Subject to the foregoing objections, Plaintiffs will provide information responsive to

13  Interrogatory No. 1 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May

14  15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response

15  seasonably after Defendants yield all requested jurisdictional discovery.

16  **INTERROGATORY NO. 2**

17  Separately for each alleged basis of jurisdiction over Fujitsu under Section 12 of the Clayton

18  Act (a) state each such basis of jurisdiction; (b) state each fact supporting each basis; and (c) for each

19  fact, identify all evidence supporting that fact.

20  **OBJECTIONS AND RESPONSE:**

21  Plaintiffs object to Interrogatory No. 2 as premature.  Neither Defendant has served pre-

22  discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure

23  26(a).  Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation

24  whatsoever to respond.

25  Plaintiffs object to Interrogatory No. 2 because it seeks information regarding the pre-suit

26  investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by

27  Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has

28

1 | not yet been filed. Such information is protected by the work product privilege and doctrine.

2 |      Plaintiffs object to Interrogatory No. 2 as premature because it seeks information that is the
3 | subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due
4 | until May 15, 2007.

5 |      Plaintiffs object to Interrogatory No. 2 because it calls for the product of jurisdictional
6 | discovery that Defendants have not yet yielded.

7 |      Plaintiffs object to Interrogatory No. 2 to the extent it recites at least three discrete subparts (a),
8 | (b), and (c), and thus counts as three separate interrogatories (*i.e.*, Interrogatories Nos. 4-6) according
9 | to Federal Rule of Civil Procedure 33(a).

10 |      Subject to the foregoing objections, Plaintiffs will provide information responsive to
11 | Interrogatory No. 2 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May
12 | 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response
13 | seasonably after Defendants yield all requested jurisdictional discovery.

14 | **INTERROGATORY NO. 3**

15 |      Separately for each alleged basis of jurisdiction over FMA not under Section 12 of the Clayton
16 | Act (a) state each such basis of jurisdiction; (b) state each fact supporting each basis; and (c) for each
17 | fact, identify all evidence supporting that fact.

18 | **OBJECTIONS AND RESPONSE:**

19 |      Plaintiffs object to Interrogatory No. 3 as premature. Neither Defendant has served pre-
20 | discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure
21 | 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation
22 | whatsoever to respond.

23 |      Plaintiffs object to Interrogatory No. 3 because it seeks information regarding the pre-suit
24 | investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by
25 | Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has
26 | not yet been filed. Such information is protected by the work product privilege and doctrine.

27 |      Plaintiffs object to Interrogatory No. 3 as premature because it seeks information that is the

28 |

1 subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due
2 until May 15, 2007.

3     Plaintiffs object to Interrogatory No. 3 because it calls for the product of jurisdictional
4 discovery that Defendant have not yet yielded.

5     Plaintiffs object to Interrogatory No. 3 to the extent it recites at least three discrete subparts (a),
6 (b), and (c), and thus counts as three separate interrogatories (*i.e.*, Interrogatories Nos. 7-9) according
7 to Federal Rule of Civil Procedure 33(a).

8     Subject to the foregoing objections, Plaintiffs will provide information responsive to
9 Interrogatory No. 3 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May
10 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response
11 seasonably after Defendants yield all requested jurisdictional discovery

12 **INTERROGATORY NO. 4**

13     Separately for each alleged basis of jurisdiction over Fujitsu not under Section 12 of the
14 Clayton Act (a) state each such basis of jurisdiction; (b) state each fact supporting each basis; and (c)
15 for each fact, identify all evidence supporting that fact.

16 **OBJECTIONS AND RESPONSE:**

17     Plaintiffs object to Interrogatory No. 4 as premature.  Neither Defendant has served pre-
18 discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure
19 26(a).  Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation
20 whatsoever to respond.

21     Plaintiffs object to Interrogatory No. 4 because it seeks information regarding the pre-suit
22 investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by
23 Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has
24 not yet been filed.  Such information is protected by the work product privilege and doctrine.

25     Plaintiffs object to Interrogatory No. 4 as premature because it seeks information that is the
26 subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due
27 until May 15, 2007.

