1    discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure

2    26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation

3    whatsoever to respond. NTC USA further objects to Request for Admission No. 19 as seeking

4    irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and

5    convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the

6    relevant subject matter, if any, called for by Request for Admission No. 19 seasonably after FMA

7    serves its Local Rule 26.2 pre-discovery disclosures.

8

9    **REQUEST FOR ADMISSION NO. 20:**

10        Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No.

11    06-CV-00025 in the District of Guam, Nanya USA had not appointed an agent in Guam for service of

12    process.

13

14    **OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 20:**

15        NTC USA objects to Request for Admission No. 20 as premature. FMA has not served pre-

16    discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure

17    26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation

18    whatsoever to respond. NTC USA further objects to Request for Admission No. 20 as seeking

19    irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and

20    convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the

21    relevant subject matter, if any, called for by Request for Admission No. 20 seasonably after FMA

22    serves its Local Rule 26.2 pre-discovery disclosures.

23

24    **REQUEST FOR ADMISSION NO. 21:**

25        Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No.

26    06-CV-00025 in the District of Guam, Nanya USA had not negotiated any agreements in Guam

27    concerning the subject matter of this action.

28

1

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 21:**

2

3

4

5

6

7

8

9

10

NTC USA objects to Request for Admission No. 21 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 21 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 21 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

11

12

**REQUEST FOR ADMISSION NO. 22:**

13

14

15

Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No. 06-CV-00025 in the District of Guam, Nanya USA had not executed any agreements in Guam concerning the subject matter of this action.

16

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 22:**

17

18

19

20

21

22

23

24

25

NTC USA objects to Request for Admission No. 22 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 22 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 22 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

26

27

**REQUEST FOR ADMISSION NO. 23:**

28

Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No.

PLAINTIFF NANYA TECHNOLOGY CORPORATION U.S.A.'S
OBJECTIONS AND RESPONSES TO FUJITSU MICROELECTRONICS
AMERICA, INC.'S FIRST SET OF REQUESTS FOR ADMISSIONS (NOS. 1-34)          PAGE 13

06-CV-00025 in the District of Guam, Nanya USA had not executed any agreements that called for Nanya's performance in Guam concerning the subject matter of this action.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 23:**

NTC USA objects to Request for Admission No. 23 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 23 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 23 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 24:**

Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No. 06-CV-00025 in the District of Guam, Nanya USA had no correspondence with Fujitsu in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 24:**

NTC USA objects to Request for Admission No. 24 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 24 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 24 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

1

2    **REQUEST FOR ADMISSION NO. 25:**

3        Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No.

4    06-CV-00025 in the District of Guam, Nanya USA had no correspondence with FMA in Guam.

5    **OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 25:**

6        NTC USA objects to Request for Admission No. 25 as premature. FMA has not served pre-

7    discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure

8    26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation

9    whatsoever to respond. NTC USA further objects to Request for Admission No. 25 as seeking

10   irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and

11   convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the

12   relevant subject matter, if any, called for by Request for Admission No. 25 seasonably after FMA

13   serves its Local Rule 26.2 pre-discovery disclosures.

14

15   **REQUEST FOR ADMISSION NO. 26:**

16       Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No.

17   06-CV-00025 in the District of Guam, Nanya USA had no correspondence with Fujitsu relating to any

18   business in Guam.

19

20   **OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 26:**

21       NTC USA objects to Request for Admission No. 26 as premature. FMA has not served pre-

22   discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure

23   26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation

24   whatsoever to respond. NTC USA further objects to Request for Admission No. 26 as seeking

25   irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and

26   convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the

27   relevant subject matter, if any, called for by Request for Admission No. 26 seasonably after FMA

28

---

1 | serves its Local Rule 26.2 pre-discovery disclosures.

2 | **REQUEST FOR ADMISSION NO. 27:**

3 |          Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No.

4 |
5 | 06-CV-00025 in the District of Guam, Nanya USA had no correspondence with FMA relating to any

6 | business in Guam.

7 | **OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 27:**

8 |          NTC USA objects to Request for Admission No. 27 as premature.  FMA has not served pre-

9 | discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure

10 | 26(a).  Because no pre-discovery disclosures have been made, NTC USA is under no obligation

11 |
12 | whatsoever to respond.  NTC USA further objects to Request for Admission No. 27 as seeking

13 | irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and

14 | convenience.  Subject to the foregoing objections, NTC USA will supplement and respond to the

15 | relevant subject matter, if any, called for by Request for Admission No. 27 seasonably after FMA

16 | serves its Local Rule 26.2 pre-discovery disclosures.

17 | **REQUEST FOR ADMISSION NO. 28:**

18 |          Admit that Nanya USA does not file a tax return in Guam.

19 | **OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 28:**

20 |
21 |          NTC USA objects to Request for Admission No. 28 as premature.  FMA has not served pre-

22 | discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure

23 | 26(a).  Because no pre-discovery disclosures have been made, NTC USA is under no obligation

24 | whatsoever to respond.  NTC USA further objects to Request for Admission No. 28 as seeking

25 | irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and

26 | convenience.  Subject to the foregoing objections, NTC USA will supplement and respond to the

27 | relevant subject matter, if any, called for by Request for Admission No. 28 seasonably after FMA

28 |

1   serves its Local Rule 26.2 pre-discovery disclosures.

2   **REQUEST FOR ADMISSION NO. 29:**

3
4       Admit that Nanya USA does not distribute any products concerning the subject matter of this

5   action in Guam.

