DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP. and NANYA TECHNOLOGY CORP. U.S.A., <br><br> Plaintiffs, <br><br> vs. <br><br> FUJITSU LIMITED and FUJITSU MICROELECTRONICS AMERICA, INC., <br><br> Defendants. | Civil Case No. 06-00025 <br><br><br> ORDER |

On April 25, 2006, this case came before the Court for hearing on the Plaintiffs' (collectively referred to as "Nanya") Motion to Compel Documents Responsive to Plaintiffs' Jurisdictional Requests for Production ("Motion to Compel"). (Docket No. 185.) After listening to the parties' respective arguments and reviewing the pleadings, the case file and relevant authority, the Court issues the following Order.

**FACTUAL BACKGROUND**

This action involves disputes surrounding certain patents.

On December 5, 2006, defendant Fujitsu Microelectronics America, Inc. ("FMA") filed a Motion to Dismiss, Motion for More Definite Statement, and Motion to Transfer to the Northern District of California.[1] (Docket No. 74.) This dispositive motion is pending before Judge

---

[1] In its motion, FMA argued that it was not properly before this Court and that the Court should either dismiss the case or transfer it to the Northern District of California.

Case 4:07-cv-03672-CW   Document 1-267   Filed 07/17/2007   Page 2 of 7

Nanya Technology Corp & Nanya Technology Corp USA v. Fujitsu Ltd. And Fujitsu Microelectronics America, Inc., Civil Case No. 06-00025
Order Denying Plaintiffs' Motion to Compel (Docket No. 185)

1  Tydingco-Gatewood and is scheduled for hearing on June 22, 2007. Pursuant to the parties'
2  Stipulation (Docket No. 148), which was subsequently approved by the Court (see Order, Docket
3  No. 163), Nanya's opposition to FMA's motion is due by May 15, 2007. (Id. at ¶3.)
4  Additionally, Nanya is permitted to file a sur-reply on or before June 7, 2007. (Id.)
5     On January 17, 2007, Nanya filed a Motion to Clarify Magistrate Judge's Order and
6  Motion to Compel Substantive Responses to Plaintiffs' Discovery Requests.[2] (Docket No. 113.)
7  Thereafter, on February 9, 2007, Nanya filed a similar pleading captioned Motion to Compel
8  Substantive Responses to Plaintiffs' First Requests for Production. (Docket No. 132.) In these
9  motions, Nanya claimed it sought "jurisdictional discovery" as opposed to "merits discovery."
10 On February 28, 2007, the parties filed a Stipulation wherein the Defendants agreed to produce
11 documents responsive to the jurisdictional discovery requests.[3] (Docket No. 148 at ¶3.) Based
12 on this Stipulation, the Court determined that Nanya's two pending motions to compel
13 jurisdictional discovery were moot. (Order, Docket No. 172.)
14    On April 16, 2007, Nanya filed the instant Motion to Compel, along with an *Ex parte*
15 Motion to Shorten Time to Hear Motion to Compel. (Docket No. 186.) In light of Nanya's
16 looming deadline to file an opposition to FMA's pending motion, the Court found good cause to
17 grant the Motion to Shorten Time.[4] (Docket No. 190.) Thereafter, FMA filed its Opposition
18 (Docket No. 196) on April 20, 2007, and Nanya filed a Reply Brief (Docket No. 202) on April

---

[2] On December 14, 2007, the Plaintiffs served FMA with its First Request for Production of Documents ("First Request"). See Exhibit A to Docket No. 185. This First Request consisted of 147 separate requests and focused on "FMA dynamic memory chips."

After a meet and confer held on February 6, 2007 (after Nanya had filed its first motion to compel, Docket No. 113), Nanya served FMA on February 9, 2007, with a Second Set of Jurisdictional Requests for Production. See Exhibit A-2 to Docket No. 185. This Second Set comprised of 67 requests for production of documents regarding "accused devices," which was defined as referring specific part numbers or devices. Id. at ¶12. The parties held a meet and confer on the Second Set on March 21, 2007.

[3] FMA would produce its responsive documents by April 2, 2007, while Fujitsu Limited would produce its responsive documents by April 16, 2007.

[4] On the same date the Court granted the Motion to Shorten Time but after the issuance of said Order, the Defendants filed an Opposition to the Motion to Shorten Time. (Docket No. 191.)

Case 4:07-cv-03672-CW    Document 1-267    Filed 07/17/2007    Page 3 of 7

Nanya Technology Corp & Nanya Technology Corp USA v. Fujitsu Ltd. And Fujitsu Microelectronics America, Inc., Civil Case No. 06-00025
Order Denying Plaintiffs' Motion to Compel (Docket No. 185)

23, 2007.

