1  **TEKER TORRES & TEKER, P.C.**
   130 Aspinall Ave., Suite 2A
2  Hagåtña, Guam 96910
   (671) 477-9891  Telephone
3  (671) 472-2601  Facsimile

4  **UNPINGCO & ASSOCIATES, LLC**
   777 Route 4, Suite 12B
5  Sinajana, Guam 96912
   (671) 475-8545  Telephone
6  (671) 475-8550  Facsimile

7  **SHORE CHAN BRAGALONE LLP**
   325 N. St. Paul Street, Suite 4450
8  Dallas, Texas 75201
   (214) 593-9110  Telephone
9  (214) 593-9111  Facsimile

10 *Attorneys for Plaintiffs Nanya Technology Corp. and*
   *Nanya Technology Corp. U.S.A.*
11

12

13                **DISTRICT COURT OF GUAM**

14 NANYA TECHNOLOGY CORP. and            Case No. CV-06-00025
   NANYA TECHNOLOGY CORP. U.S.A.,
15

16        *Plaintiffs,*                   **PLAINTIFFS' RESPONSE TO EX PARTE**
                                          **APPLICATION UNDER L.R. 7.1(j)&(k)**
17 v.                                     **TO OBTAIN A MAY 2007 HEARING**
                                          **DATE ON DEFENDANT'S MOTION TO**
18 FUJITSU LIMITED and FUJITSU           **IMMEDIATELY TRANSFER FOR**
   MICROELECTRONICS AMERICA, INC.,        **CONVENIENCE**
19

20        *Defendants.*                   **[ORAL ARGUMENT REQUESTED]**

21

22        NOW COME Plaintiffs, Nanya Technology Corporation and Nanya Technology Corporation

23 U.S.A., (collectively, "Nanya") and respond to Defendants' Fujitsu Limited and Fujitsu

24 Microelectronics America, Inc.'s (collectively, "Fujitsu") Ex Parte Application Under L.R. 7.1(j)&(k)

25 to Obtain a May 2007 Hearing Date on Defendants' Motion to Immediately Transfer for Convenience

26

27 (the "the Ex Parte Application"), and would respectfully show as follows:

28 ///

FILED
DISTRICT COURT OF GUAM
APR 27 2007
MARY L.M. MORAN
CLERK OF COURT

ORIGINAL

# I.

## INTRODUCTION

There is nothing efficient about cramming more briefing and discovery into a short time frame so that the Defendants can essentially have a portion of their motion to dismiss heard early. Defendants' motion to have its 1404(a) motion heard on an expedited basis should be denied for the following reasons:

- Defendants' motion breaches the Parties' February 20, 2007 stipulation [Doc. 148];

- Defendants' New York counsel broke its agreement to stipulate to venue facts, multiplying these proceedings; and

- The *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*[1] case does not support Defendants request for an expedited hearing; and

- Defendants' motion violates Local Rule 7.1.

Fujitsu should not be allowed to leap frog the current briefing schedule and unfairly prejudice Nanya. Thus, the Court should deny the motion.

# II.

## ARGUMENT

### A.    FUJITSU BREACHED THE STIPULATION OF FEBRUARY 20, 2007

Over two months ago, the parties entered into a Stipulation [Doc. 148] that set out a discovery and briefing schedule—including a hearing date on Defendants' Motions to Dismiss or Transfer (hereinafter collectively referred to as "Fujitsu"). The Court entered the Stipulation on February 26, 2007 [Doc. 163]. On March 27, 2006, Fujitsu's New York counsel notified Nanya of its intention to breach the Stipulation by filing yet another motion to transfer and requesting an expedited hearing thereon. (Decl. of Vance P. Freeman). In an effort to avoid this motion practice, Nanya suggested that

---

[1] No. 06-102, 549 U.S. __, 127 S.Ct. 1184 (Mar. 5, 2007)

PLAINTIFFS' RESPONSE TO EX PARTE APPLICATION UNDER RULE
L.R. 7.1(j) & (k) TO OBTAIN A MAY 2007 HEARING DATE ON DEFENDANT'S
MOTION TO IMMEDIATELY TRANSFER FOR CONVENIENCE                    Page 2 of 6

the parties agree to certain venue facts to narrow the fact issues that the Court would have to resolve and avoid discovery regarding the issues that Nanya rightly assumed would be raised by Fujitsu's second motion to transfer. Fujitsu's New York counsel agreed. *Id.* Nanya's counsel drafted the stipulation, received edits and comments from Fujitsu's counsel, discussed it with Fujitsu's counsel on the phone, incorporated all of Fujitsu's counsel's final edits and sent it to Fujitsu's counsel to be finalized. *Id.* (Emails between V. Freeman and M. Murray)

