RODNEY J. JACOB, ESQ.
DANIEL M. BENJAMIN, ESQ.
JENNIFER A. CALVO-QUITUGUA, ESQ.
CALVO & CLARK, LLP
Attorneys at Law
655 South Marine Corps Drive, Suite 202
Tamuning, Guam 96913
Telephone:  (671) 646-9355
Facsimile:  (671) 646-9403

CHRISTOPHER E. CHALSEN, ESQ.
MICHAEL M. MURRAY, ESQ.
LAWRENCE T. KASS, ESQ.
MILBANK, TWEED, HADLEY & MCCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone:  (212) 530-5000
Facsimile:  (212) 822-5796

*Attorneys for Defendants*
FUJITSU LIMITED, and
FUJITSU MICROELECTRONICS AMERICA, INC.

FILED
DISTRICT COURT OF GUAM
APR 30 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP. and NANYA TECHNOLOGY CORP. U.S.A., <br><br> Plaintiff, <br><br> vs. <br><br> FUJITSU LIMITED, FUJITSU MICROELECTRONICS AMERICA, INC., <br><br> Defendants. | CIVIL CASE NO. 06-CV-00025 <br><br> **REPLY IN SUPPORT OF EX PARTE APPLICATION UNDER L.R. 7.1(j)&(k) TO OBTAIN A MAY 2007 HEARING DATE ON DEFENDANTS' MOTION TO IMMEDIATELY TRANSFER FOR CONVENIENCE** |

Defendants Fujitsu Limited & Fujitsu Microelectronics America, Inc. ("Defendants") submit this reply brief in support of their *ex parte* application for an order granting a May 2007 hearing of their Motion to Immediately Transfer.

### Plaintiffs' Substantive Arguments Are Meritless

Plaintiffs have not given any valid reason why the Court should not, in the interests of judicial economy and justice, grant the requested relief. Plaintiffs first assert that Defendants' request for an immediate hearing of the transfer issue "breaches" the parties' February 20, 2007 stipulation. (Opp. at 2). But the entire point of Defendants' Motion to Immediately Transfer is that it is based upon a change in governing law that occurred *after* that stipulation, when the Supreme Court issued *Sinochem* on March 5, 2007. Had Defendants asserted back in February that the motion to transfer could be heard before the motion to dismiss for lack of jurisdiction, thereby avoiding jurisdictional discovery, Plaintiffs no doubt would have argued that Defendants' position was contrary to then-applicable Ninth Circuit precedent. *See Patrickson v. Dole Food Co.*, 251 F.3d 795, 800 n.3 (9th Cir. 2001).

But that precedent has changed. It makes no sense to suggest that the Court and Defendants now be asked to expend considerable resources following a pre-*Sinochem* path to resolving all of the pending motions simply because Defendants did the right thing in February by only asserting positions consistent with then-existing precedent.

Plaintiffs next assert that Defendants somehow "broke" an "agreement" regarding scheduling the Motion to Immediately Transfer. (Opp. at 2-3). That is impossible because there was never an agreement. Plaintiffs instead were insisting that Defendants agree to a highly substantive, lengthy stipulation of fact in return for the mere procedural agreement of an early hearing date. And then Plaintiffs ultimately refused to agree to the only early hearing date that had been available from the Court -- Plaintiffs rejected the only available May hearing date, and the next one available was not until July 12. Defendants now find themselves prejudiced from having negotiated in good faith for approximately two weeks, as the open May hearing date disappeared, and Defendants now must make this *ex parte* motion to obtain the May hearing date they could have simply requested had they filed immediately. Although Plaintiffs' Opposition is

quite liberal in its accusations of "bad faith" and "gamesmanship," the facts of the record showing the weeks of effort made by Defendants to obtain an agreement on hearing date speak much more truly as to what occurred.

