**CALVO & CLARK LLP**
Rodney J. Jacob, Esq.
Daniel M. Benjamin, Esq.
Jennifer A. Calvo-Quitugua, Esq.
Attorneys at Law
655 South Marine Corps Drive, Suite 202
Tamuning, Guam 96913
Telephone: (671) 646-9355
Facsimile: (671) 646-9403

**MILBANK, TWEED, HADLEY & McCLOY LLP**
Christopher E. Chalsen
Michael M. Murray
Lawrence T. Kass
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000
Facsimile: (212) 822-5796

*Attorneys for Defendants,*
FUJITSU LIMITED and
FUJITSU MICROELECTRONICS AMERICA, INC.

**FILED**
DISTRICT COURT OF GUAM

MAY - 1 2007 ⬥

**MARY L.M. MORAN**
**CLERK OF COURT**

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP. and NANYA TECHNOLOGY CORP. U.S.A<br><br>Plaintiff,<br><br>-v-<br><br>FUJITSU LIMITED, FUJITSU MICROELECTRONICS AMERICA, INC.,<br><br>Defendants. | CIVIL CASE NO. 06-CV-00025<br><br>**LR 37.1 STIPULATION CONCERNING FMA'S MOTION TO COMPEL IMMEDIATE SUBSTANTIVE RESPONSES TO FMA'S JURISDICTIONAL DISCOVERY REQUESTS**<br><br>**ORAL ARGUMENT CONTESTED** |

## I.     INTRODUCTION

Pursuant to Local Rule 37.1, Defendant Fujitsu Microelectronics America, Inc.

(FMA) and Plaintiffs Nanya Technology Corporation and Nanya Technology Corporation U.S.A.

hereby submit the following Joint Stipulation Concerning FMA' Motion to Compel Immediate

ORIGINAL

{G0021667.DOC;1}

1    Substantive Responses to FMA's Jurisdictional Discovery Requests.  FMA respectfully asks the

2    Court to compel Plaintiffs to immediately produce substantive responses the following FMA

3    jurisdictional discovery requests:

4
                    1.    Fujitsu Microelectronics America, Inc.'s ("FMA") First Set of
5                          Interrogatories (Nos. 1-6);

6                   2.    FMA's First Set of Requests for Production (Nos. 1-29);

7                   3.    FMA's First Set of Requests for Admissions (Nos. 1-34) on Plaintiff Nanya
                          Technology Corporation U.S.A.; and
8
9                   4.    FMA's First Set of Requests for Admissions (Nos. 1-34) on Plaintiff Nanya
                          Technology Corporation (collectively "FMA's jurisdictional discovery
10                        requests").

11   **II.    FMA'S GENERAL CONTENTIONS AND POINTS OF AUTHORITY**

12        **A.    FMA's Position**

13            Plaintiffs have served no substantive response to FMA's jurisdictional discovery

14   requests, instead objecting and refusing to provide any information responsive to the requests until

15   "Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May 15, 2007 (concurrent
16
     with the filing of Plaintiffs' Response)...."  This is gamesmanship.
17

18            The parties stipulated back in February that jurisdictional discovery could proceed

19   (Dkt. No. 148), and the Court has ruled that the disclosures by Defendants are not yet due.  In light

20   of the impending briefing on FMA's Motions to Dismiss or Transfer, the obvious purpose of

21   Plaintiffs' refusal to provide any response at all to FMA's requests is to prejudice FMA's ability to

22   prepare its arguments for its motions to dismiss.  While FMA and its co-defendant Fujitsu Limited
23
     have responded to hundreds of documents requests (producing already in excess of 118,000 pages
24
     of documents), almost one hundred fifty total interrogatories, and another fifty total requests for
25
26   admission (and provided deponents as well), Plaintiffs are now refusing to give FMA any kind of

     jurisdictional discovery at all.

1    FMA is substantively and severely prejudiced by Plaintiffs' improper withholding

2    of discovery that has turned jurisdictional discovery into a one-way street. Accordingly, FMA

3    asks that production be compelled immediately.

4    ## 1.    Statement of Facts

5    FMA first filed a Motion to Dismiss or Transfer on December 5, 2006. Although

6    FMA sought a prompt hearing at that time, in order to accommodate Plaintiffs' demand for

7    jurisdictional discovery (which the Court granted), a hearing was set upon stipulation of the parties

8    and Order of the Court and then extended to June 22, 2007.

9

10    Since then, Defendants have been more than cooperative with Plaintiffs'

11    jurisdictional discovery requests. Defendants have produced in excess of 118,000 pages

12    responsive to over 350 separate jurisdictional document requests from Plaintiffs and have provided

13    answers and responses to Plaintiffs' 154 interrogatories and 54 requests for admission. Due to the

14    extraordinarily burdensome number and scope of Plaintiffs' requests, Defendants are continuing to

15    actively collect and produce information on a rolling basis.

16

17    On March 23, 2007, FMA served its first sets of discovery requests narrowly

18    tailored to the personal jurisdiction issue. These requests sought, among other things, the "alleged

19    basis of jurisdiction over FMA under Section 12 of the Clayton Act" in Plaintiffs' complaint and

20    their "basis for alleging infringement against FMA" "under a stream of commerce theory of

21    specific jurisdiction." *See* Interrogatory No. 1, quoted above.

22

23    However, in their objections to FMA on April 23, 2007, Plaintiffs declined to

24    answer a single interrogatory. Plaintiffs also refused to substantively respond to any request for

25    admission (RFA) or produce documents responsive to any request for production (RFP). Plaintiffs

26    claimed to be under no obligation to respond to any of FMA's interrogatories and requests because

FMA has not made any pre-discovery disclosures (which are not yet due, pursuant to the Court's

1    Order). Plaintiffs also indicated that they intend to withhold answers to the interrogatories and

2    documents responsive to the RFPs until the filing of Plaintiffs' Response in Opposition to Fujitsu

3    Microelectronics America, Inc.'s Motion to Dismiss or Transfer to the Northern District of

4    California and for a More Definite Statement ("Response to Defendant's Motion to Dismiss or

5    Transfer"), which is due on May 15, 2007.

6

7              On April 24, FMA wrote to Plaintiffs with respect to their deficient responses. (*See*

8    Ex. A). FMA explained that neither the dates for serving initial disclosures nor for filing

9    Plaintiffs' Response to Defendant's Motion to Dismiss or Transfer tolls or otherwise delays

10   Plaintiffs' obligation to provide substantive answers to Defendants' jurisdictional interrogatories or

11   RFAs, or to produce responsive documents. FMA insisted that to the extent that Plaintiffs now

12   have answers and responsive documents, they should be provided immediately. FMA explained

13   that it was Plaintiffs who sought and received the current period of jurisdictional discovery and this

14

15   period is not a one-sided discovery phase. FMA pointed out that Defendants have produced in

16   excess of 118,000 pages of documents responsive to Plaintiffs' jurisdictional discovery requests

17   and Plaintiffs have yet to produce any documents responsive to Defendants' jurisdictional

18   discovery requests. FMA requested that Plaintiffs immediately provide substantive answers to

19   FMA's interrogatories and RFAs, and begin rolling production of documents responsive to its

20   RFPs one week from FMA's letter, *i.e.*, on May 1, with completion of rolling production one week

21   after that, *i.e.*, on May 8. (*Id.*)

22

23             With regard to both sets of responses to the RFAs, Plaintiffs further objected in

24   every response that each request seeks information irrelevant to any claim or defense in the case.

