1

### 2.    Plaintiffs' Specific Contentions and Points of Authority

2

In addition to their General Contentions and Points of Authority, Plaintiffs make the

3

following specific objections to Request for Production No. 10:

4

5

6

7

8

- Plaintiffs object to this request as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007, and which is presently covered by the work product privilege. *See* FED. R. CIV. P. 26(b)(1); FED. R. EVID. 501 (authorizing federal courts to develop federal common law on both attorney-client and attorney work product privileges); *U.S. v. Zolin*, 491 U.S. 554, 562 (1989) ("We have recognized the attorney-client privilege under federal law....").

9

10

11

- Plaintiffs object to this request because it seeks information that is equally available to FMA. *McColm v. Housing Auth.*, No. C-02-5810 PJH (JCS), 2007 U.S. Dist. LEXIS 8478, *6-7 (N.D. Cal. 2007). Specifically, FMA may obtain this information from its own business records.

12

13

14

- Plaintiffs further object to this request because it seeks information that is not in Plaintiffs' possession or control. FED. R. CIV. P. 26(a)(1)(B). Specifically, any information responsive to this request is the product of jurisdictional discovery that Defendants have yet to fully yield.

15

### REQUEST FOR PRODUCTION NO. 11:

16

17

All documents, electronically stored information, and things demonstrating, showing or otherwise relating to your allegation in Paragraph 20 of your First Amended Complaint that a number of Fujitsu Limited's subsidiary or affiliate companies regularly conduct business in the Territory of Guam, and sell products to people and businesses in the Territory of Guam.

18

### 1.    FMA's Position

19

*See supra* section II (FMA'S General Contentions and Points of Authority).

20

### 2.    Plaintiffs' Specific Contentions and Points of Authority

21

22

In addition to their General Contentions and Points of Authority, Plaintiffs make the

23

following specific objections to Request for Production No. 11:

24

25

26

- Plaintiffs object to this request as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007, and which is presently covered by the work product privilege. *See* FED. R. CIV. P. 26(b)(1); FED. R. EVID. 501 (authorizing federal courts to develop federal common law on both attorney-client and attorney work product privileges); *U.S. v. Zolin*, 491 U.S. 554, 562 (1989) ("We have recognized the attorney-client privilege under federal law....").

06-CV-00025

26

**JOINT STIPULATION CONCERNING PLAINTIFFS'
REFUSAL TO PRODUCE SUBSTANTIVE RESPONSES TO
DEFENDANTS' JURISDICTIONAL DISCOVERY REQUESTS**

{G0021667.DOC;1}

- Plaintiffs object to this request because it seeks information that is equally available to FMA. *McColm v. Housing Auth.*, No. C-02-5810 PJH (JCS), 2007 U.S. Dist. LEXIS 8478, *6-7 (N.D. Cal. 2007). Specifically, FMA may obtain this information from its own business records.

- Plaintiffs further object to this request because it seeks information that is not in Plaintiffs' possession or control. FED. R. CIV. P. 26(a)(1)(B). Specifically, any information responsive to this request is the product of jurisdictional discovery that Defendants have yet to fully yield.

## REQUEST FOR PRODUCTION NO. 12:

All documents, electronically stored information, and things relating to or resulting from your Freedom of Information Act requests submitted to the United States Navy and United States Air Force Exchanges in the Territory of Guam.

### 1.    FMA's Position

*See supra* section II (FMA'S General Contentions and Points of Authority).

### 2.    Plaintiffs' Specific Contentions and Points of Authority

In addition to their General Contentions and Points of Authority, Plaintiffs make the

following specific objections to Request for Production No. 12:

- Plaintiffs object to this request as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007, and which is presently covered by the work product privilege. *See* FED. R. CIV. P. 26(b)(1); FED. R. EVID. 501 (authorizing federal courts to develop federal common law on both attorney-client and attorney work product privileges); *U.S. v. Zolin*, 491 U.S. 554, 562 (1989) ("We have recognized the attorney-client privilege under federal law….").

- Plaintiffs object to this request because it seeks information that is equally available to FMA. *McColm v. Housing Auth.*, No. C-02-5810 PJH (JCS), 2007 U.S. Dist. LEXIS 8478, *6-7 (N.D. Cal. 2007). Specifically, FMA may obtain this information from its own business records.

## REQUEST FOR PRODUCTION NO. 13:

All documents, electronically stored information, and things demonstrating, showing or otherwise relating to your allegation in Paragraph 21 of your First Amended Complaint that FMA has or had knowledge that its products would be utilized or contained in a significant number of consumer products sold in the Territory of Guam.

### 1.    FMA's Position

*See supra* section II (FMA'S General Contentions and Points of Authority).

06-CV-00025

27

JOINT STIPULATION CONCERNING PLAINTIFFS'
REFUSAL TO PRODUCE SUBSTANTIVE RESPONSES TO
DEFENDANTS' JURISDICTIONAL DISCOVERY REQUESTS

{G0021667.DOC;1}

### 2.    Plaintiffs' Specific Contentions and Points of Authority

In addition to their General Contentions and Points of Authority, Plaintiffs make the

following specific objections to Request for Production No. 13:

- Plaintiffs object to this request as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007, and which is presently covered by the work product privilege. *See* FED. R. CIV. P. 26(b)(1); FED. R. EVID. 501 (authorizing federal courts to develop federal common law on both attorney-client and attorney work product privileges); *U.S. v. Zolin*, 491 U.S. 554, 562 (1989) ("We have recognized the attorney-client privilege under federal law....").

- Plaintiffs object to this request because it seeks information that is equally available to FMA. *McColm v. Housing Auth.*, No. C-02-5810 PJH (JCS), 2007 U.S. Dist. LEXIS 8478, *6-7 (N.D. Cal. 2007). Specifically, FMA may obtain this information from its own business records.

- Plaintiffs further object to this request because it seeks information that is not in Plaintiffs' possession or control. FED. R. CIV. P. 26(a)(1)(B). Specifically, any information responsive to this request is the product of jurisdictional discovery that Defendants have yet to fully yield.

### REQUEST FOR PRODUCTION NO. 14:

All documents, electronically stored information, and things demonstrating, showing or otherwise relating to your allegation in Paragraph 21 of your First Amended Complaint that FMA's microelectronics are present in "products produced by major manufacturers of consumer electronics and extensively distributed throughout the United States and the Territory of Guam."

### 1.    FMA's Position

*See supra* section II (FMA'S General Contentions and Points of Authority).

### 2.    Plaintiffs' Specific Contentions and Points of Authority

In addition to their General Contentions and Points of Authority, Plaintiffs make the

following specific objections to Request for Production No. 14:

- Plaintiffs object to this request as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007, and which is presently covered by the work product privilege. *See* FED. R. CIV. P. 26(b)(1); FED. R. EVID. 501 (authorizing federal courts to develop federal common law on both attorney-client and attorney work product privileges); *U.S. v. Zolin*, 491 U.S. 554, 562 (1989) ("We have recognized the attorney-client privilege under federal law....").

