```
 1    this, Your Honor, is that it will be a joint telephone
 2    call, I don't think it's appropriate for one side to
 3    contact the mediator, I think both Mr. Murray and I
 4    could contact the --
 5              THE COURT:  You could certainly do that, just
 6    say that initially your oral motion was denied, for one
 7    thing there's objection by the defendants.  Secondly,
 8    I really don't know whether the mediator wants to
 9    undertake this additional responsibility.
10              MR. UNPINGCO:  It is a private, private
11    mediation.
12              THE COURT:  But I'm just saying that I don't
13    know whether he wants to undertake that responsibility.
14    To the extent that he does, and to the extent that it
15    might aid settlement here, it's something that the
16    court can look at, and can be decided in a formal
17    motion, with the defendants being given the opportunity
18    to object to the motion.
19              MR. UNPINGCO:  We shall follow your
20    instruction, Your Honor, and I'll make arrangements
21    with opposing counsel that we can both have -- talk to
22    the mediator at the same time.
23              THE COURT:  Because I don't think defendants
24    are objectionable to having the mediator undertake
25    something to have a global settlement, I think they're
```

1    in agreement with such an idea.

2         MR. MURRAY:  No, we're certainly not, and I

3    don't think that we need to burden this court with this

4    issue.  I think that we can certainly just talk to the

5    mediator and hopefully there will be a global

6    settlement coming out of the mediation, and these

7    issues will be dealt within the settlement papers.

8         THE COURT:  Well, to the extent that the

9    mediator would like a formal appointment here and

10   there's no objection from you, then that's something

11   we can aid in the process of settlement if you'd like

12   it, really.  That's all I'm saying.

13        MR. MURRAY:  If the mediator says that he

14   needs some kind of a formal appointment before he can

15   discuss the Guam case, I would be surprised by that,

16   but if that's what happens, then --

17        THE COURT:  That's what I'm saying, if he says

18   he would rather go that route, then we're available to

19   assist in that regard.

20        MR. UNPINGCO:  Thank you, Your Honor, I think

21   that's a reasonable conclusion to that.  Also, we can

22   work out the details as to the local patent rules with

23   the opposing counsel.  I believe that we can meet and

24   confer, because some -- the Northern District of

25   California local patent rules are good, but I think

1    there might be some changes in certain aspects of it

2    that we would like to have an opportunity to confer

3    with, and that would of course go towards No. 19

4    suggestions for shortening trial and make this go in a

5    more organized and speedier fashion.

6              THE COURT:  All right, thank you very much,

7    Mr. Unpingco.

8              Well, thank you very much, Mr. Shore, and

9    Mr. Murray, for coming all the way out here really.

10   And like I said, excellent presentations make it even

11   harder for us, but we just have to go one way or the

12   other in these issues.  So thank you very much for your

13   presentations, Mr. Benjamin and everybody else.

14             ALL COUNSEL:  Thank you, Your Honor.

15             (Proceedings concluded at 12:00 noon.)

16                         *  *  *

17

18

19

20

21

22

23

24

25

1                    CERTIFICATE OF REPORTER

2

3    CITY OF AGANA          )
                            )  ss.
4    TERRITORY OF GUAM      )

5

6            I, Wanda M. Miles, Official Court Reporter

7    of the District Court of Guam, do hereby certify the

8    foregoing pages 1-91, inclusive, to be a true and

9    correct transcript of the shorthand notes taken by me

10   of the within-entitled proceedings, at the date and

11   time therein set forth.

12           Dated this 12th day of March, 2007.

13

14           *Wanda M. Miles*

15

16

17

18

19

20

21

22

23

24

25

                        Wanda M. Miles
                      Official Court Reporter
                      District Court of Guam

# EXHIBIT F

**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM  96910
TELEPHONE: (671) 477-9891/4
FACSIMILE:  (671) 472-2601

**UNPINGCO & ASSOCIATES, LLC**
SUITE 12B, SINAJANA MALL
SINAJANA, GUAM
TELEPHONE: (671) 475-8545
FACSIMILE:  (671) 475-8550

**SHORE CHAN BRAGALONE LLP**
SUITE 4450, 325 N. ST. PAUL STREET
DALLAS, TEXAS 75201
TELEPHONE: (214) 593-9110
FACSIMILE:  (214) 593-9111

*Attorneys for Plaintiffs*
*Nanya Technology Corp. and*
*Nanya Technology Corp. U.S.A.*



RECEIVED
DEC 1 4 2006
CALVO & CLARK LLP
By: _____

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| **NANYA TECHNOLOGY CORP., and** <br> **NANYA TECHNOLOGY CORP. U.S.A.,** <br><br> **Plaintiffs,** <br><br> **vs.** <br><br> **FUJITSU LIMITED, FUJITSU** <br> **MICROELECTRONICS AMERICA, INC.,** <br><br> **Defendants.** | **CIVIL CASE NO. CV06-00025** <br><br><br> **PLAINTIFF'S FIRST REQUEST FOR** <br> **PRODUCTION OF DOCUMENTS** <br> **TO DEFENDANT FUJITSU** <br> **MICROELECTRONICS** <br> **AMERICA, INC.** |

**To:**    Defendant, Fujitsu Microelectronics America, Inc., by and through its attorneys of record, Calvo & Clark, LLP.

Plaintiff hereby requests, pursuant to Rule 34 of the Federal Rules of Civil Procedure ("FRCP"),

that Defendant, Fujitsu Microelectronics America, Inc. ("Defendant FMA"), produce and permit

Plaintiff's attorneys to inspect and to copy each of the following documents belonging to or in the possession of Defendant FMA.

These requests shall be deemed to be continuing and any additional information or documents relating in any way to these requests that you acquire subsequent to the date of answering these requests and up to and including the time of trial shall be furnished, promptly after such information or documents are acquired, as supplemental responses to these requests.

## DEFINITIONS

1.    "Documents" means the original and any non-identical copy of all "writings," "recordings" and "photographs" as those terms are defined in the FRCP including, but not limited to letters, facsimile communications, electronic mail ("e-mail") communications, telegraphs, cablegrams, telexes, memoranda, notes, records, reports, studies, calendars, diaries, agenda, minutes, books, pamphlets, periodicals, newspaper clippings, graphs, index, charts, tabulations, statistical accumulations, ledgers, financial statements, accounting entries, press releases, contracts, affidavits, transcripts, legal documents, records of meeting and conferences, records of conversation and telephone calls, still photographs, video tapes, motion pictures, tape recordings, microfilm, punch cards, programs, printouts, lie detector techniques and the written information necessary to understand and use such films and records.

2.    A document "relating to" or that "relates to" any given subject means any document that in whole or in part constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that subject, including without limitation, document concerning the preparation of other documents.

3.    The pronoun "you" refers to each Defendant and the party answering this Request for Production, their agents and representatives.0

4.    The term "dynamic memory chip" means any and all computer memory chips that utilize Dynamic Random Access Memory ("DRAM"), that FMA makes, uses, sells, offers for sale or that

- 2 -

are made, used, sold, or offered for sale by FMA in the United States, including the territory of Guam, or imported by FMA into the United States, including the territory of Guam, whether directly or indirectly through an affiliate, consumer, or partner, during the six years prior to the filing of this patent infringement action.

5.    "Plaintiff" includes Nanya Technology Corp. and Nanya Technology Corp. U.S.A., all its subsidiaries, parents and affiliates, and all officers, directors, employees, agents, and any other person acting on its behalf.

6.    "Defendant" includes Fujitsu Microelectronics America, Inc. ("FMA"), all its subsidiaries, parents, including Fujitsu Ltd., and affiliates, and all officers, directors, employees, agents, and any other person acting on its behalf.

7.    "Communication" means the transmittal of information in the form of facts, ideas, inquiries or otherwise.

8.    "Identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment and employment title. Once a person has been identified in accordance with this definition, only the name of that person need be listed in response to subsequent requests requiring the identification of that person.

