1    **REQUEST NO. 117:** Documents listing each and every consumer electronic item that has used
      or incorporated an FMA dynamic memory chip within the last six years.

2

3    **RESPONSE TO REQUEST NO. 117:** In addition to its General Objections, FMA objects to

      the request on the following grounds: (a) it seeks information that is neither relevant to this action

4
      nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overbroad and

5
      unduly burdensome such as calling for the production of documents "listing each and every

6
      consumer electronic item"; (c) it is vague and ambiguous, in particular as to what constitutes

7
      "used or incorporated" and what constitutes a "consumer electronic item"; (d) it seeks

8
      information equally available to Plaintiffs; and (e) it calls for information not within the

9
      possession or control of FMA.

10

11

12    **REQUEST NO. 118:** Documents listing each and every contract entered into within the last six
      years between FMA and a consumer electronics manufacturer involving an FMA dynamic
      memory chip.

13
      **RESPONSE TO REQUEST NO. 118:** In addition to its General Objections, FMA objects to

14
      the request on the following grounds: (a) it seeks information that is neither relevant to this action

15
      nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks confidential

16
      and/or proprietary information not reasonably calculated to lead to the discovery of admissible

17
      evidence; (c) it is overbroad and unduly burdensome such as calling for the production of

18
      documents "listing each and every contract"; and (d) it is vague and ambiguous, in particular as to

19
      the meaning of what constitutes a "contract" and the identities of "consumer electronics

20
      manufacturer[s]".

21

22

23
                                        66
24    *CIVIL CASE NO. 06-CV-00025*

25

26

1   **REQUEST NO. 119:** Documents listing each and every request made within the last six years by

2   a consumer electronics manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

3   **RESPONSE TO REQUEST NO. 119:** In addition to its General Objections, FMA objects to

4   the request on the following grounds: (a) it seeks information that is neither relevant to this action

5   nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

6   and/or confidential information not reasonably calculated to lead to the discovery of admissible

7   evidence; (c) it is overbroad and unduly burdensome such as calling for the production of

8   documents "listing each and every request"; (d) it is vague and ambiguous, in particular as to the

9   identities of "consumer electronics manufacturer[s]" and the meaning of what constitutes a

10   "request... for proposal[]"; and (e) it calls for information not within the possession or control of

11   FMA.

12

13   **REQUEST NO. 120:** Documents listing each and every proposal made within the last six years

14   by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a consumer electronics manufacturer.

15   **RESPONSE TO REQUEST NO. 120:** In addition to its General Objections, FMA objects to

16   the request on the following grounds: (a) it seeks information that is neither relevant to this action

17   nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

18   and/or confidential information not reasonably calculated to lead to the discovery of admissible

19   evidence; (c) it is overbroad and unduly burdensome such as calling for the production documents

20   "listing each and every proposal"; and (d) it is vague and ambiguous, in particular as to the

21   identities of "consumer electronics manufacturer[s]".

22

23

                           67

24   *CIVIL CASE NO. 06-CV-00025*

25

26

1 **REQUEST NO. 121:** Documents listing each and every contract entered into within the last six
years between FMA and a government entity or government subcontractor, including military
2 entities, involving an FMA dynamic memory chip.

3 **RESPONSE TO REQUEST NO. 121:** In addition to its General Objections, FMA objects to

4 the request on the following grounds: (a) it seeks information that is neither relevant to this action

5 nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks confidential

6 and/or proprietary information not reasonably calculated to lead to the discovery of admissible

7 evidence; (c) it is overbroad and unduly burdensome such as calling for the production of

8 documents "listing each and every contract"; and (d) it is vague and ambiguous, in particular as to

9 the meaning of what constitutes a "contract" and the identities of "government entit[ies] or

10 government subcontractor[s]".

11

12 **REQUEST NO. 122:** Documents listing each and every request made within the last six years by
a government entity or government subcontractor, including military entities, for proposals from
13 FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip.

14 **RESPONSE TO REQUEST NO. 122:** In addition to its General Objections, FMA objects to

15 the request on the following grounds: (a) it seeks information that is neither relevant to this action

16 nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

17 and/or confidential information not reasonably calculated to lead to the discovery of admissible

18 evidence; (c) it is overbroad and unduly burdensome such as calling for the production of

19 documents "listing each and every request"; (d) it is vague and ambiguous, in particular as to the

20 identities of "government entit[ies] or government subcontractor[s]" and the meaning of what

21 constitutes a "request... for proposal[]"; and (e) it calls for information not within the possession

22 or control of FMA.

23

24 68

*CIVIL CASE NO. 06-CV-00025*

25

26

**REQUEST NO. 123:** Documents listing each and every proposal made within the last six years by government entity or government subcontractor, including military entities, to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory chip for a government entity or government subcontractor, including military entities.

**RESPONSE TO REQUEST NO. 123:** In addition to its General Objections, FMA objects to the request on the following grounds: (a) it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary and/or confidential information not reasonably calculated to lead to the discovery of admissible evidence; (c) it is overbroad and unduly burdensome such as calling for the production documents "listing each and every proposal"; and (d) it is vague and ambiguous, in particular as to the identities of "government entit[ies] or government subcontractor[s]" and the meaning of what constitutes a "proposal".

**REQUEST NO. 124:** Documents listing each and every manufacturer that has purchased an FMA dynamic memory chip for use or incorporation in one of its products within the last six years.

**RESPONSE TO REQUEST NO. 124:** In addition to its General Objections, FMA objects to the request on the following grounds: (a) it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary and/or confidential information not reasonably calculated to lead to the discovery of admissible evidence; (c) it is overbroad and unduly burdensome such as calling for the production of documents "listing each and every manufacturer that has purchased[ a] FMA dynamic memory chip"; and (e) it is vague and ambiguous, in particular as to the identities these manufacturers and their "products".

69

*CIVIL CASE NO. 06-CV-00025*

1   **REQUEST NO. 125:** Documents listing each and every product that has used or incorporated an
    FMA dynamic memory chip within the last six years.

2

3   **RESPONSE TO REQUEST NO. 125:** In addition to its General Objections, FMA objects to

    the request on the following grounds: (a) it seeks information that is neither relevant to this action

4
    nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks information

5
    equally available to Plaintiffs; (c) it seeks proprietary information not reasonably calculated to

6
    lead to the discovery of admissible evidence; (d) it is overbroad and unduly burdensome, such as

7
    calling for the production of documents listing "each and every product" that has used or

8
    incorporated a FMA dynamic memory chip; (e) it is vague and ambiguous, in particular as to the

9
    term "products"; and (f) it calls for information not within the possession or control of FMA.

10

11
    **REQUEST NO. 126:** Documents listing each and every contract entered into within the last six

12   years between FMA and a manufacturer involving an FMA dynamic memory chip.

