1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

for Production No. 11 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response seasonably after Defendants yield all requested jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 12:**

All documents, electronically stored information, and things relating to or resulting from your Freedom of Information Act requests submitted to the United States Navy and United States Air Force Exchanges in the Territory of Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 12:**

Plaintiffs object to Request for Production No. 12 as premature. Neither Defendant has served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation whatsoever to respond.

Plaintiffs object to Request for Production No. 12 because it seeks information regarding the continuing investigation being conducted by Plaintiffs' counsel and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has not yet been filed. Such information is protected by the work product privilege and doctrine.

Plaintiffs object to Request for Production No. 12 as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007.

Subject to the foregoing objections, Plaintiffs will provide information responsive to Request for Production No. 12 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May 15, 2007 (concurrent with the filing of Plaintiffs' Response).

**REQUEST FOR PRODUCTION NO. 13:**

All documents, electronically stored information, and things demonstrating, showing or

1    otherwise relating to your allegation in Paragraph 21 of your First Amended Complaint that FMA has

2    or had knowledge that its products would be utilized or contained in a significant number of consumer

3    products sold in the Territory of Guam.

4    **OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 13:**

5

6        Plaintiffs object to Request for Production No. 13 as premature. Neither Defendant has served

7    pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil

8    Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no

9    obligation whatsoever to respond.

10       Plaintiffs object to Request for Production No. 13 because it seeks information regarding the

11   pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by

12   Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has

13

14   not yet been filed. Such information is protected by the work product privilege and doctrine.

15       Plaintiffs object to Request for Production No. 13 as premature because it seeks information

16   that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is

17   not due until May 15, 2007.

18       Plaintiffs object to Request for Production No. 13 because it calls for the product of

19   jurisdictional discovery that Defendants have yet to fully yield.

20

21       Subject to the foregoing objections, Plaintiffs will provide information responsive to Request

22   for Production No. 13 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on

23   May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response

24   seasonably after Defendants yield all requested jurisdictional discovery.

25   **REQUEST FOR PRODUCTION NO. 14:**

26       All documents, electronically stored information, and things demonstrating, showing or

27   otherwise relating to your allegation in Paragraph 21 of your First Amended Complaint that FMA's

28

microelectronics are present in "products produced by major manufacturers of consumer electronics and extensively distributed throughout the United States and the Territory of Guam."

**OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 14:**

Plaintiffs object to Request for Production No. 14 as premature. Neither Defendant has served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation whatsoever to respond.

Plaintiffs object to Request for Production No. 14 because it seeks information regarding the pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has not yet been filed. Such information is protected by the work product privilege and doctrine.

Plaintiffs object to Request for Production No. 14 as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007.

Plaintiffs object to Request for Production No. 14 because it calls for the product of jurisdictional discovery that Defendants have yet to fully yield.

Subject to the foregoing objections, Plaintiffs will provide information responsive to Request for Production No. 14 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response seasonably after Defendants yield all requested jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 15:**

All documents, electronically stored information, and things demonstrating, showing or otherwise relating to your allegation in Paragraph 22 of your First Amended Complaint that "a substantial number of retail outlets in the Territory of Guam regularly carry and sell consumer products

1    containing microelectronics manufactured by FMA."

2    **OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 15:**

3
4        Plaintiffs object to Request for Production No. 15 as premature. Neither Defendant has served

5    pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil

6    Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no

7    obligation whatsoever to respond.

8        Plaintiffs object to Request for Production No. 15 because it seeks information regarding the

9    pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by

10   Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has

11   not yet been filed. Such information is protected by the work product privilege and doctrine.

12
        Plaintiffs object to Request for Production No. 15 as premature because it seeks information

13
14   that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is

15   not due until May 15, 2007.

16       Plaintiffs object to Request for Production No. 15 because it calls for the product of

17   jurisdictional discovery that Defendants have yet to fully yield.

18
        Subject to the foregoing objections, Plaintiffs will provide information responsive to Request

19
20   for Production No. 15 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on

21   May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response

22   seasonably after Defendants yield all requested jurisdictional discovery.

23   **REQUEST FOR PRODUCTION NO. 16:**

24       All documents, electronically stored information, and things demonstrating, showing or

25   otherwise relating to your allegation in Paragraph 23 of your First Amended Complaint that "people

26   and businesses in the Territory of Guam can order and purchase electronic products containing

27   microelectronics manufactured by FMA."

28

1

**OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 16:**

2

3

4

5

6

Plaintiffs object to Request for Production No. 16 as premature. Neither Defendant has served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation whatsoever to respond.

7

8

9

10

Plaintiffs object to Request for Production No. 16 because it seeks information regarding the pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has not yet been filed. Such information is protected by the work product privilege and doctrine.

11

12

13

14

Plaintiffs object to Request for Production No. 16 as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007.

15

16

Plaintiffs object to Request for Production No. 16 because it calls for the product of jurisdictional discovery that Defendants have yet to fully yield.

17

18

19

20

21

Subject to the foregoing objections, Plaintiffs will provide information responsive to Request for Production No. 16 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response seasonably after Defendants yield all requested jurisdictional discovery.

