# EXHIBIT L

**JOSEPH C. RAZZANO, ESQ.**
**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM  96910
TELEPHONE: (671) 477-9891/4
FACSIMILE:  (671) 472-2601

**JOHN S. UNPINGCO, ESQ.**
**UNPINGCO & ASSOCIATES, LLC**
SUITE 12B, SINAJANA MALL
SINAJANA, GUAM
TELEPHONE: (671) 475-8545
FACSIMILE: (671) 475-8550

**MICHAEL W. SHORE**
**ALFONSO GARCIA CHAN**
**MARTIN PASCUAL**
**SHORE CHAN BRAGALONE, LLP**
325 NORTH SAINT PAUL STREET, SUITE 4450
DALLAS, TEXAS 75201
TELEPHONE: (214) 593-9110
FACSIMILE: (214) 593-9111

*Attorneys for Plaintiffs*
*Nanya Technology Corp. and*
*Nanya Technology Corp. U.S.A.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP. and NANYA TECHNOLOGY CORP. U.S.A., *Plaintiffs,* v. FUJITSU LIMITED and FUJITSU MICROELECTRONICS AMERICA, INC., *Defendants.* | Case No. CV-06-00025 **PLAINTIFF NANYA TECHNOLOGY CORPORATION U.S.A.'S OBJECTIONS AND RESPONSES TO FUJITSU MICROELECTRONICS AMERICA, INC.'S FIRST SET OF REQUESTS FOR ADMISSIONS (NOS. 1-34)** |

1

2

3

4

5

6

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, Plaintiff Nanya Technology Corp. U.S.A. ("NTC USA") hereby serves the following Responses and Objections to admissions upon Defendant Fujitsu Microelectronics America, Inc. ("FMA"). NTC USA hereby reserves the right to supplement all responses to these admissions in accordance with Federal Rules of Civil Procedure 26(e).

7

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

8

9

10

11

12

13

14

15

16

17

18

19

1.    NTC USA objects to the definitions of "Nanya USA," "you" and "your" to the extent that they encompass "all predecessor or successor companies or corporations" that are not currently part of NTC USA, to the extent they encompass "present ... investigators, accountants, consultants, attorneys, other representatives, or any other persons acting or purporting to act on behalf of any of them" who are not part of NTC USA, to the extent they encompass "consultants" otherwise protected by the consulting expert privilege, to the extent they encompass "attorneys" otherwise protected by the attorney client and/or work product privileges, and to the extent they encompass "former offices, directors, employees, agents, investigators, accountants, consultants, attorneys, other representatives, or any other persons acting or purporting to act on behalf of any of them" that are not currently part of NTC USA.

20

21

2.    NTC USA objects to the definition of "document" to the extent it purports to cover subject matter in excess of Federal Rule of Civil Procedure 34.

22

23

3.    NTC USA objects to the definition of "electronically stored information" to the extent it purports to cover subject matter in excess of Federal Rule of Civil Procedure 34.

24

25

4.    NTC USA objects to the definition of "identify" to the extent it calls for a response in excess of the minimum requirements of Federal Rule of Civil Procedure 36.

26

27

28

5.    NTC USA objects to the Instructions generally to the extent they call for a response in excess of the minimum requirements of Federal Rule of Civil Procedure 36.

6.     NTC USA objects to Instruction No. 7 to the extent it recites privilege log requirements in excess of the requirements called for by this Court, Ninth Circuit precedent, and the Federal Rules of Civil Procedure.

7.     NTC USA objects to Footnote No. 1 and Defendants' attempted disclaimer that they are not substantively participating in the present lawsuit in Guam.

## RESPONSES AND OBJECTIONS TO FMA'S ADMISSIONS

Subject to the foregoing objections, NTC USA further objects and responds as follows:

### REQUEST FOR ADMISSION NO. 1:

Admit that Nanya USA does not maintain any offices in Guam.

### OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 1:

NTC USA objects to Request for Admission No. 1 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 1 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 1 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

### REQUEST FOR ADMISSION NO. 2:

Admit that Nanya USA does not maintain any operations in Guam.

### OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 2:

NTC USA objects to Request for Admission No. 2 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation

whatsoever to respond. NTC USA further objects to Request for Admission No. 2 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 2 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 3**:

Admit that Nanya USA does not have any employees in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 3:**

NTC USA objects to Request for Admission No. 3 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 3 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 3 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Nanya USA does not have any affiliates in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 4:**

NTC USA objects to Request for Admission No. 4 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 4 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and

convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 4 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 5:**

Admit that Nanya USA does not have any salespersons in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 5:**

NTC USA objects to Request for Admission No. 5 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 5 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 5 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 6:**

Admit that Nanya USA has not advertised any products in the Guam local newspapers or Guam local magazines in the six years before the Complaint was filed in this action.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 6:**

NTC USA objects to Request for Admission No. 6 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 6 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the

relevant subject matter, if any, called for by Request for Admission No. 6 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Nanya USA has not advertised any services in the Guam local newspapers or Guam local magazines in the six years before the Complaint was filed in this action.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 7:**

NTC USA objects to Request for Admission No. 7 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 7 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 7 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 8:**

Admit that Nanya USA does not have real property in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 8:**

NTC USA objects to Request for Admission No. 8 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 8 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 8 seasonably after FMA serves

1  its Local Rule 26.2 pre-discovery disclosures.

2  **REQUEST FOR ADMISSION NO. 9:**

3      Admit that Nanya USA does not lease any facility in Guam.

4  **OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 9:**

5

6      NTC USA objects to Request for Admission No. 9 as premature. FMA has not served pre-

7  discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure

8  26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation

9  whatsoever to respond. NTC USA further objects to Request for Admission No. 9 as seeking

10  irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and

11  convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the

12

13  relevant subject matter, if any, called for by Request for Admission No. 9 seasonably after FMA serves

14  its Local Rule 26.2 pre-discovery disclosures.

15  **REQUEST FOR ADMISSION NO. 10:**

16      Admit that Nanya USA does not have a bank account in Guam.

17  **OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 10:**

18      NTC USA objects to Request for Admission No. 10 as premature. FMA has not served pre-

19
20  discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure

21  26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation

22  whatsoever to respond. NTC USA further objects to Request for Admission No. 10 as seeking

23  irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and

24  convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the

25  relevant subject matter, if any, called for by Request for Admission No. 10 seasonably after FMA

26  serves its Local Rule 26.2 pre-discovery disclosures.

27
28

**REQUEST FOR ADMISSION NO. 11:**

Admit that Nanya USA does not maintain a telephone number in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 11:**

NTC USA objects to Request for Admission No. 11 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 11 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 11 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 12:**

Admit that Nanya USA does not maintain a telefax number in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 12:**

NTC USA objects to Request for Admission No. 12 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 12 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 12 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 13:**

Admit that Nanya USA does not have a telex number in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 13:**

NTC USA objects to Request for Admission No. 13 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 13 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 13 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 14:**

Admit that Nanya USA does not have any directors in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 14:**

NTC USA objects to Request for Admission No. 14 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 14 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 14 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 15:**

Admit that Nanya USA does not have any officers in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 15:**

NTC USA objects to Request for Admission No. 15 as premature. FMA has not served pre-

discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 15 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 15 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

## REQUEST FOR ADMISSION NO. 16:

Admit that Nanya USA does not maintain a post office box in Guam.

## OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 16:

NTC USA objects to Request for Admission No. 16 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 16 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 16 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

## REQUEST FOR ADMISSION NO. 17:

Admit that Nanya USA does not maintain a street address in Guam.

## OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 17:

NTC USA objects to Request for Admission No. 17 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation

whatsoever to respond. NTC USA further objects to Request for Admission No. 17 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 17 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 18:**

Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No. 06-CV-00025 in the District of Guam, Nanya USA has never been party to a lawsuit or legal proceeding in any Guam Federal District Court.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 18:**

NTC USA objects to Request for Admission No. 18 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 18 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 18 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 19:**

Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No. 06-CV-00025 in the District of Guam, Nanya USA did not have in Guam any documents relevant to the subject matter of this lawsuit.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 19:**

NTC USA objects to Request for Admission No. 19 as premature. FMA has not served pre-

discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 19 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 19 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 20:**

Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No. 06-CV-00025 in the District of Guam, Nanya USA had not appointed an agent in Guam for service of process.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 20:**

NTC USA objects to Request for Admission No. 20 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 20 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 20 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 21:**

Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No. 06-CV-00025 in the District of Guam, Nanya USA had not negotiated any agreements in Guam concerning the subject matter of this action.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 21:**

NTC USA objects to Request for Admission No. 21 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 21 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 21 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 22:**

Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No. 06-CV-00025 in the District of Guam, Nanya USA had not executed any agreements in Guam concerning the subject matter of this action.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 22:**

NTC USA objects to Request for Admission No. 22 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 22 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 22 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 23:**

Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No.

1  06-CV-00025 in the District of Guam, Nanya USA had not executed any agreements that called for

2  Nanya's performance in Guam concerning the subject matter of this action.

3  **OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 23:**

4
5  NTC USA objects to Request for Admission No. 23 as premature. FMA has not served pre-

6  discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure

7  26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation

8  whatsoever to respond. NTC USA further objects to Request for Admission No. 23 as seeking

9  irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and

10  convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the

11  relevant subject matter, if any, called for by Request for Admission No. 23 seasonably after FMA

12  serves its Local Rule 26.2 pre-discovery disclosures.
13

14  **REQUEST FOR ADMISSION NO. 24:**

15  Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No.

16  06-CV-00025 in the District of Guam, Nanya USA had no correspondence with Fujitsu in Guam.

17  **OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 24:**

18
19  NTC USA objects to Request for Admission No. 24 as premature. FMA has not served pre-

20  discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure

21  26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation

22  whatsoever to respond. NTC USA further objects to Request for Admission No. 24 as seeking

23  irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and

24  convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the

25  relevant subject matter, if any, called for by Request for Admission No. 24 seasonably after FMA

26  serves its Local Rule 26.2 pre-discovery disclosures.

27

28

**REQUEST FOR ADMISSION NO. 25:**

Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No. 06-CV-00025 in the District of Guam, Nanya USA had no correspondence with FMA in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 25:**

NTC USA objects to Request for Admission No. 25 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 25 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 25 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 26:**

Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No. 06-CV-00025 in the District of Guam, Nanya USA had no correspondence with Fujitsu relating to any business in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 26:**

NTC USA objects to Request for Admission No. 26 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 26 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 26 seasonably after FMA

1    serves its Local Rule 26.2 pre-discovery disclosures.

2    **REQUEST FOR ADMISSION NO. 27:**

3
        Admit that prior to engaging Guam counsel to file *Nanya Tech. Corp. v. Fujitsu Limited*, No.
4
5    06-CV-00025 in the District of Guam, Nanya USA had no correspondence with FMA relating to any

6    business in Guam.

7    **OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 27:**

8        NTC USA objects to Request for Admission No. 27 as premature.  FMA has not served pre-

9    discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure

10   26(a).  Because no pre-discovery disclosures have been made, NTC USA is under no obligation

11   whatsoever to respond.  NTC USA further objects to Request for Admission No. 27 as seeking
12
     irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and
13
14   convenience.  Subject to the foregoing objections, NTC USA will supplement and respond to the

15   relevant subject matter, if any, called for by Request for Admission No. 27 seasonably after FMA

16   serves its Local Rule 26.2 pre-discovery disclosures.

