**TEKER TORRES & TEKER, P.C.**
130 Aspinall Ave., Suite 2A
Hagåtña, Guam 96910
671.477.9891  Telephone
671.472.2601  Facsimile

**UNPINGCO & ASSOCIATES, LLC**
777 Route 4, Suite 12B
Sinajana, Guam
671.475.8545  Telephone
671.475.8550  Facsimile

**SHORE CHAN BRAGALONE LLP**
325 N. St. Paul Street, Suite 4450
Dallas, Texas 75201
214.593.9110  Telephone
214.593.9111  Facsimile

**SHORE WEST FREEMAN PC**
2020 Bill Owens Parkway, Suite 200
Longview, Texas 75604
903.295.7200  Telephone
903.295.7201  Facsimile

*Attorneys for Plaintiffs Nanya Technology Corp. and
Nanya Technology Corp. U.S.A.*

FILED
DISTRICT COURT OF GUAM
MAY - 2 2007 nuba
MARY L.M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP. and NANYA TECHNOLOGY CORP. U.S.A., | Case No. CV-06-00025 |
| *Plaintiffs,* | **PLAINTIFFS' OBJECTIONS TO THE MAY 10, 2007 HEARING DATE ON DEFENDANTS' MOTION TO IMMEDIATELY TRANSFER FOR CONVENIENCE** |
| v. | |
| FUJITSU LIMITED and FUJITSU MICROELECTRONICS AMERICA, INC., | |
| *Defendants.* | |

NOW COME Plaintiffs Nanya Technology Corporation and Nanya Technology Corporation U.S.A., (collectively, "Nanya") and object to the May 10, 2007 hearing date set for Defendants Fujitsu Limited and Fujitsu Microelectronics America, Inc.'s (collectively, "Defendants") Motion to Immediately Transfer for Convenience, and would respectfully show as follows: ORIGINAL

1        1.      On April 17, 2007, Defendants filed their Motion to Immediately Transfer for

2   Convenience ("Transfer Motion") [Doc. No. 212].   On April 25, 2007, Defendants filed an Ex Parte

3   Application Under L.R. 7.1(j)&(k) to Obtain a May 2007 Hearing Date on Defendants' Motion to

4   Immediately Transfer for Convenience ("Ex Parte Application") [Doc. No. 212].

5        2.      On May 1, 2007, the Court issued an Order setting a hearing date of May 10, 2007 on

6   Defendants' Transfer Motion ("Order") [Doc. No. 226].   The Court also detailed an abbreviated

7   briefing scheduling whereby Nanya's responses to the Transfer Motion would be due May 3, 2007 and

8   Defendants' replies would be due May 7, 2007. *See* Order.

9        3.      Both the condensed time frame in which to respond to Defendants' Transfer Motion and

10  Plaintiffs' inability to conduct discovery regarding the issues raised by Defendants' Transfer Motion

11  effectively violate Nanya's due process rights[1].   Before the Court's Order, Nanya was in the midst of

12  conducting jurisdictional discovery and awaiting further production of documents pursuant to the

13  Court's April 26, 2007 Order [*See* Doc. No. 215], including investigating Defendants' convenience

14  contentions.   Now, due to the abbreviated briefing schedule, Nanya will not have adequate time to

15  conduct any discovery regarding the convenience issue raised by Defendants in their Transfer Motion.

16  Given the severe nature of Defendants' requested relief and refusal to stipulate to basic venue

17  convenience factors such as the address of witnesses, Nanya should be entitled to expedited discovery

18  concerning these issues.   Nanya's due process rights will be clearly prejudiced if Nanya is unable to

19  conduct any discovery into Defendants' conclusory assertions in their Transfer Motion.

20       4.      Moreover, Defendants' failure to comply with the L.R. 26.2 and serve their

21  prediscovery disclosures has permitted Defendants to divulge very little information regarding possible

22  individuals with relevant knowledge of the salient issues.   Despite repeated requests to Defendants on

23  April 13, 16, 20, 23, and 27, 2007, for available deposition dates for Rule 30(b)(6) corporate

24  representatives on the issues raised in Defendants' Transfer Motion, Defendants have disregarded

---

[1] The Court is aware that there is a convergence of critical deadlines. The hearing date on this motion is May 10, 2007.   Approximately 400,000 to 500,000 pages of additional discovery are expected from Defendants on or about May 11, 2007, pursuant to Judge Manibusan's Order of April 26, 2007, and Plaintiffs' opposition to Defendants' Motions to Dismiss are due on May 15, 2007. There is also a Court-ordered mediation scheduled for May 15, 2007 in San Francisco.   Finally, Plaintiffs do have to respond to Defendants' recently filed Motion to Compel.

