1

**RODNEY J. JACOB, ESQ.**
**DANIEL M. BENJAMIN, ESQ.**

2

**JENNIFER A. CALVO-QUITUGUA, ESQ.**

3

**CALVO & CLARK, LLP**
Attorneys at Law

4

655 South Marine Corps Drive, Suite 202
Tamuning, Guam 96913

5

Telephone:    (671) 646-9355
Facsimile:    (671) 646-9403

6

7

**CHRISTOPHER E. CHALSEN, ESQ.**
**MICHAEL M. MURRAY, ESQ.**

8

**LAWRENCE T. KASS, ESQ.**
**MILBANK, TWEED, HADLEY & MCCLOY LLP**

9

1 Chase Manhattan Plaza
New York, New York 10005

10

Telephone:    (212) 530-5000
Facsimile:    (212) 822-5796

11

12

*Attorneys for Defendants*
FUJITSU LIMITED, and

13

FUJITSU MICROELECTRONICS AMERICA, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FILED**
DISTRICT COURT OF GUAM

MAY - 3 2007

**MARY L.M. MORAN**
**CLERK OF COURT**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP. and NANYA TECHNOLOGY CORP. U.S.A., <br><br> Plaintiff, <br><br> vs. <br><br> FUJITSU LIMITED, FUJITSU MICROELECTRONICS AMERICA, INC., <br><br> Defendants. | CIVIL CASE NO. 06-CV-00025 <br><br> **DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO MAY 10, 2007 HEARING DATE ON MOTION TO IMMEDIATELY TRANSFER FOR CONVENIENCE** |

ORIGINAL

In the guise of "objecting" to the May 10, 2007 hearing, Plaintiffs seek reconsideration of the Court's May 1, 2007 Order (Dkt. No. 226) setting the briefing and hearing schedule on Defendants' Motion to Immediately Transfer. In their "objections," Plaintiffs argue the Court's Order was incorrect because of (1) the supposed "condensed time schedule" and (2) the "inability to conduct discovery regarding the issues raised." (Objections at 2). These arguments are without merit.

## 1. The "Objections" Are an Improper Reconsideration Motion

Plaintiffs' "objections" are truly a motion for reconsideration of the May 1, 2007 Order. However, L.R. 7.1(i) provides that a motion for reconsideration must identify:

> (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,

> (2) the emergence of new material facts or a change of law occurring after the time of such decision, or,

> (3) a manifest showing of a failure to consider material facts presented to the Court before such decision.

Plaintiffs' "objections" are improper on their face because they do not satisfy this standard.

## 2. There Is No "Condensed" Schedule – Plaintiffs Disregarded the Rules, and Already Had Months to Brief the Issues (which They Already Briefed in California)

Plaintiffs' briefing schedule is not "condensed." Defendants filed their Motion to Immediately Transfer on April 17, 2007. Plaintiffs therefore were on notice of the need to timely file an opposition on May 1 -- two weeks after the motion was filed under Local Rule 7.1(d)(2)(A). Indeed, until the May 1 Order issued, PACER displayed the due date for the opposition as May 1. If Plaintiffs chose to take no action, they were assuming that risk and cannot now blame the Court for their derelictions. As recently as the April 23, 2007 hearing, the Court disregarded an untimely reply brief by Plaintiffs, putting them on notice of the need to ensure their filings were timely under the Local Rules. (*See* Dkt. No. 231 at 9.) *See also* L.R. 7.1(f) ("Papers not timely filed by a party . . . will not be considered . . . .").

CIVIL CASE NO. 06-CV-00025
{G0021814.DOC;1}

1    Further, Plaintiffs objected to Defendants' efforts at the April 23 hearing to have the

2  scheduling issue resolved before May 1, insisting that Defendants file a motion. (Dkt. No. 231 at

3  44). Had Plaintiffs been willing to discuss this issue with the Court then, they could have

4  received clarification before the May 1 due date for their opposition. But Plaintiffs chose neither

5  to prepare an opposition as required by the Rules, nor to obtain clarification in advance of their

6  due date. Under such circumstances, they should not complain that the Court actually granted

7  them two *additional* days (until May 3) in which to file an opposition.

