1  **TEKER TORRES & TEKER, P.C.**
   130 Aspinall Ave., Suite 2A
2  Hagåtña, Guam 96910
   (671) 477-9891  Telephone
3  (671) 472-2601  Facsimile

4  **UNPINGCO & ASSOCIATES, LLC**
   777 Route 4, Suite 12B
5  Sinajana, Guam
   (671) 475-8545  Telephone
6  (671) 475-8550  Facsimile

7  **SHORE CHAN BRAGALONE LLP**
   325 N. St. Paul Street, Suite 4450
8  Dallas, Texas 75201
   (214) 593-9110  Telephone
9  (214) 593-9111  Facsimile

10 Attorneys for Plaintiffs
   Nanya Technology Corp. and
11 Nanya Technology Corp. U.S.A.

12

13                    **DISTRICT COURT OF GUAM**

14

15 NANYA TECHNOLOGY CORP. and          Case No. CV-06-00025
   NANYA TECHNOLOGY CORP. U.S.A.,
16                                      **PLAINTIFFS' RESPONSE TO**
17            *Plaintiffs,*             **DEFENDANT'S MOTION TO**
                                        **IMMEDIATELY TRANSFER FOR**
18 v.                                   **CONVENIENCE**

19 FUJITSU LIMITED and FUJITSU          **ORAL ARGUMENT REQUESTED**
   MICROELECTRONICS AMERICA, INC.,
20
            *Defendants.*
21

22

23

24

25

26

27

28

**FILED**
DISTRICT COURT OF GUAM

MAY - 3 2007 *mba*

**MARY L.M. MORAN**
**CLERK OF COURT**

ORIGINAL

## **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................................ 1

    A.   FUJITSU'S ANTITRUST CONDUCT IN JAPAN AFFECTS GUAM ........................... 1

    B.   NANYA FILES SUIT IN GUAM - THE CLOSEST DISTRICT COURT
        TO TAIWAN (AND JAPAN) ............................................................................... 2

II.  ARGUMENT - THE COURT SHOULD NOT TRANSFER THIS CASE .............. 4

    A.   THERE IS NO REASON TO CONSIDER CONVENIENCE BEFORE JURISDICTION -
        NOT A SINGLE SINOCHEM FACTOR IS PRESENT IN THIS CASE ......................... 4

    B.   THE DISTRICT OF GUAM IS BY FAR THE MORE CONVENIENT FORUM ............. 5

        1.   Fujitsu Cannot Overcome Nanya's Choice of Forum ........................ 6

        2.   Guam is More Convenient for the Parties and Witnesses ................. 9

            a.   The Witnesses are in Japan and Taiwan - Not California ...... 10

            b.   Relevant Sources of Proof are in Japan and Taiwan – Not ...
               California ............................................................................ 13

            c.   There are No Other "Practical Problems" that Make
               Guam Inconvenient ............................................................. 14

        3.   The Interests of Justice Warrant this Case Remain in this
            Judicial District ............................................................................. 15

III. CONCLUSION .................................................................................................. 17

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION
TO IMMEDIATELY TRANSFER FOR CONVENIENCE

1

2

## TABLE OF AUTHORITIES

3

### U.S. SUPREME COURT CASES

4

*Piper Aircraft Co. v. Reyno,* 454 U.S. 253 (1981) .......................................................................... 6

5

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,* No. 06-102, 549 U.S. __,
    127 S.Ct. 1184 (Mar. 5, 2007)................................................................................... 1, 4, 5

6

*Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22 (1988) .................................................................... 6

7

### U.S. COURTS OF APPEALS CASES

8

*Action Embroidery Corp. v. Atl. Embroidery, Inc.* 368 F.3d 1174 (9th Cir. 2004)......................... 5

9

*Alltrade Inc. v. Uniweld Products, Inc.,* 946 F.2d 622 (9th Cir. 1991) ........................................... 7

10

*Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834 (9th Cir. 1986)........... 6, 10, 14, 15

11

*Electronics for Imaging, Inc. v. Coyle,* 394 F.3d 1341 (Fed. Cir. 2005) ........................................ 6

12

*Genentech v. Eli Lilly & Co.,* 998 F.2d 931 (Fed. Cir. 1993)......................................................... 7

13

*HolyAnne Corp. v. TFT, Inc.,* 199 F.3d 1304 (Fed. Cir. 1999)........................................................ 9

14

*Plum Tree, Inc. v. Stockment,* 488 F.2d 754 (3d Cir. 1973)............................................................. 8

15

*Sparling v. Hoffman Constr. Co.,* 864 F.2d 635 (9th Cir. 1988)...................................................... 6

16

### U.S. DISTRICT COURT CASES

17

*American Standard, Inc. v. Bendix Corp.,* 487 F.Supp. 254 (W.D. Mo. 1980) ........................ 8, 13

18

*Bowe, Bell + Howell Co. v. Midsouth Technologies, LLC,* No. Civ.A. 05C-571,
    2005 WL 1651167 (N.D. Ill. June 30, 2005) ...................................................................... 7

19

*Brower v. Flint Ink Corp.,* 865 F. Supp. 564 (N.D. Iowa 1994)...................................................... 9

20

*Chiron Corp. v. Advanced Chemtech, Inc.,* 869 F. Supp. 800 (N.D. Cal. 1994)............................ 9

21

*Cyril & Crowley, LLP v. Western Systems, Inc.,* No. C-00-3883 PJH, 2001 WL 58963
    (N.D. Cal. Jan 8, 2001) ..................................................................................................... 15

22

23

*In re Triton Ltd. Sec. Lit.,* 70 F. Supp. 2d. 678 (E.D. Tex. 1999).................................................... 6

24

*Triton Container Int'l, Ltd. v. Compania Anonima Venezolana De Navigacon,* Civ. A. No.
    94-00055, 1994 WL 803257 (D. Guam Dec. 12, 1994) ................................ 6, 7, 8, 12, 15

25

### STATUTES

26

28 U.S.C. §1404(a) ...................................................................... 1, 5, 6, 8, 13, 15, 16

27

28

-ii-

1

## TREATISES

2

WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE §3851, at 271 (1976).......... 8

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION
TO IMMEDIATELY TRANSFER FOR CONVENIENCE**

Plaintiffs Nanya Technology Corporation ("NTC") and Nanya Technology Corporation U.S.A. ("NTC USA") (sometimes referred to collectively as "Nanya"), request that the Court deny Defendants Fujitsu Limited ("Fujitsu Ltd.") and Fujitsu Microelectronics America, Inc.'s ("FMA") (sometimes referred to collectively as "Fujitsu") Motion to Immediately Transfer for Convenience (the "Transfer Motion") for the following reasons:

- *Sinochem* does not support Fujitsu's request for immediate transfer;[1]

- Guam is by far the most convenient forum for the parties; and

- Fujitsu's motion fails to establish that Guam is an inconvenient forum, which is the Defendants' burden under 28 U.S.C. §1404(a).

## I. INTRODUCTION

### A. FUJITSU'S ANTITRUST CONDUCT IN JAPAN AFFECTS GUAM

Over the past seven years, Fujitsu Ltd. has used unlawful threats and coercion in an attempt to intimidate Nanya, a Taiwanese company, into paying *worldwide* "licensing fees" on Fujitsu Ltd.'s Japanese and U.S. patents related to computer memory chips and microcontrollers.[2] These devices are incorporated into a wide variety of consumer electronics, like digital cameras and handheld GPS devices, as well as automobiles, like the Chevy Malibu and BMW 5 series.    Nanya clearly demonstrated to Fujitsu Ltd. that Nanya did not and does not infringe the asserted patents — many of which have expired, and almost all of which are demonstrably invalid or unenforceable.   Nevertheless, Fujitsu continues to assert these patents and attempt to exclude Nanya's products from the United States and the territory of Guam.

Despite several years of good faith negotiations on the part of NTC, Fujitsu Ltd. sued NTC in Tokyo District Court in 2005.[3]   That suit alleges only the infringement of a single Japanese patent.[4]

---

[1] *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, No. 06-102, 549 U.S. __, 127 S.Ct. 1184 (Mar. 5, 2007).{ TA \l "*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, No. 06-102, 549 U.S. __, 127 S.Ct. 1184 (Mar. 5, 2007)" \s "Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., No. 06-102, 549 U.S. __, 127 S.Ct. 1184 (Mar. 5, 2007)" \c 1 }
[2] Pls' First Am. Comp., Dkt. No. 24 at 13, 15.
[3] *Fujitsu Limited v. Nanya Technology Corporation, No. (wa) 17182 2005 (Hesei 17)*, pending in the Tokyo District Court, Civil Division 46.
[4] Pls' First Am. Comp., Dkt. No. 24 at 11.

