TEKER TORRES & TEKER, P.C.
130 Aspinall Ave., Suite 2A
Hagåtña, Guam 96910
671.477.9891  Telephone
671.472.2601  Facsimile

UNPINGCO & ASSOCIATES, LLC
777 Route 4, Suite 12B
Sinajana, Guam
671.475.8545  Telephone
671.475.8550  Facsimile

SHORE CHAN BRAGALONE LLP
325 N. St. Paul Street, Suite 4450
Dallas, Texas 75201
214.593.9110  Telephone
214.593.9111  Facsimile

*Attorneys for Plaintiffs,*
*Nanya Technology Corp. and*
*Nanya Technology Corp. U.S.A.*

FILED
DISTRICT COURT OF GUAM
MAY - 7 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP. and NANYA TECHNOLOGY CORP. U.S.A., <br><br> Plaintiffs, <br><br> v. <br><br> FUJITSU LIMITED and FUJITSU MICROELECTRONICS AMERICA, INC., <br><br> Defendants. | Case No. CV-06-00025 <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF ITS OBJECTIONS TO THE MAY 10, 2007 HEARING DATE ON DEFENDANTS' MOTION TO IMMEDIATELY TRANSFER FOR CONVENIENCE** |

NOW COME Plaintiffs Nanya Technology Corporation ("NTC") and Nanya Technology Corporation U.S.A. ("NTC USA") (collectively "Nanya"), and file this Reply to Defendants' Response[1] to Nanya's Objections[2] to the May 10, 2007 hearing date set for Defendants Fujitsu Limited

---

[1] Defendants' Response to Plaintiffs' Objections to May 10, 2007 Hearing Date on Motion to Immediately Transfer for Convenience ("Response"), Doc. No. 236.

[2] Plaintiffs' Objections to May 10, 2007 Hearing Date on Motion to Immediately Transfer for Convenience ("Objections"), Doc. No. 233.

PLAINTIFFS' REPLY IN SUPPORT OF THEIR OBJECTIONS TO THE MAY 10, 2007 HEARING
DATE ON DEFENDANTS' MOTION TO IMMEDIATELY TRANSFER FOR CONVENIENCE   1

ORIGINAL

("Fujitsu Ltd.") and Fujitsu Microelectronics America, Inc.'s ("FMA") (collectively "Fujitsu") Motion to Immediately Transfer for Convenience,[3] and would respectfully show as follows:

## I. INTRODUCTION

In its Response, Fujitsu misconstrues both the Local Rules and FEDERAL RULES OF CIVIL PROCEDURE in an attempt to mischaracterize Nanya's genuine and timely objections to the expedited Transfer Motion hearing date and briefing schedule. Fujitsu's Response makes clear that it cannot carry its burden to prove inconvenience nor can it demonstrate under the proper legal standards why a §1404(a) transfer would be justified.

As will be demonstrated below, these challenges are erroneous and only provide additional support to Nanya's contention that the scheduled hearing will prejudice its ability to adequately address Fujitsu's "inconvenience" arguments. Fujitsu is simply trying to have its "inconvenience" arguments heard first because it knows its jurisdictional arguments are meritless.[4]

## II. ARGUMENT

Nanya objected to this Court's Order[5] setting a hearing date of May 10, 2007 on Defendants' Transfer Motion because: (1) of the condensed briefing schedule to respond and (2) of Nanya's inability to conduct adequate discovery regarding the "inconvenience" issues raised by Fujitsu. Alternatively, Nanya respectfully requested the Court to compel Defendants to present a corporate representative that can testify to the vague, uncorroborated assertions of "inconvenience" in Defendants' Transfer Motion. Fujitsu, in its Response, makes meritless arguments not supported by any procedural rule and articulates inaccurate propositions of 28 U.S.C. §1404(a) transfer jurisprudence as support.

---

[3] Defendants' Motion to Immediately Transfer for Convenience ("Transfer Motion"), Doc. Nos. 192 and 194.
[4] *See* Plaintiffs' Response to Defendants' Transfer Motion, Doc. No. 238 at 4, lines 3-8.
[5] Court's Order Re: Motion to Immediately Transfer for Convenience ("Order"), Doc. No 226.

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR OBJECTIONS TO THE MAY 10, 2007 HEARING DATE ON DEFENDANTS' MOTION TO IMMEDIATELY TRANSFER FOR CONVENIENCE**    2

### A. Fujitsu Motion for Reconsideration Argument

Fujitsu argues that under Local Rule 7.1(i) Plaintiffs' Objections are out of order because they are "truly a motion for reconsideration."[6] As the record demonstrates, the Court made no substantive decision on any motion when setting the May 10, 2007 hearing date. Local Rule 7.1(i) only applies in situations when the Court rules on a substantive motion.

