1  RODNEY J. JACOB, ESQ.
2  DANIEL M. BENJAMIN, ESQ.
   JENNIFER A. CALVO-QUITUGUA, ESQ.
3  CALVO & CLARK, LLP
   Attorneys at Law
4  655 South Marine Corps Drive, Suite 202
   Tamuning, Guam 96913
5  Telephone:   (671) 646-9355
   Facsimile:   (671) 646-9403
6

7  CHRISTOPHER E. CHALSEN, ESQ.
   MICHAEL M. MURRAY, ESQ.
8  LAWRENCE T. KASS, ESQ.
   MILBANK, TWEED, HADLEY & MCCLOY LLP
9  1 Chase Manhattan Plaza
   New York, New York 10005
10 Telephone:   (212) 530-5000
   Facsimile:   (212) 822-5796
11

12 *Attorneys for Defendants*
   FUJITSU LIMITED, and
13 FUJITSU MICROELECTRONICS AMERICA, INC.

**FILED**
DISTRICT COURT OF GUAM

MAY - 7 2007

MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP. and NANYA TECHNOLOGY CORP. U.S.A., <br><br> Plaintiff, <br><br> vs. <br><br> FUJITSU LIMITED, FUJITSU MICROELECTRONICS AMERICA, INC., <br><br> Defendants. | CIVIL CASE NO. 06-CV-00025 <br><br> **DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO EXCEED PAGE LIMIT** |

*CIVIL CASE NO. 06-CV-00025*
{G0021870.DOC;1}

**ORIGINAL**

1  In the guise of requesting permission to exceed the twenty page limit for an opposition brief – even though their brief was *less than* twenty pages – Plaintiffs have suggested that Defendants violated L.R. 7.1(g) because Defendants' moving memoranda (which was less than twenty pages), when combined with their supporting declarations, exceeded twenty pages.

Defendants and their counsel have never heard that L.R. 7.1(g) is subject to such an interpretation. It states: "Each party may submit briefs or memoranda in support of or in opposition to any pending motion which shall not exceed a total of twenty (20) pages in length without leave of Court to file additional pages. The moving party may submit a reply brief or memoranda not in excess of ten (10) pages without leave of court. All briefs and memoranda in excess of fifteen (15) pages shall contain a table of authorities cited."

Defendants had understood this rule only to apply to the memoranda or brief, not supporting materials such as declarations, exhibits, or appendices. Plaintiffs evidently do not. Their interpretation would require the filing of motions to exceed page limits as to many substantive filings (such as summary judgment motions) that require supporting declarations. This strikes Defendants as unfortunate as it would require a much greater incident of requests to exceed page limits. Of course, if this is the correct interpretation of the Rule, Defendants will abide by it. But in this context, where Plaintiffs have responded to their recent admonishment for violating the Local Rules by the Court (*see* Docket No. 215) by making numerous (incorrect) accusations of Local Rule violations against Defendants, Defendants would ask that Plaintiffs' motion to exceed the page limit otherwise be denied as unnecessary and contrary to those Local Rules.

Respectfully submitted this 7th day of May, 2007.

**CALVO & CLARK, LLP**
**MILBANK, TWEED, HADLEY**
**& MCCLOY LLP**
*Attorneys for Defendants*
Fujitsu Limited and
Fujitsu Microelectronics America, Inc.

By: _____
**DANIEL M. BENJAMIN**

CIVIL CASE NO. 06-CV-00025
{G0021870.DOC;1}