**RODNEY J. JACOB, ESQ.**
**DANIEL M. BENJAMIN, ESQ.**
**JENNIFER A. CALVO-QUITGUA, ESQ.**
**CALVO & CLARK, LLP**
Attorneys at Law
655 South Marine Corps Drive, Suite 202
Tamuning, Guam 96913
Telephone:    (671) 646-9355
Facsimile:    (671) 646-9403

**CHRISTOPHER E. CHALSEN, ESQ.**
**MICHAEL M. MURRAY, ESQ.**
**LAWRENCE T. KASS, ESQ.**
**MILBANK, TWEED, HADLEY & MCCLOY LLP**
1 Chase Manhattan Plaza
New York, New York 10005
Telephone:    (212) 530-5000
Facsimile:    (212) 822-5796

*Attorneys for Defendants*
FUJITSU LIMITED, and
FUJITSU MICROELECTRONICS AMERICA, INC.

**FILED**
DISTRICT COURT OF GUAM

MAY 3 1 2007 nbw

MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP. and NANYA TECHNOLOGY CORP. U.S.A., <br><br> Plaintiff, <br><br> vs. <br><br> FUJITSU LIMITED, FUJITSU MICROELECTRONICS AMERICA, INC., <br><br> Defendants. | CIVIL CASE NO. 06-CV-00025 <br><br> **FUJITSU MICROELECTRONICS AMERICA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA AND FOR A MORE DEFINITE STATEMENT** |

Defendant Fujitsu Microelectronics America, Inc. ("FMA") hereby replies to Plaintiffs' Response and Memorandum in Opposition to Defendants' Motions to Dismiss or Transfer to the Northern District of California and for a More Definite Statement ("Nanya's Response").

## I.    INTRODUCTION

Despite months of discovery and Nanya's best attempts to prove otherwise, it remains clear that Nanya's causes of action lack jurisdiction over FMA. Nanya has utterly failed to substantiate even a single accusation by which they could establish jurisdiction. FMA simply does not have contacts with Guam sufficient to establish personal jurisdiction generally and this Court lacks specific personal jurisdiction with respect to the activities about which Nanya complains because the activities did not occur on Guam, nor did they arise from or have anything to do with any alleged contacts between FMA and Guam.

Nanya has asserted two types of federal claims against FMA: (1) antitrust claims; and (2) patent claims. But, the alleged antitrust conduct is, by *Nanya's* own admission, the conduct of Fujitsu Ltd. and not FMA. Fujitsu Ltd.'s alleged conduct cannot be the basis for jurisdiction over FMA.

Concerning the patent claims, Nanya has spent many months and much effort trying to establish a "stream of commerce" basis for jurisdiction. Such a theory requires Nanya to prove at least that FMA's products are reaching Guam through regular distribution channels. However, Nanya has apparently acquired only a *single* device on Guam that it alleges contains an FMA product, *i.e.*, a OneTouch Ultra blood glucose monitor. But this device does not contain an FMA chip. As discussed below, a simple investigation by FMA established that the chips in this device are made by others. Nanya's other "evidence" of stream of commerce is similarly flawed and easily refuted. There is no basis for specific jurisdiction over FMA.

## II.    NANYA HAS FAILED TO ESTABLISH JURISDICTION OVER FMA UNDER THEIR ANTITRUST CAUSES OF ACTION

### A.    Nanya Does Not Even Allege That FMA Had Any Involvement in the Conduct Related to Nanya's Antitrust Causes of Action

Nanya broadly declares that both Fujitsu Ltd. and FMA are subject to the jurisdiction of this Court based on alleged anticompetitive conduct that violates the Clayton Act. Nanya bears the burden of establishing a *prima facie* case supporting *in personam* jurisdiction for each defendant. *See Span Constr. & Eng'g, Inc. v. Stephens*, 2006 U.S. Dist. LEXIS 48896, *12 (D. Cal. 2006) ("When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff is 'obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction.'") (quoting *Amba Mtkg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir.

1    1977)). However, the "anticompetitive conduct" set forth in Nanya's Reply that forms the basis

2    for the antitrust allegations is described as being conducted by Fujitsu Ltd.:

3
4    (1) *Fujitsu Ltd.* accused Plaintiffs' DRAM products of infringing
     several expired United States patents; (2) *Fujitsu Ltd.* conditioned
     a license to numerous United States patents upon Plaintiffs paying
5    royalties on DRAM sales in jurisdictions where *Fujitsu Ltd.* has no
     patent rights; (3) *Fujitsu Ltd.* conditioned a license to a single
6    Japanese patent upon Plaintiffs taking a license to and paying
     royalties on numerous United States patents; and (4) *Fujitsu Ltd.*
7    demanded substantial royalties from Plaintiffs when the same
8    United States patents had been previously licensed to others
     royalty-free.

9

10   (Nanya's Response at 2 (emphasis added, internal citations omitted)). These activities are thus

11   simply not relevant to the question of whether *FMA* is subject to *in personam* jurisdiction.

12   "Personal jurisdiction must exist for each claim asserted against a defendant." *Action Embroidery*

13   *Corp. v. Atlantic Embroidery, Inc.* 368 F.3d 1174, 1180 (9th Cir. 2004) (*citing Data Disc, Inc. v.*

14   *Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1289 n.8 (9th Cir. 1977)). Thus, FMA cannot be subject

     to personal jurisdiction for the asserted anticompetitive conduct of another party. *Holland Am.*
15
     *Line, Inc. v. Wartsila N. Am., Inc.*, 2007 U.S. App. LEXIS 10797, *22-*20 (9th Cir. 2007)
16
     (stating well-established rule that "where a parent and a subsidiary are separate and distinct
17
     corporate entities, the presence of one . . . in a forum state may not be attributed to the other").

18       **B.    Nanya Is Not Entitled to Rely on Antitrust as a Basis for Jurisdiction**

19           Nanya is not entitled to rely on 15 U.S.C. § 22, the Clayton Act, as a basis to

20   subject FMA to jurisdiction in this action. In order for Nanya to retain its much-trumpeted "first

21   to file" status, its Amended Complaint must relate back to its original Complaint. However, an

     amended complaint cannot relate back to a previous complaint over which there was no
22
     jurisdiction. *See Austin v. Trandell*, 207 F. Supp. 2d 616, 624 (E.D. Mich. 2002) ("it is
23
     axiomatic that in order for the doctrine of relation back to apply, the prior pleadings must be
24
     properly filed and the court must have jurisdiction over the claim at the time of the prior
25   pleadings"). In Nanya's original Complaint, it did not allege that antitrust was a basis for

26
27
28

1    jurisdiction over FMA. (Original Complaint at ¶ 5). Thus, Nanya cannot rely on the Clayton Act

2    a basis for jurisdiction.[1]

3    **C.    FMA is Not Subject to Pendent Personal Jurisdiction**

4               Nanya's attempt to assert pendent personal jurisdiction over FMA for its Sherman

5    Act and patent causes of action fails because Nanya is not able to establish personal jurisdiction

     under its Clayton Act claims, as described above. Nanya's own case law recognizes that

6    extending jurisdiction to other claims on this basis requires that personal jurisdiction first be

7    established on other grounds. *Action Embroidery*, 368 F.3d at 1180. Nanya alleges that "[t]he

8    same nucleus of operative facts that [allegedly give] rise to Plaintiffs' Clayton Act claims gives

9    rise to Plaintiffs' Sherman Act claims and patent claims." (Nanya's Response at 4). However,

10   because FMA was not involved in any of the "operative facts" that Nanya has alleged under its

     Clayton Act and Sherman Act claims, such as the "price discrimination and anticompetitive

11   conduct [that] result from Fujitsu Ltd.'s accusations of patent infringement", FMA may not

12   properly be subjected to pendent personal jurisdiction for such alleged conduct. (Nanya's

13   Response at 2-4).

14              Pendent jurisdiction should only be extended at the discretion of the trial court and

15   is not a plaintiff's right. *Action Embroidery*, 368 F.3d at 1181. If the claim from which pendent

16   jurisdiction stems is dismissed or transferred out of the forum, then all claims under the pendent

17   jurisdiction doctrine should similarly be dismissed or transferred. *Carnegie-Mellon Univ. v.

