1   **RODNEY J. JACOB, ESQ.**
    **DANIEL M. BENJAMIN, ESQ.**
2   **JENNIFER A. CALVO-QUITGUA, ESQ.**
    **CALVO & CLARK, LLP**
3   Attorneys at Law
4   655 South Marine Corps Drive, Suite 202
    Tamuning, Guam 96913
5   Telephone:     (671) 646-9355
    Facsimile:     (671) 646-9403
6
7   **CHRISTOPHER E. CHALSEN, ESQ.**
    **MICHAEL M. MURRAY, ESQ.**
8   **LAWRENCE T. KASS, ESQ.**
    **MILBANK, TWEED, HADLEY & MCCLOY LLP**
9   1 Chase Manhattan Plaza
    New York, New York 10005
10  Telephone:     (212) 530-5000
    Facsimile:     (212) 822-5796
11
12  *Attorneys for Defendants*
    FUJITSU LIMITED, and
13  FUJITSU MICROELECTRONICS AMERICA, INC.

14                  IN THE UNITED STATES DISTRICT COURT
15                          DISTRICT OF GUAM

16  NANYA TECHNOLOGY CORP. and            CIVIL CASE NO. 06-CV-00025
    NANYA TECHNOLOGY CORP. U.S.A.,
17
18                  Plaintiff,
                                          **FUJITSU LIMITED'S REPLY IN**
19          vs.                           **SUPPORT OF ITS MOTION TO**
                                          **DISMISS OR TRANSFER TO THE**
20  FUJITSU LIMITED, FUJITSU              **NORTHERN DISTRICT OF**
    MICROELECTRONICS AMERICA, INC.,       **CALIFORNIA AND FOR A MORE**
21                                        **DEFINITE STATEMENT**
                    Defendants.
22

23

24          Defendant Fujitsu Limited ("Fujitsu Ltd.") hereby replies to Plaintiffs' Response and

25  Memorandum in Opposition to Defendants' Motions to Dismiss or Transfer to the Northern

26  District of California and for a More Definite Statement ("Nanya's Response").

27

28

    *CIVIL CASE NO. 06-CV-00025*
    *{G0022553.DOC;1}*                    **ORIGINAL**                            1

FILED
DISTRICT COURT OF GUAM
JUN - 1 2007
MARY L.M. MORAN
CLERK OF COURT

## I.    INTRODUCTION

Fujitsu Ltd. has requested that this Court dismiss it from this action for lack of personal jurisdiction or alternatively transfer this action to the Northern District of California, where both Fujitsu Microelectronics America, Inc. ("FMA") and co-plaintiff Nanya Technology Corp. U.S.A. ("Nanya USA"), a wholly owned subsidiary of co-plaintiff Nanya Technology Corp. ("Nanya Taiwan") (collectively "Nanya"), reside.

As an additional grounds for transfer, Nanya's Amended Complaint in Guam does not relate back to Nanya's Original Complaint in Guam, and, as a result, defendants' Complaint filed in the Northern District of California is the first-filed case. For this additional reason, the Court should transfer this case to the Northern District of California.

Despite months of discovery and Nanya's best attempts to prove otherwise, it remains clear there is no personal jurisdiction over Fujitsu Ltd. in Guam. Fujitsu Ltd. lacks the systematic and continuous contacts with Guam that are required to establish general personal jurisdiction. With regard to specific personal jurisdiction, Nanya has failed to identify sales of accused products in Guam and has failed to provide evidence of channels of distribution of accused products in Guam. Recognizing this, Nanya suggests this Court find pendant personal jurisdiction for those claims for which there is clearly no independent basis for personal jurisdiction. However, because Nanya's patent infringement claims and antitrust claims are unrelated and do not arise from a common nucleus of facts, this Court cannot find pendant personal jurisdiction for those claims for which there is no independent basis for finding personal jurisdiction.

Fujitsu Ltd. has shown that it is not subject to personal jurisdiction in Guam, and Nanya has failed to provide compelling evidence to the contrary. Accordingly, Fujitsu Ltd. respectfully requests that the Court dismiss it from this action or, in the alternative, transfer this case to the District Court for the Northern District of California for the additional reason that Guam is an inconvenient forum.

