**TEKER TORRES & TEKER, P.C.**
130 Asinall Avenue-Suite 2A
Hagatna, Guam 96910
671.477.9891 Telephone
671.472.2601 Facsimile

**UNPINGCO & ASSOCIATES, LLC**
Suite 12B, Sinajana Mall
777 Route 4, Sinajana, Guam
671.475.8545 Telephone
671.475.8550 Facsimile

**SHORE CHAN BRAGALONE LLP**
Suite 4450
325 N. St. Paul Street
Dallas, Texas 75201
(214) 593-9110 Telephone
(214) 593-9111 Facsimile

ATTORNEYS FOR PLAINTIFFS
Nanya Technology Corp. and
Nanya Technology Corp. U.S.A.

FILED
DISTRICT COURT OF GUAM
JUN -7 2007
MARY L.M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT

# DISTRICT OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP. AND NANYA TECHNOLOGY CORP. U.S.A., <br><br> Plaintiffs, <br><br> v. <br><br> FUJITSU LIMITED AND FUJITSU MICROELECTRONICS AMERICA, INC., <br><br> Defendants. | Case No. CV-06-00025 <br><br> **PLAINTIFFS' ALTERNATIVE MOTION FOR CONTINUANCE OF THE JUNE 22 HEARING AND TO MODIFY THE BRIEFING SCHEDULE** |

## I. INTRODUCTION

On June 5, 2007, Plaintiffs and Defendants filed a "Stipulation" that respectfully requests the Court to continue the hearing, currently set for June 22, 2007, to the week of July 9-13, 2007 and to extend the current June 7, 2007 deadline for Plaintiffs' Sur-Reply to June 26, 2007. In the event that

the Court is unavailable during the requested week, Plaintiffs respectfully request that the Court continue the June 22, 2007 hearing to the first available date after the week of July 9-13, 2007. Curiously, Defendants are unwilling to allow the Court sufficient leeway to re-schedule the hearing to a time that is both available and convenient to the Court. Despite Defendants' intransigence, ample grounds exist to warrant a continuance of the June 22, 2007 hearing, as set forth below.

## II. FACTUAL BACKGROUND

In order to manage the jurisdictional discovery efficiently, the parties entered into a joint stipulation on February 20, 2007 and agreed upon a discovery and briefing schedule as well as a hearing date for Defendants' Dismissal Motions.[1] According to the Stipulation, FMA and Fujitsu Limited agreed to produce responsive documents by April 2 and April 16, 2007, respectively.[2] These deadlines were agreed upon in order to permit NTC to obtain and review documents before the depositions of Defendants' witnesses whose declarations Defendants relied upon in their Dismissal Motions.[3] The Stipulation further provided for a jurisdictional hearing date of June 22, 2007 and a related briefing schedule that would permit NTC to have all the documents for review before its briefs were due.[4] Under that schedule, NTC's response was due on May 15, 2007 and its Sur-Reply was due on June 7, 2007.[5] Moreover, the Stipulation also provided that "[i]f the parties determine in good faith that production will take longer than anticipated, the parties *shall not unreasonably withhold their consent* to extending the hearing and briefing dates *to permit time for document production and review.*"[6]

---

[1] *See* Stipulation ("Stipulation") [Docket No. 148].
[2] *See* Stipulation at ¶3.
[3] *Id.* at ¶4.
[4] *Id.* at ¶6.
[5] *Id.*
[6] *Id.*

Prior to May 10, 2007, Defendants had produced a mere 123,000 pages of documents.[7] On May 10, May 12, and May 15, 2007, more than a month after the parties' agreed document production deadlines of April 2 and April 16, 2007, Defendants belatedly produced to Plaintiffs Nanya Technology Corporation and Nanya Technology Corporation U.S.A. (collectively "NTC") approximately 800,000 pages of new, responsive documents.[8]

The parties have already stipulated to and filed contemporaneously an agreement to continue the June 22, 2007 hearing on Defendants' Motion to Dismiss or Transfer to the Northern District of California to the week of July 9-13, 2007 in order to permit NTC to review the new documents. The parties have also stipulated to extend the briefing schedule associated with the June 22, 2007 hearing. Specifically, the parties agreed that Plaintiffs' Sur-Reply would be due June 26, 2007, Defendants' Sur-Reply would be due July 3, 2007, and that the length of the Sur Replies would be ten pages. However, inexplicably, ***Defendants have refused to agree to continue the June 22, 2007 hearing unless the hearing can be re-set to the week of July 9-13, 2007.***

