RODNEY J. JACOB, ESQ.
DANIEL M. BENJAMIN, ESQ.
CALVO & CLARK, LLP
655 South Marine Drive, Suite 202
Tamuning, Guam 96913
Telephone:  (671) 646-9355
Facsimile:  (671) 646-9403

CHRISTOPHER E. CHALSEN (*pro hac vice*)
MICHAEL M. MURRAY (*pro hac vice*)
LAWRENCE T. KASS (*pro hac vice*)
MILBANK, TWEED, HADLEY & MCCLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
(212) 530-5000

*Attorneys for Defendants*
FUJITSU LIMITED and
FUJITSU MICROELECTRONICS AMERICA, INC.

FILED
DISTRICT COURT OF GUAM
JUN 2 5 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP. and NANYA TECHNOLOGY CORP. U.S.A.<br><br>Plaintiffs,<br><br>vs.<br><br>FUJITSU LIMITED, FUJITSU MICROELECTRONICS AMERICA, INC.,<br><br>Defendants. | CIVIL CASE NO. 06-CV-00025<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE CLARIFICATION BRIEF CONCERNING JUNE 20, 2007 HEARING ON DEFENDANTS' MOTION FOR IMMEDIATE TRANSFER** |

*CIVIL CASE NO. 06-CV-00025*

ORIGINAL

Defendants Fujitsu Limited ("Fujitsu") and Fujitsu Microelectronics America, Inc., ("FMA", collectively "Defendants") hereby oppose Plaintiffs' Motion for Leave to File Clarification Brief Concerning June 20, 2007 hearing ("Motion").

To support their request to file post-argument briefing, Counsel for Plaintiffs Nanya Technology Corp. and Nanya Technology Corp. U.S.A. (collectively "Nanya") feigned "surprise" at Defendants' discussion of jurisdictional issues during the June 20 hearing. This alleged surprise is not credible because that jurisdictional issues were clearly at issue. First, Defendants' opening *and* reply briefs squarely addressed jurisdictional issues. Second, the relevant authority, including the recent *Sinochem* Supreme Court case, makes it clear that the complexity of jurisdictional issues is a factor to consider when deciding such a motion. That is why Defendants briefed and argued jurisdiction.

Nanya is only attempting to file additional briefing because of the difficulties in their jurisdictional case. And, Nanya's brief is not "clarifying" anything that occurred at the hearing. Instead, Nanya is plainly attempting to add new evidence, some of which was actually acquired *immediately after the hearing ended on June 20th*. Accordingly, Nanya's motion should be denied because Nanya is simply trying to construct a new record based on new evidence following the hearing before the Court, even though the issues presented at argument are the same issues raised in the briefing.

Finally, even if Nanya's supplementation is accepted and considered by the Court, it raises more questions than it answers and, if anything, further demonstrates why transfer is warranted. Accordingly, if Nanya's motion is granted, Defendants in the alternative seek leave to file a responsive brief addressing Nanya's brief and other issues raised at the hearing concerning Nanya's representations as to witnesses.

**I.    JURISDICTIONAL ISSUES WERE PROPERLY ADDRESSED BY FUJITSU AT THE JUNE 20 HEARING**

Defendants' Memorandum of Points and Authorities in Support of Motion to Immediately Transfer for Convenience (Dkt. No. 194, "Opening Brief") included a section titled "The Jurisdictional Issues Are Difficult and Uncertain." (*See* Opening Brief at 9-11.) Further,

Defendants' Reply brief also addressed the jurisdictional issues in detail. (*See* Dkt. No. 246 at 8-9.) Thus, Nanya and its counsel were more than appraised, prior to the hearing, that part of Defendants' argument would be that the difficultly of the jurisdictional issues supported the motion to immediately transfer. On that ground alone, Nanya's justification for seeking to file a post-hearing brief is plainly false.

Further, as Nanya knew before the hearing, the Supreme Court has made it clear that immediate transfer is appropriate "where subject-matter or personal jurisdiction is difficult to determine" and convenience factors clearly weigh in favor of transfer or dismissal. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. ___, 127 S.Ct. 1184, 1194. *See also Multistate Legal Studies Inc. v. Marino*, 1996 WL 786124, at 11* (C.D. Cal. 1996) (Courts "have repeatedly held that a change of venue from a forum where there is a difficult question of personal jurisdiction or venue to a district where there are not such uncertainties serves the interests of justice.") Accordingly, Defendants' discussion at the hearing of the difficult jurisdictional issues faced by this Court and the parties was neither surprising nor inappropriate.