28

1    Plaintiffs object to Interrogatory No. 4 because it calls for the product of jurisdictional
2    discovery that Defendants have not yet yielded.

3    Plaintiffs object to Interrogatory No. 4 to the extent it recites at least three discrete subparts (a),
4    (b), and (c), and thus counts as three separate interrogatories (*i.e.*, Interrogatories Nos. 10-12)
5    according to Federal Rule of Civil Procedure 33(a).

6    Subject to the foregoing objections, Plaintiffs will provide information responsive to
7    Interrogatory No. 4 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May
8    15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response
9    seasonably after Defendants yield all requested jurisdictional discovery

10   **INTERROGATORY NO. 5**

11   Separately for each product that you assert to be a contact with Guam out of which your claim
12   for infringement arises against Fujitsu under a stream of commerce theory of specific jurisdiction, and
13   for each product identified in your Second Sets of Jurisdictional requests for Production to Defendants
14   Fujitsu and FMA, dated February 9, 2007: (a) state each basis for alleging infringement against
15   Fujitsu; (b) state each fact supporting each basis; and (c) for each fact, identify all evidence supporting
16   that fact.

17   **OBJECTIONS AND RESPONSE:**

18   Plaintiffs object to Interrogatory No. 5 as premature.   Neither Defendant has served pre-
19   discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure
20   26(a).   Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation
21   whatsoever to respond.

22   Plaintiffs object to Interrogatory No. 5 because it seeks information regarding the pre-suit
23   investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by
24   Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has
25   not yet been filed. Such information is protected by the work product privilege and doctrine.

26   Plaintiffs object to Interrogatory No. 5 as premature because it seeks information that is the
27   subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due

28

until May 15, 2007.

Plaintiffs object to Interrogatory No. 5 because it calls for the product of jurisdictional discovery that Defendants have not yet yielded.

Plaintiffs object to Interrogatory No. 5 to the extent it recites at least three discrete subparts (a), (b), and (c), and thus counts as three separate interrogatories (*i.e.*, Interrogatories Nos. 13-15) according to Federal Rule of Civil Procedure 33(a).

Subject to the foregoing objections, Plaintiffs will provide information responsive to Interrogatory No. 5 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response seasonably after Defendants yield all requested jurisdictional discovery

**INTERROGATORY NO. 6**

Separately for each product that you assert to be a contact with Guam out of which your claim for infringement arises against FMA under a stream of commerce theory of specific jurisdiction, and for each product identified in your Second Sets of Jurisdictional requests for Production to Defendants Fujitsu and FMA, dated February 9, 2007: (a) state each basis for alleging infringement against FMA; (b) state each fact supporting each basis; and (c) for each fact, identify all evidence supporting that fact.

**OBJECTIONS AND RESPONSE:**

Plaintiffs object to Interrogatory No. 6 as premature. Neither Defendant has served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation whatsoever to respond.

Plaintiffs object to Interrogatory No. 6 because it seeks information regarding the pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has not yet been filed. Such information is protected by the work product privilege and doctrine.

Plaintiffs object to Interrogatory No. 6 as premature because it seeks information that is the

1  subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due

2  until May 15, 2007.

3      Plaintiffs object to Interrogatory No. 6 because it calls for the product of jurisdictional

4  discovery that Defendants have not yet yielded.

5      Plaintiffs object to Interrogatory No. 6 to the extent it recites at least three discrete subparts (a),

6  (b), and (c), and thus counts as three separate interrogatories (*i.e.*, Interrogatories Nos. 16-18)

7  according to Federal Rule of Civil Procedure 33(a).

8      Subject to the foregoing objections, Plaintiffs will provide information responsive to

9  Interrogatory No. 6 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May

10  15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response

11  seasonably after Defendants yield all requested jurisdictional discovery.

12                          **VERIFICATION**

13      Plaintiffs will provide a verification after Defendants make their pre-discovery disclosures and

14  after Plaintiffs supplement their responses in view of Defendants yielding all jurisdictional discovery.