6   **OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 29:**

7       NTC USA objects to Request for Admission No. 29 as premature. FMA has not served pre-

8   discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure

9   26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation

10  whatsoever to respond. NTC USA further objects to Request for Admission No. 29 as seeking

11  irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and
12
    convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the
13
14  relevant subject matter, if any, called for by Request for Admission No. 29 seasonably after FMA

15  serves its Local Rule 26.2 pre-discovery disclosures.

16  **REQUEST FOR ADMISSION NO. 30:**

17      Admit that Nanya USA Accused Products are offered for sale in the Northern District of
18  California.
19
    **OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 30:**
20
21      NTC USA objects to Request for Admission No. 30 as premature. FMA has not served pre-

22  discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure

23  26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation

24  whatsoever to respond. NTC USA further objects to Request for Admission No. 30 as seeking

25  irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and

26  convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the
27
28  relevant subject matter, if any, called for by Request for Admission No. 30 seasonably after FMA

serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 31:**

Admit that Nanya USA Accused Products are sold in the Northern District of California.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 31:**

NTC USA objects to Request for Admission No. 31 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 31 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 31 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 32:**

Admit that Nanya USA Accused Products are imported into the Northern District of California.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 32:**

NTC USA objects to Request for Admission No. 32 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 32 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 32 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 33:**

Admit that Nanya USA obtains revenue from Nanya Accused Products sold within the Northern District of California.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 33:**

NTC USA objects to Request for Admission No. 33 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 33 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 33 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 34:**

Admit that the United States District Court for the Northern District of California has personal jurisdiction over Nanya USA.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 34:**

NTC USA objects to Request for Admission No. 34 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 34 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. NTC USA further objects to Request for Admission No. 34 as not seeking facts, but a legal conclusion for a court to decide. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 24

1  seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

2

3  Dated: April 23, 2007                    SHORE CHAN BRAGALONE LLP

4

5                                           By:    /s/ Alfonso Garcia Chan
                                                   ALFONSO GARCIA CHAN, ESQ.
6                                                  (admitted *pro hac vice*)

7                                           ATTORNEYS FOR PLAINTIFFS
                                            Nanya Technology Corp. and
8                                           Nanya Technology Corp. U.S.A.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2

3          I hereby certify that a true and correct copy of the foregoing document was served on the

4   following counsel of record via electronic mail and confirmatory first class mail on April 23, 2007:

5          Rodney J. Jacob                        Michael M. Murray
           Daniel M. Benjamin                     Milbank Tweed Hadley & McCloy LLP
6          Calvo & Clark, LLP                     1 Chase Manhattan Plaza
           655 South Marine Corps Dr., Suite 202  New York, New York 10005-1413
7          Tamuning, Guam 96913

8

9                                                  /s/ Alfonso Garcia Chan
                                                   ALFONSO GARCIA CHAN
10
                                                   ATTORNEYS FOR PLAINTIFFS
11                                                 Nanya Technology Corp. and
                                                   Nanya Technology Corp. U.S.A.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**PLAINTIFF NANYA TECHNOLOGY CORPORATION U.S.A.'S**
**OBJECTIONS AND RESPONSES TO FUJITSU MICROELECTRONICS**
**AMERICA, INC.'S FIRST SET OF REQUESTS FOR ADMISSIONS (NOS. 1-34)**          **PAGE 21**

1  **JOSEPH C. RAZZANO, ESQ.**
   **TEKER TORRES & TEKER, P.C.**
2  SUITE 2A, 130 ASPINALL AVENUE
3  HAGÅTÑA, GUAM  96910
   TELEPHONE: (671) 477-9891/4
4  FACSIMILE:   (671) 472-2601

5  **JOHN S. UNPINGCO, ESQ.**
   **UNPINGCO & ASSOCIATES, LLC**
6  SUITE 12B, SINAJANA MALL
7  SINAJANA, GUAM
   TELEPHONE: (671) 475-8545
8  FACSIMILE: (671) 475-8550

9  **MICHAEL W. SHORE**
   **ALFONSO GARCIA CHAN**
10 **MARTIN PASCUAL**
11 **SHORE CHAN BRAGALONE, LLP**
   325 NORTH SAINT PAUL STREET, SUITE 4450
12 DALLAS, TEXAS 75201
   TELEPHONE: (214) 593-9110
13 FACSIMILE: (214) 593-9111

14 *Attorneys for Plaintiffs*
15 *Nanya Technology Corp. and*
   *Nanya Technology Corp. U.S.A.*
16
                   **UNITED STATES DISTRICT COURT**
17
                          **DISTRICT OF GUAM**
18

19 NANYA TECHNOLOGY CORP. and          Case No. CV-06-00025
   NANYA TECHNOLOGY CORP. U.S.A.,
20
                 *Plaintiffs,*                **PLAINTIFFS' OBJECTIONS AND**
21                                            **RESPONSES TO FUJITSU**
   v.                                         **MICROELECTRONICS AMERICA,**
22                                            **INC.'S FIRST SET OF REQUESTS FOR**
   FUJITSU LIMITED and FUJITSU               **PRODUCTION (NOS. 1-29)**
23 MICROELECTRONICS AMERICA, INC.,
24               *Defendants.*
25
26
27
28

1   Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court,

2   Plaintiff Nanya Technology Corp. and Nanya Technology Corp. U.S.A. (collectively "Nanya" or

3
4   "Plaintiffs") hereby serve the following Responses and Objections to Requests for Production upon

5   Defendant Fujitsu Microelectronics America, Inc. ("FMA").   Nanya hereby reserves the right

6   supplement all responses to these requests in accordance with Federal Rules of Civil Procedure 26(e).