## ANALYSIS

Nanya contends that FMA has not honored its agreement to provide documents responsive to Nanya's two sets of jurisdictional requests for production. Nanya asserts that FMA either provided documents that fail to cover the identified parts or provided "only a small number of documents that only tangentially and selectively address [Nanya's] requests." Mot., Docket No. 185, at 3.

FMA first objects to Nanya's Motion to Compel on procedural grounds. FMA asserts that once again Nanya has failed to comply with the Court's Local Rules of Practice before it filed a discovery motion.[5] In this instance, FMA argues that Nanya failed to comply with Rule LR37.1, which provides as follows:

> (a) **Prior to filing of any motion relating to a discovery dispute, counsel for the parties shall meet in person in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It shall be the responsibility of counsel for the moving party to arrange for the conference.**
> (b) **If counsel are unable to settle their difference, they shall formulate a written stipulation specifying separately and with particularity each issue that remains to be determined at the hearing and the contentions and points and authorities of each party.** The stipulation shall not refer the Court to other documents in the file.
> By way of example only, if the sufficiency of an answer to an interrogatory is in issue, the stipulation shall contain verbatim, both the interrogatory and the allegedly insufficient answer, followed by each party's contentions, separately stated. The stipulation shall be served and filed with the notice of motion. **In the absence of such stipulation, or a declaration of counsel of non-cooperation by the opposing party, the Court will not consider any discovery motion unless otherwise ordered upon good cause shown.**
> . . .
> (d) If the discovery disputes are found to be frivolous or based on counsel's failure to cooperate with each other in good faith, sanctions will be imposed at the discretion of the Court.

(Emphasis added.)

---

[5] In opposing Nanya's prior motions to compel jurisdictional discovery (Docket Nos. 113 and 132) and Nanya's Motion to Exceed Number of Interrogatories and Requests for Admissions (Docket No. 126), the Defendants urged the Court to deny said motions outright based on Nanya's failure to comply with the Local Rules.

Nanya Technology Corp & Nanya Technology Corp USA v. Fujitsu Ltd. And Fujitsu Microelectronics America, Inc., Civil Case No. 06-00025
Order Denying Plaintiffs' Motion to Compel (Docket No. 185)

At the last hearing held on March 2, 2007, the Court specifically stated that while it would excuse Nanya's failure to comply with Local Rule LR33.1 (which requires the party wishing to serve additional interrogatories to submit them in a writing to the Court along with reasons establishing good cause for their use), in the future all parties must ensure full compliance with the Local Rules.[6]  In this case, Nanya has once again failed to comply with the Local Rules.  Nanya failed to cooperate with FMA in a good faith effort to prepare "a written stipulation *specifying separately and with particularity* each issue that remains to be determined at the hearing and the contentions and points and authorities of each party." Local Rule LR37.1(b).  Such a stipulation would have narrowed and focused the issues so as to permit the Court to resolve this discovery dispute quickly.

At the hearing, Nanya's counsel asserted that Local Rule LR37.1 is inapplicable here since said rule is limited to general discovery disputes and excludes matters of urgency.  The Court disagrees.  Local Rule LR37.1 does not contain the limiting language that Nanya's counsel asserts should be read into it.  Nanya further argues in its Reply Brief that a stipulation is not necessary because this discovery dispute is not over the "sufficiency of a response" but rather the lack of a response at all.  This argument also has no merit since the requirement for a stipulation under Local Rule LR37.1(b) is not limited to those instances where the discovery dispute is over the sufficiency of a party's response.  Nanya once again misinterprets the intent of Local Rule LR37.1.

Additionally, Nanya states that it is wary of entering into another stipulation with FMA

---

[6] The Court stated:

> I am disappointed with the plaintiffs in that they did not file the interrogatories as the rule requires, but I think I know the reason why; they don't know what to ask at this point.  So that explains why these interrogatories are not before the court.
> Of course I'm a stickler for purposes of complying with the rules; rules must be complied with in order to get your request.

Tr. at 69-70 (Docket No. 174).

Case 4:07-cv-03672-CW   Document 1-267   Filed 07/17/2007   Page 5 of 7

Nanya Technology Corp & Nanya Technology Corp USA v. Fujitsu Ltd. And Fujitsu Microelectronics America, Inc., Civil Case No. 06-00025
Order Denying Plaintiffs' Motion to Compel (Docket No. 185)

since FMA has a "history of using the promise of a stipulation in bad faith."[7] The alleged failure of the parties to reach a stipulation in one instance does not eliminate the requirement to reach a stipulation in good faith in this instance and in all subsequent instances. If anyone is not proceeding in good faith on this matter it might be Nanya since it filed the present Motion to Compel without the required stipulation. Nanya can not use FMA's alleged history of bad faith negotiations over stipulations as an excuse for its own failure since the FMA's alleged bad faith occurred after Nanya had already filed the instant motion.