Fujitsu's counsel then contacted Nanya's counsel and asked if they were available for a May 11, 2006 hearing date. *Id.* Nanya's counsel responded that it was not available that date, but told Fujitsu's counsel they would be available the following week. *Id.* Nanya's counsel heard nothing in return, and a few days later Fujitsu filed its motion without regard to the agreement. *Id.* Fujitsu's counsel is apparently only interested in narrowing the issues for the Court and conserving the parties' and the Court's resources when it can get something in return. This is simply more evidence of a pattern of gamesmanship.

Had Fujitsu followed through with the stipulation of facts that Nanya was attempting to negotiate with Fujitsu, likely no additional discovery would have been necessary, and the parties would have agreed to an earlier hearing.[2] But now, an early hearing would rob Nanya of the opportunity to conduct any discovery on Fujitsu's new motion, and severely limit Nanya's ability to brief the issues raised therein. The Court should not allow such blatant bad faith conduct.

**B.    THERE IS NO COMPELLING REASON FOR AN EXPEDITED HEARING**

Fujitsu does not give the Court any reason to set an expedited hearing on its new motion to transfer. Fujitsu relies on the recent Supreme Court decision in *Sinochem Int'l Co. v. Malaysia Int'l*

---

[2] Nanya, in good faith, is continuing to work within the Local Rules to offer reasonable compromises to provide Fujitsu with discovery. *See* **Exhibits A & B** attached hereto.

PLAINTIFFS' RESPONSE TO EX PARTE APPLICATION UNDER RULE
L.R. 7.1(j) & (k) TO OBTAIN A MAY 2007 HEARING DATE ON DEFENDANT'S
MOTION TO IMMEDIATELY TRANSFER FOR CONVENIENCE                    Page 3 of 6

1  *Shipping Corp.*, No. 06-102, 549 U.S. __, 127 S.Ct. 1184 (Mar. 5, 2007).  The narrow holding in that

2  case, however, does not apply to the present facts.

3      The *Sinochem* case does not support an early hearing.  The Supreme Court noted that *"in the*

4  *mine of cases, jurisdiction 'will involve no arduous inquiry'* and both judicial economy and the

5  consideration ordinarily accorded the *Plaintiff's choice of forum 'should impel the federal court to*

6  *dispose of [those] issue[s] first.'"* *Sinochem*, 127 S.Ct. at 1194 (citations omitted) (emphasis added).  It

7  is only in those rare cases where a federal court is presented with a "textbook case for immediate *forum*

8  *non conveniens*," can a federal court use its discretion and take the "less burdensome course." *Id.*

9      The facts of this case and *Sinochem* are entirely different.  In *Sinochem*, one party was a

10  Chinese interest, and the other a Malaysian interest.  *Id.* at 1188.  The acts giving rise to the suit

11  occurred in Chinese territory.  *Id.*  The dispute raised novel and unique issues of Chinese law and of

12  first impression in the Third Circuit.  *Id.* at 1189.  The first-filed lawsuit was already pending in

13  Chinese courts, so there was no prejudice if the second-filed case pending in the U.S. was dismissed.

14  *Id.*  The Supreme Court held that it was proper to dismiss the U.S. case under the doctrine of *forum*

15  *non conveniens* in advance of a determination of personal jurisdiction.  *Id.* at 1194.  The Supreme

16  Court reasoned that, on the facts before it, that the district court would find no jurisdiction so judicial

17  economy did not warrant a jurisdictional inquiry.  *Id.*

18      None of these facts are present in this case.  In stark contrast, the issues in this case revolve

19  around infringement of United States patents and anti-trust claims clear and established federal law

20  governs.  The issues are not novel or unique.  The Guam Action was the first-filed action and,

21  ironically, the California Action, filed by Fujitsu, was second-filed—completely opposite to the

22  procedural posture in *Sinochem*.  Furthermore, Fujitsu cannot not explain why the jurisdictional

23  inquiry in this case is so "arduous" that judicial resources are being wasted.  If Fujitsu would produce