Plaintiffs also argue extensively as to why they do not believe the *Sinochem* case applies here. (Opp. at 2-4). Plaintiffs narrowly view *Sinochem* as addressing only *forum non conveniens* and not transfer under § 1404(a). But courts have already been applying the Supreme Court's *Sinochem* decision to transfer under § 1404(a). *See generally Howard University v. Watkins*, 2007 WL 763182, *2 (D. Md. Mar. 12, 2007). But, in any event, to the extent Plaintiffs urge that *Sinochem* and *Patrickson* are limited to *forum non conveniens*, then the pre-*Patrickson* case law in the Ninth Circuit counsels in favor of hearing Defendants' Motion to Immediately Transfer. In particular, the court in *Multistate Legal Studies, Inc. v. Marino*, 1996 WL 786124 (C.D. Cal. 1996), found that immediate transfer to another district for convenience would serve interests of justice because it would avoid difficult jurisdictional issues and would render jurisdictional discovery moot. *Multistate* and similar precedent are discussed in more detail in Defendants' Motion to Immediately Transfer.

Plaintiffs also argue that "a tightened schedule and early hearing" would prejudice Nanya. But Defendants are only asking that the Court decide, in May 2006, the narrow question of whether this case should be transferred now, as *Sinochem* counsels. It could not be clearer that Plaintiffs are perfectly capable of promptly briefing that issue as they have already mustered their (incorrect) arguments in moving to transfer the California case to Guam, and in opposing this *ex parte* application.

Plaintiffs claim that "Fujitsu cannot not explain why the jurisdictional inquiry in this case is so 'arduous' that judicial resources are being wasted." To the contrary, the record already demonstrates the very real burdens being created by the literally hundreds of document requests, requests for admission, and interrogatories being pursued by Plaintiffs with regard to

"jurisdictional discovery," along with four depositions, and Plaintiffs' three failed motions to compel. (Benjamin Certificate ¶ 4).[1]

The record also is clear that, while Plaintiffs like to characterize this as a straightforward "first-to-file" case, the truth is that this is the second action (after Tokyo), and that the California action was actually the first to involve all parties, as only one of the two plaintiffs was originally a party to this action. And it also is undisputed that almost all of the witnesses and evidence in this case are located in Japan, Taiwan, California, or elsewhere on the U.S. mainland. Thus, even should the Court ultimately disagree with Defendants' Motion to Immediately Transfer, with such a strong record as to the location of all the evidence and witnesses being thousands of miles away from the forum, it at least makes sense to consider whether a more convenient forum exists in before taking the next (more burdensome) steps in this case, especially considering that the California Court has indicated that it is awaiting this Court's determination. (*See* Attachment A hereto (California Order)).

Finally, Plaintiffs quote the portion of *Sinochem* giving weight to "Plaintiffs choice of forum." The Supreme Court however went on to state: "When the plaintiff's choice is not its home forum, however, the presumption in the plaintiff's favor 'applies with less force,' for the assumption that the chosen forum is appropriate is in such cases 'less reasonable.'" *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. _, 127 S.Ct. 1184, 1191 (2007). Here, Guam is not Nanya's home forum, and so the presumption in the Plaintiffs' favor 'applies with less force.

**Defendants Complied with the Local Rules**

Plaintiffs further argue that Defendants violated Local Rule 7.1(e)(2) regarding setting a hearing date. (Opp. at 2, 5-6). That is just not true. Indeed, Plaintiffs concede that Defendants spent two weeks negotiating a hearing date (unfortunately to no avail), thus admitting that Defendants' made extensive efforts to work with opposing counsel and satisfied the local

---

[1] And that is putting aside Plaintiffs' recent, undisputed refusal to respond to any of Defendants' jurisdictional discovery. (*See id.*)

rules. The real complaint by Plaintiffs is that Defendants, once they learned that no May hearing dates were left, did not call yet again to propose the hearing date offered by the Clerk's office of July 12, 2007. But Defendants never called Plaintiffs to propose the July 12 date because that was not a date that would give them the relief they were seeking. It makes no sense for Plaintiffs to insist that Defendants were supposed to ask Plaintiffs if they would "agree" to a July 12 date that Defendants themselves would not agree to. Rather, this was obviously an unusual situation that was going to require a determination by the Court. That is why instead Defendants first filed their Non-Agreement of Hearing Date, and then filed this *ex parte* application, providing to the Court a full explanation as to why they sought an alternative earlier date, and providing Plaintiffs not one, but two opportunities to address the hearing date issue (their purported "Agreement" on Hearing Date and their Opposition to this application).