25   (*Id.*) FMA pointed out that such an allegation is false and an egregious violation of the Federal

26   Rules of Civil Procedure. FMA explained that the information sought is entirely appropriate and

     in fact is analogous to the very information sought by Plaintiffs' own jurisdictional discovery

1   requests. Thus, for each request, FMA asked Plaintiffs to immediately provide answers responsive

2   to the RFAs. (*Id.*)

3          FMA sought a meet and confer which resulted in a teleconference on April 25,

4   2007. During that meet and confer, Plaintiffs purported to offer a proposal to provide substantive

5   responses to Defendants' discovery requests within 10 days after Defendants serve their pre-

6   discovery disclosures. However, Plaintiffs refused to explain or elaborate upon their position

7   despite FMA's numerous inquiries. Instead, Plaintiffs assured FMA that they would elaborate in

8   writing. Yet Plaintiffs' follow-up letter later that day still did not address FMA's inquiries, as

9

10  explained in FMA's responsive letter the following day. (*See* Ex. B).

11         For example, Plaintiffs' April 25 letter did not address whether, why or how the

12  content of any Rule 26(a)(1) disclosures from FMA under Plaintiffs' proposal would affect

13  whether Plaintiffs would provide full responses to FMA's discovery requests. (*Id.*) Accordingly,

14  in its responsive letter on April 25, FMA posed the following questions, which FMA had originally

15  posed during the meet and confer and which Plaintiffs had failed to address in their letter:

16

17              If the content of the disclosures would not affect Nanya's obligation to
                provide full responses, then why does Nanya need 10 days? If Nanya
18              envisions that the content of FMA's disclosures may affect Nanya's
                obligation to provide full responses, then what is to prevent Nanya from
19              simply deeming FMA's disclosures insufficient under its own subjective and
                biased "standards" and thereby avoid discovery?
20

21  (*See* Ex. C). FMA explained that Nanya's refusal to answer these and other legitimate questions

22  (posed repeatedly in the meet and confer teleconference) demonstrated that Nanya's proposal is

23  illusory and improper. FMA also noted that it already provided initial disclosures in the Northern

24  District of California case, *Fujitsu Limited and Fujitsu Microelectronics America, Inc. v. Nanya*

25  *Technology Corp. and Nanya Technology Corp. U.S.A.*, Case No. 4:06-cv-06613 (CW). (*Id.*)

26         Plaintiffs responded by letter on April 26, 2007. (*See* Ex. D). Their letter is notable

    in that Plaintiffs again failed to respond to FMA's inquiries or to acknowledge that FMA had

1   already provided its initial disclosures in the Northern District of California. The letter also cited

2   Local Rule 26.2, but FMA's April 25 letter had already fully explained why Plaintiffs' attempt to

3   hide behind Local Rule 26.2 was improper, *i.e.*, that the Court allowed Defendants to make their

4   L.R. 26.2 sixty (60) days after the entry of the Scheduling Order on May 4, 2007 without

5   restricting Defendants' rights to take jurisdictional discovery. (FMA's position on this and

6

7   Plaintiffs' other objections are explained in detail below.) Accordingly, Plaintiffs' April 26 letter

8   did not advance resolution of the issue, and therefore FMA sent its Rule 37.1 stipulation to

9   Defendants on April 26, 2007.

10                  **2.      Plaintiffs' Improper Objections and FMA's Contentions**

11                         **a.      Plaintiffs' First Improper Objection and FMA's**
                                   **Contentions**
12

13              Plaintiffs assert the following objection, which FMA challenges:

14                         *Plaintiffs are "under no obligation whatsoever to respond" because*
                           *"no pre-discovery disclosures have been made".*
15

16   *See generally* Plaintiffs' Objections and Responses to Fujitsu Microelectronics America, Inc.'s

17   First Set of Interrogatories (Nos. 1-6), April 23, 2007 (Ex. I); *see also generally* Plaintiffs'

18   Objections and Responses to Fujitsu Microelectronics America, Inc.'s First Set of Requests for

19   Production (Nos. 1-29), April 23, 2007 (Ex. J); Plaintiff Nanya Technology Corporation's

20   Objections and Responses to Fujitsu Microelectronics America, Inc.'s First Set of Requests for

21   Admissions (Nos. 1-34), April 23, 2007 (Ex. K); Plaintiff Nanya Technology Corporation U.S.A.'s

22   Objections and Responses to Fujitsu Microelectronics America, Inc.'s First Set of Requests for
23
     Admissions (Nos. 1-34), April 23, 2007 (Ex. L). Plaintiffs assert essentially the same objection
24
25   repeatedly in the current stipulations.

26              Plaintiffs' objection that they are "under no obligation whatsoever to respond"

     before FMA has not yet served pre-discovery disclosures according to L.R. 26.2 is an improper

1    attempt to evade discovery obligations and to deny Defendants an equal opportunity to mount their

2    jurisdictional case.

3              Pursuant to the March 5, 2007 Discovery Plan (Dkt. No. 171), Defendants'

4    disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and L.R. 26.2 are due sixty (60) days after the

5    entry of the Scheduling Order, which is on May 4, 2007. Accordingly, FMA's L.R. 26.2

6    disclosures are not yet due. The fact that they are not yet due and thus have not been served does

7    not excuse Plaintiffs from participating in jurisdictional discovery. The same Discovery Plan,

8    
9    which both parties approved on February 16, 2007, discussed discovery procedures with respect to

10   both parties and never suggested that jurisdictional discovery would be one-sided, as Plaintiffs

11   now insist. *Id.*; *see also generally* March 2 Tr. (Ex. E). Nor did that order otherwise restrict

12   Defendants' jurisdictional discovery options. It was Plaintiffs who sought and received the current

13   period of jurisdictional discovery, and it is highly improper for Plaintiffs to stonewall Defendants'

14   
15   legitimate discovery requests during that court-ordered jurisdictional discovery period.