06-CV-00025                                     28        JOINT STIPULATION CONCERNING PLAINTIFFS'
                                                          REFUSAL TO PRODUCE SUBSTANTIVE RESPONSES TO
                                                          DEFENDANTS' JURISDICTIONAL DISCOVERY REQUESTS

{G0021667.DOC;1}

1

- Plaintiffs object to this request because it seeks information that is equally available to FMA. *McColm v. Housing Auth.*, No. C-02-5810 PJH (JCS), 2007 U.S. Dist. LEXIS 8478, *6-7 (N.D. Cal. 2007). Specifically, FMA may obtain this information from its own business records.

2

3

4

- Plaintiffs further object to this request because it seeks information that is not in Plaintiffs' possession or control. FED. R. CIV. P. 26(a)(1)(B). Specifically, any information responsive to this request is the product of jurisdictional discovery that Defendants have yet to fully yield.

5

6

7

**REQUEST FOR PRODUCTION NO. 15:**

8

All documents, electronically stored information, and things demonstrating, showing or otherwise relating to your allegation in Paragraph 22 of your First Amended Complaint that "a substantial number of retail outlets in the Territory of Guam regularly carry and sell consumer products containing microelectronics manufactured by FMA."

9

10

### 1.    FMA's Position

11

*See supra* section II (FMA'S General Contentions and Points of Authority).

12

### 2.    Plaintiffs' Specific Contentions and Points of Authority

13

In addition to their General Contentions and Points of Authority, Plaintiffs make the

14

following specific objections to Request for Production No. 15:

15

16

- Plaintiffs object to this request as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007, and which is presently covered by the work product privilege. *See* FED. R. CIV. P. 26(b)(1); FED. R. EVID. 501 (authorizing federal courts to develop federal common law on both attorney-client and attorney work product privileges); *U.S. v. Zolin*, 491 U.S. 554, 562 (1989) ("We have recognized the attorney-client privilege under federal law….").

17

18

19

20

- Plaintiffs object to this request because it seeks information that is equally available to FMA. *McColm v. Housing Auth.*, No. C-02-5810 PJH (JCS), 2007 U.S. Dist. LEXIS 8478, *6-7 (N.D. Cal. 2007). Specifically, FMA may obtain this information from its own business records.

21

22

23

- Plaintiffs further object to this request because it seeks information that is not in Plaintiffs' possession or control. FED. R. CIV. P. 26(a)(1)(B). Specifically, any information responsive to this request is the product of jurisdictional discovery that Defendants have yet to fully yield.

24

25

26

**REQUEST FOR PRODUCTION NO. 16:**

All documents, electronically stored information, and things demonstrating, showing or otherwise relating to your allegation in Paragraph 23 of your First Amended Complaint that "people and businesses in the Territory of Guam can order and purchase electronic products

06-CV-00025                                                29    **JOINT STIPULATION CONCERNING PLAINTIFFS' REFUSAL TO PRODUCE SUBSTANTIVE RESPONSES TO DEFENDANTS' JURISDICTIONAL DISCOVERY REQUESTS**

{G0021667.DOC;1}

1    containing microelectronics manufactured by FMA."

2          **1.    FMA's Position**

3          *See supra* section II (FMA'S General Contentions and Points of Authority).

4          **2.    Plaintiffs' Specific Contentions and Points of Authority**

5          In addition to their General Contentions and Points of Authority, Plaintiffs make the

6    following specific objections to Request for Production No. 16:

7

8    •    Plaintiffs object to this request as premature because it seeks information that is the subject
     of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due
9    until May 15, 2007, and which is presently covered by the work product privilege. *See*
     FED. R. CIV. P. 26(b)(1); FED. R. EVID. 501 (authorizing federal courts to develop federal
10   common law on both attorney-client and attorney work product privileges); *U.S. v. Zolin*,
     491 U.S. 554, 562 (1989) ("We have recognized the attorney-client privilege under federal
11   law….").

12
     •    Plaintiffs object to this request because it seeks information that is equally available to
13   FMA. *McColm v. Housing Auth.*, No. C-02-5810 PJH (JCS), 2007 U.S. Dist. LEXIS 8478,
     *6-7 (N.D. Cal. 2007). Specifically, FMA may obtain this information from its own
14   business records.

15
     •    Plaintiffs further object to this request because it seeks information that is not in Plaintiffs'
16   possession or control. FED. R. CIV. P. 26(a)(1)(B). Specifically, any information
     responsive to this request is the product of jurisdictional discovery that Defendants have yet
17   to fully yield.

18   **REQUEST FOR PRODUCTION NO. 17:**
19         All documents, electronically stored information, and things demonstrating, showing or
     otherwise relating to your conclusion in Paragraph 3 of your First Amended Complaint that Fujitsu
20   Limited engaged in business in the Territory of Guam.

21         **1.    FMA's Position**

22         *See supra* section II (FMA'S General Contentions and Points of Authority).

23         **2.    Plaintiffs' Specific Contentions and Points of Authority**

24         In addition to their General Contentions and Points of Authority, Plaintiffs make the

25   following specific objections to Request for Production No. 17:

26
     •    Plaintiffs object to this request as premature because it seeks information that is the subject
     of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due
     until May 15, 2007, and which is presently covered by the work product privilege. *See*

FED. R. CIV. P. 26(b)(1); FED. R. EVID. 501 (authorizing federal courts to develop federal common law on both attorney-client and attorney work product privileges); *U.S. v. Zolin*, 491 U.S. 554, 562 (1989) ("We have recognized the attorney-client privilege under federal law....").

• Plaintiffs object to this request because it seeks information that is equally available to FMA. *McColm v. Housing Auth.*, No. C-02-5810 PJH (JCS), 2007 U.S. Dist. LEXIS 8478, *6-7 (N.D. Cal. 2007). Specifically, FMA may obtain this information from its own business records.

• Plaintiffs further object to this request because it seeks information that is not in Plaintiffs' possession or control. FED. R. CIV. P. 26(a)(1)(B). Specifically, any information responsive to this request is the product of jurisdictional discovery that Defendants have yet to fully yield.

## REQUEST FOR PRODUCTION NO. 18:

All documents, electronically stored information, and things demonstrating, showing or otherwise relating to your conclusion in Paragraph 3 of your First Amended Complaint that Fujitsu Limited has systematic and continuous contacts in the Territory of Guam.

### 1.    **FMA's Position**

*See supra* section II (FMA'S General Contentions and Points of Authority).

### 2.    **Plaintiffs' Specific Contentions and Points of Authority**

In addition to their General Contentions and Points of Authority, Plaintiffs make the following specific objections to Request for Production No. 18:

• Plaintiffs object to this request as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007, and which is presently covered by the work product privilege. *See* FED. R. CIV. P. 26(b)(1); FED. R. EVID. 501 (authorizing federal courts to develop federal common law on both attorney-client and attorney work product privileges); *U.S. v. Zolin*, 491 U.S. 554, 562 (1989) ("We have recognized the attorney-client privilege under federal law....").

• Plaintiffs object to this request because it seeks information that is equally available to FMA. *McColm v. Housing Auth.*, No. C-02-5810 PJH (JCS), 2007 U.S. Dist. LEXIS 8478, *6-7 (N.D. Cal. 2007). Specifically, FMA may obtain this information from its own business records.

• Plaintiffs further object to this request because it seeks information that is not in Plaintiffs' possession or control. FED. R. CIV. P. 26(a)(1)(B). Specifically, any information responsive to this request is the product of jurisdictional discovery that Defendants have yet to fully yield.