9.    "Person" is defined as any natural person or any business, legal or governmental entity or association.

10.    "Concerning" means relating to, inferring to, describing, evidencing, or constituting.

11.    The conjunctions "and" and "or" shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

- 3 -

## INSTRUCTIONS

12.     Under Rule 34 of the Federal Rules of Civil Procedure, Defendant FMA is required to produce the documents as they are kept in the usual course of business or to organize and label them to correspond with the categories of this request. Accordingly, whenever a document or group of documents is taken out of a file folder, file drawer, file box, or notebook, before the same is produced, Plaintiff requests Defendant FMA to attach thereto a copy of the label on the file folder, file drawer, file box, or notebook from which the document or group of documents was removed.

13.     For the purposes of this instruction, persons shall be identified by giving their title and business address both at the time the document was generated by or made available to them and at the present, as well as their name and present home address, to the extent known.

14.     If you are aware of any document otherwise responsive to these requests, which document is no longer in your custody or control, identify the name and title of the author, the name and title of the addressee, the date of the document, the subject matter of documents, the last date on which the document was in your control, the person(s) or entity, if any, now in control of the document, the reasons for your disposition or release of the document, all persons who have knowledge of the circumstances surrounding its disposition, and state what knowledge each person has on which document was in your control, the person(s) or entity, if any, now in control of the document, the reasons for your disposition or release of the document, all persons who have knowledge of the circumstance surrounding its disposition, and state what knowledge each such person be.

15.     Reference to the singular includes the plural and reference to the plural includes the singular.

16.     All claims of privilege and refusal to produce documents based upon any other doctrine (such as the attorney-work product doctrine, etc.) shall be made in conforming the

- 4 -

Guam Rules of Civil Procedure and shall include the following information in your statement of the basis for any document so withheld or redacted:

      a.    the date of the document;

      b.    the number of pages, attachments, and appendices;

      c.    the identity of its author, authors or preparers;

      d.    the identity of each person who was sent, shown, blind, dash or carbon copied on, or had custody of such documents; and

      e.    subject matter of each such document, and in the case of any document relating to or referring to a meeting or conversation, identification of such meeting or conversation.

      17.    If any document or tangible thing requested herein was at one time in existence, but has been lost, discarded or destroyed, or otherwise is no longer available, identify such document or thing as completely as possible, providing as much of the following information as possible:

      a.    the type of document or thing;

      b.    its date.

      c.    the date or approximate date it was lost, discarded, destroyed, or otherwise became no longer available;

      d.    the circumstances and manner in which it was lost, discarded, destroyed, or otherwise became no longer available;

      e.    the reason for, or reasons for, the disposing of the document;

      f.    the identity of all persons authorizing or having knowledge of the circumstances surrounding the disposal of the document or things;

- 5 -

g.      the identity of the person(s) who lost, discarded or destroyed the document or thing; and

h.      the identity of all persons having knowledge of the contents thereof.

18.      Unless otherwise specified herein, this request calls for all documents generated, prepared or received, or that refer to or relate to any events in the period from January 1, 2003 up to and including the date of this request.

19.      To the extent permitted by the Federal Rules of Civil Procedure, these requests shall be deemed continuing so as to require prompt further and supplemental production if you locate or obtain possession, custody or control of additional responsive documents at any time prior to trial.

20.      Plaintiff reserves the right to request additional documents.

## REQUEST FOR PRODUCTION

**REQUEST NO. 1:**  Documents listing each and every camera manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 2:**  Documents listing each and every camera that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 3:**  Documents listing each and every contract entered into within the last six years between FMA and a camera manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 4:**  Documents listing each and every request made within the last six years by a camera manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 5:**  Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a camera manufacturer.

**REQUEST NO. 6:** Documents listing each and every mobile phone manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 7:** Documents listing each and every mobile phone that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 8:** Documents listing each and every contract entered into within the last six years between FMA and a mobile phone manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 9:** Documents listing each and every request made within the last six years by a mobile phone manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 10:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a mobile phone manufacturer.

**REQUEST NO. 11:** Documents listing each and every Personal Digital Assistant ("PDA") manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 12:** Documents listing each and every PDA that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 13:** Documents listing each and every contract entered into within the last six years between FMA and a PDA manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 14:** Documents listing each and every request made within the last six years by a PDA manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 15:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a PDA manufacturer.

**REQUEST NO. 16:** Documents listing each and every personal computer manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 17:** Documents listing each and every personal computer that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 18:** Documents listing each and every contract entered into within the last six years between FMA and a personal computer manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 19:** Documents listing each and every request made within the last six years by a personal computer manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 20:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a personal computer manufacturer.

**REQUEST NO. 21:** Documents listing each and every notebook computer manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 22:** Documents listing each and every notebook computer that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 23:** Documents listing each and every contract entered into within the last six years between FMA and a notebook computer manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 24:** Documents listing each and every request made within the last six years by a notebook computer manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 25:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a notebook computer manufacturer.

**REQUEST NO. 26:** Documents listing each and every television manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 27:** Documents listing each and every television that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 28:** Documents listing each and every contract entered into within the last six years between FMA and a television manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 29:** Documents listing each and every request made within the last six years by a television manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 30:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a television manufacturer.

8.

**REQUEST NO. 31:** Documents listing each and every DVD player manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 32:** Documents listing each and every DVD player that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 33:** Documents listing each and every contract entered into within the last six years between FMA and a DVD player manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 34:** Documents listing each and every request made within the last six years by a DVD player manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 35:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a DVD player manufacturer.

**REQUEST NO. 36:** Documents listing each and every car stereo manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 37:** Documents listing each and every car stereo that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 38:** Documents listing each and every contract entered into within the last six years between FMA and a car stereo manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 39:** Documents listing each and every request made within the last six years by a car stereo manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 40:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a car stereo manufacturer.

**REQUEST NO. 41:** Documents listing each and every automobile manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 42:** Documents listing each and every automobile that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 43:** Documents listing each and every contract entered into within the last six years between FMA and an automobile manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 44:** Documents listing each and every request made within the last six years by an automobile manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 45:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for an automobile manufacturer.

**REQUEST NO. 46:** Documents listing each and every LCD display manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 47:** Documents listing each and every LCD display that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 48:** Documents listing each and every contract entered into within the last six years between FMA and an LCD display manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 49:** Documents listing each and every request made within the last six years by an LCD display manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 50:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for an LCD display manufacturer.

**REQUEST NO. 51:** Documents listing each and every climate control unit manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 52:** Documents listing each and every climate control unit that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 53:** Documents listing each and every contract entered into within the last six years between FMA and a climate control unit manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 54:** Documents listing each and every request made within the last six years by a climate control unit manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 55:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a climate control unit manufacturer.

10.

**REQUEST NO. 56:** Documents listing each and every printer manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 57:** Documents listing each and every printer that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 58:** Documents listing each and every contract entered into within the last six years between FMA and a printer manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 59:** Documents listing each and every request made within the last six years by a printer manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 60:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a printer manufacturer.

**REQUEST NO. 61:** Documents listing each and every copier manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 62:** Documents listing each and every copier that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 63:** Documents listing each and every contract entered into within the last six years between FMA and a copier manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 64:** Documents listing each and every request made within the last six years by a copier manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 65:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a copier manufacturer.

**REQUEST NO. 66:** Documents listing each and every fax machine manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 67:** Documents listing each and every fax machine that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 68:** Documents listing each and every contract entered into within the last six years between FMA and a fax machine manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 69:** Documents listing each and every request made within the last six years by a fax machine manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 70:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a fax machine manufacturer.

**REQUEST NO. 71:** Documents listing each and every home stereo manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 72:** Documents listing each and every home stereo that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 73:** Documents listing each and every contract entered into within the last six years between FMA and a home stereo manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 74:** Documents listing each and every request made within the last six years by a home stereo manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 75:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a home stereo manufacturer.