13   **RESPONSE TO REQUEST NO. 126:** In addition to its General Objections, FMA objects to

14   the request on the following grounds: (a) it seeks information that is neither relevant to this action

15   nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks information

16   protected by the attorney-client privilege and the work-product doctrine; (c) it seeks proprietary

17   and/or confidential information not reasonably calculated to lead to the discovery of admissible

18   evidence; (d) it is overbroad and unduly burdensome such as calling for the production of

19   documents listing "each and every contract"; and (e) it is vague and ambiguous, in particular as to

20   the meaning of what constitutes a "contract".

21

22

23
                                              70
24
     *CIVIL CASE NO. 06-CV-00025*

25

26

1   **REQUEST NO. 127:** Documents listing each and every request made within the last six years by
    a manufacturer for proposals from FMA to develop, manufacture, distribute, or otherwise produce
2   an FMA dynamic memory chip.

3   **RESPONSE TO REQUEST NO. 127:** In addition to its General Objections, FMA objects to

4   the request on the following grounds: (a) it seeks information that is neither relevant to this action

5   nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

6   and/or confidential information not reasonably calculated to lead to the discovery of admissible

7   evidence; (c) it is overbroad and unduly burdensome such as calling for the production of

8   documents "listing each and every request"; (d) it is vague and ambiguous, in particular as to the

9   identities of "manufacturer[s]" and the meaning of what constitutes a "request... for proposal[]";

10  and (e) it calls for information not within the possession or control of FMA.

11

12  **REQUEST NO. 128:** Documents listing each and every proposal made within the last six years
    by FMA to develop, manufacture, distribute, or otherwise produce an FMA dynamic memory
13  chip for a manufacturer.

14  **RESPONSE TO REQUEST NO. 128:** In addition to its General Objections, FMA objects to

15  the request on the following grounds: (a) it seeks information that is neither relevant to this action

16  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

17  and/or confidential information not reasonably calculated to lead to the discovery of admissible

18  evidence; (c) it is overbroad and unduly burdensome such as calling for the production documents

19  "listing each and every proposal"; and (d) it is vague and ambiguous, in particular as to the

20  identities of "manufacturer[s]" and the meaning of what constitutes a "proposal".

21

22

23
                                      71
24  *CIVIL CASE NO. 06-CV-00025*

25

26

1    **REQUEST NO. 129:** All documents reflecting FMA's retention of any person as an employee, agent, or in any other capacity in Guam during the past five (5) years.

2

3    **RESPONSE TO REQUEST NO. 129:** In addition to its General Objections, FMA objects to the request on the following grounds: (a) it seeks information that is neither relevant to this action

4

nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

5

and/or confidential information not reasonably calculated to lead to the discovery of admissible

6

evidence; (c) it is overbroad and unduly burdensome such as calling for the production of all

7

documents reflecting FMA's retention of any person; and (d) it is vague and ambiguous, in

8

particular as to the meaning of "any other capacity".

9

10

   **REQUEST NO. 130:** All documents reflecting FMA's entry into any contract for the purchase or
11    sale of merchandise within Guam during the past five (5) years.

12    **RESPONSE TO REQUEST NO. 130:** In addition to its General Objections, FMA objects to

13    the request on the following grounds: (a) it seeks information that is neither relevant to this action

14    nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overbroad and

15    unduly burdensome such as calling for the production of all documents reflecting FMA's entry

16    into any contract; (c) it is vague and ambiguous, in particular as to the meaning of the terms

17    "merchandise" and "contract"; and (d) it calls for information not within the possession or control

18    of FMA.

19

20    **REQUEST NO. 131:** All documents reflecting performance of the contracts in the above Request
for Production.
21
   **RESPONSE TO REQUEST NO. 131:** In addition to its General Objections, FMA objects to
22
the request on the following grounds: (a) it seeks information that is neither relevant to this action
23

72

24    *CIVIL CASE NO. 06-CV-00025*

25

26

1   nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

2   and/or confidential information not reasonably calculated to lead to the discovery of admissible

3   evidence; (c) it is overbroad and unduly burdensome such as calling for the production of all

4   documents reflecting performance of contracts; (d) it is vague and ambiguous; and (e) it calls for

5   information not within the possession or control of FMA.

6

7   **REQUEST NO. 132:** All documents reflecting FMA's interest during the past five (5) years in
    any corporation that was qualified to do business or which had an office in Guam.
8
    **RESPONSE TO REQUEST NO. 132:** In addition to its General Objections, FMA objects to
9
    the request on the following grounds: (a) it seeks information that is neither relevant to this action
10
    nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks information
11
    protected by the attorney-client privilege and the work-product doctrine; (c) it seeks proprietary
12
    and/or confidential information not reasonably calculated to lead to the discovery of admissible
13
    evidence; (d) it is overbroad and unduly burdensome such as calling for the production of "[a]ll
14
    documents reflecting FMA's interest"; (e) it seeks information equally available to Plaintiffs; and
15
    (f) it is vague and ambiguous, in particular as to the meaning of the term "interest".
16

17
    **REQUEST NO. 133:** All documents reflecting FMA's employment during the past five (5) years
18  of individuals, whether resident or not, living or working in Guam.

19  **RESPONSE TO REQUEST NO. 133:** In addition to its General Objections, FMA objects to

20  the request on the following grounds: (a) it seeks information that is neither relevant to this action

21  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

22  and/or confidential information not reasonably calculated to lead to the discovery of admissible

23
                                          73
24  *CIVIL CASE NO. 06-CV-00025*

25

26

1   evidence; (c) it is overbroad and unduly burdensome such as calling for the production of all

2   documents reflecting FMA's employment of individuals living or working in Guam; and (d) it is

3   vague and ambiguous, in particular as to the meaning of "living or working in Guam".

4

5   **REQUEST NO. 134:** All documents reflecting FMA's employment during the past five (5) years
    of any sales agents or representatives of any kind who lived, worked or solicited business in
6   Guam.

7   **RESPONSE TO REQUEST NO. 134:** In addition to its General Objections, FMA objects to

8   the request on the following grounds: (a) it seeks information that is neither relevant to this action

9   nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

10  and/or confidential information not reasonably calculated to lead to the discovery of admissible

11  evidence; (c) it is overbroad and unduly burdensome such as calling for the production of all

12  documents reflecting FMA's employment of any sales agents of any kind; and (d) it is vague and

13  ambiguous, in particular as to the meaning of "lived, worked or solicited business in Guam".

14

15  **REQUEST NO. 135:** All documents reflecting FMA's distributors, suppliers, partners or
    customers having offices in Guam during the past five (5) years.
16

17  **RESPONSE TO REQUEST NO. 135:** In addition to its General Objections, FMA objects to

    the request on the following grounds: (a) it seeks information that is neither relevant to this action
18
    nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary
19
    and/or information not reasonably calculated to lead to the discovery of admissible evidence; (c)
20
    it is overbroad and unduly burdensome; (d) it is vague and ambiguous; and (e) it calls for
21
    information not within the possession or control of FMA.
22

23
                                        74
24  *CIVIL CASE NO. 06-CV-00025*

25

26

1    **REQUEST NO. 136:** All documents reflecting FMA's maintenance during the past five (5) years of a telephone listing, or listed or used a post office box, or other mailing address in Guam.