22

**REQUEST FOR PRODUCTION NO. 17:**

23

24

25

All documents, electronically stored information, and things demonstrating, showing or otherwise relating to your conclusion in Paragraph 3 of your First Amended Complaint that Fujitsu Limited engaged in business in the Territory of Guam.

26

**OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 17:**

27

28

Plaintiffs object to Request for Production No. 17 as premature. Neither Defendant has served

pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation whatsoever to respond.

Plaintiffs object to Request for Production No. 17 because it seeks information regarding the pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has not yet been filed. Such information is protected by the work product privilege and doctrine.

Plaintiffs object to Request for Production No. 17 as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007.

Plaintiffs object to Request for Production No. 17 because it calls for the product of jurisdictional discovery that Defendants have yet to fully yield.

Subject to the foregoing objections, Plaintiffs will provide information responsive to Request for Production No. 17 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response seasonably after Defendants yield all requested jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 18:**

All documents, electronically stored information, and things demonstrating, showing or otherwise relating to your conclusion in Paragraph 3 of your First Amended Complaint that Fujitsu Limited has systematic and continuous contacts in the Territory of Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 18:**

Plaintiffs object to Request for Production No. 18 as premature. Neither Defendant has served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no

1  obligation whatsoever to respond.

2      Plaintiffs object to Request for Production No. 18 because it seeks information regarding the

3  pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by

4  Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has

5  not yet been filed. Such information is protected by the work product privilege and doctrine.

6      Plaintiffs object to Request for Production No. 18 as premature because it seeks information

7  that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is

8  not due until May 15, 2007.

9      Plaintiffs object to Request for Production No. 18 because it calls for the product of

10 jurisdictional discovery that Defendants have yet to fully yield.

11     Subject to the foregoing objections, Plaintiffs will provide information responsive to Request

12 for Production No. 18 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on

13 May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response

14 seasonably after Defendants yield all requested jurisdictional discovery.

15 **REQUEST FOR PRODUCTION NO. 19:**

16     All documents, electronically stored information, and things demonstrating, showing or

17 otherwise relating to your conclusion in Paragraph 3 of your First Amended Complaint that this

18 proceeding arises out of business done in the Territory of Guam.

19 **OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 19:**

20     Plaintiffs object to Request for Production No. 19 as premature. Neither Defendant has served

21 pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil

22 Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no

23 obligation whatsoever to respond.

24     Plaintiffs object to Request for Production No. 19 because it seeks information regarding the

1    pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by

2    Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has

3    not yet been filed. Such information is protected by the work product privilege and doctrine.

4
        Plaintiffs object to Request for Production No. 19 as premature because it seeks information
5
6    that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is

7    not due until May 15, 2007.

8        Plaintiffs object to Request for Production No. 19 because it calls for the product of

9    jurisdictional discovery that Defendants have yet to fully yield.

10       Subject to the foregoing objections, Plaintiffs will provide information responsive to Request

11   for Production No. 19 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on
12
     May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response
13
14   seasonably after Defendants yield all requested jurisdictional discovery.

15   **REQUEST FOR PRODUCTION NO. 20:**

16       All documents, electronically stored information, and things demonstrating, showing or

17   otherwise relating to your conclusion in Paragraph 4 of your First Amended Complaint that FMA

18   engages in business in the Territory of Guam.
19
     **OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 20:**
20
21       Plaintiffs object to Request for Production No. 20 as premature. Neither Defendant has served

22   pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil

23   Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no

24   obligation whatsoever to respond.

25       Plaintiffs object to Request for Production No. 20 because it seeks information regarding the

26   pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by
27
28   Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has

1    not yet been filed. Such information is protected by the work product privilege and doctrine.

2        Plaintiffs object to Request for Production No. 20 as premature because it seeks information

3    that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is

4    not due until May 15, 2007.

5

6        Plaintiffs object to Request for Production No. 20 because it calls for the product of

7    jurisdictional discovery that Defendants have yet to fully yield.

8        Subject to the foregoing objections, Plaintiffs will provide information responsive to Request

9    for Production No. 20 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on

10    May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response

11    seasonably after Defendants yield all requested jurisdictional discovery.

12    **REQUEST FOR PRODUCTION NO. 21:**

13

14        All documents, electronically stored information, and things demonstrating, showing or

15    otherwise relating to your conclusion in Paragraph 4 of your First Amended Complaint that FMA has

16    systematic and continuous contacts in the Territory of Guam.

17    **OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 21:**

18        Plaintiffs object to Request for Production No. 21 as premature. Neither Defendant has served

19    pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil

20    Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no

21

22    obligation whatsoever to respond.

23        Plaintiffs object to Request for Production No. 21 because it seeks information regarding the

24    pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by

25    Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has

26    not yet been filed. Such information is protected by the work product privilege and doctrine.

27        Plaintiffs object to Request for Production No. 21 as premature because it seeks information

28

---

1  that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is

2  not due until May 15, 2007.

3  
4  Plaintiffs object to Request for Production No. 21 because it calls for the product of

5  jurisdictional discovery that Defendants have yet to fully yield.

6  Subject to the foregoing objections, Plaintiffs will provide information responsive to Request

7  for Production No. 21 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on

8  May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response

9  seasonably after Defendants yield all requested jurisdictional discovery.