17   **REQUEST FOR ADMISSION NO. 28:**

18       Admit that Nanya USA does not file a tax return in Guam.

19
     **OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 28:**
20
21       NTC USA objects to Request for Admission No. 28 as premature.  FMA has not served pre-

22   discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure

23   26(a).  Because no pre-discovery disclosures have been made, NTC USA is under no obligation

24   whatsoever to respond.  NTC USA further objects to Request for Admission No. 28 as seeking

25   irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and

26   convenience.  Subject to the foregoing objections, NTC USA will supplement and respond to the
27
     relevant subject matter, if any, called for by Request for Admission No. 28 seasonably after FMA
28

serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 29:**

Admit that Nanya USA does not distribute any products concerning the subject matter of this action in Guam.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 29:**

NTC USA objects to Request for Admission No. 29 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 29 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 29 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 30:**

Admit that Nanya USA Accused Products are offered for sale in the Northern District of California.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 30:**

NTC USA objects to Request for Admission No. 30 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 30 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 30 seasonably after FMA

serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 31:**

Admit that Nanya USA Accused Products are sold in the Northern District of California.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 31:**

NTC USA objects to Request for Admission No. 31 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 31 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 31 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 32:**

Admit that Nanya USA Accused Products are imported into the Northern District of California.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 32:**

NTC USA objects to Request for Admission No. 32 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 32 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 32 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 33:**

Admit that Nanya USA obtains revenue from Nanya Accused Products sold within the Northern District of California.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 33:**

NTC USA objects to Request for Admission No. 33 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 33 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 33 seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

**REQUEST FOR ADMISSION NO. 34:**

Admit that the United States District Court for the Northern District of California has personal jurisdiction over Nanya USA.

**OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSION NO. 34:**

NTC USA objects to Request for Admission No. 34 as premature. FMA has not served pre-discovery disclosures in this case as required by Local Rule 26.2 and Federal Rule of Civil Procedure 26(a). Because no pre-discovery disclosures have been made, NTC USA is under no obligation whatsoever to respond. NTC USA further objects to Request for Admission No. 34 as seeking irrelevant to any claim or defense at issue in this case, including but not limited to jurisdiction and convenience. NTC USA further objects to Request for Admission No. 34 as not seeking facts, but a legal conclusion for a court to decide. Subject to the foregoing objections, NTC USA will supplement and respond to the relevant subject matter, if any, called for by Request for Admission No. 24

seasonably after FMA serves its Local Rule 26.2 pre-discovery disclosures.

Dated: April 23, 2007                    SHORE CHAN BRAGALONE LLP


                                         By:    /s/ Alfonso Garcia Chan
                                                ALFONSO GARCIA CHAN, ESQ.
                                                (admitted *pro hac vice*)

                                         ATTORNEYS FOR PLAINTIFFS
                                         Nanya Technology Corp. and
                                         Nanya Technology Corp. U.S.A.

1

## CERTIFICATE OF SERVICE

2

3        I hereby certify that a true and correct copy of the foregoing document was served on the

4    following counsel of record via electronic mail and confirmatory first class mail on April 23, 2007:

5        Rodney J. Jacob                    Michael M. Murray
         Daniel M. Benjamin                 Milbank Tweed Hadley & McCloy LLP
6        Calvo & Clark, LLP                 1 Chase Manhattan Plaza
         655 South Marine Corps Dr., Suite 202   New York, New York 10005-1413
7        Tamuning, Guam 96913

8

9                                           ___/s/ Alfonso Garcia Chan_____
                                            ALFONSO GARCIA CHAN
10
                                            ATTORNEYS FOR PLAINTIFFS
11                                          Nanya Technology Corp. and
                                            Nanya Technology Corp. U.S.A.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**PLAINTIFF NANYA TECHNOLOGY CORPORATION U.S.A.'S**
**OBJECTIONS AND RESPONSES TO FUJITSU MICROELECTRONICS**
**AMERICA, INC.'S FIRST SET OF REQUESTS FOR ADMISSIONS (NOS. 1-34)**          **PAGE 21**