**PLAINTIFFS' OPBJECTIONS TO THE MAY 10, 2007 HEARING DATE ON DEFENDANTS' MOTION TO IMMEDIATELY TRANSFER FOR CONVENIENCE**

Nanya's requests and failed to give Nanya any dates. *See* the Declaration of Martin Pascual attached hereto as Exhibit A. With the pending May 10th hearing and the May 15, 2007 deadline for Nanya's opposition to Defendants' Motions to Dismiss, Defendants' delay in providing dates demonstrates a clear case of bad faith. Defendants' refusal to provide deposition dates or even the identity and address of persons with knowledge of relevant facts cripples Nanya's ability to respond to Defendants' Transfer Motion and further violates Nanya's due process rights.

5.    Further, by seeking a hearing on their Transfer Motion in May 2007, Defendants are breaching the Stipulation [Doc. No. 148] both parties filed on February 20, 2007 that outlined the jurisdictional briefing schedule and discovery obligations of the parties. Defendants' motion directly violates this agreement and disregards the Court's implicit approval of Nanya's jurisdictional investigation. Nanya has already expended a tremendous amount of time and resources in serving discovery, reviewing documents, and taking depositions in California and New York. Defendants' motion eviscerates all of the time and effort Nanya has spent on discovery directly pursuant to the stipulation and clearly prejudices Nanya's response to Defendants' jurisdictional challenge. Moreover, given the Defendants' refusal to make prediscovery disclosures under L.R. 26.2, and honor the Stipulations entered into by the parties on February 20, 2007 (adopted by the Court on February 26, 2007), Plaintiffs are currently prevented from conducting discovery needed to disprove the allegations in this Transfer Motion. The purpose of the Stipulation was to resolve jurisdictional issues prior to merits discovery. Unfortunately, Defendants now assert the Supreme Court's decision in *Sinochem* in an attempt to cut off Plaintiffs' right to discovery and circumvent the Stipulation altogether.

6.    It is further manifestly unfair to provide Nanya with two days to file an Opposition Brief when declarations need to be obtained from Taiwan[2], and then give Fujitsu four days to file a reply. If anything, the party opposing the transfer should be given more time to file a response than the

---

[2] It should be noted that in Taiwan, the Labor Holiday is May 1st and, like its United States counterpart holiday, the majority of employees take an extended weekend holiday. Thus, obtaining declarations in time for Plaintiffs' Opposition brief is highly difficult, if not impossible.

-3-

1  moving party is given to file a reply.

2      7.    For the above-listed reasons, good cause exists to sustain Nanya's objections.  Thus,

3  Nanya respectfully requests the Court sustain Nanya's objections and reschedule the hearing to a date

4  which would provide both parties a reasonable opportunity to adequately brief this motion and on a

5  date that is convenient to the Court.

6      8.    Alternatively, if the Court decides the May 10, 2007 hearing should proceed, then

7  Nanya respectfully requests the Court compel Defendants to present a corporate representative that can

8  testify to the issues raised by the Transfer Motion and in the attached subpoenas. *See* the Declaration

9  of Joseph C. Razzano attached hereto as Exhibit B.  This is the only opportunity available to Plaintiffs

10  to ascertain facts vital to the opposition of this motion.  As has been previously mentioned herein, there

11  are no prediscovery disclosures, jurisdictional discovery is incomplete and there is no time for

12  discovery to be conducted to oppose this motion.  Nanya respectfully requests the Court's permission

13  to question Defendants' corporate representative on these relevant issues at the hearing.

14      Respectfully submitted this 2nd day of May, 2007, in Hagåtña, Guam.

**TEKER TORRES & TEKER, P.C.**

By _____
JOSEPH C. RAZZANO, ESQ.

**PLAINTIFFS' OPBJECTIONS TO THE MAY 10, 2007 HEARING DATE ON DEFENDANTS' MOTION TO
IMMEDIATELY TRANSFER FOR CONVENIENCE**

# EXHIBIT A

1

**TEKER TORRES & TEKER, P.C.**

2

**SUITE 2A, 130 ASPINALL AVENUE**
**HAGÅTÑA, GUAM  96910**

3

**TELEPHONE: (671) 477-9891/4**
**FACSIMILE:   (671) 472-2601**

4

5

*Attorneys for Plaintiff*
*Nanya Technology Corp.*

6

7

IN THE DISTRICT COURT OF GUAM

8

| | | |
|---|---|---|
| NANYA TECHNOLOGY CORP.  and, | ) | **CIVIL CASE NO. 1:06-CV-0025** |
| NANYA TECHNOLOGY CORP. U.S.A., | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| | ) | |
| FUJITSU LIMITED, FUJITSU | ) | |
| MICROELECTRONICS AMERICA, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

9

10

11

12

13

14

15

16

17

18

**DECLARATION OF MARTIN PASCUAL**

19

20

I, Martin Pascual, hereby declare as follows:

21

     1.    My name is Martin Pascual.  I am over the age of 21 and am competent to make

22

this declaration.  All of the statements set forth herein are true and correct and are based on my

23

personal knowledge.