8    Plaintiffs' claim of difficulty in preparing an opposition is not even credible. Defendants

9  first moved to transfer back in December. (Dkt. Nos. 74 & 89). The Motion to Immediately

10  Transfer raises a single new issue – the effect of *Sinochem* – which Plaintiffs already briefed in

11  opposing Defendants' recent *ex parte* application. (*See* Dkt. No. 218). Indeed, Plaintiffs have

12  already briefed the transfer issue as to whether Guam or California is a more convenient forum

13  before the California Court. (*See* Dkt. No. 213 at Ex. B). Plaintiffs are obviously perfectly able

14  to provide what response they have.

15  **3.    Plaintiffs' Assertions Regarding "Discovery" Are Red Herrings**

16    Plaintiffs' claims regarding discovery (Objections at 2-3) are equally disingenuous.

17  Again, Plaintiffs have been on notice with regard to the transfer issue since it was first raised in

18  December 2006. And, Plaintiffs already managed to litigate the transfer issue in California

19  without any need for the discovery they now claim is necessary to protect their constitutional

20  right to due process. (*See* Dkt. No. 213 at Ex. B)

21    The fact is that there is no such thing as a "due process" right to discovery regarding a

22  motion to transfer. Courts have granted motions to transfer in the midst of discovery without an

23  issue of due process arising. *See X-Rail Sys., Inc v. Norfolk & W. Ry. Co.*, 485 F.Supp. 553, 555

24  (D.N.J. 1980) (motion granted in the midst of jurisdictional discovery); *see also Datasouth*

25  *Computer Corp. v. Three Dimensional Techs, Inc.*, 719 F. Supp. 446, 454 (D.N.C. 1989); *Kahhan*

26  *v. Ft. Lauderdale*, 566 F. Supp. 736, 740 (D. Pa. 1983).

27    The apparent showcase of Plaintiffs' discovery -- the purported subpoenas that Plaintiffs

28  first sought to serve yesterday -- are not even proper; they seek, *inter alia*, the appearance of

*CIVIL CASE NO.06-CV-00025*
*{G0021814.DOC;1}*

1

1    witnesses located more than one hundred miles from the District Court of Guam. *See* Fed. R.
2    Civ. Proc. 45(b)(2) (subpoenas must be served on witnesses within one hundred miles of the
3    district from which it issued). In any case, this is not an evidentiary hearing and Plaintiffs have
4    yet to identify a *single* disputed material fact. No witnesses or documents are in Guam. Two of
5    the parties and all of their witnesses and documents are in the Northern District of California. All
6    the likely experts and third party witnesses and their documents are much closer to the Northern
7    District of California. These are the material facts regarding the transfer, and they do not require
8    discovery.

9          The Plaintiffs also cite to the "convergence of critical deadlines" regarding jurisdictional
10   discovery. (Objections at 2 n.1). But, if Plaintiffs were truly concerned about this issue, they
11   could have raised it in opposing Defendants' *Ex Parte* Application filed on April 27. And, the
12   burden caused by all of this jurisdictional discovery is one of the very reasons why hearing the
13   Motion to Immediately Transfer now is the most efficient course.

14         Plaintiffs also again argue that Defendants' request for an immediate hearing of the
15   transfer issue somehow "breaches" the parties' February 20, 2007 stipulation. This is not true.
16   Defendant's Motion to Transfer is based upon a change in governing law that occurred after the
17   stipulation, when the Supreme Court issued *Sinochem* on March 5, 2007. It makes no sense for
18   Plaintiffs to insist that the Court defer immediate ruling on the venue transfer for the sake of
19   completing potentially unnecessary jurisdictional discovery.

20         Lastly, Plaintiffs claim that Defendants "faile[ed] to comply with L.R. 26.2 and serve their
21   pre-discovery disclosures." (Objections at 2). By Order of Judge Manibusan, those disclosures
22   are not due until May 4. (Dkt. No. 171 at 2:20-22). Plaintiffs' assertion is blatantly false.

23   //
24   //
25   //
26
27
28

*CIVIL CASE NO.06-CV-00025*
*{G0021814.DOC;1}*

2

1       For all of these reasons, Defendants respectfully ask that Plaintiffs' "objections" be

2   overruled and denied.

3       Respectfully submitted this 3rd day of May, 2007.

4

5                           **CALVO & CLARK, LLP**
                        **MILBANK, TWEED, HADLEY**
                          **& MCCLOY LLP**

6                           *Attorneys for Defendants*
                        Fujitsu Limited and

7                           Fujitsu Microelectronics America, Inc.

8

9           By:                                        
                        **JENNIFER A. CALVO-QUITUGUA**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*CIVIL CASE NO.06-CV-00025*
*{G0021814.DOC;1}*

3