-1-

1  Continuing its pattern of extortion and intimidation, during settlement negotiations in the Japanese
2  Suit, Fujitsu Ltd. demanded that NTC take a *worldwide* license to settle the Japanese Suit or Fujitsu
3  would seek to bar NTC from the Japanese market via an injunction. In those discussions, Fujitsu Ltd.
4  continued to assert several expired U.S. patents — thus tying access to the Japanese market to licenses
5  covering unenforceable U.S. patent rights.[5] These recent settlement negotiations related to Fujitsu
6  Ltd.'s claims have been ongoing for months in Tokyo, Japan.[6]

7  **B.    NANYA FILES SUIT IN GUAM—THE CLOSEST DISTRICT COURT TO TAIWAN (AND JAPAN)**

8      Because of Fujitsu Ltd.'s improper licensing demands, its threats, and its attempt to extort a
9  worldwide license to settle the Japanese suit, Nanya sued Fujitsu Ltd. in Guam — the closest U.S.
10 venue to Japan and Taiwan.[7] Nanya asserts claims for antitrust violations based on Fujitsu Ltd.'s
11 coercive misuse of its patent portfolio, claims for a declaration that certain Fujitsu Ltd. patents asserted
12 in the Japanese negotiations are invalid, unenforceable, or not infringed by Nanya, and claims for
13 infringement of Nanya's patents on related technology.[8]

14     NTC chose the District of Guam because of convenience. Guam is the closest United States
15 District Court to both Fujitsu Ltd. and NTC.[9] There is only a one hour time difference between Guam
16 (GMT +10 hours) and Tokyo (GMT +9 hours).[10] There are multiple daily flights from Tokyo, Japan.[11]
17 Flights from Taipei, Taiwan and Tokyo, Japan to Guam are direct and about three and one-half hours
18 — as compared to nine hours to the San Francisco Bay Area.[12] Litigation in Guam would require the
19 least amount of disruption to Nanya's operations, as their engineering staff could commute more easily
20 to and from this Court to testify and support the litigation.[13] All of Nanya's decision makers who

21

22 [5] *Id.* at 11-15; At one time or another, Fujitsu Ltd. has explicitly accused NTC of infringing United States patents including
23 Patent Nos. 4,641,166; 4,458,336; 5,688,712; 5,841,731; 4,692,689; 4,527,070; 4,384,918; 4,539,068; 5,397,432; 5,227,996; 5,339,273; 4,801,989; 6,104,486; 6,292,428; and 6,320,819.
   [6] Declaration of Alfonso G. Chan ("A. Chan Decl.") ¶ 3. A true and correct copy is attached hereto as **Exhibit A**.
24 [7] *See generally* Declaration of Kimberly Wilson attached hereto as **Exhibit B**.
   [8] *Id.* ¶ 3; Pl.s' First Am. Compl., Dkt. No. 24, *Nanya Tech. Corp. v. Fujitsu Ltd.*, No. CV-06-00025 (D. Guam).
25 [9] Wilson Decl. ¶¶ 2-6.
   [10] *Id.* ¶ 2.
26 [11] *Id.* ¶ 3.
   [12] *Id.* ¶ 3-6.
27 [13] Declaration of Hong-chi Chang ("Chang Decl.") ¶ 7. A true and correct copy of the Chang Decl. is attached hereto as
   **Exhibit C**.

-2-

28

1   participated in the ongoing negotiations reside in Taiwan.[14]  All the inventors of NTC's U.S. patents at

2   issue reside in Taiwan.[15]  Taiwan is where NTC's semiconductor fabrication plants are located, as well

3   as the majority of the technical design and manufacturing records regarding the products Fujitsu

4   accuses of infringement.[16]    The majority of NTC's corporate representatives having the most

5   knowledge of the technology and business issues regarding the technology at issue reside in Taiwan.[17]

6        NTC's choice of forum clearly benefits Fujitsu, Ltd. as well, because all of the same

7   convenience facts are true for Fujitsu, Ltd.  All *twenty-five* inventors of the Fujitsu patents at issue,

8   which will be witnesses in this case, reside in Japan according to the records of the U.S. Patent and

9   Trademark Office.[18]  Even FMA's disclosures in the California action indicate that three witnesses

10  reside in California while *seven* of FMA's disclosed witnesses reside in Japan.[19]  Furthermore, as FMA

11  pointed out to the Court in the ongoing discovery dispute, the majority of the documents related to the

12  design and manufacture of Fujitsu Ltd. products that infringe the NTC patents at issue are in Japan or

13  Asia.  All of the Fujitsu employees that have the most knowledge of the products that infringe NTC's

14  patents reside in Japan.[20]  All of the Fujitsu Ltd. employees that have participated in Fujitsu's coercive

15  licensing negotiations are Fujitsu Ltd. employees in Japan.[21]

16        In sum, this dispute is between two Asian companies regarding the vital United States market

17  for their respective products and intellectual property.  The inclusion of Fujitsu's and Nanya's wholly

18  owned United States subsidiaries, which are basically sales and marketing arms, are ancillary.  The

19  overwhelming majority of witnesses, documents, and facts giving rise to this lawsuit occurred in Asia.

20  Thus, Guam is clearly the most convenient forum for *both* Nanya and Fujitsu.[22]

21

22

---

23  [14]Chang Decl. ¶ 6.
    [15] *Id.* at ¶ 4.
24  [16] *Id.* at ¶ 2, 5
    [17] *Id.* at ¶ 5.
25  [18] Declaration of Ashley Nicole Moore ("Moore Decl.") ¶ 2-16.  A true and correct copy of the Moore Decl. is attached
    hereto as **Exhibit D**.
26  [19] A. Chan Decl., Ex. A at 2-5.
    [20] *Id.*
27  [21] A. Chan Decl., Ex. A; Chang ¶ 6.
    [22] Chang Decl. ¶ 7; Wilson Decl. ¶¶ 5-6.

-3-

28  **PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION
    TO IMMEDIATELY TRANSFER FOR CONVENIENCE**

1

2    ## II. <u>ARGUMENT — THE COURT SHOULD NOT TRANSFER THIS CASE</u>

3        Fujitsu argues that the Court should consider venue before jurisdiction in this case because

4    jurisdiction issues are "difficult" and California is the most convenient forum.  The only reason,

5    however, that jurisdiction is difficult is because Fujitsu is making it difficult and resisting discovery of

6    evidence that supports facts that both sides already know—Fujitsu sells a lot of products that end up in

7    Guam.  As discussed in detail below, there is no reason to consider convenience before jurisdiction in

8    this case, and Guam is by far the most convenient forum.

9    **A.    THERE IS NO REASON TO CONSIDER CONVENIENCE BEFORE JURISDICTION—NOT A SINGLE**

10   **_SINOCHEM_ FACTOR IS PRESENT IN THIS CASE**

11       In support of its argument that convenience should be considered before the Court determines

12   jurisdiction, Fujitsu relies on *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,* No. 06-102, 549 U.S.

13   __, 127 S.Ct. 1184 (Mar. 5, 2007).  The Supreme Court in *Sinochem* noted, however, that only in *rare*

14   cases where a federal court is presented with a "textbook case for immediate *forum non conveniens,*"

15   can a court use its discretion and dismiss the case before determining jurisdiction.  *Id* at 1194.  This is

16   not such a rare case.

17       *Sinochem* has nothing in common with this case.  First, *Sinochem* was a dispute between a

18   Chinese entity a Malaysian entity, and the acts giving rise to the suit occurred in Chinese territory.  *Id.*

19   at 1189.  Second, the dispute in *Sinochem* raised novel and unique issues of *Chinese* law.  *Id.* at 1194.

20   Third, the transferred *Sinochem* case was the *second-filed case* that was filed in response to a Chinese

21   lawsuit that had already progressed to a Chinese appellate court.  *Id.*  In these rare circumstances, the

22   Supreme Court held it was proper to dismiss the U.S. case under the doctrine of *forum non conveniens*

23   before determining personal jurisdiction because the district court could, facially on the pleaded facts,

24   find it lacked jurisdiction.  *Id.*  Thus, there was no point in conducting a jurisdictional inquiry.  *Id.*

25       None of these "rare" facts are present here.  Instead, this case involves:

26       (1)    Fujitsu's serious and substantial violations of U.S. antitrust laws;

27       (2)    The validity and infringement of several U.S. patents; and

-4-

28

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION**
**TO IMMEDIATELY TRANSFER FOR CONVENIENCE**

(3)    The interpretation of U.S., not foreign law.

In other words, there is no concern that the resources of this Court will be spent resolving a dispute that has little connection to the United States or U.S. law.  Furthermore, this case, unlike *Sinochem*, is the ***first-filed action***.  *Id.* at 1189 ("Judicial economy is ***disserved*** by continuing litigation in the Eastern District of Pennsylvania given the proceedings long launched in China.") (emphasis added).