### B. Fujitsu Argument that Nanya's Response is Untimely

Fujitsu argues that under Local Rule 7.1(d)(2)(A) Nanya's Response to Defendants' Transfer Motion is late because it was due on May 1, 2007.[7] Again, the Local Rules do not support Fujitsu's argument. On April 17, 2007, Fujitsu also filed a "Non-Agreement for Hearing Date" for Defendants' Transfer Motion.[8] On April 20, 2007, Nanya filed its "Agreement of Hearing Date" for Defendants' Transfer Motion.[9] Local Rule 7.1(e)(2) provides: "If the parties do not agree on a date for oral argument, the requesting party may submit the "Agreement of Hearing Date" to the Court with a notation that the non-requesting party does not agree, in which event the Court shall either *determine the hearing date or determine that no oral argument shall be scheduled and the motion shall proceed to briefing and disposition under Local Rule 7.1(d)(2), in the Court's discretion.* (Emphasis added.) The Court separately set a May 10, 2007 hearing date and a specific briefing schedule.[10] Thus the fourteen day response deadline under Local Rule 7.1(d)(2)(A) does not apply.

### C. Fujitsu Erroneous Rule 45 Arguments

In the event the May 10, 2007 hearing proceeds and Nanya must defend itself against Fujitsu's § 1404(a) challenges, Nanya sought to have corporate representatives from Fujitsu to attend the

---

[6] Response, Doc. No. 236 at 2, line 8.
[7] *See* Response, Doc. No 236 at 2-3.
[8] Defendants' Non-Agreement for Hearing Date for Defendants' Motion to Immediately Transfer, Doc. No. 193.
[9] Plaintiffs' Agreement of Hearing Date on Defendants' Motion to Immediately Transfer, Doc. No. 198.
[10] *See* Order.

hearing and testify as to Fujitsu's alleged "inconvenience."[11] In light of the inability to secure any jurisdictional discovery from Fujitsu and because of the Court's expedited hearing schedule, Nanya issued Rule 45 hearing subpoenas for corporate representatives of both Defendants.[12] Fujitsu's Guam counsel, however, refused to accept service, thereby depriving Nanya of its ability and due process rights to test the truth and veracity of Fujitsu's factual allegations.[13]

According to Fujitsu, the Rule 45 subpoenas were "not even proper [because] they seek, *inter alia*, the appearance of witnesses located more than one hundred miles from the District Court of Guam." Response, Doc. No. 236 at 3, line 28, at 4, line 1 (citing FED. R. CIV. P. 45(b)(2)). However, the language of and case law applying Rule 45 make clear that the rule's 100 mile restriction does not apply to party witnesses.[14]

In view of Fujitsu's clear position that it will disobey the properly served and narrowly-tailored subpoenas, Nanya respectfully requests that the Court enter an order requiring forthwith Fujitsu's

---

[11] Prior to the filing of Defendants' Response, Fujitsu refused to serve their pre-discovery disclosures – permitting Fujitsu to divulge very little information with respect to its "inconvenience" arguments. Nanya made repeated requests on April 13, 16, 20, 23, and 27, 2007, for available deposition dates for Rule 30(b)(6) corporate representatives on the issues raised in the Transfer Motion – Fujitsu simply failed and disregarded these requests. *See* Ex. A at 2, lines 1-4, to Plaintiffs' Objections, Doc. No. 233.

[12] *See* Ex. B at 2, line 3, Plaintiffs' Objections, Doc. No. 233. Copies of the subpoenas are attached hereto for the Court's reference.

[13] *Id.* at 2, lines 1-7.

[14] *See* FED. R. CIV. P. 45(c)(3)(A)(ii) and (c)(3)(B)(iii). Federal courts are uniform that Rule 45(c)(3)(A)(ii) specifically does not apply the "100 mile radius" restriction to party witnesses. *See, e.g., Ferrel v. IBP, Inc.*, No. Civ. A. 98-4047, 2000 WL 34032907, at *1 (N.D. Iowa Apr. 28, 2000) (collecting cases); *Archer Daniels Midland Co. v. Aon Risk Servs., Inc.*, 187 F.R.D. 578, 587 (D. Minn. 1999) (recognizing distinction between "ordinary employees, and ... directors, officers, and other high-level representatives" for purposes of compelling appearance to testify); *Younis v. American Univ. in Cairo*, 30 F. Supp. 2d 390, 395 n. 44 (S.D.N.Y. 1998) (recognizing that officers of an Egyptian university which was a defendant in the action could be compelled to appear to testify in New York); *Prudential Securities, Inc. v. Norcom Devel., Inc.*, 1998 WL 397889, at *5 (S.D.N.Y. July 16, 1998) (noting *non-party* witnesses from Florida would "not likely be subject to the subpoena power of either a New York or North Carolina district court" (citing FED. R. CIV. P. 45(b)(2) & (c)(3)(A)(ii))); *Stone v. Morton Int'l, Inc.*, 170 F.R.D. 498, 500-501 (D. Utah 1997) (in context of deposition subpoena, court noted, "Rule 45 ... allows a corporate officer of a party to be subpoenaed to appear beyond the 100 mile limitation .... Rule 45 ... does extend the subpoena power more broadly to a corporate officer than to a non-party because the corporate officer of a party may be considered the corporate alter ego."); *Venzor v. Chavez Gonzalez*, 968 F. Supp. 1258, 1267 (N.D. Ill. 1997) (the 100-mile "limitation on a trial subpoena applies only to 'a person who is not a party'" (citing FED. R. CIV. P. 45(c)(3)(A)(ii)))); *Nat'l Property Investors, VIII v. Shell Oil Co.*, 917 F. Supp. 324, 329 (D.N.J. 1995) ("[U]nlike party witnesses, FED. R. CIV. P. 45(c)(3)(A)(ii), non-party witnesses [from North Carolina] cannot be compelled to testify before this Court ....").