18   Cohill*, 484 U.S. 343, 350 (1988) (explaining that in the "usual case" a district court will dismiss

     state claims when "federal-law claims have dropped out of the lawsuit in its early stages");

19   *Teledyne, Inc. v. Kone Corp.*, 892 F.2d 1404, 1407 (9th Cir. 1989) ("[i]t is true that we have

20   regularly refused to permit the exercise of federal jurisdiction over parties for whom the only

21   claim to such jurisdiction was the pendent jurisdiction").

22   **III.    NANYA HAS FAILED TO ESTABLISH GENERAL JURISDICTION**

23              When a cause of action is unrelated to a non-resident defendant's forum activities,

24   a court may *only* exercise general jurisdiction when defendant's contacts with the forum are

     "substantial, continuous or systematic." *See Trintec Indus. v. Pedre Promotional Prods.*, 395

25   F.3d 1275, 1279 (Fed. Cir. 2005); *Action Embroidery*, 368 F.3d. at 1180; *Data Disc.*, 557 F.2d at

26   1287. Nanya has yet to provide *any* evidence of FMA's contact with Guam, let alone evidence

27

28   _____

     [1] This issue is more fully briefed in Fujitsu Ltd.'s Reply in Support of its Motion to Dismiss or Transfer to
     The Northern District of California and For a More Definite Statement.

     *CIVIL CASE NO. 06-CV-00025*

proving that FMA has substantial, continuous or systematic contacts with Guam. The only support in Nanya's Response relating to this contention refers to an "underwater cable system" passing through Guam between China and the continental United States. By Nanya's own admission, this system actually involves Fujitsu Ltd., *not* FMA. At no point does Nanya actually show, or even assert, that there is a connection between *FMA* and this underwater cable system.[2] FMA's activities in Guam, which are nonexistent, do not support the extension of general jurisdiction over FMA. *See Abuan v. Gen. Elec. Co.*, 735 F. Supp. 1479, 1482 (D. Guam 1990).

## IV.   NANYA HAS FAILED TO ESTABLISH SPECIFIC JURISDICTION FOR ANY OF ITS ASSERTED CAUSES OF ACTION

### A.   The Requirements of the Stream of Commerce Test

Specific jurisdiction "arises out of" or "relates to" an asserted cause of action. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984); *HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1307 (Fed. Cir. 1999). Nanya relies exclusively on a stream of commerce theory to try and show specific jurisdiction. (Nanya's Response at 5). Under a stream of commerce theory, Nanya must show that the actual cause of action, in this case acts of patent infringement under 35 U.S.C. § 271(a), actually occurred on Guam. *HollyAnne Corp.*, 199 F.3d at 1308; *see also Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (holding that to sustain specific personal jurisdiction, the claim must arise out of or relate to the defendant's forum related activity).[3] Thus, for this allegation, Nanya must begin by identifying a device that it *reasonably* believes is infringing, and show that this device or a product actually incorporating this device has actually reached Guam.[4] *See HollyAnne*, 199 F.3d at 1308 (holding that for specific personal jurisdiction to be exercised over a defendant in a patent infringement case, the plaintiff must allege that defendant's infringing conduct occurred in the forum state).[5]

---

[2] Again, Nanya, through a "sleight of hand," uses the term "Defendants" by saying that that "Defendants' participation in this project" contradicts FMA's claim. (Nanya's Response at 9).

[3] *See, also, Gemmy Indus. Corp. v. Chrisha Creations Ltd.*, 2004 U.S. Dist. LEXIS 2170, *21-23 (D. Kan. 2004); *Zeneca Ltd. v. Pharmachemie B.V.*, 1996 U.S. Dist. LEXIS 20910, *11-13 (D. Md. 1996).

[4] Even Nanya's Response acknowledges that the stream of commerce theory "applies to *accused parts or devices* that are incorporated into final or end products that *reach the final forum*." (Nanya's Response at 5, emphasis added (citing *Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1323 (Fed. Cir. 2005)).

[5] *See, also, Gemmy Indus.*, 2004 U.S. Dist. LEXIS 2170 at *21-23 (refusing to find specific jurisdiction for non-infringing products found in forum state); *Zeneca*, 1996 U.S. Dist. LEXIS 20910 at *11-13 (interpreting Supreme Court and Federal Circuit law, denying the plaintiff's stream of commerce arguments because the products reaching the forum were non-infringing).

*CIVIL CASE NO. 06-CV-00025*

1    Activity or devices for which Nanya has not asserted patent infringement are thus irrelevant to

2    this determination and should be disregarded. *See Id.*

3         Nanya relies primarily on two cases in support of its stream of commerce theory

4    and in each case personal jurisdiction was found where products incorporating the accused

5    devices were actually sold or were likely sold in the forum state through an established

     distribution channel. *Commissariat a l'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395

6    F.3d 1315, 1317 (Fed. Cir. 2005) (court permitted jurisdictional discovery to allow the plaintiff a

7    chance to prove that the accused products actually reached the forum state where plaintiff

8    demonstrated both that defendant had an established distribution channel for the accused products

9    into the forum state and that the defendant had made offers for sale and likely sales of its accused

10   products to its residents); *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1551,

11   1564 (Fed. Cir. 1994) (court found personal jurisdiction based on a stream of commerce theory

12   because products incorporating the accused devices were sold in the forum state through an

     established distribution channel).

13        As explained below, in spite of extensive jurisdictional discovery, Nanya has not

14   come close to satisfying the requirements of stream of commerce set forth in these cases. *See*

15   *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990) (stating well-settled

16   rule that after jurisdictional discovery, plaintiff's burden of proving personal jurisdiction is

17   heightened and requires an affirmative showing of facts), *cert. denied*, 498 U.S. 854 (1990).

18        **B.     Nanya Has Failed to Show That Any FMA Accused Devices were Found on
                   Guam**

19        In a stream of commerce analysis, Nanya must first identify those parts or devices

20   that it accuses of infringement to determine whether such devices have been placed into a stream

21   of commerce. *See Commissariat A L'Energie Atomique*, 395 F.3d at 1321-22. However, Nanya

22   has chosen to sidestep this requirement by deliberately defining what it considers to be accused

23   devices so vaguely that it may encompass each and every type of microcontroller ("MCU") sold

24   by FMA as well as many other products. For example, Nanya identifies the allegedly infringing

     FMA products as including "*Various* MCUs (including *possible* FlexRay and CAN controllers)".

25   (Nanya's Response at 9 (emphasis added)). Thus, Nanya vaguely points at hundreds of different

26   products as being accused devices, without specifically identifying all the products it has a

27   reasonable basis to believe are infringing. This is a deliberate attempt by Nanya to avoid the

28   requirement that the specific accused devices be identified. *See HollyAnne*, 199 F.3d at 1308.