## II.    THERE IS NO PERSONAL JURISDICTION OVER FUJITSU LTD. IN GUAM

### A.    This Court Does Not Have General Personal Jurisdiction Over Fujitsu Ltd.

Nanya cannot meet its burden to establish a *prima facie* case of personal jurisdiction. Nanya has alleged that "[p]ersonal jurisdiction exists generally over Defendants because each Defendant has sufficient minimum contacts with the forum as a result of business conducted continuously and systematically within the Territory of Guam." (Nanya's Amended Complaint ¶

1    9, Dkt. No. 24). But this general allegation is not supported by the facts. *See Span Constr. &*

2    *Eng'g, Inc. v. Stephens*, 2006 U.S. Dist. LEXIS 48896, *12 (D. Cal. 2006) ("When a defendant

3    moves to dismiss for lack of personal jurisdiction, the plaintiff is 'obligated to come forward with

4    facts, by affidavit or otherwise, supporting personal jurisdiction.'") (quoting *Amba Mktg. Sys.,*

5    *Inc. v. Jobar Int't, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)). In fact, Nanya admits that Fujitsu

6    Ltd. is not a resident of Guam, does not maintain a regular place of business in Guam, and has no

7    designated agent in Guam for service of process. (Nanya's Original Complaint ¶ 2, Dkt. No. 1;

     Nanya's Amended Complaint ¶¶ 3, 4).

8         As described in Fujitsu Ltd.'s Motion to Dismiss or Transfer to the Northern District of

9    California and for a More Definite Statement, ("Fujitsu Ltd.'s Motion to Dismiss" Dkt. No. 90),

10   Fujitsu Ltd. has no substantial, continuous or systematic business presence, activities or contacts

11   in Guam. For example, Fujitsu Ltd. does not maintain any offices in Guam and has no

12   operations, affiliates, employees or salespersons in Guam. (Shigeru Kitano Declaration in

13   Support of Fujitsu Ltd.'s Motion to Dismiss or Transfer to the Northern District of California

14   ("Kitano Decl.") Dkt. No. 94, ¶ 4). Fujitsu Ltd. has neither negotiated nor executed any

15   agreements, nor had any correspondence with Nanya of any kind, in Guam relating to the subject

     matter of this suit. (*Id.* ¶ 15).

16        Nanya attempts to establish personal jurisdiction over Fujitsu Ltd. based on the

17   construction of an underwater cable through Guam.[1] However, Fujitsu Ltd.'s limited

18   involvement with a single project does not constitute the systematic and continuous contacts

19   necessary to establish general personal jurisdiction over Fujitsu Ltd. Further, Nanya does not

20   allege that any accused products were used or found in that project; therefore, that project cannot

21   serve as the basis for specific personal jurisdiction. Consequently, there is insufficient activity to

22   support general personal jurisdiction over Fujitsu Ltd. in Guam under the applicable

23   constitutional standard. *See Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408,

24   415 (U.S. 1984); *Trintec Indus. Inc. v. Pedre Promotional Prod., Inc*, 395 F.3d 1275, 1279 (Fed.

     Cir. 2005).

25        Nanya further attempts to establish general personal jurisdiction by relying on sales made

26   by distributors of Fujitsu Ltd. products in Guam. However, "the acts of a distributor are not

27   ────────────────

          [1] In Nanya's Response, Nanya fabricates, then proudly debunks a statement it falsely attributes to

28   Fujitsu Ltd. witness Shigeru Kitano. (Nanya's Response at 9). Nowhere in his declaration does Shigeru
     Kitano state that Fujitsu Ltd. "has not conducted any business in Guam". (Kitano Decl.).

1  ordinarily attributable to a foreign manufacturer for purposes of establishing general jurisdiction."

2  *Kuenzle v. HTM Sport-Und Freizeitgerte AG*, 102 F.3d 453, 459 (10th Cir. 1996) (citing *Cascade*

3  *Corp. v. Hiab-Foco AB*, 619 F.2d 36, 37 (9th Cir. 1980)).  Therefore, because Nanya cannot show

4  that Fujitsu Ltd. made direct sales of products in Guam, this Court does not have general personal

5  jurisdiction over Fujitsu Ltd.  *See Abuan v. General Elec. Co.*, 735 F. Supp. 1479, 1482 (D. Guam

6  1990) (finding no general jurisdiction where only contacts with forum were through independent

   distributors).