Due to the sheer volume of documents Defendants belatedly produced after the deadlines, NTC has not been able to adequately review or digest the vast majority of the documents, and NTC was obviously unable to use any of the belatedly-produced documents as evidence in the response NTC filed on May 15, 2007 in opposition to Defendants' motions to dismiss. Although NTC is diligently reviewing the documents, it cannot reasonably review the entirety of the information and

---

[7] FMA produced documents on the following dates: March 5 and 29, 2007; April 2, 9 and 20, 2007; and May 9, 2007, bates numbered FMA 1-122145. Fujitsu Limited produced documents on the following dates: March 12, 2007; April 4, 16, 27 and 30, 2007, bates numbered FJ 1-63796.

[8] Despite the agreed deadlines of April 2 and April 16, Defendants produced documents after those deadlines on April 20, April 27, April 30, May 9, May 11, and May 15. The agreed deadline for Fujitsu Limited to produce its responsive documents was April 16, 2007. The agreed deadline for FMA to produce its responsive documents was April 2, 2007. FMA produced the overwhelming majority of its documents well after the deadline and after the depositions of both Michael Moore and Shigeru Kitano. Plaintiffs belatedly received these documents from FMA on April 20, May 10, May 12, and May 15, 2007. Further, even after the Court directed Defendants to produce documents within two weeks of April 26 – i.e., by May 10, 2007 – Defendants again waited until after the Court-imposed deadline to produce over 700,000 pages of documents on May 12 and May 15. See Order [Docket No. 215], p. 6.

effectively prepare its arguments prior to the hearing on June 22.

Thus, in the event that the Court is unable to accede to the Defendants' unilateral insistence that any continuance of the June 22, 2007 hearing be limited to the week of July 9-13, 2007, Plaintiffs file this alternative motion to continue the June 22, 2007 hearing to the next available date after July 9-13, 2007. Further, irrespective of which date the Court continues the hearing, Plaintiffs respectfully request the Court extend the June 7, 2007 deadline for Plaintiffs' Sur-Reply to June 26, 2007 or such other date the Court deems appropriate.

### III.    ARGUMENT AND AUTHORITIES

#### A.    THE COURT SHOULD EXERCISE ITS DISCRETION TO CONTINUE THE JUNE 22 HEARING AND EXTEND THE JUNE 7 DEADLINE FOR PLAINTIFFS' SUR-REPLY

It is within the discretion of the district courts to grant or deny a continuance. *See Irving v. County of Sacramento*, No. 05-15920, Slip Copy, 2007 WL 1280742, at 1 (9th Cir. April 17, 2007); *Exigent Technology, Inc. v. Atrana Solutions, Inc.*, 442 F.3d 1301, 1310 (11th Cir.2006) (denying a summary judgment motion in a patent infringement case because "the plaintiff had ample time and opportunity for discovery, yet failed to diligently pursue his options"); *F.T.C. v. Gill*, 265 F.3d 944, 955 (9th Cir.2001); *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir.1996). The Court of Appeals for the Ninth Circuit recently stated that one circumstance where it is appropriate to grant a motion for continuance is when the moving party is "diligently seeking a deposition transcript containing essential information," and required that information in order to sufficiently respond to a motion for summary judgment. *Irving v. County of Sacramento*, No. 05-15920, Slip Copy, 2007 WL 1280742, at 1 (9th Cir. April 17, 2007). Further, the Court of Appeals for the Fifth Circuit stated that when the non-moving party for summary judgment has been unsuccessful in its efforts to obtain evidence from the moving party, a continuance for the purposes of discovery should be justly granted. *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 881 (5th Cir. 2004.) In contrast, the Ninth Circuit stated the district court will not have abused its discretion in denying a motion for

continuance when there is a "lack of diligence." *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir.1996). In this case, NTC has been diligent, but unsuccessful until recently in obtaining discovery from Defendants, and in reviewing the vast amount of documents that NTC has recently received.