Nanya obviously seeks to supplement the record because the hearing made it clear that, even after nine months of burdensome discovery and litigation, Nanya has been utterly unable to demonstrate personal jurisdiction over either defendant. For example, the hearing revealed Nanya's embarrassing reliance on a product manufactured by NEC to show jurisdiction over FMA. As a result, immediately following the June 20 hearing, Nanya's counsel apparently went shopping all over Guam trying to find actual FMA products. (*See* Declaration of Joseph C. Razzano In Support of Plaintiffs' Sur-Reply to Defendant's Motion to Dismiss, documenting purchases made on June 20, 2007.)

Nanya incredibly asks the Court to wait for the sur-reply brief that Nanya will file on June 26, 2007 where Nanya "will detail other Fujitsu products". The fact that Nanya is continuing to purchase products nine months after bringing suit and expects to make its case for jurisdiction in a *sur-reply* brief speaks volumes about the weakness of Nanya's jurisdictional case.

Nanya's motion for leave should be denied because this supplementation of the record is not a "clarification" of anything that happened at the hearing and is entirely inappropriate.

### II. NANYA'S SUPPLEMENTAL EVIDENCE, EVEN IF CONSIDERED, RAISES MORE QUESTIONS THAN IT ANSWERS

Nanya must ultimately demonstrate personal jurisdiction over *both* Fujitsu and FMA. *See, e.g., Amba Mtkg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977). Thus, any Fujitsu products that Nanya finds on Guam must have been sold by FMA in order to be relevant to the issue of personal jurisdiction over FMA. *Id.* The evidence concerning the new parts that Nanya attempts to introduce into the record falls far short of demonstrating jurisdiction over *either* Fujitsu or FMA.

The new parts that Nanya attempts to add via this supplemental briefing are: (1) Part No. MB44CO12; (2) Part No. MB90583C and (3) Part No. 82DBSO2163C-70L. Assuming *arguendo* that these are legitimate Fujitsu Limited parts, Nanya has said nothing about the distribution channel through which these parts allegedly came to Guam and has thus presented no evidence that the alleged flow of these products into Guam was "regular and anticipated" as required by the relevant Federal Circuit authority. *See, e.g., Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1323 (Fed. Cir. 2005).[1] Thus, Nanya has a long way to go if it intends to establish that these parts support jurisdiction over Fujitsu Limited.

Furthermore, even if Nanya overcomes all the "stream of commerce" hurdles for these parts concerning Fujitsu Limited., this evidence cannot support jurisdiction over FMA. FMA has never sold even a single one of part nos. MB44CO12 and MB90583C. (*See* Declaration of Michael M. Moore, Exh. A hereto.) Concerning the third part, *i.e.*, Part No. 82DBSO2163C-70L, FMA sold only a very small number (about 8,000) of these parts more than three years ago. (*Id.*) Thus, while the Nintendo DS Lite purchased by Nanya two weeks ago on Guam *may* contain a

---

[1] Moreover, since Nintendo and Sony have sold tens of millions of DS Lite and Playstation Portable games using various chips, the Court cannot assume from a single game that other Nintendo DS Lite and Sony Playstation Portable games sold on Guam contain the same chips.

chip manufactured by Fujitsu Limited, the odds that the chip was sold by FMA (more than three years ago) are virtually zero.[2]

Accordingly, Nanya's new evidence of stream of commerce jurisdiction does nothing more than demonstrate even more clearly how difficult and complicated the jurisdictional issues are in this case. These three new parts did not come from FMA and cannot support personal jurisdiction over FMA. Thus, transfer of this case to the Northern District of California, a "district where there are not such uncertainties [concerning jurisdiction] serves the interests of justice". *Multistate Legal Studies*, 1996 WL 786124, at 11*.