15

16  Dated: April 23, 2007                SHORE CHAN BRAGALONE LLP

17

18                          By   /s/ Alfonso Garcia Chan
                                 ALFONSO GARCIA CHAN

19                          TEKER TORRES & TEKER, P.C.

20
                            UNPINGO & ASSOCIATES, LLC
21

22                          ATTORNEYS FOR PLAINTIFFS
                            NANYA TECHNOLOGY CORP., and
23                          NANYA TECHNOLOGY CORP, U.S.A.

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the

following counsel of record via electronic mail and confirmatory first class mail on April 23, 2007:

Rodney J. Jacob                          Michael M. Murray
Daniel M. Benjamin                       Milbank Tweed Hadley & McCloy LLP
Calvo & Clark, LLP                       1 Chase Manhattan Plaza
655 South Marine Corps Dr., Suite 202    New York, New York 10005-1413
Tamuning, Guam 96913


                                         /s/ Alfonso Garcia Chan
                                         ALFONSO GARCIA CHAN

                                         ATTORNEYS FOR PLAINTIFFS
                                         Nanya Technology Corp. and
                                         Nanya Technology Corp. U.S.A.

JOSEPH C. RAZZANO, ESQ.
TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM  96910
TELEPHONE: (671) 477-9891/4
FACSIMILE:   (671) 472-2601

JOHN S. UNPINGCO, ESQ.
UNPINGCO & ASSOCIATES, LLC
SUITE 12B, SINAJANA MALL
SINAJANA, GUAM
TELEPHONE: (671) 475-8545
FACSIMILE: (671) 475-8550

MICHAEL W. SHORE
ALFONSO GARCIA CHAN
MARTIN PASCUAL
SHORE CHAN BRAGALONE, LLP
325 NORTH SAINT PAUL STREET, SUITE 4450
DALLAS, TEXAS 75201
TELEPHONE: (214) 593-9110
FACSIMILE: (214) 593-9111

*Attorneys for Plaintiffs*
*Nanya Technology Corp. and*
*Nanya Technology Corp. U.S.A.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP. and<br>NANYA TECHNOLOGY CORP. U.S.A., | Case No. CV-06-00025 |
| *Plaintiffs,* | **PLAINTIFF NANYA TECHNOLOGY**<br>**CORPORATION'S OBJECTIONS AND**<br>**RESPONSES TO FUJITSU** |
| v. | **MICROELECTRONICS AMERICA,** |
| FUJITSU LIMITED and FUJITSU<br>MICROELECTRONICS AMERICA, INC., | **INC.'S FIRST SET OF REQUESTS FOR**<br>**ADMISSIONS (NOS. 1-34)** |
| *Defendants.* | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, Plaintiff Nanya Technology Corp. ("NTC ") hereby serves the following Responses and Objections to admissions upon Defendant Fujitsu Microelectronics America, Inc. ("FMA"). NTC hereby reserves the right to supplement all responses to these admissions in accordance with Federal Rules of Civil Procedure 26(e).

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      NTC objects to the definitions of "Nanya," "you" and "your" to the extent that they encompass "all predecessor or successor companies or corporations" that are not currently part of NTC, to the extent they encompass "present ... investigators, accountants, consultants, attorneys, other representatives, or any other persons acting or purporting to act on behalf of any of them" who are not part of NTC, to the extent they encompass "consultants" otherwise protected by the consulting expert privilege, to the extent they encompass "attorneys" otherwise protected by the attorney client and/or work product privileges, and to the extent they encompass "former offices, directors, employees, agents, investigators, accountants, consultants, attorneys, other representatives, or any other persons acting or purporting to act on behalf of any of them" that are not currently part of NTC.

2.      NTC objects to the definition of "document" to the extent it purports to cover subject matter in excess of Federal Rule of Civil Procedure 34.

3.      NTC objects to the definition of "electronically stored information" to the extent it purports to cover subject matter in excess of Federal Rule of Civil Procedure 34.

4.      NTC objects to the definition of "identify" to the extent it calls for a response in excess of the minimum requirements of Federal Rule of Civil Procedure 36.

5.      NTC objects to the Instructions generally to the extent they call for a response in excess of the minimum requirements of Federal Rule of Civil Procedure 36.