7   ## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

8   1.   Nanya objects to the definitions of "Nanya," "you" and "your" to the extent that they

9   encompass "all predecessor or successor companies or corporations" that are not currently part of

10  Nanya, to the extent they encompass "present … investigators, accountants, consultants, attorneys,

11
12  other representatives, or any other persons acting or purporting to act on behalf of any of them" who

13  are not part of Nanya to the extent they encompass "consultants" otherwise protected by the consulting

14  expert privilege, to the extent they encompass "attorneys" otherwise protected by the attorney client

15  and/or work product privileges, and to the extent they encompass "former offices, directors,

16  employees, agents, investigators, accountants, consultants, attorneys, other representatives, or any

17  other persons acting or purporting to act on behalf of any of them" that are not currently part of Nanya.

18
19  2.   Nanya objects to the definition of "document" to the extent it purports to cover subject

20  matter in excess of Federal Rule of Civil Procedure 34.

21  3.   Nanya objects to the definition of "electronically stored information" to the extent it

22  purports to cover subject matter in excess of Federal Rule of Civil Procedure 34.

23  4.   Nanya objects to the definition of "identify" to the extent it calls for a response in

24  excess of the minimum requirements of Federal Rule of Civil Procedure 34.

25  5.   Nanya objects to the Instructions generally to the extent they call for a response in

26  excess of the minimum requirements of Federal Rule of Civil Procedure 34.

27
28  6.   Nanya objects to Instruction No. 3 to the extent it recites privilege log requirements in

excess of the requirements called for by this Court, Ninth Circuit precedent, and the Federal Rules of Civil Procedure.

7.      Nanya objects to Instruction No. 9 as it is the FMA's burden, not Nanya's burden, to propound reasonably clear and understandable discovery requests.

8.      Nanya objects to Footnote No. 1 and Defendants' attempted disclaimer that they are not substantively participating in the present lawsuit in Guam.

## RESPONSES AND OBJECTIONS TO FMA'S PRODUCTION

Subject to the foregoing objections, Nanya further objects and responds as follows:

## REQUEST FOR PRODUCTION NO. 1:

All documents, electronically stored information, and things demonstrating, showing or otherwise relating to the allegation that Fujitsu Limited owns and/or controls the following entities:

(a)     Fujitsu Computing Products of America;

(b)     Fujitsu General New Zealand Limited;

(c)     Fujitsu Ten; and

(d)     Any other person or company you believe is a subsidiary or affiliate of Fujitsu Limited, whose conduct or actions are relevant to personal jurisdiction over Fujitsu Limited in this proceeding.

## OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 1:

Plaintiffs object to Request for Production No. 1 as premature. Neither Defendant has served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation whatsoever to respond.

Plaintiffs object to Request for Production No. 1 because it seeks information regarding the pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by Plaintiffs' counsel, and Plaintiffs' Response in Opposition to Fujitsu Microelectronics America, Inc.'s

Motion to Dismiss or Transfer to the Northern District of California and for a More Definite Statement ("Plaintiffs' Response"), which is still being prepared by Plaintiffs' counsel and has not yet been filed. Such information is protected by the work product privilege and doctrine.

Plaintiffs object to Request for Production No. 1 as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007.

Plaintiffs object to Request for Production No. 1 because it calls for the product of jurisdictional discovery that Defendants have yet to fully yield.

Subject to the foregoing objections, Plaintiffs will provide information responsive to Request for Production No. 1 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response seasonably after Defendants yield all requested jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 2:**

All purchase orders, receipts, bills of lading, and other documents, electronically stored information, and things demonstrating, showing or otherwise relating to products manufactured, sold or distributed by Fujitsu Limited, its alleged subsidiaries, or its alleged affiliates in the Territory of Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiffs object to Request for Production No. 2 as premature. Neither Defendant has served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation whatsoever to respond.

Plaintiffs object to Request for Production No. 2 because it seeks information regarding the pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by

Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has not yet been filed. Such information is protected by the work product privilege and doctrine.

Plaintiffs object to Request for Production No. 2 as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007.

Plaintiffs object to Request for Production No. 2 because it calls for the product of jurisdictional discovery that Defendants have yet to fully yield.

Subject to the foregoing objections, Plaintiffs will provide information responsive to Request for Production No. 2 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response seasonably after Defendants yield all requested jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 3:**

All purchase orders, receipts, bills of lading and other documents, electronically stored information, and things demonstrating, showing or otherwise relating to your allegations that products manufactured or distributed by Fujitsu Limited, its alleged subsidiaries, or its alleged affiliates have been sold or offered for sale in the Territory of Guam, whether alone or combined with other products.

**OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiffs object to Request for Production No. 3 as premature. Neither Defendant has served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation whatsoever to respond.

Plaintiffs object to Request for Production No. 3 because it seeks information regarding the pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has

not yet been filed.  Such information is protected by the work product privilege and doctrine.

Plaintiffs object to Request for Production No. 3 as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007.

Plaintiffs object to Request for Production No. 3 because it calls for the product of jurisdictional discovery that Defendants have yet to fully yield.

Subject to the foregoing objections, Plaintiffs will provide information responsive to Request for Production No. 3 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response seasonably after Defendants yield all requested jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 4:**

All documents, electronically stored information, and things demonstrating, showing or otherwise relating to your allegation in Paragraph 12 of your First Amended Complaint that Fujitsu Limited and FMA "each have sufficient contacts with the forum to satisfy federal personal jurisdiction requirements.

**OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiffs object to Request for Production No. 4 as premature.  Neither Defendant has served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a).  Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation whatsoever to respond.