In lieu of a stipulation, Local Rule LR37.1(b) requires that the movant must file a declaration of non-cooperation by opposing counsel. Nanya failed to file such a declaration when it filed its Motion to Compel. Neither Mr. Razzano's declaration (Docket No. 189) nor Mr. Freeman's declaration (Exhibit A to Docket No. 202) indicate that FMA's counsel was not cooperating in the formulation of a written stipulation as required by Local Rule LR37.1(b). In fact, Nanya could not file such a declaration because the e-mails attached to its own Reply Brief indicate that FMA was cooperating in trying to resolve this dispute. See Exhibit 4 to Reply Brief.

Finally, Nanya contends that the impending deadlines constitute good cause to excuse its failure to file either a stipulation or a declaration of non-cooperation. Nanya claims that it attempted to reach a resolution to this issue for six days before it filed the motion, but with the deadline approaching on May 15, 2007, it had no choice but to file its motion. While the Court found "good cause" to expedite the briefing period on the Motion to Compel, this does not equate to a showing of "good cause" to completely ignore the mandates of Local Rule LR 37.1(b). In reviewing the various letters and e-mails exchanged between the parties which were

---

[7] Nanya alleges that FMA contacted Nanya regarding the filing of a motion to immediately transfer this action to the Northern District of California on the basis of forum non-convenience. FMA wanted an expedited hearing on said motion, but Nanya refused unless the parties could engage in limited discovery on the convenience issues. FMA agreed to so stipulate, and Nanya then began working on a written stipulation to the effect. After drafting a 19-page stipulation and thereafter revising it based on subsequent negotiations, Nanya contends that the Defendants did not sign the stipulation and instead filed their motion for immediate transfer on April 17, 2007. See Docket No. 192.

Case 4:07-cv-03672-CW   Document 1-267   Filed 07/17/2007   Page 6 of 7

Nanya Technology Corp & Nanya Technology Corp USA v. Fujitsu Ltd. And Fujitsu Microelectronics America, Inc., Civil Case No. 06-00025
Order Denying Plaintiffs' Motion to Compel (Docket No. 185)

appended to the relevant pleadings associated with this Motion to Compel, the Court did not find a single instance where Nanya's counsel ever discussed the option of drafting a stipulation as required by LR37.1(b). Had such a stipulation been presented to the Court, then the Court would not have had to order further briefing on the Motion to Compel because the contentions and points and authorities of each party would have been readily available for consideration. Instead, the Court and opposing counsel spent unnecessary time and expense in preparing for the hearing. Such disregard for the Court's Local Rules after an earlier admonition from the Court is unacceptable. Accordingly, the Court hereby DENIES the Motion to Compel. The Court will not impose sanctions against Nanya in this instance, but the Court cautions all counsel that it will not hesitate to impose sanctions in the future, if warranted, when the Local Rules are not followed.

While the Court denies the relief sought by Nanya, the Court will hold FMA's counsel Michael Murray at his word, as an officer of this Court, when he stated that FMA would conduct a reasonable search for the documents that are responsive to Martin Pascual's letter dated April 13, 2007, and provide Nanya with said documents within the following two weeks. While Nanya may not be able to review these documents as thoroughly as it wishes prior to filing its opposition brief on May 15, the Court believes that Nanya will still have the ability to use and incorporate the relevant documents into its sur-reply, which will not be due until June 7, 2007.

As a matter of providing guidance to the parties for future discovery disputes, the Court advises the parties that a proper Rule LR37.1(b) stipulation shall be appended to any discovery motion. If such a stipulation is filed, further briefing would likely be unnecessary, and the Court could set a hearing on the discovery dispute as early as possible, or could quickly issue a ruling based on what is presented in the stipulation. If a stipulation can not be formulated, then the discovery motion shall include the necessary declaration attesting to the non-cooperation of opposing counsel, along with documentary evidence of such non-cooperation (*e.g.*, a written stipulation prepared by the movant accompanied by e-mails or letter that show opposing counsel has received the stipulation but refuses to sign it, written correspondence to set up a meet and confer to formulate a stipulation with no response or unreasonable delays from opposing

Nanya Technology Corp & Nanya Technology Corp USA v. Fujitsu Ltd. And Fujitsu Microelectronics America, Inc., Civil Case No. 06-00025
Order Denying Plaintiffs' Motion to Compel (Docket No. 185)

counsel, etc.). The failure to include either a stipulation or declaration as required by Local Rule LR37.1(b) when filing a discovery motion will almost certainly result in the outright denial of the request and the imposition of stiff sanctions as warranted.

**/s/ Joaquin V.E. Manibusan, Jr.**
    **U.S. Magistrate Judge**
**Dated: Apr 26, 2007**