24  the relevant discovery Nanya seeks, motions to compel would be unnecessary.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Finally, Fujitsu does not seek a transfer of this case under the common law doctrine of *forum non conveniens*, but instead under 28 U.S.C. § 1404(a). It is not at all clear whether the holding in *Sinochem* would apply to a 1404(a) case. Notwithstanding this apparent limitation, the rational applied in *Sinochem* does not suggest an early hearing to transfer under 1404(a). The issues raised by Fujitsu's first motion to dismiss or transfer are closely related to (and in large part duplicative of) the issues raised in its second motion to transfer. Thus, there is nothing to be saved by hearing Fujitsu's second motion "first"—whereas in *Sinochem,* the *forum non conveniens* issues were easily separated from the difficult jurisdictional questions posed in that case. As the Supreme Court noted, "in the mine of cases, jurisdiction 'will involve no arduous inquiry.'" *Sinochem,* 127 S.Ct. at 1194.

It is clear that Fujitsu simply wants to unfairly prejudice Nanya with a tightened schedule and early hearing. Fujitsu is simply trying to have its convenience arguments heard first because its jurisdictional arguments will not prevail. Though Nanya maintains that all of the arguments raised in Fujitsu's two motions to dismiss and transfer are meritless, Nanya should have the right to fully brief those issues and Fujitsu must comply with the February Stipulation.

C.    FUJITSU'S BLATANT AND ADMITTED VIOLATION OF LOCAL RULE 7.1(e)(2)

A review of Fujitsu's Non-Agreement of Hearing Date reveals that Fujitsu blatantly and without regard to the Local Rules of this Court, filed a Non-Agreement of Hearing Date ***without*** following the procedures set forth in Local Rule 7.1(e)(2). Local Rule 7.1(e)(2) states as follows:

> It shall be the responsibility of the requesting party to contact the attorney for each party who has entered an appearance,…and propose a date for oral argument.

In Defendants' Non-Agreement of Hearing Date, Docket No. 193, Mr. Benjamin, counsel for Fujitsu, admits that he never contacted counsel, Joseph C. Razzano, in order to propose a hearing date as required by the Rules. Mr. Benjamin, in complete disregard for the Rule, and for no other reason except that he did not like the hearing date given to him by the Court, went ahead and filed a Non-

Agreement of Hearing Date in violation of the Rule. The Court should not tolerate such blatant disregard for the Local Rules and should require Defendants to obtain a hearing date like any other party. Obviously, Fujitsu is attempting to circumvent the Rules and obtain a hearing date which would prejudice Plaintiffs and attempt to give the Defendants an additional reason to reject to the production of relevant discovery.

### D.    THE EX PARTE APPLICATION DOES NOT COMPLY WITH LOCAL RULE 7.1

In addition to the substantive demerits of Fujitsu's Ex Parte Application, Fujitsu failed to comply with Local Rule 7.1. Mr. Benjamin's certificate does not state the "reasons why a stipulation could not be obtained or notice could not be given," as required by L.R. 7.1(k). Mr Benjamin's conclusory statement that Fujitsu was unable to secure a prompt hearing is not sufficient to comply with subsection (k). And, as noted above, the inability to secure a "prompt" hearing is Fujitsu's own fault for stalling on its agreement to stipulate facts raised by the motion. Had Fujitsu agreed to the stipulation of facts, the parties would have agreed to an earlier hearing. The Ex Parte Application is not an emergency. Fujitsu cites no point of law making its 1404(a) arguments more urgent.

### III.

### CONCLUSION

Nanya respectfully requests that the Court deny Fujitsu's Ex Parte Application because (1) there is no compelling need to hear Fujitsu's 1404(a) arguments early, (2) having an early hearing would significantly prejudice Nanya, (3) the *Sinochem* case is inapplicable to this case, and (4) Fujitsu should not be rewarded for its gamesmanship and infidelity to its agreements with Nanya.

Respectfully submitted, this 26th day of April, 2007.

**TEKER TORRES & TEKER, P.C.**

By_____

JOSEPH C. RAZZANO, ESQ.
**Attorneys for Plaintiffs**

PLAINTIFFS' RESPONSE TO EX PARTE APPLICATION UNDER RULE
L.R. 7.1(j) & (k) TO OBTAIN A MAY 2007 HEARING DATE ON DEFENDANT'S
MOTION TO IMMEDIATELY TRANSFER FOR CONVENIENCE                    Page 6 of 6