Lastly, Plaintiffs make the borderline frivolous assertion that Defendants violated Local Rule 7.1(k) by failing to state reasons why a stipulation could not be obtained or notice not given prior to bringing the *ex parte* application. (Opp. at 6). Actually, the Benjamin Certificate very expressly states "[o]n April 23, 2007, following the hearing before the Court, I informed Plaintiffs' counsel Joseph Razzano of our intent to bring this application <u>unless an agreement could be reached</u>. Mr. Razzano responded that Plaintiffs <u>would oppose the *ex parte* request</u>, wished to be served with any papers regarding it, and to be heard should there be a hearing thereon." (Benjamin Certificate ¶ 7 (emphasis added)). And it further states that notice of the *ex parte* application was being given. (Benjamin Certificate ¶ 8).

Plaintiffs also appear to be arguing that Defendants' motion is not sufficiently urgent for *ex parte* relief. (Opp. at 6). That is obviously false on its face. Defendants are asking in this *ex parte* application that the Court hear the Motion to Immediately Transfer in May. Their moving papers cite in detail the (now undisputed) burdens of discovery and briefing that could be saved through such a hearing. (*See also* Benjamin Certificate ¶¶ 4-5). If this *ex parte* application were brought as a normal motion, it could not be decided until May was almost over, mooting out the very relief requested. The potential benefits of a prompt hearing of the Motion to Immediately Transfer would then likely be lost. The need to promptly set an early hearing date

1 through this *ex parte* application is clear from Defendants' papers and support granting the
2 requested relief.[2]

3    Respectfully submitted this 30th day of April, 2007.

**CALVO & CLARK, LLP**
**MILBANK, TWEED, HADLEY**
**& MCCLOY LLP**
*Attorneys for Defendants*
Fujitsu Limited and
Fujitsu Microelectronics America, Inc.

By: _____
JENNIFER A. CALVO-QUITUGUA

---

[2] Notably, nowhere in their papers do Plaintiffs give the Court any reason to deny Defendants' requested alternative relief that, if a hearing cannot be had in May, the Motion to Immediately Transfer instead be heard no later than June 22. Thus, if the Court is unable to grant the primary requested relief, Defendants respectfully renew that alternative request for relief.

# ATTACHMENT "A"

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FUJITSU LIMITED ET AL,

    Plaintiff,

v.

NANYA TECHNOLOGY CORP. ET AL,

    Defendant.

NO. C 06-06613 CW

**MINUTE ORDER**
Date: 2/2/07

**The Honorable Claudia Wilken, Presiding**
**Clerk: Sheilah Cahill**    **Court Reporter**: Raynee Mercado

**Appearances for Plaintiff**:
Chris Holm; Michael Murray; Christopher Chalsen

**Appearances for Defendant**:
Martin Fliesler; Alfonso Chan; Kenneth Shore

**Motions:**

| | | |
|---|---|---|
| Defendants | Mo. to dismiss for insufficient service of process or alternatively to quash service of process | Denied in part; granted in part |
| Defendants | Mo. to dismiss, transfer, or stay case | Under Submission |

Further briefing due:
Order to be prepared by:    Court

**Case Management Conference Held?**:    Yes

Notes:  Court denies motion to dismiss for insufficient service of process and grants motion to quash service of process; defendants will wait for letter of rogatory process. Court not inclined to dismiss, but let judge in Guam decide whether "first to file" rule applies; if Guam judge does not transfer here, Court inclined to transfer case to Guam. See separate Case Management Order for CMC dates.

Copies to:  Chambers