16             Moreover, as explained above, FMA has already served pre-discovery disclosures

17   in the California case. Any disclosures in Guam would be essentially redundant. Plaintiffs'

18   purported concern (and proposal) was therefore disingenuous in light of the fact that they already

19   have this information in their possession. In fact, during the March 2 hearing that led to the

20   Discovery Plan, counsel for FMA explained as much to the Court and Plaintiffs did not contest it.

21   
22   *See* March 2 Tr. (Ex. E) at 77. Counsel explained the reason for not making the disclosures was

23   that "just procedurally in this case, it's difficult to make the formal disclosures because we don't

24   know exactly what the counterclaims are going to be yet, or whether the parties are going to be in

25   this case yet." (*Id.*) Plaintiffs nevertheless pressed for the disclosures and suggested that

26   Defendants could amend upon receiving Plaintiffs' counterclaims. (*Id.* at 77-78). The Court then

      compromised and made the disclosures due in 60 days with leave to amend following receipt of

7          JOINT STIPULATION CONCERNING PLAINTIFFS'
                                                                 REFUSAL TO PRODUCE SUBSTANTIVE RESPONSES TO
                                                                 DEFENDANTS' JURISDICTIONAL DISCOVERY REQUESTS
{G0021667.DOC;1}

1  Plaintiffs' counterclaims.  (*Id.* at 78-79).  Notably, ***Plaintiffs never suggested or implied that they***

2  ***would refuse to participate in jurisdictional discovery until after those requests were served***,

3  despite the fact that jurisdictional discovery was discussed throughout the hearing.  Nor did

4  Plaintiffs alert Defendants to that position when they received Defendants' discovery requests.

5

6      It is also worth noting Plaintiffs' double standards.  Plaintiffs served their first set of

7  jurisdictional requests on FMA on December 14, 2006 -- ***well before it served its own Rule 26.2***

8  ***disclosures on January 9***.  (See Exs. F, G).  When FMA served its responses and objections on

9  January 16, 2007, it objected *inter alia* on the grounds that the requests were premature because

10  discovery had not yet commenced. (See Ex. H).  Nanya immediately cried foul and FMA

11  ultimately agreed to produce responsive jurisdictional documents on April 2 -- well before the

12  briefing on its Motion to Dismiss or Transfer.  In view of this history, it is truly remarkable that

13

14  Defendants dare to withhold documents because FMA served its own jurisdictional requests before

15  serving its Rule 26.2 disclosures, especially when Plaintiffs already have the same information in

16  their possession from the California case.

17          **b.    Plaintiffs' Second Improper Objection and FMA's**
                   **Contentions**
18

19      Plaintiffs assert the following objection, which FMA challenges:

20          *Each jurisdictional discovery request is "premature because it seeks*
            *information that is the subject of Plaintiffs' Response" to*
21          *Defendants' Motion to Dismiss or Transfer.*

22  *See generally* Plaintiffs' Objections and Responses to Fujitsu Microelectronics America, Inc.'s

23  First Set of Interrogatories (Nos. 1-6), April 23, 2007 (Ex. I); Plaintiffs' Objections and Responses

24  to Fujitsu Microelectronics America, Inc.'s First Set of Requests for Production (Nos. 1-29), April

25  23, 2007 (Ex. J).  Plaintiffs assert essentially the same objection repeatedly in the current

26  stipulations.

1    It is highly improper for Plaintiffs to withhold discoverable factual information on

2    the basis that some or all of it may be used to support their opposition to FMA's Motion to

3    Dismiss or Transfer. Plaintiffs' refusal to produce responsive information until they file their

4    response in opposition to FMA's Motion to Dismiss or Transfer is essentially an admission of

5

6    improper motive: Plaintiffs do not want to show their cards before they file the opposition to

7    FMA's Motion. In other words, Plaintiffs essentially acknowledge that they are seeking to

8    conduct trial / motion by ambush. Moreover, in view of the short time until the impending briefing

9    dates, it appears that Plaintiffs are trying to accomplish their objective by *fait accompli*.[1]

10    FMA is not seeking disclosure of privileged information.[2] The information sought

11    by FMA is factual, non-privileged, information and documents that Plaintiffs could easily provide

12    without risking waiver of privilege. The fact that the information may also be relevant to

13

14    Plaintiffs' response is not grounds for withholding that information from FMA.[3]

15    This is yet another baseless attempt to delay or withhold production.

16                c.    **Plaintiffs' Third Improper Objection and FMA's
                        Contentions**

17

18    Plaintiffs assert the following objection, which FMA challenges:

19        *"[A]fter Defendants serve their Local Rule 26.2 pre-discovery
         disclosures or on May 15, 2007 (concurrent with the filing of
20        Plaintiffs' Response), and will supplement this response seasonably
         after Defendants yield all requested jurisdictional discovery."*

21    *See generally* Plaintiffs' Objections and Responses to Fujitsu Microelectronics America, Inc.'s

22    First Set of Interrogatories (Nos. 1-6), April 23, 2007 (Ex. I); Plaintiffs' Objections and Responses

23

24    [1] If Plaintiffs succeed in these improper tactics, then FMA respectfully requests sanctions to punish
     and discourage recurrence. *See* Fed. R. Civ. Proc. 37(a)(4).

25

26    [2] This does not relieve Nanya from their duties to maintain a log of information for which privilege
     has been claimed along with the requested information associated therewith.
     [3] If Plaintiffs believe that certain information should be protected, it may, on a case-by-case basis,
     assert privilege in accordance with the Protective Order, which addresses how a party should
     properly handle privileged and protected information.

06-CV-00025                                9    JOINT STIPULATION CONCERNING PLAINTIFFS'
                                                REFUSAL TO PRODUCE SUBSTANTIVE RESPONSES TO
                                                DEFENDANTS' JURISDICTIONAL DISCOVERY REQUESTS

{G0021667.DOC;1}

to Fujitsu Microelectronics America, Inc.'s First Set of Requests for Production (Nos. 1-29), April 23, 2007 (Ex. J). Plaintiffs assert essentially the same objection repeatedly in the current stipulations.

By seeking to make their disclosure conditional upon Defendants' yielding "all jurisdictional discovery," Plaintiffs create a double-standard. Plaintiffs' approach -- essentially stating that "I won't disclose **anything** until I think you have disclosed **everything**" -- is a blatant violation of the Federal Rules and this Court's Orders, which contemplate mutual, simultaneous participation in discovery. Plaintiffs are unfairly attempting to obtain the full scope jurisdictional discovery from FMA while denying FMA **any** jurisdictional discovery in advance of the court-ordered briefing period.

### d. Plaintiffs' Improper Relevance Objections and FMA's Contentions

Plaintiffs also repeatedly object on relevance grounds. *See generally* Ex. I-K and current stipulation. Plaintiffs' refusal to cooperate in jurisdictional discovery on relevance grounds is particularly confounding in view of FMA's significantly fewer and narrower discovery requests that are targeted specifically at the bases for Plaintiffs' jurisdictional accusations. For example, Plaintiffs have asserted in their complaint that Defendants have placed "products into the stream of commerce with the intention that they would be available to people in the United States and the Territory of Guam." To support its accusations, Plaintiffs have sought a great deal of "jurisdictional discovery" relying on Federal Circuit case law for establishing personal jurisdiction.[4] According to Federal Circuit case law, in order to establish personal jurisdiction, it must be shown that the accused infringer: 1) knowingly placed the accused infringing products into the stream of commerce; and 2) had a reasonable expectation of being subject to jurisdiction

---

[4] Not only are FMA's jurisdictional discovery requests highly relevant, they are also consistent with the very case law that Nanya itself cites for justifying its own jurisdictional discovery

1    in the forum state. *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102 (1987); *Abuan v. Gen.*

2    *Elec. Co.*, 735 F. Supp. 1479, 1486 (D. Guam 1990). Faced with the jurisdictional assertions in

3    Plaintiffs' complaint, FMA requested information specifically addressing such subject matter,

4    including Plaintiffs' basis for their jurisdictional accusations and targeted discovery relevant to

5
6    Plaintiffs' assertion of personal jurisdiction over FMA. FMA is clearly entitled to discovery

7    responsive to its reasonable and targeted requests.