06-CV-00025

{G0021667.DOC;1}

31    JOINT STIPULATION CONCERNING PLAINTIFFS'
REFUSAL TO PRODUCE SUBSTANTIVE RESPONSES TO
DEFENDANTS' JURISDICTIONAL DISCOVERY REQUESTS

**REQUEST FOR PRODUCTION NO. 19:**

All documents, electronically stored information, and things demonstrating, showing or otherwise relating to your conclusion in Paragraph 3 of your First Amended Complaint that this proceeding arises out of business done in the Territory of Guam.

### 1.    FMA's Position

*See supra* section II (FMA'S General Contentions and Points of Authority).

### 2.    Plaintiffs' Specific Contentions and Points of Authority

In addition to their General Contentions and Points of Authority, Plaintiffs make the

following specific objections to Request for Production No. 19:

- Plaintiffs object to this request as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007, and which is presently covered by the work product privilege. *See* FED. R. CIV. P. 26(b)(1); FED. R. EVID. 501 (authorizing federal courts to develop federal common law on both attorney-client and attorney work product privileges); *U.S. v. Zolin*, 491 U.S. 554, 562 (1989) ("We have recognized the attorney-client privilege under federal law....").

- Plaintiffs object to this request because it seeks information that is equally available to FMA. *McColm v. Housing Auth.*, No. C-02-5810 PJH (JCS), 2007 U.S. Dist. LEXIS 8478, *6-7 (N.D. Cal. 2007). Specifically, FMA may obtain this information from its own business records.

- Plaintiffs further object to this request because it seeks information that is not in Plaintiffs' possession or control. FED. R. CIV. P. 26(a)(1)(B). Specifically, any information responsive to this request is the product of jurisdictional discovery that Defendants have yet to fully yield.

**REQUEST FOR PRODUCTION NO. 20:**

All documents, electronically stored information, and things demonstrating, showing or otherwise relating to your conclusion in Paragraph 4 of your First Amended Complaint that FMA engages in business in the Territory of Guam.

### 1.    FMA's Position

*See supra* section II (FMA'S General Contentions and Points of Authority).

06-CV-00025

32

**JOINT STIPULATION CONCERNING PLAINTIFFS' REFUSAL TO PRODUCE SUBSTANTIVE RESPONSES TO DEFENDANTS' JURISDICTIONAL DISCOVERY REQUESTS**

{G0021667.DOC;1}

### 2.    Plaintiffs' Specific Contentions and Points of Authority

In addition to their General Contentions and Points of Authority, Plaintiffs make the

following specific objections to Request for Production No. 20:

- Plaintiffs object to this request as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007, and which is presently covered by the work product privilege. *See* FED. R. CIV. P. 26(b)(1); FED. R. EVID. 501 (authorizing federal courts to develop federal common law on both attorney-client and attorney work product privileges); *U.S. v. Zolin*, 491 U.S. 554, 562 (1989) ("We have recognized the attorney-client privilege under federal law….").

- Plaintiffs object to this request because it seeks information that is equally available to FMA. *McColm v. Housing Auth.*, No. C-02-5810 PJH (JCS), 2007 U.S. Dist. LEXIS 8478, *6-7 (N.D. Cal. 2007). Specifically, FMA may obtain this information from its own business records.

- Plaintiffs further object to this request because it seeks information that is not in Plaintiffs' possession or control. FED. R. CIV. P. 26(a)(1)(B). Specifically, any information responsive to this request is the product of jurisdictional discovery that Defendants have yet to fully yield.

## REQUEST FOR PRODUCTION NO. 21:

All documents, electronically stored information, and things demonstrating, showing or otherwise relating to your conclusion in Paragraph 4 of your First Amended Complaint that FMA has systematic and continuous contacts in the Territory of Guam.

### 1.    FMA's Position

*See supra* section II (FMA'S General Contentions and Points of Authority).

### 2.    Plaintiffs' Specific Contentions and Points of Authority

In addition to their General Contentions and Points of Authority, Plaintiffs make the

following specific objections to Request for Production No. 21:

- Plaintiffs object to this request as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007, and which is presently covered by the work product privilege. *See* FED. R. CIV. P. 26(b)(1); FED. R. EVID. 501 (authorizing federal courts to develop federal common law on both attorney-client and attorney work product privileges); *U.S. v. Zolin*, 491 U.S. 554, 562 (1989) ("We have recognized the attorney-client privilege under federal law….").

06-CV-00025                                33          JOINT STIPULATION CONCERNING PLAINTIFFS'
                                                            REFUSAL TO PRODUCE SUBSTANTIVE RESPONSES TO
                                                            DEFENDANTS' JURISDICTIONAL DISCOVERY REQUESTS

{G0021667.DOC;1}

- Plaintiffs object to this request because it seeks information that is equally available to FMA. *McColm v. Housing Auth.*, No. C-02-5810 PJH (JCS), 2007 U.S. Dist. LEXIS 8478, *6-7 (N.D. Cal. 2007). Specifically, FMA may obtain this information from its own business records.

- Plaintiffs further object to this request because it seeks information that is not in Plaintiffs' possession or control. FED. R. CIV. P. 26(a)(1)(B). Specifically, any information responsive to this request is the product of jurisdictional discovery that Defendants have yet to fully yield.

## REQUEST FOR PRODUCTION NO. 22:

All documents, electronically stored information, and things demonstrating, showing or otherwise relating to your conclusion in Paragraph 4 of your First Amended Complaint that this proceeding arises out of business done in the Territory of Guam.

### 1.    FMA's Position

*See supra* section II (FMA'S General Contentions and Points of Authority).

### 2.    Plaintiffs' Specific Contentions and Points of Authority

In addition to their General Contentions and Points of Authority, Plaintiffs make the

following specific objections to Request for Production No. 22:

- Plaintiffs object to this request as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007, and which is presently covered by the work product privilege. *See* FED. R. CIV. P. 26(b)(1); FED. R. EVID. 501 (authorizing federal courts to develop federal common law on both attorney-client and attorney work product privileges); *U.S. v. Zolin*, 491 U.S. 554, 562 (1989) ("We have recognized the attorney-client privilege under federal law….").

- Plaintiffs object to this request because it seeks information that is equally available to FMA. *McColm v. Housing Auth.*, No. C-02-5810 PJH (JCS), 2007 U.S. Dist. LEXIS 8478, *6-7 (N.D. Cal. 2007). Specifically, FMA may obtain this information from its own business records.

- Plaintiffs further object to this request because it seeks information that is not in Plaintiffs' possession or control. FED. R. CIV. P. 26(a)(1)(B). Specifically, any information responsive to this request is the product of jurisdictional discovery that Defendants have yet to fully yield.

## REQUEST FOR PRODUCTION NO. 23:

All documents, electronically stored information, and things demonstrating, showing or otherwise relating to your conclusion in Paragraph 19 of your First Amended Complaint that "Defendants transact substantial business of a substantial character within the Territory of Guam."

1    **1.    FMA's Position**

2        *See supra* section II (FMA'S General Contentions and Points of Authority).