**REQUEST NO. 76:** Documents listing each and every video game system manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 77:** Documents listing each and every video game system that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 78:** Documents listing each and every contract entered into within the last six years between FMA and a video game system manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 79:** Documents listing each and every request made within the last six years by a video game system manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 80:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a video game system manufacturer.

**REQUEST NO. 81:** Documents listing each and every land-line telephone manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 82:** Documents listing each and every land-line telephone that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 83:** Documents listing each and every contract entered into within the last six years between FMA and a land-line telephone manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 84:** Documents listing each and every request made within the last six years by a land-line telephone manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 85:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a land-line telephone manufacturer.

**REQUEST NO. 86:** Documents listing each and every microwave manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 87:** Documents listing each and every microwave that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 88:** Documents listing each and every contract entered into within the last six years between FMA and a microwave manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 89:** Documents listing each and every request made within the last six years by a microwave manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 90:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a microwave manufacturer.

**REQUEST NO. 91:** Documents listing each and every washing machine manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 92:** Documents listing each and every washing machine that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 93:** Documents listing each and every contract entered into within the last six years between FMA and a washing machine manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 94:** Documents listing each and every request made within the last six years by a washing machine manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 95:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a washing machine manufacturer.

**REQUEST NO. 96:** Documents listing each and every power supply manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 97:** Documents listing each and every power supply that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 98:** Documents listing each and every contract entered into within the last six years between FMA and a power supply manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 99:** Documents listing each and every request made within the last six years by a power supply manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 100:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a power supply manufacturer.

**REQUEST NO. 101:** Documents listing each and every network-enabled device manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 102:** Documents listing each and every network-enabled device that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 103:** Documents listing each and every contract entered into within the last six years between FMA and a network-enabled device manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 104:** Documents listing each and every request made within the last six years by a network-enabled device manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 105:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a network-enabled device manufacturer.

**REQUEST NO. 106:** Documents listing each and every home audio device manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 107:** Documents listing each and every home audio device that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 108:** Documents listing each and every contract entered into within the last six years between FMA and a home audio device manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 109:** Documents listing each and every request made within the last six years by a home audio device manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 110:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a home audio device manufacturer.

**REQUEST NO. 111:** Documents listing each and every graphic display device manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 112:** Documents listing each and every graphic display device that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 113:** Documents listing each and every contract entered into within the last six years between FMA and a graphic display device manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 114:** Documents listing each and every request made within the last six years by a graphic display device manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 115:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a graphic display device manufacturer.

**REQUEST NO. 116:** Documents listing each and every consumer electronics manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 117:** Documents listing each and every consumer electronic item that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 118:** Documents listing each and every contract entered into within the last six years between FMA and a consumer electronics manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 119:** Documents listing each and every request made within the last six years by a consumer electronics manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 120:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a consumer electronics manufacturer.

**REQUEST NO. 121:** Documents listing each and every contract entered into within the last six years between FMA and a government entity or government subcontractor, including military entities, involving an FMA dynamic memory chip.

**REQUEST NO. 122:** Documents listing each and every request made within the last six years by a government entity or government subcontractor, including military entities, for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 123:** Documents listing each and every proposal made within the last six years by government entity or government subcontractor, including military entities, to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a government entity or government subcontractor, including military entities.

**REQUEST NO. 124:** Documents listing each and every manufacturer that has purchased·an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**REQUEST NO. 125:** Documents listing each and every product that has used or incorporated an FMA dynamic memory chip within the last six years.

**REQUEST NO. 126:** Documents listing each and every contract entered into within the last six years between FMA and a manufacturer involving an FMA dynamic memory chip.

**REQUEST NO. 127:** Documents listing each and every request made within the last six years by a manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

**REQUEST NO. 128:** Documents listing each and every proposal made within the last six years by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a manufacturer.

**REQUEST NO. 129:** All documents reflecting FMA's retention of any person as an employee, agent, or in any other capacity in Guam during the past five (5) years.

**REQUEST NO. 130:** All documents reflecting FMA's entry into any contract for the purchase or sale of merchandise within Guam during the past five (5) years.

**REQUEST NO. 131:** All documents reflecting performance of the contracts in the above Request for Production.

**REQUEST NO. 132:** All documents reflecting FMA's interest during the past five (5) years in any corporation that was qualified to do business or which had an office in Guam.

**REQUEST NO. 133:** All documents reflecting FMA's employment during the past five (5) years of individuals, whether resident or not, living or working in Guam.

**REQUEST NO. 134:** All documents reflecting FMA's employment during the past five (5) years of any sales agents or representatives of any kind who lived, worked or solicited business in Guam.

**REQUEST NO. 135:** All documents reflecting FMA's distributors, suppliers, partners or customers having offices in Guam during the past five (5) years.

**REQUEST NO. 136:** All documents reflecting FMA's maintenance during the past five (5) years of a telephone listing, or listed or used a post office box, or other mailing address in Guam.

**REQUEST NO. 137:** All documents reflecting FMA's representation by attorneys, for any purposes, who are admitted to practice in Guam.

**REQUEST NO. 138:** All documents reflecting FMA's rental, ownership, operation, or holding of any interest whatsoever (including by lease) of any personal property in Guam.

**REQUEST NO. 139:** All documents reflecting FMA's contracts for the sale of goods or services during the last five (5) years to any person or business entity located or having an office in Guam.

**REQUEST NO. 140:** All documents reflecting FMA's direct or indirect shipment of any goods or products or any goods or products incorporating FMA's dynamic memory chip into or through Guam during the last five (5) years.

**REQUEST NO. 141:** All documents reflecting the authorization of FMA, or FMA's affiliates or subsidiaries, to transact business within Guam within the past ten (10) years.

**REQUEST NO. 142:** All documents reflecting contracts between FMA and customers or FMA and partners in Guam.

**REQUEST NO. 143:** All documents reflecting each and every contact between FMA or FMA's affiliates or subsidiaries, or FMA's representative with residents of Guam within the last ten (10) years to the present, including, but not limited to, direct contact, such as telephone contact or correspondence, as well as advertisements of any sort.

**REQUEST NO. 144:** All documents reflecting attempts by FMA or FMA's affiliates or subsidiaries to solicit any business in Guam during the past ten (10) years.

**REQUEST NO. 145:** All documents reflecting attempts by FMA or FMA's affiliates or subsidiaries to solicit any individual in Guam during the past ten (10) years.

**REQUEST NO. 146:** All documents reflecting the total number of sales and gross annual amount of the sales, all direct sales made by FMA or FMA's affiliates or subsidiaries to customers in Guam or customers with operations in Guam for each of the last ten (10) years.

**REQUEST NO. 147:** All documents reflecting shipment of any merchandise into Guam on consignment by FMA or FMA's affiliates or subsidiaries during the past ten (10) years.

DATED at Hagåtña, Guam, this 14th day of December, 2006.

**TEKER TORRES & TEKER, P.C.**

By _____
JOSEPH C. RAZZANO, ESQ., Attorneys for
Plaintiff, *Nanya Technology Corp. and
Nanya Technology Corp. U.S.A.*

18.

# EXHIBIT G

JOSEPH C. RAZZANO, ESQ.
TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891/4
FACSIMILE:   (671) 472-2601

JOHN S. UNPINGCO, ESQ.
UNPINGCO & ASSOCIATES, LLC
SUITE 12B, SINAJANA MALL
SINAJANA, GUAM
TELEPHONE: (671) 475-8545
FACSIMILE: (671) 475-8550

MICHAEL W. SHORE
ALFONSO GARCIA CHAN
MARTIN PASCUAL
SHORE CHAN BRAGALONE, LLP
325 NORTH SAINT PAUL STREET-SUITE 4450
DALLAS, TEXAS 75201
TELEPHONE: (214) 593-9110
FACSIMILE: (214) 593-9111

*Attorneys for Plaintiffs*
*Nanya Technology Corp. and*
*Nanya Technology Corp. U.S.A.*



RECEIVED
JAN 09 2007
CALVO & CLARK LLP
By:

FILED
DISTRICT COURT OF GUAM
JAN -9 2007
MARY L.M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP.,<br>NANYA TECHNOLOGY CORP. U.S.A.,<br><br>  Plaintiffs,<br><br>vs.<br><br>FUJITSU LIMITED, FUJITSU<br>MICROELECTRONICS AMERICA, INC.,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL CASE NO. CV 06-00025

PLAINTIFFS' NOTICE OF
L.R. 26.2 DISCLOSURE

1.