2

3    **RESPONSE TO REQUEST NO. 136:** In addition to its General Objections, FMA objects to

the request on the following grounds: (a) it seeks information that is neither relevant to this action

4

nor reasonably calculated to lead to the discovery of admissible evidence; and (b) it seeks

5

information equally available to Plaintiffs.

6

7

8    **REQUEST NO. 137:** All documents reflecting FMA's representation by attorneys, for any purposes, who are admitted to practice in Guam.

9    **RESPONSE TO REQUEST NO. 137:** In addition to its General Objections, FMA objects to

10   the request on the following grounds: (a) it seeks information that is neither relevant to this action

11   nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks information

12   protected by the attorney-client privilege and the work-product doctrine; (c) it seeks proprietary

13   and/or confidential information not reasonably calculated to lead to the discovery of admissible

14   evidence; (d) it is overbroad and unduly burdensome; (e) it is vague and ambiguous; and (f) it

15   calls for information not within the possession or control of FMA.

16

17   **REQUEST NO. 138:** All documents reflecting FMA's rental, ownership, operation, or holding of any interest whatsoever (including by lease) of any personal property in Guam.

18

19   **RESPONSE TO REQUEST NO. 138:** In addition to its General Objections, FMA objects to

the request on the following grounds: (a) it seeks information that is neither relevant to this action

20

nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

21

and/or confidential information not reasonably calculated to lead to the discovery of admissible

22

evidence; (c) it is overbroad and unduly burdensome such as calling for the production of all

23

75

24   *CIVIL CASE NO. 06-CV-00025*

25

26

1  documents reflecting any interest whatsoever of any personal property; and (e) it is vague and

2  ambiguous, in particular as to the meaning of "personal property".

3

4  **REQUEST NO. 139:** All documents reflecting FMA's contracts for the sale of goods or services
   during the last five (5) years to any person or business entity located or having an office in Guam.

5  **RESPONSE TO REQUEST NO. 139:** In addition to its General Objections, FMA objects to

6  the request on the following grounds: (a) it seeks information that is neither relevant to this action

7  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

8  and/or confidential information not reasonably calculated to lead to the discovery of admissible

9  evidence; (c) it is overbroad and unduly burdensome such as calling for the production of all

10  documents reflecting contracts for the sale of goods or services; (d) it is vague and ambiguous;

11  and (e) it calls for information not within the possession or control of FMA.

12

13

14  **REQUEST NO. 140:** All documents reflecting FMA's direct or indirect shipment of any goods
   or products or any goods or products incorporating FMA's dynamic memory chip into or through
   Guam during the last five (5) years.

15

16  **RESPONSE TO REQUEST NO. 140:** In addition to its General Objections, FMA objects to

17  the request on the following grounds: (a) it seeks information that is neither relevant to this action

18  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

19  and/or confidential information not reasonably calculated to lead to the discovery of admissible

20  evidence; (c) it is overbroad and unduly burdensome such as calling for all documents reflecting

21  FMA's direct or indirect shipment of any goods or products; (d) it is vague and ambiguous, in

22  particular as to the meaning of "indirect shipment" and "incorporating"; and (e) it calls for

23  information not within the possession or control of FMA.

                                          76

24  *CIVIL CASE NO. 06-CV-00025*

25

26

1  **REQUEST NO. 141:** All documents reflecting the authorization of FMA, or FMA's affiliates or subsidiaries, to transact business within Guam within the past ten (10) years.

2  **RESPONSE TO REQUEST NO. 141:** In addition to its General Objections, FMA objects to

3  the request on the following grounds: (a) it seeks information that is neither relevant to this action

4  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overbroad and

5  unduly burdensome such as calling for the production of all documents reflecting authorization;

6  and (c) it is vague and ambiguous, in particular as to the identities of "FMA's affiliates or

7  subsidiaries".

8

9  **REQUEST NO. 142:** All documents reflecting contracts between FMA and customers or FMA

10  and partners in Guam.

11  **RESPONSE TO REQUEST NO. 142:** In addition to its General Objections, FMA objects to

12  the request on the following grounds: (a) it seeks information that is neither relevant to this action

13  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

14  and/or confidential information not reasonably calculated to lead to the discovery of admissible

15  evidence; (c) it is overbroad and unduly burdensome such as calling for the production of all

16  documents reflecting contracts between FMA and customers or partners; (d) it is vague and

17  ambiguous, in particular as to the meaning of the terms "contract" and "partners"; and (e) it calls

18  for information not within the possession or control of FMA.

19

20

21

22

23

24  *CIVIL CASE NO. 06-CV-00025*

25

26

77

1  **REQUEST NO. 143:** All documents reflecting each and every contact between FMA or FMA's
affiliates or subsidiaries, or FMA's representative with residents of Guam within the last ten (10)
2  years to the present, including, but not limited to, direct contact, such as telephone contact or
correspondence, as well as advertisements of any sort.

3

**RESPONSE TO REQUEST NO. 143:** In addition to its General Objections, FMA objects to

4
the request on the following grounds: (a) it seeks information that is neither relevant to this action

5
nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

6
information not reasonably calculated to lead to the discovery of admissible evidence; (c) it is

7
overbroad and unduly burdensome such as calling for the production of all documents reflecting

8
"each and every contact"; (e) it is vague and ambiguous, in particular as to the meaning of

9
"contact" and the identities of "FMA's affiliates or subsidiaries, or FMA's representative"; and

10
(f) it calls for information not within the possession or control of FMA.

11

12
**REQUEST NO. 144:** All documents reflecting attempts by FMA or FMA's affiliates or
13  subsidiaries to solicit any business in Guam during the past ten (10) years.

14  **RESPONSE TO REQUEST NO. 144:** In addition to its General Objections, FMA objects to

15  the request on the following grounds: (a) it seeks information that is neither relevant to this action

16  nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

17  and/or confidential information not reasonably calculated to lead to the discovery of admissible

18  evidence; (c) it is overbroad and unduly burdensome such as requesting all documents reflecting

19  attempts to solicit any business; and (d) it is vague and ambiguous, in particular as to what

20  defines an attempt to solicit any business.

21

22

23
                                    78
24  *CIVIL CASE NO. 06-CV-00025*

25

26

1    **REQUEST NO. 145:** All documents reflecting attempts by FMA or FMA's affiliates or
     subsidiaries to solicit any individual in Guam during the past ten (10) years.