10  **REQUEST FOR PRODUCTION NO. 22:**

11  
12  All documents, electronically stored information, and things demonstrating, showing or

13  otherwise relating to your conclusion in Paragraph 4 of your First Amended Complaint that this

14  proceeding arises out of business done in the Territory of Guam.

15  **OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 22:**

16  Plaintiffs object to Request for Production No. 22 as premature. Neither Defendant has served

17  pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil

18  Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no

19  obligation whatsoever to respond.

20  
21  Plaintiffs object to Request for Production No. 22 because it seeks information regarding the

22  pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by

23  Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has

24  not yet been filed. Such information is protected by the work product privilege and doctrine.

25  Plaintiffs object to Request for Production No. 22 as premature because it seeks information

26  that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is

27  not due until May 15, 2007.

28

1    Plaintiffs object to Request for Production No. 22 because it calls for the product of

2    jurisdictional discovery that Defendants have yet to fully yield.

3    Subject to the foregoing objections, Plaintiffs will provide information responsive to Request

4    for Production No. 22 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on

5    May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response

6    

7    seasonably after Defendants yield all requested jurisdictional discovery.

8    **REQUEST FOR PRODUCTION NO. 23:**

9    All documents, electronically stored information, and things demonstrating, showing or

10   otherwise relating to your conclusion in Paragraph 19 of your First Amended Complaint that

11   "Defendants transact substantial business of a substantial character within the Territory of Guam."

12   **OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 23:**

13   

14   Plaintiffs object to Request for Production No. 23 as premature. Neither Defendant has served

15   pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil

16   Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no

17   obligation whatsoever to respond.

18   Plaintiffs object to Request for Production No. 23 because it seeks information regarding the

19   pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by

20   Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has

21   not yet been filed. Such information is protected by the work product privilege and doctrine.

22   

23   Plaintiffs object to Request for Production No. 23 as premature because it seeks information

24   that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is

25   not due until May 15, 2007.

26   Plaintiffs object to Request for Production No. 23 because it calls for the product of

27   jurisdictional discovery that Defendants have yet to fully yield.

28   

---

1
2
3
4
5

Subject to the foregoing objections, Plaintiffs will provide information responsive to Request for Production No. 23 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response seasonably after Defendants yield all requested jurisdictional discovery.

6

**REQUEST FOR PRODUCTION NO. 24:**

7
8
9
10
11
12

All documents, electronically stored information, and things demonstrating, showing or otherwise relating to your conclusion in Paragraph 8 of your First Amended Complaint that "each Defendant has sufficient minimum contacts with the forum as a result of" placing products "into the stream of commerce with the intention that they would be available to people in the United States and the Territory of Guam."

13

**OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 24:**

14
15
16
17

Plaintiffs object to Request for Production No. 24 as premature. Neither Defendant has served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation whatsoever to respond.

18
19
20
21
22

Plaintiffs object to Request for Production No. 24 because it seeks information regarding the pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has not yet been filed. Such information is protected by the work product privilege and doctrine.

23
24
25

Plaintiffs object to Request for Production No. 24 as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007.

26
27
28

Plaintiffs object to Request for Production No. 24 because it calls for the product of jurisdictional discovery that Defendants have yet to fully yield.

1   Subject to the foregoing objections, Plaintiffs will provide information responsive to Request

2   for Production No. 24 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on

3   May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response

4   seasonably after Defendants yield all requested jurisdictional discovery.

5

6   **REQUEST FOR PRODUCTION NO. 25:**

7   All documents, electronically stored information, and things demonstrating, showing or

8   otherwise relating to your conclusion in Paragraph 9 of your First Amended Complaint that "each

9   Defendant has sufficient minimum contacts with the forum as a result of business conducted

10  continuously and systematically within the Territory of Guam."

11  **OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 25:**

12
    Plaintiffs object to Request for Production No. 25 as premature. Neither Defendant has served
13
14  pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil

15  Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no

16  obligation whatsoever to respond.

17  Plaintiffs object to Request for Production No. 25 because it seeks information regarding the

18  pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by
19
20  Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has

21  not yet been filed. Such information is protected by the work product privilege and doctrine.

22  Plaintiffs object to Request for Production No. 25 as premature because it seeks information

23  that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is

24  not due until May 15, 2007.

25  Plaintiffs object to Request for Production No. 25 because it calls for the product of

26  jurisdictional discovery that Defendants have yet to fully yield.
27
28  Subject to the foregoing objections, Plaintiffs will provide information responsive to Request

---

for Production No. 25 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May 15, 2007 (concurrent with the filing of Plaintiffs' Response), and will supplement this response seasonably after Defendants yield all requested jurisdictional discovery.

**REQUEST FOR PRODUCTION NO. 26:**

All documents, electronically stored information, and things upon which you rely to support your response to Interrogatory No. 5 in FUJITSU MICROELECTRONICS AMERICAS, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-6) TO PLAINTIFFS.

**OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 26:**

Plaintiffs incorporate by reference as if fully set forth herein their objections and responses to Interrogatory No. 5 in FUJITSU MICROELECTRONICS AMERICAS, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-6) TO PLAINTIFFS.