# EXHIBIT M

**FILED**

DISTRICT COURT OF GUAM

FEB 20 2007

MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP. and NANYA TECHNOLOGY CORP. U.S.A., <br><br> Plaintiffs, <br><br> vs. <br><br> FUJITSU LIMITED, FUJITSU MICROELECTRONICS AMERICA, INC., <br><br> Defendants. | CIVIL CASE NO. 06-CV-00025 <br><br><br> **STIPULATION** |

The parties hereby stipulate as follows through their undersigned counsel:

1.    The parties hereby jointly request that the status conference scheduled for February 21, 2007 be moved to March 2, 2007 to coincide with the hearing on Plaintiffs' motions to compel and to exceed the number of interrogatory requests and requests for admission (Docket No. 113, 126, & 132). Such request is made to limit the travel required by off-island counsel for the parties, and to promote judicial efficiency.

# ORIGINAL

2.    Plaintiffs' motion for a protective order (Docket No. 123), and Defendants' opposition to that motion and proposal of an alternative protective order (Docket No. 138), will shortly be mooted by the parties' joint submission of a mutually agreed protective order.

3.    Without waiving any specific objections, Defendants have agreed to produce documents responsive to the jurisdictional discovery requests Plaintiffs have served. Fujitsu Microelectronics America, Inc. ("FMA") shall produce its responsive documents by April 2, 2007. Fujitsu Limited shall produce its responsive documents by April 16, 2007.

4.    FMA shall produce Michael Moore at a mutually convenient time and place for a deposition with regard to his previously filed declaration within two weeks of April 2, 2007. Fujitsu Limited shall produce Shigeru Kitano at a mutually convenient time and place for a deposition with regard to his previously filed declaration within two weeks of April 16, 2007.

5.    With regard to currently pending merits discovery and future merits discovery, the parties have agreed that requests may be served, but that no responses shall be due until thirty days after the hearing on Defendants' pending motions to dismiss or transfer. (Docket Nos. 74 and 89):

6.    So as to permit time for Defendants to make their production of documents in response to Plaintiffs' jurisdictional requests, and for Plaintiffs to review such documents, it is respectfully requested that the hearing on Defendants' motions to dismiss or transfer be rescheduled from March 22, 2007 to June 22, 2007, or such other later date as is convenient for the Court. Because of the briefing time required to address these motions, the parties by this joint stipulation respectfully request the following briefing schedule: (1) Plaintiffs' oppositions shall be due on or before May 15, 2007; (2) Defendants' replies shall be due on or before May 31, 2007; (3) Any sur-reply by Plaintiffs (strictly limited to five total pages) shall be due on or before June 7, 2007; (4) Any sur-reply by Defendants (strictly limited to five total pages) shall be due on or before June 14, 2007. If the parties determine in good faith that production will take longer than anticipated, the parties shall not unreasonably withhold their consent to extending the hearing and briefing dates to permit time for document production and review.

7.    This stipulation is for this case and cause number only and shall not affect in any way pending litigation in either Tokyo or California.

**SO STIPULATED:**

**CALVO & CLARK, LLP**
Attorneys for Defendants
*Fujitsu Limited and*
*Fujitsu Microelectronics America, Inc.*

Date: 2/19/07

By: _____
**DANIEL M. BENJAMIN**

**TEKER, TORRES & TEKER, P.C.**
Attorneys for Plaintiffs
*Nanya Technology Corp. and*
*Nanya Technology Corp. U.S.A.*

Dated: 2/19/07

By: _____
**JOSEPH C. RAZZANO**

3

*CIVIL CASE NO. 06-CV-00025*

# EXHIBIT N

**FILED**

DISTRICT COURT OF GUAM

MAR - 5 2007 *hbc*

MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF GUAM

NANYA TECHNOLOGY CORP. and
NANYA TECHNOLOGY CORP. U.S.A.,

     Plaintiffs,

   vs.