24

     2.    I represent Nanya Technology Corporation and Nanya Technology Corporation,

25

U.S.A. ("Nanya") in the above-captioned cause.

26

27

28

-1-

1      3.      Attached as Exhibit A are true and correct copies of the following

2  correspondence: 4/13/07 letter from Pascual to Murray and Chalsen; 4/16/07 email from Pascual

3  to Murray; 4/20/07 letter from Pascual to Murray and Chalsen; 4/23/07 letter from Pascual to

4  Murray and Chalsen; 4/27/07 letter from Pascual to Murray and Chalsen.

5

6

7      I hereby declare under penalty of perjury that the foregoing is true and correct and, if

8  called upon to testify, I would be competent to testify thereto.

9

10

11  Dated: May 2, 2007

12  Martin Pascual

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# SHORECHAN
# BRAGALONE LLP

Martin Pascual
Republic Center
325 North Saint Paul Street
Suite 4450
Dallas, Texas 75201
214-593-9118 Telephone
214-593-9111 Facsimile
mpascual@shorechan.com

April 13, 2007

**VIA EMAIL**
Michael Murray, Esq.
Christopher Chalsen, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, NY 10005

Re:  *Nanya Technology Corp., et al. v. Fujitsu Limited, et al.*
     (No. 06-CV-00025, in the U.S. District Court, District of Guam).

Dear Counsel:

I write to follow up on our conversation yesterday and our letters of March 22, 2007 and April 9, 2007.

Nanya does not believe its jurisdictional discovery requests have been sufficiently satisfied. Nanya served discovery requests on December 14, 2006 and February 9, 2007 and has been waiting for over four months for documents. We continue to be willing to work with you in getting these documents. I hope you are willing to work with us in this regard. As you are aware, the pending May 15, 2007 deadline for Nanya's response to FMA's jurisdictional challenge requires an immediate unqualified response on your part. Therefore, as we discussed, please let us know by 6 p.m. (CST) Friday, April 13, 2007 when you will produce all of the requested documents.

Because you desire further clarification of our discovery requests, let me restate the categories that were set out in our December 14, 2006 and February 9, 2007 discovery requests and our March 22, 2007 and April 9, 2007 letters:

1.  All documents identifying any product that incorporates any one or more of the Accused Devices (defined as both the "Accused Devices" and "Similar Devices" detailed in Plaintiffs' Second Set of Jurisdictional Requests for Production to FMA, served on February 9, 2007). These requests are narrowly tailored to discover evidence related to potentially infringing devices that may be available in Guam through the stream of commerce;



Michael Murray, Esq.
Christopher Chalsen, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
April 13, 2007
Page 2

2.    All documents identifying the entities involved in the design, supply, manufacture, sales, solicitation, or purchase of the Accused Devices. These categories address whether FMA places its products into the stream of commerce and whether these products are likely to be available in the forum site;

3.    Documents regarding communications, sales, marketing, incorporation or integration of the Accused Devices into FMA's customers' or potential customers' products. These requests seek to identify and track the incorporation of the Accused Devices into end-products and the final destination of such end-products;

4.    All documents showing design wins for any Accused Device including but not limited to FlexRay, "MOST" or "CAN" controllers or devices. These categories address the design and/or incorporation of the Accused Devices into networking, wireless, automotive, industrial, consumer, and security applications; and

6.    Documents identifying all FMA customers from 1999 to 2007.

Also, as we discussed, please let us know by Tuesday, April 17, 2007 when you can make available for deposition a Rule 30(b)(6) corporate representative for FMA on the following topics:

1.    All design wins for the Accused Devices from 1999 to 2007;

2.    All products that incorporate the Accused Devices from 1999 to 2007;

3.    All customers or purchasers of the Accused Devices from 1999 to 2007;

4.    The sales cycle for the Accused Devices, which includes how FMA markets the Accused Devices, how FMA works with its customers so that the Accused Devices can be incorporated or integrated into FMA's customers' products;

5.    Market data and sales' projections for the Accused Devices; and

6.    All qualifications of the Accused Devices.



SHORECHAN
BRAGALONE LLP

Michael Murray, Esq.
Christopher Chalsen, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
April 13, 2007
Page 3

We look forward to hearing from you by the end of the day.