Fujitsu is also trying to claim that jurisdictional issues will be difficult.  Fujitsu's antitrust conduct caused foreseeable consequences in the United States and Guam; thus, jurisdiction over Fujitsu under the Clayton Act is proper in *any* district in the United States, including Guam. *See Action Embroidery Corp. v. Atl. Embroidery, Inc.* 368 F.3d 1174, 1177 (9th Cir. 2004).  Fujitsu's products are incorporated into cell phones, digital cameras, GPS systems, and numerous other electronic products found on Guam.  However, due to Fujitsu's frivolous jurisdictional challenge, Nanya has been forced to seek discovery to get these facts in admissible form to prove what both Fujitsu and Nanya already know.  Fujitsu resists this discovery because it knows what its responses will reveal — that Fujitsu's products are all over Guam.  Thus, Nanya has been forced to seek intervention from the Court.

There are no complicated jurisdictional issues to resolve in this case.  Fujitsu is simply asking the Court to transfer this case so the Court can avoid dealing with Fujitsu's own gamesmanship and frustrate Nanya's choice of venue.    In sum, *Sinochem* simply cannot support an "immediate" determination of venue in this case.

**B.    THE DISTRICT OF GUAM IS BY FAR THE MORE CONVENIENT FORUM**

Even if the Court was to consider Fujitsu's Motion to Transfer before determining personal jurisdiction, Fujitsu loses its convenience argument.  Fujitsu cannot meet its burden under 28 U.S.C. §1404(a) and Ninth Circuit authority to show compelling reasons why the Court should ignore Nanya's choice of forum and transfer this case across the international dateline and 7000 miles away from any material witness.[23]

---

[23] Wilson Decl. ¶¶ 3-5; Chang Decl. ¶7.

-5-

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION**
**TO IMMEDIATELY TRANSFER FOR CONVENIENCE**

Title 28 U.S.C. §1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a). The decision whether to transfer venue is committed to this Court's sound discretion. *See Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988) (stating that §1404(a) intended "to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness'") (citations omitted); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 639 (9th Cir. 1988)

To prevail on a motion to transfer venue under §1404(a), Fujitsu bears the burden of justifying the transfer *by a strong showing of inconvenience. See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). The Court should consider several case-specific factors, including the following:

(1)     the plaintiff's choice of venue;

(2)     the convenience of the parties and witness; and

(3)     the interest of justice.

*See Stewart Org.*, 487 U.S. at 29; *Triton Container Int'l, Ltd. v. Compania Anonima Venezolana De Navigacon*, Civ. A. No. 94-00055, 1994 WL 803257, at *2 (D. Guam Dec. 12, 1994) (this Court noting it considers "private and public interest factors affecting the convenience of the forum"). While Fujitsu's brief mentions eight different public and private interest factors, Fujitsu only discusses two: (1) the convenience of the parties and witnesses; (2) the interests of justice. (Transfer Motion, Dkt. No. 194 at 4-8.) Fujitsu really only discusses the convenience of the parties and witnesses but *fails to name a single witness or identify a single document or other evidence. Id.*

Guam is Nanya's choice of forum and there is no compelling reason for the Court to transfer this case to any other forum.

## 1.     Fujitsu Cannot Overcome Nanya's Choice of Forum

A plaintiff's choice of forum is generally accorded considerable deference. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 253, 255 (1981) (noting that there is "a strong presumption in favor of the plaintiff's choice of forum"); *Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347-48 (Fed. Cir.

-6-

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION
TO IMMEDIATELY TRANSFER FOR CONVENIENCE**

2005) (holding that there must be a sound reason or "compelling factors" *not* to enforce the first-filed rule such that doing so would be unjust or inefficient); *Genentech v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993) (the first-to-file rule is applied to patent cases). Only in those rare cases do courts find an exception to this general rule where it is "unjust or inefficient to continue the first-filed action." *Genentech,* 998 F.2d at 938. The purpose of this well-established first-to-file rule is to promote efficiency by avoiding duplicative litigation; thus, it "should not be disregarded lightly." *Alltrade Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991).

Nanya sued Fujitsu in Guam for antitrust misconduct, for a declaration that it did not infringe Fujitsu's patents, and for infringement of its own U.S. patents in Guam. Nanya's chose Guam because of its convenience to Taiwan and *under the general principle that patent cases should be adjudicated in the closest possible forum to the area of the infringing device and the hub of activity relating "to its production, such as the product's development, testing, research, marketing and sales*." *See, e.g., Bowe, Bell + Howell Co. v. Midsouth Technologies, LLC*, No. Civ.A. 05C-571, 2005 WL 1651167, at *3 (N.D. Ill. June 30, 2005) ("interests of justice mandate that the first-filed doctrine should be applied in this case") (emphasis added). The inventions disclosed in the patents at issue were *all* invented in Japan and Taiwan by Japanese or Taiwanese inventors, are all manufactured in Taiwan or Japan, and all of the key witnesses and business decisions were made by Fujitsu employees in Japan and Nanya employees in Taiwan.[24]

Fujitsu makes two arguments that the Court should disregard the first-to-file. Fujitsu first relies on *Pacific Car & Foundry Company v. Pence*, 403 F.2d 949, 954-55 (9th Cir. 1968), to support its position that this Court should give Nanya's first choice minimal consideration because neither party has "substantial contacts" with Guam. (Transfer Motion, Dkt. No. 194 at 4) (citing *Triton Container Int'l, Ltd. v. Compania Anomina Venezolana de Navegacion*, No. 91-00055, 1994 W.L. 803257 (D. Guam Dec. 12, 1994). Fujitsu also attempts to argue an exception to the first-filed rule by vaguely asserting that it is more convenient for some of its fact witnesses to travel to California and that certain

---

[24] Chang Decl. ¶¶3-5; A. Chan Decl., Ex. A at 2-7; Moore Decl. ¶¶ 2-16.

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION
TO IMMEDIATELY TRANSFER FOR CONVENIENCE

1   documents germane to the case are located in California.[25] (Transfer Motion, Dkt. No. 194 at 5, lines

2   20-22, at 6 lines 5-12). Neither of these two arguments have merit.

3       First, in *Pacific Car*, the plaintiff, an Australian corporation, filed an antitrust suit against a

4   Washington corporation in the District of Hawaii. *Pac. Car*, 403 F.2d at 950-51. The court transferred

5   the case to the Western District of Washington where the defendant resided because the plaintiff failed

6   to make any showing of how its choice of venue was convenient for the plaintiff, and the defendant

7   made a strong showing of inconvenience. That showing was based on the fact that the defendant's

8   "corporate staff would have to travel . . . to Hawaii . . . to testify with consequent disruption to

9   [defendant's] business." *Id.* at 953. In this case, even if this case is transferred to California, ***Fujitsu's***

10  ***witnesses will be traveling.*** If the case goes to California, however, they will travel three times farther

11  and across the International Date Line.[26] Unlike the plaintiff in *Pacific Car*, Nanya has made a strong

12  showing as to how venue in Guam serves the convenience interest of both parties. *Id.* at 954-55;

13  *Triton Container Int'l, Ltd.,* No. 91-00055, 1995, at *3 (D. Guam Dec. 12, 1994).

14      Second, Fujitsu's vague assertion that it would be "nearly as convenient" for Nanya and its

15  witnesses to adjudicate this matter in California. This is an admission that Guam is more convenient

16  for Nanya than California. That admission defeats Fujitsu's §1404(a) motion. Fujitsu's conclusory

17  evidence falls far short of meeting its burden under 28 U.S.C. §1404(a){ TA \s "28 U.S.C. §1404(a)" }.

18  Federal courts have been uniform that such vague or conclusory assertions made by Fujitsu are

19  insufficient and cannot satisfy its heavy burden to warrant transfer. *See* WRIGHT, MILLER & COOPER,

20  FEDERAL PRACTICE AND PROCEDURE §3851, at 271 (1976) (collecting cases); *American Standard, Inc.*

21  *v. Bendix Corp.,* 487 F. Supp. 254, 262 (W.D. Mo. 1980), ("But if the party moving for transfer under

22  §1404(a) merely makes a general allegation that witnesses will be necessary, ***without identifying those***

23  ***necessary witnesses and indicating what their testimony at trial*** will be, the ***motion for transfer*** based

24  on convenience of ***witnesses will be denied***.") (emphasis added) *Plum Tree, Inc. v. Stockment,* 488

---

[25] There is considerable debate whether Fujitsu's contention is accurate. As will be discussed below, key witnesses, negotiations, and documents related to the patents at issue are all in Japan or Taiwan.
[26] Wilson Decl. ¶ 6.

-8-

1  F.2d 754, 756-57 (3d Cir. 1973) (vacating district court's convenience transfer that was based not on

2  supported evidence but only on "facts and conclusions asserted in defendants' motion"); *Dow v. Jones*,

3  232 F.Supp.2d 491, 499 (D. Md. 2002) ("*mere assertions of inconvenience or hardship are*

4  *inadequate support for a motion to dismiss or transfer...*") (emphasis added); *In re Triton Ltd. Sec.*

5  *Lit.*, 70 F. Supp. 2d. 678, 688 (E.D. Tex. 1999) ("The plaintiff's choice of forum is paramount

6  consideration in any determination of transfer request and that choice of forum should not be lightly

7  disturbed.").