PLAINTIFFS' REPLY IN SUPPORT OF THEIR OBJECTIONS TO THE MAY 10, 2007 HEARING    4
DATE ON DEFENDANTS' MOTION TO IMMEDIATELY TRANSFER FOR CONVENIENCE

corporate representatives' attendance at the May 10, 2007 hearing and requiring such witnesses to provide testimony on the topics set forth in the Rule 45 subpoenas attached hereto. In the event the May 10, 2007 proceeds, this is absolutely necessary to ensure Nanya is afforded a fair opportunity to be heard and defend itself.

### D.　Fujitsu § 1404(a) Arguments

According to Fujitsu, the May 10, 2007 hearing "is not an evidentiary hearing and Plaintiffs have yet to identify a *single* disputed material fact."[15] The case law, however, is very clear: a § 1404(a) is an inherently evidentiary proceeding[16] in which the moving party (in this case Fujitsu) has the burden to show, with compelling evidence, that California is more convenient than Guam.[17] Specifically, in the context of its factual allegations, Fujitsu has the burden to offer compelling evidence of (1) what non-party witnesses are inconvenienced and which Japanese party witnesses believe California is more convenient than Guam; (2) what documents can be made available only in California but not in Guam; (3) why experts across the United States and the world can travel to California but not to Guam; and (5) why the locations of Nanya Technology Corp.'s and Fujitsu Ltd.'s U.S. subsidiaries should control venue as opposed to the locations of the parent corporations themselves. *See Ricoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473, 481 (D.N.J. 1993) ("It is implausible to suggest that—in a case involving the design and development of the invention which resulted in Patent 768—Ricoh may rely on the presence of a subsidiary which did not participate in those activities and which has no apparent proprietary interest in the resulting patent [to support its choice of forum]."); *Sony Corp. v. Quantum Corp.*, 16 U.S.P.Q.2d 1446, 1447 (D. Del. 1990) (court rejected a

---

[15] Response, Doc. No. 236 at 4, lines 3-4 (emphasis original).

[16] *See e.g., Commodity Futures Trading Comms. v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217 (7th Cir. 1986); *Plum Tree, Inc. v. Stockment*, 488 F.2d 754 (3rd Cir. 1973).

[17] *See, e.g., Plum Tree, Inc.*, 488 F.2d at 756 ("Defendants, having the burden of proof, ***did not support their motion to transfer with any affidavits, depositions, stipulations, or other documents containing facts*** that would tend to establish the necessary elements for a transfer under 28 U.S.C. §1404(a).") (emphasis added).

PLAINTIFFS' REPLY IN SUPPORT OF THEIR OBJECTIONS TO THE MAY 10, 2007 HEARING　　　5
DATE ON DEFENDANTS' MOTION TO IMMEDIATELY TRANSFER FOR CONVENIENCE

Japanese parent corporation's argument in a patent infringement action that the location of its American subsidiary was a more convenient forum and subsequently transferred the case to the forum closest to the relevant documents and witnesses of the parent corporation).    It is clear why Fujitsu does not want to characterize the hearing on May 10, 2007 as "evidentiary" –Fujitsu has not and cannot present the Court with any competent evidence, much less compelling evidence, to carry its heavy burden to show "inconvenience." *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Fujitsu bears the burden of justifying the transfer *by a strong showing of inconvenience*. *See also American Standard, Inc. v. Bendix Corp.*, 487 F. Supp. 254, 262 (W.D. Mo. 1980) ("But if the party moving for transfer under §1404(a) merely makes a general allegation that witnesses will be necessary, *without identifying those necessary witnesses and indicating what their testimony at trial* will be, the *motion for transfer* based on convenience of *witnesses will be denied*.") (emphasis added).

### III.    CONCLUSION

For the reasons stated above and in its original Objections, Nanya respectfully requests the Court to sustain its objections and reschedule the May 10, 2007 hearing date to a date that affords Nanya a fair and equitable opportunity to brief and obtain evidence in response to Fujitsu's Transfer Motion. In the alternative, if the May 10, 2007 hearing should proceed, Nanya respectfully requests the Court compel Fujitsu to make available at the hearing corporate representatives on the topics set forth in the Rule 45 subpoenas.

Dated at Hagåtña, Guam on May 7, 2007    Respectfully submitted,

**TEKER TORRES & TEKER, P.C.**

By: /s/ Joseph C. Razzano
JOSEPH C. RAZZANO, ESQ.