*CIVIL CASE NO. 06-CV-00025*

1    Further, even with its vague definition of what is allegedly infringing, Nanya *still*

2 fails to show that even one infringing product from FMA was found on Guam. What Nanya

3 provides as supporting evidence is nothing more than a list of products manufactured and sold by

4 others. (Nanya's Response at 8). Nanya argues that the products it has found on Guam are end-

5 products allegedly incorporating FMA accused devices, namely the OneTouch Ultra blood

6 glucose monitor, BMW 5 and 7 series automobiles, Hyundai automobiles, Ford automobiles,

7 Land Rover automobiles, Canon digital cameras, Lexar Media Jump Drive memory device, and

8 SanDisk Compact Flash memory device. Interestingly, however, among the 57 Exhibits and

9 hundreds of pages submitted with Nanya's Response, there is *absolutely no evidence that any of*

10 *these products actually contains an FMA device*. Instead of simply opening up one of these

11 products and showing the FMA device allegedly contained within, Nanya relies on documents

12 and emails that only refer to parts being sold to third parties and to other documents that indicate

13 that these third parties sell equipment on Guam. (*See* Table attached as Exh. 1). Not one of these

14 emails or documents provides evidence of allegedly infringing products <u>actually being found on</u>

15 <u>Guam</u>.

14    It is paradoxical that Nanya would stop short of showing the actual FMA accused

15 devices they allege are found in these end-products, despite having over five months in which to

16 do so.[6] In fact, Nanya points to only *one* end-product that it acquired and that is alleged to have

17 an accused FMA device, *i.e.*, a Johnson & Johnson OneTouch Ultra blood glucose monitor

18 ("OneTouch"). However, Nanya fails to present evidence of the actual components inside the

19 OneTouch in its possession. (*See* Nanya's Response, Exhibit 55). FMA purchased the exact

20 same model of the OneTouch glucose monitor and shipped this device (unopened) to TAEUS

21 International, a well-known reverse engineering company. (*See* Decl. of Michael M. Murray and

22 Decl. of James Dunlop, submitted herewith). TAEUS found that the device in fact contained

23 integrated circuits plainly marked as "NEC" and "ElectroMed" devices. (*See* Decl. of James

24 Dunlop, submitted herewith). NEC and ElectroMed are entirely unrelated to FMA and, in fact,

25 NEC is a competitor of FMA. The sale of these third party devices on Guam does not, of course,

26 support jurisdiction against FMA. FMA in fact has *never* supplied any MCUs to *any* glucose

27 monitoring device manufacturers. (*See* Decl. of Akio Nezu, submitted herewith).

---

[6] Interestingly, in the related California action, Nanya was quite adept at providing precise images of chipsets in their patent infringement contentions.

*CIVIL CASE NO. 06-CV-00025*

1    Nanya's other evidence of stream of commerce is just as flawed. (Nanya's

2   Response at 8-9). For example, Nanya cites Hyundai, Ford, and Land Rover automobiles as

3   being sold on Guam, and then cites to emails discussing proposals of *possible* sales of *Fujitsu Ltd.*

4   to each of these automotive manufacturers. (Nanya's Response at 9, Exhibits 16, 19, and 21).

5   This allegedly "overwhelming evidence" (Nanya's Response at 8) fails on numerous counts: (1)

    the documents are only proposals and do not confirm an actual sale of any devices to the

6   automotive manufacturers or their suppliers; (2) Nanya fails to show, or even assert, how FMA is

7   associated with these hypothetical Fujitsu Ltd. sales; and (3) FMA has not, in fact, sold *any* parts

8   to Hyundai, Ford, Land Rover, Jaguar, or Visteon.[7] (Nanya's Response at 9).

9    Nanya also cites Olympus and Canon digital cameras as allegedly incorporating

10  accused FMA devices. (Nanya's Response at 9, Exhibit 25). Again, Nanya fails to provide

    evidence of: (1) whether the listed devices actually contain an accused FMA device; and (2) how

11  FMA is alleged to have provided such an accused device to the listed manufacturer.[8] (*See*

12  Nanya's Response at 9). Attached as Exh. 1 hereto is a table that lists and refutes each piece of

13  Nanya's "evidence" of stream of commerce. This "evidence" does not come close to satisfying

14  Nanya's burden to demonstrate specific jurisdiction under a stream of commerce theory.[9]

15      **C.    Nanya Has Failed to Show How Any FMA Accused Devices Have Traveled
16           Through "Regular Distribution Channels" in the Stream of Commerce to
             Guam**

17     Nanya acknowledges that in order to show that personal jurisdiction exists, an

18  accused infringer must "intentionally place[] products into the stream of commerce" and this flow

19  of products into the forum must be "regular and anticipated". (Nanya's Response at 5 (*citing*

20  *Commissariat A L'Energie Atomique*, 395 F.3d at 1323.)). Not only has Nanya failed to show

21  that *any* FMA products were actually sold on Guam, Nanya has failed to even attempt to show

    that FMA places its products into regular distribution channels and that sale on Guam could have

22  been reasonably anticipated by FMA. Instead, Nanya names a handful of products trademarked

23

24      [7] Nanya could have easily verified this by looking at FMA's customer lists, which were produced to Nanya
    and which do not include Hyundai, Ford, Land Rover, Jaguar, or Visteon.

25      [8] Again, Nanya could have verified this by looking at FMA's customer lists, which do not include Olympus
    or Canon.

26      [9] Nanya also presents evidence that Fujitsu trademarked items are sold on Guam, such as laptop computers,
    computer hard drives, computer batteries, and microcontrollers. However, these non-accused parts have no relevance
27  to the question of specific jurisdiction or the stream of commerce theory. *See HollyAnne* 199 F.3d at 1308; *Gemmy
    Indus.*, 2004 U.S. Dist. LEXIS 2170 at *21-23; *Zeneca*, 1996 U.S. Dist. LEXIS 20910 at *11-13. Nanya also does
28  not show how FMA is associated with these items.

*CIVIL CASE NO. 06-CV-00025*

by *Fujitsu Ltd.* and alleges that they are available on Guam. However, this is irrelevant to a determination concerning stream of commerce for FMA, as these products have not been accused of infringing Nanya's patents and bear no relation to FMA. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 216 (5th Cir. 2000) (holding that placing products into stream of commerce which are unrelated to claim is not relevant for specific jurisdiction); *see also HollyAnne* 199 F.3d at 1308; *Gemmy Indus. Corp. v. Chrisha Creations Ltd.*, 2004 U.S. Dist. LEXIS 2170, *21-23 (D. Kan. 2004); *Zeneca Ltd. v. Pharmachemie B.V.*, 1996 U.S. Dist. LEXIS 20910, *11-13 (D. Md. 1996).

Nanya also attempts to manufacture jurisdiction by special ordering a product (a Canon EOS 10) that allegedly contains an FMA product. (Nanya's Response, Exhibit 29). These activities, however, are not relevant to a stream of commerce analysis. *See ESAB Group, Inc. v. Centricut L.L.C.*, 34 F. Supp. 2d 323, 332 (D.S.C. 1999) ("courts have repeatedly held that jurisdiction may not be manufactured by the conduct of [plaintiff]"); *see also Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1359 (Fed. Cir. 1998) (holding contacts resulting from the unilateral activity of others do not count in the minimum contacts calculation); *see also Dawson v. Pepin*, 2001 U.S. Dist. LEXIS 10074, *12-13 (W.D. Mich. 2001) (refusing to consider a sale to plaintiff's representative via an "800" number as evidence bearing on defendant's contacts with the forum). Here, acting through Mr. Razzano, Nanya's activities would bring the "special ordered" device to Guam and not the activities of FMA, which is necessary for such conduct to be relevant under this test. *Id.* "[A] plaintiff may not manufacture jurisdiction by engaging in a sale merely to confer jurisdiction in a particular forum." 2001 U.S. Dist. LEXIS 10074 at *12; *see also DeSantis v. Hafner Creations*, 949 F. Supp. 419, 424 (D. Va. 1996) ("plaintiff . . . may not . . . initiate a transaction for the sole purpose of creating jurisdiction").