7       **B.    This Court Does Not Have Specific Personal Jurisdiction Over Fujitsu Ltd.**

8       To establish specific personal jurisdiction over Fujitsu Ltd., Nanya admits it must prove

9  the accused products are sold in Guam through a "stream of commerce".  (Nanya's Response at

10 5); *HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1307 (Fed. Cir. 1999) (requiring plaintiff to

   show that its cause of action "arises out of or is related to" activities that defendant has directed at

11 forum); *Dawson v. Pepin*, 2001 U.S. Dist. LEXIS 10074, *24 (D. Mich. 2001) (denying personal

12 jurisdiction based on stream of commerce theory because plaintiff "failed to present any evidence

13 showing that any of the accused products actually entered or were sold in [the forum state] by

14 [Defendant] or the distributors identified on [Defendant's] website").  *See also, Sys. Designs, Inc.*

15 *v. New Customware Co., Inc.*, 248 F. Supp. 2d 1093, 1101-02 (D. Utah 2003) (noting that "[i]f a

16 sale or transaction is the standard for jurisdiction, a plaintiff could simply purchase a product

   online and essentially manufacture jurisdiction – a concern other courts have noted.").

17
       In its Response, Nanya offers evidence, such as a sales receipt, purportedly showing sales

18 in Guam of a product, *i.e.*, a One Touch Ultra blood glucose monitor ("Ultra") that Nanya

19 believes *may* contain an accused device.  However, in so doing, Nanya fails to provide critically

20 important information as to whether or not the Ultra found in Guam actually contained an accused

21 device.  As described in more detail in FMA's Reply, the Ultra blood glucose monitor that Nanya

22 purchased in Guam in fact contains no devices made or sold by Fujitsu Ltd. or any Fujitsu

23 subsidiary, including FMA.  (*See* Fujitsu Microelectronics America's Reply in Support of Its

24 Motion to Dismiss or Transfer to the Northern District of California and for a More Definite

25 Statement, "FMA's Reply", May 31, 2007).  Nanya similarly fails to provide evidence that *any* of

   the products listed in its Response actually contains an accused Fujitsu Ltd. device.  (*See id.*).

26      Nanya's reliance on cases supporting its allegations of specific jurisdiction under a stream

27 of commerce theory is misplaced.    In *Commissariat a l'Energie Atomique v. Chi Mei*

28 *Optoelectronics Corp.*, for instance, the plaintiff demonstrated both that defendant had an

*CIVIL CASE NO. 06-CV-00025*
*{G0022553.DOC;1}*                                                                                        4

1  established distribution channel for the accused products into the forum state and that the

2  defendant made offers for sale and likely sales of its accused products to residents. *Commissariat*

3  *a l'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1317, 1321 (Fed. Cir.

4  2005). Based on these contacts, and the defendant's failure to rebut the inferences created

   thereby, the court permitted jurisdictional discovery to allow the plaintiff a chance to prove that

5  the accused products actually reached the forum state. *Id.* at 1319, 1324. The court in *Beverly*

6  *Hills Fan Co. v. Royal Sovereign Corp.* found personal jurisdiction based on a stream of

7  commerce theory because products incorporating the accused devices were sold in the forum state

8  through an established distribution channel. *Beverly Hills Fan Co. v. Royal Sovereign Corp.,* 21

9  F.3d 1558, 1551, 1564 (Fed. Cir. 1994).

10         However, Nanya's cited cases are easily factually distinguishable from the matter at hand.

    In Nanya's cited cases, there was actual evidence of actual sales through actual distribution
11
    channels established by the defendant. By contrast, in the present case, even after extensive
12
    jurisdictional discovery lasting over six months, Nanya has failed to provide any evidence of the
13
    existence of distribution channels for distributing Fujitsu Ltd. or FMA's accused devices to

14  Guam. More significant is Nanya's failure to demonstrate even a single sale in Guam of an

15  accused device either alone or incorporated into another product. *See Ball v. Metallurgie*

16  *Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990) (stating well-settled rule that after

17  jurisdictional discovery, plaintiff's burden of proving personal jurisdiction is heightened and

    requires an affirmative showing of facts), *cert. denied*, 498 U.S. 854 (1990).
18
           In fact, the evidence that is available shows just the opposite. As described above and in
19
    more detail in FMA's Reply, the Ultra blood glucose monitor that Nanya purchased in Guam and

20  on which Nanya primarily relies to establish personal jurisdiction over Fujitsu Ltd. and FMA in

21  fact contains no devices made or sold by Fujitsu Ltd. or any Fujitsu subsidiary, including FMA.