### B. THE STIPULATION EXPRESSLY PROVIDES FOR A CONTINUANCE TO PERMIT TIME TO REVIEW DOCUMENTS

As Defendants are aware, the Stipulation expressly provides for the modification of deadlines when there is a good faith basis.[9] Specifically, the Stipulation directs that "the parties shall not unreasonably withhold their consent to extending the hearing and briefing dates to permit time for document production and review."[10] Here, NTC requests a continuance to permit it to review the 800,000 pages of documents NTC received from Defendants on May 10, May 12, and May 15, 2007. It is unreasonable to expect that NTC would be able to review the entire production before the June 22nd hearing when documents related to the issues to be argued at the hearing have not been reviewed.

### C. DEFENDANTS' LATE PRODUCTION OF APPROXIMATELY 800,000 PAGES OF DOCUMENTS HAS SEVERELY PREJUDICED PLAINTIFFS

Defendants' late production of 800,000 pages of documents has severely prejudiced NTC in several ways. First, Defendants produced the majority of their documents after the April 2 and April 16, 2007 deadlines originally agreed upon by the parties in their Stipulation.[11] The recent productions on May 11 and May 15 of 400,000 pages were also produced after the Court-imposed deadline of May 10, 2007.[12] Second, NTC received the bulk of Defendants' documents after both the depositions

---

[9] *See* Stipulation at ¶ 6.

[10] *Id.*

[11] On April 13, 2007, NTC sent a letter informing Defendants of their insufficient production and NTC's willingness to work with Defendants to help Defendants cure their production deficiencies. *See* Exhibit A, Letter from Martin Pascual to Michael Murray and Christopher Chalsen, April 13, 2007.

[12] *See* Order [Docket No. 215], p. 6.

of Defendants' employees Michael Moore and Shigeru Kitano.[13] These agreed deadlines were initially scheduled to permit NTC to review documents before the Moore and Kitano depositions, Defendants' employees whose declarations Defendants relied upon in their motions to dismiss. The deadlines were also designed to allow NTC an opportunity to have and review jurisdictional and convenience related documents before the briefing deadlines associated with Defendants' motions to dismiss. Defendants' late production undermines that intent and gives Defendants an unfair advantage. Because of Defendants' decision to produce the bulk of their documents after the actual depositions and in violation of the Stipulation, NTC was prevented from deposing Mr. Moore and Mr. Kitano on documents relevant and responsive to NTC's jurisdictional discovery requests. NTC was also prevented from using any of the documents in its response filed on May 15th rebutting Defendants' jurisdictional challenge.

### D. THE COURT SHOULD CONTINUE THE JUNE 22ND HEARING AND EXTEND THE JUNE 7 DEADLINE

Needless to say, Defendants should not profit from their own malfeasance and force NTC not only to file its Sur-Reply by June 7 but also to appear at the June 22nd hearing without adequate time to review, analyze, and use the newly-produced documents. In the event that the Court is unable to accommodate Defendants' demand that the hearing be rescheduled to the week of July 9-13, 2007, NTC respectfully requests that the Court exercise its discretion to move the June 22, 2007 hearing to the next available date on the Court's calendar after July 9-13, 2007. NTC also respectfully requests that the Court extend NTC deadline to file its Sur-Reply from June 7, 2007 to June 26, 2007 or such date the Court deems appropriate. NTC does not wish to delay a resolution to Defendants' objections to jurisdiction any longer than necessary, and believes that a short continuance will allow NTC to fully review and digest the information provided by Defendants. This continuance will not prejudice

---

[13] Michael Moore's deposition was taken on April 12, 2007 and Shigeru Kitano's deposition was taken on April 26, 2007.

Defendants. Defendants provided over 800,000 pages of documents, the bulk of which were produced on the date of NTC's deadline for responding to the Motion to Dismiss, and thus Defendants cannot be heard to argue that the short continuance will be prejudicial to them.