### III. IN THE ALTERNATIVE, DEFENDANTS ASK THAT THEY TOO BE PERMITTED A POST-HEARING BRIEF TO RESPOND TO NANYA'S NEW ARGUMENTS AND TO ADDRESSES NANYA'S REPRESENTATION REGARDING WITNESSES

Finally, and in the alternative, if there are to be any post-hearing briefs, Defendants ask that they be given a chance to respond to Nanya's briefing and also to address an issue Nanya raised at the hearing specifically, Defendants ask that they be granted the opportunity to more completely address a question raised by the Court at the June 20 hearing concerning the locations of witnesses and the arguments of Nanya counsel in that regard.

At the hearing, the Court asked whether the complete list of relevant witnesses (as opposed to Nanya's selective list contained in its opposition brief) would show that there are substantial witnesses in the continental U.S. Counsel for Defendants pointed out that FMA had significant important witnesses that were not included in Nanya's list. In response, at the hearing, Nanya accused Defendants of adding the FMA witnesses in response to their briefing.

If there is to be post-hearing briefing, Defendants seek an opportunity to respond to that point on two fronts.

First, Defendants' witnesses appear on Defendants' initial disclosures provided in this case exactly on the schedule ordered by Magistrate Judge Manibusan. Moreover, those witnesses were identified in the April 27 deposition of Michael Moore and in Defendants' initial

---

[2] *See also supra* n.1.

disclosures -- both before Nanya filed its opposition -- yet Nanya failed to mention any of those witnesses in its opposition or charts therein.

Second, at the hearing, Defendants' counsel pointed out that Nanya's list did not include "prosecution counsel" who are all located in the continental United States.[3] Indeed, attached as Exh. B hereto is a <u>complete</u> list of relevant witnesses, containing both Nanya's witnesses and Defendants' witnesses. As the Court will see, there are substantial numbers of witnesses in the Continental United States. Defendants believe that, when this factor is considered along with the various other important factors favoring transfer addressed in the briefing and at the hearing (*e.g.*, the location of two parties in the Northern District of California,[4] the complete lack of any contacts between any of the four parties and Guam, the likely location of antitrust witnesses in the continental U.S., the likely location of experts in the continental U.S.), transfer to the Northern District of California is clearly warranted.

Thus, if the Court grants Nanya's motion to file a post-hearing brief, Defendants ask for the same opportunity to respond to the Court's inquiries.

## IV. CONCLUSION

Under the guise of "clarifying" what was said at the hearing on June 20, 2007, Nanya attempts to introduce substantial new evidence long after the briefing is complete. This attempt is unjustified and inappropriate and Nanya's motion should thus be denied. Furthermore, this new evidence, even if considered, does not establish jurisdiction over Fujitsu Limited and cannot establish jurisdiction over FMA, which did not even sell these parts. Thus, Nanya's supplementation makes the appropriateness of transfer to the Northern District of California even more evident, where jurisdiction is undisputed by all parties. Nanya's motion should be denied,

---

[3] Prosecution counsel are the lawyers who actually wrote the patents in suit and/or who convinced the U.S. Patent Office to issue these patents. Parties to patent disputes usually seek testimony from such witnesses on the theory that they may know more about the disputed issues than the inventors since they wrote the words in the patents whose meanings are disputed.

[4] At the hearing, Plaintiffs quibbled with whether Nanya and Fujitsu Limited have a "home forum" in the United States (even though both chose to establish U.S. subsidiaries there to serve the U.S. markets), but Plaintiffs cannot deny that the home forum of Nanya USA and FMA is the Northern District of California.

but if it is not Defendants ask that they be given an opportunity to respond to Nanya's post-hearing briefing and to file their own post-hearing hearing brief addressing the question of location of witnesses and the arguments made by Nanya counsel in that regard.

Respectfully submitted this 25th day of June, 2007.

**CALVO & CLARK, LLP**
**MILBANK, TWEED, HADLEY & MCCLOY LLP**
*Attorneys for Defendants*
Fujitsu Limited and
Fujitsu Microelectronics America, Inc.