6.      NTC objects to Instruction No. 7 to the extent it recites privilege log requirements in

1   excess of the requirements called for by this Court, Ninth Circuit precedent, and the Federal Rules of

2   Civil Procedure.

3       7.      NTC objects to Footnote No. 1 and Defendants' attempted disclaimer that they are not

4   substantively participating in the present lawsuit in Guam.

5

6                   **RESPONSES AND OBJECTIONS TO FMA'S ADMISSIONS**

7       Subject to the foregoing objections, NTC further objects and responds as follows:

8   **REQUEST FOR ADMISSION NO. 1:**

9       Admit that Nanya does not maintain any offices in Guam.

10  **OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 1:**

11      NTC objects to Request for Admission No. 1 as premature. FMA has not served pre-discovery

12
    disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a).
13
    Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to
14

15  respond. NTC further objects to Request for Admission No. 1 as seeking irrelevant to any claim or

16  defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the

17  foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called

18
    for by Request for Admission No. 1 seasonably after FMA serves its Local Rule 26.2 pre-discovery
19
    disclosures.
20

21  **REQUEST FOR ADMISSION NO. 2:**

22      Admit that Nanya does not maintain any operations in Guam.

23  **OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 2:**

24      NTC objects to Request for Admission No. 2 as premature. FMA has not served pre-discovery

25  disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a).

26
    Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to
27
    respond. NTC further objects to Request for Admission No. 2 as seeking irrelevant to any claim or
28

---

**PLAINTIFF NANYA TECHNOLOGY CORPORATION'S**
**OBJECTIONS AND RESPONSES TO FUJITSU MICROELECTRONICS**
**AMERICA, INC.'S FIRST SET OF REQUESTS FOR ADMISSIONS (NOS. 1-34)**                    PAGE 3

defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 2 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 3**:

Admit that Nanya does not have any employees in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 3:**

NTC objects to Request for Admission No. 3 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 3 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 3 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Nanya does not have any affiliates in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 4:**

NTC objects to Request for Admission No. 4 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 4 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called

for by Request for Admission No. 4 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 5:**

Admit that Nanya does not have any salespersons in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 5:**

NTC objects to Request for Admission No. 5 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 5 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 5 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 6:**

Admit that Nanya has not advertised any products in the Guam local newspapers or Guam local magazines in the six years before the Complaint was filed in this action.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 6:**

NTC objects to Request for Admission No. 6 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 6 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 6 seasonably after FMA serves its Local Rule 26.2 pre-discovery

disclosures.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Nanya has not advertised any services in the Guam local newspapers or Guam local magazines in the six years before the Complaint was filed in this action.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 7:**

NTC objects to Request for Admission No. 7 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 7 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 7 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 8:**

Admit that Nanya does not have real property in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 8:**

NTC objects to Request for Admission No. 8 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 8 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 8 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 9:**

Admit that Nanya does not lease any facility in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 9:**

NTC objects to Request for Admission No. 9 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 9 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 9 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Nanya does not have a bank account in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 10:**

NTC objects to Request for Admission No. 10 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 10 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 10 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 11:**

Admit that Nanya does not maintain a telephone number in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 11:**

NTC objects to Request for Admission No. 11 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 11 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 11 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 12:**

Admit that Nanya does not maintain a telefax number in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 12:**

NTC objects to Request for Admission No. 12 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 12 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 12 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 13:**

Admit that Nanya does not have a telex number in Guam.

1

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 13:**

2

NTC objects to Request for Admission No. 13 as premature.  FMA has not served pre-

3

discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure

4

26(a).  Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever

5

to respond.  NTC further objects to Request for Admission No. 13 as seeking irrelevant to any claim or

6

defense at issue in this case, including but not limited to jurisdiction and convenience.  Subject to the

7

foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called

8

for by Request for Admission No. 13 seasonably after FMA serves its Local Rule 26.2 pre-discovery

9

disclosures.

10

11

**REQUEST FOR ADMISSION NO. 14:**

12

Admit that Nanya does not have any directors in Guam.