Plaintiffs object to Request for Production No. 4 because it seeks information regarding the pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has not yet been filed.  Such information is protected by the work product privilege and doctrine.

Plaintiffs object to Request for Production No. 4 as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007.

Plaintiffs object to Request for Production No. 4 because it calls for the product of jurisdictional discovery that Defendants have yet to fully yield.

Subject to the foregoing objections, Plaintiffs will provide information responsive to Request for Production No. 4 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response seasonably after Defendants yield all requested jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 5:**

All documents, electronically stored information, and things demonstrating, showing or otherwise relating to your allegation in Paragraph 15 of your First Amended Complaint that allegedly anticompetitive acts have artificially increased the cost of DDR SDRAM chips in the United States and its territories, including the Territory of Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 5:**

Plaintiffs object to Request for Production No. 5 as premature. Neither Defendant has served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation whatsoever to respond.

Plaintiffs object to Request for Production No. 5 because it seeks information regarding the pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has not yet been filed. Such information is protected by the work product privilege and doctrine.

Plaintiffs object to Request for Production No. 5 as premature because it seeks information that

is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007.

Plaintiffs object to Request for Production No. 5 because it calls for the product of jurisdictional discovery that Defendants have yet to fully yield.

Plaintiffs object to Request for Production No. 5 because it calls for the subject mater of expert disclosures that are not yet due.

Subject to the foregoing objections, Plaintiffs will provide information responsive to Request for Production No. 5 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May 15, 2007 (concurrent with the filing of Plaintiffs' Response) or when expert disclosures are due, and will supplement this response seasonably after Defendants yield all requested jurisdictional discovery.

## REQUEST FOR PRODUCTION NO. 6:

All purchase orders, receipts, bills of lading, and other documents, electronically stored information, and things demonstrating, showing or otherwise relating to your allegation in Paragraph 16 of your First Amended Complaint that Fujitsu Limited, its alleged subsidiaries, or its alleged affiliates distribute Accused Fujitsu Products in the Territory of Guam.

## OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 6:

Plaintiffs object to Request for Production No. 6 as premature. Neither Defendant has served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation whatsoever to respond.

Plaintiffs object to Request for Production No. 6 because it seeks information regarding the pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has not yet been filed. Such information is protected by the work product privilege and doctrine.

Plaintiffs object to Request for Production No. 6 as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007.

Plaintiffs object to Request for Production No. 6 because it calls for the product of jurisdictional discovery that Defendants have yet to fully yield.

Subject to the foregoing objections, Plaintiffs will provide information responsive to Request for Production No. 6 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response seasonably after Defendants yield all requested jurisdictional discovery.

## REQUEST FOR PRODUCTION NO. 7:

All documents, electronically stored information, and things demonstrating, showing, or otherwise relating to your allegation in Paragraph 17 of your First Amended Complaint that "Fujitsu, Ltd. Its subsidiaries, or its affiliates place" Accused Fujitsu Products "in the stream of commerce with the intention that they would be available to people in the United States and the Territory of Guam."

## OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 7:

Plaintiffs object to Request for Production No. 7 as premature. Neither Defendant has served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation whatsoever to respond.

Plaintiffs object to Request for Production No. 7 because it seeks information regarding the pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has not yet been filed. Such information is protected by the work product privilege and doctrine.

Plaintiffs object to Request for Production No. 7 as premature because it seeks information that

is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007.

Plaintiffs object to Request for Production No. 7 because it calls for the product of jurisdictional discovery that Defendants have yet to fully yield.

Subject to the foregoing objections, Plaintiffs will provide information responsive to Request for Production No. 7 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response seasonably after Defendants yield all requested jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 8:**

All documents, electronically stores information, and things demonstrating, showing, or otherwise relating to your allegation in Paragraph 17 of your First Amended Complaint of "products that are placed into the stream of commerce by Fujitsu Ltd., its subsidiaries, or its affiliates."

**OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiffs object to Request for Production No. 8 as premature. Neither Defendant has served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation whatsoever to respond.

Plaintiffs object to Request for Production No. 8 because it seeks information regarding the pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has not yet been filed. Such information is protected by the work product privilege and doctrine.

Plaintiffs object to Request for Production No. 8 as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007.

Plaintiffs object to Request for Production No. 8 because it calls for the product of jurisdictional discovery that Defendants have yet to fully yield.

Subject to the foregoing objections, Plaintiffs will provide information responsive to Request for Production No. 8 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response seasonably after Defendants yield all requested jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 9:**

All documents, electronically stores information, and things demonstrating, showing, or otherwise relating to your allegation in Paragraph 18 of your First Amended Complaint that Accused Fujitsu Products are made "with the intention that they would be used in a significant number of consumer products sold in the United States and the Territory of Guam."

**OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 9:**

Plaintiffs object to Request for Production No. 9 as premature. Neither Defendant has served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation whatsoever to respond.

Plaintiffs object to Request for Production No. 9 because it seeks information regarding the pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has not yet been filed. Such information is protected by the work product privilege and doctrine.

Plaintiffs object to Request for Production No. 9 as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007.

Plaintiffs object to Request for Production No. 9 because it calls for the product of

jurisdictional discovery that Defendants have yet to fully yield.

Subject to the foregoing objections, Plaintiffs will provide information responsive to Request for Production No. 9 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response seasonably after Defendants yield all requested jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 10:**

All documents, electronically stored information, and things demonstrating, showing or otherwise relating to your allegation in Paragraph 19 of your First Amended Complaint that Fujitsu Limited "distributes products manufactured by Fujitsu companies to businesses and legal residents of the Territory of Guam."

**OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 10:**

Plaintiffs object to Request for Production No. 10 as premature. Neither Defendant has served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation whatsoever to respond.

Plaintiffs object to Request for Production No. 10 because it seeks information regarding the pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has not yet been filed. Such information is protected by the work product privilege and doctrine.

Plaintiffs object to Request for Production No. 10 as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007.

Plaintiffs object to Request for Production No. 10 because it calls for the product of jurisdictional discovery that Defendants have yet to fully yield.

Subject to the foregoing objections, Plaintiffs will provide information responsive to Request for Production No. 10 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response seasonably after Defendants yield all requested jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 11:**

All documents, electronically stored information, and things demonstrating, showing or otherwise relating to your allegation in Paragraph 20 of your First Amended Complaint that a number of Fujitsu Limited's subsidiary or affiliate companies regularly conduct business in the Territory of Guam, and sell products to people and businesses in the Territory of Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiffs object to Request for Production No. 11 as premature. Neither Defendant has served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation whatsoever to respond.

Plaintiffs object to Request for Production No. 11 because it seeks information regarding the pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has not yet been filed. Such information is protected by the work product privilege and doctrine.

Plaintiffs object to Request for Production No. 11 as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007.

Plaintiffs object to Request for Production No. 11 because it calls for the product of jurisdictional discovery that Defendants have yet to fully yield.

Subject to the foregoing objections, Plaintiffs will provide information responsive to Request

1    for Production No. 11 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on

2    May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response

3    seasonably after Defendants yield all requested jurisdictional discovery.

4

5    **REQUEST FOR PRODUCTION NO. 12:**

6        All documents, electronically stored information, and things relating to or resulting from your

7    Freedom of Information Act requests submitted to the United States Navy and United States Air Force

8    Exchanges in the Territory of Guam.

9    **OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 12:**

10       Plaintiffs object to Request for Production No. 12 as premature. Neither Defendant has served

11   pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil

12   Procedure 26(a).  Because no pre-discovery disclosures have been made, Plaintiffs are under no

13   obligation whatsoever to respond.

14

15       Plaintiffs object to Request for Production No. 12 because it seeks information regarding the

16   continuing investigation being conducted by Plaintiffs' counsel and Plaintiffs' Response, which is still

17   being prepared by Plaintiffs' counsel and has not yet been filed.  Such information is protected by the

18   work product privilege and doctrine.

19       Plaintiffs object to Request for Production No. 12 as premature because it seeks information

20   that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is

21   not due until May 15, 2007.

22

23       Subject to the foregoing objections, Plaintiffs will provide information responsive to Request

24   for Production No. 12 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on

25   May 15, 2007 (concurrent with the filing of Plaintiffs' Response).

26   **REQUEST FOR PRODUCTION NO. 13:**

27       All documents, electronically stored information, and things demonstrating, showing or

28

---

otherwise relating to your allegation in Paragraph 21 of your First Amended Complaint that FMA has or had knowledge that its products would be utilized or contained in a significant number of consumer products sold in the Territory of Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 13:**

Plaintiffs object to Request for Production No. 13 as premature. Neither Defendant has served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation whatsoever to respond.

Plaintiffs object to Request for Production No. 13 because it seeks information regarding the pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has not yet been filed. Such information is protected by the work product privilege and doctrine.

Plaintiffs object to Request for Production No. 13 as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007.

Plaintiffs object to Request for Production No. 13 because it calls for the product of jurisdictional discovery that Defendants have yet to fully yield.

Subject to the foregoing objections, Plaintiffs will provide information responsive to Request for Production No. 13 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response seasonably after Defendants yield all requested jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 14:**

All documents, electronically stored information, and things demonstrating, showing or otherwise relating to your allegation in Paragraph 21 of your First Amended Complaint that FMA's

1    microelectronics are present in "products produced by major manufacturers of consumer electronics

2    and extensively distributed throughout the United States and the Territory of Guam."

3    **OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 14:**

4

5         Plaintiffs object to Request for Production No. 14 as premature. Neither Defendant has served

6    pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil

7    Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no

8    obligation whatsoever to respond.

9         Plaintiffs object to Request for Production No. 14 because it seeks information regarding the

10   pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by

11   Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has

12   not yet been filed. Such information is protected by the work product privilege and doctrine.

13

14        Plaintiffs object to Request for Production No. 14 as premature because it seeks information

15   that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is

16   not due until May 15, 2007.

17        Plaintiffs object to Request for Production No. 14 because it calls for the product of

18   jurisdictional discovery that Defendants have yet to fully yield.

19

20        Subject to the foregoing objections, Plaintiffs will provide information responsive to Request

21   for Production No. 14 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on

22   May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response

23   seasonably after Defendants yield all requested jurisdictional discovery.

24   **REQUEST FOR PRODUCTION NO. 15:**

25        All documents, electronically stored information, and things demonstrating, showing or

26   otherwise relating to your allegation in Paragraph 22 of your First Amended Complaint that "a

27   substantial number of retail outlets in the Territory of Guam regularly carry and sell consumer products

28

1    containing microelectronics manufactured by FMA."

2    **OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 15:**

3    Plaintiffs object to Request for Production No. 15 as premature. Neither Defendant has served

4    pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil

5    Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no

6    obligation whatsoever to respond.

7

8    Plaintiffs object to Request for Production No. 15 because it seeks information regarding the

9    pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by

10   Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has

11   not yet been filed. Such information is protected by the work product privilege and doctrine.