8            For example, Interrogatory No. 1 simply requests that for each alleged basis of

9    jurisdiction over FMA that Plaintiffs alleges under Section 12 of the Clayton Act, they state each

10   such basis, each fact supporting each basis, and identify evidence supporting each fact. This is

11   representative of other interrogatories by FMA concerning Plaintiffs' assertions of jurisdiction.

12
13   Considering Plaintiffs' assertions, there is no question that FMA's jurisdictional requests seek

14   relevant discovery. In the current stipulation, Plaintiffs repeatedly make the following objection to

15   some or all of each document request:

16       •       Plaintiffs object to this request because it seeks information not
                 relevant to the jurisdictional issues before the Court. FED. R. CIV. P.
17               26(b)(1). Specifically, part (c) of the request seeks discovery of
                 information related to the merits of this case, and Plaintiffs are not
18               required to respond to merits-discovery requests until thirty days
                 after the hearing on Defendants' pending motions to dismiss or
19               transfer. (Ex. M, Stipulation, Dkt. No. 148, at 2).

20   Plaintiffs provide no support for their allegations that such requests in part or in whole seek only

21   "merits" based discovery. Even if FMA's requests may *also* be relevant to the merits of the case

22   (which Plaintiffs have not demonstrated), Plaintiffs have completely failed to address the issue in

23   withholding production, *i.e.*, whether FMA's requests are *irrelevant* to the jurisdictional issues

24   before the Court. There can be no arguing for example that Plaintiffs' evidence for alleging
25
26   personal jurisdiction under the Clayton Act, as sought by part (c) of the request above, is relevant

1    as it specifically asks for evidence of Defendants' bases for asserting personal jurisdiction under

2    the Clayton Act in those precise terms.

3                               e.    **Plaintiffs' Remaining Improper Objections and FMA's**
4                                     **Contentions**

5            Plaintiffs also repeatedly make the following objections in the current stipulation:

6            •       Plaintiffs object to this request because it seeks information that is
                     equally available to FMA. *McColm v. Housing Auth.*, No. C-02-
7                    5810 PJH (JCS), 2007 U.S. Dist. LEXIS 8478, *6-7 (N.D. Cal.
                     2007). Specifically, FMA may obtain this information from its own
8                    business records.

9            •       Plaintiffs further object to this request because it seeks information
                     that is not in Plaintiffs' possession or control. FED. R. CIV. P.
10                   26(a)(1)(B). Specifically, any information responsive to this request
                     is the product of jurisdictional discovery that Defendants have yet to
11                   fully yield.

12   Such objections are not a proper basis for withholding all jurisdictional discovery even if certain

13   objections may be appropriate for certain specific documents. *Of course* FMA does not expect

14   Plaintiffs to serve documents not in their possession and which they may or may not receive from

15   Defendants. FMA is clearly not asking for that. But, for example, Nanya purports to have its own

16
17   *factual documents and information* about Defendants' alleged contacts with Guam and/or the

18   alleged flow of Defendants' goods into Guam through a stream of commerce. For example, in

19   their Amended Complaint, Plaintiffs allege that "[u]pon information and belief, a number of

20   Fujitsu Ltd.'s subsidiary or affiliate companies regularly conduct business in the Territory of

21   Guam, have offices or distribution centers in the Territory of Guam, and sell products to people

22   and businesses in the Territory of Guam." Amended Complaint (Dkt. No. 24-1) ¶ 20. Defendants

23
24   are not aware of such regular business conduct, offices, distribution centers, or other contacts, or

25   that any of the Accused Devices have flowed into Guam through any stream of commerce, which

26   in any event would be entirely unforeseeable. To the extent that Plaintiffs have any documents or

     information supporting their contentions to the contrary, such documents and information are

     entirely discoverable and Plaintiffs should be compelled to immediately produce them.

### 3. Defendants' Citation to *Commissariat A L'energie Atomique* is Inapt

Plaintiffs cite to *Commissariat a L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1323 (Fed. Cir. 2005), for the proposition that jurisdictional discovery "does not extend to the defendant challenging jurisdiction." However, *Commissariat* says no such thing. The Court in *Commissariat* addressed only the plaintiffs' request for jurisdictional discovery. Its holding that the plaintiff was entitled to such discovery did not imply or suggest that the defendant should be denied mutual jurisdictional discovery.

### 4. Conclusion and Request for Relief

Plaintiffs' refusals to provide any responses to FMA's jurisdictional discovery requests are a meritless delay tactic designed to prevent Defendants from receiving any discovery prior to service of Plaintiffs' opposition to Defendants' Motions to Dismiss or Transfer. FMA requests that the Court order Plaintiffs to immediately provide substantive answers to Defendants' interrogatories and RFAs, and begin rolling production of documents responsive to its RFPs on May 1, with completion of rolling production on May 8. FMA reserves the right to request additional relief once the full scope of the prejudice it has suffered (by the time it ultimately receives the requested jurisdictional discovery) becomes apparent.

## III. PLAINTIFFS' GENERAL CONTENTIONS AND POINTS OF AUTHORITY

Plaintiffs Nanya Technology Corporation ("NTC") and Nanya Technology Corporation USA ("NTC USA") raise the following general contentions and points of authority with respect to each of FMA's discovery requests:

- **FMA is not entitled to jurisdictional discovery.** As previously briefed to this Court, a *plaintiff* in a patent infringement suit may be entitled to engage in jurisdictional discovery in opposition to a defendant's motion to dismiss for lack of personal jurisdiction. *Commissariat a L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1323 (Fed. Cir. 2005). This right, however, does not extend to the defendant challenging jurisdiction. *See id.* Thus, the Stipulation under which Plaintiffs are currently carrying out their jurisdictional

1  discovery is predictably silent as to FMA's right to initiate jurisdictional discovery.
   (Ex. M, Stipulation, Dkt. No. 148, at 2).  Under the Discovery Plan, a party that
2  wishes to modify the limitations on discovery must apply to the Court for such
3  relief.  (Ex. N, Discovery Plan, Dkt. No. 171, at 2).  Therefore, because FMA has
   not sought leave from the Court to allow it to engage in jurisdictional discovery,
4  any discovery requests served by FMA at this time are improper.

5  •  **The Discovery Plan does not allow FMA to circumvent L.R. 26.2.**  Even if FMA
      were entitled to jurisdictional discovery, its requests are premature because FMA
6     has not yet filed its L.R. 26.2 prediscovery disclosures.  Contrary to FMA's
7     contention, the mere fact that the Discovery Plan extended FMA's deadline to serve
      preliminary disclosures does not allow it to initiate discovery without first making
8     the required disclosures.  *Id.*  The Discovery Plan does not supersede the Local or
      Federal Rules, and under the Local and Federal Rules, FMA cannot serve any
9     discovery requests until it has served its initial disclosures.  *See* L.R. 1.1, 26.2; *see*
      *also* FED. R. CIV. P. 1, 26(a).
10

11     Despite FMA's refusal to comply with federal law, the agreed Stipulation, the

12  Discovery Plan, and L.R. 26.2, Plaintiffs propose that they will provide substantive

13  responses to FMA's discovery requests within 10 days of receiving FMA's L.R. 26.2

14  disclosures.