3    **2.    Plaintiffs' Specific Contentions and Points of Authority**

4        In addition to their General Contentions and Points of Authority, Plaintiffs make the

5    following specific objections to Request for Production No. 23:

6
7    •   Plaintiffs object to this request as premature because it seeks information that is the subject
         of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due
8        until May 15, 2007, and which is presently covered by the work product privilege. *See*
         FED. R. CIV. P. 26(b)(1); FED. R. EVID. 501 (authorizing federal courts to develop federal
9        common law on both attorney-client and attorney work product privileges); *U.S. v. Zolin*,
         491 U.S. 554, 562 (1989) ("We have recognized the attorney-client privilege under federal
10       law….").

11   •   Plaintiffs object to this request because it seeks information that is equally available to
12       FMA. *McColm v. Housing Auth.*, No. C-02-5810 PJH (JCS), 2007 U.S. Dist. LEXIS 8478,
         *6-7 (N.D. Cal. 2007). Specifically, FMA may obtain this information from its own
13       business records.

14   •   Plaintiffs further object to this request because it seeks information that is not in Plaintiffs'
15       possession or control. FED. R. CIV. P. 26(a)(1)(B). Specifically, any information
         responsive to this request is the product of jurisdictional discovery that Defendants have yet
16       to fully yield.

17   **REQUEST FOR PRODUCTION NO. 24:**
         All documents, electronically stored information, and things demonstrating, showing or
18   otherwise relating to your conclusion in Paragraph 8 of your First Amended Complaint that "each
     Defendant has sufficient minimum contacts with the forum as a result of" placing products "into
19   the stream of commerce with the intention that they would be available to people in the United
20   States and the Territory of Guam."

21   **1.    FMA's Position**

22       *See supra* section II (FMA'S General Contentions and Points of Authority).

23   **2.    Plaintiffs' Specific Contentions and Points of Authority**

24       In addition to their General Contentions and Points of Authority, Plaintiffs make the

25   following specific objections to Request for Production No. 24:

26
     •   Plaintiffs object to this request as premature because it seeks information that is the subject
         of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due
         until May 15, 2007, and which is presently covered by the work product privilege. *See*

1    FED. R. CIV. P. 26(b)(1); FED. R. EVID. 501 (authorizing federal courts to develop federal
     common law on both attorney-client and attorney work product privileges); *U.S. v. Zolin*,
2    491 U.S. 554, 562 (1989) ("We have recognized the attorney-client privilege under federal
3    law….").

4    • Plaintiffs object to this request because it seeks information that is equally available to
     FMA. *McColm v. Housing Auth.*, No. C-02-5810 PJH (JCS), 2007 U.S. Dist. LEXIS 8478,
5    *6-7 (N.D. Cal. 2007). Specifically, FMA may obtain this information from its own
6    business records.

7    • Plaintiffs further object to this request because it seeks information that is not in Plaintiffs'
     possession or control. FED. R. CIV. P. 26(a)(1)(B). Specifically, any information
8    responsive to this request is the product of jurisdictional discovery that Defendants have yet
9    to fully yield.

10   **REQUEST FOR PRODUCTION NO. 25:**
        All documents, electronically stored information, and things demonstrating, showing or
11   otherwise relating to your conclusion in Paragraph 9 of your First Amended Complaint that "each
     Defendant has sufficient minimum contacts with the forum as a result of business conducted
12   continuously and systematically within the Territory of Guam."

13           **1.    FMA's Position**

14           *See supra* section II (FMA'S General Contentions and Points of Authority).

15           **2.    Plaintiffs' Specific Contentions and Points of Authority**

16       In addition to their General Contentions and Points of Authority, Plaintiffs make the

17   following specific objections to Request for Production No. 25:

18
     • Plaintiffs object to this request as premature because it seeks information that is the subject
19   of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due
20   until May 15, 2007, and which is presently covered by the work product privilege. *See*
     FED. R. CIV. P. 26(b)(1); FED. R. EVID. 501 (authorizing federal courts to develop federal
21   common law on both attorney-client and attorney work product privileges); *U.S. v. Zolin*,
22   491 U.S. 554, 562 (1989) ("We have recognized the attorney-client privilege under federal
     law….").

23
     • Plaintiffs object to this request because it seeks information that is equally available to
24   FMA. *McColm v. Housing Auth.*, No. C-02-5810 PJH (JCS), 2007 U.S. Dist. LEXIS 8478,
     *6-7 (N.D. Cal. 2007). Specifically, FMA may obtain this information from its own
25   business records.

26   • Plaintiffs further object to this request because it seeks information that is not in Plaintiffs'
     possession or control. FED. R. CIV. P. 26(a)(1)(B). Specifically, any information
     responsive to this request is the product of jurisdictional discovery that Defendants have yet
     to fully yield.

06-CV-00025

36    JOINT STIPULATION CONCERNING PLAINTIFFS'
          REFUSAL TO PRODUCE SUBSTANTIVE RESPONSES TO
          DEFENDANTS' JURISDICTIONAL DISCOVERY REQUESTS

{G0021667.DOC;1}

**REQUEST FOR PRODUCTION NO. 26:**

All documents, electronically stored information, and things upon which you rely to support your response to Interrogatory No. 5 in FUJITSU MICROELECTRONICS AMERICAS. INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-6) TO PLAINTIFFS.

### 1.    FMA's Position

*See supra* section II (FMA'S General Contentions and Points of Authority).

### 2.    Plaintiffs' Specific Contentions and Points of Authority

In addition to their General Contentions and Points of Authority, Plaintiffs make the

following specific objections to Request for Production No. 26:

- Plaintiffs object to this request as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007, and which is presently covered by the work product privilege. *See* FED. R. CIV. P. 26(b)(1); FED. R. EVID. 501 (authorizing federal courts to develop federal common law on both attorney-client and attorney work product privileges); *U.S. v. Zolin*, 491 U.S. 554, 562 (1989) ("We have recognized the attorney-client privilege under federal law….").

- Plaintiffs object to this request because it seeks information not relevant to the jurisdictional issues before the Court. FED. R. CIV. P. 26(b)(1). Specifically, the request seeks discovery of information relevant to the merits of this case, and Plaintiffs are not required to respond to merits-discovery requests until thirty days after the hearing on Defendants' pending motions to dismiss or transfer. (Ex. M, Stipulation, Dkt. No. 148, at 2).

- Plaintiffs object to this request because it seeks information that is equally available to FMA. *McColm v. Housing Auth.*, No. C-02-5810 PJH (JCS), 2007 U.S. Dist. LEXIS 8478, *6-7 (N.D. Cal. 2007). Specifically, FMA may obtain this information from its own business records.

- Plaintiffs further object to this request because it seeks information that is not in Plaintiffs' possession or control. FED. R. CIV. P. 26(a)(1)(B). Specifically, any information responsive to this request is the product of jurisdictional discovery that Defendants have yet to fully yield.

**REQUEST FOR PRODUCTION NO. 27:**

All documents, electronically stored information, and things relating to the subject matter of Interrogatory No. 5 in FUJITSU MICROELECTRONICS AMERICAS, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-6) TO PLAINTIFFS.

**06-CV-00025**                    37        **JOINT STIPULATION CONCERNING PLAINTIFFS'**
                                              **REFUSAL TO PRODUCE SUBSTANTIVE RESPONSES TO**
                                              **DEFENDANTS' JURISDICTIONAL DISCOVERY REQUESTS**

{G0021667.DOC;1}

### 1.    FMA's Position

*See supra* section II (FMA'S General Contentions and Points of Authority).