Plaintiffs NANYA TECHNOLOGY CORP. and NANYA TECHNOLOGY CORP. U.S.A.

hereby certify that it has served upon counsel of record for Defendants their joint Disclosure

Pursuant to L.R. 26.2 on January 9, 2007 via hand delivery.

Dated: January 9, 2007.

By _____

**JOSEPH C. RAZZANO, ESQ.**
Teker Torres & Teker, P.C.

**SHORE CHAN BRAGALONE, LLP**

**ATTORNEYS FOR PLAINTIFFS
NANYA TECHNOLOGY CORP., AND
NANYA TECHNOLOGY CORP., U.S.A.**

2.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the

following counsel of record via hand delivery on January 9, 2007:

Rodney J. Jacob
Daniel M. Benjamin
**Calvo & Clark, LLP**
655 South Marine Corps Dr., Suite 202
Tamuning, Guam 96913

JOSEPH C. RAZZANO, ESQ.

3.

**JOSEPH C. RAZZANO, ESQ.**
**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891/4
FACSIMILE:  (671) 472-2601



**JOHN S. UNPINGCO, ESQ.**
**UNPINGCO & ASSOCIATES, LLC**
SUITE 12B, SINAJANA MALL
SINAJANA, GUAM
TELEPHONE: (671) 475-8545
FACSIMILE: (671) 475-8550

**MICHAEL W. SHORE**
**ALFONSO GARCIA CHAN**
**MARTIN PASCUAL**
**SHORE CHAN BRAGALONE, LLP**
325 NORTH SAINT PAUL STREET-SUITE 4450
DALLAS, TEXAS 75201
TELEPHONE: (214) 593-9110
FACSIMILE: (214) 593-9111

*Attorneys for Plaintiffs*
*Nanya Technology Corp. and*
*Nanya Technology Corp. U.S.A.*


## IN THE DISTRICT COURT OF GUAM


| | |
|---|---|
| **NANYA TECHNOLOGY CORP.,** )<br>**NANYA TECHNOLOGY CORP. U.S.A.,** )<br>   )<br>   **Plaintiffs,** )<br>   )<br>   **vs.** )<br>   )<br>**FUJITSU LIMITED, FUJITSU** )<br>**MICROELECTRONICS AMERICA, INC.,** )<br>   )<br>   **Defendants.** )<br>   ) | **CIVIL CASE NO. CV 06-00025**<br><br><br>**PLAINTIFFS' L.R. 26.2 DISCLOSURE** |


1.

Plaintiffs, Nanya Technology Corp. ("Plaintiff NTC") and Nanya Technology Corp. U.S.A. ("Plaintiff NTC USA") (collectively, "Plaintiffs") make the following disclosures pursuant to L.R. 26.2:

**A.     The identity of all persons known or believed to have substantial discoverable information about the claims or defenses, together with a summary of that information:**

### U.S. PATENT NO. 6,225,187

**1.     Tse Yao Huang**

Mr. Huang's address is Nanya Technology Corporation, Hwa Ya Technology Park, 669, Fu Hsing3rd, Kueishan, Taoyuan, Taiwan.. Mr. Huang is a named inventor of U.S. Patent No. 6,225,187 ("the '187 patent"), and has knowledge of the '187 patent, its conception, reduction to practice, and its prosecution history. Mr. Huang may be contacted through Shore Chan Bragalone LLP, as counsel for Plaintiffs.

**2.     Yun Sen Lai**

Mr. Lai's address is Nanya Technology Corporation, Hwa Ya Technology Park, 669, Fu Hsing3rd, Kueishan, Taoyuan, Taiwan.  Mr. Lai is a named inventor of the '187 patent, and has knowledge of the '187 patent, its conception, reduction to practice, and its prosecution history.   Mr. Lai may be contacted through Shore Chan Bragalone LLP, as counsel for Plaintiffs.

### U.S. Patent No. 6,426,271

**1.     Yi-Nan Chen**

Mr. Chen's address is Nanya Technology Corporation, Hwa Ya Technology Park, 669, Fu Hsing3rd, Kueishan, Taoyuan, Taiwan.  Mr. Chen is a named inventor of U.S. Patent No. 6,426,271 ("the '271 patent"), and has knowledge of the '271 patent, its conception, reduction to practice, and its prosecution history.   Mr. Chen may be contacted through Shore Chan Bragalone LLP, as counsel for Plaintiffs.

### 2.    Hsien-Wen Liu

Mr. Liu's address is Nanya Technology Corporation, Hwa Ya Technology Park, 669, Fu Hsing3rd, Kueishan, Taoyuan, Taiwan. Mr. Liu is a named inventor of the '271 patent, and has knowledge of the '271 patent, its conception, reduction to practice, and its prosecution history. Mr. Liu may be contacted through Shore Chan Bragalone LLP, as counsel for Plaintiffs.

### U.S. Patent No. 6,790,765

### 1.    Tse-Yao Huang

Mr. Huang's address is Nanya Technology Corporation, Hwa Ya Technology Park, 669, Fu Hsing3rd, Kueishan, Taoyuan, Taiwan. Mr. Huang is a named inventor of U.S. Patent No. 6,790,765 ("the '765 patent"), and has knowledge of the '765 patent, its conception, reduction to practice, and its prosecution history. Mr. Huang may be contacted through Shore Chan Bragalone LLP, as counsel for Plaintiffs.

### 2.    Yi-Nan Chen

Mr. Chen's address is Nanya Technology Corporation, Hwa Ya Technology Park, 669, Fu Hsing3rd, Kueishan, Taoyuan, Taiwan. Mr. Chen is a named inventor of the '765 patent, and has knowledge of the '765 patent, its conception, reduction to practice, and its prosecution history. Mr. Chen may be contacted through Shore Chan Bragalone LLP, as counsel for Plaintiffs.

### 3.    Hui-Min Mao

Mr. Mao's address is Nanya Technology Corporation, Hwa Ya Technology Park, 669, Fu Hsing3rd, Kueishan, Taoyuan, Taiwan. Mr. Mao is a named inventor of the '765 patent, and has knowledge of the '765 patent, its conception, reduction to practice, and its prosecution history. Mr. Mao may be contacted through Shore Chan Bragalone LLP, as counsel for Plaintiffs.

**B.    A description, including the location, of all documents that are reasonably likely to bear substantially on the claims or defenses:**

3.

All documents related to Plaintiffs' patents, the '187, '271 and '765 patents, which bear on its claims, are located at Plaintiff's headquarters, Hwa Ya Technology Park, 669, Fu Hsing3rd, Kueishan, Taoyuan, Taiwan. Additional relevant documents related to Defendants' patents at issue and that bear on Plaintiffs' claims, will be obtained from Defendants during the discovery process.