2
     **RESPONSE TO REQUEST NO. 145:** In addition to its General Objections, FMA objects to
3
     the request on the following grounds: (a) it seeks information that is neither relevant to this action
4
     nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary
5
     information not reasonably calculated to lead to the discovery of admissible evidence; (c) it is
6
     overbroad and unduly burdensome such as requesting all documents reflecting attempts to solicit
7
     any individual; and (d) it is vague and ambiguous, in particular as to what defines an attempt to
8
     solicit any individual.
9

10
     **REQUEST NO. 146:** All documents reflecting the total number of sales and gross annual amount
11   of the sales, all direct sales made by FMA or FMA's affiliates or subsidiaries to customers in
     Guam or customers with operations in Guam for each of the last ten (10) years.
12
     **RESPONSE TO REQUEST NO. 146:** In addition to its General Objections, FMA objects to
13
     the request on the following grounds: (a) it seeks information that is neither relevant to this action
14
     nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overbroad and
15
     unduly burdensome such as calling for the production of all documents reflecting total sales to
16
     customers in Guam or with operations in Guam; (c) it is vague and ambiguous, in particular as to
17
     the identities of FMA's affiliates or subsidiaries; and (d) it calls for information not within the
18
     possession or control of FMA.
19

20

21

22

23
                                            79
24   *CIVIL CASE NO. 06-CV-00025*

25

26

1   **REQUEST NO. 147:** All documents reflecting shipment of any merchandise into Guam on
consignment by FMA or FMA's affiliates or subsidiaries during the past ten (10) years.

2   **RESPONSE TO REQUEST NO. 147:** In addition to its General Objections, FMA objects to

3   the request on the following grounds: (a) it seeks information that is neither relevant to this action

4   nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks proprietary

5   and/or confidential information not reasonably calculated to lead to the discovery of admissible

6   evidence; (c) it is vague and ambiguous; and (d) it calls for information not within the possession

7   or control of FMA.

8

9   Dated: Jan, 16, 2007

10                              By:

11                                  Christopher E. Chalsen (*pro hac vice*)
                                    Michael M. Murray (*pro hac vice*)
12                                  Lawrence T. Kass (*pro hac vice*)
                                    Milbank, Tweed, Hadley & McCloy LLP
13                                  1 Chase Manhattan Plaza
                                    New York, NY 10005
14                                  (212) 530-5000

15                                  Rodney J. Jacob
                                    Daniel M. Benjamin
16                                  Calvo & Clark LLP
                                    655 South Marine Corp Drive
17                                  Suite 202
                                    Tamuning, Guam 96913
18                                  (671) 646-9355

19
                                    Attorneys for Defendant Fujitsu Microelectronics America,
20                                  Inc.
    *NY2:#4724243v1*
21

22

23                                          80
24   *CIVIL CASE NO. 06-CV-00025*

25

26

1

## CERTIFICATE OF SERVICE

2        I hereby certify that a true and correct copy of the foregoing document was served

3   on the following counsel of record via first class mail on January 16, 2007:

4

5                            Joseph C. Razzano, Esq.
                             Teker Torres & Teker, PC
6                        Suite 2A, 130 Aspinall Avenue
                             Hagatna, Guam 96910

7                            John S. Unpingco, Esq.
                          Unpingco & Associates, LLC
8                          Suite 12B Sinajana Mall
                             Sinajana, Guam
9
                             Michael W. Shore, Esq.
10                        Shore Chan Bragalone, LLP
                   323 North Saint Paul Street, Suite 4450
11                           Dallas, Texas 75201

12

13                                                    _____

14                                                    MICHAEL M. MURRAY

15

16

17

18

19

20

21

22

23                                          81

24   *CIVIL CASE NO. 06-CV-00025*

25

26

# EXHIBIT I

1  **TEKER TORRES & TEKER, P.C.**
   130 Asinall Avenue, Suite 2A
2  Hagatna, Guam 96910
   671-477-9891 Telephone
3  671-472-2601 Facsimile

4  **UNPINGCO & ASSOCIATES, LLC**
   Sinajana Mall, Suite 12B
5  Sinajana, Guam
   671-475-8545 Telephone
6  671-475-8550 Facsimile

7  **SHORE CHAN BRAGALONE LLP**
   325 North Saint Paul Street, Suite 4450
8  Dallas, Texas 75201
   214-593-9110 Telephone
9  214-593-9111 Facsimile

10 ATTORNEYS FOR PLAINTIFFS
   Nanya Technology Corp. and
11 Nanya Technology Corp. U.S.A.

12            **UNITED STATES DISTRICT COURT**

13                    **DISTRICT OF GUAM**

14

15 | NANYA TECHNOLOGY CORP. and       | Case No. CV-06-00025 |
   | NANYA TECHNOLOGY CORP. U.S.A.,   |                      |
16 |                                  |                      |
   |          *Plaintiffs,*           | **PLAINTIFFS' OBJECTIONS AND** |
17 |                                  | **RESPONSES TO FUJITSU** |
   | v.                               | **MICROELECTRONICS AMERICA,** |
18 |                                  | **INC.'S FIRST SET OF** |
   | FUJITSU LIMITED and FUJITSU      | **INTERROGATORIES (NOS. 1-6)** |
19 | MICROELECTRONICS AMERICA, INC.,  |                      |
20 |                                  |                      |
   |          *Defendants.*           |                      |
21

22        Pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, Plaintiffs

23 Nanya Technology Corp. and Nanya Technology Corp. U.S.A. hereby serve the following Objections

24 and Responses to Fujitsu Microelectronics America, Inc.'s First Set of Interrogatories (Nos. 1-6).

25 Plaintiffs hereby reserve the right to unilaterally and unconditionally revise, supplement, and otherwise

26 change any and/or all objections and responses to these interrogatories.

27

28                                   ·

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO FUJITSU MICROELECTRONICS
AMERICA, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-6)**                    **PAGE 1**

1

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

2      1.    Plaintiffs object to the definitions incorporated by reference to Fujitsu Microelectronics

3  America, Inc.'s First Set of Requests for Production, by incorporating by reference Plaintiffs'

4  objections to such definitions set forth in Plaintiffs' Objections and Responses to Fujitsu

5  Microelectronics America, Inc.'s First Set of Requests for Production.

6      2.    Plaintiffs object to Footnote No. 1 and Defendants' attempted disclaimer that they are

7  not substantively participating in the present lawsuit in Guam.

8      3.    Plaintiffs object to Instruction No. 3 to the extent it recites privilege log requirements in

9  excess of the requirements called for by this Court, Ninth Circuit precedent, and the Federal Rules of

10 Civil Procedure.

11     4.    Plaintiffs object to Instruction No. 10 to the extent it recites requirements in excess of

12 Federal Rule of Civil Procedure 33(d).

13

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

14     Subject to the foregoing objections, Plaintiffs further object and respond as follows:

15 **INTERROGATORY NO. 1**

16     Separately for each alleged basis of jurisdiction over FMA under Section 12 of the Clayton Act

17 (a) state each such basis of jurisdiction; (b) state each fact supporting each basis; and (c) for each fact,

18 identify all evidence supporting that fact.

19 **OBJECTIONS AND RESPONSE:**

20     Plaintiffs object to Interrogatory No. 1 as premature.  Neither Defendant has served pre-

21 discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure

22 26(a).  Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation

23 whatsoever to respond.