Plaintiffs object to Request for Production No. 26 as premature. Neither Defendant has served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation whatsoever to respond.

Plaintiffs object to Request for Production No. 26 because it seeks information regarding the pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has not yet been filed. Such information is protected by the work product privilege and doctrine.

Plaintiffs object to Request for Production No. 26 as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is not due until May 15, 2007.

Plaintiffs object to Request for Production No. 26 because it calls for the product of jurisdictional discovery that Defendants have yet to fully yield.

1

2

3

4

5

6

7

Subject to the foregoing objections, Plaintiffs will provide information responsive to Request for Production No. 26 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on May 15, 2007 (concurrent with the filing of Plaintiffs' Response) or after Plaintiffs supplement their objections and responses to Interrogatory No. 5 in FUJITSU MICROELECTRONICS AMERICAS, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-6) TO PLAINTIFFS, and will supplement this response seasonably after Defendants yield all requested jurisdictional discovery.

8

**REQUEST FOR PRODUCTION NO. 27:**

9

10

11

All documents, electronically stored information, and things relating to the subject matter of Interrogatory No. 5 in FUJITSU MICROELECTRONICS AMERICAS, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-6) TO PLAINTIFFS.

12

13

**OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 27:**

14

15

16

Plaintiffs incorporate by reference as if fully set forth herein their objections and responses to Interrogatory No. 5 in FUJITSU MICROELECTRONICS AMERICAS, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-6) TO PLAINTIFFS.

17

18

19

20

21

Plaintiffs object to Request for Production No. 27 as premature. Neither Defendant has served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no obligation whatsoever to respond.

22

23

24

25

Plaintiffs object to Request for Production No. 27 because it seeks information regarding the pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has not yet been filed. Such information is protected by the work product privilege and doctrine.

26

27

28

Plaintiffs object to Request for Production No. 27 as premature because it seeks information that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is

1  not due until May 15, 2007.

2      Plaintiffs object to Request for Production No. 27 because it calls for the product of

3  jurisdictional discovery that Defendants have yet to fully yield.

4      Subject to the foregoing objections, Plaintiffs will provide information responsive to Request

5  for Production No. 27 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on

6

7  May 15, 2007 (concurrent with the filing of Plaintiffs' Response) or after Plaintiffs supplement their

8  objections and responses to Interrogatory No. 5 in FUJITSU MICROELECTRONICS AMERICAS,

9  INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-6) TO PLAINTIFFS, and will supplement this

10  response seasonably after Defendants yield all requested jurisdictional discovery.

11  **REQUEST FOR PRODUCTION NO. 28:**

12

13      All documents, electronically stored information, and things upon which you rely to support in

14  response to Interrogatory No. 6 in FUJITSU MICROELECTRONICS AMERICAS, INC.'S FIRST

15  SET OF INTERROGATORIES (NOS. 1-6) TO PLAINTIFFS.

16  **OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 28:**

17      Plaintiffs incorporate by reference as if fully set forth herein their objections and responses to

18  Interrogatory No. 6 in FUJITSU MICROELECTRONICS AMERICAS, INC.'S FIRST SET OF

19  INTERROGATORIES (NOS. 1-6) TO PLAINTIFFS.

20      Plaintiffs object to Request for Production No. 28 as premature.  Neither Defendant has served

21

22  pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil

23  Procedure 26(a).   Because no pre-discovery disclosures have been made, Plaintiffs are under no

24  obligation whatsoever to respond.

25      Plaintiffs object to Request for Production No. 28 because it seeks information regarding the

26  pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by

27

28  Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has

1   not yet been filed. Such information is protected by the work product privilege and doctrine.

2   Plaintiffs object to Request for Production No. 28 as premature because it seeks information
3
    that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is
4
    not due until May 15, 2007.
5

6   Plaintiffs object to Request for Production No. 28 because it calls for the product of
7   jurisdictional discovery that Defendants have yet to fully yield.

8   Subject to the foregoing objections, Plaintiffs will provide information responsive to Request
9   for Production No. 28 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on
10
    May 15, 2007 (concurrent with the filing of Plaintiffs' Response) or after Plaintiffs supplement their
11
    objections and responses to Interrogatory No. 6 in FUJITSU MICROELECTRONICS AMERICAS,
12
    INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-6) TO PLAINTIFFS, and will supplement this
13
    response seasonably after Defendants yield all requested jurisdictional discovery.
14

15  **REQUEST FOR PRODUCTION NO. 29:**

16  All documents, electronically stored information, and things related to the subject matter of
17  Interrogatory No. 6 in FUJITSU MICROELECTRONICS AMERICAS, INC.'S FIRST SET OF
18  INTERROGATORIES (NOS. 1-6) TO PLAINTIFFS.
19

20  **OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION NO. 29:**

21  Plaintiffs incorporate by reference as if fully set forth herein their objections and responses to
22  Interrogatory No. 6 in FUJITSU MICROELECTRONICS AMERICAS, INC.'S FIRST SET OF
23  INTERROGATORIES (NOS. 1-6) TO PLAINTIFFS.