FUJITSU LIMITED, FUJITSU
MICROELECTRONICS AMERICA, INC.,

     Defendants.

CIVIL CASE NO. 06-CV-00025

[PROPOSED] DISCOVERY PLAN

Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure, and Local Rule 16.1 for the District Court of Guam, the parties hereby propose the following Discovery Plan.

See Page 2 *

  1.  Defendants propose that the disclosures required by Fed. R. Civ. P. 26(a)(1) and L.R. 26.2 shall be made, if necessary, thirty (30) days after the Court's ruling on Fujitsu's Motion to Dismiss or Transfer and FMA's Motion to Dismiss or Transfer ("Motions"), set for hearing on March 22, 2007. Plaintiffs propose that the disclosures required by Fed. R. Civ. P. 26(a)(1) and L.R. 26.2 shall be made thirty (30) days after the entry of the Scheduling Order.

  2.  In the event the Motions are denied, the parties anticipate complex and lengthy discovery due to the numerous patents at issue and the complexity of the issues. Discovery will be by document request, request for admission, interrogatories, and depositions. Third party

**ORIGINAL**   *CIVIL CASE NO. 06-CV-00025*

1  discovery has already been filed by Nanya and additional third party discovery is possible.

2  Extensive expert discovery is also anticipated. All or almost all depositions will need to be held

3  in foreign countries and California.

4      3.    Due to the complexity of the case, the parties anticipate that they may need to seek

5  modification of the limitations on discovery provided under the Rules or additional limitations on

6  discovery, and will apply for appropriate relief as needed.

7      4.    Due to the complexity of the case and need for extensive discovery in other

8  countries and in the Fifty States, discovery is anticipated to take in excess of one year. They

9  propose that all discovery will be completed before: February 1, 2008.

10  The parties are not aware at this time of any orders that should be entered by the Court under Rule

11  26(c) or under Rule 16(b) and (c). Plaintiffs served FMA with a first request for production of

12  documents on December 14, 2006. In addition, on January 31, 2007, Plaintiffs provided

13  Defendants with copies of sixteen sets of voluminous merits-based discovery requests, and the

14  parties are currently negotiating response dates. On February 9, 2007, Plaintiffs served sets of

15  discovery requests on Fujitsu and FMA. Nanya has served certain third party subpoenas. Nanya

16  has requested the depositions of Mr. Shigeru Kitano of Fujitsu and Mr. Michael Moore of FMA.

17  //

18  //

19  //

20  //    * The Defendants' disclosures required by Fed.R.Civ.P.26(a)(1) and L.R.
       26.2 shall be made sixty (60) days after the entry of the Scheduling
21  //    Order.

22  //

23  //

24  //

25

2                           *[PROPOSED] DISCOVERY PLAN*

1   FMA has agreed to produce Mr. Moore in California on February 27, 2007. The parties are

2   trying to work out a date and location for Mr. Kitano's deposition.

3       SO ORDERED this _2nd_ day of _March_, 2007.

4

5       Joaquin V.E. Manibusan, Jr.
        U.S. Magistrate Judge, District Court of Guam

6   APPROVED AS TO FORM AND CONTENT:

7                           **CALVO & CLARK, LLP**
                            Attorneys for Defendants

8

9   Date: _2/16/07_

10                          By: _____
                                **DANIEL M. BENJAMIN**

11                          **TEKER, TORRES & TEKER, P.C.**
                            Attorneys for Plaintiffs

12

13  Dated: _2/16/07_

14                          By: _____
                                **JOSEPH C. RAZZANO**

15

16

17

18

19  RECEIVED

20      FEB 1 6 2007

21  DISTRICT COURT OF GUAM
    HAGATNA, GUAM

22

23

24

25

                        3           *[PROPOSED] DISCOVERY PLAN*