Regards,

Martin Pascual

cc:     Daniel Benjamin (via email)
        Rodney Jacob (via email)
        Joseph Razzano (via email)
        Judge John Unpingco (via email)

## Mary Henry

| | |
|---|---|
| From: | Murray, Michael [MMurray@milbank.com] |
| Sent: | Monday, April 16, 2007 12:32 PM |
| To: | Martin Pascual |
| Cc: | dbenjamin@calvoclark.com; rjacob@calvoclark.com; jrazzano@tttguamlawyers.com; junpingco@ualawguam.com; Kass, Lawrence; Mary Henry; Alfonso G Chan; Vance Freeman; Chaisen, Christopher; Michael Shore; Michael Shore |

**Subject:** RE: Response to Ltr MP to Murray and Chaisen 04-13-2007 re document production and topics for corp rep

Yes, I understand you filed a motion but I haven't seen it yet. Can you e-mail me a copy?

---

**From:** Martin Pascual [mailto:mpascual@ShoreChan.com]
**Sent:** Monday, April 16, 2007 1:31 PM
**To:** Murray, Michael
**Cc:** dbenjamin@calvoclark.com; rjacob@calvoclark.com; jrazzano@tttguamlawyers.com; junpingco@ualawguam.com; Kass, Lawrence; Mary Henry; Alfonso G Chan; Vance Freeman; Chaisen, Christopher; Michael Shore; Michael Shore
**Subject:** RE: Response to Ltr MP to Murray and Chaisen 04-13-2007 re document production and topics for corp rep

Dear Mike:

Please let us know as soon as possible regarding available dates for FMA's corporate representatives for jurisdictional issues.

Regarding the document production issues, it is clear that we do not agree with your interpretation of the agreement regarding your obligations regarding our request for documents. Therefore, at this point, because of the pending jurisdictional briefing deadlines, we feel that the most efficient way to resolve our issues with the document production is through court intervention.

Regards,

Martin

---

**From:** Murray, Michael [mailto:MMurray@milbank.com]
**Sent:** Sun 4/15/2007 3:53 PM
**To:** Martin Pascual
**Cc:** dbenjamin@calvoclark.com; rjacob@calvoclark.com; jrazzano@tttguamlawyers.com; junpingco@ualawguam.com; Kass, Lawrence; Mary Henry; Alfonso G Chan; Vance Freeman; Chaisen, Christopher
**Subject:** Response to Ltr MP to Murray and Chaisen 04-13-2007 re document production and topics for corp rep

Dear Martin:

This is in response to your April 13, 2007 letter.

First, we strongly disagree that Nanya's jurisdictional discovery requests have not been completely satisfied. As you know, FMA considered the requests served in December to be premature and objected on this and several other grounds. The parties discussed those requests and agreed on a schedule for production. FMA then produced all responsive documents on the agreed schedule. Thus, your statement that you have been waiting for "over four months" for these documents is completely incorrect. You received, on schedule, all responsive documents for this

Case 4:07-cv-03672-CW    Document 1-293    Filed 07/17/2007    Page 13 of 33

set that FMA was able to find after a reasonable search. As you know, the original requests were directed to DRAMs, and not the expanded "Accused Devices" defined in your second set of jurisdictional discovery requests.

Concerning this second set of jurisdictional discovery requests, served two months after the first set, FMA also objected on various grounds, including that the requests were vague and overbroad. The parties met and conferred on these requests and you could not justify the broad scope of the requests. As a result of that meet and confer, Nanya agreed to accept the documents covered by the categories set forth in Vance Freeman's letter dated March 22, 2007 ("Freeman letter"). FMA then supplemented its earlier productions such that it produced all documents responsive to the Freeman letter found after a reasonable search. Again, this production was substantially completed on the agreed schedule, with a small number of additional documents being produced before the Moore deposition. Thus, FMA has completely satisfied its obligations under both sets of discovery requests.

I note that in our conversation on April 12, 2007 I asked you several times to point to specific categories set forth in the Freeman letter where you believe that responsive documents have not been produced. While you made general and vague complaints about the documents produced, you were unable to identify a single category in the Freeman letter where we have allegedly failed to provide documents. Furthermore, during that discussion I certainly did not ask for "further clarification" of your discovery requests. The Freeman letter is perfectly clear and needs no "clarification". Rather, you have now apparently changed your position that documents responsive to the Freeman letter are sufficient for jurisdictional discovery purposes and are now asking for substantially more documents. A simple comparison between the categories set forth in your April 13, 2007 letter and the categories in the Freeman letter makes it obvious that you are now seeking a substantially broader scope of documents. The fact that your change in position comes about one month before your deadline for response to FMA's motion is entirely Nanya's doing and is not the result of any failure to produce by FMA. Your demand for an "immediate and unqualified response" is inappropriate.

In spite of the shifting nature of Nanya's document demands, FMA remains willing to conduct additional searches to provide the maximum reasonable discovery in advance of the hearing. However, such additional requests must be timely and not place undue burden on FMA. The requests contained in your latest letter are clearly overbroad. For example, request number 2 seeks "all documents identifying the entities involved in the design, supply, manufacture, sales, solicitation, or purchase of the Accused Devices". This would potentially sweep in hundreds of thousands of documents and goes far beyond any reasonable discovery focused on jurisdictional issues.