8       But even if a convenience factor was balanced perfectly between Guam and the Northern

9  District of California, the court simply disregards that factor.  *See e.g., Chiron Corp. v. Advanced*

10  *Chemtech, Inc.*, 869 F. Supp. 800, 802 (N.D. Cal. 1994) ("*it will be inconvenient for certain witnesses*

11  *no matter where the action proceeds*") (emphasis added); *Brower v. Flint Ink Corp.*, 865 F. Supp. 564,

12  568 (N.D. Iowa 1994). ("Allowing this second-filed action to continue would merely shift the burden

13  of litigating in a 'foreign' forum from Brower to Flint, just as a transfer of this Iowa action to Michigan

14  would merely shift the burden of litigating in a 'foreign' forum from Flint to Brower; therefore, the

15  court concludes that the 'balance of convenience' is flat").

16       In sum, Fujitsu simply does not provide any compelling evidence that Nanya's choice of forum

17  be overruled.  Fujitsu effectively concedes that Guam is more convenient for Nanya.  The remaining

18  convenience factors clearly demonstrate that the district of Guam is a more convenient forum for both

19  parties and the only identified witnesses.

20       **2.    Guam Is More Convenient for the Parties and Witnesses**

21       "A transfer of venue for the convenience of the parties normally requires that the court give

22  great weight to the plaintiff's choice of forum and *then* weigh the convenience of both parties."

23  *HolyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1307 n.2 (Fed. Cir. 1999) (emphasis added) (noting that

24  the district court opinion appeared to only consider the convenience of the defendant).  The Ninth

25  Circuit mandates the convenience factors to consider include the following:

26       (1)    the cost of obtaining attendance of witnesses;

27       (2)    relative ease of access to sources of proof; and

-9-

28

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION
TO IMMEDIATELY TRANSFER FOR CONVENIENCE**

(3)    all other practical problems that make trial of a case easy, expeditious and

inexpensive.

*Decker Coal Co.*, 805 F.2d at 842-43.

### a.    *The witnesses are in Japan and Taiwan – Not California*

The Court must look no further than Fujitsu's own disclosures and the patents it asserts in the

California case to see where the majority of witnesses reside.  The following list of potential witnesses

is based entirely on the parties Rule 26(a) disclosures in the Northern District of California case:[27]

| FUJITSU'S WITNESSES RESIDING IN CALIFORNIA | FUJITSU'S WITNESSES RESIDING IN JAPAN OR TAIWAN |
|---|---|
| Michael Moore<br>Sandra Blanckensee<br>Brian Donahue<br>David Dwyer | Shigeru Kitano<br>Taiji Ema<br>Hiroshi Arimoto<br>Hiroyoshi Tomita<br>Tatuya Kanda<br>Tse Yao Huang<br>Yun Sen Lai<br>Yi-Nan Chen<br>Hsien-Wen Liu<br>Hui-Min Mao |

| NANYA'S WITNESSES RESIDING IN THE UNITED STATES | NANYA'S WITNESSES RESIDING IN JAPAN OR TAIWAN |
|---|---|
| Michael Moore<br>Victor S. Lee<br>Chris L. Holm | Masao Taguchi<br>Hiroshi Arimoto<br>Hiroshi Tomita<br>Tatsuya Kanda<br>Nien-Huai Hsu<br>Shigeru Kitano<br>Katsuya Irie<br>Yuichi Sakoda<br>Noriaki Sato<br>Takao Miura<br>Yasuhara Yatsu<br>Tomoki Nakamura<br>Shoji Shirai<br>Tse Yao Huang<br>Yun Sen Lai<br>Yi-Nan Chen<br>Hsien Wen Liu |

---

[27] Chan Decl., Ex. A; Moore Decl. ¶¶ 2-16.

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION**
**TO IMMEDIATELY TRANSFER FOR CONVENIENCE**

There is no question that the overwhelming majority of *Fujitsu's own witnesses* live much closer to this Court than the court in Oakland, California.

This case, however, involves several more patents and more witnesses, all of whom reside in Japan or Taiwan. Based on the patents that are on file with the Court and Nanya's pretrial disclosures, the following are potential, if not likely, witnesses:[28]

| NANYA'S WITNESSES RESIDING IN THE UNITED STATES | NANYA'S WITNESSES RESIDING IN JAPAN OR TAIWAN |
| --- | --- |
| Michael Moore | Naomichi Abe |
| Victor S. Lee | Yoshihiro Takemae |
| Chris L. Holm | Shougo Matsui |
| | Yoshimitu Mashima |
| | Kenichi Kobayashi |
| | Mikio Takagi |
| | Kanetake Takasaki |
| | Kenji Koyama |
| | Tomio Nakano |
| | Kimiaki Sato |
| | Masao Taguchi |
| | Toshiya Uchida |
| | Jun-ichi Konno |
| | Keisuke Shinagawa |
| | Toshiyuki Ishida |
| | Takahiro Ito |
| | Tetsuo Kondo |
| | Fukashi Harada |
| | Shuzo Fujimura |
| | Taiji Ema |
| | Toshimi Ikeda |
| | Naoharu Shinozaki |
| | Hiroshi Arimoto |
| | Hiroyoshi Tomita |
| | Tatsuya Kanda |
| | Hsien Wen Liu |
| | Katsuya Irie |
| | Nien-Huai Hsu |
| | Noriaki Sato |
| | Shigeru Kitano |
| | Shoji Shirai |
| | Takao Miura |
| | Tomoki Nakamura |
| | Tse Yao Huang |
| | Yasuhara Yatsu |
| | Yi-Nan Chen |
| | Yuichi Sakoda |
| | Yun Sen Lai |

---

[28] Moore Decl. ¶¶ 2-16; A. Chan Decl., Ex. B.

-11-

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION**
**TO IMMEDIATELY TRANSFER FOR CONVENIENCE**

1    *38 of these witnesses reside in Japan or Taiwan.*    There can be no doubt that Guam is more

2    convenient for the overwhelming majority of witnesses in this case.

3          The time difference between Asia and California will cause substantial inconvenience for all of

4    these witnesses and the Court.[29]  There is only a one hour time difference between Tokyo and Guam—

5    compared to the sixteen-hour time difference with Oakland, California.[30]  Given the nature of litigation

6    and settlement, it is essential that counsel and its clients be in relative communication with one another,

7    especially during trial.  Moreover, given that several depositions in this matter could take place in

8    Japan or Taiwan, it is entirely possible discovery disputes may arise and relative ease of access to this

9    Court could be essential in resolving such disputes.  A sixteen-hour time delay will only hinder and

10   further inconvenience the parties if the case is transferred to California.[31]

11          The sixteen (16) hour time difference between the forum and the parties' decision-makers does

12   not exist in Guam.[32]  In an opinion of this Court that Fujitsu properly cites in its motion, this Court

13   "recognizes that Guam is approximately 7,000 miles from the west coast of the United States

14   mainland.  It is doubtful that [a party] could have selected a United States forum that was more distant

15   than Guam is from the principal places of business of the respective parties."  *Triton Container Intern.,*

16   *Ltd.,* 1994 WL 803257 at *2.  But unlike the plaintiff in *Triton Container*, Nanya specifically chose

17   Guam because of its close proximity to the principal places of business of the respective parties.[33]

18   Fujitsu is the party seeking transfer to a court thousands of miles farther away from its own

19   headquarters.  And if Fujitsu's motion is granted, it will only make this litigation arduous and

20   inconvenient to the parties.[34]

21          Fujitsu's convenience argument, on the other hand, is completely conclusory.  Other than its

22   bald assertions that "FMA's fact witnesses and documents relevant to this litigation are located" in

23   California, Fujitsu provides no names of witnesses, residences, and testimony it will rely on;

24

25   [29] Chang Decl. ¶ 7.

     [30] Wilson Decl. ¶¶ 2-3.

26   [31] Wilson Decl. ¶ 3; Chang Decl. ¶ 7.

     [32] Wilson Decl. ¶¶ 2, 4 (time difference between Guam and Tokyo one hour and two hours to Taipei).

27   [33] Chang Dec. ¶ 1; Moore Decl. ¶ 18.

     [34] Chang Decl. ¶ 7.

28                                                                        -12-

1    documents it intends to rely on; or any other evidence supporting these contentions. (Transfer Motion,

2    Dkt. No. 194 at 5-6, lines 20-22, 1-3). As discussed above, various federal courts have disallowed

3    such assertions without any evidence in support. *See e.g., American Standard,* 487 F.Supp. at 254 ("if

4    the party moving for transfer under §1404(a) merely makes a general allegation that witnesses will be

5    necessary, without identifying those necessary witnesses and indicating what their testimony at trial

6    will be, the motion for transfer based on convenience of witnesses will be denied.