## V.    NANYA'S CAUSES OF ACTION AGAINST FMA SHOULD AT THE VERY LEAST BE TRANSFERRED FOR CONVENIENCE

If FMA is not dismissed from this action, FMA respectfully requests that it be transferred to the Northern District of California under 28 U.S.C. § 1404(a) for the reasons set forth in Defendants' Motion to Immediately Transfer for Convenience (Dkt. No. 192); Defendants' Memorandum of Points and Authorities in Support of Motion to Immediately Transfer for Convenience (Dkt. No. 194); and Defendants' Reply to Plaintiffs' Response to Defendants' Motion To Immediately Transfer for Convenience (Dkt. No. 246)). The failure of Nanya to find a single FMA product on Guam and to find a single FMA contact with Guam

*CIVIL CASE NO. 06-CV-00025*

1  demonstrates that Guam is an inappropriate forum in which to litigate Nanya's dispute with this

2  California corporation. Thus, transfer for convenience is warranted.

3  **VI.    NANYA'S AMENDED COMPLAINT FAILS TO SPECIFICALLY IDENTIFY
         FMA'S ACCUSED INFRINGING PRODUCTS**

4
        Nanya does not deny that its Amended Complaint is missing critical required

5  information. Instead, Nanya argues that FMA's requests for a more definite statement concerning

6  their identification of infringing products are moot because Nanya will *eventually* provide the

7  necessary information. However, the Amended Complaint is deficient on its face and Nanya's

8  promise to someday produce the required information does not correct this deficiency.

9  **VII.   CONCLUSION**

        For the foregoing reasons, FMA respectfully requests that this Court dismiss FMA
10
   from this action with prejudice for lack of personal jurisdiction, improper venue or inconvenient
11
   forum or, in the alternative, transfer FMA to the United States District Court for the Northern
12
   District of California, a substantially more convenient forum to hear this dispute. FMA further
13
   requests, if this case proceeds, that Nanya be required to amend its Amended Complaint to
14  identify the specific FMA products accused of infringement.

15        Respectfully submitted this 31st day of May, 2007

16                                    **CALVO & CLARK, LLP**
                                     **MILBANK, TWEED, HADLEY**
17                                       **& MCCLOY LLP**
                                     *Attorneys for Defendants*
18                                   Fujitsu Limited and
                                     Fujitsu Microelectronics America, Inc.
19

20

21                   By:  _____
                         **JENNIFER A. CALVO-QUITUGUA**
22

23

24

25

26

27

28

   *CIVIL CASE NO. 06-CV-00025*

# EXHIBIT 1

| FN # | Ex # | Nanya's Citation | Brief Description of Document | What is missing from these documents? |
|---|---|---|---|---|
| FN 34 | Ex 10 | "Corporate Profile," http://www.fujitsu.com/global/about/profile/ (last visited on May 1, 2007). | Statement on Fujitsu limited website says that "Fujitsu is a leading provider of customer-focused information technology and communications solutions for the global marketplace." | Document refers only to Fujitsu Limited and not FMA.<br><br>Document does not discuss the actual incorporation of a Fujitsu Limited or FMA Accused Device for sale in Guam. |
| FN 35 | Ex. 11 | Press releases and marketing materials downloaded from Fujitsu Ltd.'s website regarding automotive applications for Fujitsu microcontrollers. | Press release from Fujitsu Microelectronics Asia regarding compatibility of 16 Bit MCUs with CAN automobile networks.<br><br>Press release from Fujitsu Microelectronics Asia regarding compatibility of 16 Bit MCUs with CAN automobile networks. | Documents do not discuss the actual incorporation of a Fujitsu Limited or FMA Accused Device in an automobile, part of an automobile, or any other product.<br><br>Fujitsu Limited and FMA are not the *only* companies to sell MOST and CAN compatible products. |
| | Ex. 12 | Fujitsu document titled Fujitsu's Automotive Products and Solutions. Bates No. FMA_0034227-30. | List of bullet points indicating possible uses of FMA microcontrollers in automotive industry | Document does not discuss the actual incorporation of a Fujitsu Limited or FMA Accused Device in an automobile, part of an automobile, or any other product.<br><br>Document does not list any Accused Devices. |
| FN 36 | Ex. 13 | "Fujitsu Microelectronics | Describes the | Document does not |

| FN # | Ex # | Nanya's Citation | Brief Description of Document | What is missing from these documents? |
|---|---|---|---|---|
| | | America, Inc. Company Overview," http://www.fujitsu.com/us/about /edevices/fma/ (last visited on May 14, 2007) and "Corporate Overview 2006 of Fujitsu Microelectronics America, Inc." http://www.fujitsu.com/downloa ds/MICRO/fma/pdf/overview_0 6.pdf (last visited on May 14, 2007). | company and names products that FMA sells and types of applications for FMA's products. | discuss the actual incorporation of a Fujitsu Limited or FMA Accused Device in an automobile, part of an automobile, or any other product.<br><br>Document does not specifically list any Accused Devices. |
| FN 37 | Ex. 14 | Fujitsu document titled, "An Introduction to Fujitsu GDC Family", p. 17, Bates No. FMA_0040913 | Describes capabilities for Graphic Display Controllers in automobiles and lists automobiles that use Fujitsu GDCs. | Document does not state that an Accused Device manufactured or sold by FMA was incorporated into an automobile.<br><br>Document does not list any Accused Devices. |
| | Ex. 15 | Email string from Dan Landeck at FMA to John Anderson at Synergistic Sales regarding Fujitsu part number MB86291APFVS, Bates No. FMA_0031214 and documents related to Fujitsu microcontrollers in the MOST system that is in BMW vehicles (attached as Exhibit C to Declaration of Joseph Razzano ("Razzano Decl.")). | Email identifying part used by Siemens VDO for BMW and Porsche. | Email does not list any Accused Devices.<br><br>Email does not state that an Accused Device manufactured or sold by FMA was incorporated into an automobile or a part of an automobile. |
| | Ex. C to Razzan o Decl. | Documents related to MOST system in BMW vehicles | Documents appear to be BMW service training slides and an electrical system diagnosis for models for certain BMW models. | Documents do not list any Accused Devices.<br><br>Documents do not discuss sales of BMWs in Guam, |