22  (*See* FMA's Reply). Moreover, the evidence indicates FMA made no such sales to Johnson &

23  Johnson for use in the Ultra or any other blood glucose monitor. (*See* Declaration of Akio Nezu,

24  May 31, 2007).

25         **C.     This Court Does Not Have Personal Jurisdiction Over Fujitsu Ltd. for**
                   **Nanya's Clayton Act Claims**
26
           Nanya failed to establish personal jurisdiction under Section 12 of the Clayton Act
27
    because Nanya failed to serve the Original and Amended Complaints on Fujitsu Ltd. pursuant to
28

1  that provision. *See Gen. Cigar Holdings, Inc. v. Altadis S.A.*, 205 F. Supp. 2d 1335, 1340 (S.D.

2  Fla. 2002) (plaintiff failed to activate the worldwide service provision of Section 12 of the

3  Clayton Act because plaintiff served under the Hague Convention, not the Clayton Act) *aff'd*, 54

4  Fed. Appx. 492 (11th Cir. 2002) (citing *Doe v. Unocal Corp.*, 27 F. Supp. 2d 1174, 1183 (C.D.

5  Cal. 1998) (finding it improper to extend the territorial reach of a federal statute by applying a

6  national contacts test for personal jurisdiction when service is not effected pursuant to that federal

7  statute) *aff'd*, 248 F.3d 915 (9th Cir. 2001)).  Nanya's Original Complaint failed to assert personal

8  jurisdiction over defendants for the Clayton Act claims.[2]  Nanya did not serve the Original

9  Complaint or Summons on Fujitsu Ltd.[3], and Nanya served its Amended Complaint on Fujitsu

10  Ltd. under the Hague Convention.  Therefore, Nanya did not serve the Original or Amended

11  Complaints pursuant to the Clayton Act, and, as a result, there is no personal jurisdiction over

12  Fujitsu Ltd. for Nanya's Clayton Act claims based on its alleged "contacts with the United

13  States."  *See Gen. Cigar Holdings*, 205 F. Supp. 2d at 1341 (concluding that "because Plaintiff

14  served [Defendant] under the Hague Convention rather than the Clayton Act, the applicable

   forum for determining [Defendant]'s contacts is the [forum state]," not the United States as a

   whole).

15

16  ### D.    Because Nanya's Antitrust and Patent Claims Do Not Share Common Facts, This Court Should Not Exercise Pendant Personal Jurisdiction Over Fujitsu Ltd.

17      In the Ninth Circuit, a court may exercise jurisdiction over a defendant when personal

18  jurisdiction exists for each claim asserted against a defendant. *Action Embroidery Corp. v. Atl.*

19  *Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004).  However, a court may exercise pendant

20  personal jurisdiction over a defendant with respect to a claim for which the court does not have an

21  independent basis of personal jurisdiction only when the claim arises out of a "common nucleus

22  of operative facts" with another claim in the same suit over which the court does have personal

   jurisdiction. *Id.*

23

24      [2] Nanya's Original Complaint asserts personal jurisdiction over Fujitsu Ltd. and FMA as a result
25  of "sufficient minimum contacts with the forum as a result of business conducted within the Territory of
   Guam and within the District of Guam." (Original Complaint at ¶ 5). However, Nanya's Original
26  Complaint fails to assert personal jurisdiction over defendants for the Sherman Act and Clayton Act
   antitrust claims. Recognizing these deficiencies, Nanya modified its Amended Complaint to include
27  assertions of specific personal jurisdiction for its Sherman Act claims and personal jurisdiction under
   section 12 of the Clayton Act, 15 U.S.C. § 22. (Amended Complaint at ¶¶ 6, 7).

28      [3] Fujitsu Ltd.'s Motion to Dismiss at 24.