## IV.   CONCLUSION

Accordingly, NTC respectfully requests that, in the event that the Court is unavailable during the week requested by the parties' stipulation, the Court continue the June 22, 2007 hearing to the first available date after the week of July 9-13, 2007, that is convenient for the Court. NTC also respectfully requests that, irrespective of which date the Court chooses to continue the June 22, 2007 hearing, the Court extend the current deadline of June 7, 2007 for Plaintiffs' Sur-Reply to June 26, 2007 or such other date the Court finds reasonable.

DATED at Hagåtña, Guam, on June 6, 2007.

TEKER TORRES & TEKER, P.C.

By _____
JOSEPH C. RAZZANO, ESQ.
Attorneys for Plaintiffs

# EXHIBIT A

# SHORECHAN
# BRAGALONE LLP

Marlin Pascual
Republic Center
325 North Saint Paul Street
Suite 4450
Dallas, Texas 75201
214-593-9118 Telephone
214-593-9111 Facsimile
mpascual@shorechan.com

April 13, 2007

**VIA EMAIL**
Michael Murray, Esq.
Christopher Chalsen, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, NY 10005

Re: *Nanya Technology Corp., et al. v. Fujitsu Limited, et al.*
(No. 06-CV-00025, in the U.S. District Court, District of Guam).

Dear Counsel:

I write to follow up on our conversation yesterday and our letters of March 22, 2007 and April 9, 2007.

Nanya does not believe its jurisdictional discovery requests have been sufficiently satisfied. Nanya served discovery requests on December 14, 2006 and February 9, 2007 and has been waiting for over four months for documents. We continue to be willing to work with you in getting these documents. I hope you are willing to work with us in this regard. As you are aware, the pending May 15, 2007 deadline for Nanya's response to FMA's jurisdictional challenge requires an immediate unqualified response on your part. Therefore, as we discussed, please let us know by 6 p.m. (CST) Friday, April 13, 2007 when you will produce all of the requested documents.

Because you desire further clarification of our discovery requests, let me restate the categories that were set out in our December 14, 2006 and February 9, 2007 discovery requests and our March 22, 2007 and April 9, 2007 letters:

1. All documents identifying any product that incorporates any one or more of the Accused Devices (defined as both the "Accused Devices" and "Similar Devices" detailed in Plaintiffs' Second Set of Jurisdictional Requests for Production to FMA, served on February 9, 2007). These requests are narrowly tailored to discover evidence related to potentially infringing devices that may be available in Guam through the stream of commerce;

# ShoreChan
## Bragalone LLP

Michael Murray, Esq.
Christopher Chalsen, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
April 13, 2007
Page 2

2. All documents identifying the entities involved in the design, supply, manufacture, sales, solicitation, or purchase of the Accused Devices. These categories address whether FMA places its products into the stream of commerce and whether these products are likely to be available in the forum site;

3. Documents regarding communications, sales, marketing, incorporation or integration of the Accused Devices into FMA's customers' or potential customers' products. These requests seek to identify and track the incorporation of the Accused Devices into end-products and the final destination of such end-products;

4. All documents showing design wins for any Accused Device including but not limited to FlexRay, "MOST" or "CAN" controllers or devices. These categories address the design and/or incorporation of the Accused Devices into networking, wireless, automotive, industrial, consumer, and security applications; and

6. Documents identifying all FMA customers from 1999 to 2007.

Also, as we discussed, please let us know by Tuesday, April 17, 2007 when you can make available for deposition a Rule 30(b)(6) corporate representative for FMA on the following topics:

1. All design wins for the Accused Devices from 1999 to 2007;

2. All products that incorporate the Accused Devices from 1999 to 2007;

3. All customers or purchasers of the Accused Devices from 1999 to 2007;

4. The sales cycle for the Accused Devices, which includes how FMA markets the Accused Devices, how FMA works with its customers so that the Accused Devices can be incorporated or integrated into FMA's customers' products;

5. Market data and sales' projections for the Accused Devices; and

6. All qualifications of the Accused Devices.

# SHORECHAN
# BRAGALONE LLP

Michael Murray, Esq.
Christopher Chalsen, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
April 13, 2007
Page 3

We look forward to hearing from you by the end of the day.

Regards,

Martin Pascual

cc: Daniel Benjamin (via email)
Rodney Jacob (via email)
Joseph Razzano (via email)
Judge John Unpingco (via email)