By: _____
DANIEL M. BENJAMIN

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF GUAM

| | |
|---|---|
| NANYA TECHNOLOGY CORP. and<br>NANYA TECHNOLOGY CORP. U.S.A<br><br>            Plaintiffs,<br><br>        -v-<br><br>FUJITSU LIMITED, FUJITSU<br>MICROELECTRONICS AMERICA, INC.,<br><br>            Defendants. | CIVIL CASE NO. 06-CV-00025<br><br>**DECLARATION OF<br>MICHAEL M. MOORE** |

I, Michael M. Moore, declare as follows:

    1.    I am Vice President and General Counsel of Fujitsu Microelectronics America, Inc. ("FMA"). The following statements are based on my personal knowledge, my review of documents prepared and maintained by FMA in the ordinary course of business, and upon information provided by FMA's employees responsible for and with knowledge of the business records of FMA. Accordingly, the statements are true and correct to the best of my knowledge and belief.

    2.    FMA has never sold a device with the part number MB90583C.

    3.    FMA has never sold a device with the part number MB44CO12.

    4.    FMA has sold only a small number of parts numbered MB82DBSO2163C-70L, *i.e.*, a total of 8,041 parts, between April 1st and May 30th of 2004. FMA has not sold any of these parts in the last three years.

1 | I declare under penalty of perjury under the laws of the United States that the
2 | foregoing is true and correct.
3 | Executed this 22nd Day of June, 2007.

By: _____
Michael M. Moore

2

*CIVIL CASE NO. 06-CV-00025*

**Consolidated List of Witnesses for Each Party**

| WITNESSES RESIDING IN THE CONTINENTAL UNITED STATES | WITNESSES RESIDING IN JAPAN OR TAIWAN |
|---|---|
| Michael Moore | Shigeru Kitano |
| Sandra Blanckensee | Taiji Erna |
| Kevin Hurley | Hiroshi Arimoto |
| Brian Donahue | Hiroyoshi Tomita |
| David Dwyer | Tatuya Kanda |
| Victor S. Lee | Tse Yao Huang |
| Chris L. Holm | Yun Sen Lai |
| Ray Abrishami | Yi-Nan Chen |
| Richard Harlow | Hsien-Wen Liu |
| Asif Hazarika | Hui-Min Mao |
| Phil Hopkins | Masao Taguchi |
| Dan Landeck | Nien-Huai Hsu |
| Akio Nezu | Noriaki Sato |
| Tong-Swan Pang | Yasuhara Yatsu |
| Marwan Majid | Takao Miura |
| Robert Bandemir | Katsuya Irie |
| Joe McKinney Muncy | Yuichi Sakoda |
| Michael D. Bednarek | Shoji Shirai |
| Charles Marmelstein | Tomoki Nakamura |
| William F. Herbert | Naomichi Abe |
| H.J. Staas | Yoshihiro Takemae |
| L. Allen Wood | Shougo Matsui |
| John P. Moran | Yoshimitu Mashima |
| William D. Johnston III | Kenichi Kobayashi |
| Greg R. Muir | Mikio Takagi |
| Ellen Marcie Emas | Kanetake Takasaki |
| Rustan J. Hill | Kenji Koyama |
| J. Randall Beckers | Tomio Nakano |
| John C. Garvey | Kimiaki Sato |
| Carla Magda Krivak | Toshiya Uchida |
| Randall F. Naughton | Jun-ichi Konno |
| John P. Kong | Keisuke Shinagawa |
| *Fujitsu Process Expert (TBD)* | Toshiyuki Ishida |
| *Nanya Process Expert (TBD)* | Takahiro Ito |
| *Fujitsu Circuit Expert (TBD)* | Tetsuo Kondo |
| *Nanya Circuit Expert (TBD)* | Fukashi Harada |
| *Fujitsu Damages Expert (TBD)* | Shuzo Fujimura |
| *Nanya Damages Expert (TBD)* | Toshimi Ikeda |
| *Fujitsu Economist for Antitrust Issues (TBD)* | Naoharu Shinozaki |
| *Nanya Economist for Antitrust Issues (TBD)* | |
| *Fujitsu Patent Law Expert (TBD)* | |

# EXHIBIT B

| WITNESSES RESIDING IN THE CONTINENTAL UNITED STATES | WITNESSES RESIDING IN JAPAN OR TAIWAN |
|---|---|
| *Nanya Patent Law Expert (TBD)* <br> *Antitrust Licensee Witness 1 (TBD)* <br> *Antitrust Licensee Witness 2 (TBD)* <br> *Antitrust Licensee Witness 3 (TBD)* | |