13

14

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 14:**

15

NTC objects to Request for Admission No. 14 as premature.  FMA has not served pre-

16

discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure

17

26(a).  Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever

18

to respond.  NTC further objects to Request for Admission No. 14 as seeking irrelevant to any claim or

19

defense at issue in this case, including but not limited to jurisdiction and convenience.  Subject to the

20

foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called

21

for by Request for Admission No. 14 seasonably after FMA serves its Local Rule 26.2 pre-discovery

22

disclosures.

23

24

**REQUEST FOR ADMISSION NO. 15:**

25

Admit that Nanya does not have any officers in Guam.

26

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 15:**

27

NTC objects to Request for Admission No. 15 as premature.  FMA has not served pre-

28

discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 15 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 15 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 16:**

Admit that Nanya does not maintain a post office box in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 16:**

NTC objects to Request for Admission No. 16 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 16 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 16 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 17:**

Admit that Nanya does not maintain a street address in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 17:**

NTC objects to Request for Admission No. 17 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever

to respond. NTC further objects to Request for Admission No. 17 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 17 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 18:**

Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No. 06-CV-00025 in the District of Guam, Nanya has never been party to a lawsuit or legal proceeding in any Guam Federal District Court.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 18:**

NTC objects to Request for Admission No. 18 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 18 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 18 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 19:**

Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No. 06-CV-00025 in the District of Guam, Nanya did not have in Guam any documents relevant to the subject matter of this lawsuit.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 19:**

NTC objects to Request for Admission No. 19 as premature. FMA has not served pre-

discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 19 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 19 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 20:**

Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No. 06-CV-00025 in the District of Guam, Nanya had not appointed an agent in Guam for service of process.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 20:**

NTC objects to Request for Admission No. 20 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 20 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 20 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 21:**

Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No. 06-CV-00025 in the District of Guam, Nanya had not negotiated any agreements in Guam concerning the subject matter of this action.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 21:**

NTC objects to Request for Admission No. 21 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 21 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 21 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 22:**

Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No. 06-CV-00025 in the District of Guam, Nanya had not executed any agreements in Guam concerning the subject matter of this action.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 22:**

NTC objects to Request for Admission No. 22 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 22 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 22 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 23:**

Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No.

1  06-CV-00025 in the District of Guam, Nanya had not executed any agreements that called for Nanya's

2  performance in Guam concerning the subject matter of this action.

3  **OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 23:**

4

5         NTC objects to Request for Admission No. 23 as premature.  FMA has not served pre-

6  discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure

7  26(a).  Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever

8  to respond.  NTC further objects to Request for Admission No. 23 as seeking irrelevant to any claim or

9  defense at issue in this case, including but not limited to jurisdiction and convenience.  Subject to the

10  foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called

11  for by Request for Admission No. 23 seasonably after FMA serves its Local Rule 26.2 pre-discovery

12  disclosures.

13

14  **REQUEST FOR ADMISSION NO. 24:**

15         Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No.

16  06-CV-00025 in the District of Guam, Nanya had no correspondence with Fujitsu in Guam.

17  **OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 24:**

18
         NTC objects to Request for Admission No. 24 as premature.  FMA has not served pre-
19
   discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure
20
   26(a).  Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever
21
22  to respond.  NTC further objects to Request for Admission No. 24 as seeking irrelevant to any claim or

23  defense at issue in this case, including but not limited to jurisdiction and convenience.  Subject to the

24  foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called

25  for by Request for Admission No. 24 seasonably after FMA serves its Local Rule 26.2 pre-discovery

26  disclosures.

27

28

**REQUEST FOR ADMISSION NO. 25:**

Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No. 06-CV-00025 in the District of Guam, Nanya had no correspondence with FMA in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 25:**

NTC objects to Request for Admission No. 25 as premature.  FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a).  Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond.  NTC further objects to Request for Admission No. 25 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience.  Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 25 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 26:**

Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No. 06-CV-00025 in the District of Guam, Nanya had no correspondence with Fujitsu relating to any business in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 26:**

NTC objects to Request for Admission No. 26 as premature.  FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a).  Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond.  NTC further objects to Request for Admission No. 26 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience.  Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 26 seasonably after FMA serves its Local Rule 26.2 pre-discovery

disclosures.