12

13   Plaintiffs object to Request for Production No. 15 as premature because it seeks information

14   that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is

15   not due until May 15, 2007.

16   Plaintiffs object to Request for Production No. 15 because it calls for the product of

17   jurisdictional discovery that Defendants have yet to fully yield.

18   Subject to the foregoing objections, Plaintiffs will provide information responsive to Request

19   for Production No. 15 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on

20   May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response

21   seasonably after Defendants yield all requested jurisdictional discovery.

22

23   **REQUEST FOR PRODUCTION NO. 16:**

24   All documents, electronically stored information, and things demonstrating, showing or

25   otherwise relating to your allegation in Paragraph 23 of your First Amended Complaint that "people

26   and businesses in the Territory of Guam can order and purchase electronic products containing

27   microelectronics manufactured by FMA."

28

**OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiffs object to Request for Production No. 16 as premature. Neither Defendant has served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation whatsoever to respond.

Plaintiffs object to Request for Production No. 16 because it seeks information regarding the pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has not yet been filed. Such information is protected by the work product privilege and doctrine.

Plaintiffs object to Request for Production No. 16 as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007.

Plaintiffs object to Request for Production No. 16 because it calls for the product of jurisdictional discovery that Defendants have yet to fully yield.

Subject to the foregoing objections, Plaintiffs will provide information responsive to Request for Production No. 16 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response seasonably after Defendants yield all requested jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 17:**

All documents, electronically stored information, and things demonstrating, showing or otherwise relating to your conclusion in Paragraph 3 of your First Amended Complaint that Fujitsu Limited engaged in business in the Territory of Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 17:**

Plaintiffs object to Request for Production No. 17 as premature. Neither Defendant has served

pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a).  Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation whatsoever to respond.

Plaintiffs object to Request for Production No. 17 because it seeks information regarding the pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has not yet been filed.  Such information is protected by the work product privilege and doctrine.

Plaintiffs object to Request for Production No. 17 as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007.

Plaintiffs object to Request for Production No. 17 because it calls for the product of jurisdictional discovery that Defendants have yet to fully yield.

Subject to the foregoing objections, Plaintiffs will provide information responsive to Request for Production No. 17 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response seasonably after Defendants yield all requested jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 18:**

All documents, electronically stored information, and things demonstrating, showing or otherwise relating to your conclusion in Paragraph 3 of your First Amended Complaint that Fujitsu Limited has systematic and continuous contacts in the Territory of Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 18:**

Plaintiffs object to Request for Production No. 18 as premature.  Neither Defendant has served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a).  Because no pre-discovery disclosures have been made, Plaintiffs are under no

1  obligation whatsoever to respond.

2  Plaintiffs object to Request for Production No. 18 because it seeks information regarding the

3
4  pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by

5  Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has

6  not yet been filed. Such information is protected by the work product privilege and doctrine.

7  Plaintiffs object to Request for Production No. 18 as premature because it seeks information

8  that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is

9  not due until May 15, 2007.

10  Plaintiffs object to Request for Production No. 18 because it calls for the product of

11  jurisdictional discovery that Defendants have yet to fully yield.

12

13  Subject to the foregoing objections, Plaintiffs will provide information responsive to Request

14  for Production No. 18 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on

15  May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response

16  seasonably after Defendants yield all requested jurisdictional discovery.

17  **REQUEST FOR PRODUCTION NO. 19:**

18  All documents, electronically stored information, and things demonstrating, showing or

19
20  otherwise relating to your conclusion in Paragraph 3 of your First Amended Complaint that this

21  proceeding arises out of business done in the Territory of Guam.

22  **OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 19:**

23  Plaintiffs object to Request for Production No. 19 as premature. Neither Defendant has served

24  pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil

25  Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no

26  obligation whatsoever to respond.

27  Plaintiffs object to Request for Production No. 19 because it seeks information regarding the

28

pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has not yet been filed. Such information is protected by the work product privilege and doctrine.

Plaintiffs object to Request for Production No. 19 as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007.

Plaintiffs object to Request for Production No. 19 because it calls for the product of jurisdictional discovery that Defendants have yet to fully yield.

Subject to the foregoing objections, Plaintiffs will provide information responsive to Request for Production No. 19 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response seasonably after Defendants yield all requested jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 20:**

All documents, electronically stored information, and things demonstrating, showing or otherwise relating to your conclusion in Paragraph 4 of your First Amended Complaint that FMA engages in business in the Territory of Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 20:**

Plaintiffs object to Request for Production No. 20 as premature. Neither Defendant has served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation whatsoever to respond.

Plaintiffs object to Request for Production No. 20 because it seeks information regarding the pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has

not yet been filed. Such information is protected by the work product privilege and doctrine.

Plaintiffs object to Request for Production No. 20 as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007.

Plaintiffs object to Request for Production No. 20 because it calls for the product of jurisdictional discovery that Defendants have yet to fully yield.

Subject to the foregoing objections, Plaintiffs will provide information responsive to Request for Production No. 20 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response seasonably after Defendants yield all requested jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 21:**

All documents, electronically stored information, and things demonstrating, showing or otherwise relating to your conclusion in Paragraph 4 of your First Amended Complaint that FMA has systematic and continuous contacts in the Territory of Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 21:**

Plaintiffs object to Request for Production No. 21 as premature. Neither Defendant has served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation whatsoever to respond.

Plaintiffs object to Request for Production No. 21 because it seeks information regarding the pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has not yet been filed. Such information is protected by the work product privilege and doctrine.

Plaintiffs object to Request for Production No. 21 as premature because it seeks information

1  that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is

2  not due until May 15, 2007.