15  **IV.    THE PARTIES' SPECIFIC CONTENTIONS AND POINTS OF**
16  **         AUTHORITY**

17       **A.    FMA'S INTERROGATORIES TO NTC AND NTC USA**

18  **INTERROGATORY NO. 1:**         Separately for each alleged basis of jurisdiction over FMA
19  under Section 12 of the Clayton Act (a) state each such basis of jurisdiction; (b) state each fact
    supporting each basis; and (c) for each fact, identify all evidence supporting that fact.
20
21            **1.    FMA's Position**

22            *See supra* section II (FMA'S General Contentions and Points of Authority).
23            **2.    Plaintiffs' Specific Contentions and Points of Authority**

24       In addition to their General Contentions and Points of Authority, Plaintiffs make the

25  following specific objections to Interrogatory No. 1:

26  •  Plaintiffs object to this request as premature because it seeks information that is the subject
      of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due
      until May 15, 2007, and which is presently covered by the work product privilege.  *See*
      FED. R. CIV. P. 26(b)(1); FED. R. EVID. 501 (authorizing federal courts to develop federal

common law on both attorney-client and attorney work product privileges); *U.S. v. Zolin*, 491 U.S. 554, 562 (1989) ("We have recognized the attorney-client privilege under federal law....").

- Plaintiffs object to this request because it seeks information not relevant to the jurisdictional issues before the Court. FED. R. CIV. P. 26(b)(1). Specifically, part (c) of the request seeks discovery of information related to the merits of this case, and Plaintiffs are not required to respond to merits-discovery requests until thirty days after the hearing on Defendants' pending motions to dismiss or transfer. (Ex. M, Stipulation, Dkt. No. 148, at 2).

- Plaintiffs further object to this request because it seeks information that is not in Plaintiffs' possession or control. FED. R. CIV. P. 26(a)(1)(B). Specifically, any information responsive to this request is the product of Plaintiffs' jurisdictional discovery requests to which Defendants have failed to fully respond.

**INTERROGATORY NO. 2:**    Separately for each alleged basis of jurisdiction over Fujitsu under Section 12 of the Clayton Act (a) state each such basis of jurisdiction; (b) state each fact supporting each basis; and (c) for each fact, identify all evidence supporting that fact.

### 1.    FMA's Position

*See supra* section II (FMA'S General Contentions and Points of Authority).

### 2.    Plaintiffs' Specific Contentions and Points of Authority

In addition to their General Contentions and Points of Authority, Plaintiffs make the following specific objections to Interrogatory No. 2:

- Plaintiffs object to this request as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007, and which is presently covered by the work product privilege. *See* FED. R. CIV. P. 26(b)(1); FED. R. EVID. 501 (authorizing federal courts to develop federal common law on both attorney-client and attorney work product privileges); *U.S. v. Zolin*, 491 U.S. 554, 562 (1989) ("We have recognized the attorney-client privilege under federal law....").

- Plaintiffs object to this request because it seeks information not relevant to the jurisdictional issues before the Court. FED. R. CIV. P. 26(b)(1). Specifically, part (c) of the request seeks discovery of information related to the merits of this case, and Plaintiffs are not required to respond to merits-discovery requests until thirty days after the hearing on Defendants' pending motions to dismiss or transfer. (Ex. M, Stipulation, Dkt. No. 148, at 2).

- Plaintiffs further object to this request because it seeks information that is not in Plaintiffs' possession or control. FED. R. CIV. P. 26(a)(1)(B). Specifically, any information

06-CV-00025

{G0021667.DOC;1}

15    JOINT STIPULATION CONCERNING PLAINTIFFS' REFUSAL TO PRODUCE SUBSTANTIVE RESPONSES TO DEFENDANTS' JURISDICTIONAL DISCOVERY REQUESTS

responsive to this request is the product of Plaintiffs' jurisdictional discovery requests to which Defendants have failed to fully respond.

## INTERROGATORY NO. 3

Separately for each alleged basis of jurisdiction over FMA not under Section 12 of the Clayton Act (a) state each such basis of jurisdiction; (b) state each fact supporting each basis; and (c) for each fact, identify all evidence supporting that fact.

### 1.     FMA's Position

*See supra* section II (FMA'S General Contentions and Points of Authority).

### 2.     Plaintiffs' Specific Contentions and Points of Authority

In addition to their General Contentions and Points of Authority, Plaintiffs make the following specific objections to Interrogatory No. 3:

- Plaintiffs object to this request as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007, and which is presently covered by the work product privilege. *See* FED. R. CIV. P. 26(b)(1); FED. R. EVID. 501 (authorizing federal courts to develop federal common law on both attorney-client and attorney work product privileges); *U.S. v. Zolin*, 491 U.S. 554, 562 (1989) ("We have recognized the attorney-client privilege under federal law....").

- Plaintiffs object to this request because it seeks information not relevant to the jurisdictional issues before the Court. FED. R. CIV. P. 26(b)(1). Specifically, part (c) of the request seeks discovery of information related to the merits of this case, and Plaintiffs are not required to respond to merits-discovery requests until thirty days after the hearing on Defendants' pending motions to dismiss or transfer. (Ex. M, Stipulation, Dkt. No. 148, at 2).

- Plaintiffs further object to this request because it seeks information that is not in Plaintiffs' possession or control. FED. R. CIV. P. 26(a)(1)(B). Specifically, any information responsive to this request is the product of Plaintiffs' jurisdictional discovery requests to which Defendants have failed to fully respond.

## INTERROGATORY NO. 4

Separately for each alleged basis of jurisdiction over Fujitsu not under Section 12 of the Clayton Act (a) state each such basis of jurisdiction; (b) state each fact supporting each basis; and (c) for each fact, identify all evidence supporting that fact.

### 1.     FMA's Position

*See supra* section II (FMA'S General Contentions and Points of Authority).

**2.    Plaintiffs' Specific Contentions and Points of Authority**

In addition to their General Contentions and Points of Authority, Plaintiffs make the

following specific objections to Interrogatory No. 4:

- Plaintiffs object to this request as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007, and which is presently covered by the work product privilege. *See* FED. R. CIV. P. 26(b)(1); FED. R. EVID. 501 (authorizing federal courts to develop federal common law on both attorney-client and attorney work product privileges); *U.S. v. Zolin*, 491 U.S. 554, 562 (1989) ("We have recognized the attorney-client privilege under federal law….").

- Plaintiffs object to this request because it seeks information not relevant to the jurisdictional issues before the Court. FED. R. CIV. P. 26(b)(1). Specifically, part (c) of the request seeks discovery of information related to the merits of this case, and Plaintiffs are not required to respond to merits-discovery requests until thirty days after the hearing on Defendants' pending motions to dismiss or transfer. (Ex. M, Stipulation, Dkt. No. 148, at 2).