### 2.    Plaintiffs' Specific Contentions and Points of Authority

In addition to their General Contentions and Points of Authority, Plaintiffs make the

following specific objections to Request for Production No. 27:

- Plaintiffs object to this request as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007, and which is presently covered by the work product privilege. *See* FED. R. CIV. P. 26(b)(1); FED. R. EVID. 501 (authorizing federal courts to develop federal common law on both attorney-client and attorney work product privileges); *U.S. v. Zolin*, 491 U.S. 554, 562 (1989) ("We have recognized the attorney-client privilege under federal law....").

- Plaintiffs object to this request because it seeks information not relevant to the jurisdictional issues before the Court. FED. R. CIV. P. 26(b)(1). Specifically, the request seeks discovery of information relevant to the merits of this case, and Plaintiffs are not required to respond to merits-discovery requests until thirty days after the hearing on Defendants' pending motions to dismiss or transfer. (Ex. M, Stipulation, Dkt. No. 148, at 2).

- Plaintiffs object to this request because it seeks information that is equally available to FMA. *McColm v. Housing Auth.*, No. C-02-5810 PJH (JCS), 2007 U.S. Dist. LEXIS 8478, *6-7 (N.D. Cal. 2007). Specifically, FMA may obtain this information from its own business records.

- Plaintiffs further object to this request because it seeks information that is not in Plaintiffs' possession or control. FED. R. CIV. P. 26(a)(1)(B). Specifically, any information responsive to this request is the product of jurisdictional discovery that Defendants have yet to fully yield.

## REQUEST FOR PRODUCTION NO. 28:

All documents, electronically stored information, and things upon which you rely to support in response to Interrogatory No. 6 in FUJITSU MICROELECTRONICS AMERICAS, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-6) TO PLAINTIFFS.

### 1.    FMA's Position

*See supra* section II (FMA'S General Contentions and Points of Authority).

{G0021667.DOC;1}

## 2.    Plaintiffs' Specific Contentions and Points of Authority

In addition to their General Contentions and Points of Authority, Plaintiffs make the

following specific objections to Request for Production No. 28:

- Plaintiffs object to this request as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007, and which is presently covered by the work product privilege. *See* FED. R. CIV. P. 26(b)(1); FED. R. EVID. 501 (authorizing federal courts to develop federal common law on both attorney-client and attorney work product privileges); *U.S. v. Zolin*, 491 U.S. 554, 562 (1989) ("We have recognized the attorney-client privilege under federal law….").

- Plaintiffs object to this request because it seeks information not relevant to the jurisdictional issues before the Court. FED. R. CIV. P. 26(b)(1). Specifically, the request seeks discovery of information relevant to the merits of this case, and Plaintiffs are not required to respond to merits-discovery requests until thirty days after the hearing on Defendants' pending motions to dismiss or transfer. (Ex. M, Stipulation, Dkt. No. 148, at 2).

- Plaintiffs object to this request because it seeks information that is equally available to FMA. *McColm v. Housing Auth.*, No. C-02-5810 PJH (JCS), 2007 U.S. Dist. LEXIS 8478, *6-7 (N.D. Cal. 2007). Specifically, FMA may obtain this information from its own business records.

- Plaintiffs further object to this request because it seeks information that is not in Plaintiffs' possession or control. FED. R. CIV. P. 26(a)(1)(B). Specifically, any information responsive to this request is the product of jurisdictional discovery that Defendants have yet to fully yield.

## REQUEST FOR PRODUCTION NO. 29:

All documents, electronically stored information, and things related to the subject matter of Interrogatory No. 6 in FUJITSU MICROELECTRONICS AMERICAS, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-6) TO PLAINTIFFS.

### 1.    FMA's Position

*See supra* section II (FMA'S General Contentions and Points of Authority).

### 2.    Plaintiffs' Specific Contentions and Points of Authority

In addition to their General Contentions and Points of Authority, Plaintiffs make the

following specific objections to Request for Production No. 29:

- Plaintiffs object to this request as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due

until May 15, 2007, and which is presently covered by the work product privilege. *See* FED. R. CIV. P. 26(b)(1); FED. R. EVID. 501 (authorizing federal courts to develop federal common law on both attorney-client and attorney work product privileges); *U.S. v. Zolin*, 491 U.S. 554, 562 (1989) ("We have recognized the attorney-client privilege under federal law….").

• Plaintiffs object to this request because it seeks information not relevant to the jurisdictional issues before the Court. FED. R. CIV. P. 26(b)(1). Specifically, the request seeks discovery of information relevant to the merits of this case, and Plaintiffs are not required to respond to merits-discovery requests until thirty days after the hearing on Defendants' pending motions to dismiss or transfer. (Ex. M, Stipulation, Dkt. No. 148, at 2).

• Plaintiffs object to this request because it seeks information that is equally available to FMA. *McColm v. Housing Auth.*, No. C-02-5810 PJH (JCS), 2007 U.S. Dist. LEXIS 8478, *6-7 (N.D. Cal. 2007). Specifically, FMA may obtain this information from its own business records.

• Plaintiffs further object to this request because it seeks information that is not in Plaintiffs' possession or control. FED. R. CIV. P. 26(a)(1)(B). Specifically, any information responsive to this request is the product of jurisdictional discovery that Defendants have yet to fully yield.

## C.    FMA'S REQUESTS FOR ADMISSIONS TO NTC USA

### REQUEST FOR ADMISSION NO. 1:

Admit that Nanya does not maintain any offices in Guam.

#### 1.    FMA's Position

*See supra* section II (FMA'S General Contentions and Points of Authority).

#### 2.    NTC USA's Specific Contentions and Points of Authority

In addition to its General Contentions and Points of Authority, NTC USA makes

the following specific objections to Request for Admission No. 1:

• NTC USA objects to this request because it seeks information not relevant to the jurisdictional issues before the Court or the claim or defense of any party. FED. R. CIV. P. 26(b)(1). Specifically, the request seeks discovery of information related to Nanya that will have no bearing on the propriety of the Court's exercise of personal jurisdiction over Defendants, which is the only issue to be addressed in discovery at this time. (Ex. M, Stipulation, Dkt. No. 148, at 2).

### REQUEST FOR ADMISSION NO. 2:

Admit that Nanya does not maintain any operations in Guam.

06-CV-00025                                                40          JOINT STIPULATION CONCERNING PLAINTIFFS'
                                                                                                        REFUSAL TO PRODUCE SUBSTANTIVE RESPONSES TO
                                                                                                        DEFENDANTS' JURISDICTIONAL DISCOVERY REQUESTS

{G0021667.DOC;1}

1    **1.    FMA's Position**

2    *See supra* section II (FMA'S General Contentions and Points of Authority).

3    **2.    NTC USA's Specific Contentions and Points of Authority**

4    In addition to its General Contentions and Points of Authority, NTC USA makes

5    the following specific objections to Request for Admission No. 2:

6

7    • NTC USA objects to this request because it seeks information not relevant to the
     jurisdictional issues before the Court or the claim or defense of any party. FED. R. CIV. P.