## C.    A computation of any damages claimed:

The scope and amount of Plaintiffs' damages will be the subject of expert testimony and will be measured by a reasonable royalty applied to Defendant Fujitsu Limited's and Defendant Fujitsu Microelectronics America, Inc.'s (collectively "Defendants") infringing sales. Pursuant to established case law, the royalty would represent the amount that would have been set in a hypothetical negotiation between a willing patent owner and a willing potential user of the patented technology as of the date infringement began considering the following factors outlined in *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970):

1. The royalties received by the patentee for the licensing of the patent in suit, proving or tending to prove an established royalty;

2. The rates paid by the licensee for the use of other patents comparable to the patent in suit;

3. The nature and scope of the license, as exclusive or non-exclusive; or as restricted or non-restricted in terms of territory or with respect to whom the manufactured product may be sold;

4. The licensor's established policy and marketing program to maintain his patent monopoly by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that monopoly;

5. The commercial relationship between the licensor and licensee, such as, whether they are competitors in the same territory in the same line of business; or whether they are inventor and promoter;

6. The effect of selling the patented specialty in promoting sales of other products of the licensee; the existing value of the invention to the licensor as a generator of sales of his non-patented items; and the extent of such derivative or convoyed sales;

7. The duration of the patent and the term of the license;

8. The established profitability of the product made under the patent; its commercial success; and its current popularity;

9. The utility and advantages of the patent property over the old modes or devices, if any, that had been used for working out similar results;

10. The nature of the patented invention; the character of the commercial embodiment of it as owned and produced by the licensor; and the benefits to those who have used the invention;

11. The extent to which the infringer has made use of the invention and any evidence probative of the value of that use;

12. The portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions;

13. The portion of the realizable profit that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer;

14. The opinion testimony of qualified inventors; and

15. The amount that a licensor (such as the patentee) and a licensee (such as the infringer) would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement; that is, the amount which a prudent licensee – who desired, as a business proposition, to obtain a license to manufacture and sell a particular article embodying the patent invention – would have been willing to pay as a royalty and yet be able to make reasonable profit and which amount would have been acceptable by a prudent patentee who was willing to grant a license.

The foregoing expert testimony will also rely, in part, on obtaining discovery from Defendants'

regarding Defendants' relevant sales figures.

The full extent of Plaintiffs' damages will be further disclosed and supplemented upon receipt

of the relevant information from Defendants and in accordance with Federal Rules of Civil Procedure

26(a)(2) and 26(b)(4) and any scheduling orders issued by the Court.

**D.** The substance of any insurance agreement that may cover any resulting judgment:

None.

**E.** A copy of any report of an expert who may be called at trial:

No experts have been retained by Plaintiffs at this time.

Dated: January 9, 2007.

By

JOSEPH C. RAZZANO, ESQ.
Teker Torres & Teker, P.C.

SHORE CHAN BRAGALONE, LLP

ATTORNEYS FOR PLAINTIFFS
NANYA TECHNOLOGY CORP., AND
NANYA TECHNOLOGY CORP., U.S.A.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the

following counsel of record via hand delivery on January 9, 2007:

Rodney J. Jacob
Daniel M. Benjamin
**Calvo & Clark, LLP**
655 South Marine Corps Dr., Suite 202
Tamuning, Guam 96913

JOSEPH C. RAZZANO, ESQ.

7.

# EXHIBIT H

1   RODNEY J. JACOB, ESQ.
    DANIEL M. BENJAMIN, ESQ.
2   CALVO & CLARK, LLP
    Attorneys at Law
3   655 South Marine Drive, Suite 202
    Tamuning, Guam 96913
4   Telephone:    (671) 646-9355
    Facsimile:    (671) 646-9403
5
    CHRISTOPHER E. CHALSEN (*pro hac vice*)
6   MICHAEL M. MURRAY (*pro hac vice*)
    LAWRENCE T. KASS (*pro hac vice*)
7   MILBANK, TWEED, HADLEY & McCLOY LLP
    1 Chase Manhattan Plaza
8   New York, NY 10005
    (212) 530-5000
9

10  Attorneys for Defendant
    FUJITSU MICROELECTRONICS AMERICA, INC.
11

12              IN THE UNITED STATES DISTRICT COURT

13                       DISTRICT OF GUAM

14  NANYA TECHNOLOGY CORP. and
    NANYA TECHNOLOGY CORP. U.S.A
15
                Plaintiff,
16                                          CIVIL CASE NO. 06-CV-00025
            -v-
17                                          **FMA'S RESPONSES AND
                                            OBJECTIONS TO PLAINTIFF'S**
18  FUJITSU LIMITED, FUJITSU                **FIRST REQUEST FOR PRODUCTION**
    MICROELECTRONICS AMERICA, INC.,         **OF DOCUMENTS**
19
                Defendants.
20

21          Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Fujitsu

22  Microelectronics America, Inc. ("FMA") hereby objects and responds to Plaintiffs' Nanya

23                                  1

24  *CIVIL CASE NO. 06-CV-00025*

25

26

1 | Technology Corp. and Nanya Technology Corp. U.S.A. First Request For Production of

2 | Documents To Defendant Fujitsu Microelectronics America, Inc. ("Requests").

3 | **PRELIMINARY OBJECTION**

4 | FMA objects to each of the Requests on the grounds that they are premature

5 | because the commencement of discovery has been delayed by the Court and, as of the time of

6 | these objections, Plaintiffs had neither sought nor obtained leave to propound the requested

7 | discovery. On November 20, 2006 FMA moved for a sixty day extension of the dates specified in

8 | the October 12, 2006 Scheduling Notice and/or for a stay of discovery. On December 11, 2006,

9 | the Court granted FMA's motion in part and noted that "Plaintiffs will not be substantially

10 | prejudiced by a short extension of the scheduling conference and commencement of discovery."

11 | (emphasis added). Thus, the Court granted an extension in the commencement in discovery.

12 | FMA objects to Plaintiffs' unilateral violation of the Court's Order.

13 | These responses are without waiver of any and all objections to the Requests based

14 | on their improper service before the commencement of discovery. Further, the responses are

15 | based on the best information currently available to FMA. FMA reserves all objections, in this or

16 | any other proceeding, with respect to the relevance, materiality, and admissibility of information

17 | produced pursuant to the Requests for Production following the commencement of discovery.

18 | FMA also reserves the right to assert additional objections should further review of the files or

19 | pre-trial preparation develop new information as to any of the Requests for Production. These

20 | responses are made without waiver of, or prejudice to, any such objection or right. To the extent

21 | FMA responds to Requests for Production to which it also objects, such responses are without

22 | waiver of any such objections.

23 |

2

24 | *CIVIL CASE NO. 06-CV-00025*

25 |

26 |

**GENERAL OBJECTIONS**

These General Objections are incorporated into each response set forth herein.

1.      FMA objects to each of the Requests, including all definitions and instructions, to the extent they seek to impose requirements on FMA that are inconsistent with or in addition to the provisions of the Federal Rules of Civil Procedure, or impose obligations beyond the local rules of the United States District Court for Guam.

2.      FMA's responses and objections are made to the best of its present knowledge, information, and belief. FMA has not completed its investigation and discovery in this matter; therefore, FMA reserves the right to amend, revise, correct, supplement, or clarify any of the responses and objections herein pursuant to facts or information gathered at any time subsequent to the date of these responses. FMA further reserves the right to make use of, or to introduce at hearing and at trial, documents and things responsive to the Requests discovered subsequent to the date of FMA's production.

3.      FMA objects to the Requests, including all definitions and instructions, to the extent that they seek the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, common interest privilege, joint prosecution privilege, the trade secret or proprietary information privilege, or any other applicable privilege or immunity, or invade the privacy rights of any person. FMA will not knowingly disclose any information that is subject to such privilege or protection. In connection with the Requests, FMA does not intend to waive, and shall not be construed as having waived, any such privilege or protection. Any inadvertent production or disclosure thereof shall not be deemed a waiver of any such privilege or protection in whole or in part. FMA reserves its rights to recall any such document.

3

*CIVIL CASE NO. 06-CV-00025*

4.    FMA objects to the Requests to the extent they call for the production of information for which disclosure is prohibited by any domestic or judicial order, protective order, stipulation of confidentiality, non-disclosure agreement, or confidentiality agreement with any non-party restricting the disclosure of such information by FMA.  FMA does not intend to produce any documents that are subject to any protection or privilege.