24     Plaintiffs object to Interrogatory No. 1 because it seeks information regarding the pre-suit

25 investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by

26 Plaintiffs' counsel, and Plaintiffs' Response in Opposition to Fujitsu Microelectronics America, Inc.'s

27 Motion to Dismiss or Transfer to the Northern District of California and for a More Definite Statement

28

---

PLAINTIFFS' OBJECTIONS AND RESPONSES TO FUJITSU MICROELECTRONICS
AMERICA, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-6)                    PAGE 2

1  ("Plaintiffs' Response"), which is still being prepared by Plaintiffs' counsel and has not yet been filed.
2  Such information is protected by the work product privilege and doctrine.

3         Plaintiffs object to Interrogatory No. 1 as premature because it seeks information that is the
4  subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due
5  until May 15, 2007.

6         Plaintiffs object to Interrogatory No. 1 because it calls for the product of jurisdictional
7  discovery that Defendant Fujitsu Microelectronics America, Inc. ("FMA") and Defendant Fujitsu Ltd.
8  have not yet yielded.

9         Plaintiffs object to Interrogatory No. 1 to the extent it recites at least three discrete subparts (a),
10 (b), and (c), and thus counts as three separate interrogatories (*i.e.*, Interrogatories Nos. 1-3) according
11 to Federal Rule of Civil Procedure 33(a).

12        Subject to the foregoing objections, Plaintiffs will provide information responsive to
13 Interrogatory No. 1 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May
14 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response
15 seasonably after Defendants yield all requested jurisdictional discovery.

16 **INTERROGATORY NO. 2**

17        Separately for each alleged basis of jurisdiction over Fujitsu under Section 12 of the Clayton
18 Act (a) state each such basis of jurisdiction; (b) state each fact supporting each basis; and (c) for each
19 fact, identify all evidence supporting that fact.

20 **OBJECTIONS AND RESPONSE:**

21        Plaintiffs object to Interrogatory No. 2 as premature.   Neither Defendant has served pre-
22 discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure
23 26(a).   Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation
24 whatsoever to respond.

25        Plaintiffs object to Interrogatory No. 2 because it seeks information regarding the pre-suit
26 investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by
27 Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has

28

1 | not yet been filed. Such information is protected by the work product privilege and doctrine.

2 | Plaintiffs object to Interrogatory No. 2 as premature because it seeks information that is the
3 | subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due
4 | until May 15, 2007.

5 | Plaintiffs object to Interrogatory No. 2 because it calls for the product of jurisdictional
6 | discovery that Defendants have not yet yielded.

7 | Plaintiffs object to Interrogatory No. 2 to the extent it recites at least three discrete subparts (a),
8 | (b), and (c), and thus counts as three separate interrogatories (*i.e.*, Interrogatories Nos. 4-6) according
9 | to Federal Rule of Civil Procedure 33(a).

10 | Subject to the foregoing objections, Plaintiffs will provide information responsive to
11 | Interrogatory No. 2 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May
12 | 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response
13 | seasonably after Defendants yield all requested jurisdictional discovery.

14 | **INTERROGATORY NO. 3**

15 | Separately for each alleged basis of jurisdiction over FMA not under Section 12 of the Clayton
16 | Act (a) state each such basis of jurisdiction; (b) state each fact supporting each basis; and (c) for each
17 | fact, identify all evidence supporting that fact.

18 | **OBJECTIONS AND RESPONSE:**

19 | Plaintiffs object to Interrogatory No. 3 as premature. Neither Defendant has served pre-
20 | discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure
21 | 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation
22 | whatsoever to respond.

23 | Plaintiffs object to Interrogatory No. 3 because it seeks information regarding the pre-suit
24 | investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by
25 | Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has
26 | not yet been filed. Such information is protected by the work product privilege and doctrine.

27 | Plaintiffs object to Interrogatory No. 3 as premature because it seeks information that is the

28 |

1    subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due

2    until May 15, 2007.

3         Plaintiffs object to Interrogatory No. 3 because it calls for the product of jurisdictional

4    discovery that Defendant have not yet yielded.

5         Plaintiffs object to Interrogatory No. 3 to the extent it recites at least three discrete subparts (a),

6    (b), and (c), and thus counts as three separate interrogatories (*i.e.*, Interrogatories Nos. 7-9) according

7    to Federal Rule of Civil Procedure 33(a).

8         Subject to the foregoing objections, Plaintiffs will provide information responsive to

9    Interrogatory No. 3 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May

10   15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response

11   seasonably after Defendants yield all requested jurisdictional discovery

12   **INTERROGATORY NO. 4**

13        Separately for each alleged basis of jurisdiction over Fujitsu not under Section 12 of the

14   Clayton Act (a) state each such basis of jurisdiction; (b) state each fact supporting each basis; and (c)

15   for each fact, identify all evidence supporting that fact.

16   **OBJECTIONS AND RESPONSE:**

17        Plaintiffs object to Interrogatory No. 4 as premature.   Neither Defendant has served pre-

18   discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure

19   26(a).   Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation

20   whatsoever to respond.

21        Plaintiffs object to Interrogatory No. 4 because it seeks information regarding the pre-suit

22   investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by

23   Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has

24   not yet been filed. Such information is protected by the work product privilege and doctrine.

25        Plaintiffs object to Interrogatory No. 4 as premature because it seeks information that is the

26   subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due

27   until May 15, 2007.

28

1   Plaintiffs object to Interrogatory No. 4 because it calls for the product of jurisdictional

2   discovery that Defendants have not yet yielded.

3   Plaintiffs object to Interrogatory No. 4 to the extent it recites at least three discrete subparts (a),

4   (b), and (c), and thus counts as three separate interrogatories (*i.e.*, Interrogatories Nos. 10-12)

5   according to Federal Rule of Civil Procedure 33(a).

6   Subject to the foregoing objections, Plaintiffs will provide information responsive to

7   Interrogatory No. 4 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May

8   15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response

9   seasonably after Defendants yield all requested jurisdictional discovery

10  **INTERROGATORY NO. 5**

11  Separately for each product that you assert to be a contact with Guam out of which your claim

12  for infringement arises against Fujitsu under a stream of commerce theory of specific jurisdiction, and

13  for each product identified in your Second Sets of Jurisdictional requests for Production to Defendants

14  Fujitsu and FMA, dated February 9, 2007: (a) state each basis for alleging infringement against

15  Fujitsu; (b) state each fact supporting each basis; and (c) for each fact, identify all evidence supporting

16  that fact.

17  **OBJECTIONS AND RESPONSE:**

18  Plaintiffs object to Interrogatory No. 5 as premature. Neither Defendant has served pre-

19  discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure

20  26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation

21  whatsoever to respond.

22  Plaintiffs object to Interrogatory No. 5 because it seeks information regarding the pre-suit

23  investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by

24  Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has

25  not yet been filed. Such information is protected by the work product privilege and doctrine.

26  Plaintiffs object to Interrogatory No. 5 as premature because it seeks information that is the

27  subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due

28

1 | until May 15, 2007.

2 | Plaintiffs object to Interrogatory No. 5 because it calls for the product of jurisdictional
3 | discovery that Defendants have not yet yielded.