24  Plaintiffs object to Request for Production No. 29 as premature. Neither Defendant has served
25  pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil
26  Procedure 26(a). Because no pre-discovery disclosures have been made, Plaintiffs are under no
27  obligation whatsoever to respond.
28

1    Plaintiffs object to Request for Production No. 29 because it seeks information regarding the

2  pre-suit investigation conducted by Plaintiffs' counsel, the continuing investigation being conducted by

3  Plaintiffs' counsel, and Plaintiffs' Response, which is still being prepared by Plaintiffs' counsel and has

4  not yet been filed. Such information is protected by the work product privilege and doctrine.

5
     Plaintiffs object to Request for Production No. 29 as premature because it seeks information

6  that is the subject of Plaintiffs' Response, which according to the Court's February 26, 2007 Order, is

7  not due until May 15, 2007.

8
     Plaintiffs object to Request for Production No. 29 because it calls for the product of

9  jurisdictional discovery that Defendants have yet to fully yield.

10
     Subject to the foregoing objections, Plaintiffs will provide information responsive to Request

11  for Production No. 29 after Defendants serve their Local Rule 26.2 pre-discovery disclosures or on

12
13  May 15, 2007 (concurrent with the filing of Plaintiffs' Response) or after Plaintiffs supplement their

14  objections and responses to Interrogatory No. 6 in FUJITSU MICROELECTRONICS AMERICAS,

15  INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-6) TO PLAINTIFFS, and will supplement this

16  response seasonably after Defendants yield all requested jurisdictional discovery.

17

18

19  Dated: April 23, 2007                          SHORE CHAN BRAGALONE LLP

20

21                                          By:    /s/ Alfonso Garcia Chan
                                                    ALFONSO GARCIA CHAN, ESQ.
22                                                  (admitted *pro hac vice*)

23                                          ATTORNEYS FOR PLAINTIFFS
                                            Nanya Technology Corp. and
24                                          Nanya Technology Corp. U.S.A.

25

26

27

28

1

## CERTIFICATE OF SERVICE

2

3      I hereby certify that a true and correct copy of the foregoing document was served on the

4   following counsel of record via electronic mail and confirmatory first class mail on April 23, 2007:

5       Rodney J. Jacob                          Michael M. Murray
        Daniel M. Benjamin                       Milbank Tweed Hadley & McCloy LLP
6       Calvo & Clark, LLP                       1 Chase Manhattan Plaza
        655 South Marine Corps Dr., Suite 202    New York, New York 10005-1413
7       Tamuning, Guam 96913

8

9                                                 /s/ Alfonso Garcia Chan
                                                 ALFONSO GARCIA CHAN
10

11                                               ATTORNEYS FOR PLAINTIFFS
                                                 Nanya Technology Corp. and
12                                               Nanya Technology Corp. U.S.A.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT K

1  JOSEPH C. RAZZANO, ESQ.
   **TEKER TORRES & TEKER, P.C.**
2  SUITE 2A, 130 ASPINALL AVENUE
3  HAGÅTÑA, GUAM  96910
   TELEPHONE: (671) 477-9891/4
4  FACSIMILE:  (671) 472-2601

5  **JOHN S. UNPINGCO, ESQ.**
   **UNPINGCO & ASSOCIATES, LLC**
6  SUITE 12B, SINAJANA MALL
7  SINAJANA, GUAM
   TELEPHONE: (671) 475-8545
8  FACSIMILE: (671) 475-8550

9  **MICHAEL W. SHORE**
   **ALFONSO GARCIA CHAN**
10 **MARTIN PASCUAL**
11 **SHORE CHAN BRAGALONE, LLP**
   325 NORTH SAINT PAUL STREET, SUITE 4450
12 DALLAS, TEXAS 75201
   TELEPHONE: (214) 593-9110
13 FACSIMILE: (214) 593-9111

14
   *Attorneys for Plaintiffs*
15 *Nanya Technology Corp. and*
   *Nanya Technology Corp. U.S.A.*
16
                **UNITED STATES DISTRICT COURT**
17
                     **DISTRICT OF GUAM**
18

19 NANYA TECHNOLOGY CORP. and          | Case No. CV-06-00025
   NANYA TECHNOLOGY CORP. U.S.A.,       |
20                                       |
              *Plaintiffs,*              | **PLAINTIFF NANYA TECHNOLOGY**
21                                       | **CORPORATION'S OBJECTIONS AND**
                                         | **RESPONSES TO FUJITSU**
   v.                                    | **MICROELECTRONICS AMERICA,**
22                                       | **INC.'S FIRST SET OF REQUESTS FOR**
23 FUJITSU LIMITED and FUJITSU          | **ADMISSIONS (NOS. 1-34)**
   MICROELECTRONICS AMERICA, INC.,      |
24                                       |
             *Defendants.*              |
25

26

27

28
   _____

   PLAINTIFF NANYA TECHNOLOGY CORPORATION'S
   OBJECTIONS AND RESPONSES TO FUJITSU MICROELECTRONICS
   AMERICA, INC.'S FIRST SET OF REQUESTS FOR ADMISSIONS (NOS. 1-34)        **PAGE 1**

1
2
3
4
5
6

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, Plaintiff Nanya Technology Corp. ("NTC ") hereby serves the following Responses and Objections to admissions upon Defendant Fujitsu Microelectronics America, Inc. ("FMA"). NTC hereby reserves the right to supplement all responses to these admissions in accordance with Federal Rules of Civil Procedure 26(e).