While we certainly do not agree to collect every document responsive to these latest requests, we are now conducting a search for responsive documents and have already received a number of additional documents from FMA. This search will continue this week and we should be able to begin production on a rolling basis before the end of the week. At this point, we do not know how many documents will be produced or when production can be completed. We should be able to discuss these issues in more detail by the middle of this week after we understand the volume of documents that are involved.

Concerning the proposed 30(b)(6) deposition, we are investigating the request and will respond in due course. These categories are obviously extremely broad, and there are a number of individuals within FMA that have to be consulted before we are able to respond.

Sincerely,

Mike Murray

---

**From:** Martin Pascual [mailto:mpascual@ShoreChan.com]
**Sent:** Fri 4/13/2007 5:11 PM

4/16/2007

**To:** Murray, Michael; Chalsen, Christopher
**Cc:** dbenjamin@calvoclark.com; rjacob@calvoclark.com; jrazzano@tttguamlawyers.com; junpingco@ualawguam.com; Kass, Lawrence; Mary Henry; Alfonso G Chan; Vance Freeman
**Subject:** RE: Emailing: NANYA Fujitsu Ltr MP to Murray and Chalsen 04-13-2007 re document production and topics for corp rep

Mike,

Call me this weekend (214.235.7320/cell) or email me your response regarding the letter. We need to hear from you this weekend or by Monday (Guam time).

Thanks,

Martin

-----Original Message-----
From: Chalsen, Christopher [mailto:CChalsen@milbank.com]
Sent: Friday, April 13, 2007 12:37 PM
To: Martin Pascual; Mary Henry
Cc: dbenjamin@calvoclark.com; rjacob@calvoclark.com; jrazzano@tttguamlawyers.com; junpingco@ualawguam.com; Murray, Michael; Kass, Lawrence
Subject: RE: Emailing: NANYA Fujitsu Ltr MP to Murray and Chalsen 04-13-2007 re document production and topics for corp rep

Dear Martin:

We have your letter sent by email below. As you may know, Mike Murray, who has been coordinating the document production issues, is on a plane returning from the Moore deposition. I understand that his flight is not due in until around 5:00 p.m., making it not feasible for him to review your letter and reply by 6:00 CST. However, rest assured we are looking into this and will revert shortly.

Regards,

Chris Chalsen

-----Original Message-----
From: Mary Henry [mailto:mhenry@ShoreChan.com]
Sent: Friday, April 13, 2007 1:22 PM
To: Murray, Michael; Chalsen, Christopher
Cc: dbenjamin@calvoclark.com; rjacob@calvoclark.com; jrazzano@tttguamlawyers.com; junpingco@ualawguam.com; Martin Pascual
Subject: Emailing: NANYA Fujitsu Ltr MP to Murray and Chalsen 04-13-2007 re document production and topics for corp rep

<<NANYA Fujitsu Ltr MP to Murray and Chalsen 04-13-2007 re document production and topics for corp rep.pdf>> The message is ready to be sent with the following file or link attachments:

NANYA Fujitsu Ltr MP to Murray and Chalsen 04-13-2007 re document production and topics for corp rep

**IRS Circular 230 Disclosure:** U.S. federal tax advice in the foregoing message from Milbank, Tweed, Hadley

& McCloy LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor.

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

IRS Circular 230 Disclosure: U.S. Federal tax advice in the foregoing message from Milbank, Tweed, Hadley & McCloy LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor.

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.



# SHORECHAN
# BRAGALONE LLP

Martin Pascual
325 N. St. Paul Street, Suite 4450
Dallas, Texas 75201
214-593-9118 Telephone
214-593-9111 Facsimile
mpascual@shorechan.com

April 20, 2007

**VIA EMAIL**

Michael Murray, Esq.
Christopher Chalsen, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, NY 10005

Re:    *Nanya Technology Corp., et al. v. Fujitsu Limited, et al.*
       (No. 06-CV-00025, in the U.S. District Court, District of Guam)

Dear Counsel:

I am writing to follow up on my April 13, 2007 letter and April 16, 2007 email requesting available deposition dates for corporate representatives from Defendants Fujitsu Limited and Fujitsu Microelectronics America, Inc. ("FMA").

Enclosed are Plaintiffs' Notices of Rule 30(b)(6) Deposition of designated corporate representatives for Fujitsu Limited and FMA. Please provide available deposition dates occurring before May 8, 2007 for the deposition of a FMA corporate representative in California, and dates for the deposition of a Fujitsu Limited corporate representative in either California or New York on the topics identified in the Notices.

Please let us know by 3 p.m. (CST), Tuesday, April 24, 2007 of available dates. Thank you for your courtesies in this matter.