7        Nanya, in contrast, has provided this Court with the names and residences of *several key fact*

8    *witnesses* it intends to depose or rely upon in this lawsuit. The testimony of these witnesses is

9    obviously relevant to the patent infringement issues and thus the antitrust issues. These witnesses will

10   testify regarding (1) the prosecution of the patents in suit; (2) the meaning of patent terms; (3) the state

11   of the art prior to the inventors' claimed dates of conception; (4) diligence in reduction to practice; and

12   many other topics that are ordinarily covered by inventors in patent infringement cases. Fujitsu is

13   hard-pressed to claim that its own witnesses will be less inconvenienced if this case was transferred

14   from one of the Pacific's most beautiful and popular Japanese vacation destinations to California.[35]

15                    **b.    *Relevant Sources of Proof are in Japan and Taiwan—Not California***

16       Guam is the closest forum to both Nanya's and Fujitsu's primary offices. Nanya's world-wide

17   headquarters is located at Hwa Ya Technology Park, 669, Fu Hsing 3rd Rd., Kueishan, Tacyuan,

18   Taiwan, Republic of China.[36] Fujitsu's world-wide headquarters is located at Shiodome City Center, 1-

19   5-2 Higashi-Shimbaski, Minato-ku, Tokyo 105-7123, Japan.[37] For the convenience of the officers,

20   directors, and employees of these parties, Nanya filed suit in the United States District Court closest to

21   them.

22       From 1999-2005, Fujitsu Ltd. attempted to extort license fees from NTC on patents that are

23   expired, invalid, or not infringed by NTC. (Pls.' First Am. Compl., Dkt. No. 24, at 24, 27). During this

24

25

26   ---
     [35] Wilson Decl. ¶ 3.
27   [36] Chang Decl. ¶ 1
     [37] Moore Decl. ¶ 18.
28                                                     -13-

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION
TO IMMEDIATELY TRANSFER FOR CONVENIENCE**

1  time, NTC and Fujitsu Ltd. held multiple meetings in Taiwan and Japan.[38] At each and every one of

2  these meetings, negotiations were carried out between representatives from Fujitsu Ltd. and NTC.[39]

3  Since Nanya filed this suit, the parties have met on multiple occasions to discuss settlement.[40]

4  Each and every one of these meetings took place in Tokyo between representatives of Fujitsu Ltd. and

5  NTC.[41] No representatives from FMA attended these meetings, despite the fact that FMA is a party to

6  this suit.[42] By filing suit in the district court closest to the headquarters of both NTC and Fujitsu Ltd.,

7  Nanya was very mindful of selecting a venue that would be convenient for the individuals who had

8  been representing and will continue to represent the parties' interests throughout this litigation.

9  In addition to the location of key witnesses in Japan or Taiwan (*i.e.* inventors, corporate

10  officers, etc.), the majority of documents related to the original design and manufacturing of the Nanya

11  patents at issue in this matter, including inventor's notes, product specifications, conception, and

12  reduction in practice are located in Taiwan.[43] Upon information and belief, ***all*** documents related to

13  the original design and manufacturing of Fujitsu's patents at issue in this matter, including inventor's

14  notes, product specifications, conception, and reduction in practice are located in Japan. The sources

15  of proof are in Japan and Taiwan, and Guam is much closer and easier to reach from those places than

16  California.

17           ***c.    There are No Other "Practical Problems" that Make Guam Inconvenient***

18  The Ninth Circuit specifically addresses that, "all other practical problems that make trial of a

19  case easy, expeditious and inexpensive" should be considered in a Court's determination. *Decker Coal*

20  *Co.*, 805 F.2d at 842-43. The close proximity of Guam to the key decision-makers and witnesses for

21  both sides tends to overcome, not create, such practical problems.

22  In stretching for other "practical problems" with Guam, Fujitsu makes a bald assertion that

23  experts, third parties, and third party witnesses will be inconvenienced in Guam. (Transfer Motion,

24

---

25  [38] Chang Decl. ¶ 6.
   [39] *Id.*

26  [40] A. Chan Decl. ¶ 3.
   [41] *Id.*

27  [42] *Id.*
   [43] Chang Decl. ¶ 5.

-14-

28  **PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION
TO IMMEDIATELY TRANSFER FOR CONVENIENCE**

Dkt. No. 194 at 7, lines 8-27).    Like Fujitsu's other arguments, this assertion is completely unsupported.

First, Fujitsu does not identify a single expert, third party, or third party witness that it claims will be inconvenienced, let alone how California is more convenient if the third party is a foreign corporation. Second, Fujitsu erroneously assumes that the world's industry and technology experts are concentrated in the West Coast of the United States — even though the patents-in-suit and the products at issue were invented and manufactured in Asia. Fujitsu fails to consider that experts might reside in Asia or otherwise outside the United States and that California may be much more inconvenient for them.    Again, these conclusory allegations of inconvenience are irrelevant for a §1404(a) determination and *courts do not transfer a case if convenience to one party causes inconvenience to the other*. *See Decker Coal Co.*, 805 F.2d at 842-43.

Fujitsu next contends that California is convenient to Nanya because Nanya's American headquarters is located there. (Transfer Motion, Dkt. No. 194 at 6, lines 23-24.) However, Nanya's American office in California is only a sales office and the majority of all relevant research and production, pertinent witnesses, and documents to this case are located in Taiwan.[44]    FMA and NTC USA are peripheral to this litigation. The courts have repeatedly stated that the location of sales offices or subsidiaries are irrelevant for purposes of §1404(a). *See Ricoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473, 481 (D.N.J. 1993) ("*It is implausible to suggest that*—in a case involving the design and development of the invention which resulted in Patent 768—*Ricoh may rely on the presence of a subsidiary which did not participate in those activities and which has no apparent proprietary interest in the resulting patent* [to support its choice of forum].").

### 3.    The Interests of Justice Warrant this Case Remain in this Judicial District

Consideration of the interests of justice is intended to encompass all those factors bearing on transfer that are unrelated to convenience of witnesses and parties. Factors include the court's familiarity with the applicable law, the possibility of an unfair trial, and the possibility of harassment. *Decker Coal Co.*, 805 F.2d at 842-43; *Cyril & Crowley, LLP v. Western Systems, Inc.*, No. C-00-3883

---

[44] Chang Decl. ¶ 2.

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION
TO IMMEDIATELY TRANSFER FOR CONVENIENCE

1  PJH, 2001 WL 58963, at *3 (N.D. Cal. Jan 8, 2001) (transferring matter to district of Guam because
2  interest of justice requires case be adjudicated in forum closest to dispute).

3      Unlike Fujitsu's implied assertion that this Court and the citizens of Guam are somehow
4  incapable of deciding this dispute, Nanya is completely confident this forum and any potential jury will
5  be fully competent to determine these important matters. Guam is part of the United States and its
6  citizens are U.S. citizens. The people of Guam are not "second class" when it comes to adjudging
7  complex disputes, involving federal law, and Californians are not somehow endowed with a
8  superiority to "handle" this type of matter. The local interest in Guam is as great in resolving these
9  important issues of U.S. law as is the local interest of California.[45]

10     This case is not devoid of any relationship to Guam as Fujitsu asserts. Citizens of Guam use
11  personal computers, PDAs, GPS systems, cars, and other products incorporate devices at issue in this
12  case. They have a real, tangible economic interest in a dispute related to the distortion and disruption
13  of Guam's market for these products and their component parts.

14     For these reasons and the reasons stated above, Fujitsu's Transfer Motion should be denied
15  because Fujitsu has not demonstrated by a strong showing of inconvenience this forum cannot
16  adjudicate these matters.

---

27  [45] This Court noted that "having the action heard in [a foreign court] meets the public interest that a forum apply a law with which it is familiar." *See Copitas v. Fishing Vessel Alexandros*, No. 98-00013, at *4 (D.Guam Oct. 5, 1998).

-16-

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION
TO IMMEDIATELY TRANSFER FOR CONVENIENCE**

1

### III.   CONCLUSION

2          Nanya respectfully requests that the Court deny Fujitsu's Transfer Motion because

3   (1) *Sinochem* does not support Fujitsu's request for immediate transfer;  (2) Guam is by far the most

4   convenient forum for the parties; and (3) Fujitsu's motion fails to establish that Guam is an

5   inconvenient forum, which is its burden under 28 U.S.C. § 1404(a).

6   Dated at Hagåtña, Guam on May 3, 2007.

7          Respectfully submitted,

8                                            **TEKER TORRES & TEKER, P.C.**

9

10                              By

11                                            JOSEPH C. RAZZANO, ESQ.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                              -17-

28

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION**
**TO IMMEDIATELY TRANSFER FOR CONVENIENCE**

# EXHIBIT A

**UNITED STATES DISTRICT COURT**

**DISTRICT OF GUAM**

| | |
|---|---|
| NANYA TECHNOLOGY CORP. and NANYA TECHNOLOGY CORP. U.S.A., | Case No. CV-06-00025 |
| *Plaintiffs,* | **DECLARATION OF ALFONSO GARCIA CHAN** |
| v. | |
| FUJITSU LIMITED and FUJITSU MICROELECTRONICS AMERICA, INC., | |
| *Defendants.* | |

I, ALFONSO GARCIA CHAN, DECLARE UNDER PENALTY OF PERJURY THAT THE FOLLOWING IS TRUE AND CORRECT:

1.     My name is Alfonso Garcia Chan. I am over the age of 21 and am competent to make this declaration. All of the statements set forth herein are true and correct and are based on my personal knowledge.