| FN # | Ex # | Nanya's Citation | Brief Description of Document | What is missing from these documents? |
|---|---|---|---|---|
| | | | | much less sales of products incorporating Accused Devices from FMA. |
| FN 38 | Ex. 16 | Email string from Richard Harlow at FMA to Dan Landeck and Thomas Tewell at FMA regarding Automotive Business Activity Information, Bates No. FMA_0031540 | Email from Fujitsu Limited to FMA discussing Fujitsu's automotive business *in Japan* for certain Fujitsu microcontrollers. | Email does not list any Accused Devices.<br><br>Email does not discuss sales to or from FMA or parts manufactured by FMA. |
| | | Press release from Fujitsu Microelectronics Europe (FME) regarding MOST Car Infotainment product | Discusses a program FME in Europe involving Hyundai Autonet using the MOST automotive network. | Document does not list any Accused Devices.<br><br>Document does not describe the actual incorporation of a Fujitsu Limited or FMA Accused Device in an automobile, part of an automobile, or any other product.<br><br>Document does not mention FMA or sales or parts from FMA. |
| FN 39 | Ex. 17 | Email string from Philip Hughes at FMA to Keith Horn, et al. at FMA regarding Hella's decision to source Fujitsu for the GM Global A MSM/HVSM microcontrollers, Bates No. FMA_0034211 | Email indicates that Fujitsu is planned as the source for a GM project to be launched. | Email does not list any Accused Devices.<br><br>Email does not state that an Accused Device manufactured or sold by Fujitsu Limited or FMA was incorporated |

| FN # | Ex # | Nanya's Citation | Brief Description of Document | What is missing from these documents? |
|---|---|---|---|---|
| | | | | into an automobile or a part of an automobile. |
| | Ex. 18 | Email string from Tina Dowd at Siemens VDO to Robert Bandemir, Karl Kopp, and Richard Harlow at FMA regarding confirmation that Fujitsu was awarded the graphics IC for the GM Epsilon program, Bates No. FMA_0034208. | Email indicates that Fujitsu was awarded the graphics IC for the GM Epsilon program. | Email does not list any Accused Devices.

Email does not state that an Accused Device manufactured or sold by Fujitsu Limited or FMA was incorporated into an automobile or a part of an automobile. |
| FN 40 | | *Id.* (Referring to Ex. 18) | See FN 39, above. | See FN 39, above. |
| FN 41 | Ex. 19 | Email string from fuse.takeshi@jp.fujitsu.com to wwgdc@edevice.css.fujitsu.com regarding report on GDC activities, Bates No. FMA_0031552 | Email describes Graphic Display Controller sales activities. | It is not clear from this email whether these sales pertain to Fujitsu Limited or FMA.

Ford and Visteon are not FMA customers.

Email does not state that an Accused Device manufactured or sold by Fujitsu Limited or FMA was incorporated into an automobile or a part of an automobile. |
| | Ex. 20 | Fujitsu document titled 1HYFY06 Design Wins, All Business Groups. | Document lists FMA design wins. | Document does not state that an Accused Device manufactured or sold by FMA was |

| FN # | Ex # | Nanya's Citation | Brief Description of Document | What is missing from these documents? |
|---|---|---|---|---|
| | | | | incorporated into an automobile or a part of an automobile. |
| FN 42 | Ex. 21 | Email string from Richard Harlow to Mike Moore regarding the Visteon Design Win for the Jaguar Land Rover-GDC, Bates No. FMA_0034212. | Email discusses a design win for Viseton for the Jaguar Land Rover. | Email does not state that an Accused Device manufactured or sold by FMA was incorporated into an automobile or a part of an automobile.<br><br>FMA has shown that it has no sales to Viseton, Ford, Jaguar, or Land Rover. |
| FN 43 | Ex. 22 | Service Agreement between FMA and Cogent, Inc. (includes Recital regarding 08/13/04 Licensing Agreement between Cogent and Lexar Media), Bates No. FMA_0034154-59 | Agreement discusses sale of MBF310 sensor from FMA to Lexar. | The Agreement does not discuss actual sale of FMA Accused Devices in Guam. |
| | Ex. 23 | Press Release regarding the integration of Fujitsu's microcontrollers with flash memory devices by Lexar | Press release refers to fingerprint sensor added to Lexar Jumpdrive. | The Press Release does not discuss actual sale of FMA Accused Devices in Guam. |
| | Ex. 37 | Declaration of Ray Acierto of PC Outlet ("Acierto Decl."), ¶5 | Declaration by Mr. Acierto states that PC Outlet sells *or makes available for purchase* a Lexar Jumpdrive and SanDisk Compact Flash and has quoted a price. | Mr. Acierto did not state that PC Outlet had a Jumpdrive or Compact Flash available to sell in Guam and only quoted a price.<br><br>The MBF310 is not an Accused Device. |
| FN 44 | Ex. 24 | Press release regarding the compatibility of Fujitsu's microcontrollers with flash | Press release discusses compatibility of | The Press Release and Supply Agreement do not |

| FN # | Ex # | Nanya's Citation | Brief Description of Document | What is missing from these documents? |
|---|---|---|---|---|
| | | memory devices by SanDisk and Supply Agreement between FMA and SanDisk | MB91341 Series with memory devices.<br><br>The supply agreement discusses shipment of parts from SanDisk to FMA for shipment to Fujitsu Limited. | discuss actual sale of FMA Accused Devices in Guam. |
| | Ex. 37 | Acierto Decl. at ¶5 | See FN 44, above. | See FN 44, above. |
| FN 45 | Ex. 20 | Fujitsu document titled 1HFY06 Design Wins, All Business Groups . | Design Win chart shows sales of MB90F318R-001, MB95118, and MB90F337PFM to Sony for use in Digital and Analog Troy 07 Models | The document does not discuss actual sale of FMA Accused Devices in Guam.<br><br>Document does not state that Sony Troy 07 Model is sold in Guam. |
| FN 46 | Ex. 25 | Spreadsheet records listing customers of Fujitsu devices (Kyocera Wireless Corporation), Bates No. FJ0050113. | Spreadsheet produced by Fujitsu Limited shows Kyocera Wireless Corporation as a customer. | The spreadsheet does not provide evidence of sales of Accused Devices from FMA as being found in Kyocera phones sold in Guam. |
| FN 47 | Ex. 25 | Spreadsheets records listing customers of Fujitsu devices (Olympus), Bates Nos. FJ0052735, FJ0052931, FJ0053163 | Spreadsheet produced by Fujitsu Limited shows Olympus as a customer, but not a customer of FMA. | The spreadsheet does not provide evidence of sales of Accused Devices from FMA as being found in Olympus cameras sold in Guam. |
| | Ex. 37 | Acierto Decl. ¶4 | Declaration states that PC Outlet sells *or makes available for purchase* Olympus Series | Mr. Acierto did not state that PC Outlet had an Olympus camera available to sell in Guam. |

| FN # | Ex # | Nanya's Citation | Brief Description of Document | What is missing from these documents? |
|---|---|---|---|---|
| | | | Digital Cameras to the general public. | |
| FN 48 | Ex. 25 | Spreadsheets records listing customers of Fujitsu devices (Canon), Bates No. FJ0052735 | Spreadsheet produced by Fujitsu Limited shows Canon as a customer, but not a customer of FMA. | Canon is not an FMA customer.<br><br>The spreadsheet does not discuss sales of Accused Devices from FMA as being found in Canon cameras. |
| FN 49 | Ex. 12 | Fujitsu document titled Fujitsu's Automotive Products and Solutions, Bates No. FMA_0034227-30 | See FN 35, above. | See FN 35, above. |
| | Ex. 11 | Press releases and marketing materials downloaded from Fujitsu Ltd.'s website regarding automotive applications for Fujitsu microcontrollers. | See FN 35, above. | See FN 35, above. |
| FN 50 | Ex. 17 | Email string from Philip Hughes at FMA to Keith Horn, et al. at FMA regarding Hella's decision to source Fujitsu for the GM Global A MSM/HVSM microcontrollers, Bates No. FMA_0034211; | See FN 39, above. | See FN 39, above. |
| | Ex. 16 | Email string from Richard Harlow at Fujitsu to Dan Landeck and Thomas Tewell at Fujitsu regarding Automotive Business Activity Information, Bates No. FMA_0031538. Visteon is one of the world's largest automotive parts supplier. Visteon has developed components and systems for the 2005 Ford Mustang, the 2004 Nissan Quest, the Nissan Titan and Pathfinder Armada. Visteon's customer base also includes Hyundai, Kia, Mazda, General Motors, Daimler | Email from Fujitsu Limited to FMA discussing Fujitsu's automotive business *in Japan* for certain Fujitsu microcontrollers. | Email does not list any Accused Devices.<br><br>Email does not discuss sales to or from FMA or parts manufactured by FMA.<br><br>Visteon is not a customer of FMA.<br><br>Email does not discuss sales products actually |