*CIVIL CASE NO. 06-CV-00025*
*{G0022553.DOC;1}*                                                          6

1    As discussed above, this Court does not have personal jurisdiction over Fujitsu Ltd. for
2  any of Nanya's claims. In the event this Court finds personal jurisdiction over Fujitsu Ltd. for
3  some of Nanya's claims, personal jurisdiction cannot extend to the remaining claims unless those
4  claims arose out of a common nucleus of operative facts with the claims over which the Court
   finds jurisdiction. *Id.* For example, in support of Nanya's patent infringement claims, Nanya
5  alleges that Fujitsu Ltd. made, used, or sold infringing microcontroller products in Guam.
6  (Amended Complaint at ¶¶ 13-15). Those factual allegations are completely unrelated to the facts
7  Nanya alleges in support of its antitrust claims, *i.e.*, that Fujitsu Ltd. engaged in "collusive price
8  discrimination" and "anticompetitive acts" with other DDR SDRAM memory manufacturers. (*Id.*
9  at ¶¶ 16-18). Also unrelated are the factual allegations Nanya makes in support of its declaratory
10 judgment claims of invalidity and noninfringement against Fujitsu Ltd.'s patents. (*Id.* at ¶¶ 55-
   253).
11
12   Therefore, if this Court finds there is no independent basis for personal jurisdiction over
   Fujitsu Ltd. for Nanya's patent claims or Nanya's antitrust claims, the Court cannot extend
13 pendant personal jurisdiction over those claims because Nanya's patent and antitrust claims did
14 not arise out of a common nucleus of operative facts. *Cf. Mars Inc. v. Kabushiki-Kaisha Nippon
15 Conlux*, 24 F.3d 1368, 1375 (Fed. Cir. 1994) (finding no common nucleus of operative facts
16 where "respective patents are different, the accused devices are different, [and] the alleged acts
   are different").
17
18   Even if this Court finds Nanya's claims share common facts, pendant jurisdiction may
   only be extended at the discretion of the trial court and is not a plaintiff's right. *Action
19 Embroidery Corp.*, 368 F.3d at 1181 (adding that court must base its discretion on "considerations
20 of judicial economy, convenience and fairness to litigants"). Because dismissal of Nanya's claims
21 against FMA in Guam is warranted (*see* FMA's Reply), and for those reasons stated in
22 Defendants' Memorandum of Points and Authorities in Support of Motion to Immediately
23 Transfer for Convenience (Dkt. No. 194), extension of the Court's pendant jurisdiction over
   Nanya's remaining claims will only result in piecemeal litigation and thus inconvenience to this
24 Court, the parties involved, and the District Court of California.
25
26
27
28

### III.    NANYA'S CAUSES OF ACTION AGAINST FUJITSU LTD. SHOULD BE TRANSFERRED FOR CONVENIENCE

If Fujitsu Ltd. is not dismissed from this action, Fujitsu Ltd. respectfully requests that this matter be transferred to the Northern District of California.    (See Defendants' Motion to Immediately Transfer for Convenience (Dkt. No. 192); Defendants' Memorandum of Points and Authorities in Support of Motion to Immediately Transfer for Convenience (Dkt. No. 194); and Defendants' Reply to Plaintiffs' Response to Defendants' Motion To Immediately Transfer for Convenience (Dkt. No. 246), all of which are hereby incorporated by reference).

Should this Court find there is no jurisdiction over Fujitsu Ltd. and/or FMA, and Nanya's case against that party is transferred, (see FMA's Reply), then the Northern District of California will become an even more convenient location for any remaining parties to this litigation. It would be extremely inconvenient to have duplicative parallel litigations in two different districts. Thus, the interests of judicial economy strongly favor transferring Fujitsu Ltd. to the Northern District of California for convenience so that Fujitsu Ltd. and FMA can proceed in a single action.

### IV.    NANYA'S AMENDED COMPLAINT DOES NOT RELATE BACK TO THE ORIGINAL COMPLAINT; THEREFORE, DEFENDANTS' N.D. OF CALIFORNIA COMPLAINT IS "FIRST FILED"

Nanya's Amended Complaint (Dkt. No. 24), filed in this Court on November 17, 2006, does not relate back to its Original Complaint (Dkt. No. 1) at least because jurisdiction was improperly plead in Nanya's Original Complaint.

Nanya's Original Complaint failed to adequately plead personal jurisdiction under Guam L.R. 10-1(a) for its claims under 15 U.S.C. § 22 of the Clayton Act[4].    Therefore, to establish personal jurisdiction over defendants, Nanya must demonstrate separate and sufficient grounds for personal jurisdiction over defendants strictly based on their "minimum contacts" with Guam. *Austin v. Trandell*, 207 F. Supp. 2d 616, 624 (E.D. Mich. 2002) ("[I]t is axiomatic that in order for the doctrine of relation back to apply, the prior pleadings must be properly filed and the court must have jurisdiction over the claim at the time of the prior pleadings."). As discussed in section II above, Nanya has failed to make this showing.    Thus, this Court should find that Nanya's Amended Complaint does not relate back to the date of Nanya's Original Complaint. *Id.*

---

[4] See FN 3 describing the pleading deficiencies in Nanya's Original Complaint and Nanya's changes to the personal jurisdiction section of Nanya's Amended Complaint.