### Prosecution Attorneys -- Locations and Potential Areas of Testimony

| Name | Address | Potential Areas of Testimony |
|---|---|---|
| Joe McKinney Muncy | Birch, Steward, Kolasch & Birch, LLP <br> P.O. Box 747 <br> Falls Church, VA 22040 | 6,426,271 (filed and prosecuted application) <br><br> 6,790,765 (filed and prosecuted application) |
| Michael D. Bednarek | Shaw Pittman <br> 2300 N. Street N.W. <br> Washington, DC 20037 | 6,225,187 (filed and prosecuted application) |
| Charles Marmelstein | Nikaido, Marmelstein, Murray & Oram <br> Metropolitan Sq. <br> 655 15th Street, Suite 330 <br> Washington, D.C. 20005 <br><br> formerly with <br> Amstrong, Westerman, Hattori, McLeland & Naughton <br> 1725 K St, N.W., Suite 1000 <br> Washington, D.C. 20005 | 5,227,996 (filed and prosecuted application) <br><br> 6,292,428 (filed application and priority claim) <br><br> 5,339,273 (filed application, filed IDS) |
| William F. Herbert | Staas & Halsey <br> 1825 K St. N.W. <br> Washington, D.C. 20006 | 4,384,918 (amendments & responses, cert of correction) |
| H.J. Staas | Staas & Halsey <br> 1825 K St. N.W. <br> Washington, D.C. 20006 | 4,384,918 (filed IDS) <br><br> 4,458,336 (filed application and priority claim) <br><br> 4,527,070 (filed application and priority claim) |
| L. Allen Wood | Staas & Halsey | 4,384,918 (supplemental |

| Name | Address | Potential Areas of Testimony |
|---|---|---|
| | 1825 K St. N.W. Washington, D.C. 20006 | declaration) |
| John P. Moran | Staas & Halsey 1825 K St. N.W. Washington, DC 20006 | 4,692,689 (filed application, preliminary amendment) |
| William D. Johnston III | Staas & Halsey 1825 K St. N.W. Washington, DC 20006 | 4,692,689 (amendments & responses) <br><br> 4,641,166 (filed application and all subsequent prosecution including response to office action) |
| Greg R. Muir | Amstrong, Westerman, Hattori, McLeland & Naughton 1725 K St, N.W., Suite 1000 Washington, D.C. 20005 | 5,339,273 (IDS, amendments, Interview, claim to priority, issue fee) |
| Ellen Marcie Emas | Nikaido, Marmelstein, Murray & Oram Metropolitan Square 655 Fifteenth Street, N.W. Suite 330-G Street Lobby Washington, D.C. 20005-5701 | 5,688,712 (filed and prosecuted application, response to office action) |
| Rustan J. Hill | Arent Fox Kintner Plotkin & Kahn 1050 Connecticut Avenue Suite 600 Washington, D.C. 20036-5339 | 6,292,428 (filed and prosecuted application, response to office action) <br><br> 6,320,819 (filed and prosecuted application, response to office action) |
| J. Randall Beckers | Staas and Halsey 1825 K.Street N.W., Washington, D.C. 20006 | 4,458,336 (filed and prosecuted application, response to office action) |
| John C. Garvey | Staas and Halsey 1825 K.Street N.W., Washington, D.C. 20006 | 4,527,070 (filed preliminary amendments) |
| Carla Magda Krivak | Staas and Halsey 1825 K.Street N.W., Washington, D.C. 20006 | 4,527,070 (filed responses to office actions) |
| Randall F. Naughton | Armstrong, Westerman, Hattori, McLeland & Naughton | 6,104,486 (filed application, IDS, and priority claim) |

| Name | Address | Potential Areas of Testimony |
|---|---|---|
| | 1725 K Street, N.W. Suite 1000 Washington, D.C. 20006 | |
| John P. Kong | Armstrong, Westerman, Hattori, McLeland & Naughton 1725 K Street, N.W. Suite 1000 Washington, D.C. 20006 | 6,104,486 (filed amendments & responses to office actions) |