**REQUEST FOR ADMISSION NO. 27:**

Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No. 06-CV-00025 in the District of Guam, Nanya had no correspondence with FMA relating to any business in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 27:**

NTC objects to Request for Admission No. 27 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 27 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 27 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 28:**

Admit that Nanya does not file a tax return in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 28:**

NTC objects to Request for Admission No. 28 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 28 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 28 seasonably after FMA serves its Local Rule 26.2 pre-discovery

1  disclosures.

2  **REQUEST FOR ADMISSION NO. 29:**

3
4      Admit that Nanya does not distribute any products concerning the subject matter of this action
   in Guam.

5

6  **OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 29:**

7      NTC objects to Request for Admission No. 29 as premature.  FMA has not served pre-

8  discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure

9  26(a).  Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever

10  to respond.  NTC further objects to Request for Admission No. 29 as seeking irrelevant to any claim or

11  defense at issue in this case, including but not limited to jurisdiction and convenience.  Subject to the

12  foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called

13  for by Request for Admission No. 29 seasonably after FMA serves its Local Rule 26.2 pre-discovery

14  disclosures.

15

16  **REQUEST FOR ADMISSION NO. 30:**

17      Admit that Nanya Accused Products are offered for sale in the Northern District of California.

18  **OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 30:**

19
20      NTC objects to Request for Admission No. 30 as premature.  FMA has not served pre-

21  discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure

22  26(a).  Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever

23  to respond.  NTC further objects to Request for Admission No. 30 as seeking irrelevant to any claim or

24  defense at issue in this case, including but not limited to jurisdiction and convenience.  Subject to the

25  foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called

26  for by Request for Admission No. 30 seasonably after FMA serves its Local Rule 26.2 pre-discovery

27  disclosures.

28

**REQUEST FOR ADMISSION NO. 31:**

Admit that Nanya Accused Products are sold in the Northern District of California.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 31:**

NTC objects to Request for Admission No. 31 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 31 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 31 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 32:**

Admit that Nanya Accused Products are imported into the Northern District of California.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 32:**

NTC objects to Request for Admission No. 32 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 32 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 32 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 33:**

Admit that Nanya obtains revenue from Nanya Accused Products sold within the Northern District of California.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 33:**

NTC objects to Request for Admission No. 33 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 33 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 33 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 34:**

Admit that the United States District Court for the Northern District of California has personal jurisdiction over Nanya.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 34:**

NTC objects to Request for Admission No. 34 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 34 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. NTC further objects to Request for Admission No. 34 as not seeking facts, but a legal conclusion for a court to decide. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 34 seasonably after FMA serves its Local Rule

1    26.2 pre-discovery disclosures.

2

3    Dated: April 23, 2007                          SHORE CHAN BRAGALONE LLP

4

5                                                   By:    /s/ Alfonso Garcia Chan
                                                          ALFONSO GARCIA CHAN, ESQ.
6                                                         (admitted *pro hac vice*)

7                                                   ATTORNEYS FOR PLAINTIFFS
                                                    Nanya Technology Corp. and
8                                                   Nanya Technology Corp. U.S.A.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **CERTIFICATE OF SERVICE**

2

3      I hereby certify that a true and correct copy of the foregoing document was served on the

4   following counsel of record via electronic mail and confirmatory first class mail on April 23, 2007:

5      Rodney J. Jacob                          Michael M. Murray
       Daniel M. Benjamin                       Milbank Tweed Hadley & McCloy LLP
6      Calvo & Clark, LLP                        1 Chase Manhattan Plaza
       655 South Marine Corps Dr., Suite 202     New York, New York 10005-1413
7      Tamuning, Guam 96913

8

9                                               /s/ Alfonso Garcia Chan            .
                                                ALFONSO GARCIA CHAN
10

11                                              ATTORNEYS FOR PLAINTIFFS
                                                Nanya Technology Corp. and
12                                              Nanya Technology Corp. U.S.A.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOSEPH C. RAZZANO, ESQ.
**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM  96910
TELEPHONE: (671) 477-9891/4
FACSIMILE:   (671) 472-2601

**JOHN S. UNPINGCO, ESQ.**
**UNPINGCO & ASSOCIATES, LLC**
SUITE 12B, SINAJANA MALL
SINAJANA, GUAM
TELEPHONE: (671) 475-8545
FACSIMILE: (671) 475-8550