3
4  Plaintiffs object to Request for Production No. 21 because it calls for the product of

5  jurisdictional discovery that Defendants have yet to fully yield.

6  Subject to the foregoing objections, Plaintiffs will provide information responsive to Request

7  for Production No. 21 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on

8  May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response

9  seasonably after Defendants yield all requested jurisdictional discovery.

10  **REQUEST FOR PRODUCTION NO. 22:**

11
12  All documents, electronically stored information, and things demonstrating, showing or

13  otherwise relating to your conclusion in Paragraph 4 of your First Amended Complaint that this

14  proceeding arises out of business done in the Territory of Guam.

15  **OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 22:**

16  Plaintiffs object to Request for Production No. 22 as premature. Neither Defendant has served

17  pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil

18  Procedure 26(a).  Because no pre-discovery disclosures have been made, Plaintiffs are under no

19  obligation whatsoever to respond.

20
21  Plaintiffs object to Request for Production No. 22 because it seeks information regarding the

22  pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by

23  Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has

24  not yet been filed.  Such information is protected by the work product privilege and doctrine.

25  Plaintiffs object to Request for Production No. 22 as premature because it seeks information

26  that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is

27  not due until May 15, 2007.

28

---

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO FUJITSU MICROELECTRONICS
AMERICA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-29)**          **PAGE 23**

Plaintiffs object to Request for Production No. 22 because it calls for the product of jurisdictional discovery that Defendants have yet to fully yield.

Subject to the foregoing objections, Plaintiffs will provide information responsive to Request for Production No. 22 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response seasonably after Defendants yield all requested jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 23:**

All documents, electronically stored information, and things demonstrating, showing or otherwise relating to your conclusion in Paragraph 19 of your First Amended Complaint that "Defendants transact substantial business of a substantial character within the Territory of Guam."

**OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiffs object to Request for Production No. 23 as premature. Neither Defendant has served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation whatsoever to respond.

Plaintiffs object to Request for Production No. 23 because it seeks information regarding the pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has not yet been filed. Such information is protected by the work product privilege and doctrine.

Plaintiffs object to Request for Production No. 23 as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007.

Plaintiffs object to Request for Production No. 23 because it calls for the product of jurisdictional discovery that Defendants have yet to fully yield.

Subject to the foregoing objections, Plaintiffs will provide information responsive to Request for Production No. 23 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response seasonably after Defendants yield all requested jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 24:**

All documents, electronically stored information, and things demonstrating, showing or otherwise relating to your conclusion in Paragraph 8 of your First Amended Complaint that "each Defendant has sufficient minimum contacts with the forum as a result of" placing products "into the stream of commerce with the intention that they would be available to people in the United States and the Territory of Guam."

**OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 24:**

Plaintiffs object to Request for Production No. 24 as premature. Neither Defendant has served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation whatsoever to respond.

Plaintiffs object to Request for Production No. 24 because it seeks information regarding the pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has not yet been filed. Such information is protected by the work product privilege and doctrine.

Plaintiffs object to Request for Production No. 24 as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007.

Plaintiffs object to Request for Production No. 24 because it calls for the product of jurisdictional discovery that Defendants have yet to fully yield.

Subject to the foregoing objections, Plaintiffs will provide information responsive to Request for Production No. 24 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response seasonably after Defendants yield all requested jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 25:**

All documents, electronically stored information, and things demonstrating, showing or otherwise relating to your conclusion in Paragraph 9 of your First Amended Complaint that "each Defendant has sufficient minimum contacts with the forum as a result of business conducted continuously and systematically within the Territory of Guam."

**OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 25:**

Plaintiffs object to Request for Production No. 25 as premature. Neither Defendant has served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation whatsoever to respond.

Plaintiffs object to Request for Production No. 25 because it seeks information regarding the pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has not yet been filed. Such information is protected by the work product privilege and doctrine.

Plaintiffs object to Request for Production No. 25 as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007.

Plaintiffs object to Request for Production No. 25 because it calls for the product of jurisdictional discovery that Defendants have yet to fully yield.

Subject to the foregoing objections, Plaintiffs will provide information responsive to Request

for Production No. 25 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response seasonably after Defendants yield all requested jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 26:**

All documents, electronically stored information, and things upon which you rely to support your response to Interrogatory No. 5 in FUJITSU MICROELECTRONICS AMERICAS, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-6) TO PLAINTIFFS.

**OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 26:**

Plaintiffs incorporate by reference as if fully set forth herein their objections and responses to Interrogatory No. 5 in FUJITSU MICROELECTRONICS AMERICAS, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-6) TO PLAINTIFFS.

Plaintiffs object to Request for Production No. 26 as premature. Neither Defendant has served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation whatsoever to respond.

Plaintiffs object to Request for Production No. 26 because it seeks information regarding the pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has not yet been filed. Such information is protected by the work product privilege and doctrine.

Plaintiffs object to Request for Production No. 26 as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007.

Plaintiffs object to Request for Production No. 26 because it calls for the product of jurisdictional discovery that Defendants have yet to fully yield.

Subject to the foregoing objections, Plaintiffs will provide information responsive to Request for Production No. 26 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May 15, 2007 (concurrent with the filing of Plaintiffs' Response) or after Plaintiffs supplement their objections and responses to Interrogatory No. 5 in FUJITSU MICROELECTRONICS AMERICAS, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-6) TO PLAINTIFFS, and will supplement this response seasonably after Defendants yield all requested jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 27:**

All documents, electronically stored information, and things relating to the subject matter of Interrogatory No. 5 in FUJITSU MICROELECTRONICS AMERICAS, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-6) TO PLAINTIFFS.

**OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 27:**

Plaintiffs incorporate by reference as if fully set forth herein their objections and responses to Interrogatory No. 5 in FUJITSU MICROELECTRONICS AMERICAS, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-6) TO PLAINTIFFS.

Plaintiffs object to Request for Production No. 27 as premature. Neither Defendant has served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation whatsoever to respond.

Plaintiffs object to Request for Production No. 27 because it seeks information regarding the pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has not yet been filed. Such information is protected by the work product privilege and doctrine.

Plaintiffs object to Request for Production No. 27 as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is

1    not due until May 15, 2007.

2    Plaintiffs object to Request for Production No. 27 because it calls for the product of

3    jurisdictional discovery that Defendants have yet to fully yield.

4
     Subject to the foregoing objections, Plaintiffs will provide information responsive to Request
5
     for Production No. 27 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on
6
7    May 15, 2007 (concurrent with the filing of Plaintiffs' Response) or after Plaintiffs supplement their

8    objections and responses to Interrogatory No. 5 in FUJITSU MICROELECTRONICS AMERICAS,

9    INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-6) TO PLAINTIFFS, and will supplement this

10   response seasonably after Defendants yield all requested jurisdictional discovery.

11   **REQUEST FOR PRODUCTION NO. 28:**

12
13   All documents, electronically stored information, and things upon which you rely to support in

14   response to Interrogatory No. 6 in FUJITSU MICROELECTRONICS AMERICAS, INC.'S FIRST

15   SET OF INTERROGATORIES (NOS. 1-6) TO PLAINTIFFS.

16   **OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 28:**

17   Plaintiffs incorporate by reference as if fully set forth herein their objections and responses to

18   Interrogatory No. 6 in FUJITSU MICROELECTRONICS AMERICAS, INC.'S FIRST SET OF
19
     INTERROGATORIES (NOS. 1-6) TO PLAINTIFFS.
20
21   Plaintiffs object to Request for Production No. 28 as premature. Neither Defendant has served

22   pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil

23   Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no

24   obligation whatsoever to respond.

25   Plaintiffs object to Request for Production No. 28 because it seeks information regarding the

26   pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by
27
28   Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has

not yet been filed. Such information is protected by the work product privilege and doctrine.

Plaintiffs object to Request for Production No. 28 as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007.

Plaintiffs object to Request for Production No. 28 because it calls for the product of jurisdictional discovery that Defendants have yet to fully yield.

Subject to the foregoing objections, Plaintiffs will provide information responsive to Request for Production No. 28 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May 15, 2007 (concurrent with the filing of Plaintiffs' Response) or after Plaintiffs supplement their objections and responses to Interrogatory No. 6 in FUJITSU MICROELECTRONICS AMERICAS, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-6) TO PLAINTIFFS, and will supplement this response seasonably after Defendants yield all requested jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 29:**

All documents, electronically stored information, and things related to the subject matter of Interrogatory No. 6 in FUJITSU MICROELECTRONICS AMERICAS, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-6) TO PLAINTIFFS.

**OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 29:**

Plaintiffs incorporate by reference as if fully set forth herein their objections and responses to Interrogatory No. 6 in FUJITSU MICROELECTRONICS AMERICAS, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-6) TO PLAINTIFFS.

Plaintiffs object to Request for Production No. 29 as premature. Neither Defendant has served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation whatsoever to respond.

1   Plaintiffs object to Request for Production No. 29 because it seeks information regarding the

2   pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by

3   Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has

4

5   not yet been filed.  Such information is protected by the work product privilege and doctrine.

6   Plaintiffs object to Request for Production No. 29 as premature because it seeks information

7   that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is

8   not due until May 15, 2007.

9   Plaintiffs object to Request for Production No. 29 because it calls for the product of

10  jurisdictional discovery that Defendants have yet to fully yield.

11  Subject to the foregoing objections, Plaintiffs will provide information responsive to Request

12  for Production No. 29 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on

13  May 15, 2007 (concurrent with the filing of Plaintiffs' Response) or after Plaintiffs supplement their

14

15  objections and responses to Interrogatory No. 6 in FUJITSU MICROELECTRONICS AMERICAS,

16  INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-6) TO PLAINTIFFS, and will supplement this

17  response seasonably after Defendants yield all requested jurisdictional discovery.

18

19  Dated: April 23, 2007                    SHORE CHAN BRAGALONE LLP

20

21

22                                          By:    /s/ Alfonso Garcia Chan
                                                   ALFONSO GARCIA CHAN, ESQ.
                                                   (admitted *pro hac vice*)

23                                          ATTORNEYS FOR PLAINTIFFS
24                                          Nanya Technology Corp. and
                                            Nanya Technology Corp. U.S.A.

25

26

27

28

1

## CERTIFICATE OF SERVICE

2

3      I hereby certify that a true and correct copy of the foregoing document was served on the

4   following counsel of record via electronic mail and confirmatory first class mail on April 23, 2007:

5        Rodney J. Jacob                    Michael M. Murray
         Daniel M. Benjamin                Milbank Tweed Hadley & McCloy LLP
6        Calvo & Clark, LLP                1 Chase Manhattan Plaza
         655 South Marine Corps Dr., Suite 202   New York, New York 10005-1413
7        Tamuning, Guam 96913

8

9                                        /s/ Alfonso Garcia Chan
                                         ALFONSO GARCIA CHAN
10

11                                       ATTORNEYS FOR PLAINTIFFS
                                         Nanya Technology Corp. and
12                                       Nanya Technology Corp. U.S.A.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28