- Plaintiffs further object to this request because it seeks information that is not in Plaintiffs' possession or control. FED. R. CIV. P. 26(a)(1)(B). Specifically, any information responsive to this request is the product of Plaintiffs' jurisdictional discovery requests to which Defendants have failed to fully respond.

## INTERROGATORY NO. 5

Separately for each product that you assert to be a contact with Guam out of which your claim for infringement arises against Fujitsu under a stream of commerce theory of specific jurisdiction, and for each product identified in your Second Sets of Jurisdictional requests for Production to Defendants Fujitsu and FMA, dated February 9, 2007: (a) state each basis for alleging infringement against Fujitsu; (b) state each fact supporting each basis; and (c) for each fact, identify all evidence supporting that fact.

**1.    FMA's Position**

*See supra* section II (FMA'S General Contentions and Points of Authority).

**2.    Plaintiffs' Specific Contentions and Points of Authority**

In addition to their General Contentions and Points of Authority, Plaintiffs make the

following specific objections to Interrogatory No. 5:

- Plaintiffs object to this request as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007, and which is presently covered by the work product privilege. *See* FED. R. CIV. P. 26(b)(1); FED. R. EVID. 501 (authorizing federal courts to develop federal

06-CV-00025                                                    17        **JOINT STIPULATION CONCERNING PLAINTIFFS' REFUSAL TO PRODUCE SUBSTANTIVE RESPONSES TO DEFENDANTS' JURISDICTIONAL DISCOVERY REQUESTS**

{G0021667.DOC;1}

1

2

common law on both attorney-client and attorney work product privileges); *U.S. v. Zolin*, 491 U.S. 554, 562 (1989) ("We have recognized the attorney-client privilege under federal law…").

3

4

5

6

- Plaintiffs object to this request because it seeks information not relevant to the jurisdictional issues before the Court. FED. R. CIV. P. 26(b)(1). Specifically, part (c) of the request seeks discovery of information related to the merits of this case, and Plaintiffs are not required to respond to merits-discovery requests until thirty days after the hearing on Defendants' pending motions to dismiss or transfer. (Ex. M, Stipulation, Dkt. No. 148, at 2).

7

8

9

- Plaintiffs further object to this request because it seeks information that is not in Plaintiffs' possession or control. FED. R. CIV. P. 26(a)(1)(B). Specifically, any information responsive to this request is the product of Plaintiffs' jurisdictional discovery requests to which Defendants have failed to fully respond.

10

## INTERROGATORY NO. 6

11

12

13

14

Separately for each product that you assert to be a contact with Guam out of which your claim for infringement arises against FMA under a stream of commerce theory of specific jurisdiction, and for each product identified in your Second Sets of Jurisdictional requests for Production to Defendants Fujitsu and FMA, dated February 9, 2007: (a) state each basis for alleging infringement against FMA; (b) state each fact supporting each basis; and (c) for each fact, identify all evidence supporting that fact.

15

### 1.    FMA's Position

16

*See supra* section II (FMA'S General Contentions and Points of Authority).

17

### 2.    Plaintiffs' Specific Contentions and Points of Authority

18

In addition to their General Contentions and Points of Authority, Plaintiffs make the

19

following specific objections to Interrogatory No. 6:

20

21

22

23

24

- Plaintiffs object to this request as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007, and which is presently covered by the work product privilege. *See* FED. R. CIV. P. 26(b)(1); FED. R. EVID. 501 (authorizing federal courts to develop federal common law on both attorney-client and attorney work product privileges); *U.S. v. Zolin*, 491 U.S. 554, 562 (1989) ("We have recognized the attorney-client privilege under federal law…").

25

26

- Plaintiffs object to this request because it seeks information not relevant to the jurisdictional issues before the Court. FED. R. CIV. P. 26(b)(1). Specifically, part (c) of the request seeks discovery of information related to the merits of this case, and Plaintiffs are not required to respond to merits-discovery requests until thirty days after the hearing on Defendants' pending motions to dismiss or transfer. (Ex. M, Stipulation, Dkt. No. 148, at 2).

06-CV-00025

18

**JOINT STIPULATION CONCERNING PLAINTIFFS' REFUSAL TO PRODUCE SUBSTANTIVE RESPONSES TO DEFENDANTS' JURISDICTIONAL DISCOVERY REQUESTS**

{G0021667.DOC;1}

- Plaintiffs further object to this request because it seeks information that is not in Plaintiffs' possession or control. FED. R. CIV. P. 26(a)(1)(B). Specifically, any information responsive to this request is the product of Plaintiffs' jurisdictional discovery requests to which Defendants have failed to fully respond.

## B.    FMA'S REQUESTS FOR PRODUCTION TO NTC AND NTC USA

### REQUEST FOR PRODUCTION NO. 1:

All documents, electronically stored information, and things demonstrating, showing or otherwise relating to the allegation that Fujitsu Limited owns and/or controls the following entities:
(a)    Fujitsu Computing Products of America;
(b)    Fujitsu General New Zealand Limited;
(c)    Fujitsu Ten; and
(d)    Any other person or company you believe is a subsidiary or affiliate of Fujitsu Limited, whose conduct or actions are relevant to personal jurisdiction over Fujitsu Limited in this proceeding.

### 1.    FMA's Position

*See supra* section II (FMA'S General Contentions and Points of Authority).

### 2.    Plaintiffs' Specific Contentions and Points of Authority

In addition to their General Contentions and Points of Authority, Plaintiffs make the following specific objections to Request for Production No. 1:

- Plaintiffs object to this request as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007, and which is presently covered by the work product privilege. *See* FED. R. CIV. P. 26(b)(1); FED. R. EVID. 501 (authorizing federal courts to develop federal common law on both attorney-client and attorney work product privileges); *U.S. v. Zolin*, 491 U.S. 554, 562 (1989) ("We have recognized the attorney-client privilege under federal law….").

- Plaintiffs object to this request because it seeks information that is equally available to FMA. *McColm v. Housing Auth.*, No. C-02-5810 PJH (JCS), 2007 U.S. Dist. LEXIS 8478, *6-7 (N.D. Cal. 2007). Specifically, FMA may obtain this information from its own business records.

- Plaintiffs further object to this request because it seeks information that is not in Plaintiffs' possession or control. FED. R. CIV. P. 26(a)(1)(B). Specifically, any information responsive to this request is the product of jurisdictional discovery that Defendants have yet to fully yield.

### REQUEST FOR PRODUCTION NO. 2:

All purchase orders, receipts, bills of lading, and other documents, electronically stored

{G0021667.DOC;1}

1    information, and things demonstrating, showing or otherwise relating to products manufactured
2    sold or distributed by Fujitsu Limited, its alleged subsidiaries, or its alleged affiliates in the
     Territory of Guam.

3        **1.    FMA's Position**

4        *See supra* section II (FMA'S General Contentions and Points of Authority).