8    26(b)(1). Specifically, the request seeks discovery of information related to Nanya that will
     have no bearing on the propriety of the Court's exercise of personal jurisdiction over

9    Defendants, which is the only issue to be addressed in discovery at this time. (Ex. M,
     Stipulation, Dkt. No. 148, at 2).

10

11   **REQUEST FOR ADMISSION NO. 3**:
     Admit that Nanya does not have any employees in Guam.

12

13   **1.    FMA's Position**

14   *See supra* section II (FMA'S General Contentions and Points of Authority).

15   **2.    NTC USA's Specific Contentions and Points of Authority**

16   In addition to its General Contentions and Points of Authority, NTC USA makes

17   the following specific objections to Request for Admission No. 3:

18   • NTC USA objects to this request because it seeks information not relevant to the
     jurisdictional issues before the Court or the claim or defense of any party. FED. R. CIV. P.

19   26(b)(1). Specifically, the request seeks discovery of information related to Nanya that will
     have no bearing on the propriety of the Court's exercise of personal jurisdiction over

20   Defendants, which is the only issue to be addressed in discovery at this time. (Ex. M,
     Stipulation, Dkt. No. 148, at 2).

21

22   **REQUEST FOR ADMISSION NO. 4:**
     Admit that Nanya does not have any affiliates in Guam.

23

24   **1.    FMA's Position**

25   *See supra* section II (FMA'S General Contentions and Points of Authority).

26

{G0021667.DOC;1}

1

### 2.    NTC USA's Specific Contentions and Points of Authority

In addition to its General Contentions and Points of Authority, NTC USA makes

the following specific objections to Request for Admission No. 4:

- NTC USA objects to this request because it seeks information not relevant to the jurisdictional issues before the Court or the claim or defense of any party. FED. R. CIV. P. 26(b)(1). Specifically, the request seeks discovery of information related to Nanya that will have no bearing on the propriety of the Court's exercise of personal jurisdiction over Defendants, which is the only issue to be addressed in discovery at this time. (Ex. M, Stipulation, Dkt. No. 148, at 2).

## REQUEST FOR ADMISSION NO. 5:

Admit that Nanya does not have any salespersons in Guam.

### 1.    FMA's Position

*See supra* section II (FMA'S General Contentions and Points of Authority).

### 2.    NTC USA's Specific Contentions and Points of Authority

In addition to its General Contentions and Points of Authority, NTC USA makes

the following specific objections to Request for Admission No. 5:

- NTC USA objects to this request because it seeks information not relevant to the jurisdictional issues before the Court or the claim or defense of any party. FED. R. CIV. P. 26(b)(1). Specifically, the request seeks discovery of information related to Nanya that will have no bearing on the propriety of the Court's exercise of personal jurisdiction over Defendants, which is the only issue to be addressed in discovery at this time. (Ex. M, Stipulation, Dkt. No. 148, at 2).

## REQUEST FOR ADMISSION NO. 6:

Admit that Nanya has not advertised any products in the Guam local newspapers or Guam local magazines in the six years before the Complaint was filed in this action.

### 1.    FMA's Position

*See supra* section II (FMA'S General Contentions and Points of Authority).

### 2.    NTC USA's Specific Contentions and Points of Authority

In addition to its General Contentions and Points of Authority, NTC USA makes

the following specific objections to Request for Admission No. 6:

- NTC USA objects to this request because it seeks information not relevant to the jurisdictional issues before the Court or the claim or defense of any party. FED. R. CIV. P.

{G0021667.DOC;1}

26(b)(1). Specifically, the request seeks discovery of information related to Nanya that will have no bearing on the propriety of the Court's exercise of personal jurisdiction over Defendants, which is the only issue to be addressed in discovery at this time. (Ex. M, Stipulation, Dkt. No. 148, at 2).

## REQUEST FOR ADMISSION NO. 7:

Admit that Nanya has not advertised any services in the Guam local newspapers or Guam local magazines in the six years before the Complaint was filed in this action.

### 1.    FMA's Position

*See supra* section II (FMA'S General Contentions and Points of Authority).

### 2.    NTC USA's Specific Contentions and Points of Authority

In addition to its General Contentions and Points of Authority, NTC USA makes

the following specific objections to Request for Admission No. 7:

- NTC USA objects to this request because it seeks information not relevant to the jurisdictional issues before the Court or the claim or defense of any party. FED. R. CIV. P. 26(b)(1). Specifically, the request seeks discovery of information related to Nanya that will have no bearing on the propriety of the Court's exercise of personal jurisdiction over Defendants, which is the only issue to be addressed in discovery at this time. (Ex. M, Stipulation, Dkt. No. 148, at 2).

## REQUEST FOR ADMISSION NO. 8:

Admit that Nanya does not have real property in Guam.

### 1.    FMA's Position

*See supra* section II (FMA'S General Contentions and Points of Authority).

### 2.    NTC USA's Specific Contentions and Points of Authority

In addition to its General Contentions and Points of Authority, NTC USA makes

the following specific objections to Request for Admission No. 8:

- NTC USA objects to this request because it seeks information not relevant to the jurisdictional issues before the Court or the claim or defense of any party. FED. R. CIV. P. 26(b)(1). Specifically, the request seeks discovery of information related to Nanya that will have no bearing on the propriety of the Court's exercise of personal jurisdiction over Defendants, which is the only issue to be addressed in discovery at this time. (Ex. M, Stipulation, Dkt. No. 148, at 2).

## REQUEST FOR ADMISSION NO. 9:

Admit that Nanya does not lease any facility in Guam.

1

2

### 1.    FMA's Position

*See supra* section II (FMA'S General Contentions and Points of Authority).

3

### 2.    NTC USA's Specific Contentions and Points of Authority

4

5    In addition to its General Contentions and Points of Authority, NTC USA makes

6    the following specific objections to Request for Admission No. 9:

7
8
9
10

- NTC USA objects to this request because it seeks information not relevant to the jurisdictional issues before the Court or the claim or defense of any party. FED. R. CIV. P. 26(b)(1). Specifically, the request seeks discovery of information related to Nanya that will have no bearing on the propriety of the Court's exercise of personal jurisdiction over Defendants, which is the only issue to be addressed in discovery at this time. (Ex. M, Stipulation, Dkt. No. 148, at 2).

11    **REQUEST FOR ADMISSION NO. 10:**

12    Admit that Nanya does not have a bank account in Guam.

13    ### 1.    FMA's Position

14    *See supra* section II (FMA'S General Contentions and Points of Authority).

15    ### 2.    NTC USA's Specific Contentions and Points of Authority

16    In addition to its General Contentions and Points of Authority, NTC USA makes

17    the following specific objections to Request for Admission No. 10:

18
19
20
21

- NTC USA objects to this request because it seeks information not relevant to the jurisdictional issues before the Court or the claim or defense of any party. FED. R. CIV. P. 26(b)(1). Specifically, the request seeks discovery of information related to Nanya that will have no bearing on the propriety of the Court's exercise of personal jurisdiction over Defendants, which is the only issue to be addressed in discovery at this time. (Ex. M, Stipulation, Dkt. No. 148, at 2).

22    **REQUEST FOR ADMISSION NO. 11:**

23    Admit that Nanya does not maintain a telephone number in Guam.

24    ### 1.    FMA's Position

25    *See supra* section II (FMA'S General Contentions and Points of Authority).