5.    FMA objects to the Requests to the extent that they are vague and ambiguous, fail to identify with the necessary specificity the information or document sought, and would require FMA to speculate as to the nature and/or scope of the documents and things sought thereby.

6.    FMA objects to these Requests to the extent that they are overly broad, unduly burdensome, seeking information not relevant to any issue in this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

7.    FMA objects to the Requests to the extent they seek information or documents other than that which may be obtained through a reasonably diligent search of its records.  In responding to the Requests, FMA has made or will conduct a reasonable inquiry and search of materials within its possession, custody or control in those places where information responsive to the Requests are most likely to be found.  To the extent that Plaintiffs seek to require FMA to undertake any action beyond that described above, FMA objects to the Requests as unduly burdensome, oppressive, not reasonably calculated to lead to the discovery of admissible evidence, and harassing and seeking information not within the possession, custody or control of FMA.

8.    FMA objects to the Requests to the extent they are duplicative, unreasonably cumulative, harassing and responding thereto will cause unnecessary expense.

4

*CIVIL CASE NO. 06-CV-00025*

1    9.    FMA objects to the Requests to the extent they seek information equally available

2  to Plaintiffs, including, without limitation, publicly available information and documentation.

3    10.    FMA objects to the Requests as unduly burdensome to the extent that they seek to

4  impose on FMA the obligation to locate documents that are not in the control of FMA or FMA's

5  personnel. FMA will undertake only to produce documents that are reasonably within FMA's

6  knowledge and control.

7    11.    FMA objects to the Requests to the extent they are ambiguous or would require

8  FMA to speculate as to the nature or scope of the information sought thereby.

9    12.    FMA objects to the Requests to the extent they fail to specify a reasonable or

10  relevant time period for the information and/or documents sought. Subject to agreement of all

11  parties, FMA will not produce documents generated after the date of the Complaint in this action.

12    13.    FMA objects to the Requests to the extent they seek information that is neither

13  relevant to the subject matter involved in this action, nor relevant to a claim or defense of any

14  party, nor reasonably calculated to lead to the discovery of admissible evidence. FMA reserves

15  all objections, in this or any other proceeding, with respect to the relevance, materiality, and

16  admissibility of documents or things produced pursuant to the Requests and the contents of such

17  documents.

18    14.    FMA objects to the Requests to the extent they seek information that is subject to

19  confidentiality obligations with any non-party restricting the disclosure of such information by

20  FMA.

21    15.    FMA objects to the Requests to the extent they seek information in the custody,

22  possession or control of persons or entities other than FMA. FMA will not provide any

23

5

24  *CIVIL CASE NO. 06-CV-00025*

25

26

1    information in the possession, custody or control of any third party, including any agent, outside

2    attorney or affiliate of FMA on the grounds that production of such documents is unduly

3    burdensome and not calculated to lead to the discovery of admissible evidence.

4        16.    FMA objects to the Requests to the extent they seek production of documents that

5    are already in Plaintiffs' possession, custody or control, that are publicly available, that are

6    equally available to Plaintiffs or from other parties to the litigation, or that are duplicative of

7    documents already produced in the litigation.

8        17.    FMA objects to the Requests to the extent they seek information that is

9    inaccessible.

10       18.    FMA objects to providing information demanded by the Requests that is

11   confidential, including sensitive, business, financial, proprietary, competitive, personal, customer,

12   or client information of FMA. FMA will not produce any such information until the Court has

13   entered a suitable Protective Order. Any statement in the responses to individual Requests below

14   that indicates that documents will be produced is subject to the entry of a suitable Protective

15   Order.

16       19.    Although FMA will make a reasonable and good faith effort to respond to these

17   Requests after the commencement of discovery, further information may be discovered that might

18   be responsive to these Requests. Accordingly, without assuming any obligation other than as

19   may be imposed by law, FMA will promptly produce the responsive documents to those Requests

20   that FMA does not object to as identified below, will continue to search for further responsive

21   documents to those Requests that FMA does not object to, and reserves the right to revise,

22

23
                                          6
24   *CIVIL CASE NO. 06-CV-00025*

25

26

1  supplement, correct, or amend these responses based upon information, evidence, documents,

2  facts, and things that hereafter may be discovered.

3       20.    FMA objects to the definition of Defendant to the extent it includes or attempts to

4  include parties or entities other than the specific parties and entities named as Defendants in this

5  action.

6       21.    FMA objects to the Requests to the extent that they require FMA to form legal

7  conclusions in order to respond.

8       22.    FMA makes no admission of any nature, and no admission may be implied by, or

9  inferred from, these objections and responses.

10      23.    To the extent FMA responds to any of the Requests, it does not concede that the

11  information or document requested is relevant to this action, nor does it waive or intend to waive

12  any objection to the competency, relevancy, or admissibility as evidence of any document or

13  information provided, referred to, or made the subject of any response.  FMA expressly reserves

14  the right to object to further discovery of the subject matter of any Request and the introduction

15  into evidence of any provided document or information.  A partial response to any Request that

16  has been objected to, in whole or in part, is not intended to be a waiver of the objection.  By

17  making these objections and responses, FMA does not concede that it is in possession of any

18  information or documents responsive to the Requests or that any documents or information

19  requested or provided is relevant to this litigation.

20      24.    To the extent that FMA does not object to a Request and agrees to produce

21  documents in response to a Request, that agreement is not a representation that any such

22  documents actually exist, only that if such documents exist, then FMA will produce them.

23

7

24  *CIVIL CASE NO. 06-CV-00025*

25

26

1    25.    Each of the foregoing General Objections is hereby incorporated by reference into

2    each of the following specific responses to Propounding Party's specific Requests.

3

4    **SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION**

5    Without waiving and subject to its General Objections, which are incorporated into

6    each response below, FMA responds to each specific Request as follows:

7    **REQUEST NO. 1:**    Documents listing each and every camera manufacturer that has purchased
     an FMA dynamic memory chip for use or incorporation in one of its products within the last six
8    years.

9    **RESPONSE TO REQUEST NO. 1:**    In addition to its General Objections, FMA objects to

10   the request on the following grounds: (a) it seeks information that is neither relevant to this action

11   nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overbroad and

12   unduly burdensome such as calling for the production of documents listing each and every

13   camera manufacturer; (c) it is vague and ambiguous, in particular as to the identities of "camera

14   manufacturer[s]" and their "products"; and (d) it calls for information not within the possession or

15   control of FMA.

16

17   **REQUEST NO. 2:**    Documents listing each and every camera that has used or incorporated an
     FMA dynamic memory chip within the last six years.
18
     **RESPONSE TO REQUEST NO. 2:**    In addition to its General Objections, FMA objects to
19
     the request on the following grounds: (a) it seeks information that is neither relevant to this action
20
     nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overbroad and
21
     unduly burdensome such as calling for the production of documents "listing each and every
22
     camera"; (c) it is vague and ambiguous, in particular as to what constitutes a camera and what
23
                                            8
24   *CIVIL CASE NO. 06-CV-00025*

25

26

1    constitutes "used or incorporated"; (d) it seeks information equally available to Plaintiffs; and (e)

2    it calls for information not within the possession or control of FMA.

3

4    **REQUEST NO. 3:**    Documents listing each and every contract entered into within the last six
      years between FMA and a camera manufacturer involving an FMA dynamic memory chip.

5
      **RESPONSE TO REQUEST NO. 3:**    In addition to its General Objections, FMA objects to
6
      the request on the following grounds: (a) it seeks information that is neither relevant to this action
7
      nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks confidential
8
      and/or proprietary information not reasonably calculated to lead to the discovery of admissible
9
      evidence; (c) it is overbroad and unduly burdensome such as calling for the production of
10
      documents "listing each and every contract"; and (d) it is vague and ambiguous, in particular as to
11
      the meaning of what constitutes a "contract" and the identities of "camera manufacturer[s]".
12

13

14    **REQUEST NO. 4:**    Documents listing each and every request made within the last six years by
      a camera manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise
15    produce an FMA dynamic memory chip.