4 | Plaintiffs object to Interrogatory No. 5 to the extent it recites at least three discrete subparts (a),
5 | (b), and (c), and thus counts as three separate interrogatories (*i.e.*, Interrogatories Nos. 13-15)
6 | according to Federal Rule of Civil Procedure 33(a).

7 | Subject to the foregoing objections, Plaintiffs will provide information responsive to
8 | Interrogatory No. 5 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May
9 | 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response
10 | seasonably after Defendants yield all requested jurisdictional discovery

11 | **INTERROGATORY NO. 6**

12 | Separately for each product that you assert to be a contact with Guam out of which your claim
13 | for infringement arises against FMA under a stream of commerce theory of specific jurisdiction, and
14 | for each product identified in your Second Sets of Jurisdictional requests for Production to Defendants
15 | Fujitsu and FMA, dated February 9, 2007: (a) state each basis for alleging infringement against FMA;
16 | (b) state each fact supporting each basis; and (c) for each fact, identify all evidence supporting that
17 | fact.

18 | **OBJECTIONS AND RESPONSE:**

19 | Plaintiffs object to Interrogatory No. 6 as premature.  Neither Defendant has served pre-
20 | discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure
21 | 26(a).  Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation
22 | whatsoever to respond.

23 | Plaintiffs object to Interrogatory No. 6 because it seeks information regarding the pre-suit
24 | investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by
25 | Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has
26 | not yet been filed. Such information is protected by the work product privilege and doctrine.

27 | Plaintiffs object to Interrogatory No. 6 as premature because it seeks information that is the

28 |

1  subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due
2  until May 15, 2007.

3      Plaintiffs object to Interrogatory No. 6 because it calls for the product of jurisdictional
4  discovery that Defendants have not yet yielded.

5      Plaintiffs object to Interrogatory No. 6 to the extent it recites at least three discrete subparts (a),
6  (b), and (c), and thus counts as three separate interrogatories (*i.e.*, Interrogatories Nos. 16-18)
7  according to Federal Rule of Civil Procedure 33(a).

8      Subject to the foregoing objections, Plaintiffs will provide information responsive to
9  Interrogatory No. 6 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May
10  15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response
11  seasonably after Defendants yield all requested jurisdictional discovery.

12                          **VERIFICATION**

13     Plaintiffs will provide a verification after Defendants make their pre-discovery disclosures and
14  after Plaintiffs supplement their responses in view of Defendants yielding all jurisdictional discovery.

15
16  Dated: April 23, 2007                    SHORE CHAN BRAGALONE LLP

17
18                                           By   /s/ Alfonso Garcia Chan
                                                  ALFONSO GARCIA CHAN
19
                                             TEKER TORRES & TEKER, P.C.
20
                                             UNPINGO & ASSOCIATES, LLC
21
22                                           ATTORNEYS FOR PLAINTIFFS
                                             NANYA TECHNOLOGY CORP., and
23                                           NANYA TECHNOLOGY CORP, U.S.A.
24
25
26
27
28

1

2

## **CERTIFICATE OF SERVICE**

3

4      I hereby certify that a true and correct copy of the foregoing document was served on the

5   following counsel of record via electronic mail and confirmatory first class mail on April 23, 2007:

6

7      Rodney J. Jacob                          Michael M. Murray
       Daniel M. Benjamin                       Milbank Tweed Hadley & McCloy LLP
       Calvo & Clark, LLP                       1 Chase Manhattan Plaza
8      655 South Marine Corps Dr., Suite 202    New York, New York 10005-1413
       Tamuning, Guam 96913
9

10

11                                              _/s/ Alfonso Garcia Chan_____
                                                ALFONSO GARCIA CHAN
12
                                                ATTORNEYS FOR PLAINTIFFS
13                                              Nanya Technology Corp. and
                                                Nanya Technology Corp. U.S.A.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT J

1   **JOSEPH C. RAZZANO, ESQ.**
    **TEKER TORRES & TEKER, P.C.**
2   SUITE 2A, 130 ASPINALL AVENUE
3   HAGÅTÑA, GUAM 96910
    TELEPHONE: (671) 477-9891/4
4   FACSIMILE: (671) 472-2601

5   **JOHN S. UNPINGCO, ESQ.**
    **UNPINGCO & ASSOCIATES, LLC**
6   SUITE 12B, SINAJANA MALL
7   SINAJANA, GUAM
    TELEPHONE: (671) 475-8545
8   FACSIMILE: (671) 475-8550

9   **MICHAEL W. SHORE**
    **ALFONSO GARCIA CHAN**
10  **MARTIN PASCUAL**
    **SHORE CHAN BRAGALONE, LLP**
11  325 NORTH SAINT PAUL STREET, SUITE 4450
12  DALLAS, TEXAS 75201
    TELEPHONE: (214) 593-9110
13  FACSIMILE: (214) 593-9111

14  *Attorneys for Plaintiffs*
15  *Nanya Technology Corp. and*
    *Nanya Technology Corp. U.S.A.*
16
                **UNITED STATES DISTRICT COURT**
17
                    **DISTRICT OF GUAM**
18

19  NANYA TECHNOLOGY CORP. and          Case No. CV-06-00025
    NANYA TECHNOLOGY CORP. U.S.A.,
20
                *Plaintiffs,*             **PLAINTIFFS' OBJECTIONS AND**
21                                        **RESPONSES TO FUJITSU**
                                          **MICROELECTRONICS AMERICA,**
22  v.                                    **INC.'S FIRST SET OF REQUESTS FOR**
                                          **PRODUCTION (NOS. 1-29)**
23  FUJITSU LIMITED and FUJITSU
    MICROELECTRONICS AMERICA, INC.,
24
                *Defendants.*
25

26

27

28

---

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, Plaintiff Nanya Technology Corp. and Nanya Technology Corp. U.S.A. (collectively "Nanya" or "Plaintiffs") hereby serve the following Responses and Objections to Requests for Production upon Defendant Fujitsu Microelectronics America, Inc. ("FMA").    Nanya hereby reserves the right supplement all responses to these requests in accordance with Federal Rules of Civil Procedure 26(e).

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.    Nanya objects to the definitions of "Nanya," "you" and "your" to the extent that they encompass "all predecessor or successor companies or corporations" that are not currently part of Nanya, to the extent they encompass "present ... investigators, accountants, consultants, attorneys, other representatives, or any other persons acting or purporting to act on behalf of any of them" who are not part of Nanya to the extent they encompass "consultants" otherwise protected by the consulting expert privilege, to the extent they encompass "attorneys" otherwise protected by the attorney client and/or work product privileges, and to the extent they encompass "former offices, directors, employees, agents, investigators, accountants, consultants, attorneys, other representatives, or any other persons acting or purporting to act on behalf of any of them" that are not currently part of Nanya.

2.    Nanya objects to the definition of "document" to the extent it purports to cover subject matter in excess of Federal Rule of Civil Procedure 34.

3.    Nanya objects to the definition of "electronically stored information" to the extent it purports to cover subject matter in excess of Federal Rule of Civil Procedure 34.