7

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

8
9
10
11
12
13
14
15
16
17

1.      NTC objects to the definitions of "Nanya," "you" and "your" to the extent that they encompass "all predecessor or successor companies or corporations" that are not currently part of NTC, to the extent they encompass "present ... investigators, accountants, consultants, attorneys, other representatives, or any other persons acting or purporting to act on behalf of any of them" who are not part of NTC, to the extent they encompass "consultants" otherwise protected by the consulting expert privilege, to the extent they encompass "attorneys" otherwise protected by the attorney client and/or work product privileges, and to the extent they encompass "former offices, directors, employees, agents, investigators, accountants, consultants, attorneys, other representatives, or any other persons acting or purporting to act on behalf of any of them" that are not currently part of NTC.

18
19
20

2.      NTC objects to the definition of "document" to the extent it purports to cover subject matter in excess of Federal Rule of Civil Procedure 34.

21
22

3.      NTC objects to the definition of "electronically stored information" to the extent it purports to cover subject matter in excess of Federal Rule of Civil Procedure 34.

23
24

4.      NTC objects to the definition of "identify" to the extent it calls for a response in excess of the minimum requirements of Federal Rule of Civil Procedure 36.

25
26
27

5.      NTC objects to the Instructions generally to the extent they call for a response in excess of the minimum requirements of Federal Rule of Civil Procedure 36.

28

6.      NTC objects to Instruction No. 7 to the extent it recites privilege log requirements in

---

**PLAINTIFF NANYA TECHNOLOGY CORPORATION'S**
**OBJECTIONS AND RESPONSES TO FUJITSU MICROELECTRONICS**
**AMERICA, INC.'S FIRST SET OF REQUESTS FOR ADMISSIONS (NOS. 1-34)**                    **PAGE 2**

1   excess of the requirements called for by this Court, Ninth Circuit precedent, and the Federal Rules of

2   Civil Procedure.

3       7.       NTC objects to Footnote No. 1 and Defendants' attempted disclaimer that they are not

4   substantively participating in the present lawsuit in Guam.

## RESPONSES AND OBJECTIONS TO FMA'S ADMISSIONS

Subject to the foregoing objections, NTC further objects and responds as follows:

## REQUEST FOR ADMISSION NO. 1:

Admit that Nanya does not maintain any offices in Guam.

## OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 1:

NTC objects to Request for Admission No. 1 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 1 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 1 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

## REQUEST FOR ADMISSION NO. 2:

Admit that Nanya does not maintain any operations in Guam.

## OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 2:

NTC objects to Request for Admission No. 2 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 2 as seeking irrelevant to any claim or

defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 2 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 3**:

Admit that Nanya does not have any employees in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 3:**

NTC objects to Request for Admission No. 3 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 3 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 3 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Nanya does not have any affiliates in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 4:**

NTC objects to Request for Admission No. 4 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 4 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called

1  for by Request for Admission No. 4 seasonably after FMA serves its Local Rule 26.2 pre-discovery

2  disclosures.

3  **REQUEST FOR ADMISSION NO. 5:**

4      Admit that Nanya does not have any salespersons in Guam.

5

6  **OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 5:**

7      NTC objects to Request for Admission No. 5 as premature. FMA has not served pre-discovery

8  disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a).

9  Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to

10 respond. NTC further objects to Request for Admission No. 5 as seeking irrelevant to any claim or

11 defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the

12 foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called

13

14 for by Request for Admission No. 5 seasonably after FMA serves its Local Rule 26.2 pre-discovery

15 disclosures.

16 **REQUEST FOR ADMISSION NO. 6:**

17      Admit that Nanya has not advertised any products in the Guam local newspapers or Guam local

18 magazines in the six years before the Complaint was filed in this action.

19

20 **OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 6:**

21      NTC objects to Request for Admission No. 6 as premature. FMA has not served pre-discovery

22 disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a).

23 Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to

24 respond. NTC further objects to Request for Admission No. 6 as seeking irrelevant to any claim or

25 defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the

26 foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called

27

28 for by Request for Admission No. 6 seasonably after FMA serves its Local Rule 26.2 pre-discovery

disclosures.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Nanya has not advertised any services in the Guam local newspapers or Guam local magazines in the six years before the Complaint was filed in this action.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 7:**

NTC objects to Request for Admission No. 7 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 7 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 7 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 8:**

Admit that Nanya does not have real property in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 8:**

NTC objects to Request for Admission No. 8 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 8 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 8 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 9:**

Admit that Nanya does not lease any facility in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 9:**

NTC objects to Request for Admission No. 9 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 9 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 9 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Nanya does not have a bank account in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 10:**

NTC objects to Request for Admission No. 10 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 10 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 10 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 11:**

Admit that Nanya does not maintain a telephone number in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 11:**

NTC objects to Request for Admission No. 11 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 11 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 11 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 12:**