Sincerely,

Martin Pascual

cc:    Daniel Benjamin (via email)
       Rodney Jacob (via email)
       Joseph Razzano (via email)
       Judge John Unpingco (via email)

# SHORECHAN
## BRAGALONE LLP

Martin Pascual
325 N. St. Paul Street, Suite 4450
Dallas, Texas 76201
214-593-9118 Telephone
214-593-9111 Facsimile
mpascual@shorechan.com

April 23, 2007

VIA EMAIL

Michael Murray, Esq.
Christopher Chalsen, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, NY 10005

Re:  *Nanya Technology Corp., et al.  v. Fujitsu Limited, et al.*
(No. 06-CV-00025, in the U.S. District Court, District of Guam)

Dear Counsel:

Please inform me whether Shigeru Kitano will be designated on any of the corporate representative topics I sent to you in our Notice of Rule 30(b)(6) Deposition of Fujitsu Limited on April 20, 2007.

If Mr. Kitano will not be designated on any of the topics, then, as I mentioned in the April 20 letter, please let us know by 3 p.m. (CST), Tuesday, April 24, 2007 of available dates. Thank you for your courtesies in this matter.

Sincerely,

Martin Pascual

cc:  Daniel Benjamin (via email)
Rodney Jacob (via email)
Joseph Razzano (via email)
Judge John Unpingco (via email)

# SHORECHAN
## BRAGALONE LLP

Martin Pascual
326 N. St. Paul Street, Suite 4450
Dallas, Texas 75201
214-593-9118 Telephone
214-593-9111 Facsimile
mpascual@shorechan.com

April 27, 2007

VIA EMAIL

Michael Murray, Esq.
Christopher Chalsen, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, NY 10005

Re:    *Nanya Technology Corp., et al. v. Fujitsu Limited, et al.*
       (No. 06-CV-00025, in the U.S. District Court, District of Guam)

Dear Counsel:

Enclosed are Plaintiffs' Supplemental Notices of Rule 30(b)(6) Depositions of Fujitsu Limited and FMA. Based on the information disclosed in the April 26, 2007 deposition of Shigeru Kitano, we have supplemented the topics of inquiry for Defendants' corporate representatives.

As I informed you in my correspondence of April 13th, 16th, 20th, and 23rd, we need available dates for Defendants' designated corporate representatives by May 8, 2007. Despite having already notified you last week of our need to schedule these depositions before May 8, 2007, we remain willing to working with you to arrange these depositions. Please let us know by 3 p.m. (CST), Wednesday, May 2, 2007 of available dates. Nonetheless, we would appreciate it if you could notify us sooner. Thank you for your courtesies in this matter.

Sincerely,

Martin Pascual

cc:    Daniel Benjamin (via email)
       Rodney Jacob (via email)
       Joseph Razzano (via email)
       Judge John Unpingco (via email)

# EXHIBIT B

1   **TEKER TORRES & TEKER, P.C.**
    130 Aspinall Avenue-Suite 2A
2   Hagåtña, Guam 96910
    Telephone: (671) 477.9891
3   Facsimile: (671) 472.2601

4   **UNPINGCO & ASSOCIATES, LLC**
    777 Route 4, Suite 12B
5   Sinajana, Guam 96910
    Telephone: (671) 475.8545
6   Facsimile: (671).475.8550

7   **SHORE CHAN BRAGALONE LLP**
    Suite 4450
8   325 N. St. Paul Street
    Dallas, Texas 75201
9   Telephone: (214) 593-9110
    Facsimile: (214) 593-9111
10

11  *Attorneys For Plaintiffs*
    *Nanya Technology Corp. and*
    *Nanya Technology Corp. U.S.A.*
12

13                  **IN THE DISTRICT COURT OF GUAM**

14

15  NANYA TECHNOLOGY CORP. AND              Case No. CV-06-00025
    NANYA TECHNOLOGY CORP. U.S.A.,
16

17              Plaintiffs,              **DECLARATION OF**
    v.                                   **JOSEPH C. RAZZANO**
18
    FUJITSU LIMITED AND FUJITSU
19  MICROELECTRONICS AMERICA, INC.,

20              Defendants.

21      I, JOSEPH C. RAZZNO, hereby declare as follows:

22      1.      My name is Joseph C. Razzano. I am over the age of 21 and am competent to make this
23
    Declaration.
24
25      2.      All of the statements set forth herein are true and correct and are based on my personal
26  knowledge.

27      3.      I am an attorney of record for Plaintiffs, Nanya Technology Corporation and Nanya
28  Technology Corp. U.S.A. ("Nanya" collectively herein) in the above-captioned and titled cause.