2.     I represent Nanya Technology Corporation ("NTC") and Nanya Technology Corporation, U.S.A. in the above-captioned action and in their patent licensing program.

3.     I personally attended patent licensing and settlement meetings between NTC and Defendant Fujitsu Limited in 2006 and 2007 covering the patents at issue in the above-captioned action. All meetings I personally attended were in Tokyo, Japan. Only representatives of NTC and Defendant Fujitsu Limited were present. At no time was I ever informed that a representative from Defendant Fujitsu Microelectronics America, Inc. was present.

4.     A true and correct copy of Plaintiffs' Fed. R. Civ. P. 26(a)(1) Initial Disclosure, without attachments, exhibits or referenced documents, served in the second-filed California action, *Fujitsu Limited, et al v. Nanya Technology Corp., et al,* Case No. 4:06-cv-006613 (CW), U.S. District Court, N.D. of California, Oakland Division, are attached hereto as Exhibit A.

-1-

DECLARATION OF ALFONSO GARCIA CHAN

1    5.    A true and correct copy of Defendants' Fed. R. Civ. P. 26(a)(1) Initial Disclosure,

2    without attachments, exhibits or referenced documents, served in the second-filed California action,

3    *Fujitsu Limited, et al v. Nanya Technology Corp., et al,* Case No. 4:06-cv-006613 (CW), U.S. District

4    Court, N.D. of California, Oakland Division, are attached hereto as Exhibit B.

5        I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE

6    AND CORRECT.  SIGNED THIS 2nd DAY OF MAY, 2007.

7

8

9    _____

10   ALFONSO GARCIA CHAN

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

**DECLARATION OF ALFONSO GARCIA CHAN**

MILBANK, TWEED, HADLEY & McCLOY LLP
Gregory Evans (State Bar No. 147623)
Chris L. Holm (*Pro Hac Vice*)
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017
Telephone: (213) 892-4000
Facsimile: (212) 822-5796
gevans@milbank.com
cholm@milbank.com

MILBANK, TWEED, HADLEY & McCLOY LLP
Christopher E. Chalsen (*Pro Hac Vice*)
Michael M. Murray (*Pro Hac Vice*)
Lawrence T. Kass (*Pro Hac Vice*)
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000
Facsimile: (212) 822-5796
cchalsen@milbank.com
mmurray@milbank.com
lkass@milbank.com

**Attorneys for Plaintiffs,**
**FUJITSU LIMITED and**
**FUJITSU MICROELECTRONICS**
**AMERICA, INC.**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| FUJITSU LIMITED and FUJITSU MICROELECTRONICS AMERICA, INC.<br><br>Plaintiffs,<br><br>vs.<br><br>NANYA TECHNOLOGY CORP. and NANYA TECHNOLOGY CORP. U.S.A.<br><br>Defendants. | CASE NO. 4:06-cv-06613 (CW)<br><br>**PLAINTIFFS' FED. R. CIV. P. 26(a)(1) INITIAL DISCLOSURE** |

EXHIBIT

A

1    Plaintiffs Fujitsu Limited ("Fujitsu") and Fujitsu Microelectronics America, Inc.

2    ("FMA") (collectively, "Plaintiffs") make the following disclosures pursuant to Federal Rule of

3    Civil Procedure 26(a)(1):

4    **A.    The identity of all persons known or believed to have substantial discoverable information about the claims or defenses, together with a summary of that**

5    **information:**

6    **FMA**

7    **1. Michael Moore**

8    Mr. Moore's address is Fujitsu Microelectronics America, Inc., 1250 E. Arques

9    Avenue, M/S 333, Sunnyvale, California 94088-3470. Mr. Moore is Vice President and General

10   Counsel of FMA. Mr. Moore has general knowledge about the business in which FMA is

11   engaged, including its operations, offices, affiliates, employees, and sales force. See also Mr.

12   Moore's declaration in this case (Dkt. No. 53) and his declaration in Nanya Technology Corp., et

13   al. v. Fujitsu Limited et al., Guam case no. 1:06-cv-00025 (Dkt. No. 78). Mr. Moore may be

14   contacted through Milbank, Tweed, Hadley & McCloy LLP, as counsel for Plaintiffs.

15   **2. Sandra Blanckensee**

16   Ms. Blanckensee's address is Fujitsu Microelectronics America, Inc., 1250 E.

17   Arques Avenue, M/S 333, Sunnyvale, California 94088-3470. Ms. Blanckensee is FMA's

18   Director of Operations and has knowledge about FMA's operations, sales figures and product

19   distribution. Ms. Blanckensee may be contacted through Milbank, Tweed, Hadley & McCloy

20   LLP, as counsel for Plaintiffs.

21

22

23

24

25

3. **Once Defendants identify particular accused products, FMA expects it will be able to identify additional relevant witnesses located in California.**

<u>Nanya USA</u>

4. **Brian Donahue**

On information and belief, Mr. Donahue's address is Nanya Technology Corp. U.S.A., 5104 Old Ironsides Dr., Suite 113, Santa Clara, California 95054, is Sales Director of Nanya USA, and has knowledge about Nanya USA's sales figures and product distribution.

5. **David Dwyer**

On information and belief, Mr. Dwyer's address is Nanya Technology Corp. U.S.A., 5104 Old Ironsides Dr., Suite 113, Santa Clara, California 95054, is Sales Director of Nanya USA, and has knowledge about Nanya USA's sales figures and product distribution.

<u>Fujitsu Limited</u>

6. **Shigeru Kitano**

Mr. Kitano's address is Fujitsu Limited, Shiodome City Center, 1-5-2 Higashi-Shimbashi Minato-ku, Tokyo 105-7123, Japan.  Mr. Kitano is Deputy General Manager in the Industry Relations Division of the Law and Intellectual Property Unit of Fujitsu Limited.  Mr. Kitano has general knowledge about the business in which Fujitsu Limited is engaged, including its licensing activity, operations, offices, affiliates, employees, and sales force.  See also Mr. Kitano's declaration in this case (Dkt. No. 54) and his declarations in Nanya Technology Corp., et al. v. Fujitsu Limited et al., Guam case no. 1:06-cv-00025 (Dkt. Nos. 51 and 94).  Mr. Kitano may be contacted through Milbank, Tweed, Hadley & McCloy LLP, as counsel for Plaintiffs.

*U.S. Patent No. 4,801,989*

7. **Mr. Taiji Ema**

Mr. Ema's address is Fujitsu Limited, Shiodome City Center, 1-5-2 Higashi-Shimbashi Minato-ku, Tokyo 105-7123, Japan.  Mr. Ema is knowledgeable about the technology

1   relating to U.S. Patent No. 4,801,989 ("the '989 patent"). Mr. Ema may be contacted through

2   Milbank, Tweed, Hadley & McCloy LLP, as counsel for Plaintiffs.

3         *U.S. Patent No. 6,104,486*

4      **8.**    **Hiroshi Arimoto**

5         Mr. Arimoto's address is Fujitsu Limited, Shiodome City Center, 1-5-2 Higashi-

6   Shimbashi Minato-ku, Tokyo 105-7123, Japan. Mr. Arimoto is a named inventor of U.S. Patent

7   No. 6,104,486 ("the '486 patent"), and has knowledge of the '486 patent, its conception,

8   reduction to practice, and its prosecution history. Mr. Arimoto may be contacted through

9   Milbank, Tweed, Hadley & McCloy LLP, as counsel for Plaintiffs.

10        *U.S. Patent No. 6,292,428*

11      **9.**    **Hiroyoshi Tomita**

12         Mr. Tomita's address is Fujitsu Limited, Shiodome City Center, 1-5-2 Higashi-

13   Shimbashi Minato-ku, Tokyo 105-7123, Japan. Mr. Tomita is a named inventor of U.S. Patent

14   No. 6,292,428 ("the '428 patent"), and has knowledge of the '428 patent, its conception,

15   reduction to practice, and its prosecution history. Mr. Tomita may be contacted through

16   Milbank, Tweed, Hadley & McCloy LLP, as counsel for Plaintiffs.

17      **10.**   **Tatsuya Kanda**

18         Mr. Kanda's address is Fujitsu Limited, Shiodome City Center, 1-5-2 Higashi-

19   Shimbashi Minato-ku, Tokyo 105-7123, Japan. Mr. Kanda is a named inventor of the '428

20   patent, and has knowledge of the '428 patent, its conception, reduction to practice, and its