| FN # | Ex # | Nanya's Citation | Brief Description of Document | What is missing from these documents? |
|------|------|------------------|------------------------------|----------------------------------------|
| | | Chrysler and Ford. *See generally* http://www.visteon.com. (last visited on May 15, 2007). A copy of the website page is attached as <u>Exhibit 50</u>. | | incorporating FMA Accused Devices in Guam. |
| FN 51 | Ex. 19 | Email string form fuse.takeshi@jp.fujitsu.com to wwgdc@edevice.css.fujitsu.com regarding report on GDC activities, Bates No. FMA_0031554 | Email describing Graphic Display Controller sales activities. | It is not clear from this email whether these sales pertain to Fujitsu Limited or FMA.<br><br>Email does not state that an Accused Device manufactured or sold by Fujitsu Limited or FMA was incorporated into an automobile or a part of an automobile. |
| | Ex. 26 | Email string from Dan Landeck at Fujitsu to George Wu at Fujitsu regarding FY05 self-performance evaluation and FY06 goals/objectives, Bates No. FMA_0031290. Delphi is a leading global supplier of mobile electronics and transportation systems. Delphi's diverse portfolio supports a wide range of manufacturers including Mitsubishi, Caterpillar, Hyundai, Mercury, Peugeot, Porsche, Suzuki, Nissan, General Motors. Daimler Chrysler, Harley-Davidson, General Electric, Volkswagen, Freightliner, John Deere, Kia Motors, Toyota, Honda, Bosch, BMW, Isuzu, Ford, and Fiat. | Email discussing design wins for FY06. | Email does not list any Accused Devices.<br><br>Email does not state that an Accused Device manufactured or sold by Fujitsu Limited or FMA was incorporated into an automobile or a part of an automobile. |

| FN # | Ex # | Nanya's Citation | Brief Description of Document | What is missing from these documents? |
|------|------|------------------|------------------------------|----------------------------------------|
| | | *See generally* http://www.delphi.com. (last visited on May 15, 2007). A copy of the website page is attached as <u>Exhibit</u> 53. | | |
| FN 52 | Ex. 25 | Spreadsheet records listing customers for Fujitsu devices (Denso International America). Bates No. FJ0050113; | Spreadsheet produced by Fujitsu Limited shows Denso as a customer. | Document does not list any Accused Devices.<br><br>Document does not state that an Accused Device manufactured or sold by Fujitsu Limited or FMA was incorporated into an automobile or a part of an automobile. |
| | Ex. 27 | Design Wins 2HFY05, Bates No. FMA_00341435. Denso is active in all aspects of the automotive business — sales, product development and design and manufacturing — working in cooperation with regional car manufacturers and suppliers to provide the most suitable solutions to regional requirements. Denso earns the trust of its customers through *best meeting local needs with the strength of its global team based on networks that transcend local boundaries.* *See generally* http://www.denso.co.jp/en/abou tdenso/. (last visited on May 15, 2007). A copy of the website page is attached as <u>Exhibit</u> 51. | FMA Design Win for 2HFY05 lists Denso as a customer. | Document does not list any Accused Devices.<br><br>Document does not state that an Accused Device manufactured or sold by Fujitsu Limited or FMA was incorporated into an automobile or a part of an automobile. |
| FN 53 | Ex. 17 | Email string from Philip Hughes at FMA to Keith Horn, et al. at FMA regarding Hella's | See FN 39, above. | See FN 39, above. |

| FN # | Ex # | Nanya's Citation | Brief Description of Document | What is missing from these documents? |
|---|---|---|---|---|
| | | decision to source Fujitsu for the GM Global A MSM/HVSM microcontrollers. Bates No. FMA_0034211 | | |
| | Ex. 16 | Email string from Richard Harlow at Fujitsu to Dan Landeck and Thomas Tewell at Fujitsu regarding Automotive Business Activity Information, Bates No. FMA_0031540. Hella KGaA's core business fields are the provision of light and electronics for the automotive industry. Hella's customers include all leading automotive and system manufacturers as well as the automotive parts trade. *See generally* http:// www.hella.com. (last visited on May 15, 2007). A copy of the website page is attached as Exhibit 52. | Email from Fujitsu Limited to FMA discussing Fujitsu's automotive business *in Japan* for certain Fujitsu microcontrollers. | Email does not list any Accused Devices.<br><br>Email does not discuss sales to or from FMA or parts manufactured by FMA.<br><br>Email does not discuss sales products actually incorporating FMA Accused Devices in Guam. |
| FN 54 | Ex. 18 | Email string from Tina Dowd at Siemens VDO to Robert Bandemir, Karl Kopp and Richard Harlow at FMA regarding confirmation that Fujitsu was awarded the graphics IC for the GM Epsilon program. Bates No. FMA-0034208 | See FN 39, above. | See FN 39, above. |
| | Ex. 25 | Spreadsheet records listing customers for Fujitsu devices (Siemens VDO Automotive AG), Bates No. FJ0050667 | Spreadsheet produced by Fujitsu Limited shows Siemens VDO as a customer. | The spreadsheet does not discuss sales of Accused Parts from FMA as being found in automobiles sold in Guam. |
| | Ex. 25 | Fujitsu Standard Analysis reports regarding sales of multiple devices to multiple entities ("Siemens VDO"), | Sales database printout from FMA lists Siemens VDO as an FMA | The document does not discuss sales of Accused Parts from FMA as being |

| FN # | Ex # | Nanya's Citation | Brief Description of Document | What is missing from these documents? |
|---|---|---|---|---|
| | | Bates Nos. FMA_0021746-FMA_0021747 | customer. | found in automobiles sold in Guam. |
| | Ex. 15 | Email string from Dan Landeck at Fujitsu to John Anderson at Synergistic Sales regarding Fujitsu part number MB86291APFVS and its use by Siemens VDO (for BMW and Porsche). Siemens VDO is a leading international supplier of automotive electronics and mechatronics. The company's customer base includes all the 10 top vehicle builders in the world and many other tier-one suppliers. *See generally* http://www.siemensvdo.com (last visited on May 15, 2007). A copy of the website page is attached as Exhibit 49. | Email identifying part used by Siemens VDO for BMW and Porsche. | Email does not list any Accused Devices.<br><br>Email does not state that an Accused Device manufactured or sold by FMA was incorporated into an automobile or a part of an automobile. |
| FN 55 | Ex. 29 | Razzano Decl., ¶¶ 4-5, 9 with attached Exhibit C | Statement from Mr. Razzano that he spoke to Mr. Shen who informed him that Prestige Automobiles sells BMWs | Does not discuss any Accused Devices.<br><br>Does not state that any Accused Devices are found in BMWs sold by Prestige Automobiles. |
| | Ex. 35 | Declaration of Joseph Crisostomo of Cars Plus, L.L.C., ("Crisostomo Decl.") ¶4 | Statement from General Manager for Cars Plus, that the dealership sells used Hyundai cars. | Does not discuss any Accused Devices.<br><br>Does not state that any Accused Devices are found in Hyundai cars sold by Cars Plus. |
| | Ex. 57 | Declaration of Robert Hernandez of Atkins Kroll, ¶4. | Statement from President for Atkins Kroll, that | Does not discuss any Accused Devices. |