1    Under the "first to file" rule, when there are two actions involving the same parties

2    pending concurrently in different districts, it is within the court's discretion to give preference to

3    the "first filed" case and stay or dismiss the second-filed case. *Pacesetter Sys., Inc. v. Medtronic,*

4    *Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). Because Nanya's Amended Complaint does not relate back

     and receive the benefit of the filing date of Nanya's Original Complaint, Fujitsu Ltd.'s complaint

5    filed in the Northern District of California on October 24, 2006 ("N.D. Cal. Complaint") is the

6    effective "first filed" complaint for purposes of a § 1404(a) analysis, and this factor weighs in

7    favor of transfer. *See id.* Therefore, the present case should be transferred to the Northern

8    District of California where it can be consolidated with the action pending before Judge Wilken.[5]

9    ## V.    DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT SHOULD BE

10         GRANTED

     As described on pages 23-24 of Fujitsu Ltd.'s Memorandum in Support of its Motion to

11   Dismiss or Transfer to the N.D. of California and for a More Definite Statement (Dkt. No. 90),

12   Nanya has failed to disclose with specificity the identity of the particular products and/or services

13   that Nanya accuses of infringement in this case and further failed to disclose defenses that Nanya

14   intends to assert to support its allegations that Fujitsu Ltd.'s patents are unenforceable. By

15   delaying disclosure of this material information, Nanya is unnecessarily burdening Fujitsu Ltd.

16   and its counsel.

17   Nanya's Response does not address Fujitsu Ltd.'s arguments for a more definite

     statement. Instead, Nanya proposes a timetable of its own for correcting its pleading deficiencies

18   — one that, conveniently, allows Nanya to act "once the Court determines jurisdiction." (See

19   Nanya's Response at 15-16).[6] This behavior warrants, at a minimum, that Fujitsu Ltd.'s Motion

20   for a More Definite Statement be granted without further delay. *See* Guam L.R. 7.1(f) (warning

21

22   [5] In an Order Denying Nanya's Motion to Dismiss in the N.D. of California action, dated Feb. 9,
     2007 (06-06613, "Order", Dkt. No. 76), Judge Wilken found that the N.D. of California action was not the

23   first-filed action, yet deferred to this Court to decide the appropriate forum and whether the first-filed rule
     is applicable. (Order at 6-7). Judge Wilken appropriately declined to decide whether the District Court of

24   Guam had personal jurisdiction over Fujitsu Ltd. and FMA. Consequently, Judge Wilken stated that
     should this Court grant this motion to transfer, then the actions will be related and consolidated in the N.D.

25   of California. (Order at 8).

     [6] We note that Nanya is clearly in possession of a list of accused infringing products for this case,

26   because Nanya's L.R. 3-1 Disclosure of Asserted Claims and Preliminary Infringement Contentions
     served in the N.D. Cal. action identifies accused products for each of Nanya's patents at issue in both

27   cases. Nanya's failure to identify accused products in this case illustrates Nanya's plot to keep the list of
     accused products an open question in order to further its attempt to manufacture personal jurisdiction over

28   defendants in Guam.

1  that failure to timely respond "may be deemed by the Court as consent to the granting . . . of the

2  motion"); *United States v. Marwan Shipping & Trading*, 2006 U.S. Dist. LEXIS 67023, *5 (D.

3  Guam 2006) (granting motion because party failed to file opposition).

**VI.    CONCLUSION**

4

5  For the foregoing reasons, Fujitsu Ltd. respectfully requests that this Court dismiss Fujitsu

   Ltd. from this action with prejudice for lack of personal jurisdiction, improper venue or

6  inconvenient forum or, in the alternative, transfer this action to the United States District Court

7  for the Northern District of California, a substantially more convenient forum to hear this dispute.

8  Fujitsu Ltd. further requests, if this case proceeds, that Nanya be required to amend its Amended

9  Complaint to identify the specific Fujitsu Ltd. products Nanya accuses of infringement and to

10 identify which specific defenses it will assert in its effort to establish unenforceability of Fujitsu's

   patents.

11

        Respectfully submitted this 1st day of June, 2007

12

13                                                          **CALVO & CLARK, LLP**
                                                            **MILBANK, TWEED, HADLEY**
                                                            **& MCCLOY LLP**
14                                                          *Attorneys for Defendants*
                                                            Fujitsu Limited and
15                                                          Fujitsu Microelectronics America, Inc.

16

17                          By:    _____
                                   **JENNIFER A. CALVO-QUITUGUA**
18

19

20

21

22

23

24

25

26

27

28

*CIVIL CASE NO. 06-CV-00025*
*{G0022553.DOC;1}*                                                              10