**MICHAEL W. SHORE**
**ALFONSO GARCIA CHAN**
**MARTIN PASCUAL**
**SHORE CHAN BRAGALONE, LLP**
325 NORTH SAINT PAUL STREET, SUITE 4450
DALLAS, TEXAS 75201
TELEPHONE: (214) 593-9110
FACSIMILE: (214) 593-9111

*Attorneys for Plaintiffs*
*Nanya Technology Corp. and*
*Nanya Technology Corp. U.S.A.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP. and<br>NANYA TECHNOLOGY CORP. U.S.A.,<br><br>*Plaintiffs,*<br><br>v.<br><br>FUJITSU LIMITED and FUJITSU<br>MICROELECTRONICS AMERICA, INC.,<br><br>*Defendants.* | Case No. CV-06-00025<br><br><br>**PLAINTIFF NANYA TECHNOLOGY<br>CORPORATION U.S.A.'S OBJECTIONS<br>AND RESPONSES TO FUJITSU<br>MICROELECTRONICS AMERICA,<br>INC.'S FIRST SET OF REQUESTS FOR<br>ADMISSIONS (NOS. 1-34)** |

1  |  Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court,

2  |  Plaintiff Nanya Technology Corp. U.S.A. ("NTC USA") hereby serves the following Responses and

3  |  Objections to admissions upon Defendant Fujitsu Microelectronics America, Inc. ("FMA"). NTC USA

4  |  
5  |  hereby reserves the right to supplement all responses to these admissions in accordance with Federal

6  |  Rules of Civil Procedure 26(e).

7  |  ### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

8  |  1.    NTC USA objects to the definitions of "Nanya USA," "you" and "your" to the extent

9  |  that they encompass "all predecessor or successor companies or corporations" that are not currently

10 |  part of NTC USA, to the extent they encompass "present … investigators, accountants, consultants,

11 |  attorneys, other representatives, or any other persons acting or purporting to act on behalf of any of

12 |  
13 |  them" who are not part of NTC USA, to the extent they encompass "consultants" otherwise protected

14 |  by the consulting expert privilege, to the extent they encompass "attorneys" otherwise protected by the

15 |  attorney client and/or work product privileges, and to the extent they encompass "former offices,

16 |  directors, employees, agents, investigators, accountants, consultants, attorneys, other representatives,

17 |  or any other persons acting or purporting to act on behalf of any of them" that are not currently part of

18 |  NTC USA.

19 |  
20 |  2.    NTC USA objects to the definition of "document" to the extent it purports to cover

21 |  subject matter in excess of Federal Rule of Civil Procedure 34.

22 |  3.    NTC USA objects to the definition of "electronically stored information" to the extent it

23 |  purports to cover subject matter in excess of Federal Rule of Civil Procedure 34.

24 |  4.    NTC USA objects to the definition of "identify" to the extent it calls for a response in

25 |  excess of the minimum requirements of Federal Rule of Civil Procedure 36.

26 |  5.    NTC USA objects to the Instructions generally to the extent they call for a response in

27 |  excess of the minimum requirements of Federal Rule of Civil Procedure 36.

28 |

6.    NTC USA objects to Instruction No. 7 to the extent it recites privilege log requirements in excess of the requirements called for by this Court, Ninth Circuit precedent, and the Federal Rules of Civil Procedure.

7.    NTC USA objects to Footnote No. 1 and Defendants' attempted disclaimer that they are not substantively participating in the present lawsuit in Guam.

### RESPONSES AND OBJECTIONS TO FMA'S ADMISSIONS

Subject to the foregoing objections, NTC USA further objects and responds as follows:

### REQUEST FOR ADMISSION NO. 1:

Admit that Nanya USA does not maintain any offices in Guam.

### OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 1:

NTC USA objects to Request for Admission No. 1 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 1 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 1 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

### REQUEST FOR ADMISSION NO. 2:

Admit that Nanya USA does not maintain any operations in Guam.

### OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 2:

NTC USA objects to Request for Admission No. 2 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation

whatsoever to respond.   NTC USA further objects to Request for Admission No. 2 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience.   Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 2 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 3**:

Admit that Nanya USA does not have any employees in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 3:**

NTC USA objects to Request for Admission No. 3 as premature.   FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a).   Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond.   NTC USA further objects to Request for Admission No. 3 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience.   Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 3 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Nanya USA does not have any affiliates in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 4:**

NTC USA objects to Request for Admission No. 4 as premature.   FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a).   Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond.   NTC USA further objects to Request for Admission No. 4 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and

convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 4 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 5:**

Admit that Nanya USA does not have any salespersons in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 5:**

NTC USA objects to Request for Admission No. 5 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 5 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 5 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 6:**

Admit that Nanya USA has not advertised any products in the Guam local newspapers or Guam local magazines in the six years before the Complaint was filed in this action.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 6:**

NTC USA objects to Request for Admission No. 6 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 6 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the

relevant subject matter, if any, called for by Request for Admission No. 6 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Nanya USA has not advertised any services in the Guam local newspapers or Guam local magazines in the six years before the Complaint was filed in this action.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 7:**

NTC USA objects to Request for Admission No. 7 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 7 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 7 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 8:**

Admit that Nanya USA does not have real property in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 8:**

NTC USA objects to Request for Admission No. 8 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 8 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 8 seasonably after FMA serves

its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 9:**

Admit that Nanya USA does not lease any facility in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 9:**

NTC USA objects to Request for Admission No. 9 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 9 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 9 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Nanya USA does not have a bank account in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 10:**

NTC USA objects to Request for Admission No. 10 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 10 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 10 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 11:**

Admit that Nanya USA does not maintain a telephone number in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 11:**

NTC USA objects to Request for Admission No. 11 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 11 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 11 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 12:**

Admit that Nanya USA does not maintain a telefax number in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 12:**

NTC USA objects to Request for Admission No. 12 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 12 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 12 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 13:**

Admit that Nanya USA does not have a telex number in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 13:**

NTC USA objects to Request for Admission No. 13 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 13 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 13 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 14:**

Admit that Nanya USA does not have any directors in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 14:**

NTC USA objects to Request for Admission No. 14 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 14 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 14 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 15:**

Admit that Nanya USA does not have any officers in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 15:**

NTC USA objects to Request for Admission No. 15 as premature. FMA has not served pre-

discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 15 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 15 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 16:**

Admit that Nanya USA does not maintain a post office box in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 16:**

NTC USA objects to Request for Admission No. 16 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 16 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 16 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 17:**

Admit that Nanya USA does not maintain a street address in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 17:**

NTC USA objects to Request for Admission No. 17 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation

1    whatsoever to respond.  NTC USA further objects to Request for Admission No. 17 as seeking

2    irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and

3    convenience.  Subject to the foregoing objections, NTC USA will supplement and respond to the

4

5    relevant subject matter, if any, called for by Request for Admission No. 17 seasonably after FMA

6    serves its Local Rule 26.2 pre-discovery disclosures.

7    **REQUEST FOR ADMISSION NO. 18:**

8        Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No.

9    06-CV-00025 in the District of Guam, Nanya USA has never been party to a lawsuit or legal

10   proceeding in any Guam Federal District Court.

11   **OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 18:**

12

13       NTC USA objects to Request for Admission No. 18 as premature.  FMA has not served pre-

14   discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure

15   26(a).  Because no pre-discovery disclosures have been made, NTC USA is under no obligation

16   whatsoever to respond.  NTC USA further objects to Request for Admission No. 18 as seeking

17   irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and

18   convenience.  Subject to the foregoing objections, NTC USA will supplement and respond to the

19   relevant subject matter, if any, called for by Request for Admission No. 18 seasonably after FMA

20

21   serves its Local Rule 26.2 pre-discovery disclosures.

22   **REQUEST FOR ADMISSION NO. 19:**

23       Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No.

24   06-CV-00025 in the District of Guam, Nanya USA did not have in Guam any documents relevant to

25   the subject matter of this lawsuit.

26   **OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 19:**

27

28       NTC USA objects to Request for Admission No. 19 as premature.  FMA has not served pre-