5        **2.    Plaintiffs' Specific Contentions and Points of Authority**

6        In addition to their General Contentions and Points of Authority, Plaintiffs make the
7
8    following specific objections to Request for Production No. 2:

9    •   Plaintiffs object to this request as premature because it seeks information that is the subject
         of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due
10       until May 15, 2007, and which is presently covered by the work product privilege. *See*
11       FED. R. CIV. P. 26(b)(1); FED. R. EVID. 501 (authorizing federal courts to develop federal
         common law on both attorney-client and attorney work product privileges); *U.S. v. Zolin*,
12       491 U.S. 554, 562 (1989) ("We have recognized the attorney-client privilege under federal
         law….").
13
14   •   Plaintiffs object to this request because it seeks information that is equally available to
         FMA. *McColm v. Housing Auth.*, No. C-02-5810 PJH (JCS), 2007 U.S. Dist. LEXIS 8478,
15       *6-7 (N.D. Cal. 2007). Specifically, FMA may obtain this information from its own
         business records.
16
17   •   Plaintiffs further object to this request because it seeks information that is not in Plaintiffs'
         possession or control. FED. R. CIV. P. 26(a)(1)(B). Specifically, any information
18       responsive to this request is the product of jurisdictional discovery that Defendants have yet
         to fully yield.
19
     **REQUEST FOR PRODUCTION NO. 3:**
20       All purchase orders, receipts, bills of lading and other documents, electronically stored
21   information, and things demonstrating, showing or otherwise relating to your allegations that
     products manufactured or distributed by Fujitsu Limited, its alleged subsidiaries, or its alleged
22   affiliates have been sold or offered for sale in the Territory of Guam, whether alone or combined
     with other products.

23       **1.    FMA's Position**

24       *See supra* section II (FMA'S General Contentions and Points of Authority).

25

26

1        ## 2.    **Plaintiffs' Specific Contentions and Points of Authority**

2            In addition to their General Contentions and Points of Authority, Plaintiffs make the

3    following specific objections to Request for Production No. 3:

4    • Plaintiffs object to this request as premature because it seeks information that is the subject
5      of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due
       until May 15, 2007, and which is presently covered by the work product privilege. *See*
6      FED. R. CIV. P. 26(b)(1); FED. R. EVID. 501 (authorizing federal courts to develop federal
7      common law on both attorney-client and attorney work product privileges); *U.S. v. Zolin*,
       491 U.S. 554, 562 (1989) ("We have recognized the attorney-client privilege under federal
8      law….").

9    • Plaintiffs object to this request because it seeks information that is equally available to
       FMA. *McColm v. Housing Auth.*, No. C-02-5810 PJH (JCS), 2007 U.S. Dist. LEXIS 8478,
10     *6-7 (N.D. Cal. 2007). Specifically, FMA may obtain this information from its own
11     business records.

12   • Plaintiffs further object to this request because it seeks information that is not in Plaintiffs'
       possession or control. FED. R. CIV. P. 26(a)(1)(B). Specifically, any information
13     responsive to this request is the product of jurisdictional discovery that Defendants have yet
14     to fully yield.

15   ## **REQUEST FOR PRODUCTION NO. 4:**
           All documents, electronically stored information, and things demonstrating, showing or
16   otherwise relating to your allegation in Paragraph 12 of your First Amended Complaint that Fujitsu
     Limited and FMA "each have sufficient contacts with the forum to satisfy federal personal
17   jurisdiction requirements.

18       ### 1.    **FMA's Position**

19           *See supra* section II (FMA'S General Contentions and Points of Authority).

20       ### 2.    **Plaintiffs' Specific Contentions and Points of Authority**

21
22           In addition to their General Contentions and Points of Authority, Plaintiffs make the

23   following specific objections to Request for Production No. 4:

24   • Plaintiffs object to this request as premature because it seeks information that is the subject
       of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due
25     until May 15, 2007, and which is presently covered by the work product privilege. *See*
       FED. R. CIV. P. 26(b)(1); FED. R. EVID. 501 (authorizing federal courts to develop federal
26     common law on both attorney-client and attorney work product privileges); *U.S. v. Zolin*,
       491 U.S. 554, 562 (1989) ("We have recognized the attorney-client privilege under federal
       law….").

1

2

3

- Plaintiffs object to this request because it seeks information that is equally available to FMA. *McColm v. Housing Auth.*, No. C-02-5810 PJH (JCS), 2007 U.S. Dist. LEXIS 8478, *6-7 (N.D. Cal. 2007). Specifically, FMA may obtain this information from its own business records.

4

5

6

- Plaintiffs further object to this request because it seeks information that is not in Plaintiffs' possession or control. FED. R. CIV. P. 26(a)(1)(B). Specifically, any information responsive to this request is the product of jurisdictional discovery that Defendants have yet to fully yield.

7

## REQUEST FOR PRODUCTION NO. 5:

8

9

All documents, electronically stored information, and things demonstrating, showing or otherwise relating to your allegation in Paragraph 15 of your First Amended Complaint that allegedly anticompetitive acts have artificially increased the cost of DDR SDRAM chips in the United States and its territories, including the Territory of Guam.

10

### 1.    FMA's Position

11

*See supra* section II (FMA'S General Contentions and Points of Authority).

12

### 2.    Plaintiffs' Specific Contentions and Points of Authority

13

14

In addition to their General Contentions and Points of Authority, Plaintiffs make the

15

following specific objections to Request for Production No. 5:

16

17

18

19

- Plaintiffs object to this request as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007, and which is presently covered by the work product privilege. *See* FED. R. CIV. P. 26(b)(1); FED. R. EVID. 501 (authorizing federal courts to develop federal common law on both attorney-client and attorney work product privileges); *U.S. v. Zolin*, 491 U.S. 554, 562 (1989) ("We have recognized the attorney-client privilege under federal law....").

20

21

22

23

24

- Plaintiffs object to this request because it seeks information not relevant to the jurisdictional issues before the Court. FED. R. CIV. P. 26(b)(1). Specifically, the request seeks discovery of information relevant to the merits of this case, and Plaintiffs are not required to respond to merits-discovery requests until thirty days after the hearing on Defendants' pending motions to dismiss or transfer. (Ex. M, Stipulation, Dkt. No. 148, at 2).

25

## REQUEST FOR PRODUCTION NO. 6:

26

All purchase orders, receipts, bills of lading, and other documents, electronically stored information, and things demonstrating, showing or otherwise relating to your allegation in Paragraph 16 of your First Amended Complaint that Fujitsu Limited, its alleged subsidiaries, or its alleged affiliates distribute Accused Fujitsu Products in the Territory of Guam.

06-CV-00025                                    22    **JOINT STIPULATION CONCERNING PLAINTIFFS'**
**REFUSAL TO PRODUCE SUBSTANTIVE RESPONSES TO**
**DEFENDANTS' JURISDICTIONAL DISCOVERY REQUESTS**

{G0021667.DOC;1}

1

## 1.    FMA's Position

2

*See supra* section II (FMA'S General Contentions and Points of Authority).

3

## 2.    Plaintiffs' Specific Contentions and Points of Authority

4

In addition to their General Contentions and Points of Authority, Plaintiffs make the

5

following specific objections to Request for Production No. 6:

6

7
- Plaintiffs object to this request as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due

8
until May 15, 2007, and which is presently covered by the work product privilege. *See* FED. R. CIV. P. 26(b)(1); FED. R. EVID. 501 (authorizing federal courts to develop federal

9
common law on both attorney-client and attorney work product privileges); *U.S. v. Zolin*, 491 U.S. 554, 562 (1989) ("We have recognized the attorney-client privilege under federal

10
law….").