26

06-CV-00025                                                    44        **JOINT STIPULATION CONCERNING PLAINTIFFS' REFUSAL TO PRODUCE SUBSTANTIVE RESPONSES TO DEFENDANTS' JURISDICTIONAL DISCOVERY REQUESTS**

{G0021667.DOC;1}

1

### 2.    NTC USA's Specific Contentions and Points of Authority

2    In addition to its General Contentions and Points of Authority, NTC USA makes

3    the following specific objections to Request for Admission No. 11:

4
- NTC USA objects to this request because it seeks information not relevant to the
5    jurisdictional issues before the Court or the claim or defense of any party. FED. R. CIV. P.
6    26(b)(1). Specifically, the request seeks discovery of information related to Nanya that will
      have no bearing on the propriety of the Court's exercise of personal jurisdiction over
7    Defendants, which is the only issue to be addressed in discovery at this time. (Ex. M,
      Stipulation, Dkt. No. 148, at 2).

8
## REQUEST FOR ADMISSION NO. 12:
9    Admit that Nanya does not maintain a telefax number in Guam.

10
### 1.    FMA's Position
11
      *See supra* section II (FMA'S General Contentions and Points of Authority).
12
### 2.    NTC USA's Specific Contentions and Points of Authority
13
14    In addition to its General Contentions and Points of Authority, NTC USA makes
15    the following specific objections to Request for Admission No. 12:

16
- NTC USA objects to this request because it seeks information not relevant to the
17    jurisdictional issues before the Court or the claim or defense of any party. FED. R. CIV. P.
      26(b)(1). Specifically, the request seeks discovery of information related to Nanya that will
18    have no bearing on the propriety of the Court's exercise of personal jurisdiction over
      Defendants, which is the only issue to be addressed in discovery at this time. (Ex. M,
19    Stipulation, Dkt. No. 148, at 2).

20
## REQUEST FOR ADMISSION NO. 13:
      Admit that Nanya does not have a telex number in Guam.
21
### 1.    FMA's Position
22
23    *See supra* section II (FMA'S General Contentions and Points of Authority).

24
### 2.    NTC USA's Specific Contentions and Points of Authority
25    In addition to its General Contentions and Points of Authority, NTC USA makes

26    the following specific objections to Request for Admission No. 13:

- NTC USA objects to this request because it seeks information not relevant to the
  jurisdictional issues before the Court or the claim or defense of any party. FED. R. CIV. P.
  26(b)(1). Specifically, the request seeks discovery of information related to Nanya that will

06-CV-00025                                45        JOINT STIPULATION CONCERNING PLAINTIFFS'
                                                      REFUSAL TO PRODUCE SUBSTANTIVE RESPONSES TO
                                                      DEFENDANTS' JURISDICTIONAL DISCOVERY REQUESTS

{G0021667.DOC;1}

have no bearing on the propriety of the Court's exercise of personal jurisdiction over Defendants, which is the only issue to be addressed in discovery at this time. (Ex. M, Stipulation, Dkt. No. 148, at 2).

## REQUEST FOR ADMISSION NO. 14:

Admit that Nanya does not have any directors in Guam.

### 1.    FMA's Position

*See supra* section II (FMA'S General Contentions and Points of Authority).

### 2.    NTC USA's Specific Contentions and Points of Authority

In addition to its General Contentions and Points of Authority, NTC USA makes the following specific objections to Request for Admission No. 14:

- NTC USA objects to this request because it seeks information not relevant to the jurisdictional issues before the Court or the claim or defense of any party. FED. R. CIV. P. 26(b)(1). Specifically, the request seeks discovery of information related to Nanya that will have no bearing on the propriety of the Court's exercise of personal jurisdiction over Defendants, which is the only issue to be addressed in discovery at this time. (Ex. M, Stipulation, Dkt. No. 148, at 2).

## REQUEST FOR ADMISSION NO. 15:

Admit that Nanya does not have any officers in Guam.

### 1.    FMA's Position

*See supra* section II (FMA'S General Contentions and Points of Authority).

### 2.    NTC USA's Specific Contentions and Points of Authority

In addition to its General Contentions and Points of Authority, NTC USA makes the following specific objections to Request for Admission No. 15:

- NTC USA objects to this request because it seeks information not relevant to the jurisdictional issues before the Court or the claim or defense of any party. FED. R. CIV. P. 26(b)(1). Specifically, the request seeks discovery of information related to Nanya that will have no bearing on the propriety of the Court's exercise of personal jurisdiction over Defendants, which is the only issue to be addressed in discovery at this time. (Ex. M, Stipulation, Dkt. No. 148, at 2).

## REQUEST FOR ADMISSION NO. 16:

Admit that Nanya does not maintain a post office box in Guam.

06-CV-00025

46

JOINT STIPULATION CONCERNING PLAINTIFFS' REFUSAL TO PRODUCE SUBSTANTIVE RESPONSES TO DEFENDANTS' JURISDICTIONAL DISCOVERY REQUESTS

{G0021667.DOC;1}

1

   **1. FMA's Position**

2

   *See supra* section II (FMA'S General Contentions and Points of Authority).

3

   **2. NTC USA's Specific Contentions and Points of Authority**

4

  In addition to its General Contentions and Points of Authority, NTC USA makes

5

the following specific objections to Request for Admission No. 16:

6

7

 &bull; NTC USA objects to this request because it seeks information not relevant to the jurisdictional issues before the Court or the claim or defense of any party. FED. R. CIV. P.

8

  26(b)(1). Specifically, the request seeks discovery of information related to Nanya that will have no bearing on the propriety of the Court's exercise of personal jurisdiction over

9

  Defendants, which is the only issue to be addressed in discovery at this time. (Ex. M, Stipulation, Dkt. No. 148, at 2).

10

11

**REQUEST FOR ADMISSION NO. 17:**

  Admit that Nanya does not maintain a street address in Guam.

12

   **1. FMA's Position**

13

14

   *See supra* section II (FMA'S General Contentions and Points of Authority).

15

   **2. NTC USA's Specific Contentions and Points of Authority**

16

  In addition to its General Contentions and Points of Authority, NTC USA makes

17

the following specific objections to Request for Admission No. 17:

18

 &bull; NTC USA objects to this request because it seeks information not relevant to the jurisdictional issues before the Court or the claim or defense of any party. FED. R. CIV. P.

19

  26(b)(1). Specifically, the request seeks discovery of information related to Nanya that will have no bearing on the propriety of the Court's exercise of personal jurisdiction over

20

  Defendants, which is the only issue to be addressed in discovery at this time. (Ex. M,

21

  Stipulation, Dkt. No. 148, at 2).

22

**REQUEST FOR ADMISSION NO. 18:**

  Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*,

23

No. 06-CV-00025 in the District of Guam, Nanya has never been party to a lawsuit or legal

24

proceeding in any Guam Federal District Court.

25

   **1. FMA's Position**

26

   *See supra* section II (FMA'S General Contentions and Points of Authority).