      **RESPONSE TO REQUEST NO. 4:**    In addition to its General Objections, FMA objects to
16
      the request on the following grounds: (a) it seeks information that is neither relevant to this action
17
      nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary
18
      and/or confidential information not reasonably calculated to lead to the discovery of admissible
19
      evidence; (c) it is overbroad and unduly burdensome such as calling for the production of
20
      documents "listing each and every request"; (d) it is vague and ambiguous, in particular as to the
21
      identities of "camera manufacturer[s]" and the meaning of what constitutes a "request... for
22
      proposal[]"; and (e) it calls for information not within the possession or control of FMA.
23
                                          9
24    *CIVIL CASE NO. 06-CV-00025*

25

26

1    **REQUEST NO. 5:**    Documents listing each and every proposal made within the last six years
by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory
2    chip for a camera manufacturer.

3    **RESPONSE TO REQUEST NO. 5:**    In addition to its General Objections, FMA objects to

4    the request on the following grounds: (a) it seeks information that is neither relevant to this action

5    nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

6    and/or confidential information not reasonably calculated to lead to the discovery of admissible

7    evidence; (c) it is overbroad and unduly burdensome such as calling for the production documents

8    "listing each and every proposal"; and (d) it is vague and ambiguous, in particular as to the

9    identities of "camera manufacturer[s]" and the meaning of what constitutes a "proposal".

10

11    **REQUEST NO. 6:**    Documents listing each and every mobile phone manufacturer that has
purchased an FMA dynamic memory chip for use or incorporation in one of its products within
12    the last six years.

13    **RESPONSE TO REQUEST NO. 6:**    In addition to its General Objections, FMA objects to

14    the request on the following grounds: (a) it seeks information that is neither relevant to this action

15    nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overbroad and

16    unduly burdensome such as calling for the production of documents listing each and every mobile

17    phone manufacturer; (c) it is vague and ambiguous, in particular as to the identities of "mobile

18    phone manufacturer[s]" and their "products"; and (d) it calls for information not within the

19    possession or control of FMA.

20

21

22

23
                                        **10**
24    *CIVIL CASE NO. 06-CV-00025*

25

26

1  **REQUEST NO. 7:**    Documents listing each and every mobile phone that has used or
   incorporated an FMA dynamic memory chip within the last six years.

2

3  **RESPONSE TO REQUEST NO. 7:**    In addition to its General Objections, FMA objects to

   the request on the following grounds: (a) it seeks information that is neither relevant to this action

4
   nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overbroad and
5
   unduly burdensome such as calling for the production of documents "listing each and every
6
   mobile phone"; (c) it is vague and ambiguous, in particular as to what constitutes a mobile phone
7
   and what constitutes "used or incorporated"; (d) it seeks information equally available to
8
   Plaintiffs; and (e) it calls for information not within the possession or control of FMA.
9

10
   **REQUEST NO. 8:**    Documents listing each and every contract entered into within the last six
11  years between FMA and a mobile phone manufacturer involving an FMA dynamic memory chip.

12  **RESPONSE TO REQUEST NO. 8:**    In addition to its General Objections, FMA objects to

13  the request on the following grounds: (a) it seeks information that is neither relevant to this action

14  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks confidential

15  and/or proprietary information not reasonably calculated to lead to the discovery of admissible

16  evidence; (c) it is overbroad and unduly burdensome such as calling for the production of

17  documents "listing each and every contract"; and (d) it is vague and ambiguous, in particular as to

18  the meaning of what constitutes a "contract" and the identities of "mobile phone

19  manufacturer[s]".

20

21

22

23
                                            11
24  *CIVIL CASE NO. 06-CV-00025*

25

26

1  **REQUEST NO. 9:**    Documents listing each and every request made within the last six years by
   a mobile phone manufacturer for proposals from FMA to develop, manufacture, distribute, or
2  otherwise produce an FMA dynamic memory chip.

3  **RESPONSE TO REQUEST NO. 9:**    In addition to its General Objections, FMA objects to

4  the request on the following grounds: (a) it seeks information that is neither relevant to this action

5  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

6  and/or confidential information not reasonably calculated to lead to the discovery of admissible

7  evidence; (c) it is overbroad and unduly burdensome such as calling for the production of

8  documents "listing each and every request"; (d) it is vague and ambiguous, in particular as to the

9  identities of "mobile phone manufacturer[s]" and the meaning of what constitutes a "request...

10 for proposal[]"; and (e) it calls for information not within the possession or control of FMA.

11

12 **REQUEST NO. 10:**  Documents listing each and every proposal made within the last six years
   by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory
13 chip for a mobile phone manufacturer.

14 **RESPONSE TO REQUEST NO. 10:**    In addition to its General Objections, FMA objects to

15 the request on the following grounds: (a) it seeks information that is neither relevant to this action

16 nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

17 and/or confidential information not reasonably calculated to lead to the discovery of admissible

18 evidence; (c) it is overbroad and unduly burdensome such as calling for the production documents

19 "listing each and every proposal"; and (d) it is vague and ambiguous, in particular as to the

20 identities of "mobile phone manufacturer[s]" and the meaning of what constitutes a "proposal".

21

22

23

24                                               12

   *CIVIL CASE NO. 06-CV-00025*

25

26

**REQUEST NO. 11:**  Documents listing each and every Personal Digital Assistant ("PDA") manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**RESPONSE TO REQUEST NO. 11:**    In addition to its General Objections, FMA objects to the request on the following grounds: (a) it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overbroad and unduly burdensome such as calling for the production of documents listing each and every Personal Digital Assistant ("PDA") manufacturer; (c) it is vague and ambiguous, in particular as to the identities of PDA manufacturers and their "products"; and (d) it calls for information not within the possession or control of FMA.

**REQUEST NO. 12:**  Documents listing each and every PDA that has used or incorporated an FMA dynamic memory chip within the last six years.

**RESPONSE TO REQUEST NO. 12:**    In addition to its General Objections, FMA objects to the request on the following grounds: (a) it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overbroad and unduly burdensome such as calling for the production of documents "listing each and every PDA"; (c) it is vague and ambiguous, in particular as to what constitutes a PDA and what constitutes "used or incorporated"; (d) it seeks information equally available to Plaintiffs; and (e) it calls for information not within the possession or control of FMA.

13

*CIVIL CASE NO. 06-CV-00025*

1    **REQUEST NO. 13:**  Documents listing each and every contract entered into within the last six
     years between FMA and a PDA manufacturer involving an FMA dynamic memory chip.

2
     **RESPONSE TO REQUEST NO. 13:**    In addition to its General Objections, FMA objects to
3
     the request on the following grounds: (a) it seeks information that is neither relevant to this action
4
     nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks confidential
5
     and/or proprietary information not reasonably calculated to lead to the discovery of admissible
6
     evidence; (c) it is overbroad and unduly burdensome such as calling for the production of
7
     documents "listing each and every contract"; and (d) it is vague and ambiguous, in particular as to
8
     the meaning of what constitutes a "contract" and the identities of "PDA manufacturer[s]".
9

10
     **REQUEST NO. 14:**  Documents listing each and every request made within the last six years by
11   a PDA manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise
     produce an FMA dynamic memory chip.
12
     **RESPONSE TO REQUEST NO. 14:**    In addition to its General Objections, FMA objects to
13
     the request on the following grounds: (a) it seeks information that is neither relevant to this action
14
     nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary
15
     and/or confidential information not reasonably calculated to lead to the discovery of admissible
16
     evidence; (c) it is overbroad and unduly burdensome such as calling for the production of
17
     documents "listing each and every request"; (d) it is vague and ambiguous, in particular as to the
18
     identities of "PDA manufacturer[s]" and the meaning of what constitutes a "request... for
19
     proposal[]"; and (e) it calls for information not within the possession or control of FMA.
20

21

22

23
                                              14
24
     *CIVIL CASE NO. 06-CV-00025*
25

26

1  **REQUEST NO. 15:** Documents listing each and every proposal made within the last six years
by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory
2  chip for a PDA manufacturer.