4.    Nanya objects to the definition of "identify" to the extent it calls for a response in excess of the minimum requirements of Federal Rule of Civil Procedure 34.

5.    Nanya objects to the Instructions generally to the extent they call for a response in excess of the minimum requirements of Federal Rule of Civil Procedure 34.

6.    Nanya objects to Instruction No. 3 to the extent it recites privilege log requirements in

1  excess of the requirements called for by this Court, Ninth Circuit precedent, and the Federal Rules of

2  Civil Procedure.

3      7.      Nanya objects to Instruction No. 9 as it is the FMA's burden, not Nanya's burden, to

4

5  propound reasonably clear and understandable discovery requests.

6      8.      Nanya objects to Footnote No. 1 and Defendants' attempted disclaimer that they are not

7  substantively participating in the present lawsuit in Guam.

8                    **RESPONSES AND OBJECTIONS TO FMA'S PRODUCTION**

9      Subject to the foregoing objections, Nanya further objects and responds as follows:

10  **REQUEST FOR PRODUCTION NO. 1:**

11

12      All documents, electronically stored information, and things demonstrating, showing or

13  otherwise relating to the allegation that Fujitsu Limited owns and/or controls the following entities:

14  (a)    Fujitsu Computing Products of America;

15  (b)    Fujitsu General New Zealand Limited;

16  (c)    Fujitsu Ten; and

17  (d)    Any other person or company you believe is a subsidiary or affiliate of Fujitsu Limited, whose

18  conduct or actions are relevant to personal jurisdiction over Fujitsu Limited in this proceeding.

19  **OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 1:**

20

21      Plaintiffs object to Request for Production No. 1 as premature.  Neither Defendant has served

22  pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil

23  Procedure 26(a).  Because no pre-discovery disclosures have been made, Plaintiffs are under no

24  obligation whatsoever to respond.

25      Plaintiffs object to Request for Production No. 1 because it seeks information regarding the

26  pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by

27

28  Plaintiffs' counsel, and Plaintiffs' Response in Opposition to Fujitsu Microelectronics America, Inc.'s

---

PLAINTIFFS' OBJECTIONS AND RESPONSES TO FUJITSU MICROELECTRONICS
AMERICA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-29)                    PAGE 3

Motion to Dismiss or Transfer to the Northern District of California and for a More Definite Statement ("Plaintiffs' Response"), which is still being prepared by Plaintiffs' counsel and has not yet been filed. Such information is protected by the work product privilege and doctrine.

Plaintiffs object to Request for Production No. 1 as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007.

Plaintiffs object to Request for Production No. 1 because it calls for the product of jurisdictional discovery that Defendants have yet to fully yield.

Subject to the foregoing objections, Plaintiffs will provide information responsive to Request for Production No. 1 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response seasonably after Defendants yield all requested jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 2:**

All purchase orders, receipts, bills of lading, and other documents, electronically stored information, and things demonstrating, showing or otherwise relating to products manufactured, sold or distributed by Fujitsu Limited, its alleged subsidiaries, or its alleged affiliates in the Territory of Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiffs object to Request for Production No. 2 as premature. Neither Defendant has served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation whatsoever to respond.

Plaintiffs object to Request for Production No. 2 because it seeks information regarding the pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by

1  Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has
2  not yet been filed. Such information is protected by the work product privilege and doctrine.
3
       Plaintiffs object to Request for Production No. 2 as premature because it seeks information that
4
5  is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not
6  due until May 15, 2007.
7      Plaintiffs object to Request for Production No. 2 because it calls for the product of
8  jurisdictional discovery that Defendants have yet to fully yield.
9      Subject to the foregoing objections, Plaintiffs will provide information responsive to Request
10
   for Production No. 2 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May
11
12 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response
13 seasonably after Defendants yield all requested jurisdictional discovery.
14 **REQUEST FOR PRODUCTION NO. 3:**
15     All purchase orders, receipts, bills of lading and other documents, electronically stored
16 information, and things demonstrating, showing or otherwise relating to your allegations that products
17 manufactured or distributed by Fujitsu Limited, its alleged subsidiaries, or its alleged affiliates have
18 been sold or offered for sale in the Territory of Guam, whether alone or combined with other products.
19 **OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 3:**
20
21     Plaintiffs object to Request for Production No. 3 as premature. Neither Defendant has served
22 pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil
23 Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no
24 obligation whatsoever to respond.
25     Plaintiffs object to Request for Production No. 3 because it seeks information regarding the
26 pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by
27
28 Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has

1    not yet been filed. Such information is protected by the work product privilege and doctrine.

2        Plaintiffs object to Request for Production No. 3 as premature because it seeks information that

3    is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not

4    due until May 15, 2007.

5

6        Plaintiffs object to Request for Production No. 3 because it calls for the product of

7    jurisdictional discovery that Defendants have yet to fully yield.

8        Subject to the foregoing objections, Plaintiffs will provide information responsive to Request

9    for Production No. 3 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May

10   15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response

11   seasonably after Defendants yield all requested jurisdictional discovery.

12

13   **REQUEST FOR PRODUCTION NO. 4:**

14       All documents, electronically stored information, and things demonstrating, showing or

15   otherwise relating to your allegation in Paragraph 12 of your First Amended Complaint that Fujitsu

16   Limited and FMA "each have sufficient contacts with the forum to satisfy federal personal jurisdiction

17   requirements.

18   **OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 4:**

19

20       Plaintiffs object to Request for Production No. 4 as premature. Neither Defendant has served

21   pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil

22   Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no

23   obligation whatsoever to respond.

24       Plaintiffs object to Request for Production No. 4 because it seeks information regarding the

25   pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by

26   Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has

27   not yet been filed. Such information is protected by the work product privilege and doctrine.

28

1    Plaintiffs object to Request for Production No. 4 as premature because it seeks information that

2  is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not

3  due until May 15, 2007.

4    Plaintiffs object to Request for Production No. 4 because it calls for the product of

5  jurisdictional discovery that Defendants have yet to fully yield.

6

7    Subject to the foregoing objections, Plaintiffs will provide information responsive to Request

8  for Production No. 4 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May

9  15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response

10  seasonably after Defendants yield all requested jurisdictional discovery.

11  **REQUEST FOR PRODUCTION NO. 5:**

12

13    All documents, electronically stored information, and things demonstrating, showing or

14  otherwise relating to your allegation in Paragraph 15 of your First Amended Complaint that allegedly

15  anticompetitive acts have artificially increased the cost of DDR SDRAM chips in the United States and

16  its territories, including the Territory of Guam.

17  **OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 5:**

18    Plaintiffs object to Request for Production No. 5 as premature.  Neither Defendant has served

19  pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil

20  Procedure 26(a).  Because no pre-discovery disclosures have been made, Plaintiffs are under no

21  obligation whatsoever to respond.

22

23    Plaintiffs object to Request for Production No. 5 because it seeks information regarding the

24  pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by

25  Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has

26  not yet been filed.  Such information is protected by the work product privilege and doctrine.

27    Plaintiffs object to Request for Production No. 5 as premature because it seeks information that

28

---

is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007.