Admit that Nanya does not maintain a telefax number in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 12:**

NTC objects to Request for Admission No. 12 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 12 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 12 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 13:**

Admit that Nanya does not have a telex number in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 13:**

NTC objects to Request for Admission No. 13 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 13 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 13 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 14:**

Admit that Nanya does not have any directors in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 14:**

NTC objects to Request for Admission No. 14 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 14 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 14 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 15:**

Admit that Nanya does not have any officers in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 15:**

NTC objects to Request for Admission No. 15 as premature. FMA has not served pre-

discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 15 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 15 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 16:**

Admit that Nanya does not maintain a post office box in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 16:**

NTC objects to Request for Admission No. 16 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 16 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 16 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 17:**

Admit that Nanya does not maintain a street address in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 17:**

NTC objects to Request for Admission No. 17 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever

to respond. NTC further objects to Request for Admission No. 17 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 17 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 18:**

Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No. 06-CV-00025 in the District of Guam, Nanya has never been party to a lawsuit or legal proceeding in any Guam Federal District Court.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 18:**

NTC objects to Request for Admission No. 18 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 18 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 18 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 19:**

Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No. 06-CV-00025 in the District of Guam, Nanya did not have in Guam any documents relevant to the subject matter of this lawsuit.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 19:**

NTC objects to Request for Admission No. 19 as premature. FMA has not served pre-

discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 19 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 19 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 20:**

Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No. 06-CV-00025 in the District of Guam, Nanya had not appointed an agent in Guam for service of process.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 20:**

NTC objects to Request for Admission No. 20 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 20 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 20 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 21:**

Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No. 06-CV-00025 in the District of Guam, Nanya had not negotiated any agreements in Guam concerning the subject matter of this action.

1    **OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 21:**

2        NTC objects to Request for Admission No. 21 as premature. FMA has not served pre-

3    discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure

4    26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever

5    to respond. NTC further objects to Request for Admission No. 21 as seeking irrelevant to any claim or

6    defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the

7    foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called

8    for by Request for Admission No. 21 seasonably after FMA serves its Local Rule 26.2 pre-discovery

9    disclosures.

10   **REQUEST FOR ADMISSION NO. 22:**

11       Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No.

12   06-CV-00025 in the District of Guam, Nanya had not executed any agreements in Guam concerning

13   the subject matter of this action.

14   **OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 22:**

15       NTC objects to Request for Admission No. 22 as premature. FMA has not served pre-

16   discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure

17   26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever

18   to respond. NTC further objects to Request for Admission No. 22 as seeking irrelevant to any claim or

19   defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the

20   foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called

21   for by Request for Admission No. 22 seasonably after FMA serves its Local Rule 26.2 pre-discovery

22   disclosures.

23   **REQUEST FOR ADMISSION NO. 23:**

24       Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No.

06-CV-00025 in the District of Guam, Nanya had not executed any agreements that called for Nanya's performance in Guam concerning the subject matter of this action.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 23:**

NTC objects to Request for Admission No. 23 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 23 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 23 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 24:**

Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No. 06-CV-00025 in the District of Guam, Nanya had no correspondence with Fujitsu in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 24:**

NTC objects to Request for Admission No. 24 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 24 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 24 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

1  **REQUEST FOR ADMISSION NO. 25:**

2      Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No.

3  06-CV-00025 in the District of Guam, Nanya had no correspondence with FMA in Guam.

4  **OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 25:**

5

6      NTC objects to Request for Admission No. 25 as premature.  FMA has not served pre-

7  discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure

8  26(a).  Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever

9  to respond.  NTC further objects to Request for Admission No. 25 as seeking irrelevant to any claim or

10 defense at issue in this case, including but not limited to jurisdiction and convenience.  Subject to the

11 foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called

12 for by Request for Admission No. 25 seasonably after FMA serves its Local Rule 26.2 pre-discovery

13

14 disclosures.

15 **REQUEST FOR ADMISSION NO. 26:**

16     Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No.

17 06-CV-00025 in the District of Guam, Nanya had no correspondence with Fujitsu relating to any

18 business in Guam.

19
   **OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 26:**

20

21     NTC objects to Request for Admission No. 26 as premature.  FMA has not served pre-

22 discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure

23 26(a).  Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever

24 to respond.  NTC further objects to Request for Admission No. 26 as seeking irrelevant to any claim or

25 defense at issue in this case, including but not limited to jurisdiction and convenience.  Subject to the

26 foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called

27
   for by Request for Admission No. 26 seasonably after FMA serves its Local Rule 26.2 pre-discovery

28

1  disclosures.

2  **REQUEST FOR ADMISSION NO. 27:**

3      Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No.

4
5  06-CV-00025 in the District of Guam, Nanya had no correspondence with FMA relating to any

6  business in Guam.

7  **OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 27:**

8      NTC objects to Request for Admission No. 27 as premature.  FMA has not served pre-

9  discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure

10 26(a).  Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever

11 to respond.  NTC further objects to Request for Admission No. 27 as seeking irrelevant to any claim or

12
13 defense at issue in this case, including but not limited to jurisdiction and convenience.  Subject to the

14 foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called

15 for by Request for Admission No. 27 seasonably after FMA serves its Local Rule 26.2 pre-discovery

16 disclosures.