**DECLARATION OF JOSEPH C. RAZZANO**                              **PAGE 1**

4.     Today I attempted to serve upon Defendants' counsel of record, Calvo & Clark, LLP, hearing subpoenas for the production of witnesses who could testify to the allegations made in Defendants' Motion to Transfer for Convenience. *See* Subpoenas attached hereto as Exhibit "1" Mr. Ramsey Elliott was unable to effect service as he was advised that "Mr. Benjamin was in Saipan and that none of the other attorneys in their office were authorized to receive the Subpoenas on behalf of the Defendants."

7.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on May 2, 2007.



JOSEPH C. RAZZANO

# EXHIBIT 1

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF GUAM

Nanya Technology Corp. and Nanya
Technology Corp., U.S.A.
*Plaintiffs,*

v.

Fujitsu Limited and Fujitsu Microelectronics
America, Inc.
*Defendants.*

**SUBPOENA IN A CIVIL CASE**

Case Number: CV-06-00025

TO:    **Rule 30(b)(6) Corporate Representative of Fujitsu Ltd. c/o
Daniel M. Benjamin, Esq., Calvo & Clark, LLP
655 South Marine Corps Dr., Ste. 202, Tamuning, Guam**

X    YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.  **(See attached Exhibit A)**

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| United States District Court<br>District of Guam<br>520 West Soledad Avenue, 4th Floor<br>Hagatna, Guam 96910 | Frances M. Tydingco-Gatewood, Chief Judge |
| | DATE AND TIME<br>May 10, 2007, 10:30 a.m. |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)

Attornev for Plaintiffs

DATE
May 2 , 2007

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Joseph Razanno
Tekker Torres & Tekker, P.C.
130 Aspinall Avenue, Suite 2A, Hagatna, Guam 96910  (671) 477-9891

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after

party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the

service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance,
(ii)   requires a person who is not a party or an officer of a

subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

## DEFINITIONS

In additional to the terms specifically defined by the local rules, the following definitions apply:

1.    The term "ACCUSED DEVICES" mean any and all devices:

The terms "ACCUSED DEVICE" or "ACCUSED DEVICES" refer to the following parts or devices:

(a)    Fujitsu "FR" series of 32 bit RISC microcontrollers (including but not limited to part numbers MB91F133A, MB91191R/F191A, MB911912/F192, MB91101A, MB91107, MB91108, MB91121, MB91F127, MB91F128, MB91133, MB91F133, MB91154, MB91F154, MB91155, MB91F155, MB91F158, MB91F362GB, MB91F365GB, MB91F366GA/GB, MB91F367G/GB, MB91F368GB, MB91F369GA, MB91301, MB91305, MB91307B, MB91307R, MB91F312A, MB91F318A, MB91FV319A, MB91352A, MB91353A/F353A, MB91354A, MB91355A, MB91F355A, MB91232L, MB91233L, MB91F233, MB91F233L, MB91263B, MB91F264B, MB91266, MB91F267, MB91F272, MB91F477, MB91F478, MB91401, MB91402, and MB91403);

(b)    Fujitsu "M-2" series, *a.k.a.* "Millennia-2 Mobile," and "SPARClite," a.k.a. "MB8683X" series of camera processors (including but not limited to part numbers MB91188, MB91188A, MB91189, MB91392, MB86831, MB86941, MB86942); and

(c)    Fujitsu "MB91360G" Series of 32 bit RISC microcontrollers with CAN interface (including but not limited to part numbers MB91F362GAPFVS, MB91F362GA, MB91F365GB, MB91F366GB, MB91F367GB, MB91F368GB, and MB91F369GA).

In addition to the parts and devices specified above, the terms also include any and all structurally similar devices, products, and tangible things made or designed by Fujitsu Limited using the same or similar structure for any memory component thereof, including but not limited to, microcontrollers, processors, micro control units ("MCUs"), graphic control units, sensors, and integrated circuits.

## TOPICS FOR RULE 30(B)(6) CORPORATE REPRESENTATIVE TESTIMONY

1.  The research, design, development, engineering or testing concerning Fujitsu Limited's Accused Devices and Fujitsu Limited's patents-in-suit including but not limited to the individuals or engineers involved.

2.  The manufacturing process concerning Fujitsu Limited's Accused Devices and the inventions related to Fujitsu Limited's patents at issue including but not limited to the individuals or engineers involved.

3.  The location of documents related to the original design and manufacturing of products related to the Fujitsu Limited patents at issue, including inventors' notebooks, product specifications, conception, and reduction in practice.

4.  The location of documents related to the original design and manufacturing of products related to the Accused Devices, including inventors' notebooks, product specifications, conception, and reduction in practice.

5.  The residences of all the inventors of Fujitsu Limited's patents at issue.

6.  Licenses and licensing practices of Fujitsu Limited.

7.  The licensing negotiations that occurred between the parties from 1999 to 2005 including but not limited to the dates, locations, and individuals involved.