21   prosecution history. Mr. Kanda may be contacted through Milbank, Tweed, Hadley & McCloy

22   LLP, as counsel for Plaintiffs.

23

24

25

1      *U.S. Patent No. 6,320,819*

2      **11.**    **Hiroyoshi Tomita**

3      Mr. Tomita's address is Fujitsu Limited, Shiodome City Center, 1-5-2 Higashi-

4  Shimbashi Minato-ku, Tokyo 105-7123, Japan. Mr. Tomita is a named inventor of U.S. Patent

5  No. 6,320,819 ("the '819 patent"), and has knowledge of the '819 patent, its conception,

6  reduction to practice, and its prosecution history. Mr. Tomita may be contacted through

7  Milbank, Tweed, Hadley & McCloy LLP, as counsel for Plaintiffs.

8      **12.**    **Tatsuya Kanda**

9      Mr. Kanda's address is Fujitsu Limited, Shiodome City Center, 1-5-2 Higashi-

10  Shimbashi Minato-ku, Tokyo 105-7123, Japan. Mr. Kanda is a named inventor of the '819

11  patent, and has knowledge of the '819 patent, its conception, reduction to practice, and its

12  prosecution history. Mr. Kanda may be contacted through Milbank, Tweed, Hadley & McCloy

13  LLP, as counsel for Plaintiffs.

14      **Nanya**

15      *U.S. Patent No. 6,225,187*

16      **13.**    **Tse Yao Huang**

17      Based on Nanya's initial disclosures in Guam, Plaintiffs understand that Mr.

18  Huang's address is Nanya Technology Corporation, Hwa Ya Technology Park, 669, Fu

19  Hsing3rd, Kueishan, Taoyuan, Taiwan, is a named inventor of U.S. Patent No. 6,225,187 ("the

20  '187 patent"), and has knowledge of the '187 patent, its conception, reduction to practice, and its

21  prosecution history.

22      **14.**    **Yun Sen Lai**

23      Based on Nanya's initial disclosures in Guam, Plaintiffs understand that Mr. Lai's

24  address is Nanya Technology Corporation, Hwa Ya Technology Park, 669, Fu Hsing3rd,

25

1   Kueishan, Taoyuan, Taiwan, is a named inventor of the '187 patent, and has knowledge of the

2   '187 patent, its conception, reduction to practice, and its prosecution history.

3        ***U.S. Patent No. 6,426,271***

4        **15.    Yi-Nan Chen**

5            Based on Nanya's initial disclosures in Guam, Plaintiffs understand that Mr.

6   Chen's address is Nanya Technology Corporation, Hwa Ya Technology Park, 669, Fu Hsing3rd,

7   Kueishan, Taoyuan, Taiwan, is a named inventor of U.S. Patent No. 6,426,271 ("the '271

8   patent"), and has knowledge of the '271 patent, its conception, reduction to practice, and its

9   prosecution history.

10       **16.    Hsien-Wen Liu**

11           Based on Nanya's initial disclosures in Guam, Plaintiffs understand that Mr. Liu's

12  address is Nanya Technology Corporation, Hwa Ya Technology Park, 669, Fu Hsing3rd,

13  Kueishan, Taoyuan, Taiwan, is a named inventor of the '271 patent, and has knowledge of the

14  '271 patent, its conception, reduction to practice, and its prosecution history.

15       ***U.S. Patent No. 6,790,765***

16       **17.    Tse-Yao Huang**

17           Based on Nanya's initial disclosures in Guam, Plaintiffs understand that Mr.

18  Huang's address is Nanya Technology Corporation, Hwa Ya Technology Park, 669, Fu Hsing

19  3rd, Kueishan, Taoyuan, Taiwan, is a named inventor of U.S. Patent No. 6,790,765 ("the '765

20  patent"), and has knowledge of the '765 patent, its conception, reduction to practice, and its

21  prosecution history.

22       **18.    Yi-Nan Chen**

23           Based on Nanya's initial disclosures in Guam, Plaintiffs understand that Mr.

24  Chen's address is Nanya Technology Corporation, Hwa Ya Technology Park, 669, Fu Hsing3rd,

25

1  Kueishan, Taoyuan, Taiwan, is a named inventor of the '765 patent, and has knowledge of the

2  '765 patent, its conception, reduction to practice, and its prosecution history.

3      **19.    Hui-Min Mao**

4          Based on Nanya's initial disclosures in Guam, Plaintiffs understand that Mr.

5  Mao's address is Nanya Technology Corporation, Hwa Ya Technology Park, 669, Fu Hsing3rd,

6  Kueishan, Taoyuan, Taiwan, is a named inventor of the '765 patent, and has knowledge of the

7  '765 patent, its conception, reduction to practice, and its prosecution history.

8      **B.    A description, including the location, of all documents that are reasonably
   likely to bear substantially on the claims or defenses:**

9

10         All or most of FMA's documents are located at its headquarters and principal

   place of business at 1250 E. Arques Avenue, M/S 333, Sunnyvale, California 94088-3470.

11
           All or most of Nanya USA's documents are believed to be located at its
12
   headquarters and principal place of business at 5104 Old Ironsides Dr., Suite 113, Santa Clara,
13
   CA 95054.
14
           Documents related to Fujitsu's patents, the '989, '486, '428, and '819 patents,
15
   which bear on Plaintiffs' claims, are located at Fujitsu's offices at 4-1-1, Kamikodanaka
16
   Nakahara-ku, Kawasaki-shi, Kanagawa, Japan 211-8588. Certain additional documents related
17
   to these patents are believed to be located at the offices of Fujitsu's outside patent firms. The
18
   names of those firms and their addresses are as follows: Armstrong, Kratz, Quintos, Hanson &
19
   Brooks, LLP, 1725 K St., N.W. Suite 1000, Washington, DC 20006; Arent Fox PLLC, 1050
20
   Connecticut Ave. N.W. Suite 400, Washington, DC 20036-5339; and Itoh International patent
21
   office, 32th floor, Ebisu-Garden-Place, 20-3, Ebisu-4chome, Shibuya-ku, Tokyo, 150-6032,
22
   Japan. Fujitsu has some additional documents at the Fujitsu Akiruno Technology Center, 50
23
   Fuchigami, Akiruno-city, Tokyo, Japan.
24
           Based on Nanya's initial disclosures in Guam, Plaintiffs understand that all or
25
   most documents related to Nanya's patents, the '187, '271 and '765 patents, which bear on its

1  claims, are located at Plaintiffs headquarters, Hwa Ya Technology Park, 669, Fu Hsing3rd,

2  Kueishan, Taoyuan, Taiwan.  Certain additional documents related to these patents are believed

3  to be located at the offices of Nanya's outside patent firms.  The names of those firms, along

4  with the addresses provided in the patent file histories, are as follows:  Shaw Pittman, 2300 N

5  Street, N.W. Washington, DC 20037; and Birch, Stewart, Kolasch & Birch, LLP Post Office Box

6  747 Falls Church, Virginia 22040-0747.

7          Additional relevant documents that bear on Plaintiffs' claims will be obtained

8  from Defendants during the discovery process.

9      **C.      A computation of any damages claimed:**

10          Under 35 U.S.C. § 284, Plaintiffs seek damages adequate to compensate for

11  Defendants' infringement of the '989, '486, '428, and '819 patents, but in no event less than a

12  reasonable royalty for Defendants' use of the inventions, together with interest as fixed by the

13  Court.  Plaintiffs also seek under § 284 an increase of damages up to three times the amount

14  found or assessed.

15          The full extent of Plaintiffs' damages will be further disclosed and supplemented

16  upon receipt of the relevant information from Defendants and in accordance with Federal Rules

17  of Civil Procedure 26(a)(2) and 26(b)(4) and any scheduling orders issued by the Court.

18      **D.      The substance of any insurance agreement that may cover any resulting judgment:**

19          Plaintiffs are not aware of any insurance agreements that may cover any resulting

20  judgment.

21

22

23

24

25

1

2

Dated: _1/26/07_     By: _____

3
MILBANK, TWEED, HADLEY & McCLOY LLP
Gregory Evans (State Bar No. 147623)

4
Chris L. Holm (*Pro Hac Vice*)
601 South Figueroa Street, 30th Floor

5
Los Angeles, California 90017
Telephone: (213) 892-4000

6
Facsimile: (212) 822-5796

7
MILBANK, TWEED, HADLEY & McCLOY LLP
Christopher E. Chalsen (*Pro Hac Vice*)

8
Michael M. Murray (*Pro Hac Vice*)
Lawrence T. Kass (*Pro Hac Vice*)

9
Frank A. Bruno (*Pro Hac Vice*)
1 Chase Manhattan Plaza

10
New York, NY 10005
Telephone:(212) 530-5000

11
Facsimile: (212) 822-5796

12
Attorneys for Plaintiffs
FUJITSU LIMITED and

13
FUJITSU MICROELECTRONICS AMERICA, INC.

14

15

16

17

18

19

20

21

22

23

24

25

6055·02

JOSEPH C. RAZZANO, ESQ.
TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891/4
FACSIMILE:  (671) 472-2601

JOHN S. UNPINGCO, ESQ.
UNPINGCO & ASSOCIATES, LLC
SUITE 12B, SINAJANA MALL
SINAJANA, GUAM
TELEPHONE: (671) 475-8545
FACSIMILE: (671) 475-8550

MICHAEL W. SHORE
ALFONSO GARCIA CHAN
MARTIN PASCUAL
SHORE CHAN BRAGALONE, LLP
325 NORTH SAINT PAUL STREET-SUITE 4450
DALLAS, TEXAS 75201
TELEPHONE: (214) 593-9110
FACSIMILE: (214) 593-9111

*Attorneys for Plaintiffs*
*Nanya Technology Corp. and*
*Nanya Technology Corp. U.S.A.*



## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP.,<br>NANYA TECHNOLOGY CORP. U.S.A.,<br><br>      Plaintiffs,<br><br>      vs.<br><br>FUJITSU LIMITED, FUJITSU<br>MICROELECTRONICS AMERICA, INC.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL CASE NO. CV 06-00025

PLAINTIFFS' L.R. 26.2 DISCLOSURE



1.

Plaintiffs, Nanya Technology Corp. ("Plaintiff NTC") and Nanya Technology Corp. U.S.A. ("Plaintiff NTC USA") (collectively, "Plaintiffs") make the following disclosures pursuant to L.R. 26.2:

**A.     The identity of all persons known or believed to have substantial discoverable information about the claims or defenses, together with a summary of that information:**

### U.S. PATENT NO. 6,225,187

**1.     Tse Yao Huang**

Mr. Huang's address is Nanya Technology Corporation, Hwa Ya Technology Park, 669, Fu Hsing3rd, Kueishan, Taoyuan, Taiwan.. Mr. Huang is a named inventor of U.S. Patent No. 6,225,187 ("the '187 patent"), and has knowledge of the '187 patent, its conception, reduction to practice, and its prosecution history. Mr. Huang may be contacted through Shore Chan Bragalone LLP, as counsel for Plaintiffs.

**2.     Yun Sen Lai**

Mr. Lai's address is Nanya Technology Corporation, Hwa Ya Technology Park, 669, Fu Hsing3rd, Kueishan, Taoyuan, Taiwan. Mr. Lai is a named inventor of the '187 patent, and has knowledge of the '187 patent, its conception, reduction to practice, and its prosecution history.  Mr. Lai may be contacted through Shore Chan Bragalone LLP, as counsel for Plaintiffs.

### U.S. Patent No. 6,426,271

**1.     Yi-Nan Chen**

Mr. Chen's address is Nanya Technology Corporation, Hwa Ya Technology Park, 669, Fu Hsing3rd, Kueishan, Taoyuan, Taiwan. Mr. Chen is a named inventor of U.S. Patent No. 6,426,271 ("the '271 patent"), and has knowledge of the '271 patent, its conception, reduction to practice, and its prosecution history.  Mr. Chen may be contacted through Shore Chan Bragalone LLP, as counsel for Plaintiffs.

2.

### 2.     Hsien-Wen Liu

Mr. Liu's address is Nanya Technology Corporation, Hwa Ya Technology Park, 669, Fu Hsing3rd, Kueishan, Taoyuan, Taiwan.  Mr. Liu is a named inventor of the '271 patent, and has knowledge of the '271 patent, its conception, reduction to practice, and its prosecution history.  Mr. Liu may be contacted through Shore Chan Bragalone LLP, as counsel for Plaintiffs.

### U.S. Patent No. 6,790,765

### 1.     Tse-Yao Huang

Mr. Huang's address is Nanya Technology Corporation, Hwa Ya Technology Park, 669, Fu Hsing3rd, Kueishan, Taoyuan, Taiwan.  Mr. Huang is a named inventor of U.S. Patent No. 6,790,765 ("the '765 patent"), and has knowledge of the '765 patent, its conception, reduction to practice, and its prosecution history.  Mr. Huang may be contacted through Shore Chan Bragalone LLP, as counsel for Plaintiffs.

### 2.     Yi-Nan Chen

Mr. Chen's address is Nanya Technology Corporation, Hwa Ya Technology Park, 669, Fu Hsing3rd, Kueishan, Taoyuan, Taiwan.  Mr. Chen is a named inventor of the '765 patent, and has knowledge of the '765 patent, its conception, reduction to practice, and its prosecution history.  Mr. Chen may be contacted through Shore Chan Bragalone LLP, as counsel for Plaintiffs.

### 3.     Hui-Min Mao

Mr. Mao's address is Nanya Technology Corporation, Hwa Ya Technology Park, 669, Fu Hsing3rd, Kueishan, Taoyuan, Taiwan.  Mr. Mao is a named inventor of the '765 patent, and has knowledge of the '765 patent, its conception, reduction to practice, and its prosecution history.  Mr. Mao may be contacted through Shore Chan Bragalone LLP, as counsel for Plaintiffs.

**B.     A description, including the location, of all documents that are reasonably likely to bear substantially on the claims or defenses:**

All documents related to Plaintiffs' patents, the '187, '271 and '765 patents, which bear on its claims, are located at Plaintiff's headquarters, Hwa Ya Technology Park, 669, Fu Hsing 3rd, Kueishan, Taoyuan, Taiwan. Additional relevant documents related to Defendants' patents at issue and that bear on Plaintiffs' claims, will be obtained from Defendants during the discovery process.

### C.    A computation of any damages claimed:

The scope and amount of Plaintiffs' damages will be the subject of expert testimony and will be measured by a reasonable royalty applied to Defendant Fujitsu Limited's and Defendant Fujitsu Microelectronics America, Inc.'s (collectively "Defendants") infringing sales. Pursuant to established case law, the royalty would represent the amount that would have been set in a hypothetical negotiation between a willing patent owner and a willing potential user of the patented technology as of the date infringement began considering the following factors outlined in *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970):

1. The royalties received by the patentee for the licensing of the patent in suit, proving or tending to prove an established royalty;

2. The rates paid by the licensee for the use of other patents comparable to the patent in suit;

3. The nature and scope of the license, as exclusive or non-exclusive; or as restricted or non-restricted in terms of territory or with respect to whom the manufactured product may be sold;

4. The licensor's established policy and marketing program to maintain his patent monopoly by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that monopoly;

5. The commercial relationship between the licensor and licensee, such as, whether they are competitors in the same territory in the same line of business; or whether they are inventor and promoter;

6. The effect of selling the patented specialty in promoting sales of other products of the licensee; the existing value of the invention to the licensor as a generator of sales of his non-patented items; and the extent of such derivative or convoyed sales;

4.

7.  The duration of the patent and the term of the license;

8.  The established profitability of the product made under the patent; its commercial success; and its current popularity;

9.  The utility and advantages of the patent property over the old modes or devices, if any, that had been used for working out similar results;

10. The nature of the patented invention; the character of the commercial embodiment of it as owned and produced by the licensor; and the benefits to those who have used the invention;

11. The extent to which the infringer has made use of the invention and any evidence probative of the value of that use;

12. The portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions;

13. The portion of the realizable profit that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer;

14. The opinion testimony of qualified inventors; and

15. The amount that a licensor (such as the patentee) and a licensee (such as the infringer) would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement; that is, the amount which a prudent licensee – who desired, as a business proposition, to obtain a license to manufacture and sell a particular article embodying the patent invention – would have been willing to pay as a royalty and yet be able to make reasonable profit and which amount would have been acceptable by a prudent patentee who was willing to grant a license.

The foregoing expert testimony will also rely, in part, on obtaining discovery from Defendants' regarding Defendants' relevant sales figures.

The full extent of Plaintiffs' damages will be further disclosed and supplemented upon receipt of the relevant information from Defendants and in accordance with Federal Rules of Civil Procedure 26(a)(2) and 26(b)(4) and any scheduling orders issued by the Court.

**D.**    The substance of any insurance agreement that may cover any resulting judgment:

None.

**E.**    A copy of any report of an expert who may be called at trial:

No experts have been retained by Plaintiffs at this time.

Dated: January 9, 2007.

By _____
JOSEPH C. RAZZANO, ESQ.
Teker Torres & Teker, P.C.

SHORE CHAN BRAGALONE, LLP

**ATTORNEYS FOR PLAINTIFFS**
**NANYA TECHNOLOGY CORP., AND**
**NANYA TECHNOLOGY CORP., U.S.A.**

6.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the

following counsel of record via hand delivery on January 9, 2007:

Rodney J. Jacob
Daniel M. Benjamin
**Calvo & Clark, LLP**
655 South Marine Corps Dr., Suite 202
Tamuning, Guam 96913

JOSEPH C. RAZZANO, ESQ.

7.