| FN # | Ex # | Nanya's Citation | Brief Description of Document | What is missing from these documents? |
|------|------|------------------|------------------------------|----------------------------------------|
|      |      |                  | the dealership sells used GM vehicles. | Does not state that any Accused Devices are found in GM vehicles sold by Atkins Kroll. |
| FN 56 | Ex. 25 | Spreadsheet records listing customers for Fujitsu devices (Canon), Bates No. FJ0052735. | Spreadsheet produced by Fujitsu Limited lists Canon as a customer. | The spreadsheet does not provide evidence of sales of Accused Parts from FMA as being found in Canon cameras sold in Guam. |
| FN 57 | Ex. 25 | Spreadsheet records listing customers for Fujitsu devices (Olympus), Bates Nos. FJ0052735, FJ0052931, FJ0053163 and Acierto Decl. at ¶4. | Spreadsheet produced by Fujitsu Limited lists Olympus as a customer. | The spreadsheet does not provide evidence of sales of Accused Parts from FMA as being found in Olympus cameras sold in Guam. |
| FN 58 | Ex. 25 | Spreadsheet records listing customers for Fujitsu devices (Sony), Bates Nos. FJ0050107, FJ0050119, FJ0050471, FJ0050635, FJ0050663 | Spreadsheet produced by Fujitsu Limited lists Sony as a customer. | The spreadsheet does not provide evidence of sales of Accused Parts from FMA as being found in Sony products sold in Guam. |
|      | Ex. 28 | order confirmation for Sony Ste Support Center, Bates Nos. FMA_00000090-FMA_00000094 | These bates numbers are not in Exhibit 28 | These bates numbers are not in Exhibit 28 |
|      | Ex 28 | Fujitsu Standard Analysis reports regarding sales of multiple devices to multiple entities ("Sony Elec." And "Sony Ste."), Bates Nos. FMA_0021736-FMA_0021750, FMA_0021752; | Sales database printout from FMA shows Sony Electronics and Sony STE as customers. | The document does not provide evidence of sales of Accused Parts from FMA as being found in Sony products sold in Guam. |

| FN # | Ex # | Nanya's Citation | Brief Description of Document | What is missing from these documents? |
|------|------|------------------|------------------------------|----------------------------------------|
|  | Ex. 27 | Design Wins 2HFY05, Bates Nos. FMA_0034134 and FMA_0034136; and | FMA Design Win for 2HFY05 lists Sony as a customer. | Document does not state that an Accused Device manufactured or sold by Fujitsu Limited or FMA was incorporated into a Sony product sold in Guam. |
|  | Ex. 20 | IHFY06 Design Wins, All Business Groups, Bates No. FMA_0034123. | FMA Design Win for 1HFY06 lists Sony as a customer. | Document does not state that an Accused Device manufactured or sold by Fujitsu Limited or FMA was incorporated into a Sony product sold in Guam. |
| FN 59 | Ex. 31 | Fujitsu Standard Analysis report and order confirmation regarding sales of devices to 3COM. Bates No. FMA_0000001-FMA_0000002. | Sales database printout from FMA shows 3COM as a customer. | These are DRAM products and not microcontrollers as asserted by Nanya.<br><br>The document does not provide evidence of sales of Accused Parts from FMA as being found in products sold in Guam. |
| FN 60 | Ex. 32 | Fujitsu Standard Analysis Report, order confirmations, and work orders regarding sales of devices to Cisco Systems | Sales database printout and Orders from FMA shows Cisco as a customer. | These are DRAM products and not microcontrollers as asserted by Nanya.<br><br>The document does not discuss sales of Accused Parts from FMA as being found in products sold in Guam. |
|  | Ex. 33 | Press release regarding Fujitsu's | Press Release of | Document has no |

| FN # | Ex # | Nanya's Citation | Brief Description of Document | What is missing from these documents? |
|---|---|---|---|---|
| | | Ltd.'s collaboration with Cisco Systems. | collaboration for creating routers and switches. | discussion of Accused Devices.<br><br>The document does not discuss sales of Accused Devices from Fujitsu Limited or FMA as being found in products sold in Guam. |
| FN 61 | Ex. 34 | Summary [sic] of Restated Distribution Agreement between Spansion and Fujitsu. | Powerpoint discussion of Distribution Agreement between Spansion and Fujitsu Limited | Document has no discussion of Accused Devices.<br><br>The document does not provide evidence of sales of Accused Devices from Fujitsu Limited or FMA as being found in products sold in Guam. |
| FN 62 | Ex. 22 | Service Agreement between FMA and Cogent, Inc. (include Recital regarding 08/13/04 Licensing Agreement between Cogent and Lexar Media), Bates No. FMA_0034154-59 | See FN 43, above. | See FN 43, above. |
| | Ex. 23 | Press release regarding the integration of Fujitsu's microcontrollers with flash memory devices by Lexar. | See FN 43, above. | See FN 43, above. |
| | Ex. 28 | Fujitsu Standard Analysis reports regarding sales of multiple devices to multiple entities ("Lexar Media, Inc."), Bates Nos. FMA_0021757; and | Sales database printout from FMA shows Lexar Media as a customer. | The document does not provide evidence of sales of Accused Parts from FMA as being found in Lexar Media products sold in Guam. |
| | Ex. 37 | Acierto Decl. at ¶5. | See FN 43, above. | See FN 43, above. |

| FN # | Ex # | Nanya's Citation | Brief Description of Document | What is missing from these documents? |
|------|------|------------------|------------------------------|---------------------------------------|
| FN 64 | Ex. 55 | Declaration of Mike Benito of Payless Stores, ¶3 | Declaration of Pay-Less Supermarkets General Manager, Mike Benito, that Pay-Less sells the Johnson & Johnson OneTouch Ultra. | The One Touch Ultra blood glucose monitor is not a product of Fujitsu Limited or FMA and does not contain parts from either company. |
| | Ex. 29 | Razzano Decl. with attached Exhibit A. (Receipts for the purchase of One Touch Ultra blood glucose monitoring systems from Payless Stores). | Declaration that Mr. Razzano purchased a One Touch Ultra blood glucose monitor in Guam. | The One Touch Ultra blood glucose monitor is not a product of Fujitsu Limited or FMA and does not contain parts from either company. |
| FN 65 | Ex. 29 | Razzano Decl., ¶¶3-4. | See FN 55, above. | See FN 55, above. |
| FN 66 | Ex. 35 | Declaration of Joseph Crisostomo ("Cirsostomo Decl.") of Cars Plus, L.L.C., ¶4. | Statement from General Manager for Cars Plus, that the dealership sells used Hyundai cars. | Does not discuss any Accused Devices. Does not state that any Accused Devices are found in Hyundai cars sold by Cars Plus. |
| FN 67 | Ex. 29 | Razzano Decl., ¶9. | Statement from Mr. Razzano that he spoke to Mr. Jeffrey Jones, Vice President of Triple J. Enterprises who informed him that he is the licensed authorized dealer for Ford Motor products and that he regularly offers Ford Motor Vehicles for sale on Guam. | Does not discuss any Accused Devices. Does not state that any Accused Devices are found in Fords sold by Mr. Jones. |
| FN 68 | Ex. 29 | Razzano Decl., ¶9. | See FN 67, above. | See FN 67, above. |
| FN 69 | Ex. 29 | Razzano Decl., ¶7. | Statement from Mr. | Does not discuss |

| FN # | Ex # | Nanya's Citation | Brief Description of Document | What is missing from these documents? |
|---|---|---|---|---|
| | | | Razzano that he spoke to Mr. Joseph Slomka, the President and General Manager for Megabyte, who verified that Megabyte sells or makes available for purchase the following Fujitsu products: Fujitsu Lifebook Tablet PC, and the Lexar Media 256 MB Jump Drive Touch Guard. | any Accused Devices.<br><br>Does not state that any Accused Devices are found in these devices sold by Megabyte.<br><br>The Jumpdrive is not a Fujitsu product. |
| FN 70 | Ex. 36 | Declaration of Nobuyuki Tanaka of Photo Town ("Tanakar Decl."), ¶5; See | Declaration states that Photo Town sells or *makes available for purchase* Nikon and Olympus cameras. | No discussion of FMA or Accused Devices.<br><br>Olympus and Nikon are not FMA customers<br><br>Does not include any evidence concerning FMA or sale of FMA products in Guam. |
| | Ex 37 | Declaration of Ray Acierto of PC Outlet ("Acierto Decl.")., ¶5. | See FN 47, above. | See FN 47, above. |
| FN 71 | Ex 37 | Acierto Decl. ¶5. | See FN 43, above. | See FN 43, above. |
| FN 72 | | *See Id. At* ¶5. | See FN 44, above. | See FN 44, above. |
| FN 73 | Ex 29 | Razzano Decl. at ¶3 with attached materials (Invoice from Magnitude Electronics to Shore Chan Bragalone LLP regarding purchase of Fujitsu product MB91F362PFV). | Declaration from Mr. Razzano that he purchased Fujitsu parts from California and had them shipped to Guam. | Does not include any evidence concerning FMA or sale of FMA products in Guam. |
| FN 74 | | Declaration of Shigeru Kitano, | | Declaration does |

| FN # | Ex # | Nanya's Citation | Brief Description of Document | What is missing from these documents? |
|---|---|---|---|---|
| | | ¶¶4-16, attached to Defendant Fujitsu Ltd.'s Memorandum in Support of its Motion to Dismiss or Transfer [Docket No. 90]. | | not state that Fujitsu has never conducted any business in Guam. |
| FN 75 | Ex 38 | Submarine Cable Systems, China-U.S. Cable Network, Bates No. FMA_63076-114 and Fujitsu Submarine Networks, Bates No. NTC89560-661. | Documents describe joint venture involving Fujitsu and other companies for construction of undersea cable between California and China. | Document does not discuss Accused Devices.<br><br>Documents does not involve FMA.<br><br>The document does not provide evidence of sales of Accused Devices from FMA as being sold on Guam. |
| FN 76 | Ex 39 | Transcript of Shigeru Kitano ("Kitano Tr."), taken on April 26, 2007, p. 15. | Kitano deposition transcript. | Mr. Kitano did not confirm participation by FMA in the undersea cable project. |
| FN 77 | Ex 40 | Declaration of Joyce Tang ("Tang Decl."), ¶3; Razzano Decl. at ¶6 (Purchase materials related to purchase of Fujitsu Ltd. laptop computer); see also | Declaration claims that a Fujitsu laptop computer was ordered from California and shipped to Guam. | No discussion of FMA or Accused Devices.<br><br>FMA does not manufacture laptop computers. |
| | Ex 56 | Declaration of Tyrone Petty of ComPacific Computer Store ("Petty Decl."), ¶3. | Declaration states that ComPacific sold or *made available for purchase* the Fujitsu Lifebook Tablet PC. | No discussion of FMA or Accused Devices.<br><br>FMA does not manufacture Fujitsu Lifebook Tablet PCs.<br><br>Does not include any evidence concerning FMA or |

| FN # | Ex # | Nanya's Citation | Brief Description of Document | What is missing from these documents? |
|------|------|------------------|------------------------------|----------------------------------------|
| | | | | sale of FMA products in Guam. |
| FN 78 | Ex 41 | Declaration of Jessee Fujikawa ("Fujikawa Decl."), ¶ and attached materials (price quote for University of Guam for a Fujitsu hard drive). | Includes statements that Mr. Fujikawa (declaration does not identify who Mr. Fujikawa is) believes that FMA sells products in Guam because other Fujitsu subsidiaries manufacture products that he apparently found in Guam. | Does not include any evidence concerning FMA or sale of FMA products in Guam.\n\nIncludes hearsay interviews.\n\nMany of the products that Mr. Fujikawa claims to have found in Guam must be ordered from elsewhere. |
| FN 79 | Ex 42 | Chan Decl. and attached materials (Receipt for purchase of Fujitsu Ltd. lithium ion computer battery). | Declaration and receipt show purchase of Fujitsu battery. | No discussion of FMA or Accused Devices.\n\nFMA does not manufacture lithium ion batteries. |
| FN 80 | Ex 29 | Razzano Decl. at ¶3 with attached materials (Invoice from Magnitude Electronics to Shore Chan Bragalone LLP regarding purchase of Fujitsu product MB91F362PFV). | See FN 73, above. | See FN 73, above. |
| FN 81 | Ex 40 | Declaration of Joyce Tang ("Tang Decl."), ¶3; Razzano Decl. at ¶6 (Purchase materials related to purchase of Fujitsu Ltd. laptop computer) | See FN 77, above. | See FN 77, above. |
| | Ex 56 | Petty Decl. at ¶3 | See FN 77, above. | See FN 77, above. |
| | Ex 41 | Declaration of Jesse Fujikawa ("Fujikawa Decl."), ¶ B and attached materials (price quote for University of Guam for a Fujitsu hard drive); | See FN 78, above. | See FN 78, above. |

| FN # | Ex # | Nanya's Citation | Brief Description of Document | What is missing from these documents? |
|------|------|------------------|------------------------------|----------------------------------------|
|  | Ex 42 | Chan Decl, and attached materials (Receipt for purchase of Fujitsu Ltd. lithium ion computer battery). | See FN 79, above. | See FN 79, above. |
| FN 82 | Ex 41 | Declaration of Jesse Fujikawa ("Fujikawa Decl."). ¶ B and attached materials (University of Guam invoice for a Fujitsu hard drive). | See FN 78, above. | See FN 78, above. |
| FN 83 | Ex 40 | Declaration of Joyce Tang ("Tang Decl."), ¶3; Razzano Decl. at ¶6 (Purchase materials related to purchase of Fujitsu Ltd. laptop computer). | See FN 77, above. | See FN 77, above. |
| FN 84 | Ex 42 | Chan Decl. and attached materials (Receipt for purchase of Fujitsu Ltd. lithium ion computer battery). | See FN 79, above. | See FN 79, above. |
| FN 85 | Ex 43 | "Fujitsu Direct Store" http://www.computers.us.fujitsu.com/index.shtml (last visited on May 14, 2007). | Printouts of Fujitsu's Direct Store website. | No discussion of FMA or Accused Devices.  This is not an FMA website. |
| FN 86 |  | *Id.* | See FN 85, above. | See FN 85, above. |