11
- Plaintiffs object to this request because it seeks information that is equally available to

12
FMA. *McColm v. Housing Auth.*, No. C-02-5810 PJH (JCS), 2007 U.S. Dist. LEXIS 8478, *6-7 (N.D. Cal. 2007). Specifically, FMA may obtain this information from its own

13
business records.

14
- Plaintiffs further object to this request because it seeks information that is not in Plaintiffs'

15
possession or control. FED. R. CIV. P. 26(a)(1)(B). Specifically, any information responsive to this request is the product of jurisdictional discovery that Defendants have yet

16
to fully yield.

17
## REQUEST FOR PRODUCTION NO. 7:

18
All documents, electronically stored information, and things demonstrating, showing, or otherwise relating to your allegation in Paragraph 17 of your First Amended Complaint that

19
"Fujitsu, Ltd. Its subsidiaries, or its affiliates place" Accused Fujitsu Products "in the stream of commerce with the intention that they would be available to people in the United States and the

20
Territory of Guam."

21
## 1.    FMA's Position

22
*See supra* section II (FMA'S General Contentions and Points of Authority).

23
## 2.    Plaintiffs' Specific Contentions and Points of Authority

24
In addition to their General Contentions and Points of Authority, Plaintiffs make the

25
following specific objections to Request for Production No. 7:

26
- Plaintiffs object to this request as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007, and which is presently covered by the work product privilege. *See*

**JOINT STIPULATION CONCERNING PLAINTIFFS'
REFUSAL TO PRODUCE SUBSTANTIVE RESPONSES TO
DEFENDANTS' JURISDICTIONAL DISCOVERY REQUESTS**

{G0021667.DOC;1}

1    FED. R. CIV. P. 26(b)(1); FED. R. EVID. 501 (authorizing federal courts to develop federal
     common law on both attorney-client and attorney work product privileges); *U.S. v. Zolin*,

2    491 U.S. 554, 562 (1989) ("We have recognized the attorney-client privilege under federal

3    law….").

4    •    Plaintiffs object to this request because it seeks information that is equally available to
          FMA. *McColm v. Housing Auth.*, No. C-02-5810 PJH (JCS), 2007 U.S. Dist. LEXIS 8478,

5         *6-7 (N.D. Cal. 2007). Specifically, FMA may obtain this information from its own
          business records.

6

7    •    Plaintiffs further object to this request because it seeks information that is not in Plaintiffs'
          possession or control. FED. R. CIV. P. 26(a)(1)(B). Specifically, any information

8         responsive to this request is the product of jurisdictional discovery that Defendants have yet
          to fully yield.

9

**REQUEST FOR PRODUCTION NO. 8:**

10        All documents, electronically stores information, and things demonstrating, showing, or

11   otherwise relating to your allegation in Paragraph 17 of your First Amended Complaint of
     "products that are placed into the stream of commerce by Fujitsu Ltd., its subsidiaries, or its

12   affiliates."

13        **1.    FMA's Position**

14        *See supra* section II (FMA'S General Contentions and Points of Authority).

15        **2.    Plaintiffs' Specific Contentions and Points of Authority**

16        In addition to their General Contentions and Points of Authority, Plaintiffs make the

17   following specific objections to Request for Production No. 8:

18

19   •    Plaintiffs object to this request as premature because it seeks information that is the subject
          of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due

20        until May 15, 2007, and which is presently covered by the work product privilege. *See*
          FED. R. CIV. P. 26(b)(1); FED. R. EVID. 501 (authorizing federal courts to develop federal

21        common law on both attorney-client and attorney work product privileges); *U.S. v. Zolin*,
          491 U.S. 554, 562 (1989) ("We have recognized the attorney-client privilege under federal

22        law….").

23   •    Plaintiffs object to this request because it seeks information that is equally available to

24        FMA. *McColm v. Housing Auth.*, No. C-02-5810 PJH (JCS), 2007 U.S. Dist. LEXIS 8478,
          *6-7 (N.D. Cal. 2007). Specifically, FMA may obtain this information from its own

25        business records.

26   •    Plaintiffs further object to this request because it seeks information that is not in Plaintiffs'
          possession or control. FED. R. CIV. P. 26(a)(1)(B). Specifically, any information
          responsive to this request is the product of jurisdictional discovery that Defendants have yet
          to fully yield.

06-CV-00025                                    24          JOINT STIPULATION CONCERNING PLAINTIFFS'
                                                           REFUSAL TO PRODUCE SUBSTANTIVE RESPONSES TO
                                                           DEFENDANTS' JURISDICTIONAL DISCOVERY REQUESTS

{G0021667.DOC;1}

**REQUEST FOR PRODUCTION NO. 9:**

All documents, electronically stores information, and things demonstrating, showing, or otherwise relating to your allegation in Paragraph 18 of your First Amended Complaint that Accused Fujitsu Products are made "with the intention that they would be used in a significant number of consumer products sold in the United States and the Territory of Guam."

  **1.  FMA's Position**

    *See supra* section II (FMA'S General Contentions and Points of Authority).

  **2.  Plaintiffs' Specific Contentions and Points of Authority**

In addition to their General Contentions and Points of Authority, Plaintiffs make the following specific objections to Request for Production No. 9:

- Plaintiffs object to this request as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007, and which is presently covered by the work product privilege. *See* FED. R. CIV. P. 26(b)(1); FED. R. EVID. 501 (authorizing federal courts to develop federal common law on both attorney-client and attorney work product privileges); *U.S. v. Zolin*, 491 U.S. 554, 562 (1989) ("We have recognized the attorney-client privilege under federal law….").

- Plaintiffs object to this request because it seeks information that is equally available to FMA. *McColm v. Housing Auth.*, No. C-02-5810 PJH (JCS), 2007 U.S. Dist. LEXIS 8478, *6-7 (N.D. Cal. 2007). Specifically, FMA may obtain this information from its own business records.

- Plaintiffs further object to this request because it seeks information that is not in Plaintiffs' possession or control. FED. R. CIV. P. 26(a)(1)(B). Specifically, any information responsive to this request is the product of jurisdictional discovery that Defendants have yet to fully yield.

**REQUEST FOR PRODUCTION NO. 10:**

All documents, electronically stored information, and things demonstrating, showing or otherwise relating to your allegation in Paragraph 19 of your First Amended Complaint that Fujitsu Limited "distributes products manufactured by Fujitsu companies to businesses and legal residents of the Territory of Guam."

  **1.  FMA's Position**

    *See supra* section II (FMA'S General Contentions and Points of Authority).

06-CV-00025            25    **JOINT STIPULATION CONCERNING PLAINTIFFS' REFUSAL TO PRODUCE SUBSTANTIVE RESPONSES TO DEFENDANTS' JURISDICTIONAL DISCOVERY REQUESTS**

{G0021667.DOC;1}