06-CV-00025     47  **JOINT STIPULATION CONCERNING PLAINTIFFS'
REFUSAL TO PRODUCE SUBSTANTIVE RESPONSES TO
DEFENDANTS' JURISDICTIONAL DISCOVERY REQUESTS**

{G0021667.DOC;1}

1

### 2. NTC USA's Specific Contentions and Points of Authority

2

In addition to its General Contentions and Points of Authority, NTC USA makes

3

the following specific objections to Request for Admission No. 18:

4

5

6

- NTC USA objects to this request because it seeks information that is equally available to FMA. *McColm v. Housing Auth.*, No. C-02-5810 PJH (JCS), 2007 U.S. Dist. LEXIS 8478, *6-7 (N.D. Cal. 2007). Specifically, FMA may obtain this information from a search on PACER.

7

8

9

10

- NTC USA objects to this request because it seeks information not relevant to the jurisdictional issues before the Court or the claim or defense of any party. FED. R. CIV. P. 26(b)(1). Specifically, the request seeks discovery of information related to Nanya that will have no bearing on the propriety of the Court's exercise of personal jurisdiction over Defendants, which is the only issue to be addressed in discovery at this time. (Ex. M, Stipulation, Dkt. No. 148, at 2).

11

### REQUEST FOR ADMISSION NO. 19:

12

13

Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No. 06-CV-00025 in the District of Guam, Nanya did not have in Guam any documents relevant to the subject matter of this lawsuit.

14

### 1. FMA's Position

15

*See supra* section II (FMA'S General Contentions and Points of Authority).

16

17

### 2. NTC USA's Specific Contentions and Points of Authority

18

In addition to its General Contentions and Points of Authority, NTC USA makes

19

the following specific objections to Request for Admission No. 19:

20

- NTC USA objects to this request because it seeks information not relevant to the jurisdictional issues before the Court or the claim or defense of any party. FED. R. CIV. P. 26(b)(1). Specifically, the request seeks discovery of information related to Nanya that will have no bearing on the propriety of the Court's exercise of personal jurisdiction over Defendants, which is the only issue to be addressed in discovery at this time. (Ex. M, Stipulation, Dkt. No. 148, at 2).

21

22

23

24

### REQUEST FOR ADMISSION NO. 20:

25

Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No. 06-CV-00025 in the District of Guam, Nanya had not appointed an agent in Guam for service of process.

26

### 1. FMA's Position

*See supra* section II (FMA'S General Contentions and Points of Authority).

{G0021667.DOC;1}

1

## 2.    NTC USA's Specific Contentions and Points of Authority

2    In addition to its General Contentions and Points of Authority, NTC USA makes

3    the following specific objections to Request for Admission No. 20:

4
5
6

- NTC USA objects to this request because it seeks information that is equally available to FMA. *McColm v. Housing Auth.*, No. C-02-5810 PJH (JCS), 2007 U.S. Dist. LEXIS 8478, *6-7 (N.D. Cal. 2007). Specifically, FMA's local counsel may obtain this information from Guam's public records.

7
8
9
10

- NTC USA objects to this request because it seeks information not relevant to the jurisdictional issues before the Court or the claim or defense of any party. FED. R. CIV. P. 26(b)(1). Specifically, the request seeks discovery of information related to Nanya that will have no bearing on the propriety of the Court's exercise of personal jurisdiction over Defendants, which is the only issue to be addressed in discovery at this time. (Ex. M, Stipulation, Dkt. No. 148, at 2).

11

## REQUEST FOR ADMISSION NO. 21:

12
13

Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No. 06-CV-00025 in the District of Guam, Nanya had not negotiated any agreements in Guam concerning the subject matter of this action.

14

## 1.    FMA's Position

15    *See supra* section II (FMA'S General Contentions and Points of Authority).

16

## 2.    NTC USA's Specific Contentions and Points of Authority

17
18

I    In addition to its General Contentions and Points of Authority, NTC USA makes

19    the following specific objections to Request for Admission No. 21:

20
21
22
23

- NTC USA objects to this request because it seeks information not relevant to the jurisdictional issues before the Court or the claim or defense of any party. FED. R. CIV. P. 26(b)(1). Specifically, the request seeks discovery of information related to Nanya that will have no bearing on the propriety of the Court's exercise of personal jurisdiction over Defendants, which is the only issue to be addressed in discovery at this time. (Ex. M, Stipulation, Dkt. No. 148, at 2).

24

## REQUEST FOR ADMISSION NO. 22:

25
26

Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No. 06-CV-00025 in the District of Guam, Nanya had not executed any agreements in Guam concerning the subject matter of this action.

## 1.    FMA's Position

*See supra* section II (FMA'S General Contentions and Points of Authority).

06-CV-00025                                    49    JOINT STIPULATION CONCERNING PLAINTIFFS'
REFUSAL TO PRODUCE SUBSTANTIVE RESPONSES TO
DEFENDANTS' JURISDICTIONAL DISCOVERY REQUESTS

{G0021667.DOC;1}

**2.    NTC USA's Specific Contentions and Points of Authority**

I    In addition to its General Contentions and Points of Authority, NTC USA makes

the following specific objections to Request for Admission No. 22:

- NTC USA objects to this request because it seeks information not relevant to the jurisdictional issues before the Court or the claim or defense of any party. FED. R. CIV. P. 26(b)(1). Specifically, the request seeks discovery of information related to Nanya that will have no bearing on the propriety of the Court's exercise of personal jurisdiction over Defendants, which is the only issue to be addressed in discovery at this time. (Ex. M, Stipulation, Dkt. No. 148, at 2).

**REQUEST FOR ADMISSION NO. 23:**
    Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited,* No. 06-CV-00025 in the District of Guam, Nanya had not executed any agreements that called for Nanya's performance in Guam concerning the subject matter of this action.

**1.    FMA's Position**

*See supra* section II (FMA'S General Contentions and Points of Authority).

**2.    NTC USA's Specific Contentions and Points of Authority**

In addition to its General Contentions and Points of Authority, NTC USA makes

the following specific objections to Request for Admission No. 23:

- NTC USA objects to this request because it seeks information not relevant to the jurisdictional issues before the Court or the claim or defense of any party. FED. R. CIV. P. 26(b)(1). Specifically, the request seeks discovery of information related to Nanya that will have no bearing on the propriety of the Court's exercise of personal jurisdiction over Defendants, which is the only issue to be addressed in discovery at this time. (Ex. M, Stipulation, Dkt. No. 148, at 2).

- NTC USA objects to this request as being vague and ambiguous. Specifically, the request fails to apprise NTC USA of the meaning of the phrase "agreements that called for Nanya's performance in Guam concerning the subject matter of this action." *McColm v. Housing Auth.*, No. C-02-5810 PJH (JCS), 2007 U.S. Dist. LEXIS 8478, *6-7 (N.D. Cal. 2007).

**REQUEST FOR ADMISSION NO. 24:**
    Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited,* No. 06-CV-00025 in the District of Guam, Nanya had no correspondence with Fujitsu in Guam.

**1.    FMA's Position**

*See supra* section II (FMA'S General Contentions and Points of Authority).

06-CV-00025                                     50    JOINT STIPULATION CONCERNING PLAINTIFFS'
                                                            REFUSAL TO PRODUCE SUBSTANTIVE RESPONSES TO
                                                            DEFENDANTS' JURISDICTIONAL DISCOVERY REQUESTS

{G0021667.DOC;1}