3  **RESPONSE TO REQUEST NO. 15:** In addition to its General Objections, FMA objects to

4  the request on the following grounds: (a) it seeks information that is neither relevant to this action

5  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

6  and/or confidential information not reasonably calculated to lead to the discovery of admissible

7  evidence; (c) it is overbroad and unduly burdensome such as calling for the production documents

8  "listing each and every proposal"; and (d) it is vague and ambiguous, in particular as to the

9  identities of "PDA manufacturer[s]" and the meaning of what constitutes a "proposal".

10

11  **REQUEST NO. 16:** Documents listing each and every personal computer manufacturer that has
purchased an FMA dynamic memory chip for use or incorporation in one of its products within
12  the last six years.

13  **RESPONSE TO REQUEST NO. 16:** In addition to its General Objections, FMA objects to

14  the request on the following grounds: (a) it seeks information that is neither relevant to this action

15  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overbroad and

16  unduly burdensome such as calling for the production of documents listing "each and every

17  personal computer manufacturer"; (c) it is vague and ambiguous, in particular as to the identities

18  of "personal computer manufacturer[s]" and their "products"; and (d) it calls for information not

19  within the possession or control of FMA.

20

21

22

23
                                        15
24  *CIVIL CASE NO. 06-CV-00025*

25

26

1   **REQUEST NO. 17:** Documents listing each and every personal computer that has used or
    incorporated an FMA dynamic memory chip within the last six years.

2

    **RESPONSE TO REQUEST NO. 17:** In addition to its General Objections, FMA objects to

3
    the request on the following grounds: (a) it seeks information that is neither relevant to this action

4
    nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overbroad and

5
    unduly burdensome such as calling for the production of documents "listing each and every

6
    personal computer"; (c) it is vague and ambiguous, in particular as to what constitutes a personal

7
    computer and what constitutes "used or incorporated"; (d) it seeks information equally available

8
    to Plaintiffs; and (e) it calls for information not within the possession or control of FMA.

9

10
    **REQUEST NO. 18:** Documents listing each and every contract entered into within the last six

11  years between FMA and a personal computer manufacturer involving an FMA dynamic memory
    chip.

12
    **RESPONSE TO REQUEST NO. 18:** In addition to its General Objections, FMA objects to

13
    the request on the following grounds: (a) it seeks information that is neither relevant to this action

14
    nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks confidential

15
    and/or proprietary information not reasonably calculated to lead to the discovery of admissible

16
    evidence; (c) it is overbroad and unduly burdensome such as calling for the production of

17
    documents "listing each and every contract"; and (d) it is vague and ambiguous, in particular as to

18
    the meaning of what constitutes a "contract" and the identities of "personal computer

19
    manufacturer[s]".

20

21

22

23
                                          16
24
    *CIVIL CASE NO. 06-CV-00025*

25

26

1   **REQUEST NO. 19:**  Documents listing each and every request made within the last six years by
    a personal computer manufacturer for proposals from FMA to develop, manufacture, distribute,
2   or otherwise produce an FMA dynamic memory chip.

3   **RESPONSE TO REQUEST NO. 19:**   In addition to its General Objections, FMA objects to

4   the request on the following grounds: (a) it seeks information that is neither relevant to this action

5   nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

6   and/or confidential information not reasonably calculated to lead to the discovery of admissible

7   evidence; (c) it is overbroad and unduly burdensome such as calling for the production of

8   documents "listing each and every request"; (d) it is vague and ambiguous, in particular as to the

9   identities of "personal computer manufacturer[s]" and the meaning of what constitutes a

10  "request... for proposal[]"; and (e) it calls for information not within the possession or control of

11  FMA.

12

13  **REQUEST NO. 20:**  Documents listing each and every proposal made within the last six years
    by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory
14  chip for a personal computer manufacturer.

15  **RESPONSE TO REQUEST NO. 20:**   In addition to its General Objections, FMA objects to

16  the request on the following grounds: (a) it seeks information that is neither relevant to this action

17  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

18  and/or confidential information not reasonably calculated to lead to the discovery of admissible

19  evidence; (c) it is overbroad and unduly burdensome such as calling for the production documents

20  "listing each and every proposal"; and (d) it is vague and ambiguous, in particular as to the

21  identities of "personal computer manufacturer[s]" and the meaning of what constitutes a

22  "proposal".

23
                                          17
24  *CIVIL CASE NO. 06-CV-00025*

25

26

1  **REQUEST NO. 21:**  Documents listing each and every notebook computer manufacturer that
has purchased an FMA dynamic memory chip for use or incorporation in one of its products
2  within the last six years.

3  **RESPONSE TO REQUEST NO. 21:**   In addition to its General Objections, FMA objects to

4  the request on the following grounds: (a) it seeks information that is neither relevant to this action

5  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overbroad and

6  unduly burdensome such as calling for the production of documents listing "each and every

7  notebook computer manufacturer"; (c) it is vague and ambiguous, in particular as to the identities

8  of "notebook computer manufacturer[s]" and their "products";  and (d) it calls for information not

9  within the possession or control of FMA.

10

11  **REQUEST NO. 22:**  Documents listing each and every notebook computer that has used or
incorporated an FMA dynamic memory chip within the last six years.
12
**RESPONSE TO REQUEST NO. 22:**   In addition to its General Objections, FMA objects to
13
the request on the following grounds: (a) it seeks information that is neither relevant to this action
14
nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overbroad and
15
unduly burdensome such as calling for the production of documents "listing each and every
16
notebook computer"; (c) it is vague and ambiguous, in particular as to what constitutes a
17
notebook computer and what constitutes "used or incorporated"; (d) it seeks information equally
18
available to Plaintiffs; and (e) it calls for information not within the possession or control of
19
FMA.
20

21

22

23
                                    18
24
*CIVIL CASE NO. 06-CV-00025*
25

26

1   **REQUEST NO. 23:**  Documents listing each and every contract entered into within the last six years between FMA and a notebook computer manufacturer involving an FMA dynamic memory
2   chip.

3   **RESPONSE TO REQUEST NO. 23:**   In addition to its General Objections, FMA objects to

4   the request on the following grounds: (a) it seeks information that is neither relevant to this action

5   nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks confidential

6   and/or proprietary information not reasonably calculated to lead to the discovery of admissible

7   evidence; (c) it is overbroad and unduly burdensome such as calling for the production of

8   documents "listing each and every contract"; and (d) it is vague and ambiguous, in particular as to

9   the meaning of what constitutes a "contract" and the identities of "notebook computer

10  manufacturer[s]".

11

12  **REQUEST NO. 24:**  Documents listing each and every request made within the last six years by a notebook computer manufacturer for proposals from FMA to develop, manufacture, distribute,
13  or otherwise produce an FMA dynamic memory chip.

14  **RESPONSE TO REQUEST NO. 24:**   In addition to its General Objections, FMA objects to

15  the request on the following grounds: (a) it seeks information that is neither relevant to this action

16  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

17  and/or confidential information not reasonably calculated to lead to the discovery of admissible

18  evidence; (c) it is overbroad and unduly burdensome such as calling for the production of

19  documents "listing each and every request"; (d) it is vague and ambiguous, in particular as to the

20  identities of "notebook computer manufacturer[s]" and the meaning of what constitutes a

21  "request… for proposal[]"; and (e) it calls for information not within the possession or control of

22  FMA.

23                                              19

24  *CIVIL CASE NO. 06-CV-00025*

25

26