Plaintiffs object to Request for Production No. 5 because it calls for the product of jurisdictional discovery that Defendants have yet to fully yield.

Plaintiffs object to Request for Production No. 5 because it calls for the subject mater of expert disclosures that are not yet due.

Subject to the foregoing objections, Plaintiffs will provide information responsive to Request for Production No. 5 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May 15, 2007 (concurrent with the filing of Plaintiffs' Response) or when expert disclosures are due, and will supplement this response seasonally after Defendants yield all requested jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 6:**

All purchase orders, receipts, bills of lading, and other documents, electronically stored information, and things demonstrating, showing or otherwise relating to your allegation in Paragraph 16 of your First Amended Complaint that Fujitsu Limited, its alleged subsidiaries, or its alleged affiliates distribute Accused Fujitsu Products in the Territory of Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiffs object to Request for Production No. 6 as premature. Neither Defendant has served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation whatsoever to respond.

Plaintiffs object to Request for Production No. 6 because it seeks information regarding the pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has not yet been filed. Such information is protected by the work product privilege and doctrine.

1    Plaintiffs object to Request for Production No. 6 as premature because it seeks information that

2    is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not

3    due until May 15, 2007.

4
5    Plaintiffs object to Request for Production No. 6 because it calls for the product of

6    jurisdictional discovery that Defendants have yet to fully yield.

7    Subject to the foregoing objections, Plaintiffs will provide information responsive to Request

8    for Production No. 6 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May

9    15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response

10   seasonably after Defendants yield all requested jurisdictional discovery.

11   **REQUEST FOR PRODUCTION NO. 7:**

12
13   All documents, electronically stored information, and things demonstrating, showing, or

14   otherwise relating to your allegation in Paragraph 17 of your First Amended Complaint that "Fujitsu,

15   Ltd. Its subsidiaries, or its affiliates place" Accused Fujitsu Products "in the stream of commerce with

16   the intention that they would be available to people in the United States and the Territory of Guam."

17   **OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 7:**

18   Plaintiffs object to Request for Production No. 7 as premature.  Neither Defendant has served

19   pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil

20   Procedure 26(a).  Because no pre-discovery disclosures have been made, Plaintiffs are under no

21   obligation whatsoever to respond.

22
23   Plaintiffs object to Request for Production No. 7 because it seeks information regarding the

24   pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by

25   Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has

26   not yet been filed.  Such information is protected by the work product privilege and doctrine.

27
28   Plaintiffs object to Request for Production No. 7 as premature because it seeks information that

is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007.

Plaintiffs object to Request for Production No. 7 because it calls for the product of jurisdictional discovery that Defendants have yet to fully yield.

Subject to the foregoing objections, Plaintiffs will provide information responsive to Request for Production No. 7 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response seasonably after Defendants yield all requested jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 8:**

All documents, electronically stores information, and things demonstrating, showing, or otherwise relating to your allegation in Paragraph 17 of your First Amended Complaint of "products that are placed into the stream of commerce by Fujitsu Ltd., its subsidiaries, or its affiliates."

**OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiffs object to Request for Production No. 8 as premature. Neither Defendant has served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation whatsoever to respond.

Plaintiffs object to Request for Production No. 8 because it seeks information regarding the pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has not yet been filed. Such information is protected by the work product privilege and doctrine.

Plaintiffs object to Request for Production No. 8 as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007.

Plaintiffs object to Request for Production No. 8 because it calls for the product of jurisdictional discovery that Defendants have yet to fully yield.

Subject to the foregoing objections, Plaintiffs will provide information responsive to Request for Production No. 8 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response seasonably after Defendants yield all requested jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 9:**

All documents, electronically stores information, and things demonstrating, showing, or otherwise relating to your allegation in Paragraph 18 of your First Amended Complaint that Accused Fujitsu Products are made "with the intention that they would be used in a significant number of consumer products sold in the United States and the Territory of Guam."

**OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 9:**

Plaintiffs object to Request for Production No. 9 as premature. Neither Defendant has served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation whatsoever to respond.

Plaintiffs object to Request for Production No. 9 because it seeks information regarding the pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has not yet been filed. Such information is protected by the work product privilege and doctrine.

Plaintiffs object to Request for Production No. 9 as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007.

Plaintiffs object to Request for Production No. 9 because it calls for the product of

1  jurisdictional discovery that Defendants have yet to fully yield.

2      Subject to the foregoing objections, Plaintiffs will provide information responsive to Request

3  for Production No. 9 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May

4  15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response

5

6  seasonably after Defendants yield all requested jurisdictional discovery.

7  **REQUEST FOR PRODUCTION NO. 10:**

8      All documents, electronically stored information, and things demonstrating, showing or

9  otherwise relating to your allegation in Paragraph 19 of your First Amended Complaint that Fujitsu

10  Limited "distributes products manufactured by Fujitsu companies to businesses and legal residents of

11  the Territory of Guam."

12

13  **OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 10:**

14      Plaintiffs object to Request for Production No. 10 as premature.  Neither Defendant has served

15  pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil

16  Procedure 26(a).  Because no pre-discovery disclosures have been made, Plaintiffs are under no

17  obligation whatsoever to respond.

18      Plaintiffs object to Request for Production No. 10 because it seeks information regarding the

19  pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by

20  Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has

21  not yet been filed.  Such information is protected by the work product privilege and doctrine.

22

23      Plaintiffs object to Request for Production No. 10 as premature because it seeks information

24  that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is

25  not due until May 15, 2007.

26      Plaintiffs object to Request for Production No. 10 because it calls for the product of

27  jurisdictional discovery that Defendants have yet to fully yield.

28

1  Subject to the foregoing objections, Plaintiffs will provide information responsive to Request

2  for Production No. 10 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on

3  May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response

4  seasonably after Defendants yield all requested jurisdictional discovery.

5

6  **REQUEST FOR PRODUCTION NO. 11:**

7  All documents, electronically stored information, and things demonstrating, showing or

8  otherwise relating to your allegation in Paragraph 20 of your First Amended Complaint that a number

9  of Fujitsu Limited's subsidiary or affiliate companies regularly conduct business in the Territory of

10  Guam, and sell products to people and businesses in the Territory of Guam.

11  **OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 11:**

12  Plaintiffs object to Request for Production No. 11 as premature.  Neither Defendant has served

13  pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil

14  Procedure 26(a).  Because no pre-discovery disclosures have been made, Plaintiffs are under no

15  obligation whatsoever to respond.

16

17  Plaintiffs object to Request for Production No. 11 because it seeks information regarding the

18  pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by

19  Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has

20  not yet been filed.  Such information is protected by the work product privilege and doctrine.

21

22  Plaintiffs object to Request for Production No. 11 as premature because it seeks information

23  that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is

24  not due until May 15, 2007.

25  Plaintiffs object to Request for Production No. 11 because it calls for the product of

26  jurisdictional discovery that Defendants have yet to fully yield.

27

28  Subject to the foregoing objections, Plaintiffs will provide information responsive to Request