17 **REQUEST FOR ADMISSION NO. 28:**

18      Admit that Nanya does not file a tax return in Guam.

19
   **OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 28:**
20
21      NTC objects to Request for Admission No. 28 as premature.  FMA has not served pre-

22 discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure

23 26(a).  Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever

24 to respond.  NTC further objects to Request for Admission No. 28 as seeking irrelevant to any claim or

25 defense at issue in this case, including but not limited to jurisdiction and convenience.  Subject to the

26 foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called
27
28 for by Request for Admission No. 28 seasonably after FMA serves its Local Rule 26.2 pre-discovery

disclosures.

**REQUEST FOR ADMISSION NO. 29:**

Admit that Nanya does not distribute any products concerning the subject matter of this action in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 29:**

NTC objects to Request for Admission No. 29 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 29 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 29 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 30:**

Admit that Nanya Accused Products are offered for sale in the Northern District of California.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 30:**

NTC objects to Request for Admission No. 30 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 30 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 30 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 31:**

Admit that Nanya Accused Products are sold in the Northern District of California.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 31:**

NTC objects to Request for Admission No. 31 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 31 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 31 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 32:**

Admit that Nanya Accused Products are imported into the Northern District of California.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 32:**

NTC objects to Request for Admission No. 32 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever to respond. NTC further objects to Request for Admission No. 32 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 32 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

1  **REQUEST FOR ADMISSION NO. 33:**

2  Admit that Nanya obtains revenue from Nanya Accused Products sold within the Northern

3  District of California.

4  **OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 33:**

5

6  NTC objects to Request for Admission No. 33 as premature. FMA has not served pre-

7  discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure

8  26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever

9  to respond. NTC further objects to Request for Admission No. 33 as seeking irrelevant to any claim or

10  defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the

11  foregoing objections, NTC will supplement and respond to the relevant subject matter, if any, called

12  for by Request for Admission No. 33 seasonably after FMA serves its Local Rule 26.2 pre-discovery

13  disclosures.

14

15  **REQUEST FOR ADMISSION NO. 34:**

16  Admit that the United States District Court for the Northern District of California has personal

17  jurisdiction over Nanya.

18  **OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 34:**

19  NTC objects to Request for Admission No. 34 as premature. FMA has not served pre-

20  discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure

21  26(a). Because no pre-discovery disclosures have been made, NTC is under no obligation whatsoever

22  to respond. NTC further objects to Request for Admission No. 34 as seeking irrelevant to any claim or

23  defense at issue in this case, including but not limited to jurisdiction and convenience. NTC further

24  objects to Request for Admission No. 34 as not seeking facts, but a legal conclusion for a court to

25  decide. Subject to the foregoing objections, NTC will supplement and respond to the relevant subject

26  matter, if any, called for by Request for Admission No. 34 seasonably after FMA serves its Local Rule

27

28

PLAINTIFF NANYA TECHNOLOGY CORPORATION'S
OBJECTIONS AND RESPONSES TO FUJITSU MICROELECTRONICS
AMERICA, INC.'S FIRST SET OF REQUESTS FOR ADMISSIONS (NOS. 1-34)          **PAGE 19**

1   26.2 pre-discovery disclosures.

2

3   Dated: April 23, 2007                    SHORE CHAN BRAGALONE LLP

4

5                                            By:    /s/ Alfonso Garcia Chan
                                                    ALFONSO GARCIA CHAN, ESQ.
6                                                   (admitted *pro hac vice*)

7                                            ATTORNEYS FOR PLAINTIFFS
                                             Nanya Technology Corp. and
8                                            Nanya Technology Corp. U.S.A.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF NANYA TECHNOLOGY CORPORATION'S**
**OBJECTIONS AND RESPONSES TO FUJITSU MICROELECTRONICS**
**AMERICA, INC.'S FIRST SET OF REQUESTS FOR ADMISSIONS (NOS. 1-34)**          **PAGE 20**

1

## CERTIFICATE OF SERVICE

2

3      I hereby certify that a true and correct copy of the foregoing document was served on the

4  following counsel of record via electronic mail and confirmatory first class mail on April 23, 2007:

5      Rodney J. Jacob                          Michael M. Murray
       Daniel M. Benjamin                       Milbank Tweed Hadley & McCloy LLP
6      Calvo & Clark, LLP                       1 Chase Manhattan Plaza
       655 South Marine Corps Dr., Suite 202    New York, New York 10005-1413
7      Tamuning, Guam 96913

8

9                                              /s/ Alfonso Garcia Chan_____.
                                               ALFONSO GARCIA CHAN
10
                                               ATTORNEYS FOR PLAINTIFFS
11                                             Nanya Technology Corp. and
                                               Nanya Technology Corp. U.S.A.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF NANYA TECHNOLOGY CORPORATION'S**
**OBJECTIONS AND RESPONSES TO FUJITSU MICROELECTRONICS**
**AMERICA, INC.'S FIRST SET OF REQUESTS FOR ADMISSIONS (NOS. 1-34)**          PAGE 21