8.  The identities and location of the witnesses and expert witnesses referenced in Defendants' Memorandum of Points and Authorities in Support of Motion to Immediately Transfer for Convenience, specifically referenced on page 6, lines 2-3 and lines 5-12, and on page 7, lines 8-27.

AO88 (Rev. 1/94) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

Nanya Technology Corp. and Nanya
Technology Corp., U.S.A.
*Plaintiffs,*

**SUBPOENA IN A CIVIL CASE**

V.

Fujitsu Limited and Fujitsu Microelectronics
America, Inc.
*Defendants.*

Case Number:    CV-06-00025

TO:   **Rule 30(b)(6) Corporate Representative of Fujitsu Microelectronics
America, Inc., c/oDaniel M. Benjamin, Esq.,
Calvo & Clark, LLP, 655 South Marine Corps Dr., Ste. 202,
Tamuning, Guam**

X  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.  **(See attached Exhibit A)**

| PLACE OF TESTIMONY<br>United States District Court<br>District of Guam<br>520 West Soledad Avenue, 4th Floor<br>Hagatna, Guam 96910 | COURTROOM<br>Frances M. Tydingco-Gatewood,<br>Chief Judge |
|---|---|
| | DATE AND TIME<br>May 10, 2007, 10:30 a.m. |

    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)

Attorney for Plaintiffs

DATE
May 2, 2007

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Joseph Razanno
Tekker Torres & Tekker, P.C.
130 Aspinall Avenue, Suite 2A, Hagatna, Guam 96910  (671) 477-9891

(See Rule 45. Federal Rules of Civil Procedure. Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after

party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the

service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

       (i)   fails to allow reasonable time for compliance,

       (ii)  requires a person who is not a party or an officer of a

subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

### DEFINITIONS

In additional to the terms specifically defined by the local rules, the following definitions apply:

1.  The term "ACCUSED DEVICES" mean any and all devices:

The terms "ACCUSED DEVICE" or "ACCUSED DEVICES" refer to the following parts or devices:

(a)  Fujitsu "FR" series of 32 bit RISC microcontrollers (including but not limited to part numbers MB91F133A, MB91191R/F191A, MB911912/F192, MB91101A, MB91107, MB91108, MB91121, MB91F127, MB91F128, MB91133, MB91F133, MB91154, MB91F154, MB91155, MB91F155, MB91F158, MB91F362GB, MB91F365GB, MB91F366GA/GB, MB91F367G/GB, MB91F368GB, MB91F369GA, MB91301, MB91305, MB91307B, MB91307R, MB91F312A, MB91F318A, MB91FV319A, MB91352A, MB91353A/F353A, MB91354A, MB91355A, MB91F355A, MB91232L, MB91233L, MB91F233, MB91F233L, MB91263B, MB91F264B, MB91266, MB91F267, MB91F272, MB91F477, MB91F478, MB91401, MB91402, and MB91403);

(b)  Fujitsu "M-2" series, *a.k.a.* "Millennia-2 Mobile," and "SPARClite," a.k.a. "MB8683X" series of camera processors (including but not limited to part numbers MB91188, MB91188A, MB91189, MB91392, MB86831, MB86941, MB86942); and

(c)  Fujitsu "MB91360G" Series of 32 bit RISC microcontrollers with CAN interface (including but not limited to part numbers MB91F362GAPFVS, MB91F362GA, MB91F365GB, MB91F366GB, MB91F367GB, MB91F368GB, and MB91F369GA).

In addition to the parts and devices specified above, the terms also include any and all structurally similar devices, products, and tangible things made or designed by Defendants using the same or similar structure for any memory component thereof, including but not limited to, microcontrollers, processors, micro control units ("MCUs"), graphic control units, sensors, and integrated circuits.

## TOPICS FOR RULE 30(B)(6) CORPORATE REPRESENTATIVE TESTIMONY

1.  The research, design, development, engineering or testing concerning the Accused Devices and the patents-in-suit including but not limited to the individuals or engineers involved.

2.  The manufacturing process concerning the Accused Devices and the inventions related to the patents at issue including but not limited to the individuals or engineers involved.

3.  The location of documents related to the original design and manufacturing of products related to the patents at issue, including inventors' notebooks, product specifications, conception, and reduction in practice.

4.  The location of documents related to the original design and manufacturing of products related to the Accused Devices, including inventors' notebooks, product specifications, conception, and reduction in practice.

5.  The residences of all the inventors of Defendants' patents at issue.

6.  Licenses and licensing practices of Defendants.

7.  The licensing negotiations that occurred between the parties from 1999 to 2005 including but not limited to the dates, locations, and individuals involved.

8.  The identities and location of the witnesses and expert witnesses referenced in Defendants' Memorandum of Points and Authorities in Support of Motion to Immediately Transfer for Convenience, specifically referenced on page 6, lines 2-3 and lines